# EXHIBIT 1

## (Part 1 of 10)

# TALBOT, CARMOUCHE & MARCELLO

DIVISION B

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

DONALD T. CARMOUCHE*
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN

AUBERT D. TALBOT
(1925-2005)

**April 25, 2017**
**CIVIL FAX FILING**

**TO:** Annette M. Fontana - Lafourche Parish Clerk of Court
985-447-5800

**FROM:** Ross J. Donnes

**NUMBER OF PAGES:** 29
**(INCLUDING COVER SHEET)** 132505

**RE:** Golden Ranch Farms, LLC v. Devon Energy Production Company, L.P., et al.
17th JDC; Parish of Lafourche, State of Louisiana

| DOCUMENTS | NUMBER OF PAGES |
|---|---|
| Petition for Damages | 22 |
| Exhibit A | 1 |
| Exhibit B | 3 |
| Exhibit C | 2 |

***Please file the attached into the record and confirm that you received this fax transmission. The original will be forwarded to your office within five days along with a check for your services.***

If you have any problems with this fax transmission, please call 225-400-9991.

**CONFIDENTIALITY NOTICE**
This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the documents.

FILED
APR 25 2017
CLERK OF COURT

NON-CERTIFIED COPY

04-25-17P04:02 RCVD




FILED
APR 25 2017
CLERK OF COURT

NON-CERTIFIED COPY

Golden Ranch
Sec. 36, 38, 63, T16, 17S, R21E
Larose Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 1, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| | | | | SECTION 36, TOWNSHIP 16 SOUTH, RANGE 21 EAST | | | | |
| 1 | 80246 | 10800 SUB R FEE 852 #4 | 4708 | PENNZOIL EXPL & PROD COMPANY | 15-AUG-88 | TO | 26-APR-75 | 30-Plugged & Abandoned |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 15-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 05-JUL-60 | TO | 22-JAN-70 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | SECTION 38, TOWNSHIP 16 SOUTH, RANGE 21 EAST | | | | |
| 2 | 76150 | MR FEE 852 #1 | 6138 | UNION PRODUCING COMPANY | 04-AUG-59 | TO | 18-MAR-66 | 30-Plugged & Abandoned |
| 3 | 77612 | MR FEE 852 #2 | 6138 | UNION PRODUCING COMPANY | 23-NOV-59 | TO | 05-MAY-66 | 30-Plugged & Abandoned |
| 4 | 79109 | 10800 SUA MR FEE 852 #3 | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 28-JUN-76 | 30-Plugged & Abandoned |
| | | | 6138 | UNION PRODUCING COMPANY | 05-APR-60 | TO | 22-JAN-70 | |
| 5 | 81055 | 10800 SUC; MR FEE 852 #5 | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 01-JUL-76 | 30-Plugged & Abandoned |
| | | | 6138 | UNION PRODUCING COMPANY | 29-AUG-60 | TO | 22-JAN-70 | |
| 6 | 83327 | MR FEE 852 #6 | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 15-AUG-88 | TO | 29-JUL-88 | 30-Plugged & Abandoned |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 15-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 13-FEB-61 | TO | 22-JAN-70 | |
| 7 | 101024 | MR FEE 852 SWD #8 | M357 | MESA GULF COAST, LLC | 01-SEP-11 | TO | Current | 09-Active Injection |
| | | | T268 | TCHEFUNCTE NATURAL RESOURCES, LLC | 22-JUL-11 | TO | 01-SEP-11 | |
| | | | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 01-SEP-07 | TO | 22-JUL-11 | |
| | | | S300 | ST. MARY ENERGY COMPANY | 01-MAR-04 | TO | 01-SEP-07 | |
| | | | S231 | ST. MARY OPERATING COMPANY | 01-SEP-98 | TO | 01-MAR-04 | |
| | | | S083 | ST. MARY LAND & EXPL. COMPANY | 01-MAR-97 | TO | 01-SEP-98 | |
| | | | 2679 | HENRY PRODUCTION COMPANY, INC. | 01-AUG-95 | TO | 01-MAR-97 | |
| | | | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 08-AUG-88 | TO | 01-AUG-95 | |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 08-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 29-JAN-64 | TO | 22-JAN-70 | |
| 8 | 101351 | 10800 SUD; MR FEE 852 #9 | S300 | ST. MARY ENERGY COMPANY | 01-MAR-04 | TO | 17-JAN-05 | 30-Plugged & Abandoned |
| | | | S231 | ST. MARY OPERATING COMPANY | 01-SEP-98 | TO | 01-MAR-04 | |
| | | | S083 | ST. MARY LAND & EXPL. COMPANY | 01-MAR-97 | TO | 01-SEP-98 | |
| | | | 2679 | HENRY PRODUCTION COMPANY, INC. | 01-AUG-95 | TO | 01-MAR-97 | |
| | | | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 15-AUG-88 | TO | 01-AUG-95 | |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 15-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 19-FEB-64 | TO | 22-JAN-70 | |
| 9 | 101819 | 10800 SUF; MR FEE 852 #10 | 6138 | UNION PRODUCING COMPANY | 22-MAR-64 | TO | 29-JUL-88 | 29-Dry & Plugged |
| 10 | 126518 | MR FEE 852 #12 | 6138 | UNION PRODUCING COMPANY | 23-OCT-68 | TO | 20-NOV-68 | 29-Dry & Plugged |
| 11 | 126840 | 10800 SUE; MR FEE 852 #11 | 6138 | UNION PRODUCING COMPANY | 15-NOV-68 | TO | ? | 03-Permit Expired |
| 12 | 127087 | MR FEE 852 #13 | 6138 | UNION PRODUCING COMPANY | 03-DEC-68 | TO | 29-JUL-88 | 29-Dry & Plugged |
| 13 | 135623 | MR FEE 852 #14 | 4708 | PENNZOIL PRODUCING COMPANY | 04-DEC-70 | TO | 28-DEC-70 | 29-Dry & Plugged |

**Note: Pennzoil Producing Company changed their name to Pennzoil Expl. & Prod. 08/15/1988. Union Producing Company changed their name to Pennzoil Producing Company 01/22/1970. Some wells received this change after they were P&A'd. I did not reflect the change on those particular wells.**

EXHIBIT
B

NON-CERTIFIED COPY

Golden Ranch
Sec. 36, 38, 63, T16, 17S, R21E
Larose Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 1, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 14 | 142318 | MR FEE 852 #11 | D151 | DEVON ENERGY PRODUCTION COMPANY LP | 01-JAN-00 | TO | 09-JAN-01 | 30-Plugged & Abandoned |
| | | | P172 | PENNZENERGY EXPLOR. & PROD. LLC | 01-MAR-99 | TO | 01-JAN-00 | |
| | | | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 15-AUG-88 | TO | 01-MAR-99 | |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 27-MAR-73 | TO | 15-AUG-88 | |
| 15 | 167160 | MR FEE 852 #16 | 4708 | PENNZOIL PRODUCING COMPANY | 21-JAN-80 | TO | ? | 03-Permit Expired |
| 16 | 169703 | MR FEE 852 #16 | 4708 | PENNZOIL PRODUCING COMPANY | 10-JUL-80 | TO | 21-AUG-80 | 29-Dry & Abandoned |
| 17 | 222658 | 10800 RA SUG; MR FEE 852 #1 | M357 | MESA GULF COAST, LLC | 01-SEP-11 | TO | Current | 10-Active Producing |
| | | | T268 | TCHEFUNCTE NATURAL RESOURCES, LLC | 22-JUL-11 | TO | 01-SEP-11 | |
| | | | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 01-SEP-07 | TO | 22-JUL-11 | |
| | | | S300 | ST. MARY ENERGY COMPANY | 01-MAR-04 | TO | 01-SEP-07 | |
| | | | S231 | ST. MARY OPERATING COMPANY | 05-OCT-98 | TO | 01-MAR-04 | |
| 18 | 222659 | MR FEE #2 | S231 | ST. MARY OPERATING COMPANY | 05-OCT-98 | TO | 02-APR-99 | 03-Permit Expired |
| 19 | 239741 | CRIS J RJ SUA; DEVON MARR #1 | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 01-MAY-09 | TO | 30-AUG-09 | 29-Dry & Abandoned |
| 20 | 243080 | UL 1-4 RA SUA; DEVON-MARR #1 | S391 | SQUARE MILE ENERGY LLC | 07-APR-11 | TO | 21-APR-16 | 30-Plugged & Abandoned |
| 21 | 243081 | DEVON-MARR #2 | S391 | SQUARE MILE ENERGY LLC | 07-APR-11 | TO | 21-APR-16 | 30-Plugged & Abandoned |
| 22 | 244551 | CRIS I RL SUA; DEVON-MARR #3 | S391 | SQUARE MILE ENERGY LLC | 07-MAR-12 | TO | Current | 10-Active Producing |
| 23 | 245230 | DEVON-MARR A #1 | S391 | SQUARE MILE ENERGY LLC | 27-JUL-12 | TO | Current | 18-Temporary Plugged & Abandoned |

| SECTION 63, TOWNSHIP 17 SOUTH, RANGE 21 EAST | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 24 | 57800 | CHARLES E GHEENS B #1 | 2740 | HUMBLE OIL & REFINING COMPANY | 09-AUG-55 | TO | 26-SEP-55 | 29-Dry & Abandoned |
| 25 | 58548 | C E GHEENS B #1A | 2740 | HUMBLE OIL & REFINING COMPANY | 05-OCT-55 | TO | 09-SEP-70 | 30-Plugged & Abandoned |
| 26 | 59664 | CHARLES E GHEENS B #1-A-D | 2740 | HUMBLE OIL & REFINING COMPANY | 27-DEC-55 | TO | 04-JAN-58 | 30-Plugged & Abandoned |
| 27 | 60106 | C E GHEENS B #3 | 2740 | HUMBLE OIL & REFINING COMPANY | 25-JAN-56 | TO | 03-JUN-58 | 29-Dry & Abandoned |
| 28 | 62010 | C E GHEENS B #4 | 2740 | HUMBLE OIL & REFINING COMPANY | 20-JUN-56 | TO | 02-OCT-56 | 29-Dry & Abandoned |
| 29 | 63204 | C E GHEENS B #5 | 2740 | HUMBLE OIL & REFINING COMPANY | 26-SEP-56 | TO | 25-OCT-56 | 29-Dry & Abandoned |
| 30 | 68720 | CHARLES E GHEENS B #1-A-D | 2740 | HUMBLE OIL & REFINING COMPANY | 02-DEC-57 | TO | 09-SEP-70 | 30-Plugged & Abandoned |
| 31 | 75352 | CHARLES E GHEENS B #6 | 2740 | HUMBLE OIL & REFINING COMPANY | 08-JUN-59 | TO | 03-AUG-59 | 29-Dry & Abandoned |
| 32 | 81664 | UL4 RB SUB; C E GHEENS B #7 | 2740 | HUMBLE OIL & REFINING COMPANY | 10-OCT-60 | TO | 09-SEP-70 | 30-Plugged & Abandoned |
| 33 | 128275 | M J GHEENS HILL ET AL #1 | 5937 | TEXAS PACIFIC OIL COMPANY | 28-MAR-69 | TO | 26-APR-69 | 29-Dry & Abandoned |
| 34 | 151273 | C E GHEENS #1 | 4708 | PENNZOIL PRODUCING COMPANY | 10-FEB-76 | TO | 22-MAR-76 | 29-Dry & Abandoned |
| 35 | 154208 | MR FEE 852 #15 | 4708 | PENNZOIL PRODUCING COMPANY | 10-DEC-76 | TO | 16-JAN-77 | 29-Dry & Abandoned |
| 36 | 193493 | GHEENS FOUNDATION ET AL #1 | 1944 | FORMAN PETROLEUM CORPORATION | 26-JUL-84 | TO | 04-SEP-84 | 29-Dry & Abandoned |
| 37 | 198830 | GHEENS FOUNDATION ET AL #2 | 1944 | FORMAN PETROLEUM CORPORATION | 29-MAR-85 | TO | 15-APR-85 | 29-Dry & Abandoned |
| 38 | 205395 | CHARLES E GHEENS #1 | 2341 | HAMMAN OIL & REFINING COMPANY | 19-FEB-87 | TO | 09-APR-87 | 29-Dry & Abandoned |

**Note: Pennzoil Producing Company changed their name to Pennzoil Expl. & Prod. 08/15/1988. Union Producing Company changed their name to Pennzoil Producing Company 01/22/1970. Some wells received this change after they were P&A'd. I did not reflect the change on those particular wells.**

NON-CERTIFIED COPY

Golden Ranch
Sec. 36, 38, 63, T16, 17S, R21E
Larose Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 1, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 39 | 233662 | GHEENS FOUNDATION #1 | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 21-JUN-06 | TO | 11-NOV-09 | 30-Plugged & Abandoned |
| 40 | 234031 | GHEENS FOUNDATION #2 | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 28-AUG-06 | TO | 10-NOV-09 | 29-Dry & Abandoned |
| 41 | 245785 | UL1-2C RA SUA; GHEENS FNDATION #1 | S391 | SQUARE MILE ENERGY LLC | 10-DEC-12 | TO | Current | 10-Active Producing |

Note: Pennzoil Producing Company changed their name to Pennzoil Expl. & Prod. 08/15/1988.
Union Producing Company changed their name to Pennzoil Producing Company 01/22/1970.
Some wells received this change after they were P&A'd. I did not reflect the change on those particular wells.

FILED

APR 25 2017

CLERK OF COURT

NON-CERTIFIED COPY

Gheens #100
sn169407 (80-92)



EXHIBIT
C

NON-CERTIFIED COPY

TABLE 1
SOIL/SUBAQUEOUS DATA SUMMARY TABLE
Golden Ranch
PREPARED FOR TALBOT, CARMOUCHE, AND MARCELLO



| Sample ID | Depth | Date | Type of Sampler | METALS (mg/kg-DRY WT) Arsenic | Barium | TT Barium | Cadmium | Chromium | Lead | Selenium | Strontium | Zinc | Mercury | SALTS CEC (meq/100g) | EC (mmhos/cm) | ESP (%) | SAR (meq) | Soluble Calcium (meq) | Soluble Magnesium (meq) | Soluble Sodium (meq) | Leachate Chlorides (mg/L) | pH (Standard units) | Percent Moisture (%) | PETROLEUM HYDROCARBONS HEM Oil&Grease (%) | TPH-D (mg/kg-dry) | TPH-O (mg/kg-dry) | TPH-G (mg/kg-dry) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Statewide Order 29B Wetland | | | [illegible] | [illegible] | na | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | na | [illegible] | [illegible] | na | [illegible] | [illegible] | [illegible] | na | na | na | [illegible] | na | na | [illegible] | na | na | |
| LDEQ RECAP Screening Standard | | | [illegible] | 12 | 650 | na | 3.9 | 180 | 190 | na | na | 2300 | 23 | na | na | na | na | na | na | na | na | na | na | na | 66 | 180 | |
| SS-21 | 0-2.5' | 1-Feb-2017 | HAND AUGER | [illegible] | 3780 | 5320 | 0.519 | 18.1 | 23.5 | <1.99 | 234 | 75 | 0.139 | 94.2 | [illegible] | [illegible] | [illegible] | 2.76 | 1.58 | 70.5 | [illegible] | 6.77 | 82.3 | 0.61 | 127 | 79.2 | na |
| SS-21 | 2.5-5' | 1-Feb-2017 | HAND AUGER | 7.4 | 897 | 1660 | <0.500 | 17.8 | 14.2 | <2.00 | 226 | 70.7 | <0.100 | 88.1 | [illegible] | [illegible] | [illegible] | 4.85 | 1.92 | 201 | [illegible] | 7.64 | 71.1 | 0.15 | 29 | 23.8 | na |
| SS-22 | 0-2' | 1-Feb-2017 | HAND AUGER | [illegible] | 268 | 444 | <0.498 | 20.2 | 16.2 | <1.99 | 141 | 56.9 | <0.103 | 100 | [illegible] | 9.4 | [illegible] | 9.83 | 8.12 | 60.6 | [illegible] | 6.84 | 81.4 | 0.32 | <10.0 | 13.8 | na |
| SS-22 | 2-4' | 1-Feb-2017 | HAND AUGER | 9.13 | 230 | 329 | 0.645 | 20.1 | 16.2 | <1.99 | 146 | 83.2 | <0.102 | 65.7 | [illegible] | 21.1 | [illegible] | 8.22 | 6.38 | 77 | [illegible] | 7.39 | 69.5 | 0.19 | <10.0 | 11.9 | na |
| SS-23 | 0-2' | 1-Feb-2017 | HAND AUGER | 9.95 | 1430 | 4140 | 0.58 | 18.1 | 21.8 | <2.00 | 72.7 | 163 | <0.0975 | 68.5 | 2.8 | 1.64 | 5.2 | 6.8 | 6.66 | 12.9 | 133 | 6.89 | 75.2 | 0.47 | 18.7 | 15.4 | na |
| SS-23 | 2-4' | 1-Feb-2017 | HAND AUGER | 9.66 | 1420 | 3720 | 0.604 | 17.4 | 22.2 | <1.98 | 77.6 | 167 | <0.101 | 72.7 | 3.06 | 1.43 | 5.34 | 7.1 | 6.14 | 13.8 | 140 | 6.56 | 78.1 | 0.21 | 18.9 | 21.3 | na |
| SS-24 | 0-2' | 2-Feb-2017 | HAND AUGER | 6.48 | 2100 | 3400 | 0.52 | 31.6 | 36.2 | <2.00 | 82.5 | 59.4 | <0.103 | 49.1 | 5.91 | 6.65 | 11.5 | 10.9 | 7.55 | 38 | 332 | 7.28 | 63.9 | 0.46 | 208 | 66.6 | na |
| SS-24 | 2-4' | 2-Feb-2017 | HAND AUGER | 4.33 | 273 | 329 | <0.498 | 18.9 | 12.2 | <1.99 | 47.5 | 63.6 | <0.105 | 34.2 | 3.83 | 6.21 | 10.8 | 6.89 | 3.86 | 24 | 166 | 7.78 | 39.1 | <0.05 | 21.8 | 16.8 | na |
| SS-25 | 0-2' | 2-Feb-2017 | HAND AUGER | 5.81 | 924 | 1110 | <0.500 | 21.7 | 20.2 | <2.00 | 84.7 | 85.6 | <0.0982 | 69.4 | 5.68 | 5.42 | 11.2 | 9.22 | 9.4 | 34.2 | 283 | 6.63 | 67.9 | 0.15 | 58.7 | 66 | na |
| SS-25 | 2-4' | 2-Feb-2017 | HAND AUGER | 5.13 | 1570 | 2000 | 0.499 | 29.1 | 19.2 | <2.00 | 65.2 | 85.9 | <0.105 | 48.9 | 6.1 | 6.43 | 12.6 | 10.4 | 7.53 | 37.7 | 319 | 7.05 | 56.9 | 0.28 | 406 | 172 | na |
| SS-26 | 0-2' | 2-Feb-2017 | HAND AUGER | 7.27 | 376 | 466 | 0.539 | 15.8 | 12.5 | <2.00 | 57.1 | 63.6 | <0.0967 | 34.4 | 3.69 | 6.32 | 9.07 | 6.28 | 4.49 | 21 | 161 | 7.7 | 44.3 | 0.08 | 10.4 | 22.3 | na |
| SS-27 | 0-2' | 2-Feb-2017 | HAND AUGER | 7 | 264 | 361 | 0.546 | 18.5 | 13.1 | <1.98 | 49.1 | 63.8 | <0.0965 | 40.1 | 1.1 | 3.65 | 4.66 | 2.28 | 1.42 | 6.32 | 34.8 | 7.94 | 26.9 | na | na | na | na |
| SS-27 | 2-4' | 2-Feb-2017 | HAND AUGER | 4.8 | 269 | 281 | <0.497 | 17.6 | 13.1 | <1.99 | 50.1 | 67.1 | <0.104 | 39.1 | 1.1 | 3.11 | 4.31 | 2.46 | 1.25 | 5.89 | 32.7 | 7.78 | 29.4 | na | na | na | na |
| SS-27 | 4-6' | 2-Feb-2017 | HAND AUGER | 5.41 | 244 | 299 | 0.509 | 17.7 | 13.6 | <2.00 | 46.5 | 66.7 | <0.104 | 60.8 | 1.23 | 2.26 | 3.97 | 3.46 | 1.76 | 6.39 | 49.6 | 7.2 | 37.8 | na | na | na | na |
| SS-28 | 0-2' | 2-Feb-2017 | HAND AUGER | 5.3 | 436 | 593 | <0.498 | 15.7 | 12.7 | <1.99 | 37.4 | 60.6 | <0.0975 | 34.2 | 1.09 | 2.83 | 3.96 | 2.02 | 1.41 | 6.2 | 31 | 6.44 | 35.6 | <0.05 | 12.2 | 23.8 | na |
| SS-29 | 0-2' | 2-Feb-2017 | HAND AUGER | 7.43 | 2460 | [illegible] | 0.595 | 49.1 | 32.5 | <1.98 | 99.2 | 56.5 | <0.0990 | 66.3 | [illegible] | 6.48 | [illegible] | 11.8 | 14.3 | 63.6 | [illegible] | 7.18 | 79.6 | 0.21 | 119 | 59 | na |
| SS-29 | 2-4' | 2-Feb-2017 | HAND AUGER | 6.96 | 3930 | [illegible] | <0.499 | 54.7 | 43 | <1.99 | 121 | 74.6 | <0.104 | 53.6 | 6.95 | 4.04 | 13 | 10.8 | 9.59 | 41.6 | 278 | 7.4 | 67.3 | 0.2 | 216 | 128 | na |
| SS-30 | 0-2' | 2-Feb-2017 | HAND AUGER | 6.5 | 994 | 1520 | 0.586 | 19.2 | 23.7 | <1.99 | 96.8 | 80.3 | 0.714 | 56.4 | [illegible] | 3.34 | 10.9 | 26.5 | 17.7 | 50.6 | [illegible] | 6.72 | 63.1 | 0.19 | 168 | 127 | na |
| SS-30 | 2-4' | 2-Feb-2017 | HAND AUGER | 7.7 | 616 | 993 | 0.628 | 21.6 | 23.2 | <1.99 | 102 | 116 | 1.41 | 60.3 | [illegible] | 5.66 | 13.6 | 63.4 | 38 | 99.3 | [illegible] | 6.4 | 66.6 | 0.25 | 208 | 149 | na |
| SS-31 | 0-2' | 2-Feb-2017 | HAND AUGER | 6.44 | 1160 | 1380 | 0.528 | 18 | 20.4 | <1.99 | 57.6 | 101 | <0.105 | 49.7 | 2.62 | 2.88 | 5.62 | 4.36 | 4.2 | 11.6 | 111 | 6.79 | 62.1 | 0.15 | 82.4 | 97.3 | na |
| SS-31 | 2-4' | 2-Feb-2017 | HAND AUGER | 5.86 | 1280 | 1490 | 0.508 | 19 | 25.6 | <1.99 | 79.2 | 89 | 0.12 | 57.2 | 3.21 | 3.29 | 9.12 | 4.87 | 4.02 | 19.2 | 158 | 6.56 | 59.7 | 0.22 | 161 | 149 | na |
| SS-32 | 0-2' | 2-Feb-2017 | HAND AUGER | 6.72 | 1160 | 1730 | 0.506 | 18.7 | 21.2 | <1.98 | 139 | 80.4 | 4.9 | 42.1 | 3.33 | 2.05 | 7.11 | 7.6 | 5.39 | 18.1 | 186 | 7.06 | 56.9 | 0.13 | 97.7 | 98.9 | na |
| SS-32 | 2-4' | 2-Feb-2017 | HAND AUGER | 7.24 | 1080 | 1230 | 0.586 | 22.2 | 30 | <1.98 | 80.9 | 73.2 | 0.928 | 59.8 | 4.16 | 2.77 | 8.17 | 8.38 | 5.76 | 21.7 | 226 | 6.75 | 62.3 | 0.27 | 340 | 142 | na |
| SS-33 | 0-2' | 2-Feb-2017 | HAND AUGER | 6.18 | 1270 | 1680 | 0.546 | 20.6 | 26 | <1.98 | 86.6 | 98.7 | <0.104 | 51.4 | 2.89 | 3.61 | 6.62 | 4.38 | 3.98 | 13.3 | 124 | 6.57 | 59.4 | 0.17 | 90.1 | 98.7 | na |
| SS-33 | 2-4' | 2-Feb-2017 | HAND AUGER | 6.49 | 1300 | 1450 | 0.57 | 19.7 | 23.1 | <2.00 | 78.3 | 90.9 | 0.136 | 58 | 4.6 | 4.47 | 9.81 | 6.09 | 6.33 | 26.3 | 218 | 6.81 | 60.3 | 0.19 | 156 | 146 | na |
| SS-34 | 0-2' | 2-Feb-2017 | HAND AUGER | 9.68 | 415 | 703 | 0.63 | 13.8 | 12 | <2.00 | 76.3 | 58.1 | <0.100 | 34 | [illegible] | [illegible] | [illegible] | 2.11 | 1.03 | 72.9 | [illegible] | 7.64 | 38.7 | 0.11 | 97.1 | 114 | na |
| SS-35 | 0-2' | 2-Feb-2017 | HAND AUGER | 9.46 | 2970 | [illegible] | 0.589 | 23.7 | 48.1 | <2.00 | 97.3 | 114 | 0.108 | 29.9 | 2.74 | 1.79 | 6.65 | 4.93 | 3.69 | 13.7 | 131 | 7.03 | 73.9 | 0.15 | 12.8 | 30.2 | na |
| SS-35 | 2-4' | 2-Feb-2017 | HAND AUGER | 6.37 | 4280 | [illegible] | <0.497 | 15.6 | 21.9 | <1.99 | 84 | 71.7 | <0.0998 | 14.6 | 1.93 | 3.59 | 5.7 | 3.17 | 1.97 | 9.14 | 41.4 | 7.78 | 39.5 | <0.05 | 17.8 | 24.3 | na |

FILED
APR 25 2017
CLERK OF COURT

NON-CERTIFIED COPY

JUDGE'S SUPPLEMENTAL COMPENSATION FUND

INDIVIDUAL REPORT SHEET

ACT 63 OF 1985

DATE April 25 2017 AMOUNT TO BE COLLECTED $ 24.00

CIVIL SUIT NO. 132505

PROBATE NO: ____

ADOPTION NO. ____

EXEMPT: YES ____

NO ✓

TYPE OF DOCUMENT FILED: NEW PROCEEDING Damages

OTHER:
(IDENTIFY BY NUMBER) ____

OTHER DOCUEMENTS:-------
1. RECONVENTIONAL DEMAND OR CROSS CLAIM
2. INTERVENTION
3. THIRD PARTY DEMAND
4. SUIT FOR DEFICIENCY JUDGMENT FILED IN ORIGINAL SUIT
5. SUIT FOR PARTITION FOLLOWING RENDITION OF A JUDG. OF SEPARATION/DIVORCE
6. SUIT FOR DIVORCE FILED IN ORIGINAL SEPARATION SUIT
7. OTHER (PLEASE STATE NAME OF DOCUMENT)

MONTHLY REPORT & CHECK GOES TO: JUDGE'S SUPPLEMENTAL COMPENSATION FUND C/O STATE TREASURER'S OFFICE
P.O. BOX 44154
BATON ROUGE, LA 70804-4154

COPY OF MONTHLY REPORT GOES TO: MR. EUGENE J. MURRET
JUDICIAL ADMINISTRATOR
LOUISIANA SUPREME COURT
ROOM 109, 301 LOYOLA AVENUE
NEW ORLEANS, LA 70112-1887

COMPUTER CODE: 52

ORIGINAL OF THIS REPORT TO BE FILED IN RECORD AND COPY OF THIS REPORT TO BE PUT IN MONTHLY FOLDER.

FILED
APR 25 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO.** 132505 **DIV. "___"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**FILED:** __________________ ____________________
**DEPUTY CLERK OF COURT**

**PETITION FOR DAMAGES**

Plaintiff, Golden Ranch Farms, LLC, respectfully petitions this Honorable Court for a judgment finding defendants herein liable for damages caused by defendants' oil and gas exploration and production and related activities that substantially harmed plaintiff, plaintiff's land, and plaintiff's legal interests. Upon information and belief, plaintiff makes the following allegations:

1.

Plaintiff, Golden Ranch Farms, LLC, is a Louisiana limited liability company domiciled in Lafourche Parish, State of Louisiana.

2.

Plaintiff, Golden Ranch Farms, LLC, owns and/or uses the surface interest in the entirety of the property located within the Larose Oil and Gas Field including but not limited to Sections 36, 38, 63, Township 16 and 17 South, Range 21 East.

The property described above has been contaminated or otherwise damaged by defendants' oil and gas exploration and production activities. It is the intent of the plaintiff herein to claim damages for any and all of the property that it owns or may own in the Larose Field, including but not limited to Sections 36, 38, 63, Township 16 and 17 South, Range 21 East, regardless of whether said property is specifically described in this petition (collectively, the "**Property**").



NON-CERTIFIED COPY

3.

Plaintiff appears in one or more of the following capacities: (1) lessor, assignee, or third-party beneficiary of certain mineral and/or surface leases between plaintiff and defendants; (2) successor in interest to certain mineral and/or surface leases between plaintiff and defendants; (3) owner of Property contaminated by the oil and gas activities conducted or controlled by one or more of the defendants; (4) successor in interest to, or the assign of, the owner of Property contaminated by the oil and gas activities conducted or controlled by one or more of the defendants; (5) servitude owner who has the right to sue for remediation damages under the Mineral Code; and (6) party who possess the right of action to file this lawsuit under Louisiana law.

4.

Made defendants are the following parties:

(A) **DEVON ENERGY PRODUCTION COMPANY, L.P.**, as successor in interest by merger and/or name change to **Pennzenergy Exploration and Production, L.L.C. Pennzoil Producing Company** and **Union Producing Company**, a foreign partnership authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(B) **MESA GULF COAST, LLC**, a Louisiana limited liability company authorized to do and doing business in this State, whose registered agent for service of process is George Pivach, 8311 Hwy. 23, Ste. 104, Belle Chasse, LA 70037;

(C) **TCHEFUNCTE NATURAL RESOURCES, L.L.C.**, a Louisiana limited liability company to do and doing business in this State, whose registered agent for service of process is George Pivach, 8311 Hwy. 23, Ste. 104, Belle Chasse, LA 70037;

(D) **SM ENERGY COMPANY (DELAWARE)**, as successor in interest by merger and/or name change to **St. Mary Energy Company** and **St. Mary Operating Company**, a foreign business corporation authorized to do and doing business in this State whose registered agent for service of process is Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802;

(E) **HENRY PRODUCTION COMPANY, INC.**, a Louisiana business corporation authorized to do and doing business in this State, whose registered agent for service of process is Patrick S. Ottinger, Ottinger Hebert, LLC, 1313 West Pinhook Road, Lafayette, LA 70503;

(F) **SQUARE MILE ENERGY, L.L.C.**, a foreign limited liability company authorized to do and doing business in this State, whose registered agent for service of process is James C. Bates, 318 St. Charles St., Baton Rouge, LA 70802;



NON-CERTIFIED COPY

(G) **EXXON MOBIL CORPORATION**, as successor in interest by merger and/or name change to **Humble Oil & Refining Company**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802;

(H) **TEXAS PACIFIC OIL COMPANY**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816; and

(I) **HAMMAN OIL & REFINING COMPANY**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

5.

The Property is believed to be contaminated by oil and gas exploration and production activities. Defendants either caused this contamination, or are otherwise legally responsible for this contamination. Defendants' activities include the operation or construction of various oil and gas facilities, including but not limited to, pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, separators, and injection facilities. Upon information and belief, the Engineer negligently certified that the pits located on the Property would not seep and leak beyond their horizontal and vertical confines.

These facilities, including, but not limited to, pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, and injection facilities, were operated and/or used by multiple defendants over time. On each of the respective tracts of the Property identified in Paragraph 2, the above operations were located within close proximity to the boundaries between the tracts of Property and to identical and/or related operations being conducted on other tracts of the Property. The proximity and sometimes overlapping nature of these operations has resulted in the substantial likelihood that the contamination created by one or more of the operators on one or more tracts has become commingled with contamination by one or more of the operators on the same tracts and/or on adjacent and/or contiguous tracts. Furthermore, it is possible that the proximity of operations on one or more non-owned contiguous tracts has resulted in the likelihood that contamination has become commingled with contamination on the plaintiff's property. Furthermore, the low lying elevation of the Property, the propensity for flooding, and surface water and groundwater flow in



NON-CERTIFIED COPY

the area has contributed to the substantial likelihood that the contamination on and/or from each of the tracts has become commingled. The defendants' negligent operation of the unlined pits, wells, tanks, flowlines, tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, injection facilities, and other facilities has likely resulted in surface and/or subsurface discharges of the pollutants identified in paragraphs 8 through 12. The likely migration of these surface and/or subsurface discharges has likely resulted in plumes of contamination that cross surface property boundaries. Furthermore, the operation of various wells, pits, tanks, flowlines tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, injection facilities, and other facilities across the various tracts of Property were either related or very similar in nature, and on information and belief, these operations were carried out pursuant to joint operating agreements to which the defendants were parties.

Specifically, defendants are liable for damage resulting from the operation of the wells in the Larose Oil & Gas Field (the "**Field**") which are identified on or in the attached exhibits, as well as the operation of other equipment and facilities related thereto. The following exhibits are attached to this Petition for Damages and are incorporated herein for all purposes:

Exhibit A: Contains aerial photo maps which shows the location of plaintiff's Property and the location and serial number of the known wells located thereon; and

Exhibit B: Contains an Operator History which shows, as to each known well located on the Property: (a) the well serial number; (b) the well name; (c) the past and current operators of record the well; (d) the dates of operation of the well and (e) the current status of the well.

Exhibit C: Contains a map and table showing the location and results of soil samples in and around the wells identified in Exhibit B, which results exceed applicable requirements.

In summary, the above information identifies the wells at issue in this lawsuit by well serial number, describes the location of these wells, and the relationship of each defendant to the wells and the Property. Defendants and entities or individuals who are not parties to this lawsuit may be in possession of other documentation evidencing leases, assignments, joint operating agreements, unit or pooling agreements, farmout agreements, or other contracts that are not part of the public record.



NON-CERTIFIED COPY

6.

Defendants conducted, directed, controlled or participated in various oil and gas exploration and production activities on the plaintiff's Property as operators, and/or working interest owners, and/or mineral or surface lessees, and/or mineral or surface lease assignees, and/or mineral sublessees, and/or servitude, executive interest or other mineral interest owners, and/or personal or predial servitude owners, and/or participants in joint operating agreements or unit operating agreements.

7.

Since at least the late 1920s, it has been common knowledge in the oil industry that the disposal of oilfield wastes in unlined earthen pits inevitably results in seepage, which contaminates both surface and subsurface soils and waters. Those defendants who operated in the late 1920s or thereafter possessed such knowledge. Plaintiff has suffered damages resulting from the improper disposal of oilfield wastes in unlined earthen pits, which were constructed by the defendants on or near the Property during the course of oil and gas exploration and production activities. The oilfield wastes deposited in these pits include (but are not limited to) such substances as naturally occurring radioactive material ("NORM"), produced water, drilling fluids, chlorides, hydrocarbons, and heavy metals. Also, leaks, spills, and other surface and subsurface discharges of these and other substances from wells, pipelines, tank batteries, gas plants and other equipment or facilities have further polluted the surface and subsurface of plaintiff's Property.

8.

NORM contains, inter alia, Radium226 and Radium228, which are very hazardous and toxic substances. Though these substances are "naturally occurring" at the depths from which oil and gas are produced, they become concentrated when brought to the surface during oil and gas production operations, where their presence can cause serious health related problems. Under Louisiana law, property contaminated with NORM cannot be transferred for unrestricted use.



NON-CERTIFIED COPY

9.

Produced water is a hazardous brew of various hydrocarbon compounds, metals, salt and radioactive substances. Studies of the chemical constituents of Louisiana produced water have revealed that all produced water discharges contain excess amounts of salt (up to 193 parts per thousand salt or 19.3%), and also contain volatile hydrocarbon compounds (including benzene, toluene, xylene and ethyl benzene), Polynuclear Aromatic Hydrocarbons ("PAHs or semi-volatiles) (including naphthalene, fluorene and phenanthrene), toxic heavy metals (including chromium, lead, mercury, arsenic, barium and zinc) and radium226 and radium228. All of these substances bioaccumulate and are acutely toxic to aquatic organisms at varying concentrations. Some of these substances (such as benzene and radium226) have long been identified as human carcinogens.

10.

Drilling fluids are also highly toxic and hazardous. These fluids contain metals such as chromium, barium, and arsenic, as well as oil and other hydrocarbon fractions. Drilling fluids also contain toxic additives such as bactericides, slimicides, and acids. Further, drilling fluids have been demonstrated to be acutely toxic to aquatic organisms. In fact, a 1982 American Petroleum Institute Study documented the uptake of toxic heavy metals by plants near drilling mud pits.

11.

Other toxic and hazardous substances used by defendants in their day to day exploration and production activities include mercury, lead based compounds, chromium based algicides, hydrochloric acid, caustic soda, and various corrosion inhibitors.

12.

Defendants knew or should have known that their day to day operations in the Larose Field would cause the soil, surface waters and groundwater of plaintiff's Property to be contaminated with the substances described in paragraphs 7 through 11 above. Rather than remove these substances during and after oil and gas exploration and production activities, defendants chose to conceal and cover up their contamination. This concealment and cover up



NON-CERTIFIED COPY

was routine practice and has continued to date. The defendants' failure to responsibly and timely remove or remediate this toxic pollution in the soils and groundwater of plaintiff's Property has allowed the pollution to migrate and spread. Defendants' pollution has now permanently damaged the drinking water and other aquifers underlying the Field.

13.

Defendants knew for many years that they were disposing, storing, discharging, and otherwise releasing toxic poisons and pollutants onto and into the ground, groundwaters, and surface waters on or near plaintiff's Property. Yet, defendants failed to inform or warn plaintiff or its predecessors concerning the extent, nature, cause and origin of this pollution. The Engineer knew or should have known that the contaminants discharged into pits on the Property would leak and seep beyond the vertical and horizontal confines of the pits yet the Engineer failed to warn the Defendants and the plaintiff that the pits would leak and seek beyond their horizontal and vertical confines. Defendants at no time warned or informed the plaintiff or its predecessors that their disposal and discharge activities were hazardous to persons and property. Defendants knew and failed to disclose to plaintiff or its predecessors that their wastes would not degrade or break down in the environment in the foreseeable future and that their presence in the subsurface would constitute an ongoing and continuing source of pollution and environmental damage for generations.

14.

Plaintiff did not have actual or constructive knowledge of the pollution described in this petition until less than a year prior to the filing of this suit. Plaintiff did not have actual or constructive knowledge of the defendants' fault, negligence or violation or breach of any leases, contracts, use agreements, or any other agreements or contracts referenced in this petition until less than a year prior to the filing of this suit. Plaintiff did not have actual or constructive knowledge of the causal connection between the defendants' fault, negligence and breach of contract and the pollution at issue until less than a year prior to the filing of this suit. Further, defendants have engaged in acts that effectually have prevented plaintiff from availing itself of the causes of action alleged herein. These acts include fraud, ill practices, and misrepresentation



NON-CERTIFIED COPY

intentionally committed by defendants (or their representatives) designed to hinder, impede or prevent plaintiff from asserting its causes of action or to lull plaintiff into a false sense of security. Such acts of fraud, ill practices, and misrepresentation specifically include: (1) burying, hiding or actively concealing pollution; (2) failing to inform plaintiff or its predecessors that unlined earthen pits on the Property seeped and leaked; (3) failing to inform plaintiff or its predecessors that the use of unlined pits that seep and leak violate state regulation; (4) failing to inform plaintiff or its predecessors that the failure to remove or remediate contamination caused by unlined earthen pits violates state regulation (5) failing to inform plaintiff or its predecessors that pollution that migrates out of the confines of an unlined earthen pit will continue to migrate, spread and cause further damage to its Property; (6) failing to inform plaintiff or its predecessors of the hazardous and toxic nature of the oilfield pollution on its Property; and, (7) failing to inform the plaintiff or its predecesors that the oilfield practices followed by defendants would result in pollution and property damage. Due to defendants' concealment of the hazardous and toxic contamination that they deposited on plaintiff's lands, and the role they played in causing this contamination, plaintiff and its predecessors were denied access to the knowledge and facts needed to bring the claims alleged in this petition until less than a year before the present suit was filed.

15.

Defendants' conduct constitutes negligence, which gives rise to liability under the provisions of La. Civ. Code art. 2315. Defendants knew or should have known that their conduct would cause property and other damages to plaintiff. Defendants had a duty to protect plaintiff and plaintiff's Property from the effects of the contamination and pollution described herein. Their violation of this duty proximately caused the damages described below. Further, as the defendants acquired knowledge that unlined pits would leak, and that the contamination left on plaintiff's lands would continue to spread and migrate, defendants had the obligation to return to plaintiff's lands to remediate the source or sources of the contamination, to stop the spread of the contamination, and to warn the plaintiff that its land was contaminated. Defendants violated their own company policies and industry practice and custom, did not comply with the standards of



NON-CERTIFIED COPY

conduct required in the leases and other contracts applicable to the Property, and failed to comply with applicable state regulation. Defendants also concealed from the regulators the fact that they had polluted plaintiff's property. Defendants are guilty of tortious conduct under private law by virtue of their violations of statewide and fieldwide orders and regulations.

16.

Defendants that acquired other corporations or other legal entities by merger, acquisition, or otherwise, or who otherwise assumed obligations under applicable leases or contacts, had a duty to remedy the past wrongs of those parties for whose fault or obligations they are legally responsible. To the extent that any defendant acquired the business or assets of a predecessor without a formal merger, said defendant is liable under the continuation doctrine of Louisiana law. In addition to their express or implied assumption of contractual obligations owed to plaintiff, defendants are liable to plaintiff under the provisions of Section 324A of the Restatement 2d, as interpreted by Louisiana jurisprudence. Under Section 324A, one or more of the defendants assumed duties owed by others to the plaintiff to protect plaintiff and its Property from contamination and harm.

17.

Defendants are also guilty of a continuing tort and a continuing trespass. Defendants' acts or omissions, and their continuing unlawful conduct, have caused successive damages or an ongoing and cumulatively increasing deterioration of plaintiff's Property. The pollution caused by the defendants continues to migrate. The cause of the increasing damages to plaintiff's land is the continuing failure of defendants to remove their pollution from the Property. The cause of the damages suffered by plaintiff is thus a continuous cause giving rise to successive damages. In addition, defendants' conduct of their oil and gas exploration and production activities and the associated discharge, disposal or storage of oilfield waste on plaintiff's Property have created a continuing, ongoing and damaging nuisance to plaintiff and plaintiff's Property. Further, the continued presence of oilfield wastes on the Property constitutes a continuing trespass. The continuous and ongoing migration of waste is causing new and ever-increasing damage to plaintiff's Property, and such damage will continue until such time as these wastes are removed



NON-CERTIFIED COPY

and remediated.

18.

Defendants are liable for the tortious breach of any leases or other contracts sued upon in this petition, and the tortious breach of any other contracts which obligate the defendants to protect and preserve the plaintiff's property. These leases or other contracts may include mineral and surface leases, servitude agreements, assignments, mineral and surface subleases, right of way agreements, joint operating agreements, unit agreements, working interest agreements, use agreements, farmout agreements, and unit or pooling agreements.

19.

Defendants are also liable to plaintiff under La. Civ. Code art. 667 of the Civil Code for the damages caused by their handling, storage, discharge, and disposal of toxic and hazardous and toxic oil field waste on or adjacent to plaintiff's Property. La. Civ. Code art. 667 was amended by Act 1 of 1996, effective April 16, 1996. To the extent that defendants are deemed "proprietors" within the meaning of La. Civ. Code art. 667, said defendants are strictly liable to plaintiff under La. Civ. Code art. 667 for damages sustained by the plaintiff before April 16, 1996. Plaintiff's claims under Article 667 for damages occurring on or after April 16, 1996, are governed by the amended version of Civil Code article 667. To the extent the defendants held any rights in any mineral leases or servitudes on the property (including any predial, legal or personal servitudes), plaintiff and defendants are co-proprietors of the property that owe obligations to each other under Article 667 of the Civil Code. Plaintiff asserts any personal, tort, or legal claims it may have under Article 667. Furthermore, defendants are strictly liable to plaintiff under the provisions of La. Civ. Code articles 2317 and 2322. At all times pertinent hereto, defendants had *garde* of the facilities and equipment that caused the pollution described herein. Those defendants who participated in the above described oil and gas operations by the acquisition of working interests had sufficient control to constitute *garde* under the provisions of La. Civ. Code art. 2317. On information and belief, the Joint Operating Agreements or unit agreements that governed the conduct of the oil and gas activities of the defendants show that the working interest owners or other participants in such agreements: (1) had the right to control



NON-CERTIFIED COPY

operations conducted pursuant to the agreements; and, (2) held proportional ownership interests in the facilities and equipment which caused the pollution complained of herein. Such ownership gives rise to a presumption of *garde*. The acquisition of any leasehold or other ownership interest (including, but not limited to, rights in predial or mineral leases, or any interest in a servitude on the property) gives rise to a presumption of *garde*.

20.

In addition, under Louisiana law, defendants are allowed under the applicable mineral leases to use only so much of plaintiff's Property as is reasonably necessary to conduct oil and gas operations allowed by such leases. Defendants are guilty of a trespass to plaintiff's Property because they exceeded the rights to use the plaintiff's Property as contemplated in the applicable mineral leases. In addition, because defendants exceeded their use rights under the applicable leases, they excessively and unreasonably exercised their rights under the applicable leases. Further, with regard to the contractual liability of the defendants, the express remediation obligations of any leases at issue, and the covenants and other provisions implied in any leases at issue by operation of law or the application of the mineral code, impose continuing remediation obligations on the lessees. Such lease obligations were violated.

21.

In summary, Defendants' conduct as described above constitutes a breach of the oil, gas, and mineral leases, surface leases, servitude agreements and other applicable contracts that covered the oil and gas activities described above.

22.

Plaintiff herein brings suit under the mineral and surface leases, use agreements, conventional servitudes, mineral servitudes (to the extent such servitudes exist) and any innominate agreements that apply to the Property. To the extent that the law does not accord plaintiff the right to sue as lessor (or as the assignee or successor of the lessors) under the applicable mineral leases or surface leases, plaintiff asserts claims in its capacity: (1) as third party beneficiary for damages for breach of said mineral leases or surface leases; and, (2) as owner of the servient estates of the limited personal servitudes created by the applicable mineral



NON-CERTIFIED COPY

leases. To the extent defendants' remediation obligations are not expressly set forth in any contract or lease, defendants have a contractual obligation under the applicable oil, gas, and mineral leases, and under the applicable surface or predial leases, and under La. Civ. Code arts. 2683, 2686, and 2692, to restore plaintiff's Property to its original condition, less normal wear and tear. Defendants have failed to satisfy their express contractual obligations, and those implied obligations imposed by operation of law. Plaintiff's Property has been impacted by each defendant's use of the Property under the applicable mineral and surface or predial leases, and such Property has not been restored to its original condition, less normal wear and tear. For the breach of these oil, gas, mineral leases, and surface or predial leases, the defendants are liable to plaintiff for foreseeable and consequential damages occasioned by their failure to perform, as well as the cost of these proceedings and reasonable attorneys' fees to the extent such fees are allowed by contract or applicable law, such as La. R.S. 30:29. Further, plaintiff claims damages for the violation of any personal servitude of use applicable to the Property in accordance with the provisions of La. C.C. arts. 576, 577, and 645.

23.

Further, plaintiff alleges that it is a third party beneficiary of the assignments, subleases or other oilfield conveyance instruments, or other contracts or agreements by which one or more of the defendants acquired an interest in the oilfield equipment, wells, facilities, or property at issue. Further, plaintiff is a third party beneficiary of the joint operating and unit agreements and other operating agreements pertaining to the Property. As third party beneficiary of the aforesaid contracts and agreements, plaintiff is entitled to sue defendants for damages in its capacity as third party beneficiary.

24.

Defendants who are assignees or sublessees of the mineral leases at issue are solidarily liable to plaintiff under the provisions of article 128 and 129 of the Mineral Code. Defendants who are assignees of the surface leases at issue are solidarily liable to plaintiff under the civil code provisions applicable to solidarity.



NON-CERTIFIED COPY

25.

If any of the mineral leases subject to this suit have not expired, the remediation of contamination on the Property subject to said existing leases would not interfere with, or have any effect on, any ongoing mineral operations. Defendants have failed to maintain and restore leased properties that are the subject of leases that are still in effect. This failure constitutes an active breach of said mineral leases or surface. Further, upon information and belief, there are no leases at issue in this lawsuit that permit the lessee to postpone remediation of contaminated Property until the end of the lease. Under the provisions of La. Civ. Code arts. 2683, 2686, and 2692, and applicable jurisprudence, defendants are obligated to remediate and restore the Property even though a mineral or surface lease may still be in effect.

26.

Each defendant has also breached those standards imposed by the Louisiana Civil Code and the Louisiana Mineral Code governing the conduct of prudent operators. The lease provisions of the Louisiana Civil Code and the Louisiana Mineral Code require Defendants to use plaintiff's Property as a prudent administrator and to restore plaintiff's Property to its original condition. Any implied obligations or covenants imposed on any lessee by the Civil Code or Mineral Code are binding on said lessee unless expressly renounced in the lease itself. Defendants have failed to act as prudent administrators, have failed to restore plaintiff's Property to its original condition, and have failed to discharge their obligations under the Civil Code and the Mineral Code. As a result, plaintiff has suffered damages and is entitled to all remedies allowed under the Civil Code and Mineral Code.

27.

Plaintiff specifically alleges that defendants have violated the express and implied obligations of surfaces leases that apply to the Property, including those maintenance, restoration and repair obligations imposed by operation of law on all lessees by the Civil Code articles pertaining to leases. Defendants' violation of these surface leases have caused damage to plaintiff. Under said surface leases, defendants have the obligation to maintain and restore the Property.



NON-CERTIFIED COPY

28.

Defendants negligently and excessively used the Property during mineral operations. This negligent and excessive use violates the implied obligations of lessees under the provisions of the Civil Code and the Louisiana Mineral Code, including without limitation, La. R.S. 31:122. Defendants who operate negligently and excessively under a mineral lease are obligated to restore the Property to its original pre-lease condition, less normal wear and tear.

29.

Defendants' actions in knowingly disposing of toxic and hazardous materials onto plaintiff's Property, in failing to clean up said pollution and stop its further migration, in storing their pollution on plaintiff's properties, in allowing the migration of their pollution to offsite properties, in failing to properly maintain their facilities where these toxic and hazardous materials were transported, handled, stored and disposed of, and in egregiously violating applicable environmental health and safety regulations and applicable field-wide orders, constitute wanton or reckless disregard for public safety in the storage, handling or transportation of hazardous or toxic substances. Defendants are therefore liable to plaintiff for punitive and exemplary damages. At all times pertinent hereto, defendants had actual possession or control of the toxic and hazardous substances described above. With regard to plaintiff's tort claims that arise under the provisions of former Civil Code article 2315.3, plaintiff's claims for punitive damages are limited to acts or omissions of the defendants (or their predecessors or successors) that occurred during the period of applicability of article 2315.3.

In addition to the foregoing, plaintiff alleges that Statewide order 29-B was applicable during the period of applicability of former Civil Code article 2315.3. 43 LA ADC Pt XIX, § 101, et seq. This regulation requires the proper closure of pits, regardless of when such pits were constructed, used or closed. The violation of a regulatory duty can give rise to tort liability. A failure to comply with applicable regulation is evidence of unreasonable care. The defendants' violation of their regulatory obligations under Statewide Order 29-B and other applicable regulations, and their failure to return to the field to clean up their contamination, support a cause of action in tort for both compensatory and punitive damages. Plaintiff affirmatively



NON-CERTIFIED COPY

alleges that the oil and gas operations on its property were not conducted in accordance with applicable regulations, rules or statutes of the State of Louisiana.

30.

Defendants' storage and disposal of the aforementioned toxic and hazardous substances constitutes an ultra hazardous activity for which defendants are strictly liable. This strict liability is based on acts and omissions occurring before the amendment to La. Civ. Code art. 667 in 1996. The amended version of La. Civ. Code art. 667 is applicable to the acts and omissions of defendants occurring on or after the effective date of the 1996 amendment.

31.

Further, for an undetermined length of time, the defendants have stored toxic pollution and waste in the groundwaters and soils underlying the plaintiff's lands. Defendants have derived substantial economic benefits from this storage in that their use of the subsurface of the plaintiff's lands has allowed them to avoid the substantial costs and expenses associated with the proper disposal of this toxic pollution and waste. Thus, plaintiff is entitled to the civil fruits derived from defendants' trespass, for La. Civ. Code art. 486 provides that a possessor in bad faith is liable for the "fruits he has gathered or their value subject to his claim for reimbursement of expenses." Alternatively, even if storage costs are not technically deemed "civil fruits," plaintiff is entitled to the economic value of said storage, or the value of the rental of said storage. Furthermore, to the extent off site saltwater or brine or other wastes were injected by defendants into the subsurface of the plaintiff's property or otherwise disposed of and/or mixed into surface soils without permission of the landowners at the time of the injection or disposal, defendants are liable in tort and for breach of the applicable mineral or surface leases or servitude agreements. Further, such unauthorized injection and disposal also constitutes a trespass.

32.

To the extent that defendants own mineral servitudes on the Property, plaintiff asserts claims for remediation under the provisions of Article 22 of the Mineral Code (La. R.S. 30:22). Upon information and belief, such servitudes have been exercised. Defendants excessively used



NON-CERTIFIED COPY

plaintiff's Property subject to said servitudes. It was not "reasonably necessary" for defendants to use pits and leaking tanks and other equipment in the conduct of their operations. And it was not "reasonably necessary" for defendants to use those parts of the surface or subsurface of plaintiff's Property located outside of the confines of the pits to dispose of and store their wastes. Under Article 22 as applied to the facts heretofore alleged in this petition, plaintiff is entitled to restoration of its Property to original condition to the extent reasonably practicable at the earliest reasonable time. Plaintiff is entitled to this restoration remedy regardless of the fault or negligence of the servitude owner.

33.

Alternatively, plaintiff is an "aggrieved party" within the meaning of article 134 of the mineral code. Plaintiff has the right to assert the causes of action alleged herein by virtue of its status as "aggrieved party."

34.

As a direct result of the above described acts and omissions of the defendants, plaintiff has suffered damages to its Property occasioned by the nuisance created by defendants. Plaintiff has also sustained damages occasioned by the diminution in the value of its Property, including stigma damages. Further, in the alternative, and only if plaintiff has no other adequate remedy at law, defendants are liable for unjust enrichment damages, as the defendants have been unjustly enriched by their unauthorized use of plaintiff's lands to store and dispose of toxic and hazardous contamination.

35.

Due to the activities of defendants in polluting the soils, groundwater and surface waters of the Property, and the continuing trespass of defendants resulting from the continued presence of contaminants in said soils, groundwater, and surface water, and to the extent plaintiff is not entitled to a damage remedy, plaintiff is entitled to a prohibitory and mandatory permanent injunction: (a) requiring that defendants remove the contamination they have caused to be deposited in the groundwater and soils underlying plaintiff's lands; (b) ordering the defendants to remove any contamination they have caused to be deposited in the groundwater and soils



NON-CERTIFIED COPY

underlying the plaintiff's lands; (c) ordering defendants to restore any land lost as a result of defendants' acts, omissions, conduct, or violations of any provision of public or private law as outlined in this petition; and (d) correcting any land damages caused by subsidence.

36.

Plaintiff is entitled to recover money damages equal to the cost to conduct a comprehensive and expedited environmental assessment of all present and yet unidentified pollution and contamination of its Property.

37.

In summary, plaintiff has stated several causes of action herein, including causes of action in tort and separate causes of action for breach of contract, and for breach of obligations imposed by the Mineral Code and Civil Code, and for breach of implied obligations under the Mineral Code and Civil Code, and for the violation of the provisions of the Civil Code and Mineral Code, and are entitled to the following damages:

(A) Sufficient funds to conduct a complete scientific analysis of the extent and nature of the contamination on its Property associated with defendants' operation of waste pits, tank batteries, production and/or injection wells, pipelines, and other oil and gas related facilities and equipment;

(B) The cost to restore the Property to its pre-polluted original condition;

(C) Punitive or exemplary damages arising from wanton and reckless conduct during the period of applicability of former article 2315.1;

(D) An award of damages for defendants' unauthorized use of plaintiff's land to store and dispose of their wastes without consent, or compensation to plaintiff from time of placement to time of final removal;

(E) An award of stigma damages and damages for diminution in property value before, during and after restoration;

(F) Any civil fruits derived from defendants' illegal trespass;

(G) Damages occasioned by the nuisance created by defendants, including loss of full use and enjoyment of plaintiff's Property;

(H) Where appropriate, land loss and subsidence damages, and the cost of backfilling of canals and other excavations;

(I) Damages for loss of use of land and lost profits and income;

(J) Attorneys' fees and other costs and expenses under La. R.S. 30:29, or under any contract or applicable law that specifically provides for attorney fees, costs, and expenses;



NON-CERTIFIED COPY

(K) Damages sustained as a result of defendants' failure to provide proper notification under article 2688;

(L) Damages for remediation of any groundwater contamination;

(M) Damages for the unauthorized disposal and injection of off-site saltwater or brines or other fluids or chemicals; and

(N) Damages for the unauthorized disposal of other wastes into the soils or subsurface of plaintiff's property.

38.

Defendants have not attempted to recover, handle, treat or dispose of any of the contamination at issue. It is expected that defendants will contend that natural attenuation is an acceptable method of remediating the contamination. The use of natural attenuation as a remediation method involves the storage of contamination at issue in the soils and groundwaters underlying the Property for a period of time sufficient to allow natural processes to eliminate such contamination. Plaintiff specifically alleges that the Property cannot be feasibly remediated by means of natural attenuation. Thus, to the extent that natural attenuation is used, or will be used, as a remediation method to remediate the Property, plaintiff is entitled to reasonable compensation for the storage of waste on its Property, including rental or economic value of said storage.

39.

Plaintiff affirmatively alleges that damages awarded by the court for remediation will be used to clean up the above described contamination. Plaintiff has personal reasons for wishing to commit all sums awarded for remediation to clean up the affected Property.

40.

Plaintiff asserts only those private causes of action accorded to them under the Louisiana Constitution and laws of the State of Louisiana. Plaintiff has not pled, and will never at any time in the future plead, any claim or cause of action arising under federal law, and asserts no such claims herein. To the extent any state law claims are preempted by federal law (either expressly or impliedly), such claims are not alleged herein. Plaintiff herein expressly does not pursue any defendants or claims that have been discharged in bankruptcy.



NON-CERTIFIED COPY

41.

To the extent that the provisions of La. R.S. 30:29 apply to this action, notice will be furnished to the Attorney General and to Louisiana Department of Natural Resources pursuant thereto. The extent of the applicability of La. R.S. 30:29 must be determined by facts developed during the course of future discovery and at trial, as at least some of the contamination at issue may not be covered by the provisions of La. R.S. 30:29, or may not be within the jurisdiction of the LDNR. Plaintiff affirmatively alleges that some or all of the contamination complained of herein arose from equipment or activities of defendants at or after a custody transfer or sales point.

42.

Plaintiff claim damages for the evaluation, cleanup, and remediation of any contamination or pollution that impacts or threatens to impact groundwater, regardless of classification or depth of such groundwater, and regardless of whether said groundwater is usable or unusable. Plaintiff claims that it is entitled to restoration of any aquifers damaged by the pollution alleged herein.

43.

To the extent plaintiff does not have a right of action under private law to seek the damages claimed in this petition, Plaintiff asserts that it has the right of action under La. R.S. 30:29. Further, plaintiff has a right and a cause of action under applicable law to claim damages or other appropriate relief, including injunctive relief, for the cleanup of contamination on adjacent property or other non-owned property to the extent such a cleanup is required to accomplish the remediation of the plaintiff's property sought in this petition. Louisiana private law accords to a plaintiff landowner the right to seek remediation damages for the remediation of the property of a neighbor if the plaintiff landowner's property cannot effectively be remediated without remediating his neighbor's property. Plaintiff's Property cannot be effectively remediated unless the source of the contamination of plaintiff's property is removed, and plaintiff is entitled to removal of the source of contamination even if such source happens to be located on the property of another.



NON-CERTIFIED COPY

44.

Defendants are liable to plaintiff under the provisions of article 11 of the Louisiana Mineral Code (La. R.S. 31:11). Under article 11, the plaintiff as surface owner and defendants as owners of mineral rights (mineral lease or servitude) must exercise their respective rights with reasonable regard for those of the other. Defendants' failure to maintain and remediate the Property constitutes a violation of the provisions of article 11. Defendants are strictly liable to plaintiff under the provisions of article 11. As surface owner, plaintiff has the right to claim the damages sought in this petition under the provisions of article 11, and alternatively, have the right to seek other appropriate relief, including injunctive relief, under article 11.

45.

Defendants' breaches of the leases applicable to the plaintiff's Property were substantial in nature. Under article 2686 of the Civil Code, plaintiff may elect to seek injunctive relief, dissolution, and damages.

46.

All defendants are liable to plaintiff in solido.

47.

Plaintiff shows that article 2688 of the Civil Code was enacted by Acts 2004, No. 821, §1, effective January 1, 2005. This codal article obligates a lessee to notify his lessor without delay when the property leased has been damaged or requires repair. When article 2688 became effective, the lessee defendants had an obligation to notify plaintiff of the contamination on its Property. No such notification was provided. Therefore, under the provisions of article 2688, plaintiff is entitled to the damages it sustained as a result of defendants' failure to provide proper notification. Article 2688 is applicable to the mineral leases at issue by virtue of article 2 of the Louisiana Mineral Code (La. R.S. 31:2). The failure of defendants to provide the notification required by article 2688 constitutes an active and substantial breach of the applicable mineral and surface leases. In addition, the failure to provide the notice required by article 2688 constitutes a tortious breach of the applicable leases.



NON-CERTIFIED COPY

48.

Plaintiff hereby specifically alleges any rights or causes of action assigned to it after the filing of this petition that arise out of the transactions or occurrences that are the subject of this petition. Also, as the property damage alleged in this petition will continue to increase after the filing of this petition, plaintiff specifically claims any damages that accrue after the filing of this petition. Further, plaintiff specifically reserves the right to bring those causes of action that are assigned to it or that accrue after any judgment in this case, including, but not limited to, any judgment dismissing any defendant against whom plaintiff has a right to assert such causes of action assigned or accruing after judgment, and any judgment awarding damages for any of the claims alleged in this petition..

**WHEREFORE,** plaintiff prays that the defendants be cited to appear and answer this petition and that after due proceedings be had, that there be judgment entered herein as follows:

(A) Awarding plaintiff all compensatory damages allowed by Louisiana law in an amount to be proven at trial, including payment of the costs to restore lands with identified pollution to its original unpolluted state, civil fruits resulting from defendants' illegal and bad faith trespass on plaintiff's lands, storage damages, and other property damages, and damages for loss of use and lost profits and lost income; and, further, damages for land loss and subsidence and the cost of backfilling of canals and other excavations, where appropriate;

(B) Awarding plaintiff punitive and exemplary damages;

(C) Ordering defendants to pay plaintiff sufficient funds so that plaintiff may conduct a comprehensive and expedited environmental assessment of plaintiff's land to identify all hidden or not yet identified pollution;

(D) Awarding plaintiff all costs of this suit and for legal interest therein for any amount awarded from the date of judicial demand until paid; and further awarding plaintiff judicial interest on all contract claims from the date of breach; and further awarding attorneys' fees where appropriate under the provisions of applicable law, including, but not limited to, La. R.S. 30:29;

(E) Awarding plaintiff damages for diminution in property value before and after restoration, and stigma damages;

(F) Ordering a mandatory and prohibitory injunction to restore plaintiff's Property to its pre-contaminated condition and to prevent the migration and spread of toxic and hazardous substances onto plaintiff's Property;

(G) To the extent that La. R.S. 30:29 applies, approving a feasible remediation plan under La. R.S. 30:29 that complies with all applicable state regulations, without variances therefrom, including Statewide order 29-B and state



NON-CERTIFIED COPY

regulations requiring remediation of usable groundwater to drinking water standards;

(H) To the extent that La. R.S. 30:29 applies, approving a feasible remediation plan under La. R.S. 30:29 that protects the health, safety, and welfare of the people of Louisiana;

(I) To the extent that La. R.S. 30:29 applies, approving a feasible remediation plan under La. R.S. 30:29 that protects and replenishes the natural resources of the state;

(J) Awarding all damages allowed under Subsection H of La. R.S. 30:29;

(O) For all just and equitable relief, and for all relief appropriate and reasonable under the premises; and awarding damages or other relief allowable under Louisiana law under any of the causes of action alleged in this petition; 2688;

(K) And damages for the failure to provide proper notification under the provisions of article 2688;

(L) Alternatively, for all appropriate unjust enrichment damages as provided by Louisiana law; and

(M) Trial by jury.

Respectfully submitted,

TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar# 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
Todd J. Wimberley, Bar #34862
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
Leah C. Poole, Bar #35092
Caroline H. Martin, Bar #33308
Christopher D. Martin, Bar #30613

*Attorneys for Plaintiff*

**PLEASE HOLD SERVICE**

FILED
APR 25 2017
CLERK OF COURT



NON-CERTIFIED COPY

# Transmission Log

LafourcheClerk Tuesday, 2017-04-25 14:38 9854475800

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2017-04-25 | 14:37 | SCAN | 18222 | 0:10 | 24000 | 12254482568 | 1 | OK -- V.34 1M31 |

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: TALBOT, CARMOUCHE, AND MARCELLO**

~~225-400-9991~~
225-448-2568

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**MESA GULF COAST LLC, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on APRIL 25, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**PETITION FOR DAMAGES**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**JILL L. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $300.00**

FILED
APR 25 2017
Jill L. Bernard
CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**FILED:** ______________________ ______________________
**DEPUTY CLERK OF COURT**

**FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

COMES NOW plaintiff, Golden Ranch Farms, LLC, through undersigned counsel, to respectfully supplement and amend its original Petition for Damages in the following particulars:

**I. Amendment to Caption**

By amending the caption of the original Petition for Damages to read as follows:

**"17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL."**

**II. Amendment to Petition**

By replacing the original Petition for Damages in its entirety as follows:

"Plaintiff, Golden Ranch Farms, LLC, respectfully petitions this Honorable Court for a judgment finding defendants herein liable for damages caused by defendants' oil and gas exploration and production and related activities that substantially harmed plaintiff, plaintiff's land, and plaintiff's legal interests. Upon information and belief, plaintiff makes the following allegations:



NON-CERTIFIED COPY

1.

Plaintiff, Golden Ranch Farms, LLC, is a Louisiana limited liability company domiciled in Lafourche Parish, State of Louisiana.

2.

Plaintiff, Golden Ranch Farms, LLC, owns and/or uses the surface interest in the entirety of the property located within the Bayou Des Allemands, Larose and Valentine Oil and Gas Fields, which property is more particularly described in Exhibit A.

The property described above has been contaminated or otherwise damaged by defendants' oil and gas exploration and production activities. It is the intent of the plaintiff herein to claim damages for any and all of the property that it owns or may own in the Bayou Des Allemands, Larose and Valentine Oil and Gas Fields ("Fields"), regardless of whether said property is specifically described in this petition (collectively, the "**Property**").

3.

Plaintiff appears in one or more of the following capacities: (1) lessor, assignee, or third-party beneficiary of certain mineral and/or surface leases between plaintiff and defendants; (2) successor in interest to certain mineral and/or surface leases between plaintiff and defendants; (3) owner of Property contaminated by the oil and gas activities conducted or controlled by one or more of the defendants; (4) successor in interest to, or the assign of, the owner of Property contaminated by the oil and gas activities conducted or controlled by one or more of the defendants; (5) servitude owner who has the right to sue for remediation damages under the Mineral Code; and (6) party who possess the right of action to file this lawsuit under Louisiana law.

4.

Made defendants are the following parties:

(A) **BP AMERICA PRODUCTION COMPANY,** as successor in interest by merger and/or name change to **Pan American Petroleum Corporation** and **Amoco Production Company**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(B) **DEVON ENERGY PRODUCTION COMPANY, L.P.,** as successor in interest by merger and/or name change to **Pennzenergy Exploration and Production, L.L.C. Pennzoil Producing Company** and **Union Producing Company**, a foreign partnership authorized to do and doing business in this State, whose registered agent



NON-CERTIFIED COPY

for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(C) **MESA GULF COAST, LLC**, a Louisiana limited liability company authorized to do and doing business in this State, whose registered agent for service of process is George Pivach, 8311 Hwy. 23, Ste. 104, Belle Chasse, LA 70037;

(D) **TCHEFUNCTE NATURAL RESOURCES, L.L.C.**, a Louisiana limited liability company to do and doing business in this State, whose registered agent for service of process is George Pivach, 8311 Hwy. 23, Ste. 104, Belle Chasse, LA 70037;

(E) **SM ENERGY COMPANY (DELAWARE)**, as successor in interest by merger and/or name change to **St. Mary Energy Company** and **St. Mary Operating Company**, a foreign business corporation authorized to do and doing business in this State whose registered agent for service of process is Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802;

(F) **HENRY PRODUCTION COMPANY, INC.**, a Louisiana business corporation authorized to do and doing business in this State, whose registered agent for service of process is Patrick S. Ottinger, Ottinger Hebert, LLC, 1313 West Pinhook Road, Lafayette, LA 70503;

(G) **SQUARE MILE ENERGY, L.L.C.**, a foreign limited liability company authorized to do and doing business in this State, whose registered agent for service of process is James C. Bates, 318 St. Charles St., Baton Rouge, LA 70802;

(H) **EXXON MOBIL CORPORATION**, as successor in interest by merger and/or name change to **Humble Oil & Refining Company**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802;

(I) **TEXAS PACIFIC OIL COMPANY**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(J) **HAMMAN OIL & REFINING COMPANY**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(K) **AMERADA PETROLEUM CORPORATION**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(L) **HESS CORPORATION, A DELAWARE CORPORATION**, as successor in interest by merger and/or name change to **Amerada Hess Corporation**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(M) **TEXAS PETROLEUM INVESTMENT COMPANY**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is Patrick S. Ottinger, 1313 W. Pinhook Rd., Lafayette, LA 70503;



NON-CERTIFIED COPY

(N) **DENBURY ONSHORE, LLC**, as successor in interest by merger and/or name change to **Denbury Management, Inc.**, and **Denbury Resources Inc.**, a foreign limited liability company authorized to do and doing business in this State whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(O) **TENSAS DELTA EXPLORATION COMPANY, LLC** as successor in interest to **W. W. F. Oil Corporation** and Wheless Industries, Inc., a foreign limited liability company authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(P) **CONOCOPHILLIPS COMPANY**, as successor in interest by merger and/or name change to **Phillips Oil Company**, **Phillips Petroleum Company**, and **General American Oil Company of Texas**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is United States Corporation Company, 501 Louisiana Ave., Baton Rouge, LA 70802;

(Q) **AMERICAN EXPLORER, INC.**, a Louisiana business corporation authorized to do and doing business in this State, whose registered agent for service of process is Alfred J. Thomas, II, 136 Teche Dr., Lafayette, LA 70503; and

(R) **BILLY PROCHASKA, P.E.**, and individual of the full age of majority domiciled in East Baton Rouge Parish, at 9935 Hillyard Ave., Baton Rouge, LA 70809-3112.

Defendants identified in subpart (A) through (Q) are collectively referred to hereinafter as "Defendants." Defendant identified in subpart (R) is hereinafter referred to as "the Engineer."

5.

The Property is believed to be contaminated by oil and gas exploration and production activities. Defendants either caused this contamination, or are otherwise legally responsible for this contamination. Defendants' activities include the operation or construction of various oil and gas facilities, including but not limited to, pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, separators, and injection facilities. Upon information and belief, the Engineer negligently certified that the pits located on the Property would not seep and leak beyond their horizontal and vertical confines.

These facilities, including, but not limited to, pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, and injection facilities, were operated and/or used by multiple defendants over time. On each of the respective tracts of the Property identified in Paragraph 2, the above operations were located within close proximity to the boundaries between the tracts of Property and to identical and/or related operations being conducted on other tracts of the Property. The proximity and



NON-CERTIFIED COPY

sometimes overlapping nature of these operations has resulted in the substantial likelihood that the contamination created by one or more of the operators on one or more tracts has become commingled with contamination by one or more of the operators on the same tracts and/or on adjacent and/or contiguous tracts. Furthermore, it is possible that the proximity of operations on one or more non-owned contiguous tracts has resulted in the likelihood that contamination has become commingled with contamination on the plaintiff's property. Furthermore, the low lying elevation of the Property, the propensity for flooding, and surface water and groundwater flow in the area has contributed to the substantial likelihood that the contamination on and/or from each of the tracts has become commingled. The defendants' negligent operation of the unlined pits, wells, tanks, flowlines, tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, injection facilities, and other facilities has likely resulted in surface and/or subsurface discharges of the pollutants identified in paragraphs 8 through 12. The likely migration of these surface and/or subsurface discharges has likely resulted in plumes of contamination that cross surface property boundaries. Furthermore, the operation of various wells, pits, tanks, flowlines tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, injection facilities, and other facilities across the various tracts of Property were either related or very similar in nature, and on information and belief, these operations were carried out pursuant to joint operating agreements to which the defendants were parties.

Specifically, defendants are liable for damage resulting from the operation of the wells in the Bayou Des Allemands, Larose and Valentine Oil and Gas Fields which are identified on or in the attached exhibits, as well as the operation of other equipment and facilities related thereto. The following exhibits are attached to this Petition for Damages and are incorporated herein for all purposes:

<u>Exhibit B</u>: Contains aerial photo maps which shows the location of plaintiff's Property and the location and serial number of the known wells located thereon; and

<u>Exhibit C</u>: Contains an Operator History which shows, as to each known well located on the Property: (a) the well serial number; (b) the well name; (c) the past and current operators of record the well; (d) the dates of operation of the well and (e) the current status of the well.



NON-CERTIFIED COPY

<u>Exhibit D</u>: Contains maps and a table showing the location and results of soil samples in and around the wells identified in Exhibit C, which results exceed applicable requirements.

In summary, the above information identifies the wells at issue in this lawsuit by well serial number, describes the location of these wells, and the relationship of each defendant to the wells and the Property. Defendants and entities or individuals who are not parties to this lawsuit may be in possession of other documentation evidencing leases, assignments, joint operating agreements, unit or pooling agreements, farmout agreements, or other contracts that are not part of the public record.

6.

Defendants conducted, directed, controlled or participated in various oil and gas exploration and production activities on the plaintiff's Property as operators, and/or working interest owners, and/or mineral or surface lessees, and/or mineral or surface lease assignees, and/or mineral sublessees, and/or servitude, executive interest or other mineral interest owners, and/or personal or predial servitude owners, and/or participants in joint operating agreements or unit operating agreements.

7.

Since at least the late 1920s, it has been common knowledge in the oil industry that the disposal of oilfield wastes in unlined earthen pits inevitably results in seepage, which contaminates both surface and subsurface soils and waters. Those defendants who operated in the late 1920s or thereafter possessed such knowledge. Plaintiff has suffered damages resulting from the improper disposal of oilfield wastes in unlined earthen pits, which were constructed by the defendants on or near the Property during the course of oil and gas exploration and production activities. The oilfield wastes deposited in these pits include (but are not limited to) such substances as naturally occurring radioactive material ("NORM"), produced water, drilling fluids, chlorides, hydrocarbons, and heavy metals. Also, leaks, spills, and other surface and subsurface discharges of these and other substances from wells, pipelines, tank batteries, gas plants and other equipment or facilities have further polluted the surface and subsurface of plaintiff's Property.



NON-CERTIFIED COPY

8.

NORM contains, inter alia, Radium226 and Radium228, which are very hazardous and toxic substances. Though these substances are "naturally occurring" at the depths from which oil and gas are produced, they become concentrated when brought to the surface during oil and gas production operations, where their presence can cause serious health related problems. Under Louisiana law, property contaminated with NORM cannot be transferred for unrestricted use.

9.

Produced water is a hazardous brew of various hydrocarbon compounds, metals, salt and radioactive substances. Studies of the chemical constituents of Louisiana produced water have revealed that all produced water discharges contain excess amounts of salt (up to 193 parts per thousand salt or 19.3%), and also contain volatile hydrocarbon compounds (including benzene, toluene, xylene and ethyl benzene), Polynuclear Aromatic Hydrocarbons ("PAHs or semi-volatiles) (including naphthalene, fluorene and phenanthrene), toxic heavy metals (including chromium, lead, mercury, arsenic, barium and zinc) and radium226 and radium228. All of these substances bioaccumulate and are acutely toxic to aquatic organisms at varying concentrations. Some of these substances (such as benzene and radium226) have long been identified as human carcinogens.

10.

Drilling fluids are also highly toxic and hazardous. These fluids contain metals such as chromium, barium, and arsenic, as well as oil and other hydrocarbon fractions. Drilling fluids also contain toxic additives such as bactericides, slimicides, and acids. Further, drilling fluids have been demonstrated to be acutely toxic to aquatic organisms. In fact, a 1982 American Petroleum Institute Study documented the uptake of toxic heavy metals by plants near drilling mud pits.

11.

Other toxic and hazardous substances used by defendants in their day to day exploration and production activities include mercury, lead based compounds, chromium based algicides, hydrochloric acid, caustic soda, and various corrosion inhibitors.



NON-CERTIFIED COPY

12.

Defendants knew or should have known that their day to day operations in the Fields would cause the soil, surface waters and groundwater of plaintiff's Property to be contaminated with the substances described in paragraphs 7 through 11 above. Rather than remove these substances during and after oil and gas exploration and production activities, defendants chose to conceal and cover up their contamination. This concealment and cover up was routine practice and has continued to date. The defendants' failure to responsibly and timely remove or remediate this toxic pollution in the soils and groundwater of plaintiff's Property has allowed the pollution to migrate and spread. Defendants' pollution has now permanently damaged the drinking water and other aquifers underlying the Fields.

13.

Defendants knew for many years that they were disposing, storing, discharging, and otherwise releasing toxic poisons and pollutants onto and into the ground, groundwaters, and surface waters on or near plaintiff's Property. Yet, defendants failed to inform or warn plaintiff or its predecessors concerning the extent, nature, cause and origin of this pollution. The Engineer knew or should have known that the contaminants discharged into pits on the Property would leak and seep beyond the vertical and horizontal confines of the pits yet the Engineer failed to warn the Defendants and the plaintiff that the pits would leak and seek beyond their horizontal and vertical confines. Defendants at no time warned or informed the plaintiff or its predecessors that their disposal and discharge activities were hazardous to persons and property. Defendants knew and failed to disclose to plaintiff or its predecessors that their wastes would not degrade or break down in the environment in the foreseeable future and that their presence in the subsurface would constitute an ongoing and continuing source of pollution and environmental damage for generations.

14.

Plaintiff did not have actual or constructive knowledge of the pollution described in this petition until less than a year prior to the filing of this suit. Plaintiff did not have actual or constructive knowledge of the defendants' fault, negligence or violation or breach of any leases,



NON-CERTIFIED COPY

contracts, use agreements, or any other agreements or contracts referenced in this petition until less than a year prior to the filing of this suit. Plaintiff did not have actual or constructive knowledge of the causal connection between the defendants' fault, negligence and breach of contract and the pollution at issue until less than a year prior to the filing of this suit. Further, defendants have engaged in acts that effectually have prevented plaintiff from availing itself of the causes of action alleged herein. These acts include fraud, ill practices, and misrepresentation intentionally committed by defendants (or their representatives) designed to hinder, impede or prevent plaintiff from asserting its causes of action or to lull plaintiff into a false sense of security. Such acts of fraud, ill practices, and misrepresentation specifically include: (1) burying, hiding or actively concealing pollution; (2) failing to inform plaintiff or its predecessors that unlined earthen pits on the Property seeped and leaked; (3) failing to inform plaintiff or its predecessors that the use of unlined pits that seep and leak violate state regulation; (4) failing to inform plaintiff or its predecessors that the failure to remove or remediate contamination caused by unlined earthen pits violates state regulation (5) failing to inform plaintiff or its predecessors that pollution that migrates out of the confines of an unlined earthen pit will continue to migrate, spread and cause further damage to its Property; (6) failing to inform plaintiff or its predecessors of the hazardous and toxic nature of the oilfield pollution on its Property; and, (7) failing to inform the plaintiff or its predecesors that the oilfield practices followed by defendants would result in pollution and property damage. Due to defendants' concealment of the hazardous and toxic contamination that they deposited on plaintiff's lands, and the role they played in causing this contamination, plaintiff and its predecessors were denied access to the knowledge and facts needed to bring the claims alleged in this petition until less than a year before the present suit was filed.

15.

Defendants' conduct constitutes negligence, which gives rise to liability under the provisions of La. Civ. Code art. 2315. Defendants knew or should have known that their conduct would cause property and other damages to plaintiff. Defendants had a duty to protect plaintiff and plaintiff's Property from the effects of the contamination and pollution described herein.



NON-CERTIFIED COPY

Their violation of this duty proximately caused the damages described below. Further, as the defendants acquired knowledge that unlined pits would leak, and that the contamination left on plaintiff's lands would continue to spread and migrate, defendants had the obligation to return to plaintiff's lands to remediate the source or sources of the contamination, to stop the spread of the contamination, and to warn the plaintiff that its land was contaminated. Defendants violated their own company policies and industry practice and custom, did not comply with the standards of conduct required in the leases and other contracts applicable to the Property, and failed to comply with applicable state regulation. Defendants also concealed from the regulators the fact that they had polluted plaintiff's property. Defendants are guilty of tortious conduct under private law by virtue of their violations of statewide and fieldwide orders and regulations.

16.

Defendants that acquired other corporations or other legal entities by merger, acquisition, or otherwise, or who otherwise assumed obligations under applicable leases or contacts, had a duty to remedy the past wrongs of those parties for whose fault or obligations they are legally responsible. To the extent that any defendant acquired the business or assets of a predecessor without a formal merger, said defendant is liable under the continuation doctrine of Louisiana law. In addition to their express or implied assumption of contractual obligations owed to plaintiff, defendants are liable to plaintiff under the provisions of Section 324A of the Restatement 2d, as interpreted by Louisiana jurisprudence. Under Section 324A, one or more of the defendants assumed duties owed by others to the plaintiff to protect plaintiff and its Property from contamination and harm.

17.

Defendants are also guilty of a continuing tort and a continuing trespass. Defendants' acts or omissions, and their continuing unlawful conduct, have caused successive damages or an ongoing and cumulatively increasing deterioration of plaintiff's Property. The pollution caused by the defendants continues to migrate. The cause of the increasing damages to plaintiff's land is the continuing failure of defendants to remove their pollution from the Property. The cause of the damages suffered by plaintiff is thus a continuous cause giving rise to successive damages.



NON-CERTIFIED COPY

In addition, defendants' conduct of their oil and gas exploration and production activities and the associated discharge, disposal or storage of oilfield waste on plaintiff's Property have created a continuing, ongoing and damaging nuisance to plaintiff and plaintiff's Property. Further, the continued presence of oilfield wastes on the Property constitutes a continuing trespass. The continuous and ongoing migration of waste is causing new and ever-increasing damage to plaintiff's Property, and such damage will continue until such time as these wastes are removed and remediated.

18.

Defendants are liable for the tortious breach of any leases or other contracts sued upon in this petition, and the tortious breach of any other contracts which obligate the defendants to protect and preserve the plaintiff's property. These leases or other contracts may include mineral and surface leases, servitude agreements, assignments, mineral and surface subleases, right of way agreements, joint operating agreements, unit agreements, working interest agreements, use agreements, farmout agreements, and unit or pooling agreements.

19.

Defendants are also liable to plaintiff under La. Civ. Code art. 667 of the Civil Code for the damages caused by their handling, storage, discharge, and disposal of toxic and hazardous and toxic oil field waste on or adjacent to plaintiff's Property. La. Civ. Code art. 667 was amended by Act 1 of 1996, effective April 16, 1996. To the extent that defendants are deemed "proprietors" within the meaning of La. Civ. Code art. 667, said defendants are strictly liable to plaintiff under La. Civ. Code art. 667 for damages sustained by the plaintiff before April 16, 1996. Plaintiff's claims under Article 667 for damages occurring on or after April 16, 1996, are governed by the amended version of Civil Code article 667. To the extent the defendants held any rights in any mineral leases or servitudes on the property (including any predial, legal or personal servitudes), plaintiff and defendants are co-proprietors of the property that owe obligations to each other under Article 667 of the Civil Code. Plaintiff asserts any personal, tort, or legal claims it may have under Article 667. Furthermore, defendants are strictly liable to plaintiff under the provisions of La. Civ. Code articles 2317 and 2322. At all times pertinent



NON-CERTIFIED COPY

hereto, defendants had *garde* of the facilities and equipment that caused the pollution described herein. Those defendants who participated in the above described oil and gas operations by the acquisition of working interests had sufficient control to constitute *garde* under the provisions of La. Civ. Code art. 2317. On information and belief, the Joint Operating Agreements or unit agreements that governed the conduct of the oil and gas activities of the defendants show that the working interest owners or other participants in such agreements: (1) had the right to control operations conducted pursuant to the agreements; and, (2) held proportional ownership interests in the facilities and equipment which caused the pollution complained of herein. Such ownership gives rise to a presumption of *garde*. The acquisition of any leasehold or other ownership interest (including, but not limited to, rights in predial or mineral leases, or any interest in a servitude on the property) gives rise to a presumption of *garde*.

20.

In addition, under Louisiana law, defendants are allowed under the applicable mineral leases to use only so much of plaintiff's Property as is reasonably necessary to conduct oil and gas operations allowed by such leases. Defendants are guilty of a trespass to plaintiff's Property because they exceeded the rights to use the plaintiff's Property as contemplated in the applicable mineral leases. In addition, because defendants exceeded their use rights under the applicable leases, they excessively and unreasonably exercised their rights under the applicable leases. Further, with regard to the contractual liability of the defendants, the express remediation obligations of any leases at issue, and the covenants and other provisions implied in any leases at issue by operation of law or the application of the mineral code, impose continuing remediation obligations on the lessees. Such lease obligations were violated.

21.

In summary, Defendants' conduct as described above constitutes a breach of the oil, gas, and mineral leases, surface leases, servitude agreements and other applicable contracts that covered the oil and gas activities described above.



NON-CERTIFIED COPY

22.

Plaintiff herein brings suit under the mineral and surface leases, use agreements, conventional servitudes, mineral servitudes (to the extent such servitudes exist) and any innominate agreements that apply to the Property. To the extent that the law does not accord plaintiff the right to sue as lessor (or as the assignee or successor of the lessors) under the applicable mineral leases or surface leases, plaintiff asserts claims in its capacity: (1) as third party beneficiary for damages for breach of said mineral leases or surface leases; and, (2) as owner of the servient estates of the limited personal servitudes created by the applicable mineral leases. To the extent defendants' remediation obligations are not expressly set forth in any contract or lease, defendants have a contractual obligation under the applicable oil, gas, and mineral leases, and under the applicable surface or predial leases, and under La. Civ. Code arts. 2683, 2686, and 2692, to restore plaintiff's Property to its original condition, less normal wear and tear. Defendants have failed to satisfy their express contractual obligations, and those implied obligations imposed by operation of law. Plaintiff's Property has been impacted by each defendant's use of the Property under the applicable mineral and surface or predial leases, and such Property has not been restored to its original condition, less normal wear and tear. For the breach of these oil, gas, mineral leases, and surface or predial leases, the defendants are liable to plaintiff for foreseeable and consequential damages occasioned by their failure to perform, as well as the cost of these proceedings and reasonable attorneys' fees to the extent such fees are allowed by contract or applicable law, such as La. R.S. 30:29. Further, plaintiff claims damages for the violation of any personal servitude of use applicable to the Property in accordance with the provisions of La. C.C. arts. 576, 577, and 645.

23.

Further, plaintiff alleges that it is a third party beneficiary of the assignments, subleases or other oilfield conveyance instruments, or other contracts or agreements by which one or more of the defendants acquired an interest in the oilfield equipment, wells, facilities, or property at issue. Further, plaintiff is a third party beneficiary of the joint operating and unit agreements and other operating agreements pertaining to the Property. As third party beneficiary of the aforesaid



NON-CERTIFIED COPY

contracts and agreements, plaintiff is entitled to sue defendants for damages in its capacity as third party beneficiary.

24.

Defendants who are assignees or sublessees of the mineral leases at issue are solidarily liable to plaintiff under the provisions of article 128 and 129 of the Mineral Code. Defendants who are assignees of the surface leases at issue are solidarily liable to plaintiff under the civil code provisions applicable to solidarity.

25.

If any of the mineral leases subject to this suit have not expired, the remediation of contamination on the Property subject to said existing leases would not interfere with, or have any effect on, any ongoing mineral operations. Defendants have failed to maintain and restore leased properties that are the subject of leases that are still in effect. This failure constitutes an active breach of said mineral leases or surface. Further, upon information and belief, there are no leases at issue in this lawsuit that permit the lessee to postpone remediation of contaminated Property until the end of the lease. Under the provisions of La. Civ. Code arts. 2683, 2686, and 2692, and applicable jurisprudence, defendants are obligated to remediate and restore the Property even though a mineral or surface lease may still be in effect.

26.

Each defendant has also breached those standards imposed by the Louisiana Civil Code and the Louisiana Mineral Code governing the conduct of prudent operators. The lease provisions of the Louisiana Civil Code and the Louisiana Mineral Code require Defendants to use plaintiff's Property as a prudent administrator and to restore plaintiff's Property to its original condition. Any implied obligations or covenants imposed on any lessee by the Civil Code or Mineral Code are binding on said lessee unless expressly renounced in the lease itself. Defendants have failed to act as prudent administrators, have failed to restore plaintiff's Property to its original condition, and have failed to discharge their obligations under the Civil Code and the Mineral Code. As a result, plaintiff has suffered damages and is entitled to all remedies allowed under the Civil Code and Mineral Code.



NON-CERTIFIED COPY

27.

Plaintiff specifically alleges that defendants have violated the express and implied obligations of surfaces leases that apply to the Property, including those maintenance, restoration and repair obligations imposed by operation of law on all lessees by the Civil Code articles pertaining to leases. Defendants' violation of these surface leases have caused damage to plaintiff. Under said surface leases, defendants have the obligation to maintain and restore the Property.

28.

Defendants negligently and excessively used the Property during mineral operations. This negligent and excessive use violates the implied obligations of lessees under the provisions of the Civil Code and the Louisiana Mineral Code, including without limitation, La. R.S. 31:122. Defendants who operate negligently and excessively under a mineral lease are obligated to restore the Property to its original pre-lease condition, less normal wear and tear.

29.

Defendants' actions in knowingly disposing of toxic and hazardous materials onto plaintiff's Property, in failing to clean up said pollution and stop its further migration, in storing their pollution on plaintiff's properties, in allowing the migration of their pollution to offsite properties, in failing to properly maintain their facilities where these toxic and hazardous materials were transported, handled, stored and disposed of, and in egregiously violating applicable environmental health and safety regulations and applicable field-wide orders, constitute wanton or reckless disregard for public safety in the storage, handling or transportation of hazardous or toxic substances. Defendants are therefore liable to plaintiff for punitive and exemplary damages. At all times pertinent hereto, defendants had actual possession or control of the toxic and hazardous substances described above. With regard to plaintiff's tort claims that arise under the provisions of former Civil Code article 2315.3, plaintiff's claims for punitive damages are limited to acts or omissions of the defendants (or their predecessors or successors) that occurred during the period of applicability of article 2315.3.

In addition to the foregoing, plaintiff alleges that Statewide order 29-B was applicable



NON-CERTIFIED COPY

during the period of applicability of former Civil Code article 2315.3. 43 LA ADC Pt XIX, § 101, et seq. This regulation requires the proper closure of pits, regardless of when such pits were constructed, used or closed. The violation of a regulatory duty can give rise to tort liability. A failure to comply with applicable regulation is evidence of unreasonable care. The defendants' violation of their regulatory obligations under Statewide Order 29-B and other applicable regulations, and their failure to return to the field to clean up their contamination, support a cause of action in tort for both compensatory and punitive damages. Plaintiff affirmatively alleges that the oil and gas operations on its property were not conducted in accordance with applicable regulations, rules or statutes of the State of Louisiana.

30.

Defendants' storage and disposal of the aforementioned toxic and hazardous substances constitutes an ultra hazardous activity for which defendants are strictly liable. This strict liability is based on acts and omissions occurring before the amendment to La. Civ. Code art. 667 in 1996. The amended version of La. Civ. Code art. 667 is applicable to the acts and omissions of defendants occurring on or after the effective date of the 1996 amendment.

31.

Further, for an undetermined length of time, the defendants have stored toxic pollution and waste in the groundwaters and soils underlying the plaintiff's lands. Defendants have derived substantial economic benefits from this storage in that their use of the subsurface of the plaintiff's lands has allowed them to avoid the substantial costs and expenses associated with the proper disposal of this toxic pollution and waste. Thus, plaintiff is entitled to the civil fruits derived from defendants' trespass, for La. Civ. Code art. 486 provides that a possessor in bad faith is liable for the "fruits he has gathered or their value subject to his claim for reimbursement of expenses." Alternatively, even if storage costs are not technically deemed "civil fruits," plaintiff is entitled to the economic value of said storage, or the value of the rental of said storage. Furthermore, to the extent off site saltwater or brine or other wastes were injected by defendants into the subsurface of the plaintiff's property or otherwise disposed of and/or mixed into surface soils without permission of the landowners at the time of the injection or disposal,



NON-CERTIFIED COPY

defendants are liable in tort and for breach of the applicable mineral or surface leases or servitude agreements. Further, such unauthorized injection and disposal also constitutes a trespass.

32.

To the extent that defendants own mineral servitudes on the Property, plaintiff asserts claims for remediation under the provisions of Article 22 of the Mineral Code (La. R.S. 30:22). Upon information and belief, such servitudes have been exercised. Defendants excessively used plaintiff's Property subject to said servitudes. It was not "reasonably necessary" for defendants to use pits and leaking tanks and other equipment in the conduct of their operations. And it was not "reasonably necessary" for defendants to use those parts of the surface or subsurface of plaintiff's Property located outside of the confines of the pits to dispose of and store their wastes. Under Article 22 as applied to the facts heretofore alleged in this petition, plaintiff is entitled to restoration of its Property to original condition to the extent reasonably practicable at the earliest reasonable time. Plaintiff is entitled to this restoration remedy regardless of the fault or negligence of the servitude owner.

33.

Alternatively, plaintiff is an "aggrieved party" within the meaning of article 134 of the mineral code. Plaintiff has the right to assert the causes of action alleged herein by virtue of its status as "aggrieved party."

34.

As a direct result of the above described acts and omissions of the defendants, plaintiff has suffered damages to its Property occasioned by the nuisance created by defendants. Plaintiff has also sustained damages occasioned by the diminution in the value of its Property, including stigma damages. Further, in the alternative, and only if plaintiff has no other adequate remedy at law, defendants are liable for unjust enrichment damages, as the defendants have been unjustly enriched by their unauthorized use of plaintiff's lands to store and dispose of toxic and hazardous contamination.



NON-CERTIFIED COPY

35.

Due to the activities of defendants in polluting the soils, groundwater and surface waters of the Property, and the continuing trespass of defendants resulting from the continued presence of contaminants in said soils, groundwater, and surface water, and to the extent plaintiff is not entitled to a damage remedy, plaintiff is entitled to a prohibitory and mandatory permanent injunction: (a) requiring that defendants remove the contamination they have caused to be deposited in the groundwater and soils underlying plaintiff's lands; (b) ordering the defendants to remove any contamination they have caused to be deposited in the groundwater and soils underlying the plaintiff's lands; (c) ordering defendants to restore any land lost as a result of defendants' acts, omissions, conduct, or violations of any provision of public or private law as outlined in this petition; and (d) correcting any land damages caused by subsidence.

36.

Plaintiff is entitled to recover money damages equal to the cost to conduct a comprehensive and expedited environmental assessment of all present and yet unidentified pollution and contamination of its Property.

37.

In summary, plaintiff has stated several causes of action herein, including causes of action in tort and separate causes of action for breach of contract, and for breach of obligations imposed by the Mineral Code and Civil Code, and for breach of implied obligations under the Mineral Code and Civil Code, and for the violation of the provisions of the Civil Code and Mineral Code, and are entitled to the following damages:

(A) Sufficient funds to conduct a complete scientific analysis of the extent and nature of the contamination on its Property associated with defendants' operation of waste pits, tank batteries, production and/or injection wells, pipelines, and other oil and gas related facilities and equipment;

(B) The cost to restore the Property to its pre-polluted original condition;

(C) Punitive or exemplary damages arising from wanton and reckless conduct during the period of applicability of former article 2315.1;

(D) An award of damages for defendants' unauthorized use of plaintiff's land to store and dispose of their wastes without consent, or compensation to plaintiff from time of placement to time of final removal;

(E) An award of stigma damages and damages for diminution in property value before, during and after restoration;



NON-CERTIFIED COPY

(F) Any civil fruits derived from defendants' illegal trespass;

(G) Damages occasioned by the nuisance created by defendants, including loss of full use and enjoyment of plaintiff's Property;

(H) Where appropriate, land loss and subsidence damages, and the cost of backfilling of canals and other excavations;

(I) Damages for loss of use of land and lost profits and income;

(J) Attorneys' fees and other costs and expenses under La. R.S. 30:29, or under any contract or applicable law that specifically provides for attorney fees, costs, and expenses;

(K) Damages sustained as a result of defendants' failure to provide proper notification under article 2688;

(L) Damages for remediation of any groundwater contamination;

(M) Damages for the unauthorized disposal and injection of off-site saltwater or brines or other fluids or chemicals; and

(N) Damages for the unauthorized disposal of other wastes into the soils or subsurface of plaintiff's property.

38.

Defendants have not attempted to recover, handle, treat or dispose of any of the contamination at issue. It is expected that defendants will contend that natural attenuation is an acceptable method of remediating the contamination. The use of natural attenuation as a remediation method involves the storage of contamination at issue in the soils and groundwaters underlying the Property for a period of time sufficient to allow natural processes to eliminate such contamination. Plaintiff specifically alleges that the Property cannot be feasibly remediated by means of natural attenuation. Thus, to the extent that natural attenuation is used, or will be used, as a remediation method to remediate the Property, plaintiff is entitled to reasonable compensation for the storage of waste on its Property, including rental or economic value of said storage.

39.

Plaintiff affirmatively alleges that damages awarded by the court for remediation will be used to clean up the above described contamination. Plaintiff has personal reasons for wishing to commit all sums awarded for remediation to clean up the affected Property.



NON-CERTIFIED COPY

40.

Plaintiff asserts only those private causes of action accorded to them under the Louisiana Constitution and laws of the State of Louisiana. Plaintiff has not pled, and will never at any time in the future plead, any claim or cause of action arising under federal law, and asserts no such claims herein. To the extent any state law claims are preempted by federal law (either expressly or impliedly), such claims are not alleged herein. Plaintiff herein expressly does not pursue any defendants or claims that have been discharged in bankruptcy.

41.

To the extent that the provisions of La. R.S. 30:29 apply to this action, notice will be furnished to the Attorney General and to Louisiana Department of Natural Resources pursuant thereto. The extent of the applicability of La. R.S. 30:29 must be determined by facts developed during the course of future discovery and at trial, as at least some of the contamination at issue may not be covered by the provisions of La. R.S. 30:29, or may not be within the jurisdiction of the LDNR. Plaintiff affirmatively alleges that some or all of the contamination complained of herein arose from equipment or activities of defendants at or after a custody transfer or sales point.

42.

Plaintiff claim damages for the evaluation, cleanup, and remediation of any contamination or pollution that impacts or threatens to impact groundwater, regardless of classification or depth of such groundwater, and regardless of whether said groundwater is usable or unusable. Plaintiff claims that it is entitled to restoration of any aquifers damaged by the pollution alleged herein.

43.

To the extent plaintiff does not have a right of action under private law to seek the damages claimed in this petition, Plaintiff asserts that it has the right of action under La. R.S. 30:29. Further, plaintiff has a right and a cause of action under applicable law to claim damages or other appropriate relief, including injunctive relief, for the cleanup of contamination on adjacent property or other non-owned property to the extent such a cleanup is required to



NON-CERTIFIED COPY

accomplish the remediation of the plaintiff's property sought in this petition. Louisiana private law accords to a plaintiff landowner the right to seek remediation damages for the remediation of the property of a neighbor if the plaintiff landowner's property cannot effectively be remediated without remediating his neighbor's property. Plaintiff's Property cannot be effectively remediated unless the source of the contamination of plaintiff's property is removed, and plaintiff is entitled to removal of the source of contamination even if such source happens to be located on the property of another.

44.

Defendants are liable to plaintiff under the provisions of article 11 of the Louisiana Mineral Code (La. R.S. 31:11). Under article 11, the plaintiff as surface owner and defendants as owners of mineral rights (mineral lease or servitude) must exercise their respective rights with reasonable regard for those of the other. Defendants' failure to maintain and remediate the Property constitutes a violation of the provisions of article 11. Defendants are strictly liable to plaintiff under the provisions of article 11. As surface owner, plaintiff has the right to claim the damages sought in this petition under the provisions of article 11, and alternatively, have the right to seek other appropriate relief, including injunctive relief, under article 11.

45.

Defendants' breaches of the leases applicable to the plaintiff's Property were substantial in nature. Under article 2686 of the Civil Code, plaintiff may elect to seek injunctive relief, dissolution, and damages.

46.

All defendants are liable to plaintiff in solido.

47.

Plaintiff shows that article 2688 of the Civil Code was enacted by Acts 2004, No. 821, §1, effective January 1, 2005. This codal article obligates a lessee to notify his lessor without delay when the property leased has been damaged or requires repair. When article 2688 became effective, the lessee defendants had an obligation to notify plaintiff of the contamination on its Property. No such notification was provided. Therefore, under the provisions of article 2688,



NON-CERTIFIED COPY

plaintiff is entitled to the damages it sustained as a result of defendants' failure to provide proper notification. Article 2688 is applicable to the mineral leases at issue by virtue of article 2 of the Louisiana Mineral Code (La. R.S. 31:2). The failure of defendants to provide the notification required by article 2688 constitutes an active and substantial breach of the applicable mineral and surface leases. In addition, the failure to provide the notice required by article 2688 constitutes a tortious breach of the applicable leases.

48.

Plaintiff hereby specifically alleges any rights or causes of action assigned to it after the filing of this petition that arise out of the transactions or occurrences that are the subject of this petition. Also, as the property damage alleged in this petition will continue to increase after the filing of this petition, plaintiff specifically claims any damages that accrue after the filing of this petition. Further, plaintiff specifically reserves the right to bring those causes of action that are assigned to it or that accrue after any judgment in this case, including, but not limited to, any judgment dismissing any defendant against whom plaintiff has a right to assert such causes of action assigned or accruing after judgment, and any judgment awarding damages for any of the claims alleged in this petition..

**WHEREFORE**, plaintiff prays that the defendants be cited to appear and answer this petition and that after due proceedings be had, that there be judgment entered herein as follows:

(A) Awarding plaintiff all compensatory damages allowed by Louisiana law in an amount to be proven at trial, including payment of the costs to restore lands with identified pollution to its original unpolluted state, civil fruits resulting from defendants' illegal and bad faith trespass on plaintiff's lands, storage damages, and other property damages, and damages for loss of use and lost profits and lost income; and, further, damages for land loss and subsidence and the cost of backfilling of canals and other excavations, where appropriate;

(B) Awarding plaintiff punitive and exemplary damages;

(C) Ordering defendants to pay plaintiff sufficient funds so that plaintiff may conduct a comprehensive and expedited environmental assessment of plaintiff's land to identify all hidden or not yet identified pollution;

(D) Awarding plaintiff all costs of this suit and for legal interest therein for any amount awarded from the date of judicial demand until paid; and further awarding plaintiff judicial interest on all contract claims from the date of breach; and further awarding attorneys' fees where appropriate under the provisions of applicable law, including, but not limited to, La. R.S. 30:29;



NON-CERTIFIED COPY

(E) Awarding plaintiff damages for diminution in property value before and after restoration, and stigma damages;

(F) Ordering a mandatory and prohibitory injunction to restore plaintiff's Property to its pre-contaminated condition and to prevent the migration and spread of toxic and hazardous substances onto plaintiff's Property;

(G) To the extent that La. R.S. 30:29 applies, approving a feasible remediation plan under La. R.S. 30:29 that complies with all applicable state regulations, without variances therefrom, including Statewide order 29-B and state regulations requiring remediation of usable groundwater to drinking water standards;

(H) To the extent that La. R.S. 30:29 applies, approving a feasible remediation plan under La. R.S. 30:29 that protects the health, safety, and welfare of the people of Louisiana;

(I) To the extent that La. R.S. 30:29 applies, approving a feasible remediation plan under La. R.S. 30:29 that protects and replenishes the natural resources of the state;

(J) Awarding all damages allowed under Subsection H of La. R.S. 30:29;

(K) For all just and equitable relief, and for relief appropriate and reasonable under the premises; and awarding damages or other relief allowable under Louisiana law under any of the causes of action alleged in this petition;

(L) Damages for the failure to provide proper notification under the provisions of Article 2688;

(M) Alternatively, for all appropriate unjust enrichment damages as provided by Louisiana law; and

(N) Trial by jury."

**III. Incorporation of Prior Allegations, Claims, and Prayer**

To the extent applicable, plaintiff renews and reiterates all of the allegations (as amended herein) and the prayer of its original Petition for Damages. Except as amended, the original Petition for Damages shall remain unchanged.

WHEREFOR, plaintiff, Golden Ranch Farms, LLC, reiterates the prayer as set forth herein, and prays that there be judgment herein in its favor and against the defendants, *in solido*, for all damages as are reasonable in the premises, together with legal interest and costs.



NON-CERTIFIED COPY

Respectfully submitted,

TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
Todd J. Wimberley, Bar #34862
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
Leah C. Poole, Bar #35092
Caroline H. Martin, Bar #33308
Christopher D. Martin, Bar #30613

C. Berwick Duval, II, Bar #5109
Stanwood R. Duval, #27732
Kathryn W. Richard, #26486
DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS
101 Wilson Ave.
Post Office Box 3017
Houma, LA 70361
Telephone: (985) 876-6410
Fax: (985) 851-1490
Email: berwick@duvallawfirm.com

*Attorneys for Plaintiff*

**PLEASE HOLD SERVICE**

FILED
APR 27 2017
CLERK OF COURT



NON-CERTIFIED COPY

# TALBOT, CARMOUCHE & MARCELLO

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

DONALD T. CARMOUCHE*
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN

AUBERT D. TALBOT
(1925-2006)

**April 27, 2017**
**CIVIL FAX FILING**

**TO:** Annette M. Fontana - Lafourche Parish Clerk of Court
985-447-5800

**FROM:** Ross J. Donnes

**NUMBER OF PAGES: 59***
**(INCLUDING COVER SHEET)**

**RE:** Golden Ranch Farms, LLC v. Devon Energy Production Company, L.P., et al.
Docket No. 132505; Div. "B"
17th JDC; Parish of Lafourche, State of Louisiana

| DOCUMENTS | NUMBER OF PAGES |
|---|---|
| First Supplemental and Amending Petition for Damages | 24 |
| Exhibit A | 1 |
| Exhibit B | 1 |
| Exhibit C | 25 |
| Exhibit D | 7 |

***Please file the attached into the record and confirm that you received this fax transmission. The original will be forwarded to your office within five days along with a check for your services.***

If you have any problems with this fax transmission, please call 225-400-9991.

**CONFIDENTIALITY NOTICE**

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the documents.

FILED
APR 27 2017
CLERK OF COURT

04-27-17P04:21 RCVD

NON-CERTIFIED COPY

**EXHIBIT A – PROPERTY DESCRIPTION**

All right, title and interest to the property, together with all the buildings and improvements thereon, and all rights, ways, privileges and servitudes thereunto belonging or in anywise appertaining, acquired by Member in the following acts:

1. Act of Sale from The Gheens Foundation, Inc. to Arlen B. Cenac, Jr. dated January 1, 1998 recorded January 5, 1998 in COB 1331 folio 375 under Entry No. 826021, records of Lafourche Parish, Louisiana.
2. Act of Sale from the Gheens Foundation, Inc. to Arlen B. Cenac, Jr. dated September 1, 1995 recorded March 4, 1996 in COB 1266 folio 403 under Entry No. 793514, records of Lafourche Parish, Louisiana.
3. Act of Sale from the Gheens Foundation, Inc. to Arlen B. Cenac, Jr. dated January 1, 1998 recorded January 5, 1998 at COB 1331 folio 337 under Entry No. 826020, records of Lafourche Parish, Louisiana.
4. Act of Credit Sale by The Gheens Foundation, Inc. to Arlen B. Cenac, Jr. dated April 4, 2000 recorded April 5, 2000 at COB 1418 folio 751 under Entry No. 870326, records of Lafourche Parish, Louisiana.

**LESS AND EXCEPT:**

The property transferred in Act of Sale by Arlen B. Cenac, Jr. to James B. Cantrelle and Leona Babin Cantrelle dated November 8, 2001 recorded November 12, 2001 at COB 1479 folio 319 under Entry No. 904320, records of Lafourche Parish, Louisiana; and

**LESS AND EXCEPT:**

The property transferred in Act of Donation by Arlen B. Cenac, Jr. to the Town of Lockport dated December 29, 2010 recorded January 4, 2011 at COB 1839 folio 647 under Entry No. 1105055, records of Lafourche Parish, Louisiana.

FILED
APR 27 2017
CLERK OF COURT

EXHIBIT
"A"

NON-CERTIFIED COPY



EXHIBIT
"B"

FILED
APR 27 2017
CLERK OF COURT

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 55 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| | | | | SECTION 13, TOWNSHIP 15 SOUTH, RANGE 20 EAST | | | | |
| 1 | 20937 | GHEENS #1 | ? | AMERADA PETROLEUM CORPORATION | 09-FEB-38 | TO | 02-JUL-43 | 30-Plugged & Abandoned |
| 2 | 22809 | GHEENS #2 | ? | AMERADA PETROLEUM CORPORATION | 18-JUL-39 | TO | 07-FEB-52 | 30-Plugged & Abandoned |
| | | | | SECTION 37, TOWNSHIP 15 SOUTH, RANGE 20 EAST | | | | |
| 3 | 27892 | C E GHEENS #9 | ? | AMERADA PETROLEUM CORPORATION | 10-SEP-42 | TO | 28-NOV-42 | 29-Dry & Plugged |
| 4 | 29257 | C E GHEENS #12 | ? | AMERADA PETROLEUM CORPORATION | 05-APR-44 | TO | 24-MAY-47 | 30-Plugged & Abandoned |
| 5 | 33398 | GHEENS SWD #7 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 08-OCT-85 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 26-MAY-47 | TO | 25-JUL-69 | |
| 6 | 33967 | BDA 17 RA SU; GHEENS #14 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 20-PA-35 Temporary Inactive Well to be omitted from prod. report |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 01-JUL-96 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 28-AUG-47 | TO | 25-JUL-69 | |
| 7 | 34695 | BDA 14-B RC SU; GHEENS #15 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 21-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 24-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 19-DEC-47 | TO | 24-JUL-69 | |
| 8 | 35198 | C E GHEENS #17 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 08-JAN-74 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 23-MAR-48 | TO | 25-JUL-69 | |
| 9 | 35998 | C E GHEENS #19 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 29-DEC-73 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 09-JUL-48 | TO | 25-JUL-69 | |
| 10 | 36165 | C E GHEENS #20 | ? | AMERADA PETROLEUM CORPORATION | 29-JUL-48 | TO | 31-DEC-55 | 30-Plugged & Abandoned |
| 11 | 36868 | C E GHEENS #21 | ? | AMERADA PETROLEUM CORPORATION | 26-OCT-48 | TO | 05-JUN-58 | 30-Plugged & Abandoned |
| 12 | 37708 | BDA G 3 RC SU; GHEENS #22 | 0176 | AMERADA HESS CORPORATION | 07-JAN-75 | TO | 27-MAR-92 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 07-JAN-75 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 22-MAR-49 | TO | 25-JUL-69 | |
| 13 | 37917 | BDA G-2 RC SU; GHEENS #23 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 06-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 27-APR-49 | TO | 25-JUL-69 | |

EXHIBIT "C"

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 14 | 38773 | BDA G-3 RC SU; GHEENS #26 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 11-JUN-94 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 16-AUG-49 | TO | 25-JUL-69 | |
| 15 | 40821 | GHEENS C E #31 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 02-JAN-74 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 23-MAY-50 | TO | 22-JUL-69 | |
| 16 | 41160 | BDA D-2 RB SU; GHEENS #33 | 0176 | AMERADA HESS CORPORATION | 15-NOV-71 | TO | 12-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 15-NOV-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-JUL-50 | TO | 25-JUL-69 | |
| 17 | 41463 | C E GHEENS #34 | ? | AMERADA PETROLEUM CORPORATION | 11-AUG-50 | TO | 13-SEP-50 | 29-Dry & Plugged |
| 18 | 44903 | C E GHEENS #35 | ? | AMERADA PETROLEUM CORPORATION | 18-DEC-51 | TO | 27-FEB-52 | 29-Dry & Plugged |
| 19 | 54922 | C E GHEENS #1 | 2740 | HUMBLE OIL & REFINING COMPANY | 21-DEC-54 | TO | 30-APR-55 | 29-Dry & Plugged |
| 20 | 56116 | C E GHEENS #39 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 23-NOV-73 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 01-APR-55 | TO | 25-JUL-69 | |
| 21 | 56117 | GHEENS DIST SWDS #2 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 06-OCT-85 | 29-Dry & Plugged |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 01-APR-55 | TO | 25-JUL-69 | |
| 22 | 57799 | C E GHEENS #2 | 2740 | HUMBLE OIL & REFINING COMPANY | 09-AUG-55 | TO | 29-OCT-55 | 29-Dry & Plugged |
| 23 | 68131 | GHEENS SWD SYSTEMS #5 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 17-AUG-89 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 09-OCT-57 | TO | 25-JUL-69 | |
| 24 | 68316 | GHEENS SWD #10 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | 16-MAR-98 | 30-Plugged & Abandoned |
| | | | D043 | DENBURY MANAGEMENT, INC. | 23-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 23-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 25-OCT-57 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec.13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2015

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 25 | 68563 | C E GHEENS #43 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 03-AUG-89 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 15-NOV-57 | TO | 22-JUL-69 | |
| 26 | 68621 | C E GHEENS #44 | ? | AMERADA PETROLEUM CORPORATION | 19-NOV-57 | TO | 07-FEB-58 | 29-Dry & Plugged |
| 27 | 69439 | C E GHEENS #42D | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | 16-MAR-98 | 30-Plugged & Abandoned |
| | | | D048 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 01-APR-89 | TO | 01-JUL-96 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 07-FEB-58 | TO | 01-APR-89 | |
| 28 | 73484 | GHEENS C E #45 | 0176 | AMERADA HESS CORPORATION | 04-NOV-71 | TO | 23-FEB-91 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 04-NOV-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 08-JAN-59 | TO | 25-JUL-69 | |
| 29 | 73485 | GHEENS C E #46 | 0176 | AMERADA HESS CORPORATION | 21-JUN-72 | TO | 15-JAN-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 21-JUN-72 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 08-JAN-59 | TO | 22-JUL-69 | |
| 30 | 74688 | C E GHEENS #46-D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 23-FEB-91 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 22-APR-59 | TO | 22-JUL-69 | |
| 31 | 75223 | GHEENS C E #46D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 05-JUN-72 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 29-MAY-59 | TO | 22-JUL-69 | |
| 32 | 75500 | BDA TEX M-1 1 RA SU; GHEENS #47 | 0176 | AMERADA HESS CORPORATION | 14-MAR-78 | TO | 26-JAN-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 14-MAR-78 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 18-JUN-59 | TO | 22-JUL-69 | |
| 33 | 75559 | STATE GHEENS UNIT #1 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 06-JAN-87 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 24-JUN-59 | TO | 22-JUL-69 | |
| 34 | 76583 | C E GHEENS #47-D | ? | AMERADA PETROLEUM CORPORATION | 10-SEP-59 | TO | 26-JAN-88 | 30-Plugged & Abandoned |
| 35 | 77308 | STATE GHEENS UNIT #1-D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 06-JAN-87 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 04-NOV-59 | TO | 22-JUL-69 | |
| 36 | 83918 | GHEENS C E #23-D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 06-JAN-87 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 30-MAR-61 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 18, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 37 | 84549 | C E GHEENS #41D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 01-AUG-70 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-MAY-61 | TO | 22-JUL-69 | |
| 38 | 84581 | C E GHEENS #17-D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 08-JAN-74 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 11-MAY-61 | TO | 22-JUL-69 | |
| 39 | 84582 | C E GHEENS #22-D | 0176 | AMERADA HESS CORPORATION | 01-DEC-76 | TO | 27-MAR-92 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 01-DEC-76 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 11-MAY-61 | TO | 22-JUL-69 | |
| 40 | 84594 | C E GHEENS #14D | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 22-Reverted to Single Completion |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 01-DEC-76 | TO | 01-JUL-96 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 12-MAY-61 | TO | 01-DEC-76 | |
| 41 | 84641 | C E GHEENS #33D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 12-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 16-MAY-61 | TO | 22-JUL-69 | |
| 42 | 85523 | C E GHEENS #48 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 20-RA-35 Temporary Inactive Well to be omitted from prod. report. |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 11-JUL-61 | TO | 22-JUL-69 | |
| 43 | 85524 | BDA G-8 RD SU; GHEENS #49 | 0176 | AMERADA HESS CORPORATION | 10-JUL-72 | TO | 03-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 10-JUL-72 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 11-JUL-61 | TO | 22-JUL-69 | |
| 44 | 85814 | BDA 3 RD SU; GHEENS #49D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 03-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 27-SEP-61 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 45 | 86867 | C E GHEENS #48D | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 22-Reverted to Single Completion |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 29-SEP-61 | TO | 25-JUL-69 | |
| 46 | 88846 | C E GHEENS #50 | 0176 | AMERADA HESS CORPORATION | 01-OCT-90 | TO | 12-FEB-91 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 01-OCT-90 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 13-FEB-62 | TO | 22-JUL-69 | |
| 47 | 89320 | BDA 3 RF SU; GHEENS #51 | 0176 | AMERADA HESS CORPORATION | 06-FEB-73 | TO | 05-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 06-FEB-73 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 20-MAR-62 | TO | 22-JUL-69 | |
| 48 | 89728 | C E GHEENS #52 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 30-APR-73 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 30-APR-73 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 15-APR-62 | TO | 22-JUL-69 | |
| 49 | 90054 | C E GHEENS #53 | ? | AMERADA PETROLEUM CORPORATION | 07-MAY-62 | TO | 10-MAY-64 | 30-Plugged & Abandoned |
| 50 | 90253 | SD 3 FR; C E GHEENS #51-D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 05-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 18-MAY-62 | TO | 22-JUL-69 | |
| 51 | 90496 | C E GHEENS #54 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 29-JAN-88 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 05-JUN-62 | TO | 22-JUL-69 | |
| 52 | 90519 | C E GHEENS #52D | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 22-Reverted to Single Completion |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 06-JUN-62 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 53 | 90825 | C E GHEENS #55 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 28-JUL-70 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 22-JUN-62 | TO | 14-OCT-69 | |
| 54 | 90888 | C E GHEENS #53D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 12-NOV-73 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 26-JUN-62 | TO | 22-JUL-69 | |
| 55 | 91893 | C E GHEENS #31D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 20-DEC-73 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 28-AUG-62 | TO | 22-JUL-69 | |
| 56 | 92442 | BDA 14B RB SU; C E GHEENS #54D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 29-JAN-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 27-SEP-62 | TO | 22-JUL-69 | |
| 57 | 96403 | BDA 14-B RC SU; GHEENS #15D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 21-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 28-MAY-63 | TO | 22-JUL-69 | |
| 58 | 107239 | BDA T M-1 #2 RA SU; GHEENS #56 | 0176 | AMERADA HESS CORPORATION | 25-JUN-74 | TO | 15-AUG-89 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 25-JUN-74 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 19-JAN-65 | TO | 22-JUL-69 | |
| 59 | 108097 | C E GHEENS #56D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 15-AUG-89 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 16-MAR-65 | TO | 22-JUL-69 | |
| 60 | 109013 | BDA 14-B RB SU; GHEENS #57 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 07-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 07-MAY-65 | TO | 22-JUL-69 | |
| 61 | 110914 | GHEENS C E #59 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 07-JAN-87 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 12-AUG-65 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 62 | 111017 | BDA G-3 RC SU; GHEENS #58 | 0176 | AMERADA HESS CORPORATION | 01-OCT-71 | TO | 19-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 01-OCT-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 17-AUG-65 | TO | 22-JUL-69 | |
| 63 | 111466 | GHEENS C E #61 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 04-MAR-91 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 15-SEP-65 | TO | 22-JUL-69 | |
| 64 | 111486 | GHEENS C E #57D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 07-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 16-SEP-65 | TO | 22-JUL-69 | |
| 65 | 111487 | BDA 3 RB SU; GHEENS #58D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 19-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 16-SEP-65 | TO | 22-JUL-69 | |
| 66 | 111897 | B N 1 RB VUA; C E GHEENS #62 | 0176 | AMERADA HESS CORPORATION | 03-SEP-71 | TO | 12-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 03-SEP-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 08-OCT-65 | TO | 22-JUL-69 | |
| 67 | 111934 | GHEENS C E #59-D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 07-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 12-OCT-65 | TO | 22-JUL-69 | |
| 68 | 111953 | BDA G2 RB SU; GHEENS #63 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 06-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 13-OCT-64 | TO | 22-JUL-69 | |
| 69 | 112000 | BDA BN-1 RC SU; GHEENS #64 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 06-OCT-85 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 14-OCT-65 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 70 | 112483 | BDA CIB OP C 8 B RA SU; GHEENS #65 | 0176 | AMERADA HESS CORPORATION | 13-FEB-79 | TO | 08-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 13-FEB-79 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-NOV-65 | TO | 22-JUL-69 | |
| 71 | 112484 | GHEENS C E #61D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 04-MAR-91 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-NOV-65 | TO | 22-JUL-69 | |
| 72 | 113157 | LWR G-1 VUA; C E GHEENS #62D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 12-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 17-DEC-65 | TO | 22-JUL-69 | |
| 73 | 113386 | BDA 3 RC SU; GHEENS #66 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 08-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 06-JAN-66 | TO | 22-JUL-69 | |
| 74 | 113495 | C E GHEENS #63D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 06-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 13-JAN-66 | TO | 22-JUL-69 | |
| 75 | 113797 | GHEENS SWD #6 | 0176 | AMERADA HESS CORPORATION | 17-MAR-82 | TO | 08-OCT-85 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 17-MAR-82 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 08-FEB-66 | TO | 22-JUL-69 | |
| 76 | 114419 | 7200 VUA; C E GHEENS #68 | 0176 | AMERADA HESS CORPORATION | 10-AUG-73 | TO | 11-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 10-AUG-73 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 28-MAR-66 | TO | 22-JUL-69 | |
| 77 | 114907 | TT RB SUA; GHEENS #68D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 11-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 03-MAY-66 | TO | 22-JUL-69 | |
| 78 | 115161 | C E GHEENS #69 | ? | AMERADA PETROLEUM CORPORATION | 20-MAY-66 | TO | 27-MAY-66 | 29-Dry & Plugged |

NON-CERTIFIED COPY

Golden Ranch
Sec 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 79 | 115288 | C E GHEENS #70 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 02-SEP-89 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 31-MAY-66 | TO | 22-JUL-69 | |
| 80 | 115455 | BDA G-2 RD SU; GHEENS #71 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 28-FEB-91 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 13-JUN-66 | TO | 22-JUL-69 | |
| 81 | 116132 | G E GHEENS #73 | ? | AMERADA PETROLEUM CORPORATION | 25-JUL-66 | TO | 25-AUG-66 | 29-Dry & Plugged |
| 82 | 116470 | MIO D-3 SUA; C E GHEENS #70-D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 02-SEP-89 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 12-AUG-66 | TO | 22-JUL-69 | |
| 83 | 116471 | GHEENS C E #71D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 28-FEB-91 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 12-AUG-66 | TO | 22-JUL-69 | |
| 84 | 116601 | C E GHEENS #74 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 20-DEC-73 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 23-AUG-66 | TO | 22-JUL-69 | |
| 85 | 116865 | GHEENS SWD #8 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 20-AUG-89 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 13-SEP-66 | TO | 22-JUL-69 | |
| 86 | 117375 | C E GHEENS #76 | ? | AMERADA PETROLEUM CORPORATION | 20-OCT-66 | TO | 30-OCT-66 | 29-Dry & Plugged |
| 87 | 117650 | GHEENS SWD #9 | 0176 | AMERADA HESS CORPORATION | 04-MAY-80 | TO | 20-AUG-89 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 04-MAY-80 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-NOV-66 | TO | 22-JUL-69 | |
| 88 | 121984 | C E GHEENS #77 | ? | AMERADA PETROLEUM CORPORATION | 20-OCT-67 | TO | 28-NOV-67 | 29-Dry & Plugged |
| 89 | 122633 | GHEENS C E #78 | 0176 | AMERADA HESS CORPORATION | 27-FEB-73 | TO | 10-OCT-85 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 27-FEB-73 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 06-DEC-67 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 90 | 124074 | GHEENS C E #79 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 24-FEB-76 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 16-APR-68 | TO | 22-JUL-69 | |
| 91 | 124075 | C E GHEENS #80 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-FEB-88 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 16-APR-68 | TO | 22-JUL-69 | |
| 92 | 124559 | C E GHEENS #81 | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-MAR-98 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 24-MAY-68 | TO | 22-JUL-69 | |
| 93 | 124718 | GHEENS C E #80D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 09-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-JUN-68 | TO | 22-JUL-69 | |
| 94 | 124719 | BDA D-2 RC SU; GHEENS #82 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 09-FEB-91 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-JUN-68 | TO | 22-JUL-69 | |
| 95 | 124720 | C E GHEENS #83 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 06-OCT-85 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-JUN-68 | TO | 22-JUL-69 | |
| 96 | 125362 | C E GHEENS #81D | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-MAR-98 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 31-JUL-68 | TO | 22-JUL-69 | |
| 97 | 125419 | C E GHEENS #84 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 22-Reverted to Single Completion |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 28-MAR-72 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 28-MAR-72 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 02-AUG-68 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 98 | 125941 | BDA 14-B RA SU; GHEENS #84-D | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-SEP-68 | TO | 22-JUL-69 | |
| 99 | 131492 | GHEENS C E #85 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 31-MAR-92 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 31-DEC-69 | TO | 09-AUG-71 | |
| | | | ? | PAN AMERICAN PETROLEUM CORPORATION | 09-DEC-69 | TO | 31-DEC-69 | |
| 100 | 131586 | C E GHEENS A #1 | 0188 | AMOCO PRODUCTION COMPANY | 01-FEB-71 | TO | 11-JAN-89 | 30-Plugged & Abandoned |
| | | | ? | PAN AMERICAN PETROLEUM CORPORATION | 16-DEC-69 | TO | 01-FEB-71 | |
| 101 | 131743 | C E GHEENS A #2 | 0188 | AMOCO PRODUCTION COMPANY | 01-FEB-71 | TO | 28-DEC-88 | 30-Plugged & Abandoned |
| | | | ? | PAN AMERICAN PETROLEUM CORPORATION | 31-DEC-69 | TO | 01-FEB-71 | |
| 102 | 131744 | C E GHEENS A #3 | 0188 | AMOCO PRODUCTION COMPANY | 01-FEB-71 | TO | 12-MAR-74 | 30-Plugged & Abandoned |
| | | | ? | PAN AMERICAN PETROLEUM CORPORATION | 31-DEC-69 | TO | 01-FEB-71 | |
| 103 | 131785 | C E GHEENS A #1-D | 0188 | AMOCO PRODUCTION COMPANY | 01-FEB-71 | TO | 11-JAN-89 | 30-Plugged & Abandoned |
| | | | ? | PAN AMERICAN PETROLEUM CORPORATION | 05-JAN-70 | TO | 01-FEB-71 | |
| 104 | 132072 | GHEENS C E #85D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 31-MAR-92 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 04-FEB-70 | TO | 09-AUG-71 | |
| 105 | 132171 | C E GHEENS #86 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | 26-APR-08 | 30-Plugged & Abandoned |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 12-FEB-70 | TO | 09-AUG-71 | |
| 106 | 142472 | BDA M1 RA SU; GHEENS #87 | 0176 | AMERADA HESS CORPORATION | 27-APR-73 | TO | 06-AUG-89 | 30-Plugged & Abandoned |
| 107 | 142473 | BDA M-1 RC SU; GHEENS #88 | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 23-FEB-98 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 27-APR-73 | TO | 01-JUL-96 | |
| 108 | 142732 | BIG N 1 RB SUA; C E GHEENS #89 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 05-JUN-73 | TO | 01-JUL-96 | |
| 109 | 142837 | C E GHEENS #88-D | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 23-FEB-98 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 15-JUN-73 | TO | 01-JUL-96 | |

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 110 | 142992 | BDA 17 RB SU; GHEENS #90 | 0176 | AMERADA HESS CORPORATION | 10-JUL-73 | TO | 06-APR-92 | 30-Plugged & Abandoned |
| 111 | 143184 | BDA G 2 RE SU; GHEENS #91 | 0176 | AMERADA HESS CORPORATION | 03-AUG-73 | TO | 09-AUG-89 | 30-Plugged & Abandoned |
| 112 | 143281 | C E GHEENS #92 | 0176 | AMERADA HESS CORPORATION | 14-AUG-73 | TO | 26-AUG-73 | 29-Dry & Plugged |
| 113 | 143407 | C E GHEENS #93 | 0176 | AMERADA HESS CORPORATION | 26-AUG-73 | TO | 04-SEP-73 | 29-Dry & Plugged |
| 114 | 143563 | BDA G3 RE SU; GHEENS #90D | 0176 | AMERADA HESS CORPORATION | 17-SEP-73 | TO | 06-APR-92 | 30-Plugged & Abandoned |
| 1 | 154382 | C E GHEENS #96 | 0176 | AMERADA HESS CORPORATION | 28-DEC-76 | TO | 05-JUL-77 | 29-Dry & Plugged |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 115 | | | | | | | | |
| 116 | 154522 | C E GHEENS #97 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 14-JAN-77 | TO | 01-JUL-96 | |
| 117 | 178419 | C E GHEENS #102 | 0176 | AMERADA HESS CORPORATION | 05-NOV-81 | TO | ? | 03-Permit Expired |
| 118 | 185323 | GHEENS #1 | ? | W.W.F. OIL CORP & AMERADA HESS | 18-MAR-83 | TO | 12-MAY-83 | 29-Dry & Plugged |
| 119 | 195630 | C E GHEENS #102 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 31-Shut-In Dry Hole-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 16-OCT-84 | TO | 01-JUL-96 | |
| 120 | 195841 | C E GHEENS #103 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-OCT-84 | TO | 01-JUL-96 | |
| 121 | 197118 | C E GHEENS #104 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 10-DEC-84 | TO | 01-JUL-96 | |
| 122 | 204744 | C E GHEENS #105 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 15-OCT-86 | TO | 01-JUL-96 | |
| 123 | 204745 | C E GHEENS #106 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 10-Active Producing |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 15-OCT-86 | TO | 01-JUL-96 | |
| 12 | 205598 | C E GHEENS #107 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 4 | | | | | | | | |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 26-MAR-87 | TO | 01-JUL-96 | |
| 125 | 205599 | C E GHEENS #108 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 26-MAR-87 | TO | 01-JUL-96 | |
| 126 | 205600 | C E GHEENS #109 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 34-Shut In Productive-No Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 26-MAR-87 | TO | 01-JUL-96 | |

Golden Ranch
Sec.13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 127 | 205601 | C E GHEENS #110 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 26-MAR-87 | TO | 01-JUL-96 | |
| 128 | 205767 | C E GHEENS #111 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 27-APR-87 | TO | 01-JUL-96 | |
| 129 | 205801 | C E GHEENS #112 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 30-APR-87 | TO | 01-JUL-96 | |
| 130 | 206040 | C E GHEENS #113 | 0176 | AMERADA HESS CORPORATION | 08-JUN-87 | TO | 13-APR-92 | 30-Plugged & Abandoned |
| 131 | 206041 | C E GHEENS #114 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | 0176 | AMERADA HESS CORPORATION | 08-JUN-87 | TO | 01-JUL-96 | |
| 132 | 207209 | C E GHEENS SWD #115 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 09-Active Injection |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 03-NOV-87 | TO | 01-JUL-96 | |
| 133 | 207261 | C E GHEENS #116 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 10-NOV-87 | TO | 01-JUL-96 | |
| 134 | 207262 | C E GHEENS #117 | 0176 | AMERADA HESS CORPORATION | 10-NOV-87 | TO | 29-DEC-87 | 29-Dry & Plugged |
| 135 | 207417 | C E GHEENS #118 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 04-DEC-87 | TO | 01-JUL-96 | |
| 136 | 207739 | C E GHEENS #119 | 0176 | AMERADA HESS CORPORATION | 25-JAN-88 | TO | 28-JUN-94 | 30-Plugged & Abandoned |
| 137 | 207740 | C E GHEENS #122 | 0176 | AMERADA HESS CORPORATION | 25-JAN-88 | TO | 03-JUN-94 | 30-Plugged & Abandoned |
| 138 | 207741 | C E GHEENS #124 | 0176 | AMERADA HESS CORPORATION | 25-JAN-88 | TO | 16-MAR-88 | 29-Dry & Plugged |
| 139 | 207742 | BIG N 1 RA SUA; SL348 #16 ALT | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JAN-88 | TO | 01-JUL-96 | |
| 140 | 208093 | C E GHEENS #121 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 05-APR-88 | TO | 01-JUL-96 | |
| 14 | 208094 | C E GHEENS #125 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |

NON-CERTIFIED COPY

| 1 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 05-APR-88 | TO | 01-JUL-96 | |

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 142 | 208324 | BN 62 SUA; C E GHEENS #120 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 10-Active Producing |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 18-MAY-88 | TO | 01-JUL-96 | |
| 143 | 215258 | C E GHEENS #128 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 10-Active Producing |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 08-DEC-92 | TO | 01-JUL-96 | |
| 144 | 237079 | C E GHEENS #128 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 01-FEB-08 | TO | Current | 33-Shut In Productive-Future Utility |
| 145 | 237082 | C E GHEENS #129 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 01-FEB-08 | TO | 20-APR-08 | 29-Dry & Plugged |
| 146 | 237083 | C E GHEENS #130 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 01-FEB-08 | TO | ? | 03-Permit Expired |
| 147 | 239908 | C E GHEENS #130 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 18-JUN-09 | TO | Current | 10-Active Producing |
| 148 | 249637 | 11300 RB SUA; BDA-GHEENS FDN #1 | S391 | SQUARE MILE ENERGY, LLC | 13-JUN-16 | TO | Current | 01-Permitted |
| 149 | 970034 | C E GHEENS SWD #4 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 09-Active-Injection |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | [illegible] | AMERADA PETROLEUM CORPORATION | 25-SEP-67 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| SECTION 39, TOWNSHIP 15 SOUTH, RANGE 21 EAST | | | | | | | | |
| 150 | 28980 | C E GHEENS #11 | 7 | AMERADA PETROLEUM CORPORATION | 03-DEC-43 | TO | 23-JUN-45 | 30-Plugged & Abandoned |
| 151 | 38576 | C E GHEENS #25 | 7 | AMERADA PETROLEUM CORPORATION | 21-JUL-49 | TO | 25-AUG-49 | 29-Dry & Plugged |
| 152 | 39074 | C E GHEENS #27 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 31-DEC-73 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | 7 | AMERADA PETROLEUM CORPORATION | 19-SEP-49 | TO | 25-JUL-69 | |
| 153 | 40494 | C E GHEENS #29 | 7 | AMERADA PETROLEUM CORPORATION | 05-APR-50 | TO | 03-MAY-50 | 29-Dry & Plugged |
| 154 | 109671 | C E GHEENS #60 | 7 | AMERADA PETROLEUM CORPORATION | 14-JUN-65 | TO | 26-JUL-65 | 29-Dry & Plugged |
| 155 | 115907 | C E GHEENS #72 | 7 | AMERADA PETROLEUM CORPORATION | 12-JUL-66 | TO | 26-JUL-66 | 29-Dry & Plugged |
| 156 | 154381 | C E GHEENS #95 | 7 | AMERADA HESS CORPORATION | 28-DEC-76 | TO | 03-APR-77 | 29-Dry & Plugged |
| 157 | 158715 | 11300 RA SUA; GHEENS #98 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 20-PA-95 Temporary Inactive Well to be omitted from prod. report |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 14-MAR-78 | TO | 01-JUL-96 | |

Golden Ranch
Sec. 13, 87, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 15 | 161191 | MR FEE 852 #1 | D151 | DEVON ENERGY PRODUCTION COMPANY LP | 01-JAN-00 | TO | 15-AUG-07 | 30-Plugged & Abandoned |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 8 | | | | | | | | |
| | | | P172 | PENNZENERGY EXPLOR. & PROD. LLC | 01-MAR-99 | TO | 01-JAN-00 | |
| | | | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 15-AUG-88 | TO | 01-MAR-99 | |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 27-SEP-78 | TO | 15-AUG-88 | |
| 159 | 165911 | 18 RA SUA; C E GHEENS #99 | 0176 | AMERADA HESS CORPORATION | 26-OCT-79 | TO | 18-APR-92 | 30-Plugged & Abandoned |
| 160 | 169407 | 11300 RA SUB; GHEENS #100 | 0176 | AMERADA HESS CORPORATION | 24-JUN-80 | TO | 09-APR-92 | 30-Plugged & Abandoned |
| 161 | 178686 | 11300 RA SUD; GHEENS #101 | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 11-FEB-98 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 19-NOV-81 | TO | 01-JUL-96 | |
| 162 | 210978 | 11300 RA SUE; C E GHEENS #126 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 20-PA-85 Temporary Inactive Well to be omitted from prod. report |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 16-NOV-89 | TO | 01-JUL-96 | |
| 163 | 215066 | 11300 RA SUB; CE GHEENS #127 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 15-OCT-92 | TO | 01-JUL-96 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| SECTION 56, TOWNSHIP 15 SOUTH, RANGE 20 EAST | | | | | | | | |
| 164 | 23323 | C E GHEENS SWD #3 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 02-OCT-85 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 03-NOV-39 | TO | 25-JUL-69 | |
| 165 | 24099 | GHEENS DIST. SWDS #1 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 30-SEP-85 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 19-APR-40 | TO | 22-JUL-69 | |
| 16 | 25009 | GHEENS #5 | ? | AMERADA PETROLEUM CORPORATION | 21-OCT-40 | TO | 24-FEB-51 | 30-Plugged & Abandoned |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 6 | | | | | | | | |
| 167 | 26186 | G E GHEENS #6 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 20-PA-35 Temporary Inactive Well to be omitted from prod. report |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 02-JUL-41 | TO | 25-JUL-69 | |
| 168 | 27003 | G E GHEENS #7 | ? | AMERADA PETROLEUM CORPORATION | 08-DEC-41 | TO | 04-MAR-52 | 30-Plugged & Abandoned |
| 169 | 27512 | G E GHEENS #8 | ? | AMERADA PETROLEUM CORPORATION | 11-MAY-42 | TO | 09-OCT-42 | 29-Dry & Plugged |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 170 | 28616 | G E GHEENS #10 | ? | AMERADA PETROLEUM CORPORATION | 21-JUL-43 | TO | 14-NOV-43 | 29-Dry & Plugged |
| 171 | 35197 | G E GHEENS #16 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 01-DEC-72 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 23-MAR-48 | TO | 25-JUL-69 | |
| 172 | 35837 | C E GHEENS #18 | ? | AMERADA PETROLEUM CORPORATION | 16-JUN-48 | TO | 05-AUG-48 | 29-Dry & Plugged |
| 173 | 38223 | C E GHEENS #24 | ? | AMERADA PETROLEUM CORPORATION | 09-JUN-49 | TO | 27-JUL-49 | 29-Dry & Plugged |
| 174 | 40098 | BDA M-1RA SU; GHEENS #28 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 21-JUN-94 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 31-JAN-50 | TO | 25-JUL-69 | |
| 175 | 40687 | C E GHEENS #30 | ? | AMERADA PETROLEUM CORPORATION | 03-MAY-50 | TO | 06-JUN-58 | 30-Plugged & Abandoned |
| 176 | 40970 | C E GHEENS #32 | ? | AMERADA PETROLEUM CORPORATION | 14-JUN-50 | TO | 08-JAN-87 | 29-Dry & Plugged |
| 177 | 45373 | C E GHEENS #36 | ? | AMERADA PETROLEUM CORPORATION | 06-MAR-52 | TO | ? | 03-Permit Expired |
| 178 | 47049 | C E GHEENS #36 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 30-NOV-73 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 15-OCT-52 | TO | 22-JUL-69 | |
| 17 | 51140 | C-3 SUA; C E GHEENS #37 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 13-MAR-91 | 30-Plugged & Abandoned |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 9 | | | | | | | | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 01-FEB-54 | TO | 22-JUL-69 | |
| 180 | 51350 | C E GHEENS #30 | 0176 | AMERADA HESS CORPORATION | 09-SEP-80 | TO | 09-OCT-85 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-SEP-80 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 22-FEB-54 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 36, 38, 63, T16, 17S, R21E
Larose Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 1, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| | | | SECTION 36, TOWNSHIP 16 SOUTH, RANGE 21 EAST | | | | | |
| 1 | 80246 | 10800 SUB R FEE 852 #4 | 4708 | PENNZOIL EXPL & PROD COMPANY | 15-AUG-88 | TO | 26-APR-75 | 30-Plugged & Abandoned |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 15-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 05-JUL-60 | TO | 22-JAN-70 | |
| | | | SECTION 38, TOWNSHIP 16 SOUTH, RANGE 21 EAST | | | | | |
| 2 | 76150 | MR FEE 852 #1 | 6138 | UNION PRODUCING COMPANY | 04-AUG-59 | TO | 18-MAR-66 | 30-Plugged & Abandoned |
| 3 | 77612 | MR FEE 852 #2 | 6138 | UNION PRODUCING COMPANY | 23-NOV-59 | TO | 05-MAY-66 | 30-Plugged & Abandoned |
| 4 | 79109 | 10800 SUA MR FEE 852 #8 | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 28-JUN-76 | 30-Plugged & Abandoned |
| | | | 6138 | UNION PRODUCING COMPANY | 05-APR-60 | TO | 22-JAN-70 | |
| 5 | 81055 | 10800 SUC; MR FEE 852 #5 | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 01-JUL-76 | 30-Plugged & Abandoned |
| | | | 6138 | UNION PRODUCING COMPANY | 29-AUG-60 | TO | 22-JAN-70 | |
| 6 | 83327 | MR FEE 852 #6 | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 15-AUG-88 | TO | 29-JUL-88 | 30-Plugged & Abandoned |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 15-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 13-FEB-61 | TO | 22-JAN-70 | |
| 7 | 101024 | MR FEE 852 SWD #8 | M857 | MESA GULF COAST, LLC | 01-SEP-11 | TO | Current | 09-Active Injection |
| | | | T268 | TCHEFUNCTE NATURAL RESOURCES, LLC | 22-JUL-11 | TO | 01-SEP-11 | |
| | | | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 01-SEP-07 | TO | 22-JUL-11 | |
| | | | S300 | ST. MARY ENERGY COMPANY | 01-MAR-04 | TO | 01-SEP-07 | |
| | | | S231 | ST. MARY OPERATING COMPANY | 01-SEP-98 | TO | 01-MAR-04 | |
| | | | S083 | ST. MARY LAND & EXPL. COMPANY | 01-MAR-97 | TO | 01-SEP-98 | |
| | | | 2679 | HENRY PRODUCTION COMPANY, INC. | 01-AUG-95 | TO | 01-MAR-97 | |
| | | | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 08-AUG-88 | TO | 01-AUG-95 | |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 08-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 28-JAN-64 | TO | 22-JAN-70 | |
| 8 | 101351 | 10800 SUD; MR FEE 852 #9 | S300 | ST. MARY ENERGY COMPANY | 01-MAR-04 | TO | 17-JAN-05 | 30-Plugged & Abandoned |
| | | | S231 | ST. MARY OPERATING COMPANY | 01-SEP-98 | TO | 01-MAR-04 | |
| | | | S083 | ST. MARY LAND & EXPL. COMPANY | 01-MAR-97 | TO | 01-SEP-98 | |
| | | | 2679 | HENRY PRODUCTION COMPANY, INC. | 01-AUG-95 | TO | 01-MAR-97 | |
| | | | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 15-AUG-88 | TO | 01-AUG-95 | |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 15-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 19-FEB-64 | TO | 22-JAN-70 | |
| 9 | 101819 | 10800 SUF; MR FEE 852 #10 | 6138 | UNION PRODUCING COMPANY | 22-MAR-64 | TO | 29-JUL-88 | 29-Dry & Plugged |
| 10 | 126518 | MR FEE 852 #12 | 6138 | UNION PRODUCING COMPANY | 22-OCT-68 | TO | 20-NOV-68 | 29-Dry & Plugged |
| 11 | 126840 | 10800 SUE; MR FEE 852 #11 | 6138 | UNION PRODUCING COMPANY | 15-NOV-68 | TO | ? | 03-Permit Expired |
| 12 | 127087 | MR FEE 852 #13 | 6138 | UNION PRODUCING COMPANY | 02-DEC-68 | TO | 29-JUL-88 | 29-Dry & Plugged |
| 13 | 135523 | MR FEE 852 #14 | 4708 | PENNZOIL PRODUCING COMPANY | 04-DEC-70 | TO | 28-DEC-70 | 29-Dry & Plugged |

Note: Pennzoil Producing Company changed their name to Pennzoil Expl. & Prod. 08/15/1988.
Union Producing Company changed their name to Pennzoil Producing Company 01/22/1970.
Some wells received this change after they were P&A'd, I did not reflect the change on those particular wells.

NON-CERTIFIED COPY

Golden Ranch
Sec. 36, 38, 63; T16, 17S, R21E
Laroso Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 1, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 14 | 142318 | MR FEE 852 #11 | D151 | DEVON ENERGY PRODUCTION COMPANY LP | 01-JAN-00 | TO | 09-JAN-01 | 30-Plugged & Abandoned |
| | | | P172 | PENNZENERGY EXPLOR. & PROD. LLC | 01-MAR-99 | TO | 01-JAN-00 | |
| | | | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 15-AUG-88 | TO | 01-MAR-99 | |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 27-MAR-73 | TO | 15-AUG-88 | |
| 15 | 167160 | MR FEE 852 #16 | 4708 | PENNZOIL PRODUCING COMPANY | 21-JAN-80 | TO | ? | 08-Permit Expired |
| 16 | 169703 | MR FEE 852 #16 | 4708 | PENNZOIL PRODUCING COMPANY | 10-JUL-80 | TO | 21-AUG-80 | 29-Dry & Abandoned |
| 17 | 222658 | 10800 RA SUG; MR FEE 852 #1 | M357 | MESA GULF COAST, LLC | 01-SEP-11 | TO | Current | 10-Active Producing |
| | | | T268 | TCHEFUNCTE NATURAL RESOURCES, LLC | 22-JUL-11 | TO | 01-SEP-11 | |
| | | | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 01-SEP-07 | TO | 22-JUL-11 | |
| | | | S300 | ST. MARY ENERGY COMPANY | 01-MAR-04 | TO | 01-SEP-07 | |
| | | | S231 | ST. MARY OPERATING COMPANY | 05-OCT-98 | TO | 01-MAR-04 | |
| 18 | 222659 | MR FEE #2 | S231 | ST. MARY OPERATING COMPANY | 05-OCT-98 | TO | 02-APR-99 | 08-Permit Expired |
| 19 | 239741 | CRIS I RJ SUA; DEVON MARR #1 | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 01-MAY-09 | TO | 30-AUG-09 | 29-Dry & Abandoned |
| 20 | 243080 | UL 1-4 RA SUA; DEVON-MARR #1 | S391 | SQUARE MILE ENERGY LLC | 07-APR-11 | TO | 21-APR-16 | 30-Plugged & Abandoned |
| 21 | 243081 | DEVON-MARR #2 | S391 | SQUARE MILE ENERGY LLC | 07-APR-11 | TO | 21-APR-16 | 30-Plugged & Abandoned |
| 22 | 244551 | CRIS I RL SUA; DEVON-MARR #3 | S391 | SQUARE MILE ENERGY LLC | 07-MAR-12 | TO | Current | 10-Active Producing |
| 23 | 245230 | DEVON-MARR A #1 | S391 | SQUARE MILE ENERGY LLC | 27-JUL-12 | TO | Current | 18-Temporary Plugged & Abandoned |

| SECTION 63, TOWNSHIP 17 SOUTH, RANGE 21 EAST | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 24 | 57800 | CHARLES E GHEENS B #1 | 2740 | HUMBLE OIL & REFINING COMPANY | 09-AUG-55 | TO | 26-SEP-55 | 29-Dry & Abandoned |
| 25 | 58548 | C E GHEENS B #1A | 2740 | HUMBLE OIL & REFINING COMPANY | 05-OCT-55 | TO | 09-SEP-70 | 30-Plugged & Abandoned |
| 26 | 59664 | CHARLES E GHEENS B #1-A-D | 2740 | HUMBLE OIL & REFINING COMPANY | 27-DEC-55 | TO | 04-JAN-58 | 30-Plugged & Abandoned |
| 27 | 60106 | C E GHEENS B #3 | 2740 | HUMBLE OIL & REFINING COMPANY | 25-JAN-56 | TO | 03-JUN-58 | 29-Dry & Abandoned |
| 28 | 62010 | C E GHEENS B #4 | 2740 | HUMBLE OIL & REFINING COMPANY | 20-JUN-56 | TO | 02-OCT-56 | 29-Dry & Abandoned |
| 29 | 63204 | C E GHEENS B #5 | 2740 | HUMBLE OIL & REFINING COMPANY | 26-SEP-56 | TO | 25-OCT-56 | 29-Dry & Abandoned |
| 30 | 68720 | CHARLES E GHEENS B #1-A-D | 2740 | HUMBLE OIL & REFINING COMPANY | 02-DEC-57 | TO | 09-SEP-70 | 30-Plugged & Abandoned |
| 31 | 75352 | CHARLES E GHEENS B #6 | 2740 | HUMBLE OIL & REFINING COMPANY | 08-JUN-59 | TO | 03-AUG-59 | 29-Dry & Abandoned |
| 32 | 81664 | UL4 RB SUB; C E GHEENS B #7 | 2740 | HUMBLE OIL & REFINING COMPANY | 10-OCT-60 | TO | 09-SEP-70 | 30-Plugged & Abandoned |
| 33 | 128276 | M J GHEENS HILL ET AL #1 | 5937 | TEXAS PACIFIC OIL COMPANY | 28-MAR-69 | TO | 26-APR-69 | 29-Dry & Abandoned |
| 34 | 151273 | C E GHEENS #1 | 4708 | PENNZOIL PRODUCING COMPANY | 10-FEB-76 | TO | 22-MAR-76 | 29-Dry & Abandoned |
| 35 | 154208 | MR FEE 852 #15 | 4708 | PENNZOIL PRODUCING COMPANY | 10-DEC-76 | TO | 16-JAN-77 | 29-Dry & Abandoned |
| 36 | 193493 | GHEENS FOUNDATION ET AL #1 | 1944 | FORMAN PETROLEUM CORPORATION | 26-JUL-84 | TO | 04-SEP-84 | 29-Dry & Abandoned |
| 37 | 198830 | GHEENS FOUNDATION ET AL #2 | 1944 | FORMAN PETROLEUM CORPORATION | 29-MAR-85 | TO | 15-APR-85 | 29-Dry & Abandoned |
| 38 | 205895 | CHARLES E GHEENS #1 | 2341 | HAMMAN OIL & REFINING COMPANY | 19-FEB-87 | TO | 09-APR-87 | 29-Dry & Abandoned |

Note: Pennzoil Producing Company changed their name to Pennzoil Expl. & Prod. 08/15/1988.
Union Producing Company changed their name to Pennzoil Producing Company 01/22/1970.
Some wells received this change after they were P&A'd. I did not reflect the change on those particular wells.

NON-CERTIFIED COPY

Golden Ranch
Sec. 36, 38, 63, T16, 17S, R21E
Laruse Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 1, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 39 | 233662 | GHEENS FOUNDATION #1 | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 21-JUN-06 | TO | 11-NOV-09 | 30-Plugged & Abandoned |
| 40 | 234031 | GHEENS FOUNDATION #2 | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 28-AUG-06 | TO | 10-NOV-09 | 29-Dry & Abandoned |
| 41 | 245785 | UL1-2C RA SUA; GHEENS FNDATION #1 | S391 | SQUARE MILE ENERGY LLC | 10-DEC-12 | TO | Current | 10-Active Producing |

Note: Pennzoil Producing Company changed their name to Pennzoil Expl. & Prod. 08/15/1988.
Union Producing Company changed their name to Pennzoil Producing Company 01/22/1970.
Some wells received this change after they were P&A'd. I did not reflect the change on those particular wells.

NON-CERTIFIED COPY

# OPERATOR HISTORY

Golden Ranch
Valentine Field
LaFourche Parish, Louisiana

Talbot, Carmouche & Marcello

| | SERIAL # | WELL NAME | OP. ID | OPERATOR | FROM | | TO | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 1 | 42800 | SC 3 SUI; South Coast Corp # 3 Alt | M357 | Mesa Gulf Coast LLC | 09/01/11 | | Current | Shut in Productive: Future Utility |
| | | | T268 | Tchefuncte Natural Resources, LLC | 07/22/11 | | 09/01/11 | |
| | | | S322 | Samson Contour Energy E&P, LLC | 03/01/04 | | 07/22/11 | |
| | | | 5273 | Samson Resources Company | 03/01/02 | | Current | |
| | | | P166 | Petroquest Energy, Inc. | 01/01/99 | | 03/01/02 | |
| | | | A024 | American Explorer, Inc. | 09/01/94 | | 01/01/99 | |
| | | | 4802 | Phillips Petroleum Company | 12/01/83 | | 09/01/94 | |
| | | | 4746 | Phillips Oil Company | 03/08/83 | | 12/01/83 | |
| | | | 1996 | General American Oil Company of Texas | 04/06/60 | | 03/08/83 | |
| | | | | Joe W. Brown | 03/05/51 | | 04/06/60 | |
| 2 | 43375 | Gheens Realty # 1 | 4802 | Phillips Petroleum Company | 01/16/85 | | 10/10/89 | Plugged & Abandoned |
| | | | 4746 | Phillips Oil Company | 04/28/83 | | 01/16/85 | |
| | | | 1996 | General American Oil Company of Texas | 04/06/60 | | 04/28/83 | |
| | | | | Joe W. Brown | 03/05/51 | | 04/06/60 | |
| 3 | 55784 | Gheens Realty # 2 | | Joe W. Brown | 03/09/55 | | 08/03/55 | Dry & Plugged |
| 4 | 70262 | Gheens # 3 | | Joe W. Brown | 04/25/58 | | 05/31/58 | Dry & Plugged |
| 5 | 76802 | C. E. Gheens # 4 | | Estate of Joe W. Brown | 09/28/59 | | 11/21/59 | Dry & Plugged |
| 6 | 119239 | Gheens # 5 | 1996 | General American Oil Company of Texas | 03/21/67 | | 04/22/67 | Dry & Plugged |
| 7 | 199160 | Gheens Estate # 1 | 5273 | Samson Resources Company | 04/25/85 | | 10/10/85 | Dry & Plugged |

FILED
APR 27 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY



EXHIBIT
"D"

NON-CERTIFIED COPY



NON-CERTIFIED COPY



NON-CERTIFIED COPY



NON-CERTIFIED COPY



NON-CERTIFIED COPY




Gheens #100
sn168407 (80-92)

NON-CERTIFIED COPY

TABLE 1
SOIL/SUBAQUEOUS DATA SUMMARY TABLE
Golden Ranch
PREPARED FOR TALBOT, CARMOUCHE, AND MARCELLO



| | | | METALS (mg/kg-DRY WT) | | | | | | | | | | SALTS | | | | | | | | | | PETROLEUM HYDROCARBONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sample ID | Depth | Type of Sampler | Arsenic | Barium | TT Barium | Cadmium | Chromium | Lead | Selenium | Strontium | Zinc | Mercury | CEC (meq/100g) | EC (mmhos/cm) | ESP (%) | SAR (meq) | Soluble Calcium (meq) | Soluble Magnesium (meq) | Soluble Sodium (meq) | Leachate Chlorides (mg/L) | pH (Standard units) | Percent Moisture (%) | HEM Oil&Grease (%) | TPH-D (mg/kg-dry) | TPH-O (mg/kg-dry) | TPH-G (mg/kg-dry) |
| Statewide Order 29B Wetland | | [illegible] | [illegible] | na | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | na | [illegible] | [illegible] | na | [illegible] | [illegible] | [illegible] | na | na | na | [illegible] | na | na | [illegible] | na | na | |
| LDEQ RECAP Screening Standard | | | 12 | 550 | na | 3.9 | 100 | 100 | na | na | 2300 | 2.3 | na | na | na | na | na | na | na | na | na | na | na | 65 | 180 | |
| SS-1 | 0-2' | HAND AUGER | 5.8 | 284 | 384 | 0.589 | 18.1 | 17.8 | <2.00 | 38 | 50.4 | <0.0934 | 39.2 | 0.77 | 3.06 | 4.19 | 1.53 | 1.2 | 4.9 | 22.8 | na | 14.7 | na | na | na | na |
| SS-1 | 2-4' | HAND AUGER | 7.1 | 244 | 311 | 0.828 | 17.1 | 13.7 | <1.98 | 40 | 53.2 | <0.104 | 34.9 | 1.16 | 7.65 | 8.9 | 1.44 | <1.00 | 9.65 | 38.5 | na | 20.8 | na | na | na | na |
| SS-1 | 4-6' | HAND AUGER | 5.83 | 270 | 300 | <0.499 | 14.6 | 16.7 | <2.00 | 42.8 | 51.1 | <0.0994 | 28 | 3.38 | 16.8 | [illegible] | 2.56 | 1.53 | 28.7 | 152 | 7.38 | 22.9 | 0.6 | 2460 | 2140 | na |
| SS-1 | 6-8' | HAND AUGER | 6.78 | 3010 | 6720 | 0.803 | 32.8 | 59 | <1.98 | 151 | 118 | <0.0955 | 21.4 | [illegible] | 17.1 | [illegible] | 28.5 | 11.3 | 122 | [illegible] | 6.68 | 30.4 | [illegible] | 15600 | 7850 | na |
| SS-2 | 0-2' | Russian | 6.89 | 308 | 459 | 0.576 | 20.5 | 20.8 | <1.98 | 59.7 | 77.2 | 0.112 | 65.8 | 2.35 | 7.74 | 10.3 | 2.81 | 1.83 | 16.6 | 117 | 6.79 | 57.2 | 0.2 | 139 | 142 | na |
| SS-2 | 2-4' | Russian | 6.46 | 218 | 378 | 0.595 | 16.4 | 14.3 | <1.98 | 69.7 | 63.9 | <0.102 | 79.7 | 6.08 | 2.59 | 16.5 | 9.03 | 6.86 | 43.8 | [illegible] | 5.62 | 80.5 | 0.32 | 109 | 106 | na |
| SS-3 | 0-2' | HAND AUGER | 7.24 | 310 | 388 | 0.508 | 17.3 | 14.7 | <1.99 | 43.7 | 64.1 | <0.100 | 39.9 | 4.35 | 12.8 | [illegible] | 5.03 | 3.63 | 34.1 | 242 | na | 22.6 | na | na | na | na |
| SS-3 | 2-4' | HAND AUGER | 8.95 | 313 | 387 | 0.568 | 17.1 | 13.7 | <1.99 | 44.7 | 66.5 | <0.0973 | 39 | 6.82 | 15 | [illegible] | 7.49 | 5.23 | 56.7 | [illegible] | na | 25.6 | na | na | na | na |
| SS-3 | 4-6' | HAND AUGER | 8.35 | 344 | 434 | 0.587 | 17.6 | 14.4 | <1.99 | 54.4 | 69.9 | <0.0961 | 38.3 | [illegible] | [illegible] | [illegible] | 13.1 | 8.7 | 116 | [illegible] | 7.47 | 27.1 | 0.14 | 469 | 299 | na |
| SS-3 | 6-8' | HAND AUGER | 7.82 | 698 | 1170 | 0.654 | 16.9 | 19.5 | <1.98 | 114 | 81.3 | <0.0995 | 38.4 | [illegible] | [illegible] | [illegible] | 19.5 | 12.4 | 247 | [illegible] | 7.61 | 30.4 | [illegible] | 6860 | 4670 | na |
| SS-4 | 0-2' | HAND AUGER | 7.06 | 204 | 276 | 0.686 | 16.4 | 13.4 | <1.99 | 44.9 | 63.3 | <0.107 | 41 | 2.9 | 6.59 | 12.8 | 3.39 | 2.63 | 22.2 | 123 | 7.29 | 43.6 | na | na | na | na |
| SS-4 | 2-4' | HAND AUGER | 8.62 | 200 | 266 | 0.776 | 18.8 | 15.3 | <1.99 | 46.7 | 71.7 | <0.100 | 42.1 | 1.77 | 6.51 | 10.6 | 1.81 | 1.71 | 14 | 84.1 | 6.74 | 42.9 | na | na | na | na |
| SS-4 | 4-6' | HAND AUGER | 3.39 | 287 | 441 | <0.497 | 19.9 | 15.6 | <1.99 | 50.4 | 60.1 | <0.0958 | 65.7 | 3.18 | 9.25 | 13.6 | 3.1 | 2.71 | 23.5 | 265 | 7.01 | 52.8 | na | na | na | na |
| SS-5 | 0-2' | HAND AUGER | 7.09 | 268 | 378 | 0.784 | 18.3 | 14.4 | <1.99 | 63.1 | 65.8 | <0.0960 | 52.2 | 1.4 | 4.96 | 9.31 | 1.78 | 1.04 | 11 | 78.8 | na | 46.7 | na | na | na | na |
| SS-5 | 2-4' | HAND AUGER | 7.97 | 250 | 314 | 0.656 | 16.8 | 13.5 | <1.99 | 55.2 | 57.9 | <0.102 | 41.7 | 5.35 | 19.3 | [illegible] | 3.23 | 1.98 | 47.4 | 356 | na | 40.9 | na | na | na | na |
| SS-5 | 4-6' | HAND AUGER | 7.07 | 264 | 313 | 0.614 | 16.1 | 13 | <1.98 | 47 | 59 | <0.103 | 38 | 6.85 | 20.4 | [illegible] | 4.92 | 3.23 | 58.9 | [illegible] | na | 36.8 | na | na | na | na |
| SS-6 | 0-2' | Russian | 7.87 | 1440 | 2970 | 0.7 | 18.5 | 21.9 | <2.00 | 82.7 | 99.6 | <0.101 | 49.2 | 3.1 | 3.52 | 6.92 | 5.17 | 3.68 | 19 | 198 | 6.98 | 68.3 | 0.27 | 94.4 | 89.7 | na |
| SS-7 | 0-2' | HAND AUGER | 9.9 | 415 | 552 | 0.906 | 18.2 | 18 | <1.99 | 51.2 | 70.4 | <0.103 | 48.8 | 3.93 | 9.7 | [illegible] | 4.54 | 3.38 | 30.3 | 412 | 6.13 | 39.6 | 0.21 | 219 | 205 | na |
| SS-7 | 2-4' | HAND AUGER | 8.27 | 467 | 645 | 0.704 | 17.6 | 15.2 | <1.98 | 49.3 | 72.8 | <0.100 | 42.5 | [illegible] | 16.2 | [illegible] | 22 | 14.6 | 129 | [illegible] | 6.6 | 34.8 | 0.25 | 620 | 360 | na |
| SS-7 | 4-6' | HAND AUGER | 8.55 | 438 | 585 | 0.598 | 18.5 | 15.4 | <1.99 | 58.6 | 71.4 | <0.0975 | 45 | [illegible] | [illegible] | [illegible] | 35.2 | 22.3 | 281 | [illegible] | 6.83 | 35.5 | 0.92 | 1680 | 934 | na |
| SS-8 | 0-2' | HAND AUGER | 8.33 | 611 | 702 | 0.679 | 17.2 | 14.6 | <2.00 | 111 | 63.8 | <0.0974 | 62.7 | [illegible] | [illegible] | [illegible] | 20.9 | 11.6 | 239 | [illegible] | 7.29 | 28.5 | [illegible] | 11700 | 7640 | na |
| SS-8 | 2-4' | HAND AUGER | 7.48 | 598 | 748 | 0.618 | 18.3 | 13.8 | <1.99 | 132 | 66.8 | <0.103 | 65.6 | [illegible] | [illegible] | [illegible] | 43.7 | 23.1 | 667 | [illegible] | 7.29 | 34.3 | [illegible] | 15600 | 10000 | na |
| SS-8 | 4-6' | HAND AUGER | 8.26 | 755 | 1260 | 0.605 | 17.5 | 15.1 | <1.98 | 182 | 64.6 | <0.104 | 59.8 | [illegible] | [illegible] | [illegible] | 95.4 | 50.4 | 1270 | [illegible] | 7.06 | 47 | [illegible] | 9200 | 6360 | na |
| SS-9 | 0-2' | HAND AUGER | 7.64 | 374 | 463 | 0.51 | 15.8 | 16.8 | <2.00 | 48.9 | 55.4 | <0.101 | 34.9 | 1.7 | 12.6 | [illegible] | <1.00 | 1.02 | 14.5 | 70.3 | 6.95 | 33 | 0.47 | 1170 | 1710 | na |
| SS-9 | 2-4' | HAND AUGER | 5.33 | 409 | 351 | 0.498 | 13.3 | 24.1 | <1.99 | 64.1 | 56.2 | <0.100 | 18.5 | 7.42 | 21.7 | [illegible] | 11.1 | 3.97 | 68.3 | 250 | 6.33 | 32 | [illegible] | 16300 | 11800 | na |
| SS-10 | 0-2' | HAND AUGER | [illegible] | 344 | 431 | 0.634 | 18.6 | 20.5 | <1.98 | 39.1 | 75.3 | 0.225 | 46.1 | 2.44 | 5.03 | 9.56 | 3.72 | 2.68 | 17.1 | 113 | na | 37.6 | na | na | na | na |
| SS-10 | 2-4' | HAND AUGER | 6.42 | 213 | 291 | <0.498 | 21.8 | 15.7 | <1.99 | 38 | 73 | 0.48 | 54 | 2.84 | 5.63 | 8.21 | 4.69 | 3.81 | 16.7 | 195 | na | 41 | na | na | na | na |
| SS-10 | 4-6' | HAND AUGER | 6.3 | 224 | 298 | <0.499 | 22.2 | 16.5 | <2.00 | 40.6 | 58.5 | <0.0959 | 59.3 | 3.2 | 4.76 | 8.01 | 4.97 | 4.9 | 17.8 | 237 | na | 45 | na | na | na | na |
| SS-11 | 0-2' | Russian | 7.64 | 564 | 661 | 0.659 | 20.2 | 40.1 | <2.00 | 43.1 | 78.2 | <0.101 | 57 | 1.72 | 2.16 | 5.9 | 3.17 | 2.51 | 9.93 | 60.7 | na | 50 | na | na | na | na |
| SS-11 | 2-4' | Russian | 6.17 | 276 | 370 | 0.52 | 18.9 | 15.5 | <2.00 | 48.1 | 61.9 | <0.0997 | 72.9 | 2.3 | 4.67 | 7.43 | 3.26 | 3.18 | 13.3 | 199 | na | 62.9 | na | na | na | na |
| SS-12 | 0-2' | HAND AUGER | [illegible] | 2970 | 3890 | 0.699 | 19.8 | 30.4 | <2.00 | 139 | 83.1 | 0.237 | 49.7 | 2.13 | 6.03 | 11 | 3.12 | 1.55 | 16.8 | 295 | 7.05 | 27.8 | 0.33 | 163 | 327 | na |
| SS-12 | 2-4' | HAND AUGER | 6.97 | 2380 | 3120 | 0.585 | 16.3 | 28.9 | <1.98 | 184 | 92.3 | 0.248 | 40.9 | [illegible] | [illegible] | [illegible] | 10.1 | 4.53 | 137 | [illegible] | 7.56 | 33.5 | [illegible] | 3910 | 2960 | na |
| SS-12 | 4-6' | HAND AUGER | 6.35 | 366 | 542 | <0.496 | 18.4 | 20.9 | <1.99 | 76.3 | 67.3 | <0.0997 | 54.7 | [illegible] | [illegible] | [illegible] | 21.7 | 12.5 | 366 | [illegible] | 7.13 | 34.1 | 0.36 | 1130 | 758 | na |
| SS-13 | 0-2' | HAND AUGER | 5.7 | 953 | 1080 | 0.638 | 16 | 18.4 | <1.99 | 123 | 68.6 | 0.104 | 58.9 | 6.02 | 13.9 | [illegible] | 3.85 | 2.7 | 52.9 | 476 | 5.86 | 48.9 | 0.56 | 484 | 878 | na |
| SS-13 | 2-4' | HAND AUGER | 6.58 | 854 | 1100 | 0.578 | 16.6 | 19.5 | <1.99 | 160 | 83.5 | <0.0989 | 71.5 | [illegible] | [illegible] | [illegible] | 21 | 12.8 | 317 | [illegible] | 6.56 | 68.7 | [illegible] | 821 | 818 | na |
| SS-14 | 0-2' | Russian | 6.57 | 2940 | 12800 | 1.28 | 14.6 | 37.6 | <2.00 | 588 | 135 | 0.895 | 33.2 | [illegible] | 16.1 | [illegible] | 13.8 | 6.7 | 190 | [illegible] | 6.98 | 62.5 | [illegible] | 41700 | 21400 | na |
| SS-14 | 2-4' | Russian | 3.18 | 478 | 724 | <0.499 | 18.7 | 15.9 | <2.00 | 111 | 64.2 | <0.0992 | 57.5 | [illegible] | [illegible] | [illegible] | 13.5 | 5.88 | 353 | [illegible] | 8.09 | 47.5 | 0.12 | 204 | 123 | na |
| SS-15 | 0-2' | Russian | 4.36 | 1700 | 2940 | 0.549 | 16.2 | 19.6 | <2.00 | 192 | 130 | 0.233 | 56.2 | [illegible] | [illegible] | [illegible] | 3.47 | 1.55 | 155 | [illegible] | 8.16 | 49.8 | [illegible] | 6730 | 3100 | na |
| SS-16 | 0-2' | Russian | 7.9 | 971 | 1310 | 0.73 | 18.7 | 43.1 | <2.00 | 166 | 112 | <0.101 | 28.8 | [illegible] | 16.9 | [illegible] | 28.1 | 13.4 | 99.4 | 342 | 6.25 | 50.4 | 0.72 | 2550 | 2010 | na |
| SS-16 | 2-4' | Russian | 7.3 | 386 | 581 | 0.864 | 19.6 | 35.4 | <1.98 | 158 | 89.6 | 0.186 | 63.8 | [illegible] | [illegible] | [illegible] | 4.06 | 2.16 | 101 | [illegible] | 7.59 | 58.3 | [illegible] | 3220 | 1850 | na |
| SS-16 | 4-6' | Russian | 5.88 | 234 | 390 | 0.519 | 21.1 | 16.8 | <2.00 | 97 | 76.8 | <0.106 | 68.2 | [illegible] | [illegible] | [illegible] | 3.27 | 1.64 | 97.9 | [illegible] | 8.22 | 49.8 | 0.1 | 270 | 192 | na |
| SS-17 | 0-2' | HAND AUGER | 4.15 | 190 | 242 | <0.496 | 14.3 | 10.8 | <1.98 | 40 | 60.1 | <0.102 | 31.4 | 1.04 | 4.28 | 7.2 | 1.72 | 1.17 | 8.65 | 36.5 | na | 23.8 | na | na | na | na |
| SS-17 | 2-4' | HAND AUGER | 6.88 | 4700 | 16900 | <0.498 | 17.5 | 87.7 | <1.99 | 112 | 80.4 | 0.525 | 41.7 | 2.41 | 19.5 | [illegible] | 1.26 | <1.00 | 23.8 | 239 | 7.15 | 35.8 | [illegible] | 7630 | 3680 | na |

NON-CERTIFIED COPY

TABLE 1
SOIL/SUBAQUEOUS DATA SUMMARY TABLE
Golden Ranch
PREPARED FOR TALBOT, CARMOUCHE, AND MARCELLO



| Sample ID | Depth | Type of Sampler | METALS (mg/kg-DRY WT) Arsenic | Barium | TT Barium | Cadmium | Chromium | Lead | Selenium | Strontium | Zinc | Mercury | SALTS CEC (meq/100g) | EC (mmhos/cm) | ESP (%) | SAR (meq) | Soluble Calcium (meq) | Soluble Magnesium (meq) | Soluble Sodium (meq) | Leachate Chlorides (mg/L) | pH (Standard units) | Percent Moisture (%) | PETROLEUM HYDROCARBONS HEM Oil&Grease (%) | TPH-D (mg/kg-dry) | TPH-O (mg/kg-dry) | TPH-G (mg/kg-dry) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Statewide Order 29B Wetland | | | [illegible] | na | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | na | [illegible] | [illegible] | na | [illegible] | [illegible] | [illegible] | na | na | na | [illegible] | na | na | [illegible] | na | na | |
| LDEQ RECAP Screening Standard | | | 12 | 550 | na | 3.9 | 100 | 100 | na | na | 2300 | 2.3 | na | na | na | na | na | na | na | na | na | na | na | 65 | 180 | |
| SS-18 | 0-2' | Russian | 6.65 | 348 | 469 | 0.679 | 10.8 | 14.6 | <2.00 | 175 | 49 | <0.101 | 85.1 | [illegible] | 8.69 | [illegible] | 45.7 | 28.5 | 514 | na | 6.4 | 86 | 0.65 | 213 | 205 | na |
| SS-18 | 2-4' | Russian | 6.23 | 269 | 374 | 0.645 | 18.6 | 16.4 | <1.99 | 104 | 70.4 | <0.103 | 69.2 | [illegible] | [illegible] | [illegible] | 23 | 14.1 | 389 | [illegible] | 7.36 | 62.7 | 0.06 | <50.0 | 71.8 | na |
| SS-19 | 0-2' | HAND AUGER | 15.9 | 7150 | [illegible] | 2.64 | 134 | 358 | <1.98 | 178 | 381 | 0.387 | 34.9 | 1.3 | 1.06 | 2.03 | 7.96 | 1.05 | 4.31 | 21.9 | 6.62 | 53.3 | [illegible] | 1170 | 257 | na |
| SS-20 | 0-3' | HAND AUGER | 8.2 | 2950 | 9860 | <0.497 | 13.3 | 20 | <1.99 | 165 | 441 | 0.0963 | 100 | [illegible] | 10.1 | [illegible] | 7.12 | 3.5 | 70.1 | [illegible] | 5.83 | 80.6 | 0.46 | 95.2 | 42 | na |
| SS-20 | 3-5' | HAND AUGER | 6.7 | 1040 | 1710 | <0.497 | 16.8 | 16.1 | <1.99 | 152 | 56.7 | <0.102 | 97 | [illegible] | [illegible] | [illegible] | 4.16 | 1.69 | 120 | [illegible] | 7.11 | 75.4 | 0.38 | 14.3 | <10.0 | na |
| SS-21 | 0-2.5' | HAND AUGER | [illegible] | 1780 | 5320 | 0.519 | 18.1 | 23.5 | <1.99 | 234 | 75 | 0.139 | 94.2 | [illegible] | [illegible] | [illegible] | 2.75 | 1.68 | 70.8 | [illegible] | 6.77 | 82.3 | 0.61 | 127 | 79.2 | na |
| SS-21 | 2.5-6' | HAND AUGER | 7.4 | 697 | 1660 | <0.500 | 17.8 | 14.2 | <2.00 | 226 | 70.7 | <0.100 | 89.1 | [illegible] | [illegible] | [illegible] | 4.85 | 1.92 | 201 | [illegible] | 7.64 | 71.1 | 0.15 | 29 | 23.8 | na |
| SS-22 | 0-2' | HAND AUGER | [illegible] | 268 | 444 | <0.498 | 20.2 | 16.2 | <1.99 | 141 | 58.9 | <0.103 | 100 | [illegible] | 9.4 | [illegible] | 9.93 | 6.12 | 60.6 | [illegible] | 6.84 | 81.4 | 0.32 | <10.0 | 13.8 | na |
| SS-22 | 2-4' | HAND AUGER | 9.13 | 230 | 329 | 0.645 | 20.1 | 16.2 | <1.99 | 146 | 83.2 | <0.102 | 65.7 | [illegible] | 21.1 | [illegible] | 8.22 | 6.38 | 77 | [illegible] | 7.39 | 69.5 | 0.19 | <10.0 | 11.9 | na |
| SS-23 | 0-2' | HAND AUGER | 9.95 | 1430 | 4140 | 0.68 | 16.1 | 21.8 | <2.00 | 72.7 | 103 | <0.0975 | 68.5 | 2.8 | 1.64 | 6.2 | 6.6 | 5.66 | 12.9 | 133 | 6.89 | 75.2 | 0.47 | 16.7 | 15.4 | na |
| SS-23 | 2-4' | HAND AUGER | 9.65 | 1420 | 3720 | 0.604 | 17.4 | 22.2 | <1.98 | 77.6 | 107 | <0.101 | 72.7 | 3.05 | 1.43 | 5.34 | 7.1 | 6.14 | 13.8 | 140 | 6.56 | 76.1 | 0.21 | 18.9 | 21.3 | na |
| SS-24 | 0-2' | HAND AUGER | 6.48 | 2100 | 3400 | 0.62 | 31.5 | 36.2 | <2.00 | 82.6 | 69.4 | <0.103 | 49.1 | 6.91 | 6.65 | 11.5 | 10.9 | 7.55 | 35 | 332 | 7.28 | 63.9 | 0.46 | 208 | 66.8 | na |
| SS-24 | 2-4' | HAND AUGER | 4.33 | 273 | 329 | <0.498 | 16.9 | 12.2 | <1.99 | 47.6 | 63.6 | <0.105 | 34.2 | 3.63 | 8.21 | 10.8 | 5.69 | 3.96 | 24 | 188 | 7.76 | 39.1 | <0.05 | 21.8 | 16.8 | na |
| SS-25 | 0-2' | HAND AUGER | 5.81 | 924 | 1110 | <0.500 | 21.7 | 20.2 | <2.00 | 84.7 | 85.8 | <0.0982 | 59.4 | 5.68 | 5.42 | 11.2 | 9.22 | 9.4 | 34.2 | 263 | 6.63 | 67.9 | 0.15 | 58.7 | 56 | na |
| SS-25 | 2-4' | HAND AUGER | 5.13 | 1570 | 2000 | 0.499 | 29.1 | 19.2 | <2.00 | 85.2 | 65.9 | <0.105 | 48.9 | 6.1 | 6.43 | 12.6 | 10.4 | 7.53 | 37.7 | 319 | 7.05 | 56.9 | 0.28 | 408 | 172 | na |
| SS-26 | 0-2' | HAND AUGER | 7.27 | 376 | 468 | 0.539 | 16.6 | 12.5 | <2.00 | 57.1 | 63.6 | <0.0957 | 34.4 | 3.69 | 6.32 | 9.07 | 6.28 | 4.48 | 21 | 161 | 7.7 | 44.3 | 0.08 | 10.4 | 22.3 | na |
| SS-27 | 0-2' | HAND AUGER | 7 | 264 | 361 | 0.546 | 18.5 | 13.1 | <1.98 | 49.1 | 63.8 | <0.0965 | 40.1 | 1.1 | 3.85 | 4.66 | 2.26 | 1.42 | 6.32 | 34.8 | 7.94 | 28.9 | na | na | na | na |
| SS-27 | 2-4' | HAND AUGER | 4.6 | 209 | 281 | <0.497 | 17.6 | 13.1 | <1.99 | 50.1 | 67.1 | <0.104 | 39.1 | 1.1 | 3.11 | 4.31 | 2.48 | 1.25 | 5.89 | 32.7 | 7.78 | 29.4 | na | na | na | na |
| SS-27 | 4-6' | HAND AUGER | 5.41 | 244 | 299 | 0.509 | 17.7 | 13.8 | <2.00 | 46.5 | 66.7 | <0.104 | 50.8 | 1.23 | 2.26 | 3.97 | 3.45 | 1.75 | 6.39 | 49.6 | 7.2 | 37.8 | na | na | na | na |
| SS-28 | 0-2' | HAND AUGER | 6.3 | 436 | 503 | <0.498 | 15.7 | 12.7 | <1.99 | 37.4 | 60.6 | <0.0975 | 34.2 | 1.09 | 2.63 | 3.98 | 2.02 | 1.41 | 5.2 | 31 | 6.44 | 35.8 | <0.05 | 12.2 | 23.8 | na |
| SS-29 | 0-2' | HAND AUGER | 7.43 | 2450 | [illegible] | 0.595 | 49.1 | 32.6 | <1.98 | 99.2 | 96.6 | <0.0990 | 66.3 | [illegible] | 6.48 | [illegible] | 11.8 | 14.3 | 53.5 | [illegible] | 7.18 | 79.6 | 0.21 | 119 | 58 | na |
| SS-29 | 2-4' | HAND AUGER | 6.96 | 3930 | [illegible] | <0.499 | 64.7 | 43 | <1.99 | 121 | 74.5 | <0.104 | 53.6 | 6.95 | 6.04 | 13 | 10.8 | 9.59 | 41.5 | 278 | 7.4 | 67.3 | 0.2 | 218 | 128 | na |
| SS-30 | 0-2' | HAND AUGER | 6.6 | 994 | 1520 | 0.686 | 19.2 | 23.7 | <1.99 | 98.8 | 90.3 | 0.714 | 66.4 | [illegible] | 3.34 | 10.9 | 25.5 | 17.7 | 50.6 | [illegible] | 6.72 | 63.1 | 0.19 | 158 | 127 | na |
| SS-30 | 2-4' | HAND AUGER | 7.7 | 815 | 953 | 0.628 | 21.6 | 23.2 | <1.99 | 102 | 116 | 1.41 | 60.3 | [illegible] | 5.56 | 13.6 | 53.4 | 39 | 90.3 | [illegible] | 8.4 | 66.5 | 0.25 | 209 | 149 | na |
| SS-31 | 0-2' | HAND AUGER | 6.44 | 1160 | 1300 | 0.628 | 18 | 20.4 | <1.99 | 67.6 | 101 | <0.105 | 49.7 | 2.62 | 2.88 | 5.62 | 4.35 | 4.2 | 11.6 | 111 | 6.79 | 62.1 | 0.15 | 824 | 97.3 | na |
| SS-31 | 2-4' | HAND AUGER | 5.68 | 1280 | 1490 | 0.608 | 19 | 25.5 | <1.99 | 79.2 | 89 | 0.12 | 57.2 | 3.21 | 3.29 | 9.12 | 4.87 | 4.02 | 19.2 | 168 | 6.55 | 59.7 | 0.22 | 151 | 149 | na |
| SS-32 | 0-2' | HAND AUGER | 6.72 | 1140 | 1730 | 0.506 | 15.7 | 21.2 | <1.98 | 136 | 80.4 | 4.9 | 42.1 | 3.39 | 2.05 | 7.11 | 7.6 | 5.39 | 18.1 | 116 | 7.05 | 56.9 | 0.13 | 97.7 | 98.9 | na |
| SS-32 | 2-4' | HAND AUGER | 7.24 | 1050 | 1230 | 0.556 | 22.2 | 30 | <1.98 | 90.9 | 73.2 | 0.925 | 69.8 | 4.16 | 2.77 | 8.17 | 8.36 | 5.76 | 21.7 | 225 | 6.75 | 62.3 | 0.27 | 340 | 142 | na |
| SS-33 | 0-2' | HAND AUGER | 6.18 | 1270 | 1680 | 0.645 | 20.6 | 26 | <1.98 | 65.5 | 98.7 | <0.104 | 51.4 | 2.89 | 3.61 | 6.62 | 4.38 | 3.98 | 13.3 | 124 | 6.57 | 59.4 | 0.17 | 90.1 | 96.7 | na |
| SS-33 | 2-4' | HAND AUGER | 6.49 | 1300 | 1450 | 0.57 | 19.7 | 23.1 | <2.00 | 78.3 | 93.9 | 0.136 | 56 | 4.6 | 4.47 | 9.81 | 8.09 | 6.33 | 28.3 | 216 | 6.81 | 60.3 | 0.18 | 166 | 146 | na |
| SS-34 | 0-2' | HAND AUGER | 9.68 | 416 | 703 | 0.63 | 13.8 | 12 | <2.00 | 76.3 | 58.1 | <0.100 | 34 | [illegible] | [illegible] | [illegible] | 2.11 | 1.03 | 72.9 | [illegible] | 7.64 | 38.7 | 0.11 | 97.1 | 114 | na |
| SS-35 | 0-2' | HAND AUGER | 9.46 | 2970 | [illegible] | 0.589 | 23.7 | 45.1 | <2.00 | 97.3 | 114 | 0.108 | 29.9 | 2.74 | 1.79 | 6.65 | 4.93 | 3.59 | 13.7 | 131 | 7.03 | 73.9 | 0.15 | 12.8 | 30.2 | na |
| SS-35 | 2-4' | HAND AUGER | 5.37 | 4280 | [illegible] | <0.497 | 15.6 | 21.9 | <1.99 | 84 | 71.7 | <0.0988 | 14.6 | 1.93 | 3.59 | 5.7 | 3.17 | 1.97 | 9.14 | 41.4 | 7.78 | 39.5 | <0.05 | 17.8 | 24.3 | na |

FILED
APR 27 2017
Christie J Marcum (signature)
CLERK OF COURT

NON-CERTIFIED COPY

# Transmission Log

LafourcheClerk Friday, 2017-04-28 07:48 9854475800

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2017-04-28 | 07:48 | SCAN | 18290 | 0:10 | 24000 | 12254482568 | 1 | OK -- V.34 1M31 |

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: TALBOT, CARMOUCHE & MARCELLO**

**225-448-2568**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**MESA GULF COAST LLC, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on APRIL 27, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**CHRISTIE T. MORRISON**

**Deputy Clerk of Court**

**Estimated Cost for Filing $200.00**

**FILED**

APR 28 2017

[signature]

CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**FILED:** ______________________ ______________________
**DEPUTY CLERK OF COURT**

**FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

COMES NOW plaintiff, Golden Ranch Farms, LLC, through undersigned counsel, to respectfully supplement and amend its original Petition for Damages in the following particulars:

**I. Amendment to Caption**

By amending the caption of the original Petition for Damages to read as follows:

**"17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL."**

**II. Amendment to Petition**

By replacing the original Petition for Damages in its entirety as follows:

"Plaintiff, Golden Ranch Farms, LLC, respectfully petitions this Honorable Court for a judgment finding defendants herein liable for damages caused by defendants' oil and gas exploration and production and related activities that substantially harmed plaintiff, plaintiff's land, and plaintiff's legal interests. Upon information and belief, plaintiff makes the following allegations:



NON-CERTIFIED COPY

1.

Plaintiff, Golden Ranch Farms, LLC, is a Louisiana limited liability company domiciled in Lafourche Parish, State of Louisiana.

2.

Plaintiff, Golden Ranch Farms, LLC, owns and/or uses the surface interest in the entirety of the property located within the Bayou Des Allemands, Larose and Valentine Oil and Gas Fields, which property is more particularly described in Exhibit A.

The property described above has been contaminated or otherwise damaged by defendants' oil and gas exploration and production activities. It is the intent of the plaintiff herein to claim damages for any and all of the property that it owns or may own in the Bayou Des Allemands, Larose and Valentine Oil and Gas Fields ("Fields"), regardless of whether said property is specifically described in this petition (collectively, the "**Property**").

3.

Plaintiff appears in one or more of the following capacities: (1) lessor, assignee, or third-party beneficiary of certain mineral and/or surface leases between plaintiff and defendants; (2) successor in interest to certain mineral and/or surface leases between plaintiff and defendants; (3) owner of Property contaminated by the oil and gas activities conducted or controlled by one or more of the defendants; (4) successor in interest to, or the assign of, the owner of Property contaminated by the oil and gas activities conducted or controlled by one or more of the defendants; (5) servitude owner who has the right to sue for remediation damages under the Mineral Code; and (6) party who possess the right of action to file this lawsuit under Louisiana law.

4.

Made defendants are the following parties:

(A) **BP AMERICA PRODUCTION COMPANY**, as successor in interest by merger and/or name change to **Pan American Petroleum Corporation** and **Amoco Production Company**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(B) **DEVON ENERGY PRODUCTION COMPANY, L.P.**, as successor in interest by merger and/or name change to **Pennzenergy Exploration and Production, L.L.C. Pennzoil Producing Company** and **Union Producing Company**, a foreign partnership authorized to do and doing business in this State, whose registered agent



NON-CERTIFIED COPY

for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(C) **MESA GULF COAST, LLC**, a Louisiana limited liability company authorized to do and doing business in this State, whose registered agent for service of process is George Pivach, 8311 Hwy. 23, Ste. 104, Belle Chasse, LA 70037;

(D) **TCHEFUNCTE NATURAL RESOURCES, L.L.C.**, a Louisiana limited liability company to do and doing business in this State, whose registered agent for service of process is George Pivach, 8311 Hwy. 23, Ste. 104, Belle Chasse, LA 70037;

(E) **SM ENERGY COMPANY (DELAWARE)**, as successor in interest by merger and/or name change to **St. Mary Energy Company** and **St. Mary Operating Company**, a foreign business corporation authorized to do and doing business in this State whose registered agent for service of process is Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802;

(F) **HENRY PRODUCTION COMPANY, INC.**, a Louisiana business corporation authorized to do and doing business in this State, whose registered agent for service of process is Patrick S. Ottinger, Ottinger Hebert, LLC, 1313 West Pinhook Road, Lafayette, LA 70503;

(G) **SQUARE MILE ENERGY, L.L.C.**, a foreign limited liability company authorized to do and doing business in this State, whose registered agent for service of process is James C. Bates, 318 St. Charles St., Baton Rouge, LA 70802;

(H) **EXXON MOBIL CORPORATION**, as successor in interest by merger and/or name change to **Humble Oil & Refining Company**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802;

(I) **TEXAS PACIFIC OIL COMPANY**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(J) **HAMMAN OIL & REFINING COMPANY**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(K) **AMERADA PETROLEUM CORPORATION**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(L) **HESS CORPORATION, A DELAWARE CORPORATION**, as successor in interest by merger and/or name change to **Amerada Hess Corporation**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(M) **TEXAS PETROLEUM INVESTMENT COMPANY**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is Patrick S. Ottinger, 1313 W. Pinhook Rd., Lafayette, LA 70503;



NON-CERTIFIED COPY

(N) **DENBURY ONSHORE, LLC**, as successor in interest by merger and/or name change to **Denbury Management, Inc.,** and **Denbury Resources Inc**., a foreign limited liability company authorized to do and doing business in this State whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(O) **TENSAS DELTA EXPLORATION COMPANY, LLC** as successor in interest to **W. W. F. Oil Corporation** and Wheless Industries, Inc., a foreign limited liability company authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(P) **CONOCOPHILLIPS COMPANY**, as successor in interest by merger and/or name change to **Phillips Oil Company, Phillips Petroleum Company,** and **General American Oil Company of Texas**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is United States Corporation Company, 501 Louisiana Ave., Baton Rouge, LA 70802;

(Q) **AMERICAN EXPLORER, INC.**, a Louisiana business corporation authorized to do and doing business in this State, whose registered agent for service of process is Alfred J. Thomas, II, 136 Teche Dr., Lafayette, LA 70503; and

(R) **BILLY PROCHASKA, P.E.**, an individual of the full age of majority domiciled in East Baton Rouge Parish, at 9935 Hillyard Ave., Baton Rouge, LA 70809-3112.

Defendants identified in subpart (A) through (Q) are collectively referred to hereinafter as "Defendants." Defendant identified in subpart (R) is hereinafter referred to as "the Engineer."

5.

The Property is believed to be contaminated by oil and gas exploration and production activities. Defendants either caused this contamination, or are otherwise legally responsible for this contamination. Defendants' activities include the operation or construction of various oil and gas facilities, including but not limited to, pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, separators, and injection facilities. Upon information and belief, the Engineer negligently certified that the pits located on the Property would not seep and leak beyond their horizontal and vertical confines.

These facilities, including, but not limited to, pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, and injection facilities, were operated and/or used by multiple defendants over time. On each of the respective tracts of the Property identified in Paragraph 2, the above operations were located within close proximity to the boundaries between the tracts of Property and to identical and/or related operations being conducted on other tracts of the Property. The proximity and



NON-CERTIFIED COPY

sometimes overlapping nature of these operations has resulted in the substantial likelihood that the contamination created by one or more of the operators on one or more tracts has become commingled with contamination by one or more of the operators on the same tracts and/or on adjacent and/or contiguous tracts. Furthermore, it is possible that the proximity of operations on one or more non-owned contiguous tracts has resulted in the likelihood that contamination has become commingled with contamination on the plaintiff's property. Furthermore, the low lying elevation of the Property, the propensity for flooding, and surface water and groundwater flow in the area has contributed to the substantial likelihood that the contamination on and/or from each of the tracts has become commingled. The defendants' negligent operation of the unlined pits, wells, tanks, flowlines, tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, injection facilities, and other facilities has likely resulted in surface and/or subsurface discharges of the pollutants identified in paragraphs 8 through 12. The likely migration of these surface and/or subsurface discharges has likely resulted in plumes of contamination that cross surface property boundaries. Furthermore, the operation of various wells, pits, tanks, flowlines tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, injection facilities, and other facilities across the various tracts of Property were either related or very similar in nature, and on information and belief, these operations were carried out pursuant to joint operating agreements to which the defendants were parties.

Specifically, defendants are liable for damage resulting from the operation of the wells in the Bayou Des Allemands, Larose and Valentine Oil and Gas Fields which are identified on or in the attached exhibits, as well as the operation of other equipment and facilities related thereto. The following exhibits are attached to this Petition for Damages and are incorporated herein for all purposes:

<u>Exhibit B</u>: Contains aerial photo maps which shows the location of plaintiff's Property and the location and serial number of the known wells located thereon; and

<u>Exhibit C</u>: Contains an Operator History which shows, as to each known well located on the Property: (a) the well serial number; (b) the well name; (c) the past and current operators of record the well; (d) the dates of operation of the well and (e) the current status of the well.



NON-CERTIFIED COPY

Exhibit D: Contains maps and a table showing the location and results of soil samples in and around the wells identified in Exhibit C, which results exceed applicable requirements.

In summary, the above information identifies the wells at issue in this lawsuit by well serial number, describes the location of these wells, and the relationship of each defendant to the wells and the Property. Defendants and entities or individuals who are not parties to this lawsuit may be in possession of other documentation evidencing leases, assignments, joint operating agreements, unit or pooling agreements, farmout agreements, or other contracts that are not part of the public record.

6.

Defendants conducted, directed, controlled or participated in various oil and gas exploration and production activities on the plaintiff's Property as operators, and/or working interest owners, and/or mineral or surface lessees, and/or mineral or surface lease assignees, and/or mineral sublessees, and/or servitude, executive interest or other mineral interest owners, and/or personal or predial servitude owners, and/or participants in joint operating agreements or unit operating agreements.

7.

Since at least the late 1920s, it has been common knowledge in the oil industry that the disposal of oilfield wastes in unlined earthen pits inevitably results in seepage, which contaminates both surface and subsurface soils and waters. Those defendants who operated in the late 1920s or thereafter possessed such knowledge. Plaintiff has suffered damages resulting from the improper disposal of oilfield wastes in unlined earthen pits, which were constructed by the defendants on or near the Property during the course of oil and gas exploration and production activities. The oilfield wastes deposited in these pits include (but are not limited to) such substances as naturally occurring radioactive material ("NORM"), produced water, drilling fluids, chlorides, hydrocarbons, and heavy metals. Also, leaks, spills, and other surface and subsurface discharges of these and other substances from wells, pipelines, tank batteries, gas plants and other equipment or facilities have further polluted the surface and subsurface of plaintiff's Property.



NON-CERTIFIED COPY

8.

NORM contains, inter alia, Radium226 and Radium228, which are very hazardous and toxic substances. Though these substances are "naturally occurring" at the depths from which oil and gas are produced, they become concentrated when brought to the surface during oil and gas production operations, where their presence can cause serious health related problems. Under Louisiana law, property contaminated with NORM cannot be transferred for unrestricted use.

9.

Produced water is a hazardous brew of various hydrocarbon compounds, metals, salt and radioactive substances. Studies of the chemical constituents of Louisiana produced water have revealed that all produced water discharges contain excess amounts of salt (up to 193 parts per thousand salt or 19.3%), and also contain volatile hydrocarbon compounds (including benzene, toluene, xylene and ethyl benzene), Polynuclear Aromatic Hydrocarbons ("PAHs or semi-volatiles) (including naphthalene, fluorene and phenanthrene), toxic heavy metals (including chromium, lead, mercury, arsenic, barium and zinc) and radium226 and radium228. All of these substances bioaccumulate and are acutely toxic to aquatic organisms at varying concentrations. Some of these substances (such as benzene and radium226) have long been identified as human carcinogens.

10.

Drilling fluids are also highly toxic and hazardous. These fluids contain metals such as chromium, barium, and arsenic, as well as oil and other hydrocarbon fractions. Drilling fluids also contain toxic additives such as bactericides, slimicides, and acids. Further, drilling fluids have been demonstrated to be acutely toxic to aquatic organisms. In fact, a 1982 American Petroleum Institute Study documented the uptake of toxic heavy metals by plants near drilling mud pits.

11.

Other toxic and hazardous substances used by defendants in their day to day exploration and production activities include mercury, lead based compounds, chromium based algicides, hydrochloric acid, caustic soda, and various corrosion inhibitors.



NON-CERTIFIED COPY

12.

Defendants knew or should have known that their day to day operations in the Fields would cause the soil, surface waters and groundwater of plaintiff's Property to be contaminated with the substances described in paragraphs 7 through 11 above. Rather than remove these substances during and after oil and gas exploration and production activities, defendants chose to conceal and cover up their contamination. This concealment and cover up was routine practice and has continued to date. The defendants' failure to responsibly and timely remove or remediate this toxic pollution in the soils and groundwater of plaintiff's Property has allowed the pollution to migrate and spread. Defendants' pollution has now permanently damaged the drinking water and other aquifers underlying the Fields.

13.

Defendants knew for many years that they were disposing, storing, discharging, and otherwise releasing toxic poisons and pollutants onto and into the ground, groundwaters, and surface waters on or near plaintiff's Property. Yet, defendants failed to inform or warn plaintiff or its predecessors concerning the extent, nature, cause and origin of this pollution. The Engineer knew or should have known that the contaminants discharged into pits on the Property would leak and seep beyond the vertical and horizontal confines of the pits yet the Engineer failed to warn the Defendants and the plaintiff that the pits would leak and seek beyond their horizontal and vertical confines. Defendants at no time warned or informed the plaintiff or its predecessors that their disposal and discharge activities were hazardous to persons and property. Defendants knew and failed to disclose to plaintiff or its predecessors that their wastes would not degrade or break down in the environment in the foreseeable future and that their presence in the subsurface would constitute an ongoing and continuing source of pollution and environmental damage for generations.

14.

Plaintiff did not have actual or constructive knowledge of the pollution described in this petition until less than a year prior to the filing of this suit. Plaintiff did not have actual or constructive knowledge of the defendants' fault, negligence or violation or breach of any leases,



NON-CERTIFIED COPY

contracts, use agreements, or any other agreements or contracts referenced in this petition until less than a year prior to the filing of this suit. Plaintiff did not have actual or constructive knowledge of the causal connection between the defendants' fault, negligence and breach of contract and the pollution at issue until less than a year prior to the filing of this suit. Further, defendants have engaged in acts that effectually have prevented plaintiff from availing itself of the causes of action alleged herein. These acts include fraud, ill practices, and misrepresentation intentionally committed by defendants (or their representatives) designed to hinder, impede or prevent plaintiff from asserting its causes of action or to lull plaintiff into a false sense of security. Such acts of fraud, ill practices, and misrepresentation specifically include: (1) burying, hiding or actively concealing pollution; (2) failing to inform plaintiff or its predecessors that unlined earthen pits on the Property seeped and leaked; (3) failing to inform plaintiff or its predecessors that the use of unlined pits that seep and leak violate state regulation; (4) failing to inform plaintiff or its predecessors that the failure to remove or remediate contamination caused by unlined earthen pits violates state regulation (5) failing to inform plaintiff or its predecessors that pollution that migrates out of the confines of an unlined earthen pit will continue to migrate, spread and cause further damage to its Property; (6) failing to inform plaintiff or its predecessors of the hazardous and toxic nature of the oilfield pollution on its Property; and, (7) failing to inform the plaintiff or its predecesors that the oilfield practices followed by defendants would result in pollution and property damage. Due to defendants' concealment of the hazardous and toxic contamination that they deposited on plaintiff's lands, and the role they played in causing this contamination, plaintiff and its predecessors were denied access to the knowledge and facts needed to bring the claims alleged in this petition until less than a year before the present suit was filed.

15.

Defendants' conduct constitutes negligence, which gives rise to liability under the provisions of La. Civ. Code art. 2315. Defendants knew or should have known that their conduct would cause property and other damages to plaintiff. Defendants had a duty to protect plaintiff and plaintiff's Property from the effects of the contamination and pollution described herein.



NON-CERTIFIED COPY

Their violation of this duty proximately caused the damages described below. Further, as the defendants acquired knowledge that unlined pits would leak, and that the contamination left on plaintiff's lands would continue to spread and migrate, defendants had the obligation to return to plaintiff's lands to remediate the source or sources of the contamination, to stop the spread of the contamination, and to warn the plaintiff that its land was contaminated. Defendants violated their own company policies and industry practice and custom, did not comply with the standards of conduct required in the leases and other contracts applicable to the Property, and failed to comply with applicable state regulation. Defendants also concealed from the regulators the fact that they had polluted plaintiff's property. Defendants are guilty of tortious conduct under private law by virtue of their violations of statewide and fieldwide orders and regulations.

16.

Defendants that acquired other corporations or other legal entities by merger, acquisition, or otherwise, or who otherwise assumed obligations under applicable leases or contacts, had a duty to remedy the past wrongs of those parties for whose fault or obligations they are legally responsible. To the extent that any defendant acquired the business or assets of a predecessor without a formal merger, said defendant is liable under the continuation doctrine of Louisiana law. In addition to their express or implied assumption of contractual obligations owed to plaintiff, defendants are liable to plaintiff under the provisions of Section 324A of the Restatement 2d, as interpreted by Louisiana jurisprudence. Under Section 324A, one or more of the defendants assumed duties owed by others to the plaintiff to protect plaintiff and its Property from contamination and harm.

17.

Defendants are also guilty of a continuing tort and a continuing trespass. Defendants' acts or omissions, and their continuing unlawful conduct, have caused successive damages or an ongoing and cumulatively increasing deterioration of plaintiff's Property. The pollution caused by the defendants continues to migrate. The cause of the increasing damages to plaintiff's land is the continuing failure of defendants to remove their pollution from the Property. The cause of the damages suffered by plaintiff is thus a continuous cause giving rise to successive damages.



NON-CERTIFIED COPY

In addition, defendants' conduct of their oil and gas exploration and production activities and the associated discharge, disposal or storage of oilfield waste on plaintiff's Property have created a continuing, ongoing and damaging nuisance to plaintiff and plaintiff's Property. Further, the continued presence of oilfield wastes on the Property constitutes a continuing trespass. The continuous and ongoing migration of waste is causing new and ever-increasing damage to plaintiff's Property, and such damage will continue until such time as these wastes are removed and remediated.

18.

Defendants are liable for the tortious breach of any leases or other contracts sued upon in this petition, and the tortious breach of any other contracts which obligate the defendants to protect and preserve the plaintiff's property. These leases or other contracts may include mineral and surface leases, servitude agreements, assignments, mineral and surface subleases, right of way agreements, joint operating agreements, unit agreements, working interest agreements, use agreements, farmout agreements, and unit or pooling agreements.

19.

Defendants are also liable to plaintiff under La. Civ. Code art. 667 of the Civil Code for the damages caused by their handling, storage, discharge, and disposal of toxic and hazardous and toxic oil field waste on or adjacent to plaintiff's Property. La. Civ. Code art. 667 was amended by Act 1 of 1996, effective April 16, 1996. To the extent that defendants are deemed "proprietors" within the meaning of La. Civ. Code art. 667, said defendants are strictly liable to plaintiff under La. Civ. Code art. 667 for damages sustained by the plaintiff before April 16, 1996. Plaintiff's claims under Article 667 for damages occurring on or after April 16, 1996, are governed by the amended version of Civil Code article 667. To the extent the defendants held any rights in any mineral leases or servitudes on the property (including any predial, legal or personal servitudes), plaintiff and defendants are co-proprietors of the property that owe obligations to each other under Article 667 of the Civil Code. Plaintiff asserts any personal, tort, or legal claims it may have under Article 667. Furthermore, defendants are strictly liable to plaintiff under the provisions of La. Civ. Code articles 2317 and 2322. At all times pertinent



NON-CERTIFIED COPY

hereto, defendants had *garde* of the facilities and equipment that caused the pollution described herein. Those defendants who participated in the above described oil and gas operations by the acquisition of working interests had sufficient control to constitute *garde* under the provisions of La. Civ. Code art. 2317. On information and belief, the Joint Operating Agreements or unit agreements that governed the conduct of the oil and gas activities of the defendants show that the working interest owners or other participants in such agreements: (1) had the right to control operations conducted pursuant to the agreements; and, (2) held proportional ownership interests in the facilities and equipment which caused the pollution complained of herein. Such ownership gives rise to a presumption of *garde*. The acquisition of any leasehold or other ownership interest (including, but not limited to, rights in predial or mineral leases, or any interest in a servitude on the property) gives rise to a presumption of *garde*.

20.

In addition, under Louisiana law, defendants are allowed under the applicable mineral leases to use only so much of plaintiff's Property as is reasonably necessary to conduct oil and gas operations allowed by such leases. Defendants are guilty of a trespass to plaintiff's Property because they exceeded the rights to use the plaintiff's Property as contemplated in the applicable mineral leases. In addition, because defendants exceeded their use rights under the applicable leases, they excessively and unreasonably exercised their rights under the applicable leases. Further, with regard to the contractual liability of the defendants, the express remediation obligations of any leases at issue, and the covenants and other provisions implied in any leases at issue by operation of law or the application of the mineral code, impose continuing remediation obligations on the lessees. Such lease obligations were violated.

21.

In summary, Defendants' conduct as described above constitutes a breach of the oil, gas, and mineral leases, surface leases, servitude agreements and other applicable contracts that covered the oil and gas activities described above.



NON-CERTIFIED COPY

22.

Plaintiff herein brings suit under the mineral and surface leases, use agreements, conventional servitudes, mineral servitudes (to the extent such servitudes exist) and any innominate agreements that apply to the Property. To the extent that the law does not accord plaintiff the right to sue as lessor (or as the assignee or successor of the lessors) under the applicable mineral leases or surface leases, plaintiff asserts claims in its capacity: (1) as third party beneficiary for damages for breach of said mineral leases or surface leases; and, (2) as owner of the servient estates of the limited personal servitudes created by the applicable mineral leases. To the extent defendants' remediation obligations are not expressly set forth in any contract or lease, defendants have a contractual obligation under the applicable oil, gas, and mineral leases, and under the applicable surface or predial leases, and under La. Civ. Code arts. 2683, 2686, and 2692, to restore plaintiff's Property to its original condition, less normal wear and tear. Defendants have failed to satisfy their express contractual obligations, and those implied obligations imposed by operation of law. Plaintiff's Property has been impacted by each defendant's use of the Property under the applicable mineral and surface or predial leases, and such Property has not been restored to its original condition, less normal wear and tear. For the breach of these oil, gas, mineral leases, and surface or predial leases, the defendants are liable to plaintiff for foreseeable and consequential damages occasioned by their failure to perform, as well as the cost of these proceedings and reasonable attorneys' fees to the extent such fees are allowed by contract or applicable law, such as La. R.S. 30:29. Further, plaintiff claims damages for the violation of any personal servitude of use applicable to the Property in accordance with the provisions of La. C.C. arts. 576, 577, and 645.

23.

Further, plaintiff alleges that it is a third party beneficiary of the assignments, subleases or other oilfield conveyance instruments, or other contracts or agreements by which one or more of the defendants acquired an interest in the oilfield equipment, wells, facilities, or property at issue. Further, plaintiff is a third party beneficiary of the joint operating and unit agreements and other operating agreements pertaining to the Property. As third party beneficiary of the aforesaid



NON-CERTIFIED COPY

contracts and agreements, plaintiff is entitled to sue defendants for damages in its capacity as third party beneficiary.

24.

Defendants who are assignees or sublessees of the mineral leases at issue are solidarily liable to plaintiff under the provisions of article 128 and 129 of the Mineral Code. Defendants who are assignees of the surface leases at issue are solidarily liable to plaintiff under the civil code provisions applicable to solidarity.

25.

If any of the mineral leases subject to this suit have not expired, the remediation of contamination on the Property subject to said existing leases would not interfere with, or have any effect on, any ongoing mineral operations. Defendants have failed to maintain and restore leased properties that are the subject of leases that are still in effect. This failure constitutes an active breach of said mineral leases or surface. Further, upon information and belief, there are no leases at issue in this lawsuit that permit the lessee to postpone remediation of contaminated Property until the end of the lease. Under the provisions of La. Civ. Code arts. 2683, 2686, and 2692, and applicable jurisprudence, defendants are obligated to remediate and restore the Property even though a mineral or surface lease may still be in effect.

26.

Each defendant has also breached those standards imposed by the Louisiana Civil Code and the Louisiana Mineral Code governing the conduct of prudent operators. The lease provisions of the Louisiana Civil Code and the Louisiana Mineral Code require Defendants to use plaintiff's Property as a prudent administrator and to restore plaintiff's Property to its original condition. Any implied obligations or covenants imposed on any lessee by the Civil Code or Mineral Code are binding on said lessee unless expressly renounced in the lease itself. Defendants have failed to act as prudent administrators, have failed to restore plaintiff's Property to its original condition, and have failed to discharge their obligations under the Civil Code and the Mineral Code. As a result, plaintiff has suffered damages and is entitled to all remedies allowed under the Civil Code and Mineral Code.



NON-CERTIFIED COPY

27.

Plaintiff specifically alleges that defendants have violated the express and implied obligations of surfaces leases that apply to the Property, including those maintenance, restoration and repair obligations imposed by operation of law on all lessees by the Civil Code articles pertaining to leases. Defendants' violation of these surface leases have caused damage to plaintiff. Under said surface leases, defendants have the obligation to maintain and restore the Property.

28.

Defendants negligently and excessively used the Property during mineral operations. This negligent and excessive use violates the implied obligations of lessees under the provisions of the Civil Code and the Louisiana Mineral Code, including without limitation, La. R.S. 31:122. Defendants who operate negligently and excessively under a mineral lease are obligated to restore the Property to its original pre-lease condition, less normal wear and tear.

29.

Defendants' actions in knowingly disposing of toxic and hazardous materials onto plaintiff's Property, in failing to clean up said pollution and stop its further migration, in storing their pollution on plaintiff's properties, in allowing the migration of their pollution to offsite properties, in failing to properly maintain their facilities where these toxic and hazardous materials were transported, handled, stored and disposed of, and in egregiously violating applicable environmental health and safety regulations and applicable field-wide orders, constitute wanton or reckless disregard for public safety in the storage, handling or transportation of hazardous or toxic substances. Defendants are therefore liable to plaintiff for punitive and exemplary damages. At all times pertinent hereto, defendants had actual possession or control of the toxic and hazardous substances described above. With regard to plaintiff's tort claims that arise under the provisions of former Civil Code article 2315.3, plaintiff's claims for punitive damages are limited to acts or omissions of the defendants (or their predecessors or successors) that occurred during the period of applicability of article 2315.3.

In addition to the foregoing, plaintiff alleges that Statewide order 29-B was applicable



NON-CERTIFIED COPY

during the period of applicability of former Civil Code article 2315.3. 43 LA ADC Pt XIX, § 101, et seq. This regulation requires the proper closure of pits, regardless of when such pits were constructed, used or closed. The violation of a regulatory duty can give rise to tort liability. A failure to comply with applicable regulation is evidence of unreasonable care. The defendants' violation of their regulatory obligations under Statewide Order 29-B and other applicable regulations, and their failure to return to the field to clean up their contamination, support a cause of action in tort for both compensatory and punitive damages. Plaintiff affirmatively alleges that the oil and gas operations on its property were not conducted in accordance with applicable regulations, rules or statutes of the State of Louisiana.

30.

Defendants' storage and disposal of the aforementioned toxic and hazardous substances constitutes an ultra hazardous activity for which defendants are strictly liable. This strict liability is based on acts and omissions occurring before the amendment to La. Civ. Code art. 667 in 1996. The amended version of La. Civ. Code art. 667 is applicable to the acts and omissions of defendants occurring on or after the effective date of the 1996 amendment.

31.

Further, for an undetermined length of time, the defendants have stored toxic pollution and waste in the groundwaters and soils underlying the plaintiff's lands. Defendants have derived substantial economic benefits from this storage in that their use of the subsurface of the plaintiff's lands has allowed them to avoid the substantial costs and expenses associated with the proper disposal of this toxic pollution and waste. Thus, plaintiff is entitled to the civil fruits derived from defendants' trespass, for La. Civ. Code art. 486 provides that a possessor in bad faith is liable for the "fruits he has gathered or their value subject to his claim for reimbursement of expenses." Alternatively, even if storage costs are not technically deemed "civil fruits," plaintiff is entitled to the economic value of said storage, or the value of the rental of said storage. Furthermore, to the extent off site saltwater or brine or other wastes were injected by defendants into the subsurface of the plaintiff's property or otherwise disposed of and/or mixed into surface soils without permission of the landowners at the time of the injection or disposal,



NON-CERTIFIED COPY

defendants are liable in tort and for breach of the applicable mineral or surface leases or servitude agreements. Further, such unauthorized injection and disposal also constitutes a trespass.

32.

To the extent that defendants own mineral servitudes on the Property, plaintiff asserts claims for remediation under the provisions of Article 22 of the Mineral Code (La. R.S. 30:22). Upon information and belief, such servitudes have been exercised. Defendants excessively used plaintiff's Property subject to said servitudes. It was not "reasonably necessary" for defendants to use pits and leaking tanks and other equipment in the conduct of their operations. And it was not "reasonably necessary" for defendants to use those parts of the surface or subsurface of plaintiff's Property located outside of the confines of the pits to dispose of and store their wastes. Under Article 22 as applied to the facts heretofore alleged in this petition, plaintiff is entitled to restoration of its Property to original condition to the extent reasonably practicable at the earliest reasonable time. Plaintiff is entitled to this restoration remedy regardless of the fault or negligence of the servitude owner.

33.

Alternatively, plaintiff is an "aggrieved party" within the meaning of article 134 of the mineral code. Plaintiff has the right to assert the causes of action alleged herein by virtue of its status as "aggrieved party."

34.

As a direct result of the above described acts and omissions of the defendants, plaintiff has suffered damages to its Property occasioned by the nuisance created by defendants. Plaintiff has also sustained damages occasioned by the diminution in the value of its Property, including stigma damages. Further, in the alternative, and only if plaintiff has no other adequate remedy at law, defendants are liable for unjust enrichment damages, as the defendants have been unjustly enriched by their unauthorized use of plaintiff's lands to store and dispose of toxic and hazardous contamination.



NON-CERTIFIED COPY

35.

Due to the activities of defendants in polluting the soils, groundwater and surface waters of the Property, and the continuing trespass of defendants resulting from the continued presence of contaminants in said soils, groundwater, and surface water, and to the extent plaintiff is not entitled to a damage remedy, plaintiff is entitled to a prohibitory and mandatory permanent injunction: (a) requiring that defendants remove the contamination they have caused to be deposited in the groundwater and soils underlying plaintiff's lands; (b) ordering the defendants to remove any contamination they have caused to be deposited in the groundwater and soils underlying the plaintiff's lands; (c) ordering defendants to restore any land lost as a result of defendants' acts, omissions, conduct, or violations of any provision of public or private law as outlined in this petition; and (d) correcting any land damages caused by subsidence.

36.

Plaintiff is entitled to recover money damages equal to the cost to conduct a comprehensive and expedited environmental assessment of all present and yet unidentified pollution and contamination of its Property.

37.

In summary, plaintiff has stated several causes of action herein, including causes of action in tort and separate causes of action for breach of contract, and for breach of obligations imposed by the Mineral Code and Civil Code, and for breach of implied obligations under the Mineral Code and Civil Code, and for the violation of the provisions of the Civil Code and Mineral Code, and are entitled to the following damages:

(A) Sufficient funds to conduct a complete scientific analysis of the extent and nature of the contamination on its Property associated with defendants' operation of waste pits, tank batteries, production and/or injection wells, pipelines, and other oil and gas related facilities and equipment;

(B) The cost to restore the Property to its pre-polluted original condition;

(C) Punitive or exemplary damages arising from wanton and reckless conduct during the period of applicability of former article 2315.1;

(D) An award of damages for defendants' unauthorized use of plaintiff's land to store and dispose of their wastes without consent, or compensation to plaintiff from time of placement to time of final removal;

(E) An award of stigma damages and damages for diminution in property value before, during and after restoration;



NON-CERTIFIED COPY

(F) Any civil fruits derived from defendants' illegal trespass;

(G) Damages occasioned by the nuisance created by defendants, including loss of full use and enjoyment of plaintiff's Property;

(H) Where appropriate, land loss and subsidence damages, and the cost of backfilling of canals and other excavations;

(I) Damages for loss of use of land and lost profits and income;

(J) Attorneys' fees and other costs and expenses under La. R.S. 30:29, or under any contract or applicable law that specifically provides for attorney fees, costs, and expenses;

(K) Damages sustained as a result of defendants' failure to provide proper notification under article 2688;

(L) Damages for remediation of any groundwater contamination;

(M) Damages for the unauthorized disposal and injection of off-site saltwater or brines or other fluids or chemicals; and

(N) Damages for the unauthorized disposal of other wastes into the soils or subsurface of plaintiff's property.

38.

Defendants have not attempted to recover, handle, treat or dispose of any of the contamination at issue. It is expected that defendants will contend that natural attenuation is an acceptable method of remediating the contamination. The use of natural attenuation as a remediation method involves the storage of contamination at issue in the soils and groundwaters underlying the Property for a period of time sufficient to allow natural processes to eliminate such contamination. Plaintiff specifically alleges that the Property cannot be feasibly remediated by means of natural attenuation. Thus, to the extent that natural attenuation is used, or will be used, as a remediation method to remediate the Property, plaintiff is entitled to reasonable compensation for the storage of waste on its Property, including rental or economic value of said storage.

39.

Plaintiff affirmatively alleges that damages awarded by the court for remediation will be used to clean up the above described contamination. Plaintiff has personal reasons for wishing to commit all sums awarded for remediation to clean up the affected Property.



NON-CERTIFIED COPY

40.

Plaintiff asserts only those private causes of action accorded to them under the Louisiana Constitution and laws of the State of Louisiana. Plaintiff has not pled, and will never at any time in the future plead, any claim or cause of action arising under federal law, and asserts no such claims herein. To the extent any state law claims are preempted by federal law (either expressly or impliedly), such claims are not alleged herein. Plaintiff herein expressly does not pursue any defendants or claims that have been discharged in bankruptcy.

41.

To the extent that the provisions of La. R.S. 30:29 apply to this action, notice will be furnished to the Attorney General and to Louisiana Department of Natural Resources pursuant thereto. The extent of the applicability of La. R.S. 30:29 must be determined by facts developed during the course of future discovery and at trial, as at least some of the contamination at issue may not be covered by the provisions of La. R.S. 30:29, or may not be within the jurisdiction of the LDNR. Plaintiff affirmatively alleges that some or all of the contamination complained of herein arose from equipment or activities of defendants at or after a custody transfer or sales point.

42.

Plaintiff claim damages for the evaluation, cleanup, and remediation of any contamination or pollution that impacts or threatens to impact groundwater, regardless of classification or depth of such groundwater, and regardless of whether said groundwater is usable or unusable. Plaintiff claims that it is entitled to restoration of any aquifers damaged by the pollution alleged herein.

43.

To the extent plaintiff does not have a right of action under private law to seek the damages claimed in this petition, Plaintiff asserts that it has the right of action under La. R.S. 30:29. Further, plaintiff has a right and a cause of action under applicable law to claim damages or other appropriate relief, including injunctive relief, for the cleanup of contamination on adjacent property or other non-owned property to the extent such a cleanup is required to



NON-CERTIFIED COPY

accomplish the remediation of the plaintiff's property sought in this petition. Louisiana private law accords to a plaintiff landowner the right to seek remediation damages for the remediation of the property of a neighbor if the plaintiff landowner's property cannot effectively be remediated without remediating his neighbor's property. Plaintiff's Property cannot be effectively remediated unless the source of the contamination of plaintiff's property is removed, and plaintiff is entitled to removal of the source of contamination even if such source happens to be located on the property of another.

44.

Defendants are liable to plaintiff under the provisions of article 11 of the Louisiana Mineral Code (La. R.S. 31:11). Under article 11, the plaintiff as surface owner and defendants as owners of mineral rights (mineral lease or servitude) must exercise their respective rights with reasonable regard for those of the other. Defendants' failure to maintain and remediate the Property constitutes a violation of the provisions of article 11. Defendants are strictly liable to plaintiff under the provisions of article 11. As surface owner, plaintiff has the right to claim the damages sought in this petition under the provisions of article 11, and alternatively, have the right to seek other appropriate relief, including injunctive relief, under article 11.

45.

Defendants' breaches of the leases applicable to the plaintiff's Property were substantial in nature. Under article 2686 of the Civil Code, plaintiff may elect to seek injunctive relief, dissolution, and damages.

46.

All defendants are liable to plaintiff in solido.

47.

Plaintiff shows that article 2688 of the Civil Code was enacted by Acts 2004, No. 821, §1, effective January 1, 2005. This codal article obligates a lessee to notify his lessor without delay when the property leased has been damaged or requires repair. When article 2688 became effective, the lessee defendants had an obligation to notify plaintiff of the contamination on its Property. No such notification was provided. Therefore, under the provisions of article 2688,



NON-CERTIFIED COPY

plaintiff is entitled to the damages it sustained as a result of defendants' failure to provide proper notification. Article 2688 is applicable to the mineral leases at issue by virtue of article 2 of the Louisiana Mineral Code (La. R.S. 31:2). The failure of defendants to provide the notification required by article 2688 constitutes an active and substantial breach of the applicable mineral and surface leases. In addition, the failure to provide the notice required by article 2688 constitutes a tortious breach of the applicable leases.

48.

Plaintiff hereby specifically alleges any rights or causes of action assigned to it after the filing of this petition that arise out of the transactions or occurrences that are the subject of this petition. Also, as the property damage alleged in this petition will continue to increase after the filing of this petition, plaintiff specifically claims any damages that accrue after the filing of this petition. Further, plaintiff specifically reserves the right to bring those causes of action that are assigned to it or that accrue after any judgment in this case, including, but not limited to, any judgment dismissing any defendant against whom plaintiff has a right to assert such causes of action assigned or accruing after judgment, and any judgment awarding damages for any of the claims alleged in this petition..

**WHEREFORE**, plaintiff prays that the defendants be cited to appear and answer this petition and that after due proceedings be had, that there be judgment entered herein as follows:

(A) Awarding plaintiff all compensatory damages allowed by Louisiana law in an amount to be proven at trial, including payment of the costs to restore lands with identified pollution to its original unpolluted state, civil fruits resulting from defendants' illegal and bad faith trespass on plaintiff's lands, storage damages, and other property damages, and damages for loss of use and lost profits and lost income; and, further, damages for land loss and subsidence and the cost of backfilling of canals and other excavations, where appropriate;

(B) Awarding plaintiff punitive and exemplary damages;

(C) Ordering defendants to pay plaintiff sufficient funds so that plaintiff may conduct a comprehensive and expedited environmental assessment of plaintiff's land to identify all hidden or not yet identified pollution;

(D) Awarding plaintiff all costs of this suit and for legal interest therein for any amount awarded from the date of judicial demand until paid; and further awarding plaintiff judicial interest on all contract claims from the date of breach; and further awarding attorneys' fees where appropriate under the provisions of applicable law, including, but not limited to, La. R.S. 30:29;



NON-CERTIFIED COPY

(E) Awarding plaintiff damages for diminution in property value before and after restoration, and stigma damages;

(F) Ordering a mandatory and prohibitory injunction to restore plaintiff's Property to its pre-contaminated condition and to prevent the migration and spread of toxic and hazardous substances onto plaintiff's Property;

(G) To the extent that La. R.S. 30:29 applies, approving a feasible remediation plan under La. R.S. 30:29 that complies with all applicable state regulations, without variances therefrom, including Statewide order 29-B and state regulations requiring remediation of usable groundwater to drinking water standards;

(H) To the extent that La. R.S. 30:29 applies, approving a feasible remediation plan under La. R.S. 30:29 that protects the health, safety, and welfare of the people of Louisiana;

(I) To the extent that La. R.S. 30:29 applies, approving a feasible remediation plan under La. R.S. 30:29 that protects and replenishes the natural resources of the state;

(J) Awarding all damages allowed under Subsection H of La. R.S. 30:29;

(K) For all just and equitable relief, and for relief appropriate and reasonable under the premises; and awarding damages or other relief allowable under Louisiana law under any of the causes of action alleged in this petition;

(L) Damages for the failure to provide proper notification under the provisions of Article 2688;

(M) Alternatively, for all appropriate unjust enrichment damages as provided by Louisiana law; and

(N) Trial by jury."

## III. Incorporation of Prior Allegations, Claims, and Prayer

To the extent applicable, plaintiff renews and reiterates all of the allegations (as amended herein) and the prayer of its original Petition for Damages. Except as amended, the original Petition for Damages shall remain unchanged.

WHEREFOR, plaintiff, Golden Ranch Farms, LLC, reiterates the prayer as set forth herein, and prays that there be judgment herein in its favor and against the defendants, *in solido,* for all damages as are reasonable in the premises, together with legal interest and costs.



NON-CERTIFIED COPY

Respectfully submitted,

TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
Todd J. Wimberley, Bar #34862
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
Leah C. Poole, Bar #35092
Caroline H. Martin, Bar #33308
Christopher D. Martin, Bar #30613

C. Berwick Duval, II, Bar #5109
Stanwood R. Duval, #27732
Kathryn W. Richard, #26486
DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS
101 Wilson Ave.
Post Office Box 3017
Houma, LA 70361
Telephone: (985) 876-6410
Fax: (985) 851-1490
Email: berwick@duvallawfirm.com

*Attorneys for Plaintiff*

**PLEASE HOLD SERVICE**

FILED
MAY -1 2017
CLERK OF COURT



NON-CERTIFIED COPY

**TALBOT, CARMOUCHE & MARCELLO** 15706

Lafourche Parish Clerk of Court 5/5/2017

Accounts Receivable:Case Expenses:Co Court costs due 300.00

#132505

FILED

MAY -9 2017

CLERK OF COURT

Litigation Account Docket 132,505; Golden Ranch Farms v BP 300.00

NON-CERTIFIED COPY

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: TALBOT, CARMOUCHE, AND MARCELLO**

~~225-400-9991~~
225-448-2568

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**MESA GULF COAST LLC, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on APRIL 25, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**PETITION FOR DAMAGES**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**JILL L. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $300.00**

FILED
MAY -1 2017
CLERK OF COURT

NON-CERTIFIED COPY

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: TALBOT, CARMOUCHE & MARCELLO**

**225-448-2568**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**MESA GULF COAST LLC, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on APRIL 27, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**CHRISTIE T. MORRISON**

**Deputy Clerk of Court**

**Estimated Cost for Filing $200.00**

FILED
MAY -1 2017
CLERK OF COURT

NON-CERTIFIED COPY

FILED
CLERK OF COURT

EXHIBIT A



NON-CERTIFIED COPY

**EXHIBIT A – PROPERTY DESCRIPTION**

All right, title and interest to the property, together with all the buildings and improvements thereon, and all rights, ways, privileges and servitudes thereunto belonging or in anywise appertaining, acquired by Member in the following acts:

1. Act of Sale from The Gheens Foundation, Inc. to Arlen B. Cenac, Jr. dated January 1, 1998 recorded January 5, 1998 in COB 1331 folio 375 under Entry No. 826021, records of Lafourche Parish, Louisiana.

2. Act of Sale from the Gheens Foundation, Inc. to Arlen B. Cenac, Jr. dated September 1, 1995 recorded March 4, 1996 in COB 1266 folio 403 under Entry No. 793514, records of Lafourche Parish, Louisiana.

3. Act of Sale from the Gheens Foundation, Inc. to Arlen B. Cenac, Jr. dated January 1, 1998 recorded January 5, 1998 at COB 1331 folio 337 under Entry No. 826020, records of Lafourche Parish, Louisiana.

4. Act of Credit Sale by The Gheens Foundation, Inc. to Arlen B. Cenac, Jr. dated April 4, 2000 recorded April 5, 2000 at COB 1418 folio 751 under Entry No. 870326, records of Lafourche Parish, Louisiana.

LESS AND EXCEPT:

The property transferred in Act of Sale by Arlen B. Cenac, Jr. to James B. Cantrelle and Leona Babin Cantrelle dated November 8, 2001 recorded November 12, 2001 at COB 1479 folio 319 under Entry No. 904320, records of Lafourche Parish, Louisiana; and

LESS AND EXCEPT:

The property transferred in Act of Donation by Arlen B. Cenac, Jr. to the Town of Lockport dated December 29, 2010 recorded January 4, 2011 at COB 1839 folio 647 under Entry No. 1105055, records of Lafourche Parish, Louisiana.

FILED
MAY -1 2017
CLERK OF COURT

EXHIBIT "A"

NON-CERTIFIED COPY

Golden Ranch
Sec. 36, 38, 63, T16, 17S, R21E
Larose Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 1, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| | | | | SECTION 36, TOWNSHIP 16 SOUTH, RANGE 21 EAST | | | | |
| 1 | 80246 | 10800 SUB R FEE 852 #4 | 4708 | PENNZOIL EXPL & PROD COMPANY | 15-AUG-88 | TO | 26-APR-75 | 30-Plugged & Abandoned |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 15-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 05-JUL-60 | TO | 22-JAN-70 | |

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| | | | | SECTION 38, TOWNSHIP 16 SOUTH, RANGE 21 EAST | | | | |
| 2 | 76150 | MR FEE 852 #1 | 6138 | UNION PRODUCING COMPANY | 04-AUG-59 | TO | 18-MAR-66 | 30-Plugged & Abandoned |
| 3 | 77612 | MR FEE 852 #2 | 6138 | UNION PRODUCING COMPANY | 23-NOV-59 | TO | 05-MAY-66 | 30-Plugged & Abandoned |
| 4 | 79109 | 10800 SUA MR FEE 852 #3 | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 28-JUN-76 | 30-Plugged & Abandoned |
| | | | 6138 | UNION PRODUCING COMPANY | 05-APR-60 | TO | 22-JAN-70 | |
| 5 | 81055 | 10800 SUC; MR FEE 852 #5 | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 01-JUL-76 | 30-Plugged & Abandoned |
| | | | 6138 | UNION PRODUCING COMPANY | 29-AUG-60 | TO | 22-JAN-70 | |
| 6 | 83327 | MR FEE 852 #6 | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 15-AUG-88 | TO | 29-JUL-88 | 30-Plugged & Abandoned |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 15-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 13-FEB-61 | TO | 22-JAN-70 | |
| 7 | 101024 | MR FEE 852 SWD #8 | M357 | MESA GULF COAST, LLC | 01-SEP-11 | TO | Current | 09-Active Injection |
| | | | T268 | TCHEFUNCTE NATURAL RESOURCES, LLC | 22-JUL-11 | TO | 01-SEP-11 | |
| | | | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 01-SEP-07 | TO | 22-JUL-11 | |
| | | | S300 | ST. MARY ENERGY COMPANY | 01-MAR-04 | TO | 01-SEP-07 | |
| | | | S231 | ST. MARY OPERATING COMPANY | 01-SEP-98 | TO | 01-MAR-04 | |
| | | | S083 | ST. MARY LAND & EXPL. COMPANY | 01-MAR-97 | TO | 01-SEP-98 | |
| | | | 2679 | HENRY PRODUCTION COMPANY, INC. | 01-AUG-95 | TO | 01-MAR-97 | |
| | | | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 08-AUG-88 | TO | 01-AUG-95 | |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 08-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 29-JAN-64 | TO | 22-JAN-70 | |
| 8 | 101351 | 10800 SUD; MR FEE 852 #9 | S300 | ST. MARY ENERGY COMPANY | 01-MAR-04 | TO | 17-JAN-05 | 30-Plugged & Abandoned |
| | | | S231 | ST. MARY OPERATING COMPANY | 01-SEP-98 | TO | 01-MAR-04 | |
| | | | S083 | ST. MARY LAND & EXPL. COMPANY | 01-MAR-97 | TO | 01-SEP-98 | |
| | | | 2679 | HENRY PRODUCTION COMPANY, INC. | 01-AUG-95 | TO | 01-MAR-97 | |
| | | | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 15-AUG-88 | TO | 01-AUG-95 | |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 15-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 19-FEB-64 | TO | 22-JAN-70 | |
| 9 | 101819 | 10800 SUF; MR FEE 852 #10 | 6138 | UNION PRODUCING COMPANY | 22-MAR-64 | TO | 29-JUL-88 | 29-Dry & Plugged |
| 10 | 126518 | MR FEE 852 #12 | 6138 | UNION PRODUCING COMPANY | 23-OCT-68 | TO | 20-NOV-68 | 29-Dry & Plugged |
| 11 | 126840 | 10800 SUE; MR FEE 852 #11 | 6138 | UNION PRODUCING COMPANY | 15-NOV-68 | TO | ? | 03-Permit Expired |
| 12 | 127087 | MR FEE 852 #13 | 6138 | UNION PRODUCING COMPANY | 03-DEC-68 | TO | 29-JUL-88 | 29-Dry & Plugged |
| 13 | 135523 | MR FEE 852 #14 | 4708 | PENNZOIL PRODUCING COMPANY | 04-DEC-70 | TO | 28-DEC-70 | 29-Dry & Plugged |

**Note: Pennzoil Producing Company changed their name to Pennzoil Expl. & Prod. 08/15/1988.
Union Producing Company changed their name to Pennzoil Producing Company 01/22/1970.
Some wells received this change after they were P&A'd. I did not reflect the change on those particular wells.**

EXHIBIT B

NON-CERTIFIED COPY

Golden Ranch
Sec. 36, 38, 63, T16, 17S, R21E
Larose Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 1, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 14 | 142318 | MR FEE 852 #11 | D151 | DEVON ENERGY PRODUCTION COMPANY LP | 01-JAN-00 | TO | 09-JAN-01 | 30-Plugged & Abandoned |
| | | | P172 | PENNZENERGY EXPLOR. & PROD. LLC | 01-MAR-99 | TO | 01-JAN-00 | |
| | | | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 15-AUG-88 | TO | 01-MAR-99 | |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 27-MAR-73 | TO | 15-AUG-88 | |
| 15 | 167160 | MR FEE 852 #16 | 4708 | PENNZOIL PRODUCING COMPANY | 21-JAN-80 | TO | ? | 03-Permit Expired |
| 16 | 169703 | MR FEE 852 #16 | 4708 | PENNZOIL PRODUCING COMPANY | 10-JUL-80 | TO | 21-AUG-80 | 29-Dry & Abandoned |
| 17 | 222658 | 10800 RA SUG; MR FEE 852 #1 | M357 | MESA GULF COAST, LLC | 01-SEP-11 | TO | Current | 10-Active Producing |
| | | | T268 | TCHEFUNCTE NATURAL RESOURCES, LLC | 22-JUL-11 | TO | 01-SEP-11 | |
| | | | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 01-SEP-07 | TO | 22-JUL-11 | |
| | | | S300 | ST. MARY ENERGY COMPANY | 01-MAR-04 | TO | 01-SEP-07 | |
| | | | S231 | ST. MARY OPERATING COMPANY | 05-OCT-98 | TO | 01-MAR-04 | |
| 18 | 222659 | MR FEE #2 | S231 | ST. MARY OPERATING COMPANY | 05-OCT-98 | TO | 02-APR-99 | 03-Permit Expired |
| 19 | 239741 | CRIS I RJ SUA; DEVON MARR #1 | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 01-MAY-09 | TO | 30-AUG-09 | 29-Dry & Abandoned |
| 20 | 243080 | UL 1-4 RA SUA; DEVON-MARR #1 | S391 | SQUARE MILE ENERGY LLC | 07-APR-11 | TO | 21-APR-16 | 30-Plugged & Abandoned |
| 21 | 243081 | DEVON-MARR #2 | S391 | SQUARE MILE ENERGY LLC | 07-APR-11 | TO | 21-APR-16 | 30-Plugged & Abandoned |
| 22 | 244551 | CRIS I RL SUA; DEVON-MARR #3 | S391 | SQUARE MILE ENERGY LLC | 07-MAR-12 | TO | Current | 10-Active Producing |
| 23 | 245230 | DEVON-MARR A #1 | S391 | SQUARE MILE ENERGY LLC | 27-JUL-12 | TO | Current | 18-Temporary Plugged & Abandoned |

| SECTION 63, TOWNSHIP 17 SOUTH, RANGE 21 EAST | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 24 | 57800 | CHARLES E GHEENS B #1 | 2740 | HUMBLE OIL & REFINING COMPANY | 09-AUG-55 | TO | 26-SEP-55 | 29-Dry & Abandoned |
| 25 | 58548 | C E GHEENS B #1A | 2740 | HUMBLE OIL & REFINING COMPANY | 05-OCT-55 | TO | 09-SEP-70 | 30-Plugged & Abandoned |
| 26 | 59664 | CHARLES E GHEENS B #1-A-D | 2740 | HUMBLE OIL & REFINING COMPANY | 27-DEC-55 | TO | 04-JAN-58 | 30-Plugged & Abandoned |
| 27 | 60106 | C E GHEENS B #3 | 2740 | HUMBLE OIL & REFINING COMPANY | 25-JAN-56 | TO | 03-JUN-58 | 29-Dry & Abandoned |
| 28 | 62010 | C E GHEENS B #4 | 2740 | HUMBLE OIL & REFINING COMPANY | 20-JUN-56 | TO | 02-OCT-56 | 29-Dry & Abandoned |
| 29 | 63204 | C E GHEENS B #5 | 2740 | HUMBLE OIL & REFINING COMPANY | 26-SEP-56 | TO | 25-OCT-56 | 29-Dry & Abandoned |
| 30 | 68720 | CHARLES E GHEENS B #1-A-D | 2740 | HUMBLE OIL & REFINING COMPANY | 02-DEC-57 | TO | 09-SEP-70 | 30-Plugged & Abandoned |
| 31 | 75352 | CHARLES E GHEENS B #6 | 2740 | HUMBLE OIL & REFINING COMPANY | 08-JUN-59 | TO | 03-AUG-59 | 29-Dry & Abandoned |
| 32 | 81664 | UL4 RB SUB; C E GHEENS B #7 | 2740 | HUMBLE OIL & REFINING COMPANY | 10-OCT-60 | TO | 09-SEP-70 | 30-Plugged & Abandoned |
| 33 | 128275 | M J GHEENS HILL ET AL #1 | 5937 | TEXAS PACIFIC OIL COMPANY | 28-MAR-69 | TO | 26-APR-69 | 29-Dry & Abandoned |
| 34 | 151273 | C E GHEENS #1 | 4708 | PENNZOIL PRODUCING COMPANY | 10-FEB-76 | TO | 22-MAR-76 | 29-Dry & Abandoned |
| 35 | 154208 | MR FEE 852 #15 | 4708 | PENNZOIL PRODUCING COMPANY | 10-DEC-76 | TO | 16-JAN-77 | 29-Dry & Abandoned |
| 36 | 193493 | GHEENS FOUNDATION ET AL #1 | 1944 | FORMAN PETROLEUM CORPORATION | 26-JUL-84 | TO | 04-SEP-84 | 29-Dry & Abandoned |
| 37 | 198830 | GHEENS FOUNDATION ET AL #2 | 1944 | FORMAN PETROLEUM CORPORATION | 29-MAR-85 | TO | 15-APR-85 | 29-Dry & Abandoned |
| 38 | 205395 | CHARLES E GHEENS #1 | 2341 | HAMMAN OIL & REFINING COMPANY | 19-FEB-87 | TO | 09-APR-87 | 29-Dry & Abandoned |

**Note: Pennzoil Producing Company changed their name to Pennzoil Expl. & Prod. 08/15/1988. Union Producing Company changed their name to Pennzoil Producing Company 01/22/1970. Some wells received this change after they were P&A'd. I did not reflect the change on those particular wells.**

NON-CERTIFIED COPY

Golden Ranch
Sec. 36, 38, 63, T16, 17S, R21E
Larose Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 1, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 39 | 233662 | GHEENS FOUNDATION #1 | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 21-JUN-06 | TO | 11-NOV-09 | 30-Plugged & Abandoned |
| 40 | 234031 | GHEENS FOUNDATION #2 | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 28-AUG-06 | TO | 10-NOV-09 | 29-Dry & Abandoned |
| 41 | 245785 | UL1-2C RA SUA; GHEENS FNDATION #1 | S391 | SQUARE MILE ENERGY LLC | 10-DEC-12 | TO | Current | 10-Active Producing |

**Note: Pennzoil Producing Company changed their name to Pennzoil Expl. & Prod. 08/15/1988.**
**Union Producing Company changed their name to Pennzoil Producing Company 01/22/1970.**
**Some wells received this change after they were P&A'd. I did not reflect the change on those particular wells.**

FILED
MAY -1 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

EXHIBIT "B"

FILED



NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| SECTION 13, TOWNSHIP 15 SOUTH, RANGE 20 EAST | | | | | | | | |
| 1 | 20937 | GHEENS #1 | ? | AMERADA PETROLEUM CORPORATION | 09-FEB-38 | TO | 02-JUL-43 | 30-Plugged & Abandoned |
| 2 | 22809 | GHEENS #2 | ? | AMERADA PETROLEUM CORPORATION | 18-JUL-39 | TO | 07-FEB-52 | 30-Plugged & Abandoned |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| SECTION 37, TOWNSHIP 15 SOUTH, RANGE 20 EAST | | | | | | | | |
| 3 | 27892 | C E GHEENS #9 | ? | AMERADA PETROLEUM CORPORATION | 10-SEP-42 | TO | 28-NOV-42 | 29-Dry & Plugged |
| 4 | 29257 | C E GHEENS #12 | ? | AMERADA PETROLEUM CORPORATION | 05-APR-44 | TO | 24-MAY-47 | 30-Plugged & Abandoned |
| 5 | 33398 | GHEENS SWD #7 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 08-OCT-85 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 26-MAY-47 | TO | 25-JUL-69 | |
| 6 | 33967 | BDA 17 RA SU; GHEENS #14 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 20-PA-35 Temporary Inactive Well to be omitted from prod. report |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 01-JUL-96 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 28-AUG-47 | TO | 25-JUL-69 | |
| 7 | 34695 | BDA 14-B RC SU; GHEENS #15 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 21-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 24-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 19-DEC-47 | TO | 24-JUL-69 | |
| 8 | 35198 | C E GHEENS #17 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 08-JAN-74 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 23-MAR-48 | TO | 25-JUL-69 | |
| 9 | 35998 | C E GHEENS #19 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 23-DEC-73 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 09-JUL-48 | TO | 25-JUL-69 | |
| 10 | 36165 | C E GHEENS #20 | ? | AMERADA PETROLEUM CORPORATION | 29-JUL-48 | TO | 31-DEC-55 | 30-Plugged & Abandoned |
| 11 | 36868 | C E GHEENS #21 | ? | AMERADA PETROLEUM CORPORATION | 28-OCT-48 | TO | 05-JUN-58 | 30-Plugged & Abandoned |
| 12 | 37708 | BDA G 3 RC SU; GHEENS #22 | 0176 | AMERADA HESS CORPORATION | 07-JAN-75 | TO | 27-MAR-92 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 07-JAN-75 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 22-MAR-49 | TO | 25-JUL-69 | |
| 13 | 37917 | BDA G-2 RC SU; GHEENS #23 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 06-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 27-APR-49 | TO | 25-JUL-69 | |

EXHIBIT "C"

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 14 | 38773 | BDA G-3 RC SU; GHEENS #26 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 11-JUN-94 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 16-AUG-49 | TO | 25-JUL-69 | |
| 15 | 40821 | GHEENS C E #31 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 02-JAN-74 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 23-MAY-50 | TO | 22-JUL-69 | |
| 16 | 41160 | BDA D-2 RB SU; GHEENS #33 | 0176 | AMERADA HESS CORPORATION | 15-NOV-71 | TO | 12-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 15-NOV-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-JUL-50 | TO | 25-JUL-69 | |
| 17 | 41463 | C E GHEENS #34 | ? | AMERADA PETROLEUM CORPORATION | 11-AUG-50 | TO | 13-SEP-50 | 29-Dry & Plugged |
| 18 | 44903 | C E GHEENS #35 | ? | AMERADA PETROLEUM CORPORATION | 18-DEC-51 | TO | 27-FEB-52 | 29-Dry & Plugged |
| 19 | 54922 | C E GHEENS #1 | 2740 | HUMBLE OIL & REFINING COMPANY | 21-DEC-54 | TO | 30-APR-55 | 29-Dry & Plugged |
| 20 | 56116 | C E GHEENS #39 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 23-NOV-73 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 01-APR-55 | TO | 25-JUL-69 | |
| 21 | 56117 | GHEENS DIST SWDS #2 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 06-OCT-85 | 29-Dry & Plugged |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 01-APR-55 | TO | 25-JUL-69 | |
| 22 | 57799 | C E GHEENS #2 | 2740 | HUMBLE OIL & REFINING COMPANY | 09-AUG-55 | TO | 29-OCT-55 | 29-Dry & Plugged |
| 23 | 68131 | GHEENS SWD SYSTEMS #5 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 17-AUG-89 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 09-OCT-57 | TO | 25-JUL-69 | |
| 24 | 68316 | GHEENS SWD #10 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | 16-MAR-98 | 30-Plugged & Abandoned |
| | | | D043 | DENBURY MANAGEMENT, INC. | 23-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 23-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 25-OCT-57 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 25 | 68563 | C E GHEENS #43 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 03-AUG-89 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 15-NOV-57 | TO | 22-JUL-69 | |
| 26 | 68621 | C E GHEENS #44 | ? | AMERADA PETROLEUM CORPORATION | 19-NOV-57 | TO | 07-FEB-58 | 29-Dry & Plugged |
| 27 | 69439 | C E GHEENS #42D | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | 16-MAR-98 | 30-Plugged & Abandoned |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 01-APR-89 | TO | 01-JUL-96 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 07-FEB-58 | TO | 01-APR-89 | |
| 28 | 73484 | GHEENS C E #45 | 0176 | AMERADA HESS CORPORATION | 04-NOV-71 | TO | 23-FEB-91 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 04-NOV-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 08-JAN-59 | TO | 25-JUL-69 | |
| 29 | 73485 | GHEENS C E #46 | 0176 | AMERADA HESS CORPORATION | 21-JUN-72 | TO | 15-JAN-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 21-JUN-72 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 08-JAN-59 | TO | 22-JUL-69 | |
| 30 | 74688 | C E GHEENS #46-D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 23-FEB-91 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 22-APR-59 | TO | 22-JUL-69 | |
| 31 | 75223 | GHEENS C E #46D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 05-JUN-72 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 29-MAY-59 | TO | 22-JUL-69 | |
| 32 | 75500 | BDA TEX M-1 1 RA SU; GHEENS #47 | 0176 | AMERADA HESS CORPORATION | 14-MAR-78 | TO | 26-JAN-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 14-MAR-78 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 18-JUN-59 | TO | 22-JUL-69 | |
| 33 | 75559 | STATE GHEENS UNIT #1 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 06-JAN-87 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 24-JUN-59 | TO | 22-JUL-69 | |
| 34 | 76583 | C E GHEENS #47-D | ? | AMERADA PETROLEUM CORPORATION | 10-SEP-59 | TO | 26-JAN-88 | 30-Plugged & Abandoned |
| 35 | 77308 | STATE GHEENS UNIT #1-D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 06-JAN-87 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 04-NOV-59 | TO | 22-JUL-69 | |
| 36 | 83918 | GHEENS C E #23-D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 06-JAN-87 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 30-MAR-61 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 37 | 84549 | C E GHEENS #41D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 01-AUG-70 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-MAY-61 | TO | 22-JUL-69 | |
| 38 | 84581 | C E GHEENS #17-D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 08-JAN-74 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 11-MAY-61 | TO | 22-JUL-69 | |
| 39 | 84582 | C E GHEENS #22-D | 0176 | AMERADA HESS CORPORATION | 01-DEC-76 | TO | 27-MAR-92 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 01-DEC-76 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 11-MAY-61 | TO | 22-JUL-69 | |
| 40 | 84594 | C E GHEENS #14D | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 22-Reverted to Single Completion |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 01-DEC-76 | TO | 01-JUL-96 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 12-MAY-61 | TO | 01-DEC-76 | |
| 41 | 84641 | C E GHEENS #33D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 12-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 16-MAY-61 | TO | 22-JUL-69 | |
| 42 | 85523 | C E GHEENS #48 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 20-PA-35 Temporary Inactive Well to be omitted from prod. report |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 11-JUL-61 | TO | 22-JUL-69 | |
| 43 | 85524 | BDA G-3 RD SU; GHEENS #49 | 0176 | AMERADA HESS CORPORATION | 10-JUL-72 | TO | 03-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 10-JUL-72 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 11-JUL-61 | TO | 22-JUL-69 | |
| 44 | 86814 | BDA 3 RD SU; GHEENS #49D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 03-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 27-SEP-61 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 45 | 86867 | C E GHEENS #48D | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 22-Reverted to Single Completion |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 29-SEP-61 | TO | 25-JUL-69 | |
| 46 | 88846 | C E GHEENS #50 | 0176 | AMERADA HESS CORPORATION | 01-OCT-90 | TO | 12-FEB-91 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 01-OCT-90 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 13-FEB-62 | TO | 22-JUL-69 | |
| 47 | 89320 | BDA 3 RF SU; GHEENS #51 | 0176 | AMERADA HESS CORPORATION | 06-FEB-73 | TO | 05-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 06-FEB-73 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 20-MAR-62 | TO | 22-JUL-69 | |
| 48 | 89728 | C E GHEENS #52 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 30-APR-73 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 30-APR-73 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 16-APR-62 | TO | 22-JUL-69 | |
| 49 | 90054 | C E GHEENS #53 | ? | AMERADA PETROLEUM CORPORATION | 07-MAY-62 | TO | 10-MAY-64 | 30-Plugged & Abandoned |
| 50 | 90253 | SD 3 PR; C E GHEENS #51-D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 05-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 18-MAY-62 | TO | 22-JUL-69 | |
| 51 | 90496 | C E GHEENS #54 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 29-JAN-88 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 05-JUN-62 | TO | 22-JUL-69 | |
| 52 | 90519 | C E GHEENS #52D | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 22-Reverted to Single Completion |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 06-JUN-62 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 53 | 90825 | C E GHEENS #55 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 28-JUL-70 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 22-JUN-62 | TO | 14-OCT-69 | |
| 54 | 90888 | C E GHEENS #53D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 12-NOV-73 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 26-JUN-62 | TO | 22-JUL-69 | |
| 55 | 91893 | C E GHEENS #31D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 20-DEC-73 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 23-AUG-62 | TO | 22-JUL-69 | |
| 56 | 92442 | BDA 14B RB SU; C E GHEENS #54D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 29-JAN-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 27-SEP-62 | TO | 22-JUL-69 | |
| 57 | 96403 | BDA 14-B RC SU; GHEENS #15D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 21-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 28-MAY-63 | TO | 22-JUL-69 | |
| 58 | 107239 | BDA T M-1 #2 RA SU; GHEENS #56 | 0176 | AMERADA HESS CORPORATION | 25-JUN-74 | TO | 15-AUG-89 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 25-JUN-74 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 19-JAN-65 | TO | 22-JUL-69 | |
| 59 | 108097 | C E GHEENS #56D | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 15-AUG-89 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 16-MAR-65 | TO | 22-JUL-69 | |
| 60 | 109013 | BDA 14-B RB SU; GHEENS #57 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 07-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 07-MAY-65 | TO | 22-JUL-69 | |
| 61 | 110914 | GHEENS C E #59 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 07-JAN-87 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 12-AUG-65 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 62 | 111017 | BDA G-3 RC SU; GHEENS #58 | 0176 | AMERADA HESS CORPORATION | 01-OCT-71 | TO | 19-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 01-OCT-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 17-AUG-65 | TO | 22-JUL-69 | |
| 63 | 111466 | GHEENS C E #61 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 04-MAR-91 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 15-SEP-65 | TO | 22-JUL-69 | |
| 64 | 111486 | GHEENS C E #57D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 07-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 16-SEP-65 | TO | 22-JUL-69 | |
| 65 | 111487 | BDA 3 RE SU; GHEENS #58D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 19-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 16-SEP-65 | TO | 22-JUL-69 | |
| 66 | 111897 | B N 1 RB VUA; C E GHEENS #62 | 0176 | AMERADA HESS CORPORATION | 03-SEP-71 | TO | 12-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 03-SEP-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 08-OCT-65 | TO | 22-JUL-69 | |
| 67 | 111934 | GHEENS C E #59-D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 07-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 12-OCT-65 | TO | 22-JUL-69 | |
| 68 | 111953 | BDA G2 RB SU; GHEENS #63 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 06-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 13-OCT-64 | TO | 22-JUL-69 | |
| 69 | 112000 | BDA BN-1 RC SU; GHEENS #64 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 06-OCT-85 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 14-OCT-65 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 70 | 112483 | BDA CIB OP C 3 B RA SU; GHEENS #65 | 0176 | AMERADA HESS CORPORATION | 13-FEB-79 | TO | 08-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 13-FEB-79 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-NOV-65 | TO | 22-JUL-69 | |
| 71 | 112484 | GHEENS C E #61D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 04-MAR-91 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-NOV-65 | TO | 22-JUL-69 | |
| 72 | 113157 | LWR G-1 VUA; C E GHEENS #62D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 12-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 17-DEC-65 | TO | 22-JUL-69 | |
| 73 | 113386 | BDA 3 RC SU; GHEENS #66 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 08-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 06-JAN-66 | TO | 22-JUL-69 | |
| 74 | 113495 | C E GHEENS #63D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 06-JAN-87 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 13-JAN-66 | TO | 22-JUL-69 | |
| 75 | 113797 | GHEENS SWD #6 | 0176 | AMERADA HESS CORPORATION | 17-MAR-82 | TO | 08-OCT-85 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 17-MAR-82 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 08-FEB-66 | TO | 22-JUL-69 | |
| 76 | 114419 | 7200 VUA; C E GHEENS #68 | 0176 | AMERADA HESS CORPORATION | 10-AUG-73 | TO | 11-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 10-AUG-73 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 28-MAR-66 | TO | 22-JUL-69 | |
| 77 | 114907 | TT RB SUA; GHEENS #68D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 11-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 03-MAY-66 | TO | 22-JUL-69 | |
| 78 | 115161 | C E GHEENS #69 | ? | AMERADA PETROLEUM CORPORATION | 20-MAY-66 | TO | 27-MAY-66 | 29-Dry & Plugged |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 79 | 115288 | C E GHEENS #70 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 02-SEP-89 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 31-MAY-66 | TO | 22-JUL-69 | |
| 80 | 115455 | BDA G-2 RD SU; GHEENS #71 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 28-FEB-91 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 13-JUN-66 | TO | 22-JUL-69 | |
| 81 | 116132 | G E GHEENS #73 | ? | AMERADA PETROLEUM CORPORATION | 25-JUL-66 | TO | 25-AUG-66 | 29-Dry & Plugged |
| 82 | 116470 | MIO D-3 SUA; C E GHEENS #70-D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 02-SEP-89 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 12-AUG-66 | TO | 22-JUL-69 | |
| 83 | 116471 | GHEENS C E #71D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 28-FEB-91 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 12-AUG-66 | TO | 22-JUL-69 | |
| 84 | 116601 | C E GHEENS #74 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 20-DEC-73 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 23-AUG-66 | TO | 22-JUL-69 | |
| 85 | 116865 | GHEENS SWD #8 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 20-AUG-89 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 13-SEP-66 | TO | 22-JUL-69 | |
| 86 | 117375 | C E GHEENS #76 | ? | AMERADA PETROLEUM CORPORATION | 20-OCT-66 | TO | 30-OCT-66 | 29-Dry & Plugged |
| 87 | 117650 | GHEENS SWD #9 | 0176 | AMERADA HESS CORPORATION | 04-MAY-80 | TO | 20-AUG-89 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 04-MAY-80 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-NOV-66 | TO | 22-JUL-69 | |
| 88 | 121984 | C E GHEENS #77 | ? | AMERADA PETROLEUM CORPORATION | 20-OCT-67 | TO | 28-NOV-67 | 29-Dry & Plugged |
| 89 | 122633 | GHEENS C E #78 | 0176 | AMERADA HESS CORPORATION | 27-FEB-73 | TO | 10-OCT-85 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 27-FEB-73 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 06-DEC-67 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 90 | 124074 | GHEENS C E #79 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 24-FEB-76 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 16-APR-68 | TO | 22-JUL-69 | |
| 91 | 124075 | C E GHEENS #80 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-FEB-88 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 16-APR-68 | TO | 22-JUL-69 | |
| 92 | 124559 | C E GHEENS #81 | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-MAR-98 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 24-MAY-68 | TO | 22-JUL-69 | |
| 93 | 124718 | GHEENS C E #80D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 09-FEB-88 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-JUN-68 | TO | 22-JUL-69 | |
| 94 | 124719 | BDA D-2 RC SU; GHEENS #82 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 09-FEB-91 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-JUN-68 | TO | 22-JUL-69 | |
| 95 | 124720 | C E GHEENS #83 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 06-OCT-85 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-JUN-68 | TO | 22-JUL-69 | |
| 96 | 125362 | C E GHEENS #81D | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-MAR-98 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 31-JUL-68 | TO | 22-JUL-69 | |
| 97 | 125419 | C E GHEENS #84 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 22-Reverted to Single Completion |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 28-MAR-72 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 28-MAR-72 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 02-AUG-68 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 98 | 125941 | BDA 14-B RA SU; GHEENS #84-D | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 10-SEP-68 | TO | 22-JUL-69 | |
| 99 | 131492 | GHEENS C E #85 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 31-MAR-92 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 31-DEC-69 | TO | 09-AUG-71 | |
| | | | ? | PAN AMERICAN PETROLEUM CORPORATION | 09-DEC-69 | TO | 31-DEC-69 | |
| 100 | 131586 | C E GHEENS A #1 | 0188 | AMOCO PRODUCTION COMPANY | 01-FEB-71 | TO | 11-JAN-89 | 30-Plugged & Abandoned |
| | | | ? | PAN AMERICAN PETROLEUM CORPORATION | 16-DEC-69 | TO | 01-FEB-71 | |
| 101 | 131743 | C E GHEENS A #2 | 0188 | AMOCO PRODUCTION COMPANY | 01-FEB-71 | TO | 28-DEC-88 | 30-Plugged & Abandoned |
| | | | ? | PAN AMERICAN PETROLEUM CORPORATION | 31-DEC-69 | TO | 01-FEB-71 | |
| 102 | 131744 | C E GHEENS A #3 | 0188 | AMOCO PRODUCTION COMPANY | 01-FEB-71 | TO | 12-MAR-74 | 30-Plugged & Abandoned |
| | | | ? | PAN AMERICAN PETROLEUM CORPORATION | 31-DEC-69 | TO | 01-FEB-71 | |
| 103 | 131785 | C E GHEENS A #1-D | 0188 | AMOCO PRODUCTION COMPANY | 01-FEB-71 | TO | 11-JAN-89 | 30-Plugged & Abandoned |
| | | | ? | PAN AMERICAN PETROLEUM CORPORATION | 05-JAN-70 | TO | 01-FEB-71 | |
| 104 | 132072 | GHEENS C E #85D | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 31-MAR-92 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 04-FEB-70 | TO | 09-AUG-71 | |
| 105 | 132171 | C E GHEENS #86 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | 26-APR-08 | 30-Plugged & Abandoned |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 12-FEB-70 | TO | 09-AUG-71 | |
| 106 | 142472 | BDA M1 RA SU; GHEENS #87 | 0176 | AMERADA HESS CORPORATION | 27-APR-73 | TO | 06-AUG-89 | 30-Plugged & Abandoned |
| 107 | 142473 | BDA M-1 RC SU; GHEENS #88 | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 23-FEB-98 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 27-APR-73 | TO | 01-JUL-96 | |
| 108 | 142732 | BIG N 1 RB SUA; C E GHEENS #89 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 05-JUN-73 | TO | 01-JUL-96 | |
| 109 | 142837 | C E GHEENS #88-D | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 23-FEB-98 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 18-JUN-73 | TO | 01-JUL-96 | |

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 110 | 142992 | BDA 17 RB SU; GHEENS #90 | 0176 | AMERADA HESS CORPORATION | 10-JUL-73 | TO | 06-APR-92 | 30-Plugged & Abandoned |
| 111 | 143184 | BDA G 2 RE SU; GHEENS #91 | 0176 | AMERADA HESS CORPORATION | 03-AUG-73 | TO | 09-AUG-89 | 30-Plugged & Abandoned |
| 112 | 143281 | C E GHEENS #92 | 0176 | AMERADA HESS CORPORATION | 14-AUG-73 | TO | 26-AUG-73 | 29-Dry & Plugged |
| 113 | 143407 | C E GHEENS #93 | 0176 | AMERADA HESS CORPORATION | 28-AUG-73 | TO | 04-SEP-73 | 29-Dry & Plugged |
| 114 | 143563 | BDA G3 RE SU; GHEENS #90D | 0176 | AMERADA HESS CORPORATION | 17-SEP-73 | TO | 06-APR-92 | 30-Plugged & Abandoned |
| 1 | 154382 | C E GHEENS #96 | 0176 | AMERADA HESS CORPORATION | 28-DEC-76 | TO | 06-JUL-77 | 29-Dry & Plugged |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 15 | | | | | | | | |
| 116 | 154522 | C E GHEENS #97 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 14-JAN-77 | TO | 01-JUL-96 | |
| 117 | 178419 | C E GHEENS #102 | 0176 | AMERADA HESS CORPORATION | 05-NOV-81 | TO | ? | 03-Permit Expired |
| 118 | 185323 | GHEENS #1 | ? | W.W.F. OIL CORP & AMERADA HESS | 18-MAR-83 | TO | 12-MAY-83 | 29-Dry & Plugged |
| 119 | 195630 | C E GHEENS #102 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 31-Shut-In Dry Hole-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 16-OCT-84 | TO | 01-JUL-96 | |
| 120 | 195841 | C E GHEENS #103 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-OCT-84 | TO | 01-JUL-96 | |
| 121 | 197118 | C E GHEENS #104 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 10-DEC-84 | TO | 01-JUL-96 | |
| 122 | 204744 | C E GHEENS #105 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 15-OCT-86 | TO | 01-JUL-96 | |
| 123 | 204745 | C E GHEENS #106 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 10-Active Producing |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 15-OCT-86 | TO | 01-JUL-96 | |
| 12 | 205598 | C E GHEENS #107 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 4 | | | | | | | | |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 26-MAR-87 | TO | 01-JUL-96 | |
| 125 | 205599 | C E GHEENS #108 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 26-MAR-87 | TO | 01-JUL-96 | |
| 126 | 205600 | C E GHEENS #109 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 34-Shut In Productive-No Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 26-MAR-87 | TO | 01-JUL-96 | |

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | TO | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 127 | 205601 | C E GHEENS #110 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 26-MAR-87 | TO | 01-JUL-96 | |
| 128 | 205767 | C E GHEENS #111 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 27-APR-87 | TO | 01-JUL-96 | |
| 129 | 205801 | C E GHEENS #112 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 30-APR-87 | TO | 01-JUL-96 | |
| 130 | 206040 | C E GHEENS #113 | 0176 | AMERADA HESS CORPORATION | 08-JUN-87 | TO | 13-APR-92 | 30-Plugged & Abandoned |
| 131 | 206041 | C E GHEENS #114 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | 0176 | AMERADA HESS CORPORATION | 08-JUN-87 | TO | 01-JUL-96 | |
| 132 | 207203 | C E GHEENS SWD #115 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 09-Active Injection |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 03-NOV-87 | TO | 01-JUL-96 | |
| 133 | 207261 | C E GHEENS #116 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 10-NOV-87 | TO | 01-JUL-96 | |
| 134 | 207262 | C E GHEENS #117 | 0176 | AMERADA HESS CORPORATION | 10-NOV-87 | TO | 29-DEC-87 | 29-Dry & Plugged |
| 135 | 207417 | C E GHEENS #118 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 04-DEC-87 | TO | 01-JUL-96 | |
| 136 | 207739 | C E GHEENS #119 | 0176 | AMERADA HESS CORPORATION | 25-JAN-88 | TO | 28-JUN-94 | 30-Plugged & Abandoned |
| 137 | 207740 | C E.GHEENS #122 | 0176 | AMERADA HESS CORPORATION | 25-JAN-88 | TO | 03-JUN-94 | 30-Plugged & Abandoned |
| 138 | 207741 | C E GHEENS #124 | 0176 | AMERADA HESS CORPORATION | 25-JAN-88 | TO | 16-MAR-88 | 29-Dry & Plugged |
| 139 | 207742 | BIG N 1 RA SUA; SL348 #16 ALT | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JAN-88 | TO | 01-JUL-96 | |
| 140 | 208093 | C E GHEENS #121 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 05-APR-88 | TO | 01-JUL-96 | |
| 14 | 208094 | C E GHEENS #125 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 05-APR-88 | TO | 01-JUL-96 | |

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 142 | 208324 | BN G2 SUA; C E GHEENS #120 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 10-Active Producing |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 18-MAY-88 | TO | 01-JUL-96 | |
| 143 | 215258 | C E GHEENS #123 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 10-Active Producing |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 08-DEC-92 | TO | 01-JUL-96 | |
| 144 | 237079 | C E GHEENS #128 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 01-FEB-08 | TO | Current | 33-Shut In Productive-Future Utility |
| 145 | 237082 | C E GHEENS #129 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 01-FEB-08 | TO | 20-APR-08 | 29-Dry & Plugged |
| 146 | 237083 | C E GHEENS #130 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 01-FEB-08 | TO | ? | 03-Permit Expired |
| 147 | 239908 | C E GHEENS #130 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 18-JUN-09 | TO | Current | 10-Active Producing |
| 148 | 249637 | 11300 RB SUA; BDA-GHEENS FDN #1 | S391 | SQUARE MILE ENERGY, LLC | 13-JUN-16 | TO | Current | 01-Permitted |
| 149 | 970034 | C E GHEENS SWD #4 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 09-Active-Injection |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 25-SEP-67 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

| SECTION 39, TOWNSHIP 15 SOUTH, RANGE 21 EAST | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 150 | 28980 | C E GHEENS #11 | ? | AMERADA PETROLEUM CORPORATION | 03-DEC-43 | TO | 23-JUN-45 | 30-Plugged & Abandoned |
| 151 | 38575 | C E GHEENS #25 | ? | AMERADA PETROLEUM CORPORATION | 21-JUL-49 | TO | 25-AUG-49 | 29-Dry & Plugged |
| 152 | 39074 | C E GHEENS #27 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 31-DEC-73 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 19-SEP-49 | TO | 25-JUL-69 | |
| 153 | 40494 | C E GHEENS #29 | ? | AMERADA PETROLEUM CORPORATION | 05-APR-50 | TO | 03-MAY-50 | 29-Dry & Plugged |
| 154 | 109671 | C E GHEENS #60 | ? | AMERADA PETROLEUM CORPORATION | 14-JUN-65 | TO | 26-JUL-65 | 29-Dry & Plugged |
| 155 | 115907 | C E GHEENS #72 | ? | AMERADA PETROLEUM CORPORATION | 12-JUL-66 | TO | 26-JUL-66 | 29-Dry & Plugged |
| 156 | 154381 | C E GHEENS #95 | ? | AMERADA HESS CORPORATION | 28-DEC-76 | TO | 03-APR-77 | 29-Dry & Plugged |
| 157 | 158715 | 11300 RA SUA; GHEENS #98 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 20-PA-35 Temporary Inactive Well to be omitted from prod. report |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 14-MAR-78 | TO | 01-JUL-96 | |

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 15 | 161191 | MR FEE 852 #1 | D151 | DEVON ENERGY PRODUCTION COMPANY LP | 01-JAN-00 | TO | 15-AUG-07 | 30-Plugged & Abandoned |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 8 | | | | | | | | |
| | | | P172 | PENNZENERGY EXPLOR. & PROD. LLC | 01-MAR-99 | TO | 01-JAN-00 | |
| | | | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 15-AUG-88 | TO | 01-MAR-99 | |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 27-SEP-78 | TO | 15-AUG-88 | |
| 159 | 165911 | 18 RA SUA; C E GHEENS #99 | 0176 | AMERADA HESS CORPORATION | 26-OCT-79 | TO | 18-APR-92 | 30-Plugged & Abandoned |
| 160 | 169407 | 11300 RA SUB; GHEENS #100 | 0176 | AMERADA HESS CORPORATION | 24-JUN-80 | TO | 09-APR-92 | 30-Plugged & Abandoned |
| 161 | 178686 | 11300 RA SUD; GHEENS #101 | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 11-FEB-98 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 19-NOV-81 | TO | 01-JUL-96 | |
| 162 | 210978 | 11300 RA SUB; C E GHEENS #126 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 20-PA-35 Temporary Inactive Well to be omitted from prod. report |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 16-NOV-89 | TO | 01-JUL-96 | |
| 163 | 215066 | 11300 RA SUB; CE GHEENS #127 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 33-Shut In Productive-Future Utility |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 15-OCT-92 | TO | 01-JUL-96 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | SECTION 56, TOWNSHIP 15 SOUTH, RANGE 20 EAST | | | | | |
| 164 | 23323 | C E GHEENS SWD #3 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 02-OCT-85 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 03-NOV-39 | TO | 25-JUL-69 | |
| 165 | 24099 | GHEENS DIST. SWDS #1 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 30-SEP-85 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 19-APR-40 | TO | 22-JUL-69 | |
| 16 | 25009 | GHEENS #5 | ? | AMERADA PETROLEUM CORPORATION | 21-OCT-40 | TO | 24-FEB-51 | 30-Plugged & Abandoned |

NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6 | | | | | | | | | |
| 167 | 26186 | G E GHEENS #6 | T029 | TEXAS PETROLEUM INVESTMENT COMPANY | 10-DEC-98 | TO | Current | 20-PA-35 Temporary Inactive Well to be omitted from prod. report |
| | | | D043 | DENBURY MANAGEMENT, INC. | 01-JUL-96 | TO | 10-DEC-98 | |
| | | | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 01-JUL-96 | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 02-JUL-41 | TO | 25-JUL-69 | |
| 168 | 27002 | C E GHEENS #7 | ? | AMERADA PETROLEUM CORPORATION | 08-DEC-41 | TO | 04-MAR-52 | 30-Plugged & Abandoned |
| 169 | 27512 | C E GHEENS #8 | ? | AMERADA PETROLEUM CORPORATION | 11-MAY-42 | TO | 09-OCT-42 | 29-Dry & Plugged |

NON-CERTIFIED COPY

Golden Ranch
Sec. 13, 37, 39, 56 T15S, R20, 21E
Bayou Des Allemands Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 2, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 170 | 28616 | G E GHEENS #10 | ? | AMERADA PETROLEUM CORPORATION | 21-JUL-43 | TO | 14-NOV-43 | 29-Dry & Plugged |
| 171 | 35197 | G E GHEENS #16 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 01-DEC-73 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 23-MAR-48 | TO | 25-JUL-69 | |
| 172 | 35837 | C E GHEENS #18 | ? | AMERADA PETROLEUM CORPORATION | 16-JUN-48 | TO | 05-AUG-48 | 29-Dry & Plugged |
| 173 | 38223 | C E GHEENS #24 | ? | AMERADA PETROLEUM CORPORATION | 09-JUN-49 | TO | 27-JUL-49 | 29-Dry & Plugged |
| 174 | 40098 | BDA M-1RA SU; GHEENS #28 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 21-JUN-94 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 25-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 31-JAN-50 | TO | 25-JUL-69 | |
| 175 | 40687 | C E GHEENS #30 | ? | AMERADA PETROLEUM CORPORATION | 03-MAY-50 | TO | 06-JUN-58 | 30-Plugged & Abandoned |
| 176 | 40970 | C E GHEENS #32 | ? | AMERADA PETROLEUM CORPORATION | 14-JUN-50 | TO | 08-JAN-87 | 29-Dry & Plugged |
| 177 | 45373 | C E GHEENS #36 | ? | AMERADA PETROLEUM CORPORATION | 06-MAR-52 | TO | ? | 03-Permit Expired |
| 178 | 47049 | C E GHEENS #36 | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 30-NOV-73 | 30-Plugged & Abandoned |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | ? | AMERADA PETROLEUM CORPORATION | 15-OCT-52 | TO | 22-JUL-69 | |
| 17 | 51140 | C-3 SUA; C E GHEENS #37 | 0176 | AMERADA HESS CORPORATION | 09-AUG-71 | TO | 13-MAR-91 | 30-Plugged & Abandoned |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 9 | | | | | | | | |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-AUG-71 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | 7 | AMERADA PETROLEUM CORPORATION | 01-FEB-54 | TO | 22-JUL-69 | |
| 180 | 51350 | C E GHEENS #38 | 0176 | AMERADA HESS CORPORATION | 09-SEP-80 | TO | 09-OCT-85 | 30-Plugged & Abandoned |
| | | | 0179 | AMERADA DIV. AMERADA HESS CORPORATION | 14-OCT-69 | TO | 09-SEP-80 | |
| | | | 0176 | AMERADA HESS CORPORATION | 22-JUL-69 | TO | 14-OCT-69 | |
| | | | 7 | AMERADA PETROLEUM CORPORATION | 22-FEB-54 | TO | 22-JUL-69 | |

NON-CERTIFIED COPY

Golden Ranch
Sec. 36, 38, 63, T16, 17S, R21E
Larose Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 1, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| SECTION 36, TOWNSHIP 16 SOUTH, RANGE 21 EAST | | | | | | | | |
| 1 | 80246 | 10800 SUB R FEE 852 #4 | 4708 | PENNZOIL EXPL & PROD COMPANY | 15-AUG-88 | TO | 26-APR-75 | 30-Plugged & Abandoned |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 15-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 05-JUL-60 | TO | 22-JAN-70 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| SECTION 38, TOWNSHIP 16 SOUTH, RANGE 21 EAST | | | | | | | | |
| 2 | 76150 | MR FEE 852 #1 | 6138 | UNION PRODUCING COMPANY | 04-AUG-59 | TO | 18-MAR-66 | 30-Plugged & Abandoned |
| 3 | 77612 | MR FEE 852 #2 | 6138 | UNION PRODUCING COMPANY | 23-NOV-59 | TO | 05-MAY-66 | 30-Plugged & Abandoned |
| 4 | 79109 | 10800 SUA MR FEE 852 #3 | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 28-JUN-76 | 30-Plugged & Abandoned |
| | | | 6138 | UNION PRODUCING COMPANY | 05-APR-60 | TO | 22-JAN-70 | |
| 5 | 81055 | 10800 SUC; MR FEE 852 #5 | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 01-JUL-76 | 30-Plugged & Abandoned |
| | | | 6138 | UNION PRODUCING COMPANY | 29-AUG-60 | TO | 22-JAN-70 | |
| 6 | 83327 | MR FEE 852 #6 | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 15-AUG-88 | TO | 29-JUL-88 | 30-Plugged & Abandoned |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 15-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 13-FEB-61 | TO | 22-JAN-70 | |
| 7 | 101024 | MR FEE 852 SWD #8 | M857 | MESA GULF COAST, LLC | 01-SEP-11 | TO | Current | 09-Active Injection |
| | | | T268 | TCHEFUNCTE NATURAL RESOURCES, LLC | 22-JUL-11 | TO | 01-SEP-11 | |
| | | | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 01-SEP-07 | TO | 22-JUL-11 | |
| | | | S300 | ST. MARY ENERGY COMPANY | 01-MAR-04 | TO | 01-SEP-07 | |
| | | | S231 | ST. MARY OPERATING COMPANY | 01-SEP-98 | TO | 01-MAR-04 | |
| | | | S083 | ST. MARY LAND & EXPL. COMPANY | 01-MAR-97 | TO | 01-SEP-98 | |
| | | | 2679 | HENRY PRODUCTION COMPANY, INC. | 01-AUG-95 | TO | 01-MAR-97 | |
| | | | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 08-AUG-88 | TO | 01-AUG-95 | |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 08-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 29-JAN-64 | TO | 22-JAN-70 | |
| 8 | 101351 | 10800 SUD; MR FEE 852 #9 | S300 | ST. MARY ENERGY COMPANY | 01-MAR-04 | TO | 17-JAN-05 | 30-Plugged & Abandoned |
| | | | S231 | ST. MARY OPERATING COMPANY | 01-SEP-98 | TO | 01-MAR-04 | |
| | | | S083 | ST. MARY LAND & EXPL. COMPANY | 01-MAR-97 | TO | 01-SEP-98 | |
| | | | 2679 | HENRY PRODUCTION COMPANY, INC. | 01-AUG-95 | TO | 01-MAR-97 | |
| | | | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 15-AUG-88 | TO | 01-AUG-95 | |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 22-JAN-70 | TO | 15-AUG-88 | |
| | | | 6138 | UNION PRODUCING COMPANY | 19-FEB-64 | TO | 22-JAN-70 | |
| 9 | 101819 | 10800 SUF; MR FEE 852 #10 | 6138 | UNION PRODUCING COMPANY | 22-MAR-64 | TO | 29-JUL-88 | 29-Dry & Plugged |
| 10 | 126518 | MR FEE 852 #12 | 6138 | UNION PRODUCING COMPANY | 23-OCT-68 | TO | 20-NOV-68 | 29-Dry & Plugged |
| 11 | 126840 | 10800 SUE; MR FEE 852 #11 | 6138 | UNION PRODUCING COMPANY | 15-NOV-68 | TO | ? | 03-Permit Expired |
| 12 | 127087 | MR FEE 852 #13 | 6138 | UNION PRODUCING COMPANY | 08-DEC-68 | TO | 29-JUL-88 | 29-Dry & Plugged |
| 13 | 135523 | MR FEE 852 #14 | 4708 | PENNZOIL PRODUCING COMPANY | 04-DEC-70 | TO | 28-DEC-70 | 29-Dry & Plugged |

Note: Pennzoil Producing Company changed their name to Pennzoil Expl. & Prod. 08/15/1988. Union Producing Company changed their name to Pennzoil Producing Company 01/22/1970. Some wells received this change after they were P&A'd. I did not reflect the change on those particular wells.

NON-CERTIFIED COPY

Golden Ranch
Sec. 36, 38, 63; T16, 17S, R21E
Larose Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 1, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 14 | 142318 | MR FEE 852 #11 | D151 | DEVON ENERGY PRODUCTION COMPANY LP | 01-JAN-00 | TO | 09-JAN-01 | 30-Plugged & Abandoned |
| | | | P172 | PENNZENERGY EXPLOR. & PROD. LLC | 01-MAR-99 | TO | 01-JAN-00 | |
| | | | 4708 | PENNZOIL EXPL. & PROD. COMPANY | 15-AUG-88 | TO | 01-MAR-99 | |
| | | | 4708 | PENNZOIL PRODUCING COMPANY | 27-MAR-73 | TO | 15-AUG-88 | |
| 15 | 167160 | MR FEE 852 #16 | 4708 | PENNZOIL PRODUCING COMPANY | 21-JAN-80 | TO | ? | 03-Permit Expired |
| 16 | 169703 | MR FEE 852 #16 | 4708 | PENNZOIL PRODUCING COMPANY | 10-JUL-80 | TO | 21-AUG-80 | 29-Dry & Abandoned |
| 17 | 222658 | 10800 RA SUG; MR FEE 852 #1 | M357 | MESA GULF COAST, LLC | 01-SEP-11 | TO | Current | 10-Active Producing |
| | | | T268 | TCHEFUNCTE NATURAL RESOURCES, LLC | 22-JUL-11 | TO | 01-SEP-11 | |
| | | | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 01-SEP-07 | TO | 22-JUL-11 | |
| | | | S300 | ST. MARY ENERGY COMPANY | 01-MAR-04 | TO | 01-SEP-07 | |
| | | | S231 | ST. MARY OPERATING COMPANY | 05-OCT-98 | TO | 01-MAR-04 | |
| 18 | 222659 | MR FEE #2 | S231 | ST. MARY OPERATING COMPANY | 05-OCT-98 | TO | 02-APR-99 | 03-Permit Expired |
| 19 | 239741 | CRIS I RJ SUA; DEVON MARR #1 | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 01-MAY-09 | TO | 30-AUG-09 | 29-Dry & Abandoned |
| 20 | 243080 | UL 1-4 RA SUA; DEVON-MARR #1 | S391 | SQUARE MILE ENERGY LLC | 07-APR-11 | TO | 21-APR-16 | 30-Plugged & Abandoned |
| 21 | 243081 | DEVON-MARR #2 | S391 | SQUARE MILE ENERGY LLC | 07-APR-11 | TO | 21-APR-16 | 30-Plugged & Abandoned |
| 22 | 244551 | CRIS I RL SUA; DEVON-MARR #3 | S391 | SQUARE MILE ENERGY LLC | 07-MAR-12 | TO | Current | 10-Active Producing |
| 23 | 245230 | DEVON-MARR A #1 | S391 | SQUARE MILE ENERGY LLC | 27-JUL-12 | TO | Current | 18-Temporary Plugged & Abandoned |

| SECTION 63, TOWNSHIP 17 SOUTH, RANGE 21 EAST | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 24 | 57800 | CHARLES E GHEENS B #1 | 2740 | HUMBLE OIL & REFINING COMPANY | 09-AUG-55 | TO | 26-SEP-55 | 29-Dry & Abandoned |
| 25 | 58548 | C E GHEENS B #1A | 2740 | HUMBLE OIL & REFINING COMPANY | 05-OCT-55 | TO | 09-SEP-70 | 30-Plugged & Abandoned |
| 26 | 59664 | CHARLES E GHEENS B #1-A-D | 2740 | HUMBLE OIL & REFINING COMPANY | 27-DEC-55 | TO | 04-JAN-58 | 30-Plugged & Abandoned |
| 27 | 60106 | C E GHEENS B #3 | 2740 | HUMBLE OIL & REFINING COMPANY | 25-JAN-56 | TO | 03-JUN-58 | 29-Dry & Abandoned |
| 28 | 62010 | C E GHEENS B #4 | 2740 | HUMBLE OIL & REFINING COMPANY | 20-JUN-56 | TO | 02-OCT-56 | 29-Dry & Abandoned |
| 29 | 63204 | C E GHEENS B #5 | 2740 | HUMBLE OIL & REFINING COMPANY | 26-SEP-56 | TO | 25-OCT-56 | 29-Dry & Abandoned |
| 30 | 68720 | CHARLES E GHEENS B #1-A-D | 2740 | HUMBLE OIL & REFINING COMPANY | 02-DEC-57 | TO | 09-SEP-70 | 30-Plugged & Abandoned |
| 31 | 75352 | CHARLES E GHEENS B #6 | 2740 | HUMBLE OIL & REFINING COMPANY | 08-JUN-59 | TO | 03-AUG-59 | 29-Dry & Abandoned |
| 32 | 81664 | UL4 RB SUB; C E GHEENS B #7 | 2740 | HUMBLE OIL & REFINING COMPANY | 10-OCT-60 | TO | 09-SEP-70 | 30-Plugged & Abandoned |
| 33 | 128275 | M J GHEENS HILL ET AL #1 | 5937 | TEXAS PACIFIC OIL COMPANY | 28-MAR-69 | TO | 26-APR-69 | 29-Dry & Abandoned |
| 34 | 151273 | C E GHEENS #1 | 4708 | PENNZOIL PRODUCING COMPANY | 10-FEB-76 | TO | 22-MAR-76 | 29-Dry & Abandoned |
| 35 | 154208 | MR FEE 852 #15 | 4708 | PENNZOIL PRODUCING COMPANY | 10-DEC-76 | TO | 16-JAN-77 | 29-Dry & Abandoned |
| 36 | 193493 | GHEENS FOUNDATION ET AL #1 | 1944 | FORMAN PETROLEUM CORPORATION | 26-JUL-84 | TO | 04-SEP-84 | 29-Dry & Abandoned |
| 37 | 198830 | GHEENS FOUNDATION ET AL #2 | 1944 | FORMAN PETROLEUM CORPORATION | 29-MAR-85 | TO | 15-APR-85 | 29-Dry & Abandoned |
| 38 | 205395 | CHARLES E GHEENS #1 | 2341 | HAMMAN OIL & REFINING COMPANY | 19-FEB-87 | TO | 09-APR-87 | 29-Dry & Abandoned |

Note: Pennzoil Producing Company changed their name to Pennzoil Expl. & Prod. 08/15/1988.
Union Producing Company changed their name to Pennzoil Producing Company 01/22/1970.
Some wells received this change after they were P&A'd. I did not reflect the change on those particular wells.

NON-CERTIFIED COPY

Golden Ranch
Sec. 36, 38, 63, T16, 17S, R21E
Larose Field
Lafourche Parish, Louisiana

OPERATOR HISTORY

Talbot, Carmouche & Marcello
October 1, 2016

| | SERIAL # | WELL NAME | OPERATOR ID | OPERATOR | BEGIN DATE | | END DATED | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 39 | 233662 | GHEENS FOUNDATION #1 | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 21-JUN-06 | TO | 11-NOV-09 | 30-Plugged & Abandoned |
| 40 | 234031 | GHEENS FOUNDATION #2 | S322 | SAMSON CONTOUR ENERGY E&P, LLC | 28-AUG-06 | TO | 10-NOV-09 | 29-Dry & Abandoned |
| 41 | 245785 | UL1-2C RA SUA; GHEENS FNDATION #1 | S391 | SQUARE MILE ENERGY LLC | 10-DEC-12 | TO | Current | 10-Active Producing |

Note: Pennzoil Producing Company changed their name to Pennzoil Expl. & Prod. 08/15/1988.
Union Producing Company changed their name to Pennzoil Producing Company 01/22/1970.
Some wells received this change after they were P&A'd. I did not reflect the change on those particular wells.

NON-CERTIFIED COPY

# OPERATOR HISTORY

Golden Ranch
Valentine Field
LaFourche Parish, Louisiana

Talbot, Carmouche & Marcello

| | SERIAL # | WELL NAME | OP. ID | OPERATOR | FROM | | TO | WELL STATUS |
|---|---|---|---|---|---|---|---|---|
| 1 | 42800 | SC 3 SUI; South Coast Corp # 3 Alt | M357 | Mesa Gulf Coast LLC | 09/01/11 | | Current | Shut in Productive: Future Utility |
| | | | T268 | Tchefuncte Natural Resources, LLC | 07/22/11 | | 09/01/11 | |
| | | | S322 | Samson Contour Energy E&P, LLC | 03/01/04 | | 07/22/11 | |
| | | | 5273 | Samson Resources Company | 03/01/02 | | Current | |
| | | | P166 | Petroquest Energy, Inc. | 01/01/99 | | 03/01/02 | |
| | | | A024 | American Explorer, Inc. | 09/01/94 | | 01/01/99 | |
| | | | 4802 | Phillips Petroleum Company | 12/01/83 | | 09/01/94 | |
| | | | 4746 | Phillips Oil Company | 03/08/83 | | 12/01/83 | |
| | | | 1996 | General American Oil Company of Texas | 04/06/60 | | 03/08/83 | |
| | | | | Joe W. Brown | 03/05/51 | | 04/06/60 | |
| | | | | | | | | |
| 2 | 43375 | Gheens Realty # 1 | 4802 | Phillips Petroleum Company | 01/16/85 | | 10/10/89 | Plugged & Abandoned |
| | | | 4746 | Phillips Oil Company | 04/28/83 | | 01/16/85 | |
| | | | 1996 | General American Oil Company of Texas | 04/06/60 | | 04/28/83 | |
| | | | | Joe W. Brown | 03/05/51 | | 04/06/60 | |
| | | | | | | | | |
| 3 | 55784 | Gheens Realty # 2 | | Joe W. Brown | 03/09/55 | | 08/03/55 | Dry & Plugged |
| | | | | | | | | |
| 4 | 70262 | Gheens # 3 | | Joe W. Brown | 04/25/58 | | 05/31/58 | Dry & Plugged |
| | | | | | | | | |
| 5 | 76802 | C. E. Gheens # 4 | | Estate of Joe W. Brown | 09/28/59 | | 11/21/59 | Dry & Plugged |
| | | | | | | | | |
| 6 | 119239 | Gheens # 5 | 1996 | General American Oil Company of Texas | 03/21/67 | | 04/22/67 | Dry & Plugged |
| | | | | | | | | |
| 7 | 199160 | Gheens Estate # 1 | 5273 | Samson Resources Company | 04/25/85 | | 10/10/85 | Dry & Plugged |
| | | | | | | | | |

FILED
MAY -1 2017
CLERK OF COURT

NON-CERTIFIED COPY

EXHIBIT "D"




NON-CERTIFIED COPY



NON-CERTIFIED COPY



NON-CERTIFIED COPY



NON-CERTIFIED COPY



NON-CERTIFIED COPY




NON-CERTIFIED COPY

**TABLE 1**
**SOIL/SUBAQUEOUS DATA SUMMARY TABLE**
**Golden Ranch**
**PREPARED FOR TALBOT, CARMOUCHE, AND MARCELLO**



| | | | | METALS (mg/kg-DRY WT) | | | | | | | | | | SALTS | | | | | | | | pH (Standard units) | Percent Moisture (%) | PETROLEUM HYDROCARBONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sample ID | Depth | Date | Type of Sampler | Arsenic | Barium | TT Barium | Cadmium | Chromium | Lead | Selenium | Strontium | Zinc | Mercury | CEC (meq/100g) | EC (mmhos/cm) | ESP (%) | SAR (meq) | Soluble Calcium (meq) | Soluble Magnesium (meq) | Soluble Sodium (meq) | Leachate Chlorides (mg/L) | | | HEM Oil&Grease (%) | TPH-D (mg/kg-dry) | TPH-O (mg/kg-dry) | TPH-G (mg/kg/-dry) |
| Statewide Order 29B Wetland | | | | | na | | | | | | na | | | na | | | | na | na | na | | na | na | | na | na | |
| LDEQ RECAP Screening Standard | | | | 12 | 860 | na | 3.9 | 100 | 100 | na | na | 2300 | 2.3 | na | na | na | na | na | na | na | na | na | na | na | 65 | 180 | |
| SS-21 | 0-2.5' | 1-Feb-2017 | HAND AUGER | | 1780 | 5320 | 0.519 | 16.1 | 23.5 | <1.99 | 234 | 75 | 0.139 | 94.2 | | | | 2.75 | 1.58 | 70.5 | | 6.77 | 82.3 | 0.61 | 127 | 79.2 | na |
| SS-21 | 2.5-5' | 1-Feb-2017 | HAND AUGER | 7.4 | 897 | 1660 | <0.500 | 17.8 | 14.2 | <2.00 | 226 | 70.7 | <0.100 | 89.1 | | | | 4.85 | 1.92 | 201 | | 7.64 | 71.1 | 0.15 | 29 | 23.8 | na |
| SS-22 | 0-2' | 1-Feb-2017 | HAND AUGER | | 268 | 444 | <0.498 | 20.2 | 16.2 | <1.99 | 141 | 56.9 | <0.103 | 100 | | 9.4 | | 9.93 | 8.12 | 60.6 | | 6.84 | 81.4 | 0.32 | <10.0 | 13.8 | na |
| SS-22 | 2-4' | 1-Feb-2017 | HAND AUGER | 9.13 | 230 | 329 | 0.645 | 20.1 | 16.2 | <1.99 | 146 | 83.2 | <0.102 | 65.7 | | 21.1 | | 8.22 | 6.38 | 77 | | 7.39 | 69.5 | 0.19 | <10.0 | 11.9 | na |
| SS-23 | 0-2' | 1-Feb-2017 | HAND AUGER | 9.95 | 1430 | 4140 | 0.58 | 16.1 | 21.8 | <2.00 | 72.7 | 103 | <0.0975 | 68.5 | 2.8 | 1.54 | 5.2 | 6.6 | 5.66 | 12.9 | 133 | 6.89 | 75.2 | 0.47 | 16.7 | 15.4 | na |
| SS-23 | 2-4' | 1-Feb-2017 | HAND AUGER | 9.65 | 1420 | 3720 | 0.604 | 17.4 | 22.2 | <1.98 | 77.6 | 107 | <0.101 | 72.7 | 3.05 | 1.43 | 5.34 | 7.1 | 6.14 | 13.8 | 140 | 6.55 | 76.1 | 0.21 | 18.9 | 21.3 | na |
| SS-24 | 0-2' | 2-Feb-2017 | HAND AUGER | 6.48 | 2100 | 3400 | 0.52 | 31.5 | 36.2 | <2.00 | 82.5 | 69.4 | <0.103 | 49.1 | 5.91 | 6.65 | 11.5 | 10.9 | 7.55 | 35 | 332 | 7.28 | 63.9 | 0.46 | 208 | 66.6 | na |
| SS-24 | 2-4' | 2-Feb-2017 | HAND AUGER | 4.33 | 273 | 329 | <0.498 | 16.9 | 12.2 | <1.99 | 47.5 | 63.6 | <0.105 | 34.2 | 3.63 | 8.21 | 10.8 | 5.89 | 3.96 | 24 | 166 | 7.78 | 39.1 | <0.05 | 21.8 | 16.8 | na |
| SS-25 | 0-2' | 2-Feb-2017 | HAND AUGER | 5.81 | 934 | 1110 | <0.500 | 21.7 | 20.2 | <2.00 | 64.7 | 85.8 | <0.0982 | 59.4 | 5.68 | 5.42 | 11.2 | 9.22 | 9.4 | 34.2 | 263 | 6.63 | 67.9 | 0.15 | 58.7 | 66 | na |
| SS-25 | 2-4' | 2-Feb-2017 | HAND AUGER | 5.13 | 1570 | 2000 | 0.499 | 29.1 | 19.2 | <2.00 | 65.2 | 65.9 | <0.105 | 48.9 | 6.1 | 6.43 | 12.6 | 10.4 | 7.53 | 37.7 | 319 | 7.05 | 56.9 | 0.26 | 498 | 172 | na |
| SS-26 | 0-2' | 2-Feb-2017 | HAND AUGER | 7.27 | 376 | 466 | 0.539 | 15.6 | 12.5 | <2.00 | 57.1 | 63.6 | <0.0967 | 34.4 | 3.69 | 6.32 | 9.07 | 6.28 | 4.48 | 21 | 161 | 7.7 | 44.3 | 0.08 | 10.4 | 22.3 | na |
| SS-27 | 0-2' | 2-Feb-2017 | HAND AUGER | 7 | 264 | 351 | 0.546 | 16.5 | 13.1 | <1.98 | 49.1 | 63.8 | <0.0965 | 40.1 | 1.1 | 3.85 | 4.66 | 2.26 | 1.42 | 6.32 | 34.8 | 7.94 | 28.9 | na | na | na | na |
| SS-27 | 2-4' | 2-Feb-2017 | HAND AUGER | 4.6 | 209 | 281 | <0.497 | 17.6 | 13.1 | <1.99 | 50.1 | 67.1 | <0.104 | 39.1 | 1.1 | 3.11 | 4.31 | 2.48 | 1.25 | 5.89 | 32.7 | 7.78 | 29.4 | na | na | na | na |
| SS-27 | 4-6' | 2-Feb-2017 | HAND AUGER | 5.41 | 244 | 299 | 0.509 | 17.7 | 13.6 | <2.00 | 46.5 | 66.7 | <0.104 | 50.8 | 1.23 | 2.26 | 3.97 | 3.45 | 1.75 | 6.39 | 49.6 | 7.2 | 37.8 | na | na | na | na |
| SS-28 | 0-2' | 2-Feb-2017 | HAND AUGER | 5.3 | 435 | 503 | <0.498 | 15.7 | 12.7 | <1.99 | 37.4 | 60.6 | <0.0975 | 34.2 | 1.09 | 2.63 | 3.98 | 2.02 | 1.41 | 5.2 | 31 | 6.44 | 35.8 | <0.05 | 12.2 | 23.8 | na |
| SS-29 | 0-2' | 2-Feb-2017 | HAND AUGER | 7.43 | 2450 | | 0.595 | 49.1 | 32.5 | <1.98 | 99.2 | 96.5 | <0.0990 | 66.3 | | 6.48 | | 11.8 | 14.3 | 53.5 | | 7.18 | 79.6 | 0.21 | 119 | 59 | na |
| SS-29 | 2-4' | 2-Feb-2017 | HAND AUGER | 6.96 | 3930 | | <0.499 | 54.7 | 43 | <1.99 | 121 | 74.5 | <0.104 | 53.6 | 6.95 | 6.04 | 13 | 10.8 | 9.59 | 41.5 | 278 | 7.4 | 67.3 | 0.2 | 218 | 128 | na |
| SS-30 | 0-2' | 2-Feb-2017 | HAND AUGER | 6.5 | 994 | 1520 | 0.586 | 19.2 | 23.7 | <1.99 | 96.6 | 80.3 | 0.714 | 56.4 | | 3.34 | 10.9 | 25.5 | 17.7 | 50.5 | | 6.72 | 63.1 | 0.19 | 188 | 127 | na |
| SS-30 | 2-4' | 2-Feb-2017 | HAND AUGER | 7.7 | 615 | 953 | 0.628 | 21.6 | 23.2 | <1.99 | 102 | 116 | 1.41 | 60.3 | | 5.56 | 13.6 | 53.4 | 39 | 90.3 | | 6.4 | 66.5 | 0.25 | 208 | 149 | na |
| SS-31 | 0-2' | 2-Feb-2017 | HAND AUGER | 6.44 | 1160 | 1300 | 0.528 | 18 | 20.4 | <1.99 | 57.6 | 101 | <0.105 | 49.7 | 2.62 | 2.88 | 5.62 | 4.35 | 4.2 | 11.6 | 111 | 6.79 | 62.1 | 0.15 | 82.4 | 97.3 | na |
| SS-31 | 2-4' | 2-Feb-2017 | HAND AUGER | 5.66 | 1290 | 1490 | 0.508 | 19 | 25.5 | <1.99 | 79.2 | 89 | 0.12 | 57.2 | 3.21 | 3.29 | 9.12 | 4.87 | 4.02 | 19.2 | 158 | 6.55 | 59.7 | 0.22 | 151 | 149 | na |
| SS-32 | 0-2' | 2-Feb-2017 | HAND AUGER | 6.72 | 1140 | 1730 | 0.506 | 15.7 | 21.2 | <1.98 | 136 | 80.4 | 4.9 | 42.1 | 3.33 | 2.05 | 7.11 | 7.6 | 5.39 | 18.1 | 116 | 7.05 | 56.9 | 0.13 | 97.7 | 96.9 | na |
| SS-32 | 2-4' | 2-Feb-2017 | HAND AUGER | 7.24 | 1650 | 1230 | 0.556 | 22.2 | 30 | <1.98 | 90.9 | 73.2 | 0.925 | 59.8 | 4.16 | 2.77 | 8.17 | 8.36 | 5.76 | 21.7 | 225 | 6.75 | 62.3 | 0.27 | 340 | 142 | na |
| SS-33 | 0-2' | 2-Feb-2017 | HAND AUGER | 6.18 | 1270 | 1680 | 0.645 | 20.6 | 26 | <1.98 | 65.5 | 98.7 | <0.104 | 51.4 | 2.89 | 3.51 | 6.52 | 4.38 | 3.98 | 13.3 | 124 | 6.57 | 59.4 | 0.17 | 90.1 | 96.7 | na |
| SS-33 | 2-4' | 2-Feb-2017 | HAND AUGER | 6.49 | 1390 | 1450 | 0.57 | 19.7 | 23.1 | <2.00 | 78.3 | 93.9 | 0.136 | 66 | 4.6 | 4.47 | 9.81 | 8.09 | 6.33 | 26.3 | 216 | 6.81 | 60.3 | 0.19 | 186 | 146 | na |
| SS-34 | 0-2' | 2-Feb-2017 | HAND AUGER | 9.68 | 415 | 703 | 0.63 | 13.8 | 12 | <2.00 | 76.3 | 58.1 | <0.100 | 34 | | | | 2.11 | 1.03 | 72.9 | | 7.64 | 38.7 | 0.11 | 97.1 | 114 | na |
| SS-35 | 0-2' | 2-Feb-2017 | HAND AUGER | 9.46 | 2970 | | 0.589 | 23.7 | 45.1 | <2.00 | 97.3 | 114 | 0.108 | 29.9 | 2.74 | 1.79 | 6.65 | 4.93 | 3.59 | 13.7 | 131 | 7.03 | 73.9 | 0.15 | 12.8 | 30.2 | na |
| SS-35 | 2-4' | 2-Feb-2017 | HAND AUGER | 5.37 | 4280 | | <0.497 | 15.6 | 21.9 | <1.99 | 84 | 71.7 | <0.0988 | 14.6 | 1.93 | 3.59 | 5.7 | 3.17 | 1.97 | 9.14 | 41.4 | 7.78 | 39.5 | <0.05 | 17.8 | 24.3 | na |

FILED
MAY -1 2017
CLERK OF COURT

NON-CERTIFIED COPY

TABLE 1
SOIL/SUBAQUEOUS DATA SUMMARY TABLE
Golden Ranch
PREPARED FOR TALBOT, CARMOUCHE, AND MARCELLO



| Sample ID | Depth | Type of Sampler | METALS (mg/kg-DRY WT) Arsenic | Barium | TT Barium | Cadmium | Chromium | Lead | Selenium | Strontium | Zinc | Mercury | SALTS CEC (meq/100g) | EC (mmhos/cm) | ESP (%) | SAR (meq) | Soluble Calcium (meq) | Soluble Magnesium (meq) | Soluble Sodium (meq) | Leachate Chlorides (mg/L) | pH (Standard units) | Percent Moisture (%) | PETROLEUM HYDROCARBONS HEM Oil&Grease (%) | TPH-D (mg/kg-dry) | TPH-O (mg/kg-dry) | TPH-G (mg/kg/-dry) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Statewide Order 29B Wetland | | | | na | | | | | | na | | | na | | | | na | na | na | | na | na | | na | na | |
| LDEQ RECAP Screening Standard | | | 12 | 550 | na | 3.9 | 100 | 100 | na | na | 2300 | 2.3 | na | na | na | na | na | na | na | na | na | na | na | 65 | 180 | |
| SS-1 | 0-2' | HAND AUGER | 5.8 | 294 | 364 | 0.589 | 18.1 | 17.6 | <2.00 | 38 | 60.4 | <0.0934 | 39.2 | 0.77 | 3.06 | 4.19 | 1.53 | 1.2 | 4.9 | 22.8 | na | 14.7 | na | na | na | na |
| SS-1 | 2-4' | HAND AUGER | 7.1 | 244 | 311 | 0.525 | 17.1 | 13.7 | <1.98 | 40 | 63.2 | <0.104 | 34.9 | 1.16 | 7.66 | 8.9 | 1.44 | <1.00 | 9.65 | 38.5 | na | 20.8 | na | na | na | na |
| SS-1 | 4-6' | HAND AUGER | 5.83 | 270 | 300 | <0.499 | 14.6 | 16.7 | <2.00 | 42.8 | 61.1 | <0.0994 | 28 | 3.38 | 16.8 | | 2.56 | 1.53 | 28.7 | 152 | 7.38 | 22.9 | 0.6 | 2460 | 2140 | na |
| SS-1 | 6-8' | HAND AUGER | 6.78 | 3010 | 6720 | 0.803 | 32.8 | 59 | <1.98 | 151 | 116 | <0.0955 | 21.4 | | 17.1 | | 28.5 | 11.3 | 122 | | 6.68 | 30.4 | | 15000 | 7860 | na |
| SS-2 | 0-2' | Russian | 6.89 | 305 | 459 | 0.576 | 20.5 | 20.8 | <1.98 | 59.7 | 77.2 | 0.112 | 65.8 | 2.35 | 7.74 | 10.3 | 2.61 | 1.93 | 15.6 | 117 | 6.79 | 57.2 | 0.2 | 139 | 142 | na |
| SS-2 | 2-4' | Russian | 6.45 | 218 | 378 | 0.595 | 16.4 | 14.3 | <1.98 | 69.7 | 63.9 | <0.102 | 79.7 | 6.08 | 2.59 | 15.5 | 9.03 | 6.86 | 43.8 | | 5.62 | 80.5 | 0.32 | 109 | 105 | na |
| SS-3 | 0-2' | HAND AUGER | 7.24 | 310 | 388 | 0.508 | 17.3 | 14.7 | <1.99 | 43.7 | 64.1 | <0.100 | 39.9 | 4.35 | 12.5 | | 5.03 | 3.63 | 34.1 | 242 | na | 22.6 | na | na | na | na |
| SS-3 | 2-4' | HAND AUGER | 8.95 | 313 | 387 | 0.566 | 17.1 | 13.7 | <1.99 | 44.7 | 66.5 | <0.0973 | 39 | 6.82 | 15 | | 7.49 | 5.23 | 56.7 | | na | 25.6 | na | na | na | na |
| SS-3 | 4-6' | HAND AUGER | 8.35 | 344 | 434 | 0.587 | 17.6 | 14.4 | <1.99 | 54.4 | 69.9 | <0.0961 | 38.3 | | | | 13.1 | 8.7 | 116 | | 7.47 | 27.1 | 0.14 | 450 | 299 | na |
| SS-3 | 6-8' | HAND AUGER | 7.82 | 898 | 1170 | 0.654 | 16.9 | 19.5 | <1.98 | 114 | 81.3 | <0.0995 | 38.4 | | | | 19.5 | 12.4 | 247 | | 7.61 | 30.4 | | 6900 | 4670 | na |
| SS-4 | 0-2' | HAND AUGER | 7.06 | 204 | 278 | 0.586 | 16.4 | 13.4 | <1.99 | 44.9 | 63.3 | <0.107 | 41 | 2.9 | 8.59 | 12.8 | 3.39 | 2.63 | 22.2 | 123 | 7.29 | 43.6 | na | na | na | na |
| SS-4 | 2-4' | HAND AUGER | 8.52 | 200 | 266 | 0.776 | 18.8 | 15.3 | <1.99 | 45.7 | 71.7 | <0.100 | 42.1 | 1.77 | 6.51 | 10.6 | 1.81 | 1.71 | 14 | 84.1 | 6.74 | 42.9 | na | na | na | na |
| SS-4 | 4-6' | HAND AUGER | 3.39 | 267 | 441 | <0.497 | 19.9 | 15.6 | <1.99 | 50.4 | 60.1 | <0.0966 | 65.7 | 3.18 | 9.25 | 13.8 | 3.1 | 2.71 | 23.5 | 266 | 7.01 | 52.8 | na | na | na | na |
| SS-5 | 0-2' | HAND AUGER | 7.09 | 268 | 378 | 0.784 | 18.3 | 14.4 | <1.99 | 63.1 | 65.8 | <0.0960 | 52.2 | 1.4 | 4.96 | 9.31 | 1.78 | 1.04 | 11 | 78.8 | na | 46.7 | na | na | na | na |
| SS-5 | 2-4' | HAND AUGER | 7.97 | 250 | 314 | 0.656 | 15.8 | 13.5 | <1.99 | 55.2 | 57.9 | <0.102 | 41.7 | 5.35 | 19.3 | | 3.23 | 1.96 | 47.4 | 356 | na | 40.9 | na | na | na | na |
| SS-5 | 4-6' | HAND AUGER | 7.07 | 264 | 313 | 0.614 | 16.1 | 13 | <1.98 | 47 | 59 | <0.103 | 38 | 6.85 | 20.4 | | 4.92 | 3.23 | 58.9 | | na | 35.8 | na | na | na | na |
| SS-6 | 0-2' | Russian | 7.87 | 1440 | 2970 | 0.7 | 18.5 | 21.9 | <2.00 | 62.7 | 99.8 | <0.101 | 49.2 | 3.1 | 3.52 | 8.92 | 5.17 | 3.88 | 19 | 198 | 6.98 | 68.3 | 0.27 | 94.4 | 88.7 | na |
| SS-7 | 0-2' | HAND AUGER | 9.9 | 415 | 552 | 0.906 | 18.2 | 16 | <1.99 | 51.2 | 70.4 | <0.103 | 48.8 | 3.93 | 9.7 | | 4.54 | 3.38 | 30.3 | 412 | 6.13 | 39.6 | 0.21 | 219 | 205 | na |
| SS-7 | 2-4' | HAND AUGER | 8.27 | 467 | 645 | 0.704 | 17.6 | 15.2 | <1.98 | 49.3 | 72.6 | <0.100 | 42.5 | | 16.2 | | 22 | 14.6 | 129 | | 6.6 | 34.8 | 0.25 | 620 | 350 | na |
| SS-7 | 4-6' | HAND AUGER | 8.55 | 438 | 585 | 0.596 | 18.5 | 15.4 | <1.99 | 58.5 | 71.4 | <0.0975 | 45 | | | | 35.2 | 22.3 | 281 | | 6.83 | 35.5 | 0.92 | 1080 | 934 | na |
| SS-8 | 0-2' | HAND AUGER | 8.33 | 811 | 702 | 0.579 | 17.2 | 14.6 | <2.00 | 111 | 63.8 | <0.0974 | 52.7 | | | | 20.9 | 11.6 | 239 | | 7.29 | 28.5 | | 11700 | 7640 | na |
| SS-8 | 2-4' | HAND AUGER | 7.46 | 598 | 748 | 0.518 | 18.3 | 13.8 | <1.99 | 132 | 66.8 | <0.103 | 55.6 | | | | 43.7 | 23.1 | 667 | | 7.29 | 34.3 | | 15600 | 10000 | na |
| SS-8 | 4-6' | HAND AUGER | 8.26 | 785 | 1260 | 0.605 | 17.5 | 15.1 | <1.98 | 182 | 64.5 | <0.104 | 59.8 | | | | 95.4 | 50.4 | 1270 | | 7.06 | 47 | | 9200 | 6360 | na |
| SS-9 | 0-2' | HAND AUGER | 7.64 | 374 | 463 | 0.51 | 15.8 | 16.8 | <2.00 | 48.9 | 55.4 | <0.101 | 34.9 | 1.7 | 12.5 | | <1.00 | 1.02 | 14.5 | 70.3 | 6.95 | 33 | 0.47 | 1170 | 1710 | na |
| SS-9 | 2-4' | HAND AUGER | 5.33 | 409 | 351 | 0.498 | 13.3 | 24.1 | <1.99 | 64.1 | 56.2 | <0.103 | 18.5 | 7.42 | 21.7 | | 11.1 | 3.97 | 68.3 | 250 | 6.33 | 32 | | 16300 | 11000 | na |
| SS-10 | 0-2' | HAND AUGER | | 344 | 431 | 0.634 | 18.5 | 20.5 | <1.98 | 39.1 | 75.3 | 0.225 | 46.1 | 2.44 | 5.03 | 9.56 | 3.72 | 2.68 | 17.1 | 113 | na | 37.6 | na | na | na | na |
| SS-10 | 2-4' | HAND AUGER | 6.42 | 213 | 291 | <0.498 | 21.8 | 15.7 | <1.99 | 36 | 73 | 0.48 | 54 | 2.84 | 5.63 | 8.21 | 4.69 | 3.61 | 16.7 | 195 | na | 41 | na | na | na | na |
| SS-10 | 4-6' | HAND AUGER | 5.3 | 224 | 298 | <0.499 | 22.2 | 15.5 | <2.00 | 40.5 | 58.5 | <0.0959 | 59.3 | 3.2 | 4.76 | 8.01 | 4.97 | 4.9 | 17.8 | 237 | na | 45 | na | na | na | na |
| SS-11 | 0-2' | Russian | 7.64 | 564 | 881 | 0.559 | 20.2 | 40.1 | <2.00 | 43.1 | 76.2 | <0.101 | 57 | 1.72 | 2.16 | 5.9 | 3.17 | 2.51 | 9.93 | 60.7 | na | 50 | na | na | na | na |
| SS-11 | 2-4' | Russian | 6.17 | 276 | 370 | 0.52 | 18.9 | 15.5 | <2.00 | 48.1 | 61.9 | <0.0997 | 72.9 | 2.3 | 4.67 | 7.43 | 3.25 | 3.18 | 13.3 | 199 | na | 62.9 | na | na | na | na |
| SS-12 | 0-2' | HAND AUGER | | 2870 | 3890 | 0.599 | 19.8 | 30.4 | <2.00 | 139 | 83.1 | 0.237 | 49.7 | 2.13 | 6.03 | 11 | 3.12 | 1.55 | 16.8 | 295 | 7.05 | 27.8 | 0.33 | 163 | 327 | na |
| SS-12 | 2-4' | HAND AUGER | 6.97 | 2380 | 3120 | 0.585 | 16.3 | 28.9 | <1.98 | 184 | 92.3 | 0.248 | 40.9 | | | | 10.1 | 4.53 | 137 | | 7.56 | 33.5 | | 3910 | 2860 | na |
| SS-12 | 4-6' | HAND AUGER | 6.35 | 386 | 542 | <0.498 | 18.4 | 20.9 | <1.99 | 76.3 | 67.3 | <0.0997 | 54.7 | | | | 21.7 | 12.5 | 356 | | 7.13 | 34.1 | 0.36 | 1120 | 758 | na |
| SS-13 | 0-2' | HAND AUGER | 5.7 | 963 | 1080 | 0.638 | 16 | 18.4 | <1.99 | 123 | 66.6 | 0.104 | 56.9 | 6.02 | 13.9 | | 3.95 | 2.7 | 52.9 | 476 | 5.86 | 48.9 | 0.56 | 464 | 878 | na |
| SS-13 | 2-4' | HAND AUGER | 6.58 | 864 | 1100 | 0.578 | 16.6 | 19.5 | <1.99 | 160 | 63.5 | <0.0989 | 71.5 | | | | 21 | 12.8 | 317 | | 6.56 | 68.7 | | 621 | 618 | na |
| SS-14 | 0-2' | Russian | 6.57 | 2940 | 12800 | 1.26 | 14.5 | 37.6 | <2.00 | 568 | 135 | 0.895 | 33.2 | | 16.1 | | 13.8 | 6.7 | 190 | | 6.98 | 62.5 | | 41700 | 21400 | na |
| SS-14 | 2-4' | Russian | 3.18 | 478 | 724 | <0.499 | 18.7 | 15.9 | <2.00 | 111 | 64.2 | <0.0992 | 57.5 | | | | 13.5 | 5.88 | 353 | | 8.09 | 47.5 | 0.12 | 204 | 123 | na |
| SS-15 | 0-2' | Russian | 4.36 | 1700 | 2540 | 0.549 | 18.2 | 19.6 | <2.00 | 192 | 130 | 0.233 | 56.2 | | | | 3.47 | 1.55 | 155 | | 8.16 | 49.8 | | 6730 | 3100 | na |
| SS-16 | 0-2' | Russian | 7.9 | 971 | 1310 | 0.73 | 18.7 | 43.1 | <2.00 | 156 | 112 | <0.101 | 28.8 | | 16.9 | | 28.1 | 13.4 | 99.4 | 342 | 6.25 | 50.4 | 0.72 | 2560 | 2010 | na |
| SS-16 | 2-4' | Russian | 7.3 | 386 | 581 | 0.664 | 19.6 | 35.4 | <1.98 | 158 | 89.5 | 0.186 | 63.8 | | | | 4.06 | 2.16 | 101 | | 7.59 | 58.3 | | 3220 | 1850 | na |
| SS-16 | 4-6' | Russian | 5.68 | 234 | 390 | 0.519 | 21.1 | 16.8 | <2.00 | 97 | 76.8 | <0.106 | 68.2 | | | | 3.27 | 1.54 | 97.9 | | 8.22 | 49.8 | 0.1 | 270 | 192 | na |
| SS-17 | 0-2' | HAND AUGER | 4.15 | 190 | 242 | <0.496 | 14.3 | 10.8 | <1.98 | 40 | 50.1 | <0.102 | 31.4 | 1.04 | 4.26 | 7.2 | 1.72 | 1.17 | 8.65 | 36.5 | na | 23.8 | na | na | na | na |
| SS-17 | 2-4' | HAND AUGER | 6.88 | 4700 | 16900 | <0.498 | 17.5 | 87.7 | <1.99 | 112 | 80.4 | 0.525 | 41.7 | 2.41 | 19.5 | | 1.25 | <1.00 | 23.6 | 239 | 7.15 | 35.8 | | 7630 | 3660 | na |

NON-CERTIFIED COPY

TABLE 1
SOIL/SUBAQUEOUS DATA SUMMARY TABLE
Golden Ranch
PREPARED FOR TALBOT, CARMOUCHE, AND MARCELLO



| Sample ID | Depth | Type of Sampler | METALS (mg/kg-DRY WT) Arsenic | Barium | TT Barium | Cadmium | Chromium | Lead | Selenium | Strontium | Zinc | Mercury | SALTS CEC (meq/100g) | EC (mmhos/cm) | ESP (%) | SAR (meq) | Soluble Calcium (meq) | Soluble Magnesium (meq) | Soluble Sodium (meq) | Leachate Chlorides (mg/L) | pH (Standard units) | Percent Moisture (%) | PETROLEUM HYDROCARBONS HEM Oil&Grease (%) | TPH-D (mg/kg-dry) | TPH-O (mg/kg-dry) | TPH-G (mg/kg/-dry) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Statewide Order 29B Wetland | | | | na | | | | | | na | | | na | | | | na | na | na | | na | na | | na | na | |
| LDEQ RECAP Screening Standard | | | 12 | 550 | na | 3.9 | 100 | 100 | na | na | 2300 | 2.3 | na | na | na | na | na | na | na | na | na | na | na | 65 | 180 | |
| SS-18 | 0-2' | Russian | 6.65 | 346 | 469 | 0.679 | 10.8 | 14.6 | <2.00 | 175 | 49 | <0.101 | 85.1 | | 8.69 | | 45.7 | 29.5 | 514 | na | 6.4 | 86 | 0.65 | 213 | 203 | na |
| SS-18 | 2-4' | Russian | 6.23 | 269 | 374 | 0.645 | 18.5 | 15.4 | <1.99 | 104 | 70.4 | <0.103 | 69.2 | | | | 23 | 14.1 | 389 | | 7.36 | 62.7 | 0.06 | <50.0 | 71.8 | na |
| SS-19 | 0-2' | HAND AUGER | 16.9 | 7150 | | 2.64 | 134 | 358 | <1.98 | 178 | 381 | 0.367 | 34.9 | 1.3 | 1.05 | 2.03 | 7.96 | 1.05 | 4.31 | 21.9 | 6.62 | 53.3 | | 1170 | 257 | na |
| SS-20 | 0-3' | HAND AUGER | 8.2 | 2950 | 9880 | <0.497 | 13.3 | 20 | <1.99 | 165 | 441 | 0.0963 | 100 | | 10.1 | | 7.12 | 3.5 | 70.1 | | 5.83 | 80.6 | 0.45 | 95.2 | 42 | na |
| SS-20 | 3-5' | HAND AUGER | 6.7 | 4040 | 1710 | <0.497 | 16.8 | 16.1 | <1.99 | 152 | 96.7 | <0.102 | 97 | | | | 4.16 | 1.65 | 120 | | 7.11 | 75.4 | 0.38 | 14.3 | <10.0 | na |
| SS-21 | 0-2.5' | HAND AUGER | | 1790 | 5320 | 0.519 | 16.1 | 23.5 | <1.99 | 234 | 75 | 0.139 | 94.2 | | | | 2.75 | 1.58 | 70.5 | | 6.77 | 82.3 | 0.61 | 127 | 79.2 | na |
| SS-21 | 2.5-5' | HAND AUGER | 7.4 | 687 | 1660 | <0.500 | 17.8 | 14.2 | <2.00 | 226 | 70.7 | <0.100 | 89.1 | | | | 4.85 | 1.92 | 201 | | 7.64 | 71.1 | 0.15 | 29 | 23.8 | na |
| SS-22 | 0-2' | HAND AUGER | | 268 | 444 | <0.498 | 20.2 | 16.2 | <1.99 | 141 | 56.9 | <0.103 | 100 | | 9.4 | | 9.93 | 8.12 | 60.6 | | 6.84 | 81.4 | 0.32 | <10.0 | 13.8 | na |
| SS-22 | 2-4' | HAND AUGER | 9.13 | 230 | 329 | 0.645 | 20.1 | 16.2 | <1.99 | 146 | 83.2 | <0.102 | 65.7 | | 21.1 | | 8.22 | 6.38 | 77 | | 7.39 | 69.5 | 0.19 | <10.0 | 11.9 | na |
| SS-23 | 0-2' | HAND AUGER | 9.95 | 1430 | 4140 | 0.58 | 16.1 | 21.8 | <2.00 | 72.7 | 103 | <0.0975 | 68.5 | 2.8 | 1.54 | 5.2 | 6.6 | 5.66 | 12.9 | 133 | 6.89 | 75.2 | 0.47 | 16.7 | 15.4 | na |
| SS-23 | 2-4' | HAND AUGER | 9.65 | 1420 | 3720 | 0.604 | 17.4 | 22.2 | <1.98 | 77.6 | 107 | <0.101 | 72.7 | 3.05 | 1.43 | 5.34 | 7.1 | 6.14 | 13.8 | 140 | 6.55 | 76.1 | 0.21 | 18.9 | 21.3 | na |
| SS-24 | 0-2' | HAND AUGER | 6.48 | 2160 | 3400 | 0.52 | 31.5 | 36.2 | <2.00 | 82.5 | 69.4 | <0.103 | 49.1 | 5.91 | 6.65 | 11.5 | 10.9 | 7.55 | 35 | 332 | 7.28 | 63.9 | 0.46 | 206 | 66.6 | na |
| SS-24 | 2-4' | HAND AUGER | 4.33 | 273 | 329 | <0.498 | 16.9 | 12.2 | <1.99 | 47.5 | 63.6 | <0.105 | 34.2 | 3.63 | 8.21 | 10.8 | 5.89 | 3.96 | 24 | 166 | 7.78 | 39.1 | <0.05 | 21.8 | 16.8 | na |
| SS-25 | 0-2' | HAND AUGER | 5.81 | 924 | 1110 | <0.500 | 21.7 | 20.2 | <2.00 | 64.7 | 85.8 | <0.0982 | 59.4 | 5.68 | 5.42 | 11.2 | 9.22 | 9.4 | 34.2 | 263 | 6.63 | 67.9 | 0.15 | 58.7 | 66 | na |
| SS-25 | 2-4' | HAND AUGER | 5.13 | 1570 | 2000 | 0.499 | 29.1 | 19.2 | <2.00 | 65.2 | 65.9 | <0.105 | 48.9 | 6.1 | 6.43 | 12.6 | 10.4 | 7.53 | 37.7 | 319 | 7.05 | 56.9 | 0.26 | 408 | 172 | na |
| SS-26 | 0-2' | HAND AUGER | 7.27 | 376 | 466 | 0.539 | 15.6 | 12.5 | <2.00 | 57.1 | 63.6 | <0.0967 | 34.4 | 3.69 | 6.32 | 9.07 | 6.28 | 4.48 | 21 | 161 | 7.7 | 44.3 | 0.08 | 10.4 | 22.3 | na |
| SS-27 | 0-2' | HAND AUGER | 7 | 264 | 351 | 0.546 | 16.5 | 13.1 | <1.98 | 49.1 | 63.8 | <0.0965 | 40.1 | 1.1 | 3.85 | 4.66 | 2.26 | 1.42 | 6.32 | 34.8 | 7.94 | 28.9 | na | na | na | na |
| SS-27 | 2-4' | HAND AUGER | 4.6 | 209 | 281 | <0.497 | 17.6 | 13.1 | <1.99 | 50.1 | 67.1 | <0.104 | 39.1 | 1.1 | 3.11 | 4.31 | 2.48 | 1.25 | 5.89 | 32.7 | 7.78 | 29.4 | na | na | na | na |
| SS-27 | 4-6' | HAND AUGER | 5.41 | 244 | 299 | 0.509 | 17.7 | 13.6 | <2.00 | 46.5 | 66.7 | <0.104 | 50.8 | 1.23 | 2.26 | 3.97 | 3.45 | 1.75 | 6.39 | 49.6 | 7.2 | 37.8 | na | na | na | na |
| SS-28 | 0-2' | HAND AUGER | 5.3 | 435 | 503 | <0.498 | 15.7 | 12.7 | <1.99 | 37.4 | 60.6 | <0.0975 | 34.2 | 1.09 | 2.63 | 3.98 | 2.02 | 1.41 | 5.2 | 31 | 6.44 | 35.8 | <0.05 | 12.2 | 23.8 | na |
| SS-29 | 0-2' | HAND AUGER | 7.43 | 2450 | | 0.595 | 49.1 | 32.5 | <1.98 | 99.2 | 96.5 | <0.0990 | 66.3 | | 6.48 | | 11.8 | 14.3 | 53.5 | | 7.18 | 79.6 | 0.21 | 118 | 59 | na |
| SS-29 | 2-4' | HAND AUGER | 6.96 | 3930 | | <0.499 | 54.7 | 43 | <1.99 | 121 | 74.5 | <0.104 | 53.6 | 6.95 | 6.04 | 13 | 10.8 | 9.59 | 41.5 | 278 | 7.4 | 67.3 | 0.2 | 216 | 128 | na |
| SS-30 | 0-2' | HAND AUGER | 6.5 | 984 | 1520 | 0.586 | 19.2 | 23.7 | <1.99 | 96.6 | 80.3 | 0.714 | 56.4 | | 3.34 | 10.9 | 25.5 | 17.7 | 50.5 | | 6.72 | 63.1 | 0.19 | 158 | 127 | na |
| SS-30 | 2-4' | HAND AUGER | 7.7 | 815 | 953 | 0.628 | 21.6 | 23.2 | <1.99 | 102 | 116 | 1.41 | 60.3 | | 5.56 | 13.6 | 53.4 | 39 | 90.3 | | 6.4 | 66.5 | 0.25 | 208 | 149 | na |
| SS-31 | 0-2' | HAND AUGER | 6.44 | 1190 | 1300 | 0.528 | 18 | 20.4 | <1.99 | 57.6 | 101 | <0.105 | 49.7 | 2.62 | 2.88 | 5.62 | 4.35 | 4.2 | 11.6 | 111 | 6.79 | 62.1 | 0.15 | 82.4 | 97.3 | na |
| SS-31 | 2-4' | HAND AUGER | 5.66 | 1280 | 1490 | 0.508 | 19 | 25.5 | <1.99 | 79.2 | 89 | 0.12 | 57.2 | 3.21 | 3.29 | 9.12 | 4.87 | 4.02 | 19.2 | 158 | 6.55 | 59.7 | 0.22 | 151 | 149 | na |
| SS-32 | 0-2' | HAND AUGER | 6.72 | 1140 | 1730 | 0.506 | 15.7 | 21.2 | <1.98 | 136 | 80.4 | 4.9 | 42.1 | 3.33 | 2.05 | 7.11 | 7.6 | 5.39 | 18.1 | 116 | 7.05 | 56.9 | 0.13 | 97.7 | 96.9 | na |
| SS-32 | 2-4' | HAND AUGER | 7.24 | 1050 | 1230 | 0.556 | 22.2 | 30 | <1.98 | 90.9 | 73.2 | 0.925 | 59.8 | 4.16 | 2.77 | 8.17 | 8.36 | 5.76 | 21.7 | 225 | 6.75 | 62.3 | 0.27 | 340 | 142 | na |
| SS-33 | 0-2' | HAND AUGER | 6.18 | 1270 | 1680 | 0.545 | 20.6 | 26 | <1.98 | 65.5 | 98.7 | <0.104 | 51.4 | 2.89 | 3.51 | 6.52 | 4.38 | 3.98 | 13.3 | 124 | 6.57 | 59.4 | 0.17 | 90.1 | 96.7 | na |
| SS-33 | 2-4' | HAND AUGER | 6.49 | 1300 | 1450 | 0.57 | 19.7 | 23.1 | <2.00 | 78.3 | 93.9 | 0.136 | 56 | 4.6 | 4.47 | 9.81 | 8.09 | 6.33 | 26.3 | 216 | 6.81 | 60.3 | 0.19 | 166 | 146 | na |
| SS-34 | 0-2' | HAND AUGER | 9.68 | 415 | 703 | 0.63 | 13.8 | 12 | <2.00 | 76.3 | 58.1 | <0.100 | 34 | | | | 2.11 | 1.03 | 72.9 | | 7.64 | 38.7 | 0.11 | 97.1 | 114 | na |
| SS-35 | 0-2' | HAND AUGER | 9.46 | 2870 | | 0.589 | 23.7 | 45.1 | <2.00 | 97.3 | 114 | 0.108 | 29.9 | 2.74 | 1.79 | 6.65 | 4.93 | 3.59 | 13.7 | 131 | 7.03 | 73.9 | 0.15 | 12.8 | 30.2 | na |
| SS-35 | 2-4' | HAND AUGER | 5.37 | 4280 | | <0.497 | 15.6 | 21.9 | <1.99 | 84 | 71.7 | <0.0988 | 14.5 | 1.93 | 3.59 | 5.7 | 3.17 | 1.97 | 9.14 | 41.4 | 7.78 | 39.5 | <0.05 | 17.8 | 24.3 | na |

FILED
MAY -1 2017
CLERK OF COURT

Case 2:26-cv-01047-CJB-DPC Document 1-1 Filed 05/15/26 Page 160 of 1083

NON-CERTIFIED COPY




NON-CERTIFIED COPY

# TALBOT, CARMOUCHE & MARCELLO

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

DONALD T. CARMOUCHE
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN

AUBERT D. TALBOT
(1925-2005))

April 28, 2017

***VIA FEDERAL EXPRESS***
Honorable Annette M. Fontana
Clerk of Court, 17th JDC
LAFOURCHE PARISH DISTRICT COURT
303 W. 3rd Street
Post Office Box 818
Thibodaux, LA 70302-0818

**DIVISION B**

Re: Golden Ranch Farms, LLC v. BP America Production Company, et al.
Docket No. 132505; Div. "B"
17th JDC; Parish of Lafourche; State of Louisiana

Dear Ms. Fontana:

Enclosed please find the following:

1. Petition for Damages (fax filed 4-25-2017);
2. First Supplemental and Amending Petition for Damages (fax filed 4-27-2017);
3. Louisiana Civil Case Reporting Form; and
4. Request for Notice

Please file the original of each into the record and return the "date stamped" copies to me in the enclosed self-addressed and stamped envelope. **Please note that service of the petitions to the defendants is being held at this time.**

Also enclosed is this firm's check in the amount of $500.00 which represents your filing fee. If you should have any questions, please do not hesitate to call.

With kindest regards, I am

Very truly yours,

Ross J. Donnes /jke

Ross J. Donnes

**FILED**
MAY -1 2017
[signature]
CLERK OF COURT

RJD/jke
Enclosures
cc: C. Berwick Duval, II/Stanwood R. Duval/Kathryn W. Richard

NON-CERTIFIED COPY

**TALBOT, CARMOUCHE & MARCELLO** 15693

| | | | |
|---|---|---|---|
| Lafourche Parish Clerk of Court | | 4/28/2017 | |
| Accounts Receivable:Case Expenses:Co | Original Petition | | 300.00 |
| Accounts Receivable:Case Expenses:Co | First Supplemental and Amending Petition | | 200.00 |

FILED
MAY -1 2017
CLERK OF COURT

| | | |
|---|---|---|
| Litigation Account | Docket 132,505; Golden Ranch Farms v BP | 500.00 |

NON-CERTIFIED COPY

# LOUISIANA CIVIL CASE REPORTING

## Civil Case Cover Sheet - LA. R.S. 13:4688 and Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

Golden Ranch Farms, LLC vs. BP America Production Company,et al

**Court:** 17th Judicial District Court **Docket Number:** 132505

**Parish of Filing:** LaFourche **Filing Date:** April 25, 2017

**Name of Lead Petitioner's Attorney:** Ross J. Donnes

**Name of Self-Represented Litigant:** ____________

**Number of named petitioners:** 1 **Number of named defendants:** 18

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

- ☐ Auto: Personal Injury
- ☐ Auto: Wrongful Death
- ☐ Asbestos: Property Damage
- ☐ Product Liability
- ☐ Intentional Bodily Injury
- ☐ Intentional Wrongful Death
- ☐ Business Tort
- ☐ Defamation
- ☑ Environmental Tort
- ☐ Intellectual Property
- ☐ Legal Malpractice
- ☐ Other Professional Malpractice
- ☐ Maritime
- ☐ Wrongful Death
- ☐ General Negligence
- ☐ Auto: Property Damage
- ☐ Auto: Uninsured Motorist
- ☐ Asbestos: Personal Injury/Death
- ☐ Premise Liability
- ☐ Intentional Property Damage
- ☐ Unfair Business Practice
- ☐ Fraud
- ☐ Professional Negligence
- ☐ Medical Malpractice
- ☐ Toxic Tort
- ☐ Other Tort (describe below)
- ☐ Redhibition
- ☐ Class action (nature of case)

____________

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

Land contamination caused by defendant's oil and gas exploration and production activities

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

FILED
MAY -1 2017
[signature]
CLERK OF COURT

Name, address and contact information of person completing form:

Name Judy Ehrhart Signature [signature: Judy Ehrhart]

Address 17405 Perkins Road, Baton Rouge, LA 70810

Phone number: 225-400-9991 E-mail address: jehrhart@tcmlawfirm.net

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO.** 132505 **DIVISION B** **DIV. "___"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**FILED:** ______________________ ______________________
**DEPUTY CLERK OF COURT**

## PETITION FOR DAMAGES

Plaintiff, Golden Ranch Farms, LLC, respectfully petitions this Honorable Court for a judgment finding defendants herein liable for damages caused by defendants' oil and gas exploration and production and related activities that substantially harmed plaintiff, plaintiff's land, and plaintiff's legal interests. Upon information and belief, plaintiff makes the following allegations:

1.

Plaintiff, Golden Ranch Farms, LLC, is a Louisiana limited liability company domiciled in Lafourche Parish, State of Louisiana.

2.

Plaintiff, Golden Ranch Farms, LLC, owns and/or uses the surface interest in the entirety of the property located within the Larose Oil and Gas Field including but not limited to Sections 36, 38, 63, Township 16 and 17 South, Range 21 East.

The property described above has been contaminated or otherwise damaged by defendants' oil and gas exploration and production activities. It is the intent of the plaintiff herein to claim damages for any and all of the property that it owns or may own in the Larose Field, including but not limited to Sections 36, 38, 63, Township 16 and 17 South, Range 21 East, regardless of whether said property is specifically described in this petition (collectively, the "**Property**").



NON-CERTIFIED COPY

3.

Plaintiff appears in one or more of the following capacities: (1) lessor, assignee, or third-party beneficiary of certain mineral and/or surface leases between plaintiff and defendants; (2) successor in interest to certain mineral and/or surface leases between plaintiff and defendants; (3) owner of Property contaminated by the oil and gas activities conducted or controlled by one or more of the defendants; (4) successor in interest to, or the assign of, the owner of Property contaminated by the oil and gas activities conducted or controlled by one or more of the defendants; (5) servitude owner who has the right to sue for remediation damages under the Mineral Code; and (6) party who possess the right of action to file this lawsuit under Louisiana law.

4.

Made defendants are the following parties:

(A) **DEVON ENERGY PRODUCTION COMPANY, L.P.**, as successor in interest by merger and/or name change to **Pennzenergy Exploration and Production, L.L.C. Pennzoil Producing Company** and **Union Producing Company**, a foreign partnership authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

(B) **MESA GULF COAST, LLC**, a Louisiana limited liability company authorized to do and doing business in this State, whose registered agent for service of process is George Pivach, 8311 Hwy. 23, Ste. 104, Belle Chasse, LA 70037;

(C) **TCHEFUNCTE NATURAL RESOURCES, L.L.C.**, a Louisiana limited liability company to do and doing business in this State, whose registered agent for service of process is George Pivach, 8311 Hwy. 23, Ste. 104, Belle Chasse, LA 70037;

(D) **SM ENERGY COMPANY (DELAWARE)**, as successor in interest by merger and/or name change to **St. Mary Energy Company** and **St. Mary Operating Company**, a foreign business corporation authorized to do and doing business in this State whose registered agent for service of process is Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802;

(E) **HENRY PRODUCTION COMPANY, INC.**, a Louisiana business corporation authorized to do and doing business in this State, whose registered agent for service of process is Patrick S. Ottinger, Ottinger Hebert, LLC, 1313 West Pinhook Road, Lafayette, LA 70503;

(F) **SQUARE MILE ENERGY, L.L.C.**, a foreign limited liability company authorized to do and doing business in this State, whose registered agent for service of process is James C. Bates, 318 St. Charles St., Baton Rouge, LA 70802;



NON-CERTIFIED COPY

(G) **EXXON MOBIL CORPORATION**, as successor in interest by merger and/or name change to **Humble Oil & Refining Company**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802;

(H) **TEXAS PACIFIC OIL COMPANY**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816; and

(I) **HAMMAN OIL & REFINING COMPANY**, a foreign business corporation authorized to do and doing business in this State, whose registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

5.

The Property is believed to be contaminated by oil and gas exploration and production activities. Defendants either caused this contamination, or are otherwise legally responsible for this contamination. Defendants' activities include the operation or construction of various oil and gas facilities, including but not limited to, pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, separators, and injection facilities. Upon information and belief, the Engineer negligently certified that the pits located on the Property would not seep and leak beyond their horizontal and vertical confines.

These facilities, including, but not limited to, pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, and injection facilities, were operated and/or used by multiple defendants over time. On each of the respective tracts of the Property identified in Paragraph 2, the above operations were located within close proximity to the boundaries between the tracts of Property and to identical and/or related operations being conducted on other tracts of the Property. The proximity and sometimes overlapping nature of these operations has resulted in the substantial likelihood that the contamination created by one or more of the operators on one or more tracts has become commingled with contamination by one or more of the operators on the same tracts and/or on adjacent and/or contiguous tracts. Furthermore, it is possible that the proximity of operations on one or more non-owned contiguous tracts has resulted in the likelihood that contamination has become commingled with contamination on the plaintiff's property. Furthermore, the low lying elevation of the Property, the propensity for flooding, and surface water and groundwater flow in



NON-CERTIFIED COPY

the area has contributed to the substantial likelihood that the contamination on and/or from each of the tracts has become commingled. The defendants' negligent operation of the unlined pits, wells, tanks, flowlines, tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, injection facilities, and other facilities has likely resulted in surface and/or subsurface discharges of the pollutants identified in paragraphs 8 through 12. The likely migration of these surface and/or subsurface discharges has likely resulted in plumes of contamination that cross surface property boundaries. Furthermore, the operation of various wells, pits, tanks, flowlines tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, injection facilities, and other facilities across the various tracts of Property were either related or very similar in nature, and on information and belief, these operations were carried out pursuant to joint operating agreements to which the defendants were parties.

Specifically, defendants are liable for damage resulting from the operation of the wells in the Larose Oil & Gas Field (the "**Field**") which are identified on or in the attached exhibits, as well as the operation of other equipment and facilities related thereto. The following exhibits are attached to this Petition for Damages and are incorporated herein for all purposes:

Exhibit A: Contains aerial photo maps which shows the location of plaintiff's Property and the location and serial number of the known wells located thereon; and

Exhibit B: Contains an Operator History which shows, as to each known well located on the Property: (a) the well serial number; (b) the well name; (c) the past and current operators of record the well; (d) the dates of operation of the well and (e) the current status of the well.

Exhibit C: Contains a map and table showing the location and results of soil samples in and around the wells identified in Exhibit B, which results exceed applicable requirements.

In summary, the above information identifies the wells at issue in this lawsuit by well serial number, describes the location of these wells, and the relationship of each defendant to the wells and the Property. Defendants and entities or individuals who are not parties to this lawsuit may be in possession of other documentation evidencing leases, assignments, joint operating agreements, unit or pooling agreements, farmout agreements, or other contracts that are not part of the public record.



NON-CERTIFIED COPY

6.

Defendants conducted, directed, controlled or participated in various oil and gas exploration and production activities on the plaintiff's Property as operators, and/or working interest owners, and/or mineral or surface lessees, and/or mineral or surface lease assignees, and/or mineral sublessees, and/or servitude, executive interest or other mineral interest owners, and/or personal or predial servitude owners, and/or participants in joint operating agreements or unit operating agreements.

7.

Since at least the late 1920s, it has been common knowledge in the oil industry that the disposal of oilfield wastes in unlined earthen pits inevitably results in seepage, which contaminates both surface and subsurface soils and waters. Those defendants who operated in the late 1920s or thereafter possessed such knowledge. Plaintiff has suffered damages resulting from the improper disposal of oilfield wastes in unlined earthen pits, which were constructed by the defendants on or near the Property during the course of oil and gas exploration and production activities. The oilfield wastes deposited in these pits include (but are not limited to) such substances as naturally occurring radioactive material ("NORM"), produced water, drilling fluids, chlorides, hydrocarbons, and heavy metals. Also, leaks, spills, and other surface and subsurface discharges of these and other substances from wells, pipelines, tank batteries, gas plants and other equipment or facilities have further polluted the surface and subsurface of plaintiff's Property.

8.

NORM contains, inter alia, Radium226 and Radium228, which are very hazardous and toxic substances. Though these substances are "naturally occurring" at the depths from which oil and gas are produced, they become concentrated when brought to the surface during oil and gas production operations, where their presence can cause serious health related problems. Under Louisiana law, property contaminated with NORM cannot be transferred for unrestricted use.



NON-CERTIFIED COPY

9.

Produced water is a hazardous brew of various hydrocarbon compounds, metals, salt and radioactive substances. Studies of the chemical constituents of Louisiana produced water have revealed that all produced water discharges contain excess amounts of salt (up to 193 parts per thousand salt or 19.3%), and also contain volatile hydrocarbon compounds (including benzene, toluene, xylene and ethyl benzene), Polynuclear Aromatic Hydrocarbons ("PAHs or semi-volatiles) (including naphthalene, fluorene and phenanthrene), toxic heavy metals (including chromium, lead, mercury, arsenic, barium and zinc) and radium226 and radium228. All of these substances bioaccumulate and are acutely toxic to aquatic organisms at varying concentrations. Some of these substances (such as benzene and radium226) have long been identified as human carcinogens.

10.

Drilling fluids are also highly toxic and hazardous. These fluids contain metals such as chromium, barium, and arsenic, as well as oil and other hydrocarbon fractions. Drilling fluids also contain toxic additives such as bactericides, slimicides, and acids. Further, drilling fluids have been demonstrated to be acutely toxic to aquatic organisms. In fact, a 1982 American Petroleum Institute Study documented the uptake of toxic heavy metals by plants near drilling mud pits.

11.

Other toxic and hazardous substances used by defendants in their day to day exploration and production activities include mercury, lead based compounds, chromium based algicides, hydrochloric acid, caustic soda, and various corrosion inhibitors.

12.

Defendants knew or should have known that their day to day operations in the Larose Field would cause the soil, surface waters and groundwater of plaintiff's Property to be contaminated with the substances described in paragraphs 7 through 11 above. Rather than remove these substances during and after oil and gas exploration and production activities, defendants chose to conceal and cover up their contamination. This concealment and cover up



NON-CERTIFIED COPY

was routine practice and has continued to date. The defendants' failure to responsibly and timely remove or remediate this toxic pollution in the soils and groundwater of plaintiff's Property has allowed the pollution to migrate and spread. Defendants' pollution has now permanently damaged the drinking water and other aquifers underlying the Field.

13.

Defendants knew for many years that they were disposing, storing, discharging, and otherwise releasing toxic poisons and pollutants onto and into the ground, groundwaters, and surface waters on or near plaintiff's Property. Yet, defendants failed to inform or warn plaintiff or its predecessors concerning the extent, nature, cause and origin of this pollution. The Engineer knew or should have known that the contaminants discharged into pits on the Property would leak and seep beyond the vertical and horizontal confines of the pits yet the Engineer failed to warn the Defendants and the plaintiff that the pits would leak and seek beyond their horizontal and vertical confines. Defendants at no time warned or informed the plaintiff or its predecessors that their disposal and discharge activities were hazardous to persons and property. Defendants knew and failed to disclose to plaintiff or its predecessors that their wastes would not degrade or break down in the environment in the foreseeable future and that their presence in the subsurface would constitute an ongoing and continuing source of pollution and environmental damage for generations.

14.

Plaintiff did not have actual or constructive knowledge of the pollution described in this petition until less than a year prior to the filing of this suit. Plaintiff did not have actual or constructive knowledge of the defendants' fault, negligence or violation or breach of any leases, contracts, use agreements, or any other agreements or contracts referenced in this petition until less than a year prior to the filing of this suit. Plaintiff did not have actual or constructive knowledge of the causal connection between the defendants' fault, negligence and breach of contract and the pollution at issue until less than a year prior to the filing of this suit. Further, defendants have engaged in acts that effectually have prevented plaintiff from availing itself of the causes of action alleged herein. These acts include fraud, ill practices, and misrepresentation



NON-CERTIFIED COPY

intentionally committed by defendants (or their representatives) designed to hinder, impede or prevent plaintiff from asserting its causes of action or to lull plaintiff into a false sense of security. Such acts of fraud, ill practices, and misrepresentation specifically include: (1) burying, hiding or actively concealing pollution; (2) failing to inform plaintiff or its predecessors that unlined earthen pits on the Property seeped and leaked; (3) failing to inform plaintiff or its predecessors that the use of unlined pits that seep and leak violate state regulation; (4) failing to inform plaintiff or its predecessors that the failure to remove or remediate contamination caused by unlined earthen pits violates state regulation (5) failing to inform plaintiff or its predecessors that pollution that migrates out of the confines of an unlined earthen pit will continue to migrate, spread and cause further damage to its Property; (6) failing to inform plaintiff or its predecessors of the hazardous and toxic nature of the oilfield pollution on its Property; and, (7) failing to inform the plaintiff or its predecesors that the oilfield practices followed by defendants would result in pollution and property damage. Due to defendants' concealment of the hazardous and toxic contamination that they deposited on plaintiff's lands, and the role they played in causing this contamination, plaintiff and its predecessors were denied access to the knowledge and facts needed to bring the claims alleged in this petition until less than a year before the present suit was filed.

15.

Defendants' conduct constitutes negligence, which gives rise to liability under the provisions of La. Civ. Code art. 2315. Defendants knew or should have known that their conduct would cause property and other damages to plaintiff. Defendants had a duty to protect plaintiff and plaintiff's Property from the effects of the contamination and pollution described herein. Their violation of this duty proximately caused the damages described below. Further, as the defendants acquired knowledge that unlined pits would leak, and that the contamination left on plaintiff's lands would continue to spread and migrate, defendants had the obligation to return to plaintiff's lands to remediate the source or sources of the contamination, to stop the spread of the contamination, and to warn the plaintiff that its land was contaminated. Defendants violated their own company policies and industry practice and custom, did not comply with the standards of



NON-CERTIFIED COPY

conduct required in the leases and other contracts applicable to the Property, and failed to comply with applicable state regulation. Defendants also concealed from the regulators the fact that they had polluted plaintiff's property. Defendants are guilty of tortious conduct under private law by virtue of their violations of statewide and fieldwide orders and regulations.

16.

Defendants that acquired other corporations or other legal entities by merger, acquisition, or otherwise, or who otherwise assumed obligations under applicable leases or contacts, had a duty to remedy the past wrongs of those parties for whose fault or obligations they are legally responsible. To the extent that any defendant acquired the business or assets of a predecessor without a formal merger, said defendant is liable under the continuation doctrine of Louisiana law. In addition to their express or implied assumption of contractual obligations owed to plaintiff, defendants are liable to plaintiff under the provisions of Section 324A of the Restatement 2d, as interpreted by Louisiana jurisprudence. Under Section 324A, one or more of the defendants assumed duties owed by others to the plaintiff to protect plaintiff and its Property from contamination and harm.

17.

Defendants are also guilty of a continuing tort and a continuing trespass. Defendants' acts or omissions, and their continuing unlawful conduct, have caused successive damages or an ongoing and cumulatively increasing deterioration of plaintiff's Property. The pollution caused by the defendants continues to migrate. The cause of the increasing damages to plaintiff's land is the continuing failure of defendants to remove their pollution from the Property. The cause of the damages suffered by plaintiff is thus a continuous cause giving rise to successive damages. In addition, defendants' conduct of their oil and gas exploration and production activities and the associated discharge, disposal or storage of oilfield waste on plaintiff's Property have created a continuing, ongoing and damaging nuisance to plaintiff and plaintiff's Property. Further, the continued presence of oilfield wastes on the Property constitutes a continuing trespass. The continuous and ongoing migration of waste is causing new and ever-increasing damage to plaintiff's Property, and such damage will continue until such time as these wastes are removed



NON-CERTIFIED COPY

and remediated.

18.

Defendants are liable for the tortious breach of any leases or other contracts sued upon in this petition, and the tortious breach of any other contracts which obligate the defendants to protect and preserve the plaintiff's property. These leases or other contracts may include mineral and surface leases, servitude agreements, assignments, mineral and surface subleases, right of way agreements, joint operating agreements, unit agreements, working interest agreements, use agreements, farmout agreements, and unit or pooling agreements.

19.

Defendants are also liable to plaintiff under La. Civ. Code art. 667 of the Civil Code for the damages caused by their handling, storage, discharge, and disposal of toxic and hazardous and toxic oil field waste on or adjacent to plaintiff's Property. La. Civ. Code art. 667 was amended by Act 1 of 1996, effective April 16, 1996. To the extent that defendants are deemed "proprietors" within the meaning of La. Civ. Code art. 667, said defendants are strictly liable to plaintiff under La. Civ. Code art. 667 for damages sustained by the plaintiff before April 16, 1996. Plaintiff's claims under Article 667 for damages occurring on or after April 16, 1996, are governed by the amended version of Civil Code article 667. To the extent the defendants held any rights in any mineral leases or servitudes on the property (including any predial, legal or personal servitudes), plaintiff and defendants are co-proprietors of the property that owe obligations to each other under Article 667 of the Civil Code. Plaintiff asserts any personal, tort, or legal claims it may have under Article 667. Furthermore, defendants are strictly liable to plaintiff under the provisions of La. Civ. Code articles 2317 and 2322. At all times pertinent hereto, defendants had *garde* of the facilities and equipment that caused the pollution described herein. Those defendants who participated in the above described oil and gas operations by the acquisition of working interests had sufficient control to constitute *garde* under the provisions of La. Civ. Code art. 2317. On information and belief, the Joint Operating Agreements or unit agreements that governed the conduct of the oil and gas activities of the defendants show that the working interest owners or other participants in such agreements: (1) had the right to control



NON-CERTIFIED COPY

operations conducted pursuant to the agreements; and, (2) held proportional ownership interests in the facilities and equipment which caused the pollution complained of herein. Such ownership gives rise to a presumption of *garde*. The acquisition of any leasehold or other ownership interest (including, but not limited to, rights in predial or mineral leases, or any interest in a servitude on the property) gives rise to a presumption of *garde*.

20.

In addition, under Louisiana law, defendants are allowed under the applicable mineral leases to use only so much of plaintiff's Property as is reasonably necessary to conduct oil and gas operations allowed by such leases. Defendants are guilty of a trespass to plaintiff's Property because they exceeded the rights to use the plaintiff's Property as contemplated in the applicable mineral leases. In addition, because defendants exceeded their use rights under the applicable leases, they excessively and unreasonably exercised their rights under the applicable leases. Further, with regard to the contractual liability of the defendants, the express remediation obligations of any leases at issue, and the covenants and other provisions implied in any leases at issue by operation of law or the application of the mineral code, impose continuing remediation obligations on the lessees. Such lease obligations were violated.

21.

In summary, Defendants' conduct as described above constitutes a breach of the oil, gas, and mineral leases, surface leases, servitude agreements and other applicable contracts that covered the oil and gas activities described above.

22.

Plaintiff herein brings suit under the mineral and surface leases, use agreements, conventional servitudes, mineral servitudes (to the extent such servitudes exist) and any innominate agreements that apply to the Property. To the extent that the law does not accord plaintiff the right to sue as lessor (or as the assignee or successor of the lessors) under the applicable mineral leases or surface leases, plaintiff asserts claims in its capacity: (1) as third party beneficiary for damages for breach of said mineral leases or surface leases; and, (2) as owner of the servient estates of the limited personal servitudes created by the applicable mineral



NON-CERTIFIED COPY

leases. To the extent defendants' remediation obligations are not expressly set forth in any contract or lease, defendants have a contractual obligation under the applicable oil, gas, and mineral leases, and under the applicable surface or predial leases, and under La. Civ. Code arts. 2683, 2686, and 2692, to restore plaintiff's Property to its original condition, less normal wear and tear. Defendants have failed to satisfy their express contractual obligations, and those implied obligations imposed by operation of law. Plaintiff's Property has been impacted by each defendant's use of the Property under the applicable mineral and surface or predial leases, and such Property has not been restored to its original condition, less normal wear and tear. For the breach of these oil, gas, mineral leases, and surface or predial leases, the defendants are liable to plaintiff for foreseeable and consequential damages occasioned by their failure to perform, as well as the cost of these proceedings and reasonable attorneys' fees to the extent such fees are allowed by contract or applicable law, such as La. R.S. 30:29. Further, plaintiff claims damages for the violation of any personal servitude of use applicable to the Property in accordance with the provisions of La. C.C. arts. 576, 577, and 645.

23.

Further, plaintiff alleges that it is a third party beneficiary of the assignments, subleases or other oilfield conveyance instruments, or other contracts or agreements by which one or more of the defendants acquired an interest in the oilfield equipment, wells, facilities, or property at issue. Further, plaintiff is a third party beneficiary of the joint operating and unit agreements and other operating agreements pertaining to the Property. As third party beneficiary of the aforesaid contracts and agreements, plaintiff is entitled to sue defendants for damages in its capacity as third party beneficiary.

24.

Defendants who are assignees or sublessees of the mineral leases at issue are solidarily liable to plaintiff under the provisions of article 128 and 129 of the Mineral Code. Defendants who are assignees of the surface leases at issue are solidarily liable to plaintiff under the civil code provisions applicable to solidarity.



NON-CERTIFIED COPY

25.

If any of the mineral leases subject to this suit have not expired, the remediation of contamination on the Property subject to said existing leases would not interfere with, or have any effect on, any ongoing mineral operations. Defendants have failed to maintain and restore leased properties that are the subject of leases that are still in effect. This failure constitutes an active breach of said mineral leases or surface. Further, upon information and belief, there are no leases at issue in this lawsuit that permit the lessee to postpone remediation of contaminated Property until the end of the lease. Under the provisions of La. Civ. Code arts. 2683, 2686, and 2692, and applicable jurisprudence, defendants are obligated to remediate and restore the Property even though a mineral or surface lease may still be in effect.

26.

Each defendant has also breached those standards imposed by the Louisiana Civil Code and the Louisiana Mineral Code governing the conduct of prudent operators. The lease provisions of the Louisiana Civil Code and the Louisiana Mineral Code require Defendants to use plaintiff's Property as a prudent administrator and to restore plaintiff's Property to its original condition. Any implied obligations or covenants imposed on any lessee by the Civil Code or Mineral Code are binding on said lessee unless expressly renounced in the lease itself. Defendants have failed to act as prudent administrators, have failed to restore plaintiff's Property to its original condition, and have failed to discharge their obligations under the Civil Code and the Mineral Code. As a result, plaintiff has suffered damages and is entitled to all remedies allowed under the Civil Code and Mineral Code.

27.

Plaintiff specifically alleges that defendants have violated the express and implied obligations of surfaces leases that apply to the Property, including those maintenance, restoration and repair obligations imposed by operation of law on all lessees by the Civil Code articles pertaining to leases. Defendants' violation of these surface leases have caused damage to plaintiff. Under said surface leases, defendants have the obligation to maintain and restore the Property.



NON-CERTIFIED COPY

28.

Defendants negligently and excessively used the Property during mineral operations. This negligent and excessive use violates the implied obligations of lessees under the provisions of the Civil Code and the Louisiana Mineral Code, including without limitation, La. R.S. 31:122. Defendants who operate negligently and excessively under a mineral lease are obligated to restore the Property to its original pre-lease condition, less normal wear and tear.

29.

Defendants' actions in knowingly disposing of toxic and hazardous materials onto plaintiff's Property, in failing to clean up said pollution and stop its further migration, in storing their pollution on plaintiff's properties, in allowing the migration of their pollution to offsite properties, in failing to properly maintain their facilities where these toxic and hazardous materials were transported, handled, stored and disposed of, and in egregiously violating applicable environmental health and safety regulations and applicable field-wide orders, constitute wanton or reckless disregard for public safety in the storage, handling or transportation of hazardous or toxic substances. Defendants are therefore liable to plaintiff for punitive and exemplary damages. At all times pertinent hereto, defendants had actual possession or control of the toxic and hazardous substances described above. With regard to plaintiff's tort claims that arise under the provisions of former Civil Code article 2315.3, plaintiff's claims for punitive damages are limited to acts or omissions of the defendants (or their predecessors or successors) that occurred during the period of applicability of article 2315.3.

In addition to the foregoing, plaintiff alleges that Statewide order 29-B was applicable during the period of applicability of former Civil Code article 2315.3. 43 LA ADC Pt XIX, § 101, et seq. This regulation requires the proper closure of pits, regardless of when such pits were constructed, used or closed. The violation of a regulatory duty can give rise to tort liability. A failure to comply with applicable regulation is evidence of unreasonable care. The defendants' violation of their regulatory obligations under Statewide Order 29-B and other applicable regulations, and their failure to return to the field to clean up their contamination, support a cause of action in tort for both compensatory and punitive damages. Plaintiff affirmatively



NON-CERTIFIED COPY

alleges that the oil and gas operations on its property were not conducted in accordance with applicable regulations, rules or statutes of the State of Louisiana.

30.

Defendants' storage and disposal of the aforementioned toxic and hazardous substances constitutes an ultra hazardous activity for which defendants are strictly liable. This strict liability is based on acts and omissions occurring before the amendment to La. Civ. Code art. 667 in 1996. The amended version of La. Civ. Code art. 667 is applicable to the acts and omissions of defendants occurring on or after the effective date of the 1996 amendment.

31.

Further, for an undetermined length of time, the defendants have stored toxic pollution and waste in the groundwaters and soils underlying the plaintiff's lands. Defendants have derived substantial economic benefits from this storage in that their use of the subsurface of the plaintiff's lands has allowed them to avoid the substantial costs and expenses associated with the proper disposal of this toxic pollution and waste. Thus, plaintiff is entitled to the civil fruits derived from defendants' trespass, for La. Civ. Code art. 486 provides that a possessor in bad faith is liable for the "fruits he has gathered or their value subject to his claim for reimbursement of expenses." Alternatively, even if storage costs are not technically deemed "civil fruits," plaintiff is entitled to the economic value of said storage, or the value of the rental of said storage. Furthermore, to the extent off site saltwater or brine or other wastes were injected by defendants into the subsurface of the plaintiff's property or otherwise disposed of and/or mixed into surface soils without permission of the landowners at the time of the injection or disposal, defendants are liable in tort and for breach of the applicable mineral or surface leases or servitude agreements. Further, such unauthorized injection and disposal also constitutes a trespass.

32.

To the extent that defendants own mineral servitudes on the Property, plaintiff asserts claims for remediation under the provisions of Article 22 of the Mineral Code (La. R.S. 30:22). Upon information and belief, such servitudes have been exercised. Defendants excessively used



NON-CERTIFIED COPY

plaintiff's Property subject to said servitudes. It was not "reasonably necessary" for defendants to use pits and leaking tanks and other equipment in the conduct of their operations. And it was not "reasonably necessary" for defendants to use those parts of the surface or subsurface of plaintiff's Property located outside of the confines of the pits to dispose of and store their wastes. Under Article 22 as applied to the facts heretofore alleged in this petition, plaintiff is entitled to restoration of its Property to original condition to the extent reasonably practicable at the earliest reasonable time. Plaintiff is entitled to this restoration remedy regardless of the fault or negligence of the servitude owner.

33.

Alternatively, plaintiff is an "aggrieved party" within the meaning of article 134 of the mineral code. Plaintiff has the right to assert the causes of action alleged herein by virtue of its status as "aggrieved party."

34.

As a direct result of the above described acts and omissions of the defendants, plaintiff has suffered damages to its Property occasioned by the nuisance created by defendants. Plaintiff has also sustained damages occasioned by the diminution in the value of its Property, including stigma damages. Further, in the alternative, and only if plaintiff has no other adequate remedy at law, defendants are liable for unjust enrichment damages, as the defendants have been unjustly enriched by their unauthorized use of plaintiff's lands to store and dispose of toxic and hazardous contamination.

35.

Due to the activities of defendants in polluting the soils, groundwater and surface waters of the Property, and the continuing trespass of defendants resulting from the continued presence of contaminants in said soils, groundwater, and surface water, and to the extent plaintiff is not entitled to a damage remedy, plaintiff is entitled to a prohibitory and mandatory permanent injunction: (a) requiring that defendants remove the contamination they have caused to be deposited in the groundwater and soils underlying plaintiff's lands; (b) ordering the defendants to remove any contamination they have caused to be deposited in the groundwater and soils



NON-CERTIFIED COPY

underlying the plaintiff's lands; (c) ordering defendants to restore any land lost as a result of defendants' acts, omissions, conduct, or violations of any provision of public or private law as outlined in this petition; and (d) correcting any land damages caused by subsidence.

36.

Plaintiff is entitled to recover money damages equal to the cost to conduct a comprehensive and expedited environmental assessment of all present and yet unidentified pollution and contamination of its Property.

37.

In summary, plaintiff has stated several causes of action herein, including causes of action in tort and separate causes of action for breach of contract, and for breach of obligations imposed by the Mineral Code and Civil Code, and for breach of implied obligations under the Mineral Code and Civil Code, and for the violation of the provisions of the Civil Code and Mineral Code, and are entitled to the following damages:

(A) Sufficient funds to conduct a complete scientific analysis of the extent and nature of the contamination on its Property associated with defendants' operation of waste pits, tank batteries, production and/or injection wells, pipelines, and other oil and gas related facilities and equipment;

(B) The cost to restore the Property to its pre-polluted original condition;

(C) Punitive or exemplary damages arising from wanton and reckless conduct during the period of applicability of former article 2315.1;

(D) An award of damages for defendants' unauthorized use of plaintiff's land to store and dispose of their wastes without consent, or compensation to plaintiff from time of placement to time of final removal;

(E) An award of stigma damages and damages for diminution in property value before, during and after restoration;

(F) Any civil fruits derived from defendants' illegal trespass;

(G) Damages occasioned by the nuisance created by defendants, including loss of full use and enjoyment of plaintiff's Property;

(H) Where appropriate, land loss and subsidence damages, and the cost of backfilling of canals and other excavations;

(I) Damages for loss of use of land and lost profits and income;

(J) Attorneys' fees and other costs and expenses under La. R.S. 30:29, or under any contract or applicable law that specifically provides for attorney fees, costs, and expenses;



NON-CERTIFIED COPY

(K) Damages sustained as a result of defendants' failure to provide proper notification under article 2688;

(L) Damages for remediation of any groundwater contamination;

(M) Damages for the unauthorized disposal and injection of off-site saltwater or brines or other fluids or chemicals; and

(N) Damages for the unauthorized disposal of other wastes into the soils or subsurface of plaintiff's property.

38.

Defendants have not attempted to recover, handle, treat or dispose of any of the contamination at issue. It is expected that defendants will contend that natural attenuation is an acceptable method of remediating the contamination. The use of natural attenuation as a remediation method involves the storage of contamination at issue in the soils and groundwaters underlying the Property for a period of time sufficient to allow natural processes to eliminate such contamination. Plaintiff specifically alleges that the Property cannot be feasibly remediated by means of natural attenuation. Thus, to the extent that natural attenuation is used, or will be used, as a remediation method to remediate the Property, plaintiff is entitled to reasonable compensation for the storage of waste on its Property, including rental or economic value of said storage.

39.

Plaintiff affirmatively alleges that damages awarded by the court for remediation will be used to clean up the above described contamination. Plaintiff has personal reasons for wishing to commit all sums awarded for remediation to clean up the affected Property.

40.

Plaintiff asserts only those private causes of action accorded to them under the Louisiana Constitution and laws of the State of Louisiana. Plaintiff has not pled, and will never at any time in the future plead, any claim or cause of action arising under federal law, and asserts no such claims herein. To the extent any state law claims are preempted by federal law (either expressly or impliedly), such claims are not alleged herein. Plaintiff herein expressly does not pursue any defendants or claims that have been discharged in bankruptcy.



NON-CERTIFIED COPY

41.

To the extent that the provisions of La. R.S. 30:29 apply to this action, notice will be furnished to the Attorney General and to Louisiana Department of Natural Resources pursuant thereto. The extent of the applicability of La. R.S. 30:29 must be determined by facts developed during the course of future discovery and at trial, as at least some of the contamination at issue may not be covered by the provisions of La. R.S. 30:29, or may not be within the jurisdiction of the LDNR. Plaintiff affirmatively alleges that some or all of the contamination complained of herein arose from equipment or activities of defendants at or after a custody transfer or sales point.

42.

Plaintiff claim damages for the evaluation, cleanup, and remediation of any contamination or pollution that impacts or threatens to impact groundwater, regardless of classification or depth of such groundwater, and regardless of whether said groundwater is usable or unusable. Plaintiff claims that it is entitled to restoration of any aquifers damaged by the pollution alleged herein.

43.

To the extent plaintiff does not have a right of action under private law to seek the damages claimed in this petition, Plaintiff asserts that it has the right of action under La. R.S. 30:29. Further, plaintiff has a right and a cause of action under applicable law to claim damages or other appropriate relief, including injunctive relief, for the cleanup of contamination on adjacent property or other non-owned property to the extent such a cleanup is required to accomplish the remediation of the plaintiff's property sought in this petition. Louisiana private law accords to a plaintiff landowner the right to seek remediation damages for the remediation of the property of a neighbor if the plaintiff landowner's property cannot effectively be remediated without remediating his neighbor's property. Plaintiff's Property cannot be effectively remediated unless the source of the contamination of plaintiff's property is removed, and plaintiff is entitled to removal of the source of contamination even if such source happens to be located on the property of another.



NON-CERTIFIED COPY

44.

Defendants are liable to plaintiff under the provisions of article 11 of the Louisiana Mineral Code (La. R.S. 31:11). Under article 11, the plaintiff as surface owner and defendants as owners of mineral rights (mineral lease or servitude) must exercise their respective rights with reasonable regard for those of the other. Defendants' failure to maintain and remediate the Property constitutes a violation of the provisions of article 11. Defendants are strictly liable to plaintiff under the provisions of article 11. As surface owner, plaintiff has the right to claim the damages sought in this petition under the provisions of article 11, and alternatively, have the right to seek other appropriate relief, including injunctive relief, under article 11.

45.

Defendants' breaches of the leases applicable to the plaintiff's Property were substantial in nature. Under article 2686 of the Civil Code, plaintiff may elect to seek injunctive relief, dissolution, and damages.

46.

All defendants are liable to plaintiff in solido.

47.

Plaintiff shows that article 2688 of the Civil Code was enacted by Acts 2004, No. 821, §1, effective January 1, 2005. This codal article obligates a lessee to notify his lessor without delay when the property leased has been damaged or requires repair. When article 2688 became effective, the lessee defendants had an obligation to notify plaintiff of the contamination on its Property. No such notification was provided. Therefore, under the provisions of article 2688, plaintiff is entitled to the damages it sustained as a result of defendants' failure to provide proper notification. Article 2688 is applicable to the mineral leases at issue by virtue of article 2 of the Louisiana Mineral Code (La. R.S. 31:2). The failure of defendants to provide the notification required by article 2688 constitutes an active and substantial breach of the applicable mineral and surface leases. In addition, the failure to provide the notice required by article 2688 constitutes a tortious breach of the applicable leases.



NON-CERTIFIED COPY

48.

Plaintiff hereby specifically alleges any rights or causes of action assigned to it after the filing of this petition that arise out of the transactions or occurrences that are the subject of this petition. Also, as the property damage alleged in this petition will continue to increase after the filing of this petition, plaintiff specifically claims any damages that accrue after the filing of this petition. Further, plaintiff specifically reserves the right to bring those causes of action that are assigned to it or that accrue after any judgment in this case, including, but not limited to, any judgment dismissing any defendant against whom plaintiff has a right to assert such causes of action assigned or accruing after judgment, and any judgment awarding damages for any of the claims alleged in this petition..

**WHEREFORE**, plaintiff prays that the defendants be cited to appear and answer this petition and that after due proceedings be had, that there be judgment entered herein as follows:

(A) Awarding plaintiff all compensatory damages allowed by Louisiana law in an amount to be proven at trial, including payment of the costs to restore lands with identified pollution to its original unpolluted state, civil fruits resulting from defendants' illegal and bad faith trespass on plaintiff's lands, storage damages, and other property damages, and damages for loss of use and lost profits and lost income; and, further, damages for land loss and subsidence and the cost of backfilling of canals and other excavations, where appropriate;

(B) Awarding plaintiff punitive and exemplary damages;

(C) Ordering defendants to pay plaintiff sufficient funds so that plaintiff may conduct a comprehensive and expedited environmental assessment of plaintiff's land to identify all hidden or not yet identified pollution;

(D) Awarding plaintiff all costs of this suit and for legal interest therein for any amount awarded from the date of judicial demand until paid; and further awarding plaintiff judicial interest on all contract claims from the date of breach; and further awarding attorneys' fees where appropriate under the provisions of applicable law, including, but not limited to, La. R.S. 30:29;

(E) Awarding plaintiff damages for diminution in property value before and after restoration, and stigma damages;

(F) Ordering a mandatory and prohibitory injunction to restore plaintiff's Property to its pre-contaminated condition and to prevent the migration and spread of toxic and hazardous substances onto plaintiff's Property;

(G) To the extent that La. R.S. 30:29 applies, approving a feasible remediation plan under La. R.S. 30:29 that complies with all applicable state regulations, without variances therefrom, including Statewide order 29-B and state



NON-CERTIFIED COPY

regulations requiring remediation of usable groundwater to drinking water standards;

(H) To the extent that La. R.S. 30:29 applies, approving a feasible remediation plan under La. R.S. 30:29 that protects the health, safety, and welfare of the people of Louisiana;

(I) To the extent that La. R.S. 30:29 applies, approving a feasible remediation plan under La. R.S. 30:29 that protects and replenishes the natural resources of the state;

(J) Awarding all damages allowed under Subsection H of La. R.S. 30:29;

(O) For all just and equitable relief, and for all relief appropriate and reasonable under the premises; and awarding damages or other relief allowable under Louisiana law under any of the causes of action alleged in this petition; 2688;

(K) And damages for the failure to provide proper notification under the provisions of article 2688;

(L) Alternatively, for all appropriate unjust enrichment damages as provided by Louisiana law; and

(M) Trial by jury.

Respectfully submitted,

TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
Todd J. Wimberley, Bar #34862
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
Leah C. Poole, Bar #35092
Caroline H. Martin, Bar #33308
Christopher D. Martin, Bar #30613

*Attorneys for Plaintiff*

**PLEASE HOLD SERVICE**

FILED
MAY -1 2017
CLERK OF COURT



NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**FILED:** ______________________ ______________________
**DEPUTY CLERK OF COURT**

**REQUEST FOR NOTICE OF TRIAL, NOTICE OF JUDGMENT, AND NOTICE OF REPRESENTATION**

TO: CLERK OF COURT
PARISH OF LAFOURCHE

Please be advised that undersigned counsel will represent plaintiff, GOLDEN RANCH FARMS, LLC, and hereby requests written notice to be mailed to undersigned counsel by the Clerk, by certified mail, properly stamped and addressed, at least ten (10) days before the date fixed for the trial on the merits hereof, or any hearing on any other matter herein, all in accordance with Civil Code of Procedure Article 1572.

It is further requested that the undersigned be sent notice of the rendition and signing of all final judgments and interlocutory orders or judgments pursuant to Code of Civil Procedure Article 1913 and 1914.

You are further requested to file this written request in the record of this action, and certify to such on the enclosed copy hereof and return to undersigned.

Respectfully submitted,

TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

______________________
Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
Todd J. Wimberley, Bar #34862
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
Leah C. Poole, Bar #35092
Caroline H. Martin, Bar #33308
Christopher D. Martin, Bar #30613

NON-CERTIFIED COPY

C. Berwick Duval, II, Bar #5109
Stanwood R. Duval, #27732
Kathryn W. Richard, #26486
DUVAL, FUNDERBURK, SUNDBERY,
RICHARD & WATKINS
101 Wilson Ave.
Post Office Box 3017
Houma, LA 70361
Telephone: (985) 876-6410
Fax: (985) 851-1490
Email: berwick@duvallawfirm.com

*Attorneys for Plaintiff*

FILED
MAY -1 2017
CLERK OF COURT

NON-CERTIFIED COPY

**TALBOT, CARMOUCHE & MARCELLO** 15728

Lafourche Parish Clerk of Court 5/10/2017

Accounts Receivable:Case Expenses:Co Fee to serve Petition for Damages and 1st Supp and 1,350.00

132505

FILED

MAY 10 2017

CLERK OF COURT

Litigation Account Docket 132,505; Golden Ranch Farms, LLC v B 1,350.00

NON-CERTIFIED COPY

D1435445

# CITATION

**GOLDEN RANCH FARMS LLC**

**VS**

**MESA GULF COAST LLC, ET AL**

**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: AMERADA PETROLEUM CORPORATION
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

**Deputy Clerk of Court**

TALBOT, CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ________________ on the _________
Day of ______________________, 20___
Service:______________________________
Mileage:______________________________

______________________________________
Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On __________________________ by
Leaving the same with ______________
____________________________________
On the ___ day of
_______________________, 20_____
Service:___________________________
Mileage:___________________________

____________________________________
Dty. Sheriff EAST BATON ROUGE Parish

FILED
MAY 10 2017
CLERK OF COURT

NON-CERTIFIED COPY

D1435510

# CITATION

**GOLDEN RANCH FARMS LLC**

**VS**

**MESA GULF COAST LLC, ET AL**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NUMBER: C-132505**

TO: AMERICAN EXPLORER INC
THROUGH ITS REGISTERED AGENT OF PROCESS
ALFRED J. THOMAS, II
136 TECHE DR.
LAFAYETTE, LA 70503

residing in the PARISH OF LAFAYETTE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

[signature]
**Deputy Clerk of Court**

TALBOT CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ________________ on the _________
Day of ______________________, 20___
Service:_____________________________
Mileage:____________________________

_______________________________________
Dty. Sheriff LAFAYETTE Parish

DOMICILIARY SERVICE

On ____________________________ by
Leaving the same with ______________
___________________________________
On the ___ day of
_________________________, 20_____
Service:___________________________
Mileage:___________________________

___________________________________
Dty. Sheriff LAFAYETTE Parish

FILED
MAY 10 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

D1435536

# CITATION

**GOLDEN RANCH FARMS LLC**

**VS**

**MESA GULF COAST LLC, ET AL**

**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: BILLY PROCHASKA P E
9935 HILLYARD AVE
BATON ROUGE, LA 70809-3112

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

[signature]

**Deputy Clerk of Court**

TALBOT CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ________________ on the _________
Day of _______________________, 20___
Service:_____________________________
Mileage:_____________________________

_____________________________________
Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On ____________________________ by
Leaving the same with _____________
___________________________________
On the ___ day of
______________________, 20_____
Service:___________________________
Mileage:___________________________

___________________________________
Dty. Sheriff EAST BATON ROUGE Parish

FILED
MAY 10 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

**D1435353**

# CITATION

| | |
|---|---|
| **GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **MESA GULF COAST LLC, ET AL** | **STATE OF LOUISIANA** |

**DOCKET NUMBER: C-132505**

TO: BP AMERICA PRODUCTION COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

Christie J. Maura

**Deputy Clerk of Court**

TALBOT, CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On __________ on the ______ | On ______________ by |
| Day of ____________, 20___ | Leaving the same with __________ |
| Service:______________ | ______________ |
| Mileage:______________ | On the ___ day of |
| | ____________, 20____ |
| | Service:______________ |
| | Mileage:______________ |
| ______________ | ______________ |
| Dty. Sheriff EAST BATON ROUGE Parish | Dty. Sheriff EAST BATON ROUGE Parish |

FILED
MAY 10 2017
CLERK OF COURT

NON-CERTIFIED COPY

D1435528

# CITATION

| | |
|---|---|
| **GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **MESA GULF COAST LLC, ET AL** | **STATE OF LOUISIANA** |

**DOCKET NUMBER: C-132505**

TO: CONOCOPHILLIPS COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
UNITED STATES CORPORATION COMPANY
501 LOUISIANA AVE
BATON ROUGE, LA 70802

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

[signature]

**Deputy Clerk of Court**

TALBOT CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ________________ on the __________
Day of ________________________, 20___
Service:______________________________
Mileage:_____________________________

_________________________________
Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On ____________________________ by
Leaving the same with ______________
_________________________________
On the ___ day of
_________________________, 20_____
Service:___________________________
Mileage:___________________________

_________________________________
Dty. Sheriff EAST BATON ROGUE Parish

FILED
MAY 10 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

D1435478

# CITATION

GOLDEN RANCH FARMS LLC

VS

MESA GULF COAST LLC, ET AL

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

**DOCKET NUMBER: C-132505**

TO: DENBURY ONSHORE LLC
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT

[signature]
Deputy Clerk of Court

TALBOT CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On __________ on the ______
Day of ______________, 20___
Service:__________________
Mileage:__________________

________________________
Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On __________________ by
Leaving the same with __________
________________________
On the ___ day of
________________, 20____
Service:__________________
Mileage:__________________

________________________
Dty. Sheriff EAST BATON ROGUE Parish

FILED
MAY 10 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

D1435361

# CITATION

GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL

SEVENTEENTH JUDICIAL DISTRICT
PARISH OF LAFOURCHE
STATE OF LOUISIANA

DOCKET NUMBER: C-132505

TO: DEVON ENERGY PRODUCTION COMPANY LP
THROUGH ITS REGISTERED AGENT FOR SERVICE
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT
[signature]
Deputy Clerk of Court

TALBOT, CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ________________ on the __________
Day of ___________________________, 20___
Service: _______________________________
Mileage: _______________________________

_______________________________
Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On ______________________________ by
Leaving the same with _______________
_____________________________________
On the ___ day of
_________________________, 20_____
Service: ___________________________
Mileage: ___________________________

_______________________________
Dty. Sheriff EAST BATON ROUGE Parish

FILED
MAY 10 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

D1435411

# CITATION

GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL

SEVENTEENTH JUDICIAL DISTRICT
PARISH OF LAFOURCHE
STATE OF LOUISIANA

DOCKET NUMBER: C-132505

TO: EXXON MOBIL CORPORATION
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CORPORATION SERVICE COMPANY
501 LOUISIANA AVE
BATON ROUGE, LA 70802

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT

[signature]

Deputy Clerk of Court

TALBOT, CARMOUCHE & MARCELLO
ATTORNEY AT LAW
17405 PERKINS RD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ________________ on the _________
Day of ________________________, 20___
Service:______________________________
Mileage:______________________________

______________________________________
Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On ____________________________ by
Leaving the same with ______________
____________________________________
On the ___ day of
________________________, 20_____
Service:____________________________
Mileage:____________________________

____________________________________
Dty. Sheriff EAST BATON ROUGE Parish

FILED
MAY 10 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

D1435452

# CITATION

**GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT**

**VS** | **PARISH OF LAFOURCHE**

**MESA GULF COAST LLC, ET AL** | **STATE OF LOUISIANA**

**DOCKET NUMBER: C-132505**

TO: HAMMAN OIL & REFINING COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

[signature]
**Deputy Clerk of Court**

TALBOT, CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ________________ on the _________
Day of _______________________, 20___
Service:_______________________________
Mileage:______________________________

_______________________________________
Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On ___________________________ by
Leaving the same with ______________
___________________________________
On the ___ day of
________________________, 20_____
Service:___________________________
Mileage:___________________________

___________________________________
Dty. Sheriff EAST BATON ROUGE Parish

FILED
MAY 10 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

D1435387

# CITATION

**GOLDEN RANCH FARMS LLC**

**VS**

**MESA GULF COAST LLC, ET AL**

**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: HENRY PRODUCTION COMPANY INC
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
PATRICK S. OTTINGER
1313 WEST PINHOOK ROAD
LAFAYETTE, LA 70503

residing in the PARISH OF LAFAYETTE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

Christie J. Marcia [signature]
**Deputy Clerk of Court**

TALBOT, CARMOUCHE & MARCELLO
ATTORNEY AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ______________ on the ________
Day of ____________________, 20___
Service:______________________
Mileage:______________________

______________________________
Dty. Sheriff LAFAYETTE Parish

DOMICILIARY SERVICE

On ________________________ by
Leaving the same with ____________
______________________________
On the ___ day of
____________________, 20_____
Service:______________________
Mileage:______________________

______________________________
Dty. Sheriff LAFAYETTE Parish

FILED
MAY 10 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

D1435460

# CITATION

GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL

SEVENTEENTH JUDICIAL DISTRICT
PARISH OF LAFOURCHE
STATE OF LOUISIANA

DOCKET NUMBER: C-132505

TO: HESS CORPORATION A DELAWARE CORPORATION
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT

[signature]
Deputy Clerk of Court

TALBOT, CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ________________ on the _________
Day of _________________________, 20___
Service:______________________________
Mililage:_____________________________

_______________________________________
Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On ____________________________ by
Leaving the same with ______________
____________________________________
On the ___ day of
________________________, 20_____
Service:___________________________
Mileage:___________________________

_______________________________________
Dty. Sheriff EAST BATON ROUGE Parish

FILED
MAY 10 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

D1435379

# CITATION

**GOLDEN RANCH FARMS LLC**

**VS**

**MESA GULF COAST LLC, ET AL**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NUMBER: C-132505**

TO: MESA GULF COAST LLC
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
GEORGE PIVACH
8311 HWY 23 STE 104
BELLE CHASSE, LA 70037

residing in the PARISH OF PLAQUEMINES, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

[signature]

**Deputy Clerk of Court**

TALBOT, CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ______________ on the __________
Day of _________________________, 20___
Service: _____________________________
Mileage: _____________________________

_____________________________
Dty. Sheriff PLAQUEMINES Parish

DOMICILIARY SERVICE

On ______________________________ by
Leaving the same with ______________
_____________________________
On the ___ day of
_____________________, 20_____
Service: _____________________________
Mileage: _____________________________

_____________________________
Dty. Sheriff PLAQUEMINES Parish

FILED
MAY 10 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

D1435395

# CITATION

GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL

SEVENTEENTH JUDICIAL DISTRICT
PARISH OF LAFOURCHE
STATE OF LOUISIANA

DOCKET NUMBER: C-132505

TO: SM ENERGY COMPANY DELAWARE
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CORPORATION SERVICE COMPANY
501 LOUISIANA AVE
BATON ROUGE, LA 70802

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT
[signature]
Deputy Clerk of Court

TALBOT, CARMOUCHE & MARCELLO
ATTORNEY AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On _______________ on the _________
Day of _____________________, 20___
Service:______________________________
Mileage:_____________________________

_____________________________________
Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On _________________________ by
Leaving the same with _____________
_________________________________
On the ___ day of
______________________, 20_____
Service:_________________________
Mileage:_________________________

_________________________________
Dty. Sheriff EAST BATON ROUGE Parish

FILED
MAY 10 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

D1435429

# CITATION

GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL

SEVENTEENTH JUDICIAL DISTRICT
PARISH OF LAFOURCHE
STATE OF LOUISIANA

DOCKET NUMBER: C-132505

TO: SQUARE MILE ENERGY LLC
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
JAMES C. BATES
318 ST. CHARLES ST.
BATON ROUGE, LA 70802

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT

Deputy Clerk of Court

TALBOT, CARMOUCHE & MARCELLO
ATTORNEY AT LAW
17405 PERKINS RD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ________________ on the __________
Day of ________________________, 20___
Service:_______________________________
Mileage:______________________________

Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On ____________________________ by
Leaving the same with ______________
_________________________________
On the ___ day of
_______________________, 20_____
Service:___________________________
Mileage:___________________________

Dty. Sheriff EAST BATON ROUGE Parish

FILED
MAY 10 2017
CLERK OF COURT

NON-CERTIFIED COPY

D1435403

# CITATION

| | |
|---|---|
| GOLDEN RANCH FARMS LLC | SEVENTEENTH JUDICIAL DISTRICT |
| VS | PARISH OF LAFOURCHE |
| MESA GULF COAST LLC, ET AL | STATE OF LOUISIANA |

**DOCKET NUMBER: C-132505**

TO: TCHEFUNCTE NATURAL RESOURCES LLC
THROUGH ITS REGISTERED AGENT FOR SERVICE PROCESS
GEORGE PIVACH
8311 HWY 23 STE 104
BELLE CHASSE, LA 70037

residing in the PARISH OF PLAQUEMINES, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

[signature]
**Deputy Clerk of Court**

TALBOT, CARMOUCHE & MARCELLO
ATTORNEY AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ________________ on the __________
Day of ________________________, 20___
Service: ______________________________
Mileage: ______________________________

______________________________
Dty. Sheriff PLAQUEMINES Parish

DOMICILIARY SERVICE

On ____________________________ by
Leaving the same with ______________
______________________________
On the ___ day of
________________________, 20_____
Service: ______________________________
Mileage: ______________________________

______________________________
Dty. Sheriff PLAQUEMINES Parish

FILED
MAY 10 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

D1435486

# CITATION

| | |
|---|---|
| **GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **MESA GULF COAST LLC, ET AL** | **STATE OF LOUISIANA** |

**DOCKET NUMBER: C-132505**

TO: TENSAS DELTA EXPLORATION COMPANY LLC
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

[signature]
**Deputy Clerk of Court**

TALBOT CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On ________________ on the _________ | On ______________________________ by |
| Day of _________________________, 20___ | Leaving the same with ______________ |
| Service:_____________________________ | ____________________________________ |
| Mileage:_____________________________ | On the ___ day of |
| | ___________________________, 20_____ |
| | Service:____________________________ |
| | Mileage:____________________________ |
| ________________________________ | ________________________________ |
| Dty. Sheriff EAST BATON ROUGE Parish | Dty. Sheriff EAST BATON ROUGE Parish |

FILED
MAY 10 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

D1435437

# CITATION

**GOLDEN RANCH FARMS LLC**

**VS**

**MESA GULF COAST LLC, ET AL**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NUMBER: C-132505**

TO: TEXAS PACIFIC OIL COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

[signature]
**Deputy Clerk of Court**

TALBOT, CARMOUCHE & MARCELLO
ATTORNEY AT LAW
17405 PERKINS RD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ________________ on the __________
Day of ______________________, 20___
Service:________________________________
Mileage:________________________________

________________________________
Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On ____________________________ by
Leaving the same with ______________
________________________________
On the ___ day of
______________________, 20_____
Service:________________________________
Mileage:________________________________

________________________________
Dty. Sheriff EAST BATON ROUGE Parish

FILED
MAY 10 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

**D1435494**

# CITATION

**GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT**

**VS** | **PARISH OF LAFOURCHE**

**MESA GULF COAST LLC, ET AL** | **STATE OF LOUISIANA**

**DOCKET NUMBER: C-132505**

TO: TEXAS PETROLEUM INVESTMENT COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
PATRICK S. OTTINGER
1313 W PINHOOK ROAD
LAFAYETTE, LA 70503

residing in the PARISH OF LAFAYETTE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

[signature]
**Deputy Clerk of Court**

TALBOT CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ________________ on the _________
Day of _________________________, 20___
Service:_____________________________
Mileage:____________________________

______________________________________
Dty. Sheriff LAFAYETTE Parish

DOMICILIARY SERVICE

On ___________________________ by
Leaving the same with ______________
________________________________
On the ___ day of
________________________, 20_____
Service:__________________________
Mileage:__________________________

__________________________________
Dty. Sheriff LAFAYETTE Parish

FILED
MAY 10 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

MAILING ADDRESS
P.O. BOX 818
THIBODAUX, LA 70302

# *ANNETTE M. FONTANA*

**CLERK OF COURT**
**17TH JUDICIAL DISTRICT COURT**
**PARISH OF LAFOURCHE**

PHYSICAL ADDRESS
303 WEST 3RD STREET
THIBODAUX, LA 70301

CLERK of COURT · PARISH JUSTICE · PARISH of LAFOURCHE

May 11, 2017

HON. SID J. GAUTREAUX, III
SHERIFF, PARISH OF EAST BATON ROUGE
PO BOX 3277
BATON ROUGE, LA 70802

RE: GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL
DOCKET NUMBER: C-132505

Dear Sir:

Enclosed, please find papers to be served on

**1) SM Energy Company Delaware, Thru Agent: Corporation Service Company, 501 Louisiana Ave, Baton Rouge, La 70802**

**2) Exxon Mobil Corporation, Thru Agent: Corporation Service Company, 501 Louisiana Ave, Baton Rouge, La 70802**

**3) Conocophillips Co, Thru Agent: United States Corporation Co, 501 Louisiana Ave, Baton Rouge, La 70802**

**4) Square Mile Energy LLC, Thru Agent: James C. Bates, 318 St. Charles St., Baton Rouge, La 70802**

**5) Billy Prochaska PE, 9935 Hillyard Ave, Baton Rouge, La 70809-3112**

Enclosed is a check in the amount of $123.52 for your services.

Would you please make service.

Sincerely,

ANNETTE M. FONTANA
Clerk of Court

[signature]
Deputy Clerk

FILED
MAY 10 2017
[signature]
CLERK OF COURT

THIBODAUX: PHONE (985)447-4841
FAX (985)447-5800

GALLIANO: PHONE (985)632-8111
LOCKPORT: PHONE (985)532-7361

www.lafourcheclerk.com

NON-CERTIFIED COPY

MAILING ADDRESS
P.O. BOX 818
THIBODAUX, LA 70302

# *ANNETTE M. FONTANA*
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE

PHYSICAL ADDRESS
303 WEST 3RD STREET
THIBODAUX, LA 70301

May 11, 2017

HON. SID J. GAUTREAUX, III
SHERIFF, PARISH OF EAST BATON ROUGE
PO BOX 3277
BATON ROUGE, LA 70802

RE: GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL
DOCKET NUMBER: C-132505

Dear Sir:

Enclosed, please find papers to be served on

**1) Hamman Oil & Refining Company, Thru Agent: Ct Corporation System, 3867 Plaza Tower Dr., Baton Rouge, La 70816**

**2) Hess Corporation A Delaware Corporation, Thru Agent: CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, La 70816**

**3) Tensas Delta Exploration Company, LLC, Thru Agent: CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, La 70816**

**4) Denbury OnShore LLC, Thru Agent: CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, La 70816**

Enclosed is a check in the amount of $117.44 for your services.

Would you please make service.

Sincerely,

ANNETTE M. FONTANA
Clerk of Court

[signature]
Deputy Clerk

FILED
MAY 10 2017
[signature]
CLERK OF COURT



NON-CERTIFIED COPY

*ANNETTE M. FONTANA*
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE

MAILING ADDRESS
P.O. BOX 818
THIBODAUX, LA 70302

PHYSICAL ADDRESS
303 WEST 3RD STREET
THIBODAUX, LA 70301

May 11, 2017

HON. SID J. GAUTREAUX, III
SHERIFF, PARISH OF EAST BATON ROUGE
PO BOX 3277
BATON ROUGE, LA 70802

RE: GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL
DOCKET NUMBER: C-132505

Dear Sir:

Enclosed, please find papers to be served on

**1) BP America Production Co, Thru Agent: CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, La 70816**

**2) Devon Energy Production Company, LP, Thru Agent: CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, La 70816**

**3) Texas Pacific Oil Company, Thru Agent: Ct Corporation System, 3867 Plaza Tower Dr., Baton Rouge, La 70816**

**4) Amerada Petroleum Corporation, Thru Agent: CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, La 70816**

Enclosed is a check in the amount of $117.44 for your services.

Would you please make service.

Sincerely,

ANNETTE M. FONTANA
Clerk of Court

[signature]
Deputy Clerk

**FILED**
MAY 10 2017
[signature]
CLERK OF COURT



NON-CERTIFIED COPY

MAILING ADDRESS
P.O. BOX 818
THIBODAUX, LA 70302

***ANNETTE M. FONTANA***
**CLERK OF COURT**
**17TH JUDICIAL DISTRICT COURT**
**PARISH OF LAFOURCHE**

PHYSICAL ADDRESS
303 WEST 3RD STREET
THIBODAUX, LA 70301

May 10, 2017

HON. MARK GARBER
SHERIFF, PARISH OF LAFAYETTE
PO DRAWER 3508
LAFAYETTE, LA 70501

RE: GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL
DOCKET NUMBER: C-132505

Dear Sir:

Enclosed, please find papers to be served on

**1) AMERICAN EXPLORER INC, THRU ITS AGENT: ALFRED J. THOMAS, II, 136 TECHE DR., LAFAYETTE, LA 70503**

**2) TEXAS PETROLEUM INVESTMENT COMPANY, THRU ITS AGENT: PATRICK S. OTTINGER, 1313 W PINHOOK RD., LAFAYETTE, LA 70503**

**3) HENRY PRODUCTION CO, THRU ITS AGENT: PATRICK S. OTTINGER, 1313 WEST PINHOOK RD, LAFAYETTE, LA 70503**

PLEASE BILL US FOR YOUR SERVICES.

Would you please make service.

Sincerely,

ANNETTE M. FONTANA
Clerk of Court

[signature]
Deputy Clerk

FILED
MAY 10 2017
[signature]
CLERK OF COURT



NON-CERTIFIED COPY

*ANNETTE M. FONTANA*
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE

MAILING ADDRESS
P.O. BOX 818
THIBODAUX, LA 70302

PHYSICAL ADDRESS
303 WEST 3RD STREET
THIBODAUX, LA 70301

May 10, 2017

HON GERALD "JERRY" TURLICH, JR.
SHERIFF, OF PLAQUEMINE
8022 HWY 23, CIVIL ROOM 238
BELLE CHASSE, LA 70037

RE: GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL
DOCKET NUMBER: C-132505

Dear Sir:

Enclosed, please find papers to be served on

**1) TCHEFUNCTE NATURAL RESOURCES LLC, THRU ITS AGENT: GEORGE PIVACH, 8311 HWY 23 STE 104, BELLE CHASSE, LA 70037**

**2) MESA GULF COAST LLC, THRU ITS AGENT: GEORGE PIVACH, 8311 HWY 23 STE 104, BELLE CHASSE, LA 70037**

ENCLOSED IS A CHECK IN THE AMOUNT OF $40.00 FOR YOUR SERVICES.

Would you please make service.

Sincerely,

ANNETTE M. FONTANA
Clerk of Court

[signature]
Deputy Clerk

**FILED**
MAY 10 2017
[signature]
CLERK OF COURT



NON-CERTIFIED COPY

TALBOT, CARMOUCHE & MARCELLO

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

DONALD T. CARMOUCHE*
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH POOLE
CHRISTOPHER D. MARTIN

AUBERT D. TALBOT
(1925-2005)

May 10, 2017

Honorable Annette M. Fontana
Clerk of Court, 17th JDC
LAFOURCHE PARISH DISTRICT COURT
303 W. 3rd Street
Post Office Box 818
Thibodaux, LA 70302-0818

Re: Golden Ranch Farms, LLC v. BP America Production Company, et al.
Docket No. 132505; Div. "B"17th JDC; Parish of
Lafourche; State of Louisiana

Dear Ms. Fontana,

Please effect service of the Original Petition and First Amending Petition for Damages with regard to the referenced manner as follows:

1. **BP AMERICA PRODUCTION COMPANY**
through its registered agent for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816;

2. **DEVON ENERGY PRODUCTION COMPANY, L.P.**
through its registered agent for service of process:
C T Corporation System
3867 Plaza Tower Dr.,
Baton Rouge, LA 70816

3. **MESA GULF COAST, LLC**
through its registered agent for service of process:
George Pivach,
8311 Hwy. 23, Ste. 104
Belle Chasse, LA 70037

NON-CERTIFIED COPY

**4. TCHEFUNCTE NATURAL RESOURCES, L.L.C.,**
through its registered agent for service of process:
is George Pivach,
8311 Hwy. 23, Ste. 104
Belle Chasse, LA 70037

**5. SM ENERGY COMPANY (DELAWARE)**
through its registered agent for service of process:
Corporation Service Company,
501 Louisiana Avenue
Baton Rouge, LA 70802

**6. HENRY PRODUCTION COMPANY, INC.,**
through its registered agent for service of process:
Patrick S. Ottinger,
Ottinger Hebert, LLC
1313 West Pinhook Road
Lafayette, LA 70503

**7. SQUARE MILE ENERGY, L.L.C**
through its registered agent for service of process:
James C. Bates
318 St. Charles St.
Baton Rouge, LA 70802

**8. EXXON MOBIL CORPORATION**
through its registered agent for service of process:
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

**9. TEXAS PACIFIC OIL COMPANY,**
through its registered agent for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**10. HAMMAN OIL & REFINING COMPANY**
through its registered agent for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

NON-CERTIFIED COPY

**11. AMERADA PETROLEUM CORPORATION**
through its registered agent for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**12. HESS CORPORATION, A DELAWARE CORPORATION**
though its registered agent for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**13. TEXAS PETROLEUM INVESTMENT COMPANY**
through its registered agent for service of process:
Patrick S. Ottinger
1313 W. Pinhook Rd.
Lafayette, LA 70503

**14. DENBURY ONSHORE, LLC**
through its registered agent for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**15. TENSAS DELTA EXPLORATION COMPANY, LLC**
through its registered agent for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**16. CONOCOPHILLIPS COMPANY**
through its registered agent for service of process:
United States Corporation Company
501 Louisiana Ave.
Baton Rouge, LA 70802

NON-CERTIFIED COPY

- **17. AMERICAN EXPLORER, INC**
  through its registered agent of process:
  Alfred J. Thomas, II
  136 Teche Dr.
  Lafayette, LA 70503

- **18. BILLY PROCHASKA, P.E.**
  9935 Hillyard Ave.
  Baton Rouge, LA 70809-3112.

Also enclosed is a check which represents the filing and service fees.

With kindest regards, I am

Sincerely,
Ross J. Donnes /smd
Ross J. Donnes

RJD/smd

FILED
MAY 10 2017
CLERK OF COURT

NON-CERTIFIED COPY

**TALBOT, CARMOUCHE & MARCELLO** 15744

| | | | |
|---|---|---|---|
| Lafourche Parish Clerk of Court | | 5/19/2017 | |
| Accounts Receivable:Case Expenses:Co | Court costs due | | 1,300.00 |

#132505

FILED
MAY 23 2017
CLERK OF COURT

B

| | | |
|---|---|---|
| Litigation Account | Docket 132,505; Golden Ranch Farms, LLC v B | 1,300.00 |

NON-CERTIFIED COPY

10088

29

2

D1435510

# CITATION

| | |
|---|---|
| **GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **MESA GULF COAST LLC, ET AL** | **STATE OF LOUISIANA** |

**DOCKET NUMBER: C-132505**

RECEIVED MAY 16 2017 Lafayette Parish Sheriff Office

TO: AMERICAN EXPLORER INC
THROUGH ITS REGISTERED AGENT OF PROCESS
ALFRED J. THOMAS, II
136 TECHE DR.
LAFAYETTE, LA 70503

residing in the PARISH OF LAFAYETTE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

Christie J. Moran [signature]
**Deputy Clerk of Court**

TALBOT CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

✓ PERSONAL SERVICE

On Alfred Thomas II on the 18
Day of May, 2017
Service: 20
Mileage: 15
Total 35.00

O Boutin 1088 [signature]

Dty. Sheriff LAFAYETTE Parish

DOMICILIARY SERVICE

On ____________ by
Leaving the same with ____________

On the ___ day of
____________, 20____
Service: ____________
Mileage: ____________

Dty. Sheriff LAFAYETTE Parish

**FILED**
MAY 25 2017
Annette M. Fontana
CLERK OF COURT

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party.
Date: May 25, 2017
[signature]
Deputy Clerk of Court

NON-CERTIFIED COPY

10088

29

2

D1435387

# CITATION

**GOLDEN RANCH FARMS LLC**

**VS**

**MESA GULF COAST LLC, ET AL**

**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

RECEIVED
MAY 16 2017
Lafayette Parish
Sheriff Office

TO: HENRY PRODUCTION COMPANY INC
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
PATRICK S. OTTINGER
1313 WEST PINHOOK ROAD
LAFAYETTE, LA 70503

residing in the PARISH OF LAFAYETTE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

[signature]
**Deputy Clerk of Court**

TALBOT, CARMOUCHE & MARCELLO
ATTORNEY AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

✓ PERSONAL SERVICE 12pm

On Lori on the 18
Day of May, 20 17
Service: 20
Mileage: 15
35.00

D Boutin 10088
Dty. Sheriff LAFAYETTE Parish

DOMICILIARY SERVICE

On ____________ by
Leaving the same with ____________
____________
On the ___ day of
____________, 20____
Service: ____________
Mileage: ____________
____________
Dty. Sheriff LAFAYETTE Parish

FILED
MAY 25 2017
[signature]
CLERK OF COURT

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party.
Date: May 25, 2017
[signature]
Deputy Clerk of Court

NON-CERTIFIED COPY

10088

29

2

D1435494

# CITATION

GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT
PARISH OF LAFOURCHE
STATE OF LOUISIANA

RECEIVED MAY 16 2017 Parish Sheriff Office

TO: TEXAS PETROLEUM INVESTMENT COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
PATRICK S. OTTINGER
1313 W PINHOOK ROAD
LAFAYETTE, LA 70503

residing in the PARISH OF LAFAYETTE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT
[signature]
Deputy Clerk of Court

TALBOT CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

✓ 12pm

PERSONAL SERVICE
On Lori on the 18
Day of May, 20 17
Service: 20
Mileage: 0

D Boutin 10088
Dty. Sheriff LAFAYETTE Parish

DOMICILIARY SERVICE
On ______ by
Leaving the same with ______
______
On the ___ day of
______, 20___
Service: ______
Mileage: ______
______
Dty. Sheriff LAFAYETTE Parish

FILED
MAY 25 2017
Annette M. Fontana
CLERK OF COURT

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party.
Date: May 25, 2017
[signature]
Deputy Clerk of Court

NON-CERTIFIED COPY

5/22/2017 7:59:58AM

**LAFAYETTE PARISH SHERIFF**
**INVOICE**

INVOICE # 73268
PAGE 1 OF 1

**Pay To:**

**Mark T. Garber**
Lafayette Parish Sheriffs Office
Post Office Drawer 3508
Lafayette, LA 70502

**LAFOURCHE PARISH CLERK**
P.O. BOX 818
THIBODAUX, LA 70302

| PARISH 29 | Charge | Paid | UnPaid |
|---|---|---|---|
| **SUIT NO. 132505 GOLDEN RANCH FARMS LLC vs MESA GULF COAST LLC ETAL** | | | |
| 05/16/2017 2 Citation<br>PERSONAL TO HENRY PRODUCTION COMPANY INC THRU PATRICK OTTINGER ON 05/18/2017 BY 10088 Boutin<br>GOLDEN RANCH FARMS LLC vs MESA GULF COAST LLC ETAL | 35.00 | 0.00 | 35.00 |
| 05/16/2017 2 Citation<br>PERSONAL TO TEXAS PETROLEUM INVESTMENT COMPANY THRU PATRICK OTTINGER ON 05/18/2017 BY 10088 Boutin<br>GOLDEN RANCH FARMS LLC vs MESA GULF COAST LLC ETAL | 20.00 | 0.00 | 20.00 |
| 05/16/2017 2 Citation<br>PERSONAL TO AMERICAN EXPLORER INC THRU ALFRED THOMAS II ON 05/18/2017 BY 10088 Boutin<br>GOLDEN RANCH FARMS LLC vs MESA GULF COAST LLC ETAL | 35.00 | 0.00 | 35.00 |

*** TOTAL DUE THIS INVOICE *** 90.00

*********PLEASE RETURN THIS INVOICE OR A COPY WITH PAYMENT*********

**The amount due shown above is valid if payment is received by 6/21/2017. Payments received after this date may be subject to additional interest charges.**

FILED
MAY 25 2017
CLERK OF COURT



NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**NO. 132505** **DIVISION "______"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., ET AL**

**FILED:** ________________________ __________________________
**DEPUTY CLERK**

**MOTION FOR EXTENSION OF TIME**

**NOW INTO COURT**, through undersigned counsel, comes defendants, Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C., who aver to this Honorable Court that undersigned counsel has only recently been retained and that additional time is required to prepare and file responsive pleadings in this action.

**WHEREFORE,** mover requests an additional thirty (30) days from the signing of this Order within which to prepare and file responsive pleadings.

RESPECTFULLY SUBMITTED,

PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, LLC
ATTORNEYS AT LAW

BY: ________________________
GEORGE PIVACH, II (10798)
TIMOTHY THRIFFILEY (19808)
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chasse, Louisiana 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
E-Mail: gpivach@pivachlaw.com

**ORDER**

**CONSIDERING THE ABOVE AND FOREGOING MOTION,**

**IT IS ORDERED** that mover is hereby granted an additional thirty (30) days from the signing of this order within which to file responsive pleadings.

Thibodaux, Louisiana, this ______ day of ______________, 2017

__________________________
**JUDGE**

X:\Docs\FILES\Active 2016-2017\17-260\Extension motion.doc

NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all known counsel of record, by placing same in the U.S. Mail, properly addressed and postage prepaid, this 25th day of May, 2017.

FILED
MAY 26 2017
CLERK OF COURT

X:\Docs\FILES\Active 2016-2017\17-260\Extension motion.doc

NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

NO. 132505 DIVISION "_____"

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, L.P., ET AL

FILED: ____________________ ________________________

DEPUTY CLERK

## MOTION FOR EXTENSION OF TIME

**NOW INTO COURT,** through undersigned counsel, comes defendants, Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C., who aver to this Honorable Court that undersigned counsel has only recently been retained and that additional time is required to prepare and file responsive pleadings in this action.

**WHEREFORE,** mover requests an additional thirty (30) days from the signing of this Order within which to prepare and file responsive pleadings.

RESPECTFULLY SUBMITTED,

PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, LLC
ATTORNEYS AT LAW

BY:________________________
GEORGE PIVACH, II (10798)
TIMOTHY THRIFFILEY (19808)
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chasse, Louisiana 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
E-Mail: gpivach@pivachlaw.com

## ORDER

**CONSIDERING THE ABOVE AND FOREGOING MOTION,**

**IT IS ORDERED** that mover is hereby granted an additional thirty (30) days from the signing of this order within which to file responsive pleadings.

Thibodaux, Louisiana, this 29th day of May, 2017

________________________
JUDGE

X:\Docs\FILES\Active 2016-2017\17-260\Extension motion.doc

NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all known counsel of record, by placing same in the U.S. Mail, properly addressed and postage prepaid, this 25th day of May, 2017.

FILED
MAY 26 2017
CLERK OF COURT

X:\Docs\FILES\Active 2016-2017\17-260\Extension motion.doc

NON-CERTIFIED COPY

LISKOW&LEWIS
A Professional Law Corporation

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

First City Tower
1001 Fannin Street, Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

www.Liskow.com

March 29, 2018

**Penny L. Malbrew**

Direct: (337) 267-2364
PLMalbrew@liskow.com

***Via Facsimile & U. S. Mail***

Honorable Annette M. Fontana
Clerk of Court
17th Judicial District Court Courthouse
PO Box 818
Thibodaux, LA 70302

Re: *Golden Ranch Farms, LLC v. BP America Production Co., et al.*
17th JDC, Lafourche Parish, LA (Bayou Des Allemands Field)
Docket Number 132505, Div. "B"

Dear Ms. Fontana:

Attached for fax filing please find Affirmative Defenses and Answer to Plaintiff's Original and First and Second Supplemental and Amending Petitions on behalf of BP America Production Company in the referenced matter. The original and a copy will follow via U.S. Mail. Upon receipt, please file the original into the record for this matter and return the copy, file-stamped to this office in the enclosed self-addressed envelope. Also enclosed will be this firm's check to cover filing costs. Thank you for your cooperation in this matter.

Your usual courtesies and assistance are sincerely appreciated.

Very truly yours,

Penny L. Malbrew

PLM/kn
encl.
cc: *(All via E-Mail and U. S. Mail)*
Donald T. Carmouche, Esq./Victor L. Marcello, Esq. /John H. Carmouche, Esq./William R. Coenen, III, Esq./Brian T. Carmouche, Esq./Todd. J. Wimberley, Esq./Ross J. Donnes, Esq./D. Adele Owen, Esq./Leah C. Poole, Esq./Caroline H. Martin, Esq./Christopher D. Martin, Esq.
David W. Ardoin, Esq./Matthew D. Ory, Esq.
C. Berwick Duval, II, Esq./Stanwood R. Duvall, Esq./Kathryn W. Richard, Esq.

4743417_1.docx

NON-CERTIFIED COPY

Eric E. Jarrell, Esq./Michael J. Cerniglia, Esq./Nicole M. Babb, Esq./ Amanda R. James, Esq.
Jamie D. Rhymes, Esq./Hunter A. Chauvin, Esq./ Edward M. Duhe, Jr., Esq./James E. Lapeze *(all via e-mail only)*
Elisabeth Wheeler, Esq./Erin Bambrick, Esq.
Paul J. Hebert, Esq./William H. L. Kaufman, Esq./Valerie J. Guidry, Esq.
Esteban Herrera, Jr., Esq./Victor J. Suane, Esq./Sam Lumpkin, Esq./Hattie V. Guidry, Esq.
George Pivach, II, Esq./Timothy Thriffiley, Esq.
Brian W. Capell, Esq. *(via e-mail only)*
Sarah E. Iiams, Esq.
Daniel C. Hughes, Esq.

FILED
MAR 29 2018
CLERK OF COURT

NON-CERTIFIED COPY

B

GEORGE PIVACH, II
MARK A. PIVACH
DAVID M. HUFFT
TIMOTHY THRIFFILEY
COREY E. DUNBAR*
ELLEN PIVACH DUNBAR
JOHN E. PIVACH

*Admitted in Louisiana and Texas

Pivach Pivach Hufft Thriffiley & Dunbar
*attorneys at law*

8311 HIGHWAY 23, SUITE 104
POST OFFICE BOX 7125
BELLE CHASSE, LA 70037
(504) 394-1870
FAX (504) 393-2553
www.pivachlaw.com
GPivach@PivachLaw.com

May 25, 2017

Clerk of Court
Parish of Lafourche
303 W 3rd Street 104
Thibodaux, LA 70301

Re: Golden Ranch Farms, LLC
Vs. Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C., et al
17th JDC, No. C-132505
Our File No. 17-260

Dear Sir/Madam:

Enclosed herewith please find original and one copy of a **MOTION FOR EXTENSION,** which we are requesting that you file into the record of the above captioned matter, present to the appropriate Judge for signing and thereafter return a conformed copy of same to our office. Also, enclosed is our firm check in the amount of $50.00 to cover the filing fee.

Thanking you in advance for your cooperation and assistance, I remain,

Yours very truly,

GEORGE PIVACH, II
TIMOTHY THRIFFILEY
FOR THE FIRM

GPII/TT/cdh
Enclosure
Cc Donald T. Carmouche, w/enclosure, via facsimile 1-225-448-2568
Client, w/enclosure, via e-mail

FILED
MAY 26 2017
CLERK OF COURT

NON-CERTIFIED COPY

68480

| DATE | DESCRIPTION | INVOICE # | CHECK AMOUNT | CHECK DEDUCTION | CHECK NET AMOUNT |
|---|---|---|---|---|---|
| 05/22/17 | 213 Clerk of Court, LaFourche Parish<br>17-260 Mesa Gulf Coast, et al;<br>C-132505; Filing fee | 17-260 | 50.00 | | 50.00 |

132505

FILED
MAY 26 2017
CLERK OF COURT

| CHECK DATE | CONTROL NUMBER | TOTALS ▶ | | | |
|---|---|---|---|---|---|
| 05/22/17 | 68480 | Gross: 50.00 | Ded: 0.00 | Net: 50.00 | |

NON-CERTIFIED COPY

D1447119

# NOTICE OF FILING

| | |
|---|---|
| **GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **MESA GULF COAST LLC, ET AL** | **STATE OF LOUISIANA** |
| **DOCKET NUMBER: C-132505** | |

TO: MR. VICTOR L. MARCELLO
TALBOT, CARMOUCHE, MARCHAND, MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

Please be notified that a **Motion for Extension of time was filed May 26, 2017; Hon. Steven M. Miller signed the Order on May 29, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, May 30, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
MAY 30 2017
Rita A. Bernard
CLERK OF COURT

NON-CERTIFIED COPY

RETURN

D1435379

# CITATION

GOLDEN RANCH FARMS LLC

VS

MESA GULF COAST LLC, ET AL

DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: MESA GULF COAST LLC
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
GEORGE PIVACH
8311 HWY 23 STE 104
BELLE CHASSE, LA 70037

residing in the PARISH OF PLAQUEMINES, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT

[signature]
Deputy Clerk of Court

TALBOT, CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ________________ on the _________
Day of _______________________, 20___
Service: ____________________________
Mileage: ____________________________

_________________________________
Dty. Sheriff PLAQUEMINES Parish

DOMICILIARY SERVICE

On ___________________________ by
Leaving the same with ______________
___________________________________
On the ___ day of
________________________, 20_____
Service: ___________________________
Mileage: ___________________________

_________________________________
Dty. Sheriff PLAQUEMINES Parish

NON-CERTIFIED COPY

NON-CERTIFIED COPY

**Plaquemines Parish Sheriff's Office**
Return

Date Served: 5/15/17 Time: 310 Date Returned: ______

Personal: (__)

Domiciliary (X) Jennifer Munkres Relationship ______
(Print Name)

Unable to serve: ______

______

Deputy: ______

FILED
MAY 30 2017
CLERK OF COURT

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party.
Date: May 31, 2017

Jill L Bernard
Deputy Clerk of Court

PAID-CHECK # ~~[illegible]~~ 128264

**RETURN**

**D1435403**

# CITATION

**GOLDEN RANCH FARMS LLC**

**VS**

**MESA GULF COAST LLC, ET AL**

**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: TCHEFUNCTE NATURAL RESOURCES LLC
THROUGH ITS REGISTERED AGENT FOR SERVICE PROCESS
GEORGE PIVACH
8311 HWY 23 STE 104
BELLE CHASSE, LA 70037

residing in the PARISH OF PLAQUEMINES, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

[signature]
**Deputy Clerk of Court**

TALBOT, CARMOUCHE & MARCELLO
ATTORNEY AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ________________ on the _________
Day of _______________________, 20___
Service: ______________________________
Mileage: _____________________________

_______________________________________
Dty. Sheriff PLAQUEMINES Parish

DOMICILIARY SERVICE

On ____________________________ by
Leaving the same with ______________
____________________________________
On the ___ day of
________________________, 20_____
Service: __________________________
Mileage: __________________________

____________________________________
Dty. Sheriff PLAQUEMINES Parish

NON-CERTIFIED COPY

Plaquemines Parish Sheriff's Office
Return

Date Served: 5/15/17 Time: 3^30 Date Returned:

Personal: (__)

Domiciliary (__) Jennifer Munkres Relationship

(Print Name)

Unable to serve:

Deputy: K

**FILED**

MAY 30 2017

Annette M. Fontana
CLERK OF COURT

**PAID-CHECK #** 128264.

NOTICE OF SERVICE
I hereby certify that this Notice of Service
was mailed by me to the requesting party.
Date: May 31, 2017
Jill L. Bernard
Deputy Clerk of Court

NON CERTIFIED COPY

KING KREBS & JURGENS PLLC

COUNSELORS AT LAW

201 ST. CHARLES AVENUE • 45TH FLOOR • NEW ORLEANS, LA 70170
TELEPHONE: (504) 582-3800 • FAX: (504) 582-1233

6363 WOODWAY • SUITE 820 • HOUSTON, TX 77057
TELEPHONE: (713) 334-5644 • FAX: (713) 334-5828

AFFILIATED OFFICES:
NEW DELHI, INDIA

Deliver To: **HONORABLE Annette M. Fontana**
**CLERK OF COURT, 17th Judicial District Court**

**Fax:** **985.447.5800**

Total Pages: ( 6 ) Including Cover Page

From: Eric E. Jarrell/Michael J. Cerniglia/Nicole M. Babb
Phone: (504) 582-3800
Date: June 2, 2017

Re: **GOLDEN RANCH** –vs-
BP PRODUCTION COMPANY, ET AL **(ConocoPhillips Company)**
17th J.D.C. No. 132505 – Division "B"

Message: Please see attached. ***Please fax a confirmation sheet with the amount of court costs due!***

If you do not receive the entire transmission, please call **COPY ROOM (504) 582-3800,** as soon as possible.

**CONFIDENTIALITY NOTICE**

This facsimile transmission (and/or the documents accompanying it) may contain information which is confidential or proprietary in nature and/or protected by the attorney-client/work product priviledge. This transmission and the information contained in it is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on its contents is prohibited. If you have received this transmission in error, please notify us immediately by telephone (calling us collect, if necessary) to arrange for return of the transmission. Your cooperation is greatly appreciated.

{N1330627 -}

**FILED**

JUN 02 2017

CLERK OF COURT

NON-CERTIFIED COPY

# FAX

| | |
|---|---|
| **Date:** | 06/02/2017 |
| Pages including cover sheet: | 7 |

| **To:** | '9854475800@rcfax.com' |
|---|---|
| | |
| | |
| | |
| | |
| | |
| **Phone** | |
| **Fax Number** | *(985) 447-5800* |

| **From:** | Robin Breaux |
|---|---|
| | King Krebs & Jurgens |
| | 201 Saint Charles Ave. |
| | New Orleans |
| | LA 70170 |
| | |
| **Phone** | *(504) 224-9037 * 122* |
| **Fax Number** | *(504) 224-9037* |

***NOTE:***

FILED
JUN 02 2017
06-02-17P02:50 RCVD
CLERK OF COURT

NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

DOCKET NO. 132505 DIVISION "B"

GOLDEN RANCH FARMS, LLC

VERSUS

BP AMERICA PRODUCTION COMPANY, ET AL.

FILED: ____________________ ____________________
DEPUTY CLERK

ORDER

Considering the foregoing Unopposed First Motion for Extension of Time to File Responsive Pleadings, and for all the reasons stated therein,

IT IS HEREBY ORDERED that Defendant, ConocoPhillips Company, be granted a thirty (30) day extension of time up to, through and including July 10, 2017, within which to file pleadings in response to Plaintiff's Petition and First Supplemental and Amending Petition for Damages.

____________________________________, Louisiana, this _________ day of ______, 2017.

____________________________________
JUDGE, 17TH JUDICIAL DISTRICT COURT

{N1329655 -}

FILED
JUN 02 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

151

D1435429

# CITATION

GOLDEN RANCH FARMS LLC

VS

MESA GULF COAST LLC, ET AL

DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: SQUARE MILE ENERGY LLC
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
JAMES C. BATES
318 ST. CHARLES ST.
BATON ROUGE, LA 70802

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT
[signature]
Deputy Clerk of Court

TALBOT, CARMOUCHE & MARCELLO
ATTORNEY AT LAW
17405 PERKINS RD
BATON ROUGE, LA 70810

FILED
JUN 02 2017
Annette M. Fontana
CLERK OF COURT

PERSONAL SERVICE

On 5-24-17 on the 24
Day of May, 20__
Service:____
Mileage:____

[signature]
Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On ____ by
Leaving the same with ____

On the ___ day of
____, 20___
Service:____
Mileage:____

Dty. Sheriff EAST BATON ROUGE Parish

RECEIVED
MAY 23 2017
E.B.R. SHERIFF'S OFFICE

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party.
Date: June 2, 2017
[signature]
Deputy Clerk of Court

NON-CERTIFIED COPY

# Transmission Log

LafourcheClerk Friday, 2017-06-02 15:40 9854475800

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2017-06-02 | 15:40 | SCAN | 19160 | 0:19 | 14400 | 0 | 1 | OK -- V.17 1M31 |

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: KING, KREBS & JURGENS**

504-582-1233

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**MESA GULF COAST LLC, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on JUNE 2, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**UNOPPOSED FIRST MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**JILL L. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $100.00**

**FILED**

JUN 02 2017

CLERK OF COURT

NON-CERTIFIED COPY

# KING KREBS & JURGENS PLLC

COUNSELORS AT LAW
201 ST. CHARLES AVENUE
45TH FLOOR
NEW ORLEANS, LA 70170
TELEPHONE: (504) 582-3800
FAX: (504) 582-1233

HENRY A. KING (1)
PATRICIA A. KREBS (1)
GEORGE B. JURGENS III
ROBERT J. BURVANT (1)
J. GRANT COLEMAN, LLM (2)(4)
ERIC E. JARRELL
LEN R. BRIGNAC (1) (3)(5)
TIMOTHY S. MADDEN
ROBERT J. STEFANI (1) (2)(7)
JAMES D. BERCAW
LINDSAY A. LARSON III
DAVID A. STRAUSS (1) (8)
JEFFREY M. BURMASTER
DOUGLAS P. MATTHEWS
MICHAEL L. VINCENZO
CHRISTIAN A. GARBETT (1)
JOHN A. CANGELOSI
ADAM P. MASSEY
SUSAN E. DINNEEN (2) (10)
MICHAEL J. CERNIGLIA (11)
BRENT M. BURNS
R. DANIEL SERIO, JR.
CAROLYN S. BUCKLEY
REED M. COLEMAN (12)
FABIAN M. NEHRBASS
NICOLE M. BABB
LAURA E. AVERY
BRIAN A. CLARK
ROBIN D. CASSEDY
DIANA J. MASTERS

Of Counsel:
JOSEPH R. MESSA (9)
JOANNE MANTIS (6)

(1) ALSO ADMITTED IN TEXAS
(2) ALSO ADMITTED IN WASHINGTON, D.C.
(3) ALSO ADMITTED IN FLORIDA
(4) TAX LAW SPECIALIST CERTIFIED BY THE LOUISIANA BOARD OF LEGAL SPECIALIZATION
(5) REGISTERED PATENT ATTORNEY
(6) ALSO ADMITTED IN GREECE
(7) ALSO ADMITTED IN NEW YORK
(8) ALSO ADMITTED IN ILLINOIS
(9) ADMITTED IN TEXAS ONLY
(10) ALSO ADMITTED IN MARYLAND
(11) ALSO ADMITTED IN COLORADO
(12) ALSO ADMITTED IN ALABAMA

Nicole M. Babb
Attorney at Law
NBabb@kingkrebs.com
504.582.1275 Direct

June 2, 2017

**<u>VIA TELEFAX AND FEDERAL EXPRESS</u>**
Annette M. Fontana, Clerk of Court
17th Judicial District Court
Lafourche Parish
Lafourche Parish Annex
303 West Third Street
Thibodaux, LA 70301

RE: Golden Ranch
vs. BP America Production Company, et al
17th Judicial District Court for the Parish of LaFourche, State of Louisiana
Docket No. 132505, Division "B"

Dear Ms. Fontana:

Enclosed for fax filing please find an Unopposed First Motion for Extension of Time to File Responsive Pleadings filed on behalf of ConocoPhillips Company. The original and two copies will be sent via Federal Express. Upon receipt, we ask that you file the original into the record and return a conformed copy to me in the enclosed self-addressed and stamped envelope. Also, our check will be enclosed as requested to cover the court costs.

If you have any questions, or if I can be of any assistance, please do not hesitate to contact me.

Sincerely,

Nicole M. Babb

Nicole M. Babb

NMB:rb
Enclosures
cc: All Counsel of Record (w/encl.)



FILED
JUN 02 2017
CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**FILED:** ____________________ ____________________
**DEPUTY CLERK**

**UNOPPOSED FIRST MOTION FOR EXTENSION**
**OF TIME TO FILE RESPONSIVE PLEADINGS**

NOW INTO COURT, through undersigned counsel, comes defendant, ConocoPhillips Company, as alleged successor-in-interest to Phillips Oil Company, Phillips Petroleum Company and General American Oil Company of Texas, ("Defendant"), and moves for entry of an order granting it a thirty (30) day extension of time up to, through and including July 10, 2017, within which to file pleadings in response to Plaintiff's Petition and First Supplemental and Amending Petition for Damages.

In support of its motion, movant states that: 1) responsive pleadings from Defendant are currently due June 8, 2017; 2) Defendant needs additional time to conduct an investigation and prepare its responses to Plaintiff's Petition and First Supplemental and Amending Petition for Damages; 3) this is Defendant's first request for an extension of time to plead; and 4) Plaintiff's counsel has been contacted and has no objection to the granting of this motion.

WHEREFORE, Defendant moves this Court for entry of an order granting it a thirty (30) day extension of time up to, through and including July 10, 2017 within which to file pleadings in response to Plaintiffs' Petition for Damages.

{N1329655 -}

NON-CERTIFIED COPY

Respectfully submitted,

Nicole M. Babb

ERIC E. JARRELL (#16982)
MICHAEL J. CERNIGLIA (#29792)
NICOLE M. BABB (#35032)
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Fax: (504) 582-1233
*Attorneys for Defendant,*
*ConocoPhillips Company*



NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile, electronic mail, and/or placing same in the United States mail, properly addressed and postage prepaid this 2nd day of June, 2017.

Nicole M. Babb



FILED

JUN 02 2017

CLERK OF COURT

NON-CERTIFIED COPY

2200 / 178

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: KING, KREBS & JURGENS**

504-582-1233

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**MESA GULF COAST LLC, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on JUNE 2, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**UNOPPOSED FIRST MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**JILL L. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $100.00**

O25-80926

NON-CERTIFIED COPY

D1454347

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. VICTOR L. MARCELLO
TALBOT, CARMOUCHE, MARCHAND, MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

Please be notified that **a Unopposed First Motion for Extension of Time to File Responsive Pleadings was filed June 5, 2017; Hon. Steven M. Miller signed the Order on June 12, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, June 13, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

**Deputy Clerk of Court**

**FILED**
JUN 13 2017
DY CLERK OF COURT

NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

DOCKET NO. 132505 DIVISION "B"

GOLDEN RANCH FARMS, LLC

VERSUS

BP AMERICA PRODUCTION COMPANY, ET AL.

FILED: ____________________ ____________________ DEPUTY CLERK

ORDER

Considering the foregoing Unopposed First Motion for Extension of Time to File Responsive Pleadings, and for all the reasons stated therein,

IT IS HEREBY ORDERED that Defendant, ConocoPhillips Company, be granted a thirty (30) day extension of time up to, through and including July 10, 2017, within which to file pleadings in response to Plaintiff's Petition and First Supplemental and Amending Petition for Damages.

Thibodaux, Louisiana, this 10th day of June, 2017.

JUDGE, 17TH JUDICIAL DISTRICT COURT

FILED

JUN 05 2017

CLERK OF COURT

{N1329655 -}

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**FILED:** ____________________ ____________________________
**DEPUTY CLERK**

**ORDER**

Considering the foregoing Unopposed First Motion for Extension of Time to File Responsive Pleadings, and for all the reasons stated therein,

IT IS HEREBY ORDERED that Defendant, ConocoPhillips Company, be granted a thirty (30) day extension of time up to, through and including July 10, 2017, within which to file pleadings in response to Plaintiff's Petition and First Supplemental and Amending Petition for Damages.

__________________________________, Louisiana, this _________ day of ______, 2017.

____________________________________________
**JUDGE, 17TH JUDICIAL DISTRICT COURT**

FILED
JUN 05 2017
CLERK OF COURT

{N1329655 -}

NON-CERTIFIED COPY

# KING KREBS & JURGENS PLLC

COUNSELORS AT LAW
201 ST. CHARLES AVENUE
45TH FLOOR
NEW ORLEANS, LA 70170
TELEPHONE: (504) 582-3800
FAX: (504) 582-1233

HENRY A. KING (1)
PATRICIA A. KREBS (1)
GEORGE B. JURGENS III
ROBERT J. BURVANT (1)
J. GRANT COLEMAN, LLM (2)(4)
ERIC E. JARRELL
LEN R. BRIGNAC (1) (3)(5)
TIMOTHY S. MADDEN
ROBERT J. STEFANI (1) (2)(7)

JAMES D. BERCAW
LINDSAY A. LARSON III
DAVID A. STRAUSS (1) (8)
JEFFREY M. BURMASTER
DOUGLAS P. MATTHEWS
MICHAEL L. VINCENZO
CHRISTIAN A. GARBETT (1)
JOHN A. CANGELOSI
ADAM P. MASSEY

SUSAN E. DINNEEN (2) (10)
MICHAEL J. CERNIGLIA (11)
BRENT M. BURNS
R. DANIEL SERIO, JR.
CAROLYN S. BUCKLEY
REED M. COLEMAN (12)
FABIAN M. NEHRBASS

NICOLE M. BABB
LAURA E. AVERY
BRIAN A. CLARK
ROBIN D. CASSEDY
DIANA J. MASTERS

Of Counsel:
JOSEPH R. MESSA (9)
JOANNE MANTIS (6)

(1) ALSO ADMITTED IN TEXAS
(2) ALSO ADMITTED IN WASHINGTON, D.C.
(3) ALSO ADMITTED IN FLORIDA
(4) TAX LAW SPECIALIST CERTIFIED BY THE LOUISIANA BOARD OF LEGAL SPECIALIZATION
(5) REGISTERED PATENT ATTORNEY
(6) ALSO ADMITTED IN GREECE
(7) ALSO ADMITTED IN NEW YORK
(8) ALSO ADMITTED IN ILLINOIS
(9) ADMITTED IN TEXAS ONLY
(10) ALSO ADMITTED IN MARYLAND
(11) ALSO ADMITTED IN COLORADO
(12) ALSO ADMITTED IN ALABAMA

**Nicole M. Babb**
Attorney at Law
NBabb@kingkrebs.com
504.582.1275 Direct

June 2, 2017

**<u>VIA TELEFAX AND FEDERAL EXPRESS</u>**
Annette M. Fontana, Clerk of Court
17th Judicial District Court
Lafourche Parish
Lafourche Parish Annex
303 West Third Street
Thibodaux, LA 70301

RE: Golden Ranch
vs. BP America Production Company, et al
17th Judicial District Court for the Parish of LaFourche, State of Louisiana
Docket No. 132505, Division "B"

Dear Ms. Fontana:

Enclosed for fax filing please find an Unopposed First Motion for Extension of Time to File Responsive Pleadings filed on behalf of ConocoPhillips Company. The original and two copies will be sent via Federal Express. Upon receipt, we ask that you file the original into the record and return a conformed copy to me in the enclosed self-addressed and stamped envelope. Also, our check will be enclosed as requested to cover the court costs.

If you have any questions, or if I can be of any assistance, please do not hesitate to contact me.

Sincerely,
Nicole M. Babb
Nicole M. Babb

FILED
JUN 05 2017
CLERK OF COURT

NMB:rb
Enclosures
cc: All Counsel of Record (w/encl.)



NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**FILED: ____________________** **____________________________**
**DEPUTY CLERK**

**UNOPPOSED FIRST MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS**

NOW INTO COURT, through undersigned counsel, comes defendant, ConocoPhillips Company, as alleged successor-in-interest to Phillips Oil Company, Phillips Petroleum Company and General American Oil Company of Texas, ("Defendant"), and moves for entry of an order granting it a thirty (30) day extension of time up to, through and including July 10, 2017, within which to file pleadings in response to Plaintiff's Petition and First Supplemental and Amending Petition for Damages.

In support of its motion, movant states that: 1) responsive pleadings from Defendant are currently due June 8, 2017; 2) Defendant needs additional time to conduct an investigation and prepare its responses to Plaintiff's Petition and First Supplemental and Amending Petition for Damages; 3) this is Defendant's first request for an extension of time to plead; and 4) Plaintiff's counsel has been contacted and has no objection to the granting of this motion.

WHEREFORE, Defendant moves this Court for entry of an order granting it a thirty (30) day extension of time up to, through and including July 10, 2017 within which to file pleadings in response to Plaintiffs' Petition for Damages.

{N1329655 -}

NON-CERTIFIED COPY

Respectfully submitted,

Nicole M. Babb

ERIC E. JARRELL (#16982)
MICHAEL J. CERNIGLIA (#29792)
NICOLE M. BABB (#35032)
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Fax: (504) 582-1233
*Attorneys for Defendant,*
*ConocoPhillips Company*



NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile, electronic mail, and/or placing same in the United States mail, properly addressed and postage prepaid this 2nd day of June, 2017.

Nicole M. Babb

FILED

JUN 05 2017

CLERK OF COURT



NON-CERTIFIED COPY

D1435445

# CITATION

GOLDEN RANCH FARMS LLC

VS

MESA GULF COAST LLC, ET AL

DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: AMERADA PETROLEUM CORPORATION
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT

[signature]
Deputy Clerk of Court

FILED
JUN 07 2017
Annette M. Fontana
CLERK OF COURT

TALBOT, CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

MAY 25 2017

PERSONAL SERVICE

On ________________ on the __________
Day of ________________________, 20___
Service:_____________________________
Mileage:_____________________________

I made service on the named party through the CT Corporation

Dty. Sheriff EAST BATON ROUGE Parish

MAY 26 2017
by tendering a copy of this document to
☐ Jeannine Beauregard ☑ Brenna Beauregard
☐ Allison Reed
DEPUTY CLINE BRELAND
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

DOMICILIARY SERVICE

On _____________________________ by
Leaving the same with _______________
_____________________________________
On the ___ day of
________________________, 20_____
Service:_____________________________
Mileage:_____________________________
_____________________________________
Dty. Sheriff EAST BATON ROUGE Parish

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party.
Date June 7, 2017
[signature]
Deputy Clerk of Court

NON CERTIFIED COPY

D1435353

# CITATION

GOLDEN RANCH FARMS LLC

VS

MESA GULF COAST LLC, ET AL

DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: BP AMERICA PRODUCTION COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT
[signature]
Deputy Clerk of Court

TALBOT, CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

FILED
JUN 07 2017
[signature]
CLERK OF COURT

MAY 25 2017

PERSONAL SERVICE

On ______________ on the ________
Day of ____________________, 20___
Service: ____________________
Mileage: ____________________

I made service on the named party through the CT Corporation

_______________
Dty. Sheriff EAST BATON ROUGE Parish

MAY 26 2017
by tendering a copy of this document to
☐ Jeannine Beauregard ☑ Brenna Beauregard
☐ Allison Reed
DEPUTY CLINE BRELAND
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

DOMICILIARY SERVICE

On ________________________ by
Leaving the same with ____________
_______________________
On the ___ day of
____________________, 20_____
Service: ____________________
Mileage: ____________________

_______________
Dty. Sheriff EAST BATON ROUGE Parish

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party.
Date: June 7, 2017
[signature]
Dep... Clerk of Court

NON-CERTIFIED COPY

D1435528

# CITATION

GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT
PARISH OF LAFOURCHE
STATE OF LOUISIANA

TO: CONOCOPHILLIPS COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
UNITED STATES CORPORATION COMPANY
501 LOUISIANA AVE
BATON ROUGE, LA 70802

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT
[signature]
Deputy Clerk of Court

TALBOT CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

I MADE SERVICE TO THE LEGAL DEPT. THRU
MAY 24 2017
Natalie
DY. L. PAYNES

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party.
Date: June 7, 2017
[signature]
Deputy Clerk of Court

PERSONAL SERVICE

On ________________ on the _________
Day of ______________________, 20___
Service: ____________________________
Mileage: ___________________________

________________________________________
Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On __________________________ by
Leaving the same with ______________
____________________________________
On the ___ day of
______________________, 20_____
Service: ________________________
Mileage: ________________________

________________________________________
Dty. Sheriff EAST BATON ROGUE Parish

FILED
JUN 07 2017
Annette M. Fontana
CLERK OF COURT

RECEIVED
MAY 23 2017
E.B.R. SHERIFF'S OFFICE

NON CERTIFIED COPY

D1435478

# CITATION

GOLDEN RANCH FARMS LLC

VS

MESA GULF COAST LLC, ET AL

DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: DENBURY ONSHORE LLC
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT
[signature]
Deputy Clerk of Court

FILED
JUN 07 2017
Annette M. Fontana
CLERK OF COURT

TALBOT CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ________________ on the __________
Day of ________________________, 20___
Service: ______________________________
Mileage: ______________________________

I made service on the named party through the
CT Corporation

Dty. Sheriff EAST BATON ROUGE Parish

MAY 25 2017
by tendering a copy of this document to
☐ Jeannine Beauregard ☑ Brenna Beauregard
☐ Allison Reed
DEPUTY CLINE BRELAND
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

RECEIVED
MAY 23 2017
E.B.R. SHERIFF'S OFFICE

DOMICILIARY SERVICE

On ____________________________ by
Leaving the same with _______________
______________________________
On the ___ day of
____________________, 20_____
Service: ______________________
Mileage: ______________________

Dty. Sheriff EAST BATON ROGUE Parish

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party
Date: June 7, 2017
[signature]
Deputy Clerk of Court

NON-CERTIFIED COPY

D1435361

# CITATION

GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT
PARISH OF LAFOURCHE
STATE OF LOUISIANA

TO: DEVON ENERGY PRODUCTION COMPANY LP
THROUGH ITS REGISTERED AGENT FOR SERVICE
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT
[signature]
Deputy Clerk of Court

FILED
JUN 07 2017
[signature]
CLERK OF COURT

TALBOT, CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

MAY 25 2017

PERSONAL SERVICE

On ________________ on the ________
Day of ______________________, 20___
Service: ______________________________
Mileage: ______________________________

I made service on the named party through the
CT Corporation

Dty. Sheriff EAST BATON ROUGE Parish

MAY 26 2017
by tendering a copy of this document to
☐ Jeannine Beauregard ☑ Brenna Beauregard
☐ Allison Reed
DEPUTY CLINE BRELAND
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

DOMICILIARY SERVICE

On __________________________ by
Leaving the same with ______________
______________________________
On the ___ day of
______________________, 20_____
Service: ______________________
Mileage: ______________________

Dty. Sheriff EAST BATON ROUGE Parish

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party.
Date: June 7, 2017
[signature]
Deputy Clerk of Court

NON CERTIFIED COPY

D1435411

# CITATION

GOLDEN RANCH FARMS LLC

VS

MESA GULF COAST LLC, ET AL

DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: EXXON MOBIL CORPORATION
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CORPORATION SERVICE COMPANY
501 LOUISIANA AVE
BATON ROUGE, LA 70802

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT

Deputy Clerk of Court

FILED
JUN 07 2017
Annette M. Fontana
CLERK OF COURT

TALBOT, CARMOUCHE & MARCELLO
ATTORNEY AT LAW
17405 PERKINS RD
BATON ROUGE, LA 70810

I MADE SERVICE TO THE LEGAL DEPT. THRU
MAY 24 2017
Natalie
DY. L. PAYNE

PERSONAL SERVICE

On ________________ on the _________
Day of _________________________, 20___
Service:_______________________________
Mileage:______________________________

______________________________________
Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On _____________________________ by
Leaving the same with ______________
______________________________________
On the ___ day of
_________________________, 20______
Service:_____________________________
Mileage:_____________________________

______________________________________
Dty. Sheriff EAST BATON ROUGE Parish

RECEIVED
MAY 23 2017
E.B.R. SHERIFF'S OFFICE

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party.
Date: June 7, 2017
Deputy Clerk of Court

NON-CERTIFIED COPY

D1435452

# CITATION

GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL

SEVENTEENTH JUDICIAL DISTRICT
PARISH OF LAFOURCHE
STATE OF LOUISIANA

DOCKET NUMBER: C-132505

TO: HAMMAN OIL & REFINING COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT
[signature]
Deputy Clerk of Court

FILED
JUN 07 2017
Annette M. Fontana
CLERK OF COURT

TALBOT, CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On ______________ on the ________
Day of ____________________, 20____
Service:____________________
Mileage:____________________

I made service on the named party through the CT Corporation by tendering a copy of this document to ☐ Jeannine Beauregard ☐ Allison Reed

MAY 25 2017

DEPUTY CLINE BRELAND
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On ______________________ by
Leaving the same with ____________
____________________________
On the ___ day of
____________________, 20_____
Service:____________________
Mileage:____________________

Dty. Sheriff EAST BATON ROUGE Parish

RECEIVED
MAY 23 2017
E.B.R. SHERIFF'S OFFICE

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party
Date June 1, 2017
[signature]
Deputy Clerk of Court

NON-CERTIFIED COPY

D1435460

# CITATION

GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT
PARISH OF LAFOURCHE
STATE OF LOUISIANA

TO: HESS CORPORATION A DELAWARE CORPORATION
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT
[signature]
Deputy Clerk of Court

FILED
JUN 07 2017
Annette M. Fontana
CLERK OF COURT

TALBOT, CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

PERSONAL SERVICE

On Made service on the named party through the ___ on the ___ Day of CT Corporation ___, 20___
Service: ___
Mileage: ___

MAY 25 2017
by tendering a copy of this document to
☐ Jeannine Beauregard ☑ Brenna Beauregard ☐ Allison Reed
DEPUTY CLINE BRELAND
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On ___ by
Leaving the same with ___
___
On the ___ day of
___, 20___
Service: ___
Mileage: ___

Dty. Sheriff EAST BATON ROUGE Parish

RECEIVED
MAY 23 2017
E.B.R. SHERIFF'S OFFICE

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party.
Date: June 7 2017
[signature]
Deputy Clerk of Court

NON-CERTIFIED COPY

114

D1435536

# CITATION

GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT
PARISH OF LAFOURCHE
STATE OF LOUISIANA

TO: BILLY PROCHASKA P E
9935 HILLYARD AVE
BATON ROUGE, LA 70809-3112

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT
[signature]
Deputy Clerk of Court

TALBOT CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

FILED
JUN 07 2017
[signature]
CLERK OF COURT

0838

PERSONAL SERVICE
On alrd on the 25
Day of May, 20 17
Service: alrd
Mileage: ____

[signature]
Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE
On ____ by
Leaving the same with ____
____
On the ___ day of
____, 20____
Service: ____
Mileage: ____
____
Dty. Sheriff EAST BATON ROUGE Parish

RECEIVED
MAY 23 2017
E.B.R. SHERIFF'S OFFICE

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party.
Date: June 7, 2017
[signature]
Deputy Clerk of Court

NON-CERTIFIED COPY

D1435395

# CITATION

| | |
|---|---|
| GOLDEN RANCH FARMS LLC | SEVENTEENTH JUDICIAL DISTRICT |
| VS | PARISH OF LAFOURCHE |
| MESA GULF COAST LLC, ET AL | STATE OF LOUISIANA |

**DOCKET NUMBER: C-132505**

TO: SM ENERGY COMPANY DELAWARE
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CORPORATION SERVICE COMPANY
501 LOUISIANA AVE
BATON ROUGE, LA 70802

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT

[signature]
Deputy Clerk of Court

TALBOT, CARMOUCHE & MARCELLO
ATTORNEY AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

I MADE SERVICE TO THE LEGAL DEPT. THRU
MAY 24 2017
Natalie
DY. L. PAYNES

PERSONAL SERVICE

On ________________ on the _________
Day of _______________________, 20___
Service: ______________________________
Mileage: ______________________________

Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On ____________________________ by
Leaving the same with _______________
_____________________________________
On the ___ day of
_________________________, 20_____
Service: ____________________________
Mileage: ____________________________

Dty. Sheriff EAST BATON ROUGE Parish

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party.
Date June 7, 2017
[signature]
Deputy Clerk of Court

RECEIVED
MAY 23 2017
E.B.R. SHERIFF'S OFFICE

FILED
JUN 07 2017
Annette M. Fontana
CLERK OF COURT

NON CERTIFIED COPY

D1435486

# CITATION

GOLDEN RANCH FARMS LLC
VS
MESA GULF COAST LLC, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT
PARISH OF LAFOURCHE
STATE OF LOUISIANA

TO: TENSAS DELTA EXPLORATION COMPANY LLC
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT
[signature]
Deputy Clerk of Court

TALBOT CARMOUCHE & MARCELLO
ATTORNEYS AT LAW
17405 PERKINS ROAD
BATON ROUGE, LA 70810

FILED
JUN 07 2017
Annette M. Fontana
CLERK OF COURT

PERSONAL SERVICE

On ______ on the ______
Day of ______, 20___
Service: ______
Mileage: ______

I made service on the named party through the CT Corporation on the MAY 25 2017 by tendering a copy of the document to
☐ Jeannine Beauregard ☑ Brenna Beauregard
☐ Allison Reed
DEPUTY CLINE BRELAND
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

Dty. Sheriff EAST BATON ROUGE Parish

DOMICILIARY SERVICE

On ______ by
Leaving the same with ______
______
On the ___ day of
______, 20___
Service: ______
Mileage: ______

Dty. Sheriff EAST BATON ROUGE Parish

RECEIVED
MAY 23 2017
E.B.R. SHERIFF'S OFFICE

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party
Date June 7, 2017
[signature]
Deputy Clerk of Court

NON-CERTIFIED COPY

D1435437

# CITATION

GOLDEN RANCH FARMS LLC

VS

MESA GULF COAST LLC, ET AL

DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: TEXAS PACIFIC OIL COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

You are hereby cited to comply with the demand contained in the PETITION FOR DAMAGES a certified copy of which accompanies this citation. Alternatively, you should file an answer or other pleading to said PETITION FOR DAMAGES in the office of the Clerk of the Seventeenth Judicial District Court, in Thibodaux, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, May 10, 2017.

ANNETTE M. FONTANA
CLERK OF COURT
[signature]
Deputy Clerk of Court

TALBOT, CARMOUCHE & MARCELLO
ATTORNEY AT LAW
17405 PERKINS RD
BATON ROUGE, LA 70810

FILED
JUN 07 2017
[signature]
CLERK OF COURT

MAY 25 2017

PERSONAL SERVICE

On ________________ on the __________
Day of ______________________, 20___
Service: ______________________________
Mileage: _____________________________

I made service on the named party through the
CT Corporation
_______________________________________
Dty. Sheriff EAST BATON ROUGE Parish

MAY 26 2017
by tendering a copy of this document to
☐ Jeannine Beauregard ☑ Brenna Beauregard
☐ Allison Reed
DEPUTY CLINE BRELAND
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

DOMICILIARY SERVICE

On ____________________________ by
Leaving the same with ______________
_________________________________
On the ___ day of
_____________________________, 20_____
Service: _________________________
Mileage: _________________________
_________________________________
Dty. Sheriff EAST BATON ROUGE Parish

NOTICE OF SERVICE
I hereby certify that this Notice of Service was mailed by me to the requesting party.
Date: June 7, 2017
[signature]
Deputy Clerk of Court

NON-CERTIFIED COPY

68625

CHECK

| DATE | DESCRIPTION | INVOICE # | AMOUNT | DEDUCTION | NET AMOUNT |
|---|---|---|---|---|---|
| 06/21/17 | 213 Clerk of Court, LaFourche Parish<br>17-260 Mesa Gulf Coast, et al;<br>C-132505; Filing fee | 17-260 | 50.00 | | 50.00 |

FILED
JUN 26 2017
CLERK OF COURT

| CHECK DATE | CONTROL NUMBER | | | | | | |
|---|---|---|---|---|---|---|---|
| 06/21/17 | 68625 | TOTALS ▶ Gross: | 50.00 | Ded: | 0.00 | Net: | 50.00 |

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**NO. 132505** **DIVISION "_____"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., ET AL**

**FILED:** ____________________ ________________________

**DEPUTY CLERK**

**MOTION FOR EXTENSION OF TIME**

**NOW INTO COURT**, through undersigned counsel, comes defendants, Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C., who aver to this Honorable Court that undersigned counsel requires additional time to prepare and file responsive pleadings in this action. Further, undersigned counsel has consulted with plaintiff's counsel regarding said additional extension and plaintiff's counsel has no objection to the granting of an additional thirty day extension.

**WHEREFORE,** mover requests an additional thirty (30) days or until July 28, 2017, within which to prepare and file responsive pleadings.

RESPECTFULLY SUBMITTED,

PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, LLC
ATTORNEYS AT LAW

BY:________________________
GEORGE PIVACH, II (10798)
TIMOTHY THRIFFILEY (19808)
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chasse, Louisiana 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
E-Mail: gpivach@pivachlaw.com
tthriffiley@pivachlaw.com

X:\Docs\FILES\Active 2016-2017\17-260\pleadings\Extension motion2.doc

NON-CERTIFIED COPY

**ORDER**

**CONSIDERING THE ABOVE AND FOREGOING MOTION,**

**IT IS ORDERED** that mover is hereby granted an additional thirty (30) days or until July 28, 2017, within which to file responsive pleadings.

Thibodaux, Louisiana, this _____ day of June, 2017

_______________________________
JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all known counsel of record, by placing same in the U.S. Mail, properly addressed and postage prepaid, this 22nd day of June, 2017.

_______________________________

FILED
JUN 26 2017
Rita A. Benard
CLERK OF COURT
Dty

X:\Docs\FILES\Active 2016-2017\17-260\pleadings\Extension motion2.doc

NON-CERTIFIED COPY

GEORGE PIVACH, II
MARK A. PIVACH
DAVID M. HUFFT
TIMOTHY THRIFFILEY
COREY E. DUNBAR*
ELLEN PIVACH DUNBAR
JOHN E. PIVACH

*Admitted in Louisiana and Texas

Pivach Pivach Hufft Thriffiley & Dunbar
*attorneys at law*

8311 HIGHWAY 23, SUITE 104
POST OFFICE BOX 7125
BELLE CHASSE, LA 70037
(504) 394-1870
FAX (504) 393-2553
www.pivachlaw.com
GPivach@PivachLaw.com

June 22, 2017

Clerk of Court
Parish of Lafourche
303 W 3rd Street 104
Thibodaux, LA 70301

Re: Golden Ranch Farms, LLC
Vs. Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C., et al
17th JDC, No. C-132505
Our File No. 17-260

Dear Sir/Madam:

Enclosed herewith please find original and one copy of a **MOTION FOR EXTENSION,** which we are requesting that you file into the record of the above captioned matter, present to the appropriate Judge for signing and thereafter return a conformed copy of same to our office. Also, enclosed is our firm check in the amount of $50.00 to cover the filing fee.

Thanking you in advance for your cooperation and assistance, I remain,

Yours very truly,

GEORGE PIVACH, II
TIMOTHY THRIFFILEY
FOR THE FIRM

GPII/TT/cdh
Enclosure
Cc Donald T. Carmouche, w/enclosure, via facsimile 1-225-448-2568
Client, w/enclosure, via e-mail

FILED
JUN 26 2017
CLERK OF COURT

NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

NO. 132505

DIVISION "_____"

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, L.P., ET AL

FILED: ____________________

____________________
DEPUTY CLERK

## MOTION FOR EXTENSION OF TIME

**NOW INTO COURT**, through undersigned counsel, comes defendants, Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C., who aver to this Honorable Court that undersigned counsel requires additional time to prepare and file responsive pleadings in this action. Further, undersigned counsel has consulted with plaintiff's counsel regarding said additional extension and plaintiff's counsel has no objection to the granting of an additional thirty day extension.

**WHEREFORE,** mover requests an additional thirty (30) days or until July 28, 2017, within which to prepare and file responsive pleadings.

RESPECTFULLY SUBMITTED,

PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, LLC
ATTORNEYS AT LAW

BY:____________________
GEORGE PIVACH, II (10798)
TIMOTHY THRIFFILEY (19808)
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chasse, Louisiana 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
E-Mail: gpivach@pivachlaw.com
tthriffiley@pivachlaw.com

X:\Docs\FILES\Active 2016-2017\17-260\pleadings\Extension motion2.doc

NON-CERTIFIED COPY

**ORDER**

**CONSIDERING THE ABOVE AND FOREGOING MOTION,**

**IT IS ORDERED** that mover is hereby granted an additional thirty (30) days or until July 28, 2017, within which to file responsive pleadings.

Thibodaux, Louisiana, this 28th day of June, 2017

JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all known counsel of record, by placing same in the U.S. Mail, properly addressed and postage prepaid, this 22nd day of June, 2017.

FILED

JUN 26 2017

Rita A. Benard
CLERK OF COURT
Dty

X:\Docs\FILES\Active 2016-2017\17-260\pleadings\Extension motion2.doc

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO.132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**FILED:** ____________________ ____________________
**DEPUTY CLERK OF COURT**

**NOTICE OF RECORDS ONLY DEPOSITION OF HILCORP ENERGY COMPANY**

**TO: HILCORP ENERGY COMPANY**
through its registered agent:
CT CORPORATION SYSTEM
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

PLEASE TAKE NOTICE that the undersigned counsel will take the **RECORDS ONLY DEPOSITION** of **Hilcorp Energy Company** pursuant to Louisiana Code of Civil Procedure commencing at the office of **Talbot, Carmouche & Marcello, 17405 Perkins Road, Baton Rouge, Louisiana 70810** on **July 27, 2017** at **10:00 a.m.**, and continuing thereafter from day to day until completed, and at which time and place you are notified to appear and take part as you may deem advisable. This deposition is taken for all purposes allowable under the Louisiana Code of Civil Procedure.

FURTHERMORE, in accordance with the Louisiana Code of Civil Procedure, plaintiff gives notice that a Subpoena Duces Tecum will be issued to **Hilcorp Energy Company** for production of the following:

**INSTRUCTIONS**

The terms "documents" and "communications: should be defined as included by not limited to written and electronic or telephonic/test communications.

1. Any and all documents in your possession generated or received from Soils and Foundation Engineers, Inc. at the request or instruction of Amerada Hess Corporation pertaining to Emergency Pit Evaluations in the Bayou Des Allemands and Raceland Facilities.

If you have none of the records described, or only part thereof, you should state so in the certificate, and deliver the certificate and such records as are available with said Subpoena duces Tecum returnable at the time and date of the aforementioned scheduled deposition.

NON-CERTIFIED COPY

**THIS IS A RECORDS ONLY DEPOSITION. IF THE DOCUMENTS ARE PROVIDED TO TALBOT, CARMOUCHE & MARCELLO ON OR BEFORE THE DATE AND TIME OF THE DEPOSITION, YOUR ATTENDANCE AT THE DEPOSITION WILL NOT BE NECESSARY.**

By attorneys:

Donald T. Carmouche, #2226
Victor L. Marcello, #9252
John H. Carmouche, #22294
William R. Coenen, III, #27410
Brian T. Carmouche, #30430
Todd J. Wimberley, #34862
Ross J. Donnes, #33098
D. Adele Owen, #21001
Leah C. Poole, #35092
Caroline H. Martin, #33308
Christopher D. Martin, #30613
**TALBOT, CARMOUCHE & MARCELLO**
17405 Perkins Road
Baton Rouge, LA 70810
Tele: 225.400.9991
Fax: 225.448.2568

C. Berwick Duval, II #5109
Stanwood R. Duval, #27732
Kathryn W. Richard, #26486
**DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS**
101 Wilson Ave.
Post Office Box 3017
Houma, LA 70361
Tele: 985.876.6410
Fax: 985.851.1490

*Attorneys for Plaintiff*

FILED
JUN 29 2017
CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and forgoing document has been forwarded to the following counsel of record by electronic mail, and/or by placing same in the United States mail, postage prepaid, and properly addressed:

George Pivach II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, LLC
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chase, Louisiana 70037
*Attorney for Mesa Gulf Coast and Tchefuncte Natural Resources, L. L. C.*

Rachel P. Dunaway
LONG LAW FIRM
1800 City Farm Drive, Building 6
Baton Rouge, LA 70806
*Attorney for Billy Proschaska*

Victor Suane
KEAN MILLER LLP
II City Plaza
400 Convention Street , Suite 700
Baton Rouge, La 70802
*Attorney for Devon Energy Production*

Christopher B. Bailey
RANDAZZO, GIGLIO & BAILEY LLC
P.O. Box 51347
Lafayette, La 70505-1347
*Attorney for Square Mile Energy*

Michael G. Durand
ONBANE LAW FIRM
1200 Camelia Boulevard Suite 300
P.O. Box 3507
Lafayette, La 70502-3507
*Attorney for American Explorer, Inc.*

George Arceneaux, III
Penny Malbrew
Brittan Bush
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
*Attorneys for BP*

Eric E. Jarrell
Michael J. Cerniglia
Nicole M. Babb
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
*Attorneys for ConocoPhillips Company*

Sarah Iiams
KUCKLER POLK WEINER, LLC
1615 Poydras St., Ste 1300
New Orleans, LA 70112
*Attorney for Texas Pacific Oil Company*

Baton Rouge, Louisiana this 27th day of June, 2017.

Ross J. Donnes

FILED
JUN 29 2017
CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO.132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**EXHIBIT "A"**

1. Any and all documents in your possession generated or received from Soils and Foundation Engineers, Inc. at the request or instruction of Amerada Hess Corporation pertaining to Emergency Pit Evaluations in the Bayou Des Allemands and Raceland Facilities.

FILED
JUN 29 2017
CLERK OF COURT

NON-CERTIFIED COPY

29
7/27

B

# TALBOT, CARMOUCHE & MARCELLO

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

DONALD T. CARMOUCHE*
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN

AUBERT D. TALBOT
(1925-2005)

June 27, 2017

Honorable Annette M. Fontana
Clerk of Court, 17th JDC
LAFOURCHE PARISH DISTRICT COURT
303 W. 3rd Street
Post Office Box 818
Thibodaux, LA 70302-0818

Re: Golden Ranch Farms, LLC v. BP America Production Company, et al.
Docket No. 132505; Div. "B"17th JDC; Parish of
Lafourche; State of Louisiana

Dear Ms. Fontana,

Enclosed please find an original Notice of Records Only Deposition of Hilcorp Energy Company and two copies. Please file the original into the record and return the "date stamped" copy to me in the enclosed self-addressed stamped envelope. With the additional copy please issue a subpoena *duces tecum* as follows:

TO: **HILCORP ENERGY COMPANY**
through its registered agent:
CT CORPORATION SYSTEM
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

to produce the documents listed on Exhibit "A" to Talbot, Carmouche & Marcello, 17405 Perkins Road, Baton Rouge, Louisiana 70810 on or before July 27, 2017 at 10:00 a.m.

**PLEASE NOTE** on the subpoenas that if the requested records are produced on or before July 27, 2017 no appearance is necessary.

NON-CERTIFIED COPY

This firm's check in the amount of $75.00 is enclosed representing your filing fee.

With kindest regards, I am

Yours very truly,

Ross J. Donnes

RJD/nel
Enclosure
cc: George Pivach II/Timothy Thriffiley
Rachel P. Dunaway
Victor Suane
Christopher B. Bailey
Michael G. Durand
George Arceneaux, III/Penny Malbrew/Brittan Bush
Eric E. Jarrell/Michael J. Cerniglia/Nicole M. Babb
Sarah Iiams
D. Russell Holwadel
C. Berwick Duval, II/Stanwood R. Duval/Kathryn W. Richard

FILED
JUN 29 2017
CLERK OF COURT

NON-CERTIFIED COPY

**TALBOT, CARMOUCHE & MARCELLO** 15828

| | | | |
|---|---|---|---|
| Lafourche Parish Clerk of Court | | 6/27/2017 | |
| Accounts Receivable:Case Expenses:Co | Notice of Records Only Depo of Hilcorp | | 75.00 |

FILED

JUN 29 2017

CLERK OF COURT

| | | |
|---|---|---|
| Litigation Account | Docket 132,505: Golden Ranch Farms, LLC v B | 75.00 |

NON-CERTIFIED COPY

MAILING ADDRESS
P.O. BOX 818
THIBODAUX, LA 70302

# ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE

PHYSICAL ADDRESS
303 WEST 3RD STREET
THIBODAUX, LA 70301

June 30, 2017

HON. SID J. GAUTREAUX, III
SHERIFF, PARISH OF EAST BATON ROUGE
PO BOX 3277
BATON ROUGE, LA 70802

RE: GOLDEN RANCH FARMS LLC
VS
BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

Dear Sir:

Enclosed, please find papers to be served on

**HILCORP ENERGY COMPANY**
**THROUGH ITS REGISTERED AGENT: CT CORPORATION SYSTEM**
**3867 PLAZA TOWER DR.**
**BATON ROUGE, LA 70816**

ENCLOSED PLEASE FIND $29.36 FOR YOUR SERVICE FEES.

Would you please make service.

Sincerely,

ANNETTE M. FONTANA
Clerk of Court

Rita a Bernard

Deputy Clerk

FILED
JUN 30 2017
Rita a Bernard
CLERK OF COURT



NON-CERTIFIED COPY

D1467448

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. VICTOR L. MARCELLO
TALBOT, CARMOUCHE, MARCHAND, MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

Please be notified that a **Motion for Extension of Time was filed June 26, 2017; Hon. Steven M. Miller signed the Order on June 28, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, June 30, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A Bernard

**Deputy Clerk of Court**

FILED
JUN 3 0 2017
Rita A Bernard
CLERK OF COURT

NON-CERTIFIED COPY

D1467547

# SUBPOENA DUCES TECUM (FOR PRODUCTION OF RECORDS ONLY)

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: HILCORP ENERGY COMPANY
THROUGH ITS REGISTERED AGENT: CT CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816

YOU ARE HEREBY COMMANDED in the name of the State of Louisiana and of the Seventeenth Judicial District Court for the Parish of Lafourche, to produce on **OR BEFORE JULY 27, 2017 AT 10:00 A.M.**, at LAW OFFICES OF TALBOT CARMOUCH & MARCELLO, 17405 PERKINS ROAD, BATON ROUGE, LA 70810 the following, to-wit:

**1. Any and all documents in your possession generated or received from Soils and Foundation Engineers, Inc. at the request or instruction of Amerada Hess Corporation pertaining to Emergency Pit Evaluations in the Bayou Des Allemands and Raceland Facilities.**

PLEASE BE NOTIFIED THAT A COPY OF ARTICLE 1354 OF THE LA CODE OF CIVIL PROCEDURE IS ATTACHED HERETO.

And herein fail not under penalty of the law.

Witness my hand and seal of office this June 30, 2017, at Thibodaux, Louisiana.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

[signature]

**Deputy Clerk of Court**

REQUESTED BY:
TALBOT, CARMOUCHE & MARCELLO

NON-CERTIFIED COPY

ARTICLE 13:54. Subpoena duces tecum

A. A subpoena may order a person to appear and produce a trial, deposition, or hearing, books, papers, documents, any other tangible things, or electronically stored information in his possession or under his control, if a reasonably accurate description thereof is given. A subpoena may specify the form or forms in which electronically stored information is to be produced. A party or an attorney requesting the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or cost on a person subject to that subpoena. The court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive. Except when otherwise required by order of the court, certified copies, extracts, or copies of books, papers and documents may be produced in obedience to the subpoena duces tecum instead of the originals thereof. If the party or attorney requesting the subpoena does not specify that the named person shall be ordered to appear, the person may designate another person having knowledge of the contents of the books, papers, documents, other things, or electronically stored information, to appear as his representative.

B. A person commanded to respond to a subpoena duces tecum may within fifteen days after service of the subpoena or before the time specified for compliance, if such time is less than fifteen days after service, send to the party or attorney designated in the subpoena written objections, with supporting reasons, to any or all of the requests, including objection to the production of electronically stored information in the form or forms requested. If objection is so made, the party serving the subpoena may file a motion to compel compliance with the subpoena and may move for sanctions for failure to reasonably comply.

C. A person responding to a subpoena to produce books, papers, or documents shall produce them as they are kept in the usual course of business or may organize and label them to correspond with the categories of the demand.

D. If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena may produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably useable.

E. A person responding to a subpoena need not produce the same electronically stored information in more than one form.

F. A person responding to a subpoena need not produce books, papers, documents, or electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel production or to quash, the person from whom production is sought shall show that the information sought is not reasonably accessible because of undue burden or costs. If that showing is made, the court may nonetheless order production from such sources if the requesting party shows good cause. The court may specify conditions, including an allocation of the costs, for the production.

G. When the person subpoenaed is an adverse party, the party requesting the subpoena duces tecum may accompany his request with a written request under oath as to what facts he believes the books, papers, documents, electronically stored information, or tangible things will prove, and a copy of such statements shall be attached to the subpoena. If the party subpoenaed fails to comply with the subpoena, the facts set forth in the written statement shall be taken as confessed, and in addition the party subpoenaed shall be subject to the penalties set forth in Article 1357.

H. Subpoena duces tecum shall reproduce in full the provisions of this article.

FILED

JUN 30 2017

CLERK OF COURT

NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

DOCKET NO. 132505 DIVISION "B"

GOLDEN RANCH FARMS, LLC

VERSUS

BP AMERICA PRODUCTION COMPANY, ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK

**CONOCOPHILLIPS COMPANY'S DILATORY EXCEPTIONS TO PLAINTIFF'S PETITION FOR DAMAGES AND FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes defendant, ConocoPhillips Company, as alleged successor-in-interest to Phillips Oil Company, Phillips Petroleum Company and General American Oil Company of Texas, ("Defendant"), and excepts to the Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages (collectively "Petition") as follows:

Pursuant to Article 926(A)(1), (2), (4), (5) and (7) of the Louisiana Code of Civil Procedure, Defendant files the following Exceptions:

1. Dilatory Exception of Nonconformity of the Petition with the Requirements of Article 891;
2. Dilatory Exception of Vagueness of the Petition;
3. Dilatory Exception of Improper Cumulation and Joinder; and
4. Dilatory Exception of Prematurity/Want of Amicable Demand.

In accordance with Rule 9.8 of the Louisiana Rules for District Courts, Defendant states that this matter has not been set for trial, and that Defendant does not intend to offer testimony at this hearing. It may, however, introduce evidence.

WHEREFORE, for reasons set forth more fully in the Memorandum in Support filed herewith, ConocoPhillips Company respectfully requests that its Exceptions be granted.



NON-CERTIFIED COPY

Respectfully submitted,

Nicole M. Babb

ERIC E. JARRELL (#16982)
MICHAEL J. CERNIGLIA (#29792)
NICOLE M. BABB (#35032)
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Fax: (504) 582-1233

**Attorneys for Defendant,**
**ConocoPhillips Company**



NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile, electronic mail, and/or placing same in the United States mail, properly addressed and postage prepaid this 6th day of July, 2017.

Nicole M. Babb

FILED
JUL - 6 2017
Rita A. Benard
CLERK OF COURT

{N1341980 -}



NON-CERTIFIED COPY

KING KREBS & JURGENS PLLC

COUNSELORS AT LAW

201 ST. CHARLES AVENUE • 45TH FLOOR • NEW ORLEANS, LA 70170
TELEPHONE: (504) 582-3800 • FAX: (504) 582-1233

6363 WOODWAY • SUITE 820 • HOUSTON, TX 77057
TELEPHONE: (713) 334-5644 • FAX (713) 334-5828

AFFILIATED OFFICES
NEW DELHI, INDIA

---

Deliver To: **HONORABLE Annette M. Fontana**
**CLERK OF COURT, 17th Judicial District Court**

**Fax: 985.447.5800**

Total Pages: (19) Including Cover Page

From: Eric E. Jarrell/Michael J. Cerniglia/Nicole M. Babb
Phone: (504) 582-3800
Date: July 6, 2017

Re: **GOLDEN RANCH** –vs-
BP PRODUCTION COMPANY, ET AL **(ConocoPhillips Company)**
17th J.D.C. No. 132505 – Division "B"

Message: Please see attached. ***Please fax a confirmation sheet with the amount of court costs due!***

If you do not receive the entire transmission, please call **COPY ROOM (504) 582-3800**, as soon as possible.

**CONFIDENTIALITY NOTICE**

This facsimile transmission (and/or the documents accompanying it) may contain information which is confidential or proprietary in nature and/or protected by the attorney-client/work product priviledge. This transmission and the information contained in it is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on its contents is prohibited. If you have received this transmission in error, please notify us immediately by telephone (calling us collect, if necessary) to arrange for return of the transmission. Your cooperation is greatly appreciated.

{N1330627 -}

FILED
JUL 6 2017
Dty CLERK OF COURT

NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

DOCKET NO. 132505 DIVISION "B"

GOLDEN RANCH FARMS, LLC

VERSUS

BP AMERICA PRODUCTION COMPANY, ET AL.

FILED: ____________________ ____________________
DEPUTY CLERK

# MEMORANDUM IN SUPPORT OF CONOCOPHILLIPS COMPANY'S DILATORY EXCEPTIONS TO PLAINTIFF'S PETITION FOR DAMAGES AND FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes defendant, ConocoPhillips Company, as alleged successor-in-interest to Phillips Oil Company, Phillips Petroleum Company and General American Oil Company of Texas, ("Defendant"), who submits this memorandum in support of the following Exceptions filed in response to the Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages (collectively "Petition"):

1. Dilatory Exception of Nonconformity of the Petition with the Requirements of Article 891;
2. Dilatory Exception of Vagueness of the Petition;
3. Dilatory Exception of Improper Cumulation; and
4. Dilatory Exception of Prematurity/Want of Amicable Demand.

As set forth below, the Exceptions of ConocoPhillips Company should be granted, requiring that Plaintiff amend its Petition to correct the deficiencies therein or suffer dismissal of the claims filed against Defendant.

## I. BACKGROUND

Plaintiff in this matter contends that it owns and/or uses certain tracts of property situated across three (3) different oil and gas fields, spread across at least three (3) Sections of Lafourche Parish (the "Property") – and possibly more – which Property has allegedly been contaminated or otherwise damaged by certain defendants' oil and gas exploration and production activities. (Petition, ¶ 2). Plaintiff has brought claims against eighteen (18) defendants, alleging that each has somehow caused contamination or is otherwise legally responsible for alleged damages to unspecified portions of the Property. (Petition, ¶ 5). These types of claims are typically described as "oilfield legacy" lawsuits. The oil and gas operations on the Property are regulated by the

{N1341981 -}

NON-CERTIFIED COPY

Louisiana Department of Natural Resources (the "LDNR"). Plaintiff makes claims under multiple theories, including negligence, trespass, failure to warn, strict liability, lease liability, and mineral code liability. (Petition, ¶¶ 15-32). Plaintiff seeks various forms of damages including costs of restoration of property to its original condition, punitive damages and stigma damages. (Petition, ¶ 37).

Significantly, however, nowhere in the Petition does Plaintiff identify specific acts by ConocoPhillips that caused any specific damage to any specific areas of the Property. Rather, Plaintiff makes a blanket assertion that the alleged contamination was caused by multiple operators and unspecified exploration and production activities occurring somewhere on or near four tracts of land allegedly owned and/or used by Plaintiff. (Petition, ¶ 5).

Moreover, the Petition asserts contractual claims against defendants, but does not identify any contractual provisions upon which such claims are based. (Petition, ¶ 21). Plaintiff also alleges to be a third-party beneficiary of certain surface leases, joint operating agreements, unit agreements, servitude agreements, assignments and/or subleases but, again, the Petition does not explain how or in what capacity Plaintiff holds any third-party rights under the alleged, but unspecified agreements. (Petition, ¶ 23). Without being provided with this most basic information, ConocoPhillips cannot assess the merits of Plaintiff's contractual and/or quasi-contractual claims.

For these reasons, and those set forth below, the Exceptions filed by ConocoPhillips should be maintained, requiring that the Plaintiff's Petition be dismissed or amended insofar as it purports to make claims against ConocoPhillips.

## II. LAW AND ARGUMENT

### A. Dilatory Exception of Non-Conformity of the Petition With the Requirements of Article 891

Article 854 of the Louisiana Code of Civil Procedure establishes the following requirements for pleading:

> All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs. As far as practicable, the contents of each paragraph shall be limited to a single set of circumstances.

Furthermore, La. C.C.P. art. 891 sets forth the following minimum requirements for the form of a petition:



NON-CERTIFIED COPY

> A. The petition shall comply with Articles 853, 854, and 863, and wherever applicable, with Articles 855 through 861. It shall... contain a short, clear and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation;...

Fact pleading advances the goal of providing the defendant notice of the facts upon which the plaintiff bases his claims. *Fitzgerald v. Tucker*, 98-2313, (La. 6/29/99), 737 So. 2d 706, 713. Mere conclusions in pleadings, unsupported by facts, are insufficient to set forth a cause or right of action. *Montalvo v. Sondes*, 93-2813 (La. 5/23/94), 637 So.2d 127, 131. To plead "material facts," as required by La. C.C.P. art. 891, "the petitioner must allege more than mixed questions of law and fact such as that the defendant breached the contract or acted unreasonably." *Price v. Kids World*, 08-1815 (La. App. 1 cir. 3/27/09), 9 So. 3d 992, 996; *See also Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612 (La. 3/17/06), 929 So. 2d 1211, 1218. Rather, the petitioner must state what act or omission he will establish at trial. *Id.*

Though Louisiana jurisprudence has determined that general allegations of breached contract or unreasonable actions are insufficient in our fact-pleading state, Plaintiff's Petition alleges just that. The Petition devotes seven (7) paragraphs to breach of contract, (Petition ¶¶ 21-27) yet not one of these paragraphs specifies the actual lease provision(s) forming the basis of their contract claims. Plaintiff makes only conclusory allegations that defendants have breached unspecified lease agreements:

> [D]efendants' conduct as described above constitutes a breach of the oil, gas, and mineral leases, surface leases, servitude agreements and other applicable contracts that covered the oil and gas activities described above.[1]
>
> [D]efendants have violated the express and implied obligations of surface leases that apply to the Property, including those maintenance, restoration and repair obligations imposed by operation of law on all lessees under the Civil Code provisions pertaining to leases. Defendants' violation of these surface leases have caused damage to plaintiff. Under said surface leases, defendants have the obligation to maintain and restore the Property.[2]

In sum, the Petition contains rote allegations which Plaintiff applies indiscriminately and "across the board" to all the defendants. This does not pass muster under the rules of pleading. Plaintiff is not allowed to make allegations "couched in generalities;" rather, "material facts...must be alleged in detail." *Haydel v. Town of Grammercy*, 154 So.2d 504, 505 (La. App.

---

[1] Petition, ¶ 21.
[2] Petition, ¶ 27.



NON-CERTIFIED COPY

4 Cir. 1963). A plaintiff has the duty to "express his allegations in clear and unmistakable language," and cannot proceed on the basis of "ambiguous and uncertain pleadings." *West Carroll National Bank v. West Carroll Parish School Board*, 136 So.2d 699, 702 (La. App. 2 Cir. 1961).

In a complex matter involving eighteen (18) corporate defendants, unidentified leases, and multiple tracts of land across three (3) or more Sections of Lafourche Parish, there are no allegations of any particular alleged wrongful acts by ConocoPhillips. Instead, Plaintiff makes conclusory allegations that all defendants caused injury to Plaintiffs and Plaintiff's property. The Plaintiff's "shotgun approach" to pleading fails to satisfy the plain requirements of La. C.C.P. art. 854. Accordingly, ConocoPhillips excepts to the Petition in that it fails to conform with the requirements of Article 891 of the Code of Civil Procedure for failure to set forth a clear and concise statement of the factual basis for Plaintiff's claims asserted against it.

**B. Dilatory Exception of Vagueness**

Under La. C.C.P. art. 926(A)(5), a party may object to a vague or ambiguous petition by filing a dilatory exception. This is closely related to the exception for failure to comply with the pleading requirements of Article 891 since "vagueness" and "ambiguity" are often the inevitable result of the failure to plead properly. This is the case here.

The exception of vagueness is appropriate when allegations in the petition are vague, general, and indefinite. *Brunson v. Mutual Life Ins. Co. of New York*, 189 La. 743, 180 So.506 (La. 1938); *Broussard v. Broussard*, 381 So.2d 942, 943 (La. App. 3 Cir. 1980). The vagueness exception is a device for requiring a plaintiff to put the defendants on notice of the nature of the facts sought to be proved so as to enable them to prepare a defense. *Whipple v. Whipple*, 408 So.2d 390, 392 (La. App. 1 Cir. 1981); *Lee v. Chief of Police*, 385 So.2d 1290, 1291 (La. App. 3 Cir. 1980). In addition, the vagueness exception requires a plaintiff to sufficiently identify his causes of action in order to prevent future re-litigation. *Whipple*, 408 So.2d at 392; *Lee*, 385 So.2d at 1291.

A petition is obviously vague if it fails to allege with particularity the circumstances of the claims against each individual defendant and the facts upon which the alleged liability of each defendant is based. *Spell v. Executive Officers, etc. of P&W Industries, Inc.*, 316 So.2d 474, 476 (La. App. 1 Cir. 1975), *writ denied*, 320 So.2d 911 (La. 1975). In *Spell*, the court found that



NON-CERTIFIED COPY

it was impossible for the officers, directors, and shareholders of a corporation to respond to the petition until aware of the "specific acts of negligence relied on by Plaintiffs." *Id.*

Virtually all of these reasons for sustaining an exception of vagueness apply to the Plaintiff's Petition for Damages. As an initial matter, Plaintiff did not even provide a sufficient description of the Property at issue in this litigation. Rather, Plaintiff simply alleges that it owns and/or uses property located in three different oil and gas fields. Plaintiff then goes on to say "which property is more particularly described in Exhibit A."[3] However, an examination of Exhibit A reveals no property description whatsoever, and instead refers to acts of sale – none of which are included with the Petition. Neither the Petition nor any of the exhibits attached thereto give any indication as to the size or location of the Property. Such a vague and ambiguous Property description clearly fails to put Defendant on notice as to exactly what claims are at issue in this suit, and as such, should be fatal to Plaintiff's Petition.

Moreover, as discussed in Section A, above, nowhere does the Petition provide any specificity involving the conduct of ConocoPhillips. Plaintiff is vague concerning the precise location of the contamination; the act or omission causing the alleged contamination; the nature and degree of the alleged contamination; when the alleged contamination occurred; and which defendant's operation caused any alleged contamination. Plaintiff simply alleges that ConocoPhillips, among others, drilled or operated wells on or in the vicinity of Plaintiff's properties. Operation of oilfield facilities alone is not negligent conduct and cannot form the basis for Plaintiff's tort claims.

Plaintiff is also vague concerning the timing and method of their acquisition of rights in the Property and also regarding the nature of any such rights. The Petition does not identify the extent of Plaintiff's rights in particular tracts (i.e., full ownership, co-ownership, or something less than ownership), nor does it provdie the acts, deeds, transactions, or other documents by which any such rights were attained. Such vagueness is especially problematic in these oilfield "legacy" lawsuits as Louisiana law is settled that the right to sue for property damage belongs to the owner at the time the damage allegedly occurred. *Eagle Pipe & Supply v. Amerada Hess Corporation*, 10-2267 (La. 10/25/11), 79 So.3d 246; *Lejeune Bros. Inc. v. Goodrich Petroleum Co.*, LLC, 06-1557 (La. App. 3d Cir. 11/28/07), 981 So.2d 23. Accordingly, due to the vagueness of the Petition concerning the Plaintiff's interest in the property, Defendant cannot

---

[3] Petition, ¶ 2.



NON-CERTIFIED COPY

fully assess whether this Plaintiff has a right or cause of action against ConocoPhillips for the allegations made in this suit.

Though the Petition places heavy emphasis on claims for breach of mineral leases, the Petition fails to particularly identify so much as a single lease under which it brings the present suit. To assert lease claims, Plaintiff must have acquired rights in the applicable leases prior to their expiration. In addition, while Plaintiff claims to be a third-party beneficiary of express or implied restoration provisions contained in leases or agreements between defendants and third parties, it fails to provide information concerning those leases or the basis for any alleged contractual rights in these unidentified agreements. Lastly, the Petition does not specify the provision(s) of any lease or agreement allegedly breached by ConocoPhillips. Accordingly, due to the vagueness of the Petition, ConocoPhillips cannot fully assess the merit of Plaintiff's contractual claims.

In sum, Plaintiff's wide-ranging allegations are devoid of the most basic material facts necessary to establish a cause of action. To the extent Plaintiff contends there are specific problems as a result of activities for which Defendant may be held legally liable, Plaintiff must identify the specific location, its precise interest in that location, ConocoPhillips's specific involvement, the specific damages claimed, and how Defendant's activities are connected to any other locations and other defendants. Further, to the extent Plaintiff is bringing breach of contract claims on a lease or leases, Plaintiff must be required to specifically identify its rights in such lease or leases, provide when and how any such rights were acquired, and identify the specific lease provisions allegedly breached so that ConocoPhillips can assess the propriety of the claim.

The exception of vagueness or ambiguity of the petition is made for just such a situation as this. Allowing Plaintiff to make these general and indefinite allegations provides insufficient notice to ConocoPhillips of both the claims made against it and the facts Plaintiff seeks to prove which, in turn, prevents Defendant from properly preparing a defense. Accordingly, Defendant requests that Plaintiff be ordered to amend its Petition to cure the substantial vagueness which plagues the Petition, as required by the Code of Civil Procedure, or face dismissal of the claims asserted against ConocoPhillips.

## C. Dilatory Exception of Improper Cumulation of Actions and Improper Joinder of Parties

Cumulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one



NON-CERTIFIED COPY

or more defendants. La. C.C.P. art. 461. Two or more parties may be joined in the same suit, either as plaintiffs or as defendants if: (1) there is a community of interest between the parties joined; (2) each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and (3) all of the actions cumulated are mutually consistent and employ the same form of procedure. La. C.C.P. art. 463. If the suit fails to satisfy any of these criteria, a plaintiff may not cumulate the actions. *Jones v. Arnold*, 589 So. 2d 1, 2 (La. 1991); *Abshire v. State of Louisiana, through Department of Insurance*, 93-923 (La. App. 3 Cir. 4/6/94), 636 So.2d 627, 632.

Joinder of ConocoPhillips in this matter under the allegations in the Petition is improper because the suit fails to satisfy the first prong of La. C.C.P. art. 463, which requires a sufficient "community of interest" among defendants. Courts have defined "community of interest" as actions which arise out of the same facts or present the same factual and legal issues. *Abshire*, 636 So. 2d at 632. Generally, the test to determine whether several persons may be joined as defendants is whether they have a common interest or liability with respect to the subject matter of the suit. *Mundy v. Gentilly Oaks, Inc.*, 228 La. 509, 82 So.2d 849, 853 (La. 1955). In *Mundy* the Louisiana Supreme Court explained:

> A person may not be joined as a defendant in an action on a demand in which he has no interest; and several persons may not be joined as defendants where they have no community of interest in the subject matter of the litigation, as where the causes of action against each defendant are distinct and separate and arose from different and independent relations or transactions or where the object of the suit is different as to the different defendants; nor can two parties be joined as defendants, where one or the other is liable, but not both.

82 So.2d at 853 (quoting 67 C.J.S., Parties, § 40, p. 961).

This case cumulates claims against eighteen (18) defendants for allegedly causing unspecified areas of contamination occurring somewhere across three (3) oil and gas fields located in at least three (3) Sections of Lafourche Parish. There is nothing in the Petition, however, to indicate that all of these defendants were involved with all areas of the Property or that they worked in concert or even had any connexity to each other. In fact, Exhibit "C" to the Petition appears to indicate that the defendants, in fact, operated on different wells, in different oil and gas fields, in different sections of the parish, and many defendants' operations never overlapped at all.



NON-CERTIFIED COPY

In *Abshire*, insurance policy holders suffering a loss after the collapse of their insurer brought claims against the Louisiana Department of Insurance, the Office of Financial Institutions, and the State of Louisiana. 636 So.2d at 628. The plaintiffs also joined a private party defendant, a company domiciled in Missouri, in connection with its dissemination of positive reviews of the defunct insurers on the eve of their collapse. *Id.* at 630. The private party defendant excepted on grounds of improper cumulation asserting that it did not share a community of interest with the public party state entity defendants. *Id.* The appellate court agreed. *Id.*

In maintaining the improper cumulation exception, the Third Circuit held that the causes of action against the public and private party defendants neither arose from the same facts nor presented the same legal issues and therefore there was no "community of interest". *Id.* The court noted that separate legal showings would be needed to prevail on each claim, which would require different discovery procedures to turn up different forms of evidence from separate locations. *Id.* In so holding, the Third Circuit further warned of the inherent unfairness in lumping disparate causes of action against multiple parties, explaining that:

> It would be unfair to [the private party defendant] to require it to stand trial in the protracted proceedings we foresee against the state on so loose a basis. The ever present search for judicial economy must yield whenever a party's substantive rights in a principal demand might be affected, for not only judicial economy, but fairness to litigants as well as intended ends of our procedural system….The quest for fairness must not be forgotten, even in the context of multiparty litigation, whether arising in the context of a class action suit or cumulative party action.

*Abshire*, 636 So.2d at 622 (citations omitted); *see also*, *Greater Baton Rouge Port Commission v. Morley*, 232 La. 87, 93 So.2d 912 (La. 1957) (finding improper cumulation of actions and joinder of parties defendant where parties did not have a common interest and could not be forced to litigate in the same suit).

Just as in *Abshire*, it is highly probable, if not certain, that the factual and legal issues surrounding some defendants will differ from those of other defendants. It is evident from Exhibit "C" to the Petition that defendants' operations were remote from each other in both time and location. Simply put, Plaintiff has not alleged facts indicating the existence of a requisite "community of interest" among the eighteen (18) defendants necessary to make the joinder of these eighteen (18) defendants in one suit proper.



NON-CERTIFIED COPY

When cumulation is improper for any reason other than lack of jurisdiction or improper venue, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. *Id.* The penalty for noncompliance with an order to amend is a dismissal of the plaintiff's suit. *Id.* Notwithstanding, even if there is a proper cumulation of claims (which is denied), the court may still order separate trials in this matter to prevent prejudice. *See e.g., First Guar. Bank v. Carter,* 563 So.2d 1240, 1244 (La. App 1 Cir. 1990); *Cromwell v. Commerce & Energy Bank,* 514 So.2d at 198, 202 (La. App. 3 Cir. 1987). Article 465 of the Louisiana Code of Civil Procedure provides:

> When the court is of the opinion that it would simplify the proceedings, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulated actions, even if the cumulation is proper.

La. C.C.P. art. 465.

Again, the claims against ConocoPhillips may ultimately be found to be factually distinct from the claims against some or all of the other defendants with respect to specific wells and/or leases and, thus, require differing discovery, evidence and/or experts. Consequently, even if this Court determines that the claims are properly cumulated, which ConocoPhillips denies, the Court may nonetheless order separate trials based on the separate and independent operations of the defendants as alleged in the Petition. Accordingly, ConocoPhillips requests that the Court grant its exception of vagueness, order amendment of the pleadings to require the requisite detail, and reserve this exception of improper cumulation until such time as the additional information is provided.

**D. Dilatory Exceptions of Prematurity / Want of Amicable Demand**

Because the Plaintiff's contractual claims are impermissibly vague, ConocoPhillips is unable to evaluate the rights and obligations which may be specified in the leases alleged. Therefore, out of an abundance of caution, ConocoPhillips asserts that the Plaintiff's contractual claims, as pled, are premature to the extent that Plaintiff failed to comply with any pre-suit written notice provisions of any applicable leases from which Plaintiff derives its contract claims.

A contract, and specifically a mineral lease, is the law between the parties. Mineral Code Article 3; La. C.C. art. 1983; *Corbello v. Iowa Production,* 2002-0826 (La. 2/25/03), 850 So.2d



NON-CERTIFIED COPY

686; *Caskey* v. *Kelley Oil Co.*, 1998-1193 (La. 6/29/99), 737 So.2d 1257; *Frey* v. *Amoco Production Co.*, 603 So.2d 166, 172 (La. 1992). In a contract, the parties voluntarily agree to assume specific obligations, and to enjoy certain rights, thereby regulating their conduct *vis-a-vis* each other by their agreement in pursuit of the objective of the contract. In *Terrebonne Parish School Bd.* v. *Castex Energy, Inc.*, et al, 2004-C-0968 (La. 1/19/05), 893 So.2d 789, the Louisiana Supreme Court addressed the importance of requiring parties to live up to their promises, or agreements, citing "important concerns of adherence to the law and respect for the rights of contracting parties" and "the respect for the terms of the mineral lease to which [those] parties agreed."

Indeed, courts in this state have recognized that contractual pre-suit notice provisions modify the law between the parties and have ordered compliance with such notice provisions where plaintiff failed to do so. In *Broussard* v. *Hilcorp Energy Company*, the Third Circuit upheld the trial court's holding that failure to provide written notice pursuant to a "facts relied upon as breach" provision rendered the plaintiffs' claims premature. 08-0233, (La. App. 3d Cir. 12/10/08); 998 So. 2d. 946, 954-55.

Plaintiff in this matter did not provide ConocoPhillips with written notice and an opportunity to cure any alleged breaches (implied or express) prior to filing suit. To the extent Plaintiff claims rights under any applicable leases, it must also comply with any pre-suit notice obligations under those leases. Accordingly, ConocoPhillips excepts to the Plaintiff's Petition as premature for failure to provide written notice of alleged contractual breaches before making judicial demand.

**E. Amicable Demand Under Mineral Code Article 136**

Lastly, ConocoPhillips preserves any rights which may exist at law to be provided the pre-suit written notice contemplated by Mineral Code Article 136. Mineral Code Article 136 provides:

> If a mineral lessor seeks relief from his lessee … ***from any other claim that the lessee has failed to develop and operate the property leased as a prudent operator***, he must give his lessee written notice of the asserted breach to perform and allow a reasonable time for performance by the lessee as a prerequisite to a judicial demand for damages or dissolution of the lease. [emphasis added].

ConocoPhillips acknowledges that the Louisiana Supreme Court ruled in *Broussard* that "an implied duty to restore/remediate the property is no longer encompassed in the prudent operator standard." *Broussard v. Hilcorp Energy Co.*, 24 So. 3d 813, 820 (La. 2009). However,



NON-CERTIFIED COPY

in the subsequent decision of *State v. Louisiana Land and Exploration*, 110 So. 3d 1038, 1047 (La. 2013) (the "LL&E decision"), the Supreme Court seemed to expound upon the *Broussard* decision, citing to its opinion in *Terrebonne Parish School Bd. V. Castex Energy, Inc.* for the proposition that there may potentially be an implied duty to remediate/restore under the prudent operator standard of Mineral Code Article 122 where it is alleged that the lessee operated unreasonably or excessively:

> ***[U]nless*** there is evidence the lessee has exercised his rights under the lease ***unreasonably or excessively***, an implied duty to restore/remediate the property is no longer encompassed in the prudent operator standard. *LL&E* at 1047 (emphasis supplied).

Paragraph 28 of Plaintiff's Petition alleges, in part, that defendants have "negligently and excessively used the Property during mineral operations" in violation of La. R.S. 31:122. Plaintiff also alleges that defendants have breached the standards imposed by the Louisiana Civil Code and Mineral Code governing the conduct of prudent operators. (Petition, ¶ 26). Therefore, out of an abundance of caution, in light of the *LL&E* decision and the Plaintiff's pleadings in this matter, ConocoPhillips brings its exception of prematurity and want of amicable demand under Mineral Code Article 136 to the extent an implied duty to remediate/restore is sought to be imposed on ConocoPhillips under the prudent operator standard described in Mineral Code Article 122. Should the Court find (we believe incorrectly) that ConocoPhillips had any such obligation, then ConocoPhillips was entitled to notice before the assertion of such claims.

## III. CONCLUSION

For the reasons set forth above, ConocoPhillips submits that the claims in Plaintiff's Petition: 1) do not conform with the requirements of Article 891 of the Louisiana Code of Civil Procedure regarding pleadings; 2) are impermissibly vague and ambiguous; 3) improperly cumulate actions against a number of defendants who lack the requisite community of interest; and 4) are premature and/or fail for want of amicable demand. Accordingly, the Exceptions of ConocoPhillips should be maintained and Plaintiff's Petition should be dismissed or ordered to be amended insofar as it purports to assert any claims against ConocoPhillips.



NON-CERTIFIED COPY

Respectfully submitted,

Nicole M. Babb

ERIC E. JARRELL (#16982)
MICHAEL J. CERNIGLIA (#29792)
NICOLE M. BABB (#35032)
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Fax: (504) 582-1233

**Attorneys for Defendant,
ConocoPhillips Company**



NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile, electronic mail, and/or placing same in the United States mail, properly addressed and postage prepaid this 6th day of July, 2017.

Nicole M. Babb

FILED
JUL - 6 2017
Rita A. Benard
CLERK OF COURT



NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

DOCKET NO. 132505 DIVISION "B"

GOLDEN RANCH FARMS, LLC

VERSUS

BP AMERICA PRODUCTION COMPANY, ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK

**RULE TO SHOW CAUSE**

Considering the foregoing Dilatory Exceptions to Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages filed on behalf ConocoPhillips Company;

IT IS ORDERED that Plaintiff, through its counsel of record, appear and show cause on __________, 2017, at ________o'clock a.m./p.m., as to why the Dilatory Exceptions to Plaintiffs' Petition for Damages filed on behalf of ConocoPhillips Company should not be granted.

RENDERED AND SIGNED, at __________________, Louisiana, this ____ day of ____________________, 2017.

______________________________
JUDGE, 17th JUDICIAL DISTRICT COURT

**Please Serve**:

Plaintiffs through their attorney of record:

Ross J. Donnes
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810

{N1341980 -}

FILED
JUL - 6 2017
CLERK OF COURT

NON-CERTIFIED COPY

# KING KREBS & JURGENS PLLC

HENRY A. KING (1)
PATRICIA A. KREBS (1)
GEORGE B. JURGENS III
ROBERT J. BURVANT (1)
J. GRANT COLEMAN, LLM (3)(4)
ERIC E. JARRELL
LEN R. BRIGNAC (1)(3)(5)
TIMOTHY S. MADDEN
ROBERT J. STEFANI (1)(3)(7)

JAMES D. BERCAW
LINDSAY A. LARSON III
DAVID A. STRAUSS (1)(8)
JEFFREY M. BURMASTER
DOUGLAS P. MATTHEWS
MICHAEL L. VINCENZO
CHRISTIAN A. GARBETT (1)
JOHN A. CANGELOSI
ADAM P. MASSEY

COUNSELORS AT LAW
201 ST. CHARLES AVENUE
45TH FLOOR
NEW ORLEANS, LA 70170
TELEPHONE: (504) 582-3800
FAX: (504) 582-1233

SUSAN E. DINNEEN (2)(10)
MICHAEL J. CERNIGLIA (11)
BRENT M. BURNS
R. DANIEL SERIO, JR.
CAROLYN S. BUCKLEY
REED M. COLEMAN (12)
FABIAN M. NEHRBASS

NICOLE M. BABB
LAURA E. AVERY
BRIAN A. CLARK
ROBIN D. CASSEDY
DIANA J. MASTERS

Of Counsel:
JOSEPH R. MESSA (9)
JOANNE MANTIS (6)

(1) ALSO ADMITTED IN TEXAS
(2) ALSO ADMITTED IN WASHINGTON, D.C.
(3) ALSO ADMITTED IN FLORIDA
(4) TAX LAW SPECIALIST CERTIFIED BY THE LOUISIANA BOARD OF LEGAL SPECIALIZATION
(5) REGISTERED PATENT ATTORNEY
(6) ALSO ADMITTED IN GREECE
(7) ALSO ADMITTED IN NEW YORK
(8) ALSO ADMITTED IN ILLINOIS
(9) ADMITTED IN TEXAS ONLY
(10) ALSO ADMITTED IN MARYLAND
(11) ALSO ADMITTED IN COLORADO
(12) ALSO ADMITTED IN ALABAMA

Nicole M. Babb
Attorney at Law
NBabb@kingkrebs.com
504.582.1275 Direct

July 6, 2017

**<u>VIA TELEFAX AND FEDERAL EXPRESS</u>**
Annette M. Fontana, Clerk of Court
17th Judicial District Court
Lafourche Parish
Lafourche Parish Annex
303 West Third Street
Thibodaux, LA 70301

Re: Golden Ranch vs. BP America Production Company, et al.
17th Judicial District Court for the Parish of LaFourche, State of Louisiana
Docket No. 132505, Division "B"

Dear Ms. Fontana:

Enclosed for fax filing please find the Dilatory Exceptions and Memorandum in Support of Exceptions filed on behalf of ConocoPhillips Company. The original and two copies will be sent via Federal Express. Upon receipt, we ask that you file the original into the record and return a conformed copy to me in the enclosed self-addressed stamped envelope. Also, our check will be enclosed as requested to cover the court costs.

If you have any questions, or if I can be of any assistance, please do not hesitate to contact me.

Sincerely,

Nicole M. Babb

Nicole M. Babb

NMB:cs
Enclosures
cc: All Counsel of Record (w/encl.)

{N1342998 -}



FILED
JUL - 6 2017
Vita A. Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

# Transmission Log

LafourcheClerk Friday, 2017-07-07 09:29 9854475800

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2017-07-07 | 09:28 | SCAN | 19897 | 0:19 | 14400 | 0 | 1 | OK -- V.17 1M31 |

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: KING KREBS & JURGENS**

**504-582-1233**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on JULY 6, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**EXCEPTIONS, RULE AND MEMORANDUM**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**RITA A. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $400.00**

**FILED**

JUL - 7 2017

Rita A. Bernard

Dy CLERK OF COURT

NON-CERTIFIED COPY

17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

NO.: 132505 DIV.:

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, L.P., ET AL.

FILED: ______________________

______________________
DEPUTY CLERK

**DENBURY ONSHORE, LLC'S DILATORY EXCEPTION OF VAGUENESS AND PEREMPTORY EXCEPTIONS OF NO CAUSE OR RIGHT OF ACTION AND INCORPORATED MEMORANDUM IN SUPPORT**

**NOW INTO COURT**, comes Defendant, Denbury Onshore, LLC (hereinafter referred to as "Denbury"), and excepts to Plaintiff's Petition and First Supplemental and Amending Petition for Damages (hereinafter collectively referred to as the "Petition") as follows:

***DILATORY EXCEPTION OF VAGUENESS***

The exception of vagueness has two primary purposes. First, it enables a defendant to prepare its defense by providing the nature of the facts sought to be proved by plaintiff. *City of Gretna v. Gulf Distilling Corp.*, 207 La. 719, 21 So.2d 884 (La. 1945). Second, it helps a defendant identify the causes of action that are being asserted. *Id.* Plaintiff's Petition does not provide this type of information. Plaintiff has alleged generally and cumulatively that Denbury is liable *in solido*, for their various acts of omission or commission, constituting breach of contract and negligence. Plaintiff allege that these Defendants are generally and *in solido* liable for its strict liability and absolute liability which, as a matter of law, may be impossible. Further, Plaintiff alleges that these Defendants, generally, and *in solido*, acted in a "wanton and reckless manner" so as to invoke punitive damages. Plaintiff does not particularize what conduct, act or omission as to all Defendants gives rise to the alleged theories of liability. Plaintiff does allege in general the existence of certain mineral leases but does

NON-CERTIFIED COPY

not state which Defendant, if any, breached which lease or which lease provisions were allegedly breached. Plaintiff does not identify the nature of the property damage corresponding to the breach of the alleged contractual obligation, the alleged fraud or the alleged reckless and wanton conduct. Plaintiff does not identify where the damage is located, who caused it and when the damage was discovered. For example, Plaintiff does not allege:

(1) which mineral leases or other agreements are at issue;

(2) which Defendant is guilty of what specific act or omissions;

(3) which Defendant, if any, is alleged to have breached which express contractual provision, under which contract;

(4) when the alleged acts or omissions of each Defendant occurred;

(5) when the damage was discovered;

(6) where the damage is located, who caused it and when.

All of the foregoing information is necessary in order for the Defendants to have adequate notice of the nature and extent of the claims against them and to prepare an adequate defense. Furthermore, it is not clear what specific practices of the Defendants are complained of, whether any specific incident occurring during operations by the Defendants are complained of, or whether any specific incident occurring during operations by the Defendants are at issue. Still further, it is not clear what damage is allegedly attributable to the Defendants.

Plaintiff has also vaguely and improperly alleged "fraud," and Denbury adopts the arguments set forth on p. 5-6 *infra* in support of this Exception directed to any "fraud" allegations.

***PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION AND NO RIGHT OF ACTION***

**1.**
**Unjust Enrichment**

The Plaintiff's Petition fails to allege sufficient facts to state a cause of action against Defendants for unjust enrichment. In order to state a cause of action for unjust enrichment a plaintiff must allege (1) an enrichment, (2) an impoverishment, (3) a



NON-CERTIFIED COPY

connection between the enrichment and the impoverishment, (4) an absence of justification of cause for the enrichment or impoverishment, and (5) that no other remedy at law is available for the impoverishee. *Coastal Envir. Specialists, Inc. v. Chem-Lig Int'l, Inc.*, 2000-1936 (La. App. 1 Cir. 11/09/01), 818 So.2d 12, 16. Plaintiff alleges that "Defendants have been unjustly enriched by their unauthorized use of Plaintiff's land to store and dispose of toxic contamination" and seeks damages from these Defendants for their unauthorized use of its property. Even assuming *arguendo* that this allegation meets the first four requirements to state a cause of action for unjust enrichment, the Petition does not allege that Plaintiff, as the impoverishee, has no other remedy at law. In fact, a review of the Plaintiff's Petition reveals the exact opposite in that several widely divergent causes of action are asserted against the Defendants, including *inter alia* breach of mineral lease and tort. These allegations plainly foreclose the possibility that no other remedy exists to Plaintiff. *See Morphy, Makofsky & Masson, Inc. v. Canal Place 2000*, 538 So.2d 569, 575 (La. 1989)(finding that the existence of a claim on an express or implied contract precludes application of the unjust enrichment theory because the potential claim constitutes a practical remedy at law available to the impoverishee).

**2.**
**Civil Fruits**

Louisiana Civil Code Article 486 provides that a possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses. Fruits are things that are produced by or derived from another thing without diminution of its substance. La. Civ. Code art. 551. Fruits differ from products, which result in irreversible diminution of a thing, because they can be renewed. *Doll v. Doll*, 593 So.2d 1239, 1245 (La. 1992). Article 551 defines fruits as revenues derived from a thing by operation of law or by reason of a judicial act, such as rental, interest, and certain corporate distributions. In the mineral lease context, courts have classified bonus payments and rent as civil fruits. *Doll*, 592 So.2d at 1245-1247.

Plaintiff's possessor in bad faith claim alleges that Defendants have derived



NON-CERTIFIED COPY

substantial economic benefit from their storage of toxic pollution in the groundwaters and soils underlying Plaintiff's lands. Thus, Plaintiff claims that it is entitled to recover from Defendants the amount that Defendants would have incurred had it properly disposed of this pollution as civil fruits. This argument is misguided. Even assuming *arguendo* that Defendants were possessors in bad faith, the sums sought by Plaintiff clearly do not qualify as civil fruits under Louisiana Civil Code Article 486. The money that Defendants otherwise would have had to expend if they had properly disposed of such toxic wastes is just that - an expense that was not undertaken. This is vastly different from revenue, which one collects or receives as a result of a particular act. The only revenue generated by Defendants' operations on the property presumably stemmed from the oil and gas extracted from the earth pursuant to the mineral leases at issue. This revenue, however, is a product and not a fruit. *See Doll*, 593 So.2d 1239 (proceeds of mineral rights are not fruits because they result in the depletion of property). Any saving of money by not taking a particular act is not something that can be renewed; thus, it is not a civil fruit. Because any savings inuring to Defendants by not properly disposing of toxic waste and pollution do not qualify as civil fruits, the Court should dismiss Plaintiff's claim under Civil Code Article 486.

This theory of recovery has been rejected by Louisiana courts. *Wagoner v. Chevron USA Inc.*, 45,507 p. 13 (La. App. 2 Cir. 8/18/2010), 55 So.3d 12, 19-20, 2010 WL 3239240. In *Wagoner*, the Second Circuit held:

> The "savings" or economic benefit realized by the Defendants in storing/disposing of their production waste/byproducts on the property rather than storing/disposing of them offsite does not qualify as a "fruit" or a "civil fruit." Nothing was produced by or derived from the property as a result of the storage/disposal of the waste; and, further, there were no revenues, such as rentals, interest or a corporate distribution, derived from the property by virtue of the storage/disposal of the waste.

*Id.* Accordingly, the plaintiff has no cause of action or right of action for recovery of "civil fruits."



NON-CERTIFIED COPY

**3.**
**Claims for "continuing tort"**

The Petition claims the Defendants' failure to remove wastes allowed them to spread and this constitutes a "continuing tort." The Louisiana Supreme Court has rejected such a theory, and has held on several occasions the "failure to remove" wastes is not a new or independent tort. *Marin v. Exxon Mobil Corp.*, 2009-2368 (La. 10/19/10), 48 So.3d at 253-254; *Hogg v. Chevron USA, Inc.*, 2009-2632 pp. 14-22 (La. 7/6/10), 45 So.3d 991, 1001-1007.

**4.**
**Plaintiff's Claims for "Restoration" under Louisiana Civil Code Article 2683(3) Are Premature**

Plaintiff seeks restoration of the Property pursuant to Louisiana Civil Code article 2683. However, the duty to return the leased premises in any particular condition does not arise until the leases have expired. Accordingly, Plaintiff's claims for remediation and/or restoration under Louisiana Civil Code article 2683(3) are premature as they relate to all unexpired leases, and these claims should be dismissed with prejudice, at Plaintiff's cost.

**5.**
**Plaintiff Has No Cause of Action Under Louisiana Civil Code Article 2688**

Plaintiff alleges that Denbury breached applicable mineral and surface leases by failing to provide notice as required by Louisiana Civil Code article 2688. However, Plaintiff's allegations fail to state a cause of action, because Article 2688 was not in effect at the time the contracts at issue were executed. Article 2688 was enacted in 2005, long after Denbury left the property, and requires a lessee notify his lessor when the thing has been damaged or requires repair.

**6.**
**Fraud**

Plaintiff generally alleges that Defendant intentionally committed acts of "fraud", ill practices, and misrepresentation to hinder, impede or prevent plaintiff from asserting its causes of action or to lull plaintiff into a false sense of security.



NON-CERTIFIED COPY

Louisiana Code of Civil Procedure Article 856 requires that "[i]n pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity." La. Code Civ. Art. 856. Courts have interpreted Article 856 to require that plaintiffs "clearly allege facts from which [fraud] may be unmistakably concluded in order to state a cause of action." *Small v. Wabnig*, 305 So.2d 710, 712 (La. App. 4th Cir. 1974); see also *Kirby v. Field*, 2004-1898 (La. App. 1st Cir. 9/23/05), 923 So.2d 131, 136 n.6. Further, a Court may: "disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same." *Laneaux v. Theriot*, 488 So.2d 1327, 1326 (La. App. 3d Cir. 1986).

Plaintiff's Petition fails to allege any act of fraud with particularity.

**7.**
**Claims for punitive damages**

Punitive damages are not recoverable unless specifically authorized by statute. *International Harvester Credit Corp. v. IT. Seal*, 518 So.2d 1039, 1041 (La. 1988). The Petition alleges a claim for punitive damages based on Louisiana Civil Code Article 2315.3. That statute was repealed in 1996. 1996 Acts, 1st Ex. Sess., No. 2, § 1 (eff. April 16, 1996). Denbury became operator on Plaintiff's property after the statute's repeal; therefore, Plaintiff has no cause of action or right of action against Denbury for punitive damages.

**8.**
**Claims based on strict liability**

The Plaintiff claims certain Defendants are "strictly" liable under Louisiana Civil Code Articles 66, 2317, and 2322, if they caused damages from operations conducted before 1996. "Strict" liability is liability imposed without a showing of negligence. In 1996 the Legislature re-wrote these provisions to abolish "strict" liability, and to require a showing of negligence under these provisions.

Defendants' involvement with this land occurred after these statutes were amended to require a showing of negligence. Accordingly, Plaintiff has no "strict liability" claim against Denbury, absent proof of negligence.



NON-CERTIFIED COPY

**9.**
**Tort claims based on vicarious liability for alleged "joint tortfeasors"**

In paragraph 46 of the Petition, the Plaintiff alleges each Defendant is a "joint tortfeasor" vicariously liable for the actions of any other Defendant. Louisiana law does not recognize such vicarious liability. Civil Code Article 2324 provides:

a. He will conspires with another person to commit an intentional or willful act is answerable, *in solido*, with that person, for the damaged caused by such act.

b. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other persons...

The Plaintiff does not allege that these Defendants "conspired" with another to damage the Plaintiff. Therefore, Defendants cannot be held vicariously liable as an alleged "joint tortfeasor" for damage caused by another.

**10.**
**Claims based on an alleged "implied" obligation of a prudent operator under Mineral Code Article 122**

The Petition alleges the Defendants breached "implied obligations" imposed by the Mineral Code on mineral lessees. Mineral Code Article 122 requires a mineral lessee to "develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and the lessor." The Plaintiff claims this "prudent operator" standard imposes an "implied duty" to prevent or remove contamination.

The Louisiana Supreme Court has rejected this argument. *See Broussard v. Hilcorp Energy Co.*, 2009-0449, 2009-0469 p. 11 (La. 10/20/09), 24 So.3d 813, 820 ("An implied duty to restore/remediate the property is no longer encompassed in the prudent operator standard. Thus, Plaintiff's claims for remediation/restoration are not related to any duty encompassed by Article 122.").

***ADOPTION OF OTHER EXCEPTIONS***

Denbury adopts and urge all other exceptions filed by any party defendant in this suit as if they had originally filed the exception. Denbury does not anticipate calling live



NON-CERTIFIED COPY

testimony at the trial of these Exceptions.

***CONCLUSION AND PRAYER FOR RELIEF***

Denbury Onshore, LLC pray that this its Dilatory Exception of Vagueness, and Peremptory Exceptions of No Cause of Action or Right of Action be sustained, and that all other exceptions filed by any other defendant be sustained, and that Plaintiff's Petition be dismissed, with prejudice, at Plaintiff's costs.

Respectfully submitted,

**ADAMS HOEFER HOLWADEL, LLC**

**D. RUSSELL HOLWADEL T.A. (#16975)**
**BRUCE R. HOEFER, JR. (#6889)**
**IRA J. ROSENZWEIG (#17123)**
**HEATHER E. REZNIK (#29175)**
**GREGORY O. CURRIER (#16875)**
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130
Phone: (504) 581-2606
**Attorneys for Denbury Onshore, LLC**

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding via facsimile, e-mail and/or by depositing in the United States mail, properly addressed and first class postage prepaid on this 11 day of July, 2017.

D. RUSSELL HOLWADEL

**FILED**
JUL 11 2017
CLERK OF COURT



NON-CERTIFIED COPY

17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

NO.: 132505 DIV.:

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, L.P., ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK

**REQUEST FOR WRITTEN NOTICE OF SIGNING OF ANY ORDER, JUDGMENT, SETTING OF TRIAL OR HEARING**

**NOW INTO COURT**, through undersigned counsel, comes Denbury Onshore, LLC, defendant, in the above entitled and numbered proceeding, and pursuant to Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, request notification at least ten (10) days in advance of any date fixed for any trial or hearing in this matter.

Further, pursuant to Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, Denbury Onshore, LLC requests notification through undersigned counsel of any order or judgment or the setting of any hearing entered in this cause.

Respectfully submitted,

**ADAMS HOEFER HOLWADEL, LLC**

**D. RUSSELL HOLWADEL T.A. (#16975)**
**BRUCE R. HOEFER, JR. (#6889)**
**IRA J. ROSENZWEIG (#17123)**
**HEATHER E. REZNIK (#29175)**
**GREGORY O. CURRIER (#16875)**
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130
Phone: (504) 581-2606
**Attorneys for Denbury Onshore, LLC**

NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding via facsimile, e-mail and/or by depositing in the United States mail, properly addressed and first class postage prepaid on this 11th day of July, 2017.

D. RUSSELL HOLWADEL

FILED
JUL 11 2017
CLERK OF COURT



NON-CERTIFIED COPY

# Fax Call Log

LafourcheClerk    Wednesday, 2017-07-12 08:26    9854475800

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2017-07-11 | 13:23 | SCAN | 19991 | 0:48 | 0 | 4494467 | 0 | CANCELED |
| 2017-07-11 | 13:24 | SCAN | 19992 | 0:38 | 24000 | 4494467 | 3 | OK -- V.34 1M31 |
| 2017-07-11 | 13:29 | SCAN | 19993 | 0:40 | 24000 | 4494467 | 3 | OK -- V.34 1M31 |
| 2017-07-11 | 13:31 | SCAN | 19994 | 0:18 | 14400 | 9858687660 | 1 | OK -- V.17 1M31 |
| 2017-07-11 | 13:54 | SCAN | 19995 | 0:16 | 31200 | 12257610731 | 2 | OK -- V.34 AM31 |
| 2017-07-11 | 14:31 | RECV | 19996 | 1:01 | 14400 | 9722305665 | 1 | OK -- V.17 BM31 |
| 2017-07-11 | 14:35 | SCAN | 19997 | 1:27 | 16800 | 4494467 | 1 | E-706 V.34 1M31 |
| 2017-07-11 | 14:37 | SCAN | 19999 | 0:35 | 26400 | 8570365 | 3 | OK -- V.34 AM31 |
| 2017-07-11 | 14:39 | SCAN | 20000 | 0:23 | 21600 | 12256552627 | 3 | OK -- V.34 AM31 |
| 2017-07-11 | 14:41 | SCAN | 19997 | 2:21 | 14400 | 4494467 | 2 | OK -- V.17 1M31 |
| 2017-07-11 | 14:42 | SCAN | 20001 | 0:51 | 24000 | 4494467 | 3 | OK -- V.34 1M31 |
| 2017-07-11 | 14:43 | SCAN | 20002 | 0:33 | 26400 | 8570365 | 3 | OK -- V.34 AM31 |
| 2017-07-11 | 14:44 | SCAN | 20003 | 0:31 | 24000 | 4494467 | 3 | OK -- V.34 1M31 |
| 2017-07-11 | 14:46 | SCAN | 20004 | 0:41 | 28800 | 9857836497 | 3 | OK -- V.34 AM31 |
| 2017-07-11 | 14:47 | SCAN | 20005 | 0:40 | 24000 | 4494467 | 3 | OK -- V.34 1M31 |
| 2017-07-11 | 14:48 | SCAN | 20006 | 0:30 | 24000 | 13186495652 | 3 | OK -- V.34 AM31 |
| 2017-07-11 | 14:49 | SCAN | 20007 | 0:00 | 0 | 4494467 | 0 | NO DIALTONE |
| 2017-07-11 | 14:50 | SCAN | 20008 | 0:23 | 28800 | 12254739349 | 3 | OK -- V.34 1M31 |
| 2017-07-11 | 14:52 | RECV | 20009 | 24:25 | 14400 | 15043550024 | 11 | OK -- V.17 BH30 |
| 2017-07-11 | 15:17 | SCAN | 20007 | 0:43 | 26400 | 4494467 | 3 | OK -- V.34 1M31 |
| 2017-07-11 | 15:18 | SCAN | 20010 | 0:46 | 24000 | 4494467 | 3 | OK -- V.34 1M31 |
| 2017-07-11 | 15:22 | RECV | 20011 | 4:32 | 21600 | 504 525 2485 | 13 | OK -- V.34 BM31 |
| 2017-07-11 | 15:29 | SCAN | 20012 | 0:12 | 26400 | 15045684558 | 0 | E-706 V.34 AM31 |
| 2017-07-11 | 15:30 | RECV | 20013 | 0:50 | 14400 | 9858514472 | 2 | OK -- V.17 AM31 |
| 2017-07-11 | 15:32 | SCAN | 20012 | 2:56 | 14400 | 15045684558 | 7 | OK -- V.17 AM31 |
| 2017-07-11 | 15:37 | RECV | 20014 | 7:10 | 14400 | 5045270686 | 10 | E-531 V.17 2R30 |
| 2017-07-11 | 15:49 | RECV | 20015 | 0:27 | 14400 | 6506556633 | 1 | E-804 V.17 BM11 |
| 2017-07-11 | 15:52 | SCAN | 20016 | 0:00 | 0 | 15045252485 | 0 | BUSY |
| 2017-07-11 | 15:53 | RECV | 20017 | 1:16 | 14400 | 6506556633 | 1 | E-802 V.17 BM11 |
| 2017-07-11 | 15:55 | SCAN | 20016 | 0:09 | 21600 | 15045252485 | 1 | OK -- V.34 AM31 |
| 2017-07-11 | 16:01 | RECV | 20018 | 0:35 | 31200 | | 2 | OK -- V.34 1M31 |
| 2017-07-11 | 16:08 | SCAN | 20019 | 0:20 | 31200 | 9853694001 | 4 | OK -- V.34 1231 |
| 2017-07-11 | 16:11 | RECV | 20020 | 1:20 | 21600 | | 7 | OK -- V.34 1M31 |
| 2017-07-11 | 16:16 | SCAN | 20021 | 0:33 | 14400 | 15043550024 | 1 | OK -- V.17 AR30 |
| 2017-07-11 | 16:17 | SCAN | 20022 | 0:10 | 28800 | 13372351748 | 1 | OK -- V.34 1M31 |
| 2017-07-11 | 16:17 | SCAN | 20023 | 0:07 | 28800 | 15045270686 | 1 | OK -- V.34 AM31 |
| 2017-07-11 | 16:18 | SCAN | 20024 | 0:00 | 0 | 15045240686 | 0 | NO DIALTONE |
| 2017-07-11 | 16:21 | SCAN | 20024 | 0:00 | 0 | 15045240686 | 0 | NO ANSWER |
| 2017-07-11 | 16:24 | RECV | 20025 | 0:48 | 9600 | 8774439889 | 0 | E-809 V.29 2R30 |
| 2017-07-11 | 16:26 | SCAN | 20024 | 0:00 | 0 | 15045240686 | 0 | NO ANSWER |
| 2017-07-11 | 16:29 | RECV | 20028 | 5:02 | 9600 | 8774439889 | 9 | OK -- V.29 2R30 |
| 2017-07-11 | 16:35 | RECV | 20029 | 3:35 | 14400 | 5045251488 | 12 | OK -- V.17 AM31 |
| 2017-07-11 | 22:12 | RECV | 20030 | 1:44 | 9600 | 1-888-550-6427 | 2 | OK -- V.29 BM31 |
| 2017-07-12 | 07:36 | RECV | 20031 | 3:25 | 14400 | Progressive RDT2 | 7 | OK -- V.17 BR30 |

Total Pages: 309    Total Time: 136:14    Number of Errors: 26

FILED
JUL 11 2017
Dy [signature]
CLERK OF COURT

NON-CERTIFIED COPY

17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

NO.: 132505 DIV.:

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, L.P., ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK

**RULE TO SHOW CAUSE**

Considering the foregoing Exceptions of defendant, Denbury Onshore, LLC;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that plaintiff, Golden Ranch Farms, LLC, show cause on the _____ day of ______________, 2017, at ________o'clock __.m. why defendant's Exceptions should not be granted.

Thibodaux, Louisiana this ____ day of __________________, 2017.

______________________
JUDGE

FILED
JUL 11 2017
[signature]
Dy CLERK OF COURT



NON-CERTIFIED COPY

B

ADAMS HOEFER HOLWADEL, LLC
REPRESENTING CLIENTS IN
LOUISIANA | MISSISSIPPI | TEXAS

July 11, 2017

**VIA FACSIMILE – 985-447-5800**
**& U.S. MAIL**
Clerk of Court
17th Judicial District Court, Parish of Lafourche
303 W. 3rd Street
Thibodaux, LA 70302-0818

drh@ahhelaw.com
File No.: 171-30

RE: *Golden Ranch Farms, LLC v. Devon Energy Production Company, L.P., et al*
17th JDC, Parish of Lafourche, No.: 132505

Dear Sir or Madam:

Please find enclosed an original and two copies of Denbury's Exception of Vagueness and Peremptory Exceptions of No Cause or Right of Action and Incorporated Memorandum in Support and Request for Written Notice, which I am requesting be **FAXED FILED** into the record of the above-referenced matter. Please file the original into the record, and return a conformed copy to me and paid receipt using the enclosed envelope.

Please notify me of the filing cost for this matter, inclusive of the fax filing fees, I will forward the original along with payment within five (5) business days. Should you have any questions or comments, please do not hesitate to contact me directly at (504) 581-2606.

With best regards, I remain

Very truly yours,

D. Russell Holwadel

DRH/dlr
Enclosure
cc: Donald T. Carmouche, Esq. (Via Facsimile – 225-448-2568)

400 POYDRAS STREET, SUITE 2450 | NEW ORLEANS, LA 70130
TEL 504.581.2606 | FAX 504.525.1488 | WWW.AHHELAW.COM
2895 HIGHWAY 190, SUITE 217 | MANDEVILLE, LA 70471

FILED
JUL 11 2017
CLERK OF COURT
Dty
07-12-17A10:32 RCVD

NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile, electronic mail, and/or placing same in the United States mail, properly addressed and postage prepaid this 6th day of July, 2017.

Nicole M. Babb

FILED

JUL 12 2017

CLERK OF COURT



NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

DOCKET NO. 132505 DIVISION "B"

GOLDEN RANCH FARMS, LLC

VERSUS

BP AMERICA PRODUCTION COMPANY, ET AL.

FILED: ____________________ ____________________
DEPUTY CLERK

**CONOCOPHILLIPS COMPANY'S DILATORY EXCEPTIONS TO PLAINTIFF'S PETITION FOR DAMAGES AND FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes defendant, ConocoPhillips Company, as alleged successor-in-interest to Phillips Oil Company, Phillips Petroleum Company and General American Oil Company of Texas, ("Defendant"), and excepts to the Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages (collectively "Petition") as follows:

Pursuant to Article 926(A)(1), (2), (4), (5) and (7) of the Louisiana Code of Civil Procedure, Defendant files the following Exceptions:

1. Dilatory Exception of Nonconformity of the Petition with the Requirements of Article 891;
2. Dilatory Exception of Vagueness of the Petition;
3. Dilatory Exception of Improper Cumulation and Joinder; and
4. Dilatory Exception of Prematurity/Want of Amicable Demand.

In accordance with Rule 9.8 of the Louisiana Rules for District Courts, Defendant states that this matter has not been set for trial, and that Defendant does not intend to offer testimony at this hearing. It may, however, introduce evidence.

WHEREFORE, for reasons set forth more fully in the Memorandum in Support filed herewith, ConocoPhillips Company respectfully requests that its Exceptions be granted.



NON-CERTIFIED COPY

Respectfully submitted,

Nicole M. Babb

ERIC E. JARRELL (#16982)
MICHAEL J. CERNIGLIA (#29792)
NICOLE M. BABB (#35032)
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Fax: (504) 582-1233

**Attorneys for Defendant,**
**ConocoPhillips Company**

FILED
JUL 12 2017
CLERK OF COURT



NON-CERTIFIED COPY

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

TO: KING KREBS & JURGENS

504-582-1233

IN RE: GOLDEN RANCH FARMS LLC

VS

BP AMERICA PRODUCTION COMPANY, ET AL

DOCKET NUMBER: C-132505

This is to certify that on JULY 6, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):

EXCEPTIONS, RULE AND MEMORANDUM

Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.

RITA A. BERNARD

Deputy Clerk of Court

Estimated Cost for Filing $400.00

OLS-80931

File 2200.178

FILED

JUL 12 2017

CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**FILED: ____________________** ____________________

**DEPUTY CLERK**

**MEMORANDUM IN SUPPORT OF CONOCOPHILLIPS COMPANY'S DILATORY EXCEPTIONS TO PLAINTIFF'S PETITION FOR DAMAGES AND FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes defendant, ConocoPhillips Company, as alleged successor-in-interest to Phillips Oil Company, Phillips Petroleum Company and General American Oil Company of Texas, ("Defendant"), who submits this memorandum in support of the following Exceptions filed in response to the Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages (collectively "Petition"):

1. Dilatory Exception of Nonconformity of the Petition with the Requirements of Article 891;
2. Dilatory Exception of Vagueness of the Petition;
3. Dilatory Exception of Improper Cumulation; and
4. Dilatory Exception of Prematurity/Want of Amicable Demand.

As set forth below, the Exceptions of ConocoPhillips Company should be granted, requiring that Plaintiff amend its Petition to correct the deficiencies therein or suffer dismissal of the claims filed against Defendant.

## I. BACKGROUND

Plaintiff in this matter contends that it owns and/or uses certain tracts of property situated across three (3) different oil and gas fields, spread across at least three (3) Sections of Lafourche Parish (the "Property") – and possibly more – which Property has allegedly been contaminated or otherwise damaged by certain defendants' oil and gas exploration and production activities. (Petition, ¶ 2). Plaintiff has brought claims against eighteen (18) defendants, alleging that each has somehow caused contamination or is otherwise legally responsible for alleged damages to unspecified portions of the Property. (Petition, ¶ 5). These types of claims are typically described as "oilfield legacy" lawsuits. The oil and gas operations on the Property are regulated by the


NON-CERTIFIED COPY

Louisiana Department of Natural Resources (the "LDNR"). Plaintiff makes claims under multiple theories, including negligence, trespass, failure to warn, strict liability, lease liability, and mineral code liability. (Petition, ¶¶ 15-32). Plaintiff seeks various forms of damages including costs of restoration of property to its original condition, punitive damages and stigma damages. (Petition, ¶ 37).

Significantly, however, nowhere in the Petition does Plaintiff identify specific acts by ConocoPhillips that caused any specific damage to any specific areas of the Property. Rather, Plaintiff makes a blanket assertion that the alleged contamination was caused by multiple operators and unspecified exploration and production activities occurring somewhere on or near four tracts of land allegedly owned and/or used by Plaintiff. (Petition, ¶ 5).

Moreover, the Petition asserts contractual claims against defendants, but does not identify any contractual provisions upon which such claims are based. (Petition, ¶ 21). Plaintiff also alleges to be a third-party beneficiary of certain surface leases, joint operating agreements, unit agreements, servitude agreements, assignments and/or subleases but, again, the Petition does not explain how or in what capacity Plaintiff holds any third-party rights under the alleged, but unspecified agreements. (Petition, ¶ 23). Without being provided with this most basic information, ConocoPhillips cannot assess the merits of Plaintiff's contractual and/or quasi-contractual claims.

For these reasons, and those set forth below, the Exceptions filed by ConocoPhillips should be maintained, requiring that the Plaintiff's Petition be dismissed or amended insofar as it purports to make claims against ConocoPhillips.

## II. LAW AND ARGUMENT

### A. Dilatory Exception of Non-Conformity of the Petition With the Requirements of Article 891

Article 854 of the Louisiana Code of Civil Procedure establishes the following requirements for pleading:

> All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs. As far as practicable, the contents of each paragraph shall be limited to a single set of circumstances.

Furthermore, La. C.C.P. art. 891 sets forth the following minimum requirements for the form of a petition:

{N1341981 -}



NON-CERTIFIED COPY

> A. The petition shall comply with Articles 853, 854, and 863, and wherever applicable, with Articles 855 through 861. It shall… contain a short, clear and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation;…

Fact pleading advances the goal of providing the defendant notice of the facts upon which the plaintiff bases his claims. *Fitzgerald v. Tucker*, 98-2313, (La. 6/29/99), 737 So. 2d 706, 713. Mere conclusions in pleadings, unsupported by facts, are insufficient to set forth a cause or right of action. *Montalvo v. Sondes*, 93-2813 (La. 5/23/94), 637 So.2d 127, 131. To plead "material facts," as required by La. C.C.P. art. 891, "the petitioner must allege more than mixed questions of law and fact such as that the defendant breached the contract or acted unreasonably." *Price v. Kids World*, 08-1815 (La. App. 1 cir. 3/27/09), 9 So. 3d 992, 996; *See also Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612 (La. 3/17/06), 929 So. 2d 1211, 1218. Rather, the petitioner must state what act or omission he will establish at trial. *Id.*

Though Louisiana jurisprudence has determined that general allegations of breached contract or unreasonable actions are insufficient in our fact-pleading state, Plaintiff's Petition alleges just that. The Petition devotes seven (7) paragraphs to breach of contract, (Petition ¶¶ 21-27) yet not one of these paragraphs specifies the actual lease provision(s) forming the basis of their contract claims. Plaintiff makes only conclusory allegations that defendants have breached unspecified lease agreements:

> [D]efendants' conduct as described above constitutes a breach of the oil, gas, and mineral leases, surface leases, servitude agreements and other applicable contracts that covered the oil and gas activities described above.[1]

> [D]efendants have violated the express and implied obligations of surface leases that apply to the Property, including those maintenance, restoration and repair obligations imposed by operation of law on all lessees under the Civil Code provisions pertaining to leases. Defendants' violation of these surface leases have caused damage to plaintiff. Under said surface leases, defendants have the obligation to maintain and restore the Property.[2]

In sum, the Petition contains rote allegations which Plaintiff applies indiscriminately and "across the board" to all the defendants. This does not pass muster under the rules of pleading. Plaintiff is not allowed to make allegations "couched in generalities;" rather, "material facts…must be alleged in detail." *Haydel v. Town of Grammercy*, 154 So.2d 504, 505 (La. App.

---

[1] Petition, ¶ 21.
[2] Petition, ¶ 27.



NON-CERTIFIED COPY

4 Cir. 1963). A plaintiff has the duty to "express his allegations in clear and unmistakable language," and cannot proceed on the basis of "ambiguous and uncertain pleadings." *West Carroll National Bank v. West Carroll Parish School Board*, 136 So.2d 699, 702 (La. App. 2 Cir. 1961).

In a complex matter involving eighteen (18) corporate defendants, unidentified leases, and multiple tracts of land across three (3) or more Sections of Lafourche Parish, there are no allegations of any particular alleged wrongful acts by ConocoPhillips. Instead, Plaintiff makes conclusory allegations that all defendants caused injury to Plaintiffs and Plaintiff's property. The Plaintiff's "shotgun approach" to pleading fails to satisfy the plain requirements of La. C.C.P. art. 854. Accordingly, ConocoPhillips excepts to the Petition in that it fails to conform with the requirements of Article 891 of the Code of Civil Procedure for failure to set forth a clear and concise statement of the factual basis for Plaintiff's claims asserted against it.

**B. Dilatory Exception of Vagueness**

Under La. C.C.P. art. 926(A)(5), a party may object to a vague or ambiguous petition by filing a dilatory exception. This is closely related to the exception for failure to comply with the pleading requirements of Article 891 since "vagueness" and "ambiguity" are often the inevitable result of the failure to plead properly. This is the case here.

The exception of vagueness is appropriate when allegations in the petition are vague, general, and indefinite. *Brunson v. Mutual Life Ins. Co. of New York*, 189 La. 743, 180 So.506 (La. 1938); *Broussard v. Broussard*, 381 So.2d 942, 943 (La. App. 3 Cir. 1980). The vagueness exception is a device for requiring a plaintiff to put the defendants on notice of the nature of the facts sought to be proved so as to enable them to prepare a defense. *Whipple v. Whipple*, 408 So.2d 390, 392 (La. App. 1 Cir. 1981); *Lee v. Chief of Police*, 385 So.2d 1290, 1291 (La. App. 3 Cir. 1980). In addition, the vagueness exception requires a plaintiff to sufficiently identify his causes of action in order to prevent future re-litigation. *Whipple*, 408 So.2d at 392; *Lee*, 385 So.2d at 1291.

A petition is obviously vague if it fails to allege with particularity the circumstances of the claims against each individual defendant and the facts upon which the alleged liability of each defendant is based. *Spell v. Executive Officers, etc. of P&W Industries, Inc.*, 316 So.2d 474, 476 (La. App. 1 Cir. 1975), *writ denied*, 320 So.2d 911 (La. 1975). In *Spell*, the court found that


NON-CERTIFIED COPY

it was impossible for the officers, directors, and shareholders of a corporation to respond to the petition until aware of the "specific acts of negligence relied on by Plaintiffs." *Id.*

Virtually all of these reasons for sustaining an exception of vagueness apply to the Plaintiff's Petition for Damages. As an initial matter, Plaintiff did not even provide a sufficient description of the Property at issue in this litigation. Rather, Plaintiff simply alleges that it owns and/or uses property located in three different oil and gas fields. Plaintiff then goes on to say "which property is more particularly described in Exhibit A."[3] However, an examination of Exhibit A reveals no property description whatsoever, and instead refers to acts of sale – none of which are included with the Petition. Neither the Petition nor any of the exhibits attached thereto give any indication as to the size or location of the Property. Such a vague and ambiguous Property description clearly fails to put Defendant on notice as to exactly what claims are at issue in this suit, and as such, should be fatal to Plaintiff's Petition.

Moreover, as discussed in Section A, above, nowhere does the Petition provide any specificity involving the conduct of ConocoPhillips. Plaintiff is vague concerning the precise location of the contamination; the act or omission causing the alleged contamination; the nature and degree of the alleged contamination; when the alleged contamination occurred; and which defendant's operation caused any alleged contamination. Plaintiff simply alleges that ConocoPhillips, among others, drilled or operated wells on or in the vicinity of Plaintiff's properties. Operation of oilfield facilities alone is not negligent conduct and cannot form the basis for Plaintiff's tort claims.

Plaintiff is also vague concerning the timing and method of their acquisition of rights in the Property and also regarding the nature of any such rights. The Petition does not identify the extent of Plaintiff's rights in particular tracts (i.e., full ownership, co-ownership, or something less than ownership), nor does it provdie the acts, deeds, transactions, or other documents by which any such rights were attained. Such vagueness is especially problematic in these oilfield "legacy" lawsuits as Louisiana law is settled that the right to sue for property damage belongs to the owner at the time the damage allegedly occurred. *Eagle Pipe & Supply v. Amerada Hess Corporation*, 10-2267 (La. 10/25/11), 79 So.3d 246; *Lejeune Bros. Inc. v. Goodrich Petroleum Co.*, LLC, 06-1557 (La. App. 3d Cir. 11/28/07), 981 So.2d 23. Accordingly, due to the vagueness of the Petition concerning the Plaintiff's interest in the property, Defendant cannot

[3] Petition, ¶ 2.


NON-CERTIFIED COPY

fully assess whether this Plaintiff has a right or cause of action against ConocoPhillips for the allegations made in this suit.

Though the Petition places heavy emphasis on claims for breach of mineral leases, the Petition fails to particularly identify so much as a single lease under which it brings the present suit. To assert lease claims, Plaintiff must have acquired rights in the applicable leases prior to their expiration. In addition, while Plaintiff claims to be a third-party beneficiary of express or implied restoration provisions contained in leases or agreements between defendants and third parties, it fails to provide information concerning those leases or the basis for any alleged contractual rights in these unidentified agreements. Lastly, the Petition does not specify the provision(s) of any lease or agreement allegedly breached by ConocoPhillips. Accordingly, due to the vagueness of the Petition, ConocoPhillips cannot fully assess the merit of Plaintiff's contractual claims.

In sum, Plaintiff's wide-ranging allegations are devoid of the most basic material facts necessary to establish a cause of action. To the extent Plaintiff contends there are specific problems as a result of activities for which Defendant may be held legally liable, Plaintiff must identify the specific location, its precise interest in that location, ConocoPhillips's specific involvement, the specific damages claimed, and how Defendant's activities are connected to any other locations and other defendants. Further, to the extent Plaintiff is bringing breach of contract claims on a lease or leases, Plaintiff must be required to specifically identify its rights in such lease or leases, provide when and how any such rights were acquired, and identify the specific lease provisions allegedly breached so that ConocoPhillips can assess the propriety of the claim.

The exception of vagueness or ambiguity of the petition is made for just such a situation as this. Allowing Plaintiff to make these general and indefinite allegations provides insufficient notice to ConocoPhillips of both the claims made against it and the facts Plaintiff seeks to prove which, in turn, prevents Defendant from properly preparing a defense. Accordingly, Defendant requests that Plaintiff be ordered to amend its Petition to cure the substantial vagueness which plagues the Petition, as required by the Code of Civil Procedure, or face dismissal of the claims asserted against ConocoPhillips.

### C. Dilatory Exception of Improper Cumulation of Actions and Improper Joinder of Parties

Cumulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one



NON-CERTIFIED COPY

or more defendants. La. C.C.P. art. 461. Two or more parties may be joined in the same suit, either as plaintiffs or as defendants if: (1) there is a community of interest between the parties joined; (2) each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and (3) all of the actions cumulated are mutually consistent and employ the same form of procedure. La. C.C.P. art. 463. If the suit fails to satisfy any of these criteria, a plaintiff may not cumulate the actions. *Jones v. Arnold*, 589 So. 2d 1, 2 (La. 1991); *Abshire v. State of Louisiana, through Department of Insurance*, 93-923 (La. App. 3 Cir. 4/6/94), 636 So.2d 627, 632.

Joinder of ConocoPhillips in this matter under the allegations in the Petition is improper because the suit fails to satisfy the first prong of La. C.C.P. art. 463, which requires a sufficient "community of interest" among defendants. Courts have defined "community of interest" as actions which arise out of the same facts or present the same factual and legal issues. *Abshire,* 636 So. 2d at 632. Generally, the test to determine whether several persons may be joined as defendants is whether they have a common interest or liability with respect to the subject matter of the suit. *Mundy v. Gentilly Oaks, Inc.,* 228 La. 509, 82 So.2d 849, 853 (La. 1955). In *Mundy* the Louisiana Supreme Court explained:

> A person may not be joined as a defendant in an action on a demand in which he has no interest; and several persons may not be joined as defendants where they have no community of interest in the subject matter of the litigation, as where the causes of action against each defendant are distinct and separate and arose from different and independent relations or transactions or where the object of the suit is different as to the different defendants; nor can two parties be joined as defendants, where one or the other is liable, but not both.

82 So.2d at 853 (quoting 67 C.J.S., Parties, § 40, p. 961).

This case cumulates claims against eighteen (18) defendants for allegedly causing unspecified areas of contamination occurring somewhere across three (3) oil and gas fields located in at least three (3) Sections of Lafourche Parish. There is nothing in the Petition, however, to indicate that all of these defendants were involved with all areas of the Property or that they worked in concert or even had any connexity to each other. In fact, Exhibit "C" to the Petition appears to indicate that the defendants, in fact, operated on different wells, in different oil and gas fields, in different sections of the parish, and many defendants' operations never overlapped at all.



NON-CERTIFIED COPY

In *Abshire*, insurance policy holders suffering a loss after the collapse of their insurer brought claims against the Louisiana Department of Insurance, the Office of Financial Institutions, and the State of Louisiana. 636 So.2d at 628. The plaintiffs also joined a private party defendant, a company domiciled in Missouri, in connection with its dissemination of positive reviews of the defunct insurers on the eve of their collapse. *Id.* at 630. The private party defendant excepted on grounds of improper cumulation asserting that it did not share a community of interest with the public party state entity defendants. *Id.* The appellate court agreed. *Id.*

In maintaining the improper cumulation exception, the Third Circuit held that the causes of action against the public and private party defendants neither arose from the same facts nor presented the same legal issues and therefore there was no "community of interest". *Id.* The court noted that separate legal showings would be needed to prevail on each claim, which would require different discovery procedures to turn up different forms of evidence from separate locations. *Id.* In so holding, the Third Circuit further warned of the inherent unfairness in lumping disparate causes of action against multiple parties, explaining that:

> It would be unfair to [the private party defendant] to require it to stand trial in the protracted proceedings we foresee against the state on so loose a basis. The ever present search for judicial economy must yield whenever a party's substantive rights in a principal demand might be affected, for not only judicial economy, but fairness to litigants as well as intended ends of our procedural system….The quest for fairness must not be forgotten, even in the context of multiparty litigation, whether arising in the context of a class action suit or cumulative party action.

*Abshire*, 636 So.2d at 622 (citations omitted); *see also*, *Greater Baton Rouge Port Commission v. Morley*, 232 La. 87, 93 So.2d 912 (La. 1957) (finding improper cumulation of actions and joinder of parties defendant where parties did not have a common interest and could not be forced to litigate in the same suit).

Just as in *Abshire*, it is highly probable, if not certain, that the factual and legal issues surrounding some defendants will differ from those of other defendants. It is evident from Exhibit "C" to the Petition that defendants' operations were remote from each other in both time and location. Simply put, Plaintiff has not alleged facts indicating the existence of a requisite "community of interest" among the eighteen (18) defendants necessary to make the joinder of these eighteen (18) defendants in one suit proper.



NON-CERTIFIED COPY

When cumulation is improper for any reason other than lack of jurisdiction or improper venue, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. *Id.* The penalty for noncompliance with an order to amend is a dismissal of the plaintiff's suit. *Id.* Notwithstanding, even if there is a proper cumulation of claims (which is denied), the court may still order separate trials in this matter to prevent prejudice. *See e.g., First Guar. Bank v. Carter,* 563 So.2d 1240, 1244 (La. App 1 Cir. 1990); *Cromwell v. Commerce & Energy Bank*, 514 So.2d at 198, 202 (La. App. 3 Cir. 1987). Article 465 of the Louisiana Code of Civil Procedure provides:

> When the court is of the opinion that it would simplify the proceedings, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulated actions, even if the cumulation is proper.

La. C.C.P. art. 465.

Again, the claims against ConocoPhillips may ultimately be found to be factually distinct from the claims against some or all of the other defendants with respect to specific wells and/or leases and, thus, require differing discovery, evidence and/or experts. Consequently, even if this Court determines that the claims are properly cumulated, which ConocoPhillips denies, the Court may nonetheless order separate trials based on the separate and independent operations of the defendants as alleged in the Petition. Accordingly, ConocoPhillips requests that the Court grant its exception of vagueness, order amendment of the pleadings to require the requisite detail, and reserve this exception of improper cumulation until such time as the additional information is provided.

**D. Dilatory Exceptions of Prematurity / Want of Amicable Demand**

Because the Plaintiff's contractual claims are impermissibly vague, ConocoPhillips is unable to evaluate the rights and obligations which may be specified in the leases alleged. Therefore, out of an abundance of caution, ConocoPhillips asserts that the Plaintiff's contractual claims, as pled, are premature to the extent that Plaintiff failed to comply with any pre-suit written notice provisions of any applicable leases from which Plaintiff derives its contract claims.

A contract, and specifically a mineral lease, is the law between the parties. Mineral Code Article 3; La. C.C. art. 1983; *Corbello* v. *Iowa Production*, 2002-0826 (La. 2/25/03), 850 So.2d


NON-CERTIFIED COPY

686; *Caskey* v. *Kelley Oil Co.*, 1998-1193 (La. 6/29/99), 737 So.2d 1257; *Frey* v. *Amoco Production Co.*, 603 So.2d 166, 172 (La. 1992). In a contract, the parties voluntarily agree to assume specific obligations, and to enjoy certain rights, thereby regulating their conduct *vis-a-vis* each other by their agreement in pursuit of the objective of the contract. In *Terrebonne Parish School Bd.* v. *Castex Energy, Inc.*, et al, 2004-C-0968 (La. 1/19/05), 893 So.2d 789, the Louisiana Supreme Court addressed the importance of requiring parties to live up to their promises, or agreements, citing "important concerns of adherence to the law and respect for the rights of contracting parties" and "the respect for the terms of the mineral lease to which [those] parties agreed."

Indeed, courts in this state have recognized that contractual pre-suit notice provisions modify the law between the parties and have ordered compliance with such notice provisions where plaintiff failed to do so. In *Broussard* v. *Hilcorp Energy Company*, the Third Circuit upheld the trial court's holding that failure to provide written notice pursuant to a "facts relied upon as breach" provision rendered the plaintiffs' claims premature. 08-0233, (La. App. 3d Cir. 12/10/08); 998 So. 2d. 946, 954-55.

Plaintiff in this matter did not provide ConocoPhillips with written notice and an opportunity to cure any alleged breaches (implied or express) prior to filing suit. To the extent Plaintiff claims rights under any applicable leases, it must also comply with any pre-suit notice obligations under those leases. Accordingly, ConocoPhillips excepts to the Plaintiff's Petition as premature for failure to provide written notice of alleged contractual breaches before making judicial demand.

**E. Amicable Demand Under Mineral Code Article 136**

Lastly, ConocoPhillips preserves any rights which may exist at law to be provided the pre-suit written notice contemplated by Mineral Code Article 136. Mineral Code Article 136 provides:

> If a mineral lessor seeks relief from his lessee … ***from any other claim that the lessee has failed to develop and operate the property leased as a prudent operator***, he must give his lessee written notice of the asserted breach to perform and allow a reasonable time for performance by the lessee as a prerequisite to a judicial demand for damages or dissolution of the lease. [emphasis added].

ConocoPhillips acknowledges that the Louisiana Supreme Court ruled in *Broussard* that "an implied duty to restore/remediate the property is no longer encompassed in the prudent operator standard." *Broussard v. Hilcorp Energy Co.*, 24 So. 3d 813, 820 (La. 2009). However,



NON-CERTIFIED COPY

in the subsequent decision of *State v. Louisiana Land and Exploration*, 110 So. 3d 1038, 1047 (La. 2013) (the "LL&E decision"), the Supreme Court seemed to expound upon the *Broussard* decision, citing to its opinion in *Terrebonne Parish School Bd. V. Castex Energy, Inc.* for the proposition that there may potentially be an implied duty to remediate/restore under the prudent operator standard of Mineral Code Article 122 where it is alleged that the lessee operated unreasonably or excessively:

> ***[U]nless*** there is evidence the lessee has exercised his rights under the lease ***unreasonably or excessively***, an implied duty to restore/remediate the property is no longer encompassed in the prudent operator standard. *LL&E* at 1047 (emphasis supplied).

Paragraph 28 of Plaintiff's Petition alleges, in part, that defendants have "negligently and excessively used the Property during mineral operations" in violation of La. R.S. 31:122. Plaintiff also alleges that defendants have breached the standards imposed by the Louisiana Civil Code and Mineral Code governing the conduct of prudent operators. (Petition, ¶ 26). Therefore, out of an abundance of caution, in light of the *LL&E* decision and the Plaintiff's pleadings in this matter, ConocoPhillips brings its exception of prematurity and want of amicable demand under Mineral Code Article 136 to the extent an implied duty to remediate/restore is sought to be imposed on ConocoPhillips under the prudent operator standard described in Mineral Code Article 122. Should the Court find (we believe incorrectly) that ConocoPhillips had any such obligation, then ConocoPhillips was entitled to notice before the assertion of such claims.

## III. CONCLUSION

For the reasons set forth above, ConocoPhillips submits that the claims in Plaintiff's Petition: 1) do not conform with the requirements of Article 891 of the Louisiana Code of Civil Procedure regarding pleadings; 2) are impermissibly vague and ambiguous; 3) improperly cumulate actions against a number of defendants who lack the requisite community of interest; and 4) are premature and/or fail for want of amicable demand. Accordingly, the Exceptions of ConocoPhillips should be maintained and Plaintiff's Petition should be dismissed or ordered to be amended insofar as it purports to assert any claims against ConocoPhillips.



NON-CERTIFIED COPY

Respectfully submitted,

Nicole M. Babb

ERIC E. JARRELL (#16982)
MICHAEL J. CERNIGLIA (#29792)
NICOLE M. BABB (#35032)
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Fax: (504) 582-1233

**Attorneys for Defendant,**
**ConocoPhillips Company**



NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile, electronic mail, and/or placing same in the United States mail, properly addressed and postage prepaid this 6th day of July, 2017.

Nicole M. Babb

FILED

JUL 12 2017

CLERK OF COURT

{N1341981 -}



NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

DOCKET NO. 132505 DIVISION "B"

GOLDEN RANCH FARMS, LLC

VERSUS

BP AMERICA PRODUCTION COMPANY, ET AL.

FILED: ____________________ ____________________
DEPUTY CLERK

# RULE TO SHOW CAUSE

Considering the foregoing Dilatory Exceptions to Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages filed on behalf ConocoPhillips Company;

IT IS ORDERED that Plaintiff, through its counsel of record, appear and show cause on __________, 2017, at ________o'clock a.m./p.m., as to why the Dilatory Exceptions to Plaintiffs' Petition for Damages filed on behalf of ConocoPhillips Company should not be granted.

RENDERED AND SIGNED, at ____________________, Louisiana, this ____ day of ____________________, 2017.

____________________
JUDGE, 17th JUDICIAL DISTRICT COURT

**Please Serve**:

Plaintiffs through their attorney of record:

Ross J. Donnes
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810

FILED
JUL 12 2017
CLERK OF COURT

{N1341980 -}

NON-CERTIFIED COPY

17[TH] JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

DOCKET NO. 132505

DIVISION "B"

GOLDEN RANCH FARMS, LLC

VERSUS

BP AMERICA PRODUCTION COMPANY, ET AL.

FILED: ____________________

____________________ DEPUTY CLERK

## RULE TO SHOW CAUSE

Considering the foregoing Dilatory Exceptions to Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages filed on behalf ConocoPhillips Company;

IT IS ORDERED that Plaintiff, through its counsel of record, appear and show cause on September 21st, 2017, at 9 o'clock a.m./p.m., as to why the Dilatory Exceptions to Plaintiffs' Petition for Damages filed on behalf of ConocoPhillips Company should not be granted.

RENDERED AND SIGNED, at Thibodaux, Louisiana, this 13th day of July, 2017.

JUDGE, 17[th] JUDICIAL DISTRICT COURT

**Please Serve**:

Plaintiffs through their attorney of record:

Ross J. Donnes
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810

FILED
JUL 12 2017
CLERK OF COURT
Dty

{N1341980 -}

NON-CERTIFIED COPY

# Transmission Log

LafourcheClerk Wednesday, 2017-07-12 09:04 9854475800

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2017-07-12 | 09:03 | SCAN | 20034 | 0:06 | 31200 | 5045251488 | 1 | OK -- V.34 AM31 |

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: ADAMS, HOEFER HOLWADEL**

**504-525-1488**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on JULY 11, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**EXCEPTIONS. RULE AND REQUEST FOR NOTICE**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**RITA A. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $400.00**

**FILED**

JUL 12 2017

Rita A. Bernard

CLERK OF COURT

NON-CERTIFIED COPY

3

# KING KREBS & JURGENS PLLC

HENRY A. KING (1)
PATRICIA A. KREBS (1)
GEORGE B. JURGENS III
ROBERT J. BURVANT (1)
J. GRANT COLEMAN, LLM (2)(4)
ERIC E. JARRELL
LEN R. BRIGNAC (1)(3)(5)
TIMOTHY S. MADDEN
ROBERT J. STEFANI (1)(2)(7)

(1) ALSO ADMITTED IN TEXAS
(2) ALSO ADMITTED IN WASHINGTON, D.C.
(3) ALSO ADMITTED IN FLORIDA

JAMES D. BERCAW
LINDSAY A. LARSON III
DAVID A. STRAUSS (1)(8)
JEFFREY M. BURMASTER
DOUGLAS P. MATTHEWS
MICHAEL L. VINCENZO
CHRISTIAN A. GARBETT (1)
JOHN A. CANGELOSI
ADAM P. MASSEY

(4) TAX LAW SPECIALIST CERTIFIED BY THE LOUISIANA BOARD OF LEGAL SPECIALIZATION
(5) REGISTERED PATENT ATTORNEY

COUNSELORS AT LAW
201 ST. CHARLES AVENUE
45TH FLOOR
NEW ORLEANS, LA 70170
TELEPHONE: (504) 582-3800
FAX: (504) 582-1233

SUSAN E. DINNEEN (2)(10)
MICHAEL J. CERNIGLIA (11)
BRENT M. BURNS
R. DANIEL SERIO, JR.
CAROLYN S. BUCKLEY
REED M. COLEMAN (12)
FABIAN M. NEHRBASS

(6) ALSO ADMITTED IN GREECE
(7) ALSO ADMITTED IN NEW YORK
(8) ALSO ADMITTED IN ILLINOIS
(9) ADMITTED IN TEXAS ONLY

NICOLE M. BABB
LAURA E. AVERY
BRIAN A. CLARK
ROBIN D. CASSEDY
DIANA J. MASTERS

Of Counsel:
JOSEPH R. MESSA (9)
JOANNE MANTIS (6)

(10) ALSO ADMITTED IN MARYLAND
(11) ALSO ADMITTED IN COLORADO
(12) ALSO ADMITTED IN ALABAMA

**Nicole M. Babb**
Attorney at Law
NBabb@kingkrebs.com
504.582.1275 Direct

July 6, 2017

**<u>VIA TELEFAX AND FEDERAL EXPRESS</u>**
Annette M. Fontana, Clerk of Court
17th Judicial District Court
Lafourche Parish
Lafourche Parish Annex
303 West Third Street
Thibodaux, LA 70301

Re: Golden Ranch vs. BP America Production Company, et al.
17th Judicial District Court for the Parish of LaFourche, State of Louisiana
Docket No. 132505, Division "B"

Dear Ms. Fontana:

Enclosed for fax filing please find the Dilatory Exceptions and Memorandum in Support of Exceptions filed on behalf of ConocoPhillips Company. The original and two copies will be sent via Federal Express. Upon receipt, we ask that you file the original into the record and return a conformed copy to me in the enclosed self-addressed stamped envelope. Also, our check will be enclosed as requested to cover the court costs.

If you have any questions, or if I can be of any assistance, please do not hesitate to contact me.

Sincerely,

Nicole M. Babb

Nicole M. Babb

FILED
JUL 12 2017
Rita Benoit
Dty CLERK OF COURT

NMB:cs
Enclosures
cc: All Counsel of Record (w/encl.)

{N1342998 -}



NON-CERTIFIED COPY

# CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon the following counsel of record by placing a copy of same in the United States mail, postage prepaid and properly addressed and/or by email:

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher H. Martin
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, Louisiana 70810
***Counsel for Plaintiff***

C. Berwick Duval, II
Stanwood R. Duval
Kathryn W. Richard
DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS
101 Wilson Avenue
Post Office Box 3017
Houma, Louisiana 70361
***Counsel for Plaintiff***

George Pivach II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, LLC
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chase, Louisiana 70037
***Counsel for Mesa Gulf Coast and Tchefuncte Natural Resources, L. L. C.***

Rachel P. Dunaway
LONG LAW FIRM
1800 City Farm Drive, Building 6
Baton Rouge, LA 70806
***Attorney for Billy Proschaska***

Victor Suane
KEAN MILLER LLP
II City Plaza
400 Convention Street , Suite 700
Baton Rouge, La 70802
***Attorney for Devon Energy Production***

Christopher B. Bailey
RANDAZZO, GIGLIO & BAILEY LLC
P.O. Box 51347
Lafayette, La 70505-1347
***Attorney for Square Mile Energy***

NON-CERTIFIED COPY

Michael G. Durand
ONBANE LAW FIRM
1200 Camelia Boulevard Suite 300
P.O. Box 3507
Lafayette, La 70502-3507
***Attorney for American Explorer, Inc.***

George Arceneaux, III
Penny Malbrew
Brittan Bush
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
***Attorneys for BP***

Eric E. Jarrell
Michael J. Cerniglia
Nicole M. Babb
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
***Attorneys for ConocoPhillips Company***

Sarah Iiams
KUCKLER POLK WEINER, LLC
1615 Poydras St., Ste 1300
New Orleans, LA 70112
***Attorney for Texas Pacific Oil Company***

Russell Holwadel
ADAMS, HOEFER, HOLWADEL & ELDRIDGE, L.L.C.
400 Poydras St., Suite 2450
New Orleans, LA 70130
***Attorney for Denbury Onshore, LLC***

Lafayette, Louisiana, this 10th day of July, 2017.

Valerie Guidry
VALERIE V. GUIDRY

**FILED**

JUL 13 2017

Rita A. Bernard
CLERK OF COURT

NON-CERTIFIED COPY

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon the following counsel of record by placing a copy of same in the United States mail, postage prepaid and properly addressed and/or by email:

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher H. Martin
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, Louisiana 70810
***Counsel for Plaintiff***

C. Berwick Duval, II
Stanwood R. Duval
Kathryn W. Richard
DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS
101 Wilson Avenue
Post Office Box 3017
Houma, Louisiana 70361

***Counsel for Plaintiff***
George Pivach II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, LLC
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chase, Louisiana 70037
***Counsel for Mesa Gulf Coast and Tchefuncte Natural Resources, L. L. C.***

Rachel P. Dunaway
LONG LAW FIRM
1800 City Farm Drive, Building 6
Baton Rouge, LA 70806
***Attorney for Billy Proschaska***

Victor Suane
KEAN MILLER LLP
II City Plaza
400 Convention Street , Suite 700
Baton Rouge, La 70802
***Attorney for Devon Energy Production***

Christopher B. Bailey
RANDAZZO, GIGLIO & BAILEY LLC
P.O. Box 51347
Lafayette, La 70505-1347
***Attorney for Square Mile Energy***

NON-CERTIFIED COPY

Michael G. Durand
ONBANE LAW FIRM
1200 Camelia Boulevard Suite 300
P.O. Box 3507
Lafayette, La 70502-3507
***Attorney for American Explorer, Inc.***

George Arceneaux, III
Penny Malbrew
Brittan Bush
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
***Attorneys for BP***

Eric E. Jarrell
Michael J. Cerniglia
Nicole M. Babb
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
***Attorneys for ConocoPhillips Company***

Sarah liams
KUCKLER POLK WEINER, LLC
1615 Poydras St., Ste 1300
New Orleans, LA 70112
***Attorney for Texas Pacific Oil Company***

Russell Holwadel
ADAMS, HOEFER, HOLWADEL & ELDRIDGE, L.L.C.
400 Poydras St., Suite 2450
New Orleans, LA 70130
***Attorney for Denbury Onshore, LLC***

Lafayette, Louisiana, this 10th day of July, 2017.

Valerie Guidry
VALERIE V. GUIDRY

**FILED**

JUL 13 2017

Rita A. Benard
CLERK OF COURT

NON-CERTIFIED COPY

| | | |
|---|---|---|
| GOLDEN RANCH FARMS, LLC | : | DOCKET NO. 132505, DIV. B |
| VS. | : | 17TH JUDICIAL DISTRICT COURT |
| BP AMERICA PRODUCTION CO., *ET AL.* | : | LAFOURCHE PARISH, LOUISIANA |

**RULE TO SHOW CAUSE**

CONSIDERING the foregoing Exceptions filed by defendant Texas Petroleum Investment Company ("TPIC");

IT IS HEREBY ORDERED that the TPIC's exceptions of vagueness, ambiguity, and failure to comply with Article 891 of the Louisiana Code of Civil Procedure be and hereby are set for hearing on the _____ day of ___________, 2017, at ____ o'clock __.m., where Plaintiff is hereby ORDERED to show cause why these exceptions should not be granted, dismissing Plaintiff's claims against TPIC at Plaintiff's cost.

THUS DONE AND SIGNED on this ____ day of _________, 2017, at Thibodeaux, Louisiana.

_______________________________________
HONORABLE STEVEN M. MILLER
DISTRICT JUDGE

**SHERIFF PLEASE SERVE:**

Plaintiff, through its counsel of record:

C. Berwick Duval, II
Stanwood R. Duval
Kathryn W. Richard
DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS
101 Wilson Avenue
Houma, Louisiana 70361

FILED
JUL 13 2017
CLERK OF COURT

NON-CERTIFIED COPY

25762

**ADAMS HOEFER HOLWADEL, LLC**

VENDOR: Clerk of Court, 17th JDC

07/12/2017 CHECK NO: 25762

| OUR REF. NO. | YOUR INVOICE NUMBER | INVOICE DATE | INVOICE AMOUNT | AMOUNT PAID | DISCOUNT TAKEN |
|---|---|---|---|---|---|
| 63435 | 171-030 07/12/17 | 07/12/17 | 400.00 | 400.00 | |

Exceptions and RFN

FILED
JUL 13 2017
CLERK OF COURT

132505

CHECK AMOUNT $400.00

NON-CERTIFIED COPY

17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

NO.: 132505 DIV.:

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, L.P., ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK

**DENBURY ONSHORE, LLC'S DILATORY EXCEPTION OF VAGUENESS AND PEREMPTORY EXCEPTIONS OF NO CAUSE OR RIGHT OF ACTION AND INCORPORATED MEMORANDUM IN SUPPORT**

**NOW INTO COURT**, comes Defendant, Denbury Onshore, LLC (hereinafter referred to as "Denbury"), and excepts to Plaintiff's Petition and First Supplemental and Amending Petition for Damages (hereinafter collectively referred to as the "Petition") as follows:

***DILATORY EXCEPTION OF VAGUENESS***

The exception of vagueness has two primary purposes. First, it enables a defendant to prepare its defense by providing the nature of the facts sought to be proved by plaintiff. *City of Gretna v. Gulf Distilling Corp.*, 207 La. 719, 21 So.2d 884 (La. 1945). Second, it helps a defendant identify the causes of action that are being asserted. *Id.* Plaintiff's Petition does not provide this type of information. Plaintiff has alleged generally and cumulatively that Denbury is liable *in solido*, for their various acts of omission or commission, constituting breach of contract and negligence. Plaintiff allege that these Defendants are generally and *in solido* liable for its strict liability and absolute liability which, as a matter of law, may be impossible. Further, Plaintiff alleges that these Defendants, generally, and *in solido*, acted in a "wanton and reckless manner" so as to invoke punitive damages. Plaintiff does not particularize what conduct, act or omission as to all Defendants gives rise to the alleged theories of liability. Plaintiff does allege in general the existence of certain mineral leases but does

NON-CERTIFIED COPY

not state which Defendant, if any, breached which lease or which lease provisions were allegedly breached. Plaintiff does not identify the nature of the property damage corresponding to the breach of the alleged contractual obligation, the alleged fraud or the alleged reckless and wanton conduct. Plaintiff does not identify where the damage is located, who caused it and when the damage was discovered. For example, Plaintiff does not allege:

(1) which mineral leases or other agreements are at issue;

(2) which Defendant is guilty of what specific act or omissions;

(3) which Defendant, if any, is alleged to have breached which express contractual provision, under which contract;

(4) when the alleged acts or omissions of each Defendant occurred;

(5) when the damage was discovered;

(6) where the damage is located, who caused it and when.

All of the foregoing information is necessary in order for the Defendants to have adequate notice of the nature and extent of the claims against them and to prepare an adequate defense. Furthermore, it is not clear what specific practices of the Defendants are complained of, whether any specific incident occurring during operations by the Defendants are complained of, or whether any specific incident occurring during operations by the Defendants are at issue. Still further, it is not clear what damage is allegedly attributable to the Defendants.

Plaintiff has also vaguely and improperly alleged "fraud," and Denbury adopts the arguments set forth on p. 5-6 *infra* in support of this Exception directed to any "fraud" allegations.

## *PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION AND NO RIGHT OF ACTION*

### 1. Unjust Enrichment

The Plaintiff's Petition fails to allege sufficient facts to state a cause of action against Defendants for unjust enrichment. In order to state a cause of action for unjust enrichment a plaintiff must allege (1) an enrichment, (2) an impoverishment, (3) a



NON-CERTIFIED COPY

connection between the enrichment and the impoverishment, (4) an absence of justification of cause for the enrichment or impoverishment, and (5) that no other remedy at law is available for the impoverishee. *Coastal Envir. Specialists, Inc. v. Chem-Lig Int'l, Inc.*, 2000-1936 (La. App. 1 Cir. 11/09/01), 818 So.2d 12, 16. Plaintiff alleges that "Defendants have been unjustly enriched by their unauthorized use of Plaintiff's land to store and dispose of toxic contamination" and seeks damages from these Defendants for their unauthorized use of its property. Even assuming *arguendo* that this allegation meets the first four requirements to state a cause of action for unjust enrichment, the Petition does not allege that Plaintiff, as the impoverishee, has no other remedy at law. In fact, a review of the Plaintiff's Petition reveals the exact opposite in that several widely divergent causes of action are asserted against the Defendants, including *inter alia* breach of mineral lease and tort. These allegations plainly foreclose the possibility that no other remedy exists to Plaintiff. *See Morphy, Makofsky & Masson, Inc. v. Canal Place 2000*, 538 So.2d 569, 575 (La. 1989)(finding that the existence of a claim on an express or implied contract precludes application of the unjust enrichment theory because the potential claim constitutes a practical remedy at law available to the impoverishee).

**2.**
**Civil Fruits**

Louisiana Civil Code Article 486 provides that a possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses. Fruits are things that are produced by or derived from another thing without diminution of its substance. La. Civ. Code art. 551. Fruits differ from products, which result in irreversible diminution of a thing, because they can be renewed. *Doll v. Doll*, 593 So.2d 1239, 1245 (La. 1992). Article 551 defines fruits as revenues derived from a thing by operation of law or by reason of a judicial act, such as rental, interest, and certain corporate distributions. In the mineral lease context, courts have classified bonus payments and rent as civil fruits. *Doll*, 592 So.2d at 1245-1247.

Plaintiff's possessor in bad faith claim alleges that Defendants have derived



NON-CERTIFIED COPY

substantial economic benefit from their storage of toxic pollution in the groundwaters and soils underlying Plaintiff's lands. Thus, Plaintiff claims that it is entitled to recover from Defendants the amount that Defendants would have incurred had it properly disposed of this pollution as civil fruits. This argument is misguided. Even assuming *arguendo* that Defendants were possessors in bad faith, the sums sought by Plaintiff clearly do not qualify as civil fruits under Louisiana Civil Code Article 486. The money that Defendants otherwise would have had to expend if they had properly disposed of such toxic wastes is just that - an expense that was not undertaken. This is vastly different from revenue, which one collects or receives as a result of a particular act. The only revenue generated by Defendants' operations on the property presumably stemmed from the oil and gas extracted from the earth pursuant to the mineral leases at issue. This revenue, however, is a product and not a fruit. *See Doll*, 593 So.2d 1239 (proceeds of mineral rights are not fruits because they result in the depletion of property). Any saving of money by not taking a particular act is not something that can be renewed; thus, it is not a civil fruit. Because any savings inuring to Defendants by not properly disposing of toxic waste and pollution do not qualify as civil fruits, the Court should dismiss Plaintiff's claim under Civil Code Article 486.

This theory of recovery has been rejected by Louisiana courts. *Wagoner v. Chevron USA Inc.*, 45,507 p. 13 (La. App. 2 Cir. 8/18/2010), 55 So.3d 12, 19-20, 2010 WL 3239240. In *Wagoner*, the Second Circuit held:

> The "savings" or economic benefit realized by the Defendants in storing/disposing of their production waste/byproducts on the property rather than storing/disposing of them offsite does not qualify as a "fruit" or a "civil fruit." Nothing was produced by or derived from the property as a result of the storage/disposal of the waste; and, further, there were no revenues, such as rentals, interest or a corporate distribution, derived from the property by virtue of the storage/disposal of the waste.

*Id.* Accordingly, the plaintiff has no cause of action or right of action for recovery of "civil fruits."



NON-CERTIFIED COPY

**3.**
**Claims for "continuing tort"**

The Petition claims the Defendants' failure to remove wastes allowed them to spread and this constitutes a "continuing tort." The Louisiana Supreme Court has rejected such a theory, and has held on several occasions the "failure to remove" wastes is not a new or independent tort. *Marin v. Exxon Mobil Corp.,* 2009-2368 (La. 10/19/10), 48 So.3d at 253-254; *Hogg v. Chevron USA, Inc.*, 2009-2632 pp. 14-22 (La. 7/6/10), 45 So.3d 991, 1001-1007.

**4.**
**Plaintiff's Claims for "Restoration" under Louisiana Civil Code Article 2683(3) Are Premature**

Plaintiff seeks restoration of the Property pursuant to Louisiana Civil Code article 2683. However, the duty to return the leased premises in any particular condition does not arise until the leases have expired. Accordingly, Plaintiff's claims for remediation and/or restoration under Louisiana Civil Code article 2683(3) are premature as they relate to all unexpired leases, and these claims should be dismissed with prejudice, at Plaintiff's cost.

**5.**
**Plaintiff Has No Cause of Action Under Louisiana Civil Code Article 2688**

Plaintiff alleges that Denbury breached applicable mineral and surface leases by failing to provide notice as required by Louisiana Civil Code article 2688. However, Plaintiff's allegations fail to state a cause of action, because Article 2688 was not in effect at the time the contracts at issue were executed. Article 2688 was enacted in 2005, long after Denbury left the property, and requires a lessee notify his lessor when the thing has been damaged or requires repair.

**6.**
**Fraud**

Plaintiff generally alleges that Defendant intentionally committed acts of "fraud", ill practices, and misrepresentation to hinder, impede or prevent plaintiff from asserting its causes of action or to lull plaintiff into a false sense of security.



NON-CERTIFIED COPY

Louisiana Code of Civil Procedure Article 856 requires that "[i]n pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity." La. Code Civ. Art. 856. Courts have interpreted Article 856 to require that plaintiffs "clearly allege facts from which [fraud] may be unmistakably concluded in order to state a cause of action." *Small v. Wabnig,* 305 So.2d 710, 712 (La. App. 4th Cir. 1974); see also *Kirby v. Field*, 2004-1898 (La. App. 1st Cir. 9/23/05), 923 So.2d 131, 136 n.6. Further, a Court may: "disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same." *Laneaux v. Theriot*, 488 So.2d 1327, 1326 (La. App. 3d Cir. 1986).

Plaintiff's Petition fails to allege any act of fraud with particularity.

**7.**
**Claims for punitive damages**

Punitive damages are not recoverable unless specifically authorized by statute. *International Harvester Credit Corp. v. IT. Seal,* 518 So.2d 1039, 1041 (La. 1988). The Petition alleges a claim for punitive damages based on Louisiana Civil Code Article 2315.3. That statute was repealed in 1996. 1996 Acts, 1st Ex. Sess., No. 2, § 1 (eff. April 16, 1996). Denbury became operator on Plaintiff's property after the statute's repeal; therefore, Plaintiff has no cause of action or right of action against Denbury for punitive damages.

**8.**
**Claims based on strict liability**

The Plaintiff claims certain Defendants are "strictly" liable under Louisiana Civil Code Articles 66, 2317, and 2322, if they caused damages from operations conducted before 1996. "Strict" liability is liability imposed without a showing of negligence. In 1996 the Legislature re-wrote these provisions to abolish "strict" liability, and to require a showing of negligence under these provisions.

Defendants' involvement with this land occurred after these statutes were amended to require a showing of negligence. Accordingly, Plaintiff has no "strict liability" claim against Denbury, absent proof of negligence.



NON-CERTIFIED COPY

**9.**
**Tort claims based on vicarious liability for alleged "joint tortfeasors"**

In paragraph 46 of the Petition, the Plaintiff alleges each Defendant is a "joint tortfeasor" vicariously liable for the actions of any other Defendant. Louisiana law does not recognize such vicarious liability. Civil Code Article 2324 provides:

a. He will conspires with another person to commit an intentional or willful act is answerable, *in solido*, with that person, for the damaged caused by such act.

b. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other persons…

The Plaintiff does not allege that these Defendants "conspired" with another to damage the Plaintiff. Therefore, Defendants cannot be held vicariously liable as an alleged "joint tortfeasor" for damage caused by another.

**10.**
**Claims based on an alleged "implied" obligation of a prudent operator under Mineral Code Article 122**

The Petition alleges the Defendants breached "implied obligations" imposed by the Mineral Code on mineral lessees. Mineral Code Article 122 requires a mineral lessee to "develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and the lessor." The Plaintiff claims this "prudent operator" standard imposes an "implied duty" to prevent or remove contamination.

The Louisiana Supreme Court has rejected this argument. *See Broussard v. Hilcorp Energy Co.*, 2009-0449, 2009-0469 p. 11 (La. 10/20/09), 24 So.3d 813, 820 ("An implied duty to restore/remediate the property is no longer encompassed in the prudent operator standard. Thus, Plaintiff's claims for remediation/restoration are not related to any duty encompassed by Article 122.").

***ADOPTION OF OTHER EXCEPTIONS***

Denbury adopts and urge all other exceptions filed by any party defendant in this suit as if they had originally filed the exception. Denbury does not anticipate calling live



NON-CERTIFIED COPY

testimony at the trial of these Exceptions.

## *CONCLUSION AND PRAYER FOR RELIEF*

Denbury Onshore, LLC pray that this its Dilatory Exception of Vagueness, and Peremptory Exceptions of No Cause of Action or Right of Action be sustained, and that all other exceptions filed by any other defendant be sustained, and that Plaintiff's Petition be dismissed, with prejudice, at Plaintiff's costs.

Respectfully submitted,

**ADAMS HOEFER HOLWADEL, LLC**

**D. RUSSELL HOLWADEL T.A. (#16975)**
**BRUCE R. HOEFER, JR. (#6889)**
**IRA J. ROSENZWEIG (#17123)**
**HEATHER E. REZNIK (#29175)**
**GREGORY O. CURRIER (#16875)**
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130
Phone: (504) 581-2606
**Attorneys for Denbury Onshore, LLC**

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding via facsimile, e-mail and/or by depositing in the United States mail, properly addressed and first class postage prepaid on this 11 day of July, 2017.

D. RUSSELL HOLWADEL

FILED
JUL 13 2017
CLERK OF COURT



NON-CERTIFIED COPY

17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

NO.: 132505 DIV.:

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, L.P., ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK

**DENBURY ONSHORE, LLC'S DILATORY EXCEPTION OF VAGUENESS AND PEREMPTORY EXCEPTIONS OF NO CAUSE OR RIGHT OF ACTION AND INCORPORATED MEMORANDUM IN SUPPORT**

**NOW INTO COURT**, comes Defendant, Denbury Onshore, LLC (hereinafter referred to as "Denbury"), and excepts to Plaintiff's Petition and First Supplemental and Amending Petition for Damages (hereinafter collectively referred to as the "Petition") as follows:

***DILATORY EXCEPTION OF VAGUENESS***

The exception of vagueness has two primary purposes. First, it enables a defendant to prepare its defense by providing the nature of the facts sought to be proved by plaintiff. *City of Gretna v. Gulf Distilling Corp.*, 207 La. 719, 21 So.2d 884 (La. 1945). Second, it helps a defendant identify the causes of action that are being asserted. *Id.* Plaintiff's Petition does not provide this type of information. Plaintiff has alleged generally and cumulatively that Denbury is liable *in solido*, for their various acts of omission or commission, constituting breach of contract and negligence. Plaintiff allege that these Defendants are generally and *in solido* liable for its strict liability and absolute liability which, as a matter of law, may be impossible. Further, Plaintiff alleges that these Defendants, generally, and *in solido*, acted in a "wanton and reckless manner" so as to invoke punitive damages. Plaintiff does not particularize what conduct, act or omission as to all Defendants gives rise to the alleged theories of liability. Plaintiff does allege in general the existence of certain mineral leases but does

NON-CERTIFIED COPY

not state which Defendant, if any, breached which lease or which lease provisions were allegedly breached. Plaintiff does not identify the nature of the property damage corresponding to the breach of the alleged contractual obligation, the alleged fraud or the alleged reckless and wanton conduct. Plaintiff does not identify where the damage is located, who caused it and when the damage was discovered. For example, Plaintiff does not allege:

(1) which mineral leases or other agreements are at issue;

(2) which Defendant is guilty of what specific act or omissions;

(3) which Defendant, if any, is alleged to have breached which express contractual provision, under which contract;

(4) when the alleged acts or omissions of each Defendant occurred;

(5) when the damage was discovered;

(6) where the damage is located, who caused it and when.

All of the foregoing information is necessary in order for the Defendants to have adequate notice of the nature and extent of the claims against them and to prepare an adequate defense. Furthermore, it is not clear what specific practices of the Defendants are complained of, whether any specific incident occurring during operations by the Defendants are complained of, or whether any specific incident occurring during operations by the Defendants are at issue. Still further, it is not clear what damage is allegedly attributable to the Defendants.

Plaintiff has also vaguely and improperly alleged "fraud," and Denbury adopts the arguments set forth on p. 5-6 *infra* in support of this Exception directed to any "fraud" allegations.

***PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION AND NO RIGHT OF ACTION***

**1.**
**Unjust Enrichment**

The Plaintiff's Petition fails to allege sufficient facts to state a cause of action against Defendants for unjust enrichment. In order to state a cause of action for unjust enrichment a plaintiff must allege (1) an enrichment, (2) an impoverishment, (3) a



NON-CERTIFIED COPY

connection between the enrichment and the impoverishment, (4) an absence of justification of cause for the enrichment or impoverishment, and (5) that no other remedy at law is available for the impoverishee. *Coastal Envir. Specialists, Inc. v. Chem-Lig Int'l, Inc.*, 2000-1936 (La. App. 1 Cir. 11/09/01), 818 So.2d 12, 16. Plaintiff alleges that "Defendants have been unjustly enriched by their unauthorized use of Plaintiff's land to store and dispose of toxic contamination" and seeks damages from these Defendants for their unauthorized use of its property. Even assuming *arguendo* that this allegation meets the first four requirements to state a cause of action for unjust enrichment, the Petition does not allege that Plaintiff, as the impoverishee, has no other remedy at law. In fact, a review of the Plaintiff's Petition reveals the exact opposite in that several widely divergent causes of action are asserted against the Defendants, including *inter alia* breach of mineral lease and tort. These allegations plainly foreclose the possibility that no other remedy exists to Plaintiff. *See Morphy, Makofsky & Masson, Inc. v. Canal Place 2000*, 538 So.2d 569, 575 (La. 1989)(finding that the existence of a claim on an express or implied contract precludes application of the unjust enrichment theory because the potential claim constitutes a practical remedy at law available to the impoverishee).

**2.**
**Civil Fruits**

Louisiana Civil Code Article 486 provides that a possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses. Fruits are things that are produced by or derived from another thing without diminution of its substance. La. Civ. Code art. 551. Fruits differ from products, which result in irreversible diminution of a thing, because they can be renewed. *Doll v. Doll*, 593 So.2d 1239, 1245 (La. 1992). Article 551 defines fruits as revenues derived from a thing by operation of law or by reason of a judicial act, such as rental, interest, and certain corporate distributions. In the mineral lease context, courts have classified bonus payments and rent as civil fruits. *Doll*, 592 So.2d at 1245-1247.

Plaintiff's possessor in bad faith claim alleges that Defendants have derived



NON-CERTIFIED COPY

substantial economic benefit from their storage of toxic pollution in the groundwaters and soils underlying Plaintiff's lands. Thus, Plaintiff claims that it is entitled to recover from Defendants the amount that Defendants would have incurred had it properly disposed of this pollution as civil fruits. This argument is misguided. Even assuming *arguendo* that Defendants were possessors in bad faith, the sums sought by Plaintiff clearly do not qualify as civil fruits under Louisiana Civil Code Article 486. The money that Defendants otherwise would have had to expend if they had properly disposed of such toxic wastes is just that - an expense that was not undertaken. This is vastly different from revenue, which one collects or receives as a result of a particular act. The only revenue generated by Defendants' operations on the property presumably stemmed from the oil and gas extracted from the earth pursuant to the mineral leases at issue. This revenue, however, is a product and not a fruit. *See Doll*, 593 So.2d 1239 (proceeds of mineral rights are not fruits because they result in the depletion of property). Any saving of money by not taking a particular act is not something that can be renewed; thus, it is not a civil fruit. Because any savings inuring to Defendants by not properly disposing of toxic waste and pollution do not qualify as civil fruits, the Court should dismiss Plaintiff's claim under Civil Code Article 486.

This theory of recovery has been rejected by Louisiana courts. *Wagoner v. Chevron USA Inc.*, 45,507 p. 13 (La. App. 2 Cir. 8/18/2010), 55 So.3d 12, 19-20, 2010 WL 3239240. In *Wagoner*, the Second Circuit held:

> The "savings" or economic benefit realized by the Defendants in storing/disposing of their production waste/byproducts on the property rather than storing/disposing of them offsite does not qualify as a "fruit" or a "civil fruit." Nothing was produced by or derived from the property as a result of the storage/disposal of the waste; and, further, there were no revenues, such as rentals, interest or a corporate distribution, derived from the property by virtue of the storage/disposal of the waste.

*Id.* Accordingly, the plaintiff has no cause of action or right of action for recovery of "civil fruits."



NON-CERTIFIED COPY

**3.**
**Claims for "continuing tort"**

The Petition claims the Defendants' failure to remove wastes allowed them to spread and this constitutes a "continuing tort." The Louisiana Supreme Court has rejected such a theory, and has held on several occasions the "failure to remove" wastes is not a new or independent tort. *Marin v. Exxon Mobil Corp.*, 2009-2368 (La. 10/19/10), 48 So.3d at 253-254; *Hogg v. Chevron USA, Inc.*, 2009-2632 pp. 14-22 (La. 7/6/10), 45 So.3d 991, 1001-1007.

**4.**
**Plaintiff's Claims for "Restoration" under**
**Louisiana Civil Code Article 2683(3) Are Premature**

Plaintiff seeks restoration of the Property pursuant to Louisiana Civil Code article 2683. However, the duty to return the leased premises in any particular condition does not arise until the leases have expired. Accordingly, Plaintiff's claims for remediation and/or restoration under Louisiana Civil Code article 2683(3) are premature as they relate to all unexpired leases, and these claims should be dismissed with prejudice, at Plaintiff's cost.

**5.**
**Plaintiff Has No Cause of Action Under**
**Louisiana Civil Code Article 2688**

Plaintiff alleges that Denbury breached applicable mineral and surface leases by failing to provide notice as required by Louisiana Civil Code article 2688. However, Plaintiff's allegations fail to state a cause of action, because Article 2688 was not in effect at the time the contracts at issue were executed. Article 2688 was enacted in 2005, long after Denbury left the property, and requires a lessee notify his lessor when the thing has been damaged or requires repair.

**6.**
**Fraud**

Plaintiff generally alleges that Defendant intentionally committed acts of "fraud", ill practices, and misrepresentation to hinder, impede or prevent plaintiff from asserting its causes of action or to lull plaintiff into a false sense of security.



NON-CERTIFIED COPY

Louisiana Code of Civil Procedure Article 856 requires that "[i]n pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity." La. Code Civ. Art. 856. Courts have interpreted Article 856 to require that plaintiffs "clearly allege facts from which [fraud] may be unmistakably concluded in order to state a cause of action." *Small v. Wabnig,* 305 So.2d 710, 712 (La. App. 4th Cir. 1974); see also *Kirby v. Field*, 2004-1898 (La. App. 1st Cir. 9/23/05), 923 So.2d 131, 136 n.6. Further, a Court may: "disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same." *Laneaux v. Theriot*, 488 So.2d 1327, 1326 (La. App. 3d Cir. 1986).

Plaintiff's Petition fails to allege any act of fraud with particularity.

**7.**
**Claims for punitive damages**

Punitive damages are not recoverable unless specifically authorized by statute. *International Harvester Credit Corp. v. IT. Seal,* 518 So.2d 1039, 1041 (La. 1988). The Petition alleges a claim for punitive damages based on Louisiana Civil Code Article 2315.3. That statute was repealed in 1996. 1996 Acts, 1st Ex. Sess., No. 2, § 1 (eff. April 16, 1996). Denbury became operator on Plaintiff's property after the statute's repeal; therefore, Plaintiff has no cause of action or right of action against Denbury for punitive damages.

**8.**
**Claims based on strict liability**

The Plaintiff claims certain Defendants are "strictly" liable under Louisiana Civil Code Articles 66, 2317, and 2322, if they caused damages from operations conducted before 1996. "Strict" liability is liability imposed without a showing of negligence. In 1996 the Legislature re-wrote these provisions to abolish "strict" liability, and to require a showing of negligence under these provisions.

Defendants' involvement with this land occurred after these statutes were amended to require a showing of negligence. Accordingly, Plaintiff has no "strict liability" claim against Denbury, absent proof of negligence.



NON-CERTIFIED COPY

**9.**
**Tort claims based on vicarious liability for alleged "joint tortfeasors"**

In paragraph 46 of the Petition, the Plaintiff alleges each Defendant is a "joint tortfeasor" vicariously liable for the actions of any other Defendant. Louisiana law does not recognize such vicarious liability. Civil Code Article 2324 provides:

> a. He will conspires with another person to commit an intentional or willful act is answerable, *in solido*, with that person, for the damaged caused by such act.
>
> b. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other persons...

The Plaintiff does not allege that these Defendants "conspired" with another to damage the Plaintiff. Therefore, Defendants cannot be held vicariously liable as an alleged "joint tortfeasor" for damage caused by another.

**10.**
**Claims based on an alleged "implied" obligation of a prudent operator under Mineral Code Article 122**

The Petition alleges the Defendants breached "implied obligations" imposed by the Mineral Code on mineral lessees. Mineral Code Article 122 requires a mineral lessee to "develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and the lessor." The Plaintiff claims this "prudent operator" standard imposes an "implied duty" to prevent or remove contamination.

The Louisiana Supreme Court has rejected this argument. *See Broussard v. Hilcorp Energy Co.*, 2009-0449, 2009-0469 p. 11 (La. 10/20/09), 24 So.3d 813, 820 ("An implied duty to restore/remediate the property is no longer encompassed in the prudent operator standard. Thus, Plaintiff's claims for remediation/restoration are not related to any duty encompassed by Article 122.").

***ADOPTION OF OTHER EXCEPTIONS***

Denbury adopts and urge all other exceptions filed by any party defendant in this suit as if they had originally filed the exception. Denbury does not anticipate calling live



NON-CERTIFIED COPY

testimony at the trial of these Exceptions.

***CONCLUSION AND PRAYER FOR RELIEF***

Denbury Onshore, LLC pray that this its Dilatory Exception of Vagueness, and Peremptory Exceptions of No Cause of Action or Right of Action be sustained, and that all other exceptions filed by any other defendant be sustained, and that Plaintiff's Petition be dismissed, with prejudice, at Plaintiff's costs.

Respectfully submitted,

**ADAMS HOEFER HOLWADEL, LLC**

**D. RUSSELL HOLWADEL T.A. (#16975)**
**BRUCE R. HOEFER, JR. (#6889)**
**IRA J. ROSENZWEIG (#17123)**
**HEATHER E. REZNIK (#29175)**
**GREGORY O. CURRIER (#16875)**
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130
Phone: (504) 581-2606
**Attorneys for Denbury Onshore, LLC**

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding via facsimile, e-mail and/or by depositing in the United States mail, properly addressed and first class postage prepaid on this 11 day of July, 2017.

D. RUSSELL HOLWADEL

**FILED**
JUL 13 2017
CLERK OF COURT



NON-CERTIFIED COPY

17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

NO.: 132505 DIV.:

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, L.P., ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK

**REQUEST FOR WRITTEN NOTICE OF SIGNING OF ANY ORDER, JUDGMENT, SETTING OF TRIAL OR HEARING**

**NOW INTO COURT**, through undersigned counsel, comes Denbury Onshore, LLC, defendant, in the above entitled and numbered proceeding, and pursuant to Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, request notification at least ten (10) days in advance of any date fixed for any trial or hearing in this matter.

Further, pursuant to Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, Denbury Onshore, LLC requests notification through undersigned counsel of any order or judgment or the setting of any hearing entered in this cause.

Respectfully submitted,

**ADAMS HOEFER HOLWADEL, LLC**

______________________

**D. RUSSELL HOLWADEL T.A. (#16975)**
**BRUCE R. HOEFER, JR. (#6889)**
**IRA J. ROSENZWEIG (#17123)**
**HEATHER E. REZNIK (#29175)**
**GREGORY O. CURRIER (#16875)**
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130
Phone: (504) 581-2606
***Attorneys for Denbury Onshore, LLC***

NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding via facsimile, e-mail and/or by depositing in the United States mail, properly addressed and first class postage prepaid on this 11th day of July, 2017.

D. RUSSELL HOLWADEL

FILED

JUL 13 2017

Dty CLERK OF COURT



NON-CERTIFIED COPY

17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

NO.: 132505 DIV.:

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, L.P., ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK

**RULE TO SHOW CAUSE**

Considering the foregoing Exceptions of defendant, Denbury Onshore, LLC;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that plaintiff, Golden Ranch Farms, LLC, show cause on the 21st day of September, 2017, at 9 o'clock a.m. why defendant's Exceptions should not be granted.

Thibodaux, Louisiana this 13th day of July, 2017.

______________________
JUDGE

FILED
JUL 13 2017
Rita A. Benoit
Dty CLERK OF COURT



NON-CERTIFIED COPY

TALBOT, CARMOUCHE & MARCELLO

DONALD T. CARMOUCHE
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN

AUBERT D. TALBOT
(1925-2005)

March 31, 2017

***VIA CERTIFIED RETURN RECEIPT***
***REQUESTED 7016 2140 0000 1191 7572***
Texas Petroleum Investment Company
Through its registered agent:
Mr. Patrick S. Ottinger
OTTINGER HEBERT, L.L.C.
1313 W. Pinhook Road
Post Office Drawer 52606
Lafayette, LA 70505-2606

Re: Golden Ranch Farms, LLC
Lafourche Parish, Louisiana

To Whom It May Concern:

Our law firm has been retained to represent Golden Ranch Farms, LLC ("Golden Ranch") in connection with certain wetlands that it owns in the Bayou Des Allemands Oil and Gas Field in Lafourche Parish which have been contaminated by oil and gas activities on the property. Our investigation has uncovered extremely high levels of contaminants in the vicinity of oilfield pits. The location and results of our samples are attached to this letter. These samples are located in proximity to ongoing Texas Petroleum Investment Company's ("TPIC") oil and gas activities. Our client wants any pollution remediated and the property returned to its natural state.

We understand that pursuant to a "tolling agreement" between TPIC and Golden Ranch, Golden Ranch agreed to notify TPIC if it identified certain environmental damages and hazards on the property. Representatives of Golden Ranch would like to meet to discuss the pollution it has found in the pits. Please let us know your availability to meet in the next two weeks at our office in Baton Rouge. In advance of this meeting and in your response to this letter, we would appreciate you sending us all soil and groundwater samples from the property in your possession.

We look forward to meeting with TPIC to discuss the above.

With kindest regards, I am

Yours very truly,

Ross J. Donnes

FILED
JUL 13 2017
CLERK OF COURT

RJD/jke
Attachment

EXHIBIT
A

NON-CERTIFIED COPY

KEAN | MILLER LLP
ATTORNEYS AT LAW

# FACSIMILE TRANSMISSION

| | | | |
|---|---|---|---|
| TO | Hon. Annette M. Fontana, Lafourche Parish Clerk of Court | FROM | Hattie V. Guidry |
| FAX | **(985) 447-5800** | TELEPHONE | (225) 382-3491 |
| TELEPHONE | (985) 447-4841 | FILE NO. | 12935.148 |
| DATE | July 31, 2017 | OPERATOR | Jan Manno |
| PAGES | Cover + 35 | | |

COMMENTS:

Please FAX FILE in:

*Golden Ranch Farms, LLC v. BP America Production Company, et al.*
17th Judicial District Court, Parish of Lafourche
Docket No. 132505, Division "B"

CONFIDENTIALITY NOTE:

The information contained in this facsimile message may contain legally privileged and/or confidential information and is intended only for use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or reproduction of this facsimile is strictly prohibited. If you have received this facsimile in error, we would appreciate your notifying us at 225.387.0999.

This transmission is being sent by the following KM office:

☑ II City Plaza
400 Convention Street | Suite 700
Baton Rouge, Louisiana 70802
225.387.0999
Facsimile 225.388.9133

Mailing Address:
Post Office Box 3513
Baton Rouge, Louisiana 70821

909 Poydras Street | Suite 3600
New Orleans, Louisiana 70112
504.585.3050
Facsimile 504.585.3051

One Lakeshore Drive | Suite 1150
Lake Charles, Louisiana 70629
337.430.0350
Facsimile 337.436.5566

333 Texas Street | Suite 450
Shreveport, Louisiana 71101
318.562.2700
Facsimile 318.562.2761

03 Fax

FILED
JUL 31 2017
Rita A. Bernard
Dty
CLERK OF COURT

07-31-17P02:33 RCVD

NON-CERTIFIED COPY

B

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: ADAMS, HOEFER HOLWADEL**

**504-525-1488**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on JULY 11, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**EXCEPTIONS. RULE AND REQUEST FOR NOTICE**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**RITA A. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $400.00**

FILED
JUL 13 2017
Rita a Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

| | | |
|---|---|---|
| GOLDEN RANCH FARMS, LLC | : | DOCKET NO. 132505, DIV. B |
| VS. | : | 17TH JUDICIAL DISTRICT COURT |
| BP AMERICA PRODUCTION CO., *ET AL.* | : | LAFOURCHE PARISH, LOUISIANA |

**TEXAS PETROLEUM INVESTMENT COMPANY'S**
**MEMORANDUM IN SUPPORT OF EXCEPTIONS**

NOW INTO COURT, through undersigned counsel, comes Texas Petroleum Investment Company ("TPIC") who, in support of its exceptions to Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages (collectively, the "Petition"), respectfully shows this Honorable Court, as follows:

## I. INTRODUCTION

Golden Ranch Farms, LLC ("Plaintiff") filed its original Petition for Damages in April 2017 and subsequently filed a First Supplemental and Amending Petition for Damage in May 2017. The Petition alleges that Plaintiff "owns and/or uses the surface interest" of vast lands located in LaFourche Parish, Louisiana (the "Subject Property"), that has allegedly been contaminated as a result of operations conducted by various parties pursuant to different oil, gas and mineral leases, surface leases and other instruments over many years. The Petition does not specifically identify the leases and instruments but nevertheless makes vague allegations related to contamination purportedly resulting from operations conducted pursuant to them.

The Petition reflects a patchwork of what appears to now be eighteen (18) different defendants who operated over two hundred (200) wells over a period of over eighty (80) years on different parts of the Subject Property which is comprised of tens of thousands of acres and located in multiple sections, townships and ranges and three (3) different oil and gas fields.[1]

While it may be strategically advantageous for Plaintiff to make such vague allegations and cumulate its separate actions in such a manner, on its face, the Petition violates fundamental notions of fairness and Louisiana law.

## II. POSTURE OF THE ACTION

This case is not set for trial on the merits. TPIC shows that only "non-

[1] See ¶¶ 2-3 and Exhibits B and C of the First Supplemental and Amending Petition for Damages.

NON-CERTIFIED COPY

evidentiary" exceptions should be set for hearing at this time, which for TPIC, are the dilatory exceptions of vagueness, ambiguity and non-conformity with La. C.C.P. Art. 891. All remaining exceptions (improper cumulation, prematurity and want of amicable demand) require evidence and should not be set for hearing until adequate discovery is had on those issues raised in the evidentiary exceptions.

## III. ARGUMENTS AND AUTHORITIES

### A. Dilatory Exception Raising Objection of Vagueness, Ambiguity and Non-Conformity of the Petition:

The Petition fails to set forth numerous facts necessary for TPIC to properly prepare its defenses to Plaintiff's claims. Furthermore, the facts that are set forth in the Petition are vague, ambiguous and conclusory. Accordingly, the Court should order Plaintiff to amend its Petition to remove such deficiencies, on failure of which, the Court should order the suit dismissed.

Louisiana Code of Civil Procedure Article 891 states as follows:

> The petition shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It shall . . . contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation; shall designate an address, not a post office box, for receipt of service of all items involving the litigation; and shall conclude with a prayer for judgment for the relief sought. Relief may be prayed for in the alternative.

Official Comment (a) to Article 891 confirms that Louisiana "retains [a] system of fact pleading . . . ." "Our code of civil procedure sets forth a system of fact pleading. So long as the Facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleadings and evidence; the 'theory of the case' is abolished as a pleading requirement or restriction."[2] Finally in this regard, Louisiana Code of Civil Procedure Article 860 states that "(f)or the purpose of testing the sufficiency of a pleading, allegations of time and place are material and shall be considered as all other allegations of material matter."

---

2 *Cox v. W. M. Heroman & Co., Inc.*, 298 So.2d 848, 855 (La. 1974) (internal citations omitted).



NON-CERTIFIED COPY

Perhaps the seminal, and certainly the most cited, case regarding the objection of vagueness is Justice Tate's opinion in *Washington v. Flenniken Construction Company*,[3] where Justice Tate states, as follows:

> The purpose of the exception of vagueness is to place the defender on notice of the nature of the facts sought to be proved so as to enable him generally to prepare his defense, as well as additionally by a formal pleading to identify the cause of action so as to bar its future re-litigation after determination by the present suit.
>
> However, the defendant is not entitled through the exception of vagueness to require exactitude and detail of pleading beyond those necessary for these aims.

The facts that are set forth in the Petition are vague, ambiguous and conclusory. For example, in Paragraph 2 of the Petition, Plaintiff alleges that it "owns and/or uses the surface interest" in the Subject Property. From the Petition, it is impossible to tell what property is actually owned by Plaintiff as opposed to the property which might be merely used by Plaintiff. Owning and using property (which is allegedly contaminated) can have distinct and significant duties or consequences for both Plaintiff and TPIC. Second, the Petition does not include a legal description of the Subject Property and proceeds to state that it is seeking recovery for *any* property that it owns or *may* own in in the Bayou Des Allemands, Larose and Valentine Fields. Such an allegation is vague, ambiguous and lacks the requisite particulars.

Another example of the vagueness of the Petition is Paragraph 3 which reads, as follows:

> Plaintiff appears in one or more of the following capacities: (1) lessor, assignee, or third-party beneficiary of certain mineral and/or surface leases between plaintiff and defendants; (2) successor in interest to certain mineral and/or surface leases between plaintiff and defendants; (3) owner of Property contaminated by the oil and gas activities conducted or controlled by one or more of the defendants; (4) successor in interest to, or the assign of, the owner of Property contaminated by the oil and gas activities conducted or controlled by one or more of the defendants; (5) servitude owner who has the right to sue for remediation damages under the Mineral Code; and (6) party who possess the right of action to file this lawsuit under Louisiana law.

Plaintiff has simply listed every capacity in which it might conceivably own an interest in immovable property without identifying the specific nature of its interest in the Subject

---

3 188 So.2d 486 (La.App. 3rd Cir. 1966).



NON-CERTIFIED COPY

Property, if any. As a result, Plaintiff's kitchen sink approach to pleading is vague, ambiguous, confusing and is prejudicial to TPIC and its efforts to respond to the Petition.

A further example is Paragraph 5 of the Petition, which reads, as follows:

> The Property is believed to be contaminated by oil and gas exploration and production activities. Defendants either caused this contamination, or are otherwise legally responsible for this contamination. Defendants' activities include the operation or construction of various oil and gas facilities, including but not limited to, pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, separators, and injection facilities.

The activities, facilities and equipment listed in Paragraph 5 are so generic that, in essence, Plaintiff is asserting that every defendant is responsible for contaminating the Subject Property by virtue of having been an operator at any time during the last eighty-two (82) years regardless of where its well was located, whether it produced or whether or not it was operated reasonably or whether or not its activities even had an environmental impact. Plaintiff has simply listed generic pieces of oil and gas exploration and production "equipment" and "facilities" and presumably hopes that during the course of the litigation it might be able to show that one or more defendants improperly used a piece of equipment, constructed a facility, or operated a facility and show that such operations resulted in damage. While Plaintiff does attach a list of wells and aerial photographs of the Subject Property to the Petition, Plaintiff appears to have listed every single well for which an operator could be located without regard to the actual operations conducted. No specific piece of equipment or facility is linked to any of the wells listed and no specific defendant is alleged to have breached any specific duty with regard to such equipment. Plaintiff merely asserts, "defendants are liable for damages resulting from the operation of the wells . . . as well as the operation of other equipment and facilities related thereto."[4]

Equally as vague, Paragraph 6 of the Petition reads, as follows:

> Defendants conducted, directed, controlled or participated in various oil and gas exploration and production activities on the plaintiff's Property as operators, and/or working interest owners, and/or mineral or surface lessees, and/or mineral or surface lease assignees, and/or mineral sublessees, and/or servitude, executive interest or other mineral interest

---

[4] See ¶ 5 of the First Supplemental and Amending Petition for Damages.



NON-CERTIFIED COPY

owners, and/or personal or predial servitude owners, and/or participants in joint operating agreements or unit operating agreements.

Again, Plaintiff attempts to list every type of contract that might affect the Subject Property and presumably hopes that during the course of the litigation it might be able to show that one or more defendants was a party to or had an interest in the contract and breached one of its provisions.

The Petition lacks any indication with regard to:

(i) Whether other persons have an interest in the Subject Property;

(ii) The basis for Plaintiff seeking to assert any rights under any such leases or contracts (*i.e.* as lessors, assignor, owner, *etc.*);

(iii) Which acts or omissions allegedly constitute breaches of which contracts or leases;

(iv) As to alleged oil and gas facilities, the actual location, size, nature, date of construction, party who constructed each alleged facility, uses and dates thereof made of each such alleged facility by any specific persons;

(v) What, specifically, are the alleged contaminants allegedly present at each such allegedly adversely affected portion of such parcels; and

(vi) Any particular act or omission of any particular defendant, including TPIC, suggesting any fault on the part of that defendant, or the alleged causal connection between same and Plaintiff's alleged damages.

When a petition includes only legal conclusions, it lacks the necessary factual content to state a cause of action.[5] The allegations set forth in the Petition must be "*ultimate facts*."[6] Thus, "a petition should allege, not the evidence, but the '*material facts*' on which it is based."[7]

Plaintiff should not be allowed to hold defendants hostage to such vague, ambiguous and generic allegations while using the discovery process to determine whether or not it might have a legitimate claim. In its current form, the Petition does not adequately identify the facts that Plaintiff may seek to offer at trial to support its claim

---

5 *Sunlake Apartment Residents v. Tonti Dev. Corp.*, 522 So.2d 1298 (La.App. 5th Cir. 1988), *appeal after remand*, 602 So.2d 22 (La.App. 5th Cir. 1992), *writ denied*, 607 So.2d 558 (La. 1992) and *writ denied*, 607 So.2d 559 (La. 1992).

6 *Wheelahan v. State Through La. State Claims Review Bd.*, 376 So.2d 576, 577. (La.App. 4th Cir. 1979).

7 *Humphreys v. State ex rel. Guste*, 377 So.2d 88 (La. 1979).



NON-CERTIFIED COPY

that TPIC somehow contributed to contamination of the Subject Property, and, as such, TPIC cannot adequately prepare its defenses.

It is clear that the Petition in this case does not meet the requirements of pleading set forth in La. C.C.P. Art. 891, or of *Washington*, *supra*, and its progeny. The Petition is vague and ambiguous in the foregoing particulars, and Plaintiff should be ordered to amend same to remove such deficiencies, or in default thereof, this case should be dismissed at Plaintiff's cost.

**B. <u>Dilatory Exception Raising Objection of Improper Cumulation of Actions</u>:**

There is an improper cumulation of actions in that the Petition alleges numerous non-specific and unrelated acts by numerous parties on completely distinct and remote portions of the Subject Property, pursuant to separate and unique oil, gas and mineral leases or other contracts, without making any showing of how the disparate acts of defendants in three (3) entirely distinct areas of the parish have a connection sufficient to include them in the same lawsuit.

1. Law Governing Cumulation of Actions.

In order to cumulate actions against two or more parties in the same suit there must be a community of interest between the parties joined.[8] The Official Comment (a) to La. C.C.P. art. 463 reads in pertinent part, as follows:

> While a single plaintiff may cumulate in the same suit two or more actions against the same defendant having no connection with each other, and based on different causes of actions, of necessity, greater restriction on the privilege of cumulating actions must be imposed when the suit is brought by plural plaintiffs or against plural defendants. The test to be employed in the latter case is the traditional one of a **"community of interest between the parties joined."**
>
> (Emphasis added).

In *Abshire v. State of La., Through Dept. of Insurance,*[9] the Third Circuit Court of Appeal held that in order for a "community of interest" to exist between parties "the cumulated actions must arise out of the same facts or present the same factual and legal issues." The Third Circuit also noted the importance of fairness in multiparty

---

8 La. C.C.P. Art. 463.

9 636 So.2d 627 (La.App. 3rd Cir. 1994), *writ denied* 640 So.2d 1332 (La. 1994). (Emphasis added). <u>See also</u> *Strong v. Robbins*, 137 La. 680, 69 So. 93 (La. 1915) ("[I]t is true the law abhors a multiplicity of suits, but it also abhors the cumulation of different demands against defendants who have no common interest").



NON-CERTIFIED COPY

litigation, such as the present case, to-wit:

> The ever-present search for judicial economy must yield whenever a party's substantive rights in a principal demand might be affected, for not only judicial economy, but fairness to litigants as well [is an] intended ends of our procedural system. The quest for fairness must not be forgotten, even in the context of multiparty litigation, whether arising in the context of a class action suit or cumulative party action.
>
> (Citations omitted).

In *Broussard v. Hilcorp Energy Company*,[10] a group of plaintiffs sued numerous oil and gas companies for environmental contamination resulting from alleged activities in different locations, at different times, and involving different parties and different leases. The defendants urged improper cumulation and the trial court dismissed the case. In finding that the claims asserted therein did not share a community of interest, the Third Circuit held, as follows:

> After reviewing the record herein, especially the pleadings filed by Plaintiffs, we cannot say that there is enough factual overlap present between all the actions to make is commonsensical to litigate them together. The properties allegedly affected by the contamination are five non-contiguous tracts located in 3 separate sections, different parties and combinations of parties are alleged to have contributed to the contamination on each and the times at which contamination allegedly occurred differs for each property. The proof of damages for each will necessarily be different as well as the amount of damages, if any, and the people and/or entities found liable, if any.[11]

In *Dietz v. Superior Oil Co.*,[12] an oilfield contamination case, the court found that allegations that all defendants engaged in similar negligent conduct "alone is not enough to support cumulation given the extensive time period of operations, the different lease obligations, and the specific facts that would need to be proven to show liability for each operator."

Finally in this regard, our Supreme Court in *Mundy v. Gentilly Oaks, Inc.*, 228 La. 509, 82 So.2d 849 (La. 1955), found a joinder of multiple claims against multiple defendants, arising out of multiple contracts between the claimant and said joined defendants, to be an improper cumulation of actions, even in view of the fact that the

---

10 2008-233 (La.App. 3rd Cir. 12/10/08), 998 So.2d 946, aff'd 24 So.3d 813.

11 *Id.* at 953. (Emphasis added.)

12 13-657 (La.App. 3rd Cir. 12/11/13), 129 So.3d 836, 842.



NON-CERTIFIED COPY

claim arose out of work performed by the claimant in the development of a single subdivision. The Supreme Court in *Mundy* stated at p.852 of such opinion, as follows:

> Palpably, plaintiff's claims under alleged oral contracts for 'extra' work performed by him and for the rental of machinery and equipment can be directed only against the party or parties with whom said contracts were made and not jointly against relators, the nonparticipants to said contracts not being called upon to resist or defend claims in which they have no common interest or liability in the subject matter of the contracts.

2. There is No Community of Interest in this Case.

It is improper to cumulate actions when there is no "community of interest" between them.[13] In the instant case, the Petition, as amended, appears to include eighteen (18) separate defendants, and vast areas of land covering tens of thousands of acres of land located in at least seven (7) sections of land and three (3) oil and gas fields.

By contrast, the tracts in the *Broussard* case were at least in the same oil and gas field, and the wells were within proximity of each other. The Court of Appeal still found that joined was improper. Here, the operations in each field are miles from the other fields. Plaintiff has not plead that any particular defendants have worked in concert or had any connexity to each other or through some common act or omission caused any specific damage to any particular site on the Subject Property. Thus, there is no common set of facts, no common transaction or occurrence that would give rise to a "community of interest," even as amongst those defendants who have conducted oil and gas exploration and production operations on the Subject Property. The only thing that is clear in the Petition is that entirely different evidence may be introduced at the trial of this matter with regard to the various activities involving each of the numerous defendants.

For example, the exhibits to Plaintiff's Petition show that TPIC was an operator of record of some wells in the Bayou Des Allemands Field; however, TPIC never operated wells in the Valentine Field or the Larose Field. Moreover, upon information and belief, wells operated in the Valentine or Larose Fields were conducted under completely separate leases as those in the Bayou Des Allemands Field.

---

[13] *Abshire, supra.*


NON-CERTIFIED COPY

In accordance with the cases cited, especially *Broussard,* cumulation is improper where, as in this case, *different defendants* are conclusorily alleged to have done something *at different times* on *different locations*. The rationale of *Broussard and Dietz* is directly applicable to this case and this Honorable Court should find that the claims herein lack a community of interest and have been improperly cumulated. At a minimum, the case should be severed as to the three (3) oil and gas fields at issue. Because the Petition is vague insofar as which defendant did what at what location at what time under what lease, TPIC reserves the right to argue further severance once these facts are determined.

**C. Dilatory Exception Raising Objection of Prematurity/Want of Amicable <u>Demand</u>:**

1. TPIC's Mineral Lease Requires Pre-Suit Notice and an Opportunity to Cure.

Plaintiff sued TPIC for breach of (unidentified) mineral leases, surface leases and other contracts.[14] The Petition does not set forth sufficient facts for TPIC to identify every oil, gas and mineral leases or other contracts that may be at issue in this case; however, TPIC has identified the following mineral lease granted by Plaintiff's predecessor in title:

> Oil, Gas and Mineral Lease granted by Charles Edwin Gheens to Louisiana Land and Exploration Company and Amerada Petroleum Corporation dated May 17, 1935, recorded in COB 73, Page 356, at Entry No. 28904 of the conveyance records of Lafourche Parish, Louisiana (the "<u>1935 Mineral Lease</u>").

The Mineral Lease requires written notice of an alleged breach to be sent by the lessor/Plaintiff to the lessee/TPIC and allowing a reasonable period within which to respond/act (including reasonable access to the property) prior to filing any litigation based on breach of the lease. Plaintiff failed to comply with this express 1935 Mineral Lease provision. Therefore, Plaintiff's breach of contract claims are premature as to TPIC and should be dismissed.

A contract is an agreement by two or more persons by which obligations are created, modified or extinguished.[15] Louisiana law permits freedom of contract as to

---

[14] <u>See</u> ¶¶ 21-22 of the First Supplemental and Amending Petition for Damages.

[15] La. C.C. Art. 1906.



NON-CERTIFIED COPY

any object that is lawful.[16] A contract, and specifically a mineral lease, is the law between the parties.[17] In a contract, the parties voluntarily agree to assume certain specific obligations, and to enjoy certain specific rights, thereby regulating their conduct vis-à-vis each other by their agreement in pursuit of the object of the contract.

The 1935 Mineral Lease is the law between Plaintiff and TPIC and provides, at numbered paragraph (8) that "in the event Lessor considers that operations are not being conducted in compliance with this contract, Lessee shall be notified in writing of the facts relied upon as constituting a breach hereof and Lessee shall have sixty (60) days after receipt of such notice to comply with the obligations imposed by virtue of this instrument" (the "Notice Provision"). Clearly, the plain language of the Notice Provision requires specific pre-suit notice and an opportunity to cure.

2. Plaintiff Failed to Provide Appropriate Pre-Suit Notice Under the Notice Provision.

This case is premature due to a failure by Plaintiff to comply with the express contractual Notice Provision contained in the Mineral Leases that lessor issue written notice formally putting the lessee in default in any situation where lessor thinks that lessee is breaching said lease. Plaintiff should not be allowed to invoke the authority of this Court to seek money on the assertion that they wish to clean up their property, while refusing to explain to TPIC or any other defendant what they want cleaned up, or to allow Defendants to do so.

Plaintiff may attempt to claim compliance with the Notice Provision by virtue of its March 31, 2017 letter.[18] This letter does not constitute pre-suit notice as contemplated by the mineral lease because of the following reasons: (a) the letter does not mention any lease(s) or lease provisions, (b) the letter does not state that operations are not being conducted in compliance with the mineral lease, (c) the letter does not allege a breach, much less state facts relied upon as constituting a breach of the mineral lease,

---

[16] La. C.C. Art. 1971.

[17] Mineral Code Art. 3, La. C.C. Art. 1983, *Caskey v. Kelley Oil Company*, 1998-1193 (La. 6/29/99), 737 So.2d 1257, 1262; *Frey v. Amoco Production Co.*, 603 So.2d 166, 172 (La. 1992).

[18] See Exhibit A to TPIC's Exceptions.



NON-CERTIFIED COPY

and (d) the letter does not provide for a sixty-day period to comply with any particular obligation in the mineral lease.

In *Broussard, supra*, the court reviewed a mineral lease containing a similar mandatory notice provision and held that any claims arising under that lease were correctly dismissed due to want of amicable demand.[19]

The case of *Central Louisiana Electric Co., Inc. v. Dolet Hill Mining Venture*[20] presented a contract involving significant investment in lignite mining. The contract included a provision requiring notice of default and a cure period of sixty days. After finding that certain correspondence did not rise to the level of a putting in default but was merely a questioning by one party of performance by the other, the judge stated as follows, with respect to the notice provision:

> ...If the written notice were only required to contain general statements, DHMV would be at a severe disadvantage because Project would regularly and routinely send out such general demands, regardless of knowledge of any specific problem. This would defeat the obvious purpose of the notice provisions, which is to give DHMV reasonable notice of a problem or deficiency and the *opportunity to correct it.* Therefore, this court finds that the intent of the notice provision is that the notice be of a more specific nature, so as to reasonably alert DHMV and to allow for an appropriate investigation of the problem.[21]

Since no written notice of breach of lease or opportunity to cure whatsoever was given by Plaintiffs to TPIC, Plaintiffs' breach of mineral lease claims against TPIC are premature.

The filing of this lawsuit does not satisfy the Notice Provision either. In *Lucky v. Encana Oil & Gas (USA), Inc.*, 45,413 (La.App. 2nd Cir. 8/11/10), 46 So.3d 731 the plaintiffs entered into mineral leases with Fite Oil & Gas, Inc. ("Fite") which contained a lease notice provision as follows:

> [I]n the event Lessor considers that operations are not being conducted in compliance with this contract, Lessee shall be notified in writing of the facts relied upon as constituting a breach and Lessee shall have sixty (60) days after receipt of such notice to comply with the obligations imposed by virtue of this instrument.

---

19 *Broussard*, 998 So.2d at 953.

20 116 F.Supp.2d 726 (W.D. La. 3/1/2000).

21 *Id.* at 738.



NON-CERTIFIED COPY

Fite conveyed a portion of its mineral lease to Encana Oil & Gas (USA), Inc. ("Encana"). Subsequently, plaintiffs sent a letter to Encana advising it of Fite's alleged breach of the mineral leases. Ultimately, the plaintiffs filed suit against both Fite and Encana. The trial court sustained Fite's exception of prematurity and dismissed the suit against Fite because plaintiffs were contractually bound to notify Fite of any breach of the lease and they failed to do. The plaintiffs' suit against Fite was not considered proper "notice" under the notice provisions of the applicable mineral leases. The same is true in this case; filing suit against TPIC is not considered "notice" under the Notice Provisions.

Under the established law of this State, and in accordance with the express provision in the Mineral Lease requiring notice, Plaintiff was required to provide written notice to TPIC of its position that the Mineral Lease had been breached and provide an opportunity to respond prior to filing suit.

**D. Adoption of Exceptions of Other Defendants:**

Insofar as TPIC is alleged to be similarly situated with any other Defendants herein, TPIC adopts any and all exceptions raised by any such Defendant and adopts by reference any memorandum submitted in support thereof.

**E. Reservation of All Exceptions:**

TPIC reserves the right to plead any additional exceptions based upon facts uncovered during the course of discovery.

## III. CONCLUSION

For the foregoing reasons and authority, the objections of vagueness, non-conformity, prematurity, want of amicable demand, and improper cumulation are meritorious and should be granted, and this case dismissed at Plaintiff's cost.


NON-CERTIFIED COPY

Respectfully submitted,

OTTINGER HEBERT, L.L.C.

Paul J. Hebert, Bar Roll No. 6738
William H. L. Kaufman, Bar Roll No. 29929
Valerie V. Guidry, Bar Roll No. 30780
1313 W. Pinhook Road (70503)
Post Office Drawer 52606
Lafayette, Louisiana 70505-2606
(337) 232-2606 Telephone
(337) 232-9867 Facsimile

*Attorneys for Texas Petroleum Investment Co.*

**FILED**

JUL 13 2017

CLERK OF COURT



NON-CERTIFIED COPY

| | | |
|---|---|---|
| GOLDEN RANCH FARMS, LLC | : | DOCKET NO. 132505, DIV. B |
| VS. | : | 17TH JUDICIAL DISTRICT COURT |
| BP AMERICA PRODUCTION CO., *ET AL.* | : | LAFOURCHE PARISH, LOUISIANA |

## RULE TO SHOW CAUSE

CONSIDERING the foregoing Exceptions filed by defendant Texas Petroleum Investment Company ("TPIC");

IT IS HEREBY ORDERED that the TPIC's exceptions of vagueness, ambiguity, and failure to comply with Article 891 of the Louisiana Code of Civil Procedure be and hereby are set for hearing on the _____ day of ___________, 2017, at ____ o'clock __.m., where Plaintiff is hereby ORDERED to show cause why these exceptions should not be granted, dismissing Plaintiff's claims against TPIC at Plaintiff's cost.

THUS DONE AND SIGNED on this ____ day of _________, 2017, at Thibodeaux, Louisiana.

HONORABLE STEVEN M. MILLER
DISTRICT JUDGE

**SHERIFF PLEASE SERVE:**

Plaintiff, through its counsel of record:

C. Berwick Duval, II
Stanwood R. Duval
Kathryn W. Richard
DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS
101 Wilson Avenue
Houma, Louisiana 70361

FILED
JUL 13 2017
Dy. CLERK OF COURT

NON-CERTIFIED COPY

17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

NO.: 132505 DIV.:

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, L.P., ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK

**RULE TO SHOW CAUSE**

Considering the foregoing Exceptions of defendant, Denbury Onshore, LLC;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that plaintiff, Golden Ranch Farms, LLC, show cause on the 21st day of September, 2017, at 9 o'clock a.m. why defendant's Exceptions should not be granted.

Thibodaux, Louisiana this 13th day of July, 2017.

______________________
JUDGE

FILED
JUL 13 2017
Rita A. Bernard
Dty CLERK OF COURT



NON-CERTIFIED COPY

| | | |
|---|---|---|
| GOLDEN RANCH FARMS, LLC | : | DOCKET NO. 132505, DIV. B |
| VS. | : | 17TH JUDICIAL DISTRICT COURT |
| BP AMERICA PRODUCTION CO., *ET AL.* | : | LAFOURCHE PARISH, LOUISIANA |

**RULE TO SHOW CAUSE**

CONSIDERING the foregoing Exceptions filed by defendant Texas Petroleum Investment Company ("TPIC");

IT IS HEREBY ORDERED that the TPIC's exceptions of vagueness, ambiguity, and failure to comply with Article 891 of the Louisiana Code of Civil Procedure be and hereby are set for hearing on the 21st day of September, 2017, at 9 o'clock a.m., where Plaintiff is hereby ORDERED to show cause why these exceptions should not be granted, dismissing Plaintiff's claims against TPIC at Plaintiff's cost.

THUS DONE AND SIGNED on this 13th day of July, 2017, at Thibodeaux, Louisiana.

HONORABLE STEVEN M. MILLER
DISTRICT JUDGE

**SHERIFF PLEASE SERVE:**

Plaintiff, through its counsel of record:

C. Berwick Duval, II
Stanwood R. Duval
Kathryn W. Richard
DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS
101 Wilson Avenue
Houma, Louisiana 70361

FILED
JUL 13 2017
CLERK OF COURT

NON-CERTIFIED COPY

| | | |
|---|---|---|
| GOLDEN RANCH FARMS, LLC | : | DOCKET NO. 132505, DIV. B |
| VS. | : | 17TH JUDICIAL DISTRICT COURT |
| BP AMERICA PRODUCTION CO., *ET AL.* | : | LAFOURCHE PARISH, LOUISIANA |

---

## TEXAS PETROLEUM INVESTMENT COMPANY'S EXCEPTIONS

NOW INTO COURT, through undersigned counsel, comes Texas Petroleum Investment Company ("TPIC"), a defendant in the above captioned matter, who objects to Golden Ranch Farms, LLC's ("Plaintiff") Petition for Damages and First Supplemental and Amending Petition for Damages (collectively, the "Petition") as follows:

### DILATORY EXCEPTION OF VAGUENESS AND/OR AMBIGUITY AND FAILURE TO COMPLY WITH ARTICLE 891 OF THE LOUISIANA CODE OF CIVIL PROCEDURE

1.

Pursuant to Louisiana Code of Civil Procedure Articles 926(4) and 926(5), TPIC asserts that Plaintiff's Petition is impermissibly vague and ambiguous and fails to comply with Louisiana Code of Civil Procedure Article 891. The Petition consists almost entirely of general or conclusory statements pertaining to all defendants, not allegations of fact particular to TPIC, and fails to set forth factual allegations sufficient to permit TPIC to properly form a response and prepare its defenses. The Petition also fails to comply with or conform to the pleading requirements of Louisiana Code of Civil Procedure Article 891 because it fails to set forth a clear and concise statement of all material facts of the transaction or occurrence that is the subject matter of the litigation.

### DILATORY EXCEPTION OF IMPROPER CUMULATION AND IMPROPER JOINDER OF PARTIES

2.

The property at issue in this litigation consists of tens of thousands of acres of land situated in multiple sections, townships and ranges and three (3) different oil and gas fields in Lafourche Parish, Louisiana. The Bayou Des Allemands Field in which TPIC operates is over 10 miles away from each of the other two (2) fields at issue. The Petition identifies over 200 oil and gas wells situated on the property in three (3) distinct areas which were operated at different locations, by different operators, at different times and under different mineral leases. The Petition makes conclusory statements regarding acts by every defendant although those defendants operated over many

NON-CERTIFIED COPY

years and at different times, on different portions of the property, pursuant to different (but unidentified) oil, gas and mineral leases or other contracts, without differentiating which parties allegedly conducted any specific operations on which parcels at what times or pursuant to what oil, gas and mineral leases or other agreements.

3.

Even with the Plaintiff's vague and generalized allegations, it is apparent that activities conducted at any particular oil and gas field lack any connection to the other fields. Further, given the vagueness and lack of specificity of the Petition, it is impossible to determine whether there exists a community of interest between the several defendants who operated in each of those three (3) fields.

4.

To the extent that Plaintiff complains of areas as to which any particular defendant did not operate or did not receive an assignment, there exists no community of interest between the defendants in the actions cumulated against them by Plaintiff, and accordingly, this cumulation is improper under Louisiana Code of Civil Procedure Article 463.

**DILATORY EXCEPTION OF PREMATURITY/WANT OF AMICABLE DEMAND**

5.

Pursuant to Louisiana Code of Civil Procedure Article 926(1), TPIC asserts the dilatory exception of prematurity and want of amicable demand on the grounds that the mineral lease under which TPIC operated contains an express contractual requirement that written notice be given by the lessor (Plaintiff) to the lessee (TPIC), prior to instituting any suit, of the facts lessor believes support a conclusion that lessee has breached such lease and a period of time within which to comply with such lease obligations.

6.

Plaintiff never provided proper written notice to TPIC in accordance with the express provision of the mineral lease. Plaintiff may try to rely on a letter sent by its counsel to TPIC dated March 31, 2017[1] which pre-dated the filing of this suit in April 2017. However, this letter does not constitute pre-suit notice as contemplated by the

---

[1] A copy of the March 31, 2017 letter from Plaintiff's counsel to TPIC is attached hereto as as Exhibit A.



NON-CERTIFIED COPY

mineral lease for the following reasons: (a) the letter does not mention any lease(s) or lease provisions, (b) the letter does not state that operations are not being conducted in compliance with the mineral lease much less even state that a breach occurred, (c) the letter does not state any facts relied upon as constituting a breach of the mineral lease, and (d) the letter does not provide for a sixty-day period to comply with any particular obligation in the mineral lease.

7.

This case is premature as TPIC (a) has never been placed in default under the mineral lease at issue with respect to it, (b) has never been apprised of any specifics concerning Plaintiff's allegations of breach of said leases, and (c) and has never been given an opportunity to evaluate that demand or perform the obligation allegedly breached.

**ADOPTION OF OTHER DEFENDANTS' EXCEPTIONS AND MEMORANDA IN SUPPORT**

8.

Insofar as TPIC is alleged to be similarly situated with any other Defendant herein, TPIC adopts any and all exceptions raised by any such Defendant. TPIC also reserves the right to urge any additional exceptions based upon facts uncovered through the course of discovery.

**RULE 9.8 STATEMENT**

Pursuant to Rule 9.8(a) of the Louisiana District Court Rules, TPIC states that this matter is not presently set for trial and gives notice that it may introduce testimony at the hearing in this matter in support of the foregoing exceptions.

WHEREFORE, Texas Petroleum Investment Company prays that its exceptions be granted and that the Plaintiff's claims be dismissed at Plaintiff's cost.



NON-CERTIFIED COPY

By Attorneys,

OTTINGER HEBERT, L.L.C.

Paul J. Hebert, Bar Roll No. 6738
William H. L. Kaufman, Bar Roll No. 29929
Valerie V. Guidry, Bar Roll No. 30780
1313 W. Pinhook Road (70503)
Post Office Drawer 52606
Lafayette, Louisiana 70505-2606
(337) 232-2606 Telephone
(337) 232-9867 Facsimile

*Attorneys for Texas Petroleum Investment Co.*

**FILED**

JUL 13 2017

CLERK OF COURT



NON-CERTIFIED COPY

| | | |
|---|---|---|
| GOLDEN RANCH FARMS, LLC | : | DOCKET NO. 132505, DIV. B |
| VS. | : | 17TH JUDICIAL DISTRICT COURT |
| BP AMERICA PRODUCTION CO., *ET AL.* | : | LAFOURCHE PARISH, LOUISIANA |

---

**TEXAS PETROLEUM INVESTMENT COMPANY'S REQUEST FOR NOTICE**

NOW INTO COURT, comes Ottinger Hebert, L.L.C., attorneys for Defendant, Texas Petroleum Investment Company ("TPIC"), who, in accordance with the provisions of Louisiana Code of Civil Procedure Article 1572, hereby requests that you give the undersigned written notice by mail at least ten (10) days in advance of the date fixed for the trial or hearing of this case, whether on exceptions, motions, rules or the merits. We also request immediate notice of all orders and judgments, whether interlocutory or final, upon the rendition thereof as provided by Louisiana Code of Civil Procedure Articles 1913 and 1914, including notice of judgment in the event this case be taken under advisement, or if the judgment is not signed at the conclusion of the trial.

By Attorneys,

OTTINGER HEBERT, L.L.C.

Valerie Guidry

Paul J. Hebert, Bar Roll No. 6738
William H. L. Kaufman, Bar Roll No. 29929
Valerie V. Guidry, Bar Roll No. 30780
1313 W. Pinhook Road (70503)
Post Office Drawer 52606
Lafayette, Louisiana 70505-2606
(337) 232-2606 Telephone
(337) 232-9867 Facsimile

*Attorneys for Texas Petroleum Investment Co.*

NON-CERTIFIED COPY

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing Request for Notice has been served upon all known counsel of record via e-mail, to-wit:

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher H. Martin
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, Louisiana 70810
***Counsel for Plaintiff***

C. Berwick Duval, II
Stanwood R. Duval
Kathryn W. Richard
DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS
101 Wilson Avenue
Post Office Box 3017
Houma, Louisiana 70361
***Counsel for Plaintiff***

George Pivach II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, LLC
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chase, Louisiana 70037
***Counsel for Mesa Gulf Coast and Tchefuncte Natural Resources, L. L. C.***

Rachel P. Dunaway
LONG LAW FIRM
1800 City Farm Drive, Building 6
Baton Rouge, LA 70806
***Attorney for Billy Proschaska***

Victor Suane
KEAN MILLER LLP
II City Plaza
400 Convention Street , Suite 700
Baton Rouge, La 70802
***Attorney for Devon Energy Production***

Christopher B. Bailey
RANDAZZO, GIGLIO & BAILEY LLC
P.O. Box 51347
Lafayette, La 70505-1347
***Attorney for Square Mile Energy***

NON-CERTIFIED COPY

Michael G. Durand
ONBANE LAW FIRM
1200 Camelia Boulevard Suite 300
P.O. Box 3507
Lafayette, La 70502-3507
***Attorney for American Explorer, Inc.***

George Arceneaux, III
Penny Malbrew
Brittan Bush
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
***Attorneys for BP***

Eric E. Jarrell
Michael J. Cerniglia
Nicole M. Babb
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
***Attorneys for ConocoPhillips Company***

Sarah Iiams
KUCKLER POLK WEINER, LLC
1615 Poydras St., Ste 1300
New Orleans, LA 70112
***Attorney for Texas Pacific Oil Company***

Russell Holwadel
ADAMS, HOEFER, HOLWADEL & ELDRIDGE, L.L.C.
400 Poydras St., Suite 2450
New Orleans, LA 70130
***Attorney for Denbury Onshore, LLC***

Lafayette, Louisiana, this 10th day of July, 2017.

Valerie Guidry
VALERIE V. GUIDRY

**FILED**

JUL 13 2017

Rita A. Benard
CLERK OF COURT

NON-CERTIFIED COPY

# Transmission Log

LafourcheClerk Monday, 2017-07-31 15:20 9854475800

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2017-07-31 | 15:19 | SCAN | 20524 | 0:38 | 9600 | 225 388 9133 | 1 | OK -- V.17 1M31 |

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: KEAN MILLER**

**225-388-9133**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on JULY 31, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**EXCEPTIONS, RULE AND EXHIBITS**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**RITA A. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $$400.00**

FILED

JUL 31 2017

Rita A. Bernard
CLERK OF COURT
Dy

NON-CERTIFIED COPY

ADAMS HOEFER HOLWADEL, LLC
REPRESENTING CLIENTS IN
LOUISIANA | MISSISSIPPI | TEXAS

July 11, 2017

**VIA FACSIMILE – 985-447-5800**
**& U.S. MAIL**
Clerk of Court
17th Judicial District Court, Parish of Lafourche
303 W. 3rd Street
Thibodaux, LA 70302-0818

drh@ahhelaw.com
File No.: 171-30

RE: *Golden Ranch Farms, LLC v. Devon Energy Production Company, L.P., et al*
17th JDC, Parish of Lafourche, No.: 132505

Dear Sir or Madam:

Please find enclosed an original and two copies of Denbury's Exception of Vagueness and Peremptory Exceptions of No Cause or Right of Action and Incorporated Memorandum in Support and Request for Written Notice, which I am requesting be **FAXED FILED** into the record of the above-referenced matter. Please file the original into the record, and return a conformed copy to me and paid receipt using the enclosed envelope.

Please notify me of the filing cost for this matter, inclusive of the fax filing fees, I will forward the original along with payment within five (5) business days. Should you have any questions or comments, please do not hesitate to contact me directly at (504) 581-2606.

With best regards, I remain

Very truly yours,

D. Russell Holwadel

FILED
JUL 13 2017
Rita A. Benoit
CLERK OF COURT

DRH/dlr
Enclosure
cc: Donald T. Carmouche, Esq. (Via Facsimile – 225-448-2568)



NON-CERTIFIED COPY

KEAN | MILLER LLP
ATTORNEYS AT LAW

HATTIE V. GUIDRY, ASSOCIATE
DIRECT DIAL 225.382.3491
HATTIE.GUIDRY@KEANMILLER.COM

July 31, 2017

**VIA FAX (985) 447-5800 AND U.S. MAIL**

The Honorable Annette M. Fontana
Lafourche Parish Clerk of Court
17th Judicial District Court
303 W. 3rd Street
P. O. Box 818
Thibodaux, LA 70302-0818

**Re:** *Golden Ranch Farms, LLC v. BP America Production Company, et al.*
17th Judicial District Court, Parish of Lafourche
Docket No. 132505, Division "B"
KM File No. 12935.148

Dear Ms. Fontana:

Enclosed please find Exceptions on Behalf of Devon Energy Production Company, L.P., Rule to Show Cause, and Memorandum in Support of Exceptions, to be **fax-filed** in the above referenced matter. Please confirm receipt of these documents by return fax and advise us of the costs for the filing. The originals and sufficient copies will be forthcoming with our firm's check to cover costs.

If you have any questions, or need any additional information, please do not hesitate to contact me.

With kind regards, I remain

Very truly yours,

KEAN MILLER, LLP

Hattie Guidry

HATTIE V. GUIDRY

HVG/jtm
Enclosures
cc: All Counsel of Record (with enclosures) (via electronic mail)

T 225.387.0999 | F 225.388.9133
II City Plaza | 400 Convention Street Suite 700 | Baton Rouge, LA 70802
Post Office Box 3513 | Baton Rouge, LA 70821
keanmiller.com

9008383_1

FILED
JUL 31 2017
Rita A. Bernard
CLERK OF COURT
Dty

NON-CERTIFIED COPY

OTTINGER HEBERT, L.L.C.
ATTORNEYS AT LAW
1313 WEST PINHOOK ROAD (70503)
P.O. DRAWER 52606
LAFAYETTE, LOUISIANA 70505-2606
TELEPHONE (337) 232-2606
TELECOPIER (337) 232-9867
WWW.OTTINGERHEBERT.COM

B

July 10, 2017

PATRICK S. OTTINGER † §
LARRY C. HEBERT †
MARK D. SIKES †
PAUL J. HEBERT †
K. WADE TRAHAN ‡
STUART M. SIMONEAUD ‡ §
DAVID K. McCRORY ‡

† A Professional Law Corporation
‡ A Limited Liability Company
§ Also Admitted in Texas
◊ Also Admitted in Florida
∆ Also Admitted in Tennessee

WILLIAM H. L. KAUFMAN ‡
VALERIE V. GUIDRY
CHRISTIAN COX PREJEAN ◊
BENJAMIN D. JONES
G. QUINN SALMON
MICHAEL C. WYNNE

OF COUNSEL:
TAMMY PARKER PRATT ‡
TALBOTT P. OTTINGER ∆

**VIA U.S. MAIL**
Honorable Annette M. Fontana
Lafourche Parish Clerk of Court
303 West Third Street
Thibodaux, Louisiana 70301

Re: *Golden Ranch Farms, LLC vs. BP America Production Company, et al.*; 17th Judicial District; State of Louisiana; Lafourche Parish; Docket No. 132505

Dear Ms. Fontana:

Please find enclosed the original and two (2) copies of Texas Petroleum Investment Company's Exceptions, Memorandum in Support, Rule to Show Cause and Request for Notice. Please present the original Rule to Show Cause to the judge for his consideration and signature. Upon signature, please file the originals in the record of this matter and return one conformed and date-stamped copy to this office in the envelope provided herein. Please serve the Plaintiff through its counsel, as set forth in the Rule to Show Cause.

Our firm's check in the amount of $300.00 is enclosed to cover the filing and service fees associated with this request.

FILED
JUL 13 2017
CLERK OF COURT

NON-CERTIFIED COPY

Should you have any questions, please advise.

With best regards, we are

Sincerely,

OTTINGER HEBERT, L.L.C.

Valerie V. Guidry

VVG/all-06
Enclosures

cc: Honorable Steven M. Miller
All counsel of record

NON-CERTIFIED COPY

7016 0910 0001 9332 3472

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
**Total Postage and Fees**
$

Postmark
Here

*Sent To* George Pivach
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 3489

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
**Total Postage and Fees**
$

Postmark
Here

*Sent To* D Russell Holwadel
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 3465

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
**Total Postage and Fees**
$

Postmark
Here

*Sent To* Ross Donnes
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 3496

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
**Total Postage and Fees**
$

Postmark
Here

*Sent To* Valen Gundy
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 3458

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
**Total Postage and Fees**
$

Postmark
Here

*Sent To* Nicole Babb
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

FILED
JUL 14 2017
CLERK OF COURT

NON-CERTIFIED COPY

7016 0910 0001 9332 3588

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

*Sent To* Nicole Babb
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 3595

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

*Sent To* Valen Sundy
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 3571

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

*Sent To* George Piwach
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 3564

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

*Sent To* Ross Donner
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 3557

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

*Sent To* D. Russell Holwadel
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

FILED
JUL 14 2017
CLERK OF COURT

NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1476316**

# CITATION ON RULE

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: GOLDEN RANCH FARMS LLC
THROUGH THEIR ATTORNEY
ROSS J. DONNES
TALBOT CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810
residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE PRAYER OF THE PETITION/MOTION AND ORDER THEREON, a true and faithful copy whereof accompanies this citation, and to show cause on **SEPTEMBER 21, 2017**, at **9:00 AM**, why the Dilatory Exceptions to Plaintiffs' Petition for Damages filed on behalf of ConocoPhillips Company should not be granted.

WITNESS the Honorable STEVEN MILLER, Judge of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, July 14, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

**Deputy Clerk of Court**

REQUESTED BY:
NICOLE M. BABB
KING KREBS & JURGENS
201 ST CHARLES AVE 45TH FLOOR
NEW ORLEANS, LA 70170

FILED
JUL 14 2017
CLERK OF COURT

NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1476407**

# NOTICE OF FIXING CASE FOR TRIAL

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MS. NICOLE M. BABB
KING, KREBS & JURGENS PPLC
201 ST. CHARLES AVENUE 45TH FLOOR
NEW ORLEANS, LA 70170

NOTICE IS HEREBY GIVEN that the above entitled and numbered matter has been set for trial on Dilatory Exceptions on SEPTEMBER 21, 2017 at the hour of 9:00 AM Thibodaux, Louisiana, this July 14, 2017.

**ANNETTE M. FONTANA**
**Clerk of Court**
**Parish of Lafourche**

[signature]
**Deputy Clerk of Court**

COPY TO:

MR. ROSS J. DONNES
TALBOT CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

MR. GEORGE PIVACH
PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR
PO BOX 7125
BELLE CHASSE, LA 70037

MR. D. RUSSELL HOLWADEL
ADAMS HOEFER HOLWADEL
400 POYDRAS ST, STE. 2450
NEW ORLEANS, LA 70130

MS. VALERI V. GUIDRY
OTTINGER HEBERT
PO DRAWER 52606
LAFAYETTE, LA 70505-2606

REQUESTED BY:
KING KREBS & JURGENS

FILED
JUL 14 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1476407**

# NOTICE OF FIXING CASE FOR TRIAL

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. D. RUSSELL HOLWADEL
ADAMS HOEFER HOLWADEL
400 POYDRAS ST, STE. 2450
NEW ORLEANS, LA 70130

NOTICE IS HEREBY GIVEN that the above entitled and numbered matter has been set for trial on Dilatory Exceptions on SEPTEMBER 21, 2017 at the hour of 9:00 AM Thibodaux, Louisiana, this July 14, 2017.

**ANNETTE M. FONTANA**
**Clerk of Court**
**Parish of Lafourche**

**Deputy Clerk of Court**

COPY TO:

MR. ROSS J. DONNES
TALBOT CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

MR. GEORGE PIVACH
PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR
PO BOX 7125
BELLE CHASSE, LA 70037

MS. NICOLE M. BABB
KING, KREBS & JURGENS PPLC
201 ST. CHARLES AVENUE 45TH FLOOR
NEW ORLEANS, LA 70170

MS. VALERI V. GUIDRY
OTTINGER HEBERT
PO DRAWER 52606
LAFAYETTE, LA 70505-2606

FILED
JUL 14 2017
CLERK OF COURT

REQUESTED BY:
ADAMS HOEFER HOLWADEL

NON-CERTIFIED COPY

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**17TH JUDICIAL DISTRICT COURT**
**PARISH OF LAFOURCHE**

**MAILING ADDRESS**
**P.O. BOX 818**
**THIBODAUX, LA 70302**

**PHYSICAL ADDRESS**
**303 WEST 3RD STREET**
**THIBODAUX, LA 70301**

July 14, 2017

HON. SID J. GAUTREAUX, III
SHERIFF, PARISH OF EAST BATON ROUGE
PO BOX 3277
BATON ROUGE, LA 70802

RE: GOLDEN RANCH FARMS LLC
VS
BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

Dear Sir:

Enclosed, please find papers to be served on

**GOLDEN RANCH FARMS LLC**
**THROUGH THEIR ATTORNEY**
**ROSS J. DONNES**
**TALBOT CARMOUCHE & MARCELLO**
**17405 PERKINS ROAD**
**BATON ROUGE, LA 70810**

ENCLOSED PLEASE FIND A CHECK IN THE AMOUNT OF $29.36 FOR YOUR SERVICES.

Would you please make service.

Sincerely,

ANNETTE M. FONTANA
Clerk of Court

[signature]
Deputy Clerk

FILED
JUL 14 2017
[signature]
CLERK OF COURT

**THIBODAUX:** PHONE (985)447-4841
FAX (985)447-5800

**GALLIANO:** PHONE (985)632-8111
**LOCKPORT:** PHONE (985)532-7361

www.lafourcheclerk.com

NON-CERTIFIED COPY

7016 0910 0001 9332 3533

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (*check box, add fee as appropriate*)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

Sent To Nicole Babb
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 3540

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (*check box, add fee as appropriate*)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

Sent To D Russell Holwadel
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 3519

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (*check box, add fee as appropriate*)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

Sent To Ross Orner
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 3526

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (*check box, add fee as appropriate*)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

Sent To George Pivach
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 3502

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (*check box, add fee as appropriate*)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

Sent To Valerie Bundy
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

FILED
JUL 17 2017
CLERK OF COURT

NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1476597**

# CITATION ON RULE

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: GOLDEN RANCH FARMS LLC
THROUGH ITS ATTORNEYS C. BERWICK DUVAL, II, STANWOOD R DUVAL
KATHRYN RICHARD
101 WILSON AVE
HOUMA , LA 70361
residing in the PARISH OF TERREBONNE, STATE OF LOUISIANA

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE PRAYER OF THE PETITION/MOTION AND ORDER THEREON, a true and faithful copy whereof accompanies this citation, and to show cause on **SEPTEMBER 21, 2017**, at **9:00 AM**, why these exceptions should not be granted, dismissing Plaintiff's claims against TPIC at Plaintiff's costs.

WITNESS the Honorable STEVEN MILLE, Judge of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, July 17, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

**Deputy Clerk of Court**

REQUESTED BY:
VALERIE V. GUIDRY
OTTINGER HEBERT LLC
PO DRAWER 52606
LAFAYETTE, LA 70505-2606

FILED
JUL 17 2017
CLERK OF COURT

NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1476407**

# NOTICE OF FIXING CASE FOR TRIAL

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MS. VALERI V. GUIDRY
OTTINGER HEBERT
PO DRAWER 52606
LAFAYETTE, LA 70505-2606

NOTICE IS HEREBY GIVEN that the above entitled and numbered matter has been set for trial on Dilatory Exceptions on SEPTEMBER 21, 2017 at the hour of 9:00 AM Thibodaux, Louisiana, this July 14, 2017.

**ANNETTE M. FONTANA**
**Clerk of Court**
**Parish of Lafourche**

[signature]
**Deputy Clerk of Court**

COPY TO:

MR. ROSS J. DONNES
TALBOT CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

MR. GEORGE PIVACH
PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR
PO BOX 7125
BELLE CHASSE, LA 70037

MS. NICOLE M. BABB
KING, KREBS & JURGENS PPLC
201 ST. CHARLES AVENUE 45TH FLOOR
NEW ORLEANS, LA 70170

MR. D. RUSSELL HOLWADEL
ADAMS HOEFER HOLWADEL
400 POYDRAS ST, STE. 2450
NEW ORLEANS, LA 70130

REQUESTED BY:
OTTINGER HEBERT

FILED
JUL 17 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**17TH JUDICIAL DISTRICT COURT**
**PARISH OF LAFOURCHE**

MAILING ADDRESS
P.O. BOX 818
THIBODAUX, LA 70302

PHYSICAL ADDRESS
303 WEST 3RD STREET
THIBODAUX, LA 70301

July 17, 2017

HON. JERRY LARPENTER
SHERIFF, PARISH OF TERREBONNE
P.O. DRAWER 1670
HOUMA, LA 70361

RE: GOLDEN RANCH FARMS LLC
VS
BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

Dear Sir:

Enclosed, please find papers to be served on

**PLAINTIFF, THROUGH ITS COUNSEL OF RECORD**
**C BERWICK DUVAL II**
**STANWOOD R. DUVAL**
**KATHRYN W. RICHARD**
**DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS**
**101 WILSON AVENUE**
**HOUMA, LA 70361**

Would you please make service.

Sincerely,

ANNETTE M. FONTANA
Clerk of Court

Deputy Clerk

FILED
JUL 17 2017
CLERK OF COURT



NON-CERTIFIED COPY

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
GEORGE PIVACH
PIVACH PIVACH HUFFT
PO BOX 7125
BELLE CHASSE, LA 70170

GOLDEN RANCH V BP 7/14/17 OTTINGER
132505 RT

9590 9402 2652 6336 0841 26

2. 7016 0910 0001 9332 3526

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X J. Munkres ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) J. Munkres

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

7125

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ... Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
JUL 20 20..
[illegible]
CLERK OF COURT

NON-CERTIFIED COPY

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
GEORGE PIVACH
PIVACH PIVACH HUFFT
PO BOX 7125
BELLE CHASSE, LA 70037

GOLDEN RANCH V BP 7/14/17 KING 132505
RT

9590 9402 2652 6336 0837 54

2. Article Number *(Transfer from service label)*
7016 0910 0001 9332 3472

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X J Munkres
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* J. Munkres
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

7125

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Mail
Mail Restricted Delivery
500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053
Domestic Return Receipt

JUL 2 ...

NON-CERTIFIED COPY

D1467547

# SUBPOENA DUCES TECUM
# (FOR PRODUCTION OF RECORDS ONLY)

GOLDEN RANCH FARMS LLC

VS

BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: HILCORP ENERGY COMPANY
THROUGH ITS REGISTERED AGENT: CT CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816

YOU ARE HEREBY COMMANDED in the name of the State of Louisiana and of the Seventeenth Judicial District Court for the Parish of Lafourche, to produce on **OR BEFORE JULY 27, 2017 AT 10:00 A.M.**, at LAW OFFICES OF TALBOT CARMOUCH & MARCELLO, 17405 PERKINS ROAD, BATON ROUGE, LA 70810 the following, to-wit:

**1. Any and all documents in your possession generated or received from Soils and Foundation Engineers, Inc. at the request or instruction of Amerada Hess Corporation pertaining to Emergency Pit Evaluations in the Bayou Des Allemands and Raceland Facilities.**

PLEASE BE NOTIFIED THAT A COPY OF ARTICLE 1354 OF THE LA CODE OF CIVIL PROCEDURE IS ATTACHED HERETO.

And herein fail not under penalty of the law.

Witness my hand and seal of office this June 30, 2017, at Thibodaux, Louisiana.

ANNETTE M. FONTANA
CLERK OF COURT

[signature]

Deputy Clerk of Court

REQUESTED BY:
TALBOT, CARMOUCHE & MARCELLO

I made service on the named party through the
CT Corporation
JUL 12 2017
by tendering a copy of this document to
☒ Jeannine Beauregard ☐ Allison Reed ☐ Brenita Beauregard
[signature]
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

JUL 11 2017
FILED
JUL 20 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

ARTICLE 13:54. Subpoena duces tecum

A. A subpoena may order a person to appear and produce a trial, deposition, or hearing, books, papers, documents, any other tangible things, or electronically stored information in his possession or under his control, if a reasonably accurate description thereof is given. A subpoena may specify the form or forms in which electronically stored information is to be produced. A party or an attorney requesting the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or cost on a person subject to that subpoena. The court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive. Except when otherwise required by order of the court, certified copies, extracts, or copies of books, papers and documents may be produced in obedience to the subpoena duces tecum instead of the originals thereof. If the party or attorney requesting the subpoena does not specify that the named person shall be ordered to appear, the person may designate another person having knowledge of the contents of the books, papers, documents, other things, or electronically stored information, to appear as his representative.

B. A person commanded to respond to a subpoena duces tecum may within fifteen days after service of the subpoena or before the time specified for compliance, if such time is less than fifteen days after service, send to the party or attorney designated in the subpoena written objections, with supporting reasons, to any or all of the requests, including objection to the production of electronically stored information in the form or forms requested. If objection is so made, the party serving the subpoena may file a motion to compel compliance with the subpoena and may move for sanctions for failure to reasonably comply.

C. A person responding to a subpoena to produce books, papers, or documents shall produce them as they are kept in the usual course of business or may organize and label them to correspond with the categories of the demand.

D. If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena may produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably useable.

E. A person responding to a subpoena need not produce the same electronically stored information in more than one form.

F. A person responding to a subpoena need not produce books, papers, documents, or electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel production or to quash, the person from whom production is sought shall show that the information sought is not reasonably accessible because of undue burden or costs. If that showing is made, the court may nonetheless order production from such sources if the requesting party shows good cause. The court may specify conditions, including an allocation of the costs, for the production.

G. When the person subpoenaed is an adverse party, the party requesting the subpoena duces tecum may accompany his request with a written request under oath as to what facts he believes the books, papers, documents, electronically stored information, or tangible things will prove, and a copy of such statements shall be attached to the subpoena. If the party subpoenaed fails to comply with the subpoena, the facts set forth in the written statement shall be taken as confessed, and in addition the party subpoenaed shall be subject to the penalties set forth in Article 1357.

H. Subpoena duces tecum shall reproduce in full the provisions of this article.

NON-CERTIFIED COPY

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
NICOLE M. BABB
KING KREBS
201 ST CHARLES AVE 45TH FL
NEW ORLEANS, LA 70170

GOLDEN RANCH V BP 7/14/17 ADAMS 132505 RT

9590 9402 2652 6336 0840 89

2. Article Number *(Transfer from service label)*
7016 0910 0001 9332 3588

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery 7/19/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...ail
...ail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
JUL 24 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NICOLE BABB
KING KREBS
201 ST CHARLES AVE 45TH FL
NEW ORLEANS, LA 70170

GOLDEN RANCH V BP 7/14/17 OTTINGER
132505 RT

9590 9402 2652 6336 0841 33

2. Article Number *(Transfer from service label)*

7016 0910 0001 9332 3533

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery
7-18-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
ail
ail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
JUL 24 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

D,. RUSSELL HOLWADEL
ADAMS HOEFER HOLWADEL
400 POYDRAS ST STE. 2450
NEW ORLEANS, LA 70130

GOLDEN RANCH V BP 7/14/17 ADAMS 132505
RT

9590 9402 2652 6336 0837 92

2. 7016 0910 0001 9332 3557

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) Dawn Guillot

C. Date of Delivery 7-18-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- Restricted Delivery
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
JUL 24 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GEORGE PIVACH
PIVACH PIVACH HUFFT
PO BOX 7125
BELLE CHASSE, LA 70037

GOLDEN RANCH V BP 7/14/17 ADAMS 132505
RT

9590 9402 2652 6336 0838 22

2. Article Number *(Transfer from service label)*

7016 0910 0001 9332 3571

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X J. Munkres
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
J. Munkres

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

7125

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

FILED
JUL 24 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

D. RUSSELL HOLWADEL
ADAMS HOEFER HOLWADEL
400 POYDRAS ST STE. 2450
NEW ORLEANS, LA 70130

GOLDEN RANCH V BP 7/14/17 KING 132505
RT

9590 9402 2652 6336 0837 61

2. Article Number *(Transfer from service label)*

7016 0910 0001 9332 3489

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X D Guillot
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* D. Guillot

C. Date of Delivery 7-18-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
JUL 24 2
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
D RUSSEL HOLWADEL
ADAMS HOEFER HOLWADEL
400 POYDRAS ST STE. 2450
NEW ORLEANS, LA 70130

GOLDEN RANCH V BP 7/14/17 OTTINGER
132505 RT

9590 9402 2652 6336 0841 40

2. Article Number (Transfer from service label)
7016 0910 0001 9332 3540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X D Guillot ☐ Agent ☐ Addressee

B. Received by (Printed Name) D. Guillot

C. Date of Delivery 7-18-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**FILED**
JUL 24 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ROSS DONNES
TALBOT CARMOUCHE
8405 PERKINS RD
BATON ROUGE, LA 70810

GOLDEN RANCH V BP 7/14/17 OTTINGER
132505 RT

9590 9402 2652 6336 0841 19

2. Article Number (Transfer from service label)

7016 0910 0001 9332 3519

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Deshea Bugnac ☐ Agent ☐ Addressee

B. Received by (Printed Name): Deshea Brignac

C. Date of Delivery: 7-19-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Restricted Delivery (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
JUL 24 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

OFFICE OF
J. JERRY LARPENTER

SHERIFF AND TAX COLLECTOR
PARISH OF TERREBONNE
P.O. DRAWER 1670
HOUMA, LOUISIANA 70361
PHONE: (985) 876-2500 FAX: 857-0274

JULY 20, 2017

LAFOURCHE PARISH CLERK OF COURT
P. O. BOX 818
THIBODAUX, LA 70302-0818

ACCOUNT NUM: LAFOUCOC
INVOICE NUM: 17002677
INVOICE AMT: 28.16

PAGE: 1

DOCKET # 132505

GOLDEN RANCH FARMS LLC
VS.
BP AMERICA PRODUCTION CO ET AL

| PAPER | DIVISN | FIRM NAME | INTENDED FOR | MEMO | |
|---|---|---|---|---|---|
| 1 | B | V V GUIDRY | GOLDEN RANCH FARMS LLC | | 28.16 |

DOCKET # 132505 TOTAL------> 28.16

| | | | INTENDED FOR | MEMO | |
|---|---|---|---|---|---|
| | | | | | .00 |

TOTAL------> .00

INVOICE TOTAL--------------------------->

FILED
JUL 25 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

60 Fee #28.16

481

PERSONAL
071817@1600
Dy. John Crouch

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1476597**

# CITATION ON RULE

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: GOLDEN RANCH FARMS LLC
THROUGH ITS ATTORNEYS C. BERWICK DUVAL, II, STANWOOD R DUVAL
KATHRYN RICHARD
101 WILSON AVE
HOUMA , LA 70361
residing in the PARISH OF TERREBONNE, STATE OF LOUISIANA

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE PRAYER OF THE PETITION/MOTION AND ORDER THEREON, a true and faithful copy whereof accompanies this citation, and to show cause on **SEPTEMBER 21, 2017**, at **9:00 AM**, why these exceptions should not be granted, dismissing Plaintiff's claims against TPIC at Plaintiff's costs.

WITNESS the Honorable STEVEN MILLE, Judge of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, July 17, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

**Deputy Clerk of Court**

REQUESTED BY:
VALERIE V. GUIDRY
OTTINGER HEBERT LLC
PO DRAWER 52606
LAFAYETTE, LA 70505-2606

RECEIVED
2018 AUG 18 P 3 06
SHERIFF'S OFFICE
PARISH OF TERREBONNE, LA.

FILED
JUL 25 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

OMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
NICOLE BABB
KING KREBS & JURGENS
201 ST CHARLES AVE 45TH FL
NEW ORLEANS, LA 70170

GOLDEN RANCH V BP 7/14/17 KING 132505
RT

9590 9402 2652 6336 0837 30

2. Article Number (Transfer from service label)

7016 0910 0001 8338 3458

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
7-18-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

FILED
JUL 27 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

VALERI GUIDRY
OTTINGER HEBERT
PO DRAWER 5206
LAFAYETTE, LA 70505

GOLDEN RANCH V BP 7/14/17 OTTINGER
132505 RT

9590 9402 2652 6336 0841 02

2. Article Number *(Transfer from service label)*

7016 0910 0001 9332 3502

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Madison Meek ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* Madison Meek
C. Date of Delivery 7-20-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
...il Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
JUL 27 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
VALERI GUIDRY
OTTINGER HEBERT
PO DRAWER 52606
LAFAYETTE, LA 70505

GOLDEN RANCH V BP 7/14/17 KING 132505
RT

9590 9402 2652 6336 0837 78

2. Article Number *(Transfer from service label)*
7016 0910 0001 9332 3496

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Corey Prioux
☑ Agent
☐ Addressee

B. Received by *(Printed Name)*
Corey Prioux

C. Date of Delivery
7-19-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
JUL 27 2017
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
ROSS DONNES
TALBOT CARMOUCHE & MARCELLO
17405 PERKINS RD
BATON ROUGE, LA 70810

GOLDEN RANCH V BP 7/14/17 ADAMS 132505
RT

9590 9402 2652 6336 0838 15

2. Article Number *(Transfer from service label)*
7016 0910 0001 9332 3564

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* Stephanie Shasley
C. Date of Delivery 7-19-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
JUL 27 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ROSS DONNES
TALBOT CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

GOLDEN RANCH V BP 7/14/17 KING 132505 RT

9590 9402 2652 6336 0837 47

2. Article Number (Transfer from service label)

7016 0910 0001 9332 3465

COMPLETE THIS SECTION ON DELIVERY

A. Signature: DeShea Brignac ☐ Agent ☐ Addressee

B. Received by (Printed Name): DeShea Brignac

C. Date of Delivery: 7-19-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
JUL 27 2017
CLERK OF COURT

NON-CERTIFIED COPY

COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
VALERI GUIDRY
OTTINGER HEBERT
PO DRAWER 5206
LAFAYETTE, LA 70505

GOLDEN RANCH V BP 7/14/17 ADAMS 132505
RT

9590 9402 2652 6336 0840 96

2. Article Number (Transfer from service label)
7016 0910 0001 9332 3595

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Madison Mercke ☒ Agent ☐ Addressee

B. Received by (Printed Name) Madison Mercke
C. Date of Delivery 7-20-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
JUL 27 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

CHECK 68803

| DATE | DESCRIPTION | INVOICE # | AMOUNT | DEDUCTION | NET AMOUNT |
|---|---|---|---|---|---|
| | 213 Clerk of Court, LaFourche Parish | | | | |
| 07/26/17 | 17-260 Mesa,DK#132505; File Exceptions & rule to show cause | 17-260 | 200.00 | | 200.00 |

FILED
JUL 27 2017
CLERK OF COURT

| CHECK DATE | CONTROL NUMBER | TOTALS ▶ | | | |
|---|---|---|---|---|---|
| 07/26/17 | 68803 | Gross: 200.00 | Ded: 0.00 | Net: 200.00 | |

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**FILED: ______________________** **______________________________**
**DEPUTY CLERK**

# MEMORANDUM IN SUPPORT OF MESA GULF COAST, LLC AND TCHEFUNCTE NATURAL RESOURCES, L.L.C.'S DILATORY EXCEPTIONS TO PLAINTIFF'S PETITION FOR DAMAGES AND FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

**MAY IT PLEASE THE COURT:**

## FACTS

On or about May 1, 2017, Plaintiff, Golden Ranch Farms, LLC ("Golden Ranch"), filed its original Petition for Damages, alleging that it owns and/or "uses the surface interest" in and to property in three oil and gas fields, located in three or more sections of Lafourche Parish ("the Property"). Golden Ranch alleges that this Property has somehow been contaminated or damaged due to purported oil and gas activities by 18 different defendants. Golden Ranch claims that each of these defendants are liable for damages to unspecified parts of the Property, based upon theories of negligence, trespass, failure to warn, strict liability, breach of contract, and liability under the Mineral Code.

With over 40 pages of pleading, nowhere in these pleadings does the Plaintiff provide specific acts by Mesa Gulf Coast, LLC ("Mesa") and Tchefuncte Natural Resources, L.L.C. ("TNR") that caused specific damage to specific areas of the Property. Plaintiff instead claims that the alleged contamination was caused by numerous operators, at unidentified times and areas, across the Property.

Golden Ranch further alleges breach of contract claims against these defendants. However, nowhere in its pleadings does Golden Ranch identify any contract or lease to which these defendants were a party, nor does it identify what contractual provisions were allegedly breached by these defendants. Without any identification of the contracts allegedly breached, Mesa and TNR cannot assess the merits of Plaintiff's contract claims nor mount a proper defense against these claims.



NON-CERTIFIED COPY

Without providing Mesa and TNR with basic information about what actions, at what times and in what areas are alleged to have caused the Plaintiff's damages, and without providing these defendants with basic information about the leases and/or contracts which were allegedly breached, it is fundamentally unfair to these defendants to require them to even attempt to defend these actions. For the following reasons, these exceptions should be sustained, and the Plaintiff's petitions should be dismissed, with prejudice, at its costs.

**LAW AND ARGUMENT**

**A) Non-Conformity of the Petition Under Article 891**

All allegations of fact in a petition should be simple and concise, and set forth in numbered paragraphs. Each such paragraph should be limited to a single set of circumstances. LSA-C.C.P. Article 854. Any petition should contain a short, clear and concise statement of the causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation. LSA-C.C.P. Article 891.

Fact pleading is intended to provide the defendant notice of the facts upon which the plaintiff bases his claims. *Fitzgerald v. Tucker,* 737 So. 2d 706 (La. 1999). To plead "material facts," as required by Article 891, a petitioner must allege more than mixed questions of law and fact such as that the defendant breached the contract or acted unreasonably. Rather, the petitioner must state what act or omission he will establish at trial. *Price v. Kids World*, 9 So.3d 992 (La. App. 1st Cir. 2009). A plaintiff is not allowed to make allegations couched in generalities, but instead his material facts must be alleged in detail. *Haydel v. Town of Gramercy*, 154 So.2d 504 (La. App. 4th Cir. 1963).

Louisiana law has determined that general allegations of a breached contract or unreasonable actions are insufficient to meet the requirements of Article 891. However, that is exactly what the plaintiff has done in this matter, alleging only breaches of contract, without specifying which contracts are at issue, or what actions constituted a breach of those contracts. The Plaintiff makes only conclusory allegations that defendants have breached unspecified contracts.

Further, these petitions contain no allegations of any particular alleged wrongful acts by Mesa or TNR. Instead, the Plaintiff makes conclusory allegations that all defendants caused injury to Plaintiff and the Plaintiff's property, making it impossible for the defendants to properly defend this lawsuit. The petition fails to satisfy the requirements of Article 854. As such, the petitions fail to conform with the requirements of LSA-C.C.P. Article 891, and this exception of non-conformity



NON-CERTIFIED COPY

should be sustained.

B) **Vagueness**

The purpose of the dilatory exception of vagueness, as provided for in LSA-C.C.P. Article 926, is to allow a defendant to be placed on notice of the cause of action and prevent its future re-litigation after a judgment is obtained. *Smart v. Gold, Weems, Bruser, Sues and Rundell*, 955 So.2d 263 (La. App. 3rd Cir. 2007); *Joseph v. Wasserman*, 206 So.3d 970 (La. App. 4th Cir. 2016).

The exception of vagueness is appropriate when allegations in the petition are vague, general and indefinite. *Broussard v. Broussard*, 381 So.2d 942, 943 (La. App. 3 Cir. 1980). The vagueness exception is a device for requiring a plaintiff to put the defendants on notice of the nature of the facts sought to be proven so as to enable them to prepare a defense. *Whipple v. Whipple*, 408 So.2d 390, 392 (La. App 1 Cir. 1981). In addition, the vagueness exception requires a plaintiff to sufficiently identify his causes of action in order to prevent future re-litigation. *Whipple,* 408 So.2d at 392.

In *Smart*, *supra,* plaintiffs, who had filed a "Class Action Petition" on their behalf and of others similarly situated, made broad allegations of over-billing or billing for services not performed. The trial court found that the petition was lacking material facts which the defendants would need to formulate a defense. Similarly, in the instant case, Golden Ranch makes broad conclusory allegations against all of the defendants, but fails to allege what particular actions and what particular breaches were committed by which defendant. The petitions herein similarly lack material facts which the defendants herein need to formulate a defense of this case. For these reasons, these petitions are impermissibly vague and ambiguous.

A petition is obviously vague if it fails to allege with particularity the circumstances of the claims against each individual defendant and the facts upon which the alleged liability of each defendant is based. *Spell v. Executive Officers, etc. of P&W Industries, Inc.*, 316 So.2d 474 (La. App. 1st Cir. 1975). The *Spell* case determined that it was impossible for the officers, directors, and shareholders of a corporation to respond to a petition until they were aware of the specific acts of negligence relied upon by the plaintiffs. In the instant case, there are no specific acts of negligence alleged to have been committed by Mesa or TNR. These defendants simply cannot respond to such vague allegations.

There are a number of reasons for sustaining the exception of vagueness in this case. Golden Ranch has not provided a sufficient property description for the properties alleged to be at issue in



NON-CERTIFIED COPY

this case. Neither the Petition nor any of the exhibits attached thereto indicate the size or location of the property at issue. This vague and ambiguous property description does not put these defendants on notice as to exactly what claims are at issue in this suit, and as such, require dismissal of these petitions.

Additionally, the petitions do not provide any specificity involving the conduct of Mesa or TNR. Plaintiff does not provide an exact location of the alleged contamination; the acts or omissions causing the alleged contamination; the nature and degree of the alleged contamination; when the alleged contamination occurred; and which defendant's operation caused any alleged contamination. Plaintiff simply alleges that Mesa and TNR, among others, drilled or operated wells on or in the vicinity of Plaintiff's property. Oilfield activities alone do not constitute negligent conduct and cannot form the basis for Plaintiff's tort claims.

Finally, the petitions do not specify the provisions of any lease or contract allegedly breached by Mesa or TNR. Due to the vagueness of the petitions, Mesa and TNR cannot determine the merits of Plaintiff's contract claims.

These petitions lack the basic material facts necessary to establish a cause of action. To the extent Golden Ranch claims there are specific problems as a result of activities for which these defendants might be liable, Plaintiff must identify the specific locations, its interest in that location, Mesa and/or TNR's specific involvement, the specific damages claimed, and how Defendant's activities are connected to any other locations or any other defendants. Further, the Plaintiff must be required to identify a specific contract, and specific provisions of those contracts, which these defendants allegedly breached, so that Mesa and TNR can properly defend that claim.

Accordingly, Defendants request that Plaintiff be ordered to amend its Petition to cure the vague allegations of these petitions, or have these petitions dismissed against Mesa and TNR.

**C) <u>Improper Cumulation of Actions and Improper Joinder of Parties.</u>**

The dilatory exception of improper cumulation examines whether multiple claims or multiple parties are properly joined in one lawsuit. *Zeitoun v. City of New Orleans,* 81 So.3d 66 (La. App. 4th Cir. 2011). When multiple claims or parties are improperly joined, the court may sever the actions for trial, or order the plaintiff to elect which actions he will pursue and amend his petition to include only allegations related to those actions. The penalty for failing to comply with an order to amend is dismissal of the lawsuit. LSA-C.C.P. Article. 464.



NON-CERTIFIED COPY

Cumulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants. La. C.C.P. art. 461. Two or more parties may be joined in the same suit, either as plaintiffs or defendants if: (1) there is a community interest between the parties joined; (2) each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and (3) all of the actions cumulated are mutually consistent and employ the same form of procedure. La. C.C.P. art. 463. If the suit fails to satisfy any of these criteria, a plaintiff may not cumulate the actions. *Jones v. Arnold*, 589 So.2d 1 (La. 1991); *Abshire v. State of Louisiana, through Department of Insurance*, 636 So.2d 627 (La. App. 3rd 1994).

The joinder of Mesa and TNR in this matter is improper because the suit fails to satisfy the first prong of Article 463, which requires a sufficient "community of interest" among defendants. A "community of interest" exists only for actions arising out of the same facts, or presenting the same factual and legal issues. Comment (c) to C.C.P. Article 463. Louisiana courts require common factual issues as a prerequisite to joinder. *First Guar. Bank v. Carter,* 563 So.2d 1240 (La. App. 1st Cir. 1990).

Applying the Louisiana joinder rules, courts have held that claims were improperly cumulated in environmental cases involving claims for relief under tort or contract law.

In *Broussard v. Hilcorp Energy Co.*, 998 So.2d 946 (La. App. 3rd Cir. 2008), a group of plaintiffs sued a number of oil and gas companies for environmental contamination resulting from alleged activities which occurred in different locations, at different times, and involving different parties. The defendants urged improper cumulation, and the trial court agreed, dismissing the case. The court of appeal affirmed, stating that "we cannot say that there is enough factual overlap present between all the actions to make it commonsensical to litigate them together. The properties allegedly affected by the contamination are five non-contiguous tracts located in 3 separate sections, different parties and combinations of parties are alleged to have contributed to the contamination on each, and the times at which contamination allegedly occurred differs for each property. The proof of damages for each will necessarily be different as well as the amount of damages, if any, and the people and/or entities found liable, if any. Therefore, we find that the claims made do not all share a community of interest. As a result, we find that the trial judge correctly ruled that the actions were improperly cumulated."



NON-CERTIFIED COPY

*Broussard, supra* is thus directly on point with the instant case. This case cumulates claims against eighteen (18) defendants for allegedly causing unspecified areas of contamination occurring somewhere across three (3) oil and gas fields located in at least three (3) Sections of Lafourche Parish. Various parties are alleged to have contributed to the contamination, and the actions of the various defendants are alleged to have occurred at various times. Exhibit "C" to the Petition appears to indicate that the defendants, in fact, operated on different wells, in different oil and gas fields, in different sections of the parish, and many defendants' operations never overlapped at all. It is evident from the Petition that defendants' operations were remote from each other in both time and location. Plaintiff has not alleged facts indicating the existence of a requisite "community of interest" among the 18 defendants necessary to make the joinder of these eighteen defendants in one suit proper.

Following the reasoning of *Broussard,* this action against these various defendants constitutes an improper cumulation of actions, and this exception should be sustained.

**D. Prematurity/Want of Amicable Demand**

The Plaintiff's contractual claims are so vague that Mesa and TNR cannot determine the rights and obligations which may be contained in the alleged contracts. Thus, Mesa and TNR assert that the Plaintiff's contractual claims are premature to the extent that Plaintiff failed to comply with any pre-suit written notice requirements of any contract from which the Plaintiff claims to derive its contract claims.

Indeed, courts in this state have recognized that contractual pre-suit notice provisions modify the law between the parties and have ordered compliance with such notice provisions where plaintiff failed to do so. In *Broussard, supra,* the Third Circuit upheld the trial court's holding that failure to provide written notice pursuant to a "facts relied upon as breach" provision rendered the plaintiffs' claims premature. 998 So.2d 946 (La. App. 3rd Cir. 2008).

The Plaintiff in this matter did not provide Mesa and/or TNR with written notice and an opportunity to cure any alleged breaches of contract prior to filing suit. To the extent Plaintiff claims rights under any contracts, it must also comply with any pre-suit notice obligations under those leases. Accordingly, Mesa and TNR except to the Plaintiff's petitions as premature for failure to provide written notice of alleged contractual breaches before making judicial demand.



NON-CERTIFIED COPY

**E. Amicable Demand under Mineral Code Article 136**

Finally, Mesa and TNR reserve any rights which may exist at law to be provided the pre-suit written notice contemplated by Mineral Code Article 136, which provides:

> If a mineral lessor seeks relief from his lessee …*from any other claim that the lessee has failed to develop and operate the property leased as a prudent operator*, he must give his lessee written notice of the asserted breach to perform and allow a reasonable time for performance by the lessee as a prerequisite to a judicial demand for damages or dissolution of the lease.

The Plaintiff alleges that the defendants have breached the standards imposed by the Louisiana Civil Code and Mineral Code governing the conduct of prudent operators. Out of an abundance of caution, Mesa and TNR assert this exception of prematurity and want of amicable demand under Mineral Code Article 136 to the extent any duty or implied duty is sought to be imposed on Mesa and/or TNR under the prudent operator standard described in the Mineral Code. Should the court find that Mesa and/or TNR had any such obligation, then Mesa and TNR were entitled to notice before the Plaintiff could bring any such claim.

**CONCLUSION**

For the reasons set forth hereinabove, Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C. submit that these exceptions should be sustained, and Plaintiff's petitions should be dismissed, or ordered to be amended insofar as they assert any claims against Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C.

RESPECTFULLY SUBMITTED,

PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, LLC
ATTORNEYS AT LAW

BY: ______________________
GEORGE PIVACH, II (20798)
TIMOTHY THRIFFILEY (19808)
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chasse, Louisiana 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
E-Mail: gpivach@pivachlaw.com
Tthriffiley@pivachlaw.com

X:\Docs\FILES\Active 2016-2017\17-260\pleadings\Memo in Support of Dilatory Exceptions.doc

NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all known counsel of record, by placing same in the U.S. Mail, properly addressed and postage prepaid, this 26 day of July, 2017.

Timothy Thriffiley

FILED
JUL 27 2017
CLERK OF COURT

X:\Docs\FILES\Active 2016-2017\17-260\pleadings\Memo in Support of Dilatory Exceptions.doc

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**FILED: ______________________**

**__________________________**
**DEPUTY CLERK**

**MESA GULF COAST, LLC AND TCHEFUNCTE NATURAL RESOURCES, L.L.C.'S DILATORY EXCEPTIONS TO PLAINTIFF'S PETITION FOR DAMAGES AND FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, come defendants, Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C. ("Defendants"), who except to the Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages (collectively "Petition") as follows:

1.

Defendants except to the Original Petition and First Supplemental and Amending Petition on the grounds that these pleadings do not conform with the requirements of LSA-C.C.P. Art. 891.

2.

Defendants except to the Original Petition and First Supplemental and Amending Petition on the grounds that these pleadings are vague.

3.

Defendants except to the Original Petition and First Supplemental and Amending Petition on the grounds of improper cumulation of actions and joinder of parties.

4.

Defendants except to the Original Petition and First Supplemental and Amending Petition on the grounds of prematurity.

5.

Defendants except to the Original Petition and First Supplemental and Amending Petition on

NON-CERTIFIED COPY

the grounds of want of amicable demand.

Pursuant to Local Rule 9.8, Defendants assert that this matter has not been set for trial, and they do not intend to offer testimony at a hearing on these exceptions. These defendants may introduce documentary evidence at any such hearing.

WHEFORE, Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C. pray that the Plaintiff be ordered to show cause on a date and time to be fixed by this Honorable Court why these exceptions should not be sustained, and further show cause why its Petition and First Supplemental and Amending Petition should not be dismissed, with prejudice, at plaintiff's costs.

RESPECTFULLY SUBMITTED,

PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, LLC
ATTORNEYS AT LAW

BY:____________________
GEORGE PIVACH, II (10798)
TIMOTHY THRIFFILEY (19808)
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chasse, Louisiana 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
E-Mail: gpivach@pivachlaw.com
Tthriffiley@pivachlaw.com

**PLEASE SERVE PURSUANT TO LSA-C.C.P. ART. 1313:**
GOLDEN RANCH FARMS, LLC
through its attorney of record:
Ross J. Donnes
Talbot, Carmouche & Marcello
17405 Perkins Road
Baton Rouge, LA 70810

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all known counsel of record, by placing same in the U.S. Mail, properly addressed and postage prepaid, this 26 day of July, 2017.

FILED

JUL 27 2017

CLERK OF COURT

Timothy Thriffiley

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**FILED: ______________________** ______________________ **DEPUTY CLERK**

**RULE TO SHOW CAUSE**

Considering the foregoing Dilatory Exceptions to Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages filed on behalf of Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C.;

IT IS ORDERED that Plaintiff, Golden Ranch Farms, LLC, show cause on the __________ day of __________, 2017, at __________ o'clock a.m., why the Dilatory Exceptions to Plaintiffs' Petition for Damages filed on behalf of Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C. should not be granted, and further show cause why its Petition and First Supplemental and Amending Petition should not be dismissed, with prejudice, at plaintiff's costs.

RENDERED AND SIGNED, at ______________________, Louisiana this ______ day of ________________, 2017.

______________________________
Judge, 17th Judicial District Court

**PLEASE SERVE PURSUANT TO LSA-C.C.P. ART. 1313:**
GOLDEN RANCH FARMS, LLC
through itsr attorney of record:
Ross J. Donnes
Talbot, Carmouche & Marcello
17405 Perkins Road
Baton Rouge, LA 70810

FILED
JUL 27 2017
Rita A. Bernard
Dy CLERK OF COURT

X:\Docs\FILES\Active 2016-2017\17-260\pleadings\Rule to Show Cause - Dilatory Exceptions.doc

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**FILED:** ______________________

______________________
**DEPUTY CLERK**

## RULE TO SHOW CAUSE

Considering the foregoing Dilatory Exceptions to Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages filed on behalf of Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C.;

IT IS ORDERED that Plaintiff, Golden Ranch Farms, LLC, show cause on the 21st day of September, 2017, at 9 o'clock a.m., why the Dilatory Exceptions to Plaintiffs' Petition for Damages filed on behalf of Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C. should not be granted, and further show cause why its Petition and First Supplemental and Amending Petition should not be dismissed, with prejudice, at plaintiff's costs.

RENDERED AND SIGNED, at Thibodaux, Louisiana this 28th day of July, 2017.

______________________
Judge, 17th Judicial District Court

**PLEASE SERVE PURSUANT TO LSA-C.C.P. ART. 1313:**
GOLDEN RANCH FARMS, LLC
through itsr attorney of record:
Ross J. Donnes
Talbot, Carmouche & Marcello
17405 Perkins Road
Baton Rouge, LA 70810

**FILED**
JUL 27 2017
Rita A. Benard
Dy CLERK OF COURT

X:\Docs\FILES\Active 2016-2017\17-260\pleadings\Rule to Show Cause - Dilatory Exceptions.doc

NON-CERTIFIED COPY

GEORGE PIVACH, II
MARK A. PIVACH
DAVID M. HUFFT
TIMOTHY THRIFFILEY
COREY E. DUNBAR*
ELLEN PIVACH DUNBAR
JOHN E. PIVACH

*Admitted in Louisiana and Texas

# Pivach Pivach Hufft Thriffiley & Dunbar

*attorneys at law*

8311 HIGHWAY 23, SUITE 104
POST OFFICE BOX 7125
BELLE CHASSE, LA 70037
(504) 394-1870
FAX (504) 393-2553
www.pivachlaw.com
GPivach@PivachLaw.com

B

July 26, 2017

Clerk of Court
Parish of Lafourche
303 W 3rd Street 104
Thibodaux, LA 70301

Re: *Golden Ranch Farms, LLC*
*vs. Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C., et al*
17th JDC, No. C-132505
Our File No. 17-260

Dear Sir/Madam:

Enclosed herewith please find original and two copies each of the following:

1. Dilatory Exceptions;
2. Memorandum in Support of Dilatory Exceptions; and
3. Rule to Show Cause.

I request that you file into the record of the above captioned matter and thereafter return one conformed copy and one certified copy each to our office for service pursuant to LSA-C.C.P. art. 1313. Also, enclosed is our firm check in the amount of $200.00 to cover the filing fee.

Thanking you in advance for your cooperation and assistance, I remain,

Yours very truly,

GEORGE PIVACH, II
TIMOTHY THRIFFILEY
FOR THE FIRM

GPII/TT/cdh
Enclosures

Cc Donald T. Carmouche (w/ enclosure)(via facsimile 1-225-448-2568)
Mesa Gulf Coast, LLC (w/ enclosure)

FILED
JUL 27 2017
Rita A. Benard
Dty CLERK OF COURT

NON-CERTIFIED COPY

206

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1476316**

# CITATION ON RULE

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: GOLDEN RANCH FARMS LLC
THROUGH THEIR ATTORNEY
ROSS J. DONNES
TALBOT CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810
residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE PRAYER OF THE PETITION/MOTION AND ORDER THEREON, a true and faithful copy whereof accompanies this citation, and to show cause on **SEPTEMBER 21, 2017**, at **9:00 AM**, why the Dilatory Exceptions to Plaintiffs' Petition for Damages filed on behalf of ConocoPhillips Company should not be granted.

WITNESS the Honorable STEVEN MILLER, Judge of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, July 14, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
[signature]
**Deputy Clerk of Court**

REQUESTED BY:
NICOLE M. BABB
KING KREBS & JURGENS
201 ST CHARLES AVE 45TH FLOOR
NEW ORLEANS, LA 70170

Rec 7-20-17
Serv 7-21-17 @ 9:30 Am
PERS thru Sec. Michelle
EBR [signature] - 2278
Dy. Sheriff

FILED
JUL 31 2017
Annette M. Fontana
CLERK OF COURT

RECEIVED
JUL 20 2017
E.B.R. SHERIFF'S OFFICE

NON-CERTIFIED COPY

**SEVENTEENTH JUDICIAL DISTRICT COURT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

| | |
|---|---|
| **GOLDEN RANCH FARMS, LLC** | **DOCKET NO. 132505** |
| **v.** | |
| **BP AMERICA PRODUCTION COMPANY, ET AL.** | **DIVISION "B"** |

**EXCEPTIONS ON BEHALF OF DEVON ENERGY PRODUCTION COMPANY, L.P.**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Devon Energy Production Company, L.P. (hereinafter "Devon"), which responds to Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages (hereinafter "Petition") by asserting the following Exceptions:

1. Vagueness, ambiguity, and non-conformity of the petition with Louisiana Code of Civil Procedure article 891;
2. Improper cumulation of actions;
3. No cause of action for civil fruits or storage costs;
4. No cause of action for continuing tort or continuing trespass;
5. No cause of action for strict liability; and
6. No cause of action for unjust enrichment.

1.

**DILATORY EXCEPTION OF VAGUENESS, AMBIGUITY, AND NON-CONFORMITY OF THE PETITION WITH LOUISIANA CODE OF CIVIL PROCEDURE ARTICLE 891**

Devon raises the dilatory exception of vagueness and ambiguity pursuant to Louisiana Code of Civil Procedure article 926(A)(5) and non-conformity of the Petition with Louisiana Code of Civil Procedure article 891 pursuant to Louisiana Code of Civil Procedure article 926(A)(4).

2.

Plaintiff brings generalized allegations against eighteen (18) defendants, not individually but *collectively*, for oil and gas exploration and production activities on thousands of acres of real



NON-CERTIFIED COPY

property located in three (3) different oil and gas fields (*i.e.* Bayou Des Allemands, Larose, and Valentine oil and gas fields) in Lafourche Parish, Louisiana.[1] Plaintiff's allegations are sufficiently vague and ambiguous to make it prejudicial to Devon to adequately form responsive pleadings, determine applicable affirmative defenses or otherwise adequately defend against Plaintiff's claims.

3.

Under Article 891, the Petition must "contain a short, clear and concise statement of . . . the material facts of, the transaction or occurrence that is the subject matter of the litigation . . ." Plaintiff's Petition in this case fails to meet this standard in the following non-exclusive respects:

1. Plaintiff makes general allegations and conclusory legal assertions against eighteen (18) named defendants collectively, for decades of operations, spanning three (3) different oil and gas fields;

2. Plaintiff pleads no facts specific to Devon in the Petition, but instead attaches a property description, a well and operator history, and a few aerials for defendants and the Court to sift through, without providing citation to any specific documents in connection with the claims against Devon;

3. The contracts to which Plaintiff is alleged to be a lessor, assignee, third party beneficiary and/or successor-in-interest to, and which the defendants are alleged to have breached, are not identified or described; and

4. Allegations of time and place as to Devon are not sufficiently pled in a fashion that satisfies the requirements of Louisiana Code of Civil Procedure Article 860.[2]

4.

Accordingly, Devon asks that this Court grant its dilatory exception of vagueness and order that Plaintiff correct the deficiencies in the Petition by a certain date, specifying that failure to do so will result in dismissal of Plaintiff's action at its cost.

5.

**DILATORY EXCEPTION OF IMPROPER CUMULATION**

Devon raises the dilatory exception of improper cumulation pursuant to Louisiana Code of Civil Procedure article 926(A)(7) and Louisiana Code of Civil Procedure article 461, *et seq.* Plaintiff seeks to cumulate claims against eighteen (18) defendants, involving thousands of acres

[1] Petition, ¶¶ 2 and 4.
[2] *See* Petition.



NON-CERTIFIED COPY

of real property, concerning oil and gas operations spanning three (3) entirely separate oil and gas fields.[3]

7.

According to the well operator history attached to the Petition as Exhibit C, the operations in question are separate and distinct between the three (3) different fields at issue. Geographically, the wells that comprise each field are concentrated at three distinct locations.[4] Operationally, different defendants, or groups of defendants, conducted operations in certain fields. For example, Devon and its predecessors did not conduct any operations in the Valentine Field and only operated one well, located a distance away from the rest of the wells at issue, in the Bayou Des Allemands Field. Plaintiff's joinder of claims arising from unrelated oil and gas operations into a single suit constitutes an improper cumulation of actions.

6.

At this point, it remains uncertain how many separate tracts of land or leases were involved in this vast area. Based on a cursory review of public records, Devon and its predecessors hold a mineral servitude on most of the property at issue.[5] Therefore, Devon is uniquely situated as a mineral servitude owner with different obligations than mineral lessees. To the extent that the property involves separate and distinct tracts of land, upon which oil and gas operations were performed under separate and distinct oil, gas and mineral leases or other contracts (*e.g.* Devon's mineral servitude), Plaintiff's joinder of unrelated contract claims into a single suit constitutes an improper cumulation of actions.

8.

Accordingly, Devon requests that this Court order separate trials of the actions as to particular pieces of property or the particular claims asserted, or, order the plaintiff to elect which actions they shall proceed with, and to amend their petition so as to delete therefrom all allegations relating to the action which they elect to discontinue.

---

[3] *See* Petition, ¶ 2.
[4] *See* Exhibit A.
[5] *See* Exhibit B.



NON-CERTIFIED COPY

9.

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR CIVIL FRUITS OR STORAGE COSTS**

Pursuant to Louisiana Code of Civil Procedure article 927(A)(5), Devon raises the peremptory exception of no cause of action regarding Plaintiff's claims for civil fruits or storage costs. Plaintiff seeks damages for the alleged storage of "toxic pollution and other wastes on or in the groundwater and soils underlying the plaintiff's lands" based on Louisiana Civil Code article 486.[6]

10.

Louisiana Civil Code article 486 provides in pertinent part, "[a] possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses." In the context of oilfield legacy cases, Louisiana courts have held that avoided costs, or expenses not incurred, do not constitute a civil fruit under Louisiana Civil Code article 486.

11.

Accordingly, Plaintiff cannot recover storage costs or expenses avoided as civil fruits. Plaintiff's claims for civil fruits should be dismissed, with prejudice, at Plaintiff's cost.

12.

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR CONTINUING TORT AND CONTINUING TRESPASS**

Pursuant to Louisiana Code of Civil Procedure article 927(A)(5), Devon raises the peremptory exception of no cause of action regarding Plaintiff's claims that the discharge, disposal or storage of oil field waste and other wastes on the plaintiff's lands has created a "continuing, ongoing and damaging nuisance" and "constitutes a continuing trespass."[7]

---

[6] Petition, ¶ 31.
[7] Petition, ¶ 17.



NON-CERTIFIED COPY

13.

Louisiana law is clear that the continued presence of contamination alleged in oilfield legacy cases does not give rise to a continuing tort or continuing trespass.[8]

14.

Accordingly, Plaintiff has no cause of action for continuing tort or continuing trespass under Louisiana law, and Plaintiff's claims in that regard should be dismissed, with prejudice, at Plaintiff's cost.

15.

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR STRICT LIABILITY**

Pursuant to Louisiana Code of Civil Procedure article 927(A)(5), Devon raises the peremptory exception of no cause of action. Plaintiff alleges that the "storage and disposal of the aforementioned toxic and hazardous substances constitutes an ultrahazardous activity for which Devon is strictly liable.[9]

16.

Louisiana Civil Code article 667 was amended in 1996. Plaintiff has not alleged an activity which would be considered ultrahazardous under post-1996 article 667 (*i.e.*, blasting with explosives or pile driving).

17.

Plaintiff's Petition also fails to allege an activity of Devon or its alleged predecessors which would be considered ultrahazardous under pre-1996 article 667 (*i.e.*, one that does not require substandard conduct to cause injury).

18.

Further, pursuant to Louisiana Code of Civil Procedure article 927(A)(5), Devon raises the peremptory exception of no cause of action for the claim of strict liability under Louisiana Civil Code Articles 2317 and 2322.[10] Because the Petition does not establish any one of the

---

[8] *Hogg v. Chevron USA, Inc.*, 09-2632 (La. 7/6/2010), 45 So. 3d 991; *Marin v. Exxon Mobil Corp.*, 09-2368 (La. 10/19/2010), 48 So. 3d 234; *Wagoner v. Chevron USA Inc.*, 45,507 (La. App. 2 Cir. 8/18/2010), 55 So. 3d 12, 19-20 (*aff'd on rehearing*).
[9] Petition, ¶ 30.
[10] *See* Petition, ¶19.



NON-CERTIFIED COPY

elements necessary to have a cause of action for strict liability under Article 2317 or 2322, Devon requests that Plaintiff's claims under Louisiana Civil Code Articles 2317 and 2322 be dismissed.

19.

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR UNJUST ENRICHMENT**

Pursuant to Louisiana Code of Civil Procedure article 927(A)(5), Devon raises the peremptory exception of no cause of action regarding Plaintiff's claim of unjust enrichment. Here, Plaintiff has not adequately pled a single element essential to recover under a theory of unjust enrichment. Accordingly, Devon requests Plaintiff's claim for unjust enrichment be dismissed.

20.

**OTHER EXCEPTIONS**

Insofar as Devon is similarly situated with any other defendant herein, Devon pleads, pursuant to Louisiana Code of Civil Procedure article 853, any and all exceptions raised by that defendant and adopts by reference any memoranda submitted in connection therewith.

21.

**RULE 9.8 STATEMENT**

In accordance with the Uniform Rules of the Louisiana District Courts, Rule 9.8(a), Devon states that testimony may be offered in support of its exceptions as permitted by Louisiana Code of Civil Procedure Articles 930 and 931.

Furthermore, Devon represents that this matter has not yet been set for trial.

**WHEREFORE**, defendant, Devon Energy Production Company, L.P. prays that its exceptions be granted and the aforementioned causes of action dismissed at Plaintiff's cost, and the case severed by field, or for such other relief as is appropriate under the facts of the case.



NON-CERTIFIED COPY

Respectfully submitted:

*[signature]*

Esteban Herrera, Jr. (#20859)
Victor J. Suane, Jr. (#31337)
Sam Lumpkin (#35213)
Hattie V. Guidry (#35801)
**KEAN MILLER LLP**
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999

***Attorneys for Devon Energy Production Company, L.P.***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Exceptions, Rule to Show Cause and Memorandum in Support have been transmitted to all known counsel of record by electronic mail and/or U.S. mail, postage prepaid.

Baton Rouge, Louisiana, this 31st day of July, 2017.

*[signature]*

Hattie V. Guidry

FILED
JUL 31 2017
*[signature]*
Dy CLERK OF COURT



NON-CERTIFIED COPY

**SEVENTEENTH JUDICIAL DISTRICT COURT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**GOLDEN RANCH FARMS, LLC** — **DOCKET NO. 132505**

**v.**

**BP AMERICA PRODUCTION COMPANY, ET AL.** — **DIVISION "B"**

**MEMORANDUM IN SUPPORT OF EXCEPTIONS ON BEHALF OF DEVON ENERGY PRODUCTION COMPANY, L.P.**

**NOW INTO COURT**, through undersigned counsel, comes defendant Devon Energy Production Company, L.P., which submits this memorandum in support of its exceptions to the Petition for Damages and First Supplemental and Amending Petition for Damages (jointly, "Petition") filed by Golden Ranch Farms, LLC ("Plaintiff"). For the reasons set forth more fully herein, Devon's exceptions should be granted.

## I. INTRODUCTION AND FACTUAL BACKGROUND

Devon has been named as a defendant in this suit along with seventeen (17) other oil and gas companies. Defendants have been sued in connection with historical oil and gas exploration and production activities conducted in the Bayou Des Allemands, Larose, and Valentine Oil and Gas Fields, which encompass thousands upon thousands of acres in Lafourche Parish, Louisiana. The Operator History attached as Exhibit C to the Petition identifies 228 total wells at issue in the suit.

Plaintiff alleges that all named defendants "conducted, directed, and participated in various oil and gas exploration and production activities on plaintiff's property as operators, and/or working interest owners, and/or mineral or surface lessees, and/or mineral or surface lease assignees, and/or mineral lease sublessees, and/or servitude, executive interest or other mineral interest owners, and/or personal or predial servitude owners, and/or participants in joint operating agreements or unit operating agreements."[11] Further, Plaintiff alleges that "[d]efendants' activities include the operation or construction of various oil and gas facilities,

[11] *See* Petition, ¶ 6.



NON-CERTIFIED COPY

including but not limited to, pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, separators, and injection facilities."[12] Plaintiff alleges that the property is "believed to be contaminated" and that all defendants "either caused this contamination, or are otherwise legally responsible for [it]."[13] However, Plaintiff makes no effort to direct a single allegation toward any individual defendant, instead repeatedly making general allegations against all defendants collectively.

Plaintiff has sued defendants for alleged breaches of oil, gas and mineral leases, surface leases, servitude agreements, use agreements and other applicable contracts, as well as for alleged negligence, trespass, continuing trespass, continuing tort, nuisance, stigma damages, failure to warn, strict liability, punitive damages, failure to restore, and unjust enrichment.[14] In addition, Plaintiff seeks mandatory and prohibitory injunctions, restoration damages, assessment and response costs, civil fruits derived from alleged illegal trespass, stigma damages, punitive damages, and attorney's fees and expenses.[15]

In short, Plaintiff generally claims that the property at issue has been, and continues to be, damaged by oil and gas operations and that the property has not been properly restored. However, based on the insufficiency of the allegations in the Petition, this Court should maintain Devon's exceptions and dismiss several claims at Plaintiffs' costs because there is no legal or factual basis for those claims.

## II. LAW AND ARGUMENT

### A. Plaintiff's Petition is so Vague that Devon Cannot Adequately Prepare Responsive Pleadings.

When allegations in the petition are vague, general and indefinite, an exception of vagueness is appropriate.[16] The exception of vagueness has two primary purposes. First, it enables a defendant to prepare its defense by providing the nature of the facts to be proved.[17] Second, it enables the defendant to identify the cause of action so as to bar its future re-

---

[12] *See* Petition, ¶ 5.
[13] *Id.*
[14] *See* Petition, ¶¶ 15-34.
[15] *See* Petition, ¶¶ 35-38.
[16] *Brunson v. Mutual Life Ins. Co. of New York*, 189 La. 743, 180 So. 506 (La. 1938); *Broussard v. Broussard*, 381 So. 2d 942, 943 (La. App. 3 Cir. 3/5/80).
[17] *Roache v. Alpha Technical Servs., Inc.*, 10-1086, p. 6 (La. App. 5th Cir. 6/29/11), 71 So. 3d 520, 523 *writ denied*, 11-1622 (La. 9/30/11), 71 So. 3d 294 (*citing AAA Delivery, Inc. v. Airborne Freight Corp.*, 94-346 (La. App. 5th Cir. 11/16/94), 646 So. 2d 1113, *writ denied*, 94-3073 (La. 2/9/95), 649 So. 2d 423).



NON-CERTIFIED COPY

litigation.[18] A petition must give a defendant sufficient notice of the facts sought to be proven against him, and the purpose of the exception of vagueness is "to ensure that notice."[19]

Louisiana Code of Civil Procedure article 891 requires that a petition "contain a short, clear and concise statement of all of the causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." Further, Article 891 requires compliance with Code of Civil Procedure article 860, which specifically states "allegations of time and place are material and shall be considered as all other allegations of material matter." Plaintiff's Petition fails to meet these requirements. Under Louisiana law, when a petition does not allege with particularity the circumstances of the claims against each individual defendant and the facts upon which the alleged liability of each defendant is based, the petition is necessarily vague.[20]

First, the Petition is vague and ambiguous as to Plaintiff's interest, if any, in the property or alleged leases at issue. The Petition states that Plaintiff owns and/or uses the surface of the property at issue in this litigation.[21] However, Plaintiff provides no specific allegations regarding the nature of its interest in the property, the mode of acquisition of such interest, or the date(s) such interest was held. It is, therefore, cumbersome and impossible to determine:

1. Whether Plaintiff has any contractual privity with Devon;
2. What legal duty, if any, Devon may have owed to Plaintiff;
3. Whether Plaintiff is the proper party to sue for the relief requested;
4. Whether Plaintiff in fact has a right or cause of action against Devon; or
5. Whether certain affirmative defenses are available.

Such information is pertinent to this litigation and could serve as grounds for various exceptions and/or affirmative defenses.

Plaintiff's breach of contract allegations are also vague. Plaintiff alleges breaches of oil, gas and mineral leases and surface leases, and other applicable yet unidentified contracts. Despite the breadth of allegations regarding the types of contracts that may be at issue in this

[18] *Id.*
[19] *Id.*
[20] *Spell v. Executive Officers, Directors and/or Shareholders of P&W Indus, Inc.*, 316 So. 2d 474, 476 (La. App. 1st Cir. 6/30/75), *writ denied* 320 So. 2d 911 (La. 10/24/75).
[21] *See* Petition, ¶ 2.



9000671_1

NON-CERTIFIED COPY

suit, the Petition does not reference, cite to, or otherwise identify any specific contracts, or any particular provisions therein which were allegedly breached. As such, Plaintiff should be required to amend the Petition to identify which contracts were allegedly breached by each defendant, or at the very least which contracts relate to each defendant.

Further, Plaintiff fails to specifically plead material "allegations of time and place."[22] The Petition contains only general allegations as to all defendants collectively.[23] The Petition does not allege: (1) which particular defendants are responsible for particular areas of property contamination; (2) when the alleged contamination occurred; or (3) which defendant is responsible for the alleged contamination at particular areas of the thousands of acres at issue. Each allegation of conduct is merely directed at all defendants generally, without providing any detail specific to this cause of action. Furthermore, as support for all of its allegations, Plaintiff simply attaches public records, a well and operator history, and a few aerial photographs, without stating any facts or citing to any specific documents which would narrow or make its claims more clear.

As written, the Petition is impermissibly vague, ambiguous, and does not conform to the requirements of Louisiana Code of Civil Procedure Article 891. Devon will be prejudiced if it is required to prepare responsive pleadings, determine applicable affirmative defenses, or otherwise defend against Plaintiff's generalized and nonspecific claims. Plaintiff should be required to plead with particularity the alleged connections of all defendants, including Devon, to the allegations made in this lawsuit.

Accordingly, Devon requests that this Court order the Plaintiff to amend the Petition to cure the defects identified above, or, if the Plaintiff is unable to do so, dismiss the Petition in its entirety.

**B. Plaintiff Has Improperly Cumulated Numerous Causes of Action Into One Single Lawsuit.**

Louisiana Code of Civil Procedure article 647 provides that "the permissive joinder of two or more plaintiffs or defendants in the same suit is governed by the rules regulating the

---

[22] La. Code Civ. P. art. 860.
[23] *See* Petition.



NON-CERTIFIED COPY

cumulation of actions provided in Articles 463 through 465." Louisiana Code of Civil Procedure article 463 provides:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and enjoy the same form of procedure.

The test for determining whether the parties have a community of interest is whether the cumulated causes of action arise out of the same facts or whether they present the same factual or legal issues.[24]

The term "community of interest" means a common liability with respect to the subject matter of the suit.[25] More specifically, a "community of interest" means that the cumulated actions "arise out of the same facts or present the same factual and legal issues."[26] Accordingly, where there is no privity of contract, there is no "common liability" and therefore no "community of interest."[27] Equally inappropriate is the cumulation of tort claims where there are no common factual issues.[28]

Furthermore, the argument against allowing cumulation of actions is even greater when a party attempts to cumulate multiple actions against multiple defendants, as is made clear in Comment (a) to Louisiana Code of Civil Procedure article 463:

> While a single plaintiff may cumulate in the same suit two or more actions against the same defendant having no connection with each other, and based on different causes of action, of necessity, greater restriction on the privilege of cumulating actions must be imposed when the suit is brought by plural plaintiffs or against plural defendants. The test to be employed in the latter case is the traditional one of a "community of interest between the parties joined."[29]

---

[24] *See Strahan v. Maytag Corp.*, 99-0869 (La. App. 4 Cir. 4/5/00), 760 So.2d 463, 468.
[25] *See Keel v. Rodessa Oil & Land Co.*, 189 La. 732, 180 So. 502 (4/4/38).
[26] *Aaron v. Landcraft, Inc.*, 04-1319 (La. App. 5 Cir. 3/15/05), 900 So.2d 920, 923.
[27] *See, e.g., Copella v. Britt*, 188 So. 403 (La. App. 2nd Cir. 3/8/1939) (two or more persons cannot be joined in one suit either as plaintiff or defendant where there is no privity of contract); *Peninger v. Cox*, 125 So. 754 (La. App. 2nd Cir. 1/31/30).
[28] *See, e.g., Laborde v. Am. Nat'l Prop. & Cas. Companies*, 00-01091 (La. App. 3 Cir. 1/31/01), 780 So.2d 501 (plaintiff was not entitled to cumulate three separate accidents that occurred on two separate days).
[29] La. Code Civ. P. art. 463, Comment (a).



NON-CERTIFIED COPY

The failure to establish this "community of interest" results in two options for the court. Pursuant to Louisiana Code of Civil Procedure article 464, a court may: (1) order separate trials of the actions, or (2) order the plaintiffs to select the action they would proceed with and to amend their petition to delete the allegations relating to actions it elects to discontinue.

This case is improperly cumulated because it involves claims against **eighteen (18) defendants**, involving the operations of **228 wells** and associated facilities in **three (3) separate oil and gas fields**, comprising **thousands upon thousands of acres** of property, conducted over **seventy-nine (79) years**. Many of the alleged operations appear to have no overlap. At this point, it remains uncertain exactly how many separate tracts of land or leases were involved in this vast area. However, Devon reasonably anticipates there are dozens of mineral and surface leases, servitudes, and various other types of agreements associated with the operations at issue.

To the extent that the property at issue involves separate and distinct areas upon which oil and gas operations were performed under separate and distinct oil, gas and mineral leases, Plaintiff's joinder of these unrelated claims into a single suit constitutes an improper cumulation of actions. The dozens of mineral and surface leases, servitudes, and other types of agreements that are likely to be involved, considering the duration and volume of the operations at issue, will undoubtedly contain a variety of provisions that give rise to distinct and/or conflicting obligations that present different legal issues. For example, while Plaintiff is the surface owner of the property at issue, Devon is in effect the owner of most of the mineral interest in the property through a mineral servitude.[30] There are crucial distinctions between the obligations and duties applicable to mineral servitude owners versus mineral lessees.[31] Thus, Plaintiff's claims against the defendants do not arise out of the same facts and do not present the same factual issues, and there is no community of interest between the parties joined.

Moreover, geographic separation of the operations further defeats the community of interest required for cumulation under Louisiana Code of Civil Procedure article 463. The plat attached as Exhibit A depicts how the operations at issue are located in three (3) distinct locations that shape each oil and gas field at issue. Further, each field was operated by different

[30] *See* Exhibit B.
[31] *Walton v. Burns*, 47,388, p. 12 (La. App. 2nd Cir. 1/16/13), 151 So. 3d 616, 622.



NON-CERTIFIED COPY

defendants or groups of defendants. For example, Devon and its predecessors did not conduct any operations in the Valentine Field and only operated one well, secluded from the rest of the wells at issue, in the Bayou Des Allemands Field. Thus, Plaintiff's claims are easily divisible by the three (3) separate oil and gas fields. Devon should not be forced to participate in a suit involving a geographically distinct area in which it had no operations (i.e., the Valentine Field).

Plaintiff's grouping of vast tracts of land in the same action only complicates a suit that, even if it involved only a single oil and gas field, would still require untangling the various contractual relationships, property interests, and operations occurring across that area. Forcing a trial of all these claims together would result in jury confusion and ultimately prejudice the defendants. Ensuring a fair and impartial trial for all participants is the goal of Articles 463 through 465 and Article 1561 of the Louisiana Code of Civil Procedure. In order to achieve this goal, this Court should grant Devon's dilatory exception of improper cumulation of actions and parties, and order the Plaintiff to "elect which actions [it] shall proceed with" and dismiss all other actions or claims.[32] In the alternative, Devon asks that, in "the interest of justice" and in order to "simplify the proceedings" and "permit a more orderly disposition of the case," the Court order a separate trial of all the cumulated actions.[33]

**C. Plaintiff Has No Cause of Action for Civil Fruits or Storage Costs Under Louisiana Law.**

Plaintiff claims it is entitled to recover "civil fruits" derived from the defendants' alleged storage of "toxic pollution and other wastes on or in the groundwaters and soils underlying the plaintiff's lands."[34] Plaintiff bases its claim upon Louisiana Civil Code Article 486, which states in part that "[a] possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses."

Louisiana Civil Code article 551 defines fruits as "things that are produced by or derived from another thing without diminution of its substance." It goes on to further define civil fruits as "revenues derived from a thing by operation of law or by reason of a juridical act, such as rentals, interest and certain corporate distributions." Plaintiff states that "[d]efendants have

[32] La. Code Civ. P. art. 464.
[33] La. Code Civ. P. art. 465.
[34] Petition, ¶ 31.



NON-CERTIFIED COPY

derived substantial economic benefits" from their storage of toxic pollution and waste.[35] As such, Plaintiff claims it is entitled to the civil fruits derived from the defendants' trespass.

The Louisiana Second Circuit Court of Appeal has held that expenses not incurred for storage or disposal are not civil fruits as defined in Article 551:

> The "savings" or economic benefit realized by defendants in disposing of/storing their waste or byproducts on the property rather than disposing of/storing them offsite does not qualify as "fruit" much less as a "civil fruit." Nothing was produced by or derived from the property as a result of the storage/disposal of oilfield waste, and there were no revenues, such as rentals, interest or a corporate distribution, derived from the property by virtue of the storage/disposal of oilfield waste.[36]

Citing this language in *Wagoner*, the court in *Alford v. Anadarko E &P Onshore LLC*, facing similar claims, also found that "avoiding costs is not the same as earning revenues" and held that the *Alford* plaintiffs had not stated a cause of action for civil fruits.[37]

Since savings or expenses not incurred are not civil fruits as defined by Article 551, Plaintiff is not entitled to any damages under Louisiana Civil Code Article 486. Accordingly, Devon requests that its exception of no cause of action be granted and Plaintiff's claim for civil fruits be dismissed.

**D. Plaintiff Has No Cause of Action for Continuing Tort and Continuing Trespass Under Louisiana Law.**

Plaintiff's Petition fails to state a cause of action for continuing tort and continuing trespass. Plaintiff's claim that the "oil and gas exploration and production activities and the associated discharge, disposal or storage of oilfield waste on the plaintiff's Property have created a continuing, ongoing and damaging nuisance . . . "[38] Plaintiff further claims that "the continued presence of oilfield wastes on the Property constitutes a continuing trespass."[39] As such, Plaintiff alleges that the same omission, *i.e.*, the failure to remove alleged contamination (which has resulted in the alleged continued presence of oilfield wastes), is the basis for both causes of action.

---

[35] *Id.*
[36] *Wagoner v. Chevron USA Inc.*, 45,507 (La. App. 2 Cir. 8/18/10), 55 So. 3d 12, 19-20 (*aff'd on rehearing*).
[37] CIV. 13-5457, 2014 WL 1612454 at p. 18 (E.D. La. 4/22/14).
[38] Petition, ¶ 17.
[39] *Id.*



NON-CERTIFIED COPY

The Supreme Court directly addressed the issues of continuing tort and continuing trespass in *Hogg v. Chevron USA, Inc.*[40] In *Hogg*, the Court stated that both causes of action utilize the same analysis: "the court must look to the operating cause of the injury sued upon and determine whether it is a continuous one giving rise to successive damages, or whether it is discontinuous and terminates, even though the damage persists and may progressively worsen."[41]

In *Hogg*, underground storage tanks had leaked gasoline onto the plaintiffs' property, and were replaced in 1997. Suit was filed in 2007. In an effort to avoid prescription, the plaintiffs in *Hogg* argued that the underground migration of toxic substances constituted a trespass, and "that all trespasses are, by definition, continuous in nature."[42] After questioning whether trespass applied at all, since there was no proof of an intentional act, the Supreme Court first reiterated the principle that a continuing trespass is a continuing tort, and then went on to state that a continuing tort is "occasioned by [continual] unlawful acts, not the continuation of the ill effects of an original, wrongful act."[43] The tortfeasor, to commit a continuing tort or trespass, must perpetuate the injury "through **overt, persistent, and ongoing acts**."[44] Where the allegedly wrongful conduct is completed, but a plaintiff continues to experience injury in the absence of any further activity by the trespasser, no continuing trespass exists.[45]

The Court, noting no allegations of new tortious conduct after the initial leakage ceased, determined that the mere presence of the toxic substance (gasoline) in the subsurface was merely a continued ill effect of the original tortious incident (leaking of gasoline from underground storage tanks).[46] Therefore, the Court found that the failure to remediate after the tortious conduct occurred was not a continuing operating cause of injury, and did not constitute a continuing tort or continuing trespass.[47]

Similarly, the issue of continuing tort and continuing trespass in the context of an oilfield legacy case was squarely addressed by the Louisiana Second Circuit Court of Appeal in

[40] 09-2632 (La. 7/6/10); 45 So. 3d 991.
[41] *Id.* at 1003-04 (emphasis added).
[42] *Id.* at 1002.
[43] *Id.* at 1003 (emphasis added).
[44] *Id.* (emphasis added).
[45] *Id.* at 1005.
[46] *Id.* at 1006.
[47] *Id.*



NON-CERTIFIED COPY

*Wagoner v. Chevron USA Inc.*[48] The plaintiffs in *Wagoner* claimed causes of action for continuing tort, nuisance, and trespass, contending that the defendant's (Chevron) "failure to remediate the leaking pits and to restore the condition of the land is causing their property to increasingly deteriorate and, thus, constitutes a continuing tort."[49] The Second Circuit in *Wagoner* found that "Chevron's failure to remediate the leakage from the pits does not constitute a continuing wrong because **the failure to remediate was not the operating cause of the damage**; the leakage was."[50] Therefore, the court found that "the continuing tort doctrine is inapplicable to this case."[51]

In *Marin*, the plaintiffs made allegations similar to those in the Petition in the instant case: that the alleged pollution continued to migrate, cause successive damage, and cause ongoing and cumulatively increasing deterioration on their property.[52] Nevertheless, relying on *Hogg*, the Louisiana Supreme Court found that "the operating cause of plaintiffs' injury was still the actual disposal or storage of the oilfield waste in unlined pits on plaintiffs' property."[53] The Court found that the operating cause of injury in that case ceased, at the very latest, when the pits ceased to be used, *i.e.*, when the actual disposal or storage ceased.[54]

As *Hogg*, *Marin*, and *Wagoner* direct, a cause of action for continuing tort or continuing trespass requires identification of the operating cause of the injury, and then determining whether that cause is continuous, giving rise to successive damages, or discontinuous even though damage resulting from the cause may progressively worsen. Just as in *Wagoner*, in the instant case, Plaintiff's claims for continuing tort and continuing trespass are both founded on the failure to remediate the property and the resulting continued presence of oilfield wastes. However, as *Hogg*, *Marin*, and *Wagoner* specifically point out, neither the mere presence of a contaminant in the subsurface nor the failure to remediate the subsurface *is* the true operating cause of injury; rather, both are merely continued ill effects *from* the true operating cause of the injury.

48 45,507 (La. App. 2nd Cir. 8/18/10), 55 So. 3d 12, *on rehearing* (9/24/10).
49 *Id.* at 24.
50 *citing Hogg, supra*, and *Marin v. Exxon Mobil Corp.*, 09-2368, 09-2371 (La. 10/19/10), 48 So. 3d 234.
51 *Id.* (emphasis added).
52 *Marin, supra*, at p. 254.
53 *Id.*
54 *Id.* (*See also*, *Alford, supra*, at p. 37-40 (analyzing *Marin*, the court additionally found that the improper closing of pits did not alter the cessation of the operating cause of the injury, which is when the pits stopped being used, not when they were properly closed as alleged by the plaintiffs therein)).



NON-CERTIFIED COPY

Therefore, the causes alleged in the Petition do not constitute a continuing tort or continuing trespass.

Accordingly, Devon requests that its exception of no cause of action be granted and Plaintiff's claims for continuing tort and continuing trespass be dismissed.

**E. Plaintiff Has Not Stated a Cause of Action for Which Defendants Can Be Found Strictly Liable Under Louisiana Law.**

The Petition alleges that the defendants are strictly liable for damage caused by their "handling, storage, discharge, and disposal of toxic and hazardous and toxic oil field waste on and/or adjacent to the plaintiff's property" under Louisiana Civil Code Articles 667, 2317 and 2322.[55]

***i. The Plaintiff Cannot Show Devon's Operations Included Pile Driving or Blasting Under Post-1996 Article 667 or Ultrahazardous Activity Under Pre-1996 Article 667.***

Louisiana Civil Code article 667 was significantly amended effective April 16, 1996. Because Plaintiff fails to specify the dates when the alleged damages were caused, it is not clear whether Plaintiff attempts to state a cause of action under the pre- or post-amendment version of Article 667, or both. Regardless of which version of the law applies, Plaintiff has failed to state a cause of action for strict liability arising out of Article 667.

With regard to any activities that occurred after April 16, 1996, the Supreme Court has explained that:

> Article 667 now clearly articulates that the only cognizable ultra hazardous activities are "pile driving" and "blasting with explosives." Any other activities besides the two the article specifically lists are not ultra-hazardous for purposes of article 667. Thus, to qualify for the absolute liability standard, the plaintiff must show that the activity complained of is either "pile driving" or "blasting with explosives."[56]

Plaintiff does not allege the defendants engaged in pile driving or blasting with explosives. Thus, to the extent that any of the alleged activities by the defendants' alleged predecessors occurred after the 1996 amendment to Article 667, the Court should grant Devon's exception of no cause of action for absolute liability arising under Article 667.

---

[55] Petition, ¶¶ 19 and 30.

[56] *Yokum v. 615 Bourbon Street*, 07-1785 (La. 2/26/08), 977 So.2d 859, 874 (citing *Suire v. Lafayette City-Parish Consolidated Government*, 04-1495 (La. 4/12/05), 907 So.2d 37, 49).



NON-CERTIFIED COPY

To the extent that any activities allegedly occurred prior to April 16, 1996, Louisiana courts have adopted a three-prong test to determine the existence of an ultrahazardous activity.[57] In *Burton v. Conoco Offshore, Inc.*,[58] the court explained that the three-pronged test requires (a) that the activity must relate to land or some other immovable; (b) that the activity itself must cause the injury, and the defendant must be engaged directly in the injury-producing activity; and (c) the activity must not require substandard conduct to cause injury.[59]

The crucial issue in assessing ultrahazardous activity concerns whether the conduct could have been safely done.[60] To be deemed ultrahazardous, the activity must present a risk of harm that cannot be eliminated through the exercise of due care.[61] If the activity can be conducted without a high degree of risk of injury by exercising due care, it is not considered ultrahazardous.[62]

Louisiana Courts have found that disposal of hazardous wastes is not considered ultrahazardous if performed properly. In *Bartlett v. Browning*, the court held that a hazardous waste disposal facility, properly operated in accordance with state and federal rules and regulations, will not cause harm to the residents of its surrounding area.[63] In addition, the Louisiana First Circuit Court of Appeal has held that the storage of toxic substances in pits is not an ultrahazardous activity.[64] Thus, Plaintiff's allegation that the defendants' operations and activities constitute ultrahazardous activity is not supported by Louisiana jurisprudence. The storage of "oil field waste substances" can be conducted without a high degree of risk of injury by exercising due care, and, therefore, is not an ultrahazardous activity. As such, the defendants cannot be held strictly liable for any alleged oil field waste disposal.

---

[57] *Bartlett v. Browning-Ferris Industries Chemical Servs., Inc.*, 96-218 (La. App. 3rd Cir. 11/6/96), 683 So. 2d 1319, 1321, *writ denied*, 97-0317 (La. 3/27/97).
[58] 93-599, pp. 4-5 (La. App. 5th Cir. 2/9/1994), 631 So. 2d 1374, 1377.
[59] *Bartlett*, 683 So. 2d at 1321-1322; *Kent v. Gulf State Utilities Co.*, 418 So. 2d 493, 498 (La. 4/30/82); *Triplette v. Exxon Corp.*, 554 So. 2d 1361, 1362 (La. App. 1st Cir. 12/19/89) (*citing Perkins v. F.I.E. Corp.*, 762 F. 2d 1250, 1267-68 (5th Cir. 6/17/85)).
[60] *Davis v. Insurance Co. of North America*, 94-0698 (La. App. 1st Cir. 3/3/95), 652 So. 2d 531, 537.
[61] *O'Neal v. International Paper Co.*, 715 F. 2d 199, 202 (5th Cir. 1983).
[62] *Bartlett*, 638 So. 2d at 1322 (*citing Kent v. Gulf States Utilities Co.*, 418 So. 2d 493 (La. 4/30/82).
[63] 683 So. 2d at 1321-1322.
[64] *Ewell v. Petro Processors of Louisiana, Inc.*, 364 So. 2d 604, 647 (La. App. 1st Cir. 10/9/78), *writ denied*, 366 So. 2d 575 (La. 1979) (the record ... did not support a conclusion that the storage of hazardous waste was ultrahazardous").



NON-CERTIFIED COPY

Even if Plaintiff could claim some activity other than those mentioned above, the Petition itself undercuts Plaintiff's claims. Specifically, the Petition alleges that it was the defendants' negligence and substandard conduct that caused the alleged damage to the Property.[65] The assertion of negligence defeats the third prong of the test. In other words, Plaintiff essentially claims that the activity could have been done safely, but for the defendants' substandard conduct. Therefore, Plaintiff's own allegations contradict its cause of action for strict liability under Art. 667.

Due to the fact that Louisiana Courts have held that storage of "oil field waste substances" is not considered to be an ultrahazardous activity and that the Petition alleges substandard conduct as a cause of the alleged injuries, Plaintiff has failed to assert a cause of action for strict liability under Article 667. Accordingly, Devon requests that its exception of no cause of action be granted and Plaintiff's claim for strict liability under Louisiana Civil Code article 667 be dismissed.

***ii. Plaintiff Has No Cause of Action For Strict Liability Under Louisiana Civil Code Article 2317.***

To recover under the theory of strict liability under Article 2317, Plaintiff must prove: (1) the thing or instrumentality contains a vice or defect that created an unreasonable risk of harm to others; (2) the defendant had custody over the thing which allegedly caused the damage; and (3) the vice or defect in the thing or instrumentality caused the Plaintiff's injuries.[66] In the instant suit, Plaintiff pleads only generally that defendants had custody or control of the equipment and facilities that caused the alleged damages. Plaintiff does not plead specific dates when alleged damages occurred; therefore it does not allege which particular defendant had custody over the equipment and facilities when the alleged damages occurred. Second, Plaintiff does not plead that there was a vice or defect that created an unreasonable risk of harm to its property. Finally, Plaintiff does not plead that a vice or defect in defendants equipment caused damage to Plaintiff's property. Accordingly, the Petition does not establish any one of the elements necessary to assert a cause of action for strict liability under Article 2317. As such, Devon

---

[65] Petition, ¶¶ 5 and 28.
[66] *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1363 (La. 6/18/92); *Loescher v. Parr*, 324 So. 2d 441, 449 (La. 12/8/75).



NON-CERTIFIED COPY

requests that its exception of no cause of action be sustained and Plaintiff's claim for strict liability under Louisiana Civil Code Article 2317 be dismissed.

### *iii. Plaintiff has No Cause of Action For Strict Liability Under Louisiana Civil Code Article 2322.*

Plaintiff also alleges strict liability pursuant to Louisiana Civil Code article 2322. To recover under this theory of strict liability, Plaintiff must prove: (1) there was a building; (2) the defendant was its owner; and (3) injury was caused by a "ruin" resulting from a vice in original construction or neglect to repair.[67] Plaintiff again fails to plead the required elements in which to have a cause of action under Article 2322. Instead, Plaintiff presents a general statement that fails to identify any buildings; fails to give specific dates when alleged damages occurred, rendering it impossible to know which particular defendant had *garde* over any such "buildings," and fails to allege whether the damage was caused by a "ruin" resulting from a vice in original construction or neglect to repair, or what such "ruin" might have been. The Petition does not establish any one of the elements necessary to assert a cause of action for strict liability under Article 2322. Accordingly, Devon requests that its exception of no cause of action be sustained and Plaintiff's claim for strict liability under Louisiana Civil Code Article 2322 be dismissed.

### F. Plaintiff Has No Cause of Action for Unjust Enrichment.

The Petition alleges unjust enrichment as a result of the defendants' "unauthorized use of the plaintiff's lands to store and dispose of toxic contamination."[68] Unjust enrichment is available to a plaintiff only where no express remedy is provided.[69] The Supreme Court has identified five factors that must be satisfied in order to successfully prove unjust enrichment: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and impoverishment, and (5) no other remedy at law available to the impoverishee.[70] To be able to recover under the

---

[67] *Olsen v. Shell Oil Co.*, 365 So.2d 1285, 1289 (La. 11/16/78).
[68] Petition, ¶ 34.
[69] *Walkers v. MedSouth Record Management, LLC*, 10-0353 (La. 6/4/10), 38 So.3d 243.
[70] *Minyard v. Curtis Products, Inc.*, 205 So.2d 422, 432 (La. 12/11/67).





NON-CERTIFIED COPY

theory of unjust enrichment, "a claimant must prove all five elements; if any one is not proven, the claimant's recovery is barred."[71]

Here, Plaintiff has not adequately pled the elements essential to recover under a theory of unjust enrichment. Plaintiff merely asserts that the defendants have been unjustly enriched by an unauthorized use of Plaintiff's property.[72] There are no supporting facts to satisfy the first four requirements that there has been an enrichment, an impoverishment, or that there is a connection between the two with no justification for the cause. In addition, Plaintiff fails to satisfy the fifth requirement based on the fact that the Petition asserts several causes of action against the defendants under theories of tort and breach of contract, which precludes a cause of action for unjust enrichment.[73]

Accordingly, as the Petition does not establish the elements necessary to recover under the theory of unjust enrichment, Devon requests that its exception of no cause of action be granted and Plaintiff's claim for unjust enrichment be dismissed.

## III. CONCLUSION

**WHEREFORE**, based on the foregoing, Devon Energy Production Company, L.P. prays that, after due proceedings are had, judgment sustaining Devon's exceptions be rendered in its favor and against Plaintiff.

---

[71] *Coastal Envir. Specialists, Inc. v. Chem-Lig Intern., Inc.* 00-1936 (La. App. 1 Cir. 11/09/11); 818 So.2d 12, 19.

[72] *See* Petition, ¶ 34.

[73] *See Morphy, Makofsky & Masson, Inc. v. Canal Place 2000*, 538 So.2d 569, 575 (La. 1/30/89)(The Court stated that the existence of a contract claim precludes application of the unjust enrichment theory because "there exists an independent remedy at law, that is, in contract."); *Mongrue v. Monsanto Co.*, 1999, U.S. Dist. Lexis 16663, *13 (E.D. La. 1999) (Court rejected an unjust enrichment claim because plaintiff had a plausible trespass remedy under tort.).



NON-CERTIFIED COPY

Respectfully submitted:

Hattie Guidry

Esteban Herrera, Jr. (#20859)
Victor J. Suane, Jr. (#31337)
Sam Lumpkin (#35213)
Hattie V. Guidry (#35801)
**KEAN MILLER LLP**
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999

***Attorneys for Devon Energy Production Company, L.P.***



NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Exceptions, Rule to Show Cause and Memorandum in Support have been transmitted to all known counsel of record by electronic mail and/or U.S. mail, postage prepaid.

Baton Rouge, Louisiana, this 31st day of July, 2017.

Hattie V. Guidry

FILED
JUL 31 2017
CLERK OF COURT



NON-CERTIFIED COPY




ALL-STATE LEGAL®
EXHIBIT
A

FILED
JUL 31 2017
Rita A Benard
Dy
CLERK OF COURT

NON-CERTIFIED COPY

164711

## MINERAL DEED

For and in consideration of the sum of Ten Thousand Dollars ($10,000.00) and other good and valuable consideration to me in hand paid by the Grantee hereinafter named, the receipt and sufficiency of which is hereby acknowledged and confessed, I, C. EDWIN GHEENS, husband of MARY JO GHEENS, nee Lazarus, residents of Louisville, Kentucky, hereinafter called "Grantor", do hereby, subject to the production payment herein reserved and the terms and provisions hereinafter contained, BARGAIN, SELL, GRANT, and CONVEY unto UNION PRODUCING COMPANY, a Delaware corporation with principal offices in Shreveport, Louisiana, its successors and assigns, hereinafter called "Grantee", all of the minerals of every kind and character, including but not limited to, oil, gas, and other hydrocarbons and sulphur (hereinafter called "minerals") in, on the surface of, and under the following described land situated in Lafourche Parish, Louisiana, to-wit:

All of those certain lands, together comprising the Golden Ranch Plantation, situated in Townships 15, 16 and 17 South, Ranges 19, 20 and 21 East, Lafourche Parish, Louisiana, more particularly described as follows:

(1) A certain tract of land commonly known and described as the Vacherie Plantation, situated in the Parish of Lafourche, State of Louisiana, measuring about three leagues front on Bayou de la Vacherie, and extending in depth about two leagues; bounded on one side by a small piece of land and a large shell bank known by the name of Temple, and from the Temple to the rear line by Bayou des Allemands, and on the other side by a line running in the middle of a low marsh, known as Prairie du Petit Bois; the same being more accurately described as follows:

Beginning at the intersection of the East boundary of T 15 S, R 20 E, with the right bank of Bayou des Allemands, running thence Southeasterly down and along the right bank of Bayou des Allemands, to the mouth of Bayou des Allemands, and along the Westerly shore of Lake Ouacha to the mouth of Bayou de la Vacherie where Bayou de la Vacherie empties into Lake Ouacha or Salvador; running thence up and along the left bank of Bayou de la Vacherie to a point where said Bayou is intersected by a line running N 53 degrees West, and crossing the Southern boundary of T 16 S, R 20 E, at a point 182 chains and 51 links East of the Southwest corner of said Township; running from the said point of intersection North 53 degrees West 93 chains to an iron stake; thence North 47 degrees 30 minutes West 140 chains and 43 links to an iron stake; thence North 11 degrees West 141 chains and 76 links crossing the East boundary of T 16 S, R 19 E, at a point 289 chains and 78 links South of the Northeast corner of said Township to an iron stake, thence North 7 degrees 36 minutes East 4 chains and 66 links to an iron stake; thence North 60 degrees East 93 chains and 44 links, crossing the East boundary of T 15 S, R 19 E, at a point 160 chains and 42 links South of the Northeast corner of said Township to an iron stake; thence North 49 degrees 38 minutes East 848 chains to the right bank of Bayou des Allemands, thence South 70-1/2 degrees East down the right bank of said Bayou 8 chains and 65 links to the place of beginning, excepting therefrom a parcel of land and shell banks known by the name of Temple, designated Section 39, on a plan on file in the office of Surveyor General of Louisiana, entitled "Plat of the Claims of Charles J. B. Fleurian, Old Board No. 213, Act of Congress, July 27, 1854", and endorsed "Examined and Approved February 2, 1859 William J. McCulloch, Surveyor General of Louisiana", and more particularly described as follows: 164711

EXHIBIT B

ALL-STATE LEGAL



NON-CERTIFIED COPY

Beginning at the mouth of Bayou de la Vacherie on the left bank thereof, being the Southeast corner of the tract of land above described and the lower corner of the said Section 39, running thence North 24 degrees East 5 chains; thence North 5 degrees West 5 chains, thence North 38 degrees West 2 chains and 30 links; thence North 87 degrees West 2 chains and 20 links; thence North 52 degrees West 3 chains and 30 links; thence North 12 degrees, East 3 chains, thence North 3 degrees, West 5 chains and 20 links; thence South 83 degrees West 3 chains, North 83 degrees, West 5 chains and 20 links; thence North 37 degrees, West 3 chains; thence North 22 degrees, West 2 chains and 70 links; thence North 50 degrees East 4 chains; thence North 44 degrees, East 2 chains and 80 links; thence North 17 degrees West 1 chain and 70 links; thence North 27 degrees West 3 chains; thence North 7 degrees West 2 chains and 80 links; thence North 19 degrees West 2 chains and 50 links; thence 45 degrees West 2 chains; thence South 51 degrees West 2 chains and 80 links; thence North 30 degrees West 1 chain and 10 links; thence North 76-1/2 degrees West 3 chains and 45 links to a point on the right bank of Bayou des Allemands, being the upper corner of the said Section 39; thence Easterly and Southerly down and along the right bank of said Bayou and the Westerly shore of Lake Ouacha to the place of beginning.

164711

(2) All that part of the following described land situated in the Parish of Lafourche, State of Louisiana, lying back of the 80 arpent line from Bayou Lafourche, to-wit:

A certain tract of land known as the Vacherie-Charbonnet, comprising 14,001 acres back of said 80 arpent line, and designated as Tract No. 2 on the Daney and Waddill Plan hereinafter mentioned, being bounded by Bayou de la Vacherie which separates it from the plantation formerly owned by Charles Derbigny, by Lake Ouacha or Salvador, by Bayou Catahoula, Harang's Canal and by a line starting on the 40 arpent line from Bayou Lafourche at a point about 83 chains from Harang's Canal and running North 9 degrees West until it intersects Bayou Vacherie; and being tract No. 2 of the Daney and Waddill plan hereinafter mentioned, less 2314 acre tract thereof which was adjudged to belong to D. Harang, et al. in the matter entitled D. Harang et al. v. Golden Ranch Land & Drainage Company, reported in 143 La. Rep. 982, etc.

(3) The following described lots of land situated in the Parish of Lafourche, and the State of Louisiana, to-wit: The part of Lot No. 51, lying South of the Southerly line of the right of way of the Southern Pacific Railroad, and all of Lots Nos. 52, 56 and 58, on a plan of Bougerol, Deputy U. S. Surveyor, dated April 25, 1837, and deposited in the office of Theodore Seghers, a notary public of the City of New Orleans, as plan No. 42; the said tracts being more fully described as follows:

(a) One thousand and thirty-two arpents of Lot No. 51 according to the Bougerol Plan, situated on the right bank of Bayou des Allemands, about 92 arpents from said bayou, being of an irregular shape, bounded towards Bayou des Allemands by portions of Lot No. 50 and 53 of said plan, on the upper line by Lot No. 49, on the lower line by Lot No. 52, and in the rear or towards Bayou Lafourche by Lot 16 of said plan and portions of Lots Nos. 15 and 17 of said plan, the upper line separating it from Lot 49 having a depth of about 26 arpents, the lower line separating it from Lot 52 having a depth of about 52 arpents and on a line drawn at right angles between upper line and lower line having a depth of 40 arpents; said Lot No. 51 originally containing 1532 arpents; of which F. A. Thibodaux, a former owner, sold to Felicien Thibodaux, 500 arpents situated northwest of the Southern Pacific Railroad Company's tracks which run through said lot.

164711

(b) Two thousand, six hundred arpents or Lot No. 52 of Bougerol Plan, situated on the right bank of Bayou des Allemands about 85 arpents from said bayou; bounded on the side nearest Bayou des Allemands by portions of Lots 53 and 54 of said plan, above by Lot No. 51, below by Lot No. 34, and in the rear or towards Bayou Lafourche by Lot No. 15 and portions of Lot No. 17 of said plan, measuring on the upper line separating it from Lot No. 51 about 52 arpents, and on the lower line separating it from Lot No. 34 about 60 arpents, and the line drawn at right angles between said upper and lower lines having a length of 40 arpents.



NON-CERTIFIED COPY

(c) Four thousand, seven hundred Arpents or Lot No. 55 of the Bougerol Plan of Vacherie Dugue-Livaudais, situated about three and one half miles below the bridge of the Southern Pacific Railroad Crossing Bayou Des Allemands, bounded on the East by Bayou des Allemands on which it has a front of 40 arpents by a depth of 107 arpents on the upper line and a depth of 125 arpents on the lower line between parallel lines; bounded on the north, south and west by other lands formerly of the Estate of F. A. Thibodeux.

(d) Five thousand two hundred and thirty-five arpents or Lot No. 56 of the Bougerol Plan, situated on the right bank of Bayou des Allemands, having a width of

40 arpents, the upper line having a depth of 125 arpents, the lower line having a depth of 136 arpents, bounded in front by Bayou des Allemands, above by Lot No. 55 of said plan, below by lands of J. R. Gheens & Bros., and in the rear or towards Bayou Lafourche by Lot No. 55, and a portion of Lot No. 57 of said plan, all as will more fully appear on a plan compiled by Daney & Waddill, Civil Engineers of New Orleans, which said plan was approved and paraphed by H. L. Loomis, Jr., Notary Public, of New Orleans, and on file and of record in his office. 164711

The lands hereinabove described are delineated and detailed on a plan drawn by Daney & Waddill, Civil Engineers and Surveyors of New Orleans, Louisiana, in the year 1906, and copies of which plans are annexed to acts passed in the offices of P. M. Milner and H. L. Loomis, Notaries Public in the City of New Orleans.

There is excepted from the above land 2 acres situated at the Company canal near the bridge and being all and the same 2 acres of land mentioned in the certain act and deed from John R. Gheens to the Gheens Realty Company before H. L. Loomis, Jr., Notary Public at New Orleans on April 27, 1915, registered on June 21, 1917, in C. B. 40, Folio 156, as having been sold by said John R. Gheens to the Northern Presbytery.

(4) (a) That portion of the Canal known as Barataria and Lafourche Canal which is situated in the Parish of Lafourche, extending from the Eastern limits of the Parish of Lafourche, in a Westerly direction through the said Parish to the East bank of Bayou Lafourche, opposite the town of Lockport, said portion of said Canal being 13 miles in length, more or less; together with all the right of way and land on either side of the canal thereto belonging, with all rights and privileges thereto belonging to said canal. (Being part of the same property acquired by R. R. Barrow from F. Cayoso Tennant on June 11, 1897, C. B. No. 25, page 318).

(b) A certain tract of land on the left bank of Bayou Lafourche and on the left bank or upper side of the Lafourche and Barataria Canal at about twenty-two miles below the town of Thibodaux, measuring 12 arpents, more or less in depth by 140 feet more or less in width; bounded on the North by lands of John Lyall, formerly an Estate

of Sylvere Bourg, now or formerly, and East by property of the Lafourche and Barataria Canal. (Being the same property acquired by R. R. Barrow from Washington Henderson and Michel Forest on September 3, 1900. See C. B. 34, page 417 and 419).

(c) A certain tract of land situated in the Parish of Lafourche on the left descending bank of Bayou Lafourche, at about 22 miles below the town of Thibodaux, measuring 140 feet in width by a depth of 10 arpents, said piece of land being situated in the rear part of the land sold by Michel Forest et al., to Robert Ruffin Barrow on September 3, 1900; bounded on the North or above by land belonging to the Succession of Annie Lyall and Sylvere Bourg, now or formerly, and on the lower side by property of the Barataria Canal, on the front by land of Robert R. Barrow. 164711

(d) A certain tract of land situated in the Parish of Lafourche, on the left descending bank of Bayou Lafourche, at about 22 miles below the town of Thibodaux, and measuring 140 feet front or width by a depth of six arpents, said piece of land being situated in the rear of the land just above described; bounded on the North or above by land belonging to the Succession of Annie Lyall and Sylvere Bourg, formerly and on the lower side by the Barataria Canal and on the front by property of Robert R. Barrow. (Acquired by Robert R. Barrow from Michel Forest



NON-CERTIFIED COPY

September 10, 1900. See C. B. 34, page 4431.

The same having all been acquired by Mrs. Zoe Barrow Topping from the Succession sale of Robert R. Barrow on July 22, 1928, by Camille C. Barrios from Mrs. Zoe Barrow Topping by act of sale passed before Edmond L. Deramee, Notary Public, on August 22, A. D. 1930, and by the grantor herein from Camille C. Barrios and wife by deed dated August 28, 1930, recorded in C. B. 65, page 421, of the Parish of Lafourche.

LESS AND EXCEPT from all of the property described above the following four tracts:

(1) 5,000 acres of the above described property held under mineral lease by Amerada Petroleum Corporation, which lease was granted by Charles Edwin Gheens, as Lessor, to Louisiana Land and Exploration Company and Amerada Petroleum Corporation, as Lessee, on May 17, 1935, recorded in Book 73, page 356, of the Conveyance Records of Lafourche Parish, Louisiana, described in that certain partial release granted by Amerada Petroleum Corporation et al. to Charles Edwin Gheens, dated February 28, 1947, recorded in Book 125, page 232, under Entry No. 73133, of the Conveyance Records of Lafourche Parish, Louisiana;

(2) 5,000 acres of the above described property held under mineral lease by Joe E. Brown, being the same lands described in oil, gas and mineral lease from C. Edwin Gheens, as Lessor, to Wylmer I. Pool, as Lessee, recorded in Book 132, page 473, under Entry No. 77554, of the Conveyance Records of Lafourche Parish, Louisiana;

(3) 3,000 acres of the above described property held under mineral lease by Humble Oil & Refining Company, which lease was granted by C. Edwin Gheens, as Lessor, to Wylmer I. Pool, as Lessee, dated September 21, 1950, recorded in Book 150, page 494, under Entry No. 84549, of the Conveyance Records of Lafourche Parish, Louisiana, described as Block 1 in that certain instrument executed by Humble Oil & Refining Company and C. Edwin Gheens dated September 19, 1951, and recorded in Book 158, page 258, under Entry No. 99787, of the Conveyance Records of Lafourche Parish, Louisiana; and

(4) 3,224 acres of the above described property held under mineral lease by Pan American Petroleum Corporation, and being described in oil, gas and mineral lease from Charles Edwin Gheens, as Lessor, to Wylmer I. Pool, as Lessee, dated September 17, 1947, recorded in Book 128, page 149, under Entry No. 74958, of the Conveyance Records of Lafourche Parish, Louisiana.

Whether or not described in the above and foregoing description, it is the express intention of Grantor to sell and of Grantee to purchase the minerals, as hereinabove described, under all lands and water bottoms owned or claimed by Grantor and situated in Lafourche Parish, Louisiana, excepting only the minerals underlying those four certain tracts of land hereinabove specifically excepted, which are presently subject to valid and subsisting oil, gas and mineral leases owned by the lessees hereinabove named, and Grantor further declares that all of the lands heretofore described constitute one continuous and contiguous body or tract of land and shall be treated and considered as such for all purposes and regardless of the navigability of any stream, canal or bayou lying within or upon said lands. To the extent necessary to accomplish such intention, Grantor agrees that he will, whenever requested by Grantee, execute such supplement or amendment hereto as may be necessary to carry out such intention,

together with all and singular the rights and appurtenances thereto in anywise belonging, with the exclusive right of mining, drilling, exploring, investigating, operating and producing said minerals and, to the extent the Grantor has the right and power so to do, the right of ingress and egress at all times for such purposes, and for the maintenance of facilities and mines necessary or convenient for producing, storing, treating and transporting said minerals and for laying pipe lines, building roads, bridges, canals, tanks, plants and other structures thereon to produce, save, treat, store, take care of, transport, market and own said minerals.

With respect to the above referred to pipe lines, it is agreed that

164711



NON-CERTIFIED COPY

644

all flow and gathering lines shall be so installed as to not unreasonably interfere with Grantor's use of the surface, and that any main transmission line which may be laid under the terms hereof shall be laid and installed in the same manner as is provided for in the pipeline right-of-way agreement previously executed by Grantor in favor of United Gas Pipe Line Company.

From and out of the minerals hereby conveyed, Grantor (subject to the limitation hereinafter set forth) hereby reserves unto himself, his heirs, legal representatives, successors and assigns, and does not convey hereunder, a production payment in an amount more fully set forth in the agreement of even date herewith between the parties hereto, a multiple original of which is in the hands of both Grantor and Grantee, which said agreement is incorporated herein and made a part hereof by reference the same as though written out herein in its entirety. Said production payment shall be payable out of the proceeds attributable to twenty percent (20%) of the production of said minerals, if, as and when produced. Said reserved production payment shall be free of all costs of drilling or mining and producing said minerals, but Grantor shall bear all taxes applicable to said production payment, including but not limited to severance and gathering taxes with respect to the portion of said mineral production devoted to the liquidation of said production payment. Such interest shall be payable to Grantor as such minerals are produced and sold by Grantee and Grantee shall account to Grantor monthly with respect to said interest on the basis of the proceeds realized by Grantee from a bona fide sale at the well or mine. Grantee agrees that it will sell such mineral production on the same basis upon which Grantee sells its own production. Should Grantee be unable to sell such mineral production at the well or mine then Grantee shall be relieved of any obligation to sell such mineral production at the well or mine and may sell same wherever a market exists on the same basis as it shall by bona fide sale dispose of its own mineral production. In case of any such sale away from the well or mine Grantor shall receive the gross proceeds therefrom less all storage and transportation costs attributable to the portion of said mineral production devoted to the liquidation of said production payment and any other costs incurred by Grantee in making such sale. Grantee shall furnish Grantor with copies of those portions of contracts entered into by it under the provisions of this agreement for the sale of production from said lands which relate to the price to be paid Grantee by the purchaser of said production throughout the life of said contracts.

When the recoverable reserves of minerals discovered on said land shall be eighty-five percent (85%) depleted, insofar as each particular producing horizon involved is concerned, the production payment herein reserved shall, in any event, as to said producing horizon, ipso facto terminate and shall vest in Grantee without further act or action on the part of Grantor, regardless of whether or not Grantor shall have received the full sum of money hereinabove provided for. If Grantor and Grantee shall disagree as to the quantity of economically recoverable minerals

164711



NON-CERTIFIED COPY

discovered, or as to the status of depletion thereof, or as to the amount of economically recoverable reserves remaining in and under said lands, such disagreement shall be resolved by the report of three independent reservoir engineers, one of whom shall be selected by the Grantor, one selected by the Grantee, and the third selected by the two previously selected. The written determination or report of a majority of said three (3) engineers shall be conclusive as between Grantor and Grantee, as regards the question involved, and Grantor and Grantee shall share equally the fees and expenses of such independent reservoir engineers.

164711

Without limiting in any manner the foregoing provisions of this instrument, it is agreed that whenever the above said reserved production payment shall have terminated and vested in Grantee, as to any particular producing horizon or horizons as a result of eighty-five percent (85%) depletion of the same, Grantor shall, upon demand, execute and deliver to Grantee proper recordable written evidence of such fact. Likewise, when the above said reserved production payment shall have been liquidated by payment of the amount in dollars by which it is limited by the agreement of even date herewith between the parties hereto and above referred to, Grantor shall upon demand execute and deliver to Grantee written, recordable evidence of such fact.

Grantee shall have the right to use minerals produced from said land for all operations thereon and the production payment herein reserved by Grantor shall be computed after deducting any so used.

Nothing herein expressly contained, or implied hereby, shall obligate Grantee to drill any well or wells on said land or to dig any mine or mines thereon or to produce minerals from said land. The nature of this agreement does not contemplate that Grantee shall pay to Grantor delay rentals or royalties.

164711

No change or division whatever in the ownership of said reserved production payment shall increase the obligations or diminish the rights of Grantee hereunder, and no such change shall be binding on Grantee until Grantee has been furnished with a certified copy of the recorded instrument or instruments evidencing such change or division.

For the consideration aforesaid Grantor hereby fully warrants and guarantees the title to all and every part of the properties, rights and interests hereinabove described and that Grantor is the owner of all of the minerals under each and every portion of the lands hereinabove described. Provided, however, that Grantor's liability under said warranty is expressly limited to the return only of that portion of the purchase price and of the sums paid under the terms hereof as shall be attributable to that portion or interest in the property as to which title may fail; and provided, further, that Grantor does not warrant the title to any water bottoms on said lands and, although warranting title to the tracts of land above described, does not warrant that said tracts of land contain the acreage attributed to them in the descriptions themselves, nor that they total approximately thirty two thousand (32,000) acres of land, more or less; the purpose in reciting these acreages in this instrument being to facilitate identification



NON-CERTIFIED COPY

NON-CERTIFIED COPY

646

of the property and not to relate to the total acreage being warranted by Grantor. This sale is also made with full and complete transfer and subrogation of warranty against each and every former proprietor of the property hereby conveyed.

164711

If Grantee improves and uses any portion of the surface of the above described property and any increase in ad valorem taxes thereby results, Grantee shall pay such increase in said tax only for such portion of said surface so improved and used.

Grantee shall be liable to Grantor for, and shall indemnify Grantor against, all loss, injury and damage, including without being limited to that, to crops, trees, improvements, bridges, roads, canals, ditches, structures, livestock and the surface of Grantor's land which would not have occurred except as a result of Grantee's presence on Grantor's lands, or of Grantee having conducted its operations or exercised its rights herein provided for; but Grantee shall not be liable for any sub-surface damage.

Grantee shall indemnify Grantor and hold him harmless against claims against Grantor for loss, injury and damage to the persons or property of others which would not have occurred except as a result of Grantee's presence on the premises, or of Grantee having conducted its operations or exercised its rights herein provided for.

Any insurance that Grantee may carry with reference to its operations upon the surface of Grantor's land shall, to the extent that such insurance is against risks other than fire and windstorm, be carried in good and solvent insurance companies, and shall be so endorsed as to be for the benefit of the parties hereto as their respective interests may appear. Any such policies so endorsed, or appropriate certificates of insurance, shall from time to time, and during such period or periods as said policies are in force, be delivered to Grantor.

164711

Nevertheless, the carrying of such insurance so issued or endorsed shall not relieve Grantee of any of its obligations to Grantor hereunder, nor of its liability, if any, to the person or property of others, but shall be a cumulative remedy for Grantor.

IN TESTIMONY WHEREOF, this instrument is executed this 28th day of May, 1958, in triplicate originals.

WITNESSES:

| | |
|---|---|
| __________ | __________ C. EDWIN OHEENS |
| __________ | UNION PRODUCING COMPANY |
| [redacted] | |
| __________ | By: __________ President |

United States Documentary Stamps in proper amount have been affixed to one of the triplicate originals of this instrument in the files of Union Producing Company, United Gas Building, Shreveport, Louisiana.

647

STATE OF KENTUCKY

COUNTY OF JEFFERSON

BEFORE ME, the undersigned authority, on this day personally appeared *Dowley C. Wertz*, to me personally known to be the identical person whose name is subscribed to the foregoing instrument as an attesting witness, who being first duly sworn, on oath, says: That he subscribed his name to the foregoing instrument as a witness, and that he knows C. EDWIN GREENS, the Grantor named in said instrument, to be the identical person described therein, and who executed the same, and saw him sign the same as his voluntary act and deed, and that he, the said *Dowley C. Wertz* subscribed his name to the same at the same time as an attesting witness.

164711

*Dowley C. Wertz*

Sworn to and subscribed before me, this *28th* day of May, A.D., 1958.

*Alice E. Spahn*
Notary Public in and for Jefferson County, Kentucky

STATE OF *Kentucky*
*Co. County* OF *Jefferson*

On this *29th* day of May, 1958, before me appeared *Ed. Parker*, to me personally known, who, being by me duly sworn did say that he is ________________ President of UNION PRODUCING COMPANY, and that the seal affixed to said instrument is the corporate seal of said corporation and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said *Ed. Parker* acknowledged said instrument to be the free act and deed of said corporation.

164711

*My commission expires Jan. 6, 1959.*

*Alice E. Spahn*
Notary Public in and for
*Kentucky - State at-Large.*

FILED FOR RECORD
1958 NOV 25 AM 10:26
*[signature]*
Dy.

Book: 242 Page: 640 File Number: 164711 Seq: 8

FILED
JUL 31 2017
*[signature]*
CLERK OF COURT

NON-CERTIFIED COPY

# Exhibit "B"



[1]

FILED
JUL 31 2017
CLERK OF COURT

[1] Field location data from Louisiana Department of Natural Resources SONRIS GIS website, http://sonris-www.dnr.state.la.us/gis/agsweb/IE/JSViewer/index.html?TemplateID=181.

NON-CERTIFIED COPY

# Well Information

## Review Well Information

**WELLS**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | PARISH | PROD TYPE | SEC | TWN | RGE | EFFECTIVE DATE | API NUM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | M357 | 9096 | 29 | 20 | 100 | 17S | 20E | 11/01/2014 | 17057006990000 |

| PRMT DATE | SPUD DATE | STAT DATE | ST CD |
|---|---|---|---|
| 03/05/1951 | 03/19/1951 | 11/01/2014 | 33 |

**WELL SURFACE COORDINATES**

| Surface Longitude | Surface Latitude | Lambert X | Lambert Y | Ground Elevation | Zone | Datum |
|---|---|---|---|---|---|---|
| 90-26-51.719 | 29-38-15.36 | 2281352 | 354162 | 0 | S | NAD-27 |

**WELL SURFACE COORDINATES GENERATED BY DNR**

| UTMX 83 | UTMY 83 | LONGITUDE 83 | LATITUDE 83 |
|---|---|---|---|
| 747086.20989713 | 3281375.67868121 | -90.44778508 | 29.63781238 |

**BOTTOM HOLE COORD**

| EFFECTIVE DATE | END DATE | PLUGBACK TOTAL DEPTH | TRUE VERTICAL DEPTH | MEASURED DEPTH | LAT DEG | LAT MIN | LAT SEC | LONG DEG | LONG MIN | LONG SEC | COORDINATE SOURCE | LAMBERT X | LAMBERT Y | ZONE | COORDINATE SYSTEM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/01/1974 | 10/01/1976 | | 0 | 0 | | | | | | | 03 | 0 | 0 | | 01 |
| 10/01/1976 | 10/01/1979 | | 0 | 13088 | | | | | | | 03 | 0 | 0 | | 01 |
| 07/01/1980 | 03/01/1983 | | 0 | 0 | | | | | | | 03 | 0 | 0 | | 01 |

**WELL HISTORY**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | ST CD | PT | WELL CLASS | EFF DATE | END DATE | STAT DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | M357 | 9096 | 33 | 20 | | 11/01/2014 | | 11/01/2014 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | M357 | 9096 | 34 | 20 | | 09/01/2011 | 10/31/2014 | 03/01/2004 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | T268 | 9096 | 34 | 20 | | 07/22/2011 | 08/31/2011 | 03/01/2004 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | S322 | 9096 | 34 | 20 | | 11/01/2006 | 07/21/2011 | 11/01/2006 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | S322 | 9096 | 33 | 20 | | 03/01/2004 | 10/31/2006 | 03/01/2004 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | S273 | 9096 | 33 | 20 | | 03/01/2002 | 02/29/2004 | 03/01/2002 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | P203 | 9096 | 33 | 20 | | 03/01/2001 | 02/28/2002 | 03/01/2001 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | P166 | 9096 | 33 | 20 | | 06/01/2000 | 02/28/2001 | 06/01/2000 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | P166 | 9096 | 10 | 20 | | 01/01/1999 | 05/31/2000 | 09/01/1994 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | A024 | 9096 | 10 | 20 | | 09/01/1994 | 01/01/1999 | 09/01/1994 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | 4802 | 9096 | 33 | 20 | | 01/01/1994 | 09/01/1994 | 02/01/1993 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 33 | 20 | | 12/01/1993 | 01/01/1994 | 02/01/1993 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 33 | 20 | | 02/01/1993 | 12/01/1993 | 02/01/1993 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 10 | 20 | | 01/01/1993 | 02/01/1993 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 10 | 20 | | 01/01/1992 | 01/01/1993 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 10 | 20 | | 01/01/1991 | 01/01/1992 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 10 | 20 | | 08/01/1985 | 01/01/1991 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 10 | 20 | | 09/01/1984 | 08/01/1985 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 10 | 20 | | 12/01/1983 | 09/01/1984 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4746 | 9096 | 10 | 20 | | 03/01/1983 | 12/01/1983 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 1996 | 9096 | 10 | 20 | | 07/01/1980 | 03/01/1983 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 1996 | 9096 | 33 | 20 | | 10/01/1979 | 07/01/1980 | 10/16/1979 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 1996 | 9096 | 10 | 20 | | 10/01/1976 | 10/01/1979 | 11/26/1960 |
| 42800 | SC 3 SUI | 002 | 1996 | 9096 | 10 | 20 | | 06/01/1974 | 10/01/1976 | 06/01/1974 |

**SCOUT INFO**

| REPORT DATE | WELL STATUS | MEASURED DEPTH | TRUE VERT DEPTH | DETAIL |
|---|---|---|---|---|

**PERFORATIONS**

| SERIAL NUM | COMPLETION DATE | UPPER PERF | LOWER PERF | SANDS | RESERVOIR |
|---|---|---|---|---|---|
| 42800 | 06/02/1951 | 11386 | 11450 | SC #3 | |
| 42800 | 06/02/1951 | 11328 | 11338 | SC 3 | |

**WELL TESTS**

| RPT TYP | TEST DATE | RPT DATE | OIL POT | COND | GAS DEL | WATER | BSW% | FLOW PRES | SHUTIN PRES | CHOKE | UPPER PERF | LOWER PERF | BOT HOLE PRES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DT-1 | 11/01/2014 | 05/01/2017 | | | | | | | | | 11328 | 11450 | |
| DT-1 | 11/01/2014 | 11/01/2016 | | | | | | | | | 11328 | 11450 | |
| DT-1 | 11/01/2014 | 05/01/2016 | | | | | | | | | 11328 | 11450 | |
| DT-1 | 11/01/2014 | 11/01/2015 | | | | | | | | | 11328 | 11450 | |
| DT-1 | 11/01/2014 | 05/01/2015 | | | | | | | | | 11328 | 11450 | |
| DT-1 | 04/16/1992 | 11/01/2014 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2014 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2013 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2013 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2012 | | | | | | | | | | | |

Ex. C

NON-CERTIFIED COPY

7/17/2017 Wells

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DT-1 | 04/16/1992 | 05/01/2012 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2011 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2010 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2009 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2009 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2008 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2007 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2007 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2006 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2006 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2005 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2005 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2004 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2004 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2003 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2003 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2002 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2002 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2001 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2001 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 12/01/2000 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 09/01/2000 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 06/01/2000 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 03/01/2000 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1982 | 12/01/1999 | | | | | | | | | 11386 | 11450 | |
| DT-1 | 04/16/1992 | 09/01/1999 | | | | | | | | | 11386 | 11450 | |
| DT-1 | 02/01/1993 | 09/01/1993 | | 0 | 0 | 0 | | 0 | 0 | | 11386 | 11450 | 0 |
| DT-1 | 01/02/1993 | 03/01/1993 | | 0 | 100 | 0 | | 60 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 11/01/1992 | 12/01/1992 | | 0 | 100 | 0 | | 60 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 07/30/1992 | 09/01/1992 | | 0 | 100 | 0 | | 60 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 04/09/1992 | 06/01/1992 | | 0 | 100 | 0 | | 60 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 01/09/1992 | 03/01/1992 | | 0 | 100 | 0 | | 60 | 0 | 64 | 11386 | 11450 | 0 |
| SDM2G | 02/01/1992 | 02/01/1992 | 0 | 7 | 560 | 0 | 0 | 120 | | 64/64 | 11386 | 11450 | |
| DT-1 | 10/02/1991 | 12/01/1991 | | 1 | 100 | 0 | | 60 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 07/14/1991 | 09/01/1991 | | 0 | 200 | 0 | | 65 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 04/19/1991 | 06/01/1991 | | 0 | 400 | 0 | | 70 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 01/16/1991 | 03/01/1991 | | 0 | 500 | 0 | | 60 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 10/05/1990 | 12/01/1990 | | 0 | 750 | 20 | | 120 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 07/03/1990 | 09/01/1990 | | 0 | 800 | 0 | | 100 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 04/03/1990 | 06/01/1990 | | 13 | 700 | 22 | | 130 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 01/09/1990 | 03/01/1990 | | 0 | 850 | 0 | | 140 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 11/05/1989 | 12/01/1989 | | 0 | 86 | 0 | | 90 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 07/21/1989 | 09/01/1989 | | 6 | 550 | 0 | | 190 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 04/07/1989 | 06/01/1989 | | 14 | 840 | 0 | | 180 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 01/04/1989 | 03/01/1989 | | 16 | 1150 | 0 | | 190 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 10/23/1988 | 12/01/1988 | | 10 | 1250 | 16 | | 200 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 07/17/1988 | 09/01/1988 | | 10 | 1250 | 14 | | 200 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 04/25/1988 | 06/01/1988 | | 16 | 1300 | 12 | | 230 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 01/23/1988 | 03/01/1988 | | 11 | 1300 | 20 | | 250 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 10/23/1987 | 12/01/1987 | | 12 | 1350 | 19 | | 280 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 07/17/1987 | 09/01/1987 | | 14 | 1350 | 17 | | 300 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 04/24/1987 | 06/01/1987 | | 15 | 1200 | 18 | | 400 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 01/28/1987 | 03/01/1987 | | 20 | 1200 | 24 | | 400 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 10/18/1986 | 12/01/1986 | | 10 | 1200 | 25 | | 390 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 07/18/1986 | 09/01/1986 | | 15 | 1200 | 20 | | 390 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 04/18/1986 | 06/01/1986 | | 12 | 1200 | 20 | | 390 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 02/18/1986 | 03/01/1986 | | 12 | 1200 | 20 | | 390 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 10/17/1985 | 12/01/1985 | | 12 | 1300 | 16 | | 420 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 07/16/1985 | 09/01/1985 | | 13 | 1300 | 19 | | 420 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 04/02/1985 | 06/01/1985 | | 12 | 1300 | 16 | | 300 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 01/05/1985 | 03/01/1985 | | 10 | 1400 | 18 | | 430 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 11/01/1984 | 12/01/1984 | | 10 | 1425 | 17 | | 350 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 08/12/1984 | 09/01/1984 | | 12 | 1400 | 16 | | 500 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 05/03/1984 | 06/01/1984 | | 13 | 1400 | 15 | | 550 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 02/04/1984 | 03/01/1984 | | 12 | 1250 | 15 | | 560 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 10/07/1983 | 12/01/1983 | | 12 | 1250 | 15 | | 600 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 08/11/1983 | 09/01/1983 | | 13 | 1250 | 15 | | 600 | 0 | 20/64 | 11386 | 11450 | 0 |

NON-CERTIFIED COPY

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DT-1 | 05/09/1983 | 06/01/1983 | | 15 | 1200 | 15 | | 600 | 875 | 32 | 11386 | 11450 | 0 |
| DT-1 | 01/20/1983 | 03/01/1983 | | 25 | 1500 | 25 | | 620 | 900 | 32 | 11386 | 11450 | 0 |
| DT-1 | 11/25/1982 | 12/01/1982 | | 25 | 1800 | 4 | | 600 | 650 | 32 | 11386 | 11450 | 0 |
| DT-1 | 08/15/1982 | 09/01/1982 | | 25 | 1600 | 4 | | 660 | 680 | 32 | 11386 | 11450 | 0 |
| DT-1 | 04/15/1982 | 06/01/1982 | | 24 | 1600 | 6 | | 600 | 900 | 32 | 11386 | 11450 | 0 |
| DT-1 | 01/04/1982 | 03/01/1982 | | 24 | 2100 | 16 | | 780 | 950 | 32 | 11386 | 11450 | 0 |
| DT-1 | 08/21/1981 | 09/01/1981 | | 24 | 1800 | 4 | | 820 | 1150 | 32 | 11386 | 11450 | 0 |
| DT-1 | 05/07/1981 | 06/01/1981 | | 26 | 2450 | 4 | | 800 | 1200 | 32 | 11386 | 11450 | 0 |
| DT-1 | 02/02/1981 | 03/01/1981 | | 33 | 2200 | 27 | | 900 | 1200 | 32 | 11386 | 11450 | 0 |
| DT-1 | 11/02/1980 | 12/01/1980 | | 27 | 1800 | 22 | | 1050 | 1200 | 32 | 11386 | 11450 | 0 |
| DT-1 | 08/03/1980 | 09/01/1980 | | 27 | 1800 | 22 | | 1050 | 1200 | 32 | 11386 | 11450 | 0 |
| SDM2G | 08/04/1980 | 08/01/1980 | 0 | 27 | 1800 | 22 | 45 | 1050 | | 18 | 11328 | 11338 | |
| DT-1 | 10/16/1979 | 03/01/1980 | | 0 | 0 | 0 | | 0 | 0 | | 11386 | 11450 | 0 |
| DT-1 | 10/16/1979 | 12/01/1979 | | 3 | 1000 | 58 | | 175 | 400 | 32 | 11386 | 11450 | 0 |
| DT-1 | 05/07/1979 | 09/01/1979 | | 0 | 220 | 0 | | 120 | 250 | 32 | 11386 | 11450 | 0 |
| DT-1 | 05/07/1979 | 06/01/1979 | | 18 | 1300 | 28 | | 320 | 550 | 32 | 11386 | 11450 | 0 |
| DT-1 | 02/20/1979 | 03/01/1979 | | 17 | 1900 | 22 | | 380 | 600 | 32 | 11386 | 11450 | 0 |

WELL ALLOWABLES

| EFFECTIVE DATE | END DATE | LUW CODE | LUW TYPE CODE | ALLOWABLE | ESTIMATED POTENTIAL | CURRENT ALLOWABLE TYPE |
|---|---|---|---|---|---|---|
| 04/01/1998 | 06/30/1998 | 600510 | 2 | 0 | | 3 |
| 10/01/1997 | 12/31/1997 | 600510 | 2 | 0 | | 3 |
| 04/01/1997 | 06/30/1997 | 600510 | 2 | 0 | | 3 |
| 10/01/1996 | 12/31/1996 | 600510 | 2 | 0 | | 3 |
| 04/01/1996 | 06/30/1996 | 600510 | 2 | 0 | | 3 |
| 07/01/1995 | 09/30/1995 | 600510 | 2 | 0 | | 3 |
| 12/12/1994 | 12/31/1994 | 600510 | 2 | 0 | | 3 |
| 10/01/1994 | 12/31/1994 | 600510 | 2 | 150 | | 3 |
| 09/01/1994 | 09/30/1994 | 600510 | 2 | 150 | | 3 |
| 10/01/1993 | 12/31/1993 | 600510 | 2 | 150 | | 3 |
| 04/01/1993 | 06/30/1993 | 600510 | 2 | 100 | | 3 |
| 04/01/1992 | 06/30/1992 | 600510 | 2 | 1800 | | 3 |
| 10/01/1991 | 12/31/1991 | 600510 | 2 | 2000 | | 3 |
| 10/01/1990 | 12/31/1990 | 600510 | 2 | 2205 | | 3 |
| 07/20/1990 | 09/30/1990 | 600510 | 2 | 2205 | | 3 |
| 04/01/1990 | 06/30/1990 | 600510 | 2 | 1905 | | 3 |
| 10/01/1989 | 12/31/1989 | 600510 | 2 | 1700 | | 3 |

LEASE\UNIT\WELL PRODUCTION

| RPT DATE | LUW CODE | STORAGE FAC | DOC USE | WELL CNT | OPENING STK | OIL PROD(BBL) | GAS PROD(MCF) | DISPOSITION | CLOSING STK | PARISH |
|---|---|---|---|---|---|---|---|---|---|---|
| 05/01/2017 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2017 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2017 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2017 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2017 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2016 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2016 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2016 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2016 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/2016 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2016 | 600510 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2016 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 05/01/2016 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 04/01/2016 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 03/01/2016 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 02/01/2016 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 01/01/2016 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 12/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 11/01/2015 | 600510 | | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 11/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 10/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 09/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 08/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 07/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 06/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 05/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 04/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 03/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 02/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 01/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | |



NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 12/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 11/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 10/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 09/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 08/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 07/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 06/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 05/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 04/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 03/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 02/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 01/01/2014 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2013 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2013 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2013 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 09/01/2013 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 08/01/2013 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 07/01/2013 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 06/01/2013 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2013 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2013 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 03/01/2013 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2013 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2013 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2012 | 600510 | | 0 | | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2011 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2011 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 10/01/2011 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 09/01/2011 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 08/01/2011 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 07/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |

NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 08/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2007 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2007 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2007 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 1 | 0 | 0 | LAFOURCHE |
| 08/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 189 | 0 | 0 | LAFOURCHE |
| 07/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 172 | 0 | 0 | LAFOURCHE |
| 06/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 157 | 0 | 0 | LAFOURCHE |
| 05/01/2007 | 600510 | | 1 | 0 | 0 | 126 | 0 | 0 | LAFOURCHE |
| 04/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 49 | 0 | 0 | LAFOURCHE |
| 03/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 140 | 0 | 0 | LAFOURCHE |
| 02/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 206 | 0 | 0 | LAFOURCHE |
| 01/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 259 | 0 | 0 | LAFOURCHE |
| 12/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 368 | 0 | 0 | LAFOURCHE |
| 11/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 306 | 0 | 0 | LAFOURCHE |
| 10/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 262 | 0 | 0 | LAFOURCHE |
| 09/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 249 | 0 | 0 | LAFOURCHE |
| 08/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 221 | 0 | 0 | LAFOURCHE |
| 07/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 249 | 0 | 0 | LAFOURCHE |
| 06/01/2006 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 226 | 0 | 0 | LAFOURCHE |
| 05/01/2006 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 218 | 0 | 0 | LAFOURCHE |
| 04/01/2006 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 182 | 0 | 0 | LAFOURCHE |
| 03/01/2006 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 253 | 0 | 0 | LAFOURCHE |
| 02/01/2006 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 258 | 0 | 0 | LAFOURCHE |
| 01/01/2006 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 971 | 0 | 0 | LAFOURCHE |
| 12/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 1509 | 0 | 0 | LAFOURCHE |
| 11/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 1826 | 0 | 0 | LAFOURCHE |
| 10/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 1749 | 0 | 0 | LAFOURCHE |
| 09/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 1430 | 0 | 0 | LAFOURCHE |
| 08/01/2005 | 600510 | | 1 | 0 | 0 | 119 | 0 | 0 | LAFOURCHE |
| 07/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 293 | 0 | 0 | LAFOURCHE |
| 06/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 249 | 0 | 0 | LAFOURCHE |
| 05/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 265 | 0 | 0 | LAFOURCHE |
| 04/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 262 | 0 | 0 | LAFOURCHE |
| 03/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |

NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 03/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 261 | 0 | 0 | LAFOURCHE |
| 02/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 268 | 0 | 0 | LAFOURCHE |
| 01/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2005 | 600510 | 936040 | 0 | 0 | 0 | 317 | 0 | 0 | LAFOURCHE |
| 12/01/2004 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 305 | 0 | 0 | LAFOURCHE |
| 11/01/2004 | 600510 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 276 | 0 | 0 | LAFOURCHE |
| 10/01/2004 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 279 | 0 | 0 | LAFOURCHE |
| 09/01/2004 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 239 | 0 | 0 | LAFOURCHE |
| 08/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 200 | 0 | 0 | LAFOURCHE |
| 07/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 225 | 0 | 0 | LAFOURCHE |
| 06/01/2004 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 278 | 0 | 0 | LAFOURCHE |
| 05/01/2004 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 270 | 0 | 0 | LAFOURCHE |
| 04/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 263 | 0 | 0 | LAFOURCHE |
| 03/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 305 | 0 | 0 | LAFOURCHE |
| 02/01/2004 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 291 | 0 | 0 | LAFOURCHE |
| 01/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 359 | 0 | 0 | LAFOURCHE |
| 12/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 353 | 0 | 0 | LAFOURCHE |
| 11/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 350 | 0 | 0 | LAFOURCHE |
| 10/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 283 | 0 | 0 | LAFOURCHE |
| 09/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 336 | 0 | 0 | LAFOURCHE |
| 08/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 405 | 0 | 0 | LAFOURCHE |
| 07/01/2003 | 600510 | | | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 475 | 0 | 0 | LAFOURCHE |
| 06/01/2003 | 600510 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 558 | 0 | 0 | LAFOURCHE |
| 05/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 606 | 0 | 0 | LAFOURCHE |
| 04/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 1687 | 0 | 0 | LAFOURCHE |
| 03/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 1267 | 0 | 0 | LAFOURCHE |
| 02/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 923 | 0 | 0 | LAFOURCHE |
| 01/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 864 | 0 | 0 | LAFOURCHE |
| 12/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 580 | 0 | 0 | LAFOURCHE |
| 11/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 642 | 0 | 0 | LAFOURCHE |
| 10/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 807 | 0 | 0 | LAFOURCHE |
| 09/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 946 | 0 | 0 | LAFOURCHE |
| 08/01/2002 | 600510 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 1003 | 0 | 0 | LAFOURCHE |
| 07/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 927 | 0 | 0 | LAFOURCHE |
| 06/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 750 | 0 | 0 | LAFOURCHE |
| 05/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 409 | 0 | 0 | LAFOURCHE |
| 04/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 37 | 0 | 0 | LAFOURCHE |
| 03/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 186 | 0 | 0 | LAFOURCHE |
| 02/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 1070 | 0 | 0 | LAFOURCHE |

NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 01/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 1216 | 0 | 0 | LAFOURCHE |
| 12/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 1243 | 0 | 0 | LAFOURCHE |
| 11/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 1289 | 0 | 0 | LAFOURCHE |
| 10/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 1291 | 0 | 0 | LAFOURCHE |
| 09/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 1592 | 0 | 0 | LAFOURCHE |
| 08/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 2008 | 0 | 0 | LAFOURCHE |
| 07/01/2001 | 600510 | | 1 | 0 | 0 | 2036 | 0 | 0 | LAFOURCHE |
| 06/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 1984 | 0 | 0 | LAFOURCHE |
| 05/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 2063 | 0 | 0 | LAFOURCHE |
| 04/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 2097 | 0 | 0 | LAFOURCHE |
| 03/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 1938 | 0 | 0 | LAFOURCHE |
| 02/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 1869 | 0 | 0 | LAFOURCHE |
| 01/01/2001 | 600510 | | 0 | 59 | -59 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2001 | 600510 | 936040 | 0 | 0 | 0 | 2013 | 0 | 0 | LAFOURCHE |
| 12/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 12/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 2141 | 0 | 0 | LAFOURCHE |
| 11/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 11/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 2180 | 0 | 0 | LAFOURCHE |
| 10/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 10/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 2309 | 0 | 0 | LAFOURCHE |
| 09/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 09/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 2063 | 0 | 0 | LAFOURCHE |
| 08/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 08/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 1840 | 0 | 0 | LAFOURCHE |
| 07/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 07/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 3115 | 0 | 0 | LAFOURCHE |
| 06/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 06/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 3089 | 0 | 0 | LAFOURCHE |
| 05/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 05/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 3381 | 0 | 0 | LAFOURCHE |
| 04/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 04/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 3951 | 0 | 0 | LAFOURCHE |
| 03/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 03/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 4002 | 0 | 0 | LAFOURCHE |
| 02/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 02/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 4063 | 0 | 0 | LAFOURCHE |
| 01/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 01/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 4482 | 0 | 0 | LAFOURCHE |
| 12/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 12/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 5225 | 0 | 0 | LAFOURCHE |
| 11/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 11/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 4812 | 0 | 0 | LAFOURCHE |
| 10/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 10/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 3631 | 0 | 0 | LAFOURCHE |
| 09/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 09/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 3672 | 0 | 0 | LAFOURCHE |
| 08/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 08/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 3400 | 0 | 0 | LAFOURCHE |
| 07/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 07/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 5224 | 0 | 0 | LAFOURCHE |
| 06/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 06/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 2789 | 0 | 0 | LAFOURCHE |
| 05/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 05/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 4567 | 0 | 0 | LAFOURCHE |
| 04/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 04/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 5206 | 0 | 0 | LAFOURCHE |
| 03/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |

NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 03/01/1999 | 600510 | 936040 | 5 | 0 | 0 | 4977 | 0 | 0 | LAFOURCHE |
| 02/01/1999 | 600510 | | 1 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 02/01/1999 | 600510 | 936040 | 5 | 0 | 0 | 3817 | 0 | 0 | LAFOURCHE |
| 01/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 01/01/1999 | 600510 | 936040 | 5 | 0 | 0 | 2813 | 0 | 0 | LAFOURCHE |
| 12/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 12/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 4198 | 0 | 0 | LAFOURCHE |
| 11/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 11/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 2570 | 0 | 0 | LAFOURCHE |
| 10/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 10/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 4020 | 0 | 0 | LAFOURCHE |
| 09/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 09/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 1590 | 0 | 0 | LAFOURCHE |
| 08/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 08/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 3056 | 0 | 0 | LAFOURCHE |
| 07/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 07/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 3032 | 0 | 0 | LAFOURCHE |
| 06/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 06/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 2569 | 0 | 0 | LAFOURCHE |
| 05/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 05/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 2206 | 0 | 0 | LAFOURCHE |
| 04/01/1998 | 600510 | | 0 | 201 | 0 | 0 | 142 | 59 | LAFOURCHE |
| 04/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 2946 | 0 | 0 | LAFOURCHE |
| 03/01/1998 | 600510 | | 0 | 201 | 0 | 0 | 0 | 201 | LAFOURCHE |
| 03/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 3019 | 0 | 0 | LAFOURCHE |
| 02/01/1998 | 600510 | | 0 | 201 | 0 | 0 | 0 | 201 | LAFOURCHE |
| 02/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 1308 | 0 | 0 | LAFOURCHE |
| 01/01/1998 | 600510 | | 0 | 201 | 0 | 0 | 0 | 201 | LAFOURCHE |
| 01/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 4004 | 0 | 0 | LAFOURCHE |
| 12/01/1997 | 600510 | | 0 | 201 | 0 | 0 | 0 | 201 | LAFOURCHE |
| 12/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 2724 | 0 | 0 | LAFOURCHE |
| 11/01/1997 | 600510 | | 0 | 201 | 0 | 0 | 0 | 201 | LAFOURCHE |
| 11/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 5791 | 0 | 0 | LAFOURCHE |
| 10/01/1997 | 600510 | | 1 | 197 | 4 | 575 | 0 | 201 | LAFOURCHE |
| 10/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 6455 | 0 | 0 | LAFOURCHE |
| 09/01/1997 | 600510 | | 1 | 179 | 18 | 4833 | 0 | 197 | LAFOURCHE |
| 09/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 1863 | 0 | 0 | LAFOURCHE |
| 08/01/1997 | 600510 | | 1 | 187 | 176 | 7350 | 184 | 179 | LAFOURCHE |
| 08/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 1301 | 0 | 0 | LAFOURCHE |
| 07/01/1997 | 600510 | | 1 | 287 | 87 | 12502 | 187 | 187 | LAFOURCHE |
| 07/01/1997 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/1997 | 600510 | | 1 | 163 | 124 | 16826 | 0 | 287 | LAFOURCHE |
| 06/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 3876 | 0 | 0 | LAFOURCHE |
| 05/01/1997 | 600510 | | 1 | 239 | 284 | 19565 | 360 | 163 | LAFOURCHE |
| 05/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 3091 | 0 | 0 | LAFOURCHE |
| 04/01/1997 | 600510 | | 1 | 217 | 208 | 21635 | 186 | 239 | LAFOURCHE |
| 04/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 502 | 0 | 0 | LAFOURCHE |
| 03/01/1997 | 600510 | | 1 | 226 | 176 | 12291 | 185 | 217 | LAFOURCHE |
| 03/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 5841 | 0 | 0 | LAFOURCHE |
| 02/01/1997 | 600510 | | 1 | 144 | 269 | 20260 | 187 | 226 | LAFOURCHE |
| 02/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 14467 | 0 | 0 | LAFOURCHE |
| 01/01/1997 | 600510 | | 1 | 200 | 318 | 25294 | 374 | 144 | LAFOURCHE |
| 01/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 13007 | 0 | 0 | LAFOURCHE |
| 12/01/1996 | 600510 | | 1 | 93 | 294 | 24943 | 187 | 200 | LAFOURCHE |
| 12/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 13294 | 0 | 0 | LAFOURCHE |
| 11/01/1996 | 600510 | | 1 | 129 | 332 | 26304 | 368 | 93 | LAFOURCHE |
| 11/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 15918 | 0 | 0 | LAFOURCHE |
| 10/01/1996 | 600510 | | 1 | 129 | 371 | 32846 | 371 | 129 | LAFOURCHE |
| 10/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 14213 | 0 | 0 | LAFOURCHE |
| 09/01/1996 | 600510 | | 1 | 197 | 298 | 32658 | 366 | 129 | LAFOURCHE |
| 09/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 5401 | 0 | 0 | LAFOURCHE |
| 08/01/1996 | 600510 | | 1 | 187 | 376 | 40945 | 366 | 197 | LAFOURCHE |
| 08/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 1626 | 0 | 0 | LAFOURCHE |
| 07/01/1996 | 600510 | | 1 | 215 | 339 | 37399 | 367 | 187 | LAFOURCHE |
| 07/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 3941 | 0 | 0 | LAFOURCHE |
| 06/01/1996 | 600510 | | 1 | 157 | 427 | 45973 | 369 | 215 | LAFOURCHE |
| 06/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 4825 | 0 | 0 | LAFOURCHE |

NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 05/01/1996 | 600510 | | 1 | 209 | 491 | 54993 | 543 | 157 | LAFOURCHE |
| 05/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 4716 | 0 | 0 | LAFOURCHE |
| 04/01/1996 | 600510 | | 1 | 234 | 532 | 60489 | 557 | 209 | LAFOURCHE |
| 04/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 7228 | 0 | 0 | LAFOURCHE |
| 03/01/1996 | 600510 | | 1 | 181 | 607 | 66120 | 554 | 234 | LAFOURCHE |
| 03/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 6794 | 0 | 0 | LAFOURCHE |
| 02/01/1996 | 600510 | | 1 | 147 | 592 | 70391 | 558 | 181 | LAFOURCHE |
| 02/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 4811 | 0 | 0 | LAFOURCHE |
| 01/01/1996 | 600510 | | 1 | 93 | 615 | 69968 | 561 | 147 | LAFOURCHE |
| 01/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 5995 | 0 | 0 | LAFOURCHE |
| 12/01/1995 | 600510 | | 1 | 244 | 589 | 75113 | 740 | 93 | LAFOURCHE |
| 12/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 6059 | 0 | 0 | LAFOURCHE |
| 11/01/1995 | 600510 | | 1 | 206 | 784 | 90443 | 746 | 244 | LAFOURCHE |
| 11/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 5012 | 0 | 0 | LAFOURCHE |
| 10/01/1995 | 600510 | | 1 | 284 | 862 | 109074 | 940 | 206 | LAFOURCHE |
| 10/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 7293 | 0 | 0 | LAFOURCHE |
| 09/01/1995 | 600510 | | 1 | 399 | 809 | 110883 | 924 | 284 | LAFOURCHE |
| 09/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 4484 | 0 | 0 | LAFOURCHE |
| 08/01/1995 | 600510 | | 1 | 427 | 874 | 120647 | 902 | 399 | LAFOURCHE |
| 08/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 4257 | 0 | 0 | LAFOURCHE |
| 07/01/1995 | 600510 | | 1 | 433 | 1055 | 138928 | 1061 | 427 | LAFOURCHE |
| 07/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 3967 | 0 | 0 | LAFOURCHE |
| 06/01/1995 | 600510 | | 1 | 281 | 860 | 118365 | 708 | 433 | LAFOURCHE |
| 06/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 4141 | 0 | 0 | LAFOURCHE |
| 05/01/1995 | 600510 | | 1 | 374 | 992 | 114903 | 1085 | 281 | LAFOURCHE |
| 05/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 2525 | 0 | 0 | LAFOURCHE |
| 04/01/1995 | 600510 | | 1 | 262 | 1029 | 126285 | 917 | 374 | LAFOURCHE |
| 04/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 5399 | 0 | 0 | LAFOURCHE |
| 03/01/1995 | 600510 | | 1 | 451 | 1282 | 148683 | 1471 | 262 | LAFOURCHE |
| 03/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 4298 | 0 | 0 | LAFOURCHE |
| 02/01/1995 | 600510 | | 1 | 242 | 1324 | 140087 | 1115 | 451 | LAFOURCHE |
| 02/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 5722 | 0 | 0 | LAFOURCHE |
| 01/01/1995 | 600510 | | 1 | 406 | 1307 | 129424 | 1471 | 242 | LAFOURCHE |
| 01/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 2521 | 0 | 0 | LAFOURCHE |
| 12/01/1994 | 600510 | | 1 | 0 | 590 | 54129 | 184 | 406 | LAFOURCHE |
| 12/01/1994 | 600510 | 936040 | 5 | 0 | 0 | 1580 | 0 | 0 | LAFOURCHE |
| 11/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 1456 | 0 | 0 | LAFOURCHE |
| 10/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 846 | 0 | 0 | LAFOURCHE |
| 09/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 3275 | 0 | 0 | LAFOURCHE |
| 08/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 1626 | 0 | 0 | LAFOURCHE |
| 07/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 2496 | 0 | 0 | LAFOURCHE |
| 06/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 2355 | 0 | 0 | LAFOURCHE |
| 05/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 1435 | 0 | 0 | LAFOURCHE |
| 04/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 1812 | 0 | 0 | LAFOURCHE |
| 03/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 4308 | 0 | 0 | LAFOURCHE |
| 02/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 3268 | 0 | 0 | LAFOURCHE |
| 01/01/1994 | 600510 | 936040 | 4 | 1 | 0 | 2939 | 1 | 0 | LAFOURCHE |
| 12/01/1993 | 600510 | 936040 | 4 | 1 | 0 | 3440 | 0 | 1 | LAFOURCHE |
| 11/01/1993 | 600510 | 936040 | 4 | 2 | 0 | 3976 | 1 | 1 | LAFOURCHE |
| 10/01/1993 | 600510 | 936040 | 4 | 3 | 0 | 3631 | 1 | 2 | LAFOURCHE |
| 09/01/1993 | 600510 | 936040 | 4 | 3 | 0 | 2462 | 0 | 3 | LAFOURCHE |
| 08/01/1993 | 600510 | 936040 | 4 | 3 | 0 | 2566 | 0 | 3 | LAFOURCHE |
| 07/01/1993 | 600510 | 936040 | 4 | 9 | -1 | 2900 | 5 | 3 | LAFOURCHE |
| 06/01/1993 | 600510 | 936040 | 4 | 15 | 0 | 2960 | 6 | 9 | LAFOURCHE |
| 05/01/1993 | 600510 | 936040 | 4 | 10 | 5 | 2922 | 0 | 15 | LAFOURCHE |
| 04/01/1993 | 600510 | 936040 | 4 | 34 | 7 | 2294 | 31 | 10 | LAFOURCHE |
| 03/01/1993 | 600510 | 936040 | 4 | 34 | 0 | 6316 | 0 | 34 | LAFOURCHE |
| 02/01/1993 | 600510 | 936040 | 4 | 20 | 14 | 3059 | 0 | 34 | LAFOURCHE |
| 01/01/1993 | 600510 | 936040 | 4 | 17 | 26 | 7931 | 23 | 20 | LAFOURCHE |
| 12/01/1992 | 600510 | 936040 | 4 | 35 | 10 | 3716 | 28 | 17 | LAFOURCHE |
| 11/01/1992 | 600510 | 936040 | 4 | 52 | -1 | 2346 | 16 | 35 | LAFOURCHE |
| 10/01/1992 | 600510 | 936040 | 4 | 20 | 32 | 2496 | 0 | 52 | LAFOURCHE |
| 09/01/1992 | 600510 | 936040 | 4 | 4 | 16 | 2212 | 0 | 20 | LAFOURCHE |
| 08/01/1992 | 600510 | 936040 | 2 | 9 | 3 | 1378 | 8 | 4 | LAFOURCHE |
| 07/01/1992 | 600510 | 936040 | 4 | 25 | 17 | 5882 | 33 | 9 | LAFOURCHE |
| 06/01/1992 | 600510 | 936040 | 4 | 37 | 8 | 2131 | 20 | 25 | LAFOURCHE |
| 05/01/1992 | 600510 | 936040 | 4 | 205 | 7 | 2474 | 175 | 37 | LAFOURCHE |

NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 04/01/1992 | 600510 | 936040 | 4 | 220 | 152 | 19600 | 167 | 205 | LAFOURCHE |
| 03/01/1992 | 600510 | 936040 | 4 | 409 | 334 | 45872 | 523 | 220 | LAFOURCHE |
| 02/01/1992 | 600510 | 936040 | 4 | 94 | 461 | 42843 | 146 | 409 | LAFOURCHE |
| 01/01/1992 | 600510 | 936040 | 4 | 221 | 114 | 27254 | 241 | 94 | LAFOURCHE |
| 12/01/1991 | 600510 | 936040 | 4 | 107 | 221 | 29931 | 107 | 221 | LAFOURCHE |
| 11/01/1991 | 600510 | 936040 | 4 | 129 | 203 | 28640 | 225 | 107 | LAFOURCHE |
| 10/01/1991 | 600510 | 936040 | 4 | 136 | 248 | 30194 | 255 | 129 | LAFOURCHE |
| 09/01/1991 | 600510 | 936040 | 4 | 152 | 221 | 30861 | 237 | 136 | LAFOURCHE |
| 08/01/1991 | 600510 | 936040 | 4 | 147 | 218 | 56762 | 213 | 152 | LAFOURCHE |
| 07/01/1991 | 600510 | 936040 | 4 | 25 | 238 | 30997 | 116 | 147 | LAFOURCHE |
| 06/01/1991 | 600510 | 936040 | 4 | 70 | 93 | 31000 | 138 | 25 | LAFOURCHE |
| 05/01/1991 | 600510 | 936040 | 4 | 135 | 157 | 32616 | 222 | 70 | LAFOURCHE |
| 04/01/1991 | 600510 | 936040 | 4 | 34 | 178 | 30992 | 77 | 135 | LAFOURCHE |
| 03/01/1991 | 600510 | 936040 | 4 | 48 | 88 | 33158 | 102 | 34 | LAFOURCHE |
| 02/01/1991 | 600510 | 936040 | 4 | 66 | 103 | 29471 | 121 | 48 | LAFOURCHE |
| 01/01/1991 | 600510 | 936040 | 4 | 20 | 275 | 36769 | 229 | 66 | LAFOURCHE |
| 12/01/1990 | 600510 | 936040 | 4 | 22 | 97 | 33855 | 99 | 20 | LAFOURCHE |
| 11/01/1990 | 600510 | 936040 | 4 | 75 | 162 | 32783 | 215 | 22 | LAFOURCHE |
| 10/01/1990 | 600510 | 936040 | 4 | 105 | 390 | 39859 | 420 | 75 | LAFOURCHE |
| 09/01/1990 | 600510 | 936040 | 4 | 68 | 497 | 49528 | 460 | 105 | LAFOURCHE |
| 08/01/1990 | 600510 | 936040 | 4 | 57 | 433 | 50163 | 422 | 68 | LAFOURCHE |
| 07/01/1990 | 600510 | 936040 | 4 | 161 | 311 | 31387 | 415 | 57 | LAFOURCHE |
| 06/01/1990 | 600510 | 936040 | 4 | 88 | 321 | 31521 | 248 | 161 | LAFOURCHE |
| 05/01/1990 | 600510 | 936040 | 4 | 188 | 437 | 48275 | 537 | 88 | LAFOURCHE |
| 04/01/1990 | 600510 | 936040 | 4 | 135 | 698 | 40060 | 645 | 188 | LAFOURCHE |
| 03/01/1990 | 600510 | 936040 | 4 | 138 | 733 | 47890 | 736 | 135 | LAFOURCHE |
| 02/01/1990 | 600510 | 936040 | 4 | 151 | 578 | 48344 | 591 | 138 | LAFOURCHE |
| 01/01/1990 | 600510 | 936040 | 4 | 118 | 811 | 56332 | 778 | 151 | LAFOURCHE |
| 12/01/1989 | 600510 | 936040 | 4 | 118 | 647 | 35954 | 647 | 118 | LAFOURCHE |
| 11/01/1989 | 600510 | 936040 | 4 | 156 | 594 | 32789 | 632 | 118 | LAFOURCHE |
| 10/01/1989 | 600510 | 936040 | 4 | 134 | 665 | 34411 | 643 | 156 | LAFOURCHE |
| 09/01/1989 | 600510 | 936040 | 4 | 91 | 687 | 51841 | 644 | 134 | LAFOURCHE |
| 08/01/1989 | 600510 | 936040 | 4 | 75 | 602 | 53639 | 586 | 91 | LAFOURCHE |
| 07/01/1989 | 600510 | 936040 | 6 | 109 | 426 | 50586 | 460 | 75 | LAFOURCHE |
| 06/01/1989 | 600510 | 936040 | 6 | 112 | 575 | 51329 | 578 | 109 | LAFOURCHE |
| 05/01/1989 | 600510 | 936040 | 6 | 112 | 554 | 54820 | 554 | 112 | LAFOURCHE |
| 04/01/1989 | 600510 | 936040 | 6 | 75 | 462 | 52050 | 425 | 112 | LAFOURCHE |
| 03/01/1989 | 600510 | 936040 | 6 | 151 | 1211 | 47986 | 1287 | 75 | LAFOURCHE |
| 02/01/1989 | 600510 | 936040 | 6 | 74 | 978 | 46149 | 901 | 151 | LAFOURCHE |
| 01/01/1989 | 600510 | 936040 | 6 | 107 | 805 | 55126 | 838 | 74 | LAFOURCHE |
| 12/01/1988 | 600510 | 936040 | 6 | 77 | 536 | 57782 | 506 | 107 | LAFOURCHE |
| 11/01/1988 | 600510 | 936040 | 6 | 146 | 537 | 58118 | 606 | 77 | LAFOURCHE |
| 10/01/1988 | 600510 | 936040 | 6 | 95 | 591 | 61351 | 540 | 146 | LAFOURCHE |
| 09/01/1988 | 600510 | 936040 | 6 | 94 | 496 | 56591 | 495 | 95 | LAFOURCHE |
| 08/01/1988 | 600510 | 936040 | 6 | 121 | 519 | 57967 | 546 | 94 | LAFOURCHE |
| 07/01/1988 | 600510 | 936040 | 6 | 154 | 635 | 68288 | 668 | 121 | LAFOURCHE |
| 06/01/1988 | 600510 | 936040 | 6 | 161 | 603 | 66820 | 610 | 154 | LAFOURCHE |
| 05/01/1988 | 600510 | 936040 | 6 | 77 | 667 | 74219 | 583 | 161 | LAFOURCHE |
| 04/01/1988 | 600510 | 936040 | 6 | 189 | 506 | 75440 | 618 | 77 | LAFOURCHE |
| 03/01/1988 | 600510 | 936040 | 6 | 95 | 986 | 96131 | 892 | 189 | LAFOURCHE |
| 02/01/1988 | 600510 | 936040 | 6 | 173 | 794 | 90591 | 872 | 95 | LAFOURCHE |
| 01/01/1988 | 600510 | 936040 | 6 | 196 | 888 | 88665 | 911 | 173 | LAFOURCHE |
| 12/01/1987 | 600510 | 936040 | 6 | 165 | 931 | 88315 | 900 | 196 | LAFOURCHE |
| 11/01/1987 | 600510 | 936040 | 6 | 92 | 931 | 82146 | 858 | 165 | LAFOURCHE |
| 10/01/1987 | 600510 | 936040 | 6 | 81 | 728 | 77625 | 717 | 92 | LAFOURCHE |
| 09/01/1987 | 600510 | 936040 | 6 | 236 | 620 | 75554 | 775 | 81 | LAFOURCHE |
| 08/01/1987 | 600510 | 936040 | 6 | 202 | 662 | 74943 | 628 | 236 | LAFOURCHE |
| 07/01/1987 | 600510 | 936040 | 6 | 78 | 691 | 63061 | 567 | 202 | LAFOURCHE |
| 06/01/1987 | 600510 | 936040 | 6 | 130 | 813 | 65984 | 865 | 78 | LAFOURCHE |
| 05/01/1987 | 600510 | 936040 | 6 | 92 | 889 | 88356 | 851 | 130 | LAFOURCHE |
| 04/01/1987 | 600510 | 936040 | 4 | 367 | 980 | 91006 | 1255 | 92 | LAFOURCHE |
| 03/01/1987 | 600510 | 936040 | 6 | 215 | 994 | 88674 | 842 | 367 | LAFOURCHE |
| 02/01/1987 | 600510 | 936040 | 1 | 75 | 1001 | 78253 | 861 | 215 | LAFOURCHE |
| 01/01/1987 | 600510 | 936040 | 6 | 160 | 1188 | 94459 | 1273 | 75 | LAFOURCHE |
| 12/01/1986 | 600510 | 936040 | 6 | 193 | 982 | 89522 | 1015 | 160 | LAFOURCHE |
| 11/01/1986 | 600510 | 936040 | 1 | 298 | 913 | 82071 | 1018 | 193 | LAFOURCHE |
| 10/01/1986 | 600510 | 936040 | 6 | 0 | 1021 | 93226 | 723 | 298 | LAFOURCHE |

NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 09/01/1986 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/1986 | 600510 | 936040 | 0 | 27 | 0 | 0 | 27 | 0 | LAFOURCHE |
| 07/01/1986 | 600510 | 936040 | 0 | 27 | 0 | 0 | 0 | 27 | LAFOURCHE |
| 06/01/1986 | 600510 | 936040 | 0 | 292 | 0 | 0 | 265 | 27 | LAFOURCHE |
| 05/01/1986 | 600510 | 936040 | 0 | 292 | 0 | 0 | 0 | 292 | LAFOURCHE |
| 04/01/1986 | 600510 | 936040 | 0 | 275 | 17 | 0 | 0 | 292 | LAFOURCHE |
| 03/01/1986 | 600510 | 936040 | 1 | 95 | 180 | 2720 | 0 | 275 | LAFOURCHE |
| 02/01/1986 | 600510 | 936040 | 1 | 410 | 612 | 41849 | 927 | 95 | LAFOURCHE |
| 01/01/1986 | 600510 | 936040 | 1 | 484 | 1283 | 107306 | 1357 | 410 | LAFOURCHE |
| 12/01/1985 | 600510 | 936040 | 1 | 99 | 1337 | 116619 | 952 | 484 | LAFOURCHE |
| 11/01/1985 | 600510 | 936040 | 1 | 62 | 1064 | 101804 | 1027 | 99 | LAFOURCHE |
| 10/01/1985 | 600510 | 936040 | 6 | 638 | 747 | 114420 | 1323 | 62 | LAFOURCHE |
| 09/01/1985 | 600510 | 936040 | 6 | 640 | 1223 | 116435 | 1225 | 638 | LAFOURCHE |
| 08/01/1985 | 600510 | 936040 | 6 | 552 | 1144 | 121804 | 1056 | 640 | LAFOURCHE |
| 07/01/1985 | 600510 | 936040 | 7 | 248 | 1364 | 128714 | 1060 | 552 | LAFOURCHE |
| 06/01/1985 | 600510 | 936040 | 7 | 345 | 1111 | 123866 | 1208 | 248 | LAFOURCHE |
| 05/01/1985 | 600510 | 936040 | 7 | 153 | 1195 | 119765 | 1003 | 345 | LAFOURCHE |
| 04/01/1985 | 600510 | 936040 | 7 | 384 | 1237 | 131477 | 1468 | 153 | LAFOURCHE |
| 03/01/1985 | 600510 | 936040 | 7 | 548 | 1352 | 134851 | 1516 | 384 | LAFOURCHE |
| 02/01/1985 | 600510 | 936040 | 1 | 237 | 1298 | 119853 | 987 | 548 | LAFOURCHE |
| 01/01/1985 | 600510 | 936040 | 7 | 472 | 1315 | 126135 | 1550 | 237 | LAFOURCHE |
| 12/01/1984 | 600510 | 936040 | 7 | 505 | 1450 | 133660 | 1483 | 472 | LAFOURCHE |
| 11/01/1984 | 600510 | 936040 | 7 | 568 | 1006 | 130778 | 1069 | 505 | LAFOURCHE |
| 10/01/1984 | 600510 | 936040 | 7 | 254 | 1806 | 136591 | 1492 | 568 | LAFOURCHE |
| 09/01/1984 | 600510 | 936040 | 7 | 554 | 1244 | 133552 | 1544 | 254 | LAFOURCHE |
| 08/01/1984 | 600510 | 936040 | 7 | 294 | 1168 | 136875 | 908 | 554 | LAFOURCHE |
| 07/01/1984 | 600510 | 936040 | 7 | 645 | 795 | 138085 | 1146 | 294 | LAFOURCHE |
| 06/01/1984 | 600510 | 936040 | 7 | 219 | 1653 | 134392 | 1227 | 645 | LAFOURCHE |
| 05/01/1984 | 600510 | 936040 | 7 | 254 | 1303 | 134824 | 1338 | 219 | LAFOURCHE |
| 04/01/1984 | 600510 | 936040 | 7 | 449 | 1224 | 124260 | 1419 | 254 | LAFOURCHE |
| 03/01/1984 | 600510 | 936040 | 7 | 461 | 1363 | 130387 | 1375 | 449 | LAFOURCHE |
| 02/01/1984 | 600510 | 936040 | 7 | 576 | 1211 | 128806 | 1326 | 461 | LAFOURCHE |
| 01/01/1984 | 600510 | 936040 | 7 | 341 | 1442 | 133686 | 1207 | 576 | LAFOURCHE |
| 12/01/1983 | 600510 | 936040 | 7 | 275 | 1729 | 153613 | 1663 | 341 | LAFOURCHE |
| 11/01/1983 | 600510 | 936040 | 7 | 196 | 1617 | 160778 | 1538 | 275 | LAFOURCHE |
| 10/01/1983 | 600510 | 936040 | 7 | 191 | 1619 | 154328 | 1614 | 196 | LAFOURCHE |
| 09/01/1983 | 600510 | 936040 | 7 | 308 | 1498 | 154830 | 1615 | 191 | LAFOURCHE |
| 08/01/1983 | 600510 | 936040 | 7 | 340 | 1592 | 164333 | 1624 | 308 | LAFOURCHE |
| 07/01/1983 | 600510 | 936040 | 7 | 780 | 639 | 133494 | 1079 | 340 | LAFOURCHE |
| 06/01/1983 | 600510 | 936040 | 7 | 1021 | 645 | 174015 | 886 | 780 | LAFOURCHE |
| 05/01/1983 | 600510 | 936040 | 7 | 1041 | 1665 | 185213 | 1685 | 1021 | LAFOURCHE |
| 04/01/1983 | 600510 | 936040 | 7 | 748 | 1691 | 164541 | 1398 | 1041 | LAFOURCHE |
| 03/01/1983 | 600510 | 936040 | 7 | 769 | 1551 | 144038 | 1572 | 748 | LAFOURCHE |
| 03/01/1983 | 600510 | 936040 | 7 | 933 | 670 | 34366 | 834 | 769 | LAFOURCHE |
| 02/01/1983 | 600510 | 936040 | 7 | 1110 | 1834 | 164380 | 2011 | 933 | LAFOURCHE |
| 01/01/1983 | 600510 | 936040 | 7 | 522 | 2317 | 181425 | 1729 | 1110 | LAFOURCHE |
| 12/01/1982 | 600510 | 936040 | 7 | 457 | 2080 | 205639 | 2015 | 522 | LAFOURCHE |
| 11/01/1982 | 600510 | 936040 | 7 | 1085 | 2313 | 215147 | 2941 | 457 | LAFOURCHE |
| 10/01/1982 | 600510 | 936040 | 7 | 762 | 2095 | 228275 | 1772 | 1085 | LAFOURCHE |
| 09/01/1982 | 600510 | 936040 | 7 | 640 | 2522 | 215152 | 2400 | 762 | LAFOURCHE |
| 08/01/1982 | 600510 | 936040 | 7 | 794 | 2223 | 236211 | 2377 | 640 | LAFOURCHE |
| 07/01/1982 | 600510 | 936040 | 7 | 680 | 2239 | 240961 | 2125 | 794 | LAFOURCHE |
| 06/01/1982 | 600510 | 936040 | 7 | 1232 | 2067 | 218736 | 2619 | 680 | LAFOURCHE |
| 05/01/1982 | 600510 | 936040 | 7 | 1392 | 2280 | 234417 | 2440 | 1232 | LAFOURCHE |
| 04/01/1982 | 600510 | 936040 | 7 | 957 | 2823 | 273966 | 2388 | 1392 | LAFOURCHE |
| 03/01/1982 | 600510 | 936040 | 7 | 1022 | 2771 | 275966 | 2836 | 957 | LAFOURCHE |
| 02/01/1982 | 600510 | 936040 | 7 | 670 | 2579 | 241606 | 2227 | 1022 | LAFOURCHE |
| 01/01/1982 | 600510 | 936040 | 7 | 606 | 2299 | 239368 | 2235 | 670 | LAFOURCHE |
| 12/01/1981 | 600510 | 936040 | 7 | 1040 | 2668 | 263252 | 3102 | 606 | LAFOURCHE |
| 11/01/1981 | 600510 | 936040 | 7 | 641 | 2341 | 238780 | 1942 | 1040 | LAFOURCHE |
| 10/01/1981 | 600510 | 936040 | 7 | 819 | 2593 | 291700 | 2771 | 641 | LAFOURCHE |
| 09/01/1981 | 600510 | 936040 | 7 | 963 | 2643 | 280141 | 2787 | 819 | LAFOURCHE |
| 08/01/1981 | 600510 | 936040 | 7 | 1220 | 2539 | 252292 | 2796 | 963 | LAFOURCHE |
| 07/01/1981 | 600510 | 936040 | 7 | 1009 | 2722 | 269919 | 2511 | 1220 | LAFOURCHE |
| 06/01/1981 | 600510 | 936040 | 7 | 1571 | 2771 | 274153 | 3333 | 1009 | LAFOURCHE |
| 05/01/1981 | 600510 | 936040 | 7 | 1351 | 3223 | 291527 | 3203 | 1571 | LAFOURCHE |
| 04/01/1981 | 600510 | 936040 | 7 | 1385 | 3010 | 303231 | 2844 | 1551 | LAFOURCHE |

NON CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 03/01/1981 | 600510 | 936040 | 7 | 1071 | 2934 | 305984 | 2620 | 1385 | LAFOURCHE |
| 02/01/1981 | 600510 | 936040 | 7 | 1164 | 2749 | 262546 | 2842 | 1071 | LAFOURCHE |
| 01/01/1981 | 600510 | 936040 | 7 | 1401 | 2806 | 268373 | 3043 | 1164 | LAFOURCHE |
| 12/01/1980 | 600510 | 936040 | 7 | 1129 | 3011 | 298518 | 2739 | 1401 | LAFOURCHE |
| 11/01/1980 | 600510 | 936040 | 7 | 923 | 2629 | 258930 | 2423 | 1129 | LAFOURCHE |
| 10/01/1980 | 600510 | 936040 | 7 | 1249 | 2154 | 239151 | 2480 | 923 | LAFOURCHE |
| 09/01/1980 | 600510 | 936040 | 7 | 1021 | 1983 | 208328 | 1755 | 1249 | LAFOURCHE |
| 08/01/1980 | 600510 | 936040 | 7 | 1598 | 1954 | 210041 | 2531 | 1021 | LAFOURCHE |
| 07/01/1980 | 600510 | 936040 | 7 | 1103 | 1608 | 170077 | 1113 | 1598 | LAFOURCHE |
| 06/01/1980 | 600510 | 936040 | 7 | 1646 | 3136 | 209549 | 3679 | 1103 | LAFOURCHE |
| 05/01/1980 | 600510 | 936040 | 7 | 1328 | 4038 | 242154 | 3720 | 1646 | LAFOURCHE |
| 04/01/1980 | 600510 | 936040 | 7 | 1540 | 3825 | 239673 | 4037 | 1328 | LAFOURCHE |
| 03/01/1980 | 600510 | 936040 | 7 | 2336 | 3434 | 247300 | 4230 | 1540 | LAFOURCHE |
| 02/01/1980 | 600510 | 936040 | 7 | 2131 | 3199 | 211770 | 2994 | 2336 | LAFOURCHE |
| 01/01/1980 | 600510 | 936040 | 7 | 1230 | 4168 | 239710 | 3267 | 2131 | LAFOURCHE |
| 12/01/1979 | 600510 | 936040 | 7 | 1702 | 2229 | 194167 | 2701 | 1230 | LAFOURCHE |
| 11/01/1979 | 600510 | 936040 | 7 | 1099 | 1772 | 160646 | 1169 | 1702 | LAFOURCHE |
| 10/01/1979 | 600510 | 936040 | 7 | 1567 | 1791 | 187108 | 2259 | 1099 | LAFOURCHE |
| 09/01/1979 | 600510 | 936040 | 7 | 1556 | 1450 | 166162 | 1439 | 1567 | LAFOURCHE |
| 08/01/1979 | 600510 | 936040 | 7 | 1833 | 1458 | 161205 | 1735 | 1556 | LAFOURCHE |
| 07/01/1979 | 600510 | 936040 | 7 | 953 | 1466 | 173313 | 586 | 1833 | LAFOURCHE |
| 06/01/1979 | 600510 | 936040 | 7 | 1492 | 1481 | 162094 | 2020 | 953 | LAFOURCHE |
| 05/01/1979 | 600510 | 936040 | 7 | 1058 | 2346 | 209334 | 1912 | 1492 | LAFOURCHE |
| 04/01/1979 | 600510 | 936040 | 7 | 2009 | 2454 | 213620 | 3405 | 1058 | LAFOURCHE |
| 03/01/1979 | 600510 | 936040 | 7 | 1238 | 2654 | 226767 | 1883 | 2009 | LAFOURCHE |
| 02/01/1979 | 600510 | 936040 | 7 | 1348 | 2537 | 193716 | 2647 | 1238 | LAFOURCHE |
| 01/01/1979 | 600510 | 936040 | 7 | 756 | 1490 | 142092 | 898 | 1348 | LAFOURCHE |
| 12/01/1978 | 600510 | 936040 | 7 | 1076 | 1825 | 163473 | 2145 | 756 | LAFOURCHE |
| 11/01/1978 | 600510 | 936040 | 7 | 1372 | 1903 | 199554 | 2199 | 1076 | LAFOURCHE |
| 10/01/1978 | 600510 | 936040 | 7 | 2018 | 2017 | 215108 | 2663 | 1372 | LAFOURCHE |
| 09/01/1978 | 600510 | 936040 | 7 | 1414 | 2364 | 208511 | 1760 | 2018 | LAFOURCHE |
| 08/01/1978 | 600510 | 936040 | 7 | 1184 | 2406 | 237841 | 2176 | 1414 | LAFOURCHE |
| 07/01/1978 | 600510 | 936040 | 7 | 1512 | 2574 | 227229 | 2902 | 1184 | LAFOURCHE |
| 06/01/1978 | 600510 | 936040 | 7 | 1917 | 2387 | 224195 | 2792 | 1512 | LAFOURCHE |
| 05/01/1978 | 600510 | 936040 | 7 | 1706 | 2645 | 241614 | 2434 | 1917 | LAFOURCHE |
| 04/01/1978 | 600510 | 936040 | 7 | 1205 | 2287 | 225842 | 1786 | 1706 | LAFOURCHE |
| 03/01/1978 | 600510 | 936040 | 7 | 1970 | 2714 | 245287 | 3479 | 1205 | LAFOURCHE |
| 02/01/1978 | 600510 | 936040 | 7 | 1434 | 2691 | 219201 | 2155 | 1970 | LAFOURCHE |
| 01/01/1978 | 600510 | 936040 | 7 | 1562 | 3128 | 223744 | 3256 | 1434 | LAFOURCHE |
| 12/01/1977 | 600510 | 936040 | 7 | 1623 | 3922 | 269256 | 3983 | 1562 | LAFOURCHE |
| 11/01/1977 | 600510 | 936040 | 7 | 1733 | 3588 | 249612 | 3698 | 1623 | LAFOURCHE |
| 10/01/1977 | 600510 | 936040 | 7 | 2299 | 3980 | 279439 | 4546 | 1733 | LAFOURCHE |
| 09/01/1977 | 600510 | 936040 | 7 | 1430 | 4020 | 261964 | 3151 | 2299 | LAFOURCHE |
| 08/01/1977 | 600510 | 936040 | 7 | 1006 | 4154 | 300027 | 3730 | 1430 | LAFOURCHE |
| 07/01/1977 | 600510 | 936040 | 7 | 1312 | 3872 | 277781 | 4178 | 1006 | LAFOURCHE |
| 06/01/1977 | 600510 | 936040 | 7 | 1232 | 3859 | 280271 | 3779 | 1312 | LAFOURCHE |
| 05/01/1977 | 600510 | 936040 | 7 | 1574 | 4267 | 304465 | 4609 | 1232 | LAFOURCHE |
| 04/01/1977 | 600510 | 936040 | 7 | 1726 | 3353 | 298918 | 3505 | 1574 | LAFOURCHE |
| 03/01/1977 | 600510 | 936040 | 7 | 1698 | 3690 | 310993 | 3662 | 1726 | LAFOURCHE |
| 02/01/1977 | 600510 | 936040 | 7 | 1375 | 3473 | 302638 | 3150 | 1698 | LAFOURCHE |
| 01/01/1977 | 600510 | 936040 | 7 | 1914 | 3920 | 323377 | 4459 | 1375 | LAFOURCHE |

CASING

| COMPLETION DATE | CASING SIZE | WELLBORE SIZE | CASING WEIGHT | UPPER SET DEPTH | LOWER SET DEPTH | CEMENT SACKS | TEST PRESSURE | HOURS UNDER PRESSURE | TEST DATE | CASING PULLED | CREATION PROCESS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/02/1951 | 1600 | 0000 | 60 | 0 | 90 | 50 | 0 | 24 | | | CASING TEST |
| 06/02/1951 | 1034 | 0000 | 40.5 | 0 | 2750 | 625 | 1200 | 48 | | | CASING TEST |
| 06/02/1951 | 0700 | 0000 | 29 | 0 | 11895 | 750 | 1200 | 48 | | | CASING TEST |

PLUG AND ABANDON

| P and A DATE | LOCATION TYPE | CASING CUT TYPE | CASING CUT DEPTH | MUD WEIGHT LEFT | COMMENTS |
|---|---|---|---|---|---|

PLUGS

| PLUG TYPE | UPPER PLUG DEPTH | LOWER PLUG DEPTH | SACKS OF CEMENT | SLURRY WEIGHT |
|---|---|---|---|---|

TUBING AND PACKERS

| COMPLETION DATE | TUBING SIZE | TUBING LOWER DEPTH | TUBING UPPER DEPTH | PACKER DEPTH |
|---|---|---|---|---|
| 06/02/1951 | 008.00/00 | 0 | 0 | |
| 06/02/1951 | 28.01/02 | 11429 | 0 | |

WORK PERMITS

| REFERENCE NUMBER | APPLICATION DATE | EXPIRATION DATE | WORK PERMIT | WORK PERMIT | WORK PERMIT STATUS_DATE | TOTAL DEPTH | WORK_PERFORMED | DOCUMENTATION RECEIPT DATE | TEST SAND | WORK DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|

NON-CERTIFIED COPY

# Well Information

## Review Well Information

**WELLS**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | PARISH | PROD TYPE | SEC | TWN | RGE | EFFECTIVE DATE | API NUM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 43375 | GHEENS REALTY | 001 | 4802 | 9096 | 29 | 20 | 037 | 16S | 20E | 10/01/1989 | 17057005910000 |

| PRMT DATE | SPUD DATE | STAT DATE | ST CD |
|---|---|---|---|
| 05/30/1951 | 06/15/1951 | 10/10/1989 | 30 |

**WELL SURFACE COORDINATES**

| Surface Longitude | Surface Latitude | Lambert X | Lambert Y | Ground Elevation | Zone | Datum |
|---|---|---|---|---|---|---|
| 90-26-27.96 | 29-38-22.199 | 2283443 | 354869 | 0 | S | NAD-27 |

**WELL SURFACE COORDINATES GENERATED BY DNR**

| UTMX 83 | UTMY 83 | LONGITUDE 83 | LATITUDE 83 |
|---|---|---|---|
| 747720.66247085 | 3281600.36475298 | -90.44118585 | 29.63971191 |

**BOTTOM HOLE COORD**

| EFFECTIVE DATE | END DATE | PLUGBACK TOTAL DEPTH | TRUE VERTICAL DEPTH | MEASURED DEPTH | LAT DEG | LAT MIN | LAT SEC | LONG DEG | LONG MIN | LONG SEC | COORDINATE SOURCE | LAMBERT X | LAMBERT Y | ZONE | COORDINATE SYSTEM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/01/1973 | 10/01/1976 | | 0 | 0 | | | | | | | 03 | 0 | 0 | | 01 |
| 10/01/1976 | 03/01/1983 | | 0 | 13427 | | | | | | | 03 | 0 | 0 | | 01 |

**WELL HISTORY**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | ST CD | PT | WELL CLASS | EFF DATE | END DATE | STAT DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 43375 | GHEENS REALTY | 001 | 4802 | 9096 | 30 | 20 | | 10/01/1989 | | 10/10/1989 |
| 43375 | GHEENS REALTY | 001 | 4802 | 9096 | 10 | 20 | | 08/01/1985 | 10/01/1989 | 07/09/1984 |
| 43375 | GHEENS REALTY | 001 | 4802 | 9096 | 10 | 20 | | 09/01/1984 | 08/01/1985 | 07/09/1984 |
| 43375 | GHEENS REALTY | 001 | 4802 | 9096 | 10 | 20 | | 07/01/1984 | 09/01/1984 | 07/09/1984 |
| 43375 | SC 3 SUH;GHEENS REALTY | 001 | 4802 | 9096 | 33 | 20 | | 05/01/1984 | 07/01/1984 | 05/18/1984 |
| 43375 | SC 3 SUH;GHEENS REALTY | 001 | 4802 | 9096 | 10 | 20 | | 12/01/1983 | 05/01/1984 | 10/21/1971 |
| 43375 | SC 3 SUH;GHEENS REALTY | 001 | 4746 | 9096 | 10 | 20 | | 03/01/1983 | 12/01/1983 | 10/21/1971 |
| 43375 | SC 3 SUH;GHEENS REALTY | 001 | 1996 | 9096 | 10 | 20 | | 10/01/1976 | 03/01/1983 | 10/21/1971 |
| 43375 | SC-3 SUH;GHEENS REALTY | 001 | 1996 | 9096 | 10 | 20 | | 02/01/1973 | 10/01/1976 | 02/01/1973 |

**SCOUT INFO**

| REPORT DATE | WELL STATUS | MEASURED DEPTH | TRUE VERT DEPTH | DETAIL |
|---|---|---|---|---|

**PERFORATIONS**

| SERIAL NUM | COMPLETION DATE | UPPER PERF | LOWER PERF | SANDS | RESERVOIR |
|---|---|---|---|---|---|
| 43375 | 07/09/1984 | 11324 | 11334 | U MARKER | |
| 43375 | 10/18/1951 | 11521 | 11531 | SC #3 | |

**WELL TESTS**

| RPT TYP | TEST DATE | RPT DATE | OIL POT | COND | GAS DEL | WATER | BSW% | FLOW PRES | SHUTIN PRES | CHOKE | UPPER PERF | LOWER PERF | BOT HOLE PRES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DT-1 | 02/18/1986 | 03/01/1987 | | 0 | 0 | 0 | | 0 | 0 | | 11324 | 11334 | 0 |
| DT-1 | 02/01/1986 | 03/01/1986 | | 0 | 70 | 0 | | 70 | 0 | 64 | 11324 | 11334 | 0 |
| DT-1 | 10/09/1985 | 12/01/1985 | | 0 | 60 | 0 | | 75 | 0 | 64 | 11324 | 11334 | 0 |
| DT-1 | 07/04/1985 | 09/01/1985 | | 0 | 50 | 0 | | 75 | 0 | 64 | 11324 | 11334 | 0 |
| DT-1 | 04/26/1985 | 06/01/1985 | | 0 | 60 | 0 | | 70 | 0 | 64 | 11324 | 11334 | 0 |
| DT-1 | 01/07/1985 | 03/01/1985 | | 0 | 60 | 0 | | 70 | 0 | 64 | 11324 | 11334 | 0 |
| DT-1 | 11/08/1984 | 12/01/1984 | | 0 | 60 | 0 | | 75 | 0 | 64 | 11324 | 11334 | 0 |
| SDM2G | 09/20/1984 | 09/01/1984 | 0 | 0 | 66 | 0 | 0 | 80 | | OPEN | 11324 | 11333 | |
| DT-1 | 05/18/1984 | 09/01/1984 | | 0 | 0 | 0 | | 0 | 0 | | 11521 | 11531 | 0 |
| DT-1 | 03/21/1984 | 06/01/1984 | | 4 | 1100 | 15 | | 360 | 0 | 64 | 11521 | 11531 | 0 |
| DT-1 | 02/03/1984 | 03/01/1984 | | 4 | 1100 | 15 | | 360 | 0 | 64 | 11521 | 11531 | 0 |
| DT-1 | 10/03/1983 | 12/01/1983 | | 4 | 1200 | 15 | | 400 | 0 | 64 | 11521 | 11531 | 0 |
| DT-1 | 08/06/1983 | 09/01/1983 | | 4 | 1200 | 14 | | 440 | 0 | 64/64 | 11521 | 11531 | 0 |
| DT-1 | 05/11/1983 | 06/01/1983 | | 12 | 1200 | 10 | | 575 | 700 | | 11521 | 11531 | 0 |
| DT-1 | 01/19/1983 | 03/01/1983 | | 8 | 1200 | 8 | | 580 | 730 | | 11521 | 11531 | 0 |
| DT-1 | 11/20/1982 | 12/01/1982 | | 8 | 1200 | 8 | | 600 | 700 | | 11521 | 11531 | 0 |
| DT-1 | 08/15/1982 | 09/01/1982 | | 8 | 1400 | 5 | | 660 | 800 | | 11521 | 11531 | 0 |
| DT-1 | 04/14/1982 | 06/01/1982 | | 8 | 1300 | 9 | | 720 | 850 | | 11521 | 11531 | 0 |
| DT-1 | 01/14/1982 | 03/01/1982 | | 8 | 1300 | 5 | | 710 | 0 | | 11521 | 11531 | 0 |
| DT-1 | 08/20/1981 | 09/01/1981 | | 11 | 1900 | 6 | | 650 | 1000 | 32 | 11521 | 11531 | 0 |
| DT-1 | 04/16/1981 | 06/01/1981 | | 10 | 2500 | 3 | | 750 | 1100 | 32 | 11521 | 11531 | 0 |
| DT-1 | 01/29/1981 | 03/01/1981 | | 11 | 1400 | 6 | | 780 | 900 | 32 | 11521 | 11531 | 0 |
| DT-1 | 11/01/1980 | 12/01/1980 | | 37 | 3200 | 4 | | 940 | 1400 | 32 | 11521 | 11531 | 0 |
| DT-1 | 06/17/1980 | 09/01/1980 | | 37 | 3200 | 4 | | 940 | 1400 | 32 | 11521 | 11531 | 0 |
| DT-1 | 05/06/1980 | 06/01/1980 | | 38 | 3300 | 4 | | 950 | 1400 | 32 | 11521 | 11531 | 0 |
| DT-1 | 02/21/1980 | 03/01/1980 | | 31 | 3000 | 3 | | 1000 | 1400 | 32 | 11521 | 11531 | 0 |

NON-CERTIFIED COPY

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DT-1 | 10/10/1979 | 12/01/1979 | 32 | 2750 | 3 | 1020 | 1400 | 32 | 11521 | 11531 | 0 |
| DT-1 | 06/28/1979 | 09/01/1979 | 35 | 2700 | 3 | 1000 | 1400 | 32 | 11521 | 11531 | 0 |
| DT-1 | 05/04/1979 | 06/01/1979 | 33 | 2800 | 2 | 1000 | 1400 | 32 | 11521 | 11531 | 0 |
| DT-1 | 02/15/1979 | 03/01/1979 | 33 | 3100 | 6 | 1050 | 1600 | 32 | 11521 | 11531 | 0 |

WELL ALLOWABLES

| EFFECTIVE DATE | END DATE | LUW CODE | LUW TYPE CODE | ALLOWABLE | ESTIMATED POTENTIAL | CURRENT ALLOWABLE TYPE |
|---|---|---|---|---|---|---|
| 04/01/1988 | 06/30/1988 | 043375 | 3 | 0 | | 3 |
| 01/01/1987 | 03/31/1987 | 043375 | 3 | 0 | | 3 |
| 01/01/1986 | 03/31/1986 | 043375 | 3 | 75 | | 3 |
| 10/01/1985 | 12/31/1985 | 043375 | 3 | 100 | | 3 |
| 04/01/1985 | 06/30/1985 | 043375 | 3 | 100 | | 3 |
| 01/01/1985 | 03/31/1985 | 043375 | 3 | 100 | | 3 |
| 10/01/1984 | 12/31/1984 | 043375 | 3 | 100 | | 3 |
| 08/18/1984 | 09/30/1984 | 043375 | 3 | 100 | | 3 |
| 07/09/1984 | 09/30/1984 | 043375 | 3 | 0 | | 3 |
| 07/01/1984 | 08/31/1984 | 600524 | 2 | 0 | | 3 |
| 07/01/1984 | 09/30/1984 | 043375 | 3 | 1200 | | 3 |
| 05/01/1984 | 06/30/1984 | 600524 | 2 | 1200 | | 3 |
| 01/01/1984 | 03/31/1984 | 600524 | 2 | 1200 | | 3 |
| 12/01/1983 | 12/31/1983 | 600524 | 2 | 1000 | | 3 |
| 10/01/1983 | 12/31/1983 | 600524 | 2 | 1000 | | 3 |
| 07/01/1983 | 09/30/1983 | 600524 | 2 | 1200 | | 3 |
| 04/01/1983 | 06/30/1983 | 600524 | 2 | 1150 | | 3 |
| 03/08/1983 | 03/31/1983 | 600524 | 2 | 958 | | 3 |
| 03/01/1983 | 03/31/1983 | 600524 | 2 | 958 | | 3 |
| 01/01/1983 | 03/31/1983 | 600524 | 2 | 958 | | 3 |
| 10/01/1982 | 12/31/1982 | 600524 | 2 | 1040 | | 3 |
| 04/01/1982 | 06/30/1982 | 600524 | 2 | 1500 | | 3 |
| 01/01/1982 | 03/31/1982 | 600524 | 2 | 1400 | | 3 |
| 12/11/1981 | 12/31/1981 | 600524 | 2 | 1300 | | 3 |
| 11/01/1981 | 12/31/1981 | 600524 | 2 | 0 | | 3 |
| 04/01/1981 | 06/30/1981 | 600524 | 2 | 1400 | | 3 |
| 01/01/1981 | 03/31/1981 | 600524 | 2 | 2800 | | 3 |
| 10/01/1980 | 12/31/1980 | 600524 | 2 | 3200 | | 3 |
| 07/01/1980 | 09/30/1980 | 600524 | 2 | 3300 | | 3 |
| 04/01/1980 | 06/30/1980 | 600524 | 2 | 3200 | | 3 |
| 07/01/1979 | 09/30/1979 | 600524 | 2 | 3000 | | 3 |
| 04/01/1979 | 06/30/1979 | 600524 | 2 | 3200 | | 3 |
| 01/01/1979 | 03/31/1979 | 600524 | 2 | 3400 | | 3 |
| 10/01/1978 | 12/31/1978 | 600524 | 2 | 4000 | | 3 |
| 04/01/1978 | 06/30/1978 | 600524 | 2 | 3900 | | 3 |
| 07/01/1977 | 09/30/1977 | 600524 | 2 | 4200 | | 3 |
| 01/01/1977 | 03/31/1977 | 600524 | 2 | 5000 | | 3 |

LEASE\UNIT\WELL PRODUCTION

| RPT DATE | LUW CODE | STORAGE FAC | DOC USE | WELL CNT | OPENING STK | OIL PROD(BBL) | GAS PROD(MCF) | DISPOSITION | CLOSING STK | PARISH |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/1987 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/1987 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |



NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 10/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/1987 | 043375 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/1986 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/1986 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/1986 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/1986 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/1986 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/1986 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/1986 | 043375 | 936040 | 0 | 2 | -2 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/1986 | 043375 | 936040 | 0 | 0 | 2 | 0 | 0 | 2 | LAFOURCHE |
| 04/01/1986 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/1986 | 043375 | 936040 | 1 | 0 | 0 | 371 | 0 | 0 | LAFOURCHE |
| 02/01/1986 | 043375 | 936040 | 1 | 0 | 0 | 785 | 0 | 0 | LAFOURCHE |
| 01/01/1986 | 043375 | 936040 | 1 | 0 | 0 | 1042 | 0 | 0 | LAFOURCHE |
| 12/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1178 | 0 | 0 | LAFOURCHE |
| 11/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1528 | 0 | 0 | LAFOURCHE |
| 10/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1504 | 0 | 0 | LAFOURCHE |
| 09/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1451 | 0 | 0 | LAFOURCHE |
| 08/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1538 | 0 | 0 | LAFOURCHE |
| 07/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1247 | 0 | 0 | LAFOURCHE |
| 06/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1544 | 0 | 0 | LAFOURCHE |
| 05/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1511 | 0 | 0 | LAFOURCHE |
| 04/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1455 | 0 | 0 | LAFOURCHE |
| 03/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1575 | 0 | 0 | LAFOURCHE |
| 02/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1110 | 0 | 0 | LAFOURCHE |
| 01/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 914 | 0 | 0 | LAFOURCHE |
| 12/01/1984 | 043375 | 936040 | 1 | 0 | 0 | 1263 | 0 | 0 | LAFOURCHE |
| 11/01/1984 | 043375 | 936040 | 1 | 0 | 0 | 1243 | 0 | 0 | LAFOURCHE |
| 10/01/1984 | 043375 | 936040 | 1 | 0 | 0 | 1419 | 0 | 0 | LAFOURCHE |
| 09/01/1984 | 043375 | 936040 | 1 | 0 | 0 | 1348 | 0 | 0 | LAFOURCHE |
| 08/01/1984 | 043375 | | 1 | 0 | 34 | 237 | 34 | 0 | LAFOURCHE |
| 07/01/1984 | 043375 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/1984 | 600524 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/1984 | 600524 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/1984 | 600524 | 936040 | 1 | 0 | 37 | 1948 | 37 | 0 | LAFOURCHE |
| 03/01/1984 | 600524 | 936040 | 1 | 0 | 117 | 21807 | 117 | 0 | LAFOURCHE |
| 02/01/1984 | 600524 | 936040 | 1 | 0 | 113 | 24953 | 113 | 0 | LAFOURCHE |
| 01/01/1984 | 600524 | 936040 | 1 | 0 | 89 | 29614 | 89 | 0 | LAFOURCHE |
| 12/01/1983 | 600524 | 936040 | 1 | 0 | 87 | 32940 | 87 | 0 | LAFOURCHE |
| 11/01/1983 | 600524 | 936040 | 1 | 0 | 108 | 36062 | 108 | 0 | LAFOURCHE |
| 10/01/1983 | 600524 | 936040 | 1 | 0 | 113 | 36784 | 113 | 0 | LAFOURCHE |
| 09/01/1983 | 600524 | 936040 | 1 | 0 | 103 | 34337 | 103 | 0 | LAFOURCHE |
| 08/01/1983 | 600524 | 936040 | 1 | 0 | 107 | 30200 | 107 | 0 | LAFOURCHE |
| 07/01/1983 | 600524 | 936040 | 1 | 0 | 385 | 30249 | 385 | 0 | LAFOURCHE |
| 06/01/1983 | 600524 | 936040 | 1 | 0 | 395 | 31366 | 395 | 0 | LAFOURCHE |
| 05/01/1983 | 600524 | 936040 | 1 | 0 | 318 | 32868 | 318 | 0 | LAFOURCHE |
| 04/01/1983 | 600524 | 936040 | 1 | 0 | 349 | 30814 | 349 | 0 | LAFOURCHE |
| 03/01/1983 | 600524 | 936040 | 1 | 0 | 225 | 28381 | 225 | 0 | LAFOURCHE |
| 03/01/1983 | 600524 | 936040 | 1 | 0 | 56 | 8188 | 56 | 0 | LAFOURCHE |
| 02/01/1983 | 600524 | 936040 | 1 | 0 | 195 | 33439 | 195 | 0 | LAFOURCHE |
| 01/01/1983 | 600524 | 936040 | 1 | 0 | 226 | 34593 | 226 | 0 | LAFOURCHE |
| 12/01/1982 | 600524 | 936040 | 1 | 0 | 212 | 40648 | 212 | 0 | LAFOURCHE |
| 11/01/1982 | 600524 | 936040 | 1 | 0 | 176 | 32371 | 176 | 0 | LAFOURCHE |
| 10/01/1982 | 600524 | 936040 | 1 | 0 | 154 | 33308 | 154 | 0 | LAFOURCHE |
| 09/01/1982 | 600524 | 936040 | 1 | 0 | 239 | 38151 | 239 | 0 | LAFOURCHE |
| 08/01/1982 | 600524 | 936040 | 1 | 0 | 195 | 39087 | 195 | 0 | LAFOURCHE |
| 07/01/1982 | 600524 | 936040 | 1 | 0 | 212 | 39775 | 212 | 0 | LAFOURCHE |
| 06/01/1982 | 600524 | 936040 | 1 | 0 | 224 | 37500 | 224 | 0 | LAFOURCHE |

NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 05/01/1982 | 600524 | 936040 | 1 | 0 | 231 | 38213 | 231 | 0 | LAFOURCHE |
| 04/01/1982 | 600524 | 936040 | 1 | 0 | 234 | 36640 | 234 | 0 | LAFOURCHE |
| 03/01/1982 | 600524 | 936040 | 1 | 0 | 247 | 39741 | 247 | 0 | LAFOURCHE |
| 02/01/1982 | 600524 | 936040 | 1 | 0 | 223 | 34462 | 223 | 0 | LAFOURCHE |
| 01/01/1982 | 600524 | 936040 | 1 | 0 | 204 | 34976 | 204 | 0 | LAFOURCHE |
| 12/01/1981 | 600524 | 936040 | 1 | 0 | 158 | 25133 | 158 | 0 | LAFOURCHE |
| 11/01/1981 | 600524 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/1981 | 600524 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/1981 | 600524 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/1981 | 600524 | 936040 | 1 | 0 | 209 | 53264 | 209 | 0 | LAFOURCHE |
| 07/01/1981 | 600524 | 936040 | 1 | 0 | 222 | 55617 | 222 | 0 | LAFOURCHE |
| 06/01/1981 | 600524 | 936040 | 1 | 0 | 211 | 55217 | 211 | 0 | LAFOURCHE |
| 05/01/1981 | 600524 | 936040 | 1 | 0 | 277 | 61413 | 277 | 0 | LAFOURCHE |
| 04/01/1981 | 600524 | 936040 | 1 | 0 | 484 | 71257 | 484 | 0 | LAFOURCHE |
| 03/01/1981 | 600524 | 936040 | 1 | 0 | 451 | 68725 | 451 | 0 | LAFOURCHE |
| 02/01/1981 | 600524 | 936040 | 1 | 0 | 269 | 37939 | 269 | 0 | LAFOURCHE |
| 01/01/1981 | 600524 | 936040 | 1 | 0 | 331 | 45315 | 331 | 0 | LAFOURCHE |
| 12/01/1980 | 600524 | 936040 | 1 | 0 | 470 | 48465 | 470 | 0 | LAFOURCHE |
| 11/01/1980 | 600524 | 936040 | 1 | 0 | 607 | 57562 | 607 | 0 | LAFOURCHE |
| 10/01/1980 | 600524 | 936040 | 1 | 0 | 807 | 75249 | 807 | 0 | LAFOURCHE |
| 09/01/1980 | 600524 | 936040 | 1 | 0 | 972 | 80155 | 972 | 0 | LAFOURCHE |
| 08/01/1980 | 600524 | 936040 | 1 | 0 | 1013 | 86107 | 1013 | 0 | LAFOURCHE |
| 07/01/1980 | 600524 | 936040 | 1 | 0 | 1065 | 88094 | 1065 | 0 | LAFOURCHE |
| 06/01/1980 | 600524 | 936040 | 1 | 0 | 948 | 88364 | 948 | 0 | LAFOURCHE |
| 05/01/1980 | 600524 | 936040 | 1 | 0 | 1105 | 92935 | 1105 | 0 | LAFOURCHE |
| 04/01/1980 | 600524 | 936040 | 1 | 0 | 1061 | 93364 | 1061 | 0 | LAFOURCHE |
| 03/01/1980 | 600524 | 936040 | 1 | 0 | 1127 | 92444 | 1127 | 0 | LAFOURCHE |
| 02/01/1980 | 600524 | 936040 | 1 | 0 | 896 | 82625 | 896 | 0 | LAFOURCHE |
| 01/01/1980 | 600524 | 936040 | 1 | 0 | 1031 | 86734 | 1031 | 0 | LAFOURCHE |
| 12/01/1979 | 600524 | 936040 | 1 | 0 | 1067 | 78079 | 1067 | 0 | LAFOURCHE |
| 11/01/1979 | 600524 | 936040 | 1 | 0 | 903 | 76595 | 903 | 0 | LAFOURCHE |
| 10/01/1979 | 600524 | 936040 | 1 | 0 | 896 | 80035 | 896 | 0 | LAFOURCHE |
| 09/01/1979 | 600524 | 936040 | 1 | 0 | 882 | 77673 | 882 | 0 | LAFOURCHE |
| 08/01/1979 | 600524 | 936040 | 1 | 0 | 940 | 84800 | 940 | 0 | LAFOURCHE |
| 07/01/1979 | 600524 | 936040 | 1 | 0 | 969 | 85649 | 969 | 0 | LAFOURCHE |
| 06/01/1979 | 600524 | 936040 | 1 | 0 | 853 | 82647 | 853 | 0 | LAFOURCHE |
| 05/01/1979 | 600524 | 936040 | 1 | 0 | 1053 | 86689 | 1053 | 0 | LAFOURCHE |
| 04/01/1979 | 600524 | 936040 | 1 | 0 | 962 | 84286 | 962 | 0 | LAFOURCHE |
| 03/01/1979 | 600524 | 936040 | 1 | 0 | 1091 | 92073 | 1091 | 0 | LAFOURCHE |
| 02/01/1979 | 600524 | 936040 | 1 | 0 | 1034 | 76072 | 1034 | 0 | LAFOURCHE |
| 01/01/1979 | 600524 | 936040 | 1 | 0 | 1278 | 93809 | 1278 | 0 | LAFOURCHE |
| 12/01/1978 | 600524 | 936040 | 1 | 0 | 1513 | 102189 | 1513 | 0 | LAFOURCHE |
| 11/01/1978 | 600524 | 936040 | 1 | 0 | 1298 | 99933 | 1298 | 0 | LAFOURCHE |
| 10/01/1978 | 600524 | 936040 | 1 | 0 | 1375 | 103667 | 1375 | 0 | LAFOURCHE |
| 09/01/1978 | 600524 | 936040 | 0 | 0 | 1301 | 99222 | 1301 | 0 | LAFOURCHE |
| 08/01/1978 | 600524 | 936040 | 0 | 0 | 1249 | 104124 | 1249 | 0 | LAFOURCHE |
| 07/01/1978 | 600524 | 936040 | 0 | 0 | 1415 | 102244 | 1415 | 0 | LAFOURCHE |
| 06/01/1978 | 600524 | 936040 | 0 | 0 | 1341 | 103151 | 1341 | 0 | LAFOURCHE |
| 05/01/1978 | 600524 | 936040 | 1 | 0 | 1473 | 110623 | 1473 | 0 | LAFOURCHE |
| 04/01/1978 | 600524 | 936040 | 1 | 0 | 1375 | 109862 | 1375 | 0 | LAFOURCHE |
| 03/01/1978 | 600524 | 936040 | 1 | 0 | 1585 | 112987 | 1585 | 0 | LAFOURCHE |
| 02/01/1978 | 600524 | 936040 | 1 | 0 | 1245 | 102958 | 1245 | 0 | LAFOURCHE |
| 01/01/1978 | 600524 | 936040 | 1 | 0 | 1225 | 100452 | 1225 | 0 | LAFOURCHE |
| 12/01/1977 | 600524 | 936040 | 1 | 0 | 1357 | 121079 | 1357 | 0 | LAFOURCHE |
| 11/01/1977 | 600524 | 936040 | 1 | 0 | 1382 | 117958 | 1382 | 0 | LAFOURCHE |
| 10/01/1977 | 600524 | 936040 | 1 | 0 | 1469 | 128030 | 1469 | 0 | LAFOURCHE |
| 09/01/1977 | 600524 | 936040 | 1 | 0 | 1495 | 120058 | 1495 | 0 | LAFOURCHE |
| 08/01/1977 | 600524 | 936040 | 1 | 0 | 1464 | 124912 | 1464 | 0 | LAFOURCHE |
| 07/01/1977 | 600524 | 936040 | 1 | 0 | 1429 | 127437 | 1429 | 0 | LAFOURCHE |
| 06/01/1977 | 600524 | 936040 | 1 | 0 | 1222 | 100580 | 1222 | 0 | LAFOURCHE |
| 05/01/1977 | 600524 | 936040 | 1 | 0 | 1309 | 104230 | 1309 | 0 | LAFOURCHE |
| 04/01/1977 | 600524 | 936040 | 1 | 0 | 1815 | 101420 | 1815 | 0 | LAFOURCHE |
| 03/01/1977 | 600524 | 936040 | 1 | 0 | 2055 | 110234 | 2055 | 0 | LAFOURCHE |
| 02/01/1977 | 600524 | 936040 | 0 | 0 | 1879 | 103852 | 1879 | 0 | LAFOURCHE |
| 01/01/1977 | 600524 | 936040 | 1 | 0 | 2204 | 114441 | 2204 | 0 | LAFOURCHE |

CASING

| COMPLETION DATE | CASING SIZE | WELLBORE SIZE | CASING WEIGHT | UPPER SET DEPTH | LOWER SET DEPTH | CEMENT SACKS | TEST PRESSURE | HOURS UNDER PRESSURE | TEST DATE | CASING PULLED | CREATION PROCESS |
|---|---|---|---|---|---|---|---|---|---|---|---|



NON-CERTIFIED COPY

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/10/1989 | 0700 | | | | | | | | 2430 | PLUG AND ABANDON |
| 10/10/1989 | 00 | | | | | | | | 0 | PLUG AND ABANDON |
| 10/10/1989 | 1034 | | | | | | | | 0 | PLUG AND ABANDON |
| 10/18/1951 | 1034 | 0000 | 40.5 | 0 | 2738 | 650 | 1200 | 48 | | CASING TEST |
| 10/18/1951 | 0400 | 0000 | 12 | 473 | 13131 | 75 | 1200 | 72 | | CASING TEST |
| 10/18/1951 | 0700 | 0000 | 26 | 0 | 12130 | 750 | 1200 | 72 | | CASING TEST |
| 10/18/1951 | 0500 | 0000 | 18 | 0 | 473 | 0 | 0 | 0 | | CASING TEST |

**PLUG AND ABANDON**

| P and A DATE | LOCATION TYPE | CASING CUT TYPE | CASING CUT DEPTH | MUD WEIGHT LEFT | COMMENTS |
|---|---|---|---|---|---|
| 10/10/1989 | | | | | |

**PLUGS**

| PLUG TYPE | UPPER PLUG DEPTH | LOWER PLUG DEPTH | SACKS OF CEMENT | SLURRY WEIGHT |
|---|---|---|---|---|
| | 2330 | 2530 | 75 | |
| | 10935 | 11185 | 50 | |
| | 10 | 110 | 45 | |

**TUBING AND PACKERS**

| COMPLETION DATE | TUBING SIZE | TUBING LOWER DEPTH | TUBING UPPER DEPTH | PACKER DEPTH |
|---|---|---|---|---|
| 10/18/1951 | 00800/00 | 0 | 0 | 11203 |
| 10/18/1951 | 02803/08 | 11203 | 0 | 11203 |

**WORK PERMITS**

| REFERENCE NUMBER | APPLICATION DATE | EXPIRATION DATE | WORK PERMIT TYPE | WORK PERMIT STATUS | WORK PERMIT STATUS_DATE | TOTAL DEPTH | WORK_PERFORMED | DOCUMENTATION RECEIPT DATE | TEST SAND | WORK DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|



NON-CERTIFIED COPY

# Well Information

## Review Well Information

**WELLS**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | PARISH | PROD TYPE | SEC | TWN | RGE | EFFECTIVE DATE | API NUM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 55784 | GHEENS REALTY CO | 002 | 9999 | 9096 | 29 | 00 | 037 | 16S | 20E | 08/01/1955 | 17057005900000 |

| PRMT DATE | SPUD DATE | STAT DATE | ST CD |
|---|---|---|---|
| 03/09/1955 | 03/13/1955 | 08/03/1955 | 29 |

**WELL SURFACE COORDINATES**

| Surface Longitude | Surface Latitude | Lambert X | Lambert Y | Ground Elevation | Zone | Datum |
|---|---|---|---|---|---|---|
| 90-27-18 | 29-39-6.84 | 2278993 | 359344 | 0 | S | NAD-27 |

**WELL SURFACE COORDINATES GENERATED BY DNR**

| UTMX 83 | UTMY 83 | LONGITUDE 83 | LATITUDE 83 |
|---|---|---|---|
| 746344.34637365 | 3282945.34870293 | -90.45508553 | 29.65211199 |

**BOTTOM HOLE COORD**

| EFFECTIVE DATE | END DATE | PLUGBACK TOTAL DEPTH | TRUE VERTICAL DEPTH | MEASURED DEPTH | LAT DEG | LAT MIN | LAT SEC | LONG DEG | LONG MIN | LONG SEC | COORDINATE SOURCE | LAMBERT X | LAMBERT Y | ZONE | COORDINATE SYSTEM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/01/1955 | | | 0 | 16138 | | | | | | | 03 | 0 | 0 | | 01 |

**WELL HISTORY**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | ST CD | PT | WELL CLASS | EFF DATE | END DATE | STAT DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 55784 | GHEENS REALTY CO | 002 | 9999 | 9096 | 29 | 00 | | 08/01/1955 | | 08/03/1955 |

**SCOUT INFO**

| REPORT DATE | WELL STATUS | MEASURED DEPTH | TRUE VERT DEPTH | DETAIL |
|---|---|---|---|---|

**PERFORATIONS**

| SERIAL NUM | COMPLETION DATE | UPPER PERF | LOWER PERF | SANDS | RESERVOIR |
|---|---|---|---|---|---|

**WELL TESTS**

| RPT TYP | TEST DATE | RPT DATE | OIL POT | COND | GAS DEL | WATER | BSW% | FLOW PRES | SHUTIN PRES | CHOKE | UPPER PERF | LOWER PERF | BOT HOLE PRES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**WELL ALLOWABLES**

| EFFECTIVE DATE | END DATE | LUW CODE | LUW TYPE CODE | ALLOWABLE | ESTIMATED POTENTIAL | CURRENT ALLOWABLE TYPE |
|---|---|---|---|---|---|---|

**LEASE\UNIT\WELL PRODUCTION**

| RPT DATE | LUW CODE | STORAGE FAC | DOC USE | WELL CNT | OPENING STK | OIL PROD(BBL) | GAS PROD(MCF) | DISPOSITION | CLOSING STK | PARISH |
|---|---|---|---|---|---|---|---|---|---|---|

**CASING**

| COMPLETION DATE | CASING SIZE | WELLBORE SIZE | CASING WEIGHT | UPPER SET DEPTH | LOWER SET DEPTH | CEMENT SACKS | TEST PRESSURE | HOURS UNDER PRESSURE | TEST DATE | CASING PULLED | CREATION PROCESS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/23/1955 | 0700 | | | | | | | | | 0 | PLUG AND ABANDON |
| 08/23/1955 | 1338 | | | | | | | | | 0 | PLUG AND ABANDON |
| 08/23/1955 | 0958 | | | | | | | | | 2500 | PLUG AND ABANDON |
| 08/23/1955 | 0700 | 0838 | 29 | 0 | 14218 | 250 | 0 | 0 | 06/24/1955 | | CASING TEST |
| 08/23/1955 | 0958 | 1214 | 43.5 | 0 | 12300 | 2000 | 800 | 8 | 04/17/1955 | | CASING TEST |
| 08/23/1955 | 1338 | 1712 | 54.5 | 0 | 2540 | 1000 | 500 | 8 | 03/14/1955 | | CASING TEST |

**PLUG AND ABANDON**

| P and A DATE | LOCATION TYPE | CASING CUT TYPE | CASING CUT DEPTH | MUD WEIGHT LEFT | COMMENTS |
|---|---|---|---|---|---|
| 08/23/1955 | | | | | |

**PLUGS**

| PLUG TYPE | UPPER PLUG DEPTH | LOWER PLUG DEPTH | SACKS OF CEMENT | SLURRY WEIGHT |
|---|---|---|---|---|
| | 14130 | 14180 | 50 | |
| | 0 | 50 | 20 | |
| | 2400 | 2600 | 100 | |

**TUBING AND PACKERS**

| COMPLETION DATE | TUBING SIZE | TUBING LOWER DEPTH | TUBING UPPER DEPTH | PACKER DEPTH |
|---|---|---|---|---|
| 08/23/1955 | 00&00/00 | 0 | 0 | |
| 08/23/1955 | 00&00/00 | 0 | 0 | |

**WORK PERMITS**

| REFERENCE NUMBER | APPLICATION DATE | EXPIRATION DATE | WORK PERMIT TYPE | WORK PERMIT STATUS | WORK PERMIT STATUS_DATE | TOTAL DEPTH | WORK_PERFORMED | DOCUMENTATION RECEIPT DATE | TEST SAND | WORK DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|

NON-CERTIFIED COPY

# Well Information

## Review Well Information

**WELLS**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | PARISH | PROD TYPE | SEC | TWN | RGE | EFFECTIVE DATE | API NUM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 70262 | GHEENS | 003 | 9999 | 9096 | 29 | 00 | 037 | 16S | 20E | 12/01/1976 | 17057005890000 |

| PRMT DATE | SPUD DATE | STAT DATE | ST CD |
|---|---|---|---|
| 04/25/1958 | 04/28/1958 | 05/31/1958 | 29 |

**WELL SURFACE COORDINATES**

| Surface Longitude | Surface Latitude | Lambert X | Lambert Y | Ground Elevation | Zone | Datum |
|---|---|---|---|---|---|---|
| 90-27-18.359 | 29-39-29.52 | 2278944 | 361635 | 0 | S | NAD-27 |

**WELL SURFACE COORDINATES GENERATED BY DNR**

| UTMX 83 | UTMY 83 | LONGITUDE 83 | LATITUDE 83 |
|---|---|---|---|
| 746319.40236016 | 3283643.6487777 | -90.45518449 | 29.65841291 |

**BOTTOM HOLE COORD**

| EFFECTIVE DATE | END DATE | PLUGBACK TOTAL DEPTH | TRUE VERTICAL DEPTH | MEASURED DEPTH | LAT DEG | LAT MIN | LAT SEC | LONG DEG | LONG MIN | LONG SEC | COORDINATE SOURCE | LAMBERT X | LAMBERT Y | ZONE | COORDINATE SYSTEM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/01/1976 | | | 0 | 12883 | | | | | | | 03 | 0 | 0 | | 01 |

**WELL HISTORY**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | ST CD | PT | WELL CLASS | EFF DATE | END DATE | STAT DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 70262 | GHEENS | 003 | 9999 | 9096 | 29 | 00 | | 12/01/1976 | | 05/31/1958 |

**SCOUT INFO**

| REPORT DATE | WELL STATUS | MEASURED DEPTH | TRUE VERT DEPTH | DETAIL |
|---|---|---|---|---|

**PERFORATIONS**

| SERIAL NUM | COMPLETION DATE | UPPER PERF | LOWER PERF | SANDS | RESERVOIR |
|---|---|---|---|---|---|

**WELL TESTS**

| RPT TYP | TEST DATE | RPT DATE | OIL POT | COND | GAS DEL | WATER | BSW% | FLOW PRES | SHUTIN PRES | CHOKE | UPPER PERF | LOWER PERF | BOT HOLE PRES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**WELL ALLOWABLES**

| EFFECTIVE DATE | END DATE | LUW CODE | LUW TYPE CODE | ALLOWABLE | ESTIMATED POTENTIAL | CURRENT ALLOWABLE TYPE |
|---|---|---|---|---|---|---|

**LEASE\UNIT\WELL PRODUCTION**

| RPT DATE | LUW CODE | STORAGE FAC | DOC USE | WELL CNT | OPENING STK | OIL PROD(BBL) | GAS PROD(MCF) | DISPOSITION | CLOSING STK | PARISH |
|---|---|---|---|---|---|---|---|---|---|---|

**CASING**

| COMPLETION DATE | CASING SIZE | WELLBORE SIZE | CASING WEIGHT | UPPER SET DEPTH | LOWER SET DEPTH | CEMENT SACKS | TEST PRESSURE | HOURS UNDER PRESSURE | TEST DATE | CASING PULLED | CREATION PROCESS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/31/1958 | 00 | | | | | | | | | 0 | PLUG AND ABANDON |
| 05/31/1958 | 00 | | | | | | | | | 0 | PLUG AND ABANDON |
| 05/31/1958 | 1034 | | | | | | | | | 0 | PLUG AND ABANDON |
| 05/31/1958 | 1034 | 1500 | 40.5 | 0 | 2597 | 600 | 500 | 8 | 05/30/1958 | | CASING TEST |

**PLUG AND ABANDON**

| P and A DATE | LOCATION TYPE | CASING CUT TYPE | CASING CUT DEPTH | MUD WEIGHT LEFT | COMMENTS |
|---|---|---|---|---|---|
| 05/31/1958 | | | | | |

**PLUGS**

| PLUG TYPE | UPPER PLUG DEPTH | LOWER PLUG DEPTH | SACKS OF CEMENT | SLURRY WEIGHT |
|---|---|---|---|---|
| | 2514 | 2672 | 75 | |
| | 11268 | 11426 | 75 | |
| | 0 | 10 | 10 | |

**TUBING AND PACKERS**

| COMPLETION DATE | TUBING SIZE | TUBING LOWER DEPTH | TUBING UPPER DEPTH | PACKER DEPTH |
|---|---|---|---|---|
| 05/31/1958 | 00&00/00 | 0 | 0 | |

**WORK PERMITS**

| REFERENCE NUMBER | APPLICATION DATE | EXPIRATION DATE | WORK PERMIT TYPE | WORK PERMIT STATUS | WORK PERMIT STATUS_DATE | TOTAL DEPTH | WORK_PERFORMED | DOCUMENTATION RECEIPT DATE | TEST SAND | WORK DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|

NON-CERTIFIED COPY

# Well Information

## Review Well Information

**WELLS**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | PARISH | PROD TYPE | SEC | TWN | RGE | EFFECTIVE DATE | API NUM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 76802 | C E GHEENS | 004 | 9999 | 9096 | 29 | 00 | 037 | 16S | 20E | 12/01/1976 | 17057005880000 |

| PRMT DATE | SPUD DATE | STAT DATE | ST CD |
|---|---|---|---|
| 09/28/1959 | 10/26/1959 | 11/21/1959 | 29 |

**WELL SURFACE COORDINATES**

| Surface Longitude | Surface Latitude | Lambert X | Lambert Y | Ground Elevation | Zone | Datum |
|---|---|---|---|---|---|---|
| 90-26-22.559 | 29-39-31.319 | 2283865 | 361854 | 0 | 5 | NAD-27 |

**WELL SURFACE COORDINATES GENERATED BY DNR**

| UTMX 83 | UTMY 83 | LONGITUDE 83 | LATITUDE 83 |
|---|---|---|---|
| 747818.83835834 | 3283731.91448233 | -90.43968595 | 29.6589105 |

**BOTTOM HOLE COORD**

| EFFECTIVE DATE | END DATE | PLUGBACK TOTAL DEPTH | TRUE VERTICAL DEPTH | MEASURED DEPTH | LAT DEG | LAT MIN | LAT SEC | LONG DEG | LONG MIN | LONG SEC | COORDINATE SOURCE | LAMBERT X | LAMBERT Y | ZONE | COORDINATE SYSTEM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/01/1976 | | | 0 | 12525 | | | | | | | 03 | 0 | 0 | | 01 |

**WELL HISTORY**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | ST CD | PT | WELL CLASS | EFF DATE | END DATE | STAT DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 76802 | C E GHEENS | 004 | 9999 | 9096 | 29 | 00 | | 12/01/1976 | | 11/21/1959 |

**SCOUT INFO**

| REPORT DATE | WELL STATUS | MEASURED DEPTH | TRUE VERT DEPTH | DETAIL |
|---|---|---|---|---|

**PERFORATIONS**

| SERIAL NUM | COMPLETION DATE | UPPER PERF | LOWER PERF | SANDS | RESERVOIR |
|---|---|---|---|---|---|

**WELL TESTS**

| RPT TYP | TEST DATE | RPT DATE | OIL POT | COND | GAS DEL | WATER | BSW% | FLOW PRES | SHUTIN PRES | CHOKE | UPPER PERF | LOWER PERF | BOT HOLE PRES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**WELL ALLOWABLES**

| EFFECTIVE DATE | END DATE | LUW CODE | LUW TYPE CODE | ALLOWABLE | ESTIMATED POTENTIAL | CURRENT ALLOWABLE TYPE |
|---|---|---|---|---|---|---|

**LEASE\UNIT\WELL PRODUCTION**

| RPT DATE | LUW CODE | STORAGE FAC | DOC USE | WELL CNT | OPENING STK | OIL PROD(BBL) | GAS PROD(MCF) | DISPOSITION | CLOSING STK | PARISH |
|---|---|---|---|---|---|---|---|---|---|---|

**CASING**

| COMPLETION DATE | CASING SIZE | WELLBORE SIZE | CASING WEIGHT | UPPER SET DEPTH | LOWER SET DEPTH | CEMENT SACKS | TEST PRESSURE | HOURS UNDER PRESSURE | TEST DATE | CASING PULLED | CREATION PROCESS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/21/1959 | 1600 | 2000 | 60 | 0 | 90 | 50 | 0 | 0 | | | CASING TEST |
| 11/21/1959 | 1034 | | | | | | | | | 0 | PLUG AND ABANDON |
| 11/21/1959 | 00 | | | | | | | | | 0 | PLUG AND ABANDON |
| 11/21/1959 | 00 | | | | | | | | | 0 | PLUG AND ABANDON |
| 11/21/1959 | 1034 | 1500 | 40.5 | 0 | 3020 | 750 | 1200 | 24 | 10/28/1959 | | CASING TEST |

**PLUG AND ABANDON**

| P and A DATE | LOCATION TYPE | CASING CUT TYPE | CASING CUT DEPTH | MUD WEIGHT LEFT | COMMENTS |
|---|---|---|---|---|---|
| 11/21/1959 | | | | | |

**PLUGS**

| PLUG TYPE | UPPER PLUG DEPTH | LOWER PLUG DEPTH | SACKS OF CEMENT | SLURRY WEIGHT |
|---|---|---|---|---|
| | 10400 | 10600 | 75 | |
| | 0 | 20 | 10 | |
| | 2900 | 3100 | 75 | |

**TUBING AND PACKERS**

| COMPLETION DATE | TUBING SIZE | TUBING LOWER DEPTH | TUBING UPPER DEPTH | PACKER DEPTH |
|---|---|---|---|---|
| 11/21/1959 | 00800/00 | 0 | 0 | |

**WORK PERMITS**

| REFERENCE NUMBER | APPLICATION DATE | EXPIRATION DATE | WORK PERMIT TYPE | WORK PERMIT STATUS | WORK PERMIT STATUS_DATE | TOTAL DEPTH | WORK_PERFORMED | DOCUMENTATION RECEIPT DATE | TEST SAND | WORK DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|

NON CERTIFIED COPY

# Well Information

## Review Well Information

**WELLS**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | PARISH | PROD TYPE | SEC | TWN | RGE | EFFECTIVE DATE | API NUM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 119239 | GHEENS | 005 | 1996 | 9096 | 29 | 00 | 037 | 16S | 20E | 12/01/1976 | 17057201010000 |

| PRMT DATE | SPUD DATE | STAT DATE | ST CD |
|---|---|---|---|
| 03/21/1967 | 03/25/1967 | 03/22/1967 | 29 |

**WELL SURFACE COORDINATES**

| Surface Longitude | Surface Latitude | Lambert X | Lambert Y | Ground Elevation | Zone | Datum |
|---|---|---|---|---|---|---|
| 90-25-25.319 | 29-39-6.839 | 2288935 | 359422 | 0 | S | NAD-27 |

**WELL SURFACE COORDINATES GENERATED BY DNR**

| UTMX 83 | UTMY 83 | LONGITUDE 83 | LATITUDE 83 |
|---|---|---|---|
| 749375.29295296 | 3283012.53958154 | -90.42378441 | 29.65211318 |

**BOTTOM HOLE COORD**

| EFFECTIVE DATE | END DATE | PLUGBACK TOTAL DEPTH | TRUE VERTICAL DEPTH | MEASURED DEPTH | LAT DEG | LAT MIN | LAT SEC | LONG DEG | LONG MIN | LONG SEC | COORDINATE SOURCE | LAMBERT X | LAMBERT Y | ZONE | COORDINATE SYSTEM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/01/1976 | | | 0 | 12813 | | | | | | | 03 | 0 | 0 | | 01 |

**WELL HISTORY**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | ST CD | PT | WELL CLASS | EFF DATE | END DATE | STAT DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 119239 | GHEENS | 005 | 1996 | 9096 | 29 | 00 | | 12/01/1976 | | 03/22/1967 |

**SCOUT INFO**

| REPORT DATE | WELL STATUS | MEASURED DEPTH | TRUE VERT DEPTH | DETAIL |
|---|---|---|---|---|

**PERFORATIONS**

| SERIAL NUM | COMPLETION DATE | UPPER PERF | LOWER PERF | SANDS | RESERVOIR |
|---|---|---|---|---|---|

**WELL TESTS**

| RPT TYP | TEST DATE | RPT DATE | OIL POT | COND | GAS DEL | WATER | BSW% | FLOW PRES | SHUTIN PRES | CHOKE | UPPER PERF | LOWER PERF | BOT HOLE PRES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**WELL ALLOWABLES**

| EFFECTIVE DATE | END DATE | LUW CODE | LUW TYPE CODE | ALLOWABLE | ESTIMATED POTENTIAL | CURRENT ALLOWABLE TYPE |
|---|---|---|---|---|---|---|

**LEASE\UNIT\WELL PRODUCTION**

| RPT DATE | LUW CODE | STORAGE FAC | DOC USE | WELL CNT | OPENING STK | OIL PROD(BBL) | GAS PROD(MCF) | DISPOSITION | CLOSING STK | PARISH |
|---|---|---|---|---|---|---|---|---|---|---|

**CASING**

| COMPLETION DATE | CASING SIZE | WELLBORE SIZE | CASING WEIGHT | UPPER SET DEPTH | LOWER SET DEPTH | CEMENT SACKS | TEST PRESSURE | HOURS UNDER PRESSURE | TEST DATE | CASING PULLED | CREATION PROCESS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/22/1967 | 00 | | | | | | | | | 0 | PLUG AND ABANDON |
| 04/22/1967 | 1600 | 1600 | 0 | 0 | 140 | 0 | 0 | 0 | | | CASING TEST |
| 04/22/1967 | 1034 | | | | | | | | | 0 | PLUG AND ABANDON |
| 04/22/1967 | 00 | | | | | | | | | 0 | PLUG AND ABANDON |
| 04/22/1967 | 1034 | 1500 | 40.5 | 0 | 3024 | 750 | 2000 | .5 | 03/26/1967 | | CASING TEST |

**PLUG AND ABANDON**

| P and A DATE | LOCATION TYPE | CASING CUT TYPE | CASING CUT DEPTH | MUD WEIGHT LEFT | COMMENTS |
|---|---|---|---|---|---|
| 04/22/1967 | | | | | |

**PLUGS**

| PLUG TYPE | UPPER PLUG DEPTH | LOWER PLUG DEPTH | SACKS OF CEMENT | SLURRY WEIGHT |
|---|---|---|---|---|
| | 2880 | 3100 | 100 | |
| | 10720 | 10950 | 100 | |
| | 0 | 20 | 25 | |

**TUBING AND PACKERS**

| COMPLETION DATE | TUBING SIZE | TUBING LOWER DEPTH | TUBING UPPER DEPTH | PACKER DEPTH |
|---|---|---|---|---|
| 04/22/1967 | 00&00/00 | 0 | 0 | |

**WORK PERMITS**

| REFERENCE NUMBER | APPLICATION DATE | EXPIRATION DATE | WORK PERMIT TYPE | WORK PERMIT STATUS | WORK PERMIT STATUS_DATE | TOTAL DEPTH | WORK_PERFORMED | DOCUMENTATION RECEIPT DATE | TEST SAND | WORK DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|



NON CERTIFIED COPY

# Well Information

## Review Well Information

**WELLS**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | PARISH | PROD TYPE | SEC | TWN | RGE | EFFECTIVE DATE | API NUM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 199160 | GHEENS ESTATE | 001 | 5273 | 9096 | 29 | 00 | 037 | 16S | 20E | 10/01/1985 | 17057222480000 |

| PRMT DATE | SPUD DATE | STAT DATE | ST CD |
|---|---|---|---|
| 04/25/1985 | 07/19/1985 | 10/10/1985 | 29 |

**WELL SURFACE COORDINATES**

| Surface Longitude | Surface Latitude | Lambert X | Lambert Y | Ground Elevation | Zone | Datum |
|---|---|---|---|---|---|---|
| 90-25-49.344 | 29-38-23.918 | 2286850 | 355070 | 0 | S | NAD-27 |

**WELL SURFACE COORDINATES GENERATED BY DNR**

| UTMX 83 | UTMY 83 | LONGITUDE 83 | LATITUDE 83 |
|---|---|---|---|
| 748758.57111159 | 3281676.51606248 | -90.43045635 | 29.64019124 |

**BOTTOM HOLE COORD**

| EFFECTIVE DATE | END DATE | PLUGBACK TOTAL DEPTH | TRUE VERTICAL DEPTH | MEASURED DEPTH | LAT DEG | LAT MIN | LAT SEC | LONG DEG | LONG MIN | LONG SEC | COORDINATE SOURCE | LAMBERT X | LAMBERT Y | ZONE | COORDINATE SYSTEM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/01/1985 | 10/01/1985 | | 0 | 13000 | | | | | | | 03 | 0 | 0 | | 01 |
| 10/01/1985 | | | 0 | 12400 | | | | | | | 03 | 0 | 0 | | 01 |

**WELL HISTORY**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | ST CD | PT | WELL CLASS | EFF DATE | END DATE | STAT DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 199160 | GHEENS ESTATE | 001 | 5273 | 9096 | 29 | 00 | | 10/01/1985 | | 10/10/1985 |
| 199160 | GHEENS ESTATE | 001 | 5273 | 9096 | 01 | 00 | | 04/01/1985 | 10/01/1985 | 04/25/1985 |

**SCOUT INFO**

| REPORT DATE | WELL STATUS | MEASURED DEPTH | TRUE VERT DEPTH | DETAIL |
|---|---|---|---|---|

**PERFORATIONS**

| SERIAL NUM | COMPLETION DATE | UPPER PERF | LOWER PERF | SANDS | RESERVOIR |
|---|---|---|---|---|---|

**WELL TESTS**

| RPT TYP | TEST DATE | RPT DATE | OIL POT | COND | GAS DEL | WATER | BSW% | FLOW PRES | SHUTIN PRES | CHOKE | UPPER PERF | LOWER PERF | BOT HOLE PRES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**WELL ALLOWABLES**

| EFFECTIVE DATE | END DATE | LUW CODE | LUW TYPE CODE | ALLOWABLE | ESTIMATED POTENTIAL | CURRENT ALLOWABLE TYPE |
|---|---|---|---|---|---|---|

**LEASE\UNIT\WELL PRODUCTION**

| RPT DATE | LUW CODE | STORAGE FAC | DOC USE | WELL CNT | OPENING STK | OIL PROD(BBL) | GAS PROD(MCF) | DISPOSITION | CLOSING STK | PARISH |
|---|---|---|---|---|---|---|---|---|---|---|

**CASING**

| COMPLETION DATE | CASING SIZE | WELLBORE SIZE | CASING WEIGHT | UPPER SET DEPTH | LOWER SET DEPTH | CEMENT SACKS | TEST PRESSURE | HOURS UNDER PRESSURE | TEST DATE | CASING PULLED | CREATION PROCESS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/10/1985 | 0000 | | | | | | | | | 0 | PLUG AND ABANDON |
| 10/10/1985 | 1338 | | | | | | | | | 0 | PLUG AND ABANDON |
| 10/10/1985 | 0000 | | | | | | | | | 0 | PLUG AND ABANDON |
| 10/09/1985 | 2000 | 2000 | 94 | 0 | 182 | 0 | 0 | 0 | | | CASING TEST |
| 10/09/1985 | 1338 | 1712 | 61 | 0 | 3033 | 2170 | 2000 | .5 | 07/22/1985 | | CASING TEST |

**PLUG AND ABANDON**

| P and A DATE | LOCATION TYPE | CASING CUT TYPE | CASING CUT DEPTH | MUD WEIGHT LEFT | COMMENTS |
|---|---|---|---|---|---|
| 10/10/1985 | | | | | |

**PLUGS**

| PLUG TYPE | UPPER PLUG DEPTH | LOWER PLUG DEPTH | SACKS OF CEMENT | SLURRY WEIGHT |
|---|---|---|---|---|
| | 2835 | 2960 | 100 | |
| | 2960 | 3206 | 200 | |
| | 50 | 150 | 75 | |

**TUBING AND PACKERS**

| COMPLETION DATE | TUBING SIZE | TUBING LOWER DEPTH | TUBING UPPER DEPTH | PACKER DEPTH |
|---|---|---|---|---|
| 10/09/1985 | 00800/00 | 0 | 0 | |

**WORK PERMITS**

| REFERENCE NUMBER | APPLICATION DATE | EXPIRATION DATE | WORK PERMIT TYPE | WORK PERMIT STATUS | WORK PERMIT STATUS_DATE | TOTAL DEPTH | WORK_PERFORMED | DOCUMENTATION RECEIPT DATE | TEST SAND | WORK DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|

NON-CERTIFIED COPY

LISKOW&LEWIS
A Professional Law Corporation

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

1001 Fannin Street
Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

www.Liskow.com

Elizabeth S. Wheeler
Direct: (504) 556-4013
ewheeler@liskow.com

July 31, 2017

**<u>Via Fax and Federal Express</u>**
Lafourche Clerk of Court
Honorable Annette M. Fontana
303 W. 3rd Street
Thibodaux, LA 70301

Re: *Golden Ranch Farms, LLC. v. Devon Energy Production Company, L.P., et al.*
No. 132505, Div. "B", 17th Judicial District Court for the Parish of Lafourche

Dear Honorable Fontana:

Please find enclosed Exceptions on Behalf of Hess Corporation to the Original and First Supplemental and Amending Petition for Damages, Memorandum in Support of Exceptions to Plaintiff's Original and First Supplemental and Amending Petitions for Damages, Rule to Show Cause, and Request for Notice which we are fax filing today. Please provide our office with the cost of filing by return fax and we will forward the originals with the required fees.

Very truly yours,

Beth Wheeler

Elizabeth S. Wheeler

ESW/amr
Enclosures

cc: All Counsel of Record (by email)

FILED
JUL 31 2017
[signature]
CLERK OF COURT

4646811_1

NON-CERTIFIED COPY

FILED
FEB 07 2011
DEPUTY CLERK
CLAIBORNE PARISH, LA

| | | |
|---|---|---|
| TIGNER FARMS, INC. | * | 2ND JUDICIAL DISTRICT COURT |
| VERSUS | * | STATE OF LOUISIANA |
| THE MOSAIC COMPANY OF DELAWARE (f/k/a IMC GLOBAL, INC.), et al. | * | PARISH OF CLAIBORNE |
| | * | DOCKET NO. 39036, DIVISION C |

**JUDGMENT**

This matter came for hearing before the Court on Thursday, December 16, 2010, on numerous pending exceptions filed by Defendants.

Present were:

- James H. Colvin, attorney for Plaintiff Tigner Farms, Inc.;
- John Andrew Durrett; attorney for Defendants T.L. James & Company, Inc.; Petro-Hunt, L.L.C.; and Oxy USA Inc.;
- George H. Robinson, Jr., attorney for Defendant BP America Production Company;
- Alida Hainkel, attorney for Defendant The Mosaic Company;
- Keith McDaniel and Zelda Tucker, attorneys for Defendant Halliburton Energy Services, Inc.;
- Joseph I. Giarrusso III, attorney for Defendant XTO Energy, Inc.;
- Lee Peacocke, attorney for Defendant L'Oil Operating & Management Co., Inc.;
- Glenn L. Langley, attorney for Defendant Hard Producing Co.; and
- Sarah Kirkpatrick, attorney for Defendant Petro-Chem Operating Company, Inc. and Phillips.

Based upon Plaintiff's Petition, Defendants' exceptions and the parties' memoranda, the arguments of counsel, the applicable law and for the reasons assigned orally in Court on December 16, 2010, it is

ORDERED, ADJUDGED AND DECREED that Defendants' dilatory exception of Vagueness and Ambiguity and Non-Conformity of the Petition with the requirements of Louisiana Civil Code 891 is hereby sustained and that within 45 days from the signing of this Judgment, Plaintiff shall amend its Petition for Damages, to set forth the following allegations:

Exhibit "A" in globo

NON-CERTIFIED COPY

1. The specific tracts of land that are owned by the Plaintiff and the ownership percentage thereof;
2. The specific claims Plaintiff is asserting;
3. The Defendants against whom each claim is being asserted;
4. The nature and location of the alleged contamination and the source thereof for each tract of land;
5. The wells, impoundments, structures, or other equipment which caused Plaintiff's damages on each tract of land;
6. The specific times when plaintiff's damages occurred;
7. The nature of the breach of the mineral lease and/or servitude suffered by the Plaintiff as to each Defendant;
8. The Defendants and/or other operators who allegedly conducted operations or activities on the land in question and whom the Plaintiff alleges are liable for those damages suffered on that particular tract; and
9. Plead with specificity any claim(s) for punitive damages arising between September 1, 1984, through April 16, 1996 against the appropriate Defendant(s).

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff's claims for punitive damages under Louisiana Civil Code Article 2315.3 are dismissed with prejudice as to the following Defendants:

- XTO Energy, Inc.;
- BP America Production Company;
- Oxy USA Inc.;
- Petro-Hunt, L.L.C.;
- L'Oil Operating & Management Co., Inc. with respect to Well Number 146040 only; and
- Herd Producing Co., Inc. with respect to Well Number 220666 only.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Defendants' remaining dilatory and declinatory exceptions are deferred until the Petition for Damages is amended and a Rule to Show Cause resetting those exceptions is filed; and



NON-CERTIFIED COPY

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Defendants' various peremptory exceptions are deferred from consideration pending the conclusion of discovery.

Costs as to exceptions heard on December 16, 2010 are to be assessed at a later date.

Judgment read and signed in Homer, Louisiana, on this 2 day of February 2011.

JUDGE GLENN FALLIN,
2ND JUDICIAL DISTRICT COURT

State of Louisiana,

Parish of Claiborne

I hereby certify that the above and foregoing is a true, correct and complete copy of the original on file in my office.

Given officially this FEB 07 2011 19____

JAMES PATRICK GLADNEY, Clerk of Court,
Claiborne Parish, Louisiana

By ____
SHANNON T. ZACHARY, Deputy Clerk



NON-CERTIFIED COPY

| | | |
|---|---|---|
| TIGNER FARMS, INC. | * | 2ND JUDICIAL DISTRICT COURT |
| VERSUS | * | STATE OF LOUISIANA |
| THE MOSAIC COMPANY OF DELAWARE (f/k/a IMC GLOBAL, INC.), et al. | * | PARISH OF CLAIBORNE |
| | * | DOCKET NO. 35636, DIVISION C |

**RULE 9.5 CERTIFICATE**

Undersigned counsel hereby certifies that on January 4, 2011, via e-mail, a draft of the proposed Judgment regarding the December 16, 2010 hearing on pending exceptions was provided to all counsel of record, in accordance with the Court's December 16, 2010 ruling in open court. All counsel for all parties agree on the form of Judgment.

New Orleans, Louisiana, this 26th day of January, 2011.

FILED FEB 07 2011 [signature] DEPUTY CLERK CLAIBORNE PARISH, LA

Respectfully Submitted,

[signature]

Joe B. Norman (Bar #8160)
Joseph I. Giarrusso III (Bar # 27476)
Katherine Seegers Roth (Bar #28224)
Katie Caswell Cambre (Bar #31094)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Attorneys for XTO Energy Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile this 26th day of January, 2011.

[signature]

980770_1.Docx

NON-CERTIFIED COPY

FILED
MAR 05 2012
DEPUTY CLERK
CLAIBORNE PARISH, LA

| | | |
|---|---|---|
| TIGNER FARMS, INC. | * | 2ND JUDICIAL DISTRICT COURT |
| VERSUS | * | STATE OF LOUISIANA |
| THE MOSAIC COMPANY OF DELAWARE (f/k/a IMC GLOBAL, INC.), et al. | * | PARISH OF CLAIBORNE |
| | * | DOCKET NO. 39836, DIVISION C |

**JUDGMENT**

This matter came for hearing before the Court on Thursday, October 6, 2011, on numerous pending exceptions filed by Defendants. Notwithstanding anything herein that may appear to address all Defendants named in this suit, this Judgment does not cover or affect the matters addressed in the Judgment entered by the Court on November 15, 2011, regarding the Defendants T.L. James & Company, Inc., Petro-Chem Operating Company, Inc. and Phillips Energy, Inc., but instead only covers the additional rulings made at the October 6, 2011 hearing that were not memorialized in the November 15, 2011, Judgment. T.L. James & Company, Inc., Petro-Chem Operating Company, Inc., Phillips Energy, Inc., Halliburton Energy Services, Inc., BP America Production Company, and Fortune Gas and Oil, Inc. are not included in the definition of "Defendants" or "Defendant" in this Judgment.

Present were:

- James H. Colvin, attorney for Plaintiff Tigner Farms, Inc.;
- John Andrew Durrett, attorney for Defendants T.L. James & Company, Inc.; Petro-Hunt, L.L.C. ("Petro-Hunt"); and Oxy USA Inc. ("Oxy");
- Zelda Tucker, attorneys for Defendant Halliburton Energy Services, Inc. ("Halliburton");
- Joseph I. Giarrusso III and Katharine S. Roth, attorneys for Defendant XTO Energy, Inc. ("XTO");
- Glenn L. Langley, attorney for Defendant Herd Producing Co. ("Herd");
- Richard McConnell, attorney for Defendant Devon Energy Corporation ("Devon");
- Sarah Kirkpatrick, attorney for Defendant Petro-Chem Operating Company, Inc. and Phillips Energy, Inc.

Based upon Plaintiff's First Amended Petition, Defendants' exceptions and the parties' memoranda, the arguments of counsel, the applicable law, this Court's Judgment of February 2, 2011, and for the reasons assigned orally in Court on October 6, 2011, it is

NON-CERTIFIED COPY

ORDERED, ADJUDGED AND DECREED that the Dilatory Exceptions of Vagueness and Ambiguity and Non-Conformity of the Petition with the Requirements of Louisiana Civil Code 891 filed by Petro-Hunt, Oxy, XTO and Hard are hereby sustained and that within 120 days from the signing of this Judgment, Plaintiff shall amend its First Amended and Restated Petition for Damages, to set forth the following allegations against Petro-Hunt, Oxy, XTO, and Hard:

1. Identify any equipment that allegedly malfunctioned on Plaintiff's property, the Defendant allegedly responsible for the equipment, and how each malfunction allegedly damaged Plaintiff's property;

2. Identify all relevant contracts, the provisions of the relevant contracts allegedly breached, and which Defendant allegedly breached a provision in the relevant contracts; and

3. Additional factual bases for Plaintiff's migration claim, including which Defendant allegedly was responsible for the migration, what contract controlled the operations on the adjacent property, and where on Plaintiff's property the migration occurred.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Devon's Dilatory Exceptions of Vagueness and Ambiguity Pursuant to Louisiana Code of Civil Procedure article 926(A)(5) and Non-Conformity of the Plaintiff's Petition pursuant to Louisiana Code of Civil Procedure article 891 are hereby deferred and that within 120 days from the signing of this Judgment, Plaintiff shall conduct discovery and amend its First Amended and Restated Petition for Damages to allege additional factual bases for its claims against Devon;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Dilatory Exceptions of Prematurity filed by XTO, Devon and Hard are DENIED;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Defendants' remaining dilatory and declinatory exceptions are deferred until the First Amended and Restated Petition for Damages is amended and a Rule to Show Cause resetting these exceptions is filed;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Defendants' various peremptory exceptions are deferred from consideration pending the conclusion of discovery; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that each party is to bear its own costs.



NON-CERTIFIED COPY

Judgment read and signed in Arcadia, Louisiana, on this 28 day of February, 2012.

JUDGE GLENN FALLIN,
2ND JUDICIAL DISTRICT COURT

State of Louisiana,
Parish of Claiborne
I hereby certify that the above and foregoing is a true, correct and complete copy of the original on file in my office.
Given officially this MAR 0 5 2012 19___
JAMES PATRICK GLADNEY · Clerk of Court,
Claiborne Parish, Louisiana
By SHANNON T. ZACHARY Deputy Clerk



NON-CERTIFIED COPY

FILED
MAR 05 2012
DEPUTY CLERK
CLAIBORNE PARISH, LA

| | | |
|---|---|---|
| TIGNER FARMS, INC. | * | 2ND JUDICIAL DISTRICT COURT |
| VERSUS | * | STATE OF LOUISIANA |
| THE MOSAIC COMPANY OF DELAWARE (f/k/a IMC GLOBAL, INC.), et al. | * | PARISH OF CLAIBORNE |
| | * | DOCKET NO. 39836, DIVISION C |

**RULE 9.5 CERTIFICATE**

Undersigned counsel hereby certifies that on January 26, 2012, via e-mail, a draft of the proposed Judgment regarding the October 6, 2011 hearing on pending exceptions was provided to all counsel of record, in accordance with the Court's rulings in open court. No objection has been received from any party within the delays under Rule 9.5.

New Orleans, Louisiana, this 3rd day of February, 2012.

Respectfully Submitted,

Joe B. Norman (Bar #8160)
Joseph L. Giarrusso III (Bar # 27476)
Katherine Seegers Roth (Bar #28224)
Katie Carwell Cambre (Bar #31094)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Attorneys for XTO Energy Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile this 3rd day of February 2012.

1091291_1.Docx

FILED
JUL 3 1 2017
CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**EXCEPTIONS OF EXXON MOBIL CORPORATION**

NOW INTO COURT, through undersigned counsel, comes Defendant Exxon Mobil Corporation ("ExxonMobil") to except to the Petition for Damages and First Supplemental and Amending Petition for Damages ("Petition") of Golden Ranch Farms, LLC ("Golden Ranch"), as follows:

**Dilatory Exceptions of Vagueness and Ambiguity, and Improper Cumulation of Actions**

Under Louisiana Code of Civil Procedure article 891, the Petition is vague and ambiguous and should be dismissed, or, alternatively, Golden Ranch should be ordered to amend its Petition to plead facts supporting its claims against ExxonMobil. Golden Ranch has failed to allege the most basic material facts required by article 891, including:

**Who:** Which Defendants performed the acts that are the basis of Golden Ranch's claims?

**What:** What was ExxonMobil's role in contributing to the alleged contamination?
What specific statutory provisions were allegedly violated by each Defendant?
What did the Defendants do or not do on the property?
What activities did ExxonMobil perform or fail to perform on the property?

**Where:** Where is the alleged contamination on the property?

**When:** When did Golden Ranch acquire its ownership interest in the property?
When did the alleged acts or omissions of Defendants occur?
When did the alleged acts or omissions of ExxonMobil occur?

**How:** How did the Defendants allegedly cause contamination?
How did ExxonMobil allegedly cause the contamination?
How did the Defendants allegedly breach their contracts?
How did ExxonMobil allegedly breach its contracts?



NON-CERTIFIED COPY

How did the Defendants allegedly violate statutory provisions?
How did ExxonMobil allegedly violate statutory provisions?

Absent this basic information, the Petition is impermissibly vague and ambiguous and thus fails to conform to article 891 of the Louisiana Code of Civil Procedure.

Golden Ranch's generalized, unspecific allegations present another defect: the petition improperly cumulates multiple actions into one lawsuit. Golden Ranch named as defendants in this suit any oil and gas operator that ever operated on Golden Ranch's sprawling 40,000-plus acre plantation. By doing so, three separate oil and gas fields, with separate names, geographic locations, and operators were combined into one, indiscriminately sweeping lawsuit without any factual nexus (except that Golden Ranch owns such a great expanse of land that it encompasses the three separate oil and gas fields). Based on the factual disconnect between the three separate fields, this case should be separated into three cases.

**Peremptory Exceptions**

ExxonMobil additionally pleads the following peremptory exceptions:

1. Peremptory Exception of No Cause of Action for Remediation under Mineral Code article 22 and under Louisiana Civil Code articles 576, 577, and 645;
2. Peremptory Exception of No Cause of Action for Continuing Tort, Continuing Trespass, and Continuing Nuisance;
3. Peremptory Exception of No Cause of Action for Punitive Damages;
4. Peremptory Exception of No Cause of Action for Fraud;
5. Peremptory Exception of No Cause of Action for Strict Liability;
6. Peremptory Exception of No Cause of Action for Civil Fruits;
7. Peremptory Exception of No Cause of Action for Unjust Enrichment; and
8. Peremptory Exception of No Cause of Action arising out of Restatement (Second) of Torts § 324A.

**Adoption and Reservation of All Exceptions**

ExxonMobil adopts, under Louisiana Code of Civil Procedure article 853, any and all exceptions pled by any and all Defendants herein, to the extent those exceptions apply to ExxonMobil. Additionally, ExxonMobil reserves the right to urge any additional exceptions based upon facts uncovered during the course of discovery.



NON-CERTIFIED COPY

**Local Rule 9.8 Statement**

In accordance with Local Rule 9.8, ExxonMobil discloses that this matter has not been set for trial, and ExxonMobil does not intend to offer live testimony at the hearing on these exceptions.

**Conclusion**

For the foregoing reasons, ExxonMobil prays that these exceptions be deemed good and sufficient and that, after due proceedings had, there be judgment rendered herein sustaining the exceptions of ExxonMobil and dismissing the Petition of Golden Ranch. Alternatively, this case should be severed into three separate lawsuits, and Golden Ranch should be ordered to file amended Petitions for each lawsuit. At a minimum, Golden Ranch should be required to amend its Petition for Damages to provide the information necessary for ExxonMobil to adequately respond to and defend against the claims. ExxonMobil also seeks all other legal and equitable relief to which it is entitled.

Respectfully submitted,

Jamie D. Rhymes (La. Bar No. 24621)
Hunter A. Chauvin (La. Bar No. 33771)
Edward M. Duhe Jr. (La. Bar. No. 35761)
Liskow & Lewis
822 Harding Street
Lafayette, Louisiana 70503
P. O. Box 52008
Lafayette, Louisiana 70505-2008
Telephone: (337) 232-7424
Fax: (337) 267-2399

James E. Lapeze (La. Bar No. 28377)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Tel: (504) 581-7979
Fax: (504) 556-4108

**Attorneys for Exxon Mobil Corporation**



NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail and by placing same in the United States mail, properly addressed and postage prepaid this 31st day of July, 2017.

Hunter A. Chauvin

4634075_1

FILED
JUL 31 2017
CLERK OF COURT



NON-CERTIFIED COPY

# Fax Call Log

LafourcheClerk Tuesday, 2017-08-01 08:16 9854475800

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2017-07-28 | 15:28 | RECV | 20491 | 1:12 | 33600 | | 7 | OK -- V.34 AM31 |
| 2017-07-28 | 15:46 | SCAN | 20492 | 0:34 | 9600 | 15042198702 | 1 | OK -- V.29 1M31 |
| 2017-07-28 | 15:47 | SCAN | 20493 | 0:13 | 28800 | 15045684558 | 0 | E-706 V.34 AM31 |
| 2017-07-28 | 15:51 | SCAN | 20493 | 2:59 | 14400 | 15045684558 | 8 | OK -- V.17 AM31 |
| 2017-07-28 | 15:55 | SCAN | 20494 | 0:19 | 14400 | 15049304857 | 1 | OK -- V.17 1M31 |
| 2017-07-28 | 16:07 | SCAN | 20495 | 0:47 | 14400 | 8710899 | 1 | OK -- V.17 AR30 |
| 2017-07-28 | 16:11 | RECV | 20496 | 0:47 | 14400 | | 2 | OK -- V.17 1M31 |
| 2017-07-28 | 16:51 | RECV | 20498 | 1:33 | 14400 | 5042270879 | 5 | OK -- V.17 AR30 |
| 2017-07-31 | 08:32 | RECV | 20500 | 2:00 | 9600 | 1-888-550-6427 | 3 | OK -- V.29 BM31 |
| 2017-07-31 | 08:46 | RECV | 20501 | 1:19 | 14400 | 6506556633 | 2 | E-804 V.17 BM11 |
| 2017-07-31 | 09:28 | SCAN | 20503 | 1:12 | 28800 | 13044333411 | 7 | OK -- V.34 AM31 |
| 2017-07-31 | 09:33 | RECV | 20504 | 0:21 | 31200 | 12256362827 | 1 | OK -- V.34 BM31 |
| 2017-07-31 | 09:55 | SCAN | 20505 | 0:00 | 0 | 18663674587 | 0 | CANCELED |
| 2017-07-31 | 09:56 | SCAN | 20506 | 1:39 | 31200 | 18663074587 | 4 | OK -- V.34 AM31 |
| 2017-07-31 | 10:28 | RECV | 20507 | 1:12 | 14400 | POTS modem 2 | 1 | OK -- V.17 BH31 |
| 2017-07-31 | 10:46 | RECV | 20508 | 1:34 | 9600 | 9856934079 | 3 | OK -- V.17 AR30 |
| 2017-07-31 | 10:53 | RECV | 20509 | 1:33 | 14400 | 5043092054 | 3 | OK -- V.17 AM31 |
| 2017-07-31 | 12:27 | RECV | 20510 | 0:56 | 14400 | 9855327362 | 2 | OK -- V.17 BR30 |
| 2017-07-31 | 13:24 | RECV | 20511 | 0:36 | 31200 | | 2 | OK -- V.34 1M31 |
| 2017-07-31 | 13:29 | SCAN | 20512 | 0:15 | 26400 | 19856935673 | 2 | OK -- V.34 AM31 |
| 2017-07-31 | 13:30 | SCAN | 20513 | 0:08 | 26400 | 15043092054 | 1 | OK -- V.34 AM31 |
| 2017-07-31 | 13:31 | SCAN | 20514 | 0:31 | 14400 | 15045223819 | 1 | OK -- V.17 AR30 |
| 2017-07-31 | 13:49 | SCAN | 20515 | 0:12 | 28800 | 15045684558 | 0 | E-706 V.34 AM31 |
| 2017-07-31 | 13:53 | SCAN | 20515 | 3:05 | 14400 | 15045684558 | 8 | OK -- V.17 AM31 |
| 2017-07-31 | 14:03 | RECV | 20516 | 0:10 | 0 | | 0 | E-804 ---- ---- |
| 2017-07-31 | 14:08 | RECV | 20518 | 11:47 | 9600 | 225 388 9133 | 27 | OK -- V.29 1M31 |
| 2017-07-31 | 14:21 | RECV | 20519 | 4:08 | 9600 | 225 388 9133 | 9 | OK -- V.29 1M31 |
| 2017-07-31 | 14:38 | RECV | 20520 | 1:26 | 28800 | | 1 | OK -- V.34 AM31 |
| 2017-07-31 | 14:50 | SCAN | 20521 | 1:25 | 14400 | 19856934079 | 4 | OK -- V.17 AR30 |
| 2017-07-31 | 14:52 | SCAN | 20522 | 1:16 | 9600 | 18885506427 | 4 | OK -- V.29 AM31 |
| 2017-07-31 | 15:18 | SCAN | 20523 | 0:00 | 0 | 1505684558 | 0 | NO ANSWER |
| 2017-07-31 | 15:19 | SCAN | 20524 | 0:38 | 9600 | 12253889133 | 1 | OK -- V.17 1M31 |
| 2017-07-31 | 15:20 | SCAN | 20525 | 1:26 | 26400 | 15045684558 | 8 | OK -- V.34 AM31 |
| 2017-07-31 | 15:23 | SCAN | 20523 | 0:00 | 0 | 1505684558 | 0 | NO ANSWER |
| 2017-07-31 | 15:27 | SCAN | 20527 | 6:06 | 31200 | 15045685739 | 33 | OK -- V.34 AM31 |
| 2017-07-31 | 15:38 | RECV | 20528 | 2:36 | 9600 | | 6 | OK -- V.29 1M31 |
| 2017-07-31 | 15:41 | RECV | 20529 | 0:52 | 14400 | 940-553-9630 | 1 | E-809 V.17 2R30 |
| 2017-07-31 | 15:44 | RECV | 20530 | 0:37 | 31200 | 940-553-9630 | 2 | OK -- V.34 2M31 |
| 2017-07-31 | 15:51 | RECV | 20531 | 2:36 | 14400 | 9858768636 | 5 | OK -- V.17 2M31 |
| 2017-07-31 | 15:56 | RECV | 20532 | 0:57 | 14400 | 940-553-9630 | 2 | OK -- V.17 2R30 |
| 2017-07-31 | 15:59 | RECV | 20533 | 42:40 | 14400 | 504-524-8423 | 53 | OK -- V.17 BH31 |
| 2017-07-31 | 16:44 | RECV | 20534 | 2:44 | 14400 | 985 868 0080 | 7 | OK -- V.17 AM31 |
| 2017-07-31 | 16:50 | RECV | 20535 | 22:52 | 14400 | 337-267-2399 | 27 | OK -- V.17 BH31 |
| 2017-07-31 | 18:53 | RECV | 20536 | 1:33 | 9600 | 1-888-550-6427 | 2 | OK -- V.29 BM31 |

Total Pages: 450 Total Time: 200:27 Number of Errors: 21

FILED
JUL 31 2017
CLERK OF COURT

NON-CERTIFIED COPY

# Fax Call Log

LafourcheClerk Tuesday, 2017-08-01 08:16 9854475800

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2017-07-28 | 15:28 | RECV | 20491 | 1:12 | 33600 | | 7 | OK -- V.34 AM31 |
| 2017-07-28 | 15:46 | SCAN | 20492 | 0:34 | 9600 | 15042198702 | 1 | OK -- V.29 1M31 |
| 2017-07-28 | 15:47 | SCAN | 20493 | 0:13 | 28800 | 15045684558 | 0 | E-706 V.34 AM31 |
| 2017-07-28 | 15:51 | SCAN | 20493 | 2:59 | 14400 | 15045684558 | 8 | OK -- V.17 AM31 |
| 2017-07-28 | 15:55 | SCAN | 20494 | 0:19 | 14400 | 15049304857 | 1 | OK -- V.17 1M31 |
| 2017-07-28 | 16:07 | SCAN | 20495 | 0:47 | 14400 | 8710899 | 1 | OK -- V.17 AR30 |
| 2017-07-28 | 16:11 | RECV | 20496 | 0:47 | 14400 | | 2 | OK -- V.17 1M31 |
| 2017-07-28 | 16:51 | RECV | 20498 | 1:33 | 14400 | 5042270879 | 5 | OK -- V.17 AR30 |
| 2017-07-31 | 08:32 | RECV | 20500 | 2:00 | 9600 | 1-888-550-6427 | 3 | OK -- V.29 BM31 |
| 2017-07-31 | 08:46 | RECV | 20501 | 1:19 | 14400 | 6506556633 | 2 | E-804 V.17 BM11 |
| 2017-07-31 | 09:28 | SCAN | 20503 | 1:12 | 28800 | 13044333411 | 7 | OK -- V.34 AM31 |
| 2017-07-31 | 09:33 | RECV | 20504 | 0:21 | 31200 | 12256362827 | 1 | OK -- V.34 BM31 |
| 2017-07-31 | 09:55 | SCAN | 20505 | 0:00 | 0 | 18663674587 | 0 | CANCELED |
| 2017-07-31 | 09:56 | SCAN | 20506 | 1:39 | 31200 | 18663074587 | 4 | OK -- V.34 AM31 |
| 2017-07-31 | 10:28 | RECV | 20507 | 1:12 | 14400 | POTS modem 2 | 1 | OK -- V.17 BH31 |
| 2017-07-31 | 10:46 | RECV | 20508 | 1:34 | 9600 | 9856934079 | 3 | OK -- V.17 AR30 |
| 2017-07-31 | 10:53 | RECV | 20509 | 1:33 | 14400 | 5043092054 | 3 | OK -- V.17 AM31 |
| 2017-07-31 | 12:27 | RECV | 20510 | 0:56 | 14400 | 9855327362 | 2 | OK -- V.17 BR30 |
| 2017-07-31 | 13:24 | RECV | 20511 | 0:36 | 31200 | | 2 | OK -- V.34 1M31 |
| 2017-07-31 | 13:29 | SCAN | 20512 | 0:15 | 26400 | 19856935673 | 2 | OK -- V.34 AM31 |
| 2017-07-31 | 13:30 | SCAN | 20513 | 0:08 | 26400 | 15043092054 | 1 | OK -- V.34 AM31 |
| 2017-07-31 | 13:31 | SCAN | 20514 | 0:31 | 14400 | 15045223819 | 1 | OK -- V.17 AR30 |
| 2017-07-31 | 13:49 | SCAN | 20515 | 0:12 | 28800 | 15045684558 | 0 | E-706 V.34 AM31 |
| 2017-07-31 | 13:53 | SCAN | 20515 | 3:05 | 14400 | 15045684558 | 8 | OK -- V.17 AM31 |
| 2017-07-31 | 14:03 | RECV | 20516 | 0:10 | 0 | | 0 | E-804 ---- ---- |
| 2017-07-31 | 14:08 | RECV | 20518 | 11:47 | 9600 | 225 388 9133 | 27 | OK -- V.29 1M31 |
| 2017-07-31 | 14:21 | RECV | 20519 | 4:08 | 9600 | 225 388 9133 | 9 | OK -- V.29 1M31 |
| 2017-07-31 | 14:38 | RECV | 20520 | 1:26 | 28800 | | 1 | OK -- V.34 AM31 |
| 2017-07-31 | 14:50 | SCAN | 20521 | 1:25 | 14400 | 19856934079 | 4 | OK -- V.17 AR30 |
| 2017-07-31 | 14:52 | SCAN | 20522 | 1:16 | 9600 | 18885506427 | 4 | OK -- V.29 AM31 |
| 2017-07-31 | 15:18 | SCAN | 20523 | 0:00 | 0 | 1505684558 | 0 | NO ANSWER |
| 2017-07-31 | 15:19 | SCAN | 20524 | 0:38 | 9600 | 12253889133 | 1 | OK -- V.17 1M31 |
| 2017-07-31 | 15:20 | SCAN | 20525 | 1:26 | 26400 | 15045684558 | 8 | OK -- V.34 AM31 |
| 2017-07-31 | 15:23 | SCAN | 20523 | 0:00 | 0 | 1505684558 | 0 | NO ANSWER |
| 2017-07-31 | 15:27 | SCAN | 20527 | 6:06 | 31200 | 15045685739 | 33 | OK -- V.34 AM31 |
| 2017-07-31 | 15:38 | RECV | 20528 | 2:36 | 9600 | | 6 | OK -- V.29 1M31 |
| 2017-07-31 | 15:41 | RECV | 20529 | 0:52 | 14400 | 940-553-9630 | 1 | E-809 V.17 2R30 |
| 2017-07-31 | 15:44 | RECV | 20530 | 0:37 | 31200 | 940-553-9630 | 2 | OK -- V.34 2M31 |
| 2017-07-31 | 15:51 | RECV | 20531 | 2:36 | 14400 | 9858768636 | 5 | OK -- V.17 2M31 |
| 2017-07-31 | 15:56 | RECV | 20532 | 0:57 | 14400 | 940-553-9630 | 2 | OK -- V.17 2R30 |
| 2017-07-31 | 15:59 | RECV | 20533 | 42:40 | 14400 | 504-524-8423 | 53 | OK -- V.17 BH31 |
| 2017-07-31 | 16:44 | RECV | 20534 | 2:44 | 14400 | 985 868 0080 | 7 | OK -- V.17 AM31 |
| 2017-07-31 | 16:50 | RECV | 20535 | 22:52 | 14400 | 337-267-2399 | 27 | OK -- V.17 BH31 |
| 2017-07-31 | 18:53 | RECV | 20536 | 1:33 | 9600 | 1-888-550-6427 | 2 | OK -- V.29 BM31 |

Total Pages: 450 Total Time: 200:27 Number of Errors: 21

FILED

JUL 31 2017

CLERK OF COURT

NON-CERTIFIED COPY

LISKOW&LEWIS
A Professional Law Corporation

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

www.Liskow.com

# Fax Transmittal

**To:** Hon. Annette M. Fontana

**Total No. of Pages:** 26

**Company:** Lafourche Parish Clerk of Court

**Date Sent:** July 31, 2017

**Fax No.:** (985) 447-5800

**Client/Matter No.:** 26705.0519

**From:** Hunter A. Chauvin

**Comments:** Please fax file the attached: **Exceptions Filed on Behalf of Exxon Mobil Corporation, proposed Rule to Show Cause and Memorandum in Support** re: *Golden Ranch Farms, LLC v. Devon Energy Production Company, L.P., et al,* 17th Judicial District Court, Docket No. 132505, Lafourche Parish, Louisiana.

***Please fax a confirmation of filing and an invoice for filing fees to us at (337) 267-2399.***

**The originals, plus exhibits consisting of 19 pages, and a check for filing and service fees will follow via Federal Express.**

---

The information contained in this facsimile message is legally privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service.

If there are any problems with this transmission, please call (337) 232-7424 immediately.

4634868_1

NON-CERTIFIED COPY

LISKOW&LEWIS
A Professional Law Corporation

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

1001 Fannin Street
Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

www.Liskow.com

July 31, 2017

Hunter A. Chauvin

Direct: (337) 267-2354
hachauvin@Liskow.com

File No. 26705.0519

***VIA FACSIMILE – (985) 447-5800***
***and VIA FEDERAL EXPRESS – (985) 447-4841***

Honorable Annette M. Fontana
Clerk of Court
17th Judicial District
Courthouse Annex
303 W. 3rd Street
Thibodaux, LA 70301

Re: *Golden Ranch Farms, LLC v. Devon Energy Production Company, L.P., et al.*
Docket No. 132505, Div. "B", 17th JDC, Parish of Lafourche, State of Louisiana

Dear Ms. Fontana:

Attached for **fax filing** are **Exceptions Filed on Behalf of Exxon Mobil Corporation, proposed Rule to Show Cause, and Memorandum in Support thereof with accompanying Exhibits** in the captioned matter. **Please provide us with confirmation reflecting all costs for fax-filing and serving these documents.**

Following by Federal Express will be the original and two (2) copies each of the aforementioned pleadings. Please stamp one set of the convenience copies showing the date and time of filing, and return same to us in the enclosed self-addressed, stamped envelope. The remaining set of pleadings is for service. In addition, our firm check representing your filing and service fee will accompany the original documents.

Thank you for your assistance and cooperation in this matter. Please feel free to contact us if you have any questions.

NON-CERTIFIED COPY

Sincerely,

LISKOW & LEWIS

Hunter A. Chauvin

HAC/hd
Enclosures
cc: Hon. Steven M. Miller *(via U.S. Mail)*
Victor L. Marcello/John H. Carmouche/Ross J. Donnes/D. Adele Owen
C. Berwick Duval, II/Stanwood R. Duval/Kathryn W. Richard
George H. Robinson, Jr.
George Arceneaux III/Penny L. Malbrew/Brittan J. Bush
Victor Suane
Eric E. Jarrell/Michael J.Cerniglia/Nicole M. Babb
Russell Holwadel
Elizabeth S. Wheeler
Paul J. Hebert/William H.L. Kaufman/Valerie V. Guidry

*(all with encls, via email and U.S. Mail)*

4498999

FILED
JUL 31 2017
CLERK OF COURT

NON-CERTIFIED COPY

LISKOW&LEWIS
A Professional Law Corporation

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main Phone
(504) 556-4108 Main Fax

www.liskow.com

Fax Transmittal

| | | | |
|---|---|---|---|
| **To:** | Lafourche Parish Clerk | **Total Number of Pages:** | 53 |
| **Company:** | | **Client.Matter Number:** | Golden Ranch v. Devon Energy Pr |
| **Recipient Fax Number:** | 985-447-5800 | **Date Sent:** | 07/31/2017 04:03:57 PM |
| **Recipient Contact Number:** | 985-447-4841 | | |
| **From:** | Angel Roe | | |
| **Sender Fax Number:** | 504-556-4108 | | |
| **Sender Phone Number:** | 5045561014 | | |
| **Sender Email Address:** | aroe@liskow.com | | |

Comments

Please see attached.

The information contained in this facsimile message is legally privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service.

FILED
JUL 31 2017
CLERK OF COURT

08-01-17A03:30 RCVD

NON-CERTIFIED COPY

LISKOW&LEWIS
A Professional Law Corporation

822 Harding Street
Lafayette, LA 70503/70505
(337) 232-7424 Main Phone
(337) 267-2399 Main Fax

www.liskow.com

Fax Transmittal

| | | | |
|---|---|---|---|
| **To:** | Lafourche Parish Clerk | **Total Number of Pages:** | 27 |
| **Company:** | Clerk of Court | **Client.Matter Number:** | Golden Ranch Farms v. Devon Ene |
| **Recipient Fax Number:** | 19854475800 | **Date Sent:** | 07/31/2017 04:55:27 PM |
| **Recipient Contact Number:** | 19854474841 | | |
| **From:** | Marcie G. Henry | | |
| **Sender Fax Number:** | 337-267-2399 | | |
| **Sender Phone Number:** | 337-267-2303 | | |
| **Sender Email Address:** | mhenry@liskow.com | | |

Comments
Exhibits will be included with original in the mail
19 pgs

The information contained in this facsimile message is legally privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service.

FILED
JUL 31 2017
CLERK OF COURT
Dty

08-01-17A08:31 RCVD
NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE
STATE OF LOUISIANA

DOCKET NO. 132505 DIV. "B"

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK OF COURT

**EXCEPTIONS ON BEHALF OF HESS CORPORATION TO THE ORIGINAL AND FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Defendant, Hess Corporation, ("Hess"), who in response to the Plaintiff's Petition for Damages ("Original Petition") and First Supplemental and Amending Petition for Damages ("First Amending Petition") (collectively "Petitions"),[1] with respect represents:

**I. Dilatory Exception of Non-Conformity with the Requirements of Article 891 – LA. CODE CIV. PROC. art. 927(A)(4)**

The Plaintiff's Petitions fail to conform to the requirements of Article 891 of the Louisiana Code of Civil Procedure in that they do not set forth a "short, clear, and concise statement" of the causes of action and the "material facts" that are the subject matter of this litigation.

**II. Dilatory Exception of Vagueness or Ambiguity – LA. CODE CIV. PROC. art. 927(A)(5)**

---

[1] Hess was not a named defendant in the Original Petition for Damages. *See*, Petition for Damages. The First Supplemental and Amending Petition named Hess as defendants for the first time and replaced the Petition for Damages in its entirety and thus, Hess will cite to the First Amending Petition exclusively. *See* First Amending Petition, at II, & ¶ 4.

Plaintiff has named "Amerada Petroleum Corporation" as a defendant in this lawsuit. Amerada Petroleum Corporation has not been served in this proceeding and no responsive pleadings are being filed or are required to be filed on its behalf at this time. However, it is noted that Amerada Petroleum Corporation is named incorrectly. Hess Corporation is the successor in interest to Amerada Hess Corporation and a separate former entity also named "Amerada Petroleum Corporation"–the entities which conducted oilfield operations in the Bayou des Allemands field at issue in the lawsuit. The old Amerada Petroleum Corporation to which Hess Corporation is a successor was merged out of existence; any existing entity named "Amerada Petroleum Corporation" is incorrectly sued.

NON-CERTIFIED COPY

The Petitions are vague and ambiguous and do not set forth sufficient facts to allow Hess to reasonably respond.

## III. Dilatory Exception of Prematurity – La. Code Civ. Proc. art. 927(A)(1)

Plaintiff's claims under oil, gas, and mineral leases affecting the property are premature insofar as there are oil, gas, and mineral leases that are still in effect.

## IV. Dilatory Exception of Improper Joinder or Cumulation – La. Code Civ. Proc. art. 927(A)(7)

Plaintiff has joined in one suit claims against eighteen different defendants apparently relating to separate and distinct oil and gas production activities on different portions of its property located in different oil and gas fields at different times. Although Plaintiff's Petitions are vague as to when these activities occurred and the nature and extent of the alleged contamination resulting from the separate activities of the individual defendants and the dates when the damage occurred, it is clear that the Petitions make multiple claims against the multiple defendants involving different oil and gas fields that are separate, distinct and unconnected. The separate claims involving the three distinct oil and gas fields should be severed and handled as separate actions.

## VI. Other Exceptions

Hess adopts and incorporates as though copied in full the exceptions and defenses of all other Defendants to the extent the exceptions are applicable to Hess.

## LOCAL RULE 9.8 STATEMENT

In accordance with Rules for Civil Proceedings in District Court, Rule 9.8, Hess discloses that this matter has not been set for trial, and Hess does not intend to offer live testimony at the hearing on these exceptions.

## CONCLUSION

For the foregoing reasons, Hess prays that these exceptions be deemed good and sufficient and that, after due proceedings are had, judgment be rendered herein sustaining Hess's exceptions and dismissing Plaintiff's claims, or alternatively, judgment be rendered ordering Plaintiff to amend its Petitions to allow for meaningful responsive pleadings, and for all other general and equitable relief.


NON-CERTIFIED COPY

Respectfully submitted,

By: ______________________

Jonathan A. Hunter (#18619)
Elizabeth S. Wheeler (#21148)
Erin E. Bambrick (#35035)
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
jahunter@liskow.com;
ewheeler@liskow.com;
ebambrick@liskow.com
***Attorneys for Defendant, Hess Corporation***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all known counsel of record by United States mail, properly addressed and postage prepaid, and/or by electronic mail.

New Orleans, Louisiana this 31st of July, 2017.

______________________

FILED
JUL 31 2017
CLERK OF COURT



4633833_1.docx

NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE
STATE OF LOUISIANA

DOCKET NO. 132505 DIV. "B"

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, ET AL.

FILED: ______________________________

______________________________
DEPUTY CLERK OF COURT

**HESS CORPORATION'S MEMORANDUM IN SUPPORT OF EXCEPTIONS TO PLAINTIFF'S ORIGINAL AND FIRST SUPPLEMENTAL AND AMENDING PETITIONS FOR DAMAGES**

Hess Corporation ("Hess") has urged the following exceptions to Plaintiff's Petition for Damages ("Original Petition") and First Supplemental and Amending Petition for Damages ("First Amending Petition") (collectively "Petitions"):[1]

A. Dilatory Exception of Non-Conformity of the Petition with the Requirements of Code of Civil Procedure Article 891 – LA. CODE CIV. PROC. art. 926(A)(4);

B. Dilatory Exception of Vagueness or Ambiguity of the Petition - LA. CODE CIV. PROC. art. 926(A)(5);

C. Dilatory Exception of Improper Cumulation of Actions and Improper Joinder of Parties – LA. CODE CIV. PROC. art. 926(A)(7);

D. Dilatory Exception of Prematurity – LA. CODE CIV. PROC. art. 926(A)(1);

E. Adoption of Exceptions Filed By Other Defendants

For the reasons set forth below, these exceptions should be granted and Plaintiff's Petitions must be dismissed or, alternatively, Plaintiff should be ordered to cure the defects in the Petitions which may be cured by amendment within a reasonable time.

---

[1] Hess was not a named defendant in the Original Petition for Damages. *See,* Petition for Damages. The First Supplemental and Amending Petition named Hess as defendants for the first time and replaced the Petition for Damages in its entirety and thus, Hess will cite to the First Amending Petition exclusively. *See* First Amending Petition, at II, & ¶ 4.

Plaintiff has named "Amerada Petroleum Corporation" as a defendant in this lawsuit. Amerada Petroleum Corporation has not been served in this proceeding and no responsive pleadings are being filed or are required to be filed on its behalf at this time. However, it is noted that Amerada Petroleum Corporation is named incorrectly. Hess Corporation is the successor in interest to Amerada Hess Corporation and a separate former entity also named "Amerada Petroleum Corporation"–the entities which conducted oilfield operations in the Bayou des Allemands field at issue in the lawsuit. The old Amerada Petroleum Corporation to which Hess Corporation is a successor was merged out of existence; any existing entity named "Amerada Petroleum Corporation" is incorrectly sued.

NON-CERTIFIED COPY

## I. BACKGROUND

This lawsuit involves claims of alleged environmental damage to property caused by oil and gas exploration and production activities. Plaintiff Golden Ranch Farms, LLC, ("Plaintiff" or "Golden Ranch") alleges that it "owns and/or uses" property comprising approximately 45,000 acres located in three distinct oil and gas fields: Larose, Valentine, and Bayou des Allemands fields, in Lafourche Parish. The First Amending Petition additionally states that Plaintiff may also appear in the capacity of lessor, assignee, third-party beneficiary and/or successor in interest to certain mineral and/or surface leases between plaintiff and defendants, or that it is the owner of Property or the successor in interest to, or the assign of, the owners of Property contaminated by the oil and gas activities, or it is a "servitude owner who has the right to sue for remediation damages under the Mineral Code" and/or otherwise is a "party who possess the right of action to file this law suit under Louisiana law." *See* First Amending Petition, ¶3. None of the specifics as to which particular category or categories Plaintiff fits into are asserted, or how and when the Plaintiff acquired these alleged interests or rights is asserted.[2]

Plaintiff names eighteen (18) defendants in its First Amending Petition: Hess and sixteen other oil and gas companies, as well as one individual – Billy Prochaska, P.E. First Amending Petition, ¶ 4. Plaintiffs allege that the seventeen oil and gas company defendants' oil and gas exploration and production activities, including the operation or construction of various wells, facilities and equipment resulted in environmental damage on the Property. First Amending Petition, ¶ 5. No leases allegedly at issue are identified in the First Amending Petition. The only specific allegation made as to the remaining defendant, Billy Prochaska, is that he "negligently certified that the pits located on the Property would not seep and leak beyond their horizontal and vertical confines." First Amending Petition, ¶ 5. No specifics as to time of certification, which pits are referred to, which company operated these pits, and/or the pits' location is given in the First Amending Petition. Maps and aerials attached to the First Amending Petition show the Plaintiff's property and location of certain wells on and around the Property, the operator history

[2] While Exhibit A to the First Amending Petition lists various acts of sale from The Gheens Foundation to Arlen B. Cenac, Jr., the First Amending Petition contains no facts demonstrating how Plaintiff, Golden Ranch Farms, LLC, acquired its interest from Arlen B. Cenac, Jr. or what that interest may be. *See* First Amending Petition at Ex. A.



NON-CERTIFIED COPY

of the wells and maps and tables showing the location and results of samples in and around certain wells. First Amending Petition ¶ 5, Exs. B-D. The First Amending Petition does not include allegations that would justify tying claims in these three oil and gas fields together in one lawsuit, nor does the First Amending Petition describe any individual defendant's operations or activities at a specific location and the particular damage that is alleged to have resulted from such operations. Rather, Plaintiff merely alleges that "defendants are liable for damage resulting from the operation of the wells in the Bayou des Allemands, Larose and Valentine Oil and Gas Fields... as well as the operation of other equipment and facilities related thereto." First Amending Petition, ¶5. Beyond the sampling table and a few maps showing locations of sampling, Plaintiff does not identify which defendant allegedly caused identified property damage (which presumably are in the form of exceedances of certain constituents). Hess (and/or its predecessors in interest) is identified as an operator of 168 well serial numbers located only in the Bayou des Allemands Oil & Gas Field.

The First Amending Petition further states that "Defendants knew or should have known that their day to day operations in the Field would cause the soil, surface waters and groundwater of plaintiff's Property to be contaminated" and that "defendants chose to conceal and cover up their contamination." *See* First Amending Petition, ¶12. Plaintiff claims it is entitled to a host of damages, including the cost of restoring its property to its "pre-polluted original condition," and punitive damages. *See* First Amending Petition, ¶37.

As set forth below, these allegations are woefully deficient in meeting the pleading requirements under Louisiana law and Hess' exceptions to Petitions should be granted.

## II. LAW AND ARGUMENT

### A. Dilatory Exception of Non-Conformity of the Petitions With the Requirements of Code of Civil Procedure Article 891 – LA. CODE CIV. PROC. art. 926(A)(4).

Plaintiff's Petitions fail to meet the requirements of Articles 891 and 854 of the Louisiana Code of Civil Procedure because they contain only overbroad allegations and fail to set forth requisite material facts. Article 891(A) of the Louisiana Code of Civil Procedure sets forth the following minimum requirements for the form of a petition:

> The petition shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It shall [...] contain a short, clear, and


NON-CERTIFIED COPY

> concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation.

In addition, Article 854, referenced in Article 891 above, establishes the following requirements for pleading:

> All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs. As far as practicable, the contents of each paragraph shall be limited to a single set of circumstances.

Article 854's requirement that pleadings contain short, clear, and concise allegations of fact are intended to give a defendant sufficient information to enable him to prepare a defense to plaintiff's allegations. *Burton v. Berthelot*, 567 So.2d 649, 655 (La. App. 4th Cir. 1990), *writ denied*, 569 So.2d 989 (La. 1990). Under this Article, "a plaintiff must allege in his petition specific facts in support of his claim in order to establish a cause of action." *Goad v. May*, 376 So.2d 340, 342 (La. App. 3rd Cir. 1979). Mere conclusions in pleadings, unsupported by facts, are insufficient to set forth a cause or right of action. *Montalvo v. Sondes*, 637 So.2d 127, 131 (La. 1994).

Plaintiff's Petitions fail to meet these requirements. They are not simple or concise, and are certainly not direct. The Petitions contain rote allegations on which Plaintiff attempts to apply indiscriminately and "across the board" to differing circumstances for all of the defendants. This "shotgun approach" to pleading fails to satisfy the plain requirements of Louisiana Code of Civil Procedure Articles 854 and 891.

Further, the Petitions are void of factual allegations that connect the alleged property damage to any specific conduct of Hess at a particular time and location on Plaintiff's property. Plaintiff's allegations fail in the following, non-exclusive, respects, as the Petitions fail to:

- Sufficiently describe the Plaintiff's property;[3]
- Describe the relationship or connection between the three oil and gas fields generally described in paragraph 2;
- Describe the specific act(s) or omissions of any particular defendant that allegedly caused any specific damage or contamination;

[3] *See* First Amending Petition, ¶2 ("It is the intent of the plaintiff herein to claim damages for any and all of the property that it owns or may own in the Bayou Des Allemands, Larose and Valentine Oil and Gas Fields..., regardless of whether said property is specifically described in this petition").


NON-CERTIFIED COPY

- Identify the date and location of such acts or omissions of a particular defendant;
- Identify any lease and/or provision that are the basis for the claims asserted against individual defendants;[4]
- Adequately identify the date(s) the Plaintiff obtained its interest in the property or plead adequate facts demonstrating that Plaintiff has an interest in the property;[5]
- Sufficiently identify Hess's alleged relationship to the subject property;
- Identify or describe the specific facilities which are allegedly defective or have caused damage to Plaintiff's property or the specific location of the facility or alleged damage;
- Identify with specificity details surrounding Plaintiff's claims of fraud or misrepresentation;
- Identify the facilities for which "the defendants" are allegedly responsible;
- Identify the locations of the alleged "unlined earthen pits" or the individual defendant allegedly responsible for such pits;
- Identify what, when, or where the alleged "leaks, spills, and other surface and subsurface discharges" occurred.[6]

Without such essential factual allegations which are required in order to satisfy the minimal pleading standard of Article 891, the Petitions lack the basic information necessary to enable Hess to properly defend itself in the lawsuit.

**B. <u>Dilatory Exception of Vagueness or Ambiguity of the Petitions - LA. CODE CIV. PROC. art. 926(A)(5).</u>**

Under LA. CODE OF CIV. PROC. art. 926(A)(5), a party may object to a vague or ambiguous petition by filing a dilatory exception. This is closely related to the exception for failure to comply with the pleading requirements of LA. CODE CIV. PROC. art. 891, since "vagueness" and "ambiguity" are often the inevitable result of the failure to plead properly. This is the case here.

The exception of vagueness is appropriate when allegations in the petition are vague, general, and indefinite. *See Haskins v. Clary*, 346 So. 2d 193, 195 (La. 1977); *Broussard v. Broussard*, 381 So. 2d 942, 943 (La. App. 3 Cir. 1980). This exception is a device for requiring

[4] The First Amending Petition fails to identify a single lease at issue in this suit.

[5] As referenced above, while Exhibit A to the First Amending Petition lists various acts of sale from The Gheens Foundation to Arlen B. Cenac, Jr., the First Amending Petition contains no facts demonstrating how Plaintiff, Golden Ranch Farms, LLC, acquired its interest from Arlen B. Cenac, Jr. or what that interest may be. *See* First Amending Petition at Ex. A.

[6] *See* First Amending Petition, ¶7.





NON-CERTIFIED COPY

the plaintiff to put the defendants on notice of the nature of the facts sought to be proved so as to enable them to prepare a defense. *Whipple v. Whipple*, 408 So. 2d 390, 392 (La. App. 1 Cir. 1981); *Lee v. Chief of Police*, 385 So. 2d 1290, 1291 (La. App. 3 Cir. 1980). In addition, the vagueness exception requires the plaintiff to sufficiently identify its causes of action in order to prevent future re-litigation. *Whipple*, 408 So.2d at 392; *Lee*, 385 So.2d at 1291. A petition is obviously vague if it fails to allege with particularity the circumstances of the claims against each individual defendant and the facts upon which the alleged liability of each defendant is based. *Spell v. Executive Officers, etc., P & W Industries, Inc.*, 316 So.2d 474, 476 (La. App. 1st Cir. 1975). In *Spell*, the court found that it was impossible for the officers, directors, and shareholders of a corporation to respond to the petition until aware of the "specific act of negligence relied on by plaintiff." *Id.*

Here, Plaintiff, among other omissions (*see* Part A, *supra*), never identifies the facilities it claims "the defendants" are responsible for, the locations of the alleged "unlined earthen pits" and which defendant they allege was responsible for such pits, or even what, when, or where the alleged "leaks, spills, and other surface and subsurface discharges" occurred. First Amending Petition, ¶¶5, 7. Nor has it identified the date or dates during which the damage is alleged to have occurred and what damage was allegedly caused by which parties. Further, the Petitions are vague with respect to the identity of the mineral leases on which Plaintiff bases its claims because it fails to include sufficient allegations to enable Hess to identify the instrument(s) under which Plaintiff claims Hess conducted oil and gas exploration and production activities that allegedly resulted in the unspecified damage to their property at an unknown point in time and unknown location. As noted above, Plaintiff has omitted any lease history for its property, nor has it identified which provisions of these unknown leases that Defendants allegedly breached. *See* First Amending Petition. Without this basic information as to Plaintiff's claims, Hess cannot adequately defend itself in this lawsuit.

Under similar circumstances in another oilfield contamination legacy case, the state district court has sustained an exception of vagueness and ambiguity. *See Tigner Farms, Inc. v. The Mosaic Company of Delaware (f/k/a IMC Global, Inc.), et al.*, Docket No. 39,036, Second Judicial District Court, Claiborne Parish, Judgments dated February 2, 2011 and February 28,



NON-CERTIFIED COPY

2012 (Judge Fallin), which are attached *in globo* as Exhibit "A." In that court's February 2, 2011 judgment, the court sustained the dilatory exceptions of vagueness, ambiguity, and non-conformity of the petition with the requirements of LA. CODE CIV. PROC. 891 and ordered the Plaintiff to amend its Petition to plead: (1) the specific tracts of land that are owned by the Plaintiff and the ownership percentage thereof; (2) the specific claims Plaintiff was asserting; (3) the nature and location of the alleged contamination and the source thereof for each tract of land; (4) the wells, impoundments, structures, or other equipment which caused Plaintiff's damages on each tract of land; (5) the specific times when Plaintiff's damages occurred; (6) the nature of the breach of the mineral lease and/or servitude suffered by the Plaintiff as to each Defendant; (7) the defendants and/or other operators who allegedly conducted operations or activities on the land in question and whom the Plaintiff alleged were liable for those damages suffered on the particular land at issue; and (8) plead with specificity any claim(s) for punitive damages arising between September 1, 1984 through April 16, 1996 against the appropriate defendants. *See* Exhibit "A." Additionally, the judgment dated February 28, 2012 sustained the dilatory exceptions of vagueness and ambiguity and non-conformity of the petition with the requirements of LA. CIV. CODE PROC. art. 891, and ordered that Plaintiff amend its petition to: (1) identify any equipment that allegedly malfunctioned on Plaintiff's property, the Defendant allegedly responsible for the equipment, and how each malfunction allegedly damaged Plaintiff's property; (2) identify all relevant contracts, the provisions of the relevant contracts allegedly breached, and which Defendant allegedly breached a provision in the relevant contracts; and (3) plead additional factual bases for Plaintiff's migration claim, including which Defendant allegedly was responsible for the migration, what contract controlled the operations on the adjacent property, and where on Plaintiff's property the migration occurred. *See* Exhibit "A." As outlined above, Plaintiff's Petitions fail to plead these and other requisite basic material facts as to any Defendant, including Hess.

The exception of vagueness or ambiguity of the petition is made for just such a situation as this. Allowing the Plaintiff to make these general and indefinite allegations provides no notice to Hess of the facts sought to be proved and prevents them from preparing a defense. In the event that the court orders Plaintiff to amend the Petitions, the amendment should be


NON-CERTIFIED COPY

accomplished within a reasonable time and be subject to dismissal for non-compliance with the order. LA. CODE CIV. PROC. art. 933.

C. **Dilatory Exception of Improper Cumulation of Actions and Improper Joinder of Parties – LA. CODE CIV. PROC. art. 926(A)(7).**

Cumulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants. LA. CODE CIV. PROC. art. 461. Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if: (1) there is a community of interest between the parties joined; (2) each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and (3) all of the actions cumulated are mutually consistent and employ the same form of procedure. LA. CODE CIV. PROC. art. 463. If the suit fails to satisfy any of these criteria, plaintiff may not cumulate the actions. *See Jones v. Arnold*, 589 So. 2d 1, 2 (La. 1991); *Abshire v. State of Louisiana ex rel. Dep't of Ins.*, 636 So.2d 627, 632 (La. App. 3 Cir. 1994); *Smith v. Orleans Electric, Inc.*, 457 So. 2d 216, 218 (La. App. 4 Cir. 1984).

Objections based on the improper cumulation of actions or the improper joinder of parties must be raised through the dilatory exception. LA. CODE CIV. PROC. art. 926(A)(7). When actions are improperly cumulated, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. LA. CODE CIV. PROC. art. 464. The penalty for noncompliance with an order to amend is a dismissal of the plaintiff's suit. *Id.* When the court is of the opinion that it would simplify the proceedings, permit a more orderly disposition of the case, or otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of the cumulated actions, even if the cumulation is proper. LA. CODE CIV. PROC. art. 465.

As noted above, a plaintiff may not cumulate actions against multiple defendants unless there is a demonstrable "community of interest" between the parties joined. LA. CODE CIV. PROC. art. 463. A "community of interest" is found where the cumulated causes of action arise out of the same facts or present the same factual or legal issues. *Mauberret-Lavie v. Lavie*, 2003-C-009 and 2003-C-0100, p. 2 (La. App. 4 Cir. 6/11/03), 850 So. 2d 1, 2; *Abshire v. State of*


NON-CERTIFIED COPY

*Louisiana ex rel. Dep't of Ins.*, 636 So.2d 627, 632 (La. App. 3 Cir. 1994). To determine whether there is a community of interest, the court looks at the allegations set forth on the face of the petition. *See e.g., Board of Comm'rs of Orleans Levee District v. Shushan*, 2 So. 2d 35, 37 (La. 1941).

When the instant case is considered in light of Louisiana's joinder rules, it becomes clear that the Plaintiff's claims and Defendants have been misjoined.

Louisiana Code of Civil Procedure article 463 provides as follows:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

LA. CODE CIV. PROC. art. 463. A "community of interest" exists where the cumulated causes of action arise out of the same facts or present the same factual or legal issues. *Broussard v. Hilcorp Energy Co.*, 2008-233 (La. App. 3 Cir. 12/10/08), 998 So. 2d 946, 953. A "community of interest" is present between different actions or parties where there is enough factual overlap between the cases to make it commonsensical to litigate them together. *Id.*

In this case, the Plaintiff has essentially brought three distinct lawsuits together in one. In doing so, Plaintiff has improperly cumulated claims against defendants. Plaintiff has joined in one suit claims brought for property damage of land in different sections, townships and ranges in three different oil and gas fields against eighteen defendants apparently relating to separate and distinct oil and gas production activities at different times. Although Plaintiff's Original and First Supplemental and Amending Petitions are vague as to when these activities occurred and the nature and extent of the contamination resulting from the separate activities of the individual defendants and the dates when the damage occurred, it is clear that there are multiple claims against the multiple defendants being asserted herein which are separate, distinct and unconnected. In reviewing the Petitions and their attachments, different groups of defendants appear to have operated different wells at different times on different areas of Plaintiffs' property


NON-CERTIFIED COPY

in distinct noncontiguous oil and gas fields – some of which are miles apart[7] – presumably under different leases[8] and in different sections. For example, the chart below lists the oil and gas company defendants associated with operations in each of the three fields according to Plaintiff's operator history.

| Field | Section, Township, Range[9] | Defendant[10] |
|---|---|---|
| Bayou des Allemands Field | Secs. 13, 37, 39, 56, T15S, R20 & 21E | Hess Corporation |
| | | Denbury Onshore, LLC |
| | | Texas Petroleum Investment Company |
| | | Exxon Mobil Corporation |
| | | BP America Production Company |
| | | Tensas Delta Exploration Company, LLC |
| | | Square Mile Energy, LLC |
| | | Devon Energy Production Company, L.P. |
| Larose Field | Secs. 36, 38, 63, T16 & 17S, R21E | Devon Energy Production Company, L.P. |
| | | Mesa Gulf Coast, LLC |
| | | Tchefuncte Natural Resources, LLC |
| | | SM Energy Company |
| | | Henry Production Company, Inc. |
| | | Square Mile Energy, LLC |

[7] Although Golden Ranch allegedly owns and/or uses the entire tract at issue, the 45,000 acre tract encompasses parts of three separate oil and gas fields, which are not contiguous and whose centers, are in some cases, miles apart, according to the Louisiana Department of Natural Resources' SONRIS GIS. *See* Ex. "B" to this Memo in Support.

[8] As noted above, Hess submits that as Plaintiff has not met its pleading requirement, it should be required to amend its First Amending Petition to meet the requisite standard. If amendment is not ordered or the petition is still inadequate after amendment, Hess submits that at a minimum, it should be allowed to take discovery on issues related to the improper cumulation of the parties and claims.

[9] Section, township, and range information is taken from Plaintiff's First Amending Petition, at Ex. A, except for Valentine Field, where no section, township or range information is indicated. The information on section, township and range for Valentine Field is taken from the LDNR, SONRIS LITE website, based on the section, township and range of the seven wells listed as located in Valentine Field per Plaintiff's First Amending Petition, Ex. C. *See* First Amending Petition, at Ex. C; Ex. "C" to this Memo in Support.

[10] This information is taken directly from Plaintiff's First Amending Petition, at Ex. C.





NON-CERTIFIED COPY

| | | |
|---|---|---|
| | | Exxon Mobil Corporation |
| | | Texas Pacific Oil Company |
| | | Hamman Oil & Refining Company |
| Valentine Field | Sec. 37, T16S, R20E & Sec. 100, T17S, R20E | Mesa Gulf Coast, LLC |
| | | Tchefuncte Natural Resources, LLC |
| | | ConocoPhillips Company |
| | | American Explorer, Inc. |

Notably, Hess is only identified with operations in the Bayou des Allemands Field, and according to Plaintiff, did not conduct operations in either Larose or Valentine Fields.[11]

In addition to the differences in defendants who operated in each field, the constituents of concern are different in each of the three fields according to the exhibits to Plaintiff's Petitions. For example, total petroleum hydrocarbons-oil (TPH-O) exceeding LDEQ standards were purportedly found in samples at Valentine and Bayou des Allemands fields, but not at Larose field.[12] In addition, 29-B exceedances of oil & grease were purportedly found at Valentine and Bayou des Allemands, but not at Larose.[13]

Accordingly, the Plaintiff's claims against the various defendants in the various oil and gas fields lack the requisite "community of interest" to make cumulation proper. There is no apparent factual overlap that would render commonsensical the joint litigation of all of the Plaintiff's claims in all of the three fields at issue. Indeed, from the face of the petition, it appears that the Plaintiff's claims in the various fields will involve different standards of conduct and different proof of liability. Thus Hess' exception of improper joinder and/or cumulation should be granted. *See Broussard v. Hilcorp Energy Co.*, 2008-233 (La. App. 3 Cir. 12/10/08), 998 So.2d 946 (holding there was no community of interest in oilfield legacy suit among various

[11] Moreover, the only named individual defendant, Billy Prochaska, is not alleged to have operated any facility or well; the claims against Mr. Prochaska are instead based on his alleged negligent certification "that the pits located on the Property would not seep and leak beyond their horizontal and vertical confines." First Amending Petition, ¶ 5. Thus, Plaintiff's claims against Mr. Prochaska will necessarily involve different causes of action and proof of liability than the claims made against the remaining defendants.

[12] *See* First Amending Petition, Exhibit D at Table 1.

[13] *Id.*


NON-CERTIFIED COPY

claims against different defendants as the properties allegedly affected were five noncontiguous tracts in three different sections, "different parties and combinations of parties [we]re alleged to have contributed to the contamination of each, and the times at which contamination allegedly occurred differ[ed] for each property," and the proof and amount of damages for each would be different, and finally the people and/or entities found liable, if any, would be different); *Dietz v. Superior Oil Co.*, 13-657 (La. App. 3 Cir. 12/11/13), 129 So.3d 836 (finding claims were improperly cumulated under Louisiana state law as there was no community of interest between claims for alleged property contamination resulting from oil and gas operations by defendants because the plaintiff's claims involved multiple operators operating under a number of different leases on noncontiguous tracts of land).

**D. <u>Dilatory Exception of Prematurity – LA. CODE CIV. PROC. art. 926(A)(1).</u>**

Plaintiff's claims under oil, gas and mineral leases affecting the property are premature insofar as there are oil, gas and mineral leases that are still in effect. Because the Plaintiff's allegations are so vague and ambiguous, it is impossible at this point to know what leases and contracts are applicable to Hess, and whether these leases have expired or are still ongoing.[14] To the extent that any leases have not expired, the First Amending Petition is premature. Hess raises this dilatory exception out of an abundance of caution in order to preserve its objections depending on the facts that are uncovered during the course of discovery.

In *Corbello v. Iowa Production Co.*, 02-0826 (La. 2/25/03), 850 So. 2d 686, the Louisiana Supreme Court held that claims to restore the leased premises arise only at the end of the lease. This holding was affirmed by the Third Circuit in *Kinder Gas, Inc. v. Reynolds*, 11-1012 (La. App. 3 Cir. 02/01/12), 84 So. 3d 695. In *Kinder*, the Third Circuit reasoned:

> Undisputedly, in the instant matter, at the time the reconventional demand was filed, the lease was in effect. Our supreme court, in *Corbello v. Iowa Production*, 02-826 (La. 2/25/03), 850 So. 2d 686, held that the duty to restore leased property does not arise until the expiration of the lease. This court reached the same conclusion in *Dore* [*Energy Corp. v. Carter-Langham, Inc.*], 04-1373 (La. App. 3 Cir. 5/4/05), 901 So. 2d 1238], recognizing that certain claims may be asserted during the existence of a lease; however, following *Corbello*, we held that claims involving obligations to restore the land on which operations are ongoing are

[14] In fact, Plaintiff has failed to provide a lease history for any portion of the property.





NON-CERTIFIED COPY

> premature. *Marin* [*v. Exxon Mobil Corp.*, 09-2368 (La. 10/19/10), 48 So. 3d 234] does not change this result.[15]

*Id.* at p. 14, 84 So. 3d at 704.

The Court's decision in *Kinder* is in accord with general principles of Louisiana law. Under Louisiana law, it is axiomatic that a mineral lessee has an implied right to use a surface area to drill for oil and gas, to dig pit and drainage ditches, erect storage tanks, construct pipelines and telephone lines and to build roads. *Rohner v. Austral Oil Expl. Co.,* 104 So.2d 253, 255 (La. App. 1 Cir. 1958). Logically, these activities are not compatible with work to "restore" the same land when it is in use for mineral operations. Thus, courts have held that a demand for cleanup cannot be made if there are ongoing, active operations at the site. *Edwards v. Jeems Bayou Production Company,* 507 So.2d 11, 13 (La. App. 2 Cir. 1987).

Accordingly, to the extent Hess is a party to an unexpired lease, Plaintiff's claims should be dismissed as premature. To the extent that any proper claim might be deemed present, the Petitions are vague and should either be dismissed or amended to plead specific leases or contracts and factual grounds for alleging that the leases are expired and are terminated.

**E. Adoption Of Exceptions Filed By Other Defendants.**

Hess adopts and urges any additional exceptions filed by other defendants in this proceeding and incorporates the memoranda filed in support of such exceptions to the extent such exceptions are applicable to Hess.

## III. CONCLUSION

For the reasons set forth above, the foregoing exceptions should be sustained and Plaintiff's claims against Hess should be dismissed with prejudice, at Plaintiff's cost.

---

[15] Hess recognizes that the Third Circuit has issued an opinion disagreeing with the holdings in *Dore* and *Kinder* on this issue. *See Dietz v. Superior Oil Co.*, 13-657 (La. App. 3 Cir. 12/11/13), 129 So.3d 836. However, the panel in *Dietz* was comprised of wholly different members than those in *Dore* and *Kinder*. Thus, the *Dietz* decision simply provides a conflicting opinion than that previously issued by separate panels of the Third Circuit, and neither the Third Circuit *en banc* nor the Louisiana Supreme Court have addressed the issue. Moreover, *Dietz* does not control here. *Dietz* should be understood as providing that claims for damages may not be premature while a lease exists. The restoration obligation, however, remains premature until the lease expires. *See id.* at 841 ("[W]hile the leases may still be in effect, these claims are not premature because there is no language in the mineral or civil codes to suggest these claims for damages only arise upon lease termination.") (emphasis added). This is the exact distinction made in *Alford v. Chevron U.S.A. Inc.*, 13 F. Supp. 581, 593 (E.D. La. 2014) (revised on reconsideration on other issues, June 1, 2014), wherein the court found that the suit for damages to property subject to an active lease was permissible, but claims for restoration were premature.


NON-CERTIFIED COPY

Alternatively, at a minimum, Plaintiff should be required to amend their Petitions to provide the information requested by Hess so that Hess can adequately defend against Plaintiffs' allegations.

Respectfully submitted,

By: ______________________

Jonathan A. Hunter (#18619)
Elizabeth S. Wheeler (#21148)
Erin E. Bambrick (#35035)
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
jahunter@liskow.com
ewheeler@liskow.com
ebambrick@liskow.com

***Attorneys for Defendant, Hess Corporation***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all other counsel of record by depositing said copy in the United States Mail, properly addressed and first-class prepaid, by facsimile, or email delivery on this 31st day of July, 2017.

______________________

FILED
JUL 31 2017
CLERK OF COURT



4633854_1.docx

NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE
STATE OF LOUISIANA

DOCKET NO. 132505 DIV. "B"

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, ET AL.

FILED: ______________________

______________________
DEPUTY CLERK OF COURT

**REQUEST FOR NOTICE**

Pursuant to Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, Hess Corporation ("Hess"), as alleged successor in interest to Amerada Hess Corporation, requests written notice of the date set for trial of the above-captioned case, and of the dates set for hearing of any pleadings, exceptions, motions, rules, orders, default judgments, judgments, interlocutory decrees, and any and all other formal proceedings herein, at least ten (10) days prior to the trial or hearing date. Hess requests that such notice be delivered to its undersigned counsel at the addresses below.

Hess also requests immediate notice of the signing of all orders or judgments, whether interlocutory or final, made or rendered in this case upon the rendition thereof as provided by articles 1913 and 1914 of the Louisiana Code of Civil Procedure, including notice of judgment in the event that this case be taken under advisement, or if the judgment is not signed at the conclusion of the trial.

NON-CERTIFIED COPY

Respectfully submitted,

By: ______________________
Jonathan A. Hunter (#18619)
Elizabeth S. Wheeler (#21148)
Erin E. Bambrick (#35035)
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
jahunter@liskow.com
ewheeler@liskow.com
ebambrick@liskow.com

***Attorneys for Defendant, Hess Corporation***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all known counsel of record by placing a copy of the same in the United States mail, postage prepaid and properly addressed, and/or by hand delivery, and/or by e-mail transmission.

New Orleans, Louisiana, this 31st day of July, 2017.

______________________

FILED
JUL 31 2017
CLERK OF COURT



NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**MEMORANDUM IN SUPPORT OF EXCEPTIONS OF EXXON MOBIL CORPORATION**

Exxon Mobil Corporation ("ExxonMobil") has urged the following exceptions to Golden Ranch's Petition for Damages and First Supplemental and Amending Petition for Damages (collectively referred to as the "Petition"):

A. Dilatory Exceptions of Vagueness and Ambiguity, Failure to Conform to Louisiana Code of Civil Procedure article 891, and Improper Cumulation;

B. Peremptory Exceptions of No Cause of Action; and

C. Adoption and Reservation of All Exceptions.

For the reasons set forth below, these exceptions should be granted and Golden Ranch's Petition must be dismissed or, alternatively, Golden Ranch should be ordered to cure the defects in the Petition, which may be cured by amendment within a reasonable time.

**BACKGROUND**

This lawsuit, commonly known as a legacy lawsuit, involves claims of alleged environmental damage to property by oil and gas exploration and production activities. Golden Ranch alleges that it owns approximately 45,000 acres of property spanning approximately 60 square miles located in Lafourche Parish, Louisiana. The property is so large that it encompasses three separate oil and gas fields: Bayou des Allemands Field, Larose Field, and Valentine Field, in addition to an operating plantation home and hunting ranch.

The three fields placed at issue are different in many ways:

- They are miles apart from one another in completely different Township/Ranges, let alone different Sections:
    - The wells complained of in the Bayou des Allemands Field are located in Sections 13, 37, 39, and 56 of **Township 15 South, Range 21 East,**

NON-CERTIFIED COPY

- The wells complained of in the Larose Field are located in Sections 35 and 38 of **Township 16 South, Range 21 East**, and Section 68 of **Township 17 South, Range 21 East,** and
- The wells complained of in the Valentine Field are located in Section 37 of **Township 16 South, Range 20 East.**

- The Bayou des Allemands Field is physically separated from the other fields by Company Canal, which bisects Golden Ranch's property; and




- Most obviously, the Department of Natural Resources recognizes the three fields as distinct:

[1] Field location data from Louisiana Department of Natural Resources SONRIS GIS website, *available at* http://sonris-www.dnr.state.la.us/gis/agsweb/IE/JSViewer/index.html?TemplateID=181.



NON-CERTIFIED COPY

[2]




Golden Ranch filed its original Petition alleging damages arising out of oil and gas activities relating to 41 wells in the Larose Field.[3] The Petition included a prayer for "damages for land loss and subsidence and the cost of backfilling of canals and other excavations . . . ."[4] Golden Ranch subsequently filed its First Supplemental and Amending Petition for Damages, adding new claims against multiple new defendants for alleged damages arising out of oil and gas activities relating to 180 different wells in the Bayou des Allemands Field and 7 wells in the Valentine Field.

Golden Ranch is now up to 18 Defendants, including ExxonMobil. Golden Ranch generally alleges that all 18 Defendants' oil and gas activities resulted in environmental damage to some undefined portion of Golden Ranch's 45,000 acres of land.[5] Below is a table providing which defendants operated in which fields. Importantly, none of the defendants operated in all three fields.

---

[2] Excerpt from Louisiana Geological Survey, Oil and Gas Fields of Louisiana, LOUISIANA DEPARTMENT OF NATURAL RESOURCES (2008) (colorization adjusted to highlight fields at issue).

[3] *See* Petition for Damages, ¶ 2.

[4] *See* Petition for Damages, p. 21; First Supplemental and Amending Petition for Damages, p. 22.

[5] *See* Fist Supplemental and Amending Petition for Damages, ¶¶ 4-5.



NON-CERTIFIED COPY

| Field | Defendant[6] |
|---|---|
| Bayou Des Allemands Field | Hess Corporation |
| | Amerada Petroleum Corporation |
| | Denbury Onshore, LLC |
| | Texas Petroleum Investment Company |
| | Exxon Mobil Corporation |
| | BP America Production Company |
| | Tensas Delta Exploration Company, LLC |
| | Square Mile Energy, LLC |
| | Devon Energy Production Company, L.P. |
| Larose Field | Devon Energy Production Company, L.P. |
| | Mesa Gulf Coast, LLC |
| | Tchefuncte Natural Resources, LLC |
| | SM Energy Company |
| | Henry Production Company, Inc. |
| | Square Mile Energy, LLC |
| | Exxon Mobil Corporation |
| | Texas Pacific Oil Company |
| | Hamman Oil & Refining Company |
| Valentine Field | Mesa Gulf Coast, LLC |
| | Tchefuncte Natural Resources, LLC |
| | ConocoPhillips Company |
| | American Explorer, Inc. |

The Petition attaches a map that purports to show the property and the location of wells on and around the property, tables with the operator history of the 228 wells from the three different fields, an image with soil sampling locations, and summary tables purporting to show soil sampling results from the three fields. However, the Petition does not describe any individual Defendant's operations or activities at a specific location or the particular

[6] First Supplemental and Amending Petition at Exhibit "C."



NON-CERTIFIED COPY

damage that Golden Ranch alleges resulted from such operations. Rather, the Petition merely alleges that all "defendants are liable for damage resulting from the operation of the wells in the Bayou des Allemands, Larose, and Valentine Oil & Gas Fields . . ., as well as the operation of other equipment and facilities related thereto."[7] Beyond the general description of the property, Golden Ranch does not specify the location of any property damage. Of the 228 wells sued upon, ExxonMobil (and/or its predecessor in interest) is identified as a past operator of only two wells in the Bayou des Allemands Field, nine wells in the Larose Field, and zero wells in the Valentine Field. In fact, Golden Ranch fails to make any connection between ExxonMobil and the Valentine Field.[8]

The Petition further states that "Defendants knew or should have known that their conduct would cause property and other damages to plaintiff."[9] Golden Ranch claims it is entitled to a host of damages, including the cost of restoring its property to its "original unpolluted state,"[10] and punitive damages.

As set forth below, these allegations are woefully deficient in meeting the pleading requirements under Louisiana law. Therefore, ExxonMobil's exceptions to the Petition should be granted, dismissing Golden Ranch's baseless claims, decumulating the matter into three separate lawsuits, and ordering Golden Ranch to plead its claims in each suit with proper specificity.[11]

## LAW AND ARGUMENT

### A. Dilatory Exceptions

#### 1. The Petition is vague and ambiguous and thus fails to conform to article 891 of the Louisiana Code of Civil Procedure.

Article 891 of the Louisiana Code of Civil Procedure mandates that a petition "shall contain a short, clear, and concise statement of all causes of action arising out of, and the material facts of, the transaction or occurrence that is the subject matter of the litigation . . .

---

[7] *See* First Supplemental and Amending Petition for Damages, ¶ 5.

[8] *See* First Supplemental and Amending Petition at Exhibit "C."

[9] *See* First Supplemental and Amending Petition for Damages, ¶ 15.

[10] *See* First Supplemental and Amending Petition for Damages, ¶ 48(A).

[11] Because the Petition is so vague and ambiguous as to not allow ExxonMobil to appropriately address all potential exceptions, ExxonMobil reserves its right to do so once Golden Ranch's Petition is amended to provide the information necessary for ExxonMobil to adequately respond to and defend against the claims.



NON-CERTIFIED COPY

." La. Code of Civ. Proc. art. 891(A). The Code of Civil Procedure further provides that "[f]or the purpose of testing the sufficiency of a pleading, allegations of time and place are material." La. Code of Civ. Proc. art. 860.

An exception of vagueness "addresses the detailed sufficiency of the petition." *Perritt v. Dona,* 2002-2601 (La. 7/2/03), 849 So. 2d 56, 66. The dual purpose of the exception of vagueness is (1) to require the plaintiff to amplify the claim and the nature of the facts sought to be proven so that the defendant may properly prepare a defense, and (2) to identify the cause of action so as to bar its future re-litigation. *See Gretna v. Gulf Distilling Corp.*, 21 So. 2d 884, 889 (La. 1945); *Bustamente v. Vezina,* 95-556 (La. App. 5 Cir. 1/30/96), 668 So. 2d 1286, 1291. As contemplated by the exception of vagueness, a defendant cannot properly plead to a petition until made aware of the specific acts that allegedly trigger liability. *See, e.g., Bustamente,* 668 So. 2d at 1291; *Spell v. Exec. Officers Dirs. and/or S'holders of P&W Indus., Inc.*, 316 So. 2d 474, 476 (La. App. 1 Cir. 1975). Golden Ranch's Petition is impermissibly vague and ambiguous.

In the context of legacy lawsuits, Louisiana courts have interpreted article 891 to require specific allegations of (1) which wells or other operations caused damages, (2) what damage was caused by each well or other operation, (3) what portion of the subject property was allegedly damaged by each well or other operation or activity causing damage, (4) when the damage occurred, and (5) which defendant caused or is responsible for each incident of damage. *See Wagoner v. Chevron U.S.A., Inc.*, Docket No. 22,506, Sixth Judicial District Court for the Parish of Tensas, State of Louisiana, September 10, 2009 Reasons for Judgment; January 14, 2008 judgment in *Thomas v. Ashley Investment Co.*, No. 38,839, 5th Judicial District Court; and February 2, 2011 judgment in *Tigner Farms v. The Mosaic Co. of Delaware,* No. 39036, 2nd Judicial District Court, attached *in globo* as Exhibit 1.



NON-CERTIFIED COPY

Golden Ranch has failed to plead the basic material facts of its claims:

| Allegation | Missing Material Facts |
|---|---|
| The Property is "believed" to be contaminated by oil and gas exploration and production activities.[12] | Is the property contaminated? What contamination exists? Where is the contamination? How did ExxonMobil contribute to the contamination? |
| Golden Ranch's purported damage arises from the use of pits.[13] | What damages were caused by which pits at what times? What is ExxonMobil's relation to the damages caused by pit use? |
| Also, leaks, spills, and other surface and subsurface discharges from wells, pipelines, tank batteries, gas plants and other equipment or facilities have allegedly contaminated the property.[14] | What equipment or facilities had leaks, spills, or other discharges? Where did the discharges occur? When did the discharges occur? Which Defendant purportedly is responsible? |
| The pollution allegedly caused by the Defendants continues to migrate.[15] | Where is pollution migrating from? Where is pollution migrating to? What is ExxonMobil's role in the continued migration? |
| Golden Ranch alleges that it is a third-party beneficiary under various agreements, including mineral leases or surface leases; assignments, subleases, or other oilfield conveyance instruments; joint operating and unit agreements.[16] | What are those contracts? Is ExxonMobil a party to any of the contracts? How did Golden Ranch become a third-party beneficiary under those unidentified contracts? |
| Golden Ranch alleges that Defendants have failed to satisfy their express contractual obligations.[17] | What contractual obligations exist? What contractual obligations were breached by ExxonMobil? Which Defendants failed to satisfy their contractual obligations? When did ExxonMobil breach its contractual obligations? How did ExxonMobil fail to satisfy its contractual obligations? |
| Further, Golden Ranch claims damages for the violation of any personal servitude of use applicable to the Property.[18] | What personal servitudes are applicable to the property? Which Defendants violated the personal servitudes? How were the personal servitudes violated? How did the violation of the personal servitudes cause damage? |
| Express remediation obligations of any leases at issue were violated.[19] | What leases are at issue? What are the express remediation obligations of any leases at issue? Which Defendants violated the leases at issue? How did the Defendants violate the express remediation obligations? |

[12] *See* First Supplemental and Amending Petition for Damages, ¶ 5.

[13] *See* First Supplemental and Amending Petition for Damages, ¶ 7.

[14] *See* First Supplemental and Amending Petition for Damages, ¶ 7.

[15] *See* First Supplemental and Amending Petition for Damages, ¶ 17.

[16] *See* First Supplemental and Amending Petition for Damages, ¶ 23.

[17] *See* First Supplemental and Amending Petition for Damages, ¶ 22.

[18] *See* First Supplemental and Amending Petition for Damages, ¶ 22.

[19] *See* First Supplemental and Amending Petition for Damages, ¶ 20.



NON-CERTIFIED COPY

For each of these items the question could be asked: to which oil and gas field does this particular allegation even relate? This is of utmost importance to ExxonMobil, who did not even operate in one of the fields at issue.[20]

The exhibits attached to Golden Ranch's Petition—including aerial photo maps, operator histories, and cursory sampling results—provide a basic and elementary starting point. Those documents, however, do not show how the legal claims correspond with the factual allegations. They simply show that 228 oil and gas wells in three different fields were operated on Golden Ranch's property from 1938 to the present. *See Roache v. Alpha Tech. Servs.*, 10-1086 (La. App. 5 Cir. 6/29/2011); 71 So. 3d 520, 523 ("[W]e find the allegations made in the petitions, that many defendants, engaged in some hazardous activity, somewhere on a parcel of land in Harvey, over a time period of forty-six years, do not meet the requirements of La. C.C.P. art. 891."). Accordingly, ExxonMobil requests that its exceptions of vagueness, ambiguity, and failure to conform to article 891 be granted and that all claims against ExxonMobil be dismissed. Alternatively, at a minimum, Golden Ranch should be ordered to amend its Petition to plead specific facts which support its claims against ExxonMobil. Failing a timely amendment, ExxonMobil requests that this Court dismiss all of Golden Ranch's claims.

**2. Golden Ranch improperly cumulated three lawsuits into this one case.**

Louisiana Code of Civil Procedure article 463—"Cumulation, plural plaintiffs or defendants"—provides that "two or more parties may be joined in the same suit . . . if there is a community of interest between the parties joined . . . ." Justice Tate interpreted "community of interest" to mean that "cumulated actions must arise out of the same facts or present the same factual and legal issues." Albert Tate, Jr., *Civil Procedure*, 30 LA. L. REV. 286 (1970); *see also* La. Code of Civ. Proc. art. 463, cmt. C; *First Guar. Bank v. Carter*, 563 So. 2d 1240, 1242 (La. App. 1 Cir. 1990); *Strahan et al. v. Maytag Corp., et al.*, 99-0869, p. 8 (La. App. 4 Cir. 2000), 760 So. 2d 463, 468.

[20] *See* First Supplemental and Amending Petition at Exhibit "C." ExxonMobil is not listed as an operator for any of the wells in the Valentine Field.



NON-CERTIFIED COPY

Golden Ranch's initial Petition appeared to pass muster under article 463. But with the First Supplemental and Amending Petition, Golden Ranch made a sweeping enlargement of the lawsuit that added areas with distinct facts and factual issues. The newly added areas have different operators and distant geographic locations. Louisiana Appellate Courts have found decumulation proper in cases with similar differences.

In *Broussard v. Hilcorp Energy Co.*, the plaintiffs filed a legacy lawsuit against nine oil and gas operators for alleged damage to five tracts of land. 2008-233, p. 1 (La. App. 3 Cir. 12/10/08), 998 So. 2d 946, 948. The tracts were located in three adjacent sections in the same Township. *Id.* The tracts were all located in the Erath Oil & Gas Field. *Id.* Below is a figure with the tracts at issue outlined in yellow.




Several defendants filed the exception of improper cumulation of actions. *Id.* at 949. The trial court granted the exception on two occasions (once after the plaintiffs attempted to reform their petition), and the plaintiffs appealed. *Id.* at 951. The Third Circuit upheld the exception of improper cumulation, reasoning that there was not "enough factual overlap present between all the actions to make it commonsensical to litigate them together." *Id.* at 953. The Third Circuit relied on the following facts:



NON-CERTIFIED COPY

> The properties allegedly affected by the contamination are five non-contiguous tracts located in 3 separate sections, different parties and combinations of parties are alleged to have contributed to the contamination on each, and the times at which contamination allegedly occurred differs for each property. The proof of damages for each will necessarily be different as well as the amount of damages, if any, and the people and/or entities found liable, if any.

*Id.*

The facts supporting improper cumulation in *Broussard* are analogous to this case. In both cases there are "different parties and combinations of parties" in the different areas. It follows that the "proof of damages for each [area] will necessarily be different as well as the amount of damages, if any, and the people and/or entities found liable, if any." *Id.* Similar to the areas at issue in *Broussard* being located in different sections, the areas at issue in this case are in different sections. Even more compelling, as compared to the tracts in *Broussard,* the areas at issue in this case are in entirely different Townships, are much further away from each other, and are located in three different fields as opposed to the one field in *Broussard.*[21] Thus, pursuant to the holding in *Broussard,* this case should be separated into three separate cases.

Golden Ranch will likely argue that because the areas at issue in this case are all within one contiguous tract of property, it is distinguishable from *Broussard.* However, property boundaries are legal fictions only relevant to legal issues (e.g., limitation of recovery of damages to the plaintiff's property); and the law provides that having common legal issues is only one factor that supports cumulating actions. Differing facts alone are sufficient to defeat cumulation ("cumulated actions must arise out of the same facts ***or*** present the same factual and legal issues"). La. Code of Civ. Proc. art. 463, cmt. C (emphasis added). What makes the actions in this case distinct are the different material facts: the different operators, the different geographic locations, and the different damage models and costs that will ultimately result from the different remediation plans Golden Ranch will ultimately propose. These differences not only make separating these actions proper, but makes it necessary for the defendants to have a fair trial.

**B. Peremptory Exceptions**

**1. Golden Ranch states no cause of action for remediation under Mineral Code article 22 or under Louisiana Civil Code articles 576, 577, and 645.**

[21] Based on the property descriptions, the furthest away any tract is from another tract in *Broussard* is half of a mile. The areas at issue in this case are multiple miles away from one another.



NON-CERTIFIED COPY

Golden Ranch alleges that it is entitled to remediation under the provisions of article 22 of the Mineral Code (La. Rev. Stat. § 30:22) "to the extent that defendants own mineral servitudes on the Property."[22] Golden Ranch has not alleged, however, that ExxonMobil held a mineral servitude on the property at issue. Because Golden Ranch has not alleged that ExxonMobil has ever held a mineral servitude, they have failed to state a cause of action under article 22.

For the same reason, Golden Ranch's claims against ExxonMobil arising under Louisiana Civil Code articles 576, 577, and 645 should be dismissed. Golden Ranch "claims damages for the violation of any personal servitude of use applicable to the Property in accordance with the provisions of La. C.C. arts. 576, 577, and 645."[23] But because Golden Ranch has neglected to make any allegations that ExxonMobil is or ever was a servitude owner, Golden Ranch's claims under Mineral Code article 22 and Louisiana Civil Code articles 576, 577, and 645 should be dismissed.

**2. Golden Ranch states no cause of action for continuing tort or continuing trespass.**

The allegations of continuing tort and continuing trespass in the context of legacy lawsuits have been invalid since at least 2010. In *Hogg v. Chevron USA, Inc.*, 09-2632 (La. 7/6/10), 45 So. 3d 991, 1006, the Louisiana Supreme Court held that the presence of contamination on property does not constitute a continuing tort, but rather is the continued effect of a discrete event. In order to constitute a continuing tort, the operating cause of the injury must be a continuous one which results in continuous damages. *Crump v. Sabine River Auth.*, 98-2326 (La. 6/29/99), 737 So. 2d 720, 726; *Marin v. ExxonMobil Corp.* 09-2368 (La. 10/19/10), 48 So. 3d 234, 253 (citing *Hogg*, 45 So. 3d 991, 1003). Continued migration of pollution does not constitute a continuing tort, because it "is the continuation of the harm caused by the previous, but terminated conduct, and falls under the category of 'progressively worsening damages,' not damage-causing conduct." *Marin*, 48 So. 3d at 254. "Where the wrongful conduct was completed, but the plaintiff continued to experience injury in the absence of any further activity by the tortfeasor," no continuing tort exists. *Hogg*, 45

[22] *See* First Supplemental and Amending Petition for Damages, ¶ 32.

[23] *See* First Supplemental and Amending Petition for Damages, ¶ 22.



NON-CERTIFIED COPY

So. 3d at 1005. Under these circumstances, "the trespass, if indeed there was one, is simply not a continuing one." *Id.* at 1006.

Here, Golden Ranch alleges that "[t]he cause of the increasing damages to plaintiff's land is the continuing failure of defendants to remove their pollution from the Property,"[24] and claims that the cause of its alleged damages is a continuous cause. Allegations such as these have been conclusively rejected in oilfield legacy actions. "[The] breach of a duty to right an initial wrong simply cannot be a continuing wrong." *Marin,* 48 So. 3d at 254 (quoting *Hogg,* 45 So. 3d at 1007). Golden Ranch's allegations of successive damages, ongoing and cumulatively increasing deterioration of the property at issue, migration of pollution, and continued presence of oilfield wastes do not state a cause of action for continuing tort or continuing trespass based on the Louisiana Supreme Court's rulings in *Hogg* and *Marin.* Golden Ranch's claims for continuing nuisance under Louisiana Civil Code article 667 should be dismissed for the same reasons. *See Tureau,* 2015 U.S. Dist. LEXIS 100942 at *11 ("[a]s with continuing torts and continuing trespass, a continuing nuisance must be ongoing.").

**3. Golden Ranch states no cause of action for punitive damages against ExxonMobil.**

Golden Ranch alleges that unspecified defendants are liable for punitive damages under repealed Civil Code article 2315.3.[25] This repealed statute does not apply to conduct occurring before September 4, 1984 or after April 16, 1996. *See Anderson v. Avondale Industries, Inc.,* 00-2799 (La. 10/16/01), 798 So. 2d 93, 100. "[I]n order to state a cause of action for exemplary damages, the plaintiff must plead facts which establish their cause of action during the effective period of article 2315.3" *In re Harvey Term Litig.,* 04-0168 (La. App. 4 Cir. 4/21/04), 872 So. 2d 584, 586. As demonstrated by the Operator History attached to Golden Ranch's Petition, neither ExxonMobil nor any of its predecessors operated on the Property between 1984 and 1996. Accordingly, Golden Ranch cannot maintain a cause of action for the recovery of punitive damages under former article 2315.3 against ExxonMobil.

**4. Golden Ranch states no cause of action for fraud.**

[24] *See* First Supplemental and Amending Petition for Damages, ¶ 17.

[25] *See* First Supplemental and Amending Petition for Damages, ¶ 29.



NON-CERTIFIED COPY

Louisiana Code of Civil Procedure article 856 requires that "[i]n pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity." Courts have interpreted article 856 to require that a plaintiff "clearly allege facts from which [fraud] may be unmistakably concluded in order to state a cause of action." *Small v. Wabnig,* 305 So. 2d 710, 712 (La. App. 4th Cir. 1974); *see also Kirby v. Field,* 2004-1898 (La. App. 1 Cir. 9/23/05), 923 So. 2d 131, 136 n.6. Further, a court may "disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same." *Laneaux v. Theriot,* 488 So. 2d 1327, 1326 (La. App. 3rd Cir. 1986).

Here, Golden Ranch makes a general and conclusory allegation that unspecified Defendants committed acts of misrepresentation. Even Golden Ranch's purported enumeration of acts of misrepresentation in Paragraph 14 of the Petition remain impermissibly vague on material facts regarding the alleged acts or omissions. These conclusory allegations cannot support a claim of fraud because they lack the requisite specificity. *Charming Charlie, Inc. v. Perkins Rowe Assocs., L.L.C.,* 11-2254 (La. App. 1 Cir. 7/10/12), 97 So. 3d 595, 599 ("The broad, conclusory allegations of the petition were insufficient to meet the requirement of specificity required to plead a cause of action for fraud."); *G.A. Lotz Co. v. Alack,* 13-674 (La. App. 5 Cir. 4/9/14), 140 So. 3d 94, 100. Golden Ranch's allegations of unspecified Defendants' intent and Golden Ranch's own error induced by the fraud are similarly conclusory and so broad as to be meaningless. Because Golden Ranch has failed to allege its fraud claims with particularity, Golden Ranch has failed to state a cause of action for fraud.

**5. Golden Ranch states no cause of action for strict liability.**

Golden Ranch's allegations of strict liability for storage, discharge, and disposal of oilfield waste under Louisiana Civil Code articles 667, 2317, and 2322 fail to state a valid cause of action. As Golden Ranch recognizes, there are two separate inquiries under Code article 667 stemming from the pre-1996 and the post-1996 law. Under the pre-revision law, traditional strict liability is not the standard applicable to mineral lease conduct. In *Alford v. Anadarko E&P Onshore LLC,* 13 F. Supp. 3d 581, 607-08 (E.D. La. April 22, 2014), the district court provides an excellent summary of the inapplicability of the strict liability standard under article 667:



NON-CERTIFIED COPY

> [*Inabnett v. ExxonMobil Corp.*, 642 So. 2d 1243 (La. 1994)] made clear that, when a court is faced with claims under former article 667 between entities with co-existing rights to the same piece of property, the court must consider more than whether one co-owner engaged in conduct on the property that caused the other co-owner to suffer damage. The *Inabnett* Court was explicit on this point: It held that an earlier decision "hinging liability of a mineral lessee to an oyster lessee of the same property on proof of causation and damages" was too simplistic, insofar as it failed to take into account other essential considerations such as the temporal order of the leases or other rights, the nature of the rights, the type of activities normally incidental to the use for which the rights were granted, the damage-causing party's knowledge of the existence of the damaged party's rights, the availability of alternative methods of exercising the right so as to cause little or no damage, and others. *Inabnett*, 642 So. 2d at 1252. Accordingly, no liability can be imposed under former article 667 without consideration of the totality of these factors.

For the same reasons as expressed in *Alford*, Golden Ranch's pre-1996 strict liability claim against ExxonMobil should be dismissed. Additionally, Golden Ranch can maintain no post-1996 strict liability claim against ExxonMobil because Golden Ranch does not allege that ExxonMobil conducted any operations after 1996.[26]

Golden Ranch's claims under articles 2317 and 2322 must be dismissed because the Petition fails to allege that the Defendants' facilities and equipment contained a "defect" or "ruin" that posed an unreasonable risk of harm. Article 2317 provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." Before 1996, custodians were strictly liable for injuries caused by things in their custody. Accordingly, to recover under article 2317, a plaintiff must establish three elements: "(1) the thing causing his damage was in the custody of the defendant; (2) the thing had a 'defect' or a condition creating an unreasonable risk of harm; and (3) the defective condition caused plaintiff's injuries." *Hebert v. Sw. La. Elec. Membership Corp.*, 95-405 (La. App. 3 Cir. 12/27/95), 667 So. 2d 1148, 1157 (citing *Oster v. Dep't of Transp. & Dev.*, 582 So. 2d 1285 (La. 1991)).

Article 2322 applies specifically to buildings, and provides as follows:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However,

[26] *See* First Supplemental and Amending Petition for Damages at Exhibit "C."



NON-CERTIFIED COPY

> he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

A plaintiff must plead the following elements to state a claim under article 2322: (1) ownership of the building; (2) the owner knew or, in the exercise of reasonable care, should have known of the ruin or defect; (3) the damage could have been prevented by the exercise of reasonable care; (4) the defendant failed to exercise such reasonable care; and (5) causation." *Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238 (La. 4/5/13), 113 So. 3d 175, 182-83. Like article 2317, article 2322 imposed liability without fault before the 1996 revisions to the Civil Code. *See Celestine v. Union Oil Co.*, 652 So. 2d 1299, 1303 (La. 1995).

Golden Ranch alleges that "[a]t all pertinent times hereto, defendants had *garde* of the facilities and equipment that caused the pollution described herein."[27] But Golden Ranch has not alleged any facts suggesting that those facilities or equipment contained a "defect" or "ruin" that posed an unreasonable risk of harm. Allegations that the defendants had custody of facilities and that the facilities caused harm to the Property are not sufficient; the harm must be the result of a defective condition in order for a claim under article 2317 or article 2322 to survive. *See Cormier v. Dolgencorp, Inc.*, 136 F. App'x 627, 627-28 (5th Cir. 2005); *Broussard*, 113 So. 3d at 182-83. Moreover, Golden Ranch has not alleged any relationship existing between ExxonMobil and any of the referenced facilities or equipment. Accordingly, Golden Ranch's claims under articles 2317 and 2322 against ExxonMobil must be dismissed.

### 6. Golden Ranch states no cause of action for civil fruits.

Golden Ranch alleges that it is entitled, under Louisiana Civil Code article 486, to the civil fruits derived from unspecified Defendants' storage of pollution and waste in the groundwaters and soils underlying Golden Ranch's lands. Golden Ranch alleges that the storage allowed defendants "to avoid the substantial costs and expenses associated with the proper disposal of this toxic pollution and waste."[28] Golden Ranch does not have a cause of action for civil fruits because any

---

[27] *See* First Supplemental and Amending Petition for Damages, ¶ 19.

[28] *See* First Supplemental and Amending Petition for Damages, ¶ 31.



NON-CERTIFIED COPY

alleged pollution that might exist on the Property as a result of Defendants' operations is not "storage," but a condition of the property.

Moreover, Louisiana Civil Code article 551 defines fruits as "things that are produced by or derived from another thing without diminution of its substance," and civil fruits as "revenues derived from another thing, such as rentals, interest, and certain corporate distributions." The Louisiana Court of Appeal for the Second Circuit has held that economic benefits derived from the storage of wastes on a plaintiff's property without permission are not "civil fruits" as defined in the Civil Code because nothing is "produced by or derived from the property as a result of the storage/disposal of the waste," and there are "no revenues, such as rentals, interest or a corporate distribution, derived from the property by virtue of the storage/disposal of the waste." *Wagoner v. Chevron USA Inc.*, 45,507 (La. App. 2 Cir. 8/18/10), 55 So. 3d 12, 27. Because Golden Ranch does not allege that any Defendant derived revenue from the alleged presence of contamination on its property, there are no civil fruits to which Golden Ranch would be entitled.

**7. Golden Ranch states no cause of action for unjust enrichment.**

Golden Ranch seeks damages for unjust enrichment in the event it has no other adequate remedy at law. This pleading recognizes that under Louisiana law unjust enrichment damages are "subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule." La. Civ. Code art. 2298. Thus, an unjust enrichment action "will only be allowed when there is no other remedy at law." *Richard v. Wal-Mart Stores, Inc.*, 559 F. 3d 341, 346 (5th Cir. 2009) (quoting *Minyard v. Curtis Prods., Inc.*, 205 So. 2d 422, 432 (La. 1968)). Unjust enrichment "is a remedy of last resort, available only when no other remedy is available." *Hall v. James*, 43,263 (La. App. 2 Cir. 6/4/09), 986 So. 2d 817, 820. If the plaintiff maintains any other cause of action, then "the requirement that the plaintiff[] have no other remedy at law is not satisfied [and] the plaintiff[] ha[s] no cause of action." *Id.* at 820-21; *See also Port of S. La. v. Tri-Parish Indus., Inc.*, 927 F. Supp. 2d 332, 341 (E.D. La. 2013); *Walters v. MedSouth Record Mgmt., LLC*, 10-0351 (La. 6/4/10), 38 So. 3d 245, 246; *Gallant Invs. Ltd. v. Ill. Cent. R.R. Co.*, 2008 1404 (La. App. 1 Cir. 2/13/09), 7 So. 3d 12.

Here, Golden Ranch's Petition pleads numerous other legal causes of action, and it therefore has no current cause of action for unjust enrichment.



NON-CERTIFIED COPY

**8. Golden Ranch fails to state a cause of action under Restatement (Second) of Torts § 324A.**

Louisiana courts recognize a theory of recovery under Restatement (Second) of Torts § 324A (recovery against those who undertake services which should be recognized as necessary to protect others). *Bujol v. Entergy Servs., Inc.,* 922 So. 2d 1113, 1128 (La. 5/25/04).[29] A prerequisite to establishing liability under § 324A is proof of an undertaking of a duty to render services. *See Alford,* 13 F. Supp. 3d at 602-03 (finding the plaintiffs could not maintain an action under Restatement (Second) of Torts § 324A because the plaintiffs failed to allege that the defendants "under[took] . . . to render services" to them); *Tureau,* 2015 U.S. Dist. LEXIS 100942 at *17 (dismissing plaintiff's § 324A claims for his failure to allege defendant undertook to provide services for another, *inter alia).* Like *Alford and Tureau,* Golden Ranch failed to allege that ExxonMobil undertook to provide services for another. Accordingly, Golden Ranch's claims under Restatement (Second) of Torts § 324A should be dismissed.

**C. Adoption of Other Exceptions**

ExxonMobil adopts, under Louisiana Code of Civil Procedure article 853, any and all exceptions pled by any and all defendants herein, to the extent those exceptions apply to ExxonMobil. Additionally, ExxonMobil reserves the right to urge any additional exceptions based upon facts uncovered during the course of discovery.

## CONCLUSION

The foregoing exceptions should be sustained and Golden Ranch's Petition for Damages against ExxonMobil should be dismissed with prejudice, at Golden Ranch's cost. Alternatively, this case should be severed into three separate lawsuits, and Golden Ranch should be ordered to file amended Petitions for each lawsuit. At a minimum, Golden Ranch should be required to

[29] Section 324A provides:

> [o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect [perform] his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.



NON-CERTIFIED COPY

amend its Petition to provide the information necessary for ExxonMobil to adequately respond to and defend against the claims. ExxonMobil also seeks all other legal and equitable relief to which it is entitled.

Respectfully submitted,

Jamie D. Rhymes (La. Bar No. 24621)
Hunter A. Chauvin (La. Bar No. 33771)
Edward M. Duhe Jr. (La. Bar. No. 35761)
Liskow & Lewis
822 Harding Street
Lafayette, Louisiana 70503
P. O. Box 52008
Lafayette, Louisiana 70505-2008
Telephone: (337) 232-7424
Fax: (337) 267-2399

James E. Lapeze (La. Bar No. 28377)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Tel: (504) 581-7979
Fax: (504) 556-4108

**Attorneys for Exxon Mobil Corporation**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail and by placing same in the United States mail, properly addressed and postage prepaid this 31st day of July, 2017.

Hunter A. Chauvin

4634075_1

FILED
JUL 31 2017
CLERK OF COURT



NON-CERTIFIED COPY

**SEVENTEENTH JUDICIAL DISTRICT COURT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**GOLDEN RANCH FARMS, LLC** — **DOCKET NO. 132505**

**V.**

**BP AMERICA PRODUCTION COMPANY, ET AL.** — **DIVISION "B"**

**RULE TO SHOW CAUSE**

Considering the Exceptions filed on behalf of defendant, Devon Energy Production Company, L.P.;

**IT IS HEREBY ORDERED** that Plaintiff show cause on the ____ day of __________ 2017, at _______ o'clock ____.m. why Devon Energy Production Company, L.P.'s Exceptions should not be granted.

**SIGNED** this ______ day of ____________, 2017 in ____________, Louisiana.

______________________________
Judge, Seventeenth Judicial District Court

**Please Serve:** Plaintiff, through its counsel of record:

C. Berwick Duval, II
Stanwood R. Duval
Kathryn W. Richard
**DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS**
101 Wilson Avenue
Houma, Louisiana
Telephone: (985) 876-6410

FILED
JUL 31 2017
Rita A. Benard
Dty
CLERK OF COURT



NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**RULE TO SHOW CAUSE**

CONSIDERING the foregoing Exceptions filed by Defendant Exxon Mobil Corporation in response to the Petition for Damages and First Supplemental and Amending Petition for Damages of Golden Ranch, and for all of the reasons stated therein,

IT IS HEREBY ORDERED that Golden Ranch show cause before this Court on the _______ day of ____________, 2017 at ___________, why an order should not be issued herein granting the Exceptions filed on behalf of Defendant Exxon Mobil Corporation.

______________________, Louisiana, this ______ day of __________________, 2017.

______________________________
DISTRICT JUDGE
17TH JUDICIAL DISTRICT COURT

**Sheriff Please Serve:**

Golden Ranch Through Its Counsel of Record:

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher D. Martin
**TALBOT, CARMOUCHE & MARCELLO**
17405 Perkins Road
Baton Rouge, LA 70810
Tel: (225) 400-9991
Fax: (225) 448-2568

FILED
JUL 31 2017
CLERK OF COURT

NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE
STATE OF LOUISIANA

DOCKET NO. 132505 DIV. "B"

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, ET AL.

FILED: ______________________________ ______________________________
DEPUTY CLERK OF COURT

**RULE TO SHOW CAUSE**

Considering the Exceptions to the Original and First Supplemental and Amending Petitions for Damages filed on behalf of **Hess Corporation**:

IT IS HEREBY ORDERED that Plaintiff show cause on the _______ day of _____________ 2017, at_________o'clock ___.m., why the Exceptions of **Hess Corporation**, should not be granted.

_______________, Louisiana, this _____ day of ______________, 2017.

______________________________
DISTRICT JUDGE

**PLEASE SERVE:**

Plaintiff, through its counsel of record:
Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher D. Martin
Talbot, Carmouche & Marcello
17405 Perkins Road
Baton Rouge, Louisiana 70810

FILED
JUL 31 2017
CLERK OF COURT

NON-CERTIFIED COPY

**17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

---

**EXCEPTIONS TO PETITION FOR DAMAGES ON BEHALF OF BP AMERICA PRODUCTION COMPANY**

NOW INTO COURT, through undersigned counsel, comes **BP America Production Company** ("BP"), who submits the following exceptions to Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages (collectively referred to herein as "Petition") and respectfully requests that this Court grant its exceptions for the reasons stated herein and in the accompanying Memorandum in Support.[1]

**I. DILATORY EXCEPTION OF VAGUENESS AND NON-COMPLIANCE WITH THE PLEADING REQUIREMENTS OF THE CODE OF CIVIL PROCEDURE.**

For the reasons more fully set forth in the Memorandum in Support filed herewith, the Plaintiff's Petition fails to comply with the pleading requirements of the Louisiana Code of Civil Procedure, and is impermissibly vague. BP therefore pleads the dilatory exceptions of Nonconformity of the Petition with the requirements of Article 891 of the Louisiana Code of Civil Procedure and Vagueness or ambiguity of the Petition, pursuant to Articles 926(4) and 926(5) of the Louisiana Code of Civil Procedure.

**II. DILATORY EXCEPTION OF IMPROPER CUMULATION**

For the reasons more fully set forth in the Memorandum in Support filed herewith, BP pleads the Dilatory Exception of Improper Cumulation.

**III. LOCAL RULE 9.8 STATEMENT**

In accordance with Local Rule 9.8, BP represents that this matter has not been set for trial. BP reserves its right to introduce live testimony at the hearing of any evidentiary exception including but not limited to the introduction of witness testimony to authenticate any and all maps,

---

NON-CERTIFIED COPY

plats or other public records and will timely notify the Court and all parties if it intends to introduce live testimony.

WHEREFORE, BP prays that its exceptions be deemed good and sufficient, and that after due proceedings had, there be:

1. Judgment rendered herein sustaining the Exceptions of BP and dismissing Plaintiff's claims; or

2. Judgment ordering Plaintiff to amend the Petition to allow meaningful responsive pleading; or

3. Judgment that affords the parties an adequate period of time within which to develop and/or execute a reasonable discovery plan before requiring further pleading, argument, or hearing on those dilatory, declinatory, and/or peremptory exceptions that may be appropriate upon full understanding of the material facts of the case; or

4. In the alternative, Judgment requiring Plaintiff to cure the defects in the Petition which may be cured by amendment, to be done within a reasonable time, subject to dismissal for failure to do so, in accordance with the Louisiana Code of Civil Procedure; or,

5. Judgment awarding BP all appropriate relief in law and equity.

Respectfully Submitted,

BY:____________________________

George Arceneaux III (Bar # 17442)
Penny L. Malbrew (Bar #31247)
Brittan J. Bush (Bar # 34472)
LISKOW & LEWIS
822 Harding Street
P. O. Box 52008
Lafayette, LA 70505
Telephone (337) 232-7424
Facsimile (337) 267-2399

*Attorneys for BP America Production Company*



NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by fax and/or by placing same in the United States mail, properly addressed and postage prepaid.

Lafayette, Louisiana this 31st day of July, 2017.

FILED
AUG - 1 2017
CLERK OF COURT



NON-CERTIFIED COPY

**17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

---

**RULE TO SHOW CAUSE**

Considering the foregoing Dilatory Exception of Vagueness, Dilatory Exception of Nonconformity with the Pleading Requirements of Code of Civil Procedure article 891, and Dilatory Exception of Improper Cumulation filed on behalf of Defendant, BP America Production Company,

IT IS HEREBY ORDERED that Plaintiff show cause on the _____ day of ____________, 2017, at _____ o'clock a.m., why the Dilatory Exception of Vagueness, Dilatory Exception of Nonconformity with the Pleading Requirements of Code of Civil Procedure article 891, and Dilatory Exception of Improper Cumulation filed on behalf of Defendant, BP America Production Company, should not be granted.

____________________________, Louisiana, this _____ day of ______________, 2017.

______________________________
DISTRICT JUDGE

FILED

AUG - 1 2017

Rita A. Benoit
Dy CLERK OF COURT

NON-CERTIFIED COPY

LISKOW&LEWIS
A Professional Law Corporation

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

1001 Fannin Street
Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

www.Liskow.com

July 31, 2017

Brittan J. Bush
Direct: (337) 267-2357
bjbush@liskow.com

***Via Facsimile & U. S. Mail***

Honorable Annette M. Fontana
Clerk of Court
17th Judicial District Court Courthouse
PO Box 818
Thibodaux, LA 70302

Re: *Golden Ranch Farms, LLC v. BP America Production Co., et al.*
17th JDC, Lafourche Parish, LA
Docket Number 132505, Div. "B"

Dear Ms. Fontana:

Attached for fax filing please find Exceptions to Petition for Damages, Memorandum in Support and a Rule to Show Cause on behalf of BP America Production Company in the referenced matter. The originals and one copy of each will follow via U.S. Mail. Upon receipt, please present the original to the judge for signature, and return the copy file-stamped to this office in the enclosed self-addressed envelope. Also enclosed will be this firm's check to cover filing costs. Thank you for your cooperation in this matter.

Your usual courtesies and assistance are sincerely appreciated.

Very truly yours,

Brittan J. Bush

BJB/kn
encl.
cc: *(All via E-Mail and U. S. Mail)*
Donald T. Carmouche, Esq./Victor L. Marcello, Esq./John H. Carmouche, Esq./William R. Coenen III, Esq./Brian T. Carmouche, Esq./Todd J. Wimberley, Esq./Ross J. Donnes, Esq./D. Adele Owen, Esq./Leah C. Poole, Esq./Caroline H. Martin, Esq./Christopher D. Martin, Esq.
C. Berwick Duval, II, Esq./Stanwood R. Duval, Esq./Kathryn W. Richard, Esq.

4647171_1.docx

FILED
AUG -1 2017
CLERK OF COURT

08-01-17P02:17 RCVD

NON-CERTIFIED COPY

**17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

---

**MEMORANDUM IN SUPPORT OF EXCEPTIONS TO PETITION FOR DAMAGES ON BEHALF OF BP AMERICA PRODUCTION COMPANY**

NOW INTO COURT, through undersigned counsel, comes **BP America Production Company** ("BP"), who submits this memorandum in support of its exceptions to Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages (collectively referred to herein as "Petition") and respectfully requests that this Court grant its exceptions for the reasons stated herein.

**ARGUMENT**

**I. VAGUENESS AND NONCONFORMITY OF THE PETITION TO CODE OF CIVIL PROCEDURE ARTICLE 891**

The Plaintiff's Petition is an exercise in form pleading and contains global allegations that do little, if anything at all, to provide BP with the facts that are essential to formulate even a rudimentary defense. The Louisiana Code of Civil Procedure requires, at the very least, that Plaintiff provide information sufficient for BP to formulate its defense. Here, the Plaintiff's Petition fails to do this, and this Court should grant BP's exception of vagueness and nonconformity of the Petition to Louisiana Code of Civil Procedure Article 891.

NON-CERTIFIED COPY

### *A. Standards Governing the Dilatory Exception of Vagueness*

The Louisiana Code of Civil Procedure's pleading system is one "based upon the narration of factual allegations."[2] "Article 891 of the Louisiana Code of Civil Procedure requires that a petition 'contain a short, clear, and concise statement of all causes of action arising out of, and the material facts of, the transaction or occurrence that is the subject matter of the litigation.'"[3] The purpose of the dilatory exception of vagueness "is to place a defendant on notice of the nature of the facts sought to be established and, thus, enable him or her to identify the causes of action and prevent its future re-litigation after a judgment is obtained."[4] Ultimately, a petition must "fairly inform[] the defendant of the nature of the cause of action and include[] *sufficient substantial particulars to enable the defendants to prepare their* defense … ."[5]

### *B. The Plaintiff's Petition is Impermissibly Vague*

The Petition alleges that the Defendants owe some obligation with respect to operations conducted in three (3) distinct oil and gas fields and affecting 45,000 acres in eight (8) different sections in Lafourche Parish, Louisiana that the Plaintiff allegedly owns and/or uses."[6] In addition, the Petition contains broad and open-ended allegations that the property has been contaminated as a result of "oil and gas exploration, production, transportation and/or waste disposal activities" including "the operation or construction of various oil and gas facilities, including but not limited to, pits, wells, sumps, pipelines, flowlines, tank batteries, wellheads, measuring facilities, separators, and injection facilities."[7] In addition, Plaintiff has included broad allegations regarding nuisance under Louisiana Civil Code Article 667 resulting from the Defendants' alleged oil and gas exploration and production activities.[8] The Petition universally asserts these claims against eighteen (18) different Defendants alleged to have caused the contamination or that are "otherwise legally responsible for [the] contamination" despite the fact that no defendant conducted operations in all three of the oil and gas fields at issue.[9] Paragraph 6 of the Petition attempts to identify the source of the Defendants' liability through a sweeping, catch-all allegation that the

---

[2] Udomeh v. Joseph, 11-2839, p. 13 (La. 10/26/12), 103 So. 3d 343, 348.
[3] Snoddy v. City of Marksville, 97-327, pp. 7-8 (La. App. 3 Cir. 10/8/97), 702 So. 2d 890, 893 (citing LA. CODE CIV. PROC. art. 891 (2014).
[4] *Id.*
[5] *Id.* (emphasis added).
[6] Petition, ¶ 2.
[7] *Id.* at ¶ 5.
[8] *See id.* at ¶ 19.
[9] *Id.* at ¶ 5.



NON-CERTIFIED COPY

defendants have "conducted, directed, controlled or participated in various oil and gas exploration and production activities on the Plaintiff's Property as operators, and/or working interest owners, and/or mineral or surface lessees, and/or mineral or surface lease assignees, and/or mineral sublessees, and/or servitude, executive interest or other mineral interest owners, and/or personal or predial servitude owners, and/or participants in joint operating agreements or unit operating agreements."[10] Finally, the Petition goes on to make numerous allegations of culpable conduct but does not identify with any particularity the time, place, and most importantly, the perpetrator(s) of the conduct.[11]

As previously noted, a petition must include "sufficient substantial particulars to enable the defendants to prepare their defense" and the material facts of the transaction or occurrence that is subject matter of the litigation.[12] The Petition clearly does not contain sufficient substantial particulars or the necessary material facts, specifically regarding BP's alleged activities on and contractual relationships to the Plaintiff's property. The following obvious particulars are omitted from the Petition:

- Any identification of the particular areas of the property that are allegedly contaminated, the time when such areas were contaminated, who is the alleged contamination attributable to, or the specific activity/activities that caused the alleged contamination. While BP does not suggest that the Plaintiff is obligated to present "ready-for-trial" information, the Petition should at least identify, with some degree of focus, the specific areas of contamination, when they were contaminated, and BP's activities that give rise to Plaintiff's claims against BP.

- A definite identification of particular leases or other agreements underlying the Plaintiff's contractual claims against BP. Plaintiff, despite asserting contractual causes of action against BP, has not cited a specific provision or even a specific agreement that BP has allegedly breached. Furthermore, Plaintiff has not provided any particular facts that it alleges support a claim for breach against BP.

The omissions above clearly show that the Plaintiff's Petition is nothing more than a collection of overly broad allegations with respect to all defendants, for all time periods, on all of the oil and gas fields at issue. This is a far cry from providing "sufficient substantial particulars" or the material facts of the transaction or occurrence that is the subject matter of this suit. As such, the Petition lacks the necessary information for BP to determine not only what it is they have allegedly done or failed to do but also where and when such actions or inactions occurred.

---

[10] *Id.* at ¶ 6.
[11] *See id.* at ¶¶ 12-15, 17-21, 26-31.
[12] *See Snoddy*, 702 So. 2d at 893.


NON-CERTIFIED COPY

When material facts are adequately pled in a petition, a defendant is correspondingly able to plead its defense more precisely, helping to narrow legal and factual issues and move the case forward efficiently. By failing to explain with particularity what each individual defendant supposedly did wrong and when and where such wrongdoing occurred, the Petition makes it virtually impossible for defendants to respond. This problem is further compounded by the other glaring omissions in the Petition. BP submits it is impossible to formulate even basic exceptions or responses based on such pleadings. Thus, this Court's order on these exceptions should, at a minimum, require amendment of the pleadings or other provision of information that will allow BP to identify their defenses and submit any additional pleadings that would be in order, once the "material facts" are disclosed per the Code of Civil Procedure.

***C. Nonconformity with the Requirements of Code of Civil Procedure Article 891***

Because the Plaintiff's Petition fails to sufficiently demonstrate the factual connection between BP or its alleged predecessors and the property at issue, the Petition fails to comply with the requirements of Louisiana Code of Civil Procedure Article 891, and this Court should order the Plaintiff to amend its Petition accordingly.

## II. DILATORY EXCEPTION OF IMPROPER CUMULATION

Louisiana Code of Civil Procedure Article 463 governs the cumulation of actions and provides:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

When determining whether the requisite community of interest exists, the Louisiana Third Circuit Court of Appeal has stated:

> The test for determining whether the parties have community of interest is whether the cumulated causes of action arise out of the same facts or whether they present the same factual or legal issues. Essentially, community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together.[13]

[13] *See, Dietz*, 2013 La. App. LEXIS 2533 at p. 14 (quoting Albarado v. Union Pac. R.R. Co., 002540, pp. 10-11 (La. App. 4 Cir. 4/25/01, 787 So. 2d 431, 438, *rev'd on other grounds*, 01-1537 (La. 9/14/01), 796 So. 2d 666).



NON-CERTIFIED COPY

Plaintiffs have failed to meet the requirements of Article 463 and the test for those requirements.

Plaintiff's First Supplemental and Amending Petition vastly enlarged the scope of the instant suit and added areas with distinct factual issues. While Plaintiff's Original Petition only involved the Larose Field, a field for which Plaintiff's operator histories do not identify BP or any of its alleged predecessors as an operator, Plaintiff's most recent petition adds additional acreage and allegations within the Bayou Des Allemands and Valentine Fields.[14] Notably, Plaintiff's operator histories only contain allegations against BP related to the Bayou Des Allemands Field.[15] As a result, Plaintiff seeks to litigate claims against BP related to a single field alongside its claims against other defendants who: (1) also operated in other fields outside of Bayou Des Allemands or (2) did not operate in Bayou Des Allemands Field at all.

In *Broussard v. Hilcorp Energy Co.*, the plaintiffs filed a legacy lawsuit against nine oil and gas operators for alleged damage to five tracts of land.[16] The tracts were located in three adjacent sections in the same Township, and they were located in the same oil and gas field.[17] Several defendants filed the exception of improper cumulation of actions.[18] The trial court granted the exception on two occasions, and the plaintiffs appealed.[19] The Third Circuit upheld the exception of improper cumulation and found that there was not "enough factual overlap present between all the actions to make it commonsensical to litigate them together."[20] In its reasoning, the Third Circuit relied on the following facts:

> The properties allegedly affected by the contamination are five non-contiguous tracts located in 3 separate sections, different parties and combinations of parties are alleged to have contributed to the contamination on each, and the times at which contamination allegedly occurred differs for each property. The proof of damages for each will necessarily be different as well as the amount of damages, if any, and the people and/or entities found liable, if any.[21]

The facts supporting improper cumulation in *Broussard* are analogous to this case. In both cases there are "different parties and combinations of parties" in the different areas. Thus, follows that the "proof of damages for each [area] will necessarily be different as well as the amount of

---

[14] *See* Plaintiff's Original Petition, Exhibit B (outlining operator history for the Larose Field). *See also* Plaintiff's First Supplemental and Amending Petition for Damages, Exhibit C (outlining operator histories for the Bayou Des Allemands, Larose, and Valentine Fields).
[15] *See id.*
[16] 2008-233, p. 1 (La. App. 3 Cir. 12/10/08), 998 So. 2d 946, 948.
[17] *Id.*
[18] *Id.* at 949.
[19] *Id.* at 951.
[20] *Id.* at 953.
[21] *Id.*



NON-CERTIFIED COPY

damages, if any, and the people and/or entities found liable, if any." Similar to the areas at issue in *Broussard* being located in different sections, the areas at issue in this case are in different sections. Even more compelling, as compared to the tracts in *Broussard*, the areas at issue in this case are in entirely different Townships, are much further away from each other, and are located in three different fields as opposed to the one field in *Broussard*.[22] Thus, pursuant to the holding in *Broussard*, this case should be separated into three separate cases.

While Plaintiff will likely argue that Broussard is inapplicable because its Petition involves a single contiguous parcel of land, this common legal issue does not trump the numerous distinct factual issues that support decumulation. After all, the Comments to Article 463 state that "cumulated actions must arise out of the same facts or present the same factual and legal issues."[23] Thus, distinct facts alone may defeat cumulation. Plaintiff's Petition involves areas with three different fields that each have distinct: (1) operators; (2) mineral leases; (3) geologies; (4) and geographic features; and (5) operational histories. As a result, if Plaintiff is successful, each field will likely require different remediation plans that account for each field's unique attributes. Quite simply, the only common aspect for each field referenced in Plaintiff's Petition is Plaintiff itself. Therefore, given the numerous distinctions between each field at issue in this suit, it is nonsensical to litigate the fields as one, and this Court should decumulate the instant suit.

**CONCLUSION**

For the reasons stated herein, BP prays that its exceptions be granted.

Respectfully Submitted,

BY: ______________________

George Arceneaux III (Bar # 17442)
Penny L. Malbrew (Bar #31247)
Brittan J. Bush (Bar # 34472)
LISKOW & LEWIS
822 Harding Street
P. O. Box 52008
Lafayette, LA 70505
Telephone (337) 232-7424
Facsimile (337) 267-2399

***Attorneys for BP America Production Company***

[22] Based on the property descriptions, the furthest away any tract is from another tract in *Broussard* is half a mile. The areas at issue in this case are multiple miles away from one another.
[23] Comment C, LA. CODE CIV. PROC. art. 463.



NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by fax and/or by placing same in the United States mail, properly addressed and postage prepaid.

Lafayette, Louisiana this 31st day of July, 2017.

[signature]

FILED

AUG - 1 2017

[signature]

CLERK OF COURT



NON-CERTIFIED COPY

# Transmission Log

LafourcheClerk Tuesday, 2017-08-01 15:43 9854475800

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2017-08-01 | 15:42 | SCAN | 20584 | 0:25 | 14400 | 337 267 2399 | 1 | OK -- V.17 AM31 |

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: LISKOW & LEWIS (LAFAYETTE), ATTN: MARCIE G. HENRY**

**337-267-2399**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on JULY 31, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**EXCEPTIONS FILED ON BEHALF OF EXXON MOBIL VORPORATION, RULE AND MEMORANDUM**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**RITA A. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $550.00**

FILED
AUG - 1 2017
Rita A. Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

# Transmission Log

LafourcheClerk Tuesday, 2017-08-01 12:00 9854475800

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2017-08-01 | 11:59 | SCAN | 20555 | 0:30 | 9600 | A770..H323.FAX | 1 | OK -- V.29 AR30 |


ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800


**TO: LISKOW & LEWIS (NEW ORLEANS) ATTN: ANGEL ROE**

**504-556-4108**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on JULY 31, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**EXCEPTIONS ON BEHALF OF HESS CORPORATION, RULE, MEMORANDUM AND EXHIBITS**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**RITA A. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $550.00**

**FILED**

AUG - 1 2017

Rita A. Bernard (signature)
Dy CLERK OF COURT

NON-CERTIFIED COPY

# Transmission Log

LafourcheClerk Tuesday, 2017-08-01 15:46 9854475800

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2017-08-01 | 15:45 | SCAN | 20583 | 2:02 | 14400 | 337 267 2399 | 1 | OK -- V.17 AM31 |

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: LISKOW & LEWIS (LAFAYETTE) ATTN: BRITTAN BUSH**

**337-267-2399**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on AUGUST 1, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**EXCEPTIONS TO PETITION FOR DAMAGES, MEMORANDUM AND RULE**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**RITA A. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $350.00**

**FILED**

AUG - 1 2017

CLERK OF COURT

NON-CERTIFIED COPY

7015 0640 0001 7928 1562

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $

132505
Postmark Here
8-2-17

Sent To George Pivach, II
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 — See Reverse for Instructions

7015 0640 0001 7928 1555

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $

8-2-17
Postmark Here
132505

Sent To Ross J. Donnes
Street and Apt. No., or PO Box No. Talbot
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 — See Reverse for Instructions

7015 0640 0001 7928 1548

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $

8-2-17
Postmark Here
132505

Sent To Nicole M. Babb
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015

7015 0640 0001 7928 1531

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $

8-2-17
Postmark Here
132505

Sent To D. Russel Holwadel
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

See Reverse for Instructions

FILED

AUG - 2 2017

[signature]
CLERK OF COURT
Dty

7015 0640 0001 7928 1524

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $

8-2-17
Postmark Here
132505

Sent To Valeri V. Guidry
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 — See Reverse for Instructions

NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1486497**

# CITATION ON RULE

| | |
|---|---|
| **GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **BP AMERICA PRODUCTION COMPANY, ET AL** | **STATE OF LOUISIANA** |
| **DOCKET NUMBER: C-132505** | |

TO: GOLDEN RANCH FARMS, LLC
THROUGH ITS ATTORNEY OF RECORD:
ROSS J. DONNES
TALBOT, CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE PRAYER OF THE PETITION/MOTION AND ORDER THEREON, a true and faithful copy whereof accompanies this citation, and to show cause on **SEPTEMBER 21, 2017**, at **9:00 A.M.**, why the Dilatory Exceptions to Plaintiffs' Petition for Damages filed on behalf of Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C. should not be granted, and further show cause why its Petition and First Supplemental and Amending Petition should not be dismissed, with prejudice, at plaintiff's costs.

WITNESS the Honorable STEVEN M. MILLER, Judge of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, August 1, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
Rita A. Bernard
**Deputy Clerk of Court**

REQUESTED BY:
PIVACH PIVICH HUFFT

**FILED**
AUG - 2 2017
Rita A. Bernard
CLERK OF COURT
Dty

NON-CERTIFIED COPY

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: LISKOW & LEWIS (LAFAYETTE), ATTN: MARCIE G. HENRY**

**337-267-2399**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on JULY 31, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**EXCEPTIONS FILED ON BEHALF OF EXXON MOBIL VORPORATION, RULE AND MEMORANDUM**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**RITA A. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $550.00**

FILED
AUG - 2 2017
CLERK OF COURT

NON-CERTIFIED COPY

IN THE SIXTH JUDICIAL DISTRICT COURT IN AND FOR THE

PARISH OF TENSAS - STATE OF LOUISIANA

DOCKET NO. 22,506

* * * * * * * * *

LARRY WAGONER, ET AL

VERSUS

CHEVRON U.S.A., INC., ET AL

Filed: September 10, 2009

Leslie Edwards
Clerk of Court

* * * * * * * * *

JUDGMENT ON EXCEPTIONS

This matter came for hearing on all exceptions on June 24, 2009. For reasons assigned in Open Court or in the Reasons for Judgment signed of even date with this judgment the following rulings are issued. In view of the adoption of all exceptions by fellow defendants and unless otherwise noted each of the following rulings will apply to all defendants.

PEREMPTORY EXCEPTION OF NO RIGHT OF ACTION

IT IS ORDERED that the exception is sustained as to Chevron U.S.A., Inc., Merit Energy Company, LLC, Merit Management Partners I, L.P., Merit Energy Partners, III, L.P., Merit Energy Partners D-III, L.P. and Devon Energy Production Company, L.P. and plaintiffs' claims as to these defendants are dismissed with prejudice.

IT IS FURTHER ORDERED that the exception is overruled as to Denbury Onshore, LLC, Smith Operating & management Co., LSJ Exploration, LLC, Diamond South Operating, LLC and Oil and Ale LSI, LLC.

DECLINATORY EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION, DILATORY EXCEPTION OF PREMATURITY AND/OR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND DILATORY EXCEPTION OF IMPROPER CUMULATION OF ACTIONS

IT IS ORDERED that these exceptions are overruled and each of these exceptions is dismissed.

DILATORY EXCEPTION OF VAGUENESS AND AMBIGUITY AND DILATORY EXCEPTION OF NONCONFORMITY OF THE PETITION

IT IS ORDERED that the exceptions are sustained and within thirty (30) days of notice of judgment plaintiffs shall amend their petition setting forth with all possible specificity which wells

NON-CERTIFIED COPY

or other operations caused damages, what damage was caused by each well or other operation, what portion of the subject property was allegedly damaged by each well or other operation or activity causing damage, when did the damage occur, and which defendant caused or is responsible for each incident of damage.

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR STRICT LIABILITY FOR NUISANCE, PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR STRICT LIABILITY FOR GARDE OR CUSTODY, PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR ABNORMALLY DANGEROUS AND/OR ULTRAHAZARDOUS ACTIVITY, PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR BREACH OF CONTRACT OR WARRANTY, PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR PUNITIVE AND/OR EXEMPLARY DAMAGES, PEREMPTORY EXCEPTION BY DENBURY, ET AL OF NO CAUSE OF ACTION FOR UNJUST ENRICHMENT, PEREMPTORY EXCEPTION BY DENBURY, ET AL OF NO CAUSE OF ACTION FOR CIVIL FRUITS**

IT IS ORDERED that each of the entitled exceptions in the previous paragraph is sustained and such causes of action are dismissed with prejudice as to all defendants.

JUDGMENT RENDERED AND SIGNED in Chambers in St. Joseph, Louisiana this 8th day of September, 2009.

JOHN D. CRIGLER
JUDGE, DIVISION B

Mr. Clerk, please provide a true copy to all counsel of record.

NON-CERTIFIED COPY

IN THE SIXTH JUDICIAL DISTRICT COURT IN AND FOR THE

PARISH OF TENSAS • STATE OF LOUISIANA

DOCKET NO. 22,506

* * * * * * * * *

LARRY WAGONER, ET AL

VERSUS

CHEVRON U.S.A., INC., ET AL

Filed: September 10, 2007

Leslie Edwards
Clerk of Court

* * * * * * * * *

**REASONS FOR JUDGMENT**

These reasons for judgment cover all contested exceptions that came for hearing at 1:00 o'clock p.m. on June 24, 2009. These exceptions were filed in response to a petition for damages filed August 29, 2008 by Larry Wagoner, et al. The Wagoners purchased a tract containing 193.27 acres situated in the Lake St. John Oil Field in southern Tensas Parish from James C. and Jane H. Funderburg in September, 2004. The Wagoners allege that their property has been contaminated or otherwise damaged by defendants' oil and gas exploration and production activities.

**EXCEPTION OF NO RIGHT OF ACTION**

Chevron USA Inc., one of the defendants, and a former operator of the Lake St. John Field, filed an exception contending that plaintiffs who purchased the 193.27 acre tract in 2004, have no right of action against Chevron because plaintiffs never acquired any right to the minerals in the property and were never parties to any of the mineral leases affecting the tract. Chevron points out that members of the Pasternack family reserved all mineral rights in a 1999 sale of the subject property to the Funderburgs and Stecklers. Further, when plaintiffs purchased the property in 2004 the Act of Cash Sale from the Funderburgs did not specifically assign the right to assert a claim for any damages that may have occurred before the sale. Lastly, Chevron asserts that its operations in the Lake St. John Field ceased when it transferred all of its rights and interest therein to Pennzoil effective July 1, 1992.

Chevron cites Lalonne Brothers, Inc. v. Goodrich Petroleum Co., L.L.C., 981 So. 2d 23, 2006-1557 (La. App. 3 Cir. 11/28/07) in which a property owner sued in tort and contract the operator of a well under a lease with the property owner's predecessor in title. Goodrich, the well operator, moved for summary judgment as to the contract claims and filed an exception of no right

NON-CERTIFIED COPY

of action as to the tort claims. The West case synopsis summarizes the holdings as follows:

(1) property owner was not an assignee of or third party beneficiary to the mineral lease as required to maintain a contractual action against well operator;
(2) property owner could not recover in tort for property damage that was inflicted prior to the purchase of the property;
(3) well operator was not liable to property owner under the Mineral Code; and
(4) the continuing tort doctrine did not allow property owner to maintain tort claims beyond the expiration of the mineral lease.

Because LeJeune, if found to be controlling, may be dispositive of most right of action issues in this case, a rather thorough analysis is necessary.

(1) & (2) <u>Are the plaintiffs assignees of or third party beneficiaries to the mineral lease? May plaintiffs recover in tort for property damages done prior to their purchase of the property in 2004?</u>

The subject property is part of the Lake St. John Field. The oil leases covering the property date from the 1940s. The parties agree that leases remain in effect due to production. Although apparently not relevant to the issues before the court, it is not clear whether any of that production is occurring on the tract owned by plaintiffs.

A review of the deed to plaintiffs reveals no express assignment of a right to sue mineral lessees or operators of wells for damage allegedly done prior to the 2004 sale. This court agrees with Chevron's argument that the right to assert a claim for damages is a personal right and is not transferred to a new owner merely by the transfer of title to the land as a real right would be, see La. C.C. art. 1764, Prados v. South Central Bell Tel. Co., 329 So. 2d 744 (La. 1975) and LeJeune Brothers at p. 29-30.

Plaintiffs contend that the language in Magnolia Coal Terminal v. Phillips Oil Co., 576 So. 2d 475 (La. 1991), that "Magnolia's right to recover damages is a property right arising out of the original lease and attached to the property," requires a different conclusion. In Magnolia the seller reserved all mineral rights in the act of sale to Magnolia thus Magnolia was a surface owner only. Further, plaintiffs argue that the LeJeune case ignores or fails to explain Magnolia. The court in Magnolia was faced with a jurisdictional issue and in affirming the principle that monetary damages are within the exclusive original jurisdiction of Louisiana courts found that plaintiff's action for property damages was a matter of private law. In the very next sentence the court cited Andrepont v. Acadia Drilling Co., 231 So. 2d 347 (La. 1969) stating, "Magnolia's right to recover damages is a property right arising out of the original lease and attached to the property." In



NON-CERTIFIED COPY

Andrepont the court found that a stipulation pour autrui existed in a mineral lease which granted a direct right of action to a tenant farmer with a verbal lease against the mineral lessee.

On original hearing the court in Andrepont held that where the ownership of crops separate from the ownership of land arises pursuant to a lease, the law of registry requires the lease to be recorded in order for the lessee to assert his ownership of the crops and hence his right to damages to the crops. On rehearing, the court reversed and found the law of registry inapplicable under the facts and affirmed the trial court's award of damages to the farmer. Although it is unclear to the court exactly why Andrepont was cited to support the quoted language it is clear that in both Magnolia and Andrepont the court found that the right of action was dependent upon the existence of a stipulation pour autrui in the mineral lease. This court has not been directed to any language in any mineral lease affecting the subject tract that constitutes a stipulation pour autrui in favor of plaintiffs. Under these facts there does not appear to be any stipulation or provision that meets the criteria for the existence of stipulation pour autrui set forth in Andrepont, Lalaune, Hazelwood Farms, infra, and others.

Plaintiffs also argue that Chevron's dependence on Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp., 01-0345 (La. App. 3 Cir. 6/20/01), 790 So. 2d 93 is misplaced. Chevron cites Hazelwood in arguing "Louisiana jurisprudence is clear that a surface owner (a landowner who does not own the minerals) is not a party to a mineral lease covering the property and cannot assert a claim under the mineral lease." (p. 1 of Chevron's reply brief). Plaintiffs contend that in finding the existence of a stipulation pour autrui the Hazelwood court did not find it necessary to address all of the theories of recovery advanced by the plaintiffs in this case. However, the court in Lalaune cites its earlier decision in Hazelwood as authority reaffirming the legal principle that the right to damages conferred by a lease is a personal right, not a property right, and does not pass to the new owners of the land without specific conveyance of it. This court finds that this principle remains the law, see Lalaune, Hazelwood, Prados, La. C.C. art. 764, May v. Texaco, Inc., 73 Fed. App. 78 (5th Cir. 2003), Frank C. Minvielle L.L.C. v. IMC Global Operations, Inc., 380 F. Supp. 2d 755 (W.D. La. 2004).

(3) May Chevron be liable to plaintiffs under Louisiana Mineral Code Articles 11 or 122?

The court in Lalaune agreed that a mineral lessee may have tort liability if it unreasonably



NON-CERTIFIED COPY

exercises it rights under the lease, see Art. 11 of the Mineral Code. The court further acknowledges that Articles 22 and 122 set out the restoration duties of the mineral lessee and mineral servitude owner. In LeJeune the mineral lease expired before purchase of the land by plaintiffs and the court stated that consequently there could be no recovery under the mineral code.

Plaintiffs contend that even though Chevron sold its rights under the lease before plaintiffs acquired the property it (Chevron) remains obligated under the lease under Mineral Code Articles 128 and 129.

R.S. 31:11 provides:

> A. The owner of land burdened by a mineral right or rights and the owner of a mineral right must exercise their respective rights with reasonable regard for those of the other. Similarly the owners of separate mineral rights in the same land must exercise their respective rights with reasonable regard for the rights of other owners.
>
> B. (1) A reservation of mineral rights in an instrument transferring ownership of land must include mention of surface rights in the exercise of the mineral rights reserved, if not otherwise expressly provided by the parties.
>
> (2) In the absence of particular provisions in the instrument regulating the extent, location and nature of the rights of the mineral owner to conduct operations on the property, the requirements of this Subsection are satisfied by inclusion of the following language in the reservation of mineral rights: "The transferor (Seller) shall exercise the mineral rights herein reserved with reasonable regard to the rights of the landowner, and shall use only so much of the land, including the surface, as is reasonably necessary to conduct his operations. Such exercise of mineral rights shall be subject to the provisions of Articles 11 and 22 of the Louisiana Mineral Code. The transferee (Buyer) recognizes that by virtue of the mineral reservation herein made, the mineral owner shall have the right to use so much of the land, including the surface, as is reasonably necessary to explore for, mine and produce the minerals."

R.S. 31:128 provides:

> To the extent of the interest acquired, an assignee or sublessee acquires the rights and powers of the lessee and becomes responsible directly to the original lessor for performance of the lessee's obligations.

R.S. 31:129 provides:

> An assignor or sublessor is not relieved of his obligations or liabilities under a mineral lease unless the lessor has discharged him expressly and in writing.

Plaintiffs and Chevron both point out that no cases are cited by their respective opponents which expressly authorize or prohibit a landowner's assertion of claims for pre-acquisition damages under Article 11. Plaintiffs cite Art. 129 which makes it clear that an assignor or



NON-CERTIFIED COPY

sublessor is not relieved of his obligations or liabilities under a mineral lease unless the lessor has discharged him expressly and in writing. However, it appears to undersigned that Art. 11 contemplates a present time mutual or reciprocal relationship rather than one that allows the current surface owner to sue a former mineral rights owner who sold its interest years before the landowner's purchase. Further, in discussing the relationship between the owner of the land and the owner of the mineral right the official comment to art. 11 provides in part, "It (this standard) should permit concurrent uses of land by the owner of mineral rights and the owner of the land and those deriving use rights from him."

R.S. 31:122 provides:

> A mineral lessee is not under a fiduciary obligation to his lessor, but he is bound to perform the contract in good faith and to develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and his lessor. Parties may stipulate what shall constitute reasonably prudent conduct on the part of the lessee.

Chevron argues that Plaintiffs have no right of action under Art. 122 because plaintiffs are not lessors. Further, Chevron argues that claims under Art. 122 (as well as art. 11) are tort claims, see LaJeune, and thus there can be no right of action as a third party beneficiary under the mineral lease. This court agrees. Although the case sub judice is factually similar to Magnolia Coal, supra, in this case there are no "rights arising from the lease" in favor of plaintiffs because they are not parties to it nor do they qualify as third party beneficiaries of the lease. For the foregoing reasons the court finds that Plaintiffs, as surface owners only, do not have a right of action in tort under the provisions of the Mineral Code.

(4) Does the continuing tort doctrine allow Plaintiffs to maintain tort claims for negligence that commenced before they purchased the subject property?

Plaintiffs contend that the pollution caused by operations under the applicable leases continues to migrate and continues to cause successive damages and a continuing deterioration of plaintiffs' property. Plaintiffs further submit that the continuing failure to remediate a pit can constitute a continuing tort. The most analogous fact situation in the cases cited by Plaintiffs involved continuous leaking from an underground storage tank and the continuing threat of damage to telephone lines until the tank was replaced, see South Central Bell Telephone Co. v. Texaco, Inc., 418 So. 2d 531 (La. 1982). The Louisiana Supreme Court found that "[w]here the cause of the injury is a continuous one giving rise to successive damages, prescription dates from



NON-CERTIFIED COPY

cessation of the wrongful conduct causing the damage."

The greater weight of authority supports the argument of Chevron that the continuing tort doctrine does not apply to this case, see Lolmma and the extensive discussion from Minvielle contained therein.. In summary, these cases hold that even though it is alleged that the damages continue to occur where the precipitating cause has ended the continuing tort doctrine is inapplicable, see Mouton v. State of Louisiana, 525 So. 2d 1136 (La. App. 1st Cir. 1988) and Badalamenti v. Chevron Chemical Co., 1995 WL 386868 (E.D. La.). Any negligent behavior by Chevron necessarily occurred prior to 1992 thus the continuing tort doctrine is inapplicable to this case. Also see Kling Realty Company, Inc. v. Chevron USA, Inc., 2009 WL 1976027 (C.A. 5 (La.)) where the court was not persuaded that an alleged failure to clean up oil field contamination was a "continuing physical invasion". The court in Kling Realty found that any such contamination was the continuing effect of prior conduct and thus the continuing tort doctrine did not apply.

(6) Does an independent tort theory provide plaintiffs a right of action?

Plaintiffs contend that regardless of whether they acquired the right to claim damages from their ancestors in title, they have a claim in their own right. Plaintiffs further contend, and correctly so, that tort liability may be based on wrongful conduct in the breach of a lease, citing Broussard v. Northcott Exploration Co., Inc., 481 So. 2d 125 (La. 1986) and Cooper v. Louisiana Dept. of Public Works, 870 So. 2d 315, 2003-1074 (La. App. 3 Cir. 3/3/04). However, without the applicability of the continuing tort doctrine or another applicable theory allowing recovery for torts allegedly committed by Chevron in its operations under the lease before it sold its interest in 1992 or before acquisition by plaintiffs in 2004 there is no right of action in favor of plaintiffs under an independent tort theory.

(6) Is this case a trespass case and, if so, do plaintiffs have a right of action to assert the claim?

It appears that plaintiffs have adequately pled an action in trespass, however, based on the court's finding that the continuing tort doctrine is inapplicable and without any specific assignments of right to assert tort claims against Chevron for pre-acquisition damages plaintiffs do not have a right of action.



NON-CERTIFIED COPY

(7) Does Act 312 of 2006 accord plaintiffs the right of action to sue Chevron?

Plaintiffs contend that Act 312 overrules any pre-Act 312 jurisprudence that denies them the right of action to proceed under any theory of private law. Chevron contends that Art. 312 is a procedural statute and does not create any rights but provides the procedure for the judicial resolution of claims for environmental damage to property arising from oil and gas exploration and production. The court in M.J. Farms, Ltd. v. Exxon Mobil Corp., 07-2371 (La. 7/1/08), 998 So. 2d 16, in determining the constitutionality of Act 312 and whether it should be applied retroactively made a specific finding that the act is procedural and that it does not create or delete a cause of action in favor of landowners, et al. To find that the act creates a right of action when it does not create a cause of action does not seem logical or consistent. This court finds that Art. 312 of 2006 does not create a right of action in favor of the plaintiffs.

DECLINATORY EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION

The court overruled this exception at the hearing date. As common-sensical as it may seem to have an agency with expertise have primary jurisdiction, R.S. 30:29 C(1) clearly contemplates a judicial determination or admission of liability during the proceedings. Further, Corbello v. Iowa Production, 850 So. 2d 686 (La. 2003) restated the principle, "[P]rivate landowners in Louisiana have no duty to seek relief from an administrative agency before filing suit against an oil company," at p. 701. Finally, in M.J. Farms, Ltd. v. Exxon Mobil Corporation, et al, 998 So. 2d 16, 23, 2007-2371 (La. 2008) the court stated, ". . . not only is the claim for environmental damages filed in the district court, the claim is not deferred to DNR until the district court determines environmental damage exists and further determines the legally responsible party." (citing R.S. 30:29(C) (1).

DILATORY EXCEPTION OF PREMATURITY AND/OR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Chevron contends that insofar as plaintiffs seek restoration of the property to the extent that any of the applicable mineral leases are still in force and effect, this obligation to restore is actually a function of the lessee's obligation to return the leased property at the end of the lease, and this obligation does not arise where mineral activity is ongoing, see Dore Energy Corporation v. Carter-Langham, Inc., 901 So. 2d 1238, 2004-1371 (La. App. Cir. 2005).

Plaintiffs respond that Hanks v. Atlantic Richfield, 926 So. 2d 736, 2005-1207 (La. App.



NON-CERTIFIED COPY

3 Cir. 4/5/06) and Dore hold that in oilfield remediation cases where some operations are ongoing 1) Plaintiffs' tort, contract and mineral code claims should not be dismissed on an exception of prematurity, and 2) to the extent plaintiffs claim restoration damages under a mineral lease, such claims are premature to the extent they involve land upon which there are ongoing operations, but even the prematurity of claims involving these ongoing operations must await determination at the trial on the merits.

To the extent plaintiffs may have a right of action to pursue claims against Chevron or others during ongoing lease operations or for restoration of the property it appears that in order to sort out the evidence completely a trial will be required. Therefore, the court will overrule the exception of prematurity.

Chevron claims that plaintiffs have failed to exhaust administrative remedies and are seeking to have the court act in the agency's stead. For the reasons stated above in the exception of lack of subject matter jurisdiction this exception of failure to exhaust administrative remedies is overruled.

## DILATORY EXCEPTION OF VAGUENESS AND AMBIGUITY

This exception was sustained at oral argument on June 24, 2009. A judgment on the exception will be prepared and signed by the court.

The judgment sustaining defendants' exceptions of vagueness and non-conformity of the petition with C.C.P. art. 891 shall require Plaintiffs to:

Amend their petition within thirty (30) days setting forth with all possible specificity which wells or other operations caused damages, what damage was caused by each well or other operation, what portion of the subject property was allegedly damaged by each well or other operation or activity causing damage, when did the damage occur, and which defendant caused or is responsible for each incident of damage.

## DILATORY EXCEPTION OF NONCONFORMITY OF THE PETITION

Insofar as this court finds it necessary to require the amendment of plaintiff's petition to resolve the foregoing exception of vagueness and ambiguity the exception of nonconformity of the petition is also sustained and plaintiffs shall be required to amend the petition as set forth in the court's judgment.



NON-CERTIFIED COPY

**DILATORY EXCEPTION OF IMPROPER CUMULATION OF ACTIONS**

This exception was dismissed by agreement of the parties and shall be formally dismissed in the judgment.

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR STRICT LIABILITY FOR NUISANCE**

Chevron contends that plaintiffs fail to state a cause of action for strict liability for nuisance arguing that CC articles 667, 668 and 669 only apply if there is a dispute between neighbors; therefore, a proprietor-neighbor relationship is essential to a cause of action.

Plaintiffs argue that plaintiffs and Chevron are co-proprietors and owe each other the obligations of vicinage under Art. 667. Plaintiffs acknowledged at oral argument that the 1995 amendment to Article 667 removed strict liability from these articles and contend that these articles provide another basis for holding Chevron liable for negligent behavior.

These articles provide a legal framework for the relationship between neighbors. A former owner of mineral rights under a lease and the current surface owner are not neighbors, see Westriden v. Poydras Properties, 598 So. 2d 586 (La. App. 4 Cir. 1992) which held that lessees and sublessees were not neighbors of the owner within the meaning of C.C. art. 667. For these reasons this exception is sustained.

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR STRICT LIABILITY FOR GARDE OR CUSTODY**

Chevron contends that plaintiffs' suit fails to state a cause of action for strict liability under C.C. art. 2317. C.C. art. 2317.1 was added in 1996. Its knowledge requirement makes a C.C. art. 2317 claim a negligence action; therefore, the exception of no cause of action for strict liability claim under C.C. 2317 arising after 1996 is sustained. Insofar as plaintiffs wish to make a strict liability claim pursuant to C.C. 2317 as interpreted by Loescher v. Parr, 324 So. 2d 441 (La. 1975), i.e. for activity before the 1996 addition, the previous rulings make such a claim untenable in that the statute was amended long before plaintiffs purchased the property.

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR ABNORMALLY DANGEROUS AND/OR ULTRAHAZARDOUS ACTIVITY**

At oral argument the parties stipulated that this exception be sustained and any claims for abnormally dangerous and/or ultrahazardous activity shall be dismissed with prejudice in the judgment on exceptions.



NON-CERTIFIED COPY

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR BREACH OF CONTRACT OR WARRANTY**

Chevron contends that Plaintiffs fail to state a cause of action for breach of contract or warranties as they fail to plead the existence of any specific contract between plaintiffs and Chevron. Plaintiffs respond that to the extent that plaintiffs have a claim against Chevron as a third party beneficiary of the mineral leases, plaintiff have a cause of action for breach of contract.

For the reasons stated above plaintiffs are not third party beneficiaries of any mineral leases affecting the property and the plaintiffs are not parties or assignees of any mineral lease; therefore, the exception will be sustained.

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR PUNITIVE AND/OR EXEMPLARY DAMAGES**

At oral argument the parties stipulated that this exception be sustained and any claims for punitive and/or exemplary claims be dismissed with prejudice.

**PEREMPTORY EXCEPTION BY DENBURY, ET AL. OF NO CAUSE OF ACTION FOR UNJUST ENRICHMENT**

Denbury contends that plaintiffs' claims do not meet the requirement that to maintain an action in unjust enrichment there must be no other remedy at law available, Coastal Envir. Specialists, Inc. v. Chem-Lig Int'l, Inc., 2000-1936 (La. App. 1 Cir. 11/09/01), 818 So. 2d 12, 16. Plaintiffs respond that since they have viable tort, contract and mineral code claims, they admit that they cannot proceed under a theory of unjust enrichment. Although until a final judgment is in place there may be an issue of what claims plaintiffs had a right of action to bring when suit was filed herein, there certainly are other remedies available at law for oilfield tort, restoration, remediation and related claims; therefore, the exception will be sustained and all claims for unjust enrichment shall be dismissed with prejudice in the Judgment on Exceptions.

**PEREMPTORY EXCEPTION BY DENBURY, ET AL. OF NO CAUSE OF ACTION FOR CIVIL FRUITS**

Denbury contends that plaintiffs petition does not state a cause of action for recovery of civil fruits. Louisiana C.C. art. 486 provides in pertinent part:

> A possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses.

Civil fruits are defined in C.C. art. 551 as "revenues derived from a thing by operation of law or by reason of a judicial act, such as rentals, interest and certain corporate distributions".



NON-CERTIFIED COPY

Plaintiffs contend that they are entitled to recover or be reimbursed the savings realized by defendants in disposing of or storing the toxic waste or by-products on the subject property rather than disposing of or storing the waste offsite.

Savings derived from the storage or disposal of waste on the property do not fit the definition of civil fruits provided in C.C. art. 551; therefore, Denbury's no cause of action for civil fruits shall be sustained.

APPLICABILITY OF RULINGS TO OTHER DEFENDANTS

It is the court's intent that the foregoing rulings on all exceptions (other than the No Right of Action exceptions) shall be applicable to all exceptions filed by other defendants. As to the Exceptions of No Right of Action filed by Chevron this ruling shall be made applicable to the Merit and Devon defendants. However, insofar as the Smith and Denbury defendants adopt Chevron's Exception of No Right of Action the exception is overruled based on this court's finding that the plaintiff landowners have a right of action to sue for damages caused by tortious conduct by a mineral right owner that occurs both during the lease and while plaintiffs owned the property, whether these claims are described as actions in trespass, an action under Mineral Code Act. 11, or an action alleging an independent tort that involves wrongful conduct in a breach of the mineral lease, see Broussard v. Northcott, Cooper v. La. Dept. of Public Works, and Lejeune, all supra.

THUS DONE AND SIGNED in Chambers in St. Joseph, Louisiana this 8th day of September, 2009.

JOHN D. CRIGLER
JUDGE, DIVISION B



NON-CERTIFIED COPY

5TH JUDICIAL DISTRICT COURT FOR THE PARISH OF RICHLAND

STATE OF LOUISIANA

DOCKET NO. 38,839

DIVISION "C"

RAYMOND THOMAS, ET AL

VERSUS

ASHLEY INVESTMENT COMPANY, ET AL

FILED: Jan. 11, 2008

Connie Roman
DEPUTY CLERK OF COURT

**JUDGMENT**

This matter came before the Court on the 20th day of November 2007 before the Honorable E. Rudolph McIntyre, Jr., who considered the briefs and argument of counsel on various non-evidentiary exceptions and motions. The Court notes that all the defendants have pleaded the substance of some of the exceptions and/or motions. Many of the defendants have adopted the exceptions and motions filed by other defendants. Some of the defendants have filed exceptions and/or motions which were not addressed by all the defendants. The Court heard oral arguments on some of these exceptions and motions and allowed all parties a period of time to file additional legal memorandums to support their arguments. Having now received the offerings of each party, the Court issued written Reasons for Judgment on December 20, 2007, addressing the general themes suggested by the parties. The rulings of this Court apply specifically to all the parties who have filed the type of exception or motion covered in these Reasons for Judgment. Consistent with the Reasons for Judgment the Court renders judgment as follows:

IT IS ORDERED, ADJUDGED AND DECREED that the motion to stay filed by McGowan and adopted by other defendants is *denied* at the cost of McGowan.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the exceptions concerning want of pre-suit notice or amicable demand are *denied* at the costs of the exceptors.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the exceptions of vagueness and ambiguity and nonconformity with La. C.C.P. art.891 are *granted* at plaintiffs' costs. Plaintiffs are hereby ordered to amend their pleadings by preparing a chart containing the following information: 1) the specific tracts of land which are owned by each plaintiff and the ownership percentage; 2) the specific claims each plaintiff is asserting; 3) the defendants against whom each plaintiffs claim is being asserted; 4) the nature and location of the alleged contamination and the

NON-CERTIFIED COPY

source thereof for each tract of land; 5) the nature of the breach of the mineral lease suffered by each plaintiff as to each defendant and 6) the defendants and/or other operators who allegedly conducted operations or activities on the land in question and/or whom the plaintiff alleges is liable for damages suffered on that particular tract. Plaintiffs shall file and produce the chart to the defendants and to the Court on or before February 22, 2008, or show cause on that date why this suit should not be dismissed for not complying with this order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the exceptions concerning no right of action and/or no cause of action in tort and no cause of action for punitive damages are *denied* at exceptors' costs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiffs' motion to refer the exception of prematurity based on active leases to the merits is *denied* at plaintiffs' costs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the exception concerning no cause of action for public harm is *denied* at exceptors' costs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the exception concerning no cause of action under La. C.C. art. 486 is *denied* at exceptors' costs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that with regard to the motions to adopt case management orders submitted by both plaintiffs and defendants, all issues regarding liability and damages not disposed of in pretrial motions or exceptions shall be decided by the jury, the trier of fact. After the jury trial verdict, this court will then begin implementing the administrative requirements of La. R.S. 30:29 (C)(1) *et seq* if necessary.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties are to discuss a case management order in keeping with the findings of this Court. Said case management order will be finalized at the hearing scheduled for February 22, 2008 at 9:30 a.m. in Rayville, Louisiana. The costs for these case management order motions will be divided equally between the parties seeking these motions.

Winnsboro, Louisiana this 14th day of January, 2008.

E. Rudolph McIntyre, Jr.
JUDGE, 5TH JUDICIAL DISTRICT COURT

A TRUE COPY ATTEST
[signature]
DY. CLERK 5TH DISTRICT COURT
RICHLAND PARISH, LA

NON-CERTIFIED COPY

Submitted by:

TALBOT, CARMOUCHE & MARCELLO
Post Office Box 759
Gonzales, LA 70707-0759
Tele: (225) 644-7777
Fax: (225) 644-8226

Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
John S. Dupont, III Bar #26271
*Counsel for all Plaintiffs*

William R. Coenen, Jr., Bar #2210
LAW OFFICES OF WILLIAM R. COENEN
108 Courthouse Square
Rayville, LA 71269
Tele: (318) 728-3227
Fax: (318) 728-4498
*Counsel for all Plaintiffs*

John M. Lancaster
P O. Box 805
Oak Grove, LA 71263
Tele: (318) 428-3219
Fax: (318) 428-4278
*Counsel for all Plaintiffs*

*and*

Johnny R. Boothe, Bar #3272
Attorney at Law
6368 Main St., Floor 2
Winnsboro, LA 71295
Tele: (318) 435-7705
*Counsel for Patrick M. Hollis, Jean Brown Hollis, Thomas A. Hollis, Susan Hollis Boothe, Johnny R. Boothe, and Mary Hollis Green*

NON-CERTIFIED COPY

FILED
FEB 07 2011
DEPUTY CLERK
CLAIBORNE PARISH, LA

| | | |
|---|---|---|
| TIGNER FARMS, INC. | * | 2ND JUDICIAL DISTRICT COURT |
| VERSUS | * | STATE OF LOUISIANA |
| THE MOSAIC COMPANY OF DELAWARE (f/k/a IMC GLOBAL, INC.), et al. | * | PARISH OF CLAIBORNE |
| | * | DOCKET NO. 39036, DIVISION C |

**JUDGMENT**

This matter came for hearing before the Court on Thursday, December 16, 2010, on numerous pending exceptions filed by Defendants.

Present were:

- James H. Colvin, attorney for Plaintiff Tigner Farms, Inc.;
- John Andrew Durrell, attorney for Defendants T.L. James & Company, Inc.; Petro-Hunt, L.L.C.; and Oxy USA Inc.;
- George H. Robinson, Jr., attorney for Defendant BP America Production Company;
- Alida Hainkel, attorney for Defendant The Mosaic Company;
- Keith McDaniel and Zelda Tucker, attorneys for Defendant Halliburton Energy Services, Inc.;
- Joseph I. Giarrusso III, attorney for Defendant XTO Energy, Inc.;
- Lee Peacocke, attorney for Defendant L'Oil Operating & Management Co., Inc.;
- Glenn L. Langley, attorney for Defendant Herd Producing Co.; and
- Sarah Kirkpatrick, attorney for Defendant Petro-Chem Operating Company, Inc. and Phillips.

Based upon Plaintiff's Petition, Defendants' exceptions and the parties' memoranda, the arguments of counsel, the applicable law and for the reasons assigned orally in Court on December 16, 2010, it is

ORDERED, ADJUDGED AND DECREED that Defendants' dilatory exception of Vagueness and Ambiguity and Non-Conformity of the Petition with the requirements of Louisiana Civil Code 891 is hereby sustained and that within 45 days from the signing of this Judgment, Plaintiff shall amend its Petition for Damages, to set forth the following allegations:

NON-CERTIFIED COPY

1. The specific tracts of land that are owned by the Plaintiff and the ownership percentage thereof;
2. The specific claims Plaintiff is asserting;
3. The Defendants against whom each claim is being asserted;
4. The nature and location of the alleged contamination and the source thereof for each tract of land;
5. The wells, impoundments, structures, or other equipment which caused Plaintiff's damages on each tract of land;
6. The specific times when plaintiff's damages occurred;
7. The nature of the breach of the mineral lease and/or servitude suffered by the Plaintiff as to each Defendant;
8. The Defendants and/or other operators who allegedly conducted operations or activities on the land in question and whom the Plaintiff alleges are liable for those damages suffered on that particular tract; and
9. Plead with specificity any claim(s) for punitive damages arising between September 1, 1984, through April 16, 1996 against the appropriate Defendant(s).

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff's claims for punitive damages under Louisiana Civil Code Article 2315.3 are dismissed with prejudice as to the following Defendants:

- XTO Energy, Inc.;
- BP America Production Company;
- Oxy USA Inc.;
- Petro-Hunt, L.L.C.;
- L'Oil Operating & Management Co., Inc. with respect to Well Number 146040 only; and
- Herd Producing Co., Inc. with respect to Well Number 220666 only.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Defendants' remaining dilatory and declinatory exceptions are deferred until the Petition for Damages is amended and a Rule to Show Cause resetting those exceptions is filed; and



NON-CERTIFIED COPY

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Defendants' various peremptory exceptions are deferred from consideration pending the conclusion of discovery.

Costs as to exceptions heard on December 16, 2010 are to be assessed at a later date.

Judgment read and signed in Benton, Louisiana, on this 2 day of January 2011.

JUDGE GLENN FALLIN,
2ND JUDICIAL DISTRICT COURT



FILED
AUG - 2 2017
CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

# EXCEPTIONS OF EXXON MOBIL CORPORATION

NOW INTO COURT, through undersigned counsel, comes Defendant Exxon Mobil Corporation ("ExxonMobil") to except to the Petition for Damages and First Supplemental and Amending Petition for Damages ("Petition") of Golden Ranch Farms, LLC ("Golden Ranch"), as follows:

## Dilatory Exceptions of Vagueness and Ambiguity, and Improper Cumulation of Actions

Under Louisiana Code of Civil Procedure article 891, the Petition is vague and ambiguous and should be dismissed, or, alternatively, Golden Ranch should be ordered to amend its Petition to plead facts supporting its claims against ExxonMobil. Golden Ranch has failed to allege the most basic material facts required by article 891, including:

**Who:** Which Defendants performed the acts that are the basis of Golden Ranch's claims?

**What:** What was ExxonMobil's role in contributing to the alleged contamination?
What specific statutory provisions were allegedly violated by each Defendant?
What did the Defendants do or not do on the property?
What activities did ExxonMobil perform or fail to perform on the property?

**Where:** Where is the alleged contamination on the property?

**When:** When did Golden Ranch acquire its ownership interest in the property?
When did the alleged acts or omissions of Defendants occur?
When did the alleged acts or omissions of ExxonMobil occur?

**How:** How did the Defendants allegedly cause contamination?
How did ExxonMobil allegedly cause the contamination?
How did the Defendants allegedly breach their contracts?
How did ExxonMobil allegedly breach its contracts?



NON-CERTIFIED COPY

How did the Defendants allegedly violate statutory provisions?
How did ExxonMobil allegedly violate statutory provisions?

Absent this basic information, the Petition is impermissibly vague and ambiguous and thus fails to conform to article 891 of the Louisiana Code of Civil Procedure.

Golden Ranch's generalized, unspecific allegations present another defect: the petition improperly cumulates multiple actions into one lawsuit. Golden Ranch named as defendants in this suit any oil and gas operator that ever operated on Golden Ranch's sprawling 40,000-plus acre plantation. By doing so, three separate oil and gas fields, with separate names, geographic locations, and operators were combined into one, indiscriminately sweeping lawsuit without any factual nexus (except that Golden Ranch owns such a great expanse of land that it encompasses the three separate oil and gas fields). Based on the factual disconnect between the three separate fields, this case should be separated into three cases.

**Peremptory Exceptions**

ExxonMobil additionally pleads the following peremptory exceptions:

1. Peremptory Exception of No Cause of Action for Remediation under Mineral Code article 22 and under Louisiana Civil Code articles 576, 577, and 645;
2. Peremptory Exception of No Cause of Action for Continuing Tort, Continuing Trespass, and Continuing Nuisance;
3. Peremptory Exception of No Cause of Action for Punitive Damages;
4. Peremptory Exception of No Cause of Action for Fraud;
5. Peremptory Exception of No Cause of Action for Strict Liability;
6. Peremptory Exception of No Cause of Action for Civil Fruits;
7. Peremptory Exception of No Cause of Action for Unjust Enrichment; and
8. Peremptory Exception of No Cause of Action arising out of Restatement (Second) of Torts § 324A.

**Adoption and Reservation of All Exceptions**

ExxonMobil adopts, under Louisiana Code of Civil Procedure article 853, any and all exceptions pled by any and all Defendants herein, to the extent those exceptions apply to ExxonMobil. Additionally, ExxonMobil reserves the right to urge any additional exceptions based upon facts uncovered during the course of discovery.



NON-CERTIFIED COPY

**Local Rule 9.8 Statement**

In accordance with Local Rule 9.8, ExxonMobil discloses that this matter has not been set for trial, and ExxonMobil does not intend to offer live testimony at the hearing on these exceptions.

**Conclusion**

For the foregoing reasons, ExxonMobil prays that these exceptions be deemed good and sufficient and that, after due proceedings had, there be judgment rendered herein sustaining the exceptions of ExxonMobil and dismissing the Petition of Golden Ranch. Alternatively, this case should be severed into three separate lawsuits, and Golden Ranch should be ordered to file amended Petitions for each lawsuit. At a minimum, Golden Ranch should be required to amend its Petition for Damages to provide the information necessary for ExxonMobil to adequately respond to and defend against the claims. ExxonMobil also seeks all other legal and equitable relief to which it is entitled.

Respectfully submitted,

Jamie D. Rhymes (La. Bar No. 24621)
Hunter A. Chauvin (La. Bar No. 33771)
Edward M. Duhe Jr. (La. Bar. No. 35761)
Liskow & Lewis
822 Harding Street
Lafayette, Louisiana 70503
P. O. Box 52008
Lafayette, Louisiana 70505-2008
Telephone: (337) 232-7424
Fax: (337) 267-2399

James E. Lapeze (La. Bar No. 28377)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Tel: (504) 581-7979
Fax: (504) 556-4108

**Attorneys for Exxon Mobil Corporation**



NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail and by placing same in the United States mail, properly addressed and postage prepaid this 31st day of July, 2017.

Hunter A. Chauvin

4634075_1

FILED
AUG - 2 2017
CLERK OF COURT



NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

# MEMORANDUM IN SUPPORT OF EXCEPTIONS OF EXXON MOBIL CORPORATION

Exxon Mobil Corporation ("ExxonMobil") has urged the following exceptions to Golden Ranch's Petition for Damages and First Supplemental and Amending Petition for Damages (collectively referred to as the "Petition"):

A. Dilatory Exceptions of Vagueness and Ambiguity, Failure to Conform to Louisiana Code of Civil Procedure article 891, and Improper Cumulation;

B. Peremptory Exceptions of No Cause of Action; and

C. Adoption and Reservation of All Exceptions.

For the reasons set forth below, these exceptions should be granted and Golden Ranch's Petition must be dismissed or, alternatively, Golden Ranch should be ordered to cure the defects in the Petition, which may be cured by amendment within a reasonable time.

## BACKGROUND

This lawsuit, commonly known as a legacy lawsuit, involves claims of alleged environmental damage to property by oil and gas exploration and production activities. Golden Ranch alleges that it owns approximately 45,000 acres of property spanning approximately 60 square miles located in Lafourche Parish, Louisiana. The property is so large that it encompasses three separate oil and gas fields: Bayou des Allemands Field, Larose Field, and Valentine Field, in addition to an operating plantation home and hunting ranch.

The three fields placed at issue are different in many ways:

- They are miles apart from one another in completely different Township/Ranges, let alone different Sections:
  - The wells complained of in the Bayou des Allemands Field are located in Sections 13, 37, 39, and 56 of **Township 15 South, Range 21 East,**

NON-CERTIFIED COPY

- The wells complained of in the Larose Field are located in Sections 35 and 38 of **Township 16 South, Range 21 East**, and Section 68 of **Township 17 South, Range 21 East**, and
- The wells complained of in the Valentine Field are located in Section 37 of **Township 16 South, Range 20 East**.

- The Bayou des Allemands Field is physically separated from the other fields by Company Canal, which bisects Golden Ranch's property; and



[1]

- Most obviously, the Department of Natural Resources recognizes the three fields as distinct:

[1] Field location data from Louisiana Department of Natural Resources SONRIS GIS website, *available at* http://sonris-www.dnr.state.la.us/gis/agsweb/IE/JSViewer/index.html?TemplateID=181.


NON-CERTIFIED COPY

[2]




Golden Ranch filed its original Petition alleging damages arising out of oil and gas activities relating to 41 wells in the Larose Field.[3] The Petition included a prayer for "damages for land loss and subsidence and the cost of backfilling of canals and other excavations . . . ."[4] Golden Ranch subsequently filed its First Supplemental and Amending Petition for Damages, adding new claims against multiple new defendants for alleged damages arising out of oil and gas activities relating to 180 different wells in the Bayou des Allemands Field and 7 wells in the Valentine Field.

Golden Ranch is now up to 18 Defendants, including ExxonMobil. Golden Ranch generally alleges that all 18 Defendants' oil and gas activities resulted in environmental damage to some undefined portion of Golden Ranch's 45,000 acres of land.[5] Below is a table providing which defendants operated in which fields. Importantly, none of the defendants operated in all three fields.

---

[2] Excerpt from Louisiana Geological Survey, Oil and Gas Fields of Louisiana, LOUISIANA DEPARTMENT OF NATURAL RESOURCES (2008) (colorization adjusted to highlight fields at issue).

[3] *See* Petition for Damages, ¶ 2.

[4] *See* Petition for Damages, p. 21; First Supplemental and Amending Petition for Damages, p. 22.

[5] *See* Fist Supplemental and Amending Petition for Damages, ¶¶ 4-5.



NON-CERTIFIED COPY

| **Field** | **Defendant**[6] |
|---|---|
| Bayou Des Allemands Field | Hess Corporation |
| | Amerada Petroleum Corporation |
| | Denbury Onshore, LLC |
| | Texas Petroleum Investment Company |
| | Exxon Mobil Corporation |
| | BP America Production Company |
| | Tensas Delta Exploration Company, LLC |
| | Square Mile Energy, LLC |
| | Devon Energy Production Company, L.P. |
| Larose Field | Devon Energy Production Company, L.P. |
| | Mesa Gulf Coast, LLC |
| | Tchefuncte Natural Resources, LLC |
| | SM Energy Company |
| | Henry Production Company, Inc. |
| | Square Mile Energy, LLC |
| | Exxon Mobil Corporation |
| | Texas Pacific Oil Company |
| | Hamman Oil & Refining Company |
| Valentine Field | Mesa Gulf Coast, LLC |
| | Tchefuncte Natural Resources, LLC |
| | ConocoPhillips Company |
| | American Explorer, Inc. |

The Petition attaches a map that purports to show the property and the location of wells on and around the property, tables with the operator history of the 228 wells from the three different fields, an image with soil sampling locations, and summary tables purporting to show soil sampling results from the three fields. However, the Petition does not describe any individual Defendant's operations or activities at a specific location or the particular

[6] First Supplemental and Amending Petition at Exhibit "C."



NON-CERTIFIED COPY

damage that Golden Ranch alleges resulted from such operations. Rather, the Petition merely alleges that all "defendants are liable for damage resulting from the operation of the wells in the Bayou des Allemands, Larose, and Valentine Oil & Gas Fields . . ., as well as the operation of other equipment and facilities related thereto."[7] Beyond the general description of the property, Golden Ranch does not specify the location of any property damage. Of the 228 wells sued upon, ExxonMobil (and/or its predecessor in interest) is identified as a past operator of only two wells in the Bayou des Allemands Field, nine wells in the Larose Field, and zero wells in the Valentine Field. In fact, Golden Ranch fails to make any connection between ExxonMobil and the Valentine Field.[8]

The Petition further states that "Defendants knew or should have known that their conduct would cause property and other damages to plaintiff."[9] Golden Ranch claims it is entitled to a host of damages, including the cost of restoring its property to its "original unpolluted state,"[10] and punitive damages.

As set forth below, these allegations are woefully deficient in meeting the pleading requirements under Louisiana law. Therefore, ExxonMobil's exceptions to the Petition should be granted, dismissing Golden Ranch's baseless claims, decumulating the matter into three separate lawsuits, and ordering Golden Ranch to plead its claims in each suit with proper specificity.[11]

## LAW AND ARGUMENT

### A. Dilatory Exceptions

#### 1. The Petition is vague and ambiguous and thus fails to conform to article 891 of the Louisiana Code of Civil Procedure.

Article 891 of the Louisiana Code of Civil Procedure mandates that a petition "shall contain a short, clear, and concise statement of all causes of action arising out of, and the material facts of, the transaction or occurrence that is the subject matter of the litigation . . .

---

[7] *See* First Supplemental and Amending Petition for Damages, ¶ 5.

[8] *See* First Supplemental and Amending Petition at Exhibit "C."

[9] *See* First Supplemental and Amending Petition for Damages, ¶ 15.

[10] *See* First Supplemental and Amending Petition for Damages, ¶ 48(A).

[11] Because the Petition is so vague and ambiguous as to not allow ExxonMobil to appropriately address all potential exceptions, ExxonMobil reserves its right to do so once Golden Ranch's Petition is amended to provide the information necessary for ExxonMobil to adequately respond to and defend against the claims.



NON-CERTIFIED COPY

." La. Code of Civ. Proc. art. 891(A). The Code of Civil Procedure further provides that "[f]or the purpose of testing the sufficiency of a pleading, allegations of time and place are material." La. Code of Civ. Proc. art. 860.

An exception of vagueness "addresses the detailed sufficiency of the petition." *Perritt v. Dona,* 2002-2601 (La. 7/2/03), 849 So. 2d 56, 66. The dual purpose of the exception of vagueness is (1) to require the plaintiff to amplify the claim and the nature of the facts sought to be proven so that the defendant may properly prepare a defense, and (2) to identify the cause of action so as to bar its future re-litigation. *See Gretna v. Gulf Distilling Corp.,* 21 So. 2d 884, 889 (La. 1945); *Bustamente v. Vezina,* 95-556 (La. App. 5 Cir. 1/30/96), 668 So. 2d 1286, 1291. As contemplated by the exception of vagueness, a defendant cannot properly plead to a petition until made aware of the specific acts that allegedly trigger liability. *See, e.g., Bustamente,* 668 So. 2d at 1291; *Spell v. Exec. Officers Dirs. and/or S'holders of P&W Indus., Inc.,* 316 So. 2d 474, 476 (La. App. 1 Cir. 1975). Golden Ranch's Petition is impermissibly vague and ambiguous.

In the context of legacy lawsuits, Louisiana courts have interpreted article 891 to require specific allegations of (1) which wells or other operations caused damages, (2) what damage was caused by each well or other operation, (3) what portion of the subject property was allegedly damaged by each well or other operation or activity causing damage, (4) when the damage occurred, and (5) which defendant caused or is responsible for each incident of damage. *See Wagoner v. Chevron U.S.A., Inc.,* Docket No. 22,506, Sixth Judicial District Court for the Parish of Tensas, State of Louisiana, September 10, 2009 Reasons for Judgment; January 14, 2008 judgment in *Thomas v. Ashley Investment Co.,* No. 38,839, 5th Judicial District Court; and February 2, 2011 judgment in *Tigner Farms v. The Mosaic Co. of Delaware,* No. 39036, 2nd Judicial District Court, attached *in globo* as Exhibit 1.



NON-CERTIFIED COPY

Golden Ranch has failed to plead the basic material facts of its claims:

| Allegation | Missing Material Facts |
|---|---|
| The Property is "believed" to be contaminated by oil and gas exploration and production activities.[12] | Is the property contaminated? What contamination exists? Where is the contamination? How did ExxonMobil contribute to the contamination? |
| Golden Ranch's purported damage arises from the use of pits.[13] | What damages were caused by which pits at what times? What is ExxonMobil's relation to the damages caused by pit use? |
| Also, leaks, spills, and other surface and subsurface discharges from wells, pipelines, tank batteries, gas plants and other equipment or facilities have allegedly contaminated the property.[14] | What equipment or facilities had leaks, spills, or other discharges? Where did the discharges occur? When did the discharges occur? Which Defendant purportedly is responsible? |
| The pollution allegedly caused by the Defendants continues to migrate.[15] | Where is pollution migrating from? Where is pollution migrating to? What is ExxonMobil's role in the continued migration? |
| Golden Ranch alleges that it is a third-party beneficiary under various agreements, including mineral leases or surface leases; assignments, subleases, or other oilfield conveyance instruments; joint operating and unit agreements.[16] | What are those contracts? Is ExxonMobil a party to any of the contracts? How did Golden Ranch become a third-party beneficiary under those unidentified contracts? |
| Golden Ranch alleges that Defendants have failed to satisfy their express contractual obligations.[17] | What contractual obligations exist? What contractual obligations were breached by ExxonMobil? Which Defendants failed to satisfy their contractual obligations? When did ExxonMobil breach its contractual obligations? How did ExxonMobil fail to satisfy its contractual obligations? |
| Further, Golden Ranch claims damages for the violation of any personal servitude of use applicable to the Property.[18] | What personal servitudes are applicable to the property? Which Defendants violated the personal servitudes? How were the personal servitudes violated? How did the violation of the personal servitudes cause damage? |
| Express remediation obligations of any leases at issue were violated.[19] | What leases are at issue? What are the express remediation obligations of any leases at issue? Which Defendants violated the leases at issue? How did the Defendants violate the express remediation obligations? |

[12] *See* First Supplemental and Amending Petition for Damages, ¶ 5.

[13] *See* First Supplemental and Amending Petition for Damages, ¶ 7.

[14] *See* First Supplemental and Amending Petition for Damages, ¶ 7.

[15] *See* First Supplemental and Amending Petition for Damages, ¶ 17.

[16] *See* First Supplemental and Amending Petition for Damages, ¶ 23.

[17] *See* First Supplemental and Amending Petition for Damages, ¶ 22.

[18] *See* First Supplemental and Amending Petition for Damages, ¶ 22.

[19] *See* First Supplemental and Amending Petition for Damages, ¶ 20.



NON-CERTIFIED COPY

For each of these items the question could be asked: to which oil and gas field does this particular allegation even relate? This is of utmost importance to ExxonMobil, who did not even operate in one of the fields at issue.[20]

The exhibits attached to Golden Ranch's Petition—including aerial photo maps, operator histories, and cursory sampling results—provide a basic and elementary starting point. Those documents, however, do not show how the legal claims correspond with the factual allegations. They simply show that 228 oil and gas wells in three different fields were operated on Golden Ranch's property from 1938 to the present. *See Roache v. Alpha Tech. Servs.,* 10-1086 (La. App. 5 Cir. 6/29/2011); 71 So. 3d 520, 523 ("[W]e find the allegations made in the petitions, that many defendants, engaged in some hazardous activity, somewhere on a parcel of land in Harvey, over a time period of forty-six years, do not meet the requirements of La. C.C.P. art. 891."). Accordingly, ExxonMobil requests that its exceptions of vagueness, ambiguity, and failure to conform to article 891 be granted and that all claims against ExxonMobil be dismissed. Alternatively, at a minimum, Golden Ranch should be ordered to amend its Petition to plead specific facts which support its claims against ExxonMobil. Failing a timely amendment, ExxonMobil requests that this Court dismiss all of Golden Ranch's claims.

**2. Golden Ranch improperly cumulated three lawsuits into this one case.**

Louisiana Code of Civil Procedure article 463—"Cumulation, plural plaintiffs or defendants"—provides that "two or more parties may be joined in the same suit . . . if there is a community of interest between the parties joined . . . ." Justice Tate interpreted "community of interest" to mean that "cumulated actions must arise out of the same facts or present the same factual and legal issues." Albert Tate, Jr., *Civil Procedure*, 30 LA. L. REV. 286 (1970); *see also* La. Code of Civ. Proc. art. 463, cmt. C; *First Guar. Bank v. Carter*, 563 So. 2d 1240, 1242 (La. App. 1 Cir. 1990); *Strahan et al. v. Maytag Corp., et al.*, 99-0869, p. 8 (La. App. 4 Cir. 2000), 760 So. 2d 463, 468.

[20] *See* First Supplemental and Amending Petition at Exhibit "C." ExxonMobil is not listed as an operator for any of the wells in the Valentine Field.



NON-CERTIFIED COPY

Golden Ranch's initial Petition appeared to pass muster under article 463. But with the First Supplemental and Amending Petition, Golden Ranch made a sweeping enlargement of the lawsuit that added areas with distinct facts and factual issues. The newly added areas have different operators and distant geographic locations. Louisiana Appellate Courts have found decumulation proper in cases with similar differences.

In *Broussard v. Hilcorp Energy Co.*, the plaintiffs filed a legacy lawsuit against nine oil and gas operators for alleged damage to five tracts of land. 2008-233, p. 1 (La. App. 3 Cir. 12/10/08), 998 So. 2d 946, 948. The tracts were located in three adjacent sections in the same Township. *Id.* The tracts were all located in the Erath Oil & Gas Field. *Id.* Below is a figure with the tracts at issue outlined in yellow.




Several defendants filed the exception of improper cumulation of actions. *Id.* at 949. The trial court granted the exception on two occasions (once after the plaintiffs attempted to reform their petition), and the plaintiffs appealed. *Id.* at 951. The Third Circuit upheld the exception of improper cumulation, reasoning that there was not "enough factual overlap present between all the actions to make it commonsensical to litigate them together." *Id.* at 953. The Third Circuit relied on the following facts:


NON-CERTIFIED COPY

> The properties allegedly affected by the contamination are five non-contiguous tracts located in 3 separate sections, different parties and combinations of parties are alleged to have contributed to the contamination on each, and the times at which contamination allegedly occurred differs for each property. The proof of damages for each will necessarily be different as well as the amount of damages, if any, and the people and/or entities found liable, if any.

*Id.*

The facts supporting improper cumulation in *Broussard* are analogous to this case. In both cases there are "different parties and combinations of parties" in the different areas. It follows that the "proof of damages for each [area] will necessarily be different as well as the amount of damages, if any, and the people and/or entities found liable, if any." *Id.* Similar to the areas at issue in *Broussard* being located in different sections, the areas at issue in this case are in different sections. Even more compelling, as compared to the tracts in *Broussard,* the areas at issue in this case are in entirely different Townships, are much further away from each other, and are located in three different fields as opposed to the one field in *Broussard*.[21] Thus, pursuant to the holding in *Broussard*, this case should be separated into three separate cases.

Golden Ranch will likely argue that because the areas at issue in this case are all within one contiguous tract of property, it is distinguishable from *Broussard.* However, property boundaries are legal fictions only relevant to legal issues (e.g., limitation of recovery of damages to the plaintiff's property); and the law provides that having common legal issues is only one factor that supports cumulating actions. Differing facts alone are sufficient to defeat cumulation ("cumulated actions must arise out of the same facts ***or*** present the same factual and legal issues"). La. Code of Civ. Proc. art. 463, cmt. C (emphasis added). What makes the actions in this case distinct are the different material facts: the different operators, the different geographic locations, and the different damage models and costs that will ultimately result from the different remediation plans Golden Ranch will ultimately propose. These differences not only make separating these actions proper, but makes it necessary for the defendants to have a fair trial.

## B. Peremptory Exceptions

### 1. Golden Ranch states no cause of action for remediation under Mineral Code article 22 or under Louisiana Civil Code articles 576, 577, and 645.

[21] Based on the property descriptions, the furthest away any tract is from another tract in *Broussard* is half of a mile. The areas at issue in this case are multiple miles away from one another.



NON-CERTIFIED COPY

Golden Ranch alleges that it is entitled to remediation under the provisions of article 22 of the Mineral Code (La. Rev. Stat. § 30:22) "to the extent that defendants own mineral servitudes on the Property."[22] Golden Ranch has not alleged, however, that ExxonMobil held a mineral servitude on the property at issue. Because Golden Ranch has not alleged that ExxonMobil has ever held a mineral servitude, they have failed to state a cause of action under article 22.

For the same reason, Golden Ranch's claims against ExxonMobil arising under Louisiana Civil Code articles 576, 577, and 645 should be dismissed. Golden Ranch "claims damages for the violation of any personal servitude of use applicable to the Property in accordance with the provisions of La. C.C. arts. 576, 577, and 645."[23] But because Golden Ranch has neglected to make any allegations that ExxonMobil is or ever was a servitude owner, Golden Ranch's claims under Mineral Code article 22 and Louisiana Civil Code articles 576, 577, and 645 should be dismissed.

**2. Golden Ranch states no cause of action for continuing tort or continuing trespass.**

The allegations of continuing tort and continuing trespass in the context of legacy lawsuits have been invalid since at least 2010. In *Hogg v. Chevron USA, Inc.*, 09-2632 (La. 7/6/10), 45 So. 3d 991, 1006, the Louisiana Supreme Court held that the presence of contamination on property does not constitute a continuing tort, but rather is the continued effect of a discrete event. In order to constitute a continuing tort, the operating cause of the injury must be a continuous one which results in continuous damages. *Crump v. Sabine River Auth.*, 98-2326 (La. 6/29/99), 737 So. 2d 720, 726; *Marin v. ExxonMobil Corp.* 09-2368 (La. 10/19/10), 48 So. 3d 234, 253 (citing *Hogg*, 45 So. 3d 991, 1003). Continued migration of pollution does not constitute a continuing tort, because it "is the continuation of the harm caused by the previous, but terminated conduct, and falls under the category of 'progressively worsening damages,' not damage-causing conduct." *Marin*, 48 So. 3d at 254. "Where the wrongful conduct was completed, but the plaintiff continued to experience injury in the absence of any further activity by the tortfeasor," no continuing tort exists. *Hogg*, 45

[22] *See* First Supplemental and Amending Petition for Damages, ¶ 32.

[23] *See* First Supplemental and Amending Petition for Damages, ¶ 22.



NON-CERTIFIED COPY

So. 3d at 1005. Under these circumstances, "the trespass, if indeed there was one, is simply not a continuing one." *Id.* at 1006.

Here, Golden Ranch alleges that "[t]he cause of the increasing damages to plaintiff's land is the continuing failure of defendants to remove their pollution from the Property,"[24] and claims that the cause of its alleged damages is a continuous cause. Allegations such as these have been conclusively rejected in oilfield legacy actions. "[The] breach of a duty to right an initial wrong simply cannot be a continuing wrong." *Marin,* 48 So. 3d at 254 (quoting *Hogg,* 45 So. 3d at 1007). Golden Ranch's allegations of successive damages, ongoing and cumulatively increasing deterioration of the property at issue, migration of pollution, and continued presence of oilfield wastes do not state a cause of action for continuing tort or continuing trespass based on the Louisiana Supreme Court's rulings in *Hogg* and *Marin.* Golden Ranch's claims for continuing nuisance under Louisiana Civil Code article 667 should be dismissed for the same reasons. *See Tureau,* 2015 U.S. Dist. LEXIS 100942 at *11 ("[a]s with continuing torts and continuing trespass, a continuing nuisance must be ongoing.").

**3. Golden Ranch states no cause of action for punitive damages against ExxonMobil.**

Golden Ranch alleges that unspecified defendants are liable for punitive damages under repealed Civil Code article 2315.3.[25] This repealed statute does not apply to conduct occurring before September 4, 1984 or after April 16, 1996. *See Anderson v. Avondale Industries, Inc.,* 00-2799 (La. 10/16/01), 798 So. 2d 93, 100. "[I]n order to state a cause of action for exemplary damages, the plaintiff must plead facts which establish their cause of action during the effective period of article 2315.3" *In re Harvey Term Litig.,* 04-0168 (La. App. 4 Cir. 4/21/04), 872 So. 2d 584, 586. As demonstrated by the Operator History attached to Golden Ranch's Petition, neither ExxonMobil nor any of its predecessors operated on the Property between 1984 and 1996. Accordingly, Golden Ranch cannot maintain a cause of action for the recovery of punitive damages under former article 2315.3 against ExxonMobil.

**4. Golden Ranch states no cause of action for fraud.**

---

[24] *See* First Supplemental and Amending Petition for Damages, ¶ 17.

[25] *See* First Supplemental and Amending Petition for Damages, ¶ 29.



NON-CERTIFIED COPY

Louisiana Code of Civil Procedure article 856 requires that "[i]n pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity." Courts have interpreted article 856 to require that a plaintiff "clearly allege facts from which [fraud] may be unmistakably concluded in order to state a cause of action." *Small v. Wabnig,* 305 So. 2d 710, 712 (La. App. 4th Cir. 1974); *see also Kirby v. Field,* 2004-1898 (La. App. 1 Cir. 9/23/05), 923 So. 2d 131, 136 n.6. Further, a court may "disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same." *Laneaux v. Theriot,* 488 So. 2d 1327, 1326 (La. App. 3rd Cir. 1986).

Here, Golden Ranch makes a general and conclusory allegation that unspecified Defendants committed acts of misrepresentation. Even Golden Ranch's purported enumeration of acts of misrepresentation in Paragraph 14 of the Petition remain impermissibly vague on material facts regarding the alleged acts or omissions. These conclusory allegations cannot support a claim of fraud because they lack the requisite specificity. *Charming Charlie, Inc. v. Perkins Rowe Assocs., L.L.C.,* 11-2254 (La. App. 1 Cir. 7/10/12), 97 So. 3d 595, 599 ("The broad, conclusory allegations of the petition were insufficient to meet the requirement of specificity required to plead a cause of action for fraud."); *G.A. Lotz Co. v. Alack,* 13-674 (La. App. 5 Cir. 4/9/14), 140 So. 3d 94, 100. Golden Ranch's allegations of unspecified Defendants' intent and Golden Ranch's own error induced by the fraud are similarly conclusory and so broad as to be meaningless. Because Golden Ranch has failed to allege its fraud claims with particularity, Golden Ranch has failed to state a cause of action for fraud.

**5. Golden Ranch states no cause of action for strict liability.**

Golden Ranch's allegations of strict liability for storage, discharge, and disposal of oilfield waste under Louisiana Civil Code articles 667, 2317, and 2322 fail to state a valid cause of action. As Golden Ranch recognizes, there are two separate inquiries under Code article 667 stemming from the pre-1996 and the post-1996 law. Under the pre-revision law, traditional strict liability is not the standard applicable to mineral lease conduct. In *Alford v. Anadarko E&P Onshore LLC,* 13 F. Supp. 3d 581, 607-08 (E.D. La. April 22, 2014), the district court provides an excellent summary of the inapplicability of the strict liability standard under article 667:



NON-CERTIFIED COPY

> *[Inabnett v. ExxonMobil Corp.,* 642 So. 2d 1243 (La. 1994)] made clear that, when a court is faced with claims under former article 667 between entities with co-existing rights to the same piece of property, the court must consider more than whether one co-owner engaged in conduct on the property that caused the other co-owner to suffer damage. The *Inabnett* Court was explicit on this point: It held that an earlier decision "hinging liability of a mineral lessee to an oyster lessee of the same property on proof of causation and damages" was too simplistic, insofar as it failed to take into account other essential considerations such as the temporal order of the leases or other rights, the nature of the rights, the type of activities normally incidental to the use for which the rights were granted, the damage-causing party's knowledge of the existence of the damaged party's rights, the availability of alternative methods of exercising the right so as to cause little or no damage, and others. *Inabnett,* 642 So. 2d at 1252. Accordingly, no liability can be imposed under former article 667 without consideration of the totality of these factors.

For the same reasons as expressed in *Alford,* Golden Ranch's pre-1996 strict liability claim against ExxonMobil should be dismissed. Additionally, Golden Ranch can maintain no post-1996 strict liability claim against ExxonMobil because Golden Ranch does not allege that ExxonMobil conducted any operations after 1996.[26]

Golden Ranch's claims under articles 2317 and 2322 must be dismissed because the Petition fails to allege that the Defendants' facilities and equipment contained a "defect" or "ruin" that posed an unreasonable risk of harm. Article 2317 provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." Before 1996, custodians were strictly liable for injuries caused by things in their custody. Accordingly, to recover under article 2317, a plaintiff must establish three elements: "(1) the thing causing his damage was in the custody of the defendant; (2) the thing had a 'defect' or a condition creating an unreasonable risk of harm; and (3) the defective condition caused plaintiff's injuries." *Hebert v. Sw. La. Elec. Membership Corp.,* 95-405 (La. App. 3 Cir. 12/27/95), 667 So. 2d 1148, 1157 (citing *Oster v. Dep 't of Transp. & Dev.* , 582 So. 2d 1285 (La. 1991)).

Article 2322 applies specifically to buildings, and provides as follows:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However,

[26] *See* First Supplemental and Amending Petition for Damages at Exhibit "C."



NON-CERTIFIED COPY

> he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

A plaintiff must plead the following elements to state a claim under article 2322: (1) ownership of the building; (2) the owner knew or, in the exercise of reasonable care, should have known of the ruin or defect; (3) the damage could have been prevented by the exercise of reasonable care; (4) the defendant failed to exercise such reasonable care; and (5) causation." *Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238 (La. 4/5/13), 113 So. 3d 175, 182-83. Like article 2317, article 2322 imposed liability without fault before the 1996 revisions to the Civil Code. *See Celestine v. Union Oil Co.*, 652 So. 2d 1299, 1303 (La. 1995).

Golden Ranch alleges that "[a]t all pertinent times hereto, defendants had *garde* of the facilities and equipment that caused the pollution described herein."[27] But Golden Ranch has not alleged any facts suggesting that those facilities or equipment contained a "defect" or "ruin" that posed an unreasonable risk of harm. Allegations that the defendants had custody of facilities and that the facilities caused harm to the Property are not sufficient; the harm must be the result of a defective condition in order for a claim under article 2317 or article 2322 to survive. *See Cormier v. Dolgencorp, Inc.*, 136 F. App'x 627, 627-28 (5th Cir. 2005); *Broussard,* 113 So. 3d at 182-83. Moreover, Golden Ranch has not alleged any relationship existing between ExxonMobil and any of the referenced facilities or equipment. Accordingly, Golden Ranch's claims under articles 2317 and 2322 against ExxonMobil must be dismissed.

### 6. Golden Ranch states no cause of action for civil fruits.

Golden Ranch alleges that it is entitled, under Louisiana Civil Code article 486, to the civil fruits derived from unspecified Defendants' storage of pollution and waste in the groundwaters and soils underlying Golden Ranch's lands. Golden Ranch alleges that the storage allowed defendants "to avoid the substantial costs and expenses associated with the proper disposal of this toxic pollution and waste."[28] Golden Ranch does not have a cause of action for civil fruits because any

---

[27] *See* First Supplemental and Amending Petition for Damages, ¶ 19.

[28] *See* First Supplemental and Amending Petition for Damages, ¶ 31.



NON-CERTIFIED COPY

alleged pollution that might exist on the Property as a result of Defendants' operations is not "storage," but a condition of the property.

Moreover, Louisiana Civil Code article 551 defines fruits as "things that are produced by or derived from another thing without diminution of its substance," and civil fruits as "revenues derived from another thing, such as rentals, interest, and certain corporate distributions." The Louisiana Court of Appeal for the Second Circuit has held that economic benefits derived from the storage of wastes on a plaintiff's property without permission are not "civil fruits" as defined in the Civil Code because nothing is "produced by or derived from the property as a result of the storage/disposal of the waste," and there are "no revenues, such as rentals, interest or a corporate distribution, derived from the property by virtue of the storage/disposal of the waste." *Wagoner v. Chevron USA Inc.*, 45,507 (La. App. 2 Cir. 8/18/10), 55 So. 3d 12, 27. Because Golden Ranch does not allege that any Defendant derived revenue from the alleged presence of contamination on its property, there are no civil fruits to which Golden Ranch would be entitled.

**7. Golden Ranch states no cause of action for unjust enrichment.**

Golden Ranch seeks damages for unjust enrichment in the event it has no other adequate remedy at law. This pleading recognizes that under Louisiana law unjust enrichment damages are "subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule." La. Civ. Code art. 2298. Thus, an unjust enrichment action "will only be allowed when there is no other remedy at law." *Richard v. Wal-Mart Stores, Inc.*, 559 F. 3d 341, 346 (5th Cir. 2009) (quoting *Minyard v. Curtis Prods., Inc.*, 205 So. 2d 422, 432 (La. 1968)). Unjust enrichment "is a remedy of last resort, available only when no other remedy is available." *Hall v. James*, 43,263 (La. App. 2 Cir. 6/4/09), 986 So. 2d 817, 820. If the plaintiff maintains any other cause of action, then "the requirement that the plaintiff[] have no other remedy at law is not satisfied [and] the plaintiff[] ha[s] no cause of action." *Id.* at 820-21; *See also Port of S. La. v. Tri-Parish Indus., Inc.*, 927 F. Supp. 2d 332, 341 (E.D. La. 2013); *Walters v. MedSouth Record Mgmt., LLC*, 10-0351 (La. 6/4/10), 38 So. 3d 245, 246; *Gallant Invs. Ltd. v. Ill. Cent. R.R. Co.*, 2008 1404 (La. App. 1 Cir. 2/13/09), 7 So. 3d 12.

Here, Golden Ranch's Petition pleads numerous other legal causes of action, and it therefore has no current cause of action for unjust enrichment.



NON-CERTIFIED COPY

### 8. Golden Ranch fails to state a cause of action under Restatement (Second) of Torts § 324A.

Louisiana courts recognize a theory of recovery under Restatement (Second) of Torts § 324A (recovery against those who undertake services which should be recognized as necessary to protect others). *Bujol v. Entergy Servs., Inc.*, 922 So. 2d 1113, 1128 (La. 5/25/04).[29] A prerequisite to establishing liability under § 324A is proof of an undertaking of a duty to render services. *See Alford,* 13 F. Supp. 3d at 602-03 (finding the plaintiffs could not maintain an action under Restatement (Second) of Torts § 324A because the plaintiffs failed to allege that the defendants "under[took] . . . to render services" to them); *Tureau,* 2015 U.S. Dist. LEXIS 100942 at *17 (dismissing plaintiff's § 324A claims for his failure to allege defendant undertook to provide services for another, *inter alia).* Like *Alford and Tureau,* Golden Ranch failed to allege that ExxonMobil undertook to provide services for another. Accordingly, Golden Ranch's claims under Restatement (Second) of Torts § 324A should be dismissed.

### C. Adoption of Other Exceptions

ExxonMobil adopts, under Louisiana Code of Civil Procedure article 853, any and all exceptions pled by any and all defendants herein, to the extent those exceptions apply to ExxonMobil. Additionally, ExxonMobil reserves the right to urge any additional exceptions based upon facts uncovered during the course of discovery.

## CONCLUSION

The foregoing exceptions should be sustained and Golden Ranch's Petition for Damages against ExxonMobil should be dismissed with prejudice, at Golden Ranch's cost. Alternatively, this case should be severed into three separate lawsuits, and Golden Ranch should be ordered to file amended Petitions for each lawsuit. At a minimum, Golden Ranch should be required to

---

[29] Section 324A provides:

> [o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect [perform] his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.



NON-CERTIFIED COPY

amend its Petition to provide the information necessary for ExxonMobil to adequately respond to and defend against the claims. ExxonMobil also seeks all other legal and equitable relief to which it is entitled.

Respectfully submitted,

Jamie D. Rhymes (La. Bar No. 24621)
Hunter A. Chauvin (La. Bar No. 33771)
Edward M. Duhe Jr. (La. Bar. No. 35761)
Liskow & Lewis
822 Harding Street
Lafayette, Louisiana 70503
P. O. Box 52008
Lafayette, Louisiana 70505-2008
Telephone: (337) 232-7424
Fax: (337) 267-2399

James E. Lapeze (La. Bar No. 28377)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Tel: (504) 581-7979
Fax: (504) 556-4108

**Attorneys for Exxon Mobil Corporation**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail and by placing same in the United States mail, properly addressed and postage prepaid this 31st day of July, 2017.

Hunter A. Chauvin

4634075_1

FILED
AUG - 2 2017
CLERK OF COURT



NON-CERTIFIED COPY

 B ✓

LISKOW&LEWIS
A Professional Law Corporation

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

1001 Fannin Street
Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

www.Liskow.com

July 31, 2017

**Hunter A. Chauvin**

Direct: (337) 267-2354
hachauvin@Liskow.com

File No. 26705.0519

***VIA FACSIMILE – (985) 447-5800***
***and VIA FEDERAL EXPRESS – (985) 447-4841***

Honorable Annette M. Fontana
Clerk of Court
17th Judicial District
Courthouse Annex
303 W. 3rd Street
Thibodaux, LA 70301

Re: *Golden Ranch Farms, LLC v. Devon Energy Production Company, L.P., et al.*
Docket No. 132505, Div. "B", 17th JDC, Parish of Lafourche, State of Louisiana

Dear Ms. Fontana:

Attached for **fax filing** are **Exceptions Filed on Behalf of Exxon Mobil Corporation, proposed Rule to Show Cause, and Memorandum in Support thereof with accompanying Exhibits** in the captioned matter. **Please provide us with confirmation reflecting all costs for fax-filing and serving these documents.**

Following by Federal Express will be the original and two (2) copies each of the aforementioned pleadings. Please stamp one set of the convenience copies showing the date and time of filing, and return same to us in the enclosed self-addressed, stamped envelope. The remaining set of pleadings is for service. In addition, our firm check representing your filing and service fee will accompany the original documents.

Thank you for your assistance and cooperation in this matter. Please feel free to contact us if you have any questions.

NON-CERTIFIED COPY

Sincerely,

LISKOW & LEWIS

Hunter A. Chauvin

HAC/hd
Enclosures
cc: Hon. Steven M. Miller *(via U.S. Mail)*
Victor L. Marcello/John H. Carmouche/Ross J. Donnes/D. Adele Owen
C. Berwick Duval, II/Stanwood R. Duval/Kathryn W. Richard
George H. Robinson, Jr.
George Arceneaux III/Penny L. Malbrew/Brittan J. Bush
Victor Suane
Eric E. Jarrell/Michael J.Cerniglia/Nicole M. Babb
Russell Holwadel
Elizabeth S. Wheeler
Paul J. Hebert/William H.L. Kaufman/Valerie V. Guidry

*(all with encls, via email and U.S. Mail)*

FILED
AUG - 2 2017
CLERK OF COURT

4498999

NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1487024**

# NOTICE OF FIXING CASE FOR TRIAL

| | |
|---|---|
| **GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **BP AMERICA PRODUCTION COMPANY, ET AL** | **STATE OF LOUISIANA** |
| **DOCKET NUMBER: C-132505** | |

TO: MR. GEORGE PIVACH, II
MR. TIMOTHY THRIFFILEY
PIVACH PIVACH HUFFT THRIFFILEY & DUNBAR
P.O. BOX 7125
BELLE CHASSE, LA 70037

NOTICE IS HEREBY GIVEN that the above entitled and numbered matter has been set for trial on Rule on September 21, 2017 at the hour of 9:00 a.m. Thibodaux, Louisiana, this August 1, 2017.

**ANNETTE M. FONTANA**
**Clerk of Court**
**Parish of Lafourche**

Rita A. Bernard

**Deputy Clerk of Court**

COPY TO:

MR. ROSS J. DONNES TALBOT
CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

MS. NICOLE M. BABB
KING, KREBS & JURGENS PPLC
201 ST. CHARLES AVENUE 45TH FLOOR
NEW ORLEANS, LA 70170

MR. D. RUSSELL HOLWADEL
ADAMS HOEFER HOLWADEL
400 POYDRAS ST, STE. 2450
NEW ORLEANS, LA 70130

MS. VALERI V. GUIDRY
OTTINGER HEBERT
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606

FILED
AUG - 2 2017
Rita A. Bernard
CLERK OF COURT
Dy

REQUESTED BY: PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

## RULE TO SHOW CAUSE

CONSIDERING the foregoing Exceptions filed by Defendant Exxon Mobil Corporation in response to the Petition for Damages and First Supplemental and Amending Petition for Damages of Golden Ranch, and for all of the reasons stated therein,

IT IS HEREBY ORDERED that Golden Ranch show cause before this Court on the _______ day of ____________, 2017 at ___________, why an order should not be issued herein granting the Exceptions filed on behalf of Defendant Exxon Mobil Corporation.

______________________, Louisiana, this ______ day of __________________, 2017.

______________________________

DISTRICT JUDGE
17TH JUDICIAL DISTRICT COURT

**Sheriff Please Serve:**

Golden Ranch Through Its Counsel of Record:

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher D. Martin
**TALBOT, CARMOUCHE & MARCELLO**
17405 Perkins Road
Baton Rouge, LA 70810
Tel: (225) 400-9991
Fax: (225) 448-2568

FILED
AUG - 2 2017
CLERK OF COURT

NON-CERTIFIED COPY

MAILING ADDRESS
P.O. BOX 818
THIBODAUX, LA 70302

# *ANNETTE M. FONTANA*
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE

PHYSICAL ADDRESS
303 WEST 3RD STREET
THIBODAUX, LA 70301

AUGUST 2, 2017

HON. SID J. GAUTREAUX, III
SHERIFF, PARISH OF EAST BATON ROUGE
PO BOX 3277
BATON ROUGE, LA 70802

RE: GOLDEN RANCH FARMS LLC
VS
BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

Dear Sir:

Enclosed, please find papers to be served on

**GOLDEN RANCH FARMS LLC**
**THROUGH THEIR ATTORNEY**
**ROSS J. DONNES**
**TALBOT CARMOUCHE & MARCELLO**
**17405 PERKINS ROAD**
**BATON ROUGE, LA 70810**

ENCLOSED PLEASE FIND A CHECK IN THE AMOUNT OF $29.36 FOR YOUR SERVICES.

Would you please make service.

Sincerely,

ANNETTE M. FONTANA
Clerk of Court

Deputy Clerk

FILED
AUG -2 2017
CLERK OF COURT

THIBODAUX: PHONE (985)447-4841
FAX (985)447-5800

GALLIANO: PHONE (985)632-8111
LOCKPORT: PHONE (985)532-7361

www.lafourcheclerk.com

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**RULE TO SHOW CAUSE**

CONSIDERING the foregoing Exceptions filed by Defendant Exxon Mobil Corporation in response to the Petition for Damages and First Supplemental and Amending Petition for Damages of Golden Ranch, and for all of the reasons stated therein,

IT IS HEREBY ORDERED that Golden Ranch show cause before this Court on the 21st day of September, 2017 at 9 am, why an order should not be issued herein granting the Exceptions filed on behalf of Defendant Exxon Mobil Corporation.

Thibodaux, Louisiana, this 30th day of August, 2017.

[signature]

DISTRICT JUDGE
17TH JUDICIAL DISTRICT COURT

**Sheriff Please Serve:**

Golden Ranch Through Its Counsel of Record:

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher D. Martin
**TALBOT, CARMOUCHE & MARCELLO**
17405 Perkins Road
Baton Rouge, LA 70810
Tel: (225) 400-9991
Fax: (225) 448-2568

FILED
AUG - 2 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

7015 0640 0001 7928 1944

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee $
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here 8/3/17 132505
*Sent To* Jamie D. Rhymes
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7015 0640 0001 7928 1937

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee $
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here 132505 8/3/17
*Sent To* James Lapeze
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7015 0640 0001 7928 1920

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee $
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here 8/3/17 132505
*Sent To* Ross J. Dennes Talbot
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7015 0640 0001 7928 1913

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee $
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here 8-3-17 132505
*Sent To* Nicole M. Babb
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7015 0640 0001 7928 1906

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee $
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here 8/3/17 132505
*Sent To* D. Russell Holwadel
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7015 0640 0001 7928 1890

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee $
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here 8/3/17 132505
*Sent To* Valeri V. Guidry
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7015 0640 0001 7928 1883

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee $
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here 8/3/17 132505
*Sent To* George Rauch, II
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

FILED
AUG - 3 2017
Rita A. Bernard
CLERK OF COURT
Dty

NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1486497**

# CITATION ON RULE

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: GOLDEN RANCH FARMS, LLC
THROUGH ITS COUNSEL OF RECORD:
DONALD T. CARMOUCHE
VICTOR L. MARCELLO
JOHN H. CARMOUCHE
WILLIAM R. COENEN, III
BRIAN T. CARMOUCH
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN
TALBOT, CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE PRAYER OF THE PETITION/MOTION AND ORDER THEREON, a true and faithful copy whereof accompanies this citation, and to show cause on **SEPTEMBER 21, 2017**, at **9:00 A.M.**, why an order should not be issued herein granting the Exceptions filed in behalf of Defendant Exxon Mobil Corporation.

WITNESS the Honorable STEVEN M. MILLER, Judge of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, August 3, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

Rita A. Bernard

**Deputy Clerk of Court**

REQUESTED BY:
PIVACH PIVICH HUFFT

FILED
AUG -3 2017
Rita A. Bernard
CLERK OF COURT

NON-CERTIFIED COPY

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: LISKOW & LEWIS (NEW ORLEANS) ATTN: ANGEL ROE**

**504-556-4108**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on JULY 31, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**EXCEPTIONS ON BEHALF OF HESS CORPORATION, RULE, MEMORANDUM AND EXHIBITS**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**RITA A. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $550.00**

FILED
AUG - 3 2017
CLERK OF COURT

NON-CERTIFIED COPY

FILED FEB 07 2011 [signature] DEPUTY CLERK CLAIBORNE PARISH, LA.

| | | |
|---|---|---|
| TIGNER FARMS, INC. | * | 2ND JUDICIAL DISTRICT COURT |
| VERSUS | * | STATE OF LOUISIANA |
| THE MOSAIC COMPANY OF DELAWARE (f/k/a IMC GLOBAL, INC.), et al. | * | PARISH OF CLAIBORNE |
| | * | DOCKET NO. 39036, DIVISION C |

**JUDGMENT**

This matter came for hearing before the Court on Thursday, December 16, 2010, on numerous pending exceptions filed by Defendants.

Present were:

- James H. Colvin, attorney for Plaintiff Tigner Farms, Inc.;
- John Andrew Durrett, attorney for Defendants T.L. James & Company, Inc.; Petro-Hunt, L.L.C.; and Oxy USA Inc.;
- George H. Robinson, Jr., attorney for Defendant BP America Production Company;
- Alida Hainkel, attorney for Defendant The Mosaic Company;
- Keith McDaniel and Zelda Tucker, attorneys for Defendant Halliburton Energy Services, Inc.;
- Joseph I. Giarrusso III, attorney for Defendant XTO Energy, Inc.;
- Lee Peacocke, attorney for Defendant L'Oil Operating & Management Co., Inc.;
- Glenn L. Langley, attorney for Defendant Herd Producing Co.; and
- Sarah Kirkpatrick, attorney for Defendant Petro-Chem Operating Company, Inc. and Phillips.

Based upon Plaintiff's Petition, Defendants' exceptions and the parties' memoranda, the arguments of counsel, the applicable law and for the reasons assigned orally in Court on December 16, 2010, it is

ORDERED, ADJUDGED AND DECREED that Defendants' dilatory exception of Vagueness and Ambiguity and Non-Conformity of the Petition with the requirements of Louisiana Civil Code 891 is hereby sustained and that within 45 days from the signing of this Judgment, Plaintiff shall amend its Petition for Damages, to set forth the following allegations:

Exhibit "A" in globo

NON-CERTIFIED COPY

1. The specific tracts of land that are owned by the Plaintiff and the ownership percentage thereof;
2. The specific claims Plaintiff is asserting;
3. The Defendants against whom each claim is being asserted;
4. The nature and location of the alleged contamination and the source thereof for each tract of land;
5. The wells, impoundments, structures, or other equipment which caused Plaintiff's damages on each tract of land;
6. The specific times when plaintiff's damages occurred;
7. The nature of the breach of the mineral lease and/or servitude suffered by the Plaintiff as to each Defendant;
8. The Defendants and/or other operators who allegedly conducted operations or activities on the land in question and whom the Plaintiff alleges are liable for those damages suffered on that particular tract; and
9. Plead with specificity any claim(s) for punitive damages arising between September 1, 1984, through April 16, 1996 against the appropriate Defendant(s).

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff's claims for punitive damages under Louisiana Civil Code Article 2315.3 are dismissed with prejudice as to the following Defendants:

- XTO Energy, Inc.;
- BP America Production Company;
- Oxy USA Inc.;
- Petro-Hunt, L.L.C.;
- L'Oil Operating & Management Co., Inc. with respect to Well Number 146040 only; and
- Herd Producing Co., Inc. with respect to Well Number 220666 only.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Defendants' remaining dilatory and declinatory exceptions are deferred until the Petition for Damages is amended and a Rule to Show Cause resetting those exceptions is filed; and



NON-CERTIFIED COPY

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Defendants' various peremptory exceptions are deferred from consideration pending the conclusion of discovery.

Costs as to exceptions heard on December 16, 2010 are to be assessed at a later date.

Judgment read and signed in Arcadia, Louisiana, on this 2 day of January 2011.

JUDGE GLENN FALLIN,
2ND JUDICIAL DISTRICT COURT

State of Louisiana,
Parish of Claiborne
I hereby certify that the above and foregoing is a true, correct and complete copy of the original on file in my office.
Given officially this FEB 07 2011 19
JAMES PATRICK GLADNEY, Clerk of Court,
Claiborne Parish, Louisiana
By
SHANNON T. ZACHARY Deputy Clerk



NON-CERTIFIED COPY

| | | |
|---|---|---|
| TIGNER FARMS, INC. | * | 2ND JUDICIAL DISTRICT COURT |
| VERSUS | * | STATE OF LOUISIANA |
| THE MOSAIC COMPANY OF DELAWARE (f/k/a IMC GLOBAL, INC.), et al. | * | PARISH OF CLAIBORNE |
| | * | DOCKET NO. 39036, DIVISION C |

**RULE 9.5 CERTIFICATE**

Undersigned counsel hereby certifies that on January 4, 2011, via e-mail, a draft of the proposed Judgment regarding the December 16, 2010 hearing on pending exceptions was provided to all counsel of record, in accordance with the Court's December 16, 2010 ruling in open court. All counsel for all parties agree on the form of judgment.

New Orleans, Louisiana, this 26th day of January, 2011.

FILED FEB 07 2011 DEPUTY CLERK CLAIBORNE PARISH, LA

Respectfully Submitted,

Joe B. Norman (Bar #8160)
Joseph I. Giarrusso III (Bar # 27476)
Katherine Seegers Roth (Bar #28224)
Katie Caswell Cambre (Bar #31094)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Attorneys for XTO Energy Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile this 26th day of January, 2011.

980770_1.Docx

NON-CERTIFIED COPY

FILED
MAR 05 2012
DEPUTY CLERK
CLAIBORNE PARISH, LA

| | | |
|---|---|---|
| TIGNER FARMS, INC. | * | 2ND JUDICIAL DISTRICT COURT |
| VERSUS | * | STATE OF LOUISIANA |
| THE MOSAIC COMPANY OF DELAWARE (f/k/a IMC GLOBAL, INC.), et al. | * | PARISH OF CLAIBORNE |
| | * | DOCKET NO. 39036, DIVISION C |

# JUDGMENT

This matter came for hearing before the Court on Thursday, October 6, 2011, on numerous pending exceptions filed by Defendants. Notwithstanding anything herein that may appear to address all Defendants named in this suit, this Judgment does not cover or affect the matters addressed in the Judgment entered by the Court on November 15, 2011, regarding the Defendants T.L. James & Company, Inc., Petro-Chem Operating Company, Inc. and Phillips Energy, Inc., but instead only covers the additional rulings made at the October 6, 2011 hearing that were not memorialized in the November 15, 2011, Judgment. T.L. James & Company, Inc., Petro-Chem Operating Company, Inc., Phillips Energy, Inc., Halliburton Energy Services, Inc., BP America Production Company, and Fortune Gas and Oil, Inc. are not included in the definition of "Defendants" or "Defendant" in this Judgment.

Present were:

- James H. Colvin, attorney for Plaintiff Tigner Farms, Inc.;
- John Andrew Durrett, attorney for Defendants T.L. James & Company, Inc.; Petro-Hunt, L.L.C. ("Petro-Hunt"); and Oxy USA Inc. ("Oxy");
- Zelda Tucker, attorneys for Defendant Halliburton Energy Services, Inc. ("Halliburton");
- Joseph I. Giarrusso III and Katherine S. Roth, attorneys for Defendant XTO Energy, Inc. ("XTO");
- Glenn L. Langley, attorney for Defendant Herd Producing Co. ("Herd");
- Richard McConnell, attorney for Defendant Devon Energy Corporation ("Devon");
- Sarah Kirkpatrick, attorney for Defendant Petro-Chem Operating Company, Inc. and Phillips Energy, Inc.

Based upon Plaintiff's First Amended Petition, Defendants' exceptions and the parties' memoranda, the arguments of counsel, the applicable law, this Court's Judgment of February 2, 2011, and for the reasons assigned orally in Court on October 6, 2011, it is

NON-CERTIFIED COPY

ORDERED, ADJUDGED AND DECREED that the Dilatory Exceptions of Vagueness and Ambiguity and Non-Conformity of the Petition with the Requirements of Louisiana Civil Code 891 filed by Petro-Hunt, Oxy, XTO and Herd are hereby sustained and that within 120 days from the signing of this Judgment, Plaintiff shall amend its First Amended and Restated Petition for Damages, to set forth the following allegations against Petro-Hunt, Oxy, XTO, and Herd:

1. Identify any equipment that allegedly malfunctioned on Plaintiff's property, the Defendant allegedly responsible for the equipment, and how each malfunction allegedly damaged Plaintiff's property;
2. Identify all relevant contracts, the provisions of the relevant contracts allegedly breached, and which Defendant allegedly breached a provision in the relevant contracts; and
3. Additional factual bases for Plaintiff's migration claim, including which Defendant allegedly was responsible for the migration, what contract controlled the operations on the adjacent property, and where on Plaintiff's property the migration occurred.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Devon's Dilatory Exceptions of Vagueness and Ambiguity Pursuant to Louisiana Code of Civil Procedure article 926(A)(5) and Non-Conformity of the Plaintiff's Petition pursuant to Louisiana Code of Civil Procedure article 891 are hereby deferred and that within 120 days from the signing of this Judgment, Plaintiff shall conduct discovery and amend its First Amended and Restated Petition for Damages to allege additional factual bases for its claims against Devon;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Dilatory Exceptions of Prematurity filed by XTO, Devon and Herd are DENIED;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Defendants' remaining dilatory and declinatory exceptions are deferred until the First Amended and Restated Petition for Damages is amended and a Rule to Show Cause resetting those exceptions is filed;

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Defendants' various peremptory exceptions are deferred from consideration pending the conclusion of discovery; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that each party is to bear its own costs.



NON-CERTIFIED COPY

Judgment read and signed in Arcadia, Louisiana, on this 28 day of January 2012.

JUDGE GLENN FALLIN,
2ND JUDICIAL DISTRICT COURT

State of Louisiana,

Parish of Claiborne
I hereby certify that the above and foregoing is a true, correct and complete copy of the original on file in my office.
Given officially this MAR 0 5 2012 19
JAMES PATRICK GLADNEY Clerk of Court,
Claiborne Parish, Louisiana
By SHANNON T. ZACHARY Deputy Clerk



NON-CERTIFIED COPY

FILED
MAR 05 2012
DEPUTY CLERK
CLAIBORNE PARISH, LA

| | | |
|---|---|---|
| TIGNER FARMS, INC. | * | 2ND JUDICIAL DISTRICT COURT |
| VERSUS | * | STATE OF LOUISIANA |
| THE MOSAIC COMPANY OF DELAWARE (f/k/a IMC GLOBAL, INC.), et al. | * | PARISH OF CLAIBORNE |
| | * | DOCKET NO. 39036, DIVISION C |

## RULE 9.5 CERTIFICATE

Undersigned counsel hereby certifies that on January 26, 2012, via e-mail, a draft of the proposed Judgment regarding the October 6, 2011 hearing on pending exceptions was provided to all counsel of record, in accordance with the Court's rulings in open court. No objection has been received from any party within the delays under Rule 9.5.

New Orleans, Louisiana, this 3rd day of February, 2012.

Respectfully Submitted,

Joe B. Norman (Bar #8160)
Joseph I. Giarrusso III (Bar # 27476)
Katherine Seegers Roth (Bar #28224)
Katie Caswell Cambre (Bar #31094)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Attorneys for XTO Energy Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile this 3rd day of February 2012.

1091351_1.Docx

FILED
AUG - 3 2017
CLERK OF COURT

NON-CERTIFIED COPY

# Exhibit "B"



[1]

FILED

AUG -3 2017

CLERK OF COURT

[1] Field location data from Louisiana Department of Natural Resources SONRIS GIS website, http://sonris-www.dnr.state.la.us/gis/agsweb/IE/JSViewer/index.html?TemplateID=181.

NON-CERTIFIED COPY

# Well Information

## Review Well Information

**WELLS**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | PARISH | PROD TYPE | SEC | TWN | RGE | EFFECTIVE DATE | API NUM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | M357 | 9096 | 29 | 20 | 100 | 17S | 20E | 11/01/2014 | 17057006990000 |

| PRMT DATE | SPUD DATE | STAT DATE | ST CD |
|---|---|---|---|
| 03/05/1951 | 03/19/1951 | 11/01/2014 | 33 |

**WELL SURFACE COORDINATES**

| Surface Longitude | Surface Latitude | Lambert X | Lambert Y | Ground Elevation | Zone | Datum |
|---|---|---|---|---|---|---|
| 90-26-51.719 | 29-38-15.36 | 2281352 | 354162 | 0 | S | NAD-27 |

**WELL SURFACE COORDINATES GENERATED BY DNR**

| UTMX 83 | UTMY 83 | LONGITUDE 83 | LATITUDE 83 |
|---|---|---|---|
| 747086.20989713 | 3281375.67868121 | -90.44778508 | 29.63781238 |

**BOTTOM HOLE COORD**

| EFFECTIVE DATE | END DATE | PLUGBACK TOTAL DEPTH | TRUE VERTICAL DEPTH | MEASURED DEPTH | LAT DEG | LAT MIN | LAT SEC | LONG DEG | LONG MIN | LONG SEC | COORDINATE SOURCE | LAMBERT X | LAMBERT Y | ZONE | COORDINATE SYSTEM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/01/1974 | 10/01/1976 | | 0 | 0 | | | | | | | 03 | 0 | 0 | | 01 |
| 10/01/1976 | 10/01/1979 | | 0 | 13088 | | | | | | | 03 | 0 | 0 | | 01 |
| 07/01/1980 | 03/01/1983 | | 0 | 0 | | | | | | | 03 | 0 | 0 | | 01 |

**WELL HISTORY**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | ST CD | PT | WELL CLASS | EFF DATE | END DATE | STAT DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | M357 | 9096 | 33 | 20 | | 11/01/2014 | | 11/01/2014 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | M357 | 9096 | 34 | 20 | | 09/01/2011 | 10/31/2014 | 03/01/2004 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | T268 | 9096 | 34 | 20 | | 07/22/2011 | 08/31/2011 | 03/01/2004 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | S322 | 9096 | 34 | 20 | | 11/01/2006 | 07/21/2011 | 11/01/2006 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | S322 | 9096 | 33 | 20 | | 03/01/2004 | 10/31/2006 | 03/01/2004 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | 5273 | 9096 | 33 | 20 | | 03/01/2002 | 02/29/2004 | 03/01/2002 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | P203 | 9096 | 33 | 20 | | 03/01/2001 | 02/28/2002 | 03/01/2001 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | P166 | 9096 | 33 | 20 | | 06/01/2000 | 02/28/2001 | 06/01/2000 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | P166 | 9096 | 10 | 20 | | 01/01/1999 | 05/31/2000 | 09/01/1994 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | A024 | 9096 | 10 | 20 | | 09/01/1994 | 01/01/1999 | 09/01/1994 |
| 42800 | SC 3 SUI;SOUTH COAST CORP | 003-ALT | 4802 | 9096 | 33 | 20 | | 01/01/1994 | 09/01/1994 | 02/01/1993 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 33 | 20 | | 12/01/1993 | 01/01/1994 | 02/01/1993 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 33 | 20 | | 02/01/1993 | 12/01/1993 | 02/01/1993 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 10 | 20 | | 01/01/1993 | 02/01/1993 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 10 | 20 | | 01/01/1992 | 01/01/1993 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 10 | 20 | | 01/01/1991 | 01/01/1992 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 10 | 20 | | 08/01/1985 | 01/01/1991 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 10 | 20 | | 09/01/1984 | 08/01/1985 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4802 | 9096 | 10 | 20 | | 12/01/1983 | 09/01/1984 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 4746 | 9096 | 10 | 20 | | 03/01/1983 | 12/01/1983 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 1996 | 9096 | 10 | 20 | | 07/01/1980 | 03/01/1983 | 07/31/1980 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 1996 | 9096 | 33 | 20 | | 10/01/1979 | 07/01/1980 | 10/16/1979 |
| 42800 | SC 3 SUI; SOUTH COAST CORP | 003ALT | 1996 | 9096 | 10 | 20 | | 10/01/1976 | 10/01/1979 | 11/26/1960 |
| 42800 | SC 3 SUI | 002 | 1996 | 9096 | 10 | 20 | | 06/01/1974 | 10/01/1976 | 06/01/1974 |

**SCOUT INFO**

| REPORT DATE | WELL STATUS | MEASURED DEPTH | TRUE VERT DEPTH | DETAIL |
|---|---|---|---|---|

**PERFORATIONS**

| SERIAL NUM | COMPLETION DATE | UPPER PERF | LOWER PERF | SANDS | RESERVOIR |
|---|---|---|---|---|---|
| 42800 | 06/02/1951 | 11386 | 11450 | SC #3 | |
| 42800 | 06/02/1951 | 11328 | 11338 | SC 3 | |

**WELL TESTS**

| RPT TYP | TEST DATE | RPT DATE | OIL POT | COND | GAS DEL | WATER | BSW% | FLOW PRES | SHUTIN PRES | CHOKE | UPPER PERF | LOWER PERF | BOT HOLE PRES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DT-1 | 11/01/2014 | 05/01/2017 | | | | | | | | | 11328 | 11450 | |
| DT-1 | 11/01/2014 | 11/01/2016 | | | | | | | | | 11328 | 11450 | |
| DT-1 | 11/01/2014 | 05/01/2016 | | | | | | | | | 11328 | 11450 | |
| DT-1 | 11/01/2014 | 11/01/2015 | | | | | | | | | 11328 | 11450 | |
| DT-1 | 11/01/2014 | 05/01/2015 | | | | | | | | | 11328 | 11450 | |
| DT-1 | 04/16/1992 | 11/01/2014 | | | | | | | | | 11328 | 11450 | |
| DT-1 | 04/16/1992 | 05/01/2014 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2013 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2013 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2012 | | | | | | | | | 11328 | 11338 | |

Ex. C



NON-CERTIFIED COPY

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DT-1 | 04/16/1992 | 05/01/2012 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2011 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2010 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2009 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2009 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2008 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2007 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2007 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2006 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2006 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2005 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2005 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2004 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2004 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2003 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2003 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2002 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2002 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 11/01/2001 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 05/01/2001 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 12/01/2000 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 09/01/2000 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 06/01/2000 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1992 | 03/01/2000 | | | | | | | | | 11328 | 11338 | |
| DT-1 | 04/16/1982 | 12/01/1999 | | | | | | | | | 11386 | 11450 | |
| DT-1 | 04/16/1992 | 09/01/1999 | | | | | | | | | 11386 | 11450 | |
| DT-1 | 02/01/1993 | 09/01/1993 | | 0 | 0 | 0 | | 0 | 0 | | 11386 | 11450 | 0 |
| DT-1 | 01/02/1993 | 03/01/1993 | | 0 | 100 | 0 | | 60 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 11/01/1992 | 12/01/1992 | | 0 | 100 | 0 | | 60 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 07/30/1992 | 09/01/1992 | | 0 | 100 | 0 | | 60 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 04/09/1992 | 06/01/1992 | | 0 | 100 | 0 | | 60 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 01/09/1992 | 03/01/1992 | | 0 | 100 | 0 | | 60 | 0 | 64 | 11386 | 11450 | 0 |
| SDM2G | 02/01/1992 | 02/01/1992 | 0 | 7 | 560 | 0 | 0 | 120 | | 64/64 | 11386 | 11450 | |
| DT-1 | 10/02/1991 | 12/01/1991 | | 1 | 100 | 0 | | 60 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 07/14/1991 | 09/01/1991 | | 0 | 200 | 0 | | 65 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 04/19/1991 | 06/01/1991 | | 0 | 400 | 0 | | 70 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 01/16/1991 | 03/01/1991 | | 0 | 500 | 0 | | 60 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 10/05/1990 | 12/01/1990 | | 0 | 750 | 20 | | 120 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 07/03/1990 | 09/01/1990 | | 0 | 800 | 0 | | 100 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 04/03/1990 | 06/01/1990 | | 13 | 700 | 22 | | 130 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 01/09/1990 | 03/01/1990 | | 0 | 850 | 0 | | 140 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 11/05/1989 | 12/01/1989 | | 0 | 86 | 0 | | 90 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 07/21/1989 | 09/01/1989 | | 6 | 550 | 0 | | 190 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 04/07/1989 | 06/01/1989 | | 14 | 840 | 0 | | 180 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 01/04/1989 | 03/01/1989 | | 16 | 1150 | 0 | | 190 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 10/23/1988 | 12/01/1988 | | 10 | 1250 | 16 | | 200 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 07/17/1988 | 09/01/1988 | | 10 | 1250 | 14 | | 200 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 04/25/1988 | 06/01/1988 | | 16 | 1300 | 12 | | 230 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 01/23/1988 | 03/01/1988 | | 11 | 1300 | 20 | | 250 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 10/23/1987 | 12/01/1987 | | 12 | 1350 | 19 | | 280 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 07/17/1987 | 09/01/1987 | | 14 | 1350 | 17 | | 300 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 04/24/1987 | 06/01/1987 | | 15 | 1200 | 18 | | 400 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 01/28/1987 | 03/01/1987 | | 20 | 1200 | 24 | | 400 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 10/18/1986 | 12/01/1986 | | 10 | 1200 | 25 | | 390 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 07/18/1986 | 09/01/1986 | | 15 | 1200 | 20 | | 390 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 04/18/1986 | 06/01/1986 | | 12 | 1200 | 20 | | 390 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 02/18/1986 | 03/01/1986 | | 12 | 1200 | 20 | | 390 | 0 | 22 | 11386 | 11450 | 0 |
| DT-1 | 10/17/1985 | 12/01/1985 | | 12 | 1300 | 16 | | 420 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 07/16/1985 | 09/01/1985 | | 13 | 1300 | 19 | | 420 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 04/02/1985 | 06/01/1985 | | 12 | 1300 | 16 | | 300 | 0 | 64 | 11386 | 11450 | 0 |
| DT-1 | 01/05/1985 | 03/01/1985 | | 10 | 1400 | 18 | | 430 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 11/01/1984 | 12/01/1984 | | 10 | 1425 | 17 | | 350 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 08/12/1984 | 09/01/1984 | | 12 | 1400 | 16 | | 500 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 05/03/1984 | 06/01/1984 | | 13 | 1400 | 15 | | 550 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 02/04/1984 | 03/01/1984 | | 12 | 1250 | 15 | | 560 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 10/07/1983 | 12/01/1983 | | 12 | 1250 | 15 | | 600 | 0 | 20 | 11386 | 11450 | 0 |
| DT-1 | 08/11/1983 | 09/01/1983 | | 13 | 1250 | 15 | | 600 | 0 | 20/64 | 11386 | 11450 | 0 |



NON-CERTIFIED COPY

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DT-1 | 05/09/1983 | 06/01/1983 | | 15 | 1200 | 15 | | 600 | 875 | 32 | 11386 | 11450 | 0 |
| DT-1 | 01/20/1983 | 03/01/1983 | | 25 | 1500 | 25 | | 620 | 900 | 32 | 11386 | 11450 | 0 |
| DT-1 | 11/25/1982 | 12/01/1982 | | 25 | 1800 | 4 | | 600 | 650 | 32 | 11386 | 11450 | 0 |
| DT-1 | 08/15/1982 | 09/01/1982 | | 25 | 1600 | 4 | | 660 | 680 | 32 | 11386 | 11450 | 0 |
| DT-1 | 04/15/1982 | 06/01/1982 | | 24 | 1600 | 6 | | 600 | 900 | 32 | 11386 | 11450 | 0 |
| DT-1 | 01/04/1982 | 03/01/1982 | | 24 | 2100 | 16 | | 780 | 950 | 32 | 11386 | 11450 | 0 |
| DT-1 | 08/21/1981 | 09/01/1981 | | 24 | 1800 | 4 | | 820 | 1150 | 32 | 11386 | 11450 | 0 |
| DT-1 | 05/07/1981 | 06/01/1981 | | 26 | 2450 | 4 | | 800 | 1200 | 32 | 11386 | 11450 | 0 |
| DT-1 | 02/02/1981 | 03/01/1981 | | 33 | 2200 | 27 | | 900 | 1200 | 32 | 11386 | 11450 | 0 |
| DT-1 | 11/02/1980 | 12/01/1980 | | 27 | 1800 | 22 | | 1050 | 1200 | 32 | 11386 | 11450 | 0 |
| DT-1 | 08/03/1980 | 09/01/1980 | | 27 | 1800 | 22 | | 1050 | 1200 | 32 | 11386 | 11450 | 0 |
| SDM2G | 08/04/1980 | 08/01/1980 | 0 | 27 | 1800 | 22 | 45 | 1050 | | 18 | 11328 | 11338 | |
| DT-1 | 10/16/1979 | 03/01/1980 | | 0 | 0 | 0 | | 0 | 0 | | 11386 | 11450 | 0 |
| DT-1 | 10/16/1979 | 12/01/1979 | | 3 | 1000 | 58 | | 175 | 400 | 32 | 11386 | 11450 | 0 |
| DT-1 | 05/07/1979 | 09/01/1979 | | 0 | 220 | 0 | | 120 | 250 | 32 | 11386 | 11450 | 0 |
| DT-1 | 05/07/1979 | 06/01/1979 | | 18 | 1300 | 28 | | 320 | 550 | 32 | 11386 | 11450 | 0 |
| DT-1 | 02/20/1979 | 03/01/1979 | | 17 | 1900 | 22 | | 380 | 600 | 32 | 11386 | 11450 | 0 |

**WELL ALLOWABLES**

| EFFECTIVE DATE | END DATE | LUW CODE | LUW TYPE CODE | ALLOWABLE | ESTIMATED POTENTIAL | CURRENT ALLOWABLE TYPE |
|---|---|---|---|---|---|---|
| 04/01/1998 | 06/30/1998 | 600510 | 2 | 0 | | 3 |
| 10/01/1997 | 12/31/1997 | 600510 | 2 | 0 | | 3 |
| 04/01/1997 | 06/30/1997 | 600510 | 2 | 0 | | 3 |
| 10/01/1996 | 12/31/1996 | 600510 | 2 | 0 | | 3 |
| 04/01/1996 | 06/30/1996 | 600510 | 2 | 0 | | 3 |
| 07/01/1995 | 09/30/1995 | 600510 | 2 | 0 | | 3 |
| 12/12/1994 | 12/31/1994 | 600510 | 2 | 0 | | 3 |
| 10/01/1994 | 12/31/1994 | 600510 | 2 | 150 | | 3 |
| 09/01/1994 | 09/30/1994 | 600510 | 2 | 150 | | 3 |
| 10/01/1993 | 12/31/1993 | 600510 | 2 | 150 | | 3 |
| 04/01/1993 | 06/30/1993 | 600510 | 2 | 100 | | 3 |
| 04/01/1992 | 06/30/1992 | 600510 | 2 | 1800 | | 3 |
| 10/01/1991 | 12/31/1991 | 600510 | 2 | 2000 | | 3 |
| 10/01/1990 | 12/31/1990 | 600510 | 2 | 2205 | | 3 |
| 07/20/1990 | 09/30/1990 | 600510 | 2 | 2205 | | 3 |
| 04/01/1990 | 06/30/1990 | 600510 | 2 | 1905 | | 3 |
| 10/01/1989 | 12/31/1989 | 600510 | 2 | 1700 | | 3 |

**LEASE\UNIT\WELL PRODUCTION**

| RPT DATE | LUW CODE | STORAGE FAC | DOC USE | WELL CNT | OPENING STK | OIL PROD(BBL) | GAS PROD(MCF) | DISPOSITION | CLOSING STK | PARISH |
|---|---|---|---|---|---|---|---|---|---|---|
| 05/01/2017 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2017 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2017 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2017 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2017 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2016 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2016 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2016 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2016 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/2016 | 600510 | 936040 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2016 | 600510 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2016 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 05/01/2016 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 04/01/2016 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 03/01/2016 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 02/01/2016 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 01/01/2016 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 12/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 11/01/2015 | 600510 | | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 11/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 10/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 09/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 08/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 07/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 06/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 05/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 04/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 03/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 02/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 01/01/2015 | 600510 | 936040 | | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |



NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 12/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 11/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 10/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 09/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 08/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 07/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 06/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 05/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 04/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 03/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 02/01/2014 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 01/01/2014 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2013 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2013 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2013 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 09/01/2013 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 08/01/2013 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 07/01/2013 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 06/01/2013 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2013 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2013 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 03/01/2013 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2013 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2013 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2012 | 600510 | | 0 | | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2012 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2011 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2011 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 10/01/2011 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 09/01/2011 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 08/01/2011 | 600510 | 936040 | 0 | 0 | 0 | | 0 | 0 | LAFOURCHE |
| 07/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2011 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2010 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |



NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 08/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2009 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2008 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2007 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2007 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2007 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 1 | 0 | 0 | LAFOURCHE |
| 08/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 189 | 0 | 0 | LAFOURCHE |
| 07/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 172 | 0 | 0 | LAFOURCHE |
| 06/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 157 | 0 | 0 | LAFOURCHE |
| 05/01/2007 | 600510 | | 1 | 0 | 0 | 126 | 0 | 0 | LAFOURCHE |
| 04/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 49 | 0 | 0 | LAFOURCHE |
| 03/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 140 | 0 | 0 | LAFOURCHE |
| 02/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 206 | 0 | 0 | LAFOURCHE |
| 01/01/2007 | 600510 | 936040 | 1 | 0 | 0 | 259 | 0 | 0 | LAFOURCHE |
| 12/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 368 | 0 | 0 | LAFOURCHE |
| 11/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 306 | 0 | 0 | LAFOURCHE |
| 10/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 262 | 0 | 0 | LAFOURCHE |
| 09/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 249 | 0 | 0 | LAFOURCHE |
| 08/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 221 | 0 | 0 | LAFOURCHE |
| 07/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 249 | 0 | 0 | LAFOURCHE |
| 06/01/2006 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 226 | 0 | 0 | LAFOURCHE |
| 05/01/2006 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 218 | 0 | 0 | LAFOURCHE |
| 04/01/2006 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 182 | 0 | 0 | LAFOURCHE |
| 03/01/2006 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 253 | 0 | 0 | LAFOURCHE |
| 02/01/2006 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 258 | 0 | 0 | LAFOURCHE |
| 01/01/2006 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2006 | 600510 | 936040 | 1 | 0 | 0 | 971 | 0 | 0 | LAFOURCHE |
| 12/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 1509 | 0 | 0 | LAFOURCHE |
| 11/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 1826 | 0 | 0 | LAFOURCHE |
| 10/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 1749 | 0 | 0 | LAFOURCHE |
| 09/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 1430 | 0 | 0 | LAFOURCHE |
| 08/01/2005 | 600510 | | 1 | 0 | 0 | 119 | 0 | 0 | LAFOURCHE |
| 07/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 293 | 0 | 0 | LAFOURCHE |
| 06/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 249 | 0 | 0 | LAFOURCHE |
| 05/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 265 | 0 | 0 | LAFOURCHE |
| 04/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 262 | 0 | 0 | LAFOURCHE |
| 03/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |



NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 03/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 261 | 0 | 0 | LAFOURCHE |
| 02/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2005 | 600510 | 936040 | 1 | 0 | 0 | 268 | 0 | 0 | LAFOURCHE |
| 01/01/2005 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2005 | 600510 | 936040 | 0 | 0 | 0 | 317 | 0 | 0 | LAFOURCHE |
| 12/01/2004 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 305 | 0 | 0 | LAFOURCHE |
| 11/01/2004 | 600510 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 276 | 0 | 0 | LAFOURCHE |
| 10/01/2004 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 279 | 0 | 0 | LAFOURCHE |
| 09/01/2004 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 239 | 0 | 0 | LAFOURCHE |
| 08/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 200 | 0 | 0 | LAFOURCHE |
| 07/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 225 | 0 | 0 | LAFOURCHE |
| 06/01/2004 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 278 | 0 | 0 | LAFOURCHE |
| 05/01/2004 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 270 | 0 | 0 | LAFOURCHE |
| 04/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 263 | 0 | 0 | LAFOURCHE |
| 03/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 305 | 0 | 0 | LAFOURCHE |
| 02/01/2004 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 291 | 0 | 0 | LAFOURCHE |
| 01/01/2004 | 600510 | 936040 | 1 | 0 | 0 | 359 | 0 | 0 | LAFOURCHE |
| 12/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 353 | 0 | 0 | LAFOURCHE |
| 11/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 350 | 0 | 0 | LAFOURCHE |
| 10/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 283 | 0 | 0 | LAFOURCHE |
| 09/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 336 | 0 | 0 | LAFOURCHE |
| 08/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 405 | 0 | 0 | LAFOURCHE |
| 07/01/2003 | 600510 | | | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 475 | 0 | 0 | LAFOURCHE |
| 06/01/2003 | 600510 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 558 | 0 | 0 | LAFOURCHE |
| 05/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 606 | 0 | 0 | LAFOURCHE |
| 04/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 1687 | 0 | 0 | LAFOURCHE |
| 03/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 1267 | 0 | 0 | LAFOURCHE |
| 02/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 923 | 0 | 0 | LAFOURCHE |
| 01/01/2003 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2003 | 600510 | 936040 | 1 | 0 | 0 | 864 | 0 | 0 | LAFOURCHE |
| 12/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 580 | 0 | 0 | LAFOURCHE |
| 11/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 642 | 0 | 0 | LAFOURCHE |
| 10/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 807 | 0 | 0 | LAFOURCHE |
| 09/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 946 | 0 | 0 | LAFOURCHE |
| 08/01/2002 | 600510 | | 1 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 1003 | 0 | 0 | LAFOURCHE |
| 07/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 927 | 0 | 0 | LAFOURCHE |
| 06/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 750 | 0 | 0 | LAFOURCHE |
| 05/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 409 | 0 | 0 | LAFOURCHE |
| 04/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 37 | 0 | 0 | LAFOURCHE |
| 03/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 186 | 0 | 0 | LAFOURCHE |
| 02/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 1070 | 0 | 0 | LAFOURCHE |



NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 01/01/2002 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2002 | 600510 | 936040 | 1 | 0 | 0 | 1216 | 0 | 0 | LAFOURCHE |
| 12/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 1243 | 0 | 0 | LAFOURCHE |
| 11/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 1289 | 0 | 0 | LAFOURCHE |
| 10/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 1291 | 0 | 0 | LAFOURCHE |
| 09/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 1592 | 0 | 0 | LAFOURCHE |
| 08/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 2008 | 0 | 0 | LAFOURCHE |
| 07/01/2001 | 600510 | | 1 | 0 | 0 | 2036 | 0 | 0 | LAFOURCHE |
| 06/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 1984 | 0 | 0 | LAFOURCHE |
| 05/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 2063 | 0 | 0 | LAFOURCHE |
| 04/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 2097 | 0 | 0 | LAFOURCHE |
| 03/01/2001 | 600510 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 1938 | 0 | 0 | LAFOURCHE |
| 02/01/2001 | 600510 | 936040 | 1 | 0 | 0 | 1869 | 0 | 0 | LAFOURCHE |
| 01/01/2001 | 600510 | | 0 | 59 | -59 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/2001 | 600510 | 936040 | 0 | 0 | 0 | 2013 | 0 | 0 | LAFOURCHE |
| 12/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 12/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 2141 | 0 | 0 | LAFOURCHE |
| 11/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 11/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 2180 | 0 | 0 | LAFOURCHE |
| 10/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 10/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 2309 | 0 | 0 | LAFOURCHE |
| 09/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 09/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 2063 | 0 | 0 | LAFOURCHE |
| 08/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 08/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 1840 | 0 | 0 | LAFOURCHE |
| 07/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 07/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 3115 | 0 | 0 | LAFOURCHE |
| 06/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 06/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 3089 | 0 | 0 | LAFOURCHE |
| 05/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 05/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 3381 | 0 | 0 | LAFOURCHE |
| 04/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 04/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 3951 | 0 | 0 | LAFOURCHE |
| 03/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 03/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 4002 | 0 | 0 | LAFOURCHE |
| 02/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 02/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 4063 | 0 | 0 | LAFOURCHE |
| 01/01/2000 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 01/01/2000 | 600510 | 936040 | 1 | 0 | 0 | 4482 | 0 | 0 | LAFOURCHE |
| 12/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 12/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 5225 | 0 | 0 | LAFOURCHE |
| 11/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 11/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 4812 | 0 | 0 | LAFOURCHE |
| 10/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 10/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 3631 | 0 | 0 | LAFOURCHE |
| 09/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 09/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 3672 | 0 | 0 | LAFOURCHE |
| 08/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 08/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 3400 | 0 | 0 | LAFOURCHE |
| 07/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 07/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 5224 | 0 | 0 | LAFOURCHE |
| 06/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 06/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 2789 | 0 | 0 | LAFOURCHE |
| 05/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 05/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 4567 | 0 | 0 | LAFOURCHE |
| 04/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 04/01/1999 | 600510 | 936040 | 1 | 0 | 0 | 5206 | 0 | 0 | LAFOURCHE |
| 03/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |



NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 03/01/1999 | 600510 | 936040 | 5 | 0 | 0 | 4977 | 0 | 0 | LAFOURCHE |
| 02/01/1999 | 600510 | | 1 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 02/01/1999 | 600510 | 936040 | 5 | 0 | 0 | 3817 | 0 | 0 | LAFOURCHE |
| 01/01/1999 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 01/01/1999 | 600510 | 936040 | 5 | 0 | 0 | 2813 | 0 | 0 | LAFOURCHE |
| 12/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 12/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 4198 | 0 | 0 | LAFOURCHE |
| 11/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 11/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 2570 | 0 | 0 | LAFOURCHE |
| 10/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 10/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 4020 | 0 | 0 | LAFOURCHE |
| 09/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 09/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 1590 | 0 | 0 | LAFOURCHE |
| 08/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 08/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 3056 | 0 | 0 | LAFOURCHE |
| 07/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 07/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 3032 | 0 | 0 | LAFOURCHE |
| 06/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 06/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 2569 | 0 | 0 | LAFOURCHE |
| 05/01/1998 | 600510 | | 0 | 59 | 0 | 0 | 0 | 59 | LAFOURCHE |
| 05/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 2206 | 0 | 0 | LAFOURCHE |
| 04/01/1998 | 600510 | | 0 | 201 | 0 | 0 | 142 | 59 | LAFOURCHE |
| 04/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 2946 | 0 | 0 | LAFOURCHE |
| 03/01/1998 | 600510 | | 0 | 201 | 0 | 0 | 0 | 201 | LAFOURCHE |
| 03/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 3019 | 0 | 0 | LAFOURCHE |
| 02/01/1998 | 600510 | | 0 | 201 | 0 | 0 | 0 | 201 | LAFOURCHE |
| 02/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 1308 | 0 | 0 | LAFOURCHE |
| 01/01/1998 | 600510 | | 0 | 201 | 0 | 0 | 0 | 201 | LAFOURCHE |
| 01/01/1998 | 600510 | 936040 | 5 | 0 | 0 | 4004 | 0 | 0 | LAFOURCHE |
| 12/01/1997 | 600510 | | 0 | 201 | 0 | 0 | 0 | 201 | LAFOURCHE |
| 12/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 2724 | 0 | 0 | LAFOURCHE |
| 11/01/1997 | 600510 | | 0 | 201 | 0 | 0 | 0 | 201 | LAFOURCHE |
| 11/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 5791 | 0 | 0 | LAFOURCHE |
| 10/01/1997 | 600510 | | 1 | 197 | 4 | 575 | 0 | 201 | LAFOURCHE |
| 10/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 6455 | 0 | 0 | LAFOURCHE |
| 09/01/1997 | 600510 | | 1 | 179 | 18 | 4833 | 0 | 197 | LAFOURCHE |
| 09/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 1863 | 0 | 0 | LAFOURCHE |
| 08/01/1997 | 600510 | | 1 | 187 | 176 | 7350 | 184 | 179 | LAFOURCHE |
| 08/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 1301 | 0 | 0 | LAFOURCHE |
| 07/01/1997 | 600510 | | 1 | 287 | 87 | 12502 | 187 | 187 | LAFOURCHE |
| 07/01/1997 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/1997 | 600510 | | 1 | 163 | 124 | 16826 | 0 | 287 | LAFOURCHE |
| 06/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 3876 | 0 | 0 | LAFOURCHE |
| 05/01/1997 | 600510 | | 1 | 239 | 284 | 19565 | 360 | 163 | LAFOURCHE |
| 05/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 3091 | 0 | 0 | LAFOURCHE |
| 04/01/1997 | 600510 | | 1 | 217 | 208 | 21635 | 186 | 239 | LAFOURCHE |
| 04/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 502 | 0 | 0 | LAFOURCHE |
| 03/01/1997 | 600510 | | 1 | 226 | 176 | 12291 | 185 | 217 | LAFOURCHE |
| 03/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 5841 | 0 | 0 | LAFOURCHE |
| 02/01/1997 | 600510 | | 1 | 144 | 269 | 20260 | 187 | 226 | LAFOURCHE |
| 02/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 14467 | 0 | 0 | LAFOURCHE |
| 01/01/1997 | 600510 | | 1 | 200 | 318 | 25294 | 374 | 144 | LAFOURCHE |
| 01/01/1997 | 600510 | 936040 | 5 | 0 | 0 | 13007 | 0 | 0 | LAFOURCHE |
| 12/01/1996 | 600510 | | 1 | 93 | 294 | 24943 | 187 | 200 | LAFOURCHE |
| 12/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 13294 | 0 | 0 | LAFOURCHE |
| 11/01/1996 | 600510 | | 1 | 129 | 332 | 26304 | 368 | 93 | LAFOURCHE |
| 11/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 15918 | 0 | 0 | LAFOURCHE |
| 10/01/1996 | 600510 | | 1 | 129 | 371 | 32846 | 371 | 129 | LAFOURCHE |
| 10/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 14213 | 0 | 0 | LAFOURCHE |
| 09/01/1996 | 600510 | | 1 | 197 | 298 | 32658 | 366 | 129 | LAFOURCHE |
| 09/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 5401 | 0 | 0 | LAFOURCHE |
| 08/01/1996 | 600510 | | 1 | 187 | 376 | 40945 | 366 | 197 | LAFOURCHE |
| 08/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 1626 | 0 | 0 | LAFOURCHE |
| 07/01/1996 | 600510 | | 1 | 215 | 339 | 37399 | 367 | 187 | LAFOURCHE |
| 07/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 3941 | 0 | 0 | LAFOURCHE |
| 06/01/1996 | 600510 | | 1 | 157 | 427 | 45973 | 369 | 215 | LAFOURCHE |
| 06/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 4825 | 0 | 0 | LAFOURCHE |



NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 05/01/1996 | 600510 | | 1 | 209 | 491 | 54993 | 543 | 157 | LAFOURCHE |
| 05/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 4716 | 0 | 0 | LAFOURCHE |
| 04/01/1996 | 600510 | | 1 | 234 | 532 | 60489 | 557 | 209 | LAFOURCHE |
| 04/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 7228 | 0 | 0 | LAFOURCHE |
| 03/01/1996 | 600510 | | 1 | 181 | 607 | 66120 | 554 | 234 | LAFOURCHE |
| 03/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 6794 | 0 | 0 | LAFOURCHE |
| 02/01/1996 | 600510 | | 1 | 147 | 592 | 70391 | 558 | 181 | LAFOURCHE |
| 02/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 4811 | 0 | 0 | LAFOURCHE |
| 01/01/1996 | 600510 | | 1 | 93 | 615 | 69968 | 561 | 147 | LAFOURCHE |
| 01/01/1996 | 600510 | 936040 | 5 | 0 | 0 | 5995 | 0 | 0 | LAFOURCHE |
| 12/01/1995 | 600510 | | 1 | 244 | 589 | 75113 | 740 | 93 | LAFOURCHE |
| 12/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 6059 | 0 | 0 | LAFOURCHE |
| 11/01/1995 | 600510 | | 1 | 206 | 784 | 90443 | 746 | 244 | LAFOURCHE |
| 11/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 5012 | 0 | 0 | LAFOURCHE |
| 10/01/1995 | 600510 | | 1 | 284 | 862 | 109074 | 940 | 206 | LAFOURCHE |
| 10/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 7293 | 0 | 0 | LAFOURCHE |
| 09/01/1995 | 600510 | | 1 | 399 | 809 | 110883 | 924 | 284 | LAFOURCHE |
| 09/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 4484 | 0 | 0 | LAFOURCHE |
| 08/01/1995 | 600510 | | 1 | 427 | 874 | 120647 | 902 | 399 | LAFOURCHE |
| 08/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 4257 | 0 | 0 | LAFOURCHE |
| 07/01/1995 | 600510 | | 1 | 433 | 1055 | 138928 | 1061 | 427 | LAFOURCHE |
| 07/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 3967 | 0 | 0 | LAFOURCHE |
| 06/01/1995 | 600510 | | 1 | 281 | 860 | 118365 | 708 | 433 | LAFOURCHE |
| 06/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 4141 | 0 | 0 | LAFOURCHE |
| 05/01/1995 | 600510 | | 1 | 374 | 992 | 114903 | 1085 | 281 | LAFOURCHE |
| 05/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 2525 | 0 | 0 | LAFOURCHE |
| 04/01/1995 | 600510 | | 1 | 262 | 1029 | 126285 | 917 | 374 | LAFOURCHE |
| 04/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 5399 | 0 | 0 | LAFOURCHE |
| 03/01/1995 | 600510 | | 1 | 451 | 1282 | 148683 | 1471 | 262 | LAFOURCHE |
| 03/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 4298 | 0 | 0 | LAFOURCHE |
| 02/01/1995 | 600510 | | 1 | 242 | 1324 | 140087 | 1115 | 451 | LAFOURCHE |
| 02/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 5722 | 0 | 0 | LAFOURCHE |
| 01/01/1995 | 600510 | | 1 | 406 | 1307 | 129424 | 1471 | 242 | LAFOURCHE |
| 01/01/1995 | 600510 | 936040 | 5 | 0 | 0 | 2521 | 0 | 0 | LAFOURCHE |
| 12/01/1994 | 600510 | | 1 | 0 | 590 | 54129 | 184 | 406 | LAFOURCHE |
| 12/01/1994 | 600510 | 936040 | 5 | 0 | 0 | 1580 | 0 | 0 | LAFOURCHE |
| 11/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 1456 | 0 | 0 | LAFOURCHE |
| 10/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 846 | 0 | 0 | LAFOURCHE |
| 09/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 3275 | 0 | 0 | LAFOURCHE |
| 08/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 1626 | 0 | 0 | LAFOURCHE |
| 07/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 2496 | 0 | 0 | LAFOURCHE |
| 06/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 2355 | 0 | 0 | LAFOURCHE |
| 05/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 1435 | 0 | 0 | LAFOURCHE |
| 04/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 1812 | 0 | 0 | LAFOURCHE |
| 03/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 4308 | 0 | 0 | LAFOURCHE |
| 02/01/1994 | 600510 | 936040 | 4 | 0 | 0 | 3268 | 0 | 0 | LAFOURCHE |
| 01/01/1994 | 600510 | 936040 | 4 | 1 | 0 | 2939 | 1 | 0 | LAFOURCHE |
| 12/01/1993 | 600510 | 936040 | 4 | 1 | 0 | 3440 | 0 | 1 | LAFOURCHE |
| 11/01/1993 | 600510 | 936040 | 4 | 2 | 0 | 3976 | 1 | 1 | LAFOURCHE |
| 10/01/1993 | 600510 | 936040 | 4 | 3 | 0 | 3631 | 1 | 2 | LAFOURCHE |
| 09/01/1993 | 600510 | 936040 | 4 | 3 | 0 | 2462 | 0 | 3 | LAFOURCHE |
| 08/01/1993 | 600510 | 936040 | 4 | 3 | 0 | 2566 | 0 | 3 | LAFOURCHE |
| 07/01/1993 | 600510 | 936040 | 4 | 9 | -1 | 2900 | 5 | 3 | LAFOURCHE |
| 06/01/1993 | 600510 | 936040 | 4 | 15 | 0 | 2960 | 6 | 9 | LAFOURCHE |
| 05/01/1993 | 600510 | 936040 | 4 | 10 | 5 | 2922 | 0 | 15 | LAFOURCHE |
| 04/01/1993 | 600510 | 936040 | 4 | 34 | 7 | 2294 | 31 | 10 | LAFOURCHE |
| 03/01/1993 | 600510 | 936040 | 4 | 34 | 0 | 6316 | 0 | 34 | LAFOURCHE |
| 02/01/1993 | 600510 | 936040 | 4 | 20 | 14 | 3059 | 0 | 34 | LAFOURCHE |
| 01/01/1993 | 600510 | 936040 | 4 | 17 | 26 | 7931 | 23 | 20 | LAFOURCHE |
| 12/01/1992 | 600510 | 936040 | 4 | 35 | 10 | 3716 | 28 | 17 | LAFOURCHE |
| 11/01/1992 | 600510 | 936040 | 4 | 52 | -1 | 2346 | 16 | 35 | LAFOURCHE |
| 10/01/1992 | 600510 | 936040 | 4 | 20 | 32 | 2496 | 0 | 52 | LAFOURCHE |
| 09/01/1992 | 600510 | 936040 | 4 | 4 | 16 | 2212 | 0 | 20 | LAFOURCHE |
| 08/01/1992 | 600510 | 936040 | 2 | 9 | 3 | 1378 | 8 | 4 | LAFOURCHE |
| 07/01/1992 | 600510 | 936040 | 4 | 25 | 17 | 5882 | 33 | 9 | LAFOURCHE |
| 06/01/1992 | 600510 | 936040 | 4 | 37 | 8 | 2131 | 20 | 25 | LAFOURCHE |
| 05/01/1992 | 600510 | 936040 | 4 | 205 | 7 | 2474 | 175 | 37 | LAFOURCHE |



NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 04/01/1992 | 600510 | 936040 | 4 | 220 | 152 | 19600 | 167 | 205 | LAFOURCHE |
| 03/01/1992 | 600510 | 936040 | 4 | 409 | 334 | 45872 | 523 | 220 | LAFOURCHE |
| 02/01/1992 | 600510 | 936040 | 4 | 94 | 461 | 42843 | 146 | 409 | LAFOURCHE |
| 01/01/1992 | 600510 | 936040 | 4 | 221 | 114 | 27254 | 241 | 94 | LAFOURCHE |
| 12/01/1991 | 600510 | 936040 | 4 | 107 | 221 | 29931 | 107 | 221 | LAFOURCHE |
| 11/01/1991 | 600510 | 936040 | 4 | 129 | 203 | 28640 | 225 | 107 | LAFOURCHE |
| 10/01/1991 | 600510 | 936040 | 4 | 136 | 248 | 30194 | 255 | 129 | LAFOURCHE |
| 09/01/1991 | 600510 | 936040 | 4 | 152 | 221 | 30861 | 237 | 136 | LAFOURCHE |
| 08/01/1991 | 600510 | 936040 | 4 | 147 | 218 | 56762 | 213 | 152 | LAFOURCHE |
| 07/01/1991 | 600510 | 936040 | 4 | 25 | 238 | 30997 | 116 | 147 | LAFOURCHE |
| 06/01/1991 | 600510 | 936040 | 4 | 70 | 93 | 31000 | 138 | 25 | LAFOURCHE |
| 05/01/1991 | 600510 | 936040 | 4 | 135 | 157 | 32616 | 222 | 70 | LAFOURCHE |
| 04/01/1991 | 600510 | 936040 | 4 | 34 | 178 | 30992 | 77 | 135 | LAFOURCHE |
| 03/01/1991 | 600510 | 936040 | 4 | 48 | 88 | 33158 | 102 | 34 | LAFOURCHE |
| 02/01/1991 | 600510 | 936040 | 4 | 66 | 103 | 29471 | 121 | 48 | LAFOURCHE |
| 01/01/1991 | 600510 | 936040 | 4 | 20 | 275 | 36769 | 229 | 66 | LAFOURCHE |
| 12/01/1990 | 600510 | 936040 | 4 | 22 | 97 | 33855 | 99 | 20 | LAFOURCHE |
| 11/01/1990 | 600510 | 936040 | 4 | 75 | 162 | 32783 | 215 | 22 | LAFOURCHE |
| 10/01/1990 | 600510 | 936040 | 4 | 105 | 390 | 39859 | 420 | 75 | LAFOURCHE |
| 09/01/1990 | 600510 | 936040 | 4 | 68 | 497 | 49528 | 460 | 105 | LAFOURCHE |
| 08/01/1990 | 600510 | 936040 | 4 | 57 | 433 | 50163 | 422 | 68 | LAFOURCHE |
| 07/01/1990 | 600510 | 936040 | 4 | 161 | 311 | 31387 | 415 | 57 | LAFOURCHE |
| 06/01/1990 | 600510 | 936040 | 4 | 88 | 321 | 31521 | 248 | 161 | LAFOURCHE |
| 05/01/1990 | 600510 | 936040 | 4 | 188 | 437 | 48275 | 537 | 88 | LAFOURCHE |
| 04/01/1990 | 600510 | 936040 | 4 | 135 | 698 | 40060 | 645 | 188 | LAFOURCHE |
| 03/01/1990 | 600510 | 936040 | 4 | 138 | 733 | 47890 | 736 | 135 | LAFOURCHE |
| 02/01/1990 | 600510 | 936040 | 4 | 151 | 578 | 48344 | 591 | 138 | LAFOURCHE |
| 01/01/1990 | 600510 | 936040 | 4 | 118 | 811 | 56332 | 778 | 151 | LAFOURCHE |
| 12/01/1989 | 600510 | 936040 | 4 | 118 | 647 | 35954 | 647 | 118 | LAFOURCHE |
| 11/01/1989 | 600510 | 936040 | 4 | 156 | 594 | 32789 | 632 | 118 | LAFOURCHE |
| 10/01/1989 | 600510 | 936040 | 4 | 134 | 665 | 34411 | 643 | 156 | LAFOURCHE |
| 09/01/1989 | 600510 | 936040 | 4 | 91 | 687 | 51841 | 644 | 134 | LAFOURCHE |
| 08/01/1989 | 600510 | 936040 | 4 | 75 | 602 | 53639 | 586 | 91 | LAFOURCHE |
| 07/01/1989 | 600510 | 936040 | 6 | 109 | 426 | 50586 | 460 | 75 | LAFOURCHE |
| 06/01/1989 | 600510 | 936040 | 6 | 112 | 575 | 51329 | 578 | 109 | LAFOURCHE |
| 05/01/1989 | 600510 | 936040 | 6 | 112 | 554 | 54820 | 554 | 112 | LAFOURCHE |
| 04/01/1989 | 600510 | 936040 | 6 | 75 | 462 | 52050 | 425 | 112 | LAFOURCHE |
| 03/01/1989 | 600510 | 936040 | 6 | 151 | 1211 | 47986 | 1287 | 75 | LAFOURCHE |
| 02/01/1989 | 600510 | 936040 | 6 | 74 | 978 | 46149 | 901 | 151 | LAFOURCHE |
| 01/01/1989 | 600510 | 936040 | 6 | 107 | 805 | 55126 | 838 | 74 | LAFOURCHE |
| 12/01/1988 | 600510 | 936040 | 6 | 77 | 536 | 57782 | 506 | 107 | LAFOURCHE |
| 11/01/1988 | 600510 | 936040 | 6 | 146 | 537 | 58118 | 606 | 77 | LAFOURCHE |
| 10/01/1988 | 600510 | 936040 | 6 | 95 | 591 | 61351 | 540 | 146 | LAFOURCHE |
| 09/01/1988 | 600510 | 936040 | 6 | 94 | 496 | 56591 | 495 | 95 | LAFOURCHE |
| 08/01/1988 | 600510 | 936040 | 6 | 121 | 519 | 57967 | 546 | 94 | LAFOURCHE |
| 07/01/1988 | 600510 | 936040 | 6 | 154 | 635 | 68288 | 668 | 121 | LAFOURCHE |
| 06/01/1988 | 600510 | 936040 | 6 | 161 | 603 | 66820 | 610 | 154 | LAFOURCHE |
| 05/01/1988 | 600510 | 936040 | 6 | 77 | 667 | 74219 | 583 | 161 | LAFOURCHE |
| 04/01/1988 | 600510 | 936040 | 6 | 189 | 506 | 75440 | 618 | 77 | LAFOURCHE |
| 03/01/1988 | 600510 | 936040 | 6 | 95 | 986 | 96131 | 892 | 189 | LAFOURCHE |
| 02/01/1988 | 600510 | 936040 | 6 | 173 | 794 | 90591 | 872 | 95 | LAFOURCHE |
| 01/01/1988 | 600510 | 936040 | 6 | 196 | 888 | 88665 | 911 | 173 | LAFOURCHE |
| 12/01/1987 | 600510 | 936040 | 6 | 165 | 931 | 88315 | 900 | 196 | LAFOURCHE |
| 11/01/1987 | 600510 | 936040 | 6 | 92 | 931 | 82146 | 858 | 165 | LAFOURCHE |
| 10/01/1987 | 600510 | 936040 | 6 | 81 | 728 | 77625 | 717 | 92 | LAFOURCHE |
| 09/01/1987 | 600510 | 936040 | 6 | 236 | 620 | 75554 | 775 | 81 | LAFOURCHE |
| 08/01/1987 | 600510 | 936040 | 6 | 202 | 662 | 74943 | 628 | 236 | LAFOURCHE |
| 07/01/1987 | 600510 | 936040 | 6 | 78 | 691 | 63061 | 567 | 202 | LAFOURCHE |
| 06/01/1987 | 600510 | 936040 | 6 | 130 | 813 | 65984 | 865 | 78 | LAFOURCHE |
| 05/01/1987 | 600510 | 936040 | 6 | 92 | 889 | 88356 | 851 | 130 | LAFOURCHE |
| 04/01/1987 | 600510 | 936040 | 4 | 367 | 980 | 91006 | 1255 | 92 | LAFOURCHE |
| 03/01/1987 | 600510 | 936040 | 6 | 215 | 994 | 88674 | 842 | 367 | LAFOURCHE |
| 02/01/1987 | 600510 | 936040 | 1 | 75 | 1001 | 78253 | 861 | 215 | LAFOURCHE |
| 01/01/1987 | 600510 | 936040 | 6 | 160 | 1188 | 94459 | 1273 | 75 | LAFOURCHE |
| 12/01/1986 | 600510 | 936040 | 6 | 193 | 982 | 89522 | 1015 | 160 | LAFOURCHE |
| 11/01/1986 | 600510 | 936040 | 1 | 298 | 913 | 82071 | 1018 | 193 | LAFOURCHE |
| 10/01/1986 | 600510 | 936040 | 6 | 0 | 1021 | 93226 | 723 | 298 | LAFOURCHE |



NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 09/01/1986 | 600510 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/1986 | 600510 | 936040 | 0 | 27 | 0 | 0 | 27 | 0 | LAFOURCHE |
| 07/01/1986 | 600510 | 936040 | 0 | 27 | 0 | 0 | 0 | 27 | LAFOURCHE |
| 06/01/1986 | 600510 | 936040 | 0 | 292 | 0 | 0 | 265 | 27 | LAFOURCHE |
| 05/01/1986 | 600510 | 936040 | 0 | 292 | 0 | 0 | 0 | 292 | LAFOURCHE |
| 04/01/1986 | 600510 | 936040 | 0 | 275 | 17 | 0 | 0 | 292 | LAFOURCHE |
| 03/01/1986 | 600510 | 936040 | 1 | 95 | 180 | 2720 | 0 | 275 | LAFOURCHE |
| 02/01/1986 | 600510 | 936040 | 1 | 410 | 612 | 41849 | 927 | 95 | LAFOURCHE |
| 01/01/1986 | 600510 | 936040 | 1 | 484 | 1283 | 107306 | 1357 | 410 | LAFOURCHE |
| 12/01/1985 | 600510 | 936040 | 1 | 99 | 1337 | 116619 | 952 | 484 | LAFOURCHE |
| 11/01/1985 | 600510 | 936040 | 1 | 62 | 1064 | 101804 | 1027 | 99 | LAFOURCHE |
| 10/01/1985 | 600510 | 936040 | 6 | 638 | 747 | 114420 | 1323 | 62 | LAFOURCHE |
| 09/01/1985 | 600510 | 936040 | 6 | 640 | 1223 | 116435 | 1225 | 638 | LAFOURCHE |
| 08/01/1985 | 600510 | 936040 | 6 | 552 | 1144 | 121804 | 1056 | 640 | LAFOURCHE |
| 07/01/1985 | 600510 | 936040 | 7 | 248 | 1364 | 128714 | 1060 | 552 | LAFOURCHE |
| 06/01/1985 | 600510 | 936040 | 7 | 345 | 1111 | 123866 | 1208 | 248 | LAFOURCHE |
| 05/01/1985 | 600510 | 936040 | 7 | 153 | 1195 | 119765 | 1003 | 345 | LAFOURCHE |
| 04/01/1985 | 600510 | 936040 | 7 | 384 | 1237 | 131477 | 1468 | 153 | LAFOURCHE |
| 03/01/1985 | 600510 | 936040 | 7 | 548 | 1352 | 134851 | 1516 | 384 | LAFOURCHE |
| 02/01/1985 | 600510 | 936040 | 1 | 237 | 1298 | 119853 | 987 | 548 | LAFOURCHE |
| 01/01/1985 | 600510 | 936040 | 7 | 472 | 1315 | 126135 | 1550 | 237 | LAFOURCHE |
| 12/01/1984 | 600510 | 936040 | 7 | 505 | 1450 | 133660 | 1483 | 472 | LAFOURCHE |
| 11/01/1984 | 600510 | 936040 | 7 | 568 | 1006 | 130778 | 1069 | 505 | LAFOURCHE |
| 10/01/1984 | 600510 | 936040 | 7 | 254 | 1806 | 136591 | 1492 | 568 | LAFOURCHE |
| 09/01/1984 | 600510 | 936040 | 7 | 554 | 1244 | 133552 | 1544 | 254 | LAFOURCHE |
| 08/01/1984 | 600510 | 936040 | 7 | 294 | 1168 | 136875 | 908 | 554 | LAFOURCHE |
| 07/01/1984 | 600510 | 936040 | 7 | 645 | 795 | 138085 | 1146 | 294 | LAFOURCHE |
| 06/01/1984 | 600510 | 936040 | 7 | 219 | 1653 | 134392 | 1227 | 645 | LAFOURCHE |
| 05/01/1984 | 600510 | 936040 | 7 | 254 | 1303 | 134824 | 1338 | 219 | LAFOURCHE |
| 04/01/1984 | 600510 | 936040 | 7 | 449 | 1224 | 124260 | 1419 | 254 | LAFOURCHE |
| 03/01/1984 | 600510 | 936040 | 7 | 461 | 1363 | 130387 | 1375 | 449 | LAFOURCHE |
| 02/01/1984 | 600510 | 936040 | 7 | 576 | 1211 | 128806 | 1326 | 461 | LAFOURCHE |
| 01/01/1984 | 600510 | 936040 | 7 | 341 | 1442 | 133686 | 1207 | 576 | LAFOURCHE |
| 12/01/1983 | 600510 | 936040 | 7 | 275 | 1729 | 153613 | 1663 | 341 | LAFOURCHE |
| 11/01/1983 | 600510 | 936040 | 7 | 196 | 1617 | 160778 | 1538 | 275 | LAFOURCHE |
| 10/01/1983 | 600510 | 936040 | 7 | 191 | 1619 | 154328 | 1614 | 196 | LAFOURCHE |
| 09/01/1983 | 600510 | 936040 | 7 | 308 | 1498 | 154830 | 1615 | 191 | LAFOURCHE |
| 08/01/1983 | 600510 | 936040 | 7 | 340 | 1592 | 164333 | 1624 | 308 | LAFOURCHE |
| 07/01/1983 | 600510 | 936040 | 7 | 780 | 639 | 133494 | 1079 | 340 | LAFOURCHE |
| 06/01/1983 | 600510 | 936040 | 7 | 1021 | 645 | 174015 | 886 | 780 | LAFOURCHE |
| 05/01/1983 | 600510 | 936040 | 7 | 1041 | 1665 | 185213 | 1685 | 1021 | LAFOURCHE |
| 04/01/1983 | 600510 | 936040 | 7 | 748 | 1691 | 164541 | 1398 | 1041 | LAFOURCHE |
| 03/01/1983 | 600510 | 936040 | 7 | 769 | 1551 | 144038 | 1572 | 748 | LAFOURCHE |
| 03/01/1983 | 600510 | 936040 | 7 | 933 | 670 | 34366 | 834 | 769 | LAFOURCHE |
| 02/01/1983 | 600510 | 936040 | 7 | 1110 | 1834 | 164380 | 2011 | 933 | LAFOURCHE |
| 01/01/1983 | 600510 | 936040 | 7 | 522 | 2317 | 181425 | 1729 | 1110 | LAFOURCHE |
| 12/01/1982 | 600510 | 936040 | 7 | 457 | 2080 | 205639 | 2015 | 522 | LAFOURCHE |
| 11/01/1982 | 600510 | 936040 | 7 | 1085 | 2313 | 215147 | 2941 | 457 | LAFOURCHE |
| 10/01/1982 | 600510 | 936040 | 7 | 762 | 2095 | 228275 | 1772 | 1085 | LAFOURCHE |
| 09/01/1982 | 600510 | 936040 | 7 | 640 | 2522 | 215152 | 2400 | 762 | LAFOURCHE |
| 08/01/1982 | 600510 | 936040 | 7 | 794 | 2223 | 236211 | 2377 | 640 | LAFOURCHE |
| 07/01/1982 | 600510 | 936040 | 7 | 680 | 2239 | 240961 | 2125 | 794 | LAFOURCHE |
| 06/01/1982 | 600510 | 936040 | 7 | 1232 | 2067 | 218736 | 2619 | 680 | LAFOURCHE |
| 05/01/1982 | 600510 | 936040 | 7 | 1392 | 2280 | 234417 | 2440 | 1232 | LAFOURCHE |
| 04/01/1982 | 600510 | 936040 | 7 | 957 | 2823 | 273966 | 2388 | 1392 | LAFOURCHE |
| 03/01/1982 | 600510 | 936040 | 7 | 1022 | 2771 | 275966 | 2836 | 957 | LAFOURCHE |
| 02/01/1982 | 600510 | 936040 | 7 | 670 | 2579 | 241606 | 2227 | 1022 | LAFOURCHE |
| 01/01/1982 | 600510 | 936040 | 7 | 606 | 2299 | 239368 | 2235 | 670 | LAFOURCHE |
| 12/01/1981 | 600510 | 936040 | 7 | 1040 | 2668 | 263252 | 3102 | 606 | LAFOURCHE |
| 11/01/1981 | 600510 | 936040 | 7 | 641 | 2341 | 238780 | 1942 | 1040 | LAFOURCHE |
| 10/01/1981 | 600510 | 936040 | 7 | 819 | 2593 | 291700 | 2771 | 641 | LAFOURCHE |
| 09/01/1981 | 600510 | 936040 | 7 | 963 | 2643 | 280141 | 2787 | 819 | LAFOURCHE |
| 08/01/1981 | 600510 | 936040 | 7 | 1220 | 2539 | 252292 | 2796 | 963 | LAFOURCHE |
| 07/01/1981 | 600510 | 936040 | 7 | 1009 | 2722 | 269919 | 2511 | 1220 | LAFOURCHE |
| 06/01/1981 | 600510 | 936040 | 7 | 1571 | 2771 | 274153 | 3333 | 1009 | LAFOURCHE |
| 05/01/1981 | 600510 | 936040 | 7 | 1551 | 3223 | 291527 | 3203 | 1571 | LAFOURCHE |
| 04/01/1981 | 600510 | 936040 | 7 | 1385 | 3010 | 303231 | 2844 | 1551 | LAFOURCHE |



NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 03/01/1981 | 600510 | 936040 | 7 | 1071 | 2934 | 305984 | 2620 | 1385 | LAFOURCHE |
| 02/01/1981 | 600510 | 936040 | 7 | 1164 | 2749 | 262546 | 2842 | 1071 | LAFOURCHE |
| 01/01/1981 | 600510 | 936040 | 7 | 1401 | 2806 | 268373 | 3043 | 1164 | LAFOURCHE |
| 12/01/1980 | 600510 | 936040 | 7 | 1129 | 3011 | 298518 | 2739 | 1401 | LAFOURCHE |
| 11/01/1980 | 600510 | 936040 | 7 | 923 | 2629 | 258930 | 2423 | 1129 | LAFOURCHE |
| 10/01/1980 | 600510 | 936040 | 7 | 1249 | 2154 | 239151 | 2480 | 923 | LAFOURCHE |
| 09/01/1980 | 600510 | 936040 | 7 | 1021 | 1983 | 208328 | 1755 | 1249 | LAFOURCHE |
| 08/01/1980 | 600510 | 936040 | 7 | 1598 | 1954 | 210041 | 2531 | 1021 | LAFOURCHE |
| 07/01/1980 | 600510 | 936040 | 7 | 1103 | 1608 | 170077 | 1113 | 1598 | LAFOURCHE |
| 06/01/1980 | 600510 | 936040 | 7 | 1646 | 3136 | 209549 | 3679 | 1103 | LAFOURCHE |
| 05/01/1980 | 600510 | 936040 | 7 | 1328 | 4038 | 242154 | 3720 | 1646 | LAFOURCHE |
| 04/01/1980 | 600510 | 936040 | 7 | 1540 | 3825 | 239673 | 4037 | 1328 | LAFOURCHE |
| 03/01/1980 | 600510 | 936040 | 7 | 2336 | 3434 | 247300 | 4230 | 1540 | LAFOURCHE |
| 02/01/1980 | 600510 | 936040 | 7 | 2131 | 3199 | 211770 | 2994 | 2336 | LAFOURCHE |
| 01/01/1980 | 600510 | 936040 | 7 | 1230 | 4168 | 239710 | 3267 | 2131 | LAFOURCHE |
| 12/01/1979 | 600510 | 936040 | 7 | 1702 | 2229 | 194167 | 2701 | 1230 | LAFOURCHE |
| 11/01/1979 | 600510 | 936040 | 7 | 1099 | 1772 | 160646 | 1169 | 1702 | LAFOURCHE |
| 10/01/1979 | 600510 | 936040 | 7 | 1567 | 1791 | 187108 | 2259 | 1099 | LAFOURCHE |
| 09/01/1979 | 600510 | 936040 | 7 | 1556 | 1450 | 166162 | 1439 | 1567 | LAFOURCHE |
| 08/01/1979 | 600510 | 936040 | 7 | 1833 | 1458 | 161205 | 1735 | 1556 | LAFOURCHE |
| 07/01/1979 | 600510 | 936040 | 7 | 953 | 1466 | 173313 | 586 | 1833 | LAFOURCHE |
| 06/01/1979 | 600510 | 936040 | 7 | 1492 | 1481 | 162094 | 2020 | 953 | LAFOURCHE |
| 05/01/1979 | 600510 | 936040 | 7 | 1058 | 2346 | 209334 | 1912 | 1492 | LAFOURCHE |
| 04/01/1979 | 600510 | 936040 | 7 | 2009 | 2454 | 213620 | 3405 | 1058 | LAFOURCHE |
| 03/01/1979 | 600510 | 936040 | 7 | 1238 | 2654 | 226767 | 1883 | 2009 | LAFOURCHE |
| 02/01/1979 | 600510 | 936040 | 7 | 1348 | 2537 | 193716 | 2647 | 1238 | LAFOURCHE |
| 01/01/1979 | 600510 | 936040 | 7 | 756 | 1490 | 142092 | 898 | 1348 | LAFOURCHE |
| 12/01/1978 | 600510 | 936040 | 7 | 1076 | 1825 | 163473 | 2145 | 756 | LAFOURCHE |
| 11/01/1978 | 600510 | 936040 | 7 | 1372 | 1903 | 199554 | 2199 | 1076 | LAFOURCHE |
| 10/01/1978 | 600510 | 936040 | 7 | 2018 | 2017 | 215108 | 2663 | 1372 | LAFOURCHE |
| 09/01/1978 | 600510 | 936040 | 7 | 1414 | 2364 | 208511 | 1760 | 2018 | LAFOURCHE |
| 08/01/1978 | 600510 | 936040 | 7 | 1184 | 2406 | 237841 | 2176 | 1414 | LAFOURCHE |
| 07/01/1978 | 600510 | 936040 | 7 | 1512 | 2574 | 227229 | 2902 | 1184 | LAFOURCHE |
| 06/01/1978 | 600510 | 936040 | 7 | 1917 | 2387 | 224195 | 2792 | 1512 | LAFOURCHE |
| 05/01/1978 | 600510 | 936040 | 7 | 1706 | 2645 | 241614 | 2434 | 1917 | LAFOURCHE |
| 04/01/1978 | 600510 | 936040 | 7 | 1205 | 2287 | 225842 | 1786 | 1706 | LAFOURCHE |
| 03/01/1978 | 600510 | 936040 | 7 | 1970 | 2714 | 245287 | 3479 | 1205 | LAFOURCHE |
| 02/01/1978 | 600510 | 936040 | 7 | 1434 | 2691 | 219201 | 2155 | 1970 | LAFOURCHE |
| 01/01/1978 | 600510 | 936040 | 7 | 1562 | 3128 | 223744 | 3256 | 1434 | LAFOURCHE |
| 12/01/1977 | 600510 | 936040 | 7 | 1623 | 3922 | 269256 | 3983 | 1562 | LAFOURCHE |
| 11/01/1977 | 600510 | 936040 | 7 | 1733 | 3588 | 249612 | 3698 | 1623 | LAFOURCHE |
| 10/01/1977 | 600510 | 936040 | 7 | 2299 | 3980 | 279439 | 4546 | 1733 | LAFOURCHE |
| 09/01/1977 | 600510 | 936040 | 7 | 1430 | 4020 | 261964 | 3151 | 2299 | LAFOURCHE |
| 08/01/1977 | 600510 | 936040 | 7 | 1006 | 4154 | 300027 | 3730 | 1430 | LAFOURCHE |
| 07/01/1977 | 600510 | 936040 | 7 | 1312 | 3872 | 277781 | 4178 | 1006 | LAFOURCHE |
| 06/01/1977 | 600510 | 936040 | 7 | 1232 | 3859 | 280271 | 3779 | 1312 | LAFOURCHE |
| 05/01/1977 | 600510 | 936040 | 7 | 1574 | 4267 | 304465 | 4609 | 1232 | LAFOURCHE |
| 04/01/1977 | 600510 | 936040 | 7 | 1726 | 3353 | 298918 | 3505 | 1574 | LAFOURCHE |
| 03/01/1977 | 600510 | 936040 | 7 | 1698 | 3690 | 310593 | 3662 | 1726 | LAFOURCHE |
| 02/01/1977 | 600510 | 936040 | 7 | 1375 | 3473 | 302638 | 3150 | 1698 | LAFOURCHE |
| 01/01/1977 | 600510 | 936040 | 7 | 1914 | 3920 | 323377 | 4459 | 1375 | LAFOURCHE |

CASING

| COMPLETION DATE | CASING SIZE | WELLBORE SIZE | CASING WEIGHT | UPPER SET DEPTH | LOWER SET DEPTH | CEMENT SACKS | TEST PRESSURE | HOURS UNDER PRESSURE | TEST DATE | CASING PULLED | CREATION PROCESS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/02/1951 | 1600 | 0000 | 60 | 0 | 90 | 50 | 0 | 24 | | | CASING TEST |
| 06/02/1951 | 1034 | 0000 | 40.5 | 0 | 2750 | 625 | 1200 | 48 | | | CASING TEST |
| 06/02/1951 | 0700 | 0000 | 29 | 0 | 11895 | 750 | 1200 | 48 | | | CASING TEST |

PLUG AND ABANDON

| P and A DATE | LOCATION TYPE | CASING CUT TYPE | CASING CUT DEPTH | MUD WEIGHT LEFT | COMMENTS |
|---|---|---|---|---|---|

PLUGS

| PLUG TYPE | UPPER PLUG DEPTH | LOWER PLUG DEPTH | SACKS OF CEMENT | SLURRY WEIGHT |
|---|---|---|---|---|

TUBING AND PACKERS

| COMPLETION DATE | TUBING SIZE | TUBING LOWER DEPTH | TUBING UPPER DEPTH | PACKER DEPTH |
|---|---|---|---|---|
| 06/02/1951 | 00&00/00 | 0 | 0 | |
| 06/02/1951 | 2&01/02 | 11429 | 0 | |

WORK PERMITS

| REFERENCE NUMBER | APPLICATION DATE | EXPIRATION DATE | WORK PERMIT | WORK PERMIT | WORK PERMIT STATUS_DATE | TOTAL DEPTH | WORK_PERFORMED | DOCUMENTATION RECEIPT DATE | TEST SAND | WORK DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|



NON-CERTIFIED COPY

| TYPE | STATUS |
|---|---|



NON-CERTIFIED COPY

# Well Information

## Review Well Information

**WELLS**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | PARISH | PROD TYPE | SEC | TWN | RGE | EFFECTIVE DATE | API NUM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 43375 | GHEENS REALTY | 001 | 4802 | 9096 | 29 | 20 | 037 | 16S | 20E | 10/01/1989 | 17057005910000 |

| PRMT DATE | SPUD DATE | STAT DATE | ST CD |
|---|---|---|---|
| 05/30/1951 | 06/15/1951 | 10/10/1989 | 30 |

**WELL SURFACE COORDINATES**

| Surface Longitude | Surface Latitude | Lambert X | Lambert Y | Ground Elevation | Zone | Datum |
|---|---|---|---|---|---|---|
| 90-26-27.96 | 29-38-22.199 | 2283443 | 354869 | 0 | S | NAD-27 |

**WELL SURFACE COORDINATES GENERATED BY DNR**

| UTMX 83 | UTMY 83 | LONGITUDE 83 | LATITUDE 83 |
|---|---|---|---|
| 747720.66247085 | 3281600.36475298 | -90.44118585 | 29.63971191 |

**BOTTOM HOLE COORD**

| EFFECTIVE DATE | END DATE | PLUGBACK TOTAL DEPTH | TRUE VERTICAL DEPTH | MEASURED DEPTH | LAT DEG | LAT MIN | LAT SEC | LONG DEG | LONG MIN | LONG SEC | COORDINATE SOURCE | LAMBERT X | LAMBERT Y | ZONE | COORDINATE SYSTEM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/01/1973 | 10/01/1976 | | 0 | 0 | | | | | | | 03 | 0 | 0 | | 01 |
| 10/01/1976 | 03/01/1983 | | 0 | 13427 | | | | | | | 03 | 0 | 0 | | 01 |

**WELL HISTORY**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | ST CD | PT | WELL CLASS | EFF DATE | END DATE | STAT DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 43375 | GHEENS REALTY | 001 | 4802 | 9096 | 30 | 20 | | 10/01/1989 | | 10/10/1989 |
| 43375 | GHEENS REALTY | 001 | 4802 | 9096 | 10 | 20 | | 08/01/1985 | 10/01/1989 | 07/09/1984 |
| 43375 | GHEENS REALTY | 001 | 4802 | 9096 | 10 | 20 | | 09/01/1984 | 08/01/1985 | 07/09/1984 |
| 43375 | GHEENS REALTY | 001 | 4802 | 9096 | 10 | 20 | | 07/01/1984 | 09/01/1984 | 07/09/1984 |
| 43375 | SC 3 SUH;GHEENS REALTY | 001 | 4802 | 9096 | 33 | 20 | | 05/01/1984 | 07/01/1984 | 05/18/1984 |
| 43375 | SC 3 SUH;GHEENS REALTY | 001 | 4802 | 9096 | 10 | 20 | | 12/01/1983 | 05/01/1984 | 10/21/1971 |
| 43375 | SC 3 SUH;GHEENS REALTY | 001 | 4746 | 9096 | 10 | 20 | | 03/01/1983 | 12/01/1983 | 10/21/1971 |
| 43375 | SC 3 SUH;GHEENS REALTY | 001 | 1996 | 9096 | 10 | 20 | | 10/01/1976 | 03/01/1983 | 10/21/1971 |
| 43375 | SC-3 SUH;GHEENS REALTY | 001 | 1996 | 9096 | 10 | 20 | | 02/01/1973 | 10/01/1976 | 02/01/1973 |

**SCOUT INFO**

| REPORT DATE | WELL STATUS | MEASURED DEPTH | TRUE VERT DEPTH | DETAIL |
|---|---|---|---|---|

**PERFORATIONS**

| SERIAL NUM | COMPLETION DATE | UPPER PERF | LOWER PERF | SANDS | RESERVOIR |
|---|---|---|---|---|---|
| 43375 | 07/09/1984 | 11324 | 11334 | U MARKER | |
| 43375 | 10/18/1951 | 11521 | 11531 | SC #3 | |

**WELL TESTS**

| RPT TYP | TEST DATE | RPT DATE | OIL POT | COND | GAS DEL | WATER | BSW% | FLOW PRES | SHUTIN PRES | CHOKE | UPPER PERF | LOWER PERF | BOT HOLE PRES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DT-1 | 02/18/1986 | 03/01/1987 | | 0 | 0 | 0 | | 0 | 0 | | 11324 | 11334 | 0 |
| DT-1 | 02/01/1986 | 03/01/1986 | | 0 | 70 | 0 | | 70 | 0 | 64 | 11324 | 11334 | 0 |
| DT-1 | 10/09/1985 | 12/01/1985 | | 0 | 60 | 0 | | 75 | 0 | 64 | 11324 | 11334 | 0 |
| DT-1 | 07/04/1985 | 09/01/1985 | | 0 | 50 | 0 | | 75 | 0 | 64 | 11324 | 11334 | 0 |
| DT-1 | 04/26/1985 | 06/01/1985 | | 0 | 60 | 0 | | 70 | 0 | 64 | 11324 | 11334 | 0 |
| DT-1 | 01/07/1985 | 03/01/1985 | | 0 | 60 | 0 | | 70 | 0 | 64 | 11324 | 11334 | 0 |
| DT-1 | 11/08/1984 | 12/01/1984 | | 0 | 60 | 0 | | 75 | 0 | 64 | 11324 | 11334 | 0 |
| SDM2G | 09/20/1984 | 09/01/1984 | 0 | 0 | 66 | 0 | 0 | 80 | | OPEN | 11324 | 11333 | |
| DT-1 | 05/18/1984 | 09/01/1984 | | 0 | 0 | 0 | | 0 | 0 | | 11521 | 11531 | 0 |
| DT-1 | 03/21/1984 | 06/01/1984 | | 4 | 1100 | 15 | | 360 | 0 | 64 | 11521 | 11531 | 0 |
| DT-1 | 02/03/1984 | 03/01/1984 | | 4 | 1100 | 15 | | 360 | 0 | 64 | 11521 | 11531 | 0 |
| DT-1 | 10/03/1983 | 12/01/1983 | | 4 | 1200 | 15 | | 400 | 0 | 64 | 11521 | 11531 | 0 |
| DT-1 | 08/06/1983 | 09/01/1983 | | 4 | 1200 | 14 | | 440 | 0 | 64/64 | 11521 | 11531 | 0 |
| DT-1 | 05/11/1983 | 06/01/1983 | | 12 | 1200 | 10 | | 575 | 700 | | 11521 | 11531 | 0 |
| DT-1 | 01/19/1983 | 03/01/1983 | | 8 | 1200 | 8 | | 580 | 730 | | 11521 | 11531 | 0 |
| DT-1 | 11/20/1982 | 12/01/1982 | | 8 | 1200 | 8 | | 600 | 700 | | 11521 | 11531 | 0 |
| DT-1 | 08/15/1982 | 09/01/1982 | | 8 | 1400 | 5 | | 660 | 800 | | 11521 | 11531 | 0 |
| DT-1 | 04/14/1982 | 06/01/1982 | | 8 | 1300 | 9 | | 720 | 850 | | 11521 | 11531 | 0 |
| DT-1 | 01/14/1982 | 03/01/1982 | | 8 | 1300 | 5 | | 710 | 0 | | 11521 | 11531 | 0 |
| DT-1 | 08/20/1981 | 09/01/1981 | | 11 | 1900 | 6 | | 650 | 1000 | 32 | 11521 | 11531 | 0 |
| DT-1 | 04/16/1981 | 06/01/1981 | | 10 | 2500 | 3 | | 750 | 1100 | 32 | 11521 | 11531 | 0 |
| DT-1 | 01/29/1981 | 03/01/1981 | | 11 | 1400 | 6 | | 780 | 900 | 32 | 11521 | 11531 | 0 |
| DT-1 | 11/01/1980 | 12/01/1980 | | 37 | 3200 | 4 | | 940 | 1400 | 32 | 11521 | 11531 | 0 |
| DT-1 | 06/17/1980 | 09/01/1980 | | 37 | 3200 | 4 | | 940 | 1400 | 32 | 11521 | 11531 | 0 |
| DT-1 | 05/06/1980 | 06/01/1980 | | 38 | 3300 | 4 | | 950 | 1400 | 32 | 11521 | 11531 | 0 |
| DT-1 | 02/21/1980 | 03/01/1980 | | 31 | 3000 | 3 | | 1000 | 1400 | 32 | 11521 | 11531 | 0 |



NON-CERTIFIED COPY

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DT-1 | 10/10/1979 | 12/01/1979 | 32 | 2750 | 3 | 1020 | 1400 | 32 | 11521 | 11531 | 0 |
| DT-1 | 06/28/1979 | 09/01/1979 | 35 | 2700 | 3 | 1000 | 1400 | 32 | 11521 | 11531 | 0 |
| DT-1 | 05/04/1979 | 06/01/1979 | 33 | 2800 | 2 | 1000 | 1400 | 32 | 11521 | 11531 | 0 |
| DT-1 | 02/15/1979 | 03/01/1979 | 33 | 3100 | 6 | 1050 | 1600 | 32 | 11521 | 11531 | 0 |

**WELL ALLOWABLES**

| EFFECTIVE DATE | END DATE | LUW CODE | LUW TYPE CODE | ALLOWABLE | ESTIMATED POTENTIAL | CURRENT ALLOWABLE TYPE |
|---|---|---|---|---|---|---|
| 04/01/1988 | 06/30/1988 | 043375 | 3 | 0 | | 3 |
| 01/01/1987 | 03/31/1987 | 043375 | 3 | 0 | | 3 |
| 01/01/1986 | 03/31/1986 | 043375 | 3 | 75 | | 3 |
| 10/01/1985 | 12/31/1985 | 043375 | 3 | 100 | | 3 |
| 04/01/1985 | 06/30/1985 | 043375 | 3 | 100 | | 3 |
| 01/01/1985 | 03/31/1985 | 043375 | 3 | 100 | | 3 |
| 10/01/1984 | 12/31/1984 | 043375 | 3 | 100 | | 3 |
| 08/18/1984 | 09/30/1984 | 043375 | 3 | 100 | | 3 |
| 07/09/1984 | 09/30/1984 | 043375 | 3 | 0 | | 3 |
| 07/01/1984 | 08/31/1984 | 600524 | 2 | 0 | | 3 |
| 07/01/1984 | 09/30/1984 | 043375 | 3 | 1200 | | 3 |
| 05/01/1984 | 06/30/1984 | 600524 | 2 | 1200 | | 3 |
| 01/01/1984 | 03/31/1984 | 600524 | 2 | 1200 | | 3 |
| 12/01/1983 | 12/31/1983 | 600524 | 2 | 1000 | | 3 |
| 10/01/1983 | 12/31/1983 | 600524 | 2 | 1000 | | 3 |
| 07/01/1983 | 09/30/1983 | 600524 | 2 | 1200 | | 3 |
| 04/01/1983 | 06/30/1983 | 600524 | 2 | 1150 | | 3 |
| 03/08/1983 | 03/31/1983 | 600524 | 2 | 958 | | 3 |
| 03/01/1983 | 03/31/1983 | 600524 | 2 | 958 | | 3 |
| 01/01/1983 | 03/31/1983 | 600524 | 2 | 958 | | 3 |
| 10/01/1982 | 12/31/1982 | 600524 | 2 | 1040 | | 3 |
| 04/01/1982 | 06/30/1982 | 600524 | 2 | 1500 | | 3 |
| 01/01/1982 | 03/31/1982 | 600524 | 2 | 1400 | | 3 |
| 12/11/1981 | 12/31/1981 | 600524 | 2 | 1300 | | 3 |
| 11/01/1981 | 12/31/1981 | 600524 | 2 | 0 | | 3 |
| 04/01/1981 | 06/30/1981 | 600524 | 2 | 1400 | | 3 |
| 01/01/1981 | 03/31/1981 | 600524 | 2 | 2800 | | 3 |
| 10/01/1980 | 12/31/1980 | 600524 | 2 | 3200 | | 3 |
| 07/01/1980 | 09/30/1980 | 600524 | 2 | 3500 | | 3 |
| 04/01/1980 | 06/30/1980 | 600524 | 2 | 3200 | | 3 |
| 07/01/1979 | 09/30/1979 | 600524 | 2 | 3000 | | 3 |
| 04/01/1979 | 06/30/1979 | 600524 | 2 | 3200 | | 3 |
| 01/01/1979 | 03/31/1979 | 600524 | 2 | 3400 | | 3 |
| 10/01/1978 | 12/31/1978 | 600524 | 2 | 4000 | | 3 |
| 04/01/1978 | 06/30/1978 | 600524 | 2 | 3900 | | 3 |
| 07/01/1977 | 09/30/1977 | 600524 | 2 | 4200 | | 3 |
| 01/01/1977 | 03/31/1977 | 600524 | 2 | 5000 | | 3 |

**LEASE\UNIT\WELL PRODUCTION**

| RPT DATE | LUW CODE | STORAGE FAC | DOC USE | WELL CNT | OPENING STK | OIL PROD(BBL) | GAS PROD(MCF) | DISPOSITION | CLOSING STK | PARISH |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/1989 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/1988 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/1987 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/1987 | 043375 | 936040 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |



NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 10/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/1987 | 043375 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 02/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 01/01/1987 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 12/01/1986 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 11/01/1986 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/1986 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/1986 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/1986 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 07/01/1986 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/1986 | 043375 | 936040 | 0 | 2 | -2 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/1986 | 043375 | 936040 | 0 | 0 | 2 | 0 | 0 | 2 | LAFOURCHE |
| 04/01/1986 | 043375 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 03/01/1986 | 043375 | 936040 | 1 | 0 | 0 | 371 | 0 | 0 | LAFOURCHE |
| 02/01/1986 | 043375 | 936040 | 1 | 0 | 0 | 785 | 0 | 0 | LAFOURCHE |
| 01/01/1986 | 043375 | 936040 | 1 | 0 | 0 | 1042 | 0 | 0 | LAFOURCHE |
| 12/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1178 | 0 | 0 | LAFOURCHE |
| 11/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1528 | 0 | 0 | LAFOURCHE |
| 10/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1504 | 0 | 0 | LAFOURCHE |
| 09/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1451 | 0 | 0 | LAFOURCHE |
| 08/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1538 | 0 | 0 | LAFOURCHE |
| 07/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1247 | 0 | 0 | LAFOURCHE |
| 06/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1544 | 0 | 0 | LAFOURCHE |
| 05/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1511 | 0 | 0 | LAFOURCHE |
| 04/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1455 | 0 | 0 | LAFOURCHE |
| 03/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1575 | 0 | 0 | LAFOURCHE |
| 02/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 1110 | 0 | 0 | LAFOURCHE |
| 01/01/1985 | 043375 | 936040 | 1 | 0 | 0 | 914 | 0 | 0 | LAFOURCHE |
| 12/01/1984 | 043375 | 936040 | 1 | 0 | 0 | 1263 | 0 | 0 | LAFOURCHE |
| 11/01/1984 | 043375 | 936040 | 1 | 0 | 0 | 1243 | 0 | 0 | LAFOURCHE |
| 10/01/1984 | 043375 | 936040 | 1 | 0 | 0 | 1419 | 0 | 0 | LAFOURCHE |
| 09/01/1984 | 043375 | 936040 | 1 | 0 | 0 | 1348 | 0 | 0 | LAFOURCHE |
| 08/01/1984 | 043375 | | 1 | 0 | 34 | 237 | 34 | 0 | LAFOURCHE |
| 07/01/1984 | 043375 | | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 06/01/1984 | 600524 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 05/01/1984 | 600524 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 04/01/1984 | 600524 | 936040 | 1 | 0 | 37 | 1948 | 37 | 0 | LAFOURCHE |
| 03/01/1984 | 600524 | 936040 | 1 | 0 | 117 | 21807 | 117 | 0 | LAFOURCHE |
| 02/01/1984 | 600524 | 936040 | 1 | 0 | 113 | 24953 | 113 | 0 | LAFOURCHE |
| 01/01/1984 | 600524 | 936040 | 1 | 0 | 89 | 29614 | 89 | 0 | LAFOURCHE |
| 12/01/1983 | 600524 | 936040 | 1 | 0 | 87 | 32940 | 87 | 0 | LAFOURCHE |
| 11/01/1983 | 600524 | 936040 | 1 | 0 | 108 | 36062 | 108 | 0 | LAFOURCHE |
| 10/01/1983 | 600524 | 936040 | 1 | 0 | 113 | 36784 | 113 | 0 | LAFOURCHE |
| 09/01/1983 | 600524 | 936040 | 1 | 0 | 103 | 34337 | 103 | 0 | LAFOURCHE |
| 08/01/1983 | 600524 | 936040 | 1 | 0 | 107 | 30200 | 107 | 0 | LAFOURCHE |
| 07/01/1983 | 600524 | 936040 | 1 | 0 | 385 | 30249 | 385 | 0 | LAFOURCHE |
| 06/01/1983 | 600524 | 936040 | 1 | 0 | 395 | 31366 | 395 | 0 | LAFOURCHE |
| 05/01/1983 | 600524 | 936040 | 1 | 0 | 318 | 32868 | 318 | 0 | LAFOURCHE |
| 04/01/1983 | 600524 | 936040 | 1 | 0 | 349 | 30814 | 349 | 0 | LAFOURCHE |
| 03/01/1983 | 600524 | 936040 | 1 | 0 | 225 | 28381 | 225 | 0 | LAFOURCHE |
| 03/01/1983 | 600524 | 936040 | 1 | 0 | 56 | 8188 | 56 | 0 | LAFOURCHE |
| 02/01/1983 | 600524 | 936040 | 1 | 0 | 195 | 33439 | 195 | 0 | LAFOURCHE |
| 01/01/1983 | 600524 | 936040 | 1 | 0 | 226 | 34593 | 226 | 0 | LAFOURCHE |
| 12/01/1982 | 600524 | 936040 | 1 | 0 | 212 | 40648 | 212 | 0 | LAFOURCHE |
| 11/01/1982 | 600524 | 936040 | 1 | 0 | 176 | 32371 | 176 | 0 | LAFOURCHE |
| 10/01/1982 | 600524 | 936040 | 1 | 0 | 154 | 33308 | 154 | 0 | LAFOURCHE |
| 09/01/1982 | 600524 | 936040 | 1 | 0 | 239 | 38151 | 239 | 0 | LAFOURCHE |
| 08/01/1982 | 600524 | 936040 | 1 | 0 | 195 | 39087 | 195 | 0 | LAFOURCHE |
| 07/01/1982 | 600524 | 936040 | 1 | 0 | 212 | 39775 | 212 | 0 | LAFOURCHE |
| 06/01/1982 | 600524 | 936040 | 1 | 0 | 224 | 37500 | 224 | 0 | LAFOURCHE |



NON-CERTIFIED COPY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 05/01/1982 | 600524 | 936040 | 1 | 0 | 231 | 38213 | 231 | 0 | LAFOURCHE |
| 04/01/1982 | 600524 | 936040 | 1 | 0 | 234 | 36640 | 234 | 0 | LAFOURCHE |
| 03/01/1982 | 600524 | 936040 | 1 | 0 | 247 | 39741 | 247 | 0 | LAFOURCHE |
| 02/01/1982 | 600524 | 936040 | 1 | 0 | 223 | 34462 | 223 | 0 | LAFOURCHE |
| 01/01/1982 | 600524 | 936040 | 1 | 0 | 204 | 34976 | 204 | 0 | LAFOURCHE |
| 12/01/1981 | 600524 | 936040 | 1 | 0 | 158 | 25133 | 158 | 0 | LAFOURCHE |
| 11/01/1981 | 600524 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 10/01/1981 | 600524 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 09/01/1981 | 600524 | 936040 | 0 | 0 | 0 | 0 | 0 | 0 | LAFOURCHE |
| 08/01/1981 | 600524 | 936040 | 1 | 0 | 209 | 53264 | 209 | 0 | LAFOURCHE |
| 07/01/1981 | 600524 | 936040 | 1 | 0 | 222 | 55617 | 222 | 0 | LAFOURCHE |
| 06/01/1981 | 600524 | 936040 | 1 | 0 | 211 | 55217 | 211 | 0 | LAFOURCHE |
| 05/01/1981 | 600524 | 936040 | 1 | 0 | 277 | 61413 | 277 | 0 | LAFOURCHE |
| 04/01/1981 | 600524 | 936040 | 1 | 0 | 484 | 71257 | 484 | 0 | LAFOURCHE |
| 03/01/1981 | 600524 | 936040 | 1 | 0 | 451 | 68725 | 451 | 0 | LAFOURCHE |
| 02/01/1981 | 600524 | 936040 | 1 | 0 | 269 | 37939 | 269 | 0 | LAFOURCHE |
| 01/01/1981 | 600524 | 936040 | 1 | 0 | 331 | 45315 | 331 | 0 | LAFOURCHE |
| 12/01/1980 | 600524 | 936040 | 1 | 0 | 470 | 48465 | 470 | 0 | LAFOURCHE |
| 11/01/1980 | 600524 | 936040 | 1 | 0 | 607 | 57562 | 607 | 0 | LAFOURCHE |
| 10/01/1980 | 600524 | 936040 | 1 | 0 | 807 | 75249 | 807 | 0 | LAFOURCHE |
| 09/01/1980 | 600524 | 936040 | 1 | 0 | 972 | 80155 | 972 | 0 | LAFOURCHE |
| 08/01/1980 | 600524 | 936040 | 1 | 0 | 1013 | 86107 | 1013 | 0 | LAFOURCHE |
| 07/01/1980 | 600524 | 936040 | 1 | 0 | 1065 | 88094 | 1065 | 0 | LAFOURCHE |
| 06/01/1980 | 600524 | 936040 | 1 | 0 | 948 | 88364 | 948 | 0 | LAFOURCHE |
| 05/01/1980 | 600524 | 936040 | 1 | 0 | 1105 | 92935 | 1105 | 0 | LAFOURCHE |
| 04/01/1980 | 600524 | 936040 | 1 | 0 | 1061 | 93364 | 1061 | 0 | LAFOURCHE |
| 03/01/1980 | 600524 | 936040 | 1 | 0 | 1127 | 92444 | 1127 | 0 | LAFOURCHE |
| 02/01/1980 | 600524 | 936040 | 1 | 0 | 896 | 82625 | 896 | 0 | LAFOURCHE |
| 01/01/1980 | 600524 | 936040 | 1 | 0 | 1031 | 86734 | 1031 | 0 | LAFOURCHE |
| 12/01/1979 | 600524 | 936040 | 1 | 0 | 1067 | 78079 | 1067 | 0 | LAFOURCHE |
| 11/01/1979 | 600524 | 936040 | 1 | 0 | 903 | 76595 | 903 | 0 | LAFOURCHE |
| 10/01/1979 | 600524 | 936040 | 1 | 0 | 896 | 80035 | 896 | 0 | LAFOURCHE |
| 09/01/1979 | 600524 | 936040 | 1 | 0 | 882 | 77673 | 882 | 0 | LAFOURCHE |
| 08/01/1979 | 600524 | 936040 | 1 | 0 | 940 | 84800 | 940 | 0 | LAFOURCHE |
| 07/01/1979 | 600524 | 936040 | 1 | 0 | 969 | 85649 | 969 | 0 | LAFOURCHE |
| 06/01/1979 | 600524 | 936040 | 1 | 0 | 853 | 82647 | 853 | 0 | LAFOURCHE |
| 05/01/1979 | 600524 | 936040 | 1 | 0 | 1053 | 86689 | 1053 | 0 | LAFOURCHE |
| 04/01/1979 | 600524 | 936040 | 1 | 0 | 962 | 84286 | 962 | 0 | LAFOURCHE |
| 03/01/1979 | 600524 | 936040 | 1 | 0 | 1091 | 92073 | 1091 | 0 | LAFOURCHE |
| 02/01/1979 | 600524 | 936040 | 1 | 0 | 1034 | 76072 | 1034 | 0 | LAFOURCHE |
| 01/01/1979 | 600524 | 936040 | 1 | 0 | 1278 | 93809 | 1278 | 0 | LAFOURCHE |
| 12/01/1978 | 600524 | 936040 | 1 | 0 | 1513 | 102189 | 1513 | 0 | LAFOURCHE |
| 11/01/1978 | 600524 | 936040 | 1 | 0 | 1298 | 99933 | 1298 | 0 | LAFOURCHE |
| 10/01/1978 | 600524 | 936040 | 1 | 0 | 1375 | 103667 | 1375 | 0 | LAFOURCHE |
| 09/01/1978 | 600524 | 936040 | 0 | 0 | 1301 | 99222 | 1301 | 0 | LAFOURCHE |
| 08/01/1978 | 600524 | 936040 | 0 | 0 | 1249 | 104124 | 1249 | 0 | LAFOURCHE |
| 07/01/1978 | 600524 | 936040 | 0 | 0 | 1415 | 102244 | 1415 | 0 | LAFOURCHE |
| 06/01/1978 | 600524 | 936040 | 0 | 0 | 1341 | 103151 | 1341 | 0 | LAFOURCHE |
| 05/01/1978 | 600524 | 936040 | 1 | 0 | 1473 | 110623 | 1473 | 0 | LAFOURCHE |
| 04/01/1978 | 600524 | 936040 | 1 | 0 | 1375 | 109862 | 1375 | 0 | LAFOURCHE |
| 03/01/1978 | 600524 | 936040 | 1 | 0 | 1585 | 112987 | 1585 | 0 | LAFOURCHE |
| 02/01/1978 | 600524 | 936040 | 1 | 0 | 1245 | 102958 | 1245 | 0 | LAFOURCHE |
| 01/01/1978 | 600524 | 936040 | 1 | 0 | 1225 | 100452 | 1225 | 0 | LAFOURCHE |
| 12/01/1977 | 600524 | 936040 | 1 | 0 | 1357 | 121079 | 1357 | 0 | LAFOURCHE |
| 11/01/1977 | 600524 | 936040 | 1 | 0 | 1382 | 117958 | 1382 | 0 | LAFOURCHE |
| 10/01/1977 | 600524 | 936040 | 1 | 0 | 1469 | 128030 | 1469 | 0 | LAFOURCHE |
| 09/01/1977 | 600524 | 936040 | 1 | 0 | 1495 | 120058 | 1495 | 0 | LAFOURCHE |
| 08/01/1977 | 600524 | 936040 | 1 | 0 | 1464 | 124912 | 1464 | 0 | LAFOURCHE |
| 07/01/1977 | 600524 | 936040 | 1 | 0 | 1429 | 127437 | 1429 | 0 | LAFOURCHE |
| 06/01/1977 | 600524 | 936040 | 1 | 0 | 1222 | 100580 | 1222 | 0 | LAFOURCHE |
| 05/01/1977 | 600524 | 936040 | 1 | 0 | 1309 | 104230 | 1309 | 0 | LAFOURCHE |
| 04/01/1977 | 600524 | 936040 | 1 | 0 | 1815 | 101420 | 1815 | 0 | LAFOURCHE |
| 03/01/1977 | 600524 | 936040 | 1 | 0 | 2055 | 110234 | 2055 | 0 | LAFOURCHE |
| 02/01/1977 | 600524 | 936040 | 0 | 0 | 1879 | 103852 | 1879 | 0 | LAFOURCHE |
| 01/01/1977 | 600524 | 936040 | 1 | 0 | 2204 | 114441 | 2204 | 0 | LAFOURCHE |

CASING

| COMPLETION DATE | CASING SIZE | WELLBORE SIZE | CASING WEIGHT | UPPER SET DEPTH | LOWER SET DEPTH | CEMENT SACKS | TEST PRESSURE | HOURS UNDER PRESSURE | TEST DATE | CASING PULLED | CREATION PROCESS |
|---|---|---|---|---|---|---|---|---|---|---|---|



NON-CERTIFIED COPY

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/10/1989 | 0700 | | | | | | | | 2430 | PLUG AND ABANDON |
| 10/10/1989 | 00 | | | | | | | | 0 | PLUG AND ABANDON |
| 10/10/1989 | 1034 | | | | | | | | 0 | PLUG AND ABANDON |
| 10/18/1951 | 1034 | 0000 | 40.5 | 0 | 2738 | 650 | 1200 | 48 | | CASING TEST |
| 10/18/1951 | 0400 | 0000 | 12 | 473 | 13131 | 75 | 1200 | 72 | | CASING TEST |
| 10/18/1951 | 0700 | 0000 | 26 | 0 | 12130 | 750 | 1200 | 72 | | CASING TEST |
| 10/18/1951 | 0500 | 0000 | 18 | 0 | 473 | 0 | 0 | 0 | | CASING TEST |

**PLUG AND ABANDON**

| P and A DATE | LOCATION TYPE | CASING CUT TYPE | CASING CUT DEPTH | MUD WEIGHT LEFT | COMMENTS |
|---|---|---|---|---|---|
| 10/10/1989 | | | | | |

**PLUGS**

| PLUG TYPE | UPPER PLUG DEPTH | LOWER PLUG DEPTH | SACKS OF CEMENT | SLURRY WEIGHT |
|---|---|---|---|---|
| | 2330 | 2530 | 75 | |
| | 10935 | 11185 | 50 | |
| | 10 | 110 | 45 | |

**TUBING AND PACKERS**

| COMPLETION DATE | TUBING SIZE | TUBING LOWER DEPTH | TUBING UPPER DEPTH | PACKER DEPTH |
|---|---|---|---|---|
| 10/18/1951 | 00&00/00 | 0 | 0 | 11203 |
| 10/18/1951 | 02&03/08 | 11203 | 0 | 11203 |

**WORK PERMITS**

| REFERENCE NUMBER | APPLICATION DATE | EXPIRATION DATE | WORK PERMIT TYPE | WORK PERMIT STATUS | WORK PERMIT STATUS_DATE | TOTAL DEPTH | WORK_PERFORMED | DOCUMENTATION RECEIPT DATE | TEST SAND | WORK DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|



NON-CERTIFIED COPY

# Well Information

## Review Well Information

**WELLS**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | PARISH | PROD TYPE | SEC | TWN | RGE | EFFECTIVE DATE | API NUM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 55784 | GHEENS REALTY CO | 002 | 9999 | 9096 | 29 | 00 | 037 | 16S | 20E | 08/01/1955 | 17057005900000 |

| PRMT DATE | SPUD DATE | STAT DATE | ST CD |
|---|---|---|---|
| 03/09/1955 | 03/13/1955 | 08/03/1955 | 29 |

**WELL SURFACE COORDINATES**

| Surface Longitude | Surface Latitude | Lambert X | Lambert Y | Ground Elevation | Zone | Datum |
|---|---|---|---|---|---|---|
| 90-27-18 | 29-39-6.84 | 2278993 | 359344 | 0 | S | NAD-27 |

**WELL SURFACE COORDINATES GENERATED BY DNR**

| UTMX 83 | UTMY 83 | LONGITUDE 83 | LATITUDE 83 |
|---|---|---|---|
| 746344.34637365 | 3282945.34870293 | -90.45508553 | 29.65211199 |

**BOTTOM HOLE COORD**

| EFFECTIVE DATE | END DATE | PLUGBACK TOTAL DEPTH | TRUE VERTICAL DEPTH | MEASURED DEPTH | LAT DEG | LAT MIN | LAT SEC | LONG DEG | LONG MIN | LONG SEC | COORDINATE SOURCE | LAMBERT X | LAMBERT Y | ZONE | COORDINATE SYSTEM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/01/1955 | | | 0 | 16138 | | | | | | | 03 | 0 | 0 | | 01 |

**WELL HISTORY**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | ST CD | PT | WELL CLASS | EFF DATE | END DATE | STAT DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 55784 | GHEENS REALTY CO | 002 | 9999 | 9096 | 29 | 00 | | 08/01/1955 | | 08/03/1955 |

**SCOUT INFO**

| REPORT DATE | WELL STATUS | MEASURED DEPTH | TRUE VERT DEPTH | DETAIL |
|---|---|---|---|---|

**PERFORATIONS**

| SERIAL NUM | COMPLETION DATE | UPPER PERF | LOWER PERF | SANDS | RESERVOIR |
|---|---|---|---|---|---|

**WELL TESTS**

| RPT TYP | TEST DATE | RPT DATE | OIL POT | COND | GAS DEL | WATER | BSW% | FLOW PRES | SHUTIN PRES | CHOKE | UPPER PERF | LOWER PERF | BOT HOLE PRES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**WELL ALLOWABLES**

| EFFECTIVE DATE | END DATE | LUW CODE | LUW TYPE CODE | ALLOWABLE | ESTIMATED POTENTIAL | CURRENT ALLOWABLE TYPE |
|---|---|---|---|---|---|---|

**LEASE\UNIT\WELL PRODUCTION**

| RPT DATE | LUW CODE | STORAGE FAC | DOC USE | WELL CNT | OPENING STK | OIL PROD(BBL) | GAS PROD(MCF) | DISPOSITION | CLOSING STK | PARISH |
|---|---|---|---|---|---|---|---|---|---|---|

**CASING**

| COMPLETION DATE | CASING SIZE | WELLBORE SIZE | CASING WEIGHT | UPPER SET DEPTH | LOWER SET DEPTH | CEMENT SACKS | TEST PRESSURE | HOURS UNDER PRESSURE | TEST DATE | CASING PULLED | CREATION PROCESS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/23/1955 | 0700 | | | | | | | | | 0 | PLUG AND ABANDON |
| 08/23/1955 | 1338 | | | | | | | | | 0 | PLUG AND ABANDON |
| 08/23/1955 | 0958 | | | | | | | | | 2500 | PLUG AND ABANDON |
| 08/23/1955 | 0700 | 0838 | 29 | 0 | 14218 | 250 | 0 | 0 | 06/24/1955 | | CASING TEST |
| 08/23/1955 | 0958 | 1214 | 43.5 | 0 | 12300 | 2000 | 800 | 8 | 04/17/1955 | | CASING TEST |
| 08/23/1955 | 1338 | 1712 | 54.5 | 0 | 2540 | 1000 | 500 | 8 | 03/14/1955 | | CASING TEST |

**PLUG AND ABANDON**

| P and A DATE | LOCATION TYPE | CASING CUT TYPE | CASING CUT DEPTH | MUD WEIGHT LEFT | COMMENTS |
|---|---|---|---|---|---|
| 08/23/1955 | | | | | |

**PLUGS**

| PLUG TYPE | UPPER PLUG DEPTH | LOWER PLUG DEPTH | SACKS OF CEMENT | SLURRY WEIGHT |
|---|---|---|---|---|
| | 14130 | 14180 | 50 | |
| | 0 | 50 | 20 | |
| | 2400 | 2600 | 100 | |

**TUBING AND PACKERS**

| COMPLETION DATE | TUBING SIZE | TUBING LOWER DEPTH | TUBING UPPER DEPTH | PACKER DEPTH |
|---|---|---|---|---|
| 08/23/1955 | 00&00/00 | 0 | 0 | |
| 08/23/1955 | 00&00/00 | 0 | 0 | |

**WORK PERMITS**

| REFERENCE NUMBER | APPLICATION DATE | EXPIRATION DATE | WORK PERMIT TYPE | WORK PERMIT STATUS | WORK PERMIT STATUS_DATE | TOTAL DEPTH | WORK_PERFORMED | DOCUMENTATION RECEIPT DATE | TEST SAND | WORK DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|



NON-CERTIFIED COPY

# Well Information

## Review Well Information

**WELLS**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | PARISH | PROD TYPE | SEC | TWN | RGE | EFFECTIVE DATE | API NUM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 70262 | GHEENS | 003 | 9999 | 9096 | 29 | 00 | 037 | 16S | 20E | 12/01/1976 | 17057005890000 |

| PRMT DATE | SPUD DATE | STAT DATE | ST CD |
|---|---|---|---|
| 04/25/1958 | 04/28/1958 | 05/31/1958 | 29 |

**WELL SURFACE COORDINATES**

| Surface Longitude | Surface Latitude | Lambert X | Lambert Y | Ground Elevation | Zone | Datum |
|---|---|---|---|---|---|---|
| 90-27-18.359 | 29-39-29.52 | 2278944 | 361635 | 0 | S | NAD-27 |

**WELL SURFACE COORDINATES GENERATED BY DNR**

| UTMX 83 | UTMY 83 | LONGITUDE 83 | LATITUDE 83 |
|---|---|---|---|
| 746319.40236016 | 3283643.6487777 | -90.45518449 | 29.65841291 |

**BOTTOM HOLE COORD**

| EFFECTIVE DATE | END DATE | PLUGBACK TOTAL DEPTH | TRUE VERTICAL DEPTH | MEASURED DEPTH | LAT DEG | LAT MIN | LAT SEC | LONG DEG | LONG MIN | LONG SEC | COORDINATE SOURCE | LAMBERT X | LAMBERT Y | ZONE | COORDINATE SYSTEM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/01/1976 | | | 0 | 12883 | | | | | | | 03 | 0 | 0 | | 01 |

**WELL HISTORY**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | ST CD | PT | WELL CLASS | EFF DATE | END DATE | STAT DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 70262 | GHEENS | 003 | 9999 | 9096 | 29 | 00 | | 12/01/1976 | | 05/31/1958 |

**SCOUT INFO**

| REPORT DATE | WELL STATUS | MEASURED DEPTH | TRUE VERT DEPTH | DETAIL |
|---|---|---|---|---|

**PERFORATIONS**

| SERIAL NUM | COMPLETION DATE | UPPER PERF | LOWER PERF | SANDS | RESERVOIR |
|---|---|---|---|---|---|

**WELL TESTS**

| RPT TYP | TEST DATE | RPT DATE | OIL POT | COND | GAS DEL | WATER | BSW% | FLOW PRES | SHUTIN PRES | CHOKE | UPPER PERF | LOWER PERF | BOT HOLE PRES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**WELL ALLOWABLES**

| EFFECTIVE DATE | END DATE | LUW CODE | LUW TYPE CODE | ALLOWABLE | ESTIMATED POTENTIAL | CURRENT ALLOWABLE TYPE |
|---|---|---|---|---|---|---|

**LEASE\UNIT\WELL PRODUCTION**

| RPT DATE | LUW CODE | STORAGE FAC | DOC USE | WELL CNT | OPENING STK | OIL PROD(BBL) | GAS PROD(MCF) | DISPOSITION | CLOSING STK | PARISH |
|---|---|---|---|---|---|---|---|---|---|---|

**CASING**

| COMPLETION DATE | CASING SIZE | WELLBORE SIZE | CASING WEIGHT | UPPER SET DEPTH | LOWER SET DEPTH | CEMENT SACKS | TEST PRESSURE | HOURS UNDER PRESSURE | TEST DATE | CASING PULLED | CREATION PROCESS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/31/1958 | 00 | | | | | | | | | 0 | PLUG AND ABANDON |
| 05/31/1958 | 00 | | | | | | | | | 0 | PLUG AND ABANDON |
| 05/31/1958 | 1034 | | | | | | | | | 0 | PLUG AND ABANDON |
| 05/31/1958 | 1034 | 1500 | 40.5 | 0 | 2597 | 600 | 500 | 8 | 05/30/1958 | | CASING TEST |

**PLUG AND ABANDON**

| P and A DATE | LOCATION TYPE | CASING CUT TYPE | CASING CUT DEPTH | MUD WEIGHT LEFT | COMMENTS |
|---|---|---|---|---|---|
| 05/31/1958 | | | | | |

**PLUGS**

| PLUG TYPE | UPPER PLUG DEPTH | LOWER PLUG DEPTH | SACKS OF CEMENT | SLURRY WEIGHT |
|---|---|---|---|---|
| | 2514 | 2672 | 75 | |
| | 11268 | 11426 | 75 | |
| | 0 | 10 | 10 | |

**TUBING AND PACKERS**

| COMPLETION DATE | TUBING SIZE | TUBING LOWER DEPTH | TUBING UPPER DEPTH | PACKER DEPTH |
|---|---|---|---|---|
| 05/31/1958 | 00&00/00 | 0 | 0 | |

**WORK PERMITS**

| REFERENCE NUMBER | APPLICATION DATE | EXPIRATION DATE | WORK PERMIT TYPE | WORK PERMIT STATUS | WORK PERMIT STATUS_DATE | TOTAL DEPTH | WORK_PERFORMED | DOCUMENTATION RECEIPT DATE | TEST SAND | WORK DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|



NON-CERTIFIED COPY

# Well Information

## Review Well Information

**WELLS**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | PARISH | PROD TYPE | SEC | TWN | RGE | EFFECTIVE DATE | API NUM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 76802 | C E GHEENS | 004 | 9999 | 9096 | 29 | 00 | 037 | 16S | 20E | 12/01/1976 | 17057005880000 |

| PRMT DATE | SPUD DATE | STAT DATE | ST CD |
|---|---|---|---|
| 09/28/1959 | 10/26/1959 | 11/21/1959 | 29 |

**WELL SURFACE COORDINATES**

| Surface Longitude | Surface Latitude | Lambert X | Lambert Y | Ground Elevation | Zone | Datum |
|---|---|---|---|---|---|---|
| 90-26-22.559 | 29-39-31.319 | 2283865 | 361854 | 0 | S | NAD-27 |

**WELL SURFACE COORDINATES GENERATED BY DNR**

| UTMX 83 | UTMY 83 | LONGITUDE 83 | LATITUDE 83 |
|---|---|---|---|
| 747818.83835834 | 3283731.91448233 | -90.43968595 | 29.6589105 |

**BOTTOM HOLE COORD**

| EFFECTIVE DATE | END DATE | PLUGBACK TOTAL DEPTH | TRUE VERTICAL DEPTH | MEASURED DEPTH | LAT DEG | LAT MIN | LAT SEC | LONG DEG | LONG MIN | LONG SEC | COORDINATE SOURCE | LAMBERT X | LAMBERT Y | ZONE | COORDINATE SYSTEM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/01/1976 | | | 0 | 12525 | | | | | | | 03 | 0 | 0 | | 01 |

**WELL HISTORY**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | ST CD | PT | WELL CLASS | EFF DATE | END DATE | STAT DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 76802 | C E GHEENS | 004 | 9999 | 9096 | 29 | 00 | | 12/01/1976 | | 11/21/1959 |

**SCOUT INFO**

| REPORT DATE | WELL STATUS | MEASURED DEPTH | TRUE VERT DEPTH | DETAIL |
|---|---|---|---|---|

**PERFORATIONS**

| SERIAL NUM | COMPLETION DATE | UPPER PERF | LOWER PERF | SANDS | RESERVOIR |
|---|---|---|---|---|---|

**WELL TESTS**

| RPT TYP | TEST DATE | RPT DATE | OIL POT | COND | GAS DEL | WATER | BSW% | FLOW PRES | SHUTIN PRES | CHOKE | UPPER PERF | LOWER PERF | BOT HOLE PRES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**WELL ALLOWABLES**

| EFFECTIVE DATE | END DATE | LUW CODE | LUW TYPE CODE | ALLOWABLE | ESTIMATED POTENTIAL | CURRENT ALLOWABLE TYPE |
|---|---|---|---|---|---|---|

**LEASE\UNIT\WELL PRODUCTION**

| RPT DATE | LUW CODE | STORAGE FAC | DOC USE | WELL CNT | OPENING STK | OIL PROD(BBL) | GAS PROD(MCF) | DISPOSITION | CLOSING STK | PARISH |
|---|---|---|---|---|---|---|---|---|---|---|

**CASING**

| COMPLETION DATE | CASING SIZE | WELLBORE SIZE | CASING WEIGHT | UPPER SET DEPTH | LOWER SET DEPTH | CEMENT SACKS | TEST PRESSURE | HOURS UNDER PRESSURE | TEST DATE | CASING PULLED | CREATION PROCESS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/21/1959 | 1600 | 2000 | 60 | 0 | 90 | 50 | 0 | 0 | | | CASING TEST |
| 11/21/1959 | 1034 | | | | | | | | | 0 | PLUG AND ABANDON |
| 11/21/1959 | 00 | | | | | | | | | 0 | PLUG AND ABANDON |
| 11/21/1959 | 00 | | | | | | | | | 0 | PLUG AND ABANDON |
| 11/21/1959 | 1034 | 1500 | 40.5 | 0 | 3020 | 750 | 1200 | 24 | 10/28/1959 | | CASING TEST |

**PLUG AND ABANDON**

| P and A DATE | LOCATION TYPE | CASING CUT TYPE | CASING CUT DEPTH | MUD WEIGHT LEFT | COMMENTS |
|---|---|---|---|---|---|
| 11/21/1959 | | | | | |

**PLUGS**

| PLUG TYPE | UPPER PLUG DEPTH | LOWER PLUG DEPTH | SACKS OF CEMENT | SLURRY WEIGHT |
|---|---|---|---|---|
| | 10400 | 10600 | 75 | |
| | 0 | 20 | 10 | |
| | 2900 | 3100 | 75 | |

**TUBING AND PACKERS**

| COMPLETION DATE | TUBING SIZE | TUBING LOWER DEPTH | TUBING UPPER DEPTH | PACKER DEPTH |
|---|---|---|---|---|
| 11/21/1959 | 00&00/00 | 0 | 0 | |

**WORK PERMITS**

| REFERENCE NUMBER | APPLICATION DATE | EXPIRATION DATE | WORK PERMIT TYPE | WORK PERMIT STATUS | WORK PERMIT STATUS_DATE | TOTAL DEPTH | WORK_PERFORMED | DOCUMENTATION RECEIPT DATE | TEST SAND | WORK DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|



NON-CERTIFIED COPY

# Well Information

## Review Well Information

**WELLS**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | PARISH | PROD TYPE | SEC | TWN | RGE | EFFECTIVE DATE | API NUM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 119239 | GHEENS | 005 | 1996 | 9096 | 29 | 00 | 037 | 16S | 20E | 12/01/1976 | 17057201010000 |

| PRMT DATE | SPUD DATE | STAT DATE | ST CD |
|---|---|---|---|
| 03/21/1967 | 03/25/1967 | 03/22/1967 | 29 |

**WELL SURFACE COORDINATES**

| Surface Longitude | Surface Latitude | Lambert X | Lambert Y | Ground Elevation | Zone | Datum |
|---|---|---|---|---|---|---|
| 90-25-25.319 | 29-39-6.839 | 2288935 | 359422 | 0 | S | NAD-27 |

**WELL SURFACE COORDINATES GENERATED BY DNR**

| UTMX 83 | UTMY 83 | LONGITUDE 83 | LATITUDE 83 |
|---|---|---|---|
| 749375.29295296 | 3283012.53958154 | -90.42378441 | 29.65211318 |

**BOTTOM HOLE COORD**

| EFFECTIVE DATE | END DATE | PLUGBACK TOTAL DEPTH | TRUE VERTICAL DEPTH | MEASURED DEPTH | LAT DEG | LAT MIN | LAT SEC | LONG DEG | LONG MIN | LONG SEC | COORDINATE SOURCE | LAMBERT X | LAMBERT Y | ZONE | COORDINATE SYSTEM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/01/1976 | | | 0 | 12813 | | | | | | | 03 | 0 | 0 | | 01 |

**WELL HISTORY**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | ST CD | PT | WELL CLASS | EFF DATE | END DATE | STAT DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 119239 | GHEENS | 005 | 1996 | 9096 | 29 | 00 | | 12/01/1976 | | 03/22/1967 |

**SCOUT INFO**

| REPORT DATE | WELL STATUS | MEASURED DEPTH | TRUE VERT DEPTH | DETAIL |
|---|---|---|---|---|

**PERFORATIONS**

| SERIAL NUM | COMPLETION DATE | UPPER PERF | LOWER PERF | SANDS | RESERVOIR |
|---|---|---|---|---|---|

**WELL TESTS**

| RPT TYP | TEST DATE | RPT DATE | OIL POT | COND | GAS DEL | WATER | BSW% | FLOW PRES | SHUTIN PRES | CHOKE | UPPER PERF | LOWER PERF | BOT HOLE PRES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**WELL ALLOWABLES**

| EFFECTIVE DATE | END DATE | LUW CODE | LUW TYPE CODE | ALLOWABLE | ESTIMATED POTENTIAL | CURRENT ALLOWABLE TYPE |
|---|---|---|---|---|---|---|

**LEASE\UNIT\WELL PRODUCTION**

| RPT DATE | LUW CODE | STORAGE FAC | DOC USE | WELL CNT | OPENING STK | OIL PROD(BBL) | GAS PROD(MCF) | DISPOSITION | CLOSING STK | PARISH |
|---|---|---|---|---|---|---|---|---|---|---|

**CASING**

| COMPLETION DATE | CASING SIZE | WELLBORE SIZE | CASING WEIGHT | UPPER SET DEPTH | LOWER SET DEPTH | CEMENT SACKS | TEST PRESSURE | HOURS UNDER PRESSURE | TEST DATE | CASING PULLED | CREATION PROCESS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/22/1967 | 00 | | | | | | | | | 0 | PLUG AND ABANDON |
| 04/22/1967 | 1600 | 1600 | 0 | 0 | 140 | 0 | 0 | 0 | | | CASING TEST |
| 04/22/1967 | 1034 | | | | | | | | | 0 | PLUG AND ABANDON |
| 04/22/1967 | 00 | | | | | | | | | 0 | PLUG AND ABANDON |
| 04/22/1967 | 1034 | 1500 | 40.5 | 0 | 3024 | 750 | 2000 | .5 | 03/26/1967 | | CASING TEST |

**PLUG AND ABANDON**

| P and A DATE | LOCATION TYPE | CASING CUT TYPE | CASING CUT DEPTH | MUD WEIGHT LEFT | COMMENTS |
|---|---|---|---|---|---|
| 04/22/1967 | | | | | |

**PLUGS**

| PLUG TYPE | UPPER PLUG DEPTH | LOWER PLUG DEPTH | SACKS OF CEMENT | SLURRY WEIGHT |
|---|---|---|---|---|
| | 2880 | 3100 | 100 | |
| | 10720 | 10950 | 100 | |
| | 0 | 20 | 25 | |

**TUBING AND PACKERS**

| COMPLETION DATE | TUBING SIZE | TUBING LOWER DEPTH | TUBING UPPER DEPTH | PACKER DEPTH |
|---|---|---|---|---|
| 04/22/1967 | 00&00/00 | 0 | 0 | |

**WORK PERMITS**

| REFERENCE NUMBER | APPLICATION DATE | EXPIRATION DATE | WORK PERMIT TYPE | WORK PERMIT STATUS | WORK PERMIT STATUS_DATE | TOTAL DEPTH | WORK_PERFORMED | DOCUMENTATION RECEIPT DATE | TEST SAND | WORK DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|



NON-CERTIFIED COPY

# Well Information

## Review Well Information

**WELLS**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | PARISH | PROD TYPE | SEC | TWN | RGE | EFFECTIVE DATE | API NUM |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 199160 | GHEENS ESTATE | 001 | 5273 | 9096 | 29 | 00 | 037 | 16S | 20E | 10/01/1985 | 17057222480000 |

| PRMT DATE | SPUD DATE | STAT DATE | ST CD |
|---|---|---|---|
| 04/25/1985 | 07/19/1985 | 10/10/1985 | 29 |

**WELL SURFACE COORDINATES**

| Surface Longitude | Surface Latitude | Lambert X | Lambert Y | Ground Elevation | Zone | Datum |
|---|---|---|---|---|---|---|
| 90-25-49.344 | 29-38-23.918 | 2286850 | 355070 | 0 | S | NAD-27 |

**WELL SURFACE COORDINATES GENERATED BY DNR**

| UTMX 83 | UTMY 83 | LONGITUDE 83 | LATITUDE 83 |
|---|---|---|---|
| 748758.57111159 | 3281676.51606248 | -90.43045635 | 29.64019124 |

**BOTTOM HOLE COORD**

| EFFECTIVE DATE | END DATE | PLUGBACK TOTAL DEPTH | TRUE VERTICAL DEPTH | MEASURED DEPTH | LAT DEG | LAT MIN | LAT SEC | LONG DEG | LONG MIN | LONG SEC | COORDINATE SOURCE | LAMBERT X | LAMBERT Y | ZONE | COORDINATE SYSTEM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/01/1985 | 10/01/1985 | | 0 | 13000 | | | | | | | 03 | 0 | 0 | | 01 |
| 10/01/1985 | | | 0 | 12400 | | | | | | | 03 | 0 | 0 | | 01 |

**WELL HISTORY**

| SERIAL | WELL NAME | WELL NUM | ORG ID | FIELD | ST CD | PT | WELL CLASS | EFF DATE | END DATE | STAT DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| 199160 | GHEENS ESTATE | 001 | 5273 | 9096 | 29 | 00 | | 10/01/1985 | | 10/10/1985 |
| 199160 | GHEENS ESTATE | 001 | 5273 | 9096 | 01 | 00 | | 04/01/1985 | 10/01/1985 | 04/25/1985 |

**SCOUT INFO**

| REPORT DATE | WELL STATUS | MEASURED DEPTH | TRUE VERT DEPTH | DETAIL |
|---|---|---|---|---|

**PERFORATIONS**

| SERIAL NUM | COMPLETION DATE | UPPER PERF | LOWER PERF | SANDS | RESERVOIR |
|---|---|---|---|---|---|

**WELL TESTS**

| RPT TYP | TEST DATE | RPT DATE | OIL POT | COND | GAS DEL | WATER | BSW% | FLOW PRES | SHUTIN PRES | CHOKE | UPPER PERF | LOWER PERF | BOT HOLE PRES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**WELL ALLOWABLES**

| EFFECTIVE DATE | END DATE | LUW CODE | LUW TYPE CODE | ALLOWABLE | ESTIMATED POTENTIAL | CURRENT ALLOWABLE TYPE |
|---|---|---|---|---|---|---|

**LEASE\UNIT\WELL PRODUCTION**

| RPT DATE | LUW CODE | STORAGE FAC | DOC USE | WELL CNT | OPENING STK | OIL PROD(BBL) | GAS PROD(MCF) | DISPOSITION | CLOSING STK | PARISH |
|---|---|---|---|---|---|---|---|---|---|---|

**CASING**

| COMPLETION DATE | CASING SIZE | WELLBORE SIZE | CASING WEIGHT | UPPER SET DEPTH | LOWER SET DEPTH | CEMENT SACKS | TEST PRESSURE | HOURS UNDER PRESSURE | TEST DATE | CASING PULLED | CREATION PROCESS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/10/1985 | 0000 | | | | | | | | | 0 | PLUG AND ABANDON |
| 10/10/1985 | 1338 | | | | | | | | | 0 | PLUG AND ABANDON |
| 10/10/1985 | 0000 | | | | | | | | | 0 | PLUG AND ABANDON |
| 10/09/1985 | 2000 | 2000 | 94 | 0 | 182 | 0 | 0 | 0 | | | CASING TEST |
| 10/09/1985 | 1338 | 1712 | 61 | 0 | 3033 | 2170 | 2000 | .5 | 07/22/1985 | | CASING TEST |

**PLUG AND ABANDON**

| P and A DATE | LOCATION TYPE | CASING CUT TYPE | CASING CUT DEPTH | MUD WEIGHT LEFT | COMMENTS |
|---|---|---|---|---|---|
| 10/10/1985 | | | | | |

**PLUGS**

| PLUG TYPE | UPPER PLUG DEPTH | LOWER PLUG DEPTH | SACKS OF CEMENT | SLURRY WEIGHT |
|---|---|---|---|---|
| | 2835 | 2960 | 100 | |
| | 2960 | 3206 | 200 | |
| | 50 | 150 | 75 | |

**TUBING AND PACKERS**

| COMPLETION DATE | TUBING SIZE | TUBING LOWER DEPTH | TUBING UPPER DEPTH | PACKER DEPTH |
|---|---|---|---|---|
| 10/09/1985 | 00&00/00 | 0 | 0 | |

FILED
AUG 3 2017
CLERK OF COURT

**WORK PERMITS**

| REFERENCE NUMBER | APPLICATION DATE | EXPIRATION DATE | WORK PERMIT TYPE | WORK PERMIT STATUS | WORK PERMIT STATUS_DATE | TOTAL DEPTH | WORK_PERFORMED | DOCUMENTATION RECEIPT DATE | TEST SAND | WORK DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|



NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE
STATE OF LOUISIANA

DOCKET NO. 132505 DIV. "B"

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK OF COURT

**EXCEPTIONS ON BEHALF OF HESS CORPORATION TO THE ORIGINAL AND FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Defendant, Hess Corporation, ("Hess"), who in response to the Plaintiff's Petition for Damages ("Original Petition") and First Supplemental and Amending Petition for Damages ("First Amending Petition") (collectively "Petitions"),[1] with respect represents:

**I. Dilatory Exception of Non-Conformity with the Requirements of Article 891 – LA. CODE CIV. PROC. art. 927(A)(4)**

The Plaintiff's Petitions fail to conform to the requirements of Article 891 of the Louisiana Code of Civil Procedure in that they do not set forth a "short, clear, and concise statement" of the causes of action and the "material facts" that are the subject matter of this litigation.

**II. Dilatory Exception of Vagueness or Ambiguity – LA. CODE CIV. PROC. art. 927(A)(5)**

---

[1] Hess was not a named defendant in the Original Petition for Damages. *See,* Petition for Damages. The First Supplemental and Amending Petition named Hess as defendants for the first time and replaced the Petition for Damages in its entirety and thus, Hess will cite to the First Amending Petition exclusively. *See* First Amending Petition, at II, & ¶ 4.

Plaintiff has named "Amerada Petroleum Corporation" as a defendant in this lawsuit. Amerada Petroleum Corporation has not been served in this proceeding and no responsive pleadings are being filed or are required to be filed on its behalf at this time. However, it is noted that Amerada Petroleum Corporation is named incorrectly. Hess Corporation is the successor in interest to Amerada Hess Corporation and a separate former entity also named "Amerada Petroleum Corporation"–the entities which conducted oilfield operations in the Bayou des Allemands field at issue in the lawsuit. The old Amerada Petroleum Corporation to which Hess Corporation is a successor was merged out of existence; any existing entity named "Amerada Petroleum Corporation" is incorrectly sued.

NON-CERTIFIED COPY

The Petitions are vague and ambiguous and do not set forth sufficient facts to allow Hess to reasonably respond.

**III. Dilatory Exception of Prematurity – LA. CODE CIV. PROC. art. 927(A)(1)**

Plaintiff's claims under oil, gas, and mineral leases affecting the property are premature insofar as there are oil, gas, and mineral leases that are still in effect.

**IV. Dilatory Exception of Improper Joinder or Cumulation – LA. CODE CIV. PROC. art. 927(A)(7)**

Plaintiff has joined in one suit claims against eighteen different defendants apparently relating to separate and distinct oil and gas production activities on different portions of its property located in different oil and gas fields at different times. Although Plaintiff's Petitions are vague as to when these activities occurred and the nature and extent of the alleged contamination resulting from the separate activities of the individual defendants and the dates when the damage occurred, it is clear that the Petitions make multiple claims against the multiple defendants involving different oil and gas fields that are separate, distinct and unconnected. The separate claims involving the three distinct oil and gas fields should be severed and handled as separate actions.

**VI. Other Exceptions**

Hess adopts and incorporates as though copied in full the exceptions and defenses of all other Defendants to the extent the exceptions are applicable to Hess.

**LOCAL RULE 9.8 STATEMENT**

In accordance with Rules for Civil Proceedings in District Court, Rule 9.8, Hess discloses that this matter has not been set for trial, and Hess does not intend to offer live testimony at the hearing on these exceptions.

**CONCLUSION**

For the foregoing reasons, Hess prays that these exceptions be deemed good and sufficient and that, after due proceedings are had, judgment be rendered herein sustaining Hess's exceptions and dismissing Plaintiff's claims, or alternatively, judgment be rendered ordering Plaintiff to amend its Petitions to allow for meaningful responsive pleadings, and for all other general and equitable relief.





NON-CERTIFIED COPY

Respectfully submitted,

By: ______________________________

Jonathan A. Hunter (#18619)
Elizabeth S. Wheeler (#21148)
Erin E. Bambrick (#35035)
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
jahunter@liskow.com;
ewheeler@liskow.com;
ebambrick@liskow.com
***Attorneys for Defendant, Hess Corporation***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all known counsel of record by United States mail, properly addressed and postage prepaid, and/or by electronic mail.

New Orleans, Louisiana this 31st day of July, 2017.

______________________________

FILED

AUG - 3 2017

CLERK OF COURT



4633833_1.docx

NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE
STATE OF LOUISIANA

DOCKET NO. 132505 DIV. "B"

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK OF COURT

**HESS CORPORATION'S MEMORANDUM IN SUPPORT OF EXCEPTIONS TO PLAINTIFF'S ORIGINAL AND FIRST SUPPLEMENTAL AND AMENDING PETITIONS FOR DAMAGES**

Hess Corporation ("Hess") has urged the following exceptions to Plaintiff's Petition for Damages ("Original Petition") and First Supplemental and Amending Petition for Damages ("First Amending Petition") (collectively "Petitions"):[1]

A. Dilatory Exception of Non-Conformity of the Petition with the Requirements of Code of Civil Procedure Article 891 – LA. CODE CIV. PROC. art. 926(A)(4);

B. Dilatory Exception of Vagueness or Ambiguity of the Petition - LA. CODE CIV. PROC. art. 926(A)(5);

C. Dilatory Exception of Improper Cumulation of Actions and Improper Joinder of Parties – LA. CODE CIV. PROC. art. 926(A)(7);

D. Dilatory Exception of Prematurity – LA. CODE CIV. PROC. art. 926(A)(1);

E. Adoption of Exceptions Filed By Other Defendants

For the reasons set forth below, these exceptions should be granted and Plaintiff's Petitions must be dismissed or, alternatively, Plaintiff should be ordered to cure the defects in the Petitions which may be cured by amendment within a reasonable time.

---

[1] Hess was not a named defendant in the Original Petition for Damages. *See,* Petition for Damages. The First Supplemental and Amending Petition named Hess as defendants for the first time and replaced the Petition for Damages in its entirety and thus, Hess will cite to the First Amending Petition exclusively. *See* First Amending Petition, at II, & ¶ 4.

Plaintiff has named "Amerada Petroleum Corporation" as a defendant in this lawsuit. Amerada Petroleum Corporation has not been served in this proceeding and no responsive pleadings are being filed or are required to be filed on its behalf at this time. However, it is noted that Amerada Petroleum Corporation is named incorrectly. Hess Corporation is the successor in interest to Amerada Hess Corporation and a separate former entity also named "Amerada Petroleum Corporation"–the entities which conducted oilfield operations in the Bayou des Allemands field at issue in the lawsuit. The old Amerada Petroleum Corporation to which Hess Corporation is a successor was merged out of existence; any existing entity named "Amerada Petroleum Corporation" is incorrectly sued.

NON-CERTIFIED COPY

## I. BACKGROUND

This lawsuit involves claims of alleged environmental damage to property caused by oil and gas exploration and production activities. Plaintiff Golden Ranch Farms, LLC, ("Plaintiff" or "Golden Ranch") alleges that it "owns and/or uses" property comprising approximately 45,000 acres located in three distinct oil and gas fields: Larose, Valentine, and Bayou des Allemands fields, in Lafourche Parish. The First Amending Petition additionally states that Plaintiff may also appear in the capacity of lessor, assignee, third-party beneficiary and/or successor in interest to certain mineral and/or surface leases between plaintiff and defendants, or that it is the owner of Property or the successor in interest to, or the assign of, the owners of Property contaminated by the oil and gas activities, or it is a "servitude owner who has the right to sue for remediation damages under the Mineral Code" and/or otherwise is a "party who possess the right of action to file this law suit under Louisiana law." *See* First Amending Petition, ¶3. None of the specifics as to which particular category or categories Plaintiff fits into are asserted, or how and when the Plaintiff acquired these alleged interests or rights is asserted.[2]

Plaintiff names eighteen (18) defendants in its First Amending Petition: Hess and sixteen other oil and gas companies, as well as one individual – Billy Prochaska, P.E. First Amending Petition, ¶ 4. Plaintiffs allege that the seventeen oil and gas company defendants' oil and gas exploration and production activities, including the operation or construction of various wells, facilities and equipment resulted in environmental damage on the Property. First Amending Petition, ¶ 5. No leases allegedly at issue are identified in the First Amending Petition. The only specific allegation made as to the remaining defendant, Billy Prochaska, is that he "negligently certified that the pits located on the Property would not seep and leak beyond their horizontal and vertical confines." First Amending Petition, ¶ 5. No specifics as to time of certification, which pits are referred to, which company operated these pits, and/or the pits' location is given in the First Amending Petition. Maps and aerials attached to the First Amending Petition show the Plaintiff's property and location of certain wells on and around the Property, the operator history

[2] While Exhibit A to the First Amending Petition lists various acts of sale from The Gheens Foundation to Arlen B. Cenac, Jr., the First Amending Petition contains no facts demonstrating how Plaintiff, Golden Ranch Farms, LLC, acquired its interest from Arlen B. Cenac, Jr. or what that interest may be. *See* First Amending Petition at Ex. A.



NON-CERTIFIED COPY

of the wells and maps and tables showing the location and results of samples in and around certain wells. First Amending Petition ¶ 5, Exs. B-D. The First Amending Petition does not include allegations that would justify tying claims in these three oil and gas fields together in one lawsuit, nor does the First Amending Petition describe any individual defendant's operations or activities at a specific location and the particular damage that is alleged to have resulted from such operations. Rather, Plaintiff merely alleges that "defendants are liable for damage resulting from the operation of the wells in the Bayou des Allemands, Larose and Valentine Oil and Gas Fields… as well as the operation of other equipment and facilities related thereto." First Amending Petition, ¶5. Beyond the sampling table and a few maps showing locations of sampling, Plaintiff does not identify which defendant allegedly caused identified property damage (which presumably are in the form of exceedances of certain constituents). Hess (and/or its predecessors in interest) is identified as an operator of 168 well serial numbers located only in the Bayou des Allemands Oil & Gas Field.

The First Amending Petition further states that "Defendants knew or should have known that their day to day operations in the Field would cause the soil, surface waters and groundwater of plaintiff's Property to be contaminated" and that "defendants chose to conceal and cover up their contamination." *See* First Amending Petition, ¶12. Plaintiff claims it is entitled to a host of damages, including the cost of restoring its property to its "pre-polluted original condition," and punitive damages. *See* First Amending Petition, ¶37.

As set forth below, these allegations are woefully deficient in meeting the pleading requirements under Louisiana law and Hess' exceptions to Petitions should be granted.

## II. LAW AND ARGUMENT

### A. Dilatory Exception of Non-Conformity of the Petitions With the Requirements of Code of Civil Procedure Article 891 – La. Code Civ. Proc. art. 926(A)(4).

Plaintiff's Petitions fail to meet the requirements of Articles 891 and 854 of the Louisiana Code of Civil Procedure because they contain only overbroad allegations and fail to set forth requisite material facts. Article 891(A) of the Louisiana Code of Civil Procedure sets forth the following minimum requirements for the form of a petition:

> The petition shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It shall […] contain a short, clear, and





NON-CERTIFIED COPY

> concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation.

In addition, Article 854, referenced in Article 891 above, establishes the following requirements for pleading:

> All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs. As far as practicable, the contents of each paragraph shall be limited to a single set of circumstances.

Article 854's requirement that pleadings contain short, clear, and concise allegations of fact are intended to give a defendant sufficient information to enable him to prepare a defense to plaintiff's allegations. *Burton v. Berthelot*, 567 So.2d 649, 655 (La. App. 4th Cir. 1990), *writ denied*, 569 So.2d 989 (La. 1990). Under this Article, "a plaintiff must allege in his petition specific facts in support of his claim in order to establish a cause of action." *Goad v. May*, 376 So.2d 340, 342 (La. App. 3rd Cir. 1979). Mere conclusions in pleadings, unsupported by facts, are insufficient to set forth a cause or right of action. *Montalvo v. Sondes*, 637 So.2d 127, 131 (La. 1994).

Plaintiff's Petitions fail to meet these requirements. They are not simple or concise, and are certainly not direct. The Petitions contain rote allegations on which Plaintiff attempts to apply indiscriminately and "across the board" to differing circumstances for all of the defendants. This "shotgun approach" to pleading fails to satisfy the plain requirements of Louisiana Code of Civil Procedure Articles 854 and 891.

Further, the Petitions are void of factual allegations that connect the alleged property damage to any specific conduct of Hess at a particular time and location on Plaintiff's property. Plaintiff's allegations fail in the following, non-exclusive, respects, as the Petitions fail to:

- Sufficiently describe the Plaintiff's property;[3]
- Describe the relationship or connection between the three oil and gas fields generally described in paragraph 2;
- Describe the specific act(s) or omissions of any particular defendant that allegedly caused any specific damage or contamination;

---

[3] *See* First Amending Petition, ¶2 ("It is the intent of the plaintiff herein to claim damages for any and all of the property that it owns or may own in the Bayou Des Allemands, Larose and Valentine Oil and Gas Fields…, regardless of whether said property is specifically described in this petition").



NON-CERTIFIED COPY

- Identify the date and location of such acts or omissions of a particular defendant;
- Identify any lease and/or provision that are the basis for the claims asserted against individual defendants;[4]
- Adequately identify the date(s) the Plaintiff obtained its interest in the property or plead adequate facts demonstrating that Plaintiff has an interest in the property;[5]
- Sufficiently identify Hess's alleged relationship to the subject property;
- Identify or describe the specific facilities which are allegedly defective or have caused damage to Plaintiff's property or the specific location of the facility or alleged damage;
- Identify with specificity details surrounding Plaintiff's claims of fraud or misrepresentation;
- Identify the facilities for which "the defendants" are allegedly responsible;
- Identify the locations of the alleged "unlined earthen pits" or the individual defendant allegedly responsible for such pits;
- Identify what, when, or where the alleged "leaks, spills, and other surface and subsurface discharges" occurred.[6]

Without such essential factual allegations which are required in order to satisfy the minimal pleading standard of Article 891, the Petitions lack the basic information necessary to enable Hess to properly defend itself in the lawsuit.

**B. <u>Dilatory Exception of Vagueness or Ambiguity of the Petitions - LA. CODE CIV. PROC. art. 926(A)(5)</u>.**

Under LA. CODE OF CIV. PROC. art. 926(A)(5), a party may object to a vague or ambiguous petition by filing a dilatory exception. This is closely related to the exception for failure to comply with the pleading requirements of LA. CODE CIV. PROC. art. 891, since "vagueness" and "ambiguity" are often the inevitable result of the failure to plead properly. This is the case here.

The exception of vagueness is appropriate when allegations in the petition are vague, general, and indefinite. *See Haskins v. Clary,* 346 So. 2d 193, 195 (La. 1977); *Broussard v. Broussard*, 381 So. 2d 942, 943 (La. App. 3 Cir. 1980). This exception is a device for requiring

---

[4] The First Amending Petition fails to identify a single lease at issue in this suit.

[5] As referenced above, while Exhibit A to the First Amending Petition lists various acts of sale from The Gheens Foundation to Arlen B. Cenac, Jr., the First Amending Petition contains no facts demonstrating how Plaintiff, Golden Ranch Farms, LLC, acquired its interest from Arlen B. Cenac, Jr. or what that interest may be. *See* First Amending Petition at Ex. A.

[6] *See* First Amending Petition, ¶7.





NON-CERTIFIED COPY

the plaintiff to put the defendants on notice of the nature of the facts sought to be proved so as to enable them to prepare a defense. *Whipple v. Whipple*, 408 So. 2d 390, 392 (La. App. 1 Cir. 1981); *Lee v. Chief of Police*, 385 So. 2d 1290, 1291 (La. App. 3 Cir. 1980). In addition, the vagueness exception requires the plaintiff to sufficiently identify its causes of action in order to prevent future re-litigation. *Whipple*, 408 So.2d at 392; *Lee*, 385 So.2d at 1291. A petition is obviously vague if it fails to allege with particularity the circumstances of the claims against each individual defendant and the facts upon which the alleged liability of each defendant is based. *Spell v. Executive Officers, etc., P & W Industries, Inc.*, 316 So.2d 474, 476 (La. App. 1st Cir. 1975). In *Spell*, the court found that it was impossible for the officers, directors, and shareholders of a corporation to respond to the petition until aware of the "specific act of negligence relied on by plaintiff." *Id.*

Here, Plaintiff, among other omissions (*see* Part A, *supra*), never identifies the facilities it claims "the defendants" are responsible for, the locations of the alleged "unlined earthen pits" and which defendant they allege was responsible for such pits, or even what, when, or where the alleged "leaks, spills, and other surface and subsurface discharges" occurred. First Amending Petition, ¶¶5, 7. Nor has it identified the date or dates during which the damage is alleged to have occurred and what damage was allegedly caused by which parties. Further, the Petitions are vague with respect to the identity of the mineral leases on which Plaintiff bases its claims because it fails to include sufficient allegations to enable Hess to identify the instrument(s) under which Plaintiff claims Hess conducted oil and gas exploration and production activities that allegedly resulted in the unspecified damage to their property at an unknown point in time and unknown location. As noted above, Plaintiff has omitted any lease history for its property, nor has it identified which provisions of these unknown leases that Defendants allegedly breached. *See* First Amending Petition. Without this basic information as to Plaintiff's claims, Hess cannot adequately defend itself in this lawsuit.

Under similar circumstances in another oilfield contamination legacy case, the state district court has sustained an exception of vagueness and ambiguity. *See Tigner Farms, Inc. v. The Mosaic Company of Delaware (f/k/a IMC Global, Inc.), et al.*, Docket No. 39,036, Second Judicial District Court, Claiborne Parish, Judgments dated February 2, 2011 and February 28,





NON-CERTIFIED COPY

2012 (Judge Fallin), which are attached *in globo* as Exhibit "A." In that court's February 2, 2011 judgment, the court sustained the dilatory exceptions of vagueness, ambiguity, and non-conformity of the petition with the requirements of LA. CODE CIV. PROC. 891 and ordered the Plaintiff to amend its Petition to plead: (1) the specific tracts of land that are owned by the Plaintiff and the ownership percentage thereof; (2) the specific claims Plaintiff was asserting; (3) the nature and location of the alleged contamination and the source thereof for each tract of land; (4) the wells, impoundments, structures, or other equipment which caused Plaintiff's damages on each tract of land; (5) the specific times when Plaintiff's damages occurred; (6) the nature of the breach of the mineral lease and/or servitude suffered by the Plaintiff as to each Defendant; (7) the defendants and/or other operators who allegedly conducted operations or activities on the land in question and whom the Plaintiff alleged were liable for those damages suffered on the particular land at issue; and (8) plead with specificity any claim(s) for punitive damages arising between September 1, 1984 through April 16, 1996 against the appropriate defendants. *See* Exhibit "A." Additionally, the judgment dated February 28, 2012 sustained the dilatory exceptions of vagueness and ambiguity and non-conformity of the petition with the requirements of LA. CIV. CODE PROC. art. 891, and ordered that Plaintiff amend its petition to: (1) identify any equipment that allegedly malfunctioned on Plaintiff's property, the Defendant allegedly responsible for the equipment, and how each malfunction allegedly damaged Plaintiff's property; (2) identify all relevant contracts, the provisions of the relevant contracts allegedly breached, and which Defendant allegedly breached a provision in the relevant contracts; and (3) plead additional factual bases for Plaintiff's migration claim, including which Defendant allegedly was responsible for the migration, what contract controlled the operations on the adjacent property, and where on Plaintiff's property the migration occurred. *See* Exhibit "A." As outlined above, Plaintiff's Petitions fail to plead these and other requisite basic material facts as to any Defendant, including Hess.

The exception of vagueness or ambiguity of the petition is made for just such a situation as this. Allowing the Plaintiff to make these general and indefinite allegations provides no notice to Hess of the facts sought to be proved and prevents them from preparing a defense. In the event that the court orders Plaintiff to amend the Petitions, the amendment should be


NON-CERTIFIED COPY

accomplished within a reasonable time and be subject to dismissal for non-compliance with the order. LA. CODE CIV. PROC. art. 933.

**C. Dilatory Exception of Improper Cumulation of Actions and Improper Joinder of Parties – LA. CODE CIV. PROC. art. 926(A)(7).**

Cumulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants. LA. CODE CIV. PROC. art. 461. Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if: (1) there is a community of interest between the parties joined; (2) each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and (3) all of the actions cumulated are mutually consistent and employ the same form of procedure. LA. CODE CIV. PROC. art. 463. If the suit fails to satisfy any of these criteria, plaintiff may not cumulate the actions. *See Jones v. Arnold*, 589 So. 2d 1, 2 (La. 1991); *Abshire v. State of Louisiana ex rel. Dep't of Ins.*, 636 So.2d 627, 632 (La. App. 3 Cir. 1994); *Smith v. Orleans Electric, Inc.*, 457 So. 2d 216, 218 (La. App. 4 Cir. 1984).

Objections based on the improper cumulation of actions or the improper joinder of parties must be raised through the dilatory exception. LA. CODE CIV. PROC. art. 926(A)(7). When actions are improperly cumulated, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. LA. CODE CIV. PROC. art. 464. The penalty for noncompliance with an order to amend is a dismissal of the plaintiff's suit. *Id.* When the court is of the opinion that it would simplify the proceedings, permit a more orderly disposition of the case, or otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of the cumulated actions, even if the cumulation is proper. LA. CODE CIV. PROC. art. 465.

As noted above, a plaintiff may not cumulate actions against multiple defendants unless there is a demonstrable "community of interest" between the parties joined. LA. CODE CIV. PROC. art. 463. A "community of interest" is found where the cumulated causes of action arise out of the same facts or present the same factual or legal issues. *Mauberret-Lavie v. Lavie,* 2003-C-009 and 2003-C-0100, p. 2 (La. App. 4 Cir. 6/11/03), 850 So. 2d 1, 2; *Abshire v. State of*





NON-CERTIFIED COPY

*Louisiana ex rel. Dep't of Ins.*, 636 So.2d 627, 632 (La. App. 3 Cir. 1994). To determine whether there is a community of interest, the court looks at the allegations set forth on the face of the petition. *See e.g., Board of Comm'rs of Orleans Levee District v. Shushan*, 2 So. 2d 35, 37 (La. 1941).

When the instant case is considered in light of Louisiana's joinder rules, it becomes clear that the Plaintiff's claims and Defendants have been misjoined.

Louisiana Code of Civil Procedure article 463 provides as follows:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

LA. CODE CIV. PROC. art. 463. A "community of interest" exists where the cumulated causes of action arise out of the same facts or present the same factual or legal issues. *Broussard v. Hilcorp Energy Co.*, 2008-233 (La. App. 3 Cir. 12/10/08), 998 So. 2d 946, 953. A "community of interest" is present between different actions or parties where there is enough factual overlap between the cases to make it commonsensical to litigate them together. *Id.*

In this case, the Plaintiff has essentially brought three distinct lawsuits together in one. In doing so, Plaintiff has improperly cumulated claims against defendants. Plaintiff has joined in one suit claims brought for property damage of land in different sections, townships and ranges in three different oil and gas fields against eighteen defendants apparently relating to separate and distinct oil and gas production activities at different times. Although Plaintiff's Original and First Supplemental and Amending Petitions are vague as to when these activities occurred and the nature and extent of the contamination resulting from the separate activities of the individual defendants and the dates when the damage occurred, it is clear that there are multiple claims against the multiple defendants being asserted herein which are separate, distinct and unconnected. In reviewing the Petitions and their attachments, different groups of defendants appear to have operated different wells at different times on different areas of Plaintiffs' property



NON-CERTIFIED COPY

in distinct noncontiguous oil and gas fields – some of which are miles apart[7] – presumably under different leases[8] and in different sections. For example, the chart below lists the oil and gas company defendants associated with operations in each of the three fields according to Plaintiff's operator history.

| **Field** | **Section, Township, Range**[9] | **Defendant**[10] |
|---|---|---|
| Bayou des Allemands Field | Secs. 13, 37, 39, 56, T15S, R20 & 21E | Hess Corporation |
| | | Denbury Onshore, LLC |
| | | Texas Petroleum Investment Company |
| | | Exxon Mobil Corporation |
| | | BP America Production Company |
| | | Tensas Delta Exploration Company, LLC |
| | | Square Mile Energy, LLC |
| | | Devon Energy Production Company, L.P. |
| Larose Field | Secs. 36, 38, 63, T16 & 17S, R21E | Devon Energy Production Company, L.P. |
| | | Mesa Gulf Coast, LLC |
| | | Tchefuncte Natural Resources, LLC |
| | | SM Energy Company |
| | | Henry Production Company, Inc. |
| | | Square Mile Energy, LLC |

[7] Although Golden Ranch allegedly owns and/or uses the entire tract at issue, the 45,000 acre tract encompasses parts of three separate oil and gas fields, which are not contiguous and whose centers, are in some cases, miles apart, according to the Louisiana Department of Natural Resources' SONRIS GIS. *See* Ex. "B" to this Memo in Support.

[8] As noted above, Hess submits that as Plaintiff has not met its pleading requirement, it should be required to amend its First Amending Petition to meet the requisite standard. If amendment is not ordered or the petition is still inadequate after amendment, Hess submits that at a minimum, it should be allowed to take discovery on issues related to the improper cumulation of the parties and claims.

[9] Section, township, and range information is taken from Plaintiff's First Amending Petition, at Ex. A, except for Valentine Field, where no section, township or range information is indicated. The information on section, township and range for Valentine Field is taken from the LDNR, SONRIS LITE website, based on the section, township and range of the seven wells listed as located in Valentine Field per Plaintiff's First Amending Petition, Ex. C. *See* First Amending Petition, at Ex. C; Ex. "C" to this Memo in Support.

[10] This information is taken directly from Plaintiff's First Amending Petition, at Ex. C.





NON-CERTIFIED COPY

| | | |
|---|---|---|
| | | Exxon Mobil Corporation |
| | | Texas Pacific Oil Company |
| | | Hamman Oil & Refining Company |
| Valentine Field | Sec. 37, T16S, R20E & Sec. 100, T17S, R20E | Mesa Gulf Coast, LLC |
| | | Tchefuncte Natural Resources, LLC |
| | | ConocoPhillips Company |
| | | American Explorer, Inc. |

Notably, Hess is only identified with operations in the Bayou des Allemands Field, and according to Plaintiff, did not conduct operations in either Larose or Valentine Fields.[11]

In addition to the differences in defendants who operated in each field, the constituents of concern are different in each of the three fields according to the exhibits to Plaintiff's Petitions. For example, total petroleum hydrocarbons-oil (TPH-O) exceeding LDEQ standards were purportedly found in samples at Valentine and Bayou des Allemands fields, but not at Larose field.[12] In addition, 29-B exceedances of oil & grease were purportedly found at Valentine and Bayou des Allemands, but not at Larose.[13]

Accordingly, the Plaintiff's claims against the various defendants in the various oil and gas fields lack the requisite "community of interest" to make cumulation proper. There is no apparent factual overlap that would render commonsensical the joint litigation of all of the Plaintiff's claims in all of the three fields at issue. Indeed, from the face of the petition, it appears that the Plaintiff's claims in the various fields will involve different standards of conduct and different proof of liability. Thus Hess' exception of improper joinder and/or cumulation should be granted. *See Broussard v. Hilcorp Energy Co.*, 2008-233 (La. App. 3 Cir. 12/10/08), 998 So.2d 946 (holding there was no community of interest in oilfield legacy suit among various

---

[11] Moreover, the only named individual defendant, Billy Prochaska, is not alleged to have operated any facility or well; the claims against Mr. Prochaska are instead based on his alleged negligent certification "that the pits located on the Property would not seep and leak beyond their horizontal and vertical confines." First Amending Petition, ¶ 5. Thus, Plaintiff's claims against Mr. Prochaska will necessarily involve different causes of action and proof of liability than the claims made against the remaining defendants.

[12] *See* First Amending Petition, Exhibit D at Table 1.

[13] *Id.*





NON-CERTIFIED COPY

claims against different defendants as the properties allegedly affected were five noncontiguous tracts in three different sections, "different parties and combinations of parties [we]re alleged to have contributed to the contamination of each, and the times at which contamination allegedly occurred differ[ed] for each property," and the proof and amount of damages for each would be different, and finally the people and/or entities found liable, if any, would be different); *Dietz v. Superior Oil Co.*, 13-657 (La. App. 3 Cir. 12/11/13), 129 So.3d 836 (finding claims were improperly cumulated under Louisiana state law as there was no community of interest between claims for alleged property contamination resulting from oil and gas operations by defendants because the plaintiff's claims involved multiple operators operating under a number of different leases on noncontiguous tracts of land).

**D. Dilatory Exception of Prematurity – LA. CODE CIV. PROC. art. 926(A)(1).**

Plaintiff's claims under oil, gas and mineral leases affecting the property are premature insofar as there are oil, gas and mineral leases that are still in effect. Because the Plaintiff's allegations are so vague and ambiguous, it is impossible at this point to know what leases and contracts are applicable to Hess, and whether these leases have expired or are still ongoing.[14] To the extent that any leases have not expired, the First Amending Petition is premature. Hess raises this dilatory exception out of an abundance of caution in order to preserve its objections depending on the facts that are uncovered during the course of discovery.

In *Corbello v. Iowa Production Co.*, 02-0826 (La. 2/25/03), 850 So. 2d 686, the Louisiana Supreme Court held that claims to restore the leased premises arise only at the end of the lease. This holding was affirmed by the Third Circuit in *Kinder Gas, Inc. v. Reynolds*, 11-1012 (La. App. 3 Cir. 02/01/12), 84 So. 3d 695. In *Kinder*, the Third Circuit reasoned:

> Undisputedly, in the instant matter, at the time the reconventional demand was filed, the lease was in effect. Our supreme court, in *Corbello v. Iowa Production*, 02-826 (La. 2/25/03), 850 So. 2d 686, held that the duty to restore leased property does not arise until the expiration of the lease. This court reached the same conclusion in *Dore* [*Energy Corp. v. Carter-Langham, Inc.*], 04-1373 (La. App. 3 Cir. 5/4/05), 901 So. 2d 1238], recognizing that certain claims may be asserted during the existence of a lease; however, following *Corbello*, we held that claims involving obligations to restore the land on which operations are ongoing are

[14] In fact, Plaintiff has failed to provide a lease history for any portion of the property.



4633854_1.docx

NON-CERTIFIED COPY

> premature. *Marin* [*v. Exxon Mobil Corp.*, 09-2368 (La. 10/19/10), 48 So. 3d 234] does not change this result.[15]

*Id.* at p. 14, 84 So. 3d at 704.

The Court's decision in *Kinder* is in accord with general principles of Louisiana law. Under Louisiana law, it is axiomatic that a mineral lessee has an implied right to use a surface area to drill for oil and gas, to dig pit and drainage ditches, erect storage tanks, construct pipelines and telephone lines and to build roads. *Rohner v. Austral Oil Expl. Co.,* 104 So.2d 253, 255 (La. App. 1 Cir. 1958). Logically, these activities are not compatible with work to "restore" the same land when it is in use for mineral operations. Thus, courts have held that a demand for cleanup cannot be made if there are ongoing, active operations at the site. *Edwards v. Jeems Bayou Production Company,* 507 So.2d 11, 13 (La. App. 2 Cir. 1987).

Accordingly, to the extent Hess is a party to an unexpired lease, Plaintiff's claims should be dismissed as premature. To the extent that any proper claim might be deemed present, the Petitions are vague and should either be dismissed or amended to plead specific leases or contracts and factual grounds for alleging that the leases are expired and are terminated.

### E. Adoption Of Exceptions Filed By Other Defendants.

Hess adopts and urges any additional exceptions filed by other defendants in this proceeding and incorporates the memoranda filed in support of such exceptions to the extent such exceptions are applicable to Hess.

## III. CONCLUSION

For the reasons set forth above, the foregoing exceptions should be sustained and Plaintiff's claims against Hess should be dismissed with prejudice, at Plaintiff's cost.

---

[15] Hess recognizes that the Third Circuit has issued an opinion disagreeing with the holdings in *Dore* and *Kinder* on this issue. *See Dietz v. Superior Oil Co.*, 13-657 (La. App. 3 Cir. 12/11/13), 129 So.3d 836. However, the panel in *Dietz* was comprised of wholly different members than those in *Dore* and *Kinder*. Thus, the *Dietz* decision simply provides a conflicting opinion than that previously issued by separate panels of the Third Circuit, and neither the Third Circuit *en banc* nor the Louisiana Supreme Court have addressed the issue. Moreover, *Dietz* does not control here. *Dietz* should be understood as providing that claims for damages may not be premature while a lease exists. The restoration obligation, however, remains premature until the lease expires. *See id.* at 841 ("[W]hile the leases may still be in effect, these claims are not premature because there is no language in the mineral or civil codes to suggest these claims for damages only arise upon lease termination.") (emphasis added). This is the exact distinction made in *Alford v. Chevron U.S.A. Inc.*, 13 F. Supp. 581, 593 (E.D. La. 2014) (revised on reconsideration on other issues, June 1, 2014), wherein the court found that the suit for damages to property subject to an active lease was permissible, but claims for restoration were premature.





NON-CERTIFIED COPY

Alternatively, at a minimum, Plaintiff should be required to amend their Petitions to provide the information requested by Hess so that Hess can adequately defend against Plaintiffs' allegations.

Respectfully submitted,

By: ____________________

Jonathan A. Hunter (#18619)
Elizabeth S. Wheeler (#21148)
Erin E. Bambrick (#35035)
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
jahunter@liskow.com
ewheeler@liskow.com
ebambrick@liskow.com

***Attorneys for Defendant, Hess Corporation***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all other counsel of record by depositing said copy in the United States Mail, properly addressed and first-class prepaid, by facsimile, or email delivery on this 31st day of July, 2017.

____________________

FILED
AUG - 3 2017
CLERK OF COURT



4633854_1.docx

NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE
STATE OF LOUISIANA

DOCKET NO. 132505 DIV. "B"

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, ET AL.

FILED: ______________________ ______________________
DEPUTY CLERK OF COURT

**REQUEST FOR NOTICE**

Pursuant to Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, Hess Corporation ("Hess"), as alleged successor in interest to Amerada Hess Corporation, requests written notice of the date set for trial of the above-captioned case, and of the dates set for hearing of any pleadings, exceptions, motions, rules, orders, default judgments, judgments, interlocutory decrees, and any and all other formal proceedings herein, at least ten (10) days prior to the trial or hearing date. Hess requests that such notice be delivered to its undersigned counsel at the addresses below.

Hess also requests immediate notice of the signing of all orders or judgments, whether interlocutory or final, made or rendered in this case upon the rendition thereof as provided by articles 1913 and 1914 of the Louisiana Code of Civil Procedure, including notice of judgment in the event that this case be taken under advisement, or if the judgment is not signed at the conclusion of the trial.

NON-CERTIFIED COPY

Respectfully submitted,

By: ______________________

Jonathan A. Hunter (#18619)
Elizabeth S. Wheeler (#21148)
Erin E. Bambrick (#35035)
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
jahunter@liskow.com
ewheeler@liskow.com
ebambrick@liskow.com

***Attorneys for Defendant, Hess Corporation***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all known counsel of record by placing a copy of the same in the United States mail, postage prepaid and properly addressed, and/or by hand delivery, and/or by e-mail transmission.

New Orleans, Louisiana, this 31st day of July, 2017.

______________________

FILED
AUG - 3 2017
CLERK OF COURT



NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1487024**

# NOTICE OF FIXING CASE FOR TRIAL

**GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT**

**VS** | **PARISH OF LAFOURCHE**

**BP AMERICA PRODUCTION COMPANY, ET AL** | **STATE OF LOUISIANA**
**DOCKET NUMBER: C-132505**

TO: JAMIE D. RHYMES, ESQ.
LISKOW & LEWIS
P.O. BOX 52008
LAFAYETTE, LA 70503

NOTICE IS HEREBY GIVEN that the above entitled and numbered matter has been set for trial on Exceptions filed on Behalf of Exxon Mobil Corporation on September 21, 2017 at the hour of 9:00 a.m. Thibodaux, Louisiana, this August 3, 2017.

**ANNETTE M. FONTANA**
**Clerk of Court**
**Parish of Lafourche**

**Deputy ~~Clerk of~~ Court**

COPY TO:

MR. JAMES E. LAPEZE
LISKOW & LEWIS
701 POYDRAS ST., STE 5000
NEW ORLEANS, LA 70139-5099

MR. ROSS J. DONNES TALBOT
CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

MS. NICOLE M. BABB
KING, KREBS & JURGENS PPLC
201 ST. CHARLES AVENUE 45TH FLOOR
NEW ORLEANS, LA 70170

MR. D. RUSSELL HOLWADEL
ADAMS HOEFER HOLWADEL
400 POYDRAS ST, STE. 2450
NEW ORLEANS, LA 70130

MS. VALERI V. GUIDRY
OTTINGER HEBERT
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606

FILED
AUG - 3 2017
CLERK OF COURT

MR. GEORGE PIVACH, II
MR. TIMOTHY THRIFFILEY
PIVACH PIVACH HUFFT THRIFFILEY & DUNBAR
P.O. BOX 7125
BELLE CHASSE, LA 70037

REQUESTED BY: PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR

NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE
STATE OF LOUISIANA

DOCKET NO. 132505 DIV. "B"

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, ET AL.

FILED: ____________________________ ____________________________
DEPUTY CLERK OF COURT

**RULE TO SHOW CAUSE**

Considering the Exceptions to the Original and First Supplemental and Amending Petitions for Damages filed on behalf of **Hess Corporation**:

IT IS HEREBY ORDERED that Plaintiff show cause on the _______ day of ______________ 2017, at_________o'clock ___.m., why the Exceptions of **Hess Corporation**, should not be granted.

________________, Louisiana, this _____ day of _______________, 2017.

________________________________________
DISTRICT JUDGE

**PLEASE SERVE:**

Plaintiff, through its counsel of record:
Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher D. Martin
Talbot, Carmouche & Marcello
17405 Perkins Road
Baton Rouge, Louisiana 70810

FILED
AUG - 3 2017
Dy [signature]
CLERK OF COURT

NON-CERTIFIED COPY

MAILING ADDRESS
P.O. BOX 818
THIBODAUX, LA 70302

# ANNETTE M. FONTANA

CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE

PHYSICAL ADDRESS
303 WEST 3RD STREET
THIBODAUX, LA 70301

AUGUST [illegible], 2017

HON. SID J. GAUTREAUX, III
SHERIFF, PARISH OF EAST BATON ROUGE
PO BOX 3277
BATON ROUGE, LA 70802

RE: GOLDEN RANCH FARMS LLC
VS
BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

Dear Sir:

Enclosed, please find papers to be served on

GOLDEN RANCH FARMS, LLC
THROUGH ITS COUNSEL OF RECORD:
DONALD T. CARMOUCHE
VICTOR L. MARCELLO
JOHN H. CARMOUCHE
WILLIAM R. COENEN, III
BRIAN T. CARMOUCH
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN
TALBOT, CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

ENCLOSED PLEASE FIND A CHECK IN THE AMOUNT OF $29.36 FOR YOUR SERVICES.

Would you please make service.

Sincerely,
ANNETTE M. FONTANA
Clerk of Court

Deputy Clerk

FILED
AUG - 3 2017
CLERK OF COURT



NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE
STATE OF LOUISIANA

DOCKET NO. 132505 DIV. "B"

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, ET AL.

FILED: ______________________

______________________
DEPUTY CLERK OF COURT

**RULE TO SHOW CAUSE**

Considering the Exceptions to the Original and First Supplemental and Amending Petitions for Damages filed on behalf of **Hess Corporation**:

IT IS HEREBY ORDERED that Plaintiff show cause on the 21st day of September 2017, at 9 o'clock a.m., why the Exceptions of **Hess Corporation**, should not be granted.

Thibodaux, Louisiana, this 3rd day of August, 2017.

______________________
DISTRICT JUDGE

FILED
AUG - 3 2017
Rita A. Bernard
Dy CLERK OF COURT

**PLEASE SERVE:**

Plaintiff, through its counsel of record:
Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher D. Martin
Talbot, Carmouche & Marcello
17405 Perkins Road
Baton Rouge, Louisiana 70810

NON-CERTIFIED COPY

LISKOW&LEWIS
A Professional Law Corporation

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

1001 Fannin Street
Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

www.Liskow.com

**Elizabeth S. Wheeler**

Direct: (504) 556-4013
ewheeler@liskow.com

B

July 31, 2017

**Via Fax and Federal Express**
Lafourche Clerk of Court
Honorable Annette M. Fontana
303 W. 3rd Street
Thibodaux, LA 70301

Re: *Golden Ranch Farms, LLC. v. Devon Energy Production Company, L.P., et al.*
No. 132505, Div. "B", 17th Judicial District Court for the Parish of Lafourche

Dear Honorable Fontana:

Please find enclosed Exceptions on Behalf of Hess Corporation to the Original and First Supplemental and Amending Petition for Damages, Memorandum in Support of Exceptions to Plaintiff's Original and First Supplemental and Amending Petitions for Damages, Rule to Show Cause, and Request for Notice which we are fax filing today. Please provide our office with the cost of filing by return fax and we will forward the originals with the required fees.

Very truly yours,

Beth Wheeler

Elizabeth S. Wheeler

ESW/amr
Enclosures

cc: All Counsel of Record (by email)

FILED
AUG 3 2017
Rita A. Bernard
Dy
CLERK OF COURT

4646811_1

NON-CERTIFIED COPY

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: KEAN MILLER**

**225-388-9133**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on JULY 31, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**EXCEPTIONS, RULE AND EXHIBITS**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**RITA A. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $$400.00**

**FILED**

AUG - 4 2017

CLERK OF COURT

NON-CERTIFIED COPY

SEVENTEENTH JUDICIAL DISTRICT COURT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

**GOLDEN RANCH FARMS, LLC** **DOCKET NO. 132505**

**v.**

**BP AMERICA PRODUCTION COMPANY, ET AL.** **DIVISION "B"**

## EXCEPTIONS ON BEHALF OF DEVON ENERGY PRODUCTION COMPANY, L.P.

**NOW INTO COURT**, through undersigned counsel, comes defendant, Devon Energy Production Company, L.P. (hereinafter "Devon"), which responds to Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages (hereinafter "Petition") by asserting the following Exceptions:

1. Vagueness, ambiguity, and non-conformity of the petition with Louisiana Code of Civil Procedure article 891;
2. Improper cumulation of actions;
3. No cause of action for civil fruits or storage costs;
4. No cause of action for continuing tort or continuing trespass;
5. No cause of action for strict liability; and
6. No cause of action for unjust enrichment.

1.

### DILATORY EXCEPTION OF VAGUENESS, AMBIGUITY, AND NON-CONFORMITY OF THE PETITION WITH LOUISIANA CODE OF CIVIL PROCEDURE ARTICLE 891

Devon raises the dilatory exception of vagueness and ambiguity pursuant to Louisiana Code of Civil Procedure article 926(A)(5) and non-conformity of the Petition with Louisiana Code of Civil Procedure article 891 pursuant to Louisiana Code of Civil Procedure article 926(A)(4).

2.

Plaintiff brings generalized allegations against eighteen (18) defendants, not individually but *collectively*, for oil and gas exploration and production activities on thousands of acres of real


NON-CERTIFIED COPY

property located in three (3) different oil and gas fields (*i.e.* Bayou Des Allemands, Larose, and Valentine oil and gas fields) in Lafourche Parish, Louisiana.[1] Plaintiff's allegations are sufficiently vague and ambiguous to make it prejudicial to Devon to adequately form responsive pleadings, determine applicable affirmative defenses or otherwise adequately defend against Plaintiff's claims.

3.

Under Article 891, the Petition must "contain a short, clear and concise statement of . . . the material facts of, the transaction or occurrence that is the subject matter of the litigation . . ." Plaintiff's Petition in this case fails to meet this standard in the following non-exclusive respects:

1. Plaintiff makes general allegations and conclusory legal assertions against eighteen (18) named defendants collectively, for decades of operations, spanning three (3) different oil and gas fields;

2. Plaintiff pleads no facts specific to Devon in the Petition, but instead attaches a property description, a well and operator history, and a few aerials for defendants and the Court to sift through, without providing citation to any specific documents in connection with the claims against Devon;

3. The contracts to which Plaintiff is alleged to be a lessor, assignee, third party beneficiary and/or successor-in-interest to, and which the defendants are alleged to have breached, are not identified or described; and

4. Allegations of time and place as to Devon are not sufficiently pled in a fashion that satisfies the requirements of Louisiana Code of Civil Procedure Article 860.[2]

4.

Accordingly, Devon asks that this Court grant its dilatory exception of vagueness and order that Plaintiff correct the deficiencies in the Petition by a certain date, specifying that failure to do so will result in dismissal of Plaintiff's action at its cost.

5.

**DILATORY EXCEPTION OF IMPROPER CUMULATION**

Devon raises the dilatory exception of improper cumulation pursuant to Louisiana Code of Civil Procedure article 926(A)(7) and Louisiana Code of Civil Procedure article 461, *et seq.* Plaintiff seeks to cumulate claims against eighteen (18) defendants, involving thousands of acres

[1] Petition, ¶¶ 2 and 4.
[2] *See* Petition.



NON-CERTIFIED COPY

of real property, concerning oil and gas operations spanning three (3) entirely separate oil and gas fields.[3]

7.

According to the well operator history attached to the Petition as Exhibit C, the operations in question are separate and distinct between the three (3) different fields at issue. Geographically, the wells that comprise each field are concentrated at three distinct locations.[4] Operationally, different defendants, or groups of defendants, conducted operations in certain fields. For example, Devon and its predecessors did not conduct any operations in the Valentine Field and only operated one well, located a distance away from the rest of the wells at issue, in the Bayou Des Allemands Field. Plaintiff's joinder of claims arising from unrelated oil and gas operations into a single suit constitutes an improper cumulation of actions.

6.

At this point, it remains uncertain how many separate tracts of land or leases were involved in this vast area. Based on a cursory review of public records, Devon and its predecessors hold a mineral servitude on most of the property at issue.[5] Therefore, Devon is uniquely situated as a mineral servitude owner with different obligations than mineral lessees. To the extent that the property involves separate and distinct tracts of land, upon which oil and gas operations were performed under separate and distinct oil, gas and mineral leases or other contracts (*e.g.* Devon's mineral servitude), Plaintiff's joinder of unrelated contract claims into a single suit constitutes an improper cumulation of actions.

8.

Accordingly, Devon requests that this Court order separate trials of the actions as to particular pieces of property or the particular claims asserted, or, order the plaintiff to elect which actions they shall proceed with, and to amend their petition so as to delete therefrom all allegations relating to the action which they elect to discontinue.

---

[3] *See* Petition, ¶ 2.
[4] *See* Exhibit A.
[5] *See* Exhibit B.





NON-CERTIFIED COPY

9.

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR CIVIL FRUITS OR STORAGE COSTS**

Pursuant to Louisiana Code of Civil Procedure article 927(A)(5), Devon raises the peremptory exception of no cause of action regarding Plaintiff's claims for civil fruits or storage costs. Plaintiff seeks damages for the alleged storage of "toxic pollution and other wastes on or in the groundwater and soils underlying the plaintiff's lands" based on Louisiana Civil Code article 486.[6]

10.

Louisiana Civil Code article 486 provides in pertinent part, "[a] possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses." In the context of oilfield legacy cases, Louisiana courts have held that avoided costs, or expenses not incurred, do not constitute a civil fruit under Louisiana Civil Code article 486.

11.

Accordingly, Plaintiff cannot recover storage costs or expenses avoided as civil fruits. Plaintiff's claims for civil fruits should be dismissed, with prejudice, at Plaintiff's cost.

12.

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR CONTINUING TORT AND CONTINUING TRESPASS**

Pursuant to Louisiana Code of Civil Procedure article 927(A)(5), Devon raises the peremptory exception of no cause of action regarding Plaintiff's claims that the discharge, disposal or storage of oil field waste and other wastes on the plaintiff's lands has created a "continuing, ongoing and damaging nuisance" and "constitutes a continuing trespass."[7]

[6] Petition, ¶ 31.
[7] Petition, ¶ 17.



NON-CERTIFIED COPY

13.

Louisiana law is clear that the continued presence of contamination alleged in oilfield legacy cases does not give rise to a continuing tort or continuing trespass.[8]

14.

Accordingly, Plaintiff has no cause of action for continuing tort or continuing trespass under Louisiana law, and Plaintiff's claims in that regard should be dismissed, with prejudice, at Plaintiff's cost.

15.

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR STRICT LIABILITY**

Pursuant to Louisiana Code of Civil Procedure article 927(A)(5), Devon raises the peremptory exception of no cause of action. Plaintiff alleges that the "storage and disposal of the aforementioned toxic and hazardous substances constitutes an ultrahazardous activity for which Devon is strictly liable.[9]

16.

Louisiana Civil Code article 667 was amended in 1996. Plaintiff has not alleged an activity which would be considered ultrahazardous under post-1996 article 667 (*i.e.*, blasting with explosives or pile driving).

17.

Plaintiff's Petition also fails to allege an activity of Devon or its alleged predecessors which would be considered ultrahazardous under pre-1996 article 667 (*i.e.*, one that does not require substandard conduct to cause injury).

18.

Further, pursuant to Louisiana Code of Civil Procedure article 927(A)(5), Devon raises the peremptory exception of no cause of action for the claim of strict liability under Louisiana Civil Code Articles 2317 and 2322.[10] Because the Petition does not establish any one of the

[8] *Hogg v. Chevron USA, Inc.*, 09-2632 (La. 7/6/2010), 45 So. 3d 991; *Marin v. Exxon Mobil Corp.*, 09-2368 (La. 10/19/2010), 48 So. 3d 234; *Wagoner v. Chevron USA Inc.*, 45,507 (La. App. 2 Cir. 8/18/2010), 55 So. 3d 12, 19-20 (*aff'd on rehearing*).
[9] Petition, ¶ 30.
[10] *See* Petition, ¶19.





NON-CERTIFIED COPY

elements necessary to have a cause of action for strict liability under Article 2317 or 2322, Devon requests that Plaintiff's claims under Louisiana Civil Code Articles 2317 and 2322 be dismissed.

19.

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR UNJUST ENRICHMENT**

Pursuant to Louisiana Code of Civil Procedure article 927(A)(5), Devon raises the peremptory exception of no cause of action regarding Plaintiff's claim of unjust enrichment. Here, Plaintiff has not adequately pled a single element essential to recover under a theory of unjust enrichment. Accordingly, Devon requests Plaintiff's claim for unjust enrichment be dismissed.

20.

**OTHER EXCEPTIONS**

Insofar as Devon is similarly situated with any other defendant herein, Devon pleads, pursuant to Louisiana Code of Civil Procedure article 853, any and all exceptions raised by that defendant and adopts by reference any memoranda submitted in connection therewith.

21.

**RULE 9.8 STATEMENT**

In accordance with the Uniform Rules of the Louisiana District Courts, Rule 9.8(a), Devon states that testimony may be offered in support of its exceptions as permitted by Louisiana Code of Civil Procedure Articles 930 and 931.

Furthermore, Devon represents that this matter has not yet been set for trial.

**WHEREFORE**, defendant, Devon Energy Production Company, L.P. prays that its exceptions be granted and the aforementioned causes of action dismissed at Plaintiff's cost, and the case severed by field, or for such other relief as is appropriate under the facts of the case.


NON-CERTIFIED COPY

Respectfully submitted:

Hattie Guidry

Esteban Herrera, Jr. (#20859)
Victor J. Suane, Jr. (#31337)
Sam Lumpkin (#35213)
Hattie V. Guidry (#35801)
**KEAN MILLER LLP**
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999

***Attorneys for Devon Energy Production Company, L.P.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Exceptions, Rule to Show Cause and Memorandum in Support have been transmitted to all known counsel of record by electronic mail and/or U.S. mail, postage prepaid.

Baton Rouge, Louisiana, this 31st day of July, 2017.

Hattie Guidry

Hattie V. Guidry

FILED
AUG - 4 2017
Rita A. Bernard
CLERK OF COURT
Dty



NON-CERTIFIED COPY

SEVENTEENTH JUDICIAL DISTRICT COURT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

GOLDEN RANCH FARMS, LLC — DOCKET NO. 132505

v.

BP AMERICA PRODUCTION COMPANY, ET AL. — DIVISION "B"

# MEMORANDUM IN SUPPORT OF EXCEPTIONS ON BEHALF OF DEVON ENERGY PRODUCTION COMPANY, L.P.

**NOW INTO COURT**, through undersigned counsel, comes defendant Devon Energy Production Company, L.P., which submits this memorandum in support of its exceptions to the Petition for Damages and First Supplemental and Amending Petition for Damages (jointly, "Petition") filed by Golden Ranch Farms, LLC ("Plaintiff"). For the reasons set forth more fully herein, Devon's exceptions should be granted.

## I. INTRODUCTION AND FACTUAL BACKGROUND

Devon has been named as a defendant in this suit along with seventeen (17) other oil and gas companies. Defendants have been sued in connection with historical oil and gas exploration and production activities conducted in the Bayou Des Allemands, Larose, and Valentine Oil and Gas Fields, which encompass thousands upon thousands of acres in Lafourche Parish, Louisiana. The Operator History attached as Exhibit C to the Petition identifies 228 total wells at issue in the suit.

Plaintiff alleges that all named defendants "conducted, directed, and participated in various oil and gas exploration and production activities on plaintiff's property as operators, and/or working interest owners, and/or mineral or surface lessees, and/or mineral or surface lease assignees, and/or mineral lease sublessees, and/or servitude, executive interest or other mineral interest owners, and/or personal or predial servitude owners, and/or participants in joint operating agreements or unit operating agreements."[11] Further, Plaintiff alleges that "[d]efendants' activities include the operation or construction of various oil and gas facilities,

[11] *See* Petition, ¶ 6.



NON-CERTIFIED COPY

including but not limited to, pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, separators, and injection facilities."[12] Plaintiff alleges that the property is "believed to be contaminated" and that all defendants "either caused this contamination, or are otherwise legally responsible for [it]."[13] However, Plaintiff makes no effort to direct a single allegation toward any individual defendant, instead repeatedly making general allegations against all defendants collectively.

Plaintiff has sued defendants for alleged breaches of oil, gas and mineral leases, surface leases, servitude agreements, use agreements and other applicable contracts, as well as for alleged negligence, trespass, continuing trespass, continuing tort, nuisance, stigma damages, failure to warn, strict liability, punitive damages, failure to restore, and unjust enrichment.[14] In addition, Plaintiff seeks mandatory and prohibitory injunctions, restoration damages, assessment and response costs, civil fruits derived from alleged illegal trespass, stigma damages, punitive damages, and attorney's fees and expenses.[15]

In short, Plaintiff generally claims that the property at issue has been, and continues to be, damaged by oil and gas operations and that the property has not been properly restored. However, based on the insufficiency of the allegations in the Petition, this Court should maintain Devon's exceptions and dismiss several claims at Plaintiffs' costs because there is no legal or factual basis for those claims.

## II. LAW AND ARGUMENT

### A. Plaintiff's Petition is so Vague that Devon Cannot Adequately Prepare Responsive Pleadings.

When allegations in the petition are vague, general and indefinite, an exception of vagueness is appropriate.[16] The exception of vagueness has two primary purposes. First, it enables a defendant to prepare its defense by providing the nature of the facts to be proved.[17] Second, it enables the defendant to identify the cause of action so as to bar its future re-

[12] *See* Petition, ¶ 5.
[13] *Id.*
[14] *See* Petition, ¶¶ 15-34.
[15] *See* Petition, ¶¶ 35-38.
[16] *Brunson v. Mutual Life Ins. Co. of New York*, 189 La. 743, 180 So. 506 (La. 1938); *Broussard v. Broussard*, 381 So. 2d 942, 943 (La. App. 3 Cir. 3/5/80).
[17] *Roache v. Alpha Technical Servs., Inc.*, 10-1086, p. 6 (La. App. 5th Cir. 6/29/11), 71 So. 3d 520, 523 *writ denied*, 11-1622 (La. 9/30/11), 71 So. 3d 294 (*citing AAA Delivery, Inc. v. Airborne Freight Corp.*, 94-346 (La. App. 5th Cir. 11/16/94), 646 So. 2d 1113, *writ denied*, 94-3073 (La. 2/9/95), 649 So. 2d 423).


NON-CERTIFIED COPY

litigation.[18] A petition must give a defendant sufficient notice of the facts sought to be proven against him, and the purpose of the exception of vagueness is "to ensure that notice."[19]

Louisiana Code of Civil Procedure article 891 requires that a petition "contain a short, clear and concise statement of all of the causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." Further, Article 891 requires compliance with Code of Civil Procedure article 860, which specifically states "allegations of time and place are material and shall be considered as all other allegations of material matter." Plaintiff's Petition fails to meet these requirements. Under Louisiana law, when a petition does not allege with particularity the circumstances of the claims against each individual defendant and the facts upon which the alleged liability of each defendant is based, the petition is necessarily vague.[20]

First, the Petition is vague and ambiguous as to Plaintiff's interest, if any, in the property or alleged leases at issue. The Petition states that Plaintiff owns and/or uses the surface of the property at issue in this litigation.[21] However, Plaintiff provides no specific allegations regarding the nature of its interest in the property, the mode of acquisition of such interest, or the date(s) such interest was held. It is, therefore, cumbersome and impossible to determine:

1. Whether Plaintiff has any contractual privity with Devon;
2. What legal duty, if any, Devon may have owed to Plaintiff;
3. Whether Plaintiff is the proper party to sue for the relief requested;
4. Whether Plaintiff in fact has a right or cause of action against Devon; or
5. Whether certain affirmative defenses are available.

Such information is pertinent to this litigation and could serve as grounds for various exceptions and/or affirmative defenses.

Plaintiff's breach of contract allegations are also vague. Plaintiff alleges breaches of oil, gas and mineral leases and surface leases, and other applicable yet unidentified contracts. Despite the breadth of allegations regarding the types of contracts that may be at issue in this

---

[18] *Id.*
[19] *Id.*
[20] *Spell v. Executive Officers, Directors and/or Shareholders of P&W Indus, Inc.*, 316 So. 2d 474, 476 (La. App. 1st Cir. 6/30/75), *writ denied* 320 So. 2d 911 (La. 10/24/75).
[21] *See* Petition, ¶ 2.





NON-CERTIFIED COPY

suit, the Petition does not reference, cite to, or otherwise identify any specific contracts, or any particular provisions therein which were allegedly breached. As such, Plaintiff should be required to amend the Petition to identify which contracts were allegedly breached by each defendant, or at the very least which contracts relate to each defendant.

Further, Plaintiff fails to specifically plead material "allegations of time and place."[22] The Petition contains only general allegations as to all defendants collectively.[23] The Petition does not allege: (1) which particular defendants are responsible for particular areas of property contamination; (2) when the alleged contamination occurred; or (3) which defendant is responsible for the alleged contamination at particular areas of the thousands of acres at issue. Each allegation of conduct is merely directed at all defendants generally, without providing any detail specific to this cause of action. Furthermore, as support for all of its allegations, Plaintiff simply attaches public records, a well and operator history, and a few aerial photographs, without stating any facts or citing to any specific documents which would narrow or make its claims more clear.

As written, the Petition is impermissibly vague, ambiguous, and does not conform to the requirements of Louisiana Code of Civil Procedure Article 891. Devon will be prejudiced if it is required to prepare responsive pleadings, determine applicable affirmative defenses, or otherwise defend against Plaintiff's generalized and nonspecific claims. Plaintiff should be required to plead with particularity the alleged connections of all defendants, including Devon, to the allegations made in this lawsuit.

Accordingly, Devon requests that this Court order the Plaintiff to amend the Petition to cure the defects identified above, or, if the Plaintiff is unable to do so, dismiss the Petition in its entirety.

**B. Plaintiff Has Improperly Cumulated Numerous Causes of Action Into One Single Lawsuit.**

Louisiana Code of Civil Procedure article 647 provides that "the permissive joinder of two or more plaintiffs or defendants in the same suit is governed by the rules regulating the

---

[22] La. Code Civ. P. art. 860.
[23] *See* Petition.



NON-CERTIFIED COPY

cumulation of actions provided in Articles 463 through 465." Louisiana Code of Civil Procedure article 463 provides:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and enjoy the same form of procedure.

The test for determining whether the parties have a community of interest is whether the cumulated causes of action arise out of the same facts or whether they present the same factual or legal issues.[24]

The term "community of interest" means a common liability with respect to the subject matter of the suit.[25] More specifically, a "community of interest" means that the cumulated actions "arise out of the same facts or present the same factual and legal issues."[26] Accordingly, where there is no privity of contract, there is no "common liability" and therefore no "community of interest."[27] Equally inappropriate is the cumulation of tort claims where there are no common factual issues.[28]

Furthermore, the argument against allowing cumulation of actions is even greater when a party attempts to cumulate multiple actions against multiple defendants, as is made clear in Comment (a) to Louisiana Code of Civil Procedure article 463:

> While a single plaintiff may cumulate in the same suit two or more actions against the same defendant having no connection with each other, and based on different causes of action, of necessity, greater restriction on the privilege of cumulating actions must be imposed when the suit is brought by plural plaintiffs or against plural defendants. The test to be employed in the latter case is the traditional one of a "community of interest between the parties joined."[29]

---

[24] *See Strahan v. Maytag Corp.*, 99-0869 (La. App. 4 Cir. 4/5/00), 760 So.2d 463, 468.
[25] *See Keel v. Rodessa Oil & Land Co.*, 189 La. 732, 180 So. 502 (4/4/38).
[26] *Aaron v. Landcraft, Inc.*, 04-1319 (La. App. 5 Cir. 3/15/05), 900 So.2d 920, 923.
[27] *See, e.g., Copella v. Britt*, 188 So. 403 (La. App. 2nd Cir. 3/8/1939) (two or more persons cannot be joined in one suit either as plaintiff or defendant where there is no privity of contract); *Peninger v. Cox*, 125 So. 754 (La. App. 2nd Cir. 1/31/30).
[28] *See, e.g., Laborde v. Am. Nat'l Prop. & Cas. Companies*, 00-01091 (La. App. 3 Cir. 1/31/01), 780 So.2d 501 (plaintiff was not entitled to cumulate three separate accidents that occurred on two separate days).
[29] La. Code Civ. P. art. 463, Comment (a).





NON-CERTIFIED COPY

The failure to establish this "community of interest" results in two options for the court. Pursuant to Louisiana Code of Civil Procedure article 464, a court may: (1) order separate trials of the actions, or (2) order the plaintiffs to select the action they would proceed with and to amend their petition to delete the allegations relating to actions it elects to discontinue.

This case is improperly cumulated because it involves claims against **eighteen (18) defendants**, involving the operations of **228 wells** and associated facilities in **three (3) separate oil and gas fields**, comprising **thousands upon thousands of acres** of property, conducted over **seventy-nine (79) years**. Many of the alleged operations appear to have no overlap. At this point, it remains uncertain exactly how many separate tracts of land or leases were involved in this vast area. However, Devon reasonably anticipates there are dozens of mineral and surface leases, servitudes, and various other types of agreements associated with the operations at issue.

To the extent that the property at issue involves separate and distinct areas upon which oil and gas operations were performed under separate and distinct oil, gas and mineral leases, Plaintiff's joinder of these unrelated claims into a single suit constitutes an improper cumulation of actions. The dozens of mineral and surface leases, servitudes, and other types of agreements that are likely to be involved, considering the duration and volume of the operations at issue, will undoubtedly contain a variety of provisions that give rise to distinct and/or conflicting obligations that present different legal issues. For example, while Plaintiff is the surface owner of the property at issue, Devon is in effect the owner of most of the mineral interest in the property through a mineral servitude.[30] There are crucial distinctions between the obligations and duties applicable to mineral servitude owners versus mineral lessees.[31] Thus, Plaintiff's claims against the defendants do not arise out of the same facts and do not present the same factual issues, and there is no community of interest between the parties joined.

Moreover, geographic separation of the operations further defeats the community of interest required for cumulation under Louisiana Code of Civil Procedure article 463. The plat attached as Exhibit A depicts how the operations at issue are located in three (3) distinct locations that shape each oil and gas field at issue. Further, each field was operated by different

---

[30] *See* Exhibit B.
[31] *Walton v. Burns*, 47,388, p. 12 (La. App. 2nd Cir. 1/16/13), 151 So. 3d 616, 622.





NON-CERTIFIED COPY

defendants or groups of defendants. For example, Devon and its predecessors did not conduct any operations in the Valentine Field and only operated one well, secluded from the rest of the wells at issue, in the Bayou Des Allemands Field. Thus, Plaintiff's claims are easily divisible by the three (3) separate oil and gas fields. Devon should not be forced to participate in a suit involving a geographically distinct area in which it had no operations (i.e., the Valentine Field).

Plaintiff's grouping of vast tracts of land in the same action only complicates a suit that, even if it involved only a single oil and gas field, would still require untangling the various contractual relationships, property interests, and operations occurring across that area. Forcing a trial of all these claims together would result in jury confusion and ultimately prejudice the defendants. Ensuring a fair and impartial trial for all participants is the goal of Articles 463 through 465 and Article 1561 of the Louisiana Code of Civil Procedure. In order to achieve this goal, this Court should grant Devon's dilatory exception of improper cumulation of actions and parties, and order the Plaintiff to "elect which actions [it] shall proceed with" and dismiss all other actions or claims.[32] In the alternative, Devon asks that, in "the interest of justice" and in order to "simplify the proceedings" and "permit a more orderly disposition of the case," the Court order a separate trial of all the cumulated actions.[33]

### C. Plaintiff Has No Cause of Action for Civil Fruits or Storage Costs Under Louisiana Law.

Plaintiff claims it is entitled to recover "civil fruits" derived from the defendants' alleged storage of "toxic pollution and other wastes on or in the groundwaters and soils underlying the plaintiff's lands."[34] Plaintiff bases its claim upon Louisiana Civil Code Article 486, which states in part that "[a] possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses."

Louisiana Civil Code article 551 defines fruits as "things that are produced by or derived from another thing without diminution of its substance." It goes on to further define civil fruits as "revenues derived from a thing by operation of law or by reason of a juridical act, such as rentals, interest and certain corporate distributions." Plaintiff states that "[d]efendants have

[32] La. Code Civ. P. art. 464.
[33] La. Code Civ. P. art. 465.
[34] Petition, ¶ 31.



9000671_1

NON-CERTIFIED COPY

derived substantial economic benefits" from their storage of toxic pollution and waste.[35] As such, Plaintiff claims it is entitled to the civil fruits derived from the defendants' trespass.

The Louisiana Second Circuit Court of Appeal has held that expenses not incurred for storage or disposal are not civil fruits as defined in Article 551:

> The "savings" or economic benefit realized by defendants in disposing of/storing their waste or byproducts on the property rather than disposing of/storing them offsite does not qualify as "fruit" much less as a "civil fruit." Nothing was produced by or derived from the property as a result of the storage/disposal of oilfield waste, and there were no revenues, such as rentals, interest or a corporate distribution, derived from the property by virtue of the storage/disposal of oilfield waste.[36]

Citing this language in *Wagoner*, the court in *Alford v. Anadarko E &P Onshore LLC*, facing similar claims, also found that "avoiding costs is not the same as earning revenues" and held that the *Alford* plaintiffs had not stated a cause of action for civil fruits.[37]

Since savings or expenses not incurred are not civil fruits as defined by Article 551, Plaintiff is not entitled to any damages under Louisiana Civil Code Article 486. Accordingly, Devon requests that its exception of no cause of action be granted and Plaintiff's claim for civil fruits be dismissed.

### D. Plaintiff Has No Cause of Action for Continuing Tort and Continuing Trespass Under Louisiana Law.

Plaintiff's Petition fails to state a cause of action for continuing tort and continuing trespass. Plaintiff's claim that the "oil and gas exploration and production activities and the associated discharge, disposal or storage of oilfield waste on the plaintiff's Property have created a continuing, ongoing and damaging nuisance . . . "[38] Plaintiff further claims that "the continued presence of oilfield wastes on the Property constitutes a continuing trespass."[39] As such, Plaintiff alleges that the same <u>omission</u>, *i.e.*, the <u>failure to remove</u> alleged contamination (which has resulted in the alleged continued presence of oilfield wastes), is the basis for both causes of action.

---

[35] *Id.*
[36] *Wagoner v. Chevron USA Inc.*, 45,507 (La. App. 2 Cir. 8/18/10), 55 So. 3d 12, 19-20 (*aff'd on rehearing*).
[37] CIV. 13-5457, 2014 WL 1612454 at p. 18 (E.D. La. 4/22/14).
[38] Petition, ¶ 17.
[39] *Id.*



NON-CERTIFIED COPY

The Supreme Court directly addressed the issues of continuing tort and continuing trespass in *Hogg v. Chevron USA, Inc.*[40] In *Hogg*, the Court stated that both causes of action utilize the same analysis: "the court must look to the operating cause of the injury sued upon and determine whether it is a continuous one giving rise to successive damages, or whether it is discontinuous and terminates, even though the damage persists and may progressively worsen."[41]

In *Hogg*, underground storage tanks had leaked gasoline onto the plaintiffs' property, and were replaced in 1997. Suit was filed in 2007. In an effort to avoid prescription, the plaintiffs in *Hogg* argued that the underground migration of toxic substances constituted a trespass, and "that all trespasses are, by definition, continuous in nature."[42] After questioning whether trespass applied at all, since there was no proof of an intentional act, the Supreme Court first reiterated the principle that a continuing trespass is a continuing tort, and then went on to state that a continuing tort is "occasioned by [continual] unlawful acts, <u>not the continuation of the ill effects of an original, wrongful act</u>."[43] The tortfeasor, to commit a continuing tort or trespass, must perpetuate the injury "through **overt, persistent, and <u>ongoing acts</u>**."[44] Where the allegedly wrongful conduct is completed, but a plaintiff continues to experience injury in the absence of any further activity by the trespasser, no continuing trespass exists.[45]

The Court, noting no allegations of new tortious conduct after the initial leakage ceased, determined that the mere presence of the toxic substance (gasoline) in the subsurface was merely a continued ill effect of the original tortious incident (leaking of gasoline from underground storage tanks).[46] Therefore, the Court found that the failure to remediate after the tortious conduct occurred was not a continuing operating cause of injury, and did not constitute a continuing tort or continuing trespass.[47]

Similarly, the issue of continuing tort and continuing trespass in the context of an oilfield legacy case was squarely addressed by the Louisiana Second Circuit Court of Appeal in

[40] 09-2632 (La. 7/6/10); 45 So. 3d 991.
[41] *Id.* at 1003-04 (emphasis added).
[42] *Id.* at 1002.
[43] *Id.* at 1003 (emphasis added).
[44] *Id.* (emphasis added).
[45] *Id.* at 1005.
[46] *Id.* at 1006.
[47] *Id.*





NON-CERTIFIED COPY

*Wagoner v. Chevron USA Inc.*[48] The plaintiffs in *Wagoner* claimed causes of action for continuing tort, nuisance, and trespass, contending that the defendant's (Chevron) "failure to remediate the leaking pits and to restore the condition of the land is causing their property to increasingly deteriorate and, thus, constitutes a continuing tort."[49] The Second Circuit in *Wagoner* found that "Chevron's failure to remediate the leakage from the pits does not constitute a continuing wrong because **the failure to remediate was not the operating cause of the damage**; the leakage was."[50] Therefore, the court found that "the continuing tort doctrine is inapplicable to this case."[51]

In *Marin*, the plaintiffs made allegations similar to those in the Petition in the instant case: that the alleged pollution continued to migrate, cause successive damage, and cause ongoing and cumulatively increasing deterioration on their property.[52] Nevertheless, relying on *Hogg*, the Louisiana Supreme Court found that "the operating cause of plaintiffs' injury was still the actual disposal or storage of the oilfield waste in unlined pits on plaintiffs' property."[53] The Court found that the operating cause of injury in that case ceased, at the very latest, when the pits ceased to be used, *i.e.*, when the actual disposal or storage ceased.[54]

As *Hogg*, *Marin*, and *Wagoner* direct, a cause of action for continuing tort or continuing trespass requires identification of the operating cause of the injury, and then determining whether that cause is continuous, giving rise to successive damages, or discontinuous even though damage resulting from the cause may progressively worsen. Just as in *Wagoner*, in the instant case, Plaintiff's claims for continuing tort and continuing trespass are both founded on the failure to remediate the property and the resulting continued presence of oilfield wastes. However, as *Hogg*, *Marin*, and *Wagoner* specifically point out, neither the mere presence of a contaminant in the subsurface nor the failure to remediate the subsurface *is* the true operating cause of injury; rather, both are merely continued ill effects *from* the true operating cause of the injury.

[48] 45,507 (La. App. 2nd Cir. 8/18/10), 55 So. 3d 12, *on rehearing* (9/24/10).
[49] *Id.* at 24.
[50] *citing Hogg*, *supra*, and *Marin v. Exxon Mobil Corp.*, 09-2368, 09-2371 (La. 10/19/10), 48 So. 3d 234.
[51] *Id.* (emphasis added).
[52] *Marin*, *supra*, at p. 254.
[53] *Id.*
[54] *Id.* (*See also*, *Alford*, *supra*, at p. 37-40 (analyzing *Marin*, the court additionally found that the improper closing of pits did not alter the cessation of the operating cause of the injury, which is when the pits stopped being used, not when they were properly closed as alleged by the plaintiffs therein)).



NON-CERTIFIED COPY

Therefore, the causes alleged in the Petition do not constitute a continuing tort or continuing trespass.

Accordingly, Devon requests that its exception of no cause of action be granted and Plaintiff's claims for continuing tort and continuing trespass be dismissed.

### E. Plaintiff Has Not Stated a Cause of Action for Which Defendants Can Be Found Strictly Liable Under Louisiana Law.

The Petition alleges that the defendants are strictly liable for damage caused by their "handling, storage, discharge, and disposal of toxic and hazardous and toxic oil field waste on and/or adjacent to the plaintiff's property" under Louisiana Civil Code Articles 667, 2317 and 2322.[55]

#### *i. The Plaintiff Cannot Show Devon's Operations Included Pile Driving or Blasting Under Post-1996 Article 667 or Ultrahazardous Activity Under Pre-1996 Article 667.*

Louisiana Civil Code article 667 was significantly amended effective April 16, 1996. Because Plaintiff fails to specify the dates when the alleged damages were caused, it is not clear whether Plaintiff attempts to state a cause of action under the pre- or post-amendment version of Article 667, or both. Regardless of which version of the law applies, Plaintiff has failed to state a cause of action for strict liability arising out of Article 667.

With regard to any activities that occurred after April 16, 1996, the Supreme Court has explained that:

> Article 667 now clearly articulates that the only cognizable ultra hazardous activities are "pile driving" and "blasting with explosives." Any other activities besides the two the article specifically lists are not ultra-hazardous for purposes of article 667. Thus, to qualify for the absolute liability standard, the plaintiff must show that the activity complained of is either "pile driving" or "blasting with explosives."[56]

Plaintiff does not allege the defendants engaged in pile driving or blasting with explosives. Thus, to the extent that any of the alleged activities by the defendants' alleged predecessors occurred after the 1996 amendment to Article 667, the Court should grant Devon's exception of no cause of action for absolute liability arising under Article 667.

---

[55] Petition, ¶¶ 19 and 30.

[56] *Yokum v. 615 Bourbon Street*, 07-1785 (La. 2/26/08), 977 So.2d 859, 874 (citing *Suire v. Lafayette City-Parish Consolidated Government*, 04-1495 (La. 4/12/05), 907 So.2d 37, 49).



NON-CERTIFIED COPY

To the extent that any activities allegedly occurred prior to April 16, 1996, Louisiana courts have adopted a three-prong test to determine the existence of an ultrahazardous activity.[57] In *Burton v. Conoco Offshore, Inc.*,[58] the court explained that the three-pronged test requires (a) that the activity must relate to land or some other immovable; (b) that the activity itself must cause the injury, and the defendant must be engaged directly in the injury-producing activity; and (c) the activity must not require substandard conduct to cause injury.[59]

The crucial issue in assessing ultrahazardous activity concerns whether the conduct could have been safely done.[60] To be deemed ultrahazardous, the activity must present a risk of harm that cannot be eliminated through the exercise of due care.[61] If the activity can be conducted without a high degree of risk of injury by exercising due care, it is not considered ultrahazardous.[62]

Louisiana Courts have found that disposal of hazardous wastes is not considered ultrahazardous if performed properly. In *Bartlett v. Browning,* the court held that a hazardous waste disposal facility, properly operated in accordance with state and federal rules and regulations, will not cause harm to the residents of its surrounding area.[63] In addition, the Louisiana First Circuit Court of Appeal has held that the storage of toxic substances in pits is not an ultrahazardous activity.[64] Thus, Plaintiff's allegation that the defendants' operations and activities constitute ultrahazardous activity is not supported by Louisiana jurisprudence. The storage of "oil field waste substances" can be conducted without a high degree of risk of injury by exercising due care, and, therefore, is not an ultrahazardous activity. As such, the defendants cannot be held strictly liable for any alleged oil field waste disposal.

---

[57] *Bartlett v. Browning-Ferris Industries Chemical Servs., Inc.*, 96-218 (La. App. 3rd Cir. 11/6/96), 683 So. 2d 1319, 1321, *writ denied*, 97-0317 (La. 3/27/97).
[58] 93-599, pp. 4-5 (La. App. 5th Cir. 2/9/1994), 631 So. 2d 1374, 1377.
[59] *Bartlett,* 683 So. 2d at 1321-1322; *Kent v. Gulf State Utilities Co.,* 418 So. 2d 493, 498 (La. 4/30/82); *Triplette v. Exxon Corp.*, 554 So. 2d 1361, 1362 (La. App. 1st Cir. 12/19/89) (*citing Perkins v. F.I.E. Corp.*, 762 F. 2d 1250, 1267-68 (5th Cir. 6/17/85)).
[60] *Davis v. Insurance Co. of North America*, 94-0698 (La. App. 1st Cir. 3/3/95), 652 So. 2d 531, 537.
[61] *O'Neal v. International Paper Co.*, 715 F. 2d 199, 202 (5th Cir. 1983).
[62] *Bartlett*, 638 So. 2d at 1322 (*citing Kent v. Gulf States Utilities Co.*, 418 So. 2d 493 (La. 4/30/82).
[63] 683 So. 2d at 1321-1322.
[64] *Ewell v. Petro Processors of Louisiana, Inc.*, 364 So. 2d 604, 647 (La. App. 1st Cir. 10/9/78), *writ denied*, 366 So. 2d 575 (La. 1979) (the record ... did not support a conclusion that the storage of hazardous waste was ultrahazardous").



NON-CERTIFIED COPY

Even if Plaintiff could claim some activity other than those mentioned above, the Petition itself undercuts Plaintiff's claims. Specifically, the Petition alleges that it was the defendants' negligence and substandard conduct that caused the alleged damage to the Property.[65] The assertion of negligence defeats the third prong of the test. In other words, Plaintiff essentially claims that the activity could have been done safely, but for the defendants' substandard conduct. Therefore, Plaintiff's own allegations contradict its cause of action for strict liability under Art. 667.

Due to the fact that Louisiana Courts have held that storage of "oil field waste substances" is not considered to be an ultrahazardous activity and that the Petition alleges substandard conduct as a cause of the alleged injuries, Plaintiff has failed to assert a cause of action for strict liability under Article 667. Accordingly, Devon requests that its exception of no cause of action be granted and Plaintiff's claim for strict liability under Louisiana Civil Code article 667 be dismissed.

***ii. Plaintiff Has No Cause of Action For Strict Liability Under Louisiana Civil Code Article 2317.***

To recover under the theory of strict liability under Article 2317, Plaintiff must prove: (1) the thing or instrumentality contains a vice or defect that created an unreasonable risk of harm to others; (2) the defendant had custody over the thing which allegedly caused the damage; and (3) the vice or defect in the thing or instrumentality caused the Plaintiff's injuries.[66] In the instant suit, Plaintiff pleads only generally that defendants had custody or control of the equipment and facilities that caused the alleged damages. Plaintiff does not plead specific dates when alleged damages occurred; therefore it does not allege which particular defendant had custody over the equipment and facilities when the alleged damages occurred. Second, Plaintiff does not plead that there was a vice or defect that created an unreasonable risk of harm to its property. Finally, Plaintiff does not plead that a vice or defect in defendants equipment caused damage to Plaintiff's property. Accordingly, the Petition does not establish any one of the elements necessary to assert a cause of action for strict liability under Article 2317. As such, Devon

[65] Petition, ¶¶ 5 and 28.
[66] *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1363 (La. 6/18/92); *Loescher v. Parr*, 324 So. 2d 441, 449 (La. 12/8/75).



NON-CERTIFIED COPY

requests that its exception of no cause of action be sustained and Plaintiff's claim for strict liability under Louisiana Civil Code Article 2317 be dismissed.

#### *iii. Plaintiff has No Cause of Action For Strict Liability Under Louisiana Civil Code Article 2322.*

Plaintiff also alleges strict liability pursuant to Louisiana Civil Code article 2322. To recover under this theory of strict liability, Plaintiff must prove: (1) there was a building; (2) the defendant was its owner; and (3) injury was caused by a "ruin" resulting from a vice in original construction or neglect to repair.[67] Plaintiff again fails to plead the required elements in which to have a cause of action under Article 2322. Instead, Plaintiff presents a general statement that fails to identify any buildings; fails to give specific dates when alleged damages occurred, rendering it impossible to know which particular defendant had *garde* over any such "buildings," and fails to allege whether the damage was caused by a "ruin" resulting from a vice in original construction or neglect to repair, or what such "ruin" might have been. The Petition does not establish any one of the elements necessary to assert a cause of action for strict liability under Article 2322. Accordingly, Devon requests that its exception of no cause of action be sustained and Plaintiff's claim for strict liability under Louisiana Civil Code Article 2322 be dismissed.

### F. Plaintiff Has No Cause of Action for Unjust Enrichment.

The Petition alleges unjust enrichment as a result of the defendants' "unauthorized use of the plaintiff's lands to store and dispose of toxic contamination."[68] Unjust enrichment is available to a plaintiff only where no express remedy is provided.[69] The Supreme Court has identified five factors that must be satisfied in order to successfully prove unjust enrichment: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and impoverishment, and (5) no other remedy at law available to the impoverishee.[70] To be able to recover under the

[67] *Olsen v. Shell Oil Co.*, 365 So.2d 1285, 1289 (La. 11/16/78).
[68] Petition, ¶ 34.
[69] *Walkers v. MedSouth Record Management, LLC*, 10-0353 (La. 6/4/10), 38 So.3d 243.
[70] *Minyard v. Curtis Products, Inc.*, 205 So.2d 422, 432 (La. 12/11/67).





NON-CERTIFIED COPY

theory of unjust enrichment, "a claimant must prove all five elements; if any one is not proven, the claimant's recovery is barred."[71]

Here, Plaintiff has not adequately pled the elements essential to recover under a theory of unjust enrichment. Plaintiff merely asserts that the defendants have been unjustly enriched by an unauthorized use of Plaintiff's property.[72] There are no supporting facts to satisfy the first four requirements that there has been an enrichment, an impoverishment, or that there is a connection between the two with no justification for the cause. In addition, Plaintiff fails to satisfy the fifth requirement based on the fact that the Petition asserts several causes of action against the defendants under theories of tort and breach of contract, which precludes a cause of action for unjust enrichment.[73]

Accordingly, as the Petition does not establish the elements necessary to recover under the theory of unjust enrichment, Devon requests that its exception of no cause of action be granted and Plaintiff's claim for unjust enrichment be dismissed.

## III. CONCLUSION

**WHEREFORE,** based on the foregoing, Devon Energy Production Company, L.P. prays that, after due proceedings are had, judgment sustaining Devon's exceptions be rendered in its favor and against Plaintiff.

---

[71] *Coastal Envir. Specialists, Inc. v. Chem-Lig Intern., Inc.* 00-1936 (La. App. 1 Cir. 11/09/11); 818 So.2d 12, 19.

[72] *See* Petition, ¶ 34.

[73] *See Morphy, Makofsky & Masson, Inc. v. Canal Place 2000*, 538 So.2d 569, 575 (La. 1/30/89)(The Court stated that the existence of a contract claim precludes application of the unjust enrichment theory because "there exists an independent remedy at law, that is, in contract."); *Mongrue v. Monsanto Co.*, 1999, U.S. Dist. Lexis 16663, *13 (E.D. La. 1999) (Court rejected an unjust enrichment claim because plaintiff had a plausible trespass remedy under tort.).



NON-CERTIFIED COPY

Respectfully submitted:

Hattie Guidry

Esteban Herrera, Jr. (#20859)
Victor J. Suane, Jr. (#31337)
Sam Lumpkin (#35213)
Hattie V. Guidry (#35801)
**KEAN MILLER LLP**
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999

***Attorneys for Devon Energy Production Company, L.P.***



NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Exceptions, Rule to Show Cause and Memorandum in Support have been transmitted to all known counsel of record by electronic mail and/or U.S. mail, postage prepaid.

Baton Rouge, Louisiana, this 31st day of July, 2017.

Hattie V. Guidry

FILED
AUG - 4 2017
CLERK OF COURT



NON-CERTIFIED COPY

**SEVENTEENTH JUDICIAL DISTRICT COURT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**GOLDEN RANCH FARMS, LLC** **DOCKET NO. 132505**

**v.**

**BP AMERICA PRODUCTION COMPANY, ET AL.** **DIVISION "B"**

**RULE TO SHOW CAUSE**

Considering the Exceptions filed on behalf of defendant, Devon Energy Production Company, L.P.;

**IT IS HEREBY ORDERED** that Plaintiff show cause on the _____ day of ____________ 2017, at ________ o'clock ____.m. why Devon Energy Production Company, L.P.'s Exceptions should not be granted.

**SIGNED** this ________ day of _______________, 2017 in _______________, Louisiana.

_________________________________
Judge, Seventeenth Judicial District Court

**Please Serve:** Plaintiff, through its counsel of record:

C. Berwick Duval, II
Stanwood R. Duval
Kathryn W. Richard
**DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS**
101 Wilson Avenue
Houma, Louisiana
Telephone: (985) 876-6410

FILED
AUG - 4 2017
CLERK OF COURT



NON-CERTIFIED COPY

B

KEAN | MILLER LLP
ATTORNEYS AT LAW

HATTIE V. GUIDRY, ASSOCIATE
DIRECT DIAL 225.382.3491
HATTIE.GUIDRY@KEANMILLER.COM

July 31, 2017

**VIA FAX (985) 447-5800 AND U.S. MAIL**

The Honorable Annette M. Fontana
Lafourche Parish Clerk of Court
17th Judicial District Court
303 W. 3rd Street
P. O. Box 818
Thibodaux, LA 70302-0818

**Re:** *Golden Ranch Farms, LLC v. BP America Production Company, et al.*
17th Judicial District Court, Parish of Lafourche
Docket No. 132505, Division "B"
KM File No. 12935.148

Dear Ms. Fontana:

Enclosed please find Exceptions on Behalf of Devon Energy Production Company, L.P., Rule to Show Cause, and Memorandum in Support of Exceptions, to be **fax-filed** in the above referenced matter. Please confirm receipt of these documents by return fax and advise us of the costs for the filing. The originals and sufficient copies will be forthcoming with our firm's check to cover costs.

If you have any questions, or need any additional information, please do not hesitate to contact me.

With kind regards, I remain

Very truly yours,

KEAN MILLER, LLP

Hattie Guidry

HATTIE V. GUIDRY

FILED
AUG - 4 2017
CLERK OF COURT
Dty

HVG/jtm
Enclosures
cc: All Counsel of Record (with enclosures) (via electronic mail)



NON-CERTIFIED COPY

| DATE | VOUCHER NUMBER | INVOICE NUMBER | DESCRIPTION | FILE NO. | G/L ACCT NO. | NET AMOUNT |
|---|---|---|---|---|---|---|
| 8-2-2017 | | | Costs for filing Exceptions, Rule, Memo in Support and Exhibits in "Golden Ranch Farms v. BP Production, et al." Suit No. C-132505, 17th JDC, Parish of Lafourche (client: Devon) | 12935-148 | | $400.00 |

FILED
AUG - 4 2017
CLERK OF COURT

DETACH AT PERFORATION BEFORE DEPOSITING

KEAN MILLER LLP

031199

NON-CERTIFIED COPY

IN THE SIXTH JUDICIAL DISTRICT COURT IN AND FOR THE

PARISH OF TENSAS - STATE OF LOUISIANA

DOCKET NO. 22,506

* * * * * * * * *

LARRY WAGONER, ET AL

VERSUS

CHEVRON U.S.A., INC., ET AL

Filed: September 10, 2009

Leslie Edwards
Clerk of Court

* * * * * * * * *

JUDGMENT ON EXCEPTIONS

This matter came for hearing on all exceptions on June 24, 2009. For reasons assigned in Open Court or in the Reasons for Judgment signed of even date with this judgment the following rulings are issued. In view of the adoption of all exceptions by fellow defendants and unless otherwise noted each of the following rulings will apply to all defendants.

PEREMPTORY EXCEPTION OF NO RIGHT OF ACTION

IT IS ORDERED that the exception is sustained as to Chevron U.S.A., Inc., Merit Energy Company, LLC, Merit Management Partners I, L.P., Merit Energy Partners, III, L.P., Merit Energy Partners D-III, L.P. and Devon Energy Production Company, L.P. and plaintiffs' claims as to these defendants are dismissed with prejudice.

IT IS FURTHER ORDERED that the exception is overruled as to Denbury Onshore, LLC, Smith Operating & management Co., LSJ Exploration, LLC, Diamond South Operating, LLC and Oil and Ale LSJ, LLC.

DECLINATORY EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION, DILATORY EXCEPTION OF PREMATURITY AND/OR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND DILATORY EXCEPTION OF IMPROPER CUMULATION OF ACTIONS

IT IS ORDERED that these exceptions are overruled and each of these exceptions is dismissed.

DILATORY EXCEPTION OF VAGUENESS AND AMBIGUITY AND DILATORY EXCEPTION OF NONCONFORMITY OF THE PETITION

IT IS ORDERED that the exceptions are sustained and within thirty (30) days of notice of judgment plaintiffs shall amend their petition setting forth with all possible specificity which wells

NON-CERTIFIED COPY

or other operations caused damages, what damage was caused by each well or other operation, what portion of the subject property was allegedly damaged by each well or other operation or activity causing damage, when did the damage occur, and which defendant caused or is responsible for each incident of damage.

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR STRICT LIABILITY FOR NUISANCE, PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR STRICT LIABILITY FOR GARDE OR CUSTODY, PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR ABNORMALLY DANGEROUS AND/OR ULTRAHAZARDOUS ACTIVITY, PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR BREACH OF CONTRACT OR WARRANTY, PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR PUNITIVE AND/OR EXEMPLARY DAMAGES, PEREMPTORY EXCEPTION BY DENBURY, ET AL OF NO CAUSE OF ACTION FOR UNJUST ENRICHMENT, PEREMPTORY EXCEPTION BY DENBURY, ET AL OF NO CAUSE OF ACTION FOR CIVIL FRUITS**

**IT IS ORDERED** that each of the entitled exceptions in the previous paragraph is sustained and such causes of action are dismissed with prejudice as to all defendants.

**JUDGMENT RENDERED AND SIGNED** in Chambers in St. Joseph, Louisiana this 8th day of September, 2009.

JOHN D. CRIGLER
JUDGE, DIVISION B

Mr. Clerk, please provide a true copy to all counsel of record.

NON-CERTIFIED COPY

IN THE SIXTH JUDICIAL DISTRICT COURT IN AND FOR THE

PARISH OF TENSAS • STATE OF LOUISIANA

DOCKET NO. 22,506

* * * * * * * * * *

LARRY WAGONER, ET AL

VERSUS

CHEVRON U.S.A., INC., ET AL

Filed: September 10, 2009

Leslie Edwards
Clerk of Court

* * * * * * * * *

REASONS FOR JUDGMENT

These reasons for judgment cover all contested exceptions that came for hearing at 1:00 o'clock p.m. on June 24, 2009. These exceptions were filed in response to a petition for damages filed August 29, 2008 by Larry Wagoner, et al. The Wagoners purchased a tract containing 193.27 acres situated in the Lake St. John Oil Field in southern Tensas Parish from James C. and Jane H. Funderburg in September, 2004. The Wagoners allege that their property has been contaminated or otherwise damaged by defendants' oil and gas exploration and production activities.

EXCEPTION OF NO-RIGHT OF ACTION

Chevron USA Inc., one of the defendants, and a former operator of the Lake St. John Field, filed an exception contending that plaintiffs who purchased the 193.27 acre tract in 2004, have no right of action against Chevron because plaintiffs never acquired any right to the minerals in the property and were never parties to any of the mineral leases affecting the tract. Chevron points out that members of the Pasternack family reserved all mineral rights in a 1999 sale of the subject property to the Funderburgs and Stecklers. Further, when plaintiffs purchased the property in 2004 the Act of Cash Sale from the Funderburgs did not specifically assign the right to assert a claim for any damages that may have occurred before the sale. Lastly, Chevron asserts that its operations in the Lake St. John Field ceased when it transferred all of its rights and interest therein to Pennzoil effective July 1, 1992.

Chevron cites Lalonde Brothers, Inc. v. Goodrich Petroleum Co., L.L.C. 981 So. 2d 23, 2006-1557 (La. App. 3 Cir. 11/28/07) in which a property owner sued in tort and contract the operator of a well under a lease with the property owner's predecessor in title. Goodrich, the well operator, moved for summary judgment as to the contract claims and filed an exception of no right

NON-CERTIFIED COPY

of action as to the tort claims. The West case synopsis summarizes the holdings as follows:

> (1) property owner was not an assignee of or third party beneficiary to the mineral lease as required to maintain a contractual action against well operator;
> (2) property owner could not recover in tort for property damage that was inflicted prior to the purchase of the property;
> (3) well operator was not liable to property owner under the Mineral Code; and
> (4) the continuing tort doctrine did not allow property owner to maintain tort claims beyond the expiration of the mineral lease.

Because LeJeune, if found to be controlling, may be dispositive of most right of action issues in this case, a rather thorough analysis is necessary.

(1) & (2) <u>Are the plaintiffs assignees of or third party beneficiaries to the mineral lease? May plaintiffs recover in tort for property damages done prior to their purchase of the property in 2004?</u>

The subject property is part of the Lake St. John Field. The oil leases covering the property date from the 1940s. The parties agree that leases remain in effect due to production. Although apparently not relevant to the issues before the court, it is not clear whether any of that production is occurring on the tract owned by plaintiffs.

A review of the deed to plaintiffs reveals no express assignment of a right to sue mineral lessees or operators of wells for damage allegedly done prior to the 2004 sale. This court agrees with Chevron's argument that the right to assert a claim for damages is a personal right and is not transferred to a new owner merely by the transfer of title to the land as a real right would be, see La. C.C. art. 1764, <u>Prados v. South Central Bell Tel. Co.</u>, 329 So. 2d 744 (La. 1975) and <u>LeJeune Brothers</u> at p. 29-30.

Plaintiffs contend that the language in <u>Magnolia Coal Terminal v. Phillips Oil Co.</u>, 576 So. 2d 475 (La. 1991), that "Magnolia's right to recover damages is a property right arising out of the original lease and attached to the property," requires a different conclusion. In <u>Magnolia</u> the seller reserved all mineral rights in the act of sale to Magnolia thus Magnolia was a surface owner only. Further, plaintiffs argue that the <u>LeJeune</u> case ignores or fails to explain <u>Magnolia</u>. The court in <u>Magnolia</u> was faced with a jurisdictional issue and in affirming the principle that monetary damages are within the exclusive original jurisdiction of Louisiana courts found that plaintiff's action for property damages was a matter of private law. In the very next sentence the court cited <u>Andrepont v. Acadia Drilling Co.</u>, 231 So. 2d 347 (La. 1969) stating, "Magnolia's right to recover damages is a property right arising out of the original lease and attached to the property." In



NON-CERTIFIED COPY

Andrepont the court found that a stipulation pour autrui existed in a mineral lease which granted a direct right of action to a tenant farmer with a verbal lease against the mineral lessee.

On original hearing the court in Andrepont held that where the ownership of crops separate from the ownership of land arises pursuant to a lease, the law of registry requires the lease to be recorded in order for the lessee to assert his ownership of the crops and hence his right to damages to the crops. On rehearing, the court reversed and found the law of registry inapplicable under the facts and affirmed the trial court's award of damages to the farmer. Although it is unclear to the court exactly why Andrepont was cited to support the quoted language it is clear that in both Magnolia and Andrepont the court found that the right of action was dependent upon the existence of a stipulation pour autrui in the mineral lease. This court has not been directed to any language in any mineral lease affecting the subject tract that constitutes a stipulation pour autrui in favor of plaintiffs. Under these facts there does not appear to be any stipulation or provision that meets the criteria for the existence of stipulation pour autrui set forth in Andrepont, LeJeune, Hazelwood Farms, infra, and others.

Plaintiffs also argue that Chevron's dependence on Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp., 01-0345 (La. App. 3 Cir. 6/20/01), 790 So. 2d 93 is misplaced. Chevron cites Hazelwood in arguing "Louisiana jurisprudence is clear that a surface owner (a landowner who does not own the minerals) is not a party to a mineral lease covering the property and cannot assert a claim under the mineral lease." (p. 1 of Chevron's reply brief). Plaintiffs contend that in finding the existence of a stipulation pour autrui the Hazelwood court did not find it necessary to address all of the theories of recovery advanced by the plaintiffs in this case. However, the court in LeJeune cites its earlier decision in Hazelwood as authority reaffirming the legal principle that the right to damages conferred by a lease is a personal right, not a property right, and does not pass to the new owners of the land without specific conveyance of it. This court finds that this principle remains the law, see LeJeune, Hazelwood, Prados, La. C.C. art. 764, May v. Texaco, Inc., 73 Fed. App. 78 (5th Cir. 2003), Frank C. Minvielle L.L.C. v. IMC Global Operations, Inc., 380 F. Supp. 2d 755 (W.D. La. 2004).

(3) May Chevron be liable to plaintiffs under Louisiana Mineral Code Articles 11 or 122?

The court in LeJeune agreed that a mineral lessee may have tort liability if it unreasonably



NON-CERTIFIED COPY

exercises it rights under the lease, see Art. 11 of the Mineral Code. The court further acknowledges that Articles 22 and 122 set out the restoration duties of the mineral lessee and mineral servitude owner. In LeJeune the mineral lease expired before purchase of the land by plaintiffs and the court stated that consequently there could be no recovery under the mineral code.

Plaintiffs contend that even though Chevron sold its rights under the lease before plaintiffs acquired the property it (Chevron) remains obligated under the lease under Mineral Code Articles 128 and 129.

R.S. 31:11 provides:

> A. The owner of land burdened by a mineral right or rights and the owner of a mineral right must exercise their respective rights with reasonable regard for those of the other. Similarly the owners of separate mineral rights in the same land must exercise their respective rights with reasonable regard for the rights of other owners.
>
> B. (1) A reservation of mineral rights in an instrument transferring ownership of land must include mention of surface rights in the exercise of the mineral rights reserved, if not otherwise expressly provided by the parties.
>
> (2) In the absence of particular provisions in the instrument regulating the extent, location and nature of the rights of the mineral owner to conduct operations on the property, the requirements of this Subsection are satisfied by inclusion of the following language in the reservation of mineral rights: "The transferor (Seller) shall exercise the mineral rights herein reserved with reasonable regard to the rights of the landowner, and shall use only so much of the land, including the surface, as is reasonably necessary to conduct his operations. Such exercise of mineral rights shall be subject to the provisions of Articles 11 and 22 of the Louisiana Mineral Code. The transferee (Buyer) recognizes that by virtue of the mineral reservation herein made, the mineral owner shall have the right to use so much of the land, including the surface, as is reasonably necessary to explore for, mine and produce the minerals."

R.S. 31:128 provides:

> To the extent of the interest acquired, an assignee or sublessee acquires the rights and powers of the lessee and becomes responsible directly to the original lessor for performance of the lessee's obligations.

R.S. 31:129 provides:

> An assignor or sublessor is not relieved of his obligations or liabilities under a mineral lease unless the lessor has discharged him expressly and in writing.

Plaintiffs and Chevron both point out that no cases are cited by their respective opponents which expressly authorize or prohibit a landowner's assertion of claims for pre-acquisition damages under Article 11. Plaintiffs cite Art. 129 which makes it clear that an assignor or



NON-CERTIFIED COPY

sublessor is not relieved of his obligations or liabilities under a mineral lease unless the lessor has discharged him expressly and in writing. However, it appears to undersigned that Art. 11 contemplates a present time mutual or reciprocal relationship rather than one that allows the current surface owner to sue a former mineral rights owner who sold its interest years before the landowner's purchase. Further, in discussing the relationship between the owner of the land and the owner of the mineral right the official comment to art. 11 provides in part, "It (this standard) should permit concurrent uses of land by the owner of mineral rights and the owner of the land and those deriving use rights from him."

R.S. 31:122 provides:

> A mineral lessee is not under a fiduciary obligation to his lessor, but he is bound to perform the contract in good faith and to develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and his lessor. Parties may stipulate what shall constitute reasonably prudent conduct on the part of the lessee.

Chevron argues that Plaintiffs have no right of action under Art. 122 because plaintiffs are not lessors. Further, Chevron argues that claims under Art. 122 (as well as art. 11) are tort claims, see LeJeune, and thus there can be no right of action as a third party beneficiary under the mineral lease. This court agrees. Although the case sub judice is factually similar to Magnolia Coal, supra, in this case there are no "rights arising from the lease" in favor of plaintiffs because they are not parties to it nor do they qualify as third party beneficiaries of the lease. For the foregoing reasons the court finds that Plaintiffs, as surface owners only, do not have a right of action in tort under the provisions of the Mineral Code.

(4) <u>Does the continuing tort doctrine allow Plaintiffs to maintain tort claims for negligence that commenced before they purchased the subject property?</u>

Plaintiffs contend that the pollution caused by operations under the applicable leases continues to migrate and continues to cause successive damages and a continuing deterioration of plaintiffs' property. Plaintiffs further submit that the continuing failure to remediate a pit can constitute a continuing tort. The most analogous fact situation in the cases cited by Plaintiffs involved continuous leaking from an underground storage tank and the continuing threat of damage to telephone lines until the tank was replaced, see South Central Bell Telephone Co. v. Texaco, Inc., 418 So. 2d 531 (La. 1982). The Louisiana Supreme Court found that "[w]here the cause of the injury is a continuous one giving rise to successive damages, prescription dates from



NON-CERTIFIED COPY

cessation of the wrongful conduct causing the damage."

The greater weight of authority supports the argument of Chevron that the continuing tort doctrine does not apply to this case, see LaJeune and the extensive discussion from Mirodelis contained therein. In summary, these cases hold that even though it is alleged that the damages continue to occur where the precipitating cause has ended the continuing tort doctrine is inapplicable, see Moulton v. State of Louisiana, 525 So. 2d 1136 (La. App. 1st Cir. 1988) and Badalamenti v. Chevron Chemical Co., 1995 WL 386868 (E.D. La.). Any negligent behavior by Chevron necessarily occurred prior to 1992 thus the continuing tort doctrine is inapplicable to this case. Also see Kling Realty Company, Inc. v. Chevron USA, Inc., 2009 WL 1976027 (C.A. 5 (La.)) where the court was not persuaded that an alleged failure to clean up oil field contamination was a "continuing physical invasion". The court in Kling Realty found that any such contamination was the continuing effect of prior conduct and thus the continuing tort doctrine did not apply.

(6) Does an independent tort theory provide plaintiffs a right of action?

Plaintiffs contend that regardless of whether they acquired the right to claim damages from their ancestors in title, they have a claim in their own right. Plaintiffs further contend, and correctly so, that tort liability may be based on wrongful conduct in the breach of a lease, citing Broussard v. Northcutt Exploration Co., Inc., 481 So. 2d 125 (La. 1986) and Cooper v. Louisiana Dept. of Public Works, 870 So. 2d 315, 2003-1074 (La. App. 3 Cir. 3/3/04). However, without the applicability of the continuing tort doctrine or another applicable theory allowing recovery for torts allegedly committed by Chevron in its operations under the lease before it sold its interest in 1992 or before acquisition by plaintiffs in 2004 there is no right of action in favor of plaintiffs under an independent tort theory.

(6) Is this case a trespass case and, if so, do plaintiffs have a right of action to assert the claim?

It appears that plaintiffs have adequately pled an action in trespass, however, based on the court's finding that the continuing tort doctrine is inapplicable and without any specific assignments of right to assert tort claims against Chevron for pre-acquisition damages plaintiffs do not have a right of action.



NON-CERTIFIED COPY

(7) <u>Does Act 312 of 2006 accord plaintiffs the right of action to sue Chevron?</u>

Plaintiffs contend that Act 312 overrules any pre-Act 312 jurisprudence that denies them the right of action to proceed under any theory of private law. Chevron contends that Art. 312 is a procedural statute and does not create any rights but provides the procedure for the judicial resolution of claims for environmental damage to property arising from oil and gas exploration and production. The court in <u>M.J. Farms, Ltd. v. Exxon Mobil Corp.</u>, 07-2371 (La. 7/1/08), 998 So. 2d 16, in determining the constitutionality of Act 312 and whether it should be applied retroactively made a specific finding that the act is procedural and that it does not create or delete a cause of action in favor of landowners, et al. To find that the act creates a right of action when it does not create a cause of action does not seem logical or consistent. This court finds that Art. 312 of 2006 does not create a right of action in favor of the plaintiffs.

<u>DECLINATORY EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION</u>

The court overruled this exception at the hearing date. As common-sensical as it may seem to have an agency with expertise have primary jurisdiction, R.S. 30:29 C(1) clearly contemplates a judicial determination or admission of liability during the proceedings. Further, <u>Corbello v. Iowa Production</u>, 850 So. 2d 686 (La. 2003) restated the principle, "[P]rivate landowners in Louisiana have no duty to seek relief from an administrative agency before filing suit against an oil company," at p. 701. Finally, in <u>M.J. Farms, Ltd. v. Exxon Mobil Corporation, et al</u>, 998 So. 2d 16, 23, 2007-2371 (La. 2008) the court stated, ". . . not only is the claim for environmental damages filed in the district court, the claim is not deferred to DNR until the district court determines environmental damage exists and further determines the legally responsible party." (citing R.S. 30:29(C) (1).

<u>DILATORY EXCEPTION OF PREMATURITY AND/OR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES</u>

Chevron contends that insofar as plaintiffs seek restoration of the property to the extent that any of the applicable mineral leases are still in force and effect, this obligation to restore is actually a function of the lessee's obligation to return the leased property at the end of the lease, and this obligation does not arise where mineral activity is ongoing, see <u>Dore Energy Corporation v. Carter-Langham, Inc.</u>, 901 So. 2d 1238, 2004-1371 (La. App. Cir. 2005).

Plaintiffs respond that <u>Hardee v. Atlantic Richfield</u>, 926 So. 2d 736, 2005-1207 (La. App.



NON-CERTIFIED COPY

3 Cir. 4/5/06) and Dore hold that in oilfield remediation cases where some operations are ongoing 1) Plaintiffs' tort, contract and mineral code claims should not be dismissed on an exception of prematurity, and 2) to the extent plaintiffs claim restoration damages under a mineral lease, such claims are premature to the extent they involve land upon which there are ongoing operations, but even the prematurity of claims involving these ongoing operations must await determination at the trial on the merits.

To the extent plaintiffs may have a right of action to pursue claims against Chevron or others during ongoing lease operations or for restoration of the property it appears that in order to sort out the evidence completely a trial will be required. Therefore, the court will overrule the exception of prematurity.

Chevron claims that plaintiffs have failed to exhaust administrative remedies and are seeking to have the court act in the agency's stead. For the reasons stated above in the exception of lack of subject matter jurisdiction this exception of failure to exhaust administrative remedies is overruled.

## DILATORY EXCEPTION OF VAGUENESS AND AMBIGUITY

This exception was sustained at oral argument on June 24, 2009. A judgment on the exception will be prepared and signed by the court.

The judgment sustaining defendants' exceptions of vagueness and non-conformity of the petition with C.C.P. art. 891 shall require Plaintiffs to:

Amend their petition within thirty (30) days setting forth with all possible specificity which wells or other operations caused damages, what damage was caused by each well or other operation, what portion of the subject property was allegedly damaged by each well or other operation or activity causing damage, when did the damage occur, and which defendant caused or is responsible for each incident of damage.

## DILATORY EXCEPTION OF NONCONFORMITY OF THE PETITION

Insofar as this court finds it necessary to require the amendment of plaintiff's petition to resolve the foregoing exception of vagueness and ambiguity the exception of nonconformity of the petition is also sustained and plaintiffs shall be required to amend the petition as set forth in the court's judgment.



NON-CERTIFIED COPY

DILATORY EXCEPTION OF IMPROPER CUMULATION OF ACTIONS

This exception was dismissed by agreement of the parties and shall be formally dismissed in the judgment.

PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR STRICT LIABILITY FOR NUISANCE

Chevron contends that plaintiffs fail to state a cause of action for strict liability for nuisance arguing that CC articles 667, 668 and 669 only apply if there is a dispute between neighbors; therefore, a proprietor-neighbor relationship is essential to a cause of action.

Plaintiffs argue that plaintiffs and Chevron are co-proprietors and owe each other the obligations of vicinage under Art. 667. Plaintiffs acknowledged at oral argument that the 1995 amendment to Article 667 removed strict liability from these articles and contend that these articles provide another basis for holding Chevron liable for negligent behavior.

These articles provide a legal framework for the relationship between neighbors. A former owner of mineral rights under a lease and the current surface owner are not neighbors, see Westridge v. Poydras Properties, 598 So.2d 586 (La. App. 4 Cir. 1992) which held that lessee and sublessees were not neighbors of the owner within the meaning of C.C. art. 667. For these reasons this exception is sustained.

PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR STRICT LIABILITY FOR GARDE OR CUSTODY

Chevron contends that plaintiffs' suit fails to state a cause of action for strict liability under C.C. art. 2317. C.C. art. 2317.1 was added in 1996. Its knowledge requirement makes a C.C. art. 2317 claim a negligence action; therefore, the exception of no cause of action for strict liability claim under C.C. 2317 arising after 1996 is sustained. Insofar as plaintiffs wish to make a strict liability claim pursuant to C.C. 2317 as interpreted by Loescher v. Parr, 324 So.2d 441 (La. 1975), i.e. for activity before the 1996 addition, the previous rulings make such a claim untenable in that the statute was amended long before plaintiffs purchased the property.

PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR ABNORMALLY DANGEROUS AND/OR ULTRAHAZARDOUS ACTIVITY

At oral argument the parties stipulated that this exception be sustained and any claims for abnormally dangerous and/or ultrahazardous activity shall be dismissed with prejudice in the judgment on exceptions.



NON-CERTIFIED COPY

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR BREACH OF CONTRACT OR WARRANTY**

Chevron contends that Plaintiffs fail to state a cause of action for breach of contract or warranties as they fail to plead the existence of any specific contract between plaintiffs and Chevron. Plaintiffs respond that to the extent that plaintiffs have a claim against Chevron as a third party beneficiary of the mineral leases, plaintiff have a cause of action for breach of contract.

For the reasons stated above plaintiffs are not third party beneficiaries of any mineral leases affecting the property and the plaintiffs are not parties or assignees of any mineral lease; therefore, the exception will be sustained.

**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION FOR PUNITIVE AND/OR EXEMPLARY DAMAGES**

At oral argument the parties stipulated that this exception be sustained and any claims for punitive and/or exemplary claims be dismissed with prejudice.

**PEREMPTORY EXCEPTION BY DENBURY, ET AL. OF NO CAUSE OF ACTION FOR UNJUST ENRICHMENT**

Denbury contends that plaintiffs' claims do not meet the requirement that to maintain an action in unjust enrichment there must be no other remedy at law available, Coastal Envir. Specialists, Inc. v. Chem-Lig Int'l, Inc., 2000-1936 (La. App. 1 Cir. 11/09/01), 818 So. 2d 12, 16. Plaintiffs respond that since they have viable tort, contract and mineral code claims, they admit that they cannot proceed under a theory of unjust enrichment. Although, until a final judgment is in place there may be an issue of what claims plaintiffs had a right of action to bring when suit was filed herein, there certainly are other remedies available at law for oilfield tort, restoration, remediation and related claims; therefore, the exception will be sustained and all claims for unjust enrichment shall be dismissed with prejudice in the Judgment on Exceptions.

**PEREMPTORY EXCEPTION BY DENBURY, ET AL. OF NO CAUSE OF ACTION FOR CIVIL FRUITS**

Denbury contends that plaintiffs petition does not state a cause of action for recovery of civil fruits. Louisiana C.C. art. 486 provides in pertinent part:

> A possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses.

Civil fruits are defined in C.C. art. 551 as "revenues derived from a thing by operation of law or by reason of a judicial act, such as rentals, interest and certain corporate distributions".



NON-CERTIFIED COPY

Plaintiffs contend that they are entitled to recover or be reimbursed the savings realized by defendants in disposing of or storing the toxic waste or by-products on the subject property rather than disposing of or storing the waste offsite.

Savings derived from the storage or disposal of waste on the property do not fit the definition of civil fruits provided in C.C. art. 551; therefore, Denbury's no cause of action for civil fruits shall be sustained.

APPLICABILITY OF RULINGS TO OTHER DEFENDANTS

It is the court's intent that the foregoing rulings on all exceptions (other than the No Right of Action exceptions) shall be applicable to all exceptions filed by other defendants. As to the Exceptions of No Right of Action filed by Chevron this ruling shall be made applicable to the Merit and Devon defendants. However, insofar as the Smith and Denbury defendants adopt Chevron's Exception of No Right of Action the exception is overruled based on this court's finding that the plaintiff landowners have a right of action to sue for damages caused by tortious conduct by a mineral right owner that occurs both during the lease and while plaintiffs owned the property, whether these claims are described as actions in trespass, an action under Mineral Code Act. 11, or an action alleging an independent tort that involves wrongful conduct in a breach of the mineral lease, see Broussard v. Northcutt, Cooper v. La. Dept. of Public Works, and LeJeune, all supra.

THUS DONE AND SIGNED in Chambers in St. Joseph, Louisiana this 8th day of September, 2009.

JOHN D. CRIGLER
JUDGE, DIVISION B



NON-CERTIFIED COPY

5TH JUDICIAL DISTRICT COURT FOR THE PARISH OF RICHLAND

STATE OF LOUISIANA

DOCKET NO. 38,839

DIVISION "C"

RAYMOND THOMAS, ET AL

VERSUS

ASHLEY INVESTMENT COMPANY, ET AL

FILED: Jan. 11, 2008

Connie Roman
DEPUTY CLERK OF COURT

JUDGMENT

This matter came before the Court on the 20th day of November 2007 before the Honorable E. Rudolph McIntyre, Jr., who considered the briefs and argument of counsel on various non-evidentiary exceptions and motions. The Court notes that all the defendants have pleaded the substance of some of the exceptions and/or motions. Many of the defendants have adopted the exceptions and motions filed by other defendants. Some of the defendants have filed exceptions and/or motions which were not addressed by all the defendants. The Court heard oral arguments on some of these exceptions and motions and allowed all parties a period of time to file additional legal memorandums to support their arguments. Having now received the offerings of each party, the Court issued written Reasons for Judgment on December 20, 2007, addressing the general themes suggested by the parties. The rulings of this Court apply specifically to all the parties who have filed the type of exception or motion covered in these Reasons for Judgment. Consistent with the Reasons for Judgment the Court renders judgment as follows:

IT IS ORDERED, ADJUDGED AND DECREED that the motion to stay filed by McGowan and adopted by other defendants is *denied* at the cost of McGowan.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the exceptions concerning want of pre-suit notice or amicable demand are *denied* at the costs of the exceptors.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the exceptions of vagueness and ambiguity and nonconformity with La. C.C.P. art. 891 are *granted* at plaintiffs' costs. Plaintiffs are hereby ordered to amend their pleadings by preparing a chart containing the following information: 1) the specific tracts of land which are owned by each plaintiff and the ownership percentage; 2) the specific claims each plaintiff is asserting; 3) the defendants against whom each plaintiffs claim is being asserted; 4) the nature and location of the alleged contamination and the

NON-CERTIFIED COPY

source thereof for each tract of land; 5) the nature of the breach of the mineral lease suffered by each plaintiff as to each defendant and 6) the defendants and/or other operators who allegedly conducted operations or activities on the land in question and/or whom the plaintiff alleges is liable for damages suffered on that particular tract. Plaintiffs shall file and produce the chart to the defendants and to the Court on or before February 22, 2008, or show cause on that date why this suit should not be dismissed for not complying with this order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the exceptions concerning no right of action and/or no cause of action in tort and no cause of action for punitive damages are *denied* at exceptors' costs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiffs' motion to refer the exception of prematurity based on active leases to the merits is *denied* at plaintiffs' costs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the exception concerning no cause of action for public harm is *denied* at exceptors' costs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the exception concerning no cause of action under La. C.C. art. 486 is *denied* at exceptors' costs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that with regard to the motions to adopt case management orders submitted by both plaintiffs and defendants, all issues regarding liability and damages not disposed of in pretrial motions or exceptions shall be decided by the jury, the trier of fact. After the jury trial verdict, this court will then begin implementing the administrative requirements of La. R.S. 30:29 (C)(1) *et seq* if necessary.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties are to discuss a case management order in keeping with the findings of this Court. Said case management order will be finalized at the hearing scheduled for February 22, 2008 at 9:30 a.m. in Rayville, Louisiana. The costs for these case management order motions will be divided equally between the parties seeking these motions.

Winnsboro, Louisiana this 14th day of January, 2008.

[signature]
JUDGE, 5TH JUDICIAL DISTRICT COURT

A TRUE COPY ATTEST
[signature]
DY. CLERK 5th DISTRICT COURT
RICHLAND PARISH, LA

NON-CERTIFIED COPY

Submitted by:

TALBOT, CARMOUCHE & MARCELLO
Post Office Box 759
Gonzales, LA 70707-0759
Tele: (225) 644-7777
Fax: (225) 644-8226

Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
John S. Dupont, III Bar #26271
*Counsel for all Plaintiffs*

William R. Coenen, Jr., Bar #2210
LAW OFFICES OF WILLIAM R. COENEN
108 Courthouse Square
Rayville, LA 71269
Tele: (318) 728-3227
Fax: (318) 728-4498
*Counsel for all Plaintiffs*

John M. Lancaster
P O. Box 805
Oak Grove, LA 71263
Tele: (318) 428-3219
Fax: (318) 428-4278
*Counsel for all Plaintiffs*

*and*

Johnny R. Boothe, Bar #3272
Attorney at Law
6568 Main St., Floor 2
Winnsboro, LA 71295
Tele: (318) 435-7705
*Counsel for Patrick M. Hollis, Jean Brown Hollis, Thomas A. Hollis, Susan Hollis Boothe, Johnny R. Boothe, and Mary Hollis Green*

NON-CERTIFIED COPY

FILED FEB 07 2011 [signature] DEPUTY CLERK CLAIBORNE PARISH, LA

TIGNER FARMS, INC. * 2ND JUDICIAL DISTRICT COURT

VERSUS * STATE OF LOUISIANA

THE MOSAIC COMPANY OF DELAWARE (f/k/a IMC GLOBAL, INC.), et al. * PARISH OF CLAIBORNE

* DOCKET NO. 39036, DIVISION C

JUDGMENT

This matter came for hearing before the Court on Thursday, December 16, 2010, on numerous pending exceptions filed by Defendants.

Present were:

- James H. Colvin, attorney for Plaintiff Tigner Farms, Inc.;
- John Andrew Durrett, attorney for Defendants T.L. James & Company, Inc.; Petro-Hunt, L.L.C.; and Oxy USA Inc.;
- George H. Robinson, Jr., attorney for Defendant BP America Production Company;
- Alida Hainkel, attorney for Defendant The Mosaic Company;
- Keith McDaniel and Zelda Tucker, attorneys for Defendant Halliburton Energy Services, Inc.;
- Joseph I. Giarrusso III, attorney for Defendant XTO Energy, Inc.;
- Lee Peacocke, attorney for Defendant L'Oil Operating & Management Co., Inc.;
- Glenn L. Langley, attorney for Defendant Herd Producing Co.; and
- Sarah Kirkpatrick, attorney for Defendant Petro-Chem Operating Company, Inc. and Phillips.

Based upon Plaintiff's Petition, Defendants' exceptions and the parties' memoranda, the arguments of counsel, the applicable law and for the reasons assigned orally in Court on December 16, 2010, it is

ORDERED, ADJUDGED AND DECREED that Defendants' dilatory exception of Vagueness and Ambiguity and Non-Conformity of the Petition with the requirements of Louisiana Civil Code 891 is hereby sustained and that within 45 days from the signing of this Judgment, Plaintiff shall amend its Petition for Damages, to set forth the following allegations:

NON-CERTIFIED COPY

1. The specific tracts of land that are owned by the Plaintiff and the ownership percentage thereof;
2. The specific claims Plaintiff is asserting;
3. The Defendants against whom each claim is being asserted;
4. The nature and location of the alleged contamination and the source thereof for each tract of land;
5. The wells, impoundments, structures, or other equipment which caused Plaintiff's damages on each tract of land;
6. The specific times when plaintiff's damages occurred;
7. The nature of the breach of the mineral lease and/or servitude suffered by the Plaintiff as to each Defendant;
8. The Defendants and/or other operators who allegedly conducted operations or activities on the land in question and whom the Plaintiff alleges are liable for those damages suffered on that particular tract; and
9. Plead with specificity any claim(s) for punitive damages arising between September 1, 1984, through April 16, 1996 against the appropriate Defendant(s).

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff's claims for punitive damages under Louisiana Civil Code Article 2315.3 are dismissed with prejudice as to the following Defendants:

- XTO Energy, Inc.;
- BP America Production Company;
- Oxy USA Inc.;
- Petro-Hunt, L.L.C.;
- L'Oil Operating & Management Co., Inc. with respect to Well Number 146040 only; and
- Herd Producing Co., Inc. with respect to Well Number 220666 only.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Defendants' remaining dilatory and declinatory exceptions are deferred until the Petition for Damages is amended and a Rule to Show Cause resolving those exceptions is filed; and



NON-CERTIFIED COPY

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Defendants' various peremptory exceptions are deferred from consideration pending the conclusion of discovery.

Costs as to exceptions heard on December 16, 2010 are to be assessed at a later date.

Judgment read and signed in Plaquemine, Louisiana, on this 2 day of January 2011.

JUDGE GLENN ALMIN,
2ND JUDICIAL DISTRICT COURT



FILED
AUG - 4 2017
CLERK OF COURT
Dty

NON-CERTIFIED COPY




NON-CERTIFIED COPY

640

164711

**MINERAL DEED**

For and in consideration of the sum of Ten Thousand Dollars ($10,000.00) and other good and valuable consideration to me in hand paid by the Grantee hereinafter named, the receipt and sufficiency of which is hereby acknowledged and confessed, I, C. EDWIN GHEENS, husband of MARY JO GHEENS, nee Lazarus, residents of Louisville, Kentucky, hereinafter called "Grantor", do hereby, subject to the production payment herein reserved and the terms and provisions hereinafter contained, BARGAIN, SELL, GRANT, and CONVEY unto UNION PRODUCING COMPANY, a Delaware corporation with principal offices in Shreveport, Louisiana, its successors and assigns, hereinafter called "Grantee", all of the minerals of every kind and character, including but not limited to, oil, gas, and other hydrocarbons and sulphur (hereinafter called "minerals") in, on the surface of, and under the following described land situated in Lafourche Parish, Louisiana, to-wit:

All of those certain lands, together comprising the Golden Ranch Plantation, situated in Townships 15, 16 and 17 South, Ranges 19, 20 and 21 East, Lafourche Parish, Louisiana, more particularly described as follows:

(1) A certain tract of land commonly known and described as the Vacherie Plantation, situated in the Parish of Lafourche, State of Louisiana, measuring about three leagues front on Bayou de la Vacherie, and extending in depth about two leagues; bounded on one side by a small piece of land and a large shell bank known by the name of Temple, and from the Temple to the rear line by Bayou des Allemands, and on the other side by a line running in the middle of a low marsh, known as Prairie du Petit Bois; the same being more accurately described as follows:

Beginning at the intersection of the East boundary of T 15 S, R 20 E, with the right bank of Bayou des Allemands, running thence Southeasterly down and along the right bank of Bayou des Allemands, to the mouth of Bayou des Allemands, and along the Westerly shore of Lake Ouacha to the mouth of Bayou de la Vacherie where Bayou de la Vacherie empties into Lake Ouacha or Salvador; running thence up and along the left bank of Bayou de la Vacherie to a point where said Bayou is intersected by a line running N 53 degrees West, and crossing the Southern boundary of T 16 S, R 20 E, at a point 183 chains and 51 links East of the Southwest corner of said Township; running from the said point of intersection North 53 degrees West 93 chains to an iron stake; thence North 47 degrees 30 minutes West 140 chains and 43 links to an iron stake; thence North 11 degrees West 141 chains and 76 links crossing the East boundary of T 16 S, R 19 E, at a point 289 chains and 78 links South of the Northeast corner of said Township to an iron stake, thence North 7 degrees 38 minutes East 4 chains and 56 links to an iron stake; thence North 80 degrees East 93 chains and 44 links, crossing the East boundary of T 16 S, R 19 E, at a point 180 chains and 42 links South of the Northeast corner of said Township to an iron stake; thence North 49 degrees 28 minutes East 546 chains to the right bank of Bayou des Allemands, thence South 70-1/2 degrees East down the right bank of said Bayou 8 chains and 66 links to the place of beginning, excepting therefrom a parcel of land and shell banks known by the name of Temple, designated Section 39, on a plan on file in the office of Surveyor General of Louisiana, entitled "Plat of the Claims of Charles J. B. Fleurian, Old Board No. 213, Act of Congress, July 27, 1854", and endorsed "Examined and Approved February 3, 1859 William J. McCulloch, Surveyor General of Louisiana", and more particularly described as follows: 164711



NON-CERTIFIED COPY

Beginning at the mouth of Bayou de la Vacherie on the left bank thereof, being the Southeast corner of the tract of land above described and the lower corner of the said Section 39, running thence North 24 degrees East 5 chains; thence North 5 degrees West 5 chains, thence North 38 degrees West 2 chains and 30 links; thence North 87 degrees West 2 chains and 20 links; thence North 52 degrees West 3 chains and 30 links; thence North 12 degrees, East 3 chains, thence North 5 degrees, West 5 chains and 30 links; thence South 88

degrees West 3 chains, North 82 degrees, West 5 chains and 20 links; thence North 37 degrees, West 3 chains; thence North 22 degrees, West 2 chains and 70 links; thence North 50 degrees East 4 chains; thence North 44 degrees, East 2 chains and 60 links; thence North 17 degrees West 1 chain and 70 links; thence North 27 degrees West 3 chains; thence North 7 degrees West 2 chains and 50 links; thence North 19 degrees West 3 chains and 50 links; thence 45 degrees West 2 chains; thence South 51 degrees West 2 chains and 80 links; thence North 30 degrees West 1 chain and 10 links; thence North 78-1/2 degrees West 3 chains and 45 links to a point on the right bank of Bayou des Allemands, being the upper corner of the said Section 39; thence Easterly and Southerly down and along the right bank of said Bayou and the Westerly shore of Lake Ouacha to the place of beginning. 164711

(2) All that part of the following described land situated in the Parish of Lafourche, State of Louisiana, lying back of the 80 arpent line from Bayou Lafourche, to-wit:

A certain tract of land known as the Vacherie-Charbonnet, comprising 14,001 acres back of said 80 arpent line, and designated as Tract No. 2 on the Daney and Waddill Plan hereinafter mentioned, being bounded by Bayou de la Vacherie which separates it from the plantation formerly owned by Charles Derbigny, by Lake Ouacha or Salvador, by Bayou Catahoula, Harang's Canal and by a line starting on the 40 arpent line from Bayou Lafourche at a point about 63 chains from Harang's Canal and running North 9 degrees West until it intersects Bayou Vacherie; and being tract No. 2 of the Daney and Waddill plan hereinafter mentioned, less 2314 acre tract thereof which was adjudged to belong to D. Harang, et al, in the matter entitled D. Harang et al. v. Golden Ranch Land & Drainage Company, reported in 143 La. Rep. 982, etc.

(3) The following described lots of land situated in the Parish of Lafourche, and the State of Louisiana, to-wit: The part of Lot No. 51, lying South of the Southerly line of the right of way of the Southern Pacific Railroad, and all of Lots Nos. 52, 55 and 56, on a plan of Bougerol, Deputy U. S. Surveyor, dated April 25, 1837, and deposited in the office of Theodore Seghers, a notary public of the City of New Orleans, as plan No. 42; the said tracts being more fully described as follows:

(a) One thousand and thirty-two arpents of Lot No. 51 according to the Bougerol Plan, situated on the right bank of Bayou des Allemands, about 92 arpents from said bayou, being of an irregular shape, bounded towards Bayou des Allemands by portions of Lot No. 50 and 53 of said plan, on the upper line by Lot No. 49, on the lower line by Lot No. 52, and in the rear or towards Bayou Lafourche by Lot 16 of said plan and portions of Lots Nos. 15 and 17 of said plan, the upper line separating it from Lot 49 having a depth of about 28 arpents, the lower line separating it from Lot 52 having a depth of about 52 arpents and on a line drawn at right angles between upper line and lower line having a depth of 40 arpents; said Lot No. 51 originally containing 1532 arpents; of which P. A. Thibodaux, a former owner, sold to Felicien Thibodaux, 500 arpents situated northwest of the Southern Pacific Railroad Company's tracks which run through said lot. 164711

(b) Two thousand, six hundred arpents or Lot No. 52 of Bougerol Plan, situated on the right bank of Bayou des Allemands about 85 arpents from said bayou; bounded on the side nearest Bayou des Allemands by portions of Lots 53 and 54 of said plan, above by Lot No. 51, below by Lot No. 34, and in the rear or towards Bayou Lafourche by Lot No. 15 and portions of Lot No. 17 of said plan, measuring on the upper line separating it from Lot No. 51 about 52 arpents, and on the lower line separating it from Lot No. 34 about 80 arpents, and the line drawn at right angles between said upper and lower lines having a length of 40 arpents.



NON-CERTIFIED COPY

(c) Four thousand, seven hundred arpents or Lot No. 55 of the Bougerol Plan of Vacherie Dugue-Livaudais, situated about three and one half miles below the bridge of the Southern Pacific Railroad Crossing Bayou Des Allemands, bounded on the East by Bayou des Allemands on which it has a front of 40 arpents by a depth of 107 arpents on the upper line and a depth of 135 arpents on the lower line between parallel lines; bounded on the north, south and west by other lands formerly of the Estate of P. A. Thibodaux.

(d) Five thousand two hundred and thirty-five arpents or Lot No. 56 of the Bougerol Plan, situated on the right bank of Bayou des Allemands, having a width of 40 arpents, the upper line having a depth of 128 arpents, the lower line having a depth of 136 arpents, bounded in front by Bayou des Allemands, above by Lot No. 55 of said plan, below by lands of J. R. Gheens & Bros., and in the rear or towards Bayou Lafourche by Lot No. 58, and a portion of Lot No. 57 of said plan, all as will more fully appear on a plan compiled by Daney & Waddill, Civil Engineers of New Orleans, which said plan was approved and paraphed by H. L. Loomis, Jr., Notary Public, of New Orleans, and on file and of record in his office.

164711

The lands hereinabove described are delineated and detailed on a plan drawn by Daney & Waddill, Civil Engineers and Surveyors of New Orleans, Louisiana, in the year 1906, and copies of which plans are annexed to acts passed in the offices of P. M. Milner and H. L. Loomis, Notaries Public in the City of New Orleans.

There is excepted from the above land 2 acres situated at the Company canal near the bridge and being all and the same 2 acres of land mentioned in the certain act and deed from John R. Gheens to the Gheens Realty Company before H. L. Loomis, Jr., Notary Public at New Orleans on April 27, 1915, registered on June 21, 1917, in C. B. 46, Folio 156, as having been sold by said John R. Gheens to the Northern Presbytery.

(4) (a) That portion of the Canal known as Barataria and Lafourche Canal which is situated in the Parish of Lafourche, extending from the Eastern limits of the Parish of Lafourche, in a Westerly direction through the said Parish to the East bank of Bayou Lafourche, opposite the town of Lockport, said portion of said Canal being 13 miles in length, more or less; together with all the right of way and land on either side of the canal thereto belonging, with all rights and privileges thereto belonging to said canal. (Being part of the same property acquired by R. R. Barrow from F. Gayoso Tennant on June 11, 1887, C. B. No. 23, page 318).

(b) A certain tract of land on the left bank of Bayou Lafourche and on the left bank or upper side of the Lafourche and Barataria Canal at about twenty-two miles below the town of Thibodaux, measuring 12 arpents, more or less in depth by 140 feet more or less in width; bounded on the North by lands of John Lyall, formerly an Estate of Sylvere Bourg, now or formerly, and East by property of the Lafourche and Barataria Canal. (Being the same property acquired by R. R. Barrow from Washington Henderson and Michel Forest on September 3, 1900. See C. B. 34, page 417 and 418).

164711

(c) A certain tract of land situated in the Parish of Lafourche on the left descending bank of Bayou Lafourche, at about 22 miles below the town of Thibodaux, measuring 140 feet in width by a depth of 10 arpents, said piece of land being situated in the rear part of the land sold by Michel Forest et al., to Robert Ruffin Barrow on September 3, 1900; bounded on the North or above by land belonging to the Succession of Annie Lyall and Sylvere Bourg, now or formerly, and on the lower side by property of the Barataria Canal, on the front by land of Robert R. Barrow.

(d) A certain tract of land situated in the Parish of Lafourche, on the left descending bank of Bayou Lafourche, at about 22 miles below the town of Thibodaux, and measuring 140 feet front or width by a depth of six arpents, said piece of land being situated in the rear of the land just above described; bounded on the North or above by land belonging to the Succession of Annie Lyall and Sylvere Bourg, formerly and on the lower side by the Barataria Canal and on the front by property of Robert R. Barrow. (Acquired by Robert R. Barrow from Michel Forest



NON-CERTIFIED COPY

September 10, 1900. See C. B. 34, page 4431).

The same having all been acquired by Mrs. Zoe Barrow Topping from the Succession sale of Robert R. Barrow on July 22, 1926, by Camille C. Barrios from Mrs. Zoe Barrow Topping by act of sale passed before Edmond L. Deramee, Notary Public, on August 22, A. D. 1930, and by the grantor herein from Camille C. Barrios and wife by deed dated August 28, 1930, recorded in C. B. 68, page 421, of the Parish of Lafourche.

LESS AND EXCEPT from all of the property described above the following four tracts:

(1) 5,000 acres of the above described property held under mineral lease by Amerada Petroleum Corporation, which lease was granted by Charles Edwin Gheens, as Lessor, to Louisiana Land and Exploration Company and Amerada Petroleum Corporation, as Lessee, on May 17, 1935, recorded in Book 73, page 358, of the Conveyance Records of Lafourche Parish, Louisiana, described in that certain partial release granted by Amerada Petroleum Corporation et al. to Charles Edwin Gheens, dated February 28, 1947, recorded in Book 126, page 232, under Entry No. 73133, of the Conveyance Records of Lafourche Parish, Louisiana;

(2) 3,000 acres of the above described property held under mineral lease by Joe E. Brown, being the same lands described in oil, gas and mineral lease from C. Edwin Gheens, as Lessor, to Wylmer I. Pool, as Lessee, recorded in Book 132, page 473, under Entry No. 77654, of the Conveyance Records of Lafourche Parish, Louisiana;

(3) 3,000 acres of the above described property held under mineral lease by Humble Oil & Refining Company, which lease was granted by C. Edwin Gheens, as Lessor, to Wylmer I. Pool, as Lessee, dated September 21, 1950, recorded in Book 150, page 494, under Entry No. 94549, of the Conveyance Records of Lafourche Parish, Louisiana, described as Block 1 in that certain instrument executed by Humble Oil & Refining Company and C. Edwin Gheens dated September 19, 1951, and recorded in Book 156, page 258, under Entry No. 99787, of the Conveyance Records of Lafourche Parish, Louisiana; and

(4) 3,224 acres of the above described property held under mineral lease by Pan American Petroleum Corporation, and being described in oil, gas and mineral lease from Charles Edwin Gheens, as Lessor, to Wylmer I. Pool, as Lessee, dated September 17, 1947, recorded in Book 129, page 149, under Entry No. 74958, of the Conveyance Records of Lafourche Parish, Louisiana.

Whether or not described in the above and foregoing description, it is the express intention of Grantor to sell and of Grantee to purchase the minerals, as hereinabove described, under all lands and water bottoms owned or claimed by Grantor and situated in Lafourche Parish, Louisiana, excepting only the minerals underlying those four certain tracts of land hereinabove specifically excepted, which are presently subject to valid and subsisting oil, gas and mineral leases owned by the lessees hereinabove named, and Grantor further declares that all of the lands heretofore described constitute one continuous and contiguous body or tract of land and shall be treated and considered as such for all purposes and regardless of the navigability of any stream, canal or bayou lying within or upon said lands. To the extent necessary to accomplish such intention, Grantor agrees that he will, whenever requested by Grantee, execute such supplement or amendment hereto as may be necessary to carry out such intention.

together with all and singular the rights and appurtenances thereto in anywise belonging, with the exclusive right of mining, drilling, exploring, investigating, operating and producing said minerals and, to the extent the Grantor has the right and power so to do, the right of ingress and egress at all times for such purposes, and for the maintenance of facilities and mines necessary or convenient for producing, storing, treating and transporting said minerals and for laying pipe lines, building roads, bridges, canals, tanks, plants and other structures thereon to produce, save, treat, store, take care of, transport, market and own said minerals.

164711

With respect to the above referred to pipe lines, it is agreed that



NON-CERTIFIED COPY

all flow and gathering lines shall be so installed as to not unreasonably interfere with Grantor's use of the surface, and that any main transmission line which may be laid under the terms hereof shall be laid and installed in the same manner as is provided for in the pipeline right-of-way agreement previously executed by Grantor in favor of United Gas Pipe Line Company.

From and out of the minerals hereby conveyed, Grantor (subject to the limitation hereinafter set forth) hereby reserves unto himself, his heirs, legal representatives, successors and assigns, and does not convey hereunder, a production payment in an amount more fully set forth in the agreement of even date herewith between the parties hereto, a multiple original of which is in the hands of both Grantor and Grantee, which said agreement is incorporated herein and made a part hereof by reference the same as though written out herein in its entirety. Said production payment shall be payable out of the proceeds attributable to twenty percent (20%) of the production of said minerals, if, as and when produced. Said reserved production payment shall be free of all costs of drilling or mining and producing said minerals, but Grantor shall bear all taxes applicable to said production payment, including but not limited to severance and gathering taxes with respect to the portion of said mineral production devoted to the liquidation of said production payment. Such interest shall be payable to Grantor as such minerals are produced and sold by Grantee and Grantee shall account to Grantor monthly with respect to said interest on the basis of the proceeds realized by Grantee from a bona fide sale at the well or mine. Grantee agrees that it will sell such mineral production on the same basis upon which Grantee sells its own production. Should Grantee be unable to sell such mineral production at the well or mine then Grantee shall be relieved of any obligation to sell such mineral production at the well or mine and may sell same wherever a market exists on the same basis as it shall by bona fide sale dispose of its own mineral production. In case of any such sale away from the well or mine Grantor shall receive the gross proceeds therefrom less all storage and transportation costs attributable to the portion of said mineral production devoted to the liquidation of said production payment and any other costs incurred by Grantee in making such sale. Grantee shall furnish Grantor with copies of those portions of contracts entered into by it under the provisions of this agreement for the sale of production from said lands which relate to the price to be paid Grantee by the purchaser of said production throughout the life of said contracts.

164711

When the recoverable reserves of minerals discovered on said land shall be eighty-five percent (85%) depleted, insofar as each particular producing horizon involved is concerned, the production payment herein reserved shall, in any event, as to said producing horizon, ipso facto terminate and shall vest in Grantee without further act or action on the part of Grantor, regardless of whether or not Grantor shall have received the full sum of money hereinabove provided for. If Grantor and Grantee shall disagree as to the quantity of economically recoverable minerals



NON-CERTIFIED COPY

discovered, or as to the status of depletion thereof, or as to the amount of economically recoverable reserves remaining in and under said lands, such disagreement shall be resolved by the report of three independent reservoir engineers, one of whom shall be selected by the Grantor, one selected by the Grantee, and the third selected by the two previously selected. The written determination or report of a majority of said three (3) engineers shall be conclusive as between Grantor and Grantee, as regards the question involved, and Grantor and Grantee shall share equally the fees and expenses of such independent reservoir engineers. 164711

Without limiting in any manner the foregoing provisions of this instrument, it is agreed that whenever the above said reserved production payment shall have terminated and vested in Grantee, as to any particular producing horizon or horizons as a result of eighty-five percent (85%) depletion of the same, Grantor shall, upon demand, execute and deliver to Grantee proper recordable written evidence of such fact. Likewise, when the above said reserved production payment shall have been liquidated by payment of the amount in dollars by which it is limited by the agreement of even date herewith between the parties hereto and above referred to, Grantor shall upon demand execute and deliver to Grantee written, recordable evidence of such fact.

Grantee shall have the right to use minerals produced from said land for all operations thereon and the production payment herein reserved by Grantor shall be computed after deducting any so used.

Nothing herein expressly contained, or implied hereby, shall obligate Grantee to drill any well or wells on said land or to dig any mine or mines thereon or to produce minerals from said land. The nature of this agreement does not contemplate that Grantee shall pay to Grantor delay rentals or royalties. 164711

No change or division whatever in the ownership of said reserved production payment shall increase the obligations or diminish the rights of Grantee hereunder, and no such change shall be binding on Grantee until Grantee has been furnished with a certified copy of the recorded instrument or instruments evidencing such change or division.

For the consideration aforesaid Grantor hereby fully warrants and guarantees the title to all and every part of the properties, rights and interests hereinabove described and that Grantor is the owner of all of the minerals under each and every portion of the lands hereinabove described. Provided, however, that Grantor's liability under said warranty is expressly limited to the return only of that portion of the purchase price and of the sums paid under the terms hereof as shall be attributable to that portion or interest in the property as to which title may fail; and provided, further, that Grantor does not warrant the title to any water bottoms on said lands and, although warranting title to the tracts of land above described, does not warrant that said tracts of land contain the acreage attributed to them in the descriptions themselves, nor that they total approximately thirty two thousand (32,000) acres of land, more or less; the purpose in reciting these acreages in this instrument being to facilitate identification



NON-CERTIFIED COPY

of the property and not to relate to the total acreage being warranted by Grantor. This sale is also made with full and complete transfer and subrogation of warranty against each and every former proprietor of the property hereby conveyed. 164711

If Grantee improves and uses any portion of the surface of the above described property and any increase in ad valorem taxes thereby results, Grantee shall pay such increase in said tax only for such portion of said surface so improved and used.

Grantee shall be liable to Grantor for, and shall indemnify Grantor against, all loss, injury and damage, including without being limited to that, to crops, trees, improvements, bridges, roads, canals, ditches, structures, livestock and the surface of Grantor's land which would not have occurred except as a result of Grantee's presence on Grantor's lands, or of Grantee having conducted its operations or exercised its rights herein provided for; but Grantee shall not be liable for any sub-surface damage.

Grantee shall indemnify Grantor and hold him harmless against claims against Grantor for loss, injury and damage to the persons or property of others which would not have occurred except as a result of Grantee's presence on the premises, or of Grantee having conducted its operations or exercised its rights herein provided for.

Any insurance that Grantee may carry with reference to its operations upon the surface of Grantor's land shall, to the extent that such insurance is against risks other than fire and windstorm, be carried in good and solvent insurance companies, and shall be so endorsed as to be for the benefit of the parties hereto as their respective interests may appear. Any such policies so endorsed, or appropriate certificates of insurance, shall from time to time, and during such period or periods as said policies are in force, be delivered to Grantor.

Nevertheless, the carrying of such insurance so issued or endorsed shall not relieve Grantee of any of its obligations to Grantor hereunder, nor of its liability, if any, to the person or property of others, but shall be a cumulative remedy for Grantor. 164711

IN TESTIMONY WHEREOF, this instrument is executed this 2nd day of May, 1958, in triplicate originals.

WITNESSES:

A. J. Naumann

Sandy C. Key

[illegible]

John P. Brington

C. Edwin Gheens
C. EDWIN GHEENS

UNION PRODUCING COMPANY

By: Ed Parker gm
President

United States Documentary Stamps in proper amount have been affixed to one of the triplicate originals of this instrument in the files of Union Producing Company, United Gas Building, Shreveport, Louisiana.



NON-CERTIFIED COPY

STATE OF KENTUCKY

COUNTY OF JEFFERSON

BEFORE ME, the undersigned authority, on this day personally appeared Dorley C. Wertz, to me personally known to be the identical person whose name is subscribed to the foregoing instrument as an attesting witness, who being first duly sworn, on oath, says: That he subscribed his name to the foregoing instrument as a witness, and that he knows C. EDWIN GHEENS, the Grantor named in said instrument, to be the identical person described therein, and who executed the same, and saw him sign the same as his voluntary act and deed, and that he, the said Dorley C. Wertz subscribed his name to the same at the samt time as an attesting witness.

164711

Dorley C. Wertz

Sworn to and subscribed before me, this 28th day of May, A.D., 1958.

Alice E. Spahn
Notary Public in and for Jefferson County, Kentucky

STATE OF Kentucky
County OF Jefferson

On this 29th day of May, 1958, before me appeared Ed. Parker, to me personally known, who, being by me duly sworn did say that he is __________ President of UNION PRODUCING COMPANY, and that the seal affixed to said instrument is the corporate seal of said corporation and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said Ed. Parker acknowledged said instrument to be the free act and deed of said corporation.

164711

My commission expires Jan. 6, 1959.

Alice E. Spahn
Notary Public in and for
Kentucky – State at-Large.

FILED FOR RECORD
1958 NOV 25 AM 10:26
Ruby N. Bryan
Aty.

FILED
AUG 4 2017
CLERK OF COURT



NON-CERTIFIED COPY

**SEVENTEENTH JUDICIAL DISTRICT COURT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**GOLDEN RANCH FARMS, LLC** **DOCKET NO. 132505**

**v.**

**BP AMERICA PRODUCTION COMPANY, ET AL.** **DIVISION "B"**

**RULE TO SHOW CAUSE**

Considering the Exceptions filed on behalf of defendant, Devon Energy Production Company, L.P.;

**IT IS HEREBY ORDERED** that Plaintiff show cause on the 21st day of September 2017, at 9 o'clock a.m. why Devon Energy Production Company, L.P.'s Exceptions should not be granted.

**SIGNED** this 7th day of August, 2017 in Thibodaux, Louisiana.

Judge, Seventeenth Judicial District Court

**Please Serve:** Plaintiff, through its counsel of record:

C. Berwick Duval, II
Stanwood R. Duval
Kathryn W. Richard
**DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS**
101 Wilson Avenue
Houma, Louisiana
Telephone: (985) 876-6410

FILED
AUG - 4 2017
CLERK OF COURT



NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

## RULE TO SHOW CAUSE

CONSIDERING the foregoing Exceptions filed by Defendant SM Energy Company in response to the Petition for Damages and First Supplemental and Amending Petition for Damages of Golden Ranch, and for all of the reasons stated therein,

IT IS HEREBY ORDERED that Golden Ranch show cause before this Court on the 21st day of September, 2017 at 9 am, why an order should not be issued herein granting the Exceptions filed on behalf of Defendant SM Energy Company.

Thibodaux, Louisiana, this 7th day of August, 2017.

[signature]
DISTRICT JUDGE
17TH JUDICIAL DISTRICT COURT

**Sheriff Please Serve:**

Plaintiff Through Its Counsel of Record:

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher D. Martin
**TALBOT, CARMOUCHE & MARCELLO**
17405 Perkins Road
Baton Rouge, LA 70810
Tel: (225) 400-9991
Fax: (225) 448-2568

FILED
AUG - 4 2017
[signature: Rita A. Benard]
CLERK OF COURT
Dh

4637088_1

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**EXCEPTIONS FILED ON BEHALF OF SM ENERGY COMPANY**

NOW INTO COURT, through undersigned counsel, comes Defendant SM Energy Company ("SM Energy") to except to the Petition for Damages ("Petition") of Plaintiff Golden Ranch Farms, LLC ("Golden Ranch"), as follows:

**Dilatory Exceptions of Vagueness and Ambiguity, and Improper Cumulation of Actions**

Under Louisiana Code of Civil Procedure article 891, the Petition is vague and ambiguous and should be dismissed, or, alternatively, Golden Ranch should be ordered to amend its Petition to plead facts supporting its claims against SM Energy. Golden Ranch has failed to allege the most basic material facts required by article 891, including:

**Who:** Which Defendants performed the acts that are the basis of Golden Ranch's claims?

**What:** What was SM Energy's role in contributing to the alleged contamination?
What specific statutory provisions were allegedly violated by each Defendant?
What did the Defendants do or not do on the property?
What activities did SM Energy perform or fail to perform on the property?

**Where:** Where is the alleged contamination on the property?

**When:** When did Golden Ranch acquire its ownership interest in the property?
When did the alleged acts or omissions of Defendants occur?
When did the alleged acts or omissions of SM Energy occur?

**How:** How did the Defendants allegedly cause contamination?
How did SM Energy allegedly cause the contamination?
How did the Defendants allegedly breach their contracts?
How did SM Energy allegedly breach its contracts?
How did the Defendants allegedly violate statutory provisions?
How did SM Energy allegedly violate statutory provisions?





NON-CERTIFIED COPY

Absent this basic information, the Petition is impermissibly vague and ambiguous and thus fails to conform to article 891 of the Louisiana Code of Civil Procedure.

Golden Ranch's generalized, unspecific allegations present another defect: the petition improperly cumulates multiple actions into one lawsuit. Golden Ranch named as Defendants in this suit any oil and gas operator that allegedly ever operated on Golden Ranch's sprawling 40,000-plus acre property. By doing so, three separate oil and gas fields, with separate names, geographic locations, and operators were combined into one, indiscriminately sweeping lawsuit without any factual nexus (except that Golden Ranch owns such a great expanse of land that it encompasses the three separate oil and gas fields). Based on the factual disconnect between the three separate fields, this case should be separated into three cases.

**Peremptory Exceptions**

SM Energy additionally pleads the following peremptory exceptions:

- Peremptory Exception of No Cause of Action for Remediation under Mineral Code article 22 and under Louisiana Civil Code articles 576, 577, and 645;
- Peremptory Exception of No Cause of Action for Continuing Tort, Continuing Trespass, and Continuing Nuisance;
- Peremptory Exception of No Cause of Action for Punitive Damages;
- Peremptory Exception of No Cause of Action for Fraud;
- Peremptory Exception of No Cause of Action for Strict Liability;
- Peremptory Exception of No Cause of Action for Civil Fruits;
- Peremptory Exception of No Cause of Action for Unjust Enrichment; and
- Peremptory Exception of No Cause of Action arising out of Restatement (Second) of Torts § 324A.

**Adoption and Reservation of All Exceptions**

SM Energy adopts, under Louisiana Code of Civil Procedure article 853, any and all exceptions pled by any and all Defendants herein, to the extent those exceptions apply to SM Energy. Additionally, SM Energy reserves the right to urge any additional exceptions based upon facts uncovered during the course of discovery.

**Local Rule 9.8 Statement**

In accordance with Local Rule 9.8, SM Energy discloses that this matter has not been set for trial, and SM Energy does not intend to offer live testimony at the hearing on these exceptions.





NON-CERTIFIED COPY

## Conclusion

For the foregoing reasons, SM Energy prays that these exceptions be deemed good and sufficient and that, after due proceedings had, there be judgment rendered herein sustaining the exceptions of SM Energy and dismissing the Petition of Golden Ranch. Alternatively, this case should be severed into three separate lawsuits, and Golden Ranch should be ordered to file amended Petitions for each lawsuit. At a minimum, Golden Ranch should be required to amend its Petition for Damages to provide the information necessary for SM Energy to adequately respond to and defend against the claims. SM Energy also seeks all other legal and equitable relief to which it is entitled.

Respectfully submitted,

**LISKOW & LEWIS**

George H. Robinson, Jr. (#20438)
Brian W. Capell (#32381)
Liskow & Lewis
822 Harding Street
Lafayette, Louisiana 70503
P. O. Box 52008
Lafayette, Louisiana 70505-2008
Telephone: (337) 232-7424
Fax: (337) 267-2399

**Attorneys for SM Energy Company**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail and by placing same in the United States mail, properly addressed and postage prepaid this 3d day of August, 2017.

George H. Robinson, Jr.

FILED
AUG - 4 2017
CLERK OF COURT



4637088_1

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**MEMORANDUM IN SUPPORT OF**
**EXCEPTIONS FILED ON BEHALF OF SM ENERGY COMPANY**

SM Energy Company ("SM Energy") has urged the following exceptions to Plaintiff Golden Ranch's Petition for Damages and First Supplemental and Amending Petition for Damages (collectively the "Petition"):

A. Dilatory Exceptions of Vagueness and Ambiguity, Failure to Conform to Louisiana Code of Civil Procedure article 891, and Improper Cumulation;

B. Peremptory Exceptions of No Cause of Action; and

C. Adoption and Reservation of All Exceptions.

For the reasons set forth below, these exceptions should be granted and Golden Ranch's Petition must be dismissed, Golden Ranch should be ordered to cure the defects in the Petition, or Golden Ranch should be ordered to file separate petitions, which may be cured by amendment within a reasonable time.

**BACKGROUND**

This lawsuit, commonly known as a legacy lawsuit, involves claims of alleged environmental damage to property by oil and gas exploration and production activities. Golden Ranch alleges that it owns approximately 45,000 acres of property spanning approximately 60 square miles located in Lafourche Parish, Louisiana. The property is so large that it encompasses three separate oil and gas fields: Bayou des Allemands Field, Larose Field, and Valentine Field.

The three fields placed at issue are different in many ways:

- They are miles apart from one another in completely different Township/Ranges, let alone different Sections:
    - The wells complained of in the Bayou des Allemands Field are located in Sections 13, 37, 39, and 56 of **Township 15 South, Range 21 East**,



4637088_1

NON-CERTIFIED COPY

- The wells complained of in the Larose Field are located in Sections 35 and 38 of **Township 16 South, Range 21 East**, and Section 68 of **Township 17 South, Range 21 East**, and
- The wells complained of in the Valentine Field are located in Section 37 of **Township 16 South, Range 20 East**.

- The Bayou des Allemands Field is physically separated from the other fields by Company Canal, which bisects Golden Ranch's property; and



[1]

- Most obviously, the Department of Natural Resources recognizes the three fields as distinct:

[1] Field location data from Louisiana Department of Natural Resources SONRIS GIS website, *available at* http://sonris-www.dnr.state.la.us/gis/agsweb/IE/JSViewer/index.html?TemplateID=181.


NON-CERTIFIED COPY

[2]




Golden Ranch filed its original Petition alleging damages arising out of oil and gas activities relating to 41 wells in the Larose Field.[3] The Petition included a prayer for "damages for land loss and subsidence and the cost of backfilling of canals and other excavations . . . ."[4] Golden Ranch subsequently filed its First Supplemental and Amending Petition for Damages, adding new claims against multiple new Defendants for alleged damages arising out of oil and gas activities relating to 180 different wells in the Bayou des Allemands Field and 7 wells in the Valentine Field.

Golden Ranch has now named 18 Defendants, including SM Energy. Golden Ranch generally alleges that all 18 Defendants' oil and gas activities resulted in environmental damage to some undefined portion of Golden Ranch's 45,000 acres of land.[5] Below is a table providing which Defendants operated in which fields. Importantly, none of the Defendants operated in all three fields, and SM Energy only operated in one of the three fields.

---

2 Excerpt from Louisiana Geological Survey, Oil and Gas Fields of Louisiana, LOUISIANA DEPARTMENT OF NATURAL RESOURCES (2008) (colorization adjusted to highlight fields at issue).

3 *See* Petition for Damages, ¶ 2.

4 *See* Petition for Damages, p. 21; First Supplemental and Amending Petition for Damages, p. 22.

5 *See* First Supplemental and Amending Petition for Damages, ¶¶ 4-5.



NON-CERTIFIED COPY

| **Field** | **Defendant**[6] |
|---|---|
| Bayou des Allemands Field | Hess Corporation |
| | Amerada Petroleum Corporation |
| | Denbury Onshore, LLC |
| | Texas Petroleum Investment Company |
| | Exxon Mobil Corporation |
| | BP America Production Company |
| | Tensas Delta Exploration Company, LLC |
| | Square Mile Energy, LLC |
| | Devon Energy Production Company, L.P. |
| Larose Field | Devon Energy Production Company, L.P. |
| | Mesa Gulf Coast, LLC |
| | Tchefuncte Natural Resources, LLC |
| | SM Energy Company |
| | Henry Production Company, Inc. |
| | Square Mile Energy, LLC |
| | Exxon Mobil Corporation |
| | Texas Pacific Oil Company |
| | Hamman Oil & Refining Company |
| Valentine Field | Mesa Gulf Coast, LLC |
| | Tchefuncte Natural Resources, LLC |
| | ConocoPhillips Company |
| | American Explorer, Inc. |

The Petition attaches a map that purports to show the property and the location of wells on and around the property, tables with the operator history of the 228 wells from the three different fields, an image with soil sampling locations, and summary tables purporting to show soil sampling results from the three fields. However, the Petition does not describe any individual Defendant's operations or activities at a specific location or the particular

6 First Supplemental and Amending Petition at Exhibit "C."





NON-CERTIFIED COPY

damage that Golden Ranch alleges resulted from such operations. Rather, the Petition merely alleges that all "Defendants are liable for damage resulting from the operation of the wells in the Bayou des Allemands, Larose, and Valentine Oil & Gas Fields . . ., as well as the operation of other equipment and facilities related thereto."[7] Beyond the general description of the property, Golden Ranch does not specify the location of any property damage. Of the 228 wells sued upon, SM Energy (and/or its predecessors in interest) is identified as a past operator of only four (4) wells in the Larose Field.

The Petition further states that "Defendants knew or should have known that their conduct would cause property and other damages to plaintiff."[8] Golden Ranch claims it is entitled to a host of damages, including the cost of restoring its property to its "original unpolluted state,"[9] and punitive damages.

As set forth below, these allegations are woefully deficient in meeting the pleading requirements under Louisiana law. Therefore, SM Energy's exceptions to the Petition should be granted, dismissing Golden Ranch's baseless claims, decumulating the matter into three separate lawsuits, and ordering Golden Ranch to plead its claims in each suit with proper specificity.[10]

## LAW AND ARGUMENT

### A. Dilatory Exceptions

#### 1. The Petition is vague and ambiguous and thus fails to conform to article 891 of the Louisiana Code of Civil Procedure.

Article 891 of the Louisiana Code of Civil Procedure mandates that a petition "shall contain a short, clear, and concise statement of all causes of action arising out of, and the material facts of, the transaction or occurrence that is the subject matter of the litigation . . . ." La. Code of Civ. Proc. art. 891(A). The Code of Civil Procedure further provides that

---

7 *See* First Supplemental and Amending Petition for Damages, ¶ 5.

8 *See* First Supplemental and Amending Petition for Damages, ¶ 15.

9 *See* First Supplemental and Amending Petition for Damages, ¶ 48(A).

10 Because the Petition is so vague and ambiguous as to not allow SM Energy to appropriately address all potential exceptions, SM Energy reserves its right to do so once Golden Ranch's Petition is amended to provide the information necessary for SM Energy to adequately respond to and defend against the claims.



NON-CERTIFIED COPY

"[f]or the purpose of testing the sufficiency of a pleading, allegations of time and place are material." La. Code of Civ. Proc. art. 860.

An exception of vagueness "addresses the detailed sufficiency of the petition." *Perritt v. Dona,* 2002-2601 (La. 7/2/03), 849 So. 2d 56, 66. The dual purpose of the exception of vagueness is (1) to require the plaintiff to amplify the claim and the nature of the facts sought to be proven so that the defendant may properly prepare a defense, and (2) to identify the cause of action so as to bar its future re-litigation. *See Gretna v. Gulf Distilling Corp.,* 21 So. 2d 884, 889 (La. 1945); *Bustamente v. Vezina,* 95-556 (La. App. 5 Cir. 1/30/96), 668 So. 2d 1286, 1291. As contemplated by the exception of vagueness, a defendant cannot properly plead to a petition until made aware of the specific acts that allegedly trigger liability. *See, e.g., Bustamente,* 668 So. 2d at 1291; *Spell v. Exec. Officers Dirs. and/or S'holders of P&W Indus., Inc.,* 316 So. 2d 474, 476 (La. App. 1 Cir. 1975). Golden Ranch's Petition is impermissibly vague and ambiguous.

In the context of legacy lawsuits, Louisiana courts have interpreted article 891 to require specific allegations of (1) which wells or other operations caused damages, (2) what damage was caused by each well or other operation, (3) what portion of the subject property was allegedly damaged by each well or other operation or activity causing damage, (4) when the damage occurred, and (5) which defendant caused or is responsible for each incident of damage. *See Wagoner v. Chevron U.S.A., Inc.,* Docket No. 22,506, Sixth Judicial District Court for the Parish of Tensas, State of Louisiana, September 10, 2009 Reasons for Judgment; January 14, 2008 judgment in *Thomas v. Ashley Investment Co.,* No. 38,839, 5th Judicial District Court; and February 2, 2011 judgment in *Tigner Farms v. The Mosaic Co. of Delaware,* No. 39036, 2nd Judicial District Court, attached *in globo* as Exhibit 1.





NON-CERTIFIED COPY

Golden Ranch has failed to plead the basic material facts of its claims:

| Allegation | Missing Material Facts |
|---|---|
| The property is "believed" to be contaminated by oil and gas exploration and production activities.[11] | Is the property contaminated? What contamination exists? Where is the contamination? How did SM Energy contribute to the contamination? |
| Golden Ranch's purported damage arises from the use of pits.[12] | What damages were caused by which pits at what times? What is SM Energy's relation to the damages caused by pit use? |
| Also, leaks, spills, and other surface and subsurface discharges from wells, pipelines, tank batteries, gas plants and other equipment or facilities have allegedly contaminated the property.[13] | What equipment or facilities had leaks, spills, or other discharges? Where did the discharges occur? When did the discharges occur? Which Defendant purportedly is responsible? |
| The pollution allegedly caused by the Defendants continues to migrate.[14] | Where is pollution migrating from? Where is pollution migrating to? What is SM Energy's role in the continued migration? Which Defendant contributed to what pollution? |
| Golden Ranch alleges that it is a third-party beneficiary under various agreements, including mineral leases or surface leases; assignments, subleases, or other oilfield conveyance instruments; joint operating and unit agreements.[15] | What are those contracts? Is SM Energy a party to any of the contracts? How did Golden Ranch become a third-party beneficiary under those unidentified contracts? |
| Golden Ranch alleges that Defendants have failed to satisfy their express contractual obligations.[16] | What contractual obligations exist? What contractual obligations were breached by SM Energy? Which Defendants failed to satisfy their contractual obligations? When did SM Energy breach its contractual obligations? How did SM Energy fail to satisfy its contractual obligations? What contractual obligation applies to each field? |
| Further, Golden Ranch claims damages for the violation of any personal servitude of use applicable to the property.[17] | What personal servitudes are applicable to the property? Which Defendants violated the personal servitudes? How were the personal servitudes violated? How did the violation of the personal servitudes cause damage? |
| Express remediation obligations of any leases at issue were violated.[18] | What leases are at issue? What are the express remediation obligations of any leases at issue? Which Defendants violated the leases at issue? How did the Defendants violate the express remediation obligations? |

11 *See* First Supplemental and Amending Petition for Damages, ¶ 5.

12 *See* First Supplemental and Amending Petition for Damages, ¶ 7.

13 *See* First Supplemental and Amending Petition for Damages, ¶ 7.

14 *See* First Supplemental and Amending Petition for Damages, ¶ 17.

15 *See* First Supplemental and Amending Petition for Damages, ¶ 23.

16 *See* First Supplemental and Amending Petition for Damages, ¶ 22.

17 *See* First Supplemental and Amending Petition for Damages, ¶ 22.

18 *See* First Supplemental and Amending Petition for Damages, ¶ 20.





NON-CERTIFIED COPY

For each of these items the question could be asked: to which oil and gas field does this particular allegation even relate? This is of utmost importance to SM Energy, who did not even operate in two of the fields at issue.[19]

The exhibits attached to Golden Ranch's Petition—including aerial photo maps, operator histories, and cursory sampling results—provide a basic and elementary starting point. Those documents, however, do not show how the legal claims correspond with the factual allegations. They simply show that 228 oil and gas wells in three different fields were operated on Golden Ranch's property from 1938 to the present. *See Roache v. Alpha Tech. Servs.*, 10-1086 (La. App. 5 Cir. 6/29/2011); 71 So. 3d 520, 523 ("[W]e find the allegations made in the petitions, that many defendants, engaged in some hazardous activity, somewhere on a parcel of land in Harvey, over a time period of forty-six years, do not meet the requirements of La. C.C.P. art. 891."). Accordingly, SM Energy requests that its exceptions of vagueness, ambiguity, and failure to conform to article 891 be granted and that all claims against SM Energy be dismissed. Alternatively, at a minimum, Golden Ranch should be ordered to file separate petitions or amend its Petition to plead specific facts which support its claims against SM Energy. Failing a timely amendment, SM Energy requests that this Court dismiss all of Golden Ranch's claims.

**2. Golden Ranch improperly cumulated three lawsuits into this one case.**

Louisiana Code of Civil Procedure article 463—"Cumulation, plural plaintiffs or defendants"—provides that "two or more parties may be joined in the same suit . . . if there is a community of interest between the parties joined . . . ." Justice Tate interpreted "community of interest" to mean that "cumulated actions must arise out of the same facts or present the same factual and legal issues." Albert Tate, Jr., *Civil Procedure*, 30 LA. L. REV. 286 (1970); *see also* La. Code of Civ. Proc. art. 463, cmt. C; *First Guar. Bank v. Carter*, 563 So. 2d 1240, 1242 (La. App. 1 Cir. 1990); *Strahan et al. v. Maytag Corp., et al.*, 99-0869, p. 8 (La. App. 4 Cir. 2000), 760 So. 2d 463, 468.

---

[19] *See* First Supplemental and Amending Petition at Exhibit "C." SM Energy is not listed as an operator for any of the wells in the Valentine or the Bayou des Allemands Fields.



NON-CERTIFIED COPY

Golden Ranch's initial Petition appeared to pass muster under article 463. But with the First Supplemental and Amending Petition, Golden Ranch made a sweeping enlargement of the lawsuit that added areas with distinct facts and factual issues. The newly added areas have different operators and distant geographic locations. Louisiana Appellate Courts have found decumulation proper in cases with similar differences.

In *Broussard v. Hilcorp Energy Co.*, the plaintiffs filed a legacy lawsuit against nine oil and gas operators for alleged damage to five tracts of land. 2008-233, p. 1 (La. App. 3 Cir. 12/10/08), 998 So. 2d 946, 948. The tracts were located in three adjacent sections in the same Township. *Id.* The tracts were all located in the Erath Oil and Gas Field. *Id.* Below is a figure with the tracts at issue outlined in yellow.




Several Defendants filed the exception of improper cumulation of actions. *Id.* at 949. The trial court granted the exception on two occasions (once after the plaintiffs attempted to reform their petition), and the plaintiffs appealed. *Id.* at 951. The Third Circuit upheld the exception of improper cumulation, reasoning that there was not "enough factual overlap present between all the actions to make it commonsensical to litigate them together." *Id.* at 953. The Third Circuit relied on the following facts:



NON-CERTIFIED COPY

> The properties allegedly affected by the contamination are five non-contiguous tracts located in 3 separate sections, different parties and combinations of parties are alleged to have contributed to the contamination on each, and the times at which contamination allegedly occurred differs for each property. The proof of damages for each will necessarily be different as well as the amount of damages, if any, and the people and/or entities found liable, if any.

*Id.*

The facts supporting improper cumulation in *Broussard* are analogous to this case. In both cases there are "different parties and combinations of parties" in the different areas. It follows that the "proof of damages for each [area] will necessarily be different as well as the amount of damages, if any, and the people and/or entities found liable, if any." *Id.* Similar to the areas at issue in *Broussard* being located in different sections, the areas at issue in this case are in different sections. Even more compelling, as compared to the tracts in *Broussard,* the areas at issue in this case are in entirely different Townships, are much further away from each other, and are located in three different fields as opposed to the one field in *Broussard*.[20] Thus, pursuant to the holding in *Broussard*, this case should be separated into three separate cases.

Golden Ranch will likely argue that because the areas at issue in this case are all within one contiguous tract of property, it is distinguishable from *Broussard.* However, property boundaries are legal fictions only relevant to legal issues (e.g., limitation of recovery of damages to the plaintiff's property); and the law provides that having common legal issues is only one factor that supports cumulating actions. Differing facts alone are sufficient to defeat cumulation ("cumulated actions must arise out of the same facts ***or*** present the same factual and legal issues"). La. Code of Civ. Proc. art. 463, cmt. C (emphasis added). What makes the actions in this case distinct are the different material facts: the different operators, the different geographic locations, and the different damage models and costs that will ultimately result from the different remediation plans Golden Ranch will ultimately propose. These differences not only make separating these actions proper, but makes it necessary for the Defendants to have a fair trial.

---

[20] Based on the property descriptions, the furthest away any tract is from another tract in *Broussard* is half of a mile. The areas at issue in this case are multiple miles away from one another.



NON-CERTIFIED COPY

**B. Peremptory Exceptions**

**1. Golden Ranch states no cause of action for remediation under Mineral Code article 22 or under Louisiana Civil Code articles 576, 577, and 645.**

Golden Ranch alleges that it is entitled to remediation under the provisions of article 22 of the Mineral Code (La. Rev. Stat. § 30:22) "to the extent that defendants own mineral servitudes on the property."[21] Golden Ranch has not alleged, however, that SM Energy held a mineral servitude on the property at issue. Because Golden Ranch has not alleged that SM Energy has ever held a mineral servitude, they have failed to state a cause of action under article 22.

For the same reason, Golden Ranch's claims against SM Energy arising under Louisiana Civil Code articles 576, 577, and 645 should be dismissed. Golden Ranch "claims damages for the violation of any personal servitude of use applicable to the property in accordance with the provisions of La. C.C. arts. 576, 577, and 645."[22] But because Golden Ranch has neglected to make any allegations that SM Energy is or ever was a servitude owner, Golden Ranch's claims under Mineral Code article 22 and Louisiana Civil Code articles 576, 577, and 645 should be dismissed. A prerequisite to recovering under these articles is proof that a defendant is a servitude owner. *See Tureau v. 2H, Inc.*, 2015 U.S. Dist. LEXIS 100942, at *13 (W.D. La. June 18, 2015) (Magistrate Report and Recommendation), adopted by, 2015 U.S. Dist. LEXIS 100937 (W.D. La. July 31, 2015). Because Golden Ranch has neglected to make any allegations that SM Energy is or ever was a servitude owner, Golden Ranch's claims under Mineral Code article 22 and Louisiana Civil Code articles 576, 577, and 645 should be dismissed.

**2. Golden Ranch states no cause of action for continuing tort or continuing trespass.**

The allegations of continuing tort and continuing trespass in the context of legacy lawsuits have been invalid since at least 2010. In *Hogg v. Chevron USA, Inc.*, 09-2632 (La. 7/6/10), 45 So. 3d 991, 1006, the Louisiana Supreme Court held that the presence of contamination on property does not constitute a continuing tort, but rather is the continued effect of a discrete event. In order to constitute a continuing tort, the operating cause of the injury must be a continuous one which results in continuous damages. *Crump v. Sabine River Auth.*, 98-2326 (La. 6/29/99), 737 So. 2d

---

[21] *See* First Supplemental and Amending Petition for Damages, ¶ 32.

[22] *See* First Supplemental and Amending Petition for Damages, ¶ 22.





NON-CERTIFIED COPY

720, 726; *Marin v. ExxonMobil Corp.* 09-2368 (La. 10/19/10), 48 So. 3d 234, 253 (citing *Hogg,* 45 So. 3d 991, 1003). Continued migration of pollution does not constitute a continuing tort, because it "is the continuation of the harm caused by the previous, but terminated conduct, and falls under the category of 'progressively worsening damages,' not damage-causing conduct." *Marin,* 48 So. 3d at 254. "Where the wrongful conduct was completed, but the plaintiff continued to experience injury in the absence of any further activity by the tortfeasor," no continuing tort exists. *Hogg,* 45 So. 3d at 1005. Under these circumstances, "the trespass, if indeed there was one, is simply not a continuing one." *Id.* at 1006.

Here, Golden Ranch alleges that "[t]he cause of the increasing damages to plaintiff's land is the continuing failure of Defendants to remove their pollution from the property,"[23] and claims that the cause of its alleged damages is a continuous cause. Allegations such as these have been conclusively rejected in oilfield legacy actions. "[The] breach of a duty to right an initial wrong simply cannot be a continuing wrong." *Marin,* 48 So. 3d at 254 (quoting *Hogg,* 45 So. 3d at 1007). Golden Ranch's allegations of successive damages, ongoing and cumulatively increasing deterioration of the property at issue, migration of pollution, and continued presence of oilfield wastes do not state a cause of action for continuing tort or continuing trespass based on the Louisiana Supreme Court's rulings in *Hogg* and *Marin.* Golden Ranch's claims for continuing nuisance under Louisiana Civil Code article 667 should be dismissed for the same reasons. *See Tureau,* 2015 U.S. Dist. LEXIS 100942 at *11 ("[a]s with continuing torts and continuing trespass, a continuing nuisance must be ongoing.").

### 3. Golden Ranch states no cause of action for punitive damages against SM Energy.

Golden Ranch alleges that unspecified Defendants are liable for punitive damages under repealed Civil Code article 2315.3.[24] This repealed statute does not apply to conduct occurring before September 4, 1984 or after April 16, 1996. *See Anderson v. Avondale Industries, Inc.,* 00-2799 (La. 10/16/01), 798 So. 2d 93, 100. "[I]n order to state a cause of action for exemplary damages, the plaintiff must plead facts which establish their cause of action during the effective

---

[23] *See* First Supplemental and Amending Petition for Damages, ¶ 17.

[24] *See* First Supplemental and Amending Petition for Damages, ¶ 29.



NON-CERTIFIED COPY

period of article 2315.3" *In re Harvey Term Litig.,* 04-0168 (La. App. 4 Cir. 4/21/04), 872 So. 2d 584, 586. As demonstrated by the Operator History attached to Golden Ranch's Petition, neither SM Energy nor any of its predecessors operated on the property between 1984 and 1996. Accordingly, Golden Ranch cannot maintain a cause of action for the recovery of punitive damages under former article 2315.3 against SM Energy.

**4. Golden Ranch states no cause of action for fraud.**

Louisiana Code of Civil Procedure article 856 requires that "[i]n pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity." Courts have interpreted article 856 to require that a plaintiff "clearly allege facts from which [fraud] may be unmistakably concluded in order to state a cause of action." *Small v. Wabnig,* 305 So. 2d 710, 712 (La. App. 4th Cir. 1974); *see also Kirby v. Field,* 2004-1898 (La. App. 1 Cir. 9/23/05), 923 So. 2d 131, 136 n.6. Further, a court may "disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same." *Laneaux v. Theriot,* 488 So. 2d 1327, 1326 (La. App. 3rd Cir. 1986).

Here, Golden Ranch makes a general and conclusory allegation that unspecified Defendants committed acts of misrepresentation. Even Golden Ranch's purported enumeration of acts of misrepresentation in Paragraph 14 of the Petition remain impermissibly vague on material facts regarding the alleged acts or omissions. These conclusory allegations cannot support a claim of fraud because they lack the requisite specificity. *Charming Charlie, Inc. v. Perkins Rowe Assocs., L.L.C.,* 11-2254 (La. App. 1 Cir. 7/10/12), 97 So. 3d 595, 599 ("The broad, conclusory allegations of the petition were insufficient to meet the requirement of specificity required to plead a cause of action for fraud."); *G.A. Lotz Co. v. Alack,* 13-674 (La. App. 5 Cir. 4/9/14), 140 So. 3d 94, 100. Golden Ranch's allegations of unspecified Defendants' intent and Golden Ranch's own error induced by the fraud are similarly conclusory and so broad as to be meaningless. Because Golden Ranch has failed to allege its fraud claims with particularity, Golden Ranch has failed to state a cause of action for fraud.





NON-CERTIFIED COPY

**5. Golden Ranch states no cause of action for strict liability.**

Golden Ranch's allegations of strict liability for storage, discharge, and disposal of oilfield waste under Louisiana Civil Code articles 667, 2317, and 2322 fail to state a valid cause of action. As Golden Ranch recognizes, there are two separate inquiries under Code article 667 stemming from the pre-1996 and the post-1996 law. Under the pre-revision law, traditional strict liability is not the standard applicable to mineral lease conduct. In *Alford v. Anadarko E&P Onshore LLC,* 13 F. Supp. 3d 581, 607-08 (E.D. La. April 22, 2014), the district court provides an excellent summary of the inapplicability of the strict liability standard under article 667:

> *[Inabnett v. ExxonMobil Corp.,* 642 So. 2d 1243 (La. 1994)] made clear that, when a court is faced with claims under former article 667 between entities with co-existing rights to the same piece of property, the court must consider more than whether one co-owner engaged in conduct on the property that caused the other co-owner to suffer damage. The *Inabnett* Court was explicit on this point: It held that an earlier decision "hinging liability of a mineral lessee to an oyster lessee of the same property on proof of causation and damages" was too simplistic, insofar as it failed to take into account other essential considerations such as the temporal order of the leases or other rights, the nature of the rights, the type of activities normally incidental to the use for which the rights were granted, the damage-causing party's knowledge of the existence of the damaged party's rights, the availability of alternative methods of exercising the right so as to cause little or no damage, and others. *Inabnett,* 642 So. 2d at 1252. Accordingly, no liability can be imposed under former article 667 without consideration of the totality of these factors.

For the same reasons as expressed in *Alford,* Golden Ranch's pre-1996 strict liability claim against SM Energy should be dismissed. Under the post-1996 law, strict liability claims only existed for pile driving and blasting. *Id.* Because Golden Ranch does not allege that SM Energy performed pile driving or blasting, it has no strict liability cause of action under the post-1996 law.

Golden Ranch's claims under articles 2317 and 2322 must be dismissed because the Petition fails to allege that the Defendants' facilities and equipment contained a "defect" or "ruin" that posed an unreasonable risk of harm. Article 2317 provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." Before 1996, custodians were strictly liable for injuries caused by things in their custody. Accordingly, to recover under article 2317, a plaintiff must establish three elements: "(1) the thing causing his





NON-CERTIFIED COPY

damage was in the custody of the defendant; (2) the thing had a 'defect' or a condition creating an unreasonable risk of harm; and (3) the defective condition caused plaintiff's injuries." *Hebert v. Sw. La. Elec. Membership Corp.,* 95-405 (La. App. 3 Cir. 12/27/95), 667 So. 2d 1148, 1157 (citing *Oster v. Dep 't of Transp. & Dev.* , 582 So. 2d 1285 (La. 1991)).

Article 2322 applies specifically to buildings, and provides as follows:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

A plaintiff must plead the following elements to state a claim under article 2322: (1) ownership of the building; (2) the owner knew or, in the exercise of reasonable care, should have known of the ruin or defect; (3) the damage could have been prevented by the exercise of reasonable care; (4) the defendant failed to exercise such reasonable care; and (5) causation." *Broussard v. State ex rel. Office of State Bldgs.,* 2012-1238 (La. 4/5/13), 113 So. 3d 175, 182-83. Like article 2317, article 2322 imposed liability without fault before the 1996 revisions to the Civil Code. *See Celestine v. Union Oil Co.,* 652 So. 2d 1299, 1303 (La. 1995).

Golden Ranch alleges that "[a]t all pertinent times hereto, Defendants had *garde* of the facilities and equipment that caused the pollution described herein."[25] But Golden Ranch has not alleged any facts suggesting that those facilities or equipment contained a "defect" or "ruin" that posed an unreasonable risk of harm. Allegations that the Defendants had custody of facilities and that the facilities caused harm to the property are not sufficient; the harm must be the result of a defective condition in order for a claim under article 2317 or article 2322 to survive. *See Cormier v. Dolgencorp, Inc.,* 136 F. App'x 627, 627-28 (5th Cir. 2005); *Broussard,* 113 So. 3d at 182-83. Moreover, Golden Ranch has not alleged any relationship existing between SM Energy and any of the referenced facilities or equipment. Accordingly, Golden Ranch's claims under articles 2317 and 2322 against SM Energy must be dismissed.

---

[25] *See* First Supplemental and Amending Petition for Damages, ¶ 19.





NON-CERTIFIED COPY

**6. Golden Ranch states no cause of action for civil fruits.**

Golden Ranch alleges that it is entitled, under Louisiana Civil Code article 486, to the civil fruits derived from unspecified Defendants' storage of pollution and waste in the groundwaters and soils underlying Golden Ranch's lands. Golden Ranch alleges that the storage allowed Defendants "to avoid the substantial costs and expenses associated with the proper disposal of this toxic pollution and waste."[26] Golden Ranch does not have a cause of action for civil fruits because any alleged pollution that might exist on the property as a result of Defendants' operations is not "storage," but a condition of the property.

Moreover, Louisiana Civil Code article 551 defines fruits as "things that are produced by or derived from another thing without diminution of its substance," and civil fruits as "revenues derived from another thing, such as rentals, interest, and certain corporate distributions." The Louisiana Court of Appeal for the Second Circuit has held that economic benefits derived from the storage of wastes on a plaintiff's property without permission are not "civil fruits" as defined in the Civil Code because nothing is "produced by or derived from the property as a result of the storage/disposal of the waste," and there are "no revenues, such as rentals, interest or a corporate distribution, derived from the property by virtue of the storage/disposal of the waste." *Wagoner v. Chevron USA Inc.*, 45,507 (La. App. 2 Cir. 8/18/10), 55 So. 3d 12, 27. Because Golden Ranch does not allege that any Defendant derived revenue from the alleged presence of contamination on its property, there are no civil fruits to which Golden Ranch would be entitled.

**7. Golden Ranch states no cause of action for unjust enrichment.**

Golden Ranch seeks damages for unjust enrichment in the event it has no other adequate remedy at law. This pleading recognizes that under Louisiana law unjust enrichment damages are "subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule." La. Civ. Code art. 2298. Thus, an unjust enrichment action "will only be allowed when there is no other remedy at law." *Richard v. Wal-Mart Stores, Inc.*, 559 F. 3d 341, 346 (5th Cir. 2009) (quoting *Minyard v. Curtis Prods., Inc.*, 205 So. 2d 422, 432 (La. 1968)). Unjust enrichment "is a remedy of last resort, available only when no other remedy is available." *Hall v. James*, 43,263 (La. App. 2 Cir. 6/4/09), 986 So. 2d 817, 820. If the plaintiff

[26] *See* First Supplemental and Amending Petition for Damages, ¶ 31.



NON-CERTIFIED COPY

maintains any other cause of action, then "the requirement that the plaintiff[] have no other remedy at law is not satisfied [and] the plaintiff[] ha[s] no cause of action." *Id.* at 820-21; *See also Port of S. La. v. Tri-Parish Indus., Inc.,* 927 F. Supp. 2d 332, 341 (E.D. La. 2013); *Walters v. MedSouth Record Mgmt., LLC,* 10-0351 (La. 6/4/10), 38 So. 3d 245, 246; *Gallant Invs. Ltd. v. Ill. Cent. R.R. Co.,* 2008 1404 (La. App. 1 Cir. 2/13/09), 7 So. 3d 12.

Here, Golden Ranch's Petition pleads numerous other legal causes of action, and it therefore has no current cause of action for unjust enrichment.

**8. Golden Ranch fails to state a cause of action under Restatement (Second) of Torts § 324A.**

Louisiana courts recognize a theory of recovery under Restatement (Second) of Torts § 324A (recovery against those who undertake services which should be recognized as necessary to protect others). *Bujol v. Entergy Servs., Inc.,* 922 So. 2d 1113, 1128 (La. 5/25/04).[27] A prerequisite to establishing liability under § 324A is proof of an undertaking of a duty to render services. *See Alford,* 13 F. Supp. 3d at 602-03 (finding the plaintiffs could not maintain an action under Restatement (Second) of Torts § 324A because the plaintiffs failed to allege that the Defendants "under[took] . . . to render services" to them); *Tureau,* 2015 U.S. Dist. LEXIS 100942 at *17 (dismissing plaintiff's § 324A claims for his failure to allege defendant undertook to provide services for another, *inter alia).* Like *Alford and Tureau,* Golden Ranch failed to allege that SM Energy undertook to provide services for another. Accordingly, Golden Ranch's claims under Restatement (Second) of Torts § 324A should be dismissed.

**C. Adoption of Other Exceptions**

SM Energy adopts, under Louisiana Code of Civil Procedure article 853, any and all exceptions pled by any and all Defendants herein, to the extent those exceptions apply to SM

---

[27] Section 324A provides:

> [o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect [perform] his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.





NON-CERTIFIED COPY

Energy. Additionally, SM Energy reserves the right to urge any additional exceptions based upon facts uncovered during the course of discovery.

## CONCLUSION

The foregoing exceptions should be sustained and Golden Ranch's Petition for Damages against SM Energy should be dismissed with prejudice, at Golden Ranch's cost. Alternatively, this case should be severed into three separate lawsuits, and Golden Ranch should be ordered to file amended Petitions for each lawsuit. At a minimum, Golden Ranch should be required to amend its Petition to provide the information necessary for SM Energy to adequately respond to and defend against the claims. SM Energy also seeks all other legal and equitable relief to which it is entitled.

Respectfully submitted,

**LISKOW & LEWIS**

George H. Robinson, Jr. (#20438)
Brian W. Capell (#32381)
Liskow & Lewis
822 Harding Street
Lafayette, Louisiana 70503
P. O. Box 52008
Lafayette, Louisiana 70505-2008
Telephone: (337) 232-7424
Fax: (337) 267-2399

**Attorneys for SM Energy Company**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail and by placing same in the United States mail, properly addressed and postage prepaid this 3d day of August, 2017.

George H. Robinson, Jr.

FILED
AUG - 4 2017
CLERK OF COURT



4637088_1

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**RULE TO SHOW CAUSE**

CONSIDERING the foregoing Exceptions filed by Defendant SM Energy Company in response to the Petition for Damages and First Supplemental and Amending Petition for Damages of Golden Ranch, and for all of the reasons stated therein,

IT IS HEREBY ORDERED that Golden Ranch show cause before this Court on the _______ day of ____________, 2017 at ___________, why an order should not be issued herein granting the Exceptions filed on behalf of Defendant SM Energy Company.

______________________, Louisiana, this ______ day of __________________, 2017.

DISTRICT JUDGE
17TH JUDICIAL DISTRICT COURT

**Sheriff Please Serve:**

Plaintiff Through Its Counsel of Record:

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher D. Martin
**TALBOT, CARMOUCHE & MARCELLO**
17405 Perkins Road
Baton Rouge, LA 70810
Tel: (225) 400-9991
Fax: (225) 448-2568

FILED
AUG - 4 2017
Rita A. Benard
CLERK OF COURT
Dh

4637088_1

NON-CERTIFIED COPY

LISKOW&LEWIS
A Professional Law Corporation

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

1001 Fannin Street
Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

www.Liskow.com

August 3, 2017

**George H. Robinson, Jr.**

Direct: (337) 267-2319
ghrobinson@Liskow.com
Also Admitted in Texas

***VIA FEDERAL EXPRESS – (985) 447-4841***

Honorable Annette M. Fontana
Clerk of Court
17th Judicial District
Courthouse Annex
303 W. 3rd Street
Thibodaux, LA 70301

Re: *Golden Ranch Farms, LLC v. Devon Energy Production Company, L.P., et al.*
Docket No. 132505, Div. "B", 17th JDC, Parish of Lafourche, State of Louisiana

Dear Ms. Fontana:

Attached for filing is the original and two (2) copies of our Exceptions filed on behalf of SM Energy Company, proposed Rule to Show Cause, and Memorandum in Support thereof with accompanying Exhibits in the captioned matter. Please stamp one set of the convenience copies showing the date and time of filing, and return same to us in the enclosed self-addressed, stamped envelope. The remaining set of pleadings is for service. In addition, our firm check representing your filing and service fee is enclosed.

We have attached a Rule to Show Cause, but suggest that the matter not be set for hearing until all parties have made an appearance.

Thank you for your assistance and cooperation in this matter. Please feel free to contact us if you have any questions.

Sincerely,

George H. Robinson, Jr.

GHRjr/db

4647462_1

NON-CERTIFIED COPY

Enclosures

cc: Victor L. Marcello/John H. Carmouche/Ross J. Donnes/D. Adele Owen
C. Berwick Duval, II/Stanwood R. Duval/Kathryn W. Richard
Hunter A. Chauvin
George Arceneaux III/Penny L. Malbrew/Brittan J. Bush
Victor Suane
Eric E. Jarrell/Michael J.Cerniglia/Nicole M. Babb
Russell Holwadel
Elizabeth S. Wheeler/Erin E. Bambrick
Paul J. Hebert/William H.L. Kaufman/Valerie V. Guidry
Brian W. Capell

FILED
AUG - 4 2017
Rita A. Bernard
CLERK OF COURT
Dty

4647462_1

NON-CERTIFIED COPY

MAILING ADDRESS
P.O. BOX 818
THIBODAUX, LA 70302

# ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE

PHYSICAL ADDRESS
303 WEST 3RD STREET
THIBODAUX, LA 70301

August 7, 2017

To: LISKOW & LEWIS (LAFAYETTE)
ATTORNEYS AT LAW
P.O. BOX 52008
LAFAYETTE, LA 70505

Re: Docket Number: C-132505 B

GOLDEN RANCH FARMS LLC
VS
BP AMERICA PRODUCTION COMPANY, ET AL

We have received the following items:

EXCEPTIONS AND RULE TO SHOW CAUSE

We are holding them because of insufficient funds in the above referenced suit. A deposit of **$306.00** is required before filing the above. Since the above remains unfiled, we would appreciate receiving your deposit within 10 days from this date. After payment is received, we will process the items listed above without further delay.

Please return a copy of this letter with your payment. Thank you very much.

Yours truly,

ANNETTE M. FONTANA
Clerk of Court

Desirea D. Rodrigue

DESIREA D. RODRIGUE
Deputy Clerk of Court



FILED
AUG 07 2017
Desirea D. Rodrigue
CLERK OF COURT

NON-CERTIFIED COPY

**17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

---

## EXCEPTIONS TO PETITION FOR DAMAGES ON BEHALF OF BP AMERICA PRODUCTION COMPANY

NOW INTO COURT, through undersigned counsel, comes **BP America Production Company** ("BP"), who submits the following exceptions to Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages (collectively referred to herein as "Petition") and respectfully requests that this Court grant its exceptions for the reasons stated herein and in the accompanying Memorandum in Support.[1]

### I. DILATORY EXCEPTION OF VAGUENESS AND NON-COMPLIANCE WITH THE PLEADING REQUIREMENTS OF THE CODE OF CIVIL PROCEDURE.

For the reasons more fully set forth in the Memorandum in Support filed herewith, the Plaintiff's Petition fails to comply with the pleading requirements of the Louisiana Code of Civil Procedure, and is impermissibly vague. BP therefore pleads the dilatory exceptions of Nonconformity of the Petition with the requirements of Article 891 of the Louisiana Code of Civil Procedure and Vagueness or ambiguity of the Petition, pursuant to Articles 926(4) and 926(5) of the Louisiana Code of Civil Procedure.

### II. DILATORY EXCEPTION OF IMPROPER CUMULATION

For the reasons more fully set forth in the Memorandum in Support filed herewith, BP pleads the Dilatory Exception of Improper Cumulation.

### III. LOCAL RULE 9.8 STATEMENT

In accordance with Local Rule 9.8, BP represents that this matter has not been set for trial. BP reserves its right to introduce live testimony at the hearing of any evidentiary exception including but not limited to the introduction of witness testimony to authenticate any and all maps,

NON-CERTIFIED COPY

plats or other public records and will timely notify the Court and all parties if it intends to introduce live testimony.

WHEREFORE, BP prays that its exceptions be deemed good and sufficient, and that after due proceedings had, there be:

1. Judgment rendered herein sustaining the Exceptions of BP and dismissing Plaintiff's claims; or

2. Judgment ordering Plaintiff to amend the Petition to allow meaningful responsive pleading; or

3. Judgment that affords the parties an adequate period of time within which to develop and/or execute a reasonable discovery plan before requiring further pleading, argument, or hearing on those dilatory, declinatory, and/or peremptory exceptions that may be appropriate upon full understanding of the material facts of the case; or

4. In the alternative, Judgment requiring Plaintiff to cure the defects in the Petition which may be cured by amendment, to be done within a reasonable time, subject to dismissal for failure to do so, in accordance with the Louisiana Code of Civil Procedure; or,

5. Judgment awarding BP all appropriate relief in law and equity.

Respectfully Submitted,

BY:________________________________

George Arceneaux III (Bar # 17442)
Penny L. Malbrew (Bar #31247)
Brittan J. Bush (Bar # 34472)
LISKOW & LEWIS
822 Harding Street
P. O. Box 52008
Lafayette, LA 70505
Telephone (337) 232-7424
Facsimile (337) 267-2399

***Attorneys for BP America Production Company***



NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by fax and/or by placing same in the United States mail, properly addressed and postage prepaid.

Lafayette, Louisiana this 31st day of July, 2017.

FILED
AUG - 8 2017
CLERK OF COURT



NON-CERTIFIED COPY

LISKOW&LEWIS
A Professional Law Corporation

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

1001 Fannin Street
Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

www.Liskow.com

B

July 31, 2017

**Brittan J. Bush**

Direct: (337) 267-2357
bjbush@liskow.com

***Via Facsimile & U. S. Mail***

Honorable Annette M. Fontana
Clerk of Court
17th Judicial District Court Courthouse
PO Box 818
Thibodaux, LA 70302

Re: *Golden Ranch Farms, LLC v. BP America Production Co., et al.*
17th JDC, Lafourche Parish, LA
Docket Number 132505, Div. "B"

Dear Ms. Fontana:

Attached for fax filing please find Exceptions to Petition for Damages, Memorandum in Support and a Rule to Show Cause on behalf of BP America Production Company in the referenced matter. The originals and one copy of each will follow via U.S. Mail. Upon receipt, please present the original to the judge for signature, and return the copy file-stamped to this office in the enclosed self-addressed envelope. Also enclosed will be this firm's check to cover filing costs. Thank you for your cooperation in this matter.

Your usual courtesies and assistance are sincerely appreciated.

Very truly yours,

Brittan J. Bush

FILED
AUG - 8 2017
Rita A. Benoit
Dty CLERK OF COURT

BJB/kn
encl.
cc: *(All via E-Mail and U. S. Mail)*
Donald T. Carmouche, Esq./Victor L. Marcello, Esq./John H. Carmouche, Esq./William R. Coenen III, Esq./Brian T. Carmouche, Esq./Todd J. Wimberley, Esq./Ross J. Donnes, Esq./D. Adele Owen, Esq./Leah C. Poole, Esq./Caroline H. Martin, Esq./Christopher D. Martin, Esq.
C. Berwick Duval, II, Esq./Stanwood R. Duval, Esq./Kathryn W. Richard, Esq.

4647171_1.docx

NON-CERTIFIED COPY

B

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: LISKOW & LEWIS (LAFAYETTE) ATTN: BRITTAN BUSH**

**337-267-2399**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on AUGUST 1, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**EXCEPTIONS TO PETITION FOR DAMAGES, MEMORANDUM AND RULE**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**RITA A. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $350.00**

**FILED**

AUG - 8 2017

[signature] Rita A. Bernard

Dy CLERK OF COURT

NON-CERTIFIED COPY

**17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

---

**MEMORANDUM IN SUPPORT OF EXCEPTIONS TO PETITION FOR DAMAGES ON BEHALF OF BP AMERICA PRODUCTION COMPANY**

NOW INTO COURT, through undersigned counsel, comes **BP America Production Company** ("BP"), who submits this memorandum in support of its exceptions to Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages (collectively referred to herein as "Petition") and respectfully requests that this Court grant its exceptions for the reasons stated herein.

## ARGUMENT

### I. VAGUENESS AND NONCONFORMITY OF THE PETITION TO CODE OF CIVIL PROCEDURE ARTICLE 891

The Plaintiff's Petition is an exercise in form pleading and contains global allegations that do little, if anything at all, to provide BP with the facts that are essential to formulate even a rudimentary defense. The Louisiana Code of Civil Procedure requires, at the very least, that Plaintiff provide information sufficient for BP to formulate its defense. Here, the Plaintiff's Petition fails to do this, and this Court should grant BP's exception of vagueness and nonconformity of the Petition to Louisiana Code of Civil Procedure Article 891.

NON-CERTIFIED COPY

### *A. Standards Governing the Dilatory Exception of Vagueness*

The Louisiana Code of Civil Procedure's pleading system is one "based upon the narration of factual allegations."[2] "Article 891 of the Louisiana Code of Civil Procedure requires that a petition 'contain a short, clear, and concise statement of all causes of action arising out of, and the material facts of, the transaction or occurrence that is the subject matter of the litigation.'"[3] The purpose of the dilatory exception of vagueness "is to place a defendant on notice of the nature of the facts sought to be established and, thus, enable him or her to identify the causes of action and prevent its future re-litigation after a judgment is obtained."[4] Ultimately, a petition must "fairly inform[] the defendant of the nature of the cause of action and include[] *sufficient substantial particulars to enable the defendants to prepare their* defense … ."[5]

### *B. The Plaintiff's Petition is Impermissibly Vague*

The Petition alleges that the Defendants owe some obligation with respect to operations conducted in three (3) distinct oil and gas fields and affecting 45,000 acres in eight (8) different sections in Lafourche Parish, Louisiana that the Plaintiff allegedly owns and/or uses."[6] In addition, the Petition contains broad and open-ended allegations that the property has been contaminated as a result of "oil and gas exploration, production, transportation and/or waste disposal activities" including "the operation or construction of various oil and gas facilities, including but not limited to, pits, wells, sumps, pipelines, flowlines, tank batteries, wellheads, measuring facilities, separators, and injection facilities."[7] In addition, Plaintiff has included broad allegations regarding nuisance under Louisiana Civil Code Article 667 resulting from the Defendants' alleged oil and gas exploration and production activities.[8] The Petition universally asserts these claims against eighteen (18) different Defendants alleged to have caused the contamination or that are "otherwise legally responsible for [the] contamination" despite the fact that no defendant conducted operations in all three of the oil and gas fields at issue.[9] Paragraph 6 of the Petition attempts to identify the source of the Defendants' liability through a sweeping, catch-all allegation that the

---

[2] Udomeh v. Joseph, 11-2839, p. 13 (La. 10/26/12), 103 So. 3d 343, 348.
[3] Snoddy v. City of Marksville, 97-327, pp. 7-8 (La. App. 3 Cir. 10/8/97), 702 So. 2d 890, 893 (citing LA. CODE CIV. PROC. art. 891 (2014).
[4] *Id.*
[5] *Id.* (emphasis added).
[6] Petition, ¶ 2.
[7] *Id.* at ¶ 5.
[8] *See id.* at ¶ 19.
[9] *Id.* at ¶ 5.


NON-CERTIFIED COPY

defendants have "conducted, directed, controlled or participated in various oil and gas exploration and production activities on the Plaintiff's Property as operators, and/or working interest owners, and/or mineral or surface lessees, and/or mineral or surface lease assignees, and/or mineral sublessees, and/or servitude, executive interest or other mineral interest owners, and/or personal or predial servitude owners, and/or participants in joint operating agreements or unit operating agreements."[10] Finally, the Petition goes on to make numerous allegations of culpable conduct but does not identify with any particularity the time, place, and most importantly, the perpetrator(s) of the conduct.[11]

As previously noted, a petition must include "sufficient substantial particulars to enable the defendants to prepare their defense" and the material facts of the transaction or occurrence that is subject matter of the litigation.[12] The Petition clearly does not contain sufficient substantial particulars or the necessary material facts, specifically regarding BP's alleged activities on and contractual relationships to the Plaintiff's property. The following obvious particulars are omitted from the Petition:

- Any identification of the particular areas of the property that are allegedly contaminated, the time when such areas were contaminated, who is the alleged contamination attributable to, or the specific activity/activities that caused the alleged contamination. While BP does not suggest that the Plaintiff is obligated to present "ready-for-trial" information, the Petition should at least identify, with some degree of focus, the specific areas of contamination, when they were contaminated, and BP's activities that give rise to Plaintiff's claims against BP.

- A definite identification of particular leases or other agreements underlying the Plaintiff's contractual claims against BP. Plaintiff, despite asserting contractual causes of action against BP, has not cited a specific provision or even a specific agreement that BP has allegedly breached. Furthermore, Plaintiff has not provided any particular facts that it alleges support a claim for breach against BP.

The omissions above clearly show that the Plaintiff's Petition is nothing more than a collection of overly broad allegations with respect to all defendants, for all time periods, on all of the oil and gas fields at issue. This is a far cry from providing "sufficient substantial particulars" or the material facts of the transaction or occurrence that is the subject matter of this suit. As such, the Petition lacks the necessary information for BP to determine not only what it is they have allegedly done or failed to do but also where and when such actions or inactions occurred.

---

[10] *Id.* at ¶ 6.
[11] *See id.* at ¶¶ 12-15, 17-21, 26-31.
[12] *See Snoddy*, 702 So. 2d at 893.



NON-CERTIFIED COPY

When material facts are adequately pled in a petition, a defendant is correspondingly able to plead its defense more precisely, helping to narrow legal and factual issues and move the case forward efficiently. By failing to explain with particularity what each individual defendant supposedly did wrong and when and where such wrongdoing occurred, the Petition makes it virtually impossible for defendants to respond. This problem is further compounded by the other glaring omissions in the Petition. BP submits it is impossible to formulate even basic exceptions or responses based on such pleadings. Thus, this Court's order on these exceptions should, at a minimum, require amendment of the pleadings or other provision of information that will allow BP to identify their defenses and submit any additional pleadings that would be in order, once the "material facts" are disclosed per the Code of Civil Procedure.

### *C. Nonconformity with the Requirements of Code of Civil Procedure Article 891*

Because the Plaintiff's Petition fails to sufficiently demonstrate the factual connection between BP or its alleged predecessors and the property at issue, the Petition fails to comply with the requirements of Louisiana Code of Civil Procedure Article 891, and this Court should order the Plaintiff to amend its Petition accordingly.

## II. DILATORY EXCEPTION OF IMPROPER CUMULATION

Louisiana Code of Civil Procedure Article 463 governs the cumulation of actions and provides:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

When determining whether the requisite community of interest exists, the Louisiana Third Circuit Court of Appeal has stated:

> The test for determining whether the parties have community of interest is whether the cumulated causes of action arise out of the same facts or whether they present the same factual or legal issues. Essentially, community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together.[13]

[13] *See*, *Dietz*, 2013 La. App. LEXIS 2533 at p. 14 (quoting Albarado v. Union Pac. R.R. Co., 002540, pp. 10-11 (La. App. 4 Cir. 4/25/01, 787 So. 2d 431, 438, *rev'd on other grounds*, 01-1537 (La. 9/14/01), 796 So. 2d 666).



NON-CERTIFIED COPY

Plaintiffs have failed to meet the requirements of Article 463 and the test for those requirements.

Plaintiff's First Supplemental and Amending Petition vastly enlarged the scope of the instant suit and added areas with distinct factual issues. While Plaintiff's Original Petition only involved the Larose Field, a field for which Plaintiff's operator histories do not identify BP or any of its alleged predecessors as an operator, Plaintiff's most recent petition adds additional acreage and allegations within the Bayou Des Allemands and Valentine Fields.[14] Notably, Plaintiff's operator histories only contain allegations against BP related to the Bayou Des Allemands Field.[15] As a result, Plaintiff seeks to litigate claims against BP related to a single field alongside its claims against other defendants who: (1) also operated in other fields outside of Bayou Des Allemands or (2) did not operate in Bayou Des Allemands Field at all.

In *Broussard v. Hilcorp Energy Co.*, the plaintiffs filed a legacy lawsuit against nine oil and gas operators for alleged damage to five tracts of land.[16] The tracts were located in three adjacent sections in the same Township, and they were located in the same oil and gas field.[17] Several defendants filed the exception of improper cumulation of actions.[18] The trial court granted the exception on two occasions, and the plaintiffs appealed.[19] The Third Circuit upheld the exception of improper cumulation and found that there was not "enough factual overlap present between all the actions to make it commonsensical to litigate them together."[20] In its reasoning, the Third Circuit relied on the following facts:

> The properties allegedly affected by the contamination are five non-contiguous tracts located in 3 separate sections, different parties and combinations of parties are alleged to have contributed to the contamination on each, and the times at which contamination allegedly occurred differs for each property. The proof of damages for each will necessarily be different as well as the amount of damages, if any, and the people and/or entities found liable, if any.[21]

The facts supporting improper cumulation in *Broussard* are analogous to this case. In both cases there are "different parties and combinations of parties" in the different areas. Thus, follows that the "proof of damages for each [area] will necessarily be different as well as the amount of

---

[14] *See* Plaintiff's Original Petition, Exhibit B (outlining operator history for the Larose Field). *See also* Plaintiff's First Supplemental and Amending Petition for Damages, Exhibit C (outlining operator histories for the Bayou Des Allemands, Larose, and Valentine Fields).
[15] *See id.*
[16] 2008-233, p. 1 (La. App. 3 Cir. 12/10/08), 998 So. 2d 946, 948.
[17] *Id.*
[18] *Id.* at 949.
[19] *Id.* at 951.
[20] *Id.* at 953.
[21] *Id.*



NON-CERTIFIED COPY

damages, if any, and the people and/or entities found liable, if any." Similar to the areas at issue in *Broussard* being located in different sections, the areas at issue in this case are in different sections. Even more compelling, as compared to the tracts in *Broussard,* the areas at issue in this case are in entirely different Townships, are much further away from each other, and are located in three different fields as opposed to the one field in *Broussard.*[22] Thus, pursuant to the holding in *Broussard*, this case should be separated into three separate cases.

While Plaintiff will likely argue that Broussard is inapplicable because its Petition involves a single contiguous parcel of land, this common legal issue does not trump the numerous distinct factual issues that support decumulation. After all, the Comments to Article 463 state that "cumulated actions must arise out of the same facts or present the same factual and legal issues."[23] Thus, distinct facts alone may defeat cumulation. Plaintiff's Petition involves areas with three different fields that each have distinct: (1) operators; (2) mineral leases; (3) geologies; (4) and geographic features; and (5) operational histories. As a result, if Plaintiff is successful, each field will likely require different remediation plans that account for each field's unique attributes. Quite simply, the only common aspect for each field referenced in Plaintiff's Petition is Plaintiff itself. Therefore, given the numerous distinctions between each field at issue in this suit, it is nonsensical to litigate the fields as one, and this Court should decumulate the instant suit.

## CONCLUSION

For the reasons stated herein, BP prays that its exceptions be granted.

Respectfully Submitted,

BY: ______________________

George Arceneaux III (Bar # 17442)
Penny L. Malbrew (Bar #31247)
Brittan J. Bush (Bar # 34472)
LISKOW & LEWIS
822 Harding Street
P. O. Box 52008
Lafayette, LA 70505
Telephone (337) 232-7424
Facsimile (337) 267-2399

***Attorneys for BP America Production Company***

[22] Based on the property descriptions, the furthest away any tract is from another tract in *Broussard* is half a mile. The areas at issue in this case are multiple miles away from one another.
[23] Comment C, LA. CODE CIV. PROC. art. 463.



NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by fax and/or by placing same in the United States mail, properly addressed and postage prepaid.

Lafayette, Louisiana this 31st day of July, 2017.

FILED

AUG - 8 2017

CLERK OF COURT



NON-CERTIFIED COPY

**17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

---

**RULE TO SHOW CAUSE**

Considering the foregoing Dilatory Exception of Vagueness, Dilatory Exception of Nonconformity with the Pleading Requirements of Code of Civil Procedure article 891, and Dilatory Exception of Improper Cumulation filed on behalf of Defendant, BP America Production Company,

IT IS HEREBY ORDERED that Plaintiff show cause on the _____ day of ____________, 2017, at _____ o'clock a.m., why the Dilatory Exception of Vagueness, Dilatory Exception of Nonconformity with the Pleading Requirements of Code of Civil Procedure article 891, and Dilatory Exception of Improper Cumulation filed on behalf of Defendant, BP America Production Company, should not be granted.

______________________________, Louisiana, this _____ day of _______________, 2017.

______________________________
DISTRICT JUDGE

FILED
AUG - 8 2017
CLERK OF COURT

NON-CERTIFIED COPY

**17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

---

**RULE TO SHOW CAUSE**

Considering the foregoing Dilatory Exception of Vagueness, Dilatory Exception of Nonconformity with the Pleading Requirements of Code of Civil Procedure article 891, and Dilatory Exception of Improper Cumulation filed on behalf of Defendant, BP America Production Company,

IT IS HEREBY ORDERED that Plaintiff show cause on the 21st day of September, 2017, at 9 o'clock a.m., why the Dilatory Exception of Vagueness, Dilatory Exception of Nonconformity with the Pleading Requirements of Code of Civil Procedure article 891, and Dilatory Exception of Improper Cumulation filed on behalf of Defendant, BP America Production Company, should not be granted.

Thibodaux, Louisiana, this 9th day of August, 2017.

[signature]
DISTRICT JUDGE

FILED
AUG - 8 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

7016 0910 0001 9333 0418

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here: 8/9/17 132505
Sent To: James LaPenze
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

7016 0910 0001 9333 0395

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here: 8/9/17 132505
Sent To: George Pivach II
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

7016 0910 0001 9333 0388

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here: 8/9/17 132505
Sent To: Valerie V. Guidry
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

7016 0910 0001 9333 0371

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here: 8/9/17 132505
Sent To: D. Russell Holwadel
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

7016 0910 0001 9333 0364

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here: 132505 8-9-17
Sent To: Nicole Babb
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

7016 0910 0001 9333 0357

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here: 132505 8/9/17
Sent To: Ross Donnes
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

NON-CERTIFIED COPY

7016 0910 0001 9333 0401

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here
8/9/17
132505

Sent To C. Berwick Duval II
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9333 0333

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here
8/9/17
132505

Sent To Jamie Rhymes
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9333 0340

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here
8/9/17
132505

Sent To Hattie Guidry
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

**FILED**
AUG - 9 2017
Rita a Bernard
CLERK OF COURT
Otg

NON-CERTIFIED COPY

7015 0640 0001 7928 1661

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Postmark Here
8/9/17
132505
Sent To Hattie V. Guidry
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 7500

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Postmark Here
8/9/17
132505
Sent To Valerie V. Guidry
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7015 0640 0001 7928 1685

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Postmark Here
8-9-17
132505
Sent To Nicole Babb
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 8934

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Postmark Here
132505
8/9/17
Sent To George Pivach
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 8941

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Postmark Here
8/9/17
132505
Sent To C. Berwick Duval II
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7015 0640 0001 7928 1678

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Postmark Here
8/9/17
132505
Sent To Ross Dornes
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

NON-CERTIFIED COPY

7015 0640 0001 7928 1692

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To D. Russell
Street and Apt. No., or PO Box No.
City, State, ZIP+4® Holwadel

Postmark Here 8/9/17 132505

PS Form 3800, April 2015 See Reverse for Instructions

7016 0910 0001 9332 8958

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To Jamie Rhymes
Street and Apt. No., or PO Box No.
City, State, ZIP+4® (Laf.)

Postmark Here 8/9/17 132505

PS Form 3800, April 2015 See Reverse for Instructions

7016 0910 0001 9332 8965

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To James Lapeze
Street and Apt. No., or PO Box No.
City, State, ZIP+4® N.O.

Postmark Here 8/9/17 132505

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

**FILED**
AUG - 9 2017
Rita A. Benne
CLERK OF COURT

NON-CERTIFIED COPY

7016 0910 0001 9332 9009

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here
132505
8/9/17
Sent To James E. Lapeyre
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9333 0425

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here
8/9/17
132505
Sent To Hattie V. Guidry
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9333 0432

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here
8/9/17
132505
Sent To Ross J. Dornes
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9333 0449

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
132505
Postmark Here
8-9-17
Sent To Nicole M. Babb.
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9333 0456

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
8/9/17
Postmark Here
132505
Sent To D. Russell Holwadel
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9333 0463

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com.

OFFICIAL USE

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
8/9/17
Postmark Here
132505
Sent To Valeri V. Guidry
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

NON-CERTIFIED COPY

7016 0910 0001 9332 8996

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here: 8/9/17 132505

Sent To: Jamie D. Rhynes
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 8972

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here: 8/9/17 132505

Sent To: George Pivach, II
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 8989

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here: 8/9/17 132505

Sent To: C. Berwick Duval II
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

**FILED**
AUG - 9 2017
Rita A. Berard
CLERK OF COURT
PS

NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1486497**

# CITATION ON RULE

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: PLAINTIFF THROUGH ITS COUNSEL OF RECORD:
DONALD T. CARMOUCHE
VICTOR L. MARCELLO
JOHN H. CARMOUCH
WILLIAM R. COENEN, III
BRIAN T. CARMOUCH
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN
TALBOT, CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE PRAYER OF THE PETITION/MOTION AND ORDER THEREON, a true and faithful copy whereof accompanies this citation, and to show cause on **SEPTEMBER 21, 2017**, at **9:00 A.M.**, why an order should not be issued herein granting the Exceptions filed on behalf of Defendant SM Energy Company.

WITNESS the Honorable STEVEN M. MILLER, Judge of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, August 9, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

Rita A. Bernard

**Deputy Clerk of Court**

REQUESTED BY:
LISKOW & LEWIS (LAFAYETTE)

**FILED**
AUG - 9 2017
Rita A. Bernard
CLERK OF COURT

NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1492420**

# CITATION ON RULE

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: PLAINTIFF, THROUGH ITS COUNSEL OF RECORD:
C. BERWICK DUVAL, II
STANWOOD R. DUVAL
KATHRYN W. RICHARD
DUVAL, FUNDERBURK, SUNDBERY, LOVELL & WATKINS
101 WILSON AVENUE
HOUMA, LA 70361

residing in the PARISH OF TERREBONNE, STATE OF LOUISIANA

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE PRAYER OF THE PETITION/MOTION AND ORDER THEREON, a true and faithful copy whereof accompanies this citation, and to show cause on **SEPTEMBER 21, 2017**, at **9:00 A.M.**, why Devon Energy Production Company, L.P.'s Exceptions should not be granted.

WITNESS the Honorable STEVEN M. MILLER, Judge of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, August 8, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

Rita A Bernard

**Deputy Clerk of Court**

REQUESTED BY:
KEAN MILLER

FILED
AUG - 8 2017
Rita A Bernard
CLERK OF COURT

NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1492420**

# CITATION ON RULE

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: PLAINTIFF, THROUGH ITS COUNSEL OF RECORD:
DONALD T. CARMOUCHE
VICTOR L. MARCELLO
JOHN H. CARMOUCHE
WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN
TALBOT CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE PRAYER OF THE PETITION/MOTION AND ORDER THEREON, a true and faithful copy whereof accompanies this citation, and to show cause on **SEPTEMBER 21, 2017**, at **9:00 A.M.**, why Exceptions of Hess Corporation, should not be granted.

WITNESS the Honorable STEVEN M. MILLER, Judge of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, August 9, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

Rita A Bernard

**Deputy Clerk of Court**

REQUESTED BY:
LISKOW & LEWIS (NEW ORLEANS)

FILED
AUG - 9 2017
Rita A Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

# *ANNETTE M. FONTANA*
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE

MAILING ADDRESS
P.O. BOX 818
THIBODAUX, LA 70302

PHYSICAL ADDRESS
303 WEST 3RD STREET
THIBODAUX, LA 70301


AUGUST 9, 2017

HON. SID J. GAUTREAUX, III
SHERIFF, PARISH OF EAST BATON ROUGE
PO BOX 3277
BATON ROUGE, LA 70802

RE: GOLDEN RANCH FARMS LLC
VS
BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

Dear Sir:

Enclosed, please find papers to be served on

PLAINTIFF THROUGH ITS COUNSEL OF RECORD:
DONALD T. CARMOUCHE
VICTOR L. MARCELLO
JOHN H. CARMOUCH
WILLIAM R. COENEN, III
BRIAN T. CARMOUCH
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN
TALBOT, CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

ENCLOSED PLEASE FIND A CHECK IN THE AMOUNT OF $29.36 FOR YOUR SERVICES.

Would you please make service.

Sincerely,

ANNETTE M. FONTANA
Clerk of Court

Deputy Clerk

FILED
AUG - 9 2017
CLERK OF COURT



NON-CERTIFIED COPY

MAILING ADDRESS
P.O. BOX 818
THIBODAUX, LA 70302

# ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE

PHYSICAL ADDRESS
303 WEST 3RD STREET
THIBODAUX, LA 70301

August 8, 2017

HON. JERRY LARPENTER
SHERIFF, PARISH OF TERREBONNE
P.O. DRAWER 1670
HOUMA, LA 70361

RE: GOLDEN RANCH FARMS LLC
VS
BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

Dear Sir:

Enclosed, please find papers to be served on

**PLAINTIFF, THROUGH ITS COUNSEL OF RECORD:**
**C. BERWICK DUVAL, II**
**STANWOOD R. DUVAL**
**KATHRYN W. RICHARD**
**DUVAL, FUNDERBURK, SUNDBERY, LOVELL & WATKINS**
**101 WILSON AVENUE**
**HOUMA, LA 70361**

Would you please make service.

Sincerely,

ANNETTE M. FONTANA
Clerk of Court

Rita A. Bernard

Deputy Clerk

FILED
AUG 8 2017
Rita A. Bernard
CLERK OF COURT



NON-CERTIFIED COPY

# *ANNETTE M. FONTANA*

**CLERK OF COURT**
**17TH JUDICIAL DISTRICT COURT**
**PARISH OF LAFOURCHE**

**MAILING ADDRESS**
**P.O. BOX 818**
**THIBODAUX, LA 70302**

**PHYSICAL ADDRESS**
**303 WEST 3RD STREET**
**THIBODAUX, LA 70301**


AUGUST 9, 2017

HON. SID J. GAUTREAUX, III
SHERIFF, PARISH OF EAST BATON ROUGE
PO BOX 3277
BATON ROUGE, LA 70802

RE: GOLDEN RANCH FARMS LLC
VS
BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

Dear Sir:

Enclosed, please find papers to be served on

**PLAINTIFF, THROUGH ITS COUNSEL OF RECORD:**
**DONALD T. CARMOUCHE**
**VICTOR L. MARCELLO**
**JOHN H. CARMOUCHE**
**WILLIAM R. COENEN, III**
**BRIAN T. CARMOUCHE**
**TODD J. WIMBERLEY**
**ROSS J. DONNES**
**D. ADELE OWEN**
**LEAH C. POOLE**
**CAROLINE H. MARTIN**
**CHRISTOPHER D. MARTIN**
**TALBOT CARMOUCHE & MARCELLO**
**17405 PERKINS ROAD**
**BATON ROUGE, LA 70810**

ENCLOSED PLEASE FIND A CHECK IN THE AMOUNT OF $29.36 FOR YOUR SERVICES.

Would you please make service.

Sincerely,
ANNETTE M. FONTANA
Clerk of Court

Rita A. Bernard
Deputy Clerk

FILED
AUG - 9 2017
Rita A. Bernard
CLERK OF COURT


**THIBODAUX:** PHONE (985)447-4841
FAX (985)447-5800

**GALLIANO:** PHONE (985)632-8111
**LOCKPORT:** PHONE (985)532-7361

www.lafourcheclerk.com


NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1492917**

# NOTICE OF FIXING CASE FOR TRIAL

| | |
|---|---|
| **GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **BP AMERICA PRODUCTION COMPANY, ET AL** | **STATE OF LOUISIANA** |
| **DOCKET NUMBER: C-132505** | |

TO: JAMIE D. RHYMES, ESQ.
LISKOW & LEWIS
P.O. BOX 52008
LAFAYETTE, LA 70503

NOTICE IS HEREBY GIVEN that the above entitled and numbered matter has been set for trial on Exceptions on behalf of SM Energy Company on September 21, 2017 at the hour of 9:00 a.m. Thibodaux, Louisiana, this August 9, 2017.

**ANNETTE M. FONTANA**
**Clerk of Court**
**Parish of Lafourche**

**Deputy Clerk of Court**

COPY TO:
HATTIE V. GUIDRY, ESQ.
KEAN MILLER, LLP
P.O. BOX 3513
BATON ROUGE, LA 70802

MR. ROSS J. DONNES
TALBOT CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

MS. NICOLE M. BABB
KING, KREBS & JURGENS PPLC
201 ST. CHARLES AVENUE 45TH FLOOR
NEW ORLEANS, LA 70170

MR. D. RUSSELL HOLWADEL
ADAMS HOEFER HOLWADEL
400 POYDRAS ST, STE. 2450
NEW ORLEANS, LA 70130

MS. VALERI V. GUIDRY
OTTINGER HEBERT
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606

MR. GEORGE PIVACH, II
MR. TIMOTHY THRIFFILEY
PIVACH PIVACH HUFFT THRIFFILEY & DUNBAR
P.O. BOX 7125
BELLE CHASSE, LA 70037

NON-CERTIFIED COPY

MR. C. BERWICK DUVAL, II
DUVAL, FUNDERBURK, SUNDBERRY
P.O. BOX 3017
HOUMA, LA 70361

MR. JAMES E. LAPEZE
LISKOW & LEWIS
701 POYDRAS ST., STE 5000
NEW ORLEANS, LA 70139-5099

REQUESTED BY:
LISKOW & LEWIS (LAFAYETTE)

FILED
AUG - 9 2017
CLERK OF COURT

NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1492917**

# NOTICE OF FIXING CASE FOR TRIAL

| | |
|---|---|
| **GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **BP AMERICA PRODUCTION COMPANY, ET AL**<br>**DOCKET NUMBER: C-132505** | **STATE OF LOUISIANA** |

TO: HATTIE V. GUIDRY, ESQ.
KEAN MILLER, LLP
P.O. BOX 3513
BATON ROUGE, LA 70802

NOTICE IS HEREBY GIVEN that the above entitled and numbered matter has been set for trial on Exceptions on behalf of Devon Energy Production Company, L.P. on September 21, 2017 at the hour of 9:00 a.m. Thibodaux, Louisiana, this August 9, 2017.

**ANNETTE M. FONTANA**
**Clerk of Court**
**Parish of Lafourche**

[signature]

**Deputy Clerk of Court**

COPY TO:

MR. ROSS J. DONNES
TALBOT CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

MS. NICOLE M. BABB
KING, KREBS & JURGENS PPLC
201 ST. CHARLES AVENUE 45TH FLOOR
NEW ORLEANS, LA 70170

MR. D. RUSSELL HOLWADEL
ADAMS HOEFER HOLWADEL
400 POYDRAS ST, STE. 2450
NEW ORLEANS, LA 70130

MS. VALERI V. GUIDRY
OTTINGER HEBERT
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606

MR. GEORGE PIVACH, II
MR. TIMOTHY THRIFFILEY
PIVACH PIVACH HUFFT THRIFFILEY & DUNBAR
P.O. BOX 7125
BELLE CHASSE, LA 70037

MR. C. BERWICK DUVAL, II
DUVAL, FUNDERBURK, SUNDBERRY
P.O. BOX 3017
HOUMA, LA 70361

NON-CERTIFIED COPY

JAMIE D. RHYMES, ESQ.
LISKOW & LEWIS
P.O. BOX 52008
LAFAYETTE, LA 70503

MR. JAMES E. LAPEZE
LISKOW & LEWIS
701 POYDRAS ST., STE 5000
NEW ORLEANS, LA 70139-5099

REQUESTED BY:
KEAN MILLER, LLP

FILED
AUG - 4 2017
CLERK OF COURT

NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1492917**

# NOTICE OF FIXING CASE FOR TRIAL

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. JAMES E. LAPEZE
LISKOW & LEWIS
701 POYDRAS ST., STE 5000
NEW ORLEANS, LA 70139-5099

NOTICE IS HEREBY GIVEN that the above entitled and numbered matter has been set for trial on Exceptions on behalf of Hess Corporation on September 21, 2017 at the hour of 9:00 a.m. Thibodaux, Louisiana, this August 9, 2017.

**ANNETTE M. FONTANA**
**Clerk of Court**
**Parish of Lafourche**

**Deputy Clerk of Court**

COPY TO:
HATTIE V. GUIDRY, ESQ.
KEAN MILLER, LLP
P.O. BOX 3513
BATON ROUGE, LA 70802

MR. ROSS J. DONNES
TALBOT CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

MS. NICOLE M. BABB
KING, KREBS & JURGENS PPLC
201 ST. CHARLES AVENUE 45TH FLOOR
NEW ORLEANS, LA 70170

MR. D. RUSSELL HOLWADEL
ADAMS HOEFER HOLWADEL
400 POYDRAS ST, STE. 2450
NEW ORLEANS, LA 70130

MS. VALERI V. GUIDRY
OTTINGER HEBERT
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606

MR. GEORGE PIVACH, II
MR. TIMOTHY THRIFFILEY
PIVACH PIVACH HUFFT THRIFFILEY & DUNBAR
P.O. BOX 7125
BELLE CHASSE, LA 70037

NON-CERTIFIED COPY

MR. C. BERWICK DUVAL, II
DUVAL, FUNDERBURK, SUNDBERRY
P.O. BOX 3017
HOUMA, LA 70361

JAMIE D. RHYMES, ESQ.
LISKOW & LEWIS
P.O. BOX 52008
LAFAYETTE, LA 70503

REQUESTED BY:
LISKOW & LEWIS (NEW ORLEANS)

FILED
AUG - 9 2017
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MS. NICOLE M. BABB
KING, KREBS & JURGENS PPLC
201 ST. CHARLES AVENUE 45TH FLOOR
NEW ORLEANS, LA 70170
GOLDEN VS DEVON
NO 132505
REQ BY LISKOW & LEWIS (LAF) 8/3/17
RB

9590 9402 2652 6336 0973 86

2. Article Number *(Transfer from service label)*

7015 0640 0001 7928 1913

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Delivery
(over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 10 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MS. VALERI V. GUIDRY
OTTINGER HEBERT
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606
GOLDEN VS DEVON
NO 132505
REQ BY LISKOW & LEWIS (LAF) 8/3/17
RB

9590 9402 2652 6336 0974 61

2. Article Number *(Transfer from service label)*

7015 0640 0001 7928 1890

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Madison Moore ☐ Agent ☒ Addressee

B. Received by *(Printed Name)* Madison Moore
C. Date of Delivery 8-8-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

FILED
AUG 11 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

...MPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
MS. NICOLE M. BABB
KING, KREBS & JURGENS PPLC
201 ST. CHARLES AVENUE 45TH FLOOR
NEW ORLEANS, LA 70170
GOLDEN RANCH VS BP
NO 132505
REQ BY PIVACH 8/1/17 RB

9590 9402 2652 6336 1271 82

2. Article Number *(Transfer from service label)*
7015 0640 0001 7928 1548

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
...ed Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 11 2017
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. GEORGE PIVACH, II
MR. TIMOTHY THRIFFILEY
PIVACH PIVACH HUFFT THRIFFILEY
P.O. BOX 7125
BELLE CHASSE, LA 70037
GOLDEN VS DEVON
NO 132505
REQ BY LISKOW & LEWIS (LAF) 8/3/17
RB

9590 9402 2652 6336 0974 85

2. Article Number *(Transfer from service label)*

7015 0640 0001 7928 1883

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* J. Munkres C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

7125

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...cted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 11 2017
[signature] M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

'PLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. ROSS J. DONNES TALBOT
CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810
GOLDEN VS DEVON
NO 132505
REQ BY LISKOW & LEWIS (LAF) 8/3/17
RB

9590 9402 2652 6336 0973 31

2. Article Number *(Transfer from service label)*

7015 0640 0001 7928 1920

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Michelle Willie ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* Michelle Willie

C. Date of Delivery 8.7.17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
ricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**FILED**
AUG 11 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MS. VALERIE V. GUIDRY
OTTINGER HEBERT
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606
GOLDEN RANCH VS BP
NO 132505
REQ BY PIVACH 8/1/17 RB

9590 9402 2652 6336 1272 12

2. Article Number *(Transfer from service label)*

7015 0640 0001 7928 1524

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X [illegible signature] ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* Madison Menke

C. Date of Delivery 8-7-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail Restricted Delivery
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**FILED**

AUG 11 2017

[signature] CLERK OF COURT

NON-CERTIFIED COPY

IPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. GEORGE PIVACH, II
MR. TIMOTHY THRIFFILEY
PIVACH PIVACH HUFFT THRIFFILEY & DUNBAR
P.O. BOX 7125
BELLE CHASSE, LA 70037
GOLDEN RANCH VS BP
NO 132505
REQ BY PIVACH 8/1/17 RB

9590 9402 2652 6336 1267 34

2. Article Number *(Transfer from service label)*

7015 0640 0001 7928 1562

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* J. Munkres
C. Date of Delivery 8/3/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

7125

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
estricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 11 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JAMIE D. RHYMES, ESQ.
LISKOW & LEWIS
P.O. BOX 52008
LAFAYETTE, LA 70503
GOLDEN VS DEVON
NO 132505
REQ BY LISKOW & LEWIS (LAF) 8/3/17
RB

9590 9402 2652 6336 0972 63

2. Article Number *(Transfer from service label)*

7015 0640 0001 7928 1944

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Al Guidroz
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* Al Guidroz

C. Date of Delivery 8/8/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...ricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 11 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

MAILING ADDRESS
P.O. BOX 818
THIBODAUX, LA 70302

# ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE

PHYSICAL ADDRESS
303 WEST 3RD STREET
THIBODAUX, LA 70301

AUGUST 9, 2017

HON. SID J. GAUTREAUX, III
SHERIFF, PARISH OF EAST BATON ROUGE
PO BOX 3277
BATON ROUGE, LA 70802

RE: GOLDEN RANCH FARMS LLC
VS
BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

Dear Sir:

Enclosed, please find papers to be served on

PLAINTIFF THROUGH ITS COUNSEL OF RECORD:
DONALD T. CARMOUCHE
VICTOR L. MARCELLO
JOHN H. CARMOUCH
WILLIAM R. COENEN, III
BRIAN T. CARMOUCH
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN
TALBOT, CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

ENCLOSED PLEASE FIND A CHECK IN THE AMOUNT OF $29.36 FOR YOUR SERVICES.

Would you please make service.

Sincerely,

ANNETTE M. FONTANA
Clerk of Court

Deputy Clerk

FILED
AUG - 9 2017
CLERK OF COURT



NON-CERTIFIED COPY

... THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. JAMES E. LAPEZE
LISKOW & LEWIS
701 POYDRAS ST., STE 5000
NEW ORLEANS, LA 70139-5099
GOLDEN VS DEVON
NO 132505
REQ BY LISKOW & LEWIS (LAF) 8/3/17
RB

9590 9402 2652 6336 0973 00

2. Article Number *(Transfer from service label)*

7015 0640 0001 7928 1937

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* Andrew Sarmiento

C. Date of Delivery 8/7/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...ail
...ail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**FILED**

AUG 14 2017

[signature] M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. D. RUSSELL HOLWADEL
ADAMS HOEFER
400 POYDRAS ST., STE 2450
NEW ORLEANS, LA 70130
GOLDEN RANCH VS BP
NO 132505
REQ BY Liskow 8/9/17 RB (N.D.)

9590 9402 2652 6336 0957 19

2. Article Number *(Transfer from service label)*

7016 0910 0001 9333 0456

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* J Koen

C. Date of Delivery 8/10/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
d Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 14 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. GEORGE PIVACH, II
PIVACH, PIVACH
P.O. BOX 7125
BELLE CHASSE, LA 70037
GOLDEN RANCH VS BP
NO 132505
REQ BY (Lisbon) 8/9/17 RB (NO)

9590 9402 2652 6336 0958 49

2. Article Number (Transfer from service label)

7016 0910 0001 9332 8972

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) J. Munkres

C. Date of Delivery 8-10-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

7125

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

FILED
AUG 14 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. GEORGE PIVACH, II
PIVACH, PIVACH
P.O. BOX 7125
BELLE CHASSE, LA 70037
GOLDEN RANCH VS BP
NO 132505
REQ BY Ryan 8/9/17 RB

9590 9402 2652 6336 0955 97

2. Article Number (Transfer from service label)

7016 0910 0001 9332 8934

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) J. Munkres
C. Date of Delivery 8-10-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

7125

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...ery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 14 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. GEORGE PIVACH, II
PIVACH, PIVACH
P.O. BOX 7125
BELLE CHASSE, LA 70037
GOLDEN RANCH VS BP
NO 132505
REQ BY 45(DW) 8/9/17 RB (LAF)

9590 9402 2652 6336 0957 88

2. Article Number (Transfer from service label)

7016 0910 0001 9333 0395

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) J. Munkres

C. Date of Delivery 8-10-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

7125

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
I Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 14 2017
[signature] M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SE... ...PLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. D. RUSSELL HOLWADEL
ADAMS HOEFER HOLWADEL
400 POYDRAS ST, STE. 2450
NEW ORLEANS, LA 70130
GOLDEN VS DEVON
NO 132505
REQ BY LISKOW & LEWIS (LAF) 8/3/17
RB

9590 9402 2652 6336 0974 16

2. Article Number *(Transfer from service label)*

7015 0640 0001 7928 1906

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Lorrie Brown
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* Lorrie Brown

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

**FILED**

AUG 14 2017

Lynette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. ROSS J. ~~DONNES~~ TALBOT
CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810
GOLDEN RANCH VS BP
NO 132505
REQ BY PIVACH 8/1/17 RB

9590 9402 2652 6336 1271 75

2. Article Number *(Transfer from service label)*

7015 0640 0001 7928 1555

COMPLETE THIS SECTION ON DELIVERY

A. Signature
x Happy B Zell
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* Happy B. Zeller

C. Date of Delivery 8/4/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 14 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. D. RUSSELL HOLWADEL
ADAMS HOEFER HOLWADEL
400 POYDRAS ST, STE. 2450
NEW ORLEANS, LA 70130
GOLDEN RANCH VS BP
NO 132505
REQ BY PIVACH 8/1/17 RB

9590 9402 2652 6336 1272 05

2. Article Number (Transfer from service label)

7015 0640 0001 7928 1531

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name)
J. Korr

C. Date of Delivery
8/3/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

FILED
AUG 14 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. JAMES E. LAPEZE
LISKOW & LEWIS
701 POYDRAS ST., STE 5000
NEW ORLEANS, LA 70139-5099
GOLDEN RANCH VS BP
NO 132505
REQ BY Liskow 8/9/17 RB (M.D.)

9590 9402 2652 6336 0953 68

2. Article Number *(Transfer from service label)*

7016 0910 0001 9332 9009

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* Andrew Sinemock C. Date of Delivery 8/10/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
ed Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 14 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. JAMES E. LAPEZE
LISKOW & LEWIS
701 POYDRAS ST., STE 5000
NEW ORLEANS, LA 70139-5099
GOLDEN RANCH VS BP
NO 132505
REQ BY Kean 8/9/17 RB

9590 9402 2652 6336 0954 29

2. Article Number (Transfer from service label)

7016 0910 0001 9332 8965

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name) Andrew Sneardy

C. Date of Delivery 8/10/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 14 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. JAMES E. LAPEZE
LISKOW & LEWIS
701 POYDRAS ST., STE 5000
NEW ORLEANS, LA 70139-5099
GOLDEN RANCH VS BP
NO 132505
REQ BY Liskow 8/9/17 RB (JAF)

9590 9402 2652 6336 0958 63

2. Article Number *(Transfer from service label)*

7016 0910 0001 9333 0418

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* Ammon Simoneaux

C. Date of Delivery 8/10/17

D. Is delivery address different from item 1? ☑ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
...icted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 14 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. D. RUSSELL HOLWADEL
ADAMS HOEFER
400 POYDRAS ST., STE 2450
NEW ORLEANS, LA 70130
GOLDEN RANCH VS BP
NO 132505
REQ BY Kean 8/9/17 RB

9590 9402 2652 6336 0956 03

2. Article Number *(Transfer from service label)*

7015 0640 0001 7928 1692

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* S. Koen
C. Date of Delivery 8/10/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
livery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 14 2017
[signature] M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. D. RUSSELL HOLWADEL
ADAMS HOEFER
400 POYDRAS ST., STE 2450
NEW ORLEANS, LA 70130
GOLDEN RANCH VS BP
NO 132505
REQ BY (LISKOW) 8/9/17 RB (LAF)

9590 9402 2652 6336 0957 95

2. Article Number (Transfer from service label)

7016 0910 0001 9333 0371

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name)
J. Korn

C. Date of Delivery
8/10/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...ed Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 14 2017
[signature] M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

7016 0910 0001 9332 9085

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here
8/14/17
132505

Sent To Brittany Bush
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9333 0319

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here
8/14/17
132505

Sent To Ross J. Domes
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9333 0326

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here
8/14/17
132505

Sent To Nicole Babb
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 9016

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

132505
Postmark Here
8/14/17

Sent To D. Russell Holwadel
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 9023

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here
8/14/17
132505

Sent To Valerie Ewing
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 9030

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

8/14/17
Postmark Here
132505

Sent To George Nack
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

NON-CERTIFIED COPY

7016 0910 0001 9332 9047

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

132505
Postmark Here
8/14/17

Sent To C. Berwick Duval
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 9054

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

8/14/17
Postmark Here
132505

Sent To Hattie V. Guidry
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7016 0910 0001 9332 9061

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

8/14/17
Postmark Here
132505

Sent To James LaPeyre
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

**FILED**
AUG 14 2017
Rita A. Benner
CLERK OF COURT

NON-CERTIFIED COPY

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1492917**

# NOTICE OF FIXING CASE FOR TRIAL

**GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT**

**VS** | **PARISH OF LAFOURCHE**

**BP AMERICA PRODUCTION COMPANY, ET AL** | **STATE OF LOUISIANA**
**DOCKET NUMBER: C-132505**

TO: BRITTANY J. BUSH, ESQ.
LISKOW & LEWIS
P.O. BOX 52008
LAFAYETTE, LA 70503

NOTICE IS HEREBY GIVEN that the above entitled and numbered matter has been set for trial on Exceptions on behalf of BP America Production Company on September 21, 2017 at the hour of 9:00 a.m. Thibodaux, Louisiana, this August 14, 2017.

**ANNETTE M. FONTANA**
**Clerk of Court**
**Parish of Lafourche**

**Deputy Clerk of Court**

COPY TO:

MR. ROSS J. DONNES
TALBOT CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

MS. NICOLE M. BABB
KING, KREBS & JURGENS PPLC
201 ST. CHARLES AVENUE 45TH FLOOR
NEW ORLEANS, LA 70170

MR. D. RUSSELL HOLWADEL
ADAMS HOEFER HOLWADEL
400 POYDRAS ST, STE. 2450
NEW ORLEANS, LA 70130

MS. VALERI V. GUIDRY
OTTINGER HEBERT
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606

MR. GEORGE PIVACH, II
MR. TIMOTHY THRIFFILEY
PIVACH PIVACH HUFFT THRIFFILEY & DUNBAR
P.O. BOX 7125
BELLE CHASSE, LA 70037

MR. C. BERWICK DUVAL, II
DUVAL, FUNDERBURK, SUNDBERRY
P.O. BOX 3017
HOUMA, LA 70361

HATTIE V. GUIDRY, ESQ.
KEAN MILLER, LLP
P.O. BOX 3513
BATON ROUGE, LA 70802

FILED
AUG 14 2017
CLERK OF COURT

NON-CERTIFIED COPY

MR. JAMES E. LAPEZE
LISKOW & LEWIS
701 POYDRAS ST., STE 5000
NEW ORLEANS, LA 70139-5099

REQUESTED BY:
KEAN MILLER, LLP

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. ROSS J. DONNES
TALBOT CARMOUCH
17405 PERKINS RD.
BATON ROUGE, LA 70810
GOLDEN RANCH VS BP
NO. 132505
REQ BY Kean 8/9/17 RB

9590 9402 2652 6336 0955 73

2. Article Number (Transfer from service label)

7015 0640 0001 7928 1678

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Michelle Wilkie ☐ Agent ☐ Addressee

B. Received by (Printed Name) Michelle Willie

C. Date of Delivery 8.11.17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 15 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. C. BERWICK DUVAL, II
DUVAL, FUNDERBURK, SUNDBERRY
P.O. BOX 3017
HOUMA, LA 70361
GOLDEN RANCH VS BP
NO 132505
REQ BY (i5Kw) 8/9/17 RB (ND.)

9590 9402 2652 6336 0959 17

2. Article Number *(Transfer from service label)*

7016 0910 0001 9332 8989

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Gail Dryden ☒ Agent ☐ Addressee

B. Received by *(Printed Name)* Gail Dryden

C. Date of Delivery 8-11-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

AUG 11 2017

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 15 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

PLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ROSS J. DONNES
TALBOT CARMOUCH
17405 PERKINS RD.
BATON ROUGE, LA 70810
GOLDEN RANCH VS BP
NO 132505
BY Liskow 8/9/17 RB (N.O.)

9590 9402 2652 6336 0955 11

2. Article Number *(Transfer from service label)*

7016 0910 0001 9333 0432

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Michelle Wille ☐ Agent ☐ Addressee

B. Received by (Printed Name) Michele Willie

C. Date of Delivery 8.11.17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

FILED
AUG 15 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. ROSS J. DONNES
TALBOT CARMOUCH
17405 PERKINS RD.
BATON ROUGE, LA 70810
GOLDEN RANCH VS BP
NO 132505
REQ BY (Liskow) 8/9/17 RB (LAF)

9590 9402 2652 6336 0955 42

2. Article Number *(Transfer from service label)*

7016 0910 0001 9333 0357

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Michelle Willie
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* Michelle Willie

C. Date of Delivery 8.11.17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

FILED
AUG 15 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
MR. C. BERWICK DUVAL, II
DUVAL, FUNDERBURK, SUNDBERRY
P.O. BOX 3017
HOUMA, LA 70361
GOLDEN RANCH VS BP
NO 132505
REQ BY Liskow 8/9/17 RB (LAF)

9590 9402 2652 6336 0954 81

2. Article Number (Transfer from service label)
7016 0910 0001 9333 0401

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Gail Dryden
☒ Agent
☐ Addressee

B. Received by (Printed Name)
Gail Dryden

C. Date of Delivery
8-11-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

AUG 11 2017

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**FILED**

AUG 15 2017

Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. C. BERWICK DUVAL, II
DUVAL, FUNDERBURK, SUNDBERRY
P.O. BOX 3017
HOUMA, LA 70361
GOLDEN RANCH VS BP
NO.132505
REQ BY Kean 8/9/17 RB

9590 9402 2652 6336 0958 94

2. Article Number (*Transfer from service label*)

7016 0910 0001 9332 8941

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X Gail Dryden

☑ Agent
☐ Addressee

B. Received by (*Printed Name*) Gail Dryden

C. Date of Delivery 8-11-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

AUG 11 2017

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Mail
Mail Restricted Delivery
500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 15 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

NOTES: 1.) THE ENTIRETY OF THE PLAT DESIGNATED "EXHIBIT A" TO THIS ACT OF SALE (FILE NUMBER 826020) IS NOT AVAILABLE AT THE LAFOURCHE PARISH CLERK OF COURT ONLINE SERVICE; THE EXCERPTS THAT ARE AVAILABLE ARE ATTACHED; 2.) THE "POINTS" OF CALL WHICH ARE ALPHABETICALLY DESIGNATED IN THE DESCRIPTION COINCIDING WITH THE PLAT DESIGNATED "EXHIBIT A", ARE DESIGNATED DIFFERENTLY AT "EXHIBIT B";

EXHIBIT

tabbies

NON-CERTIFIED COPY

826020

CB 1331
337

STATE OF LOUISIANA

PARISH OF LAFOURCHE

# ACT OF SALE

THIS AGREEMENT, entered into effective as of the first day of January, 1998, by and between The Gheens Foundation, Inc., the address of which is Suite 705, One Riverfront Plaza, Louisville, Kentucky 40202, a Kentucky corporation (hereinafter sometimes referred to as "Seller"), and Arlen B. Cenac, Jr., whose address is Post Office Box 2617, Houma, Louisiana 70361 (hereinafter sometimes referred to as "Purchaser") who declares that he is not now and never has been married,

## WITNESSETH:

I.

1.1 Seller, the owner of Golden Ranch Plantation in Lafourche Parish, Louisiana, in consideration of the sum of One Thousand and No/100 ($1,000.00) Dollars and other valuable consideration received from Purchaser, the adequacy of which is hereby acknowledged, hereby sells, transfers and conveys to Purchaser, to have and to hold forever, the surface, and only the surface, of the following described property situated in Lafourche Parish, Louisiana, to wit:

> That certain tract or parcel of land together with all buildings and improvements thereon situated and all rights, ways, privileges, servitudes, prescriptions and appurtenances thereunto belonging or in anywise appertaining, lying and being situated in Lafourche Parish, Louisiana, being that portion of the Golden Ranch Plantation situated south of Company Canal (a/k/a Barataria and Lafourche Canal) as more fully outlined in red on the map attached hereto as Exhibit "A" and paraphed "Ne Varietur" for identification with this Act of Sale by The Gheens Foundation, Inc., to Arlen B. Cenac, Jr.:
>
> Commencing at the intersection of the easterly right of way of Louisiana Highway 654 and the southern bank of Company Canal, designated as Point A on the attached map, being the Point of Beginning;



NON-CERTIFIED COPY
Book: 1331 Page: 337 File Number: 826020 Seq: 1

338

826020

Thence easterly along the south bank of Company Canal to Point B, being the intersection of the south bank of Company Canal and the right descending bank of Bayou des Allemands;

Thence in a southerly direction along the right descending bank of Bayou des Allemands to Point C;

Thence southerly along the western, southern and eastern bank of Temple Bay to Point D, being designated as "Grosse Pointe" on said map;

Thence southerly along the western and southern bank of Little Catahoula Bay and Catahoula Bay to Point E, being the intersection of the south bank of Bayou Catahoula and Catahoula Bay;

Thence westerly and southerly along the south bank of Bayou Catahoula to Point F, being the intersection of the north bank of Canal Tisamond Foret and the northwestern bank of the Intracoastal Waterway;

Thence southwesterly along the northwestern bank of the Intracoastal Waterway to Point G;

Thence approximately 8,060 feet, more or less, to Point H;

Thence approximately 18,093.63 feet, more or less, along the western bank of a pipeline canal to Point I, being the intersection of the western bank of said pipeline canal and the south bank of Bayou Vacherie;

Thence southerly along the south bank of Bayou Vacherie to Point J, where Bayou Vacherie ends;

Thence northwesterly along the south bank of Company Canal to Point K;

Thence northerly and easterly along the eastern bank of Company Canal to Point A, the Point of Beginning.

(Said tract of land is also more fully shown as that portion of Golden Ranch Plantation situated south of Barataria and Lafourche Canal more fully shown on that map entitled "MAP OF LAND BELONGING TO THE GOLDEN RANCH PLANTATION, LAFOURCHE PARISH, LOUISIANA, IN TOWNSHIP 15, 16 AND 17 SOUTH - RANGE 19, 20 AND 21 EAST IN THE SOUTHEAST DISTRICT OF LA. WEST OF MISSISSIPPI RIVER AND FORMING PART OF THE CHARLES J. B. FLORIEN CLAIM, CONFIRMED BY OLD BOARD OF COMMISSIONERS CERTIFICATE NO. 213 AND BY ACT OF CONGRESS 27TH JULY, 1854, COMPILED FROM INFORMATION FURNISHED BY DARNEY & WADDILL CIVIL ENGINEERS, NEW ORLEANS, LOUISIANA, DRAWN BY R.F. WHARTON, C.E., 301 REALTY BUILDING, LOUISVILLE, KENTUCKY" attached hereto as



NON-CERTIFIED COPY

Exhibit "B" and paraphed "Ne Varietur" for identification with this Act of Sale by The Gheens Foundation, Inc., to Arlen B. Cenac., Jr.)

Being a portion of the property acquired by The Gheens Foundation, Inc., pursuant to the Judgment of Possession rendered in the Succession of Mary Jo Gheens Hill dated December 27, 1985, recorded at COB 936, Folio 332, under Entry No. 640775, Conveyance Records of Lafourche Parish, Louisiana.

The following described Areas A through E, which are hatched in green on Exhibit C hereto, and Area F, which is described in accordance with Exhibit D hereto, are expressly excluded from the portion of Golden Ranch Plantation south of Company Canal herein conveyed:

Area A.

The area referred to as the Memorial Garden, being the area which is bounded on the west by the road which connects Louisiana Highway 654 to the Sugar House area (hereinafter the "Sugar House Road"), on the north by an extension to the east of Louisiana Highway 654, on the east by the driveway to the Plantation Manager's house and on the south by the road which runs from the Sugar House Road to the Store (hereinafter the "Store Road").

Area B.

The area, and all buildings within the area, shown on Exhibit C hereto as bounded on the north by the Store Road; on the east by the Store and by the existing fence which separates the lawn and yard area of the Trustee's Cottage (Building No. 30 on Exhibit C) from the garden, lawn and yard of the Plantation House (Building No. 1 on Exhibit C); on the south by the Unpaved Road shown on Exhibit C as running in an east-west direction between the building designated as No. 11 and the buildings designated as Nos. 19, 30 and 35; and on the west by the Sugar House Road.

Area C.

The area, and all buildings within that area including the house thereon designated as No. 16, shown on Exhibit C hereto at the juncture of the Sugar House Road and Louisiana Highway 654, lying west of the former and south of the latter, the description of which area is as follows: Beginning at the point of intersection of the roads shown on said plat as Louisiana 654 and Sugar House Road, proceed in a southerly direction along the westerly edge of Sugar House



NON-CERTIFIED COPY

Road 135 feet to an extension of the fence which runs along the southerly side of said area; thence westerly along said fence line 186 feet to a ditch which constitutes the westerly boundary of said area; thence northerly along the easterly edge of said ditch 192 feet to the southerly edge of the road designated as Louisiana 654, thence easterly along the southerly edge of Louisiana 654 a distance of 203 feet to the point of beginning.

Area D.

The building which includes the Store and offices and is shown as the Store on Exhibit C hereto.

Area E.

The area of approximately three-quarters (3/4) of an acre donated by The Gheens Foundation, Inc., to the Sunlight Baptist Church of Gheens, Louisiana, by instrument dated June 3, 1994, and recorded in the Conveyance Records of Lafourche Parish, Louisiana, in book 1210 at Folio 559 under Entry No. 767808, shown as Cemetery & Church on Exhibit C hereto.

Area F.

The building known as the Lodge situated on the east bank of Company Canal south of Louisiana Highway 654 and the fenced area surrounding it, the dimensions of which area, according to the plat attached hereto as Exhibit D, are as follows:

> Beginning at its northeasterly corner, which is the conjunction of a fence along the easterly boundary of this tract and the southerly line of the Drainage Canal shown on said plat; thence westerly along said southerly line and the westerly extension thereof a total of 180', more or less, to its conjunction with the easterly bank of Company Canal; thence southerly along the meanders of the easterly bank of Company Canal a distance of 387', more or less, to the conjunction of said bank with a fence along the southerly boundary of this tract; thence easterly along said fence a distance of 119', more or less, to a point at which said fence makes a northerly turn; thence continuing along said fence in its northerly direction a distance of 43' 6", more or less, to a point at which said fence




NON-CERTIFIED COPY

826020

makes an easterly turn; thence continuing along said fence in an easterly direction 48' 6", more or less, to a point at which said fence makes a northerly turn; thence continuing in a northerly direction along said fence 268', more or less, to a gate therein; thence across said gate a distance of 20', more or less, and along the line of said fence an additional 13', more or less, to the point of beginning.

1.2 The above described property, less the excluded areas, is hereinafter referred to as the "Subject Property".

II.

2.1 Seller expressly excepts from this sale and reserves to itself and to its successors and assigns, all rights in and to the production payment and other rights reserved in the sale by Charles Edwin Gheens to Union Producing Company on May 28, 1958, of a mineral servitude as to a portion of the Subject Property.

2.2 Seller further excepts from this sale and reserves to itself and to its successors and assigns all oil, gas and other minerals in, on or under the remainder of the Subject Property, reserving to itself, its successors and assigns, but not by way of limitation, the right of exploring, mining, developing, producing or operating for any or all such products upon the Subject Property and of laying on the Subject Property board roads, board drill sites and pipe lines, erecting buildings, machinery and equipment, and digging ditches and pits necessary and convenient in and about the exercise of the mineral servitude herein reserved.

2.3 Purchaser recognizes that Seller, by the reservation herein of all oil, gas and other minerals in, on and under the Subject Property, has reserved to itself, its successors and assigns, the right to grant geophysical survey permits and oil, gas and mineral leases





NON-CERTIFIED COPY

as to all or any portion of the Subject Property, and that, subject to the provisions of Paragraph 2.4 of this Article, the purchasers of such geophysical permits and the lessees of such oil, gas and mineral leases shall have the right to enter upon the Subject Property for the purpose of carrying out the purpose of such permits or leases, including surveying, drilling and wiring shot points, laying out receiver lines and equipment, detonating of shothole charges and recovery of equipment, exploring for oil, gas and other minerals by constructing, maintaining and operating buildings, derricks, machinery, equipment, pipe lines, storage tanks and similar equipment necessary for drilling for, producing, treating and transporting oil, gas and other minerals; and to do all things incidental to the exercise of rights under such permits or leases.

2.4 With respect to the mineral servitude hereinabove reserved it is agreed that:

A. Seller shall not have the right to utilize the surface of the Management Areas, as hereinafter defined, for any purpose, development of such Areas to be by directional drilling only. It is specifically agreed that the Management Areas are the following:

a) The Main Residence Area, which is the area shown on Exhibit C hereto as bounded on the east by Coteau Du Cypre and an extension thereof to the north; on the south by Private Road; on the west by Church Road and an extension thereof to the north; and on the north by the Drainage Canal that runs in an east/west direction approximately parallel to and north of Louisiana Highway 654; which area is outlined in blue on said Exhibit C;

b) The area within a radius of 1,000' from the main building designated as the Cenac Camp, the approximate location of which



NON-CERTIFIED COPY

Camp is shown by a blue dot and blue lettering on Exhibit A hereto; and

c) The area within a radius of 500' of the buildings designated as the Lessee's Camp, the approximate location of which is shown by a blue dot and blue lettering on Exhibit A hereto.

B. Seller further agrees as to any portion of the Subject Property which is owned solely by Arlen B. Cenac, Jr., or by an entity of which Arlen B. Cenac, Jr., is the sole owner (hereinafter collectively "Cenac"), and only during such period of sole ownership by Cenac, that no geophysical surveys, drilling or similar activities will be conducted on such portion by a permittee or lessee of Seller unless a written agreement has been entered into between Cenac and such permittee or lessee detailing the portion or portions of the Subject Property (not in the Management Areas) to be so utilized by such permittee or lessee, the time of such use, the points of ingress onto and egress from the Subject Property for the purpose of conducting such geophysical surveys or exploration, drilling, production and similar operations, and the payment to be made to Cenac as consideration for such agreement and for damages from such operations to the improvements by and property of Cenac on the Subject Property. Arlen B. Cenac, Jr., agrees that in negotiating such an agreement his, or his entity's, claims for such damages shall be reasonable and that his consent to and execution of such agreement or agreements shall not be unreasonably delayed or withheld. Refusal to agree to such operations





NON-CERTIFIED COPY

during the hunting seasons for deer and migratory birds shall not be considered unreasonable.

2.5 Arlen B. Cenac, Jr., and only Arlen B. Cenac, Jr., shall have the right and shall be available, either personally or through an authorized employee or agent: to consult with and accompany from time to time any persons to whom Seller may grant or propose to grant geophysical permits or mineral leases; to consult with Seller with regard to any such surveys or operations that Seller may intend to have conducted upon the Subject Property; and to accompany representatives of Seller, or Seller's lessees or permittees, at reasonable times in connection with inspection of any such operations or surveys. Seller intends to offer such consultation with Arlen B. Cenac, Jr., as to such matters but shall not be liable for any failure to do so.

2.6 Seller shall not be responsible or liable to Purchaser for any damage that may result to Purchaser from any use of, or operations on, the Subject Property by any of Seller's oil, gas and mineral lessees or geophysical survey permittees for any of the purposes referred to in this Article, and Purchaser hereby expressly waives and renounces any and all rights to claim damages from Seller in connection therewith. However, Purchaser shall have the right to make claim against any such oil, gas and mineral lessee or geophysical survey permittee for damages to Purchaser's constructions, including buildings, ditches, canals, ponds and levees, and for the destruction of or the injury to growing crops on the Subject Property which shall have been caused by the operations of any such lessee or permittee.

2.7 Subject to the provisions of Paragraph 2.4, Seller reserves the right and easement to use roads, canals and ditches on the Subject Property for negotiating with



NON-CERTIFIED COPY
Book: 1331 Page: 337 File Number: 826020 Seq: 8

prospective mineral lessees and geophysical permittees, for inspection and supervision of mineral operations thereon, for access to and utilization of the areas excluded from this sale and, subject to the provisions of Paragraph 2.4 hereof relating to access and use by a permittee or lessee, for the purposes of exercise of the mineral servitudes herein reserved.

III.

3.1 This sale is made and accepted subject to: the mineral servitude as to a portion of the Subject Property granted to Union Producing Company by Charles Edwin Gheens under date of May 28, 1958, which is now owned by Pennzoil Exploration and Production Company; all recorded rights-of-way for oil and gas pipelines and telephone lines; all recorded easements granted to the Parish of Lafourche for drainage purposes and for water pipelines; and all other recorded rights granted by Seller, or Seller's ancestors in title, particularly including the 3-D Geophysical Permit and Option to Lease granted by Seller to Phillips Petroleum Company and American Explorer, Inc., effective May 1, 1997, as evidenced by a Declaration recorded in the Conveyance Records of Lafourche Parish, Louisiana, in Book 1316 under Entry No. 819147; and to all exceptions, exclusions and reservations expressly provided for herein. Purchaser recognizes and agrees that the provisions of Paragraph 2.4 hereof are not applicable to any activities or operations under the above described mineral servitude granted in 1958 to Union Producing Company or under the above described 3-D Geophysical Permit and Option to Lease granted to Phillips Petroleum Company and American Explorer, Inc., in 1997.



NON-CERTIFIED COPY

346

826020

IV.

4.1 Purchaser, under surface leases granted by The Gheens Foundation, Inc., has been in actual physical possession and control of the Subject Property for over ten years and is thoroughly familiar with present conditions on that property. Seller has provided Purchaser with copies of reports by Benjamin F. Walsh of his investigations of conditions on the Subject Property made both prior to and after clean-up activities by past and present oil, gas and mineral operators thereon as well as with copies of various reports to Seller relating to underground storage tanks. Purchaser therefore specifically obligates himself to indemnify, hold harmless and defend Seller from any and all responsibility or liability for environmental pollution or damage, past or present, which may exist or arise under any Federal, State or local laws, including, but not by way of limitation, the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), and hereby relieves Seller of any further duty of disclosure as to existence of any tanks, pipelines, oil field mud or effluent disposal pits, hazardous substances of any sort, control valves or stations, power lines, or other conditions on the Subject Property which could give rise to responsibility or liability on the part of either Seller or Purchaser.

4.2 Purchaser shall forever indemnify, hold harmless and defend Seller, its successors and assigns:

A. From any and all demands, charges, costs or penalties made, sought or imposed at any time by any governmental body or agency or by any private party and from and against all suits, claims and demands that may at any time be brought or made by any entity or person whomsoever for the violation of any law, ordinance or regulation, federal, state or parish, which may have resulted from or



NON-CERTIFIED COPY
Book: 1331 Page: 337 File Number: 826020 Seq: 10

be based on Purchaser's activities or operations on the Subject Property, whether prior to or after this purchase; and

B. From any and all liability for damage or claim of damage to property or injury or death or claim of injury or death of any person, or from violation of any law and from all costs and expenses incidental thereto, including court costs and attorney fees, arising wholly or in part from or in connection with prior surface leases to Arlen B. Cenac, Jr., with the ownership by Purchaser as the result hereof, or with the exercise of any rights by Purchaser, its agents, employees, guests, assigns or successors, on the Subject Property, whether under such surface leases or on the basis of this purchase.

4.3 In the event any suit, action, demand or other proceeding is brought against Seller to recover for or on account of any such damage, injury, death, environmental or pollution liability, cleanup liability, penalties or costs or claim thereof as to which Purchaser is obligated under the terms of this agreement to indemnify and hold harmless Seller, Purchaser shall appear and defend said suit, action, demand or other proceeding at its sole cost and expense and shall pay and satisfy any judgment that may be entered against Seller when such suit, action, demand or other proceeding has been fully and finally determined.

V.

5.1 Seller expressly asserts and avows that it has good and merchantable title to the Subject Property. However the parties agree that, except as to Seller's own acts, this sale is made without any warranty, either express or implied, or recourse against Seller, even for return of the purchase price, but with full substitution and subrogation in and




NON-CERTIFIED COPY

8

826020

to all rights and actions of warranty which Seller has or may have against all persons who owned the Subject Property prior to acquisition by Charles W. Gheens.

VI.

6.1 All ad valorem tax owed to the State of Louisiana and/or to Lafourche Parish for the year 1997 have been paid by Seller as evidenced by the copy of a receipt for same attached hereto and Purchaser declares that he has satisfied himself as to the payment of all such taxes for prior years.

6.2 The parties hereto waive the production of mortgage, conveyance and other certificates and relieve and release the public notaries before whom this instrument is acknowledged from any and all responsibility in connection therewith.

IN WITNESS WHEREOF this instrument has been executed in triplicate by Seller and Purchaser in the presence of the undersigned competent witnesses on the dates shown in the acknowledgements hereto.

WITNESSES:

The Gheens Foundation, Inc.

By: ______________________
President

______________________
Arlen B. Cenac, Jr.



Book: 1331 Page: 337 File Number: 826020 Seq: 12
NON-CERTIFIED COPY

826020 349

STATE OF KENTUCKY

COUNTY OF JEFFERSON

BEFORE ME, the undersigned authority, on this day personally appeared Joseph E. Stopher, who being by me first duly sworn, deposed and said that he is the President of The Gheens Foundation, Inc., and that the seal affixed to the foregoing instrument is the corporate seal of said Corporation, and that said instrument was signed and sealed in behalf of said Corporation by authority of its Board of Directors, and the said appearer acknowledged said instrument to be the free act and deed of said Corporation.

Given under my hand and seal of office this 16 day of December, 1997.

Lola L Bohannon
Notary Public

My commission expires:
2/29/2000 (seal)

STATE OF LOUISIANA

PARISH OF TERREBONNE

On this 5th day of ________, 1997, before me personally appeared Arlen B. Cenac, Jr., to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

[signature]
Notary Public

h:\doyle\cen-act9slc.12/3/97



NON-CERTIFIED COPY
Book: 1331 Page: 337 File Number: 826020 Seq: 13




Exhibit C
to
Act of Sale
from
The Gheens Foundation, Inc.
to
Arlen B. Cenac, Jr.
The areas and buildings hereon are not to scale.



NON-CERTIFIED COPY




Exhibit D
to
Act of Sale
from
The Gheens Foundation, Inc.
to
Arlen B. Cenac, Jr.



NON-CERTIFIED COPY

0 368

826020

LEASE MAKE CHECK PAYABLE TO:

CRAIG WEBRE

LAFOURCHE PARISH SHERIFF
P.O. BOX 5608
THIBODAUX, LA 70302

1997 DUPLICATE TAX NOTICE LAFOURCHE

ASSESSMENT #: 0083156100.00

TAXPAYER: GHEENS FOUNDATION, INC (THE)

TAXES ARE DELINQUENT JANUARY 1, AND ARE SUBJECT TO INTEREST AT THE RATE OF 1.00% PER MONTH OR FRACTION OF A MONTH THEREAFTER.

TAXABLE VALUE 465,620

| | | |
|---|---|---|
| PARISH COUNCIL | 3.27M | 1,522.56 |
| CONSOLIDATED | 82.70M | 38,506.77 |
| ROAD DIST 1 | 4.92M | 2,290.85 |
| FIRE DIST 9 | 7.55M | 3,515.43 |
| LAFOURCHE LEV. | 3.29M | 1,531.89 |
| C.L. AMBULANCE | 7.92M | 3,687.71 |
| HOSP DIST 2 | 4.78M | 2,225.66 |
| WATER DIST 1 | 3.99M | 1,857.82 |
| B.LAF.FR.WATER | 1.56M | 726.37 |
| ROAD LIGHT | 1.86M | 866.05 |
| RECREATION #8 | 10.00M | 4,656.20 |
| FORESTRY TAX | .08/AC | 400.00 |

* TOTAL TAXES DUE $61,787.33

PROPERTY DESCRIPTION:
55,031.5 ARPENTS-(1) TRACT (3 LEAGUES FRONT ON BAYOU DE LA VACHERIE X DEPTH OF LEAGUES) BOUNDED ON ONE SIDE BY SMALL TRACT AND LARGE SHELL BANK KNOWN AS TEMPLE AND FROM TEMPLE TO REAR LINE BY BAYOU DES ALLEMANDS; ON OTHER SIDE BY LINE RUNNING IN MIDDLE OF LOW MARSH KNOWN AS PRAIRIE DU PETIT BOIS.(CONTAINING 43,762 ACRES) (40 677) (LESS SMALL TRACT & SHELL BANK KNOWN AS TEMPLE) 2) TRACT LYING BACK OF 80 ARP. LINE KNOWN AS VACHERIE-CHARBONNET; BEING TRACT

*** COMPLETE DESCRIPTION AVAILABLE AT COURTHOUSE ***

CRAIG WEBRE
SHERIFF AND TAX COLLECTOR
PAID
12/9/97
BY DEPUTY

* TOTAL TAXES DUE $61,787.33

0083156100.00
GHEENS FOUNDATION, INC. (THE)
"GOLDEN RANCH PLANTATION"
170 GOLDEN RANCH PLTN."
GHEENS, LA 70355

COPY



NON-CERTIFIED COPY

369

826020

EASE MAKE CHECK PAYABLE TO:

CRAIG WEBRE

LAFOURCHE PARISH SHERIFF
P.O. BOX 5608
THIBODAUX, LA 70302
1997 DUPLICATE TAX NOTICE LAFOURCHE

ASSESSMENT #. 008[illegible]00 00

AXPAYER: GHEENS FOUNDATION, INC. (THE)

AXES ARE DELINQUENT JANUARY 1, AND ARE SUBJECT TO INTEREST AT THE RATE OF .00% PER MONTH OR FRACTION OF A MONTH THEREAFTER.

TAXABLE VALUE [illegible],280

| | | |
|---|---|---|
| PARISH COUNCIL | 3.27M | 7.46 |
| CONSOLIDATED | 82.70M | 188.56 |
| ROAD DIST 1 | 4.92M | 11.22 |
| FIRE DIST 9 | 7.55M | 17.21 |
| LAFOURCHE LEV. | 3.29M | 7.50 |
| C.L. AMBULANCE | 7.92M | 18.06 |
| HOSP DIST 2 | 4.78M | 10.90 |
| WATER DIST 1 | 3.99M | 9.10 |
| B.LAF.FR.WATER | 1.56M | 3.56 |
| ROAD LIGHT | 1.86M | 4.24 |
| RECREATION #8 | 10.00M | 22.80 |

TOTAL TAXES DUE $300.61

PROPERTY DESCRIPTION:
[illegible].45 ARPS.-THAT PORTION OF BARATARIA AND LAFOURCHE CANAL SITUATED IN AFOURCHE PARISH; ALSO INCLUDED ARE THE RIGHT OF WAY OF SAID CANAL. [illegible] 25.55 ARPS. SOLD DEPT. OF HWY.) (SEC.37: T16S-R20E, SEC.38: T16S-R21E, [illegible].15,16,67, T16S-R19E) ([illegible])(66-421)(158-175)(274-346)(323-183)(496-585)([illegible]-571)(684-532)(936-[illegible])

CRAIG WEBRE
SHERIFF AND TAX COLLECTOR
PAID
12/9/97
BY [signature] DEPUTY

TOTAL TAXES DUE $300.61

008[illegible]00 00
GHEENS FOUNDATION, INC. (THE)
170 GOLDEN RANCH PLTN
GHEENS, LA 70355

COPY



NON-CERTIFIED COPY

0' 370

826020

[illegible]ASE MAKE CHECK PAYABLE TO:

CRAIG WEBRE

LAFOURCHE PARISH SHERIFF
P.O. BOX 5608
THIBODAUX, LA 70302
997 DUPLICATE TAX NOTICE LAFOURCHE

ASSESSMENT #: 1083314400.00

AXPAYER: GOLDEN RANCH STORE

AXES ARE DELINQUENT JANUARY 1. AND ARE SUBJECT TO INTEREST AT THE RATE OF
.00% PER MONTH OR FRACTION OF A MONTH THEREAFTER.

TAXABLE VALUE 1,800

| | | |
|---|---|---|
| PARISH COUNCIL | 3.27M | 5.89 |
| CONSOLIDATED | 82.70M | 148.86 |
| ROAD DIST 1 | 4.92M | 8.86 |
| FIRE DIST 9 | 7.55M | 13.59 |
| LAFOURCHE LEV. | 3.29M | 5.92 |
| C.I. AMBULANCE | 7.92M | 14.26 |
| HOSP DIST 2 | 4.78M | 8.60 |
| WATER DIST 1 | 3.99M | 7.18 |
| B.LAF.FR.WATER | 1.56M | 2.81 |
| ROAD LIGHT | 1.86M | 3.35 |
| RECREATION #8 | 10.00M | 18.00 |
| * TOTAL TAXES DUE | | $237.32 |

ROPERTY DESCRIPTION
INVENTORY, BUSINESS F. & F., AND EQUIPMENT

CRAIG WEBRE
SHERIFF AND TAX COLLECTOR
PAID 12/9/92
* TOTAL TAXES DUE $237.32
BY [signature] DEPUTY

1083314400.00
GOLDEN RANCH STORE
EST. CHARLES E. GHEENS
C/O GOLDEN RANCH PLTN.
GHEENS, LA 70355

COPY



NON-CERTIFIED COPY

№ 371

826020

PLEASE MAKE CHECK PAYABLE TO:

CRAIG WEBRE

LAFOURCHE PARISH SHERIFF
P.O. BOX 5608
THIBODAUX, LA 70302

1997 DUPLICATE TAX NOTICE LAFOURCHE

ASSESSMENT #: 0083156100.00

TAXPAYER: GUEENS FOUNDATION, INC (THE)

TAXES ARE DELINQUENT JANUARY 1, AND ARE SUBJECT TO INTEREST AT THE RATE OF 1.00% PER MONTH OR FRACTION OF A MONTH THEREAFTER.

TAXABLE VALUE 465,620

| | | |
|---|---|---|
| PARISH COUNCIL | 3.27M | 1,522.58 |
| CONSOLIDATED | 82.70M | 38,506.77 |
| ROAD DIST 1 | 4.92M | 2,290.85 |
| FIRE DIST 9 | 7.55M | 3,515.43 |
| LAFOURCHE LEV. | 3.29M | 1,531.89 |
| C.L. AMBULANCE | 7.92M | 3,687.71 |
| HOSP DIST 2 | 4.78M | 2,225.66 |
| WATER DIST 1 | 3.99M | 1,857.82 |
| B.LAF.FR.WATER | 1.56M | 726.37 |
| ROAD LIGHT | 1.86M | 866.05 |
| RECREATION #8 | 10.00M | 4,656.20 |
| FORESTRY TAX | .08/AC | 400.00 |

* TOTAL TAXES DUE $61,787.33

PROPERTY DESCRIPTION:
55,031.5 ARPENTS-(1) TRACT (3 LEAGUES FRONT ON BAYOU DE LA VACHERIE X DEPTH OF 3 LEAGUES) BOUNDED ON ONE SIDE BY SMALL TRACT AND LARGE SHELL BANK KNOWN AS TEMPLE AND FROM TEMPLE TO REAR LINE BY BAYOU DES ALLEMANDS; ON OTHER SIDE BY LINE RUNNING TO MIDDLE OF LOW MARSH KNOWN AS PRAIRIE DU PETIT BOIS.(CONTAINING 46,762 ACRES) (40 677) (LESS SMALL TRACT & SHELL BANK KNOWN AS TEMPLE) (2) TRACT LYING BACK OF 80 ARP. LINE KNOWN AS VACHERIE-CHARBONNET; BEING TRACT

*** COMPLETE DESCRIPTION AVAILABLE AT COURTHOUSE ***

CRAIG WEBRE
SHERIFF AND TAX COLLECTOR
PAID
12/9/97
BY [illegible] DEPUTY

* TOTAL TAXES DUE $61,787.33

0083156100.00
GUEENS FOUNDATION, INC. (THE)
"GOLDEN RANCH PLANTATION"
170 GOLDEN RANCH PLAN."
GHEENS, LA 70355

COPY



NON-CERTIFIED COPY

372

826020

PLEASE MAKE CHECK PAYABLE TO:

CRAIG WEBRE

LAFOURCHE PARISH SHERIFF
P.O. BOX 5608
THIBODAUX, LA 70302

1992 DUPLICATE TAX NOTICE LAFOURCHE

ASSESSMENT #: 008 ... 00 00

TAXPAYER: GHEENS FOUNDATION, INC. (THE)

TAXES ARE DELINQUENT JANUARY 1, AND ARE SUBJECT TO INTEREST AT THE RATE OF 1.00% PER MONTH OR FRACTION OF A MONTH THEREAFTER.

TAXABLE VALUE ..,280

| | | |
|---|---|---|
| PARISH COUNCIL | 3.27M | 7.46 |
| CONSOLIDATED | 82.70M | 188.56 |
| ROAD DIST 1 | 4.92M | 11.22 |
| FIRE DIST 9 | 7.55M | 17.21 |
| LAFOURCHE LEV. | 3.29M | 7.50 |
| C.L. AMBULANCE | 7.92M | 18.06 |
| HOSP DIST 2 | 4.78M | 10.90 |
| WATER DIST 1 | 3.99M | 9.10 |
| S.LAF.FR.WATER | 1.56M | 3.56 |
| ROAD LIGHT | 1.86M | 4.24 |
| RECREATION #8 | 10.00M | 22.80 |
| * TOTAL TAXES DUE | | $300.61 |

PROPERTY DESCRIPTION:
..5.45 ARPS. -THAT PORTION OF BARATARIA AND LAFOURCHE CANAL SITUATED IN LAFOURCHE PARISH; ALSO INCLUDED ARE THE RIGHT OF WAY OF SAID CANAL. LESS 55.55 ARPS. SOLD DEPT. OF HWY.) (SEC.37; T16S-R20E, SEC.38; T16S-R21E, ...15,16,67, T16S-R19E) (... )(66-421)(158-175)(274-346)(323-183)(496-585)(... 571)(684-...)(936-...)

CRAIG WEBRE
SHERIFF AND TAX COLLECTOR
PAID
12/9/92
BY [signature] DEPUTY

* TOTAL TAXES DUE $300.61

008...00 00
GHEENS FOUNDATION, INC. (THE)
C/O GOLDEN RANCH PLTN
GHEENS, LA 70355

COPY



NON-CERTIFIED COPY

0' 373

826020

EASE MAKE CHECK PAYABLE TO:

CRAIG WEBRE

LAFOURCHE PARISH SHERIFF
P.O. BOX 5608
THIBODAUX, LA 70302

997 DUPLICATE TAX NOTICE LAFOURCHE

SSESSMENT #: 1083314400.00

AXPAYER: GOLDEN RANCH STORE

AXES ARE DELINQUENT JANUARY 1, AND ARE SUBJECT TO INTEREST AT THE RATE OF .00% PER MONTH OR FRACTION OF A MONTH THEREAFTER.

TAXABLE VALUE 1,800

| | | |
|---|---|---|
| PARISH COUNCIL | 3.27M | 5.89 |
| CONSOLIDATED | 82.70M | 148.86 |
| ROAD DIST 1 | 4.92M | 8.86 |
| FIRE DIST 9 | 7.55M | 13.59 |
| LAFOURCHE LEV. | 3.29M | 5.92 |
| L.I. AMBULANCE | 7.92M | 14.26 |
| HOSP DIST 2 | 4.78M | 8.60 |
| WATER DIST 1 | 3.99M | 7.18 |
| B.LAF.FR.WATER | 1.56M | 2.81 |
| ROAD LIGHT | 1.86M | 3.35 |
| RECREATION #8 | 10.00M | 18.00 |
| * TOTAL TAXES DUE | | $237.32 |

ROPERTY DESCRIPTION
NVENTORY, BUSINESS F & F., AND EQUIPMENT

1083314400.00
GOLDEN RANCH STORE
EST. CHARLES E. GHEENS
C/O GOLDEN RANCH PLTN.
GHEENS, LA 70355

CRAIG WEBRE
SHERIFF AND TAX COLLECTOR
PAID
12/19/97
BY [signature] DEPUTY

* TOTAL TAXES DUE $237.32

COPY

Book: 1331 Page: 337 File Number: 826020 Seq: 37

NON-CERTIFIED COPY

0( 374 826020

**RESOLUTION OF THE BOARD OF TRUSTEES OF THE GHEENS FOUNDATION, INC.**

**RESOLVED:** That this Corporation sell to Arlen B. Cenac, Jr., or to an entity of which Arlen B. Cenac, Jr., is the sole owner, the surface, and only the surface but including all buildings and other structures thereon, of that portion of Golden Ranch Plantation, Lafourche Parish, Louisiana, situated south of Company Canal, except the five areas hatched in green on the plat to be attached to said sale as Exhibit C thereto and except the area captioned "Lodge" on the plat to be attached to said sale as Exhibit D thereto, copies of which plats are filed with the minutes of this meeting as a part of this resolution. In that sale all oil, gas and other minerals in, on or under the property sold shall be expressly excepted and reserved to this Corporation. Said sale to be for a total cash consideration of $7,000,000, to be paid in the form of a certified check drawn on a national bank, and the assumption by the purchaser of obligations of indemnification and agreement by the purchaser to reasonable cooperation with this Corporation in the development of its reserved minerals, as set forth in the Act of Sale to be prepared by this Corporation's Louisiana counsel, Donald W. Doyle, and approved by its President, Joseph E. Stopher; such approval to be evidenced by the President's execution of the same.

* * * *

I, the undersigned, Acting Secretary of The Gheens Foundation, Inc., do hereby certify that the foregoing is a true and correct copy of a resolution unanimously adopted by the Board of Trustees of The Gheens Foundation, Inc., on December 8, 1997, at a meeting duly called and at which all Trustees were present except Oscar S. Bryant, Jr.; that said resolution has been duly entered into the minute book of the corporation, has not been in any way rescinded, annulled and revoked and is still in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affix the seal of this corporation on this 23 day of December, 1997.

[signature]
Acting Secretary

resolun.1(12/22/97)

FILED FOR RECORD
98 JAN -5 PM 1:53
[signature]
CLERK OF COURT
PARISH OF
LAFOURCHE, LA.

FILED
AUG 15 2017
[signature]
CLERK OF COURT



NON-CERTIFIED COPY

| | |
|---|---|
| **GOLDEN RANCH FARMS, LLC** | **DOCKET NO. 132505, DIV. B** |
| **VS.** | **17TH JUDICIAL DISTRICT COURT** |
| **MESA GULF COAST LLC, ET AL** | **LAFOURCHE PARISH, LOUISIANA** |

******************************************************************************

**DEFENDANT, HENRY PRODUCTION COMPANY, INC.'S EXCEPTIONS**

NOW INTO COURT, through undersigned counsel, comes Henry Production Company, Inc. ("Henry"), a defendant in the above captioned matter, who objects to Golden Ranch Farms, LLC's ("Plaintiff") Petition for Damages and First Supplemental and Amending Petition for Damages (collectively, the "Petition"), as follows:

**PEREMPTORY EXCEPTIONS OF NO CAUSE OF ACTION AND NO RIGHT OF ACTION AND PRESCRIPTION**

**1.**
**Unjust Enrichment**

The Plaintiff's Petition fails to allege sufficient facts to state a cause of action against Defendants for unjust enrichment. Plaintiff alleges that "Defendants have been unjustly enriched by their unauthorized use of Plaintiff's land to store and dispose of toxic contamination" and seeks damages from all defendants for their alleged unauthorized use of its property. Even assuming that the Petition states a cause of action for unjust enrichment, it does not allege that Plaintiff, as impoverishee, has no other remedy at law. In fact, a review of the Plaintiff's Petition reveals the opposite because several causes of action are asserted against the Defendants, including breach of mineral lease and tort. These allegations plainly foreclose the possibility that no other remedy exists to Plaintiff. Thus, such a cause of action is not available in law.

**2.**
**Civil Fruits**

Plaintiff's possessor in bad faith claim alleges that defendants have derived substantial economic benefit from their storage of toxic pollution in the groundwaters and soils

NON-CERTIFIED COPY

underlying Plaintiff's lands. Plaintiff claims that it is entitled to recover from Defendants the amount that Defendants would have incurred had it properly disposed of this pollution as civil fruits. Even assuming that Defendants were possessors in bad faith, which is all time denied, the sums sought by Plaintiff do not qualify as civil fruits under La. C.C. Art. 486.

**3.**
**Prescription**

Plaintiff is a surface owner of the property owned by it. It has no contract and did not grant any oil and gas lease to Henry or any of the defendants in this case. In accordance with a so-called "Operator History" attached to the Petition in this matter, Henry operated the MR Fee 852 #8 SWD (salt water disposal well) and produced the MR Fee 852 #9 Well SUD from August 1, 1995 to March 1, 1997.

Since no contract ever existed between Plaintiff and Defendant, Henry, the only cause of action that the Plaintiff could assert for any alleged damages would be in tort. Claims for damages under La. C.C. Art. 2315, et seq and La. C.C. 667 prescribe in one (1) year.

Plaintiff knew or should have known about any alleged damage no later than one (1) year after acquisition by Arlen B. Cenac, Jr. on January 1, 1998 (see Exhibit attached hereto of said acquisition).

By any calculation of applicable prescription period any right and cause of action of the Plaintiff prescribed on January 1, 1999.

Therefore, Henry moves that this exception of prescription be granted and that it be dismissed form this cast at Plaintiff's cost.

**4.**
**Claims for "continuing tort"**

The Petition claims the Defendants' failure to remove wastes allowed such wastes to spread or migrate, thus such allegation claims that this constitutes a "continuing tort." The Louisiana Supreme Court has rejected such a theory, and has held on several occasions the "failure to remove" wastes is not an independent tort.



NON-CERTIFIED COPY

5.
**Fraud**

Plaintiff alleges that Defendants intentionally committed acts of "fraud", ill practices, and misrepresentation to hinder, impede or prevent plaintiff from asserting its causes of action or to lull plaintiff into a false sense of security.

In pleading fraud or mistake, the circumstances constituting fraud or mistake must be alleged with particularity. This court should disregard mere conclusions of the petition's charges of fraud since they are unaccompanied by allegations setting forth with particularity the circumstances alleged to constitute same. Plaintiff's Petition fails to allege any act of fraud with particularity.

6.
**Tort claims based on vicarious liability**

In Paragraph 46 of the Petition, the Plaintiff alleges each Defendant is a "joint tortfeasor" vicariously liable for the actions of any other Defendants. Louisiana law does not recognize such vicarious liability.

The Plaintiff does not allege that these Defendants "conspired" with one another to damage the Plaintiff. Therefore, Henry cannot be held vicariously liable as an alleged 'joint tortfeasor" for damage caused by another.

7.
**Claims based on an alleged 'implied" obligation of a prudent operator**

The Petition alleges that the Defendants breached "implied obligations" imposed by the Mineral Code on mineral lessees. Mineral Code Article 122 requires a mineral lessee to "develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and the lessor." The Plaintiff claims this "prudent operator" standard imposes an "implied duty" to prevent or remove contamination. There is no law or jurisprudence in Louisiana that recognizes such a cause of action.



NON-CERTIFIED COPY

**DILATORY EXCEPTION OF VAGUENESS AND/OR AMBIGUITY AND FAILURE TO COMPLY WITH ARTICLE 891 OF THE LOUISIANA CODE OF CIVIL PROCEDURE**

**8.**

Pursuant to Louisiana Code of Civil Procedure Articles 926(4) and 926(5), Henry asserts that Plaintiff's Petition is impermissibly vague and ambiguous and fails to comply with Louisiana Code of Civil Procedure Article 891. The Petition consists almost entirely of general or conclusory statements pertaining to all defendants. There are no allegations of fact directed directly to Henry. The Petition fails to set forth factual allegations sufficient to permit Henry to properly form a response and prepare its defenses. The Petition also fails to comply with or conform to the pleading requirements of Louisiana Code of Civil Procedure Article 891 because it fails to set forth a clear and concise statement of all material facts of the transaction or occurrence that is the subject matter of the litigation.

**DILITORY EXCEPTION OF IMPROPER CUMULATION AND IMPROPER JOINER OF PARTIES**

**9.**

The property at issue in this litigation consists of tens of thousands of acres of land situated in multiple sections, townships and ranges across three (3) different oil and gas fields located in Lafourche Parish, Louisiana. The Larose Field, in which Henry operated for less than two (2) years, from August, 1995 to March 1, 1997, and is miles away from each of the other two (2) fields at issue. The Petition identifies over two hundred (200) oil and gas wells situated on the property in three (3) distinct areas which were operated at different locations, by different operators, at different times and under different mineral leases. The Petition makes conclusory statements regarding alleged acts by all defendants, even though those defendants operated over many years and at different times, on different portions of the property, pursuant to different (but unidentified) oil, gas and mineral leases or other contracts, without differentiating which parties allegedly conducted any specific operation on which parcels, at what times or pursuant to what oil, gas and mineral leases or other agreements.



NON-CERTIFIED COPY

**10.**

It is readily apparent that activities conducted at any particular oil and gas field have no connection to the other fields whatsoever. Further, given the vagueness and lack of specificity of the Petition, the allegations of the Petition fails to allege a community of interest between the several defendants who operated in each of those three (3) fields.

**11.**

To the extent that Plaintiff complains of areas as to which any particular defendant did not operate or did not receive an assignment, there exists no community of interest between the defendants in the actions cumulated against them by Plaintiff, and accordingly, this cumulation is improper under Louisiana Code of Civil Procedure Article 463.

**ADOPTION OF OTHER DEFENDANTS' EXCEPTIONS AND MEMORANDA IN SUPPORT**

**12.**

Insofar as Henry is alleged to be similarly situated with any other Defendant herein, Henry adopts any and all exceptions raised by any such Defendant. Henry also reserves the right to urge any additional exceptions based upon facts uncovered through the course of discovery.

**RULE 9.8 STATEMENT**

Pursuant to Rule 9.8(a) of the Louisiana District Court Rules, Henry states that this matter is not presently set for trial and gives notice that it may introduce testimony or evidence at the hearing in this matter in support of the foregoing exceptions.

WHEREFORE, Henry Production Company, Inc. prays that its exceptions be granted and that the Plaintiff's claims be dismissed at Plaintiff's cost.

**Respectfully Submitted,**

**DANIEL C. HUGHES (Bar No. 7075)**
**A Professional Law Corporation**
**126 Heymann Boulevard**
**Lafayette, Louisiana 70503**
**Telephone: (337) 237-6566**
**Facsimile: (337) 235-6355**
**Email: dan@hughesaplc.com**

**Attorney for Defendant,**
**HENRY PRODUCTION COMPANY, INC.**

NON-CERTIFIED COPY

# CERTIFICATE OF SERVICE

I, Daniel C. Hughes, attorney for Defendant, HENRY PRODUCTION COMPANY, INC., hereby certify that I have delivered a copy of the above and foregoing document to all known counsel of record in this proceeding by U.S. Mail, postage prepaid and properly addressed and/or by email:

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wemberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher H. Martin
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, Louisiana 70810
**Counsel for Plaintiff**

C. Berwick Duval, II
Stanwood R. Duval
Kathryn W. Richard
DUVAL, FUNDERBURK, SUNDBERRY, RICHARD & WATKINS
101 Wilson Avenue
Post Office Box 3017
Houma, Louisiana 70361
**Counsel for Plaintiff**

George Pivach, II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR, LLC
8311 Highway 23, Suite 104
Post Office Box 7125
Belle Chasse, Louisiana 70037
**Counsel for Mesa Gulf Coast and Tchefuncte Natural Resources, LLC**

Rachel P. Dunway
LONG LAW FIRM
1800 City Farm Drive, Building 6
Baton Rouge, Louisiana 70806
**Attorney for Bully Proschaska**

Victor Suane
KEAN MILLER LLP
II City Plaza
400 Convention Street, Suite 700
Baton Rouge, Louisiana 70802
**Attorney for Devon Energy Production**

Christopher B. Bailey
RANDAZZO, GIGLIO & BAILEY LLC
Post Office Box 51347
Lafayette, Louisiana 70505-1347
**Attorney for Square Mile Energy**



NON-CERTIFIED COPY

Paul J. Hebert
William H. L. Kaufman
Valerie V. Guidry
OTTINGER HEBERT LLC
1313 W. Pinhook Road (70503)
Post Office Drawer 52606
Lafayette, Louisiana 70505-2606
**Attorneys for Texas Petroleum Investment Co.**

Michael G. Durand
ONEBANE LAW FIRM
1200 Camelia Boulevard, Suite 300
Post Office Box 3507
Lafayette, Louisiana 70502-3507
**Attorney for American Explorer, Inc.**

George Arceneaux, III
Penny Malbrew
Brittan Bush
LISKOW & LEWIS
822 Harding Street
Lafayette, Louisiana 70503
**Attorneys for BP**

Eric E. Jarrell
Michael J. Cerniglia
Nicole M. Babb
KING, KREBS & JURGENS, PLLC
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
**Attorneys for ConocoPhillips Company**

Sarah Liams
KUCKLER POLK WEINER, LLC
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
**Attorney for Texas Pacific Oil Company**

Russell Holwadel
ADAMS, HOEFER, HOLWADEL & ELDRRIDGE, L.L.C.
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130
**Attorney for Denbury Onshore, LLC**

Lafayette, Louisiana this 11th day of August, 2017.

**DANIEL C. HUGHES**

**FILED**
AUG 15 2017
CLERK OF COURT



NON-CERTIFIED COPY

GOLDEN RANCH FARMS, LLC | DOCKET NO. 132505, DIV. B

VS. | 17TH JUDICIAL DISTRICT COURT

MESA GULF COAST LLC, ET AL | LAFOURCHE PARISH, LOUISIANA

******************************************************************

**DEFENDANT, HENRY PRODUCTION COMPANY, INC.'S MEMORANDUM IN SUPPORT OF EXCEPTIONS**

NOW INTO COURT, through undersigned counsel, comes Henry Production Company, Inc. ("Henry"), who, in support of its exceptions to Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages (collectively, the "Petition"), who, with all due respect, provide this Memorandum in support of their Exceptions for the following reasons:

## I. INTRODUCTION

Golden Ranch Farms, LLC ("Plaintiff") filed its original Petition for Damages in April, 2017 and subsequently filed a First Supplemental and Amending Petition for Damages in May 2017. The Petition alleges the Plaintiff "owns and/or uses the surface interest" of vast lands located in Lafourche Parish, Louisiana (the "Subject Property"), that have allegedly been contaminated as a result of operations conducted by various parties pursuant to different oil, gas and mineral leases, surface leases and other instruments over many years. The Petition does not specifically identify the leases and instruments but nevertheless makes vague allegations related to contamination purportedly resulting from operations conducted pursuant to them.

The Petition reflects a patchwork of what appears to now be eighteen (18) different defendants who operated over two hundred (200) wells over a period over eighty (80) years on different parts of the Subject Property which is comprised of thousands of acres and located in multiple sections, Township and ranges and three (3) different oil and gas fields.[1]

[1] See ¶¶ 2-3 and Exhibits B and C of the First Supplemental and Amending Petition for Damages.

NON-CERTIFIED COPY

While it may be strategically advantageous for Plaintiff to make such vague allegations and cumulate its separate actions in such a manner, on its face, the Petition violates fundamental notions of fairness and Louisiana law.

## II. PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION AND NO RIGHT OF ACTION AND PRESCRIPTION

### 1.
### Unjust Enrichment

The Plaintiff's Petition fails to allege sufficient facts to state a cause of action against Defendants for unjust enrichment. In order to state a cause of action for unjust enrichment a plaintiff must allege (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification of cause for the enrichment or impoverishment, and (5) that no other remedy at law is available for the impoverishee.[2] All of these factors must be present in order to state an unjust enrichment claim. Plaintiff alleges that "Defendants have been unjustly enriched by their unauthorized use of Plaintiff's land to store and dispose of toxic contamination" and seeks damages from these defendants for their alleged unauthorized use of its property. Even assuming that this allegation meets the first four (4) requirements to state a cause of action for unjust enrichment, the Petition does not allege that Plaintiff, as alleged impoverishee, has no other remedy at law. In fact, a review of the Plaintiff's Petition reveals the opposite because it alleges several widely divergent causes of action against the Defendants, including breach of mineral lease(s) and tort. These allegations plainly foreclose the possibility that no other remedy exists to Plaintiff.[3]

---

[2] *Coastal Envir. Specialists, Inc. v. Chem-Lig Int'l, Inc.*, 2000-1936 (La. App 1 Cir. 11/09/01), 818 So. 2d 12, 16.

[3] See *Morphy, Makofsky & Masson, Inc. v. Canal Place 2000*, 538 So.2d 569, 575 (La. 1989)(finding that the existence of a claim on an express or implied contract precludes application of the unjust enrichment theory because the potential claim constitutes a practical remedy at law available to the impoverishee).



NON-CERTIFIED COPY

## 2.
## Civil Fruits

La. C.C. Art. 486 provides that a possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses. Fruits are things that are produced by or derived from another thing without diminution of its substance.[4] Fruits differ from products, which result in irreversible diminution of a thing, because they can be renewed. [5] La. C.C. Article 551 defines fruits as revenues derived from a thing by operation of law or by reason of a judical act, such as rental, interest, and certain corporate distributions. In the mineral lease context, courts have classified bonus payments and rent as civil fruits.[6]

Plaintiff alleges that defendants have derived substantial economic benefit from their storage of toxic pollution in the groundwaters and soils underlying Plaintiff's lands. Thus, Plaintiff claims that it is entitled to recover from Defendants the amount that Defendants would have incurred had it properly disposed of this pollution as civil fruits. This argument is unfounded. Possessor's rights to fruits are established in La. C.C. Art. 486. Even assuming that Defendants were possessors in bad faith, the sums sought by Plaintiff clearly do not qualify as civil fruits under La. C.C. Art. 486, as defined by La. C.C. Art. 551. The money that Defendants otherwise would have had to expend if they had properly disposed of such toxic wastes is just that - an expense that was not undertaken. This is completely different from revenue, which one collects or receives as a result of a particular act. The only revenue generated by Defendants' operations on the property presumably stemmed from the oil and gas extracted from the earth pursuant to the mineral leases at issue. This revenue, however, is a product and not a fruit.[7] Any saving of money by not taking a particular act is not something that can be renewed; therefore, it is not a civil fruit. Because any savings

---

[4] La. C.C. Art. 551.

[5] *Doll v. Doll*, 593 So.2d 1239, 1245 (La. 1992).

[6] *Doll*, 592 So. 2d at 1245-1247.

[7] See *Doll*, 593 So.2d 1239 (proceeds of mineral rights are not fruits because they result in the depletion of property).



NON-CERTIFIED COPY

inuring to Defendants by not properly disposing of toxic waste and pollution do not quality as civil fruits, the Court should dismiss Plaintiff's claim under Civil Code Article 486.

This theory of recovery has been rejected by Louisiana courts. In *Wagoner v. Chevron, USA Inc.*[8], the Second Circuit held:

> The "savings" or economic benefit realized by the Defendants in storing/disposing of their production waste/byproducts on the property rather than storing/disposing of them offsite does not quality as a "fruit" or a "civil fruit". Nothing was produced by or derived from the property as a result of the storage/disposal of the waste; and, further, there were no revenues, such as rentals, interest or a corporate distribution, derived from the property by virtue of the storage/disposal of the waste.

*Id.* Accordingly, the Plaintiff has no cause of action or right of action for recovery of "civil fruits".

**3.**
**Prescription**

"Operator History" attached to Plaintiff's Petition shows that Henry operated a salt water disposal well in the Larose Field, the MR Fee 852 #8 SWD and produced and operated the MR Fee 852 wells from August 1, 1995 until March 1, 1997. Plaintiff has not alleged and Defendant, Henry, has not operated or conducted any activities on Plaintiff's property since March 1, 1997.

Delictual or tort actions are subject to a liberative prescription of one (1) year.[9] Plaintiff, after inclusion by Arlen B. Cenac, Jr., acquired the subject property on January 1, 1998. The Act of Sale (copy attached to this Motion) included the following Paragraph:

IV.

> 4.1 Purchaser, under surface leases granted by The Gheens Foundation, Inc., has been in actual physical possession and control of the Subject Property for over ten years and is thoroughly familiar with present conditions on that property. Seller has provided Purchaser with copies of reports by Benjamin F. Walsh of his investigations of conditions on the Subject Property made both prior to and after clean-up activities by past and present oil, gas and mineral operators thereon as

---

[8] 45,507 p. 13 (La. App. 2 Cir. 8/18/2010), 55 So.3d 12, 19-20, 2010 WL 3239240.

[9] See La. C.C. 3492 and 3493.



NON-CERTIFIED COPY

> well as with copies of various reports to Seller relating to underground storage tanks. Purchaser therefore specifically obligates himself to indemnify, hold harmless and defend Seller from any and all responsibility or liability for environmental pollution or damage, past or present, which may exist or arise under any Federal, State or local laws, including, but not by way of limitation, the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), and hereby relieves Seller of any further duty of disclosure as to existence of any tanks, pipelines, oil field mud or effluent disposal pits, hazardous substances of any sort, control valves or stations, power lines, or other conditions on the Subject Property which could give rise to responsibility or liability on the part of either Seller or Purchaser.

Paragraph 2.6 of the Act of Sale provides, as follows:

> 2.6 Seller shall not be responsible or liable to Purchaser for any damage that may result to Purchaser from any use of, or operations on, the Subject Property by any of Seller's oil, gas and mineral lessees or geophysical survey permittees for any of the purposes referred to in this Article, and Purchaser hereby expressly waives and renounces any and all rights to claim damages from Seller in connection therewith. However, Purchaser shall have the right to make claim against any such oil, gas and mineral lessee or geophysical survey permittee for damages to Purchaser's constructions, including buildings, ditches, canals, ponds and levees, and for the destruction of or the injury to growing crops on the Subject Property which shall have been caused by the operations of any such lessee or permittee.

Therefore, at the very latest, Plantiff knew about any potential damage, if any, for more than twenty-one (21) months after Henry ceased operations. Cenac/Golden Ranch had until no later than January 1, 1999 to file suit for any alleged damages to its property. It failed to do so and, therefore, such actions have prescribed.[10]

In *Marin,* the Supreme Court addressed the possible application of *contra non valentum*. In order to apply *contra non valentum*, three (3) elements must be established:

1) the defendant engages in conduct which rises tot he level of concealment, misrepresentation, fraud or ill practice.

For reasons set forth hereinbelow, Plaintiff has not adequately plead such conduct.

2) the defendant's actions effectually prevented the plaintiff from pursuing a cause of action.

---

[10] *Marin v. Exxon Corporation*, 48 So.3d 234, La SCt. 2010.



NON-CERTIFIED COPY

Once again, Plaintiff has not adequately plead such conduct. Further, Defendant, Henry, conducted no activity on Plaintiff's property after March 1, 1997.

3) the plaintiff must have been reasonable in his or her inaction.

It is impossible to believe that Plaintiff could have been reasonable in its inaction when it had the benefit of reports of the condition of the property prepared by Mr. Benjamin of conditions prior to and after clean up activities conducted prior to Plaintiff's acquisition of the property on January 1, 1998. Plaintiff knew or should have known of the existence of any damage to the property at the time of his acquisition since at the same time he claimed "the right to make claim against any such oil, gas and mineral lessee or geophysical permittee for damages to Purchaser's construction, including buildings, ditches, canals, ponds and levees..."

Simply put under these facts, Plaintiff could not possibly have been reasonable in its inaction.

**4.**
**Claims for "continuing tort"**

The Petition claims that the Defendants' failure to remove wastes allowed them to spread or migrate and this constitutes a "continuing tort." The Louisiana Supreme Court has rejected such a theory, and has held on several occasions the "failure to remove" wastes in not a new or independent tort.[11]

**5.**
**Fraud**

Plaintiff generally alleges that Defendant intentionally committed acts of "fraud",ill practices, and misrepresentation to hinder, impede or prevent plaintiff from asserting its cause of action or to lull plaintiff into a false sense of security.

Louisiana Code of Civil Procedure Article 856 requires that "[i]n pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity."[12] Courts have interpreted Article 856 to require that plaintiffs "clearly allege facts from which

---

[11] *Marin v. Exxon Mobil Corp.*, 2009-2368 (La. 10/19/10), 48 So.3d at 253-254; *Hogg v. Chevron USA, Inc.*, 2009-2632 pp. 14-22 (La. 7/6/10), 45 So.3d 991, 1001-1007.

[12] La. C.C.P. Art. 856.


NON-CERTIFIED COPY

[fraud] may be unmistakably concluded in order to state a cause of action."[13] Further, a Court may: "disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same."[14]

Plaintiff's Petition fails to allege any act of fraud with any particularity whatsoever.

**6.**
**Tort claims based on vicarious liability**

In Paragraph 46 of the Petition, the Plaintiff alleges each Defendant is a "joint tortfeasor" vicariously liable for the actions of any other Defendant. Louisiana law does not recognize such vicarious liability. Civil Code Article 2324 provides:

> a. He who conspires with another person to commit an intentional or willful act is answerable, *in solido,* with that person, for the damage caused by such act.
>
> b. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other persons...

The Plaintiff does not allege that these Defendants "conspired" with one another to damage the Plaintiff. Therefore, Defendants cannot be held vicariously liable as an alleged 'joint tortfeasor" for damage caused by another.

**7.**
**Claims based on an alleged 'implied" obligation of a prudent operator standard**

The Petition alleges the Defendants breached "implied obligations" imposed by the Mineral Code on mineral lessees. Mineral Code Article 122 requires a mineral lessee to "develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and the lessor." The Plaintiff claims this "prudent operator" standard imposes an "implied duty" to prevent or remove contamination.

---

[13] *Small v. Wabnig,* 305 So.2d 710, 712 (La. App. 4th Cir. 1974); see also *Kirby v. Field,* 2004-1898 (La. App. 1st Cir. 9/23/05), 923 So.2d 131, 136 n.6.

[14] *Laneaux v. Theriot,* 488 So.2d 1327, 1326 (La. App. 3d Cir. 1986).



NON-CERTIFIED COPY

The Louisiana Supreme Court has rejected this argument. See *Broussard v. Hilcorp Energy Co.*[15],("An implied duty to restore/remediate the property not encompassed in the prudent operator standard. Therefore, Plaintiff's claims for remediation/restoration are not related to any duty encompassed by Article 122.").

## III.

### A. Dilatory Exception Raising Objection of Vagueness, Ambiguity and Non-Conformity of the Petition:

The Petition fails to set forth numerous facts necessary for Henry to properly prepare its defenses to Plaintiff's claims. Furthermore, the facts that are set forth in the Petition are vague, ambiguous and conclusory. Accordingly, the Court should order Plaintiff to amend its Petition to remove such deficiencies, on failure of which, the Court should order the suit dismissed.

La. C.C.P. Art. 891 states, as follows:

> The Petition shall comply with Articles 853, 854 and 863, and, whenever applicable, with Articles 855 through 861. If shall .... contain a short, clear and concise statement of all causes of action arising out of, and the material facts of, the transaction or occurrence that is the subject matter of the litigation; shall designate an address, not a post office box, for receipt of service of all items involving the litigation; and shall conclude with a prayer for judgment for the relief sought. Relief may be prayed for in the alternative.

Official Comment (a) to Article 891 confirms that Louisiana "retains [a] system of fact pleading...." "Our code of civil procedure sets forth a system of fact pleading. So long as the Facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleadings and evidence; the 'theory of the case' is abolished as a pleading requirement or restriction."[16] Finally in this regard, La. C.C.P. Art. 860 states that "(f)or the purpose of testing the sufficiency of a pleading, allegations of time and place are material and shall be considered as all other allegations of material matter."

---

[15] 2009-0449, 2009-0469 p. 11 )La. 10/20/09), 24 So.3d 813, 820

[16] *Cox v. W. M. Heroman & Co., Inc.*, 298 So. 2d 848, 855 (La. 1974) (internal citations omitted).

NON-CERTIFIED COPY

The seminal and the most cited case regarding the objection of vagueness is *Washington v. Flenniken Construction Company,*[17] where Justice Tate states, as follows:

> The purpose of the exception of vagueness is to place the defender on notice of the nature of the facts sought to be proved so as to enable him generally to prepare his defense, as well as additionally by a formal pleading to identify the cause of action so as to bar its future re-litigation after determination by the present suit.
>
> However, the defendant is not entitled through the exception of vagueness to require exactitude and detail of pleading beyond those necessary for these aims.

The facts that are set forth in the Petition are vague, ambiguous and conclusory. For example, in Paragraph 2 of the Petition, Plaintiff alleges that it "owns and/or uses the surface interest" of the Subject Property. From the Petition, it is impossible to tell what property is actually owned by Plaintiff as opposed to the property which might be merely used by Plaintiff. Owning and using the property (which is allegedly contaminated) can have distinct and significant duties or consequences for both Plaintiff and Defendants. Secondly, the Petition does not include a legal description of the Subject Property but states that it is seeking recovery for *any* property that it owns or *may* own in the Bayou Des Allemands, Larose and Valentine Fields. Such an allegation is vague, ambiguous and lacks the requisite particulars.

Another example of the vagueness of the Petition is Paragraph 3 which reads, as follows:

> Plaintiff appears in one or more of the following capacities: (1) lessor, assignee, or third-party beneficiary of certain mineral and/or surface leases between plaintiff and defendants; (2) successor in interest to certain mineral and/or surface leases between plaintiff and defendants; (3) owner of Property contaminated by the oil and gas activities conducted or controlled by one or more of the defendants; (4) successor in interest to, or the assign of, the owner of Property contaminated by the oil and gas activities conducted or controlled by one or more of the defendants; (5) servitude owner who has the right to sue for remediation damages under the Mineral Code; and (6) party who possess the right of action to file this lawsuit under Louisiana law.

---

[17] 188 So. 2d 486 (La. App. 3rd Cir. 1966)



NON-CERTIFIED COPY

Plaintiff has simply listed every capacity in which it might conceivably own an interest in immovable property without identifying the specific nature of its interest in the Subject Property. As a result, Plaintiff's throw it all in a large bucket approach to pleading is vague, ambiguous, confusing and is prejudicial to Henry and its efforts to respond to the Petition.

A further example is Paragraph 5 of the Petition, which reads, as follows:

> The Property is believed to be contaminated by oil and gas exploration and production activities. Defendants either caused this contamination, or are otherwise legally responsible for this contamination. Defendants' activities include the operation or construction of various oil and gas facilities, including but not limited to, pits, wells, sumps, flowlines, tank batteries, wellheads, measuring facilities, separators, and injection facilities.

The activities, facilities and equipment listed in Paragraph 5 are so generic that, in essence, Plaintiff is asserting that every defendant is responsible for contaminating the Subject Property by virtue of having been an operator at any time during the last eighty-two (82) years regardless of where its well was located, whether it produced, whether it was operated reasonably or whether its activities even had an environmental impact. Plaintiff has simply listed generic pieces of oil and gas exploration and production "equipment" and "facilities" and presumably hopes that during the course of litigation it might be able to show that one or more defendants improperly used a piece of equipment, constructed a facility, or operated a facility to show that such operations resulted in damage. While Plaintiff does attach a list of wells and aerial photographs of the Subject Property to the Petition, the photos show no discernable damage whatsoever, which the list of wells shows only that at some time, operators operated in one field or another. Plaintiff appears to have listed every single well for which an operator could be located without regard to the actual operations conducted. No specific piece of equipment or facility is linked to any of the wells listed and no specific defendant is alleged to have breached any specific duty with regard to the use of such equipment. Plaintiff merely asserts, "defendants are liable for damages resulting from the operation of the wells....as well as the operation of other equipment and facilities related



NON-CERTIFIED COPY

thereto."[18] Such allegations seem to infer that regardless of the diligence of an operator, he should be somehow liable simply because he is in the oil and gas business.

Equally as vague, Paragraph 6 of the Petition reads, as follows:

> Defendants conducted, directed, controlled or participated in various oil and gas exploration and production activities on the plaintiff's Property as operators, and/or working interest owners, and/or mineral or surface lessees, and/or mineral or surface lease assignees, and/or mineral sublessees, and/or servitude, executive interest or other mineral interest owners, and/or personal or predial servitude owners, and/or participants in joint operating agreements or unit operating agreements.

Again, Plaintiff attempts to list every type of contract that might affect the Subject Property and presumably hopes that during the course of the litigation it might be able to show that one or more defendants was a party to or had an interest in a contract and breached one of its provisions.

The Petition lacks any indication with regard to:

(i) Whether other persons have an interest in the Subject Property;

(ii) The basis for Plaintiff seeking to assert any rights under any such leases or contracts (i.e. as lessors, assignor, owner, etc.);

(iii) Which acts or omissions allegedly constitute breaches of which contracts or leases;

(iv) As to alleged oil and gas facilities, the actual location, size, nature, date of construction, party who constructed each alleged facility, uses and dates thereof made of each such alleged facility by any specific persons;

(v) What alleged contaminants are present at each site which allegedly adversely affected portion of such parcels;

(vi) Any particular act or omission of any particular defendant, including Henry, suggesting any fault on the part of that defendant, or the alleged causal connection between same and Plaintiff's alleged damages, if any; and

(vii) What damage, if any, has allegedly been suffered by Plaintiff.

When a petition includes only legal conclusions, it lacks the necessary factual content to state a cause of action.[19] The allegations set forth in the Petition must be "*ultimate*

---

[18] See ¶ 5 of the First Supplemental and Amending Petition for Damages.

[19] *Sunlake Apartment Residents v. Tonti Dev. Corp.*, 522 So.2d 1298 (La. App. 5th Cir. 1988), *appeal after reprimand*, 602 So.2d 22 (La. App. 5th Cir. 1992), *writ denied*, 607 So. 2d 558 (La. 1992) and *writ denied*, 607 So.2d 559 (La. 1992).



NON-CERTIFIED COPY

*facts*."[20] Thus, "a petition should allege, not the evidence, but the '*material facts' on which it is based*."[21]

Plaintiff should not be allowed to hold defendants hostage to such vague, ambiguous and generic allegations while using the discovery process to determine if it might have a legitimate claim. In its current form, this Petition does not adequately identify the facts that Plaintiff may seek to offer at trial to support its claim that Henry somehow contributed to contamination of the Subject Property, and, as such, Henry cannot adequately prepare its defenses.

It is clear that the Petition in this case does not meet the requirements of pleading set forth in La. C.C.P. Art. 891, or of *Washington, supra,* and its progeny. The Petition is vague and ambiguous in the above referenced particulars. Plaintiff should be ordered to amend the Petition to remove such deficiencies, or in default thereof, this case should be dismissed at Plaintiff's cost.

**B. Dilatory Exception Raising Objection of Improper Cumulation of Actions:**

There is an improper cumulation of actions in that the Petition alleges numerous non-specific and unrelated acts by numerous parties on completely distinct and remote portions of the Subject Property, pursuant to separate and unique oil, gas and mineral leases or other contracts, without making any showing of how the disparate acts of defendants in three (3) entirely distinct areas of the parish have a connection sufficient to include them in the same lawsuit.

1. Law Governing Cumulation of Actions.

In order to cumulate actions against two or more parties in the same suit there must be a community of interest between the parties joined.[22] The Official Comment (a) to La. C.C.P. Art. 463 reads in pertinent part, as follows:

---

[20] *Wheelahan v. State Through La. State Claims Review Bd.,* 376 So. 2d 576, 577 (La. App. 4th Cir. 1979).

[21] *Humphreys v. State ex rel. Guste*, 377 So. 2d 88 (La. 1979).

[22] La. C.C.P. Art. 463



NON-CERTIFIED COPY

> While a single plaintiff may cumulate in the same suit two or more actions against the same defendant having no connection with each other, and based on different causes of actions, of necessity, greater restriction on the privilege of cumulating actions must be imposed when the suit is brought by plural plaintiffs or against plural defendants. The test to be employed in the latter case is the traditional one of a **"community of interest between the parties joined."** (Emphasis added).

In *Abshire v. State of La., Through Dept. Of Insurance*,[23] the Third Circuit Court of Appeal held that in order for a "community of interest" to exist between parties "the cumulated actions must arise out of the same facts or present the same factual and legal issues." The Third Circuit also noted the importance of fairness in multiparty litigation, such as the present case, to-wit:

> The ever-present search for judicial economy must yield whenever a party's substantive rights in a principal demand might be affected, for not only judicial economy, but fairness to litigants as well [is an] intended ends of our procedural system. The quest for fairness must not be forgotten, even in the context of multiparty litigation, whether arising in the context of a class action suit or cumulative party action. (Citations omitted).

In *Broussard v. Hilcorp Energy Company*,[24] a group of plaintiffs sued numerous oil and gas companies for environmental contamination resulting from alleged activities in different locations, at different times, and involving different parties and different leases. The defendants urged improper cumulation and the trial court dismissed the case. In finding that the claims asserted therein did not share a community of interest, the Third Circuit held, as follows:

> After reviewing the record herein, especially in the pleadings filed by Plaintiffs, we cannot say that there is enough factual overlap present between all the actions to make is commonsensical to litigate them together. The properties allegedly affected by the contamination are fine non-contiguous tracts located in three separate sections, different parties and combination of the parties are alleged to have contributed to the contamination on each and the times at which contamination allegedly occurred differs for each property. The proof of

---

[23] 636 So.2d 627 (La. App. 3rd Cir. 1994), *writ denied* 640 So.2d 1332 (La. 1994). (Emphasis added). See also *Strong v. Robbins*, 137 La. 6980, 69 So. 93 (La. 1915) ("[I}t is true the law abhors a multiplicity of suits, but it also abhors the cumulation of different demands against defendants who have no common interest").

[24] 2008-233 (La. Aoo. 3rd Cir. 12/10/08), 998 So.2d 946, aff'd 24 So.3d 813.



NON-CERTIFIED COPY

> damages for each will necessarily be different as well s the amount of damages, if any, and the people and/or entities found liable, if any.[25]

In *Dietz v. Superior Oil Co.,* [26] an oilfield contamination case, the court found that allegations that all defendants engaged in similar negligent conduct "alone is not enough to support cumulation given the extensive time period of operations, the different lease obligations, and the specific facts that would need to be proven to show liability for each operator."

Finally in this regard, our Supreme Court in *Mundy v. Gentilly Oaks, Inc.*[27] found a joinder of multiple claims against multiple defendants, arising out of a multiple contracts between the claimant and said joined defendants, to be an improper cumulation of actions, even in view of the fact that the claim arose out of work performed by the claimant in the development of a single subdivision. The Supreme Court in *Mundy* stated at p. 852 of such opinion, as follows:

> Palpably, plaintiff's claims under alleged oral contracts for 'extra' work performed by him and for the rental of machinery and equipment can be directed only against the party or parties with whom said contracts were made and not jointly against relators, the nonparticipants to said contracts not being called upon to resist or defend claims in which they have no common interest or liability in the subject matter of the contracts.

2. There is No Community of Interest in this Case.

It is improper to cumulate actions when there is no "community of interest" between them.[28] In the instant case, the Petition, as amended, appears to include eighteen (18) separate defendants, and vast areas of land covering tens of thousands of acres of land located in multiple sections of land and three (3) oil and gas fields.

By contrast, the tracts in the *Broussard* case were at least in the same oil and gas field, and the wells were within proximity of each other. The Court of Appeal still found that

---

[25] *Id.* At 953. (Emphasis added.)

[26] 13-657 (La. App. 3rd Cir. 12/11/13), 129 So. 3d 836, 842.

[27] 228 La. 509, 82 So.2d 849 (La. 1955)

[28] *Abshire,* supra.



NON-CERTIFIED COPY

joined was improper. Here, the operations in each field are miles from the other fields. Plaintiff has not plead that any particular defendants have worked in concert or had any connexity to each other or through some common act or omission caused any specific damage to any particular site on the Subject Property. Thus, there is no common set of acts, no common transaction or occurrence that would give rise to a "community of interest," even as amongst those defendants who have conducted oil and gas exploration and production operations on the Subject Property. The only thing that is clear in the Petition is that entirely different evidence may be introduced at the trial on this matter with regard to the various activities involving each of the numerous defendants.

For example, the exhibits to Plaintiff's Petition show that Henry was an operator of record of two (2) wells in the Larose Field; however, Henry never operated wells in the Bayou Des Allemands Field or Valentine Field. Moreover, upon information and belief, wells operated in the Bayou Des Allemands Field and Valentine Fields were conducted under completely separate leases as those in the Larose Field.

In accordance with the cases cited, especially *Broussard,* cumulation is improper where, as in this case, *different defendants* are conclusorily alleged to have done something at *different times* on *different locations.* The rationale of *Broussard and Dietz* is directly applicable to this case and this Honorable Court should find that the claims herein lack a community of interest and have been improperly cumulated. At a minimum, the case should be severed as to the three (3) oil and gas fields at issue. Because the Petition is vague insofar as to which defendant did what at what location at what time under what lease, Henry reserves the right to argue further severance once these facts are determined.

At the very least, this case should be severed into three (3) distinct cases in accordance with the above referenced fields.

**ADOPTION OF OTHER EXCEPTIONS**

Henry adopts and urge all other exceptions filed by any party defendant in this suit as it they had originally filed the exception. Henry does not anticipate calling live testimony at the hearing of these Exceptions.



NON-CERTIFIED COPY

Henry reserves the right to plead any additional exceptions based upon facts uncovered during the course of discovery.

## CONCLUSION AND PRAYER FOR RELIEF

Henry Production Company, Inc. prays that the Peremptory Exceptions of No Cause of Action or Right of Action and Dilatory Exception of Vagueness, be sustained and that all other exceptions filed by any other defendant be sustained, and that Plaintiff's Petition be dismissed, with prejudice, at Plaintiff's cost.

**Respectfully Submitted,**

**DANIEL C. HUGHES (Bar No. 7075)**
**A Professional Law Corporation**
**126 Heymann Boulevard**
**Lafayette, Louisiana 70503**
**Telephone: (337) 237-6566**
**Facsimile: (337) 235-6355**
**Email: dan@hughesaplc.com**

**Attorney for Defendant,**
**HENRY PRODUCTION COMPANY, INC.**

FILED
AUG 15 2017
CLERK OF COURT



NON-CERTIFIED COPY

17[TH] JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

NO. 132505 DIVISION "B"

GOLDEN RANCH FARMS, LLC

VERSUS

DEVON ENERGY PRODUCTION COMPANY, ET AL.

FILED: ______________ ______________ DEPUTY CLERK

# REQUEST FOR NOTICE

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Billy Prochaska, P.E. ("Mr. Prochaska"), who pursuant to Louisiana Code of Civil Procedure Article 1571 and1572, moves this Honorable Court for written notice by mail at least ten (10) days in advance of the date fixed for the trial or hearing on any exception, motion, rule or trial on the merits in the captioned proceeding, and pursuant to Louisiana Code of Civil procedure Articles 1913 and 1914, requests immediate notice of all interlocutory and final orders and judgments on any exception, motion, rule or the trial on the merits in the captioned proceeding.

By attorneys,

**LONG LAW FIRM, L.L.P.**

**ADRIAN G. NADEAU**
Bar Roll No. 28169
**RACHEL P. DUNAWAY**
Bar Roll No. 37104
1800 City Farm Drive, Building 6
Baton Rouge, LA 70806
Telephone: (225) 922-5110
Fax: (225) 922-5105
***Counsel for Billy Prochaska, P.E.***

## CERTIFICATE

I certify that a copy of the foregoing pleading has been sent to all known counsel of record, via facsimile or electronic mail, on this 9th day of August, 2017.

**RACHEL P. DUNAWAY**

FILED
AUG 15 2017
CLERK OF COURT



NON-CERTIFIED COPY

LONG LAW FIRM
BATON ROUGE • WASHINGTON, DC

August 9, 2017

LaFource Parish Clerk of Court
17th Judicial District Court
P. O. Box 818
Thibodaux, LA 70302

***RE:*** ***Golden Ranch Farms, LLC v. Devon Energy Production Company, L.P., et al., 19th Judicial District Court, Parish of LaFourche***
**Civil Suit No.** **132505, Division "B"**
**LLF File No.** **2260-001**

Dear Clerk:

Enclosed please find an original and two (2) copies of the ***Request for Notice*** for filing, in the above matter. Please file the original into the record of this matter, and return a confirmed file-stamped copy to the undersigned in the self-addressed stamped envelope.

Also, enclosed is our check in the amount of $75.00 to cover the filing fee.

Should you have any questions, please do not hesitate to contact me.

With kindest regards, I remain

Very truly yours,

**LONG LAW FIRM, L.L.P.**

[signature]

ADRIAN G. NADEAU

FILED
AUG 15 2017
[signature]
CLERK OF COURT

AGN/nmd
Enclosures
cc: Rachel P. Dunaway
Billy R. Prochaska



NON-CERTIFIED COPY

**LONG LAW FIRM, LLP / OPERATING ACCOUNT** 08/09/2017 9871

9871

Clerk of Court, 17th JDC

| Invoice Number | Invoice Date | Invoice Amount | Amount to Pay |
|---|---|---|---|
| 2260-001 | 08/09/2017 | $75.00 | $75.00 |

Clerk of Court, 17th JDC/Filing Fees

132505

FILED
AUG 15 2017
CLERK OF COURT

NON-CERTIFIED COPY

# DANIEL C. HUGHES, APLC

**A Professional Law Corporation**
**ATTORNEY & COUNSELOR AT LAW**

**126 Heymann Boulevard**
Lafayette, Louisiana 70503
(337) 237-6566

**Post Office Box 51595**
Lafayette, LA 70505
Fax (337) 235-6355

Licensed in Louisiana & Mississippi
E-MAIL ADDRESS: Dan@hughesaplc.com


8

**August 11, 2017**

Honorable Annette M. Fontana
Clerk of Court
Parish of Lafourche
Post Office Box 818
Thibodaux, Louisiana 70302

Re: Golden Ranch Farms, LLC
vs. Mesa Gulf Coast LLC, et al
(Henry Production Company, Inc.)
Docket No. 132505 Div. B
17th Judicial District Court
Lafourche Parish, Louisiana

Dear Clerk:

Enclosed please find original and one (1) copy of Request for Written Notice, original and one (1) copy of Defendant, Henry Production Company, Inc.'s Exceptions, and original and one (1) copy of Defendant, Henry Production Company, Inc.'s Memorandum in Support of Exceptions in the above referenced matter. Please file into record and return one (1) dated stamped copy to me in the self-addressed envelope provided herewith. I have enclosed my check in the amount of $350.00 to cover filing fees.

Should you have any questions concerning this matter, please do not hesitate to contact me.

Thanking you for your professional courtesies in this matter, I am

**Sincerely,**

[signature]

**DANIEL C. HUGHES**

*DCH/mkr*
*Enclosures*
*cc: All known counsel of record*

**FILED**
AUG 15 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

OFFICE OF
J. JERRY LARPENTER

SHERIFF AND TAX COLLECTOR
PARISH OF TERREBONNE
P.O. DRAWER 1670
HOUMA, LOUISIANA 70361
PHONE: (985) 876-2500 FAX: 857-0274

AUGUST 11, 2017

LAFOURCHE PARISH CLERK OF COURT
P. O. BOX 818
THIBODAUX, LA 70302-0818

ACCOUNT NUM: LAFOUCOC
INVOICE NUM: 17003023
INVOICE AMT: 28.16

PAGE: 1

DOCKET # 132505

GOLDEN RANCH FARMS LLC
VS.
BP AMERICA PRODUCTION CO ET AL

| PAPER | DIVISN | FIRM NAME | INTENDED FOR | MEMO | |
|---|---|---|---|---|---|
| 2 | B | KEAN MILLER | C BERWICK DUVAL II, COUNSEL | | 28.16 |

DOCKET # 132505 TOTAL------> 28.16

INVOICE TOTAL---------------------------> 28.16

FILED
AUG 16 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

TE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MS. NICOLE M. BABB
KING KREBS
201 ST. CHARLES AVE., 45TH FL
NEW ORLEANS, LA 70170
GOLDEN RANCH VS BP
NO 132505
REQ BY Liskow 8/9/17 RB (N.D.)

9590 9402 2652 6336 0956 34

2. Article Number (Transfer from service label)

7016 0910 0001 9333 0449

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
8-10-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
Restricted Delivery
Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

FILED
AUG 16 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

...ETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MS. NICOLE M. BABB
KING KREBS
201 ST. CHARLES AVE., 45TH FL
NEW ORLEANS, LA 70170
GOLDEN RANCH VS BP
NO 132505
REQ BY Kean 8/9/17 RB

9590 9402 2652 6336 0955 80

2. Article Number *(Transfer from service label)*

7015 0640 0001 7928 1685

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery 8-10-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...tricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**FILED**

AUG 16 2017

[signature]
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MS. NICOLE M. BABB
KING KREBS
201 ST. CHARLES AVE., 45TH FL
NEW ORLEANS, LA 70170
GOLDEN RANCH VS BP
NO 132505
REQ BY Liskow 8/9/17 RB (LAF)

9590 9402 2652 6336 0956 72

2. Article Number *(Transfer from service label)*

7016 0910 0001 9333 0364

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery
8-10-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**FILED**

AUG 16 2017

Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

PERSONAL THRU
COOKIE DUFRENE
081017 @ 1440
DY. J. CROUCH

Fee #28.16

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1492420**

# CITATION ON RULE

| | |
|---|---|
| **GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **BP AMERICA PRODUCTION COMPANY, ET AL** | **STATE OF LOUISIANA** |
| **DOCKET NUMBER: C-132505** | |

TO: PLAINTIFF, THROUGH ITS COUNSEL OF RECORD:
C. BERWICK DUVAL, II
STANWOOD R. DUVAL
KATHRYN W. RICHARD
DUVAL, FUNDERBURK, SUNDBERY, LOVELL & WATKINS
101 WILSON AVENUE
HOUMA, LA 70361

residing in the PARISH OF TERREBONNE, STATE OF LOUISIANA

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE PRAYER OF THE PETITION/MOTION AND ORDER THEREON, a true and faithful copy whereof accompanies this citation, and to show cause on **SEPTEMBER 21, 2017**, at **9:00 A.M.**, why Devon Energy Production Company, L.P.'s Exceptions should not be granted.

WITNESS the Honorable STEVEN M. MILLER, Judge of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, August 8, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

Rita A. Barnard
**Deputy Clerk of Court**

REQUESTED BY:
KEAN MILLER

RECEIVED
2017 AUG 10 P 1:04
SHERIFF'S OFFICE
PARISH OF TERREBONNE, LA.

FILED
AUG 16 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

**17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

---

**REQUEST FOR STATUTORY NOTICE**

**NOW INTO COURT**, through undersigned counsel, comes Defendant **BP America Production Company**, as alleged successor in interest by merger and/or name change to Pan American Petroleum Corporation and Amoco Production Company, (hereinafter referred to as "BP" or the Defendant), pursuant to Articles 1572, 1913, and 1914 of the Louisiana Code of Civil Procedure, who request that they be given at least ten (10) days written notice of the setting of any trial, hearing, exception, motion, rule, order, default judgment, judgment, interlocutory decree, and any and all other formal proceedings herein, as well as notice of the signing of a judgment in a case not taken under advisement, and any other notice authorized by law with respect to any action or proceedings in this matter.

Respectfully submitted,

BY: [signature]

George Arceneaux III (Bar #17442)
Penny L. Malbrew (Bar # 31247)
Brittan J. Bush (Bar #34472)
LISKOW & LEWIS
822 Harding Street
P. O. Box 52008
Lafayette, Louisiana 70505
Telephone (337) 232-7424
Facsimile (337) 267-2399

*Attorneys for BP America Production Company*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon all known counsel of record by placing same in the United States mail, properly addressed and postage prepaid, this 11th day of August, 2017.

[signature]

FILED

AUG 17 2017

CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MS. VALERI V. GUIDRY
OTTINGER HEBERT
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606
GOLDEN RANCH VS BP
NO 132505
REQ BY Kean 8/9/17 RB

9590 9402 2652 6336 0956 27

2. Article Number (Transfer from service label)

7016 0910 0001 9332 7500

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Madison Meek ☑ Agent ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery 8-14-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

FILED
AUG 17 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JAMIE D. RHYMES, ESQ.
LISKOW & LEWIS
P.O. BOX 52008
LAFAYETTE, LA 70503
GOLDEN RANCH VS BP
NO 132505
REQ BY Liskow 8/9/17 RB (LAF)

9590 9402 2652 6336 0957 26

2. Article Number (Transfer from service label)

7016 0910 0001 9333 0333

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) Al Guidroz

C. Date of Delivery 8/14

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 17 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MS. VALERI V. GUIDRY
OTTINGER HEBERT
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606
GOLDEN RANCH VS BP
NO 132505
REQ BY LSKOW 8/9/17 RB (LAF)

9590 9402 2652 6336 0958 32

2. Article Number *(Transfer from service label)*

7016 0910 0001 9333 0388

A. Signature
X Madison Moore ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery 8-14-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 17 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MS. VALERI V. GUIDRY
OTTINGER HEBERT
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606
GOLDEN RANCH VS BP
NO 132505
REQ BY (Liskow) 8/9/17 RB (N.O.)

9590 9402 2652 6336 0957 71

2. Article Number (Transfer from service label)

7016 0910 0001 9333 0463

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
8-14-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 17 2017
[signature] CLERK OF COURT

NON-CERTIFIED COPY

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X Al Guidry ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) AL Guidron<br>C. Date of Delivery 8/14/17 |
| 1. Article Addressed to:<br>JA[redacted]<br>[redacted]<br>P.O. [redacted]<br>LAFA[redacted]<br>GOLDEN RANCH VS BP<br>NO 132505<br>REQ BY Kean 8/9/17 RB<br><br>9590 9402 2652 6336 0956 41 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 2. Article Number (Transfer from service label)<br>7016 0910 0001 9332 8958 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>...tricted Delivery<br>(over $500)<br>☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |

PS Form 3811, July 2015 PSN 7530-02-000-9053 — Domestic Return Receipt

FILED
AUG 17 2017
Lynette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JAMIE D. RHYMES, ESQ.
LISKOW & LEWIS
P.O. BOX 52008
LAFAYETTE, LA 70503
GOLDEN RANCH VS BP
NO 132505
REQ BY Liskow 8/9/17 RB (N.O.)

9590 9402 2652 6336 0958 01

2. Article Number *(Transfer from service label)*

7016 0910 0001 9332 8996

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* A. Guidroz

C. Date of Delivery 8/14/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 17 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

B

LISKOW&LEWIS
A Professional Law Corporation

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

1001 Fannin Street
Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

www.Liskow.com

August 11, 2017

**Brittan J. Bush**

Direct: (337) 267-2357
BJBush@Liskow.com

***Via U.S. Mail***

Honorable Annette M. Fontana
Clerk of Court
17th Judicial District Court Courthouse
PO Box 818
Thibodaux, LA 70302

Re: *Golden Ranch Farms, LLC v. BP America Production Co., et al.*
17th JDC, Lafourche Parish, LA
Docket Number 132505, Div. "B"

Dear Ms. Fontana:

Enclosed for filing please find an original and a copy of the Request for Statutory Notice on behalf of BP America Production Company in the referenced matter. Please file the original into the record. Please return the copy file-stamped to this office in the enclosed self-addressed envelope. Also enclosed will be this firm's check to cover filing costs.

Your usual courtesies and assistance are sincerely appreciated.

Very truly yours,

LISKOW & LEWIS

Brittan J. Bush

BJB/kn
encl.
cc:
Donald T. Carmouche, Esq./Victor L. Marcello, Esq. /John H. Carmouche, Esq./William R. Coenen, III, Esq./Brian T. Carmouche, Esq./Todd J. Wimberley, Esq./Ross J. Donnes, Esq./D. Adele Owen, Esq./Leah C.

NON-CERTIFIED COPY

Poole, Esq./Caroline H. Martin, Esq./Christopher D. Martin, Esq.
C. Berwick Duval, II, Esq./Stanwood R. Duval, Esq./Kathryn W. Richard, Esq.
Eric E. Jarrell, Esq./Michael J. Cerniglia, Esq./Nicole M. Babb, Esq.
Jamie D. Rhymes, Esq./Hunter A. Chauvin, Esq./ Edward M. Duhe, Jr., Esq. *(all via e-mail only)*
George H. Robinson, Jr., Esq. *(via e-mail only)*
Paul J. Hebert, Esq./William H. L. Kaufman, Esq./Valerie J. Guidry, Esq.

FILED
AUG 17 2017
CLERK OF COURT



NON-CERTIFIED COPY

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MS. NICOLE M. BABB
KING, KREBS & JURGENS PPLC
201 ST. CHARLES AVENUE 45TH FLOOR
NEW ORLEANS, LA 70170
GOLDEN RANCH VS BP
NO 132505

REQ BY LISKOW (LAF) 8/14/17 RB

9590 9402 2652 6336 0965 01

2. Article Number *(Transfer from service label)*

7016 0910 0001 9333 0326

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery
8-15-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...ted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 18 2017
[signature] CLERK OF COURT

NON-CERTIFIED COPY

SENDER

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. D. RUSSELL HOLWADEL
ADAMS HOEFER HOLWADEL
400 POYDRAS ST, STE. 2450
NEW ORLEANS, LA 70130
GOLDEN RANCH VS BP
NO 132505
REQ BY LISKOW (LAF) 8/14/17 RB

9590 9402 2652 6336 0965 18

2. Article Number (Transfer from service label)

7016 0910 0001 9332 9016

A. Signature

X [signature]

☐ Agent
☐ Addressee

B. Received by (Printed Name) J. Korn

C. Date of Delivery 8/15/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED

AUG 18 2017

Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

**GOLDEN RANCH FARMS, LLC** | **DOCKET NO. 132505, DIV. B**

**VS.** | **17TH JUDICIAL DISTRICT COURT**

**MESA GULF COAST LLC, ET AL** | **LAFOURCHE PARISH, LOUISIANA**

**************************************************************************

# REQUEST FOR WRITTEN NOTICE

TO: HONORABLE ANNETTE M. FONTANA
CLERK OF COURT
PARISH OF LAFOURCHE
POST OFFICE BOX 818
THIBODAUX, LOUISIANA 70302

ALL PARTIES AND THEIR COUNSEL OF RECORD

Written formal request is hereby made pursuant to Louisiana Code of Civil Procedure articles 1571, 1572, 1913 and 1914, for notice of the dated fixed for trial of the above captioned matter as well as notice of any trial, hearing, exception, motion, rule, order, judgment, and any interlocutory decree, any and all formal proceedings or formal steps taken by any of the parties herein and any other notice authorized or required by law with respect to any action or proceeding in this matter and that this Honorable Court provide such written notice in accordance with the Louisiana Rules of Civil Procedure.

Lafayette, Louisiana on this 11th day of August, 2017.

**RESPECTFULLY SUBMITTED,**

**DANIEL C. HUGHES (BAR NO. 7075)**
**A Professional Law Corporation**
**126 Heymann Boulevard**
**Lafayette, Louisiana 70503**
**Telephone: (337) 237-6566**
**Facsimile: (337) 235-6355**
**Email: dan@hughesaplc.com**

**ATTORNEY FOR DEFENDANT,**
**HENRY PRODUCTION COMPANY, INC.**

NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I, Daniel C. Hughes, attorney for Defendant, HENRY PRODUCTION COMPANY, INC., hereby certify that I have delivered a copy of the above and foregoing document to all known counsel of record in this proceeding by U.S. Mail, postage prepaid and properly addressed and/or by email:

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wemberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher H. Martin
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, Louisiana 70810
**Counsel for Plaintiff**

C. Berwick Duval, II
Stanwood R. Duval
Kathryn W. Richard
DUVAL, FUNDERBURK, SUNDBERRY, RICHARD & WATKINS
101 Wilson Avenue
Post Office Box 3017
Houma, Louisiana 70361
**Counsel for Plaintiff**

George Pivach, II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR, LLC
8311 Highway 23, Suite 104
Post Office Box 7125
Belle Chasse, Louisiana 70037
**Counsel for Mesa Gulf Coast and Tchefuncte Natural Resources, LLC**

Rachel P. Dunway
LONG LAW FIRM
1800 City Farm Drive, Building 6
Baton Rouge, Louisiana 70806
**Attorney for Bully Proschaska**

Victor Suane
KEAN MILLER LLP
II City Plaza
400 Convention Street, Suite 700
Baton Rouge, Louisiana 70802
**Attorney for Devon Energy Production**

Christopher B. Bailey
RANDAZZO, GIGLIO & BAILEY LLC
Post Office Box 51347
Lafayette, Louisiana 70505-1347
**Attorney for Square Mile Energy**



NON-CERTIFIED COPY

Paul J. Hebert
William H. L. Kaufman
Valerie V. Guidry
OTTINGER HEBERT LLC
1313 W. Pinhook Road (70503)
Post Office Drawer 52606
Lafayette, Louisiana 70505-2606
**Attorneys for Texas Petroleum Investment Co.**

Michael G. Durand
ONEBANE LAW FIRM
1200 Camelia Boulevard, Suite 300
Post Office Box 3507
Lafayette, Louisiana 70502-3507
**Attorney for American Explorer, Inc.**

George Arceneaux, III
Penny Malbrew
Brittan Bush
LISKOW & LEWIS
822 Harding Street
Lafayette, Louisiana 70503
**Attorneys for BP**

Eric E. Jarrell
Michael J. Cerniglia
Nicole M. Babb
KING, KREBS & JURGENS, PLLC
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
**Attorneys for ConocoPhillips Company**

Sarah Liams
KUCKLER POLK WEINER, LLC
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
**Attorney for Texas Pacific Oil Company**

Russell Holwadel
ADAMS, HOEFER, HOLWADEL & ELDRRIDGE, L.L.C.
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130
**Attorney for Denbury Onshore, LLC**

Lafayette, Louisiana this 11 day of Aug, 2017.

**DANIEL C. HUGHES**

FILED
AUG 1 5 2017
CLERK OF COURT
Dty



NON-CERTIFIED COPY

...LETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MS. VALERI V. GUIDRY
OTTINGER HEBERT
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606
GOLDEN RANCH VS BP
NO 132505

REQ BY LISKOW (LAF) 8/14/17 RB

9590 9402 2652 6336 0965 32

2. Article Number *(Transfer from service label)*

7016 0910 0001 9332 9023

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Madison Meeds ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery
8-16-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
...ricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

FILED
AUG 2 1 2017
Anette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. C. BERWICK DUVAL, II
DUVAL, FUNDERBURK, SUNDBERRY
P.O. BOX 3017
HOUMA, LA 70361
GOLDEN RANCH VS BP
NO 132505

REQ BY LISKOW (LAF) 8/14/17 RB

9590 9402 2652 6336 0965 94

2. Article Number *(Transfer from service label)*
7016 0910 0001 9332 9047

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Gail Dryden
☑ Agent
☐ Addressee

B. Received by *(Printed Name)* Gail Dryden
C. Date of Delivery 8-16-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...cted Delivery
(over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 21 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. GEORGE PIVACH, II
PIVACH PIVACH HUFFT THRIFFILEY & DUNBAR
P.O. BOX 7125
BELLE CHASSE, LA 70037
GOLDEN RANCH VS BP
NO 132505

REQ BY LISKOW (LAF) 8/14/17 RB

9590 9402 2652 6336 0966 17

2. Article Number *(Transfer from service label)*

7016 0910 0001 9332 9030

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X J. Munkres
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* J. Munkres

C. Date of Delivery 8-16-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

7125

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...stricted Delivery
(over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 21 2017
Annette N. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

ETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BRITTANY J. BUSH, ESQ.
KOW & LEWIS
. BOX 52008
FAYETTE, LA 70503
GOLDEN RANCH VS BP
NO 132505

REQ BY LISKOW (LAF) 8/14/17 RB

9590 9402 2652 6336 0964 95

2. Article Number *(Transfer from service label)*

7016 0910 0001 9332 9085

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Al Guidry
☐ Agent
☐ Addressee

B. Received by (Printed Name): Al Guidroz

C. Date of Delivery: 8-16-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 21 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

221

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1486497**

# CITATION ON RULE

| | |
|---|---|
| **GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **BP AMERICA PRODUCTION COMPANY, ET AL** | **STATE OF LOUISIANA** |
| **DOCKET NUMBER: C-132505** | |

TO: PLAINTIFF THROUGH ITS COUNSEL OF RECORD:
DONALD T. CARMOUCHE
VICTOR L. MARCELLO
JOHN H. CARMOUCH
WILLIAM R. COENEN, III
BRIAN T. CARMOUCH
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN
TALBOT, CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE PRAYER OF THE PETITION/MOTION AND ORDER THEREON, a true and faithful copy whereof accompanies this citation, and to show cause on **SEPTEMBER 21, 2017**, at **9:00 A.M.**, why an order should not be issued herein granting the Exceptions filed on behalf of Defendant SM Energy Company.

WITNESS the Honorable STEVEN M. MILLER, Judge of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, August 9, 2017.

FILED
AUG 22 2017
Annette M. Fontana
CLERK OF COURT

**ANNETTE M. FONTANA**
**CLERK OF COURT**

Rita A. Bernard

**Deputy Clerk of Court**

REQUESTED BY:
LISKOW & LEWIS (LAFAYETTE)

DY. E. GASPARD 0922
PHONE# 225-803-1671

8-14-17- P/S-1100 Am
Served - DeShea Bugnac (Desk Officer)

AUG 14 2017

PERSONAL

NON-CERTIFIED COPY

... LETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. JAMES E. LAPEZE
LISKOW & LEWIS
701 POYDRAS ST., STE 5000
NEW ORLEANS, LA 70139-5099
GOLDEN RANCH VS BP
NO 132505

REQ BY LISKOW (LAF) 8/14/17 RB

9590 9402 2652 6336 0966 62

7016 0910 0001 9332 9061

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) [handwritten name]
C. Date of Delivery 8/17/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ ...ured Mail
- Mail Restricted Delivery
- ...00)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 23 2017
[signature] CLERK OF COURT

NON-CERTIFIED COPY

221

DIVISION B
201 Green Street, 1st Floor
Thibodaux, LA

D1492420

# CITATION ON RULE

GOLDEN RANCH FARMS LLC

VS

BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT
PARISH OF LAFOURCHE
STATE OF LOUISIANA

TO: PLAINTIFF, THROUGH ITS COUNSEL OF RECORD:
DONALD T. CARMOUCHE
VICTOR L. MARCELLO
JOHN H. CARMOUCHE
WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN
TALBOT CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE PRAYER OF THE PETITION/MOTION AND ORDER THEREON, a true and faithful copy whereof accompanies this citation, and to show cause on **SEPTEMBER 21, 2017**, at **9:00 A.M.**, why Exceptions of Hess Corporation, should not be granted.

WITNESS the Honorable STEVEN M. MILLER, Judge of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, August 9, 2017.

ANNETTE M. FONTANA
CLERK OF COURT

AUG 1 6 2017

Rita A. Bernard
Deputy Clerk of Court

REQUESTED BY:
LISKOW & LEWIS (NEW ORLEANS)

DY. E. GASPARD 0922
PHONE# 225-803-1671

8-16-17 P/S 1110 Am
Served Deshea Brignac - Agent Officer

FILED
AUG 23 2017
Annette M. Fontana
CLERK OF COURT

PERSONAL

NON-CERTIFIED COPY

221

DIVISION B
201 Green Street, 1st Floor
Thibodaux, LA

D1486497

# CITATION ON RULE

GOLDEN RANCH FARMS LLC

VS

BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT
PARISH OF LAFOURCHE
STATE OF LOUISIANA

TO: GOLDEN RANCH FARMS, LLC
THROUGH ITS COUNSEL OF RECORD:
DONALD T. CARMOUCHE
VICTOR L. MARCELLO
JOHN H. CARMOUCHE
WILLIAM R. COENEN, III
BRIAN T. CARMOUCH
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN
TALBOT, CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE PRAYER OF THE PETITION/MOTION AND ORDER THEREON, a true and faithful copy whereof accompanies this citation, and to show cause on **SEPTEMBER 21, 2017**, at **9:00 A.M.**, why an order should not be issued herein granting the Exceptions filed in behalf of Defendant Exxon Mobil Corporation.

WITNESS the Honorable STEVEN M. MILLER, Judge of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, August 3, 2017.

FILED
AUG 23 2017
Annette M. Fontana
CLERK OF COURT

ANNETTE M. FONTANA
CLERK OF COURT
Rita A. Bernard
Deputy Clerk of Court

PERSONAL

REQUESTED BY:
PIVACH PIVICH HUFFT

RECEIVED
AUG 15 2017
E.B.R. SHERIFF'S OFFICE

8-16-17 - P/S - 1110 am
served - Rashaa Baignac - Desk officer

DY. E. GASPARD 0922

NON-CERTIFIED COPY

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HATTIE V. GUIDRY, ESQ.
KEAN MILLER, LLP
P.O. BOX 3513
BATON ROUGE, LA 70802
GOLDEN RANCH VS BP
NO 132505

REQ BY LISKOW (LAF) 8/14/17 RB

9590 9402 2652 6336 0966 31

2. Article Number (Transfer from service label)
7016 0910 0001 9332 9054

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name): Trisha Leasy

C. Date of Delivery: 8-21-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
AUG 28 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

Kean Miller LLP

Check Date: 08-28-17 Check No. 376025

| DATE | INVOICE | VOUCHER | COMMENTS | NET |
|---|---|---|---|---|
| 08-22-17 | 082217 | 470261 | 08/22/17- Re: Golden Ranch Farms LLC vs. BP America Production Company, et al Suit #: C-132505- Court cost | 400.00 |
| VENDOR: PARISH OF LAFOURCHE 17TH | | | TOTAL | $400.00 |

FILED
AUG 31 2017
CLERK OF COURT

NON-CERTIFIED COPY

2016

**DIVISION B**
**201 Green Street, 1st Floor**
**Thibodaux, LA**

**D1486497**

# CITATION ON RULE

| | |
|---|---|
| **GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **BP AMERICA PRODUCTION COMPANY, ET AL** | **STATE OF LOUISIANA** |
| **DOCKET NUMBER: C-132505** | |

TO: GOLDEN RANCH FARMS, LLC
THROUGH ITS ATTORNEY OF RECORD:
ROSS J. DONNES
TALBOT, CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810

residing in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE PRAYER OF THE PETITION/MOTION AND ORDER THEREON, a true and faithful copy whereof accompanies this citation, and to show cause on **SEPTEMBER 21, 2017**, at **9:00 A.M.**, why the Dilatory Exceptions to Plaintiffs' Petition for Damages filed on behalf of Mesa Gulf Coast, LLC and Tchefuncte Natural Resources, L.L.C. should not be granted, and further show cause why its Petition and First Supplemental and Amending Petition should not be dismissed, with prejudice, at plaintiff's costs.

WITNESS the Honorable STEVEN M. MILLER, Judge of said Court.

Granted under the impress of my seal of office and my official signature at Thibodaux, Louisiana, August 1, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
Rita A. Bernard
**Deputy Clerk of Court**

REQUESTED BY:
PIVACH PIVICH HUFFT

Rec 8-18-17
Serv 8-18-17 @ 12:29 PM
PERS thru Sec. De Shea
EBR [signature] 283278
Dy. Sheriff

**FILED**
AUG 31 2017
Annette M. Fontana
CLERK OF COURT

NON-CERTIFIED COPY

TE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HATTIE V. GUIDRY, ESQ.
KEAN MILLER, LLP
P.O. BOX 3513
BATON ROUGE, LA 70802
GOLDEN RANCH VS BP
NO 132505
REQ BY Liskow 8/9/17 RB (LAF)

9590 9402 2652 6336 0953 06

2. Article Number *(Transfer from service label)*

7016 0910 0001 9333 0340

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Michael Gorac ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* Michael Gorac

C. Date of Delivery 8-12-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

FILED
SEP - 1 2017
CLERK OF COURT

NON-CERTIFIED COPY

ETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HATTIE V. GUIDRY, ESQ.
KEAN MILLER, LLP
P.O. BOX 3513
BATON ROUGE, LA 70802
GOLDEN RANCH VS BP
NO 132505
REQ BY Liskow 8/9/17 RB (NO)

9590 9402 2652 6336 0953 37

2. Article Number (Transfer from service label)

7016 0910 0001 9333 0425

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Michael Gore
☐ Agent
☐ Addressee

B. Received by (Printed Name) Michael Gore

C. Date of Delivery 8-12-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
SEP - 1 2017
CLERK OF COURT

NON-CERTIFIED COPY

THIS SECTION

COMPLETE THIS SECTION ON DELIVERY

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HATTIE V. GUIDRY, ESQ.
KEAN MILLER, LLP
P.O. BOX 3513
BATON ROUGE, LA 70802
GOLDEN RANCH VS BP
NO 132505
REQ BY KEAN 8/9/17 RB

9590 9402 2652 6336 0952 76

2. Article Number *(Transfer from service label)*

7015 0640 0001 7928 1661

A. Signature

X Michael Gorce ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* Michael Gorce

C. Date of Delivery 8-17-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
... livery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

FILED

SEP - 1 2017

CLERK OF COURT

NON-CERTIFIED COPY

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. ROSS J. DONNES
TALBOT CARMOUCHE & MARCELLO
17405 PERKINS ROAD
BATON ROUGE, LA 70810
GOLDEN RANCH VS BP
NO 132505

REQ BY LISKOW (LAF) 8/14/17 RB

9590 9402 2652 6336 0964 71

2. Article Number *(Transfer from service label)*

7016 0910 0001 9333 0319

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Taren Moore
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* Taren Moore

C. Date of Delivery 8-17-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...livery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**FILED**
SEP - 8 2017
*[signature]*
CLERK OF COURT

NON-CERTIFIED COPY

| | |
|---|---|
| **GOLDEN RANCH FARMS, LLC** | **NO. 132505** |
| **VERSUS** | **SEVENTEENTH JUDICIAL DISTRICT COURT** |
| | **LAFOURCHE PARISH, LOUISIANA** |
| **BP AMERICA PRODUCTION COMPANY, LP, ET AL.** | **DIVISION "B"** |

**ANSWER OF TENSAS DELTA TO FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Tensas Delta Exploration Company, LLC ("Tensas Delta"), a defendant in this action, which, in answer to the First Supplemental and Amending Petition for Damages (the "Petition"), denies generally and specifically each and every allegation contained therein, except as may be expressly admitted below, and further answers as follows:

1

The allegations contained in paragraph 1 of the Petition are denied for lack of information.

2

The allegations contained in paragraph 2 of the Petition are denied for lack of information.

3

The allegations contained in paragraph 4 of the Petition are denied for lack of information.

4

The allegations contained in paragraph 4(A) through (N) and (P) through (R) of the Petition are denied for lack of information. The allegations contained in paragraph 4(O) of the Petition are denied in all respects.

5

The allegations contained in paragraph 5 of the Petition are denied.

6

The allegations contained in paragraph 6 of the Petition are denied.

7

The allegations contained in paragraph 7 of the Petition are denied.

8

The allegations contained in paragraph 8 of the Petition are denied.

NON-CERTIFIED COPY

9

The allegations contained in paragraph 9 of the Petition are denied.

10

The allegations contained in paragraph 10 of the Petition are denied.

11

The allegations contained in paragraph 11 of the Petition are denied.

12

The allegations contained in paragraph 12 of the Petition are denied.

13

The allegations contained in paragraph 13 of the Petition are denied.

14

The allegations contained in paragraph 14 of the Petition are denied.

15

The allegations contained in paragraph 15 of the Petition are denied.

16

The allegations contained in paragraph 16 of the Petition are denied.

17

The allegations contained in paragraph 17 of the Petition are denied.

18

The allegations contained in paragraph 18 of the Petition are denied.

19

The allegations contained in paragraph 19 of the Petition are denied.

20

The allegations contained in paragraph 20 of the Petition are denied.

21

The allegations contained in paragraph 21 of the Petition are denied.

22

The allegations contained in paragraph 22 of the Petition are denied.

23

The allegations contained in paragraph 23 of the Petition are denied.

NON-CERTIFIED COPY

24

The allegations contained in paragraph 24 of the Petition are denied.

25

The allegations contained in paragraph 25 of the Petition are denied.

26

The allegations contained in paragraph 26 of the Petition are denied.

27

The allegations contained in paragraph 27 of the Petition are denied.

28

The allegations contained in paragraph 28 of the Petition are denied.

29

The allegations contained in paragraph 29 of the Petition are denied.

30

The allegations contained in paragraph 30 of the Petition are denied.

31

The allegations contained in paragraph 31 of the Petition are denied.

32

The allegations contained in paragraph 32 of the Petition are denied.

33

The allegations contained in paragraph 33 of the Petition are denied.

34

The allegations contained in paragraph 34 of the Petition are denied.

35

The allegations contained in paragraph 35 of the Petition are denied.

36

The allegations contained in paragraph 36 of the Petition are denied.

37

The allegations contained in paragraph 37 of the Petition are denied.

38

The allegations contained in paragraph 38 of the Petition are denied.

NON-CERTIFIED COPY

39

The allegations contained in paragraph 39 of the Petition are denied.

40

The allegations contained in paragraph 40 of the Petition are denied.

41

The allegations contained in paragraph 41 of the Petition are denied.

42

The allegations contained in paragraph 42 of the Petition are denied.

43

The allegations contained in paragraph 43 of the Petition are denied.

44

The allegations contained in paragraph 44 of the Petition are denied.

45

The allegations contained in paragraph 45 of the Petition are denied.

46

The allegations contained in paragraph 46 of the Petition are denied.

47

The allegations contained in paragraph 47 of the Petition are denied.

48

The allegations contained in paragraph 48 of the Petition are denied.

AND NOW, FURTHER ANSWERING, Tensas Delta alleges as follows:

49

Tensas Delta is not the successor in interest to W.W.F. Oil Corporation and is not otherwise liable for the debts or obligations of W.W.F. Oil Corporation.

50

Tensas Delta affirmatively pleads that plaintiff's claims are prescribed or preempted.

51

Tensas Delta affirmatively pleads that plaintiff's claims are barred by previous transactions and/or compromises and/or by the doctrine of *res judicata*.

NON-CERTIFIED COPY

52

Tensas Delta affirmatively pleads that plaintiff's claims against Tensas Delta are barred by the doctrine of judicial and/or equitable estoppel.

53

Tensas Delta affirmatively pleads that to the extent any of the damage plaintiff claims to have suffered was caused by the fault of third persons other than Tensas Delta, Tensas Delta is not liable for the conduct of such third persons.

54

Tensas Delta affirmatively pleads the fault of plaintiff, whether said damages are entirely plaintiff's fault, or attributable to the comparative fault of plaintiff.

55

Tensas Delta affirmatively pleads plaintiff's own contributory and/or comparative fault or negligence.

56

Tensas Delta affirmatively pleads that plaintiff's claims are barred or subject to reduction because of plaintiff's assumption of the risks.

57

Tensas Delta affirmatively pleads the plaintiff's failure to mitigate its damages.

58

Tensas Delta affirmatively pleads that to the extent Tensas Delta's actions were in accordance with applicable laws and regulations at the time of Tensas Delta's conduct, then plaintiff's claims are barred.

59

Tensas Delta affirmatively pleads that plaintiff's claims are premature in that plaintiff failed to exhaust its administrative remedies.

60

Tensas Delta affirmatively pleads that plaintiff's claims are premature to the extent that any applicable leases may still be in effect.

61

Tensas Delta affirmatively pleads that plaintiff's claims fall within the primary jurisdiction of the Louisiana Department of Environmental Quality and/or the Department of Natural Resources

NON-CERTIFIED COPY

and this action should be dismissed, or in the alternative stayed in defference to the jurisdictional authority of these agencies.

62

Tensas Delta affirmatively pleads that the plaintiff's claims are barred because they constitute an impermissible collateral attack on the orders and decisions of the aforementioned administrative agencies.

63

Tensas Delta affirmatively pleads that to the extent plaintiff's damages were caused by *force majeure*, Tensas Delta is not responsible for such damages.

64

Tensas Delta affirmatively pleads the plaintiff is barred from recovery for damages which occurred prior to the time it acquired an ownership interest in the property at issue.

65

Tensas Delta affirmatively pleads that it is not in breach of any contract with plaintiffs.

66

Tensas Delta affirmatively pleads that to the extent it is responsible for any damages suffered by plaintiff, a proposition which Tensas Delta denies, Tensas Delta is not liable *in solido* with any other party.

67

Any award against Tensas Delta, the right to which is denied, must be reduced by the virile share of fault assigned to any settling parties or other persons alleged to be responsible for the damage to plaintiff's property.

68

Tensas Delta affirmatively pleads that plaintiff's recovery is limited, in whole or in part, to the remediation costs approved by the appropriate state regulatory agencies.

69

Tensas Delta affirmatively pleads that to the extent it was an operator, its operations were conducted in a reasonable and prudent manner and complied with all rules and regulations applicable at the time and with the provisions of any leases to which it may have been a party.

NON-CERTIFIED COPY

70

Tensas Delta affirmatively pleads that La. Civ. Code art. 2315.3 is inapplicable to the activities of Tensas Delta both prior to the effective date of its enactment and after the effective date of its repeal. Moreover, Tensas Delta affirmatively pleads that it did not act with wanton or reckless disregard for public safety in the storage, handling of transportation of any hazardous or toxic substances.

71

Tensas Delta affirmatively denies that any other statute provides for the recovery of punitive or exemplary damages in favor of plaintiff.

72

Tensas Delta affirmatively pleads that to the extent that the Court should determine that plaintiff may be entitled to punitive damages under any applicable statute, such claim is barred by the due process clause of the United States Constitution, as the due process clause requires that any award of punitive damages bear a close relationship to appropriate civil fines or penalties established by legislation, or by administrative agencies delegated such authority by the legislature. Any laws relied upon by plaintiff, however, fail to incorporate this due process requirement.

73

Tensas Delta affirmatively pleads that to the extent any damages are awarded for the evaluation or remediation of environmental damage, the right to which Tensas Delta denies, then all such sums shall be paid exclusively into the registry of the Court.

74

Tensas Delta reserves the right to assert other affirmative defenses that may be disclosed in discovery or in other proceedings in this action.

NON-CERTIFIED COPY

WHEREFORE, Tensas Delta prays that this answer be deemed good and sufficient and that, after due proceedings, the plaintiff's claims against it be dismissed with prejudice at the plaintiff's cost and expense.

SINCLAIR LAW FIRM, LLC

By: ______________________
Scott C. Sinclair (Bar No. 14440)

Post Office Box 1026
Shreveport, Louisiana 71163-1026
(318) 562-3700
ssinclair@sinclair-law.com

--Attorney for Tensas Delta Exploration Company, LLC.

**Certificate of Service**

I hereby certify that a copy of the foregoing pleading was served on all known counsel of record by U.S. Mail or by e-mail.

September 5, 2017

______________________
Scott C. Sinclair

FILED
SEP 15 2017
CLERK OF COURT

NON-CERTIFIED COPY

B

# SINCLAIR LAW FIRM, L.L.C.

POST OFFICE BOX 1026
SHREVEPORT, LOUISIANA 71163-1026
(318) 562-3700

E-MAIL ADDRESS
ssinclair@Sinclair-Law.com

101 Belle Maison Court
Bossier City, Louisiana 71111

SCOTT C. SINCLAIR

September 11, 2017

Honorable Annette M. Fontana
Lafourche Parish Clerk of Court
PO Box 818
Thibodaux LA 70302-0818

Re: Golden Ranch Farms, LLC v. BP America Production Company, LP et al., No. 132505, 17th Judicial District Court, Lafourche Parish, Louisiana.

Dear Ms. Fontana:

Enclosed for filing in the referenced action on behalf of Tensas Delta Exploration Company, LLC is the Answer of Tensas Delta to First Supplemental and Amending Petition for Damages. Also enclosed is a copy to be file-stamped and returned to me in the enclosed envelope. Finally, I have enclosed my firm check to cover the filing fees.

Thank you for your assistance with this matter.

Sincerely,

SINCLAIR LAW FIRM, L.L.C.

By [signature]
Scott C. Sinclair

SCS/my
encl.

cc (w/encl.): To all known counsel of record.

FILED
SEP 15 2017
[signature]
CLERK OF COURT

NON-CERTIFIED COPY

**17[TH] JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and forgoing document has been forwarded to the following counsel of record by electronic mail, and/or by placing same in the United States mail, postage prepaid, and properly addressed:

George Pivach II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR, LLC
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chase, Louisiana 70037
*Attorney for Mesa Gulf Coast and Tchefuncte Natural Resources, L. L. C.*

Rachel P. Dunaway
LONG LAW FIRM
1800 City Farm Drive, Building 6
Baton Rouge, LA 70806
*Attorney for Billy Proschaska*

Victor Suane, Jr.
Esteban Herrera, Jr.
Sam O. Lumpkin
Hattie V. Guidry
KEAN MILLER LLP
II City Plaza
400 Convention Street , Suite 700
Baton Rouge, La 70802
*Attorney for Devon Energy Production Company LP*

Christopher B. Bailey
RANDAZZO, GIGLIO & BAILEY LLC
P.O. Box 51347
Lafayette, La 70505-1347
*Attorney for Square Mile Energy*

Paul J. Hebert
William H.L. Kaufman
Valerie V. Guidry
OTTINGER HEBERT, L.L.C.
1313 W. Pinhook Road (70503)
Post Office Drawer 52606
Lafayette, LA 70505-2606
*Attorney for Texas Petroleum Investment Co.*

Michael G. Durand
ONBANE LAW FIRM
1200 Camelia Boulevard Suite 300
P.O. Box 3507
Lafayette, La 70502-3507
*Attorney for American Explorer, Inc.*

George Arceneaux, III
Penny Malbrew
Brittan Bush
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
*Attorneys for BP*

Eric E. Jarrell
Michael J. Cerniglia
Nicole M. Babb
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
*Attorneys for ConocoPhillips Company*

Sarah Iiams
KUCKLER POLK WEINER, LLC
1615 Poydras St., Ste 1300
New Orleans, LA 70112
*Attorney for Texas Pacific Oil Company*

Russell Holwadel
ADAMS, HOEFER, HOLWADEL & ELDRIDGE, L.L.C.
400 Poydras St., Suite 2450
New Orleans, LA 70130
*Attorney for Denbury Onshore LLC*

James E. Lapeze
Hunter A. Chauvin
Jamie D. Rhymes
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 500
New Orleans, LA 70139

NON-CERTIFIED COPY

*Attorney for Exxon Mobil Corporation*

George H. Robinson, Jr.
Brian W. Capell
LISKOW & LEWIS
822 Harding Street
P.O. Box 52008
Lafayette, LA 70505-2008
*Attorneys for SM Energy Company*

Daniel C. Hughes
A Professional Law Corporation
126 Heymann Boulevard
Lafayette, Louisiana 70503
*Attorney for Henry Production Company, Inc.*

Jonathan A. Hunter
Elizabeth S. Wheeler
Erin E. Bambrick
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
*Attorneys for Hess Corporation*

Baton Rouge, Louisiana this 15 day of September, 2017.

Ross J. Donnes

**FILED**

SEP 18 2017

Dty CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**MOTION TO ENROLL ADDITIONAL COUNSEL OF RECORD**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Golden Ranch Farms, LLC, who respectfully moves this Honorable Court for an order enrolling David W. Ardoin (La. Bar #24282) and Matthew D. Ory (La. Bar #31906) of the law firm ARDOIN, MCKOWEN & ORY, LLC, 505 West 3rd Street, Thibodaux, Louisiana 70301 as additional counsel of record for plaintiff in the above captioned matter.

WHEREFORE, plaintiff, Golden Ranch Farms, LLC, prays that its motion be granted and that David W. Ardoin, and Matthew D. Ory be enrolled as additional counsel of record for plaintiff in the captioned matter.

Respectfully submitted,

TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Facsimile: (225) 448-2568

______________________________
Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar #9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
Todd J. Wimberley, Bar #34862
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
Leah C. Poole, Bar #35092
Caroline H. Martin, Bar #33308
Christopher D. Martin , Bar #30613

FILED
SEP 18 2017
Rita A. Bernard
Dty CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**ORDER**

**CONSIDERING** the forgoing Motion to Enroll Additional Counsel of record;

**IT IS HEREBY ORDERED** that plaintiff's motion be and is hereby **GRANTED** and that David W. Ardoin (La. Bar #24282) and Matthew D. Ory ( La. Bar #31906) of the law firm ARDOIN, MCKOWEN & ORY, LLC be enrolled as additional counsel of record for plaintiff in the captioned matter.

**THIS DONE AND SIGNED** on the 21st day of September, 2017 in Thibodaux, Louisiana.

HONORABLE STEVEN M MILLER
JUDGE, 17TH JUDICIAL DISTRICT COURT

FILED
SEP 18 2017
CLERK OF COURT

NON-CERTIFIED COPY

3

# TALBOT, CARMOUCHE & MARCELLO

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

DONALD T. CARMOUCHE*
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN

AUBERT D. TALBOT
(1925-2005)

September 15, 2017

Honorable Annette M. Fontana
Clerk of Court, 17th JDC
LAFOURCHE PARISH DISTRICT COURT
303 W. 3rd Street
Post Office Box 818
Thibodaux, LA 70302-0818

Re: Golden Ranch Farms, LLC v. BP America Production Company, et al.
Docket No. 132505; Div. "B"17th JDC; Parish of
Lafourche; State of Louisiana

Dear Ms. Fontana,

Enclosed please find an original Motion to Enroll Additional Counsel of Record and one copy. Please file the original into the record and return the "date stamped" copy to me in the enclosed self-addressed stamped envelope.

This firm's check in the amount of $75.00 is enclosed representing your filing fee.

With kindest regards, I am

Sincerely,

Ross J. Donnes

RJD/nel
cc: **Via email only**
George Pivach II/Timothy Thriffiley
Rachel P. Dunaway
Victor J. Suane Jr. /Esteban Herrera, Jr./Sam Lumpkin/Hattie V. Guidry
Christopher B. Bailey
Michael G. Durand
George Arceneaux, III/Penny Malbrew/Brittan Bush
Eric E. Jarrell/Michael J. Cerniglia/Nicole M. Babb
Sarah Iiams
D. Russell Holwadel

Req'l Not: Talbot Hughes
Adams
Ottinger.
Liskow N.O. & Laf.

NON-CERTIFIED COPY

C. Berwick Duval, II/Stanwood R. Duval/Kathryn W. Richard
Paul J. Hebert/William H.L. Kaufman/Valerie V. Guidry
Daniel C. Hughes
Elizabeth S. Wheeler/Jonathan A. Hunter/Erin E. Bambrick
George H. Robinson, Jr./Brian W. Capell

FILED
SEP 18 2017
CLERK OF COURT

NON-CERTIFIED COPY

**TALBOT, CARMOUCHE & MARCELLO** 16038

Lafourche Parish Clerk of Court 9/15/2017

Accounts Receivable:Case Expenses:Cour Mtn to Enroll Additional Counsel 75.00

FILED
SEP 18 2017
CLERK OF COURT

Litigation Account Docket 132,505; Golden Ranch v BP, et al 75.00

NON-CERTIFIED COPY

LONG LAW FIRM

BATON ROUGE • WASHINGTON, DC

September 21, 2017

***Via Facsimile Only***

Honorable Steven M. Miller
17th Judicial District Court – Division B
201 Green Street, 1st Floor
Thibodaux, LA 70301

**RE:** ***Golden Ranch Farms, LLC v. Devon Energy Production Company, L.P., et al., 19th Judicial District Court, Parish of LaFourche***
**Civil Suit No. 132505, Division "B"**
**LLF File No. 2260-001**

Dear Judge Miller:

We represent defendant, Mr. Billy Prochaska, P.E., in the above-captioned suit. Late yesterday afternoon, counsel for Golden Ranch Farms, LLC, Ross Donnes, conveyed his intention to voluntarily dismiss Mr. Prochaska. Discussions are still ongoing at this time; however, we anticipate filing a joint motion to dismiss in the near future. Due to this recent development, we are waiving our appearance at the status conference to be held this morning to discuss de-cumulation of the suit in light of several exceptions filed by other defendants.

Should you have any questions, please do not hesitate to contact me.

With kindest regards, I remain

Very truly yours,

**LONG LAW FIRM, L.L.P.**

Adrian G. Nadeau

ADRIAN G. NADEAU

FILED

SEP 21 2017

Samantha A. Band
DY CLERK OF COURT

AGN/rpd
cc: Rachel P. Dunaway
Billy R. Prochaska

Long Law Firm, LLP 1800 City Farm Drive, Building 6 Baton Rouge, LA 70806
Telephone: (225) 922-5110 Telefax: (225) 922-5105
www.LongLaw.com

NON-CERTIFIED COPY

# TALBOT, CARMOUCHE & MARCELLO

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

DONALD T. CARMOUCHE*
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN

AUBERT D. TALBOT
(1925-2005)

September 15, 2017

***Via Facsimile 985-446-6423***
Honorable Steven M. Miller
Judge, 17th JDC, Div. B
LAFOURCHE PARISH DISTRICT COURT
Old Courthouse
201 Green St., 1st Floor
Thibodaux, LA 70301

Re: Golden Ranch Farms, LLC v. BP America Production Company, et al.
Docket No. 132505; Div. "B"17th JDC; Parish of
Lafourche; State of Louisiana

Dear Judge Miller:

Please allow this letter to confirm that the exceptions currently set for hearing on September 21, 2017 are continued to a date that will be determined by the court. However a status conference will be held on the date and time previously selected for the hearing in order to discuss the orderly de-cumulation of the actions.

With kindest regards, I am

Sincerely,

Ross J. Donnes

RJD/nel
cc: **Via email only**
George Pivach II/Timothy Thriffiley
Rachel P. Dunaway
Victor J. Suane/Jr. /Esteban Herrera, Jr./Sam Lumpkin/Hattie V. Guidry
Christopher B. Bailey
Michael G. Durand
George Arceneaux, III/Penny Malbrew/Brittan Bush
Eric E. Jarrell/Michael J. Cerniglia/Nicole M. Babb

NON-CERTIFIED COPY

Sarah Iiams
D. Russell Holwadel
C. Berwick Duval, II/Stanwood R. Duval/Kathryn W. Richard
Paul J. Hebert/William H.L. Kaufman/Valerie V. Guidry
Daniel C. Hughes
Elizabeth S. Wheeler/Jonathan A. Hunter/Erin E. Bambrick
George H. Robinson, Jr./Brian W. Capell

FILED
SEP 21 2017
Samantha A Sandy
Dy CLERK OF COURT

NON-CERTIFIED COPY

LISKOW&LEWIS
A Professional Law Corporation

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main Phone
(504) 556-4108 Main Fax

www.liskow.com

Fax Transmittal

---

| | | | |
|---|---|---|---|
| **To:** | Hon. Annette M. Fontana | **Total Number of Pages:** | 5 |
| **Company:** | 17th JDC - Lafourche Parish | **Client.Matter Number:** | L&L No. 26705.0519 |
| **Recipient Fax Number:** | 985-447-5800 | **Date Sent:** | 09/22/2017 01:20:55 PM |
| **Recipient Contact Number:** | 985-447-4841 | | |
| **From:** | Ouida G. Armstrong | | |
| **Sender Fax Number:** | 504-556-4108 | | |
| **Sender Phone Number:** | 504-556-4072 | | |
| **Sender Email Address:** | oarmstrong@Liskow.com | | |

---

Comments

If there are any problems with the transmission of this facsimile, please contact Ouida Armstrong @ (504) 556-4072

The information contained in this facsimile message is legally privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service.

FILED
SEP 22 2017
CLERK OF COURT

09-22-17P01:31 RCVD

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**MOTION TO ENROLL**
**ADDITIONAL COUNSEL OF RECORD**

**NOW INTO COURT,** through undersigned counsel, comes Exxon Mobil Corporation who moves to enroll Jonathan J. Fox (Louisiana Bar Roll #34551), of Liskow & Lewis, 701 Poydras Street, Suite 5000, New Orleans, Louisiana 70139-5099, as additional counsel of record for Exxon Mobil Corporation in the above-captioned matter.

**WHEREFORE,** all premises considered, Exxon Mobil Corporation respectfully prays that Jonathan J. Fox be enrolled as additional counsel of record on their behalf.

Respectfully submitted,

**LISKOW & LEWIS**

Jamie D. Rhymes (La. Bar No. 24621)
Hunter A. Chauvin (La. Bar No. 33771)
Edward M. Duhé Jr. (La. Bar. No. 35761)
822 Harding Street
Lafayette, Louisiana 70503
P. O. Box 52008
Lafayette, Louisiana 70505-2008
Telephone: (337) 232-7424
Fax: (337) 267-2399

FILED
SEP 22 2017
Dy. Rita A. Bernard
CLERK OF COURT

NON-CERTIFIED COPY

James E. Lapeze (La. Bar No. 28377)
701 Poydras Street
Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax: (504) 556-4108

**Attorneys for Exxon Mobil Corporation**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail and by placing same in the United States mail or Federal Express, properly addressed and postage prepaid this 22nd day of September, 2017.

James E. Lapeze

4672401_1.docx

FILED
SEP 2 2 2017
CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**ORDER**

**CONSIDERING THE FOREGOING** Motion to Enroll Additional Counsel of Record;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Jonathan J. Fox (Louisiana Bar Roll #34551), of Liskow & Lewis, 701 Poydras Street, Suite 5000, New Orleans, Louisiana 70139-5099, be and hereby is enrolled as additional counsel of record by Defendant, Exxon Mobil Corporation, in addition to other counsel of record in these proceedings.

**THUS DONE AND SIGNED** this____ day of _________, 2017 at _______________, Louisiana.

_______________________________
JUDGE, 15TH JUDICIAL DISTRICT COURT

4672401_1.docx

FILED
SEP 22 2017
Vito A. Bernard
CLERK OF COURT

NON-CERTIFIED COPY

# Transmission Log

LafourcheClerk Friday, 2017-09-22 15:03 9854475800

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2017-09-22 | 15:02 | SCAN | 21761 | 0:29 | 9600 | A770..H323.FAX | 1 | OK -- V.29 AR30 |

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: LISKOW & LEWIS (NEW ORLEANS)**

**504-556-4108**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on SEPTEMBER 22, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**MOTION TO ENROLL ADDITIONAL COUNSEL OF RECORD**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**RITA A. BERNARD**

**Deputy Clerk of Court**

**Estimated Cost for Filing $100.00**

FILED
SEP 22 2017
Rita A. Bernard
Dty CLERK OF COURT

NON-CERTIFIED COPY

LISKOW&LEWIS
A Professional Law Corporation

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

1001 Fannin Street
Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

www.Liskow.com

September 22, 2017

James E. Lapeze

Direct: (504) 556-4187
jelapeze@liskow.com

***VIA FACSIMILE (985) 447-5800 and U.S. Mail***
Honorable Annette M. Fontana
Clerk of Court
17th Judicial District
Courthouse Annex
303 W. 3rd Street
Thibodaux, LA 70301

Re: *Golden Ranch Farms, LLC v. Devon Energy Production Company, L.P., et al.*
Docket No. 132505, Div. "B", 17th JDC, Parish of Lafourche, State of Louisiana

Dear Hon. Fontana:

Enclosed for filing in the above captioned matter is a Motion to Enroll Additional Counsel of Record.

Pursuant to La. R.S. 13:850, we are filing this pleading by facsimile transmission, and we respectfully request that you transmit a receipt of transmission to us at our fax number (504) 556-4108.

As also required by La. R.S. 13:850, we are delivering by hard copy herewith the original and two copies of the enclosed pleading, as well as a check covering the costs for filing the above-referenced pleading. We are also enclosing a self-addressed stamped envelope and request that you return a file stamped copy to us for our files.

Thank you for your cooperation in this matter.

Very truly yours,

James E. Lapeze

JEL/oa
enc.

cc: All known counsel of record

4672442_1.docx

FILED
SEP 22 2017
Rita A. Bernard
CLERK OF COURT

NON-CERTIFIED COPY

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

TO: LISKOW & LEWIS (NEW ORLEANS)

504-556-4108

IN RE: GOLDEN RANCH FARMS LLC

VS

BP AMERICA PRODUCTION COMPANY, ET AL

DOCKET NUMBER: C-132505

This is to certify that on SEPTEMBER 22, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):

MOTION TO ENROLL ADDITIONAL COUNSEL OF RECORD

Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.

RITA A. BERNARD

Deputy Clerk of Court

Estimated Cost for Filing $100.00

FILED

SEP 25 2017

Rita A. Bernard
Dty CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**MOTION TO ENROLL**
**ADDITIONAL COUNSEL OF RECORD**

**NOW INTO COURT**, through undersigned counsel, comes Exxon Mobil Corporation who moves to enroll Jonathan J. Fox (Louisiana Bar Roll #34551), of Liskow & Lewis, 701 Poydras Street, Suite 5000, New Orleans, Louisiana 70139-5099, as additional counsel of record for Exxon Mobil Corporation in the above-captioned matter.

**WHEREFORE,** all premises considered, Exxon Mobil Corporation respectfully prays that Jonathan J. Fox be enrolled as additional counsel of record on their behalf.

Respectfully submitted,

**LISKOW & LEWIS**

Jamie D. Rhymes (La. Bar No. 24621)
Hunter A. Chauvin (La. Bar No. 33771)
Edward M. Duhé Jr. (La. Bar. No. 35761)
822 Harding Street
Lafayette, Louisiana 70503
P. O. Box 52008
Lafayette, Louisiana 70505-2008
Telephone: (337) 232-7424
Fax: (337) 267-2399

NON-CERTIFIED COPY

James E. Lapeze (La. Bar No. 28377)
701 Poydras Street
Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax: (504) 556-4108

**Attorneys for Exxon Mobil Corporation**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail and by placing same in the United States mail or Federal Express, properly addressed and postage prepaid this 22nd day of September, 2017.

James E. Lapeze

4672401_1.docx

FILED
SEP 25 2017
CLERK OF COURT

NON-CERTIFIED COPY

D1522606

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. JONATHAN A. HUNTER
LISKOW & LEWIS
ONE SHELL SQUARE
701 POYDRAS ST., STE. 5000
NEW ORLEANS, LA 70139-5099

Please be notified that **a Motion to Enroll Additional Counsel of Record was filed on September 18, 2017; Hon. Steven M. Miller signed the Order on September 21, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, September 25, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
SEP 25 2017
Rita A. Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

D1522598

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. GEORGE H. ROBINSON, JR.
LISKOW & LEWIS
P.O. BOX 52008
LAFAYETTE, LA 70505-2008

Please be notified that a **Motion to Enroll Additional Counsel of Record was filed on September 18, 2017; Hon. Steven M. Miller signed the Order on September 21, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, September 25, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
SEP 25 2017
Rita A. Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

D1522580

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. DANIEL C. HUGHES
ATTORNEY AT LAW
126 HEYMANN BOULEVARD
LAFAYETTE, LA 70505

Please be notified that a **Motion to Enroll Additional Counsel of Record was filed on September 18, 2017; Hon. Steven M. Miller signed the Order on September 21, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, September 25, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
SEP 25 2017
Rita A. Bernard
DY CLERK OF COURT

NON-CERTIFIED COPY

D1522572

# NOTICE OF FILING

| | |
|---|---|
| **GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **BP AMERICA PRODUCTION COMPANY, ET AL** | **STATE OF LOUISIANA** |
| **DOCKET NUMBER: C-132505** | |

TO: MR. RUSSELL HOLWADEL
ADAMS, HOEFER, HOLWADEL & ELDRIDGE
400 POYDRAS STREET, SUITE 2450
NEW ORLEANS, LA 70130

Please be notified that a **Motion to Enroll Additional Counsel of Record was filed on September 18, 2017; Hon. Steven M. Miller signed the Order on September 21, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, September 25, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
SEP 25 2017
Rita A. Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

D1522622

# NOTICE OF FILING

| | |
|---|---|
| **GOLDEN RANCH FARMS LLC** | **SEVENTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF LAFOURCHE** |
| **BP AMERICA PRODUCTION COMPANY, ET AL** | **STATE OF LOUISIANA** |
| **DOCKET NUMBER: C-132505** | |

TO: MR. ROSS J. DONNES
TALBOT, CARMOUCHE, MARCHAND, MARCELLO,
17405 PERKINS ROAD
BATON ROUGE, LA 70810

Please be notified that a **Motion to Enroll Additional Counsel of Record was filed on September 18, 2017; Hon. Steven M. Miller signed the Order on September 21, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, September 25, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
SEP 25 2017
Rita A. Bernard
Dty CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**ORDER**

**CONSIDERING THE FOREGOING** Motion to Enroll Additional Counsel of Record;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Jonathan J. Fox (Louisiana Bar Roll #34551), of Liskow & Lewis, 701 Poydras Street, Suite 5000, New Orleans, Louisiana 70139-5099, be and hereby is enrolled as additional counsel of record by Defendant, Exxon Mobil Corporation, in addition to other counsel of record in these proceedings.

**THUS DONE AND SIGNED** this____ day of _________, 2017 at ________________, Louisiana.

JUDGE, 15TH JUDICIAL DISTRICT COURT

4672401_1.docx

FILED
SEP 25 2017
Dy CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**ORDER**

**CONSIDERING THE FOREGOING** Motion to Enroll Additional Counsel of Record;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Jonathan J. Fox (Louisiana Bar Roll #34551), of Liskow & Lewis, 701 Poydras Street, Suite 5000, New Orleans, Louisiana 70139-5099, be and hereby is enrolled as additional counsel of record by Defendant, Exxon Mobil Corporation, in addition to other counsel of record in these proceedings.

**THUS DONE AND SIGNED** this 26th day of September, 2017 at Thibodaux, Louisiana.

[signature]

JUDGE, 15TH JUDICIAL DISTRICT COURT

4672401_1.docx

FILED

SEP 25 2017

[signature]

DY CLERK OF COURT

NON-CERTIFIED COPY

B

# LISKOW&LEWIS

A Professional Law Corporation

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

1001 Fannin Street
Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

www.Liskow.com

September 22, 2017

**James E. Lapeze**

Direct: (504) 556-4187
jelapeze@liskow.com

***VIA FACSIMILE (985) 447-5800 and U.S. Mail***

Honorable Annette M. Fontana
Clerk of Court
17th Judicial District
Courthouse Annex
303 W. 3rd Street
Thibodaux, LA 70301

Re: *Golden Ranch Farms, LLC v. Devon Energy Production Company, L.P., et al.*
Docket No. 132505, Div. "B", 17th JDC, Parish of Lafourche, State of Louisiana

Dear Hon. Fontana:

Enclosed for filing in the above captioned matter is a Motion to Enroll Additional Counsel of Record.

Pursuant to La. R.S. 13:850, we are filing this pleading by facsimile transmission, and we respectfully request that you transmit a receipt of transmission to us at our fax number (504) 556-4108.

As also required by La. R.S. 13:850, we are delivering by hard copy herewith the original and two copies of the enclosed pleading, as well as a check covering the costs for filing the above-referenced pleading. We are also enclosing a self-addressed stamped envelope and request that you return a file stamped copy to us for our files.

Thank you for your cooperation in this matter.

Very truly yours,

James E. Lapeze

FILED
SEP 2 5 2017
Dy CLERK OF COURT

JEL/oa
enc.

cc: All known counsel of record

Req/Not Talbot
Adams
Ottinger
No. Liskow
Laf. Liskow
Hughes

4672442_1.docx

NON-CERTIFIED COPY

**D1522614**

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. PAUL J. HEBERT
OTTINGER HEBERT, LLC
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606

Please be notified that **a Motion to Enroll Additional Counsel of Record was filed on September 25, 2017; Hon. Steven M. Miller signed the Order on September 26, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, September 26, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
SEP 2 6 2017
Rita A. Bernard
Dty CLERK OF COURT

NON-CERTIFIED COPY

D1522598

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. GEORGE H. ROBINSON, JR.
LISKOW & LEWIS
P.O. BOX 52008
LAFAYETTE, LA 70505-2008

Please be notified that **a Motion to Enroll Additional Counsel of Record was filed on September 25, 2017; Hon. Steven M. Miller signed the Order on September 26, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, September 26, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard
**Deputy Clerk of Court**

FILED
SEP 26 2017
Rita A. Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

D1522598

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. GEORGE H. ROBINSON, JR.
LISKOW & LEWIS
P.O. BOX 52008
LAFAYETTE, LA 70505-2008

Please be notified that **a Motion to Enroll Additional Counsel of Record was filed on September 25, 2017; Hon. Steven M. Miller signed the Order on September 26, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, September 26, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
SEP 26 2017
Rita A Bernard
CLERK OF COURT

NON-CERTIFIED COPY

D1522580

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. DANIEL C. HUGHES
ATTORNEY AT LAW
126 HEYMANN BOULEVARD
LAFAYETTE, LA 70505

Please be notified that **a Motion to Enroll Additional Counsel of Record was filed on September 25, 2017; Hon. Steven M. Miller signed the Order on September 26, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, September 26, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
SEP 26 2017
Rita A. Bernard
CLERK OF COURT

NON-CERTIFIED COPY

D1522572

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. RUSSELL HOLWADEL
ADAMS, HOEFER, HOLWADEL & ELDRIDGE
400 POYDRAS STREET, SUITE 2450
NEW ORLEANS, LA 70130

Please be notified that **a Motion to Enroll Additional Counsel of Record was filed on September 25, 2017; Hon. Steven M. Miller signed the Order on September 26, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, September 26, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A Bernard

**Deputy Clerk of Court**

FILED
SEP 26 2017
Rita A Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

D1522606

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. JONATHAN A. HUNTER
LISKOW & LEWIS
ONE SHELL SQUARE
701 POYDRAS ST., STE. 5000
NEW ORLEANS, LA 70139-5099

Please be notified that **a Motion to Enroll Additional Counsel of Record was filed on September 25, 2017; Hon. Steven M. Miller signed the Order on September 26, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, September 26, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

**FILED**
SEP 2 6 2017
Rita A. Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

D1522622

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. ROSS J. DONNES
TALBOT, CARMOUCHE, MARCHAND, MARCELLO,
17405 PERKINS ROAD
BATON ROUGE, LA 70810

Please be notified that **a Motion to Enroll Additional Counsel of Record was filed on September 25, 2017; Hon. Steven M. Miller signed the Order on September 26, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, September 26, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
SEP 26 2017
Rita A. Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

LISKOW & LEWIS
LAFAYETTE, LOUISIANA 70505

Payee: Clerk, Lafourche Parish
Vendor ID: 0078

Check #: 35079
Check Date: Oct 03, 2017

| Disb Date | Disb ID | Disbursement Description | Client | Matter | Amount |
| --- | --- | --- | --- | --- | --- |
| Oct 03, 2017 | 631671 | Court Fees | 26705 | 0519 | 140.00 |
| | | Clerk, LaFourche Parish. Additional deposit for court costs | | | |

Disbursements Total: $140.00

132505

FILED
OCT - 5 2017
CLERK OF COURT

10/13 L07SF017535M

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and forgoing document has been forwarded to the following counsel of record by electronic mail, and/or by placing same in the United States mail, postage prepaid, and properly addressed:

George Pivach II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR, LLC
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chase, Louisiana 70037
*Attorney for Mesa Gulf Coast and Tchefuncte Natural Resources, L. L. C.*

Rachel P. Dunaway
LONG LAW FIRM
1800 City Farm Drive, Building 6
Baton Rouge, LA 70806
*Attorney for Billy Proschaska*

Victor Suane, Jr.
Esteban Herrera, Jr.
Sam O. Lumpkin
Hattie V. Guidry
KEAN MILLER LLP
II City Plaza
400 Convention Street , Suite 700
Baton Rouge, La 70802
*Attorney for Devon Energy Production Company LP*

Christopher B. Bailey
RANDAZZO, GIGLIO & BAILEY LLC
P.O. Box 51347
Lafayette, La 70505-1347
*Attorney for Square Mile Energy*

Paul J. Hebert
William H.L. Kaufman
Valerie V. Guidry
OTTINGER HEBERT, L.L.C.
1313 W. Pinhook Road (70503)
Post Office Drawer 52606
Lafayette, LA 70505-2606
*Attorney for Texas Petroleum Investment Co.*

Michael G. Durand
ONBANE LAW FIRM
1200 Camelia Boulevard Suite 300
P.O. Box 3507
Lafayette, La 70502-3507
*Attorney for American Explorer, Inc.*

George Arceneaux, III
Penny Malbrew
Brittan Bush
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
*Attorneys for BP*

Eric E. Jarrell
Michael J. Cerniglia
Nicole M. Babb
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
*Attorneys for ConocoPhillips Company*

Sarah Iiams
KUCKLER POLK WEINER, LLC
1615 Poydras St., Ste 1300
New Orleans, LA 70112
*Attorney for Texas Pacific Oil Company*

Russell Holwadel
ADAMS, HOEFER, HOLWADEL & ELDRIDGE, L.L.C.
400 Poydras St., Suite 2450
New Orleans, LA 70130
*Attorney for Denbury Onshore LLC*

NON-CERTIFIED COPY

James E. Lapeze
Hunter A. Chauvin
Jamie D. Rhymes
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 500
New Orleans, LA 70139
*Attorney for Exxon Mobil Corporation*

George H. Robinson, Jr.
Brian W. Capell
LISKOW & LEWIS
822 Harding Street
P.O. Box 52008
Lafayette, LA 70505-2008
*Attorneys for SM Energy Company*

Daniel C. Hughes
A Professional Law Corporation
126 Heymann Boulevard
Lafayette, Louisiana 70503
*Attorney for Henry Production Company, Inc.*

Jonathan A. Hunter
Elizabeth S. Wheeler
Erin E. Bambrick
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
*Attorneys for Hess Corporation*

Baton Rouge, Louisiana this 5 day of October, 2017.

Ross J. Donnes

FILED
OCT - 9 2017
CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**FILED:** ______________________ ______________________________
**DEPUTY CLERK OF COURT**

**ORDER**

CONSIDERING THE PARTIAL MOTION FOR DISMISSAL WITHOUT PREJUDICE:

IT IS HEREBY ORDERED that all claims asserted herein by plaintiff against Square Mile Energy, LLC and American Explorer, Inc., be and are dismissed without prejudice, each party to bear its own costs for court, reserving to plaintiff all rights against any defendant, person or entity not specifically dismissed herein, and reserving to plaintiff the right to rejoin Square Mile Energy, LLC and/or American Explorer, Inc. during this litigation and that any pleading rejoining Square Mile Energy, LLC and/or American Explorer, Inc. shall relate back to the filing of the original petition or any amendment thereto as provided in La. Code Civ. Proc. Art. 1153.

THUS DONE AND SIGNED on the __ day of _____________, 2017.

______________________________
17TH JUDICIAL DISTRICT COURT JUDGE

FILED
OCT - 9 2017
Dty CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**FILED: ______________________** ______________________
**DEPUTY CLERK OF COURT**

**PARTIAL MOTION TO DISMISS SQUARE MILE ENERGY, LLC AND AMERICAN EXPLORER, INC. WITHOUT PREJUDICE**

NOW INTO COURT through undersigned counsel, comes Golden Ranch Farms, LLC, who moves this Honorable Court to dismiss all claims against Square Mile Energy, LLC and American Explorer, Inc. without prejudice, each party to bear its own costs of court, reserving to plaintiff all rights against any defendant, person or entity not specifically dismissed herein, and reserving to plaintiff the right to rejoin Square Mile Energy, LLC and/or American Explorer, Inc. during this litigation and that any pleading rejoining Square Mile Energy, LLC and/or American Explorer, Inc. shall relate back to the filing of the original petition or any amendment thereto as provided in La. Code Civ. Proc. Art. 1153.

WHEREFORE, the plaintiffs pray for the relief set forth herein.

Respectfully submitted,

TALBOT, CARMOUCHE & MARCELLO

______________________
Donald T. Carmouche (2226)
Victor L. Marcello (9252)
John H. Carmouche (22294)
William R. Coenen, III (27410)
Brian T. Carmouche (30430)
Todd J. Wimberley (34862)
Ross J. Donnes (33098)
D. Adele Owen (21001)
Leah C. Poole (35092)
Caroline H. Martin (33308)
Christopher D. Martin (30613)
17405 Perkins Road
Baton Rouge, Louisiana 70810
Tele: (225) 400-9991
Fax: (225) 448-2568

C. Berwick Duval, II (5109)
Stanwood R. Duval (27732)
Kathryn W. Richard (26486)
DUVAL, FUNDERBURK, SUNDBERY,
RICHARD & WATKINS
101 Wilson Ave.

NON-CERTIFIED COPY

Post Office Box 3017
Houma, La 70361
Tele: (985) 876-6410
Fax: (985) 851-1490

David W. Ardoin (24282)
Matthew D. Ory (31906)
ARDOIN, MCKOWEN & ORY, LLC
505 West 3rd Street
Thibodaux, LA 70301

*Counsel for Plaintiff*

FILED
OCT - 9 2017
Dty CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**FILED:** ______________________ ______________________________

**DEPUTY CLERK OF COURT**

# ORDER

CONSIDERING THE PARTIAL MOTION FOR DISMISSAL WITHOUT PREJUDICE:

IT IS HEREBY ORDERED that all claims asserted herein by plaintiff against Square Mile Energy, LLC and American Explorer, Inc., be and are dismissed without prejudice, each party to bear its own costs for court, reserving to plaintiff all rights against any defendant, person or entity not specifically dismissed herein, and reserving to plaintiff the right to rejoin Square Mile Energy, LLC and/or American Explorer, Inc. during this litigation and that any pleading rejoining Square Mile Energy, LLC and/or American Explorer, Inc. shall relate back to the filing of the original petition or any amendment thereto as provided in La. Code Civ. Proc. Art. 1153.

THUS DONE AND SIGNED on the 11th day of October, 2017.

______________________________
17TH JUDICIAL DISTRICT COURT JUDGE

FILED
OCT - 9 2017
CLERK OF COURT

NON-CERTIFIED COPY

B

# TALBOT, CARMOUCHE & MARCELLO

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

DONALD T. CARMOUCHE*
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN

AUBERT D. TALBOT
(1925-2005)

October 5, 2017

Honorable Annette M. Fontana
Clerk of Court, 17th JDC
LAFOURCHE PARISH DISTRICT COURT
303 W. 3rd Street
Post Office Box 818
Thibodaux, LA 70302-0818

Re: Golden Ranch Farms, LLC v. BP America Production Company, et al.
Docket No. 132505; Div. "B"17th JDC; Parish of
Lafourche; State of Louisiana

Dear Ms. Fontana:

Enclosed please find an original Partial Motion to Dismiss Square Mile Energy, LLC and American Explorer, Inc. Without Prejudice ~~and one~~ copy. Please file the original into the record and return the "date stamped" copy to me in the enclosed self-addressed stamped envelope.

This firm's check in the amount of $75.00 is enclosed representing your filing fee.

With kindest regards, I am

Sincerely,

Ross J. Donnes /nel

Ross J. Donnes

RJD/nel

***Via Email Only***

cc: George Pivach II/Timothy Thriffiley
Rachel P. Dunaway
Victor Suane, Jr. /Esteban Herrera, Jr./Sam O. Lumpkin/Hattie V. Guidry
Christopher B. Bailey
Paul J. Hebert/William H.L. Kaufman/Valerie V. Guidry
Michael G. Durand
George Arceneaux, III
Eric E. Jarrell/Michael J. Cerniglia/Nicole M. Babb

Req/Not: Talbot Hughes
Adams Liskow
Ottinger
Liskow

NON-CERTIFIED COPY

Sarah Iiams
Russell Holwadel
James E. Lapeze /Hunter A. Chauvin/Jamie D. Rhymes
George H. Robinson, Jr./Brian W. Capell
Daniel C. Hughes
Jonathan A. Hunter/Elizabeth S. Wheeler/Erin E. Bambrick
C. Berwick Duval/II/Stanwood R. Duval/Kathryn W. Richard
David W. Ardoin/Matthew D. Ory

FILED
OCT - 9 2017
CLERK OF COURT

NON-CERTIFIED COPY

**TALBOT, CARMOUCHE & MARCELLO** 16097

Lafourche Parish Clerk of Court 10/5/2017

Accounts Receivable:Case Expenses:Cour Mtn to Dismiss Square Mile and American Explorer 2 75.00

FILED
OCT - 9 2017
CLERK OF COURT

Litigation Account Docket 132,505; Golden Ranch v BP, et al 75.00

NON-CERTIFIED COPY

**D1534189**

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. PAUL J. HEBERT
OTTINGER HEBERT, LLC
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606

Please be notified that **a Partial Motion to Dismiss Square Mile Energy, LLC and American Explorer, Inc., Without Prejudice was filed on October 11, 2017; Hon. Steven M. Miller signed the Order on October 11, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, October 11, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita a Bernard

**Deputy Clerk of Court**

FILED
OCT 11 2017
Rita a Bernard
CLERK OF COURT

NON-CERTIFIED COPY

D1534171

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. JONATHAN A. HUNTER
LISKOW & LEWIS
701 POYDRAS ST., STE. 5000
NEW ORLEANS, LA 70139

Please be notified that **a Partial Motion to Dismiss Square Mile Energy, LLC and American Explorer, Inc., Without Prejudice was filed on October 11, 2017; Hon. Steven M. Miller signed the Order on October 11, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, October 11, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
OCT 11 2017
Rita A. Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

D1534163

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. GEORGE H. ROBINSON, JR.
LISKOW & LEWIS
P.O. BOX 52008
LAFAYETTE, LA 70505

Please be notified that a **Partial Motion to Dismiss Square Mile Energy, LLC and American Explorer, Inc., Without Prejudice was filed on October 11, 2017; Hon. Steven M. Miller signed the Order on October 11, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, October 11, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
OCT 11 2017
Rita A. Bernard
CLERK OF COURT
Dy

NON-CERTIFIED COPY

D1534155

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. DANIEL C. HUGHES
ATTORNEY AT LAW
126 HEYMANN BOULEVARD
LAFAYETTE, LA 70505

Please be notified that **a Partial Motion to Dismiss Square Mile Energy, LLC and American Explorer, Inc., Without Prejudice was filed on October 11, 2017; Hon. Steven M. Miller signed the Order on October 11, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, October 11, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

**FILED**

OCT 11 2017

Rita A. Bernard
Dty CLERK OF COURT

NON-CERTIFIED COPY

D1534148

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. RUSSELL HOLWADEL
ADAMS, HOEFER, HOLWADEL & ELDRIDGE
400 POYDRAS STREET, SUITE 2450
NEW ORLEANS, LA 70130

Please be notified that **a Partial Motion to Dismiss Square Mile Energy, LLC and American Explorer, Inc., Without Prejudice was filed on October 11, 2017; Hon. Steven M. Miller signed the Order on October 11, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, October 11, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

**FILED**

OCT 11 2017

Rita A. Bernard

Dy CLERK OF COURT

NON-CERTIFIED COPY

D1534197

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. ROSS J. DONNES
TALBOT, CARMOUCHE, MARCHAND, MARCELLO,
17405 PERKINS ROAD
BATON ROUGE, LA 70810

Please be notified that a **Partial Motion to Dismiss Square Mile Energy, LLC and American Explorer, Inc., Without Prejudice was filed on October 11, 2017; Hon. Steven M. Miller signed the Order on October 11, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, October 11, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
OCT 11 2017
Rita A. Bernard
CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505**

**DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and forgoing document has been forwarded to the following counsel of record by electronic mail, and/or by placing same in the United States mail, postage prepaid, and properly addressed:

George Pivach II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR, LLC
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chase, Louisiana 70037
*Attorney for Mesa Gulf Coast and Tchefuncte Natural Resources, L. L. C.*

Victor Suane, Jr.
Esteban Herrera, Jr.
Sam O. Lumpkin
Hattie V. Guidry
KEAN MILLER LLP
II City Plaza
400 Convention Street , Suite 700
Baton Rouge, La 70802
*Attorney for Devon Energy Production Company LP*

Paul J. Hebert
William H.L. Kaufman
Valerie V. Guidry
OTTINGER HEBERT, L.L.C.
1313 W. Pinhook Road (70503)
Post Office Drawer 52606
Lafayette, LA 70505-2606
*Attorney for Texas Petroleum Investment Co.*

George Arceneaux, III
Penny Malbrew
Brittan Bush
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
*Attorneys for BP*

Eric E. Jarrell
Michael J. Cerniglia
Nicole M. Babb
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
*Attorneys for ConocoPhillips Company*

Sarah Iiams
Philip Wood
KUCKLER POLK WEINER, LLC
1615 Poydras St., Ste 1300
New Orleans, LA 70112
*Attorney for Texas Pacific Oil Company*

Russell Holwadel
ADAMS, HOEFER, HOLWADEL & ELDRIDGE, L.L.C.
400 Poydras St., Suite 2450
New Orleans, LA 70130
*Attorney for Denbury Onshore LLC*

George H. Robinson, Jr.
Brian W. Capell
LISKOW & LEWIS
822 Harding Street
P.O. Box 52008
Lafayette, LA 70505-2008
*Attorneys for SM Energy Company*



NON-CERTIFIED COPY

Scott C. Sinclair
SINCLAIR LAW FIRM LLC
Post Office Box 1026
Shreveport, LA 71163-1026
*Attorney for Tensas Delta Exploration Company, LLC*

Jamie D. Rhymes
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
and
James E. Lapeze
Jonathan J. Fox
LISKOW & LEWIS
701 Poydras Street
Suite 5000
New Orleans, LA 70139-5099
*Attorneys for Exxon Mobil Corporation*

Daniel C. Hughes
A Professional Law Corporation
126 Heymann Boulevard
Lafayette, Louisiana 70503
*Attorney for Henry Production Company, Inc.*

Jonathan A. Hunter
Elizabeth S. Wheeler
Erin E. Bambrick
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
*Attorneys for Hess Corporation*

Baton Rouge, Louisiana this 18th day of October, 2017.

Ross J. Donnes

**FILED**
OCT 23 2017
CLERK OF COURT



NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUEST TO DEVON ENERGY PRODUCTION LP**

**TO: DEVON ENERGY PRODUCTION COMPANY LP**
Through its counsel of record:
Victor Suane, Jr.
Esteban Herrera, Jr.
Sam O. Lumpkin
Hattie V. Guidry
KEAN MILLER LLP
II City Plaza
400 Convention Street , Suite 700
Baton Rouge, La 70802

Pursuant to the applicable provisions of the Louisiana Code of Civil Procedure, Plaintiffs propound the following discovery to Defendants to be answered within the delays provided by law. The production herein requested shall be made at offices of Talbot, Carmouche & Marcello, located at 17405 Perkins Road, Baton Rouge, Louisiana 70810, or at such other convenient location as may hereafter be agreed to by the parties.

The information, documents and things described and sought herein are currently in the possession, custody, or control of Defendant, are not privileged and are either relevant to the subject matter of this action or are reasonably calculated to lead to discovery of admissible evidence in this action.

In responding to these discovery requests, you are required to furnish all information that is available to you, including information in the possession of your attorneys, accountants, agents, employees, representatives, investigators or any other persons directly or indirectly employed by or connected with you or your attorney, and anyone else otherwise subjected to your control. The response shall be verified and shall identify the documents, electronic files, papers, books, accounts, letters, photographs, objects, or tangible things falling within the category specified in the demand.

In responding to these interrogatories and requests for production, you must make a diligent search of your records and of other papers and materials in your possession or available to you or



NON-CERTIFIED COPY

your representatives. If a request has subparts, answer each subpart separately and in full and do not limit your response to the request as a whole. If these interrogatories or requests for production cannot be responded to in full, respond to the extent possible, specify the reason for your inability to respond to the remainder, and state whatever information and knowledge you have regarding the portion not responded to. If you cannot provide a complete response to any of these interrogatories or requests for production because your investigation of the incident(s) which is the subject of ths litigation is continuing or incomplete, please give an approximate date of the time when you expect your investigation to be complete so as to enable you to respond fully to the particular inquiry.

You are hereby notified that at the time of the trial of this action the propounding party will as the Court for an order precluding you from introducing evidence related to the subject matter of these interrogatories and requests for production which has not been produced or otherwise provided.

## INSTRUCTIONS

1. In responding to these discovery requests, please identify anyone answering or aiding in the preparation of answers of these Interrogatories and Request for Production, and give his/her fully name, residence, business address and occupation, and, if the Defendant is a business entity, please state the office that person holds with the Defendant or his/her relation to the Defendant.

2. These discovery requests are continuing and any information secured subsequent to the filing of your answers which would have been able to be included in the answers had it been known or available, are to be supplied by supplemental answers.

3. These discovery requests as for information known to you, or anyone acting on your behalf.

4. Whenever the expression "and/or" is used in these discovery requests, the information called for should be set out both in the conjunctive and disjunctive, and whenever the information is set out in the disjunctive; it should be given separately for each and every element sought.

5. Whenever a date, amount or other computation or figure is requested, the exact date, amount or other computation or figures is to be given, unless it is not known. In such event, the approximate date, amount, computation or figure, or the best estimate thereof, should be given, and the answer should state that such date, amount, computation or figure is such an approximation or estimate.



NON-CERTIFIED COPY

6. No answer is to be left blank. If the answer to a discovery request or a subparagraph of a discovery request is "none," "unknown" or "not applicable," such statement must be written in the answer.

7. If any information called for by this discovery request is being withheld on the grounds that it is allegedly subject to an attorney-client privilege, work-product privilege, or any other privilege, state with respect to such information: (I) the alleged grounds for the privilege; (ii) the identify and position of all preparers and/or senders of the information; (iii) the identify and position of all actual recipients of the information (regardless of the time of said receipt); (iv) the identify and position of all intended recipients of the information; and (v) the subject matter and context of the withheld information, all with sufficient specificity to enable counsel and, if needed, the court to evaluate the propriety of the privilege claim.

8. Unless otherwise specified, each discovery request herein seeks information from the date on which you or your predecessor(s) first considered initiating oil and gas exploration and production and/or related operations at the Bayou Des Allemands Field and Larose Field (the "**Fields**") and vicinity in Lafourche Parish, Louisiana (the "**Parish**") until and including the date on which the answers to these interrogatories and requests for production are prepared (the "**relevant time period**"). If the relevant time period contains, for purposes of a particular discovery request, a number of sub-periods (for example, there may have been three different officers who held a single position over time), your answer should be for the entire relevant time period and set forth the date of each such officer's change and description of said change.

9. With respect to each request for production and/or interrogatory, in addition to supplying the information requested, you are to identify all documents that are related to the subject matter of each request for production and/or interrogatory and your answer thereto.

10. Unless otherwise defined in these interrogatories and requests for production, the following definitions shall apply herein:

a) "**Plaintiffs**" refers to the parties listed as plaintiffs in this action.

b) "**Plaintiffs' property**" means the land and other immovable property that is identified in Plaintiffs' pleadings as the subject of this action, together with all of Plaintiffs' real and personal rights and moveable property which is located on, or which otherwise pertains to



NON-CERTIFIED COPY

said land or other immovable property.

c) "**Person**" means any natural or juridical person, including all types of business entities, trusts, chartered organizations, and any other types of organizations that are legally recognized by any domestic or foreign court or government.

d) "**Predecessor**" means any person through which you previously transacted business, or any affiliate from whom you acquired any legal interest in the Plaintiffs' property or any contractual rights which pertained, in whole or in part, to the Plaintiffs' property.

e) "**Affiliate**" means any person in which you own (directly or indirectly) a majority or controlling interest, any person whose policies or decisions you have the ability to substantially control (directly or indirectly), any person that controls you (directly or indirectly), or any person with whom you are under common control (directly or indirectly).

f.) "**You**" and "**your**" refer jointly and severally to each defendant to whom this set of interrogatories and requests for production is addressed. In addition, in the appropriate context, theses words also include all response acting in your interest or on your behalf in this action, including your attorneys, employees, investigators, consultants, etc. For example, when a question asks for "your" knowledge or information about a particular subjection, then if "you" are a corporation, your answer must be based on the knowledge of the corporation.

g) "**Defendant,**" "**Defendants,**" "**you,**" or "**your,**" as used herein, include with respect to a defendant corporation, its parents; subsidiaries; its merged or acquired predecessors; affiliates; present and former officers, agents, employees, and all other persons exercising or purporting to now or at one time exercise discretion, make policy, and make decisions, or participate in any of the foregoing functions. Any reference to an individual defendant includes all agents, employees, and all other persons acting or purporting to act on behalf of that defendant.

h) "**Policy**" means each and every rule, procedure, guideline, program, investigation, study, evaluation, or other similar organizational initiative or directive, formal or informal, and each common understanding of any course of conduct which is or was recognized as such by the subjection person. The term "policy" also includes any of the items described above which were developed or published by other persons, but were adopted, in whole or in part, by the



NON-CERTIFIED COPY

subject person.

I) "**Document**" is used herein in its broadest sense and includes any and all recorded information, regardless of the manner in which it was recorded. The term "document" includes, without limitation, all communications as well as any and all printed, typewritten, handwritten, or drawn matters, of whatever character, and all reproductions thereof, including, but not limited to, letters, correspondence, memoranda, notes, telegrams, pamphlets, reports, ledgers, books of account, invoices, receipts, contracts, agreements, brochures, maps, diagrams, illustrations, publications, transcription, records, studies, books, working papers, diaries, calendars, charts, papers, drawings, sketches, graph (statistical or other), data sheets, data processing system disks, CD ROM disks, cards or tapes, sound or video recording and every manner of written, printed, or recorded graphic or photographic matter, sound production or computer entry, however any of the above may have been produced, reduced, punched, stored, taped, transcribed or received, during the relevant time period and which are now or formerly in your possession, custody or subject to your control.

j) "**Dispose**" or "**disposal**" is defined as any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment.

k) "**Exposure**" refers to actual contact with a chemical by a living organism, whether by inhalation, absorption through skin, or ingestion.

l) "**Facility**" is defined as, and any oil and gas exploration and production related building, structure, installation, equipment, pipe, flowline, or pipeline, well, pit, pond, lagoon, amperage container, tank battery, gas compression station, ga processing plant, SWD facility, sump, or other place or works therein and its component equipment and parts.

m) "**Toxic**" or "**toxicological effect**" refers to any adverse biological or health effect that may result from either acute (short term) or chronic (long term) exposure to a chemical. Toxicological effects in humans include, but are not limited to, carcinogenic, teratogenic, mutagenic, hormone disruption, respiratory diseases, liver abnormalities, birth defects, central nervous system disorders, skin irritations, nausea and other ailments and/or afflictions. The terms also include any increased risk of contracting or exhibiting any such adverse effect.



NON-CERTIFIED COPY

n) “**Hazardous substance,**” “**hazardous waste**,” or **hazardous material**” refers to a substance, waste or material which either meets the definition of Section and/101 (4) of the Comprehensive Environmental Response, Compensation and Liability Action (“**Superfund Act**”), 42 U.S.C. § 9601(14), or which possess characteristics that otherwise render such substance, waste, or material hazardous, harmful, and/or toxic. Since this list or lists is relatively straightforward, there is any doubt in your mind, please list the chemical, although you may qualify your answer. Even if any hazardous substance is exempted from regulation under RCRA, CERCLA, or otherwise, please list it if it is otherwise toxic and/or harmful. If the substance in question contains a constituent or any hazardous substance, please identify the constituent and substance.

o) “**Waste**” includes any and all liquid, solid or gaseous material stored, treated or disposed of at the facility, and includes “hazardous waste” and hazardous substances.

p) “**Generate**” refers to each and every means by which materials, hazardous materials, substances or wastes were produced, manufactured, made, assembled, packaged, placed, or otherwise handled.

q) “**Pit**” refers to any natural topographic depression or man-made excavation used to hold or store product, waste, or injected fluids or substances, and/or any other waste, component or byproduct of the process of oil and gas exploration and production activities for handling, transportation, treatment, storage, or disposal. The term includes sumps and other containment structures, regardless of capacity.

r) “**Well**” refers to any hole or boring drilled, excavated, inserted or installed into the subsurface of the earth, and any and all items of associated equipment and/or materials, whether for the purpose of waste disposal, monitoring, sampling, testing, relief, recovery, and/or production or injection of any substance or material. The term includes any and all piezometers, lysimeters, and standpipes.

s) “**Unit**” or “**equipment**” means any tank, pipe, valve, pit, separator, pump, etc., or any combination of these or other equipment and its component parts which form or have formed a part of any onshore or offshore exploration and production facility or were used in any aspect of the process by which various oilfield wastes received at a facility were handled,



NON-CERTIFIED COPY

treated, transported and/or disposed of by any Defendant.

t) "**Outfall**" or "**point source**" means any pipe, ditch or other conveyance which either discharges or has discharged waters, waste waters, pollutants, or materials of any kind onto the ground or into surface waters or ground waters on or near the exploration or production facility. It shall include but not be limited to the meanings given that term under the Federal and Louisiana Pollution Discharge Elimination System Regulations and the Federal Clean Water Act.

u) "**Non-hazardous oilfield waste**" or "**NOW**" means waste substances which are generated in the exploration and/or production of oil and gas. It shall include those substances classified as non-hazardous oilfield waste by Louisiana Department of Natural Resources ("**DNR**") regulations even though they may in fact be hazardous, toxic or otherwise harmful to human health and/or the environment. It shall include the chemical constituents of such wastes.

v) "**NORM**" or "**naturally occurring radioactive material**" means any radioactivity associated with subsurface radionuclides, including radium226, radium228, plutonium210, and any NOW which contains measurable quantities of said radionuclides above South Louisiana background levels.

w) "**Product**" means any substance or substances received or generated by any facility which are not wastes and may have some reuse or other value.

**REQUEST FOR PRODUCTION NO. 1:**

Produce any and all documents and information relating to the manner, methods, and process by which produced water, drilling mud, drilling fluids, NORM, and any other product or waste were handled, transported, stored, deposited, treated, disposed of or otherwise managed during operations in the Fields.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents and information relating to any inspection of the Fields conducted by the Louisiana Department of Environmental Quality (LDEQ), the Louisiana Department of Natural Resources (LDNR), United States Coast Guard (USCG), United States Environmental Protection Agency (USEPA), or any other local, state, or federal regulating agency including, but not limited



NON-CERTIFIED COPY

to, all correspondence, memoranda, post inspection analysis and summaries of findings, penalty notices, Notices of Violation (NOV), compliance orders, administrative orders, presentations, meeting minutes, response recommendations, or other similar documents or information.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents and information relating to all Spill Prevention Countermeasure Plans (SPCC), Pollution Prevention Plans (PPP), and Storm Water Pollution Prevention Plans (SWPPP) affecting your operations at the Fields, together with all supporting calculations, documents, approved response contractor lists, maps, drawings, routine inspection forms, interim plans, revisions, draft plans, NODs, or other similar documents or information.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents and information relating to all unauthorized discharge and incident notifications filed during your operations in the Fields, together with all supporting calculations, spreadsheets, databases, memoranda, draft notifications, root cause failure analyses, event summaries, presentations, design change authorizations, response/remedial recommendations, or other similar documents or information.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents and information relating to any surface impoundment or pit utilized for any purpose at the Fields, including the precise location of any such impoundment or pit, the date on which such impoundment or pit was constructed, the dimensions of any such impoundment or pit, the types of waste or materials that were placed into such impoundment or pit, the date on which any such impoundment or pit was closed, and the method of closure and any post-closure monitoring conducted.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all documents relating to the manner and methods by which your oil and gas exploration/production operations were conducted in the Fields, including, but not limited to, the serial numbers of all wells drilled and their drilling, operation, production and maintenance histories; all documents pertaining to the construction, design, installation, operation, use, maintenance and removal of on-site equipment utilized during operations (e.g., pumps, compressors, flow lines, tank batteries, treaters, sales meters, any other production or processing equipment or infrastructure).



NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any and all leases, subleases, assignments, or other agreements relating to Plaintiffs' property.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents which indicate the quantity of produced water, including but not limited to BS&W reports, Well Potential Reports, or other similar documents or information, generated by your operations at the Fields for the time frame you operated or otherwise held an interest in Plaintiffs' property and provide any and all documents that state the manner in which such produced water was managed, treated, or disposed.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all well and field files relating to the Fields.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all pit files and pit closure files relating to the Fields.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all environmental surveys and assessments performed or conducted in the Fields.

**REQUEST FOR PRODUCTION NO. 12:**

Produce any and all documents relating to your use of salt water disposal and injection wells in the Fields.

**REQUEST FOR PRODUCTION NO. 13:**

Produce any and all documents relating to your or anyone's disposal of produced water on Plaintiffs' property generated from properties other than Plaintiff's property.

**REQUEST FOR PRODUCTION NO. 14:**

Produce any and all documents and information relating to any examinations, studies, measurements, tests, inspections, and/or reviews that have been conducted or commissioned to detect the presence and levels of pollution or contamination of any kind in the Fields including, but not limited to, documents which evidence the date on which they occurred, by whom they were conducted, the purpose for which they were conducted, the results, findings, and conclusions reached as a result of such examinations, and all data generated by any such examination.



NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents and information relating to any attempt by you to warn or inform Plaintiffs or Plaintiffs' ancestors in title, of the existence, presence, assessment, removal, abandonment, and/or fate and transport of pollution or contamination on the Plaintiffs' property.

**REQUEST FOR PRODUCTION NO. 16:**

Produce any and all documents and information relating to all actual or proposed remedial activities in the Fields.

**INTERROGATORY NO. 1:**

Identify all environmental sampling performed by you or on your behalf in the Fields.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents and information relating to any and all due diligence or other evaluations conducted as part of the purchase or sale of your interests in the Fields.

**REQUEST FOR PRODUCTION NO. 18:**

Produce any and all documents pertaining to the nature and extent of the legal and/or other relationship between you and your predecessor(s) in the Fields, including, but not limited to: the manner in which you acquired your predecessor(s) (e.g., by merger, etc.); the extent of assets and liabilities acquired as part of such acquisition; the date on which such acquisition occurred; the date on which such interests, or any portion thereof, were acquired, or were divested and from whom or to whom; any current or former agreements governing any relationship between you and your predecessor(s), or other similar documents or information.

**REQUEST FOR PRODUCTION NO. 19:**

Produce any and all documents pertaining to the purpose, nature, content, and scope of all of your policies (see definition above) referencing, relating or pertaining to the design, construction, operation, maintenance, closure, and/or remediation of earthen tanks, ponds or other impoundments (e.g., pits) used in onshore exploration and/or production activities, including, but not limited to, the following: (I) the names of all persons charged with initiating, overseeing, and/or implementing any such policies; (ii) the justification or reasons for implementing any such policies; (iii) the dates on which any such policies were implemented, completed, or terminated; (iv) the results or findings of any investigation or evaluation of the effects of any such policies; (v) all internal or external record keeping or reporting requirements of any such policies, including the manner and location in which



NON-CERTIFIED COPY

such information was retained; and (iv) the current status of any such policies.

**REQUEST FOR PRODUCTION NO. 20:**

Produce any and all documents pertaining to projects or initiatives implemented by you or your predecessor(s) in Louisiana pursuant to any corporate environmental policy, procedure, guideline, and/or program to remediate, remove, close, or otherwise mitigate soil and/or groundwater contamination known or suspected to have its origin from earthen tanks or ponds (e.g.,pits) including, but not limited to, the following: the location in which any such project was implemented; the data and/or study which led to the initiation of any such project; the manner in which any such project was carried out or completed; the names of individuals and/or subcontractors utilized or charged with implementing any such project; the costs of completing any such project; all alternative considered in deciding to carry out the project in the manner selected; and all data and/or findings resulting from the completion of any such project.

**REQUEST FOR PRODUCTION NO. 21:**

Produce any and all documents pertaining to the purpose, nature, content, and scope of all your or your predecessor(s)'s corporate environmental policies, procedures, guidelines, programs, investigations, studies, evaluations, and/or other similar corporate initiative referencing, relating or pertaining to the storage, management, and/or disposal of produced waters or any other NOW waste generated by onshore exploration and production activities including, but not limited to, the following: the names of persons charged with initiating, overseeing, and/or implementing any such procedure or program; the justification or reason for implementing any such procedure; the dates on which any such program or procedure was implemented, completed, or terminated; the results of findings of any such program or procedure; all internal or external record keeping or reporting requirements of any such program or procedure and the manner and location in which such information was retained; and the current status of any such program or procedure.

**REQUEST FOR PRODUCTION NO. 22:**

Produce any and all document pertaining to the purpose, nature, content, and scope of all your corporate environmental and/or safety policies, procedures, guidelines, programs, investigations, studies, evaluations, and/or other similar corporate initiative referencing, relating or pertaining to the detection, monitoring, storage, management, and/or disposal of naturally occurring radioactive materials (NORM) generated by onshore exploration and production activities including



NON-CERTIFIED COPY

but not limited to, the following: the names of persons charged with initiating, overseeing, and/or implementing any such procedure or program; the justification or reasons for implementing any such procedure or program; the dates on which any such program or procedure was implemented, completed, or terminated; the results or findings of any such program or procedure; all internal or external record keeping or reporting requirements of any such program or procedure and the manner and location in which such information was retained; and the current status of any such program or procedure.

**REQUEST FOR PRODUCTION NO. 23:**

Produce any and all documents relating to environmental assessments, audits, remediation activities, or other investigations at exploration and procedure properties in Louisiana conducted after your interest in such properties was divested or abandoned.

**REQUEST FOR PRODUCTION NO. 24:**

Produce any and all documents relating to any remediation activities performed at any of your current or past fee owned properties in Louisiana.

**REQUEST FOR PRODUCTION NO. 25:**

Produce any and all documents relating to any actions taken in response to contamination of Class I, Class II, or Class III aquifers in connection with your activities in Louisiana.

**REQUEST FOR PRODUCTION NO. 26:**

Produce documents that identify the exact or approximate date (month/year) and location (field and state) in which you first used synthetically lined pits (other than "clay" liners).

**REQUEST FOR PRODUCTION NO. 27:**

Produce any and all documents that discuss the potential of pits to seep and leak vertically or horizontally.

**REQUEST FOR PRODUCTION NO. 28:**

Produce any and all documents that show that pits do not have the potential to seep and leak vertically or horizontally.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all documents identifying the methods by which you or your predecessor9s) closed pits in Louisiana prior to and after the amendment of Statewide Order 29B in 1986.



NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 30:**

Produce any and all documents and information relating to your installation of any ground water monitoring wells at any Louisiana onshore exploration and production facility used to determine if contamination was migrating through the subsurface environment.

**REQUEST FOR PRODUCTION NO. 31:**

Please produce all financial statements, tax returns, 10K reports, and any other financial report or disclosure made to any local, state, or federal agency for the last five years.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce all meeting minutes, memoranda, emails, presentations, or other similar documents and information that relate to soil and groundwater impact in the Fields.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all water, storm water, and wastewater permits applied for or granted by you in the Fields pursuant to any Louisiana or National Pollutant Discharge Elimination System (LDES/NPDES) program, any general permitting program, or any other state or federal water/waste water permit program.

**REQUEST FOR PRODUCTION NO. 34:**

Produce any and all documents evidencing that you obtained "written permission to dispose of brine in a manner acceptable to the Department of Minerals and the Stream Control Commission of the State of Louisiana" within the meaning of XIII of Statewide Order 29, dated July 15, 1941.

**REQUEST FOR PRODUCTION NO. 35:**

Produce any and all trade journals, publications, studies, white papers, or other industry document relating to exploration and production pits, produced water management/disposal, soil and ground water remediation, and NORM.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all authorizations for expenditure (AFE) relating to any soil or ground water response, remediation, or other project associated with pits, tank batteries, or salt water disposal wells in the Fields.

**REQUEST FOR PRODUCTION NO. 37:**

Produce any and all groundwater certifications obtained or applied for in the Fields.



NON-CERTIFIED COPY

**INTERROGATORY NO. 2:**

Please describe any searches of databases, file servers, email servers or any other electronic data repositories which you conducted for the purpose of identifying or locating documents or other information responsive to the above discovery requests. For each search that was performed, please include a description of: I) the databases, servers or repositories searched; (ii) the search tools or software used to conduct the searches; and (iii) the search terms and/or queries that were executed.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce any spreadsheets, tables, indexes, lists or other electronic documents which contain the results of the searches (if any) described in your answer to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce any documents which discuss, describe or otherwise relate or pertain to any of the searches identified in your answer to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 40:**

If any documents responsive to these discovery requests were withheld on the basis of any privilege, please produce a privileged log containing the information described in Section 7 of the instructions set forth above.

By attorneys:

Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar #9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
Todd J. Wimberley, Bar #34862
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
Leah C. Poole, Bar #35092
Caroline H. Martin, Bar #33308
Christopher D. Martin, Bar #30613
**TALBOT, CARMOUCHE & MARCELLO**
17405 Perkins Road
Baton Rouge, LA 70810
Tele: (225) 400-9991
Fax: (225) 448-2568

C. Berwick Duval, II (5109)
Stanwood R. Duval (27732)
Kathryn W. Richard (26486)
DUVAL, FUNDERBURK, SUNDBERY,
RICHARD & WATKINS



NON-CERTIFIED COPY

101 Wilson Ave.
Post Office Box 3017
Houma, La 70361
Tele: (985) 876-6410
Fax: (985) 851-1490

David W. Ardoin (24282)
Matthew D. Ory (31906)
ARDOIN, MCKOWEN & ORY, LLC
505 West 3rd Street
Thibodaux, LA 70301

*Counsel for Plaintiff*

FILED
OCT 23 2017
CLERK OF COURT



NON-CERTIFIED COPY

3

# TALBOT, CARMOUCHE & MARCELLO

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

DONALD T. CARMOUCHE*
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN

AUBERT D. TALBOT
(1925-2005)

October 18, 2017

Honorable Annette M. Fontana
Clerk of Court, 17th JDC
LAFOURCHE PARISH DISTRICT COURT
303 W. 3rd Street
Post Office Box 818
Thibodaux, LA 70302-0818

Re: Golden Ranch Farms, LLC v. BP America Production Company, et al.
Docket No. 132505; Div. "B" 17th JDC; Parish of
Lafourche; State of Louisiana

Dear Ms. Fontana,

Enclosed please find Plaintiff's Second Set of Discovery Request to Devon Energy Production LP. Please file the original into the record and return the "date stamped" copy to me in the enclosed self-addressed stamped envelope.

This firm's check in the amount of $75.00 is enclosed representing your filing fee.

With kindest regards, I am

Sincerely,

Ross J. Donnes /nel

Ross J. Donnes

RJD/nel
Enclosure

FILED
OCT 23 2017
CLERK OF COURT

NON-CERTIFIED COPY

***Via Email Only***

cc: George Pivach II/Timothy Thriffiley
Victor Suane, Jr. /Esteban Herrera, Jr./Sam O. Lumpkin/Hattie V. Guidry
Paul J. Hebert/William H.L. Kaufman/Valerie V. Guidry
George Arceneaux, III
Eric E. Jarrell/Michael J. Cerniglia/Nicole M. Babb
Sarah Iiams/Philip Wood
Russell Holwadel
George H. Robinson, Jr./Brian W. Capell
Daniel C. Hughes
Jonathan A. Hunter/Elizabeth S. Wheeler/Erin E. Bambrick
C. Berwick Duval/II/Stanwood R. Duval/Kathryn W. Richard
David W. Ardoin/Matthew D. Ory
Scott C. Sinclair
Jamie D. Rhymes
James E. Lapeze/Jonathan J. Fox

NON-CERTIFIED COPY

**TALBOT, CARMOUCHE & MARCELLO** 16132

Lafourche Parish Clerk of Court 10/19/2017

Accounts Receivable:Case Expenses:Cour P's 2nd Set of Discovery to Devon 75.00

FILED

OCT 23 2017

CLERK OF COURT

Litigation Account Docket 132,505; Golden Ranch v BP, et al 75.00

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**FILED:** ______________________ ______________________________

**DEPUTY CLERK OF COURT**

********************************************************************************

**AFFIDAVIT OF NOTICE PURSUANT TO La. R.S. 30:29**

**BEFORE ME,** personally came and appeared:

**ROSS J. DONNES**

who, after being duly sworn did depose and say that:

He is the attorney of record for plaintiff in the above captioned matter.

That on October 3, 2017, pursuant to La. R.S. 30:29, plaintiffs mailed, via certified mail, return receipt requested, notice along with the petition and amending petitions in the captioned matter to:

Honorable Commissioner Richard Ieyoub
Office of Conservation
617 North Third Street
P.O. Box 94275
Baton Rouge, LA 70804-9275

Honorable Jeff Landry
Attorney General
1885 N. Third Street
P.O. Box 94005
Baton Rouge, LA 70804

As evidenced by the Return Receipts, which are attached hereto, said notice were received on October 4, 2017 by Melissa Brown for Honorable Jeff Landry and on October 10, 2017 by Barbara Cleary for Honorable Richard Ieyoub.

ROSS J. DONNES

SWORN TO AND SUBSCRIBED BEFORE ME THIS 23rd DAY OF October, 2017.

NOTARY PUBLIC
Happy Bourgeois Zeller, #49922

FILED
OCT 26 2017
Dy CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and forgoing document has been forwarded to the following counsel of record by electronic mail, and/or by placing same in the United States mail, postage prepaid, and properly addressed:

George Pivach II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR, LLC
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chase, Louisiana 70037
*Attorney for Mesa Gulf Coast and Tchefuncte Natural Resources, L. L. C.*

Rachel P. Dunaway
LONG LAW FIRM
1800 City Farm Drive, Building 6
Baton Rouge, LA 70806
*Attorney for Billy Proschaska*

Victor Suane, Jr.
Esteban Herrera, Jr.
Sam O. Lumpkin
Hattie V. Guidry
KEAN MILLER LLP
II City Plaza
400 Convention Street , Suite 700
Baton Rouge, La 70802
*Attorney for Devon Energy Production Company LP*

Paul J. Hebert
William H.L. Kaufman
Valerie V. Guidry
OTTINGER HEBERT, L.L.C.
1313 W. Pinhook Road (70503)
Post Office Drawer 52606
Lafayette, LA 70505-2606
*Attorney for Texas Petroleum Investment Co.*

George Arceneaux, III
Emily C. Borgen
Penny Malbrew
Brittan Bush
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
*Attorneys for BP*

Eric E. Jarrell
Michael J. Cerniglia
Nicole M. Babb
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
*Attorneys for ConocoPhillips Company*

Sarah Iiams
Philip Wood
KUCKLER POLK WEINER, LLC
1615 Poydras St., Ste 1300
New Orleans, LA 70112
*Attorney for Texas Pacific Oil Company*

Russell Holwadel
ADAMS, HOEFER, HOLWADEL & ELDRIDGE, L.L.C.
400 Poydras St., Suite 2450
New Orleans, LA 70130
*Attorney for Denbury Onshore LLC*

George H. Robinson, Jr.
Brian W. Capell
LISKOW & LEWIS
822 Harding Street
P.O. Box 52008
Lafayette, LA 70505-2008
*Attorneys for SM Energy Company*

NON-CERTIFIED COPY

Scott C. Sinclair
SINCLAIR LAW FIRM LLC
Post Office Box 1026
Shreveport, LA 71163-1026
*Attorney for Tensas Delta Exploration Company, LLC*

Daniel C. Hughes
A Professional Law Corporation
126 Heymann Boulevard
Lafayette, Louisiana 70503
*Attorney for Henry Production Company, Inc.*

Jamie D. Rhymes
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
and
James E. Lapeze
Jonathan J. Fox
LISKOW & LEWIS
701 Poydras Street
Suite 5000
New Orleans, LA 70139-5099
*Attorneys for Exxon Mobil Corporation*

Jonathan A. Hunter
Elizabeth S. Wheeler
Erin E. Bambrick
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
*Attorneys for Hess Corporation*

Baton Rouge, Louisiana this 23rd day of October, 2017.

________________________
Ross J. Donnes

FILED
OCT 2 6 2017
Rita A. Bernard
Dty CLERK OF COURT

NON-CERTIFIED COPY

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

7014 0150 0001 3143 7344

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | 13.30 |

Postmark Here

(Postmark: CLIMAT... BATON ROUGE LA 70810 OCT 03 2017 STORAGE CPU)

Honorable Commissioner Richard Ieyoub
Office of Conservation
617 North Third Street
P.O. Box 94275
Baton Rouge, Louisiana 70804

Golden Ranch

PS Form 3800, August 2006 See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honorable Commissioner Richard Ieyoub
Office of Conservation
617 North Third Street
P.O. Box 94275
Baton Rouge, Louisiana 70804

9590 9402 2408 6249 3847 96

2. Article Number *(Transfer from service label)*
7014 0150 0001 3143 7344

A. Signature ☐ Agent ☐ Addressee
X

B. Received by (Printed Name) Barbara Cleary
C. Date of Delivery OCT 0 2017

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Barbara Cleary

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

Golden Ranch

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only: No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

7014 0150 0001 3143 7375

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | 13.30 |

Postmark Here

(Postmark: CLIMAT... BATON ROUGE LA 70810 OCT 03 2017 STORAGE CPU)

Honorable Jeff Landry
Attorney General
1885 N. Third Street
P.O. Box 94005
Baton Rouge, Louisiana 70804

Golden Ranch

PS Form 3800, August 2006 See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honorable Jeff Landry
Attorney General
1885 N. Third Street
P.O. Box 94005
Baton Rouge, Louisiana 70804

9590 9402 2408 6249 3486 44

2. Article Number *(Transfer from service label)*
7014 0150 0001 3143 7375

A. Signature ☒ Agent ☐ Addressee
Melissa Brown

B. Received by (Printed Name) Melissa Brown
C. Date of Delivery OCT 04 2017

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
[redacted]
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

Golden Ranch

---

FILED
OCT 2 6 2017
Rita A. Benard
Dy. CLERK OF COURT

NON-CERTIFIED COPY

# Transmission Log

LafourcheClerk    Friday, 2017-10-27 15:08    9854475800

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|---|---|---|---|---|---|---|---|---|
| 2017-10-27 | 15:07 | SCAN | 22608 | 0:20 | 14400 | 0 | 1 | OK -- V.17 1M31 |

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: KING KREBS & JURGENS**

**504-224-9037**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on OCTOBER 27, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**MOTION TO ENROLL**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**HOLLY SIMONEAUX**

**Deputy Clerk of Court**

**Estimated Cost for Filing $120.00**

**FILED**

OCT 27 2017

Holly T. Simoneaux

CLERK OF COURT

NON-CERTIFIED COPY

TALBOT, CARMOUCHE & MARCELLO

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

DONALD T. CARMOUCHE*
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN

AUBERT D. TALBOT
(1925-2005)

October 23, 2017

Honorable Annette M. Fontana
Clerk of Court, 17th JDC
LAFOURCHE PARISH DISTRICT COURT
303 W. 3rd Street
Post Office Box 818
Thibodaux, LA 70302-0818

Re: Golden Ranch Farms, LLC v. BP America Production Company, et al.
Docket No. 132505; Div. "B"17th JDC; Parish of
Lafourche; State of Louisiana

Dear Ms. Fontana,

Enclosed please find an original Affidavit of Notice Pursuant to La. R.S. 30:29 and one copy. Please file the original into the record and return the "date stamped" copy to me in the enclosed self-addressed stamped envelope.

This firm's check in the amount of $20.00 is enclosed representing your filing fee.

With kindest regards, I am

Sincerely,

Ross J. Donnes

RJD/nel

***Via Email Only***

cc: George Pivach II/Timothy Thriffiley
Rachel P. Dunaway
Victor Suane, Jr. /Esteban Herrera, Jr./Sam O. Lumpkin/Hattie V. Guidry
Paul J. Hebert/William H.L. Kaufman/Valerie V. Guidry
George Arceneaux, III/Penny Malbrew/Brittan J. Bush/Emily C. Borgen
Eric E. Jarrell/Michael J. Cerniglia/Nicole M. Babb
Sarah Iiams/Philip Wood

NON-CERTIFIED COPY

Russell Holwadel
George H. Robinson, Jr./Brian W. Capell
Daniel C. Hughes
Jonathan A. Hunter/Elizabeth S. Wheeler/Erin E. Bambrick
C. Berwick Duval/II/Stanwood R. Duval/Kathryn W. Richard
David W. Ardoin/Matthew D. Ory
Scott C. Sinclair
Jamie D. Rhymes
James E. Lapeze/Jonathan J. Fox

FILED
OCT 2 6 2017
CLERK OF COURT

NON-CERTIFIED COPY

**TALBOT, CARMOUCHE & MARCELLO** 16154

| | | | |
|---|---|---|---|
| Lafourche Parish Clerk of Court | | | |
| Accounts Receivable:Case Expenses:Cour | Affidavit of Notice | ~~9/15/2017~~ 10/23/17 | 20.00 |

FILED
OCT 2 6 2017
CLERK OF COURT

| | | |
|---|---|---|
| Litigation Account | Docket 132,505; Golden Ranch v BP, et al | 20.00 |

NON-CERTIFIED COPY

# FAX

13505

| | |
|---|---|
| Date: | 10/27/2017 |
| Pages including cover sheet: | 6 |

| | |
|---|---|
| To: | '9854475800@rcfax.com' |
| | |
| | |
| | |
| | |
| | |
| Phone | |
| Fax Number | (985) 447-5800 |

| | |
|---|---|
| From: | Robin Breaux |
| | King Krebs & Jurgens |
| | 201 Saint Charles Ave. |
| | New Orleans |
| | LA 70170 |
| | |
| Phone | (504) 224-9037 * 122 |
| Fax Number | (504) 224-9037 |

NOTE:

FILED

OCT 27 2017

Holley T. Simoneaux
CLERK OF COURT

10-27-17P01:41 RCVD

NON-CERTIFIED COPY

KING KREBS & JURGENS PLLC

COUNSELORS AT LAW
201 ST. CHARLES AVENUE • 45TH FLOOR • NEW ORLEANS, LA 70170
TELEPHONE: (504) 582-3800 • FAX: (504) 582-1233

5363 WOODWAY • SUITE 820 • HOUSTON, TX 77057
TELEPHONE: (713) 334-5644 • FAX: (713) 334-5828

AFFILIATED OFFICES:
NEW DELHI, INDIA

Deliver To: **HONORABLE Annette M. Fontana**
**CLERK OF COURT, 17th Judicial District Court**

**Fax:** **985.447.5800**

Total Pages: {5} Including Cover Page

From: Eric E. Jarrell
Phone: (504) 582-3800
Date: October 27, 2017

Re: **GOLDEN RANCH** –vs-
BP PRODUCTION COMPANY, ET AL **(ConocoPhillips Company)**
17th J.D.C. No. 132505 – Division "B"
OUR FILE NO. 2200-178

Message: Please see attached. ***Please fax a confirmation sheet with the amount of court costs due!***

If you do not receive the entire transmission, please call **COPY ROOM (504) 582-3800,** as soon as possible.

**CONFIDENTIALITY NOTICE**

This facsimile transmission (and/or the documents accompanying it) may contain information which is confidential or proprietary in nature and/or protected by the attorney-client/work product priviledge. This transmission and the information contained in it is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on its contents is prohibited. If you have received this transmission in error, please notify us immediately by telephone (calling us collect, if necessary) to arrange for return of the transmission. Your cooperation is greatly appreciated.

{N1330627 -}

FILED
OCT 27 2017
Holly T. Simoneaux
CLERK OF COURT

NON-CERTIFIED COPY

KING KREBS & JURGENS PLLC

COUNSELORS AT LAW
201 ST. CHARLES AVENUE
45TH FLOOR
NEW ORLEANS, LA 70170
TELEPHONE: (504) 582-3800
FAX: (504) 582-1233

HENRY A. KING (1)
PATRICIA A. KREBS (1)
GEORGE B. JURGENS III
ROBERT J. BURVANT (1)
J. GRANT COLEMAN, LLM (2)(4)
ERIC E. JARRELL
LEN R. BRIGNAC (1)(3)(8)
TIMOTHY S. MADDEN
ROBERT J. STEFANI (1)(4)(7)

JAMES D. BERCAW
LINDSAY A. LARSON III
DAVID A. STRAUSS (1)(8)
JEFFREY M. BURMASTER
DOUGLAS P. MATTHEWS
MICHAEL L. VINCENZO
CHRISTIAN A. GARBETT (1)
JOHN A. CANGELOSI
ADAM P. MASSEY

SUSAN E. DINNEEN (2)(10)
MICHAEL J. CERNIGLIA (11)
BRENT M. BURNS
R. DANIEL SERIO, JR.
CAROLYN S. BUCKLEY
NICOLE M. BABB
BRIAN A. CLARK
W. SPENCER KING

ROBIN D. CASSEDY
MATTHEW D. FRASER
DIANA J. MASTERS
AMANDA R. JAMES
MARCO J. SALGADO

Of Counsel:
JOSEPH R. MESSA (8)
JOANNE MANTIS (6)
JEDD S. MALISH

(1) ALSO ADMITTED IN TEXAS
(2) ALSO ADMITTED IN WASHINGTON, D.C.
(3) ALSO ADMITTED IN FLORIDA
(4) TAX LAW SPECIALIST CERTIFIED BY THE LOUISIANA BOARD OF LEGAL SPECIALIZATION
(5) REGISTERED PATENT ATTORNEY
(6) ALSO ADMITTED IN GREECE
(7) ALSO ADMITTED IN NEW YORK
(8) ALSO ADMITTED IN ILLINOIS
(9) ADMITTED IN TEXAS ONLY
(10) ALSO ADMITTED IN MARYLAND
(11) ALSO ADMITTED IN COLORADO

Eric J. Jarrell
Attorney at Law
ejarrell@kingkrebs.com
504.582.3814 Direct

October 27, 2017

**<u>VIA TELEFAX AND FEDERAL EXPRESS</u>**
Annette M. Fontana, Clerk of Court
17th Judicial District Court
Lafourche Parish
Lafourche Parish Annex
303 West Third Street
Thibodaux, LA 70301

Re: Golden Ranch vs. BP America Production Company, et al.
17th Judicial District Court for the Parish of LaFourche, State of Louisiana
Docket No. 132505, Division "B"

Dear Ms. Fontana:

Enclosed for fax filing please find a Motion to Enroll Additional Counsel of Record on behalf of ConocoPhillips Company. The original and two copies will be sent via Federal Express. Upon receipt, we ask that you file the original into the record and return a conformed copy to me in the enclosed self-addressed and stamped envelope. Also, our check will be enclosed as requested to cover the court costs.

If you have any questions, or if I can be of any assistance, please do not hesitate to contact me.

Sincerely,

Eric E. Jarrell

EEJ:cs
Enclosures
cc: All Counsel of Record (w/enclosures)

{N1391196 -}



FILED
OCT 27 2017
Holly T. Lemoine
CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**FILED:** ______________________ ______________________________
**DEPUTY CLERK**

**MOTION TO ENROLL ADDITIONAL COUNSEL OF RECORD ON BEHALF OF CONOCOPHILLIPS COMPANY**

NOW INTO COURT, through undersigned counsel, comes defendant, ConocoPhillips Company, as alleged successor-in-interest to Phillips Oil Company, Phillips Petroleum Company and General American Oil Company of Texas, ("Defendant"), who moves this Honorable Court for an order adding Amanda R. James (Louisiana Bar Number 37175) of the law firm of King, Krebs & Jurgens, P.L.L.C. as additional counsel of record on behalf of Defendant. In support of this motion, the undersigned submits that she is duly licensed to practice law in the State of Louisiana and is an attorney with the law firm King, Krebs & Jurgens, P.L.L.C.

Respectfully submitted,

ERIC E. JARRELL (#16982)
MICHAEL J. CERNIGLIA (#29792)
NICOLE M. BABB (#35032)
AMANDA R. JAMES (#37175)
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Fax: (504) 582-1233

**Attorneys for Defendant, ConocoPhillips Company**



NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record either by telefax, hand delivery, or by depositing same in the U. S. Mail, properly addressed and postage prepaid, this 27th day of October, 2017.

FILED
OCT 3 0 2017
CLERK OF COURT



NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**FILED: ____________________** ____________________________
**DEPUTY CLERK**

**ORDER**

Considering the foregoing motion of defendant, ConocoPhillips Company, as alleged successor-in-interest to Phillips Oil Company, Phillips Petroleum Company and General American Oil Company of Texas, ("Defendant"), to enroll additional counsel,

IT IS HEREBY ORDERED that Amanda R. James (#37175) of the law firm of King, Krebs & Jurgens, P.L.L.C. is hereby enrolled as additional counsel of record for Defendant in the above-captioned matter.

________________, Louisiana, this ______day of ______________ 2017.

____________________________
JUDGE

FILED
OCT 30 2017
[signature]
CLERK OF COURT

{N1390233 -}

NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

DOCKET NO. 132505 DIVISION "B"

GOLDEN RANCH FARMS, LLC

VERSUS

BP AMERICA PRODUCTION COMPANY, ET AL.

FILED: ____________________

____________________
DEPUTY CLERK

**ORDER**

Considering the foregoing motion of defendant, ConocoPhillips Company, as alleged successor-in-interest to Phillips Oil Company, Phillips Petroleum Company and General American Oil Company of Texas, ("Defendant"), to enroll additional counsel,

IT IS HEREBY ORDERED that Amanda R. James (#37175) of the law firm of King, Krebs & Jurgens, P.L.L.C. is hereby enrolled as additional counsel of record for Defendant in the above-captioned matter.

Thibodaux, Louisiana, this 31st day of October 2017.

[signature]
JUDGE

FILED
OCT 30 2017
[signature]
CLERK OF COURT

{N1390233 -}

NON-CERTIFIED COPY

B

# KING KREBS & JURGENS PLLC

COUNSELORS AT LAW

201 ST. CHARLES AVENUE
45TH FLOOR
NEW ORLEANS, LA 70170
TELEPHONE: (504) 582-3800
FAX: (504) 582-1233

HENRY A. KING (1)
PATRICIA A. KREBS (1)
GEORGE B. JURGENS III
ROBERT J. BURVANT (1)
J. GRANT COLEMAN, LLM (2)(4)
ERIC E. JARRELL
LEN R. BRIGNAC (1)(3)(5)
TIMOTHY S. MADDEN
ROBERT J. STEFANI (1)(2)(7)

JAMES D. BERCAW
LINDSAY A. LARSON III
DAVID A. STRAUSS (1)(6)
JEFFREY M. BURMASTER
DOUGLAS P. MATTHEWS
MICHAEL L. VINCENZO
CHRISTIAN A. GARBETT (1)
JOHN A. CANGELOSI
ADAM P. MASSEY

SUSAN E. DINNEEN (2)(10)
MICHAEL J. CERNIGLIA (11)
BRENT M. BURNS
R. DANIEL SERIO, JR.
CAROLYN S. BUCKLEY
NICOLE M. BABB
BRIAN A. CLARK
W. SPENCER KING

ROBIN D. CASSEDY
MATTHEW D. FRASER
DIANA J. MASTERS
AMANDA R. JAMES
MARCO J. SALGADO

Of Counsel:
JOSEPH R. MESSA (9)
JOANNE MANTIS (8)
JEDD S. MALISH

(1) ALSO ADMITTED IN TEXAS
(2) ALSO ADMITTED IN WASHINGTON, D.C.
(3) ALSO ADMITTED IN FLORIDA
(4) TAX LAW SPECIALIST CERTIFIED BY THE LOUISIANA BOARD OF LEGAL SPECIALIZATION
(5) REGISTERED PATENT ATTORNEY
(6) ALSO ADMITTED IN GREECE
(7) ALSO ADMITTED IN NEW YORK
(8) ALSO ADMITTED IN ILLINOIS
(9) ADMITTED IN TEXAS ONLY
(10) ALSO ADMITTED IN MARYLAND
(11) ALSO ADMITTED IN COLORADO

Eric J. Jarrell
Attorney at Law
ejarrell@kingkrebs.com
504.582.3814 Direct

October 27, 2017

**VIA TELEFAX AND FEDERAL EXPRESS**
Annette M. Fontana, Clerk of Court
17th Judicial District Court
Lafourche Parish
Lafourche Parish Annex
303 West Third Street
Thibodaux, LA 70301

Re: Golden Ranch vs. BP America Production Company, et al.
17th Judicial District Court for the Parish of LaFourche, State of Louisiana
Docket No. 132505, Division "B"

Dear Ms. Fontana:

Enclosed for fax filing please find a Motion to Enroll Additional Counsel of Record on behalf of ConocoPhillips Company. The original and two copies will be sent via Federal Express. Upon receipt, we ask that you file the original into the record and return a conformed copy to me in the enclosed self-addressed and stamped envelope. Also, our check will be enclosed as requested to cover the court costs.

If you have any questions, or if I can be of any assistance, please do not hesitate to contact me.

Sincerely,

Eric E. Jarrell

FILED
OCT 30 2017
CLERK OF COURT

EEJ:cs
Enclosures
cc: All Counsel of Record (w/enclosures)



NON-CERTIFIED COPY

ANNETTE M. FONTANA
CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE
P.O. BOX 818
303 W 3RD ST, 2ND FLOOR
THIBODAUX, LA 70302
985-447-5550
FAX: 985-447-5800

**TO: KING KREBS & JURGENS**

**504-224-9037**

**IN RE: GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**DOCKET NUMBER: C-132505**

**This is to certify that on OCTOBER 27, 2017 the Lafourche Parish Clerk's Office received by Facsimile Transmission of the following document(s):**

**MOTION TO ENROLL**

**Please consider this your notice of receipt by this office of the documents in accordance with Act. No. 463 of the 1991 Session of the Louisiana Legislature.**

**HOLLY SIMONEAUX**

**Deputy Clerk of Court**

**Estimated Cost for Filing $120.00**

OLS-84935

FILED

OCT 30 2017

CLERK OF COURT

NON-CERTIFIED COPY

D1534155

# NOTICE OF FILING

GOLDEN RANCH FARMS LLC

VS

BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: MR. DANIEL C. HUGHES
ATTORNEY AT LAW
126 HEYMANN BOULEVARD
LAFAYETTE, LA 70505

Please be notified that a **Motion to Enroll Additional Counsel of Record on Behalf of Conocophillips Company was filed on October 30, 2017; Hon. Steven M. Miller signed the Order on October 31, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, November 3, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A Bernard

**Deputy Clerk of Court**

FILED

NOV - 3 2017

Rita A Bernard
Dty CLERK OF COURT

NON-CERTIFIED COPY

D1534197

# NOTICE OF FILING

GOLDEN RANCH FARMS LLC

VS

BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: MR. ROSS J. DONNES
TALBOT, CARMOUCHE, MARCHAND, MARCELLO,
17405 PERKINS ROAD
BATON ROUGE, LA 70810

Please be notified that a **Motion to Enroll Additional Counsel of Record on Behalf of Conocophillips Company was filed on October 30, 2017; Hon. Steven M. Miller signed the Order on October 31, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, November 3, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A Bernard
**Deputy Clerk of Court**

FILED
NOV - 3 2017
Rita A Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

D1534189

# NOTICE OF FILING

GOLDEN RANCH FARMS LLC

VS

BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: MR. PAUL J. HEBERT
OTTINGER HEBERT, LLC
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606

Please be notified that a **Motion to Enroll Additional Counsel of Record on Behalf of Conocophillips Company was filed on October 30, 2017; Hon. Steven M. Miller signed the Order on October 31, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, November 3, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
NOV - 3 2017
Rita A. Bernard
Dty CLERK OF COURT

NON-CERTIFIED COPY

D1534148

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. RUSSELL HOLWADEL
ADAMS, HOEFER, HOLWADEL & ELDRIDGE
400 POYDRAS STREET, SUITE 2450
NEW ORLEANS, LA 70130

Please be notified that **a Motion to Enroll Additional Counsel of Record on Behalf of Conocophillips Company was filed on October 30, 2017; Hon. Steven M. Miller signed the Order on October 31, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, November 3, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
NOV - 3 2017
Rita A. Bernard
CLERK OF COURT

NON-CERTIFIED COPY

D1534171

# NOTICE OF FILING

GOLDEN RANCH FARMS LLC

VS

BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: MR. JONATHAN A. HUNTER
LISKOW & LEWIS
701 POYDRAS ST., STE. 5000
NEW ORLEANS, LA 70139

Please be notified that **a Motion to Enroll Additional Counsel of Record on Behalf of Conocophillips Company was filed on October 30, 2017; Hon. Steven M. Miller signed the Order on October 31, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, November 3, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

**Deputy Clerk of Court**

FILED
NOV - 3 2017
Dty CLERK OF COURT

NON-CERTIFIED COPY

**D1534163**

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. GEORGE H. ROBINSON, JR.
LISKOW & LEWIS
P.O. BOX 52008
LAFAYETTE, LA 70505

Please be notified that a **Motion to Enroll Additional Counsel of Record on Behalf of Conocophillips Company was filed on October 30, 2017; Hon. Steven M. Miller signed the Order on October 31, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, November 3, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
NOV - 3 2017
Rita A. Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and forgoing document has been forwarded to the following counsel of record by electronic mail, and/or by placing same in the United States mail, postage prepaid, and properly addressed:

George Pivach II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR, LLC
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chase, Louisiana 70037
*Attorney for Mesa Gulf Coast and Tchefuncte Natural Resources, L. L. C.*

Rachel P. Dunaway
LONG LAW FIRM
1800 City Farm Drive, Building 6
Baton Rouge, LA 70806
*Attorney for Billy Proschaska*

Victor Suane, Jr.
Esteban Herrera, Jr.
Sam O. Lumpkin
Hattie V. Guidry
KEAN MILLER LLP
II City Plaza
400 Convention Street , Suite 700
Baton Rouge, La 70802
*Attorney for Devon Energy Production Company LP*

Paul J. Hebert
William H.L. Kaufman
Valerie V. Guidry
OTTINGER HEBERT, L.L.C.
1313 W. Pinhook Road (70503)
Post Office Drawer 52606
Lafayette, LA 70505-2606
*Attorney for Texas Petroleum Investment Co.*

George Arceneaux, III
Emily C. Borgen
Penny Malbrew
Brittan Bush
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
*Attorneys for BP*

Eric E. Jarrell
Michael J. Cerniglia
Nicole M. Babb
Amanda R. James
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
*Attorneys for ConocoPhillips Company*

Sarah Iiams
Philip Wood
KUCKLER POLK WEINER, LLC
1615 Poydras St., Ste 1300
New Orleans, LA 70112
*Attorney for Texas Pacific Oil Company*

Russell Holwadel
ADAMS, HOEFER, HOLWADEL & ELDRIDGE, L.L.C.
400 Poydras St., Suite 2450
New Orleans, LA 70130
*Attorney for Denbury Onshore LLC*

George H. Robinson, Jr.
Brian W. Capell
LISKOW & LEWIS
822 Harding Street
P.O. Box 52008
Lafayette, LA 70505-2008
*Attorneys for SM Energy Company*

NON-CERTIFIED COPY

Scott C. Sinclair
SINCLAIR LAW FIRM LLC
Post Office Box 1026
Shreveport, LA 71163-1026
*Attorney for Tensas Delta Exploration Company, LLC*

Daniel C. Hughes
A Professional Law Corporation
126 Heymann Boulevard
Lafayette, Louisiana 70503
*Attorney for Henry Production Company, Inc.*

Jamie D. Rhymes
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
and
James E. Lapeze
Jonathan J. Fox
LISKOW & LEWIS
701 Poydras Street
Suite 5000
New Orleans, LA 70139-5099
*Attorneys for Exxon Mobil Corporation*

Jonathan A. Hunter
Elizabeth S. Wheeler
Erin E. Bambrick
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
*Attorneys for Hess Corporation*

Baton Rouge, Louisiana this 2nd day of November, 2017.

______________________
Ross J. Donnes

FILED
NOV - 6 2017
CLERK OF COURT

NON-CERTIFIED COPY

MAILING ADDRESS
P.O. BOX 818
THIBODAUX, LA 70302

# ANNETTE M. FONTANA

CLERK OF COURT
17TH JUDICIAL DISTRICT COURT
PARISH OF LAFOURCHE

PHYSICAL ADDRESS
303 WEST 3RD STREET
THIBODAUX, LA 70301

NOVEMBER 6, 2017

HON. SID J. GAUTREAUX, III
SHERIFF, PARISH OF EAST BATON ROUGE
PO BOX 3277
BATON ROUGE, LA 70802

RE: GOLDEN RANCH FARMS LLC
VS
BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

Dear Sir:

Enclosed, please find papers to be served on

**HILCORP ENERGY COMPANY**
**THROUGH ITS REGISTERED AGENT: CT CORPORATION SYSTEM**
**3867 PLAZA TOWER DR.**
**BATON ROUGE, LA 70816**

PLEASE BILL US FOR YOUR SERVICES.

Would you please make service.

Sincerely,

ANNETTE M. FONTANA
Clerk of Court

Rita A. Bernard
Deputy Clerk

FILED
NOV - 6 2017
Rita A. Bernard
CLERK OF COURT

THIBODAUX: PHONE (985)447-4841
FAX (985)447-5800

GALLIANO: PHONE (985)632-8111
LOCKPORT: PHONE (985)532-7361

www.lafourcheclerk.com

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO.132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**FILED:** ______________________ ______________________________
**DEPUTY CLERK OF COURT**

**NOTICE OF RECORDS ONLY DEPOSITION OF HILCORP ENERGY COMPANY**

**TO:** **HILCORP ENERGY COMPANY**
through its registered agent:
CT CORPORATION SYSTEM
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

PLEASE TAKE NOTICE that the undersigned counsel will take the **RECORDS ONLY DEPOSITION** of **Hilcorp Energy Company** pursuant to Louisiana Code of Civil Procedure commencing at the office of **Talbot, Carmouche & Marcello, 17405 Perkins Road, Baton Rouge, Louisiana 70810** on **December 15, 2017** at **10:00 a.m.**, and continuing thereafter from day to day until completed, and at which time and place you are notified to appear and take part as you may deem advisable. This deposition is taken for all purposes allowable under the Louisiana Code of Civil Procedure.

FURTHERMORE, in accordance with the Louisiana Code of Civil Procedure, plaintiff gives notice that a Subpoena Duces Tecum will be issued to **Hilcorp Energy Company** for production of the following:

**INSTRUCTIONS**

The terms "documents" and "communications: should be defined as included by not limited to written and electronic or telephonic/test communications.

1. Produce all pit files and pit closure documents relating to Plaintiff's property.

2. Produce all environmental surveys, assessments, due diligence reports or any other documents pertaining to the environmental condition of Plaintiff's property.

3. Identify all individual or individuals that participated in the search for documents or information responsive to 1 and 2.

NON-CERTIFIED COPY

If you have none of the records described, or only part thereof, you should state so in the certificate, and deliver the certificate and such records as are available with said Subpoena duces Tecum returnable at the time and date of the aforementioned scheduled deposition.

**THIS IS A RECORDS ONLY DEPOSITION. IF THE DOCUMENTS ARE PROVIDED TO TALBOT, CARMOUCHE & MARCELLO ON OR BEFORE THE DATE AND TIME OF THE DEPOSITION, YOUR ATTENDANCE AT THE DEPOSITION WILL NOT BE NECESSARY.**


By attorneys:

Donald T. Carmouche, #2226
Victor L. Marcello, #9252
John H. Carmouche, #22294
William R. Coenen, III, #27410
Brian T. Carmouche, #30430
Todd J. Wimberley, #34862
Ross J. Donnes, #33098
D. Adele Owen, #21001
Leah C. Poole, #35092
Caroline H. Martin, #33308
Christopher D. Martin, #30613
**TALBOT, CARMOUCHE & MARCELLO**
17405 Perkins Road
Baton Rouge, LA 70810
Tele: 225.400.9991
Fax: 225.448.2568

C. Berwick Duval, II #5109
Stanwood R. Duval, #27732
Kathryn W. Richard, #26486
**DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS**
101 Wilson Ave.
Post Office Box 3017
Houma, LA 70361
Tele: 985.876.6410
Fax: 985.851.1490

David W. Ardoin (24282)
Matthew D. Ory (31906)
**ARDOIN, MCKOWEN & ORY, LLC**
505 West 3rd Street
Thibodaux, LA 70301

*Attorneys for Plaintiff*


FILED
NOV - 6 2017
CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO.132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**DEVON ENERGY PRODUCTION COMPANY, L.P., et al.**

**EXHIBIT "A"**

1. Produce all pit files and pit closure documents relating to Plaintiff's property.

2. Produce all environmental surveys, assessments, due diligence reports or any other documents pertaining to the environmental condition of Plaintiff's property.

3. Identify all individual or individuals that participated in the search for documents or information responsive to 1 and 2.

FILED
NOV - 6 2017
Rita A. Bernard
CLERK OF COURT

NON-CERTIFIED COPY

D1467547

# SUBPOENA DUCES TECUM
# (FOR PRODUCTION OF RECORDS ONLY)

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: HILCORP ENERGY COMPANY
THROUGH ITS REGISTERED AGENT: CT CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816

YOU ARE HEREBY COMMANDED in the name of the State of Louisiana and of the Seventeenth Judicial District Court for the Parish of Lafourche, to produce on **OR BEFORE DECEMBER 15, 2017 AT 10:00 A.M.**, at LAW OFFICES OF TALBOT CARMOUCH & MARCELLO, 17405 PERKINS ROAD, BATON ROUGE, LA 70810 the following, to-wit:

**SEE ATTACHED EXHIBIT A**

PLEASE BE NOTIFIED THAT A COPY OF ARTICLE 1354 OF THE LA CODE OF CIVIL PROCEDURE IS ATTACHED HERETO.

And herein fail not under penalty of the law.

Witness my hand and seal of office this 6th day of November, 2017, at Thibodaux, Louisiana.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

[signature]

**Deputy Clerk of Court**

REQUESTED BY:
TALBOT, CARMOUCHE & MARCELLO

FILED

NOV - 6 2017

[signature]

CLERK OF COURT

NON-CERTIFIED COPY

ARTICLE 13:54. Subpoena duces tecum

A. A subpoena may order a person to appear and produce a trial, deposition, or hearing, books, papers, documents, any other tangible things, or electronically stored information in his possession or under his control, if a reasonably accurate description thereof is given. A subpoena may specify the form or forms in which electronically stored information is to be produced. A party or an attorney requesting the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or cost on a person subject to that subpoena. The court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive. Except when otherwise required by order of the court, certified copies, extracts, or copies of books, papers and documents may be produced in obedience to the subpoena duces tecum instead of the originals thereof. If the party or attorney requesting the subpoena does not specify that the named person shall be ordered to appear, the person may designate another person having knowledge of the contents of the books, papers, documents, other things, or electronically stored information, to appear as his representative.

B. A person commanded to respond to a subpoena duces tecum may within fifteen days after service of the subpoena or before the time specified for compliance, if such time is less than fifteen days after service, send to the party or attorney designated in the subpoena written objections, with supporting reasons, to any or all of the requests, including objection to the production of electronically stored information in the form or forms requested. If objection is so made, the party serving the subpoena may file a motion to compel compliance with the subpoena and may move for sanctions for failure to reasonably comply.

C. A person responding to a subpoena to produce books, papers, or documents shall produce them as they are kept in the usual course of business or may organize and label them to correspond with the categories of the demand.

D. If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena may produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably useable.

E. A person responding to a subpoena need not produce the same electronically stored information in more than one form.

F. A person responding to a subpoena need not produce books, papers, documents, or electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel production or to quash, the person from whom production is sought shall show that the information sought is not reasonably accessible because of undue burden or costs. If that showing is made, the court may nonetheless order production from such sources if the requesting party shows good cause. The court may specify conditions, including an allocation of the costs, for the production.

G. When the person subpoenaed is an adverse party, the party requesting the subpoena duces tecum may accompany his request with a written request under oath as to what facts he believes the books, papers, documents, electronically stored information, or tangible things will prove, and a copy of such statements shall be attached to the subpoena. If the party subpoenaed fails to comply with the subpoena, the facts set forth in the written statement shall be taken as confessed, and in addition the party subpoenaed shall be subject to the penalties set forth in Article 1357.

H. Subpoena duces tecum shall reproduce in full the provisions of this article.

NON-CERTIFIED COPY

TALBOT, CARMOUCHE & MARCELLO

DONALD T. CARMOUCHE*
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN

AUBERT D. TALBOT
(1925-2005)

November 2, 2017

Honorable Annette M. Fontana
Clerk of Court, 17th JDC
LAFOURCHE PARISH DISTRICT COURT
303 W. 3rd Street
Post Office Box 818
Thibodaux, LA 70302-0818

Re: Golden Ranch Farms, LLC v. BP America Production Company, et al.
Docket No. 132505; Div. "B"17th JDC; Parish of
Lafourche; State of Louisiana

Dear Ms. Fontana,

Enclosed please find an original Notice of Records Only Deposition of Hilcorp Energy Company and two copies. Please file the original into the record and return the "date stamped" copy to me in the enclosed self-addressed stamped envelope. With the additional copy please issue a subpoena *duces tecum* as follows:

TO: **HILCORP ENERGY COMPANY**
through its registered agent:
CT CORPORATION SYSTEM
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

to produce the documents listed on Exhibit "A" to Talbot, Carmouche & Marcello, 17405 Perkins Road, Baton Rouge, Louisiana 70810 on or before December 15, 2017 at 10:00 a.m.

**PLEASE NOTE** on the subpoenas that if the requested records are produced on or before December 15, 2017 no appearance is necessary.

NON-CERTIFIED COPY

This firm's check in the amount of $75.00 is enclosed representing your filing fee.

With kindest regards, I am

Sincerely,

Ross J. Dornes

RJD/nel
Enclosure

***Via Email Only***

cc: George Pivach II/Timothy Thriffiley
Rachel P. Dunaway
Victor Suane, Jr. /Esteban Herrera, Jr./Sam O. Lumpkin/Hattie V. Guidry
Paul J. Hebert/William H.L. Kaufman/Valerie V. Guidry
George Arceneaux, III/Penny Malbrew/Brittan J. Bush/Emily C. Borgen
Eric E. Jarrell/Michael J. Cerniglia/Nicole M. Babb/Amanda R. James
Sarah Iiams/Philip Wood
Russell Holwadel
George H. Robinson, Jr./Brian W. Capell
Daniel C. Hughes
Jonathan A. Hunter/Elizabeth S. Wheeler/Erin E. Bambrick
C. Berwick Duval/II/Stanwood R. Duval/Kathryn W. Richard
David W. Ardoin/Matthew D. Ory
Scott C. Sinclair
Jamie D. Rhymes
James E. Lapeze/Jonathan J. Fox

FILED
NOV - 6 2017
Vita A. Bernard
CLERK OF COURT
Dy

NON-CERTIFIED COPY

**TALBOT, CARMOUCHE & MARCELLO** 16175

Lafourche Parish Clerk of Court 11/2/2017

Accounts Receivable:Case Expenses:Cour Records Only Hilcorp 12/15/17 75.00

FILED
NOV - 6 2017
CLERK OF COURT

Litigation Account Docket 132,505; Golden Ranch v BP, et al 75.00

NON-CERTIFIED COPY

**TALBOT, CARMOUCHE & MARCELLO** 16183

Lafourche Parish Clerk of Court 11/3/2017

Accounts Receivable:Case Expenses:Cour Court costs due 55.00

FILED

NOV - 7 2017

CLERK OF COURT

Litigation Account Docket 132,505; Golden Ranch v BP, et al 55.00

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and forgoing document has been forwarded to the following counsel of record by electronic mail, and/or by placing same in the United States mail, postage prepaid, and properly addressed:

George Pivach II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, LLC
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chase, Louisiana 70037
*Attorney for Mesa Gulf Coast and Tchefuncte Natural Resources, L. L. C.*

Rachel P. Dunaway
LONG LAW FIRM
1800 City Farm Drive, Building 6
Baton Rouge, LA 70806
*Attorney for Billy Proschaska*

Victor Suane, Jr.
Esteban Herrera, Jr.
Sam O. Lumpkin
Hattie V. Guidry
KEAN MILLER LLP
II City Plaza
400 Convention Street , Suite 700
Baton Rouge, La 70802
*Attorney for Devon Energy Production Company LP*

Paul J. Hebert
William H.L. Kaufman
Valerie V. Guidry
OTTINGER HEBERT, L.L.C.
1313 W. Pinhook Road (70503)
Post Office Drawer 52606
Lafayette, LA 70505-2606
*Attorney for Texas Petroleum Investment Co.*

George Arceneaux, III
Penny Malbrew
Brittan Bush
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
*Attorneys for BP*

Eric E. Jarrell
Michael J. Cerniglia
Nicole M. Babb
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
*Attorneys for ConocoPhillips Company*

Sarah Iiams
Philip Wood
KUCKLER POLK WEINER, LLC
1615 Poydras St., Ste 1300
New Orleans, LA 70112
*Attorney for Texas Pacific Oil Company*

Russell Holwadel
ADAMS, HOEFER, HOLWADEL &
ELDRIDGE, L.L.C.
400 Poydras St., Suite 2450
New Orleans, LA 70130
*Attorney for Denbury Onshore LLC*

George H. Robinson, Jr.
Brian W. Capell
LISKOW & LEWIS
822 Harding Street
P.O. Box 52008
Lafayette, LA 70505-2008
*Attorneys for SM Energy Company*

NON-CERTIFIED COPY

Scott C. Sinclair
SINCLAIR LAW FIRM LLC
Post Office Box 1026
Shreveport, LA 71163-1026
*Attorney for Tensas Delta Exploration Company, LLC*

Daniel C. Hughes
A Professional Law Corporation
126 Heymann Boulevard
Lafayette, Louisiana 70503
*Attorney for Henry Production Company, Inc.*

Jamie D. Rhymes
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
and
James E. Lapeze
Jonathan J. Fox
LISKOW & LEWIS
701 Poydras Street
Suite 5000
New Orleans, LA 70139-5099
*Attorneys for Exxon Mobil Corporation*

Jonathan A. Hunter
Elizabeth S. Wheeler
Erin E. Bambrick
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
*Attorneys for Hess Corporation*

Baton Rouge, Louisiana this 10th day of November, 2017.

Ross J. Donnes

FILED
NOV 14 2017
CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and forgoing document has been forwarded to the following counsel of record by electronic mail, and/or by placing same in the United States mail, postage prepaid, and properly addressed:

George Pivach II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, LLC
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chase, Louisiana 70037
*Attorney for Mesa Gulf Coast and Tchefuncte Natural Resources, L. L. C.*

Victor Suane, Jr.
Esteban Herrera, Jr.
Sam O. Lumpkin
Hattie V. Guidry
KEAN MILLER LLP
II City Plaza
400 Convention Street , Suite 700
Baton Rouge, La 70802
*Attorney for Devon Energy Production Company LP*

Paul J. Hebert
William H.L. Kaufman
Valerie V. Guidry
OTTINGER HEBERT, L.L.C.
1313 W. Pinhook Road (70503)
Post Office Drawer 52606
Lafayette, LA 70505-2606
*Attorney for Texas Petroleum Investment Co.*

George Arceneaux, III
Emily C. Borgen
Penny Malbrew
Brittan Bush
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
*Attorneys for BP*

Eric E. Jarrell
Michael J. Cerniglia
Nicole M. Babb
Amanda R. James
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
*Attorneys for ConocoPhillips Company*

Sarah Iiams
Philip Wood
KUCKLER POLK WEINER, LLC
1615 Poydras St., Ste 1300
New Orleans, LA 70112
*Attorney for Texas Pacific Oil Company*

Russell Holwadel
ADAMS, HOEFER, HOLWADEL & ELDRIDGE, L.L.C.
400 Poydras St., Suite 2450
New Orleans, LA 70130
*Attorney for Denbury Onshore LLC*

George H. Robinson, Jr.
Brian W. Capell
LISKOW & LEWIS
822 Harding Street
P.O. Box 52008
Lafayette, LA 70505-2008
*Attorneys for SM Energy Company*

NON-CERTIFIED COPY

Scott C. Sinclair
SINCLAIR LAW FIRM LLC
Post Office Box 1026
Shreveport, LA 71163-1026
*Attorney for Tensas Delta Exploration Company, LLC*

Jamie D. Rhymes
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
and
James E. Lapeze
Jonathan J. Fox
LISKOW & LEWIS
701 Poydras Street
Suite 5000
New Orleans, LA 70139-5099
*Attorneys for Exxon Mobil Corporation*

Daniel C. Hughes
A Professional Law Corporation
126 Heymann Boulevard
Lafayette, Louisiana 70503
*Attorney for Henry Production Company, Inc.*

Jonathan A. Hunter
Elizabeth S. Wheeler
Erin E. Bambrick
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
*Attorneys for Hess Corporation*

Thibodaux ~~Baton~~ Rouge, Louisiana this 14th day of November, 2017.

______________________

FILED
NOV 14 2017
CLERK OF COURT

NON-CERTIFIED COPY

**TALBOT, CARMOUCHE & MARCELLO** 16207

Lafourche Parish Clerk of Court

Accounts Receivable:Case Expenses:Cour Court costs due 11/10/2017 150.00

FILED
NOV 14 2017
CLERK OF COURT

Litigation Account Docket 132,505; Golden Ranch v BP, et al 150.00

NON-CERTIFIED COPY

| | | |
|---|---|---|
| GOLDEN RANCH FARMS, LLC | : | DOCKET NO. 132505, DIV. B |
| VS. | : | 17TH JUDICIAL DISTRICT COURT |
| BP AMERICA PRODUCTION CO., *ET AL.* | : | LAFOURCHE PARISH, LOUISIANA |

**UNANIMOUS CONSENT ORDER ON EXCEPTIONS OF IMPROPER CUMULATION**

Considering the exceptions of improper cumulation filed by BP America Production Company, ConocoPhillips Company, Devon Energy Production Company, L.P., Exxon Mobil Corporation, Henry Production Company, Inc., Hess Corporation, Mesa Gulf Coast, LLC, SM Energy Company, Tchefuncte Natural Resources, L.L.C., and Texas Petroleum Investment Company (the "Objecting Defendants") and the consent[1] of Golden Ranch Farms, LLC ("Plaintiff") and the Objecting Defendants;

IT IS HEREBY ORDERED that, pursuant to Louisiana Civil Code article 464 (1) and article 465, the actions asserted by the Plaintiff under the present Docket No. 132505 are hereby severed into three (3) separate actions for all purposes, including, but not limited to, all pre-trial proceedings, case and environmental management orders, discovery, expert reports, motion practice, environmental testing, Act 312 limited admission procedure under La. Code of Civil Procedure art. 1563, trial, and writ and appellate practice. The case will be severed as follows:

1. Golden Ranch Farms, LLC v. BP America Production Company (the "Bayou Des Allemands Case"):

    a. Shall be Docket No. 132505 – Bayou Des Allemands Field;

    b. Shall be limited to property owned by Plaintiff situated in the Bayou Des Allemands Oil and Gas Field, more fully described/labeled as the "Bayou Des Allemands Property" on Exhibit A to this Consent Order (which Property includes all or portions of: Sections 13, 37, and 56 in T15S, R20E, and Section 39 in T15S, R21E) and shall include the wells identified as Bayou Des Allemands wells on Exhibit C to Plaintiff's First Supplemental and Amending Petition for Damages; and

    c. Presently, the only defendants in the Bayou Des Allemands are BP America Production Company, Hess Corporation, Denbury Onshore, L.L.C., Texas Petroleum Investment Company, Devon Energy Production

[1] By consenting, plaintiffs do not concede that the actions were improperly cumulated.

NON-CERTIFIED COPY

Company, LP, Exxon Mobil Corporation, Billy Prochaska, P.E., and Tensas Delta Exploration Company, LLC.

d. The Parties in the Docket No. 132505 – Bayou Des Allemands Field action shall caption and title all pleadings using the format identified on Exhibit B to this Consent Order.

2. Golden Ranch Farms, LLC v. BP America Production Company (the "Larose Case"):

a. Shall be Docket No. 132505 – Larose Field;

b. Shall be limited to property owned by Plaintiff situated in the Larose Oil and Gas Field, more fully described/labeled as the "Larose Property" on Exhibit A to this Consent Order (which Property includes all or portions of: Sections 36 and 38 in T16S, R21E, and Section 63 in T17S, R21E) and shall include the wells identified as Larose wells on Exhibit C to Plaintiff's First Supplemental and Amending Petition for Damages; and

c. Presently, the only defendants in the Larose Case are Exxon Mobil Corporation, Tchefuncte Natural Resources, LLC, SM Energy Company (Delaware), Henry Production Company, Inc., Devon Energy Production Company, LP, Hamman Oil & Refining Company, Mesa Gulf Coast, LLC, and Texas Pacific Oil Company.

d. The Parties in the Docket No. 132505 – Larose Field action shall caption and title all pleadings using the format identified on Exhibit C to this Consent Order.

3. Golden Ranch Farms, LLC v. BP America Production Company (the "Valentine Case"):

a. Shall be Docket No. 132505 – Valentine Field;

b. Shall be limited to property owned by Plaintiff situated in the Valentine Oil and Gas Field, more fully described/labeled as the "Valentine Property" on Exhibit A to this Consent Order (which Property includes all or portions of: Section 37 in T16S, R20E, and Section 100, T17S, R20E) and shall include the wells identified as Valentine wells on Exhibit C to Plaintiff's First Supplemental and Amending Petition for Damages; and

c. Presently, the only defendants in the Valentine Case are ConocoPhillips Company, Mesa Gulf Coast, LLC, and Tchefuncte Natural Resources, LLC

d. The Parties in the Docket No. 132505 – Valentine Field action shall caption and title all pleadings using the format identified on Exhibit D to this Consent Order.

IT IS FURTHER ORDERED that the original Petition for Damages was filed on April 25, 2017 for purposes of all three (3) actions; however, Plaintiff shall file a second


NON-CERTIFIED COPY

IT IS FURTHER ORDERED that the intent of this Order is to affect the severance of the actions only, not to decide any issue of fact or law, and that nothing in this Order shall create any cause of action that did not heretofore exist, nor constitute a waiver of any rights or obligations to which Plaintiff or defendants may be entitled to seek in the future. Any ruling, order or judgment rendered in any one action shall not effect or be binding upon the parties to the other two actions.

THUS DONE AND SIGNED on this ____ day of ____________________, 2017 at Thibodaux, Louisiana.

HONORABLE STEVEN M. MILLER
DISTRICT JUDGE

Submitted by:

David W. Ardoin (24282)
Matthew D. Ory (31906)

ARDOIN, MCKOWEN & ORY, LLC
505 West 3rd Street
Thibodaux, LA 70301

Donald T. Carmouche (2226)
Victor L. Marcello (9252)
John H. Carmouche (22294)
William R. Coenen, III (27410)
Brian T. Carmouche (30430)
Todd J. Wimberley (34862)
Ross J. Donnes (33098)
D. Adele Owen (21001)
Leah C. Poole (35092)
Caroline H. Martin (33308)
Christopher D. Martin (30613)
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810

C. Berwick Duval, II (5109)
Stanwood R. Duval (27732)
Kathryn W. Richard (26486)
DUVAL, FUNDERBURK, SUNDBERY,
RICHARD & WATKINS
101 Wilson Ave
Post Office Box 3017
Houma, LA 70361

*Attorneys for plaintiff, Golden Ranch Farms, LLC*

FILED
NOV 14 2017
CLERK OF COURT



NON-CERTIFIED COPY




FILED
NOV 14 2017
CLERK OF COURT

EXHIBIT
A

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505 – BAYOU DES ALLEMANDS FIELD** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION CO., et al.**

**FILED:** ______________________ ______________________
**DEPUTY CLERK OF COURT**

**(BAYOU DES ALLEMANDS FIELD)**

**INSERT TITLE OF PLEADINGS**

EXHIBIT
B

NON-CERTIFIED COPY

Respectfully submitted,

TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
Todd J. Wimberley, Bar #34862
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
Leah C. Poole, Bar #35092
Caroline H. Martin, Bar #33308
Christopher D. Martin, Bar #30613

-and-

C. Berwick Duval, II, Bar #5109
Stanwood R. Duval, #27732
Kathryn W. Richard, #26486
DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS
101 Wilson Ave.
Post Office Box 3017
Houma, LA 70361
Telephone: (985) 876-6410
Fax: (985) 851-1490

*Attorneys for Plaintiff*

FILED

NOV 14 2017

CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505 – LAROSE FIELD** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION CO., et al.**

**FILED:** ______________________ ______________________
**DEPUTY CLERK OF COURT**

**(LAROSE FIELD)**

**INSERT TITLE OF PLEADINGS**

EXHIBIT C

NON-CERTIFIED COPY

Respectfully submitted,

TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

______________________________
Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
Todd J. Wimberley, Bar #34862
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
Leah C. Poole, Bar #35092
Caroline H. Martin, Bar #33308
Christopher D. Martin, Bar #30613

-and-

C. Berwick Duval, II, Bar #5109
Stanwood R. Duval, #27732
Kathryn W. Richard, #26486
DUVAL, FUNDERBURK, SUNDBERY,
RICHARD & WATKINS
101 Wilson Ave.
Post Office Box 3017
Houma, LA 70361
Telephone: (985) 876-6410
Fax: (985) 851-1490

*Attorneys for Plaintiff*

FILED

NOV 14 2017

CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505 – VALENTINE FIELD** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION CO., et al.**

**FILED:** ______________________ ______________________
**DEPUTY CLERK OF COURT**

**(VALENTINE FIELD)**

**INSERT TITLE OF PLEADINGS**

EXHIBIT
D

NON-CERTIFIED COPY

Respectfully submitted,

TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
Todd J. Wimberley, Bar #34862
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
Leah C. Poole, Bar #35092
Caroline H. Martin, Bar #33308
Christopher D. Martin, Bar #30613

-and-

C. Berwick Duval, II, Bar #5109
Stanwood R. Duval, #27732
Kathryn W. Richard, #26486
DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS
101 Wilson Ave.
Post Office Box 3017
Houma, LA 70361
Telephone: (985) 876-6410
Fax: (985) 851-1490

*Attorneys for Plaintiff*

FILED
NOV 14 2017
CLERK OF COURT

NON-CERTIFIED COPY

ok

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**FILED: ______________________________** **______________________________**
**DEPUTY CLERK OF COURT**

**PARTIAL MOTION TO DISMISS BILLY PROCHASKA, P.E. WITHOUT PREJUDICE**

NOW INTO COURT through undersigned counsel, comes Golden Ranch Farms, LLC, who moves this Honorable Court to dismiss all claims against Billy Prochaska, P.E. without prejudice, each party to bear its own costs of court, reserving to plaintiff all rights against any defendant, person or entity not specifically dismissed herein, and reserving to plaintiff the right to rejoin Billy Prochaska, P.E. during this litigation and that any pleading rejoining Billy Prochaska, P.E. shall relate back to the filing of the original petition or any amendment thereto as provided in La. Code Civ. Proc. Art. 1153.

WHEREFORE, the plaintiffs pray for the relief set forth herein.

Respectfully submitted,

TALBOT, CARMOUCHE & MARCELLO

______________________________

Donald T. Carmouche (2226)
Victor L. Marcello (9252)
John H. Carmouche (22294)
William R. Coenen, III (27410)
Brian T. Carmouche (30430)
Todd J. Wimberley (34862)
Ross J. Donnes (33098)
D. Adele Owen (21001)
Leah C. Poole (35092)
Caroline H. Martin (33308)
Christopher D. Martin (30613)
17405 Perkins Road
Baton Rouge, Louisiana 70810
Tele: (225) 400-9991
Fax: (225) 448-2568

C. Berwick Duval, II (5109)
Stanwood R. Duval (27732)
Kathryn W. Richard (26486)
DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS
101 Wilson Ave.
Post Office Box 3017
Houma, La 70361
Tele: (985) 876-6410
Fax: (985) 851-1490

NON-CERTIFIED COPY

David W. Ardoin (24282)
Matthew D. Ory (31906)
ARDOIN, MCKOWEN & ORY, LLC
505 West 3rd Street
Thibodaux, LA 70301

*Counsel for Plaintiff*

FILED
NOV 14 2017
CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**FILED: ____________________________** ____________________________________
**DEPUTY CLERK OF COURT**

## ORDER

CONSIDERING THE PARTIAL MOTION FOR DISMISSAL WITHOUT PREJUDICE:

IT IS HEREBY ORDERED that all claims asserted herein by plaintiff against Billy Prochaska, P.E. be and are dismissed without prejudice, each party to bear its own costs for court, reserving to plaintiff all rights against any defendant, person or entity not specifically dismissed herein, and reserving to plaintiff the right to rejoin Billy Prochaska, P.E. during this litigation and that any pleading rejoining Billy Prochaska, P.E. shall relate back to the filing of the original petition or any amendment thereto as provided in La. Code Civ. Proc. Art. 1153.

THUS DONE AND SIGNED on the __ day of ______________, 2017.

________________________________________
17TH JUDICIAL DISTRICT COURT JUDGE

FILED
NOV 14 2017
Rita A. Benard
CLERK OF COURT
Dy

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIV. "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL**

**FILED:** ____________________ ____________________

**DEPUTY CLERK OF COURT**

**ORDER**

CONSIDERING THE PARTIAL MOTION FOR DISMISSAL WITHOUT PREJUDICE:

IT IS HEREBY ORDERED that all claims asserted herein by plaintiff against Billy Prochaska, P.E. be and are dismissed without prejudice, each party to bear its own costs for court, reserving to plaintiff all rights against any defendant, person or entity not specifically dismissed herein, and reserving to plaintiff the right to rejoin Billy Prochaska, P.E. during this litigation and that any pleading rejoining Billy Prochaska, P.E. shall relate back to the filing of the original petition or any amendment thereto as provided in La. Code Civ. Proc. Art. 1153.

THUS DONE AND SIGNED on the 21st day of November, 2017.

____________________
17TH JUDICIAL DISTRICT COURT JUDGE

FILED
NOV 14 2017
Rita A. Benard
CLERK OF COURT

NON-CERTIFIED COPY

B

# TALBOT, CARMOUCHE & MARCELLO

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

DONALD T. CARMOUCHE*
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN

AUBERT D. TALBOT
(1925-2005)

November 10, 2017

Honorable Annette M. Fontana
Clerk of Court, 17th JDC
LAFOURCHE PARISH DISTRICT COURT
303 W. 3rd Street
Post Office Box 818
Thibodaux, LA 70302-0818

Re: Golden Ranch Farms, LLC v. BP America Production Company, et al.
Docket No. 132505; Div. "B"17th JDC; Parish of
Lafourche; State of Louisiana

Dear Ms. Fontana,

Enclosed please find an original Partial Motion to Dismiss Billy Prochaska, P.E. Without Prejudice and one copy. Please file the original into the record and return the "date stamped" copy to me in the enclosed self-addressed stamped envelope.

It is my understanding that there are sufficient funds to cover the cost of this filing. If that is not correct please notify me immediately.

With kindest regards, I am

Sincerely,

Ross J. Donnes

RJD/nel

*Via Email Only*

cc: George Pivach II/Timothy Thriffiley
Rachel P. Dunaway
Victor Suane, Jr. /Esteban Herrera, Jr./Sam O. Lumpkin/Hattie V. Guidry
Paul J. Hebert/William H.L. Kaufman/Valerie V. Guidry
George Arceneaux, III/Penny Malbrew/Brittan J. Bush/Emily C. Borgen
Eric E. Jarrell/Michael J. Cerniglia/Nicole M. Babb/Amanda R. James
Sarah Iiams/Philip Wood

Req/Not: Talbot Liskow NO
Adams Liskow Laf.
Ottinger Hughes

NON-CERTIFIED COPY

Russell Holwadel
George H. Robinson, Jr./Brian W. Capell
Daniel C. Hughes
Jonathan A. Hunter/Elizabeth S. Wheeler/Erin E. Bambrick
C. Berwick Duval/II/Stanwood R. Duval/Kathryn W. Richard
David W. Ardoin/Matthew D. Ory
Scott C. Sinclair
Jamie D. Rhymes
James E. Lapeze/Jonathan J. Fox

FILED
NOV 14 2017
Rita A. Bernard
CLERK OF COURT
Dty

NON-CERTIFIED COPY

| | | |
|---|---|---|
| GOLDEN RANCH FARMS, LLC | : | DOCKET NO. 132505, DIV. B |
| VS. | : | 17TH JUDICIAL DISTRICT COURT |
| BP AMERICA PRODUCTION CO., *ET AL.* | : | LAFOURCHE PARISH, LOUISIANA |

**UNANIMOUS CONSENT ORDER ON EXCEPTIONS OF IMPROPER CUMULATION**

Considering the exceptions of improper cumulation filed by BP America Production Company, ConocoPhillips Company, Devon Energy Production Company, L.P., Exxon Mobil Corporation, Henry Production Company, Inc., Hess Corporation, Mesa Gulf Coast, LLC, SM Energy Company, Tchefuncte Natural Resources, L.L.C., and Texas Petroleum Investment Company (the "Objecting Defendants") and the consent[1] of Golden Ranch Farms, LLC ("Plaintiff") and the Objecting Defendants;

IT IS HEREBY ORDERED that, pursuant to Louisiana Civil Code article 464 (1) and article 465, the actions asserted by the Plaintiff under the present Docket No. 132505 are hereby severed into three (3) separate actions for all purposes, including, but not limited to, all pre-trial proceedings, case and environmental management orders, discovery, expert reports, motion practice, environmental testing, Act 312 limited admission procedure under La. Code of Civil Procedure art. 1563, trial, and writ and appellate practice. The case will be severed as follows:

1. Golden Ranch Farms, LLC v. BP America Production Company (the "Bayou Des Allemands Case"):

    a. Shall be Docket No. 132505 – Bayou Des Allemands Field;

    b. Shall be limited to property owned by Plaintiff situated in the Bayou Des Allemands Oil and Gas Field, more fully described/labeled as the "Bayou Des Allemands Property" on Exhibit A to this Consent Order (which Property includes all or portions of: Sections 13, 37, and 56 in T15S, R20E, and Section 39 in T15S, R21E) and shall include the wells identified as Bayou Des Allemands wells on Exhibit C to Plaintiff's First Supplemental and Amending Petition for Damages; and

    c. Presently, the only defendants in the Bayou Des Allemands are BP America Production Company, Hess Corporation, Denbury Onshore, L.L.C., Texas Petroleum Investment Company, Devon Energy Production

[1] By consenting, plaintiffs do not concede that the actions were improperly cumulated.

NON-CERTIFIED COPY

Company, LP, Exxon Mobil Corporation, Billy Prochaska, P.E., and Tensas Delta Exploration Company, LLC.

d. The Parties in the Docket No. 132505 – Bayou Des Allemands Field action shall caption and title all pleadings using the format identified on Exhibit B to this Consent Order.

2. Golden Ranch Farms, LLC v. BP America Production Company (the "Larose Case"):

a. Shall be Docket No. 132505 – Larose Field;

b. Shall be limited to property owned by Plaintiff situated in the Larose Oil and Gas Field, more fully described/labeled as the "Larose Property" on Exhibit A to this Consent Order (which Property includes all or portions of: Sections 36 and 38 in T16S, R21E, and Section 63 in T17S, R21E) and shall include the wells identified as Larose wells on Exhibit C to Plaintiff's First Supplemental and Amending Petition for Damages; and

c. Presently, the only defendants in the Larose Case are Exxon Mobil Corporation, Tchefuncte Natural Resources, LLC, SM Energy Company (Delaware), Henry Production Company, Inc., Devon Energy Production Company, LP, Hamman Oil & Refining Company, Mesa Gulf Coast, LLC, and Texas Pacific Oil Company.

d. The Parties in the Docket No. 132505 – Larose Field action shall caption and title all pleadings using the format identified on Exhibit C to this Consent Order.

3. Golden Ranch Farms, LLC v. BP America Production Company (the "Valentine Case"):

a. Shall be Docket No. 132505 – Valentine Field;

b. Shall be limited to property owned by Plaintiff situated in the Valentine Oil and Gas Field, more fully described/labeled as the "Valentine Property" on Exhibit A to this Consent Order (which Property includes all or portions of: Section 37 in T16S, R20E, and Section 100, T17S, R20E) and shall include the wells identified as Valentine wells on Exhibit C to Plaintiff's First Supplemental and Amending Petition for Damages; and

c. Presently, the only defendants in the Valentine Case are ConocoPhillips Company, Mesa Gulf Coast, LLC, and Tchefuncte Natural Resources, LLC

d. The Parties in the Docket No. 132505 – Valentine Field action shall caption and title all pleadings using the format identified on Exhibit D to this Consent Order.

IT IS FURTHER ORDERED that the original Petition for Damages was filed on April 25, 2017 for purposes of all three (3) actions; however, Plaintiff shall file a second



NON-CERTIFIED COPY

IT IS FURTHER ORDERED that the intent of this Order is to affect the severance of the actions only, not to decide any issue of fact or law, and that nothing in this Order shall create any cause of action that did not heretofore exist, nor constitute a waiver of any rights or obligations to which Plaintiff or defendants may be entitled to seek in the future. Any ruling, order or judgment rendered in any one action shall not effect or be binding upon the parties to the other two actions.

THUS DONE AND SIGNED on this 28th day of December, 2017 at Thibodaux, Louisiana.

HONORABLE STEVEN M. MILLER
DISTRICT JUDGE

Submitted by:

David W. Ardoin (24282)
Matthew D. Ory (31906)

ARDOIN, MCKOWEN & ORY, LLC
505 West 3rd Street
Thibodaux, LA 70301

Donald T. Carmouche (2226)
Victor L. Marcello (9252)
John H. Carmouche (22294)
William R. Coenen, III (27410)
Brian T. Carmouche (30430)
Todd J. Wimberley (34862)
Ross J. Donnes (33098)
D. Adele Owen (21001)
Leah C. Poole (35092)
Caroline H. Martin (33308)
Christopher D. Martin (30613)
TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810

C. Berwick Duval, II (5109)
Stanwood R. Duval (27732)
Kathryn W. Richard (26486)
DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS
101 Wilson Ave
Post Office Box 3017
Houma, LA 70361

*Attorneys for plaintiff, Golden Ranch Farms, LLC*

FILED
NOV 14 2017
CLERK OF COURT



NON-CERTIFIED COPY

D1534155

# NOTICE OF FILING

GOLDEN RANCH FARMS LLC

VS

BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: MR. DANIEL C. HUGHES
ATTORNEY AT LAW
126 HEYMANN BOULEVARD
LAFAYETTE, LA 70505

Please be notified that **a Partial Motion to Dismiss Billy Prochaska, P.E. Without Prejudice was filed on November 14, 2017; Hon. Steven M. Miller signed the Order on November 21, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, November 22, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
NOV 22 2017
Rita A. Bernard
CLERK OF COURT

NON-CERTIFIED COPY

D1534163

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. GEORGE H. ROBINSON, JR.
LISKOW & LEWIS
P.O. BOX 52008
LAFAYETTE, LA 70505

Please be notified that a **Partial Motion to Dismiss Billy Prochaska, P.E. Without Prejudice was filed on November 14, 2017; Hon. Steven M. Miller signed the Order on November 21, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, November 22, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

**FILED**

NOV 22 2017

Rita A. Bernard

CLERK OF COURT

Dy

NON-CERTIFIED COPY

D1534171

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. JONATHAN A. HUNTER
LISKOW & LEWIS
701 POYDRAS ST., STE. 5000
NEW ORLEANS, LA 70139

Please be notified that **a Partial Motion to Dismiss Billy Prochaska, P.E. Without Prejudice was filed on November 14, 2017; Hon. Steven M. Miller signed the Order on November 21, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, November 22, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
NOV 22 2017
Rita A. Bernard
CLERK OF COURT

NON-CERTIFIED COPY

D1534189

# NOTICE OF FILING

GOLDEN RANCH FARMS LLC

VS

BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: MR. PAUL J. HEBERT
OTTINGER HEBERT, LLC
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606

Please be notified that **a Partial Motion to Dismiss Billy Prochaska, P.E. Without Prejudice was filed on November 14, 2017; Hon. Steven M. Miller signed the Order on November 21, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, November 22, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A Bernard

**Deputy Clerk of Court**

FILED
NOV 22 2017
Rita A Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

D1534197

# NOTICE OF FILING

GOLDEN RANCH FARMS LLC

VS

BP AMERICA PRODUCTION COMPANY, ET AL

DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: MR. ROSS J. DONNES
TALBOT, CARMOUCHE, MARCHAND, MARCELLO,
17405 PERKINS ROAD
BATON ROUGE, LA 70810

Please be notified that a **Partial Motion to Dismiss Billy Prochaska, P.E. Without Prejudice was filed on November 14, 2017; Hon. Steven M. Miller signed the Order on November 21, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, November 22, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
NOV 22 2017
Rita A. Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

D1534197

# NOTICE OF FILING

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

TO: MR. ROSS J. DONNES
TALBOT, CARMOUCHE, MARCHAND, MARCELLO,
17405 PERKINS ROAD
BATON ROUGE, LA 70810

Please be notified that a **Partial Motion to Dismiss Billy Prochaska, P.E. Without Prejudice was filed on November 14, 2017; Hon. Steven M. Miller signed the Order on November 21, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, November 22, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A. Bernard

**Deputy Clerk of Court**

FILED
NOV 22 2017
Rita A. Bernard
Dy CLERK OF COURT

NON-CERTIFIED COPY

D1534148

# NOTICE OF FILING

GOLDEN RANCH FARMS LLC

VS

BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: MR. RUSSELL HOLWADEL
ADAMS, HOEFER, HOLWADEL & ELDRIDGE
400 POYDRAS STREET, SUITE 2450
NEW ORLEANS, LA 70130

Please be notified that a **Partial Motion to Dismiss Billy Prochaska, P.E. Without Prejudice was filed on November 14, 2017; Hon. Steven M. Miller signed the Order on November 21, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, November 22, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

Rita A Bernard

**Deputy Clerk of Court**

**FILED**
NOV 22 2017
Rita A Bernard
CLERK OF COURT

NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

DOCKET NO. 132505 – BAYOU DES ALLEMANDS FIELD DIVISION "B"

GOLDEN RANCH FARMS, LLC

VERSUS

BP AMERICA PRODUCTION COMPANY, ET AL.

---

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and forgoing document has been forwarded to the following counsel of record by electronic mail, and/or by placing same in the United States mail, postage prepaid, and properly addressed:

George Pivach II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, LLC
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chase, Louisiana 70037
*Attorney for Mesa Gulf Coast and Tchefuncte Natural Resources, L. L. C.*

Paul J. Hebert
William H.L. Kaufman
Valerie V. Guidry
OTTINGER HEBERT, L.L.C.
1313 W. Pinhook Road (70503)
Post Office Drawer 52606
Lafayette, LA 70505-2606
*Attorney for Texas Petroleum Investment Co.*

Sarah Iiams
Philip Wood
KUCKLER POLK WEINER, LLC
1615 Poydras St., Ste 1300
New Orleans, LA 70112
*Attorney for Texas Pacific Oil Company*

Victor Suane, Jr.
Esteban Herrera, Jr.
Sam O. Lumpkin
Hattie V. Guidry
KEAN MILLER LLP
II City Plaza
400 Convention Street, Suite 700
Baton Rouge, La 70802
*Attorney for Devon Energy Production Company LP*



NON-CERTIFIED COPY

George Arceneaux, III
Penny Malbrew
Brittan Bush
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
*Attorneys for BP*

Russell Holwadel
ADAMS, HOEFER, HOLWADEL &
ELDRIDGE, L.L.C.
400 Poydras St., Suite 2450
New Orleans, LA 70130
*Attorney for Denbury Onshore LLC*

Daniel C. Hughes
A Professional Law Corporation
126 Heymann Boulevard
Lafayette, Louisiana 70503
*Attorney for Henry Production Company, Inc.*

James E. Lapeze
Jonathan J. Fox
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 500
New Orleans, LA 70139
and
Jamie D. Rhymes
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
*Attorneys for Exxon Mobil Corporation*

Jonathan A. Hunter
Elizabeth S. Wheeler
Erin E. Bambrick
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
*Attorneys for Hess Corporation*

Eric E. Jarrell
Michael J. Cerniglia
Nicole M. Babb
Amanda R. James
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
*Attorneys for ConocoPhillips Company*



NON-CERTIFIED COPY

George H. Robinson, Jr.
Brian W. Capell
LISKOW & LEWIS
822 Harding Street
P.O. Box 52008
Lafayette, LA 70505-2008
*Attorneys for SM Energy Company*

Scott C. Sinclair
SINCLAIR LAW FIRM LLC
Post Office Box 1026
Shreveport, LA 71163-1026
*Attorney for Tensas Delta Exploration Company, LLC*

Baton Rouge, Louisiana this 20th day of November, 2017.

Ross J. Donnes

FILED

NOV 27 2017

CLERK OF COURT



NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

DOCKET NO. 132505 – BAYOU DES ALLEMANDS FIELD DIVISION "B"

GOLDEN RANCH FARMS, LLC

VERSUS
BP AMERICA PRODUCTION COMPANY, ET AL.

---

## PLAINTIFF'S RESPONSE TO TENSAS DELTA EXPLORATION COMPANY'S FIRST WRITTEN DISCOVERY

**COME NOW**, plaintiff, Golden Ranch Farms, LLC, through undersigned counsel, to answer the first written discovery propounded by defendant, Tensas Delta Exploration Company, as follows:

## GENERAL STATEMENT

In responding to this discovery request, plaintiff has made reasonable efforts to provide information and identify documents and data regarding the subject matter of the present request. These responses are based upon information presently available to the plaintiff and its attorneys. It is possible that future discovery and independent investigation may supply additional facts or information, add meaning to known facts, and may establish entirely new factual conclusions and contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein.

Plaintiff reserves the right to continue to supplement their responses as information and/or documents become ascertainable and available. These responses are made without prejudice to the rights of the plaintiff to provide additional evidence at the time of trial.

## GENERAL OBJECTIONS

1. Plaintiff objects to any interrogatory which seeks information regarding activities of persons or entities other than the plaintiff.

2. Plaintiff objects to any interrogatory which seeks information or documents which are public records otherwise easily accessible to defendants and/or which are already in possession of defendant's counsel.



NON-CERTIFIED COPY

3. Plaintiff objects to any interrogatory which seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, and/or the party communication privilege.

4. Plaintiff objects to any interrogatory which contains vague and/or ambiguous phrases or terms which are not defined and are subject to a variety of meanings or interpretations.

5. Plaintiff objects to any interrogatory which seeks information or documents unrelated to the alleged damages at issue in this lawsuit. Except where expressly indicated otherwise, plaintiff incorporates by reference each of the foregoing objections into each of the following responses and the plaintiff's responses below are made subject to and without waiving the General Objections.

**DISCOVERY REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all documents by which you claim to own or use the Property that is the subject of the lawsuit and all related documents, including, but not limited to, the following: all deeds, all purchase and sale agreements, all other agreements or correspondence between you and your transferor or between you and others related to the transfer, all disclosure documents, all due diligence documents, all appraisals, all environmental assessments and all closing documents, and all surface leases, mineral leases, servitude agreements and other instruments affecting your rights to the surface or minerals.

**RESPONSE TO REQUEST FOR PRODUCTION NO 1:**

Plaintiff objects to the extent that the request are vague, ambiguous, unduly burdensome and are a matter of public records in the Conveyance Records of Lafourche Parish. Subject to the foregoing, Plaintiff refer to the title and lease documents bates labeled as follows:

GR_Bayou des Allemands/Leases: 00001 – 00634
GR_LaRose/Leases: 00001 – 00397
GR_Valentine/Leases: 00001 – 00369
Golden Ranch/Title Docs: 00001 - 00190

Plaintiff further note that it is in the process of identifying and compiling additional documents that may be responsive to the request, and it will supplement its response and production if and when responsive documents are identified.



NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents which comprise, or which refer or relate in any way to, each loan or other financing involving the Property, including, but not limited to the following and all related documents: all loan applications, all loan commitments, all loan agreements, all mortgages, all disclosure documents, all due diligence documents, all appraisals, all environmental assessments, all correspondence and all closing documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO 2.:**

Plaintiff objects to the extent the requested materials are not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 1:**

Admit that you are aware of no evidence to support the allegation in paragraph 4(0) of the Petition that Tensas Delta is the "successor in interest to" WWF Oil.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff objects to extent the request calls for a legal conclusion. Further, plaintiff notes that discovery in this matter is ongoing, no documents have been produced by Tensas Delta, the Louisiana Secretary of State Records identify Wheless Industries, Inc. (a predecessor of Tensas Delta) as the appropriate representative of WWF Oil, and depositions have an appropriate representative of Tensas Delta has yet to be conducted. Based on the foregoing, the request is denied.

**INTERROGATORY NO. 1:**

If you denied Request for Admission No. 1, identify every item of evidence that supports the allegation in paragraph 4(0) of the Petition that Tensas Delta is the "successor in interest to" WWF Oil.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff refers to its Response to Request for Admission No. 1. Further responding, plaintiff refers to documents bates labeled Golden Ranch/CorpDocs: 00001 – 00021.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce each item of evidence you identified in your response to Interrogatory No.1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff refers to its Response to Interrogatory No.1.



NON-CERTIFIED COPY

**REQUEST FOR ADMISSION NO. 2:**

Admit that you are aware of no evidence to support your allegation in paragraph 4(0)of the Petition that Tensas Delta is the "successor in interest to" Wheless Industries.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff objects to extent the request calls for a legal conclusion. Further, plaintiff notes that discovery in this matter is ongoing, no documents have been produced by Tensas Delta, the Louisiana Secretary of State Records identify Wheless Industries, Inc. as a predecessor of Tensas Delta Exploration Company, LLC, Charter Number 18001860Q which entity merged in 2008 with Tensas Delta Exploration Company, LLC, Charter number 35195988K, and depositions have an appropriate representative of Tensas Delta has yet to be conducted. Based on the foregoing, the request is denied as written.

**INTERROGATORY NO. 2:**

If you denied Request for Admission No. 2, identity every item of evidence that supports your allegation in paragraph 4(0) of the Petition that Tensas Delta is the "successor in interest to" Wheless Industries.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff refers to its Response to Request for Admission No. 2 and publicly available documents on file with the Louisiana Secretary of State office.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce each item of evidence you identified in your response to Interrogatory No.2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff refers to its Response to Interrogatory No.2.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Wheless Industries did not operate any of the wells situated on the Property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff objects to the extent the request calls for a legal conclusion, no documents have been produced by Tensas Delta, and depositions have an appropriate representative of Tensas Delta has yet to be conducted. Plaintiff also refers to the Louisiana Department of Natural Resources well file for well serial number 154522, C.E. Gheens No.97, which was operated and/or serviced by Wheless Drilling Company, which company was a predecessor of Wheless Industries, Inc., then Tensas Delta Exploration Company, LLC, Charter Number 18001860Q which entity merged in 2008 with Tensas Delta Exploration Company, LLC, Charter number 35195988K. Based on the foregoing, the request is denied as written.



NON-CERTIFIED COPY

**INTERROGATORY NO. 3:**

If you denied Request for Admission No. 3, identify by Serial Number each well situated on the Property that you contend was operated by Wheless Industries.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff refers to its Response to Request for Admission No. 3 and publicly available documents on file with the Louisiana Secretary of State office and Louisiana Department of Natural Resources. Further responding, plaintiff refers to the well files bates labeled as follows:

GR_Bayou des Allemands/DNR: 00001 – 10246
GR_LaRose/DNR: 00001 – 02873
GR_Valentine/DNR: 00001 - 03910

**REQUEST FOR PRODUCTION NO. 5:**

Please produce each document that refers or relates to your contention that Wheless Industries operated each of the wells you identified in your response to Interrogatory No. 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff refers to its Response to Interrogatory No.3.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you are aware of no evidence to support any contention that Wheless Industries operated any of the wells situated on the Property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Denied as written. Plaintiff refers to its Response to Request for Admission No. 3 and Interrogatory No.3.

**INTERROGATORY NO. 4:**

If you denied Request for Admission No.4, identify every item of evidence that supports any contention that Wheless Industries operated any of the wells situated on the Property.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff refers to its Response to Request for Admission No. 3 and Interrogatory No.3.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce each item of evidence you identified in your response to Interrogatory No.4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff refers to its Response to Request for Admission No. 3 and Interrogatory No.3.



NON-CERTIFIED COPY

**REQUEST FOR ADMISSION NO. 5:**

Admit that Wheless Industries did not have any connection with or involvement in any of the wells situated on the Property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied as written. Plaintiff refers to its Response to Request for Admission No. 3 and Interrogatory No.3.

**INTERROGATORY NO. 5:**

If you denied Request for Admission No. 5, identify by Serial Number each well situated on the Property in which you contend Wheless Industries had a connection or any involvement, and, for each such well, describe the connection or involvement.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff refers to its Response to Request for Admission No. 3 and Interrogatory No.3.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce each document that refers or relates to your contention that Wheless Industries had a connection with or any involvement in each of the wells you identified in your response to Interrogatory No. 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff refers to its Response to Request for Admission No. 3 and Interrogatory No.3.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you are aware of no evidence that supports any contention that Wheless Industries had any connection with or involvement in any of the wells situated on the Property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied as written. Plaintiff refers to its Response to Request for Admission No. 3 and Interrogatory No.3.

**INTERROGATORY NO. 6:**

If you denied Request for Admission No. 6,identify every item of evidence that supports the contention that Wheless Industries had any connection with or involvement in any of the wells situated on the Property.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff refers to its Response to Request for Admission No. 3 and Interrogatory No.3.



NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 8:**

Please produce each item of evidence you identified in your response to Interrogatory No. 6.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff refers to its Response to Request for Admission No. 3 and Interrogatory No.3.

**REQUEST FOR ADMISSION NO. 7:**

Admit that none of the wells identified in your responses to Interrogatory No. 3 and Interrogatory No. 5 was a source of any contamination on the Property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiff objects to the extent the request calls for an expert opinion prior to the production of such opinion in accordance with the Louisiana Code of Civil Procedure. Plaintiff refers to its well pled Petition for Damages and First Amending Petition for Damages. Based on the foregoing, the request is denied as written.

**INTERROGATORY NO. 7:**

If you denied Request for Admission No. 7, with respect to each well (a) describe in detail the composition of the contamination that you allege came from such well, (b) describe in detail how and when the contamination was discharged into the environment, (c) describe in detail where (both geographically and stratigraphically) the contamination was initially discharged into the environment, and (d) describe in detail where (both geographically and stratigraphically) the contamination is located on the Property.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff refers to its Response to Request for Admission No.7. Further responding, Plaintiff refers to the sample results obtained from the property bates labeled Golden Ranch/ICON: 00001 – 00287. Plaintiff will supplement this request in accordance with the Louisiana Code of Civil Procedure or case management order of the Court.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all documents that refer or relate to your response to Interrogatory No. 7.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff refers to its Response to Interrogatory No.7.

**REQUEST FOR ADMISSION NO. 8:**

Admit that you have no evidence that any of the wells identified in your responses to Interrogatory No. 3 and Interrogatory No. 5 was a source of any contamination on the Property.



NON-CERTIFIED COPY

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff refers to its Response to Request for Admission No.7. As such, the request is denied as written.

**INTERROGATORY NO. 8:**

If you denied Request for Admission No. 8, identify every item of evidence you have that supports the contention that any of the wells identified in your responses to Interrogatory No. 3 and Interrogatory No. 5 was a source of any contamination on the Property.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff refers to its Response to Interrogatory No.7.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce each item of evidence you identified in your response to Interrogatory No. 8.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff refers to its Response to Interrogatory No.7.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you have no claims against Wheless Industries based on any mineral lease, surface lease, servitude agreement or any other contract or agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff object to the extent the request calls for a legal conclusion. As such, the request is denied as written.

**INTERROGATORY NO. 9:**

If you denied Request for Admission No. 9, identify each specific mineral lease, surface lease, servitude agreement and other contract or agreement which forms the basis of any of your claims against Wheless Industries.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to the extent the requests call for a legal conclusion and to extent discovery is ongoing. Subject to the foregoing, plaintiff refers to documents bates labeled as follows:

GR_Bayou des Allemands/Leases: 00001 – 00634
GR_LaRose/Leases: 00001 – 00397
GR_Valentine/Leases: 00001 - 00369



NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 11:**

Please produce each mineral lease, surface lease, servitude agreement and other contract or agreement that you identified in your response to Interrogatory No. 9, together with all documents which refer or relate to the foregoing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff refers to its Response to Interrogatory No. 9.

**INTERROGATORY NO. 10:**

Describe in detail and quantify each item of damage that you seek to recover from Wheless Industries, other than damages for remediation of any contamination or environmental damage on the Property.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff refers to its Response to Interrogatory No.7.

**REQUEST FOR ADMISSION NO. 10:**

Admit that WWF Oil did not operate any of the wells situated on the Property, other than the Gheens #1 Well.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Admitted based on presently available information. However, plaintiff notes that discovery in this matter is ongoing, documents have not been produced by Tensas Delta and no depositions have been conducted.

**INTERROGATORY NO. 11:**

If you denied Request for Admission No. 10, identify by Serial Number each well situated on the Property that you contend was operated by WWF Oil.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff refers to its Response to Request for Admission No. 10.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce each document that refers or relates to your contention that Wheless Industries operated each of the wells you identified in your response to Interrogatory No. 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff refers to its Response to Request for Admission No. 3 and No.10 and Interrogatory No.3.



NON-CERTIFIED COPY

**REQUEST FOR ADMISSION NO. 11:**

Admit that you are aware of no evidence to support any contention that WWF Oil operated any of the wells situated on the Property other than the Gheens #1 Well.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Admitted based on presently available information. However, plaintiff notes that discovery in this matter is ongoing, documents have not been produced by Tensas Delta and no depositions have been conducted.

**INTERROGATORY NO. 12:**

If you denied Request for Admission No. 11, identify every item of evidence of which you are aware that supports any contention that WWF Oil operated any of the wells situated on the Property other than the Gheens #1 Well.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff refers to its Response to Request for Admission No.11.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce each item of evidence you identified in your response to Interrogatory No. 12.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff refers to its Response to Request for Admission No.11.

**REQUEST FOR ADMISSION NO. 12:**

Admit that WWF Oil did not have any connection with or involvement in any of the wells situated on the Property other than the Gheens #1 Well.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff refers to its Response to Request for Admission No. 10.

**INTERROGATORY NO. 13:**

If you denied Request for Admission No. 12, identify by Serial Number each well situated on the Property in which you contend WWF Oil had a connection or any involvement (other than the Gheens #1 Well), and, for each such well, describe the connection or involvement.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff refers to its Response to Request for Admission No. 12.



NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 14:**

Please produce each document that refers or relates to your contention that WWF Oil had any connection with or involvement in any of the wells situated on the Property other than the Gheens #1 Well.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff refers to its Response to Request for Admission No. 10.

**REQUEST FOR ADMISSION NO. 13:**

Admit that you are aware of no evidence that supports any contention that WWF Oil had any connection with or involvement in any of the wells situated on the Property other than the Gheens #1 Well.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Plaintiff refers to its Response to Request for Admission No. 10.

**INTERROGATORY NO. 14:**

If you denied Request for Admission No. 13, identify every item of evidence that supports the contention that WWF Oil had any connection with or involvement in any of the wells situated on the Property other than the Gheens #1 Well.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff refers to its Response to Request for Admission No. 10.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce each item of evidence you identified in your response to Interrogatory No. 14.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff refers to its Response to Request for Admission No. 10.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the Gheens #1 Well was not a source of any contamination on the Property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Plaintiff objects to the extent the request calls for an expert opinion prior to the production of such opinion in accordance with the Louisiana Code of Civil Procedure. Plaintiff refers to its well pled Petition for Damages and First Amending Petition for Damages. Plaintiff also refers to its Response to Interrogatory No.7. Based on the foregoing, the request is denied as written.



NON-CERTIFIED COPY

**INTERROGATORY NO. 15:**

If you denied Request for Admission No. 14, (a) describe in detail the composition of the contamination that you allege came from such well, (b) describe in detail how and when the contamination was discharged into the environment, (c) describe in detail where (both geographically and stratigraphically) the contamination was initially discharged into the environment, and (d) describe in detail where (both geographically and stratigraphically) the contamination is located on the Property.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff refers to its Response to Interrogatory No.7.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all documents that refer or relate to your response to Interrogatory No. 15.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff refers to its Response to Interrogatory No.7.

**REQUEST FOR ADMISSION NO. 15:**

Admit that you are aware of no evidence that supports the contention that the Gheens #1 Well was a source of any contamination on the Property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Plaintiff objects to the extent the request calls for an expert opinion prior to the production of such opinion in accordance with the Louisiana Code of Civil Procedure. Plaintiff refers to its well pled Petition for Damages and First Amending Petition for Damages. Plaintiff also refer to its Response to Interrogatory No.7. Based on the foregoing, the request is denied as written.

**INTERROGATORY NO. 16:**

If you denied Request for Admission No. 15, identify every item of evidence you have that supports the contention that the Gheens #1 Well was a source of any contamination on the Property.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff refers to its Response to Interrogatory No.7.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce each item of evidence you identified in your response to Interrogatory No. 16.



NON-CERTIFIED COPY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff refers to its Response to Interrogatory No.7.

**REQUEST FOR ADMISSION NO. 16:**

Admit that none of the wells identified in your responses to Interrogatory No. 11 and Interrogatory No. 13 was a source of any contamination on the Property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Plaintiff objects to the extent the request calls for an expert opinion prior to the production of such opinion in accordance with the Louisiana Code of Civil Procedure. Plaintiff refers to its well pled Petition for Damages and First Amending Petition for Damages. Plaintiff also refers to its Response to Interrogatory No.7. Based on the foregoing, the request is denied as written.

**INTERROGATORY NO. 17:**

If you denied Request for Admission No. 16, with respect to each well (a) describe in detail the composition of the contamination that you allege came from such well, (b) describe in detail how and when the contamination was discharged into the environment, (c) describe in detail where (both geographically and stratigraphically) the contamination was initially discharged into the environment, and (d) describe in detail where (both geographically and stratigraphically) the contamination is located on the Property.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff refers to its Response to Interrogatory No.7.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all documents that refer or relate to your response to Interrogatory No. 17.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff refers to its Response to Interrogatory No.7.

**REQUEST FOR ADMISSION NO. 17:**

Admit that you have no evidence that any of the wells identified in your responses to Interrogatory No. 11 and Interrogatory No. 13 was a source of any contamination on the Property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Plaintiff objects to the extent the request calls for an expert opinion prior to the production of such opinion in accordance with the Louisiana Code of Civil Procedure. Plaintiff refers to its well pled Petition for Damages and First Amending Petition for Damages. Plaintiff also refers to its Response to Interrogatory No.7. Based on the foregoing, the request is denied as written.



NON-CERTIFIED COPY

**INTERROGATORY NO. 18:**

If you denied Request for Admission No. 17, identify every item of evidence you have that supports the contention that any of the wells identified in your responses lo Interrogatory No. 11 and Interrogatory No. 13 was a source of any contamination on the Property.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff refers to its Response to Interrogatory No.7.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce each item of evidence you identified in your response to Interrogatory No. 18.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff refers to its Response to Interrogatory No.7.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you have no claims against WWF Oil based on any mineral lease, surface lease, servitude agreement or any other contract or agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Plaintiff object to the extent the request calls for a legal conclusion. As such, the request is denied as written.

**INTERROGATORY NO. 19:**

If you denied Request for Admission No. 18, identify each specific mineral lease, surface lease, servitude agreement and other contract or agreement which forms the basis of any of your claims against WWF Oil.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff refers to its Response to Interrogatory No.9.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce each mineral lease, surface lease, servitude agreement and other contract or agreement that you identified in your response to Interrogatory No. 19, together with all documents which refer or relate to the foregoing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff refers to its Response to Interrogatory No.9.



NON-CERTIFIED COPY

**INTERROGATORY NO. 20:**

Describe in detail and quantify each item of damage that you seek to recover from WWF Oil, other than damages for remediation of any contamination or environmental damage on the Property.

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff refers to its Response to Interrogatory No.7.

**INTERROGATORY NO. 21:**

Identify each person having any knowledge of any facts related to any claim or defense in this action against Tensas Delta.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff identifies the defendants, their employees and their experts. However, plaintiff notes that discovery in this matter is ongoing and reserve the right to supplement its response to this interrogatory when and if responsive information is uncovered.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all documents which refer or relate to any claim or defense in this action against Tensas Delta.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff objects to the extent the request is premature as discovery is ongoing. As such, plaintiff reserves the right to supplement its response to this interrogatory when and if responsive information is discovered. Subject to the foregoing, plaintiff refers to documents bates labeled as follows:

Golden Ranch/ICON: 00001 – 00287
GR_Bayou des Allemands/Leases: 00001 – 00634
GR_Bayou des Allemands/OpHx: 00001 – 00021
GR_LaRose/Leases: 00001 – 00397
GR_LaRose/OpHx: 00001 – 00003
GR_Valentine/Leases: 00001 – 00369
GR_Valentine/OpHx: 00001 – 00001
Oil Field History 001-1830
IndustryKnldg-0000001 - 30037155

**INTERROGATORY NO. 22:**

Identify each person you may or will call to testify as a fact witness at the trial of this action.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff refers to its response to Interrogatory No. 20.



NON-CERTIFIED COPY

**INTERROGATORY NO. 23:**

Identify each person you have retained, contacted, consulted with or that you will or may call to testify as an expert witness at the trial of this action and state each area of expertise in which such person is qualified and in which you plan to qualify such witness.

**RESPONSE TO INTERROGATORY NO. 23:**

At this time, Plaintiff identifies Gregory Miller. Plaintiff objects to the extent the request is premature as discovery is ongoing. As such, plaintiff reserves the right to supplement its response to this interrogatory when and if responsive information is discovered.

**INTERROGATORY NO. 24:**

Identify each non-expert you will or may call to give opinion testimony at the trial of this action and state the substance of each opinion you expect such person to give.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiff refers to its response to Interrogatory No. 20.

**INTERROGATORY NO. 25:**

Identify each document or other tangible item that you will or may introduce into evidence at the trial or any hearing in this action.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff refers to its response to Interrogatory No. 20.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce each document and tangible item that you identified in your response to Interrogatory No. 25.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff refers to its response to Interrogatory No. 20.

**INTERROGATORY NO. 26:**

Identify each demonstrative, document or other tangible item that you will or may show to the trier of fact at the trial or at any hearing in this action.

**RESPONSE TO INTERROGATORY NO. 26:**

Plaintiff refers to its response to Interrogatory No. 20.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce each demonstrative, document and tangible item that you identified in your response to Interrogatory No. 26.



NON-CERTIFIED COPY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff refers to its response to Interrogatory No. 20.

By attorneys:

Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar #9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
Todd J. Wimberley, Bar #34862
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
Leah C. Poole, Bar #35092
Caroline H. Martin, Bar #33308
Christopher D. Martin, Bar #30613
**TALBOT, CARMOUCHE & MARCELLO**
17405 Perkins Road
Baton Rouge, LA 70810
Tele: (225) 400-9991
Fax: (225) 448-2568

C. Berwick Duval, II, Bar #5109
Stanwood R. Duval, Bar #27732
Kathryn W. Richard, Bar #26486
DUVAL, FUNDERBURK, SUNDBERY,
RICHARD & WATKINS
101 Wilson Ave.
Post Office Box 3017
Houma, LA 70361
Telephone: (985) 876-6410
Fax: (985) 851-1490

David W. Ardoin, Bar #24282
Matthew D. Ory, Bar #31906
ARDOIN, MCKOWEN & ORY, LLC
505 West 3rd Street
Thibodaux, LA 70301

*Attorneys for Plaintiff*

FILED
NOV 27 2017
CLERK OF COURT



NON-CERTIFIED COPY

17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

DOCKET NO. 132505 – BAYOU DES ALLEMANDS FIELD DIVISION "B"

GOLDEN RANCH FARMS, LLC

VERSUS

BP AMERICA PRODUCTION COMPANY, ET AL.

---

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and forgoing document has been forwarded to the following counsel of record by electronic mail, and/or by placing same in the United States mail, postage prepaid, and properly addressed:

George Pivach II
Timothy Thriffiley
PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, LLC
8311 Highway 23, Suite 104
P.O. Box 7125
Belle Chase, Louisiana 70037
*Attorney for Mesa Gulf Coast and Tchefuncte Natural Resources, L. L. C.*

Paul J. Hebert
William H.L. Kaufman
Valerie V. Guidry
OTTINGER HEBERT, L.L.C.
1313 W. Pinhook Road (70503)
Post Office Drawer 52606
Lafayette, LA 70505-2606
*Attorney for Texas Petroleum Investment Co.*

Sarah Iiams
Philip Wood
KUCKLER POLK WEINER, LLC
1615 Poydras St., Ste 1300
New Orleans, LA 70112
*Attorney for Texas Pacific Oil Company*

Victor Suane, Jr.
Esteban Herrera, Jr.
Sam O. Lumpkin
Hattie V. Guidry
KEAN MILLER LLP
II City Plaza
400 Convention Street, Suite 700
Baton Rouge, La 70802
*Attorney for Devon Energy Production Company LP*



NON-CERTIFIED COPY

George Arceneaux, III
Penny Malbrew
Brittan Bush
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
*Attorneys for BP*

Russell Holwadel
ADAMS, HOEFER, HOLWADEL &
ELDRIDGE, L.L.C.
400 Poydras St., Suite 2450
New Orleans, LA 70130
*Attorney for Denbury Onshore LLC*

Daniel C. Hughes
A Professional Law Corporation
126 Heymann Boulevard
Lafayette, Louisiana 70503
*Attorney for Henry Production Company, Inc.*

James E. Lapeze
Jonathan J. Fox
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 500
New Orleans, LA 70139
and
Jamie D. Rhymes
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
*Attorneys for Exxon Mobil Corporation*

Jonathan A. Hunter
Elizabeth S. Wheeler
Erin E. Bambrick
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
*Attorneys for Hess Corporation*

Eric E. Jarrell
Michael J. Cerniglia
Nicole M. Babb
Amanda R. James
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
*Attorneys for ConocoPhillips Company*



NON-CERTIFIED COPY

George H. Robinson, Jr.
Brian W. Capell
LISKOW & LEWIS
822 Harding Street
P.O. Box 52008
Lafayette, LA 70505-2008
*Attorneys for SM Energy Company*

Scott C. Sinclair
SINCLAIR LAW FIRM LLC
Post Office Box 1026
Shreveport, LA 71163-1026
*Attorney for Tensas Delta Exploration Company, LLC*

Baton Rouge, Louisiana this 20th day of November, 2017.

Ross J. Donnes

FILED
NOV 27 2017
CLERK OF COURT



NON-CERTIFIED COPY

D1467547

# SUBPOENA DUCES TECUM
# (FOR PRODUCTION OF RECORDS ONLY)

**GOLDEN RANCH FARMS LLC**

**VS**

**BP AMERICA PRODUCTION COMPANY, ET AL**
**DOCKET NUMBER: C-132505**

**SEVENTEENTH JUDICIAL DISTRICT**

**PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

I made service on the named party through the CT Corporation

NOV 15 2017

by tendering a copy of this document to
☐ Brenna Beauregard
☐ Allison Reed

E. Cummins
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

TO: HILCORP ENERGY COMPANY
THROUGH ITS REGISTERED AGENT: CT CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816

YOU ARE HEREBY COMMANDED in the name of the State of Louisiana and of the Seventeenth Judicial District Court for the Parish of Lafourche, to produce on **OR BEFORE DECEMBER 15, 2017 AT 10:00 A.M.**, at LAW OFFICES OF TALBOT CARMOUCH & MARCELLO, 17405 PERKINS ROAD, BATON ROUGE, LA 70810 the following, to-wit:

**SEE ATTACHED EXHIBIT A**

PLEASE BE NOTIFIED THAT A COPY OF ARTICLE 1354 OF THE LA CODE OF CIVIL PROCEDURE IS ATTACHED HERETO.

And herein fail not under penalty of the law.

Witness my hand and seal of office this 6th day of November, 2017, at Thibodaux, Louisiana.

**ANNETTE M. FONTANA**
**CLERK OF COURT**

[signature]

**Deputy Clerk of Court**

REQUESTED BY:
TALBOT, CARMOUCHE & MARCELLO

**FILED**
NOV 27 2017
Annette M. Fontana
CLERK OF COURT

EBR SHERIFF'S ... NOV 14 ...

NON-CERTIFIED COPY

ARTICLE 13:54. Subpoena duces tecum

A. A subpoena may order a person to appear and produce a trial, deposition, or hearing, books, papers, documents, any other tangible things, or electronically stored information in his possession or under his control, if a reasonably accurate description thereof is given. A subpoena may specify the form or forms in which electronically stored information is to be produced. A party or an attorney requesting the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or cost on a person subject to that subpoena. The court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive. Except when otherwise required by order of the court, certified copies, extracts, or copies of books, papers and documents may be produced in obedience to the subpoena duces tecum instead of the originals thereof. If the party or attorney requesting the subpoena does not specify that the named person shall be ordered to appear, the person may designate another person having knowledge of the contents of the books, papers, documents, other things, or electronically stored information, to appear as his representative.

B. A person commanded to respond to a subpoena duces tecum may within fifteen days after service of the subpoena or before the time specified for compliance, if such time is less than fifteen days after service, send to the party or attorney designated in the subpoena written objections, with supporting reasons, to any or all of the requests, including objection to the production of electronically stored information in the form or forms requested. If objection is so made, the party serving the subpoena may file a motion to compel compliance with the subpoena and may move for sanctions for failure to reasonably comply.

C. A person responding to a subpoena to produce books, papers, or documents shall produce them as they are kept in the usual course of business or may organize and label them to correspond with the categories of the demand.

D. If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena may produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably useable.

E. A person responding to a subpoena need not produce the same electronically stored information in more than one form.

F. A person responding to a subpoena need not produce books, papers, documents, or electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel production or to quash, the person from whom production is sought shall show that the information sought is not reasonably accessible because of undue burden or costs. If that showing is made, the court may nonetheless order production from such sources if the requesting party shows good cause. The court may specify conditions, including an allocation of the costs, for the production.

G. When the person subpoenaed is an adverse party, the party requesting the subpoena duces tecum may accompany his request with a written request under oath as to what facts he believes the books, papers, documents, electronically stored information, or tangible things will prove, and a copy of such statements shall be attached to the subpoena. If the party subpoenaed fails to comply with the subpoena, the facts set forth in the written statement shall be taken as confessed, and in addition the party subpoenaed shall be subject to the penalties set forth in Article 1357.

H. Subpoena duces tecum shall reproduce in full the provisions of this article.

NON-CERTIFIED COPY

**Sid J. Gautreaux**
**Sheriff East Baton Rouge Parish**

Clerk of Court Lafourche Parish
P. O. BOX 818

THOBODAUX, La 70302-0818

**DISTRICT COURT**
For the Parish of East Baton Rouge
11/14/2017

**Case: (29) 132505** GOLDEN RANCH FARMS LLC vs MESA GULF COAST LLC, ET AL
1,448,477

| Nbr | Date | Service Type | Charges |
|---|---|---|---|
| 20 | 11/14/2017 | Subpoena Duces Tecum<br>; 1 CT; BATON ROUGE, LA 70816 | $20.00 |
| 20 | 11/14/2017 | Mileage Charge | $9.36 |
| | | **Case Total:** | **$29.36** |

**Total:** **$29.36**

FILED
NOV 27 2017
CLERK OF COURT

Please make check payable to:
Sid J. Gautreaux, Sheriff
P.O. Box 3277
Baton Rouge, LA 70821

PLEASE RETURN THIS BILL WITH CHECK

NON-CERTIFIED COPY

8

# TALBOT, CARMOUCHE & MARCELLO

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

DONALD T. CARMOUCHE*
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CAROLINE H. MARTIN
CHRISTOPHER D. MARTIN

AUBERT D. TALBOT
(1925-2005)

November 20, 2017

Honorable Annette M. Fontana
Clerk of Court, 17th JDC
LAFOURCHE PARISH DISTRICT COURT
303 W. 3rd Street
Post Office Box 818
Thibodaux, LA 70302-0818

Re: Golden Ranch Farms, LLC v. BP America Production Company, et al.
Docket No. 132505-Bayou Des Allemands Field; Div. "B"17th JDC;
Parish of Lafourche; State of Louisiana

Dear Ms. Fontana,

Enclosed please find Plaintiff's Response to Tensas Delta Exploration Company's First Written Discovery and one copy. Please file the original into the record and return the "date stamped' copy to me in the enclosed self-addressed stamped envelope.

This firm's check in the amount of $75.00 is enclosed representing your filing fee.

With kindest regards, I am

Sincerely,

Ross J. Donnes /nel

Ross J. Donnes

RJD/nel

***Via Email Only***

cc: George Pivach II/Timothy Thriffiley
Victor Suane, Jr. /Esteban Herrera, Jr./Sam O. Lumpkin/Hattie V. Guidry
Paul J. Hebert/William H.L. Kaufman/Valerie V. Guidry
George Arceneaux, III/Penny Malbrew/Brittan J. Bush/Emily C. Borgen
Eric E. Jarrell/Michael J. Cerniglia/Nicole M. Babb/Amanda R. James
Sarah Iiams/Philip Wood
Russell Holwadel
George H. Robinson, Jr./Brian W. Capell

NON-CERTIFIED COPY

Daniel C. Hughes
Jonathan A. Hunter/Elizabeth S. Wheeler/Erin E. Bambrick
C. Berwick Duval/II/Stanwood R. Duval/Kathryn W. Richard
David W. Ardoin/Matthew D. Ory
Scott C. Sinclair
Jamie D. Rhymes
James E. Lapeze/Jonathan J. Fox

FILED
NOV 27 2017
CLERK OF COURT

NON-CERTIFIED COPY

**TALBOT, CARMOUCHE & MARCELLO**

Lafourche Parish Clerk of Court 11/20/2017 16238

Accounts Receivable:Case Expenses:Cour Disc Res to Tensas Delta 75.00

# 132505

FILED
NOV 27 2017
CLERK OF COURT

Litigation Account Docket 132,505; Golden Ranch v BP, et al 75.00

NON-CERTIFIED COPY

D1522614

# NOTICE OF FILING

GOLDEN RANCH FARMS LLC

VS

BP AMERICA PRODUCTION COMPANY, ET AL
DOCKET NUMBER: C-132505

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO: MR. PAUL J. HEBERT
OTTINGER HEBERT, LLC
P.O. DRAWER 52606
LAFAYETTE, LA 70505-2606

Please be notified that a **Motion to Enroll Additional Counsel of Record was filed on September 18, 2017; Hon. Steven M. Miller signed the Order on September 21, 2017; a certified copy is hereby attached.**

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT THIBODAUX, LOUISIANA, September 25, 2017.

**ANNETTE M. FONTANA**
**CLERK OF COURT**
**PARISH OF LAFOURCHE**

**Deputy Clerk of Court**

FILED
SEP 25 2017
Dty CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**FILED:** ____________________ ____________________
**DEPUTY CLERK**

**MOTION TO ENROLL ADDITIONAL COUNSEL OF RECORD ON BEHALF OF CONOCOPHILLIPS COMPANY**

NOW INTO COURT, through undersigned counsel, comes defendant, ConocoPhillips Company, as alleged successor-in-interest to Phillips Oil Company, Phillips Petroleum Company and General American Oil Company of Texas, ("Defendant"), who moves this Honorable Court for an order adding Amanda R. James (Louisiana Bar Number 37175) of the law firm of King, Krebs & Jurgens, P.L.L.C. as additional counsel of record on behalf of Defendant. In support of this motion, the undersigned submits that she is duly licensed to practice law in the State of Louisiana and is an attorney with the law firm King, Krebs & Jurgens, P.L.L.C.

Respectfully submitted,

ERIC E. JARRELL (#16982)
MICHAEL J. CERNIGLIA (#29792)
NICOLE M. BABB (#35032)
AMANDA R. JAMES (#37175)
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Fax: (504) 582-1233

**Attorneys for Defendant, ConocoPhillips Company**



NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record either by telefax, hand delivery, or by depositing same in the U. S. Mail, properly addressed and postage prepaid, this 27th day of October, 2017.

{N1390233 -}

FILED
OCT 27 2017
CLERK OF COURT

NON-CERTIFIED COPY

**17TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE**

**STATE OF LOUISIANA**

**DOCKET NO. 132505** **DIVISION "B"**

**GOLDEN RANCH FARMS, LLC**

**VERSUS**

**BP AMERICA PRODUCTION COMPANY, ET AL.**

**FILED:** ____________________ ____________________
**DEPUTY CLERK**

**ORDER**

Considering the foregoing motion of defendant, ConocoPhillips Company, as alleged successor-in-interest to Phillips Oil Company, Phillips Petroleum Company and General American Oil Company of Texas, ("Defendant"), to enroll additional counsel,

IT IS HEREBY ORDERED that Amanda R. James (#37175) of the law firm of King, Krebs & Jurgens, P.L.L.C. is hereby enrolled as additional counsel of record for Defendant in the above-captioned matter.

______________, Louisiana, this _____ day of ____________ 2017.

____________________
JUDGE

{N1390233 -}

FILED
OCT 27 2017
Holley T. Simoneaux
CLERK OF COURT

NON-CERTIFIED COPY